ORIGINAL

1 | RICHARD K. DIAMOND (State Bar No. 070634)
  | *RDiamond@DGDK.com*
2 | JOHN J. BINGHAM, JR. (State Bar No. 075842)
  | *JBingham@DGDK.com*
3 | JOHN N. TEDFORD, IV (State Bar No. 205537)
  | *JTedford@DGDK.com*
4 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
  | 2029 Century Park East, Third Floor
5 | Los Angeles, California 90067-2904
  | Telephone: (310) 277-0077
6 | Facsimile: (310) 277-5735

```
             FILED
             APR
          APR 2 1 2009
   CLERK U.S. BANKRUPTCY COURT
   CENTRAL DISTRICT OF CALIFORNIA
   BY                   Deputy Clerk
```

7 | Proposed Attorneys for Debtors and Debtors-in-Possession

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SAN FERNANDO DIVISION**

11 | In re                                  ) BK No. 1:09-13356-KT
   |                                        )
12 | MERUELO MADDUX PROPERTIES, INC.         ) Chapter 11
   | et. al.,[1]                             )
13 |                                        ) **DEBTORS' SUPPLEMENTAL BRIEF IN**
   |          Debtors and Debtors in Possession ) **SUPPORT OF THEIR EMERGENCY**
   |                                        ) **MOTION FOR AN ORDER**
14 |                                        ) **AUTHORIZING THE USE OF CASH**
   | -------------------------------------- ) **COLLATERAL AND APPROVING**
15 |                                        ) **CASH MANAGEMENT PROCEDURES;**
   |                                        ) **MEMORANDUM OF POINTS AND**
16 | ☑  Affects all Debtors                  ) **AUTHORITIES IN SUPPORT**
   |                                        ) **THEREOF**
17 | ☐  Affects the following Debtor(s):     )
   |                                        ) Jointly Administered
18 |                                        )
   |                                        ) Date:    May 1, 2009
19 |                                        ) Time:    9:30 a.m.
   |                                        ) Ctrm:    Courtroom 301
   |                                        )          21041 Burbank Boulevard
20 |                                        )          Woodland Hills, California 91367

21 | TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY

   | JUDGE, AND INTERESTED PARTIES:

22 |

23 | _____

   | [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case
24 | numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT;
   | 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-
25 | bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-
   | 13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-
26 | KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT;
   | 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-
27 | bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-bk-
   | 13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

28 |

-1-

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

I.    SUMMARY OF FACTS PERTINENT TO MOTION ......................................................... 2

    A.    Introduction............................................................................................................. 2

        1.    History of Cash Collateral Proceedings............................................................ 2

        2.    Summary of Cash Collateral Relief Requested and Adequate
            Protections to be Provided by the Debtors ..................................................... 3

    B.    The Debtors, their Business and their Properties....................................................... 4

        1.    The Debtors' Business .................................................................................... 4

        2.    The Debtors ................................................................................................. 5

    C.    The Secured Creditors and Their Collateral ............................................................. 6

        1.    Entities with a Claim to an Interest in Cash Collateral................................... 6

    D.    Summary of Nine Month Financial Projections ...................................................... 11

        1.    Introduction................................................................................................ 11

        2.    Monthly Revenue........................................................................................ 12

        3.    Monthly Expenses ...................................................................................... 12

        4.    Use of Net Funds ....................................................................................... 13

    E.    Property Values and Basis Therefore ..................................................................... 13

        1.    Overview.................................................................................................... 13

    F.    Unencumbered Cash Reserves .............................................................................. 14

II.   ARGUMENT.................................................................................................................... 15

    A.    Summary of Argument .......................................................................................... 15

    B.    Funds Advanced by Debtor Entities to Other Debtor Entities Are not
        Equity Distributions but Rather are for Services Rendered..................................... 15

    C.    Nothing in Section 363 or Bankruptcy Rule 4001 Prohibits the Use of
        Cash Collateral for the Payment of A Related  Debtor's Expenses ....................... 16

    D.    The Debtors' Proposal of Adequate Protection Satisfies Section 361
        and 363 of the Bankruptcy Code .......................................................................... 18

-i-

# TABLE OF CONTENTS (cont.)

**Page**

   1.  Introduction............................................................................................... 18

III. CONCLUSION.................................................................................................... 19

336019.02 [XP] 25195

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

In re 499 W. Warren Street Associates, Ltd. Partnership, 142 B.R. 53
        (Bankr. N.D. N.Y. 1992) ................................................................................................. 16

In re Cardinal Industries, Inc., 118 B.R. 971 (Bankr. S.D. Ohio 1990) .................................... 16,17

In re Proalert, LLC, 314 B.R. 436 (B.A.P. 9th Cir. 2004)......................................................... 16,17

In re Triplett, 87 B.R. 25 (Bankr. W.D. Tex. 1988) ..................................................................... 16


**Statutes**

11 U.S.C. Section 363.................................................................................................................... 16

Civil Code Section 2938 ................................................................................................................ 15

Federal Rules of Bankruptcy Procedure, Rule 4001 .................................................................... 16

336019.02  [XP] 25195

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

3

**I.**

4

**SUMMARY OF FACTS PERTINENT TO MOTION[2]**

5    **A.    Introduction[3]**

6    **1.    History of Cash Collateral Proceedings**

7    Between March 26 and March 27, 2009, Meruelo Maddux Properties, Inc. ("MMPI") and

8    53 affiliates (collectively "Debtors"), filed for relief under Chapter 11 of Title 11 of the Bankruptcy

9    Code. On March 27, 2009, the Debtors filed their Emergency Motion for Use of Cash Collateral

10    on an Interim Basis Pending a Final Hearing ("Motion")[4] and the Court set such Motion for hearing

11    on March 30, 2009.    In support of their Motion, there was filed and served the declaration of

12    Richard Meruelo in support of First Day Motions ("First Day Declaration").

13    On March 30, 2009, over the objection of certain Cash Collateral Creditors, the court

14    granted the Debtors' motion to use cash collateral on an interim basis and set April 24, 2009 for

15    final hearing.    Attached hereto marked Exhibit "A" and incorporated herein by this reference is a

16    true and correct copy of the order of the court.    On April 6, 2009, a status conference concerning

17    use of cash collateral was conducted and at such hearing and pursuant to the agreements of the

18    Debtors and interested parties, the Court continued the final hearing to May 1, 2009, and the

19    briefing schedule extended a week as well.    Attached hereto marked Exhibit "B" and incorporated

20    herein by this reference is a true and correct copy of the order of the proposed order so providing as

21    filed by the Debtors.    In connection therewith, April 20, 2009 was fixed as the date for the Debtors

22    to file supplemental briefs and declarations in support of their Motion and the

23

24    [2]    The Debtors do not intend to repeat material set forth in the Motion and the First Day
Declaration, except to the extent necessary to maintain the context of the narrative herein.

25

26    [3]    Currently herewith there is being filed the Declarations of Richard Meruelo ("Meruelo Supp.
Declaration") and Fred Skaggs (Skaggs Declaration") in support of the Motion.

27    [4]    Capitalized terms herein shall have the same meaning as the terms defined in the Motion.

28

336019.02 [XP] 25195

1  date for the Cash Collateral Creditors, and other parties in interest, to file responses or oppositions

2  to the Motion.

3       Debtors submit herewith their Supplemental Brief and in support of their Motion and in

4  support thereof are also filing concurrently herewith declarations of Richard Meruelo ("Meruelo

5  Supp. Declaration") and Fred Skaggs ("Skaggs Declaration").

6       **2.   Summary of Cash Collateral Relief Requested and Adequate Protections to be**

7            **Provided by the Debtors**

8       The Debtors seek an order authorizing the continued use of cash collateral for the period of

9  May 1, 2009 through December 31, 2009,  In that connection, the Debtors seek an order to use

10  cash collateral for the following purposes: (i) first to pay the expenses of preserving and

11  maintaining each of the Cash Collateral Properties, [5]excluding debt service and real property tax

12  payments, but including Direct Corporate Management Expenses of the Service Level debtors as

13  allocated to the Cash Collateral Properties, with the excess, if any, than being made available to

14  pay all other expenses of the Service Level Debtors, the Non-Revenue Secured Properties[6] and the

15  Unencumbered Properties.

16       As and for adequate protection for such use, the Debtors believe and submit that the value of

17  each of the Cash Collateral Properties is in excess of the debt (including real property taxes) on

18  each Cash Collateral Property and accordingly each cash collateral property provides adequate

19  protection to each of the Cash Collateral Creditors against diminution arising from the use of cash

20  collateral. If, based upon the evidence, the Court does not agree that adequate protection is

21
22  sufficient based upon the equity cushion of the Cash Collateral Creditor's collateral  alone, as

23  additional adequate protection, the Debtors will grant a lien or charge against one or more of their

24  _____

25  [5]    The term "Cash Collateral Properties" means the real properties owned by a Debtor  that
generate revenue and are subject to liens held by the Cash Collateral Creditors.

26  [6]    The term "Non-Revenue Secured Properties" means the non-revenue producing real property
or properties owned by Debtors subject to the lien of a creditor; in other words such properties
27  generate no cash collateral.

28

336019.02  [XP] 25195

1  Unencumbered Properties, the identity of which Unencumbered Properties is to be determined at

2  hearing.  The adequate protection proposed herein does not include a blanket lien or charge on the

3  Unencumbered Properties, and the prior lien or charge provide for the brief 30 day period pending

4  final hearing should be exonerated and extinguished.

5

6  **B.    The Debtors, their Business and their Properties**

7      **1.    The Debtors' Business**

8          MMPI does not utilize the same business model as typical real estate investment companies,

9  many of which utilize real estate investment trusts ("REITs"), and is distinctive among publicly

10  traded companies.  Many public real estate companies focus on properties with stable occupancies

11  at market rents or properties with stable occupancies at below-market rents that may benefit from

12  more efficient management or minor renovations.  In contrast, the Debtors focus on urban in-fill

13  development and on finding different, more profitable uses for existing urban properties.  The

14  Debtors look for properties that have value intrinsic to the property itself, such as the property's

15  location, whether there is an end user of the property on the horizon who might want to purchase

16  the property, how well the property will fit in with the growth patterns of the area and community

17  in which it is situated, and other factors.  An example is the Debtors' investment and development

18  of properties surrounding the Staples Center.  Such properties may have substantial vacancies,

19  unstable occupancies, or require major renovations for a new use, but have value in the

20  redevelopment of this area.  The Debtors' business requires local and other special knowledge to

21  identify viable alternative uses for urban property, and presents higher potential returns than the

22  returns that a property owner might otherwise derive.  See Meruelo Supp. Declaration, ¶ 17.

23          The business model anticipates the need for the time to develop properties and the costs of

24  such development, including the carrying costs.  To help defray costs during development,

25  properties may be utilized as parking lots or other uses, not because such use generates substantial

26  income but because the land itself is extremely valuable since it can be developed at an appropriate

27  time in the future, and the parking lot revenue provided some interim revenue.  Many of the

28  debtors' properties have been developed to the point were entitlements have been obtained thus

-4-

336019.02 [XP] 25195

1   increasing the value substantially, but development has been deferred pending a return of normal

2   credit markets.  In summary, the Debtors' business model contemplates and is based upon the

3   purchase, development and resale of properties; i.e. turning over such properties in a relatively

4   short period of time, a few years instead of decades, and using the profit from such properties to

5   fund operations of MMPI and all of its other affiliates and the purchase and development of other

6   properties.  Meruelo Supp. Declaration, ¶ ¶ 17-19.

7          The question has been raised as to why the Company would hold onto a property that does

8   not generate sufficient rent to pay for operating that property and paying the monthly debt service.

9   Although the Company consists of a parent company and various levels of subsidiaries (as was

10  discussed in the First Day Declaration), including limited liability companies and other entities

11  which hold title to the Company's properties, the Company has been, before and after its formation

12  as a public company, and presently continues to be effectively, operated as a single enterprise.

13  With limited exceptions, revenues for each of the entities are commingled, and the commingled

14  funds are used to pay the expenses of MMPI and the subsidiaries.  Accordingly, there are some

15  entities which generate revenues in excess of operational expenses and debt service, but there are

16  some that do not.  The reason that the Debtors purchase, and then keep, properties that are cash

17  flow negative is because the Debtors collectively as the Company believe that those properties will,

18  in time, generate a positive return and the Company as a single unit will be significantly more

19  valuable as a result.  Until the recent unprecedented freezing of credit markets and economic

20  downturn, this model had served the Company very well.  Meruelo Supp. Declaration, ¶ 19.

21      **2.    The Debtors**

22          The Debtors consist of entities that own or have owned real property, the "Property Level

23  Debtors", entities that provide services to the Property Level Entities, the "Service Level Debtors",

24  and entities that at one point of time were Property Level Debtors, but had sold their property and

25  no longer operate or have property ("Other Debtors").  A list of the Debtors is attached as Exhibit

26

27

28

-5-

1  "1" to the Meruelo Supp. Declaration. [7]   This list identifies the Property Level Debtors, the Service

2  Level Debtors and the Other Debtors.   Attached as Exhibit "2" to the Meruelo Supp. Declaration is

3  a schedule of MMPI affiliates that have not filed for relief under the Bankruptcy Code, the Non-

4  Debtor Affiliates.   The reason MMPI did not cause the Non-Debtor Affiliates to file was that either,

5  they had little, if any, assets or liabilities, or, with respect to 845 S. Hill, LLC and Chinatown,

6  LLC, MMPI felt that with respect to those entities, and to avoid any risk of delay in constructon it

7  was appropriate not to file petitions for such entities. (See Meruelo Supp. Declaration, ¶ 31).

8

9  **C.    The Secured Creditors and Their Collateral**

10       **1.    Entities with a Claim to an Interest in Cash Collateral**

11       Based upon their review of their books and records, including loan documents and file, each

12  of the following creditors, the Cash Collateral Creditors, may be holding or claiming an interest in

13  cash collateral and the Debtors' real properties that generate cash collateral.   The below schedule

14  provides additional information concerning each property, its value and secured debt.

15       **a.    Bank of America**

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Merco Group - Southpark, LLC | Southpark Towers Transamerica Lofts Olive Street Tower<br><br>1150 S. Grand Ave 228 W. 11th 1211 S. Hill St. | Residential land<br>• 4.7 acres<br>• Commercial parking lot<br>• First Phase: 374 high-rise apartments with retail space<br>**Debt to Value Ratio**<br>• **Debt $20,000,000 / Value $57,250,000[8]**<br>• **35% LTV** |
| Merco Group – 760 S. Hill Street LLC | The Union Lofts 760 S. Hill Street | Apartment building<br>• 92 units with 81,609 net rentable square feet |

---

[7]    There was filed with the First Day Declaration Exhibit "1 and "4", exhibits that identified the filing debtors and the non-filing MMPI affiliates. There was an error in those exhibits that has been corrected in Exhibit "2" and "3". The change is that 9901 Alameda, LLC is now correctly listed as non-filing affiliate rather than a filing Debtor.

[8]    As set forth below, there is pending an escrow for the sale of 1.7 acres out of the 4.7 acres for $23,972,000. See Exhibit "12" to First Day Declaration.

[9]    This figure takes into account the additional collateral of a reserve account in the amount of approximately $6,638,322 held by Bank of America thus increasing the LTV.

|  |  | • 10,800 square feet restaurant space<br>• Leasing in progress: 50% leased up<br>**Debt to Value Ratio**<br>• **Debt $21,469,772[9] / Value $29,200,000**<br>• **74% LTV** |

### b.    California Bank & Trust

| Debtor/Owner | Address | Use/LTV |
| --- | --- | --- |
| 788 South Alameda, LLC | 788 South Alameda, Los Angeles | Modern produce market<br>• 2.2 acres; 33,984 net rentable square feet<br>• Small business, multi-tenant produce space with coolers<br>**Debt to Value Ratio**<br>• **Debt $7,153,759 / Value $9,333,333**<br>• **77% LTV** |

### c.    Capmark Finance, Inc.

| Debtor/Owner | Address | Use/LTV |
| --- | --- | --- |
| Santa Fe Commerce Center, Inc. | 2445-2535 E. 12th St., Los Angeles | Big Box Industrial Building<br>• 6.8 acres; 244,501 net rentable square foot multi-tenant distribution space<br>**Debt to Value Ratio**<br>• **Debt $10,170,904 / Value $23,250,000**<br>• **44% LTV** |

### d.    Cathay Bank

| Debtor/Owner | Address | Use/LTV |
| --- | --- | --- |
| Alameda Produce Market, LLC | Alameda Square (761 Terminal St.) Seventh Street Produce Market (1215 E. 7th St.) Los Angeles<br><br>Also owns 1339 E. 7th Street (unencumbered) 1312 E. 7th St. (unencumbered). The value of these properties is not included in the LTV. | Alameda Square Garment Manufacturing and Produce Related<br>• 20.2 acres; 1,417,523 square feet<br>• Home to American Apparel<br>Seventh Street Produce Market<br>• 11.1 acres; 122,120 square feet<br>Wholesale produce distribution space<br>**Debt to Value Ratio**<br>• **Debt $58,664,655 / Value $109,679,265**<br>• **54% LTV** |

### e.    Chinatrust Bank

| Debtor/Owner | Address | Use/LTV |
| --- | --- | --- |
| Merco Group - 3185 E. Washington Boulevard, LLC | Washington Cold Storage 3185 E. Washington Blvd. Los Angeles | Freezer Building<br>• 2.7 acres; 59,000 square feet<br>• Single-tenant freezer facility<br>**Debt to Value Ratio**<br>• **Debt $9,541,645 / Value $11,800,000**<br>• **81% LTV** |

-7-

f.    **East West Bank**

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Merco Group - 1500 Griffith Avenue, LLC | 1500 Griffith and 900 E. 4th St. (4th Street Center) are pledged as collateral for this loan<br><br>Los Angeles | Single tenant distribution building (1500 only)<br>• 1.2 acres; 30,056 square feet<br>**Debt to Value Ratio**<br>• **Debt $6,396,500 / Value $6,900,000 (1500 Griffin only)**<br>• **60% LTV (1500 Griffin plus 4th Street Center)** |
| Merco Group - 4th Street Center, LLC | 405-411 S. Hewitt St., 900, 926, 910 E. 4th St.<br>Los Angeles<br><br>(See above. This property serves as additional collateral for the loan of $6.4 million also secured by the property located at 1500 Griffith.) | Small business, multi-tenant distribution<br>• 1.3 acres; 14,472 square feet<br>• Industrial and distribution space<br>**Debt to Value Ratio**<br>• **Debt $0 (all reflected under 1500 Griffin above)**<br>• **Value $3,679,000 / 60% LTV (1500 Griffin plus 4th Street Center)** |
| Merco Group - 425 West 11th Street, LLC | Desmond Building<br>425 W. 11th St.<br>Los Angeles | Multi-tenant distribution<br>• 0.7 acres; 78,500 square feet<br>• Adaptive Reuse redevelopment property in the South Park area of downtown Los Angeles<br>**Debt to Value Ratio**<br>• **Debt $5,340,000**<br>• **Value $12,200,000**<br>• **44% LTV** |
| Merco Group - 620 Gladys Avenue, LLC | 609, 637,647 Ceres, 614, 616, 618 Gladys, 838 E. 6th St.<br>Los Angeles<br><br>The loan on 620 Gladys has as additional collateral the property owned by 336 W. 11th Street, LLC | Seafood/Produce Distribution<br>• 2.9 acres; 57,354 square feet<br>• Multi-tenant distribution space<br>**Debt to Value Ratio**<br>• **Debt $5,380,688 / Value $8,758,575**<br>• **38% LTV (620 Gladys and 336 W. 11th St.)** |
| Meruelo Maddux – 336 W. 11th Street, LLC | 336 W. 11th St.<br>Los Angeles<br><br>(See above. This property serves as additional collateral for the loan at 620 Gladys Ave.) | Parking Lot<br>• 0.4 acres<br>• Parking lot in the South Park area of downtown Los Angeles<br>**Debt/Value/Ratio**<br>• **Debt see comments above / Value $5,386,150**<br>• **38% LTV (620 Gladys and 336 W. 11th St.)** |
| Merco Group - 2529 Santa Fe Avenue, LLC | Santa Fe Plaza<br>2529 Santa Fe Ave.<br>Vernon | Retail Plaza<br>• 1.2 acres; 12,000 square feet<br>• In lease up<br>**Debt to Value Ratio**<br>• **Debt $3,134,825 / Value $3,772,200**<br>• **83% LTV** |
| Merco Group, LLC | Southern California Institute of Architecture<br>960 E. 3rd St.<br>Los Angeles | Single tenant industrial building<br>• 2.6 acres; 81,741 square feet<br>• Architectural graduate school<br>**Debt to Value Ratio** |

336019.02 [XP] 25195

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| | | • **Debt $10,108,209 / Value $15,700,000**<br>• **64% LTV** |
| Merco Group, LLC | Sky Arc<br>950 E. 3rd St.<br>Los Angeles<br><br>(The restaurant building at 1117-1119 S. Olive St. is additional collateral for this loan and is valued at $4.5 million.) | Residential Land<br>• 7.9 acres<br>• Parking Lot and<br>• Vacant Land<br>• Entitled for 635 apartment units space<br>**Debt to Value Ratio**<br>• **Debt $15,000,000[10] / Value $29,000,000**<br>• **45% LTV when Merco Group -- Little J, LLC property is included** |
| Merco Group - Little J, LLC | 1117-1119 S. Olive St.<br>Los Angeles<br><br>(property is additional collateral for a loan on Sky Arc at 950 E. 3rd that is valued separately at $4.5 million) | Restaurant Building and a parking lot<br>• 0.7 acres total; 11,829 square foot restaurant<br>• Commercial parking lot<br>**Debt to Value Ratio**<br>• **Debt see above / Value $4,558,225**<br>**45% LTV when Sky Arc property is included** |
| Meruelo Maddux - 3rd & Omar Street, LLC | 450-470 E. 3rd. St.<br>308-310 Omar St.<br>307 S. Crocker St.<br>Los Angeles | Small Multi-Tenant<br>• 0.50 acres; 23,298 square feet<br>• Multi-tenant industrial and distribution space<br>**Debt to Value Ratio**<br>• **Debt $2,559,658 / Value $3,000,000**<br>• **85% LTV** |
| Meruelo Maddux - 420 Boyd Street, LLC | 400-428 Boyd St.<br>Los Angeles | Small Multi-Tenant<br>• 0.60 acres; 34,917 square feet<br>• Multi-tenant industrial and distribution space<br>**Debt to Value Ratio**<br>• **Debt $5,950,000 / Value $6,375,000**<br>• **93% LTV** |

h.    **Imperial Capital Bank**

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Meruelo Maddux - 915-949 S. Hill Street, LLC | Ullman Tower One,<br>915-949 Hill St.<br>Los Angeles | Residential Land<br>• 1.5 acres<br>• Commercial parking lot<br>**Debt to Value Ratio**<br>• **Debt $9,063,875 / Value $12,540,000**<br>• **72% LTV** |
| Meruelo Farms, LLC | 210-234 Center St.<br>815 E. Temple<br>740 Jackson St.<br>Los Angeles | Food Industry<br>• 3.7 acres<br>• 110,493 square feet<br>• Cold storage and freezer space<br>**Debt to Value Ratio** |

[10]    The debt reflects a credit East West for the pre-petition application on March 24, 2009, of $2,000,000 held in a reserve account.  The Debtors are currently investigating the facts of this withdrawal of funds from its account and reserves all rights with regard thereto.

-9-

336019.02 [XP] 25195

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| | (Meruelo Farms, LLC owns additional property that is collateral for a separate loan.) | • **Debt $6,978,349 / Value $9,567,360** <br> • **73% LTV** |
| Meruelo Maddux Properties - 1919 Vineburn Street, LLC | Meruelo Maddux Properties - 1919 Vineburn Street, LLC | Industrial building <br> • 5.8 acres <br> • 122,345 square feet <br> • Single-tenant distribution space <br> **Debt to Value Ratio** <br> • **Debt $5,468,543 / Value $8,564,150** <br> • **64% LTV** |

### i.   Pacific Commerce Bank

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Meruelo Farms, LLC | 233 Center St. <br> 729 E. Temple <br> 718-736 Jackson St. <br> Los Angeles <br><br> (Meruelo Farms, LLC owns additional property that is collateral for a separate loan.) | **Industrial Building** <br> • 1.6 acres <br> • 66,135 square feet <br> **Debt to Value Ratio** <br> • **Debt $3,350,000 / Value $4,155,000** <br> • **81% LTV** |

### j.   The Stafford Group

| Debtor/Owner | | |
|---|---|---|
| 905 8th Street, LLC | 905 E. 8th St. <br> Los Angeles | Small Multi-Tenant <br> • 0.9 acres <br> • 15,200 net rentable square feet <br> • Multi-tenant industrial space <br> **Debt to Value Ratio** <br> • **Debt $1,950,000** <br> • **Value $3,000,000** <br> • **65% LTV** |

### k.   United Commercial Bank

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| 2640 Washington Boulevard, LLC | 2640 E. Washington Blvd. <br> Los Angeles | Modern Produce Market <br> • 2.7 acres <br> • 31,876 square feet <br> • Small-tenant produce industry with coolers <br> **Debt to Value Ratio** <br> • **Debt $6,066,073 / Value $7,172,100** <br> • **85% LTV** |
| Meruelo Wall Street, LLC | 419 E. 9th & <br> 833 Wall Street <br> Los Angeles | Retail Building <br> • 2.1 acres <br> • 88,995 square feet (retail) <br> 9,250 square feet (bank branch) <br> **Debt to Value Ratio** <br> • **Debt $20,850,859 / Value $35,352,900** |

-10-

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| | | • **59% LTV** |

### l.  V & A Chamilian

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Meruelo Maddux Properties - 2131 Humboldt Street, LLC | 2131 Humboldt St. Los Angeles | Industrial Land and Buildings<br>• 6.0 acres<br>• 29,490 square feet<br>• Industrial and distribution space<br>**Debt to Value Ratio**<br>• **Debt $7,000,000 / Value $10,512,000**<br>• **67% LTV** |

### m.  Western Mixers

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Meruelo Maddux - 500 Mateo Street, LLC | 500 Mateo Street, Los Angeles | Produce Distribution Building<br>• 0.7 acres<br>• 12,946 square feet<br>• Single-tenant produce distribution space<br>**Debt to Value Ratio**<br>• **Debt $445,000 / Value $1,900,000[11]**<br>• **23% LTV** |

### n.  Y & F Murakami

| Debtor/Owner | Address | Use/LTV |
|---|---|---|
| Merco Group - 1500 Griffith Avenue, LLC | 1510 Griffith Los Angeles<br><br>1500 Griffith (unencumbered as to this loan but encumbered as to another loan) | Industrial Building (1510 only)<br>• 0.8 acres<br>• 20,000 square feet<br>**Debt to Value Ratio**<br>• **Debt $3,000,000**<br>• **Value $4,900,000**<br>• **61% LTV (see comments under East West Bank above)** |

## D.  <u>Summary of Nine Month Financial Projections</u>

### 1.  <u>Introduction</u>

Debtors have revised their projections from those present in the First Day Declaration under Exhibit "11". The revised projections are attached collectively as Exhibit "8" to the Skaggs

---

[11]  This property is in escrow to sell at $1,900,000 and a hearing is set on April 24, 2009 on the Debtors' motion to sell such property. See Exhibit "12" to First Day Declaration.

336019.02 [XP] 25195

1  Declaration.   To better show the actual costs of the business property operations, the Projections

2  now include the costs and expenses of the Service Level Debtors, the Direct Corporate

3  Management Expenses identified as Direct Corporate Management Expenses, apportioned among

4  all Debtors and Non-Debtor Affiliates that own real property. See Skaggs Declaration, ¶ 18.  The

5  basis for the apportionment is a formula based upon the market value and other factors impacting

6  on the operations of each of the Debtors' property compared to the market value of all of the

7  Debtors' properties. See Skaggs Declaration, ¶ 18.  The formula takes into account factors such as

8  (1) the fair market value of the property; (2) the type of property (i.e. whether it is a development

9  project or an operating project); and (3) if it was an operating project, whether the particular

10  property required additional amounts of time and effort on the management staff to provide

11  services to it. See Skaggs Declaration, ¶ 19.  The Direct Corporate Management Expenses do not

12  exceed 2.25% of the property's fair market value. See Skaggs Declaration, ¶ 21.

13      **2.    Monthly Revenue**

14          Based upon the Nine Month Projections, revenue from all real properties is projected to be

15  approximately $2.1 million per month for the next nine months.

16

|  | One Month Projection | Nine Month Projection |
|---|---|---|
| Cash Collateral Properties | 1,921,892 | 17,297,028 |
| Non-Revenue Secured Properties | -0- | -0- |
| Unencumbered Properties | 158,295 | 1,424,655 |
| Total | $2,080,187 | $18,721,683 |

23      **3.    Monthly Expenses**

24          The total projected monthly expense projected for all properties, excluding real property

25  taxes and debt service, is

26  ///

27  ///

28  ///

-12-

336019.02 [XP] 25195

| | One Month Projection | | Nine Month Projection | | Mo. Debt Service | Mo. Real Property Taxes |
|---|---|---|---|---|---|---|
| | Property | Corporate | Property | Corporate | | |
| Cash Collateral Properties | 592,361 | 668,906 | 5,331,249 | 6,020,154 | 1,397,018 | 442,920 |
| Non-Revenue Secured Properties | 81,416 | 41,989 | 732,774 | 377,901 | 235,045 | 63,280 |
| Unencumbered Properties | 66,513 | 101,354 | 598,617 | 912,186 | -0- | 105,803 |
| Total | 740,290 | 812,249 | 6,662,610 | 7,310,241 | 1,632,063 | 612,003 |

See Exhibit "6," "7," and "8" to Skaggs Declaration.

### 4.    Use of Net Funds

Based upon the projections, it is projected that there will be excess funds of $500,000 per month generated from Cash Collateral Properties after payment of Direct Corporate Management Expenses, and before payment of debt service and real property taxes. Debtors propose that said funds be retained for legitimate company and subsidiary needs that might arise from time to time.

### E.    Property Values and Basis Therefore

### 1.    Overview

The Debtor believes that every Cash Collateral Property has equity that will act as adequate protection for any diminution arising from the Debtors' use of cash collateral. This is based upon the opinion of Richard Meruelo, the MMPI's Chief Executive Office, and designated officer for each of the Debtors. Mr. Meruelo is experienced in real estate valuations and MMPI and the related Debtors, under his direction, have purchased and sold numerous properties over the past years in the Los Angeles area. Mr. Meruelo knows the real estate market and the factors that make up property valuations as well as anyone and better than most. Over the past year, Mr. Meruelo has been actively involved in analyzing each of the Debtors' properties, and in 2008 participated in the marketing and sale of 6 of the Company's properties that generated over $110 million in gross sales proceeds. Real estate brokers and appraisers ask him for his opinion of the value of properties in

-13-

1  the Los Angeles area.  Mr. Meruelo has provided detailed analysis of each of the Debtors'

2  properties and the factors relied upon by him in coming to its value.  See Meruelo Supp.

3  Declaration, ¶¶ 41 through 86 .  See Exhibit "6" to the Skaggs Declaration for a summary

4  compilation listing, among other things, each Cash Collateral Property and its value, debt, and loan

5  to value ratio.  Mr. Meruelo has not valued the properties on a fire sale or liquidation basis but has

6  valued them assuming a normalized marketing period of one year.  See Meruelo Supp. Declaration,

7  ¶¶ 32 through 39.

8        In summary, the Cash Collateral Properties are valued at $432.1 million, with debt and

9  accrued real property taxes through March 31, 2009, amounting to approximately $254.0 million.

10  See Exhibit  "6" to the Skaggs Declaration.  The Unencumbered Properties are valued at $104.5

11  million, with accrued real property taxes through March 31, 2009, amounting to approximately

12  $1.0 million.  See Exhibit "7" to the Skaggs Declaration.  The Non-Revenue Secured Properties are

13  valued at $50.4 million, with debt of $26.5 million.  See Exhibit "6" to the Skaggs Declaration.

14

15  **F.**      **Unencumbered Cash Reserves**

16        The Debtors had as of the petition date and continue to have approximately $3.3 million in

17  unencumbered funds available as reserves for any extraordinary expenses.   See Exhibit "13" to the

18  Skaggs Declaration.  The Debtors also have pending sales of 5 properties in escrow that, when

19  consummated, will generate additional cash.   See Exhibit "12" to the First Day Declaration.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-14-

## II.

## ARGUMENT

**A.    Summary of Argument**[12]

The Debtors' business has been and is operated on a consolidated basis and its ability to operate and reorganize is predicated upon the ability to utilize income from one property to pay the expenses of another property. This has been for a number of years (going back prior to the inception of the public company) its normal and customary business practice. It seeks to use cash collateral for the same purpose as in its past. It has been an entity that has been operated on a consolidated basis. There is nothing under the Bankruptcy Code that prohibits the use of cash collateral to payment of expenses related solely to the Debtor generating the cash collateral. In this case, it is appropriate to use cash collateral from one Debtor for the payment of the expenses of another, because the preservation of one property preserves the asset base for all the Debtors. Moreover, it permits the Debtors to continue to operate as they have historically in the ordinary course of their business for many years.

**B.    Funds Advanced by Debtor Entities to Other Debtor Entities Are not Equity
Distributions but Rather are for Services Rendered**

Certain Cash Collateral Creditors have argued that the use of cash collateral to pay the expenses of another Debtor amount to an equity distribution. This is without basis in fact or law and ignores the Debtors' corporate structure. As set forth in the Skaggs Declaration, monies utilized by one entity to fund the concentration account to fund the expenses of another entity are accounted for in detail and generate a to/from account between the Operating Partnership, MMPLP and the Property Level Debtor. The expenses paid from the concentration account are booked and treated as expenses not only between the entities but also for tax reporting and SEC reporting purposes. The payments are not treated as an equity distribution, even when the Property Level Debtor's property is sold, because after the creditors and liens are paid, the excess is utilized to pay

---

[12]    Concurrently herewith the debtors are filing a separate memorandum of law concerning the application of Civil Code Section 2938 under the Bankruptcy Code.

336019.02 [XP] 25195

1  expenses of the consolidated entity and new purchases for the consolidated entity. See Skaggs

2  Declaration ¶¶ 27-31.

3

4  **C.**      **Nothing in Section 363 or Bankruptcy Rule 4001 Prohibits the Use of Cash Collateral**

5          **for the Payment of A Related  Debtor's Expenses**

6          It had been argued at the preliminary hearing on the use of cash collateral that the use of

7  cash collateral by another Related Debtor was not permitted under the Code.  However, nowhere in

8  Sections 363 or Rule 4001 of the Federal Rules of Bankruptcy can one find any express prohibition

9  against the use of cash collateral by one debtor for payment of another related debtor's expenses.

10         In fact, in cases where a debtor clearly demonstrates that the value of collateral adequately

11 protects the interests of the secured creditor, cash collateral may be used by the debtor for the

12 general benefit of the estate and need not be devoted exclusively to the protection of the creditor or

13 the collateral.  In re Triplett, 87 B.R. 25, 27 (Bankr. W.D. Tex. 1988).  In In re Proalert, LLC, 314

14 B.R. 436 (B.A.P. 9th Cir. 2004), the Ninth Circuit Bankruptcy Appellate Panel recognized that "the

15 key consideration in deciding whether to allow the use of cash collateral is whether the secured

16 creditor's interest is adequately protected."  Id. at 444.  In reaching this conclusion, the Bankruptcy

17 Appellate Panel summarized the cases cited by the parties in Proalert, noting that debtors were

18 authorized to use cash collateral to pay other expenses such as attorneys fees and other

19 reorganization related expenses provided that the secured creditor was adequately protected.  Id.

20         Other cases have permitted the debtor-in-possession to use project rents for the payment of

21 reasonable and necessary operating expenses of the property including charges incurred after the

22 petition date which are necessary to conduct the debtor's normal business operations. See In re 499

23 W. Warren Street Associates, Ltd. Partnership, 142 B.R. 53, 56 -57 (Bankr. N.D. N.Y. 1992),  In re

24 Cardinal Industries, Inc., 118 B.R. 971, 981 (Bankr. S.D. Ohio 1990).  In Cardinal Industries, a

25 case involving numerous debtors that were jointly administered, the debtors sought to use the rents

26 generated by their respective properties to operate the properties in the ordinary course of business.

27 Cardinal Industries, 118 B.R. at 976.  In granting the debtors' requests, the Court authorized the use

28 of cash collateral to pay ordinary, necessary expenses to maintain and operate the properties and set

-16-

forth a list of items that the debtors were specifically allowed to pay from the gross rents where

such expenses are incurred on behalf of each property. These items were:

1.  All payroll and normal and reasonable employee expenses, including post-petition payroll taxes for employees located at the property;

2.  Utilities, equipment leases, insurance and similar expenses necessary to operate the property;

3.  Reasonable fees under management and marketing agreements;

4.  Ordinary and necessary repairs and maintenance to permit the continued use and operation of the property, but not, without consent of the Lender, any expenditure generally considered to be a capital improvement;

5.  Ordinary advertising or marketing expenses;

6.  Taxes and governmental charges accruing after the bankruptcy filings and attributable to the property;

7.  Reasonable bookkeeping and accounting fees to the entity chosen by each Debtor to perform these services for the property; and

8.  Other charges incurred after the filing of the petition in bankruptcy which are necessary to conduct the debtor's normal business operations.

Cardinal Industries, 118 B.R. at 982.

Furthermore, the court in Proalert held that the debtor did not have to make the showing

required by § 506(c) that such payments were reasonable and necessary, and provided a

quantifiable benefit to the creditor, in order to use such creditor's cash collateral. It was enough

that the debtor provided adequate protection for the creditor's security interest. In re Proalert, LLC,

314 B.R. at 444-45.

Based upon the foregoing, it is clear there is no *per se* prohibition under the Bankruptcy

Code in a debtor paying the expenses of a related debtor. The sole issue is whether the secured

creditor, whose cash collateral the Debtors seek to use, is adequately protected. Since that answer

is yes, the Court should authorize the use of such cash collateral for the general benefit of the estate

and for use by the Debtors in their normal business operations, including the payment of expenses

of related Debtors.

///

///

-17-

1  **D.     The Debtors' Proposal of Adequate Protection Satisfies Section 361 and 363 of the**

2  **Bankruptcy Code**

3       **1.      Introduction**

4       Adequate protection is provided to protect against any diminution in the collateral of the

5  Cash Collateral Creditor arising from the Debtor's use of cash collateral from the property, from on

6  and after the Petition Date.  Adequate Protection is reexamined and reevaluated when a plan of

7  reorganization is propounded for confirmation.  It is flexible and should be tailored for each

8  circumstance.  The Debtors' propose the following as and for adequate protection:

9              a.      That each of the Cash Collateral Properties has sufficient equity to

10 constitute and provide adequate protection against any diminution in such value.

11             b.      That income will first be used to pay the normal and customary operating

12 expenses of each property and then used to pay for the Direct Corporate Property Management

13 Expenses, and then the excess will be available to pay for the expenses of other Debtors as set forth

14 in the Nine Month Projections, including the expenses of the Service Level Debtors.

15             c.      If the Court finds that any particular property does not have equity sufficient

16 to stand as adequate protection for any diminution in the value of the Cash Collateral Creditor's

17 interest in cash collateral, then in such event such Cash Collateral Creditor may be granted a lien or

18 charge against one or more unencumbered assets to be created by the Debtors as necessary to

19 provide adequate protection.  The number and identity of the properties to be pledged ("Additional

20 Collateral") shall be fixed by the Debtors but the properties shall have sufficient value to provide

21 protection against the diminution in value that the Court finds the Cash Collateral Creditor(s) to

22 have established.

23             d.      Enforcement of any claim against the Additional Collateral shall be subject

24 to further order of the Court.  It is premature to establish detailed procedures when, there is no

25 evidence that the applicable Cash Collateral Creditor will ever have to resort to the Additional

26 Collateral and will not otherwise have claims paid in full under a plan of reorganization.

27 ///

28 ///

336019.02 [XP] 25195

## III.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order:

(a)    affirming the adequacy of the notice given;

(b)    authorizing the Debtors to use cash collateral pursuant to the terms of the Motion as supplemented herein and the Nine Month Projections, with a monthly 20% percent variance, and for any other expense of the Debtors authorized under the Bankruptcy Code, on final basis to and through December 31, 2009; and

(d)    granting such other and further relief as the Court deems just and proper.

Dated: April 20, 2009           DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:
    John J. Bingham, Jr.
    John N. Tedford, IV
    Proposed Attorneys for Meruelo Maddux
    Properties, Inc., and affiliated Debtors and
    Debtors-in-Possession

-19-

336019.02 [XP] 25195

# EXHIBIT A

313180.02 [XP] 0705

1  RICHARD K. DIAMOND (State Bar No. 070634)
   *RDiamond@DGDK.com*
2  JOHN J. BINGHAM, JR. (State Bar No. 075842)
   *JBingham@DGDK.com*
3  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
6  Facsimile:  (310) 277-5735

7  Proposed Attorneys for Meruelo Maddux Properties, Inc.,
   and affiliated Debtors and Debtors-in-Possession

```
┌─────────────────────────────┐
│   FILED & ENTERED           │
│                             │
│   ┌───────────────┐         │
│   │  APR 07 2009  │         │
│   └───────────────┘         │
│                             │
│  CLERK U.S. BANKRUPTCY COURT│
│  Central District of California│
│  BY gonzalez DEPUTY CLERK   │
└─────────────────────────────┘
```

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10         **SAN FERNANDO VALLEY DIVISION**

11

12  In re                                    ) Case No. 1:09-bk-13356-KT
                                             )
13  MERUELO MADDUX PROPERTIES, INC., et      ) Chapter 11
    al.,[1]                                   )
14                                           ) (Jointly Administered)
              Debtor and Debtor-in-Possession. )
15                                           )
                                             )
16  _____     ) **ORDER AUTHORIZING THE**
                                             ) **DEBTORS' USE OF CASH**
17  ☑    Affects all Debtors                 ) **COLLATERAL ON AN INTERIM BASIS**
                                             )
18  ☐    Affects the following Debtor(s):    )
                                             )
19                                           ) Date:     March 30, 2009
                                             ) Time:     2:30 p.m.
20                                           ) Place:    Courtroom 301
                                             )           21041 Burbank Boulevard
21                                           )           Woodland Hills, California 91367
                                             )
22                                           )
                                             )
23  _____     )

24  _____

25      [1] At a hearing on March 30, 2009, the Court announced its intention to enter orders providing for the
    joint administration of this case with fifty-three chapter 11 cases filed with the Court by affiliated entities.
26  The debtors and debtors-in-possession and their respective tax identification numbers are identified in
    the *Emergency Motion for Order Directing the Joint Administration of Related Cases* filed in this case on
27  March 27, 2009 (docket entry no. 3).

28

                                    1

335239.02 [XP]    25162                                                    00021

1       There came on for hearing on March 30, 2009 at 2:30 p.m. in the above entitled Court the

2  emergency motion of Meruelo Maddux Properties, Inc., et al., and affiliate debtors, the debtors and

3  debtors in possession in the above-captioned cases (the "Debtors"), for an order (a) authorizing the

4  Debtors' use of cash collateral on an interim basis pending final hearing; and (b) fixing date for

5  final hearing and the filing of responsive pleadings (the "Motion"). Appearances were as noted on

6  the record.

7       Based upon the Motion, the Declaration of Richard Meruelo filed in Support of First Day

8  Motions ("First Day Declaration"); upon the other pleadings and documents filed in these cases;

9  and upon the arguments made by counsel at the hearing, and oppositions filed thereto; and the

10  Court having jurisdiction to consider the Motion and the relief requested therein in accordance with

11  28 U.S.C. § 1334; and it appearing that the relief requested by the Motion is necessary and in the

12  best interests of the Debtors, their estates, and their creditors; there is reasonable likelihood that the

13  Debtors will prevail at a final hearing on the motion; that the granting of the motion to the extent

14  provided herein is necessary to avoid immediate and irreparable harm to the estate pending a final

15  hearing; and due notice of the Motion having been served upon (a) the Office of the United States

16  Trustee, (b) the secured creditors holding consensual liens on properties of the Debtors, and (c) the

17  consolidated 25 largest unsecured creditors of the Debtors, and it appearing that no other or further

18  notice need be given; and sufficient cause appearing therefore, it is

19

20                   **ORDERED**

21     1.    The Motion is granted on an interim basis pending a final hearing, which final

22  hearing shall be held on April 24, 2009 at 9:30 a.m. before this Court, and if additional time is

23  necessary, April 27, 2009 at 9:30 a.m. as well (the "Final Hearing").

24     2.    Nothing herein shall be construed, or deemed, to be a finding concerning the

25  application of Sections 101(51B) to 362(d)(3) to the Debtors, and the Court expressly reserves

26  those issues for later determination.

27     3.    The following briefing schedule shall apply to the Final Hearing: On or before

28  April 13, 2009, there shall be filed and served upon each of the secured creditors holding interests

-2-

00022

1  in the Debtor's real properties as identified in the Motion and in Exhibit "5" to the First Day

2  Declaration ("Cash Collateral Creditors") and the Debtors, the United States Trustee, and the

3  Twenty-Five Largest Unsecured Creditors, the cross-briefs ("Briefs") of the Debtors and Cash

4  Collateral Creditors, and such other parties in interest that desire to file Briefs, which Briefs among

5  other things should state the position and the basis therefore in support of or against the use of cash

6  collateral, including such matters brought up by the Court at hearing on March 30, 2009.  Any

7  replies to any Briefs shall be filed and served no later than April 20, 2009, upon the parties

8  described in the immediately preceding sentence.

9        4.     The Debtors are hereby authorized to use the cash collateral of the Cash Collateral

10  Creditors to and through the conclusion of the final hearing on the Motion, pursuant to the terms of

11  the Motion and in the amounts and for the expenses set forth in the budgets attached to the First

12  Day Declaration marked collectively as Exhibit "11".  In that connection, it is further ordered that

13  the Debtor shall not deviate by more than 20% on any line item in such budgets for each of the

14  Cash Collateral Debtors identified in Exhibit "5" to the First Day Declaration and Debtor shall only

15  expend such funds as are necessary to operate and preserve their business.

16        5.     After the payment of the expenses of preserving, maintaining and operating the

17  Cash Collateral Properties, any excess income may be utilized by any other Debtor to pay its

18  ordinary costs and expenses of preserving, maintaining and operating its property and business,

19  subject to the provisions of paragraph 4 above.

20        6.     Each Cash Collateral Creditor, as to the extent set forth in the Motion, shall be and

21  is granted, parri passu, as and for adequate protection against any diminution in the value of their

22  separate interests in their collateral arising from the use of cash collateral pursuant to this Order,

23  from on and after the petition date, March 27, 2009, a lien or charge against the 24 unencumbered

24  real properties identified in Exhibit "7" to the First Day Declaration, and further, each of the Cash

25  Collateral Creditors shall be and is granted a replacement lien upon its respective collateral, all with

26  the same extent, validity, scope and priority as the pre-petition liens held by each such Cash

27  Collateral Creditor.

28  ///

-3-

1       7.       Upon entry of this Order, counsel for the Debtors shall forward written notice

2 thereof to the United States Trustee, creditors and interested parties described in paragraph 3 above.

3       8.       Unless this Order is effective immediately, the Debtors will suffer irreparable harm,

4 accordingly, the stay provided by Bankruptcy Rule 6004(h) shall not apply to this Order.

5       9.       The Court shall retain jurisdiction with respect to any matters, claims, rights or

6 disputes arising from or related to the implementation of this Order.

7                                        \#\#\#

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 Dated:           , 2009

24                        _Kathleen Thompson_   JUDGE

25 DATED: April 7, 2009

26

27

28

-4-

| In re:                                          | CHAPTER 11 |
|-------------------------------------------------|------------|
| MERUELO MADDUX PROPERTIES, INC., et al.,        |            |
|                                    Debtor(s).   | CASE NUMBER 1:09-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **ORDER AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  March 31, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 31, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 31, 2009 | Cheryl Caldwell | /s/ Cheryl Caldwell |
|----------------|-----------------|---------------------|
| Date           | Type Name       | Signature           |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                            **F 9013-3.1**

-5-

335239.02 [XP]        25162                                                00025

| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 1:09-13356-KT |
| --- | --- |

### NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information may be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served
in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following
person(s) by the court via NEF and hyperlink to the judgment or order.  As of _____ the
following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary
proceeding to receive NEF transmission at the email address(es) indicated below.

<u>Attorneys for Cathay Bank:</u>  Michael G Fletcher    mfletcher@frandzel.com,
efiling@frandzel.com;shom@frandzel.com
Bernard R Given    efiling@frandzel.com;bwilson@frandzel.com;bgiven@frandzel.com
<u>Attorneys for California Bank & Trust:</u>  Brian T Harvey    bharvey@buchalter.com,
IFS_filing@buchalter.com
<u>Attorneys for Kennedy Funding, Inc.:</u> Michael S Kogan    mkogan@ecjlaw.com
<u>Proposed Attorneys for Debtor</u>
John J. Bingham, Jr.   jbingham@dgdk.com
John N Tedford    jtedford@dgdk.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
☐     Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or
order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or
entity(ies) at the address(es) indicated below:

☐     Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or
order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy
bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of
service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile
transmission number(s), and/or email address(es) indicated below:

☒     Service information continued on attached page

-6-

335239.02 [XP]    25162

00026

1

## SERVICE LIST

2

3  Hon. Kathleen Thompson
   U.S. Bankruptcy Court
4  21041 Burbank Blvd.
   Woodland Hills, CA  91367
5  (By Personal Delivery on March 31, 2009)

6  Office of the United States Trustee
   Ustpregion16wh.ecf@usdoj.gov
7  (Via the Court through NEF at time of filing)

8  Office of the United States Trustee
   21051 Warner Center Lane, Suite 115
9  Woodland Hills, CA  91367
   (By U.S. Mail on March 31, 2009)
10

   Securities Exchange Commission
11 5670 Wilshire Boulevard, 11th Floor
   Los Angeles, CA  90036
12 (By U.S. Mail on March 31, 2009)

13 <u>Attorneys for Certain Unsecured Creditors</u>
   Victor Sahn
14 SulmeyerKupetz
   333 S Hope St 35FL
15 Los Angeles, CA 90071
   (By U.S. Mail on March 31, 2009)

16

17 **SECURED CREDITORS**

18 **Attorneys for Imperial Bank**
   Andrew Kim
19 Blank Rome LLP
   1925 Century Park East, Suite 1900
20 Los Angeles, CA  90067
   (By U.S. Mail on March 31, 2009)

21

   Laurent Sy
22 Pacific Commerce Bank
   420 East 3rd Street, Suite 100
23 Los Angeles, CA 90013
   (By U.S. Mail on March 31, 2009)

24

   S. Alan Rosen, Agent
25 Pacific Commerce Bank
   23975 Park Sorrento, Suite 200
26 Calabasas. CA 91302
   (By U.S. Mail on March 31, 2009)

27

28

335239.02 [XP]      25162

1  **Attorneys for Yoshiaki & Fumiko Murakami**
David Gould
2  A Professional Corporation
23975 Park Sorrento Ste 200
3  Calabasas, CA 913021728
(By U.S. Mail on March 31, 2009)
4
   **Attorneys for East West Bank**
5  James I. Stang
Pachulski Stang Ziehl & Jones LLP
6  10100 Santa Monica Bl #1100
Los Angeles, CA 90067
7  (By U.S. Mail on March 31, 2009)

8  Kim Vaccarella, Controller
Kennedy Funding Inc.
9  Two University Plaza Suite 402
Hackensack, NJ 07601
10  (By U.S. Mail on March 31, 2009)

11  Scott Kocurek
PNL Pomona L.P.
12  2100 Ross Suite 2900
Dallas, TX 75201
13  (By U.S. Mail on March 31, 2009)

14  **Attorneys for Bank of America**
Eri S. Pezold, Esq.
15  Snell & Wilmer
One Arizona Center
16  Phoenix, Arizona 85004-2202
(By U.S. Mail on March 31, 2009)
17
   **Attorneys for Chinatrust Bank**
18  Neil C. Erickson
Jeffer, Mangels, Butler & Marmaro LLP
19  1900 Avenue of the Stars, Seventh Fl.
Los Angeles, CA 90067
20  (By U.S. Mail on March 31, 2009)

21  **Attorneys for United Commercial Bank**
Curtis Jung, Esq.
22  Jung & Yuen, LLP
888 S. Figueroa St., Suite 720
23  Los Angeles, CA 90017
(By U.S. Mail on March 31, 2009)
24
   Bob Fisher
25  Western Mixers Produce & Nuts Inc
2910 San Fernando Rd.
26  Los Angeles, CA 91101
(By U.S. Mail on March 31, 2009)
27

28

-3-

1  Frank L. Rudy, Agent
Western Mixers Produce & Nuts Inc.
2  2910 San Fernando Rd.
Los Angeles  CA    90065
3  (By U.S. Mail on March 31, 2009)

4  **Attorneys for Vahan & Anoush Chamlian**
Ruben
5  2360 South Orange Avenue
Fresno, CA 93725
6  (By U.S. Mail on March 31, 2009)

7  Corporation Service Company dba
CSC - Lawyers Incorporating Service, Agent
8  Wells Fargo Bank, N.A.
2730 Gateway Oaks Dr., Suite 100
9  Sacramento, CA 95833
(By U.S. Mail on March 31, 2009)
10
**Attorneys for California Bank & Trust**
11  Daniel Slate, Esq.
Buchalter Nemer
12  1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457
13  (By U.S. Mail on March 31, 2009)

14  **Attorneys for Cathay Bank**
Michael Gerard Fletcher
15  Frandzel Robins, Bloom & Csato, LC
6500 Wilshire Blvd 17th Flr
16  Los Angeles, CA 90048
(By U.S. Mail on March 31, 2009)
17
Corporation Service Company dba
18  CSC - Lawyers Incorporating Service, Agent
Capmark Finance Inc. (CAPMARK)
19  2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833
20  (By U.S. Mail on March 31, 2009)

21  Capmark Finance Inc. (CAPMARK)
Attn: Payment Application – A
22  116 Welsh Rd
Horsham, PA 19044
23  (By U.S. Mail on March 31, 2009)

24  Servicing - Accounting Manager
(Capmark Finance, Inc.)
25  GMAC Commercial Mortgage Corporation
200 Witmer Road,
26  Horsham, PA 19044-0809
(By U.S. Mail on March 31, 2009)
27

28

-4-

1    Eugene Kogan
The Stanford Group L.P.
2    1219 Sierra Alta Way
Los Angeles, CA 90069
3    (By U.S. Mail on March 31, 2009)

4    Robert Kogan, Agent
The Stanford Group L.P.
5    .920 Wall Street
Los Angeles, CA  90015
6    (By U.S. Mail on March 31, 2009)

7    Los Angeles County Tax Collector
Kenneth Hahn Hall of Administration
8    225 North Hill Street, Room 160
Los Angeles, CA   90012
9    (By U.S. Mail on March 31, 2009)

10    Treasurer-Tax Collector, County of San Bernardino
172 West Third Street, First Floor
11    San Bernardino, CA  92415-0360
(By U.S. Mail on March 31, 2009)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

335239.02 [XP]      25162

# EXHIBIT B

00032

313180.02 [XP] 0705



**Bankruptcy LODGED ORDER UPLOAD**

Lodged Order Upload

Wednesday, April 15, 2009

Upload Again

Confirmation :

CONFIRMATION:

You've successfully uploaded the order:

( 45812.doc )

- **Office:** San Fernando Valley
- **Case Title:** Meruelo Maddux Properties, Inc., a DE Corp
- **Case Number:** 09-13356
- **Judge Initial:** KT
- **Case Type:** bk ( Bankruptcy )
- **Document Number:** 11
- **On Date:** 04/15/2009 @ 09:49 AM

Please print this confirmation for future reference.


Thank You!

00033

1  RICHARD K. DIAMOND (State Bar No. 070634)
   *RDiamond@DGDK.com*
2  JOHN J. BINGHAM, JR. (State Bar No. 075842)
   *JBingham@DGDK.com*
3  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Proposed Attorneys for Meruelo Maddux Properties, Inc.,
   and affiliated Debtors and Debtors-in-Possession

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SAN FERNANDO VALLEY DIVISION**

11

12 | In re                                    ) Case No. 1:09-bk-13356-KT
                                              )
13 | MERUELO MADDUX PROPERTIES, INC., et      ) Chapter 11
   | al.,[1]                                  )
14 |                                          ) (Jointly Administered)
   |        Debtor and Debtor-in-Possession.  )
15 |                                          )
   |                                          ) **ORDER AUTHORIZING THE**
16 | _____  ) **DEBTORS' USE OF CASH**
   |                                          ) **COLLATERAL ON AN INTERIM BASIS**
17 | ☑   Affects all Debtors                  )
   |                                          )
18 | ☐   Affects the following Debtor(s):     )
   |                                          )
19 |                                          ) Date:  April 6, 2009
   |                                          ) Time:  2:30 p.m.
20 |                                          ) Place: Courtroom 301
   |                                          )        21041 Burbank Boulevard
21 |                                          )        Woodland Hills, California 91367
   |                                          )
22 |                                          )
   |                                          )
23 | _____  )

24

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by
25 affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-
   KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-
   13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-
26 bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT;
   1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-
   KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-
27 13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-
   bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT;
   1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-
28 KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

                                          1

                                                                                    00034

336213.01 [XP]      25195

1    On March 30, 2009, there at 2:30 p.m. in the above-entitled Court the emergency motion of

2  Meruelo Maddux Properties, Inc., et al., and affiliate debtors, the debtors and debtors in possession

3  in the above-captioned cases (the "Debtors"), for an order (a) authorizing the Debtors' use of cash

4  collateral on an interim basis pending final hearing; and (b) fixing date for final hearing and the

5  filing of responsive pleadings (the "<u>Motion</u>").  The Court granted the Motion on an interim basis

6  and set further hearings and briefing schedules in an order of the Court. {Docket No. __}.  The

7  court fixed April 6, 2009 as a status conference.  On April 6, 2009, there came on for hearing the

8  continued matter of the Motion.  Appearances were as noted on the record.

9    Based upon the arguments and representations of counsel and the stipulations and

10  agreements entered on the record, and sufficient cause appearing therefor, it is

11

12                            **<u>ORDERED</u>**

13    1.    The final hearing on the Motion is continued from April 24, 2009 at 9:30 a.m.

14  before this Court, to May 1, 2009, at 9:30 a.m., and if additional time is necessary, May 4, 2009 at

15  9:30 a.m. as well (the "Final Hearing").

16    2.    Nothing herein shall be construed, or deemed, to be a finding concerning the

17  application of Sections 101(51B) or 362(d)(3) to the Debtors, and the Court expressly reserves

18  those issues for later determination.

19    3.    In lieu of the briefing schedule entered at hearing on March 30, 2009, the following

20  briefing schedule shall apply to the Final Hearing:  On or before April 20, 2009, there shall be filed

21  and served upon each of the secured creditors holding interests in the Debtor's real properties as

22  identified in the Motion and in Exhibit "5" to the First Day Declaration ("Cash Collateral

23  Creditors") and the Debtors, the United States Trustee, and the Twenty-Five Largest Unsecured

24  Creditors, the cross-briefs ("Briefs") of the Debtors and Cash Collateral Creditors, and such other

25  parties in interest that desire to file Briefs, which Briefs among other things should state the

26  position and the basis therefore in support of or against the use of cash collateral, including such

27  matters brought up by the Court at hearing on March 30, 2009.  Any replies to any Briefs shall be

28  ///

00035

336213.01 [XP]        25195

1  filed and served no later than April 27, 2009, upon the parties described in the immediately

2  preceding sentence.

3      4.    The Debtors are hereby authorized to use the cash collateral of the Cash Collateral

4  Creditors to and through the conclusion of the final hearing on the Motion, pursuant to the terms of

5  the Motion and in the amounts and for the expenses set forth in the budgets attached to the First

6  Day Declaration marked collectively as Exhibit "11" for the month of April, 2009, and in addition

7  to the amounts reflected therein the Debtors may expend up to an additional $200,000 for the

8  payment of certain insurance finance premiums, but in no event shall the expenditure for the

9  aforesaid additional insurance premiums and payments to the Service Entities, as that term is

10  defined in the Motion, exceed a total of $1,050,000.  In that connection, and subject to the

11  immediately preceding sentence, it is further ordered that the Debtor shall not deviate by more than

12  20% on any line item in such budgets for each of the Cash Collateral Debtors identified in Exhibit

13  "5" to the First Day Declaration and Debtor shall only expend such funds as are necessary to

14  operate and preserve their business.

15      5.    After the payment of the expenses of preserving, maintaining and operating the

16  Cash Collateral Properties, any excess income may be utilized by any other Debtor to pay its

17  ordinary costs and expenses of preserving, maintaining and operating its property and business,

18  subject to the provisions of paragraph 4 above.

19      6.    Each Cash Collateral Creditor, as to the extent set forth in the Motion, shall be and

20  is granted, parri passu, as and for adequate protection against any diminution in the value of their

21  separate interests in their collateral arising from the use of cash collateral pursuant to this Order,

22  from on and after the petition date, March 27, 2009, a lien or charge against the 24 unencumbered

23  real properties identified in Exhibit "7" to the First Day Declaration, and further, each of the Cash

24  Collateral Creditors shall be and is granted a replacement lien upon its respective collateral, all with

25  the same extent, validity, scope and priority as the pre-petition liens held by each such Cash

26  Collateral Creditor.

27      7.    Unless this Order is effective immediately, the Debtors will suffer irreparable harm;

28  accordingly, the stay provided by Bankruptcy Rule 6004(h) shall not apply to this Order.

-3-

336213.01 [XP]      25195

1        8.    The Court shall retain jurisdiction with respect to any matters, claims, rights or

2    disputes arising from or related to the implementation of this Order.

3                                    ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19                                    _____

20                                 UNITED STATES BANKRUPTCY JUDGE

21

22

23

24

25

26

27

28

-4-

00037

336213.01 [XP]        25195

| In re:<br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><div align="right">Debtor(s).</div> | CHAPTER  11<br><br>CASE NUMBER 1:09-13356-KT |
|---|---|

**NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.**

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **ORDER AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL ON AN INTERIM BASIS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

<div align="center">☐    Service information continued on attached page</div>

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On April 14, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

<div align="center">☐    Service information continued on attached page</div>

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 14, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Served By Personal Delivery**
Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd., Ste. 305, Woodland Hills, CA 91367
Office of the United States Trustee, 21051 Warner Center Lane, Suite 115, Woodland Hills, CA  91367
<div align="center">☐    Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 14, 2009 | Cheryl Caldwell | /s/ Cheryl Caldwell |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 **F 9013-3.1**

00038

336213.01 [XP]     25195

| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 1:09-13356-KT |
|---|---|

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____
was entered on the date indicated as ⌐Entered‿ on the first page of this judgment or order and will be
served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (⌐NEF‿)** ʙ Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following
person(s) by the court via NEF and hyperlink to the judgment or order. As of _____ the
following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary
proceeding to receive NEF transmission at the email address(es) indicated below.

<u>Attorneys for Cathay Bank:</u>  Michael G Fletcher    mfletcher@frandzel.com,
efiling@frandzel.com;shom@frandzel.com
Donald L Gaffney      dgaffney@swlaw.com
Bernard R Given    efiling@frandzel.com;bwilson@frandzel.com;bgiven@frandzel.com
John A Graham      jag@jmbm.com
<u>Attorneys for California Bank & Trust:</u>  Brian T Harvey    bharvey@buchalter.com,
IFS_filing@buchalter.com
<u>Attorneys for Kennedy Funding, Inc.:</u> Michael S Kogan    mkogan@ecjlaw.com
<u>Proposed Attorneys for Debtor</u>
John J. Bingham, Jr.  jbingham@dgdk.com
John N Tedford    jtedford@dgdk.com
Elmer D Martin    elmermartin@msn.com
Iain A W Nasatir    jwashington@pszjlaw.com, hrafatjoo@pszjlaw.com
Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
Craig M Rankin    cmr@lnbrb.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Jasmin Yang    jyang@swlaw.com;kcollins@swlaw.com

☐    Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or
order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or
entity(ies) at the address(es) indicated below:

☐    Service information continued on attached page

00039

336213.01 [XP]      25195

| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>                                          Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 1:09-13356-KT |
| --- | --- |

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an ΛEntered® stamp, the party lodging the judgment or order will serve a complete copy bearing an ΛEntered® stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

⊠        Service information continued on attached page

-7-

336213.01 [XP]       25195

1

2

| In re:<br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER 1:09-13356-KT |
| --- | --- |

3

4

5

### All Parties Will Be Served Entered Order By U. S. Mail

Securities Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA  90036

### Attorneys for Certain Unsecured Creditors
Victor Sahn
SulmeyerKupetz
333 S Hope St 35FL
Los Angeles, CA 90071

Craig M. Rankin
Martin J. Brill
Levene Neale & Bender LLP
10250 Constellation Blvd, Ste 1700
Los Angeles, CA 90067

### SECURED CREDITORS

### Attorneys for Imperial Bank
Andrew Kim
Blank Rome LLP
1925 Century Park East, Suite 1900
Los Angeles, CA  90067

Laurent Sy
Pacific Commerce Bank
420 East 3rd Street, Suite 100
Los Angeles, CA  90013

S. Alan Rosen, Agent
Pacific Commerce Bank
23975 Park Sorrento, Suite 200
Calabasas, CA 91302

### Attorneys for Yoshiaki & Fumiko Murakami
David Gould
A Professional Corporation
23975 Park Sorrento Ste 200
Calabasas, CA 91302-1728

### Attorneys for East West Bank
James I. Stang
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Bl #1100
Los Angeles, CA 90067

Kim Vaccarella, Controller
Kennedy Funding Inc.
Two University Plaza Suite 402
Hackensack, NJ  07601

Scott Kocurek
PNL Pomona L.P.
2100 Ross Suite 2900
Dallas, TX  75201

### Attorneys for Bank of America
Eric S. Pezold, Esq.
Snell & Wilmer
One Arizona Center
Phoenix, AZ  85004-2202|

### Attorneys for Chinatrust  Bank
Neil C. Erickson
Jeffer, Mangels, Butler & Marmaro LLP
1900 Avenue of the Stars, Seventh Fl.
Los Angeles, CA  90067

### Attorneys for United Commercial Bank
Curtis Jung, Esq.
Jung & Yuen, LLP
888 S. Figueroa St., Suite 720
Los Angeles, CA  90017

Bob Fisher
Western Mixers Produce & Nuts Inc
2910 San Fernando Rd.
Los Angeles, CA  91101

Frank L. Rudy, Agent
Western Mixers Produce & Nuts Inc.
2910 San Fernando Rd.
Los Angeles, CA  90065

-8-

00041

336213.01 [XP]      25195

| | |
|---|---|
| 1 | **Attorneys for Vahan & Anoush Chamlian** |
| | Rouben Varozian |
| 2 | Beitchman & Zekian PC |
| | 510 West 6th Street, #1200 |
| 3 | Los Angeles, CA 90014 |

**Attorneys for Vahan & Anoush Chamlian**
Rouben Varozian
Beitchman & Zekian PC
510 West 6th Street, #1200
Los Angeles, CA 90014

Corporation Service Company dba
CSC - Lawyers Incorporating Service, Agent
Wells Fargo Bank, N.A.
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833

**Attorneys for California Bank & Trust**
Daniel Slate, Esq.
Buchalter Nemer
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017-2457

**Attorneys for Cathay Bank**
Michael Gerard Fletcher
Frandzel Robins, Bloom & Csato, LC
6500 Wilshire Blvd 17th Flr
Los Angeles, CA 90048

Corporation Service Company dba
CSC - Lawyers Incorporating Service, Agent
Capmark Finance Inc. (CAPMARK)
2730 Gateway Oaks Dr., Suite 100
Sacramento, CA 95833

Capmark Finance Inc. (CAPMARK)
Attn: Payment Application – A
116 Welsh Rd
Horsham, PA 19044

Servicing - Accounting Manager
(Capmark Finance, Inc.)
GMAC Commercial Mortgage Corporation
200 Witmer Road,
Horsham, PA 19044-0809

Eugene Kogan
The Stanford Group L.P.
1219 Sierra Alta Way
Los Angeles, CA 90069

Robert Kogan, Agent
The Stanford Group L.P.
.920 Wall Street
Los Angeles, CA 90015

Los Angeles County Tax Collector
Kenneth Hahn Hall of Administration
225 North Hill Street, Room 160
Los Angeles, CA 90012

Treasurer-Tax Collector,
County of San Bernardino
172 West Third Street, First Floor
San Bernardino, CA 92415-0360

**CONSOLIDATED LIST OF TOP 25
GENERAL UNSECURED CREDITORS**

Sorenson Group Management
c/o Primary Residential Mortgage
Attn: Christy
4750 West Wiley Post Way, Suite 200
Salt Lake City, UT 84116

EDI Architecture, Inc.
2800 Post Oak Blvd., Suite 3800
Houston, TX 77056

Magnusson Klemencic Associates
1301 Fifth Avenue, Ste. 3200
Seattle, WA 98101-2699

Ernst & Young LLP
725 South Figueroa Street
Los Angeles, CA 90017-5418

RoofCorp of CA, Inc.
2130 S Dupont Drive
Anaheim, CA 92806

Oliver, Vose, Sandifer, Murphy & Lee
Figueroa Courtyard, Second Floor
281 South Figueroa Street
Los Angeles, CA 90012

Complete Thermal Services
11105 Knott Avenue,, Unit E
Cypress, CA 90630

Neufeld Law Group
360 East Second Street, Suite 703
Los Angeles, CA 90012

GeoDesign, Inc.
15575 SW Sequoia Parkway, # 100
Portland, OR 97224

Palmieri, Tyler, Wiener, Wilhelm & Waldr
2603 Main Street East Tower Suite 1300
Irvine, CA 92614-4281

State of California Board of Equalization
3321 Power Inn Road, Suite 210
Sacramento, CA 95826-3889

00042

336213.01 [XP]    25195

1  State of California Board of Equalization
   Attn: Virginia Rodela-Flake, Supervisor
2  MIC82/Legal Department
   450 "N" Street
3  Sacramento, CA 95814

4  State of California Board of Equalization
   a/c 100-687754 Post Office Box 942879
5  Sacramento, CA 94279-8062

6  Inntercity Crime Prevention Group, Inc.
   1057 San Pedro Street, #217
7  Los Angeles, CA 90015

8  CBIZ MHM, LLC
   6050 Oak Tree Blvd., #500
9  Cleveland, OH 44131

10 Cary US LLP
   DLA Piper Rudnick Gray Cary US LLP
11 550 South Hope Street, Suite 2300
   Los Angeles, CA 90071-2631
12
   L.P. Carreras & Associates
13 9550 Firestone Blvd., Ste # 204
   Downey, CA 90241-5560
14
   D. B. Electric Co
15 20952 Hemmingway Street
   Canoga Park, CA 91304
16
   RWDI USA, LLC
17 10165 USA Today Way
   Miramar, FL 33025
18
   American Elevator
19 1523 Munson Avenue
   Los Angeles, CA 90042
20
   Color Broadband, Inc.
21 10601 Calle Lee, Ste. #179
   Los Alamitos, CA 90720
22
   Cox, Castle & Nicholson, LLP
23 2049 Century Park East, 28th Floor
   Los Angeles, CA 90067-3284
24
   Aviles Security Patrol Company
25 1596 Royal Ave.
   Simi Valley, CA 93065
26
   Charles M Salter Associates, Inc.
27 130 Sutter Street, Suite 500
   San Francisco, CA 94104
28

The Surveillance, Protection
12223 Highland Ave. Suite 293
Rancho Cucamonga, CA 91739

Financial Relations Board
Post Office Box 7247-6593
Philadelphia, PA 19170-6593

Kirman Plumbing Co.
794 Merchant Street
Los Angeles, CA 90021

00043

336213.01 [XP]    25195

| In re: MERUELO MADDUX PROPERTIES, INC., Debtor(s). | CHAPTER: 11 CASE NUMBER: 1:09-bk-13356-KT |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067.  A true and correct copy of the documents described as follows: **DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL AND APPROVING CASH MANAGEMENT PROCEDURES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒Service information continued on attached page

**III. SERVED BY EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 20, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 20, 2009 | Cindy Cripe | |
|---|---|---|
| Date | Type Name | Signature |

## SERVICE LIST FOR CASH COLLATERAL PAPERS (4/20/09)

**Category I (to be served by the Court via NEF)**
None.
**Category II (served by U.S. Mail or overnight mail)**
None.
**Category III (served by personal delivery, facsimile transmission or email)**

Hon. Kathleen Thompson, U.S.B.C., 21041 Burbank Blvd., # 305, Woodland Hills, CA 91367 (to
     be served by messenger on 4/21/09)
Office of the United States Trustee, 21051 Warner Center Lane, Suite 115, Woodland Hills, CA
     91367 (to be served by messenger on 4/21/09)

Office of the United States Trustee:
     Jennifer L. Braun, Jennifer.L.Braun@usdoj.gov
Counsel for Bank of America:
     Donald L. Gaffney, dgaffney@swlaw.com;
     Eric S. Pezold, epezold@swlaw.com;
     Jasmin Yang, jyang@swlaw.com
Counsel for California Bank and Trust:
     Daniel H. Slate, DSlate@Buchalter.com;
     Brian T. Harvey, bharvey@buchalter.com
Counsel for Capmark Finance Inc.:
     John A Graham, jag@jmbm.com
Counsel for Cathay Bank:
     Michael Fletcher, MFletcher@Frandzel.com;
     Bernard R Given, bgiven@frandzel.com
Counsel for Vahan & Anoush Chamlian:
     Rouben Varozian, rvarozian@bzlegal.com
Counsel for Chinatrust Bank:
     Steven K Linkon, slinkon@rcolegal.com
Counsel for East West Bank:
     James I. Stang, JStang@PSZJLaw.com;
     Iain A W Nasatir, inasatir@pszjlaw.com
Counsel for Imperial Bank:
     Andrew F. Kim, Kim-A@BlankRome.com
Counsel for Yoshiaki & Fumiko Murakami:
     Brian L Davidoff, bdavidoff@rutterhobbs.com;
     Duane Kumagai, dkumagai@rutterhobbs.com
Counsel for United Commercial Bank:
     Curtis C. Jung, ccjung@aol.com;
     Elmer D Martin, elmermartin@msn.com
Counsel for certain unsecured creditors:
     Victor Sahn, vsahn@sulmeyerlaw.com

336748.01 [XP]      25195