Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
  ahami@sulmeyerlaw.com
Tamar Kouyoumjian (CA Bar No. 254148)
  tkouyoumjian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Proposed Attorneys for Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtors and Debtors-in-Possession. | Case No. 1:09-bk-13356 KT<br>(Jointly Administered)<br><br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER ESTABLISHING PROTOCOLS FOR THE DISSEMINATION OF INFORMATION BY THE CREDITORS' COMMITTEE AND PROTECTING CONFIDENTIAL AND PRIVILEGED INFORMATION PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)(A)** |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359- KT; 1:09-bk-13360 -KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk- 3370-KT; 1:09- bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-1378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382- KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk- 13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09- bk-I3394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-I3400-KT; 1 :09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403 -KT. 1:09-bk-13404-KT; 1:09-bk-13405- KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

[TKOUYOUMJIAN\MTN\525995.1]

| | |
|---|---|
| 1 | DATE: June 16, 2009 |
| 2 | TIME: 10:00 a.m. |
| | PLACE: U.S. Bankruptcy Court |
| 3 | Courtroom 301 |
| | 21041 Burbank Boulevard |
| 4 | Woodland Hills, CA 91367-6603 |

**TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Through this Motion of the Official Committee of Unsecured Creditors for Order Establishing Protocols for the Dissemination of Information by the Creditors' Committee and Protecting Confidential and Privileged Information Pursuant to 11 U.S.C. §§ 105(a), 107(b) and 1102(b)(3)(A) (the "Motion"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered bankruptcy cases hereby applies to the Court, pursuant to 11 U.S.C. §§ 105(a), 107(b) and 1102(b)(3)(A) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for an order providing that 11 U.S.C. § 1102(b)(3)(A) does not authorize or require the Committee to provide access to the confidential and other non-public proprietary information of the debtors and debtors in possession Meruelo Maddux Properties, Inc., et al. (the "Debtors") or require the Committee to provide access to the Debtors' privileged information, to creditors whom the Committee represents.

This Motion is based on the separately filed Notice of Motion, the attached memorandum of points and authorities submitted in support thereof, the files and pleadings in the Debtors' cases, all judicially noticeable facts, and any other arguments and evidence that may be presented prior to or at the hearing on the Motion.

**WHEREFORE** the Committee respectfully requests that the Court enter an order:

(1)   granting this Motion;

(2) authorizing the Committee to send a notice, substantially in the form of notice attached hereto as Exhibit A, notifying creditors about the procedures established for obtaining information about the cases from the Committee; and

(3) granting such other and further relief as this Court deems just and proper under the circumstances

DATED: May 14, 2009

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Victor A. Sahn
Victor A. Sahn
Attorneys for Official Committee of
Unsecured Creditors

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND RELIEF REQUESTED

By this Motion, the Committee seeks entry of an order by the Court under Sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code that 11 U.S.C. § 1102(b)(3)(A) does not (i) authorize or require the Committee to provide access to the Debtors' Confidential Information (defined below) to anyone other than a Committee member, counsel and advisors, nor (ii) require the Committee to provide access to Privileged Information (defined below) to anyone other than Committee members, counsel and advisors. The Committee also seeks to establish procedures on how the Committee will disseminate information and for approval of a form of notice to be sent to creditors describing these procedures. The relief requested by the Committee will ensure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates and will aid the Committee in performing its statutory function.

## II.

## FACTUAL BACKGROUND

### A. Background of the Debtors

The Debtors are in the business of developing commercial and multi-unit residential properties in downtown Los Angeles and other urban markets in California. The Debtors in these cases are 54 entities that, pre-petition, have operated as a single enterprise. On March 26, 2009 and March 27, 2009, the Debtors filed for relief under chapter 11 of title 11 of the Bankruptcy Code. Debtors are operating their business affairs pursuant to the authority granted under Sections 1107 and 1108 of the Bankruptcy Code.

B. **Formation of the Committee**

The Committee was formed on April 21, 2009 and consists of EDI Architecture, Inc., GeoDesign, Inc., Kirman Plumbing Company, Complete Thermal Services, Inc. and L.P. Carreras & Associates, Inc.

III.

**BASIS FOR RELIEF**

Section 1102(a) of the Bankruptcy Code authorizes the United States Trustee to appoint statutory creditors' and equity security holders' committees in chapter 11 cases. On April 20, 2005, as part of the Bankruptcy Abuse Prevention Consumer Protection Act of 2005, Congress enacted Section 1102(b)(3) of the Code which provides, in pertinent part, that a creditors' committee appointed under Section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." But Section 1102(b)(3)(A) of the Code does not indicate how a creditors' committee should "provide access to information" to the creditors it represents. Moreover, there is no legislative history concerning Section 1102(b)(3), which could provide guidance to parties and the Court on how to apply this relatively new provision. See H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005).

The lack of specificity in new Section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[2] Obtaining quick access to Confidential Information can be

---

[2] The term "Confidential Information" means any non-public information, including, but not necessarily limited to information regarding the Debtors' assets, liabilities, business operations, real properties, projects, budgets, rent rolls, communications with prospective tenants, investors, lenders and governmental agencies, projections, analyses, appraisals, compilations, studies and other documents prepared by the Debtors or their advisors or other agents which is furnished, disclosed or made known to the Committee or any of its members whether intentionally or unintentionally, pre-petition or post-petition, and in any manner including written form, orally or through any electronic, facsimile or computer-related communication. Confidential Information shall include (1) any notes, summaries, compilations, memoranda, reports or other (footnote continued)

critical for a creditors' committee to carry out its statutory duties, which include, among other things, investigating "the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such a business . . ." 11 U.S.C. § 1103(c). Creditors' committees may use Confidential Information to assess, among other things, a debtor's capital structure, opportunities for the restructuring of the debtor's business or debt in chapter 11, the results of any revised operations of the debtor in the bankruptcy case, and the debtor's overall prospects for reorganization under a chapter 11 plan. Typically, creditors' committees enter into confidentiality agreements with the debtor to ensure that sensitive information given them will not be used, except in the chapter 11 case.

Section 1102(b)(3)(A)'s silence, and the lack of legislative history, as to how Confidential Information should be treated, raises the issue of whether the Committee could be required to share the Debtors' Confidential Information with any creditor that the Committee represents. Absent appropriate protections for the Debtors' Confidential Information, the Debtors might be unwilling to freely share such information with the Committee, which will undoubtedly impede the Committee's ability to carry out its statutory duties and impair the working relationship between the Debtors and the Committee. Given the importance of this issue, the Committee is seeking a Court order confirming that Section 1102(b)(3)(A) does not authorize or require the Committee in these chapter 11 cases to provide access to the Debtors' Confidential Information to any creditor that the Committee represents.

---

written materials disclosing, discussing, containing or reflecting Confidential Information, whether prepared by the Debtors or the Committee, their respective professionals, advisors or members, or others receiving or holding the Confidential Information, (2) any written Confidential Information that is discussed or presented orally, and (3) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (a) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal or fiduciary obligation to the Debtors; or (b) was in the possession of the Committee prior to the disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

The enactment of Section 1102(b)(3)(A) of the Code also raises the issue of whether the Committee could be required to share with any creditor that it represents, information, subject to the attorney-client or some other state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party (collectively, the "Privileged Information"). Given the importance of this issue, the Committee is seeking clarification that it is not required to provide access to Privileged Information to any creditor or interest holder who is not a Committee member. Of course, the Committee would be permitted, but not required, to provide access to Privileged Information to any party so long as (i) such privileged information was not Confidential Information, and (ii) the relevant privilege was held and controlled solely by the Committee and did not impact any privilege of the Debtors or other applicable party.

When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." U.S. v Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989), quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S. Ct. 192, 61 L. Ed. 442 (1917). But, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather than the strict language, controls." Id., at 242-43, citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 102 S. Ct. 3245, 73 L. Ed. 2d 973 (1982) (internal quotation omitted).

As discussed above, Section 1102(b)(3)(A) raises several issues, which are not addressed by the Bankruptcy Code or legislative history. For example, that section requires a creditors' committee "to provide access to information" but does not include any guidelines as to the type, kind, and extent of information to be provided. At the extreme, Section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by the debtor, or obtained through its investigation, regardless of whether the information is confidential, proprietary or material non-public information.

A creditors' committee has a pivotal role in the bankruptcy process. "The function of an official creditors' committee is to aid, assist and monitor the debtor to ensure the unsecured creditors' views are heard and their interest promoted and protected." Pan Am Corp v. Delta Air Lines, Inc., 175 B.R. 438, 514 (S.D.N.Y. 1994). The creditors' committee acts as the voice for unsecured creditors and, as a result, will receive commercially sensitive or proprietary information from the debtor and other parties. See In re Refco, Inc., 336 B.R. 187 196 (Bankr. S.D.N.Y. 2005). "It has frequently been held that committee members' fiduciary duties of loyalty and care to the unsecured creditors body require such information to be held in confidence." Id.

Courts have entered orders limiting access to Confidential and Privileged Information obtained by a creditors' committee under Section 1102(b)(3)(A). See Refco, supra, (providing that committee need not be required to disclose information deemed confidential or privileged or whose disclosure could reasonably be determined to violate an agreement, order, or law, including applicable securities laws); In re Spectrum Restaurant Group, Inc., Case No. SA 06-11444-ES (Bankr. C.D. Cal. Nov. 2, 2006 (same); In re Death Row Records, Inc., et al., Case No. LA 06-11205-EC (Bankr. C.D. Cal. Aug. 15, 2006) (same); In re Silicon Graphics, Inc., et al., Case No. 06-10977 (BRL) (Bankr. S.D. N.Y. May 8, 2006) (same); In re Global Home Products, LLC, et al., Case No. 06-10340 (KG) (Bankr. D. Del. May 5, 2006) (same).

Furthermore, Section 107(b)(1) of the Code provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." Upon request, the Court is empowered and required to protect the Debtors' Confidential Information and Privileged Information from disclosure to general creditors. Video Software Dealers Association v. Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of Section 107(b)(1) are mandatory upon request).

The dissemination of the Debtors' Confidential and Privileged Information to parties who are not bound by any confidentiality agreement directly with the Debtors

could be disastrous for the Debtors and for the reorganization process. Without any protections and procedures, the likely result will be a chilling effect on the dissemination of information by the Debtors to the Committee and added burdens placed on the Committee in obtaining information, thereby impairing its ability to carry out its statutory functions and duties. The relief requested herein does not interfere with the Committee's ability to provide information to its constituents pursuant to Section 1102(b)(3)(A) of the Code. For instance, the Committee will not be barred from providing access to all relevant public information concerning the Debtors and their chapter 11 cases.

Given the ability to share information through the Internet or otherwise, the drafters of Section 1102(b)(3) likely intended this provision to mean that a creditors 'committee's constituency should have easier access to relevant public information about a debtor without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case. Accordingly, the Committee proposes that it be authorized, but not required, to establish procedures for the dissemination of such information to its constituents, including, without limitation, (i) establishing and maintaining an electronic email address to which persons may address any inquiries regarding the chapter 11 cases, and (ii) responding, at the sole discretion of the Committee and its counsel, to requests for information from such persons who are not Committee members.

Furthermore, the Committee requests that it be authorized to send a notice, in the form attached hereto as Exhibit A, notifying creditors about the procedures established for obtaining information about these cases from the Committee. The Committee submits that the proposed procedures and notice will allow it to meet its duty to inform its constituents about the chapter 11 cases in accordance with the Bankruptcy Code. Accordingly, pursuant to Sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Code, the Committee submits that the relief requested herein be granted to preserve and maximize the value of the Debtors' estates and to assist the Committee in these chapter 11 cases to fulfill its statutory duties.

## IV.

## CONCLUSION

Based on the foregoing, the Committee respectfully requests that the Motion be granted in all respects, and for such other and further relief as the Court deems just and proper.

DATED: May 14, 2009

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ Victor A. Sahn
Victor A. Sahn
Proposed Attorneys for Official Committee of Unsecured Creditors

# EXHIBIT A

Victor A. Sahn (CA Bar No. 97299)
 vsahn@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
 ahami@sulmeyerlaw.com
Tamar Kouyoumjian (CA Bar No. 254148)
 tkouyoumjian@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Proposed Attorneys for Official Committee of
Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtors and Debtors-in-Possession. | Case No. 1:09-bk-13356 KT<br>(Jointly Administered)<br><br>Chapter 11 |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359- KT; 1:09-bk-13360 -KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk- 3370-KT; 1:09- bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-1378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382- KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk- 13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09- bk-l3394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-l3400-KT; 1 :09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403 -KT. 1:09-bk-13404-KT; 1:09-bk-13405- KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

# NOTICE TO GENERAL UNSECURED CREDITORS OF PREFERRED MEANS OF MAKING INQUIRIES TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**PLEASE TAKE NOTICE** that on March 26, 2009 and March 27, 2009, Meruelo Maddux Properties, Inc. et al., (collectively referred to as the "Debtors") filed for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned cases (the "Bankruptcy Cases").

**PLEASE TAKE FURTHER NOTICE** that on April 7, 2009, the Bankruptcy Court entered an order authorizing the joint administration of the Debtors' cases.

**PLEASE TAKE FURTHER NOTICE** that on April 21, 2008, the United States Trustee formed an Official Committee of Unsecured Creditors (the "Committee") pursuant to Section 1102 of the Bankruptcy Code, to represent the interests of general unsecured creditors of the Debtors in the Bankruptcy Cases and to exercise the powers and duties granted to it under Section 1103 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the protocols for the dissemination of information to its constituents by the Committee are as follows: (i) the Committee or its counsel of record will maintain electronic email addresses (as set forth below), to which person may submit any inquiries regarding the Bankruptcy Cases, and (ii) the Committee or its counsel of record will respond, at their sole discretion to such inquires or requests for information from such persons who are not Committee members.

**PLEASE TAKE FURTHER NOTICE** that general unsecured creditors may direct inquiries regarding the Bankruptcy Cases to the Committee's attorneys of record herein as follows:

| | |
|---|---|
| Victor A. Sahn, Esq. | vsahn@sulmeyerlaw.com |
| Asa S. Hami, Esq. | ahami@sulmeyerlaw.com |
| Tamar Kouyoumjian, Esq. | tkouyoumjian@sulmeyerlaw.com |

DATED: May 14, 2009

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**SULMEYER**KUPETZ, A PROFESSIONAL CORPORATION

Victor A. Sahn
Asa S. Hami
Tamar Kouyoumjian
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

**EXHIBIT A**
**12**

| In re:<br>MERUELO MADDUX PROPERTIES, INC., et al.<br><br>                                    Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 1:09-bk-13356-KT<br>(Jointly Administered) |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document described as **MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER ESTABLISHING PROTOCOLS FOR THE DISSEMINATION OF INFORMATION BY THE CREDITORS' COMMITTEE AND PROTECTING CONFIDENTIAL AND PRIVILEGED INFORMATION PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), AND 1102(b)(3)(A)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 14, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On May 14, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Kathleen Thompson
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 305
Woodland Hills, CA 91367-6606

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on May 14, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 14, 2009 | Andrea Gonzalez | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                         F 9013-3.1

[VAS\GEN\525644.1]

| In re:                           |              | CHAPTER: 11                      |
|----------------------------------|--------------|----------------------------------|
| MERUELO MADDUX PROPERTIES, INC.  |              |                                  |
|                                  | Debtor(s).   | CASE NUMBER: 1:09-bk-13356-KT    |

**VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Counsel for Debtors: John N. Tedford, jtedford@dgdk.com; John J. Bingham, Jr., jbingham@dgdk.com; Aaron De Leest, aed@dgdk.com
Office of the United States Trustee: U.S. Trustee, ustpregion16.wh.ecf@usdoj.gov; Jennifer L. Braun, Jennifer.L.Braun@usdoj.gov
Counsel for interested party: Martin J. Brill, mjb@lnbrb.com; Craig M. Rankin, cmr@lnbrb.com
Counsel for Kennedy Funding, Inc.: Michael S. Kogan, mkogan@ecjlaw.com; Howard Camhi, hcamhi@ecjlaw.com
Counsel for Los Angeles County Metropolitan Transportation Authority: Michaeline H Correa, mcorrea@jonesday.com
Counsel for Yoshiaki & Fumiko Murakami: Brian L. Davidoff, bdavidoff@rutterhobbs.com; Duane Kumagai, dkumagai@rutterhobbs.com
Counsel for Cathay Bank: Michael Fletcher, MFletcher@Frandzel.com; Bernard R. Given, bgiven@frandzel.com
Counsel for Bank of America: Donald L. Gaffney, dgaffney@swlaw.com; Eric S. Pezold, epezold@swlaw.com; Michael B. Reynolds, mreynolds@swlaw.com; Jasmin Yang, jyang@swlaw.com
Counsel for Capmark Finance Inc.: Thomas M Geher, tmg@jmbm.com; John A. Graham, jag@jmbm.com
Counsel for Interested Party: Barry Glaser, bglaser@swjlaw.com
Counsel for California Bank and Trust: Brian T. Harvey, bharvey@buchalter.com
Counsel for Chinatrust Bank: Steven K. Linkon, slinkon@rcolegal.com;
Counsel for United Commercial Bank: Elmer D. Martin, elmermartin@msn.com
Counsel for East West Bank: Iain A.W. Nasatir, inasatir@pszjlaw.com, James I. Stang, jstang@pszjlaw.com
Counsel for interested party: Lawrence Peitzman, lpeitzman@pwkllp.com
Counsel for San Bernardino County Tax Collector: Martha E. Romero Romero@mromerolaw.com

**VIA EMAIL**
Counsel for United Commercial Bank: Curtis C. Jung, curtis@jyllp.com
Counsel for Imperial Capital Bank: Andrew F. Kim, Kim-A@BlankRome.com
Counsel for Stanford Group LP: Janis Abrams, jabrams@gershlegal.com
Counsel for Vahan & Anoush Chamlian: Rouben Varozian, rvarozian@bzlegal.com

**VIA U.S. MAIL**

Meruelo Maddux Properties, Inc.
ATTN: Todd W. Nielsen
761 Terminal Street, Building 1, 2nd Floor
Los Angeles, CA 90021

United States Trustee
Jennifer L. Braun, Esq.
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

Sandra W. Lavigna, Senior Bankruptcy Counsel
Los Angeles Regional Office
U. S. Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036

Los Angeles County Tax Collector
Kenneth Hahn Hall of Administration
225 North Hill Street, Room 160
Los Angeles, CA 90012

Western Mixers Produce & Nuts Inc
ATTN: Bob Fisher
2910 San Fernando Rd.
Los Angeles, CA 91101

Pacific Commerce Bank
ATTN: Brian Kelley
420 East 3rd Street, Suite 100
Los Angeles, CA 90013

Pacific Commerce Bank
ATTN: S. Alan Rosen, Agent
23975 Park Sorrento, Suite 200
Calabasas. CA 91302

PNL Pomona L.P.
ATTN: Scott Kocurek
2100 Ross Suite 2900
Dallas,TX 75201

Eugene Kogan
The Stafford Group L.P.
1219 Sierra Alta Way
Los Angeles, CA 90069

Robert Kogan, Agent
The Stanford Group L.P.
6975 Corte Pinata
Camarillo, CA 93012

[VAS\GEN\525644.1]This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**