1 RUTTER HOBBS & DAVIDOFF
  INCORPORATED
2 BRIAN L. DAVIDOFF (State Bar No. 102654)
  DUANE KUMAGAI (State Bar No. 125063)
3 1901 Avenue of the Stars, Suite 1700
  Los Angeles, California 90067
4 Telephone: (310) 286-1700
  Facsimile: (310) 286-1728
5
  Attorneys for Secured Creditor
6 Yoshiaki Murakami, individually and as Co-trustee of
  the Revocable Trust of Yoshiaki Murakami and Fumiko
7 Murakami U/T/A dated June 16, 1988

8                UNITED STATES BANKRUPTCY COURT

9     CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

10

11 In re:  Meruelo Maddux Properties, Inc.,    )   Case No.: 1:09-bk-13338-KT
                                               )
12       Debtor and Debtor in Possession,      )   YOSHIAKI MURAKAMI'S SUPPLEMENTAL
                                               )   MEMORANDUM OF POINTS AND
13                                             )   AUTHORITIES IN OPPOSITION TO
                                               )   DEBTORS' CASH COLLATERAL MOTION;
14                                             )   DECLARATION OF DUANE KUMAGAI
                                               )   AND SUPPLEMENTAL DECLARATION OF
15   _____)   YOSHIAKI MURAKAMI
                                               )
16   ☒ Affects all Debtors                     )   Date:   July 6, 2009
     ☐ Affects the following Debtors:          )   Time:   9:00 a.m.
17                                             )   Place:  Courtroom 303
                                               )           21041 Burbank Boulevard
18                                             )           Woodland Hills, California
                                               )
19   _____)

20        TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES BANKRUPTCY

21 JUDGE; DEBTORS AND DEBTORS IN POSSESSION; THE UNITED STATES TRUSTEE; AND

22 ALL OTHER PARTIES IN INTEREST:

23        Secured creditor Yoshiaki Murakami, individually and as co-trustee of the Revocable

24 Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A dated June 16, 1988 (collectively,

25 "Murakami"), files this supplemental memorandum of points and authorities in opposition to

26 the emergency motion of debtor and debtor-in-possession Meruelo Maddux Properties, Inc.

27

28                                        -1-
RUTTER
HOBBS &
DAVIDOFF       MURAKAMI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
INCORPORATED                    DEBTORS' CASH COLLATERAL MOTION
LAWYERS
           {7827.001-556396.DOC-(3)}

Case 1:09-bk-13356-VK    Doc 335    Filed 06/29/09    Entered 06/29/09 17:41:38    Desc
Main Document    Page 2 of 11

and its 53 debtor and debtor-in-possession subsidiaries (collectively, the "Debtors") for use of cash collateral ("Cash Collateral Motion").

This memorandum supplements Murakami's original Opposition to the Cash Collateral Motion [Docket No. 70], and addresses newly obtained evidence *that undermines the Debtors' asserted valuation of the real property located at 1510 Griffith Avenue, Los Angeles, California* ("1510 Griffith") which secures Murakami's claim. The new evidence shows the lack of any equity cushion in 1510 Griffith and, consequently, the lack of adequate protection for Murakami.

## I. THERE IS NO EQUITY CUSHION TO PROTECT MURAKAMI

Murakami holds a claim in the pre-petition amount of $3,052,000[1] against debtor and debtor-in-possession Merco Group – 1500 Griffith Avenue, LLC ("Merco 1500"). Murakami's claim is based on a $3 million, interest-only promissory note ("Note") secured by a first deed of trust on 1510 Griffith.[2] The Note accrues interest at the monthly rate of $17,500. Declaration of Yoshiaki Murakami, filed April 22, 2009 ("Murakami Decl."), ¶ 6 [Docket No. 70]. Property tax on 1510 Griffith accrues at the rate of $64,000 per year. Attached Declaration of Duane Kumagai ("Kumagai Decl."), ¶ 6, Exhibits K - M.

The Debtors have, since November 2008, assigned four different values to 1510 Griffith:

A. $3 million.

On March 27, 2009, in their moving papers, the Debtors claimed 1510 Griffith to be worth $3 million. Declaration of Richard Meruelo in Support of First Day Motions, etc. ("Meruelo Decl."), ¶ 79, Exh. 5 [Docket No. 10].

B. $4.9 million.

On April 21, 2009, the Debtors filed supplemental papers dismissing the $3 million valuation as a typographical error, and claiming 1510 Griffith to be worth $4.9 million.

---

[1] Dollar amounts appearing in this pleading may be approximated and/or rounded.

[2] 1510 Griffith is more formally identified by Assessor's Parcel Numbers 5132-025-004, 5132-025-006, and 5132-025-017. Murakami Supp. Decl., ¶ 2.

MURAKAMI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEBTORS' CASH COLLATERAL MOTION

J7827.001-556396.DOC-(3)}

Declaration of Fred Skaggs ("Skaggs Decl."), Exh. 6 [Docket No 95]. The $4.9 million valuation, and its fatal deficiencies, are discussed at length in Murakami's Reply to Debtors' Supplemental Brief in Support of Emergency Cash Collateral Motion, filed with the Court on April 27, 2009 ("Murakami Reply") [Docket No. 122]. To summarize that discussion, the $4.9 million valuation appears to have been pulled out of thin air. Furthermore, as discussed below, it is contradicted by documents newly produced by the Debtors under subpoena.

C. $3,126,388.

In May 2009, the Debtors produced to creditors copies of Applications for Changed Assessment 2008/09 (the "Property Tax Appeals"), dated November 24, 2008, in which Merco 1500 valued 1510 Griffith 2009 as follows:

| 5132-025-004 | $645,555 |
|---|---|
| 5132-025-006 | 611,755 |
| 5132-025-017 | 1,869,078 |
| Total | $3,126,388 |

Kumagai Decl., ¶ 3, Exhibit B.

D. $3,050,000.

Merco 1500 owns, in addition to 1510 Griffith, the property located at 1500 Griffith. In their April 21, 2009 supplemental papers [Docket Nos. 83, 87 and 95], the Debtors state that "[t]he tenant at 1500 Griffith is currently in advanced discussions to acquire both properties at a price of $11.8 million." Supplemental Declaration of Richard Meruelo ("Meruelo Supp. Decl."), ¶ 45 [Docket No. 95]. The Debtors do not, however, break down the $11.8 million purchase price as between the two properties, nor do they attach any documentation evidencing the sale negotiations. Murakami therefore served Merco 1500 with a subpoena seeking production of documentation relating to the sale negotiations. Kumagai Decl., ¶ 5, Exhibit H.

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

-3-

MURAKAMI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEBTORS' CASH COLLATERAL MOTION

57827.001-556396.DOC-(3)\

On June 18, 2009, the Debtors produced copies of the following documents:

1. Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, dated March 12, 2009, in the amount of $8,800,000, relating to 1500 Griffith; ("1500 Offer"); and

2. Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, dated March 12, 2009, *in the amount of $3,050,000, relating to 1510 Griffith*; ("1510 Offer").

Kumagai Decl., ¶ 6, Exhibits I and J. Based on their March dates and $11.8 million aggregate amount, it is clear that the 1500 Offer and 1510 Offer relate to the "advanced discussions" to which the Debtors allude, and provide the missing breakdown: the 1510 offer reveals that the Debtors were in "advanced discussions" to sell 1500 Griffith for $8.8 million, and *1510 Griffith for $3,050,000*.

E. Adequate Protection Analysis.

Of the four valuations discussed above, the more credible are the $3,126,388 valuation in support of the Property Tax Appeals, and the $3,050,000 amount of the 1510 Offer. Both valuations arose in non-litigation settings, and reflect the Debtors' candid opinion of the value of 1510 Griffith.[3] The valuation asserted in the Property Tax Appeals is particularly compelling. The Property Tax Appeals are signed by Fred Skaggs, the Debtors' Chief Accounting Officer, and further certified by Merco 1500's authorized agent, Hann & Mooers, LLC, and therefore constitute a party admission by Merco 1500.

In contrast, the $4.9 valuation offered by Skaggs was by all indications specially prepared for use as evidentiary support in the Cash Collateral Motion. Again, Murakami relies upon the arguments set forth in the Murakami Reply [Docket No. 122]. The $4.9 million valuation is simply not credible. It cannot be reconciled with the two lower valuations, and should be disregarded.

---

[3] These two figures also bring into question whether Meruelo's original $3,000,000 valuation was truly a typographical error.

The Court should, for purposes of the Cash Collateral Motion, deem 1510 Griffith to be worth no more than $3,126,388. At that amount, there is no equity cushion to protect Murakami, whose $3,052,000 claim has continued to increase post-petition at the rate of $17,500 per month, and whose collateral is subject to property taxes totaling $64,000 annually.

## II. IT IS UNCONSCIONABLE FOR THE DEBTORS TO COLLECT FOR PROPERTY TAXES FROM THEIR LESSEE, AND NOT PAY THE PROPERTY TAXES

According to lease documents provided by the Debtors, 1510 Griffith is currently leased to The Dye House, L.A., LLC, as assignee of Shimx International, Inc. ("Lessee"). Pursuant to paragraph 55 of the Addendum to the Standard Industrial/Commercial Single Tenant Lease – Net dated June 20, 1997 ("Addendum"), "LESSEE SHALL PAY ANY INCREASES OVER THE BASE AMOUNT ESTABLISHED BY THE BASE HERE OF 1997." Pursuant to paragraph 10 of the Lease, Lessee is liable for payment of such property tax increases to the extent they are "imposed by reasonable events occurring during the term of this Lease, including but not limited to a change of ownership of the Premises." Kumagai Decl., ¶ 4, Exhibits C and D.

The base property tax amount on 1510 Griffith for 1997 was $13,272.50. Property taxes in 2009 will come to $64,000. Thus, Merco 1500 presumably collects $50,000 per year from the Lessee for the specific purpose of paying the property tax obligation on 1510 Griffith. Kumagai Decl., ¶ 4, Exhibit D. It is unconscionable to allow Merco 1500 to collect for payment of property taxes and not actually pay the taxes, but this is exactly what Merco 1500 seeks to do. The Court should, at minimum, order payment of property taxes as they become due.

## III. CONCLUSION

The Court should deny the Cash Collateral Motion. If the Court grants the Cash Collateral Motion, Murakami requests that any order authorizing use of cash collateral:

1. Condition the Debtors' use of Murakami's cash collateral upon the Debtors' regular, timely performance of all of Merco 1500's obligations under the Note and Deed of Trust, including the obligation to pay interest to Murakami, as well as property taxes, insurance, and other expenses related to the preservation of 1510 Griffith;

2. Otherwise continue all protections in the Interim Order in favor of Cash Collateral Creditors, including the replacement lien in favor of Murakami, and the lien in favor of Cash Collateral Creditors upon Unencumbered Property;

3. Provide Murakami with an independent lien upon additional unencumbered property;

4. Deem all of the above liens fully perfected without the need for recordation; and

5. Deem Murakami to hold an allowed superpriority claim under 11 U.S.C. § 507(b) with respect to the amount of any diminution in the value of its collateral.

DATED: June 29, 2009

RUTTER HOBBS & DAVIDOFF INCORPORATED

By _____
Duane Kumagai
Attorneys for Secured Creditor
Yoshiaki Murakami, individually and as
Co-trustee of the Revocable Trust of
Yoshiaki Murakami and Fumiko
Murakami U/T/A dated June 16, 1988

## DECLARATION OF DUANE KUMAGAI

I, Duane Kumagai, declare:

1. I am an attorney duly licensed to practice before this court. I am a member of the law firm of Rutter Hobbs & Davidoff Incorporated, attorneys for Yoshiaki Murakami, individually and as co-trustee of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A dated June 16, 1988 (collectively, "Murakami"). The facts recited herein are true of my own personal knowledge and, if called, I would and could testify competently to them.

2. On April 27, 2009, I sent an email (the "Informal Request") to counsel for debtor and debtor-in-possession Meruelo Maddux Properties, Inc. and its 53 debtor and debtor-in-possession subsidiaries (collectively, the "Debtors"), requesting production of certain information and documents relevant to the Debtors' motion for use of cash collateral ("Cash Collateral Motion"). I requested, in particular, copies of documents relating to the valuation of the real property located at 1510 Griffith Avenue, Los Angeles, California ("1510 Griffith"). Attached as Exhibit A is a true copy of my email to the Debtors' counsel.

3. On or about May 4, 2009, in response to a discovery request from another creditor in this case, the Debtors produced, among other things, copies of various Applications for Changed Assessment 2008/09 relating to identified by Assessor's Parcel Numbers ("APN") 5132-025-004, 5132-025-006, and 5132-025-017 (the "Property Tax Appeals"). I am informed and believe that these APNs correspond to 1510 Griffith. Attached collectively as Exhibit B are true copies of the Property Tax Appeals.

4. On or about May 15, 2009, in response to my Informal Request, the Debtors produced copies of the following lease documents relating 1510 Griffith:

    a. Standard Industrial/Commercial Single-Tenant Lease-Net dated June 20, 1997, by and between Yoshiaki Murakami and Fumiko Murakami (as Lessor) and Shimx International, Inc. (as Lessee) true copy of which is attached as Exhibit C;

    b. Addendum to the Standard Industrial/Commercial Single-Tenant Lease-Net dated June 20, 1997, by and between Yoshiaki Murakami and Fumiko Murakami (as Lessor) and Shimx International, Inc. (as Lessee) true copy of which is attached as Exhibit D;

    c. Second Addendum to the Standard Industrial/Commercial Single-Tenant Lease-Net a true copy of which is attached as Exhibit E; and Assignment of Assumption Agreement;

    d. Guaranty of Lease Dated July 23, 2008 a true copy of which is attached as Exhibit F; and

    e. Consent to Lease Assignment Dated July 23, 2008 a true copy of which is attached as Exhibit G.

5. The Debtors did not, in response to my Informal Request, produce any other documents relating to the valuation of 1510 Griffith. Over the next few weeks, I followed up with counsel repeatedly by email and telephone, but still did not receive production of the additional documents. Finally, on June 5, 2009, I served a subpoena ("Subpoena") on behalf of Murakami requesting the same valuation documents. Attached as Exhibit H is a true copy of the Subpoena.

6. On June 18, 2009, in response to the Subpoena, the Debtors' produced the following documents:

    a. Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, dated March 12, 2009, in the amount of $8,800,000, relating to 1500 Griffith; ("1500 Offer"), a true copy of which is attached as Exhibit I;

    b. Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, dated March 12, 2009, ***in the amount of $3,050,000, relating to 1510 Griffith*** ("1510 Offer"), a true copy of which is attached as Exhibit J;

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

-8-

MURAKAMI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEBTORS' CASH COLLATERAL MOTION

57827.001-556396.DOC-(3))

  c. 2008 Annual Property Tax Bill for APN 5132-025-004 a true copy of which is attached as Exhibit K;

  d. 2008 Annual Property Tax Bill for APN 5132-025-006 a true copy of which is attached as Exhibit L; and

  e. 2008 Annual Property Tax Bill for APN 5132-025-017 a true copy of which is attached as Exhibit M.

The taxes due on the three 2008 Property Tax Bills total $63,582.82.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this 29th day of June, 2009 at Los Angeles, California.

_____
DUANE KUMAGAI

-9-

MURAKAMI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEBTORS' CASH COLLATERAL MOTION

{7827.001-556396.DOC-(3)}

RUTTER HOBBS & DAVIDOFF
INCORPORATED
LAWYERS

### SUPPLEMENTAL DECLARATION OF YOSHIAKI MURAKAMI

I, Yoshiaki Murakami, declare:

1. My wife, Fumiko Murakami, and I are co-trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A dated June 16, 1988 (the "Trust"). The facts recited in this declaration are true of my own personal knowledge. If called, I could and would testify competently to them.

2. I, individually and in my capacity as co-trustee of the Trust, am the former owner of the property located at 1510 Griffith Avenue, Los Angeles, California ("1510 Griffith"). In 2006, I sold 1510 Griffith to Merco Group – 1500 Griffith Avenue, LLC ("Merco 1500"). In that connection, I signed a Grant Deed conveying 1510 Griffith to Merco 1500. Attached as Exhibit N is a true copy of the Grant Deed. As the Grant Deed reflects, 1510 Griffith comprises three parcels that are identified by Assessors' Parcel Numbers 5132-025-004, 5132-025-006 and 5132-025-017.

3. As partial consideration for the sale, I accepted a $3 million, interest-only promissory note, which is secured by a first deed of trust on 1510 Griffith. The monthly interest payments on the note amount to approximately $17,500.

5. When Merco 1500 filed bankruptcy in March 2009, my secured claim totaled approximately $3,052,500.

7. As the Court has noted, most of the secured creditors in this case are "sophisticated commercial lenders." Court's June 17, 2009 Memorandum on Debtor's Motion for Order Determining that the Debtors Are Not Subject to Provisions Applicable to Entities with Single Asset Real Estate, p. 2. The description of "sophisticated commercial lender" does not apply to me. I am 82 years old, and retired. I have never been in the lending business. I have no prior experience in bankruptcy court. The monthly interest payments from Merco 1500 serve as my retirement pension. My wife and I depend upon the payments to cover our living expenses, including the monthly mortgage payment on our home.

8.  As of July 2009, Merco 1500 will have missed its last six (6) monthly payments on the note. Earlier this year, I hired legal counsel to foreclose on the deed of trust; however, Merco 1500 filed the instant bankruptcy case, and I then had to quickly hire bankruptcy counsel. Merco 1500's failure to pay on the note, coupled with the sudden need for me to pay legal expenses, has seriously strained our finances, forcing us to break into our emergency savings. I understand that Merco 1500 now seeks to withhold all further payments, and allow property tax liens to accumulate against 1510 Griffith indefinitely. If Merco 1500 is permitted to do this, it would cause my wife and me extreme financial hardship.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of June, 2009 at South Pasadena, California.

_____
YOSHIAKI MURAKAMI

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

-11-

MURAKAMI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEBTORS' CASH COLLATERAL MOTION