| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without counsel* <br> ☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: <br><br> Affects 2640 Washington Boulevard, LLC, a California LLC <br> Case No. 1:09-bk-13397-KT <br><br> Debtor(s). | CHAPTER: <br><br> CASE NO.: <br><br> DATE: <br> TIME: <br> CTRM: <br> FLOOR: |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: _____ )
#### (Real Property)

1.  NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**     ☐ **255 East Temple Street, Los Angeles**          ☐ **411 West Fourth Street, Santa Ana**

    ☐ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**

    ☐ **3420 Twelfth Street, Riverside**

3.  a.  ☐  This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1.  If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

    b.  ☐  This Motion is being heard on SHORTENED NOTICE.  If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

    ☐ at the hearing          ☐ at least _____ court days before the hearing.

    (1)  ☐  A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

    (2)  ☐  A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

    (3)  ☐  A Motion for Order Shortening Time has been filed and remains pending.  Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4.  You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated:

_____
*Print Law Firm Name (if applicable)*

_____
*Print Name of Individual Movant or Attorney for Movant*

/s/ Elmer Dean Martin III
_____
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## (MOVANT: _____)

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

    *Street Address:*
    *Apartment/Suite No.:*
    *City, State, Zip Code:*

    Legal description or document recording number (including county of recording):

    ☐ See attached continuation page.  Exhibit 1

2. **Case History:**

    a. ☐ A voluntary ☐ An involuntary    petition under Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
    was filed on *(specify date)*:

    b. ☐ An Order of Conversion to Chapter   ☐ 7  ☐ 11  ☐ 12  ☐ 13
    was entered on *(specify date)*:

    c. ☐ Plan was confirmed on *(specify date)*:

    d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

    a. ☐ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☐ Movant's interest in the Property is not adequately protected.

            (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

        (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

            (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

            (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

       (3) ☐ *(Chapter 12 or 13 cases only)*

          (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

          (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

       (4) ☐ For other cause for relief from stay, see attached continuation page.

   b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

   c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

   d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

       (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

       (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

   a. ☐ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

   b. ☐ Other Declaration(s) are also attached in support of this Motion.

   c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

   d. ☐ Other evidence *(specify)*:

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☐ Additional provisions requested:

   a. ☐ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☐ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

   c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER).*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

      d.  ☐  For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated:

Respectfully submitted,

_____
*Movant Name*

_____
*Firm Name of Attorney for Movant (if applicable)*

By:   /s/ Elmer Dean Martin III
*Signature*

Name: _____
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*          **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

## REAL PROPERTY DECLARATION
## (MOVANT: _____)

I, _____, declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☐ I am employed by Movant as *(state title and capacity)*:

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   > Street Address:
   > Apartment/Suite No.:
   > City, State, Zip Code:

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit _____.

   ☐ See attached page.

4. Type of property *(check all applicable boxes)*:

   a. ☐ Debtor's(s') principal residence    b. ☐ Other single family residence

   c. ☐ Multi-unit residential    d. ☐ Commercial

   e. ☐ Industrial    f. ☐ Vacant land

   g. ☐ Other *(specify)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

5. Nature of Debtor's(s') interest in the Property:

   a. ☐ Sole owner

   b. ☐ Co-owner(s) *(specify)*:

   c. ☐ Lien holder *(specify)*:

   d. ☐ Other *(specify)*:

   e. ☐ Debtor(s) ☐ did ☐ did not   list the Property in the Schedules filed in this case.

   f. ☐ Debtor(s) acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed

       The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $_____ | $_____ | $_____ |
| b. | Accrued Interest: | $_____ | $_____ | $_____ |
| c. | Late Charges | $_____ | $_____ | $_____ |
| d. | Costs (Attorney's Fees, Other Costs): | $_____ | $_____ | $_____ |
| e. | Advances (Property Taxes, Insurance): | $_____ | $_____ | $_____ * |
| g. | TOTAL CLAIM as of _____: | $_____ | $_____ | $_____ |

   h. ☐ Loan is all due and payable because it matured on *(specify date)*:     **\* Subject to Pending Hearing**

7. Movant holds a ☐ deed of trust ☐ judgment lien ☐ other *(specify)* that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit _____.

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _____.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below)*:

   a. Current interest rate: WSJP + 0.50%.   Floor Rate @ 8.00% plus 2% default rate from 2-5-09

   b. Contractual maturity date:

   c. Amount of current monthly payment: $

   d. Number of PREPETITION payments that have come due and were not made: _____. Total amount: $_____

   e. Number of POSTPETITION payments that have come due and were not made: _____. Total amount: $_____

   f. Date of POSTPETITION default:

   g. Last payment received on the following date:

   h. Notice of default recorded on the following date:

   i. Notice of sale recorded on the following date:

   j. Foreclosure sale originally scheduled for the following date:

   k. Foreclosure sale currently scheduled for the following date:

   l. Foreclosure sale already held on the following date:

   m. Trustee's deed on sale already recorded on the following date:

   n. Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*          **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

10. ☐ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $_____, established by:

  a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

  b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

  c. ☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.

  d. ☐ Other *(specify)*:

11. ☐ The fair market value of the Property is declining based on/due to: _____
_____

12. ☐ **Calculation of equity in Property:**

  a. Based upon ☐ preliminary title report ☐ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor(s) (if any) | Amount Known to Declarant and Source |
|---|---|---|---|
| 1st Deed of Trust: | | | |
| 2nd Deed of Trust: | | | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:** $ | | | **6,669,916.95** |

  b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____, and consists of:

    ☐ Preliminary title report

    ☐ Relevant portions of Debtor's(s') Schedules as filed in this case

    ☐ Other *(specify)*:

  c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is $_____ (§ 362(d)(2)(A)).

  d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).

  e. Estimated costs of sale: $_____ (Estimate based upon _____% of estimated gross sales price)
      or $394,466 based on price of $7,172,100

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

  a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
    Confirmation hearing currently scheduled for (or concluded on) the following date:
    Plan confirmed on the following date *(if applicable)*:

  b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | |
|---|---|---|---|---|
| *(Number of)* _____ payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ late charge(s) at $_____ | each | = | $_____ |
| *(Number of)* _____ late charge(s) at $_____ | each | = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

c. Postpetition/preconfirmation advances or other charges due but unpaid: $_____
   (See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:** $_____

d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

*(Number of)* _____ payment(s) due at $_____ each = $_____
*(Number of)* _____ payment(s) due at $_____ each = $_____
*(Number of)* _____ late charge(s) at $_____ each = $_____
*(Number of)* _____ late charge(s) at $_____ each = $_____

e. Postconfirmation advances or other charges due but unpaid: $_____
   (See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:** $_____

f. ☐ The claim is provided for in the Chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

g. ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time  or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17 ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:
   1. Case Name:
      Case Number:                     Chapter:
      Date Filed:                      Date Dismissed:              Date Discharged:
      Relief from stay re this property   ☐ was   ☐ was not  granted.
   2. Case Name:
      Case Number:                     Chapter:
      Date Filed:                      Date Dismissed:              Date Discharged:
      Relief from stay re this property   ☐ was   ☐ was not  granted.

   3. ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 4001-1M.RP**

| In re                                            | (SHORT TITLE) | CHAPTER: 11                    |
|--------------------------------------------------|---------------|--------------------------------|
| 2640 Washington Boulevard, LLC, a California LLC |               |                                |
|                                                  | Debtor(s).    | CASE NO.: 1:09-bk-13397-KT     |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

    c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** July 14 , 2009 , at Pasadena, California *(city, state).*


Richard Swartz
*Print Declarant's Name*

*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.RP**

1  Curtis C. Jung, Esq. (State Bar No. 130657)
   Monica H. Lin, Esq. (State Bar No. 237343)
2  JUNG & YUEN, LLP
   888 South Figueroa Street, Suite 720
3  Los Angeles, California 90017
   (213) 689-8880 - Tel
4  (213) 689-8887 - Fax
   curtis@jyllp.com
5
   Elmer Dean Martin III, Esq. (SBN 75517)
6  22632 Golden Springs Dr., Suite 190
   Diamond Bar, CA 91765
7  elmer@bankruptcytax.net
   (909) 861-6700 - Tel.
8  (909) 860-3801 – Fax
9
   Counsel for Creditor United Commercial Bank
10

11            **UNITED STATES BANKRUPTCY COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA –SAN FERNANDO VALLEY DIVISION**

13  In re
    Meruelo   Maddux   Properties,   CASE NO.  1:09-bk-13356-KT
14  Inc., et al.,
                                      Chapter 11
15

16  Affects -2640 Washington        Memorandum in Support of Motion for Relief from
                                        Stay filed by United Commercial Bank
17  Boulevard, LLC, a California

18  LLC                             Hearing Date: August 13 2009
    Case No. 1:09-bk-13397-KT       Time: 9:30 a.m.
19                        Debtor.    Place: Room 301
20                                   21041 Burbank Boulevard, Woodland Hills

21

22       United Commercial Bank ("UCB") requests relief from stay to allow it to

23  realize the benefit of its bargain when it made the loan to the above named Debtor,

24  2640 Washington Boulevard, LLC, a California LLC, as set forth in the

25  accompanying motion, and allow it to foreclose on the Debtor's property and rents.

26       Section 362(d) sets forth the grounds for relief from the stay. It provides that the

27  court "shall" grant relief, for example, by terminating, annulling, modifying or

28  conditioning the stay "for cause, including the lack of adequate protection of an

    interest in property."   In addition, the court "shall" grant relief from the stay of an

act against property if the debtor has no equity in the property and the property is not necessary for an effective reorganization. The debtor has the burden of proof on the issue of whether the property is necessary for an effective reorganization and whether the creditor is adequately protected. Section 362(g).

**There is no "equity cushion" in the Property sufficient to adequately protect UCB and its interest in the Property and the Rents.**

UCB's collateral includes both the property and its rents as indicated by the deed of trust and assignment of rents attached to the accompanying declaration. The Debtor has the burden of proof on the issue of adequate protection. To meet this burden, 2640 Washington must prove that UCB, as secured creditor, will realize the value of its bargain in light of all the facts and circumstances of the case. *In re Kenny Kar Leasing, Inc., 5* B.R. 304. 308 (Bankr. C.D. Cal 1980); *In re McCombs Properties VI, Ltd.,* 88 B.R. 261, 267-68 (Bankr·. C.D. Cal. 1988). Debtor cannot satisfy that burden.

Debtor will argue that UCB is protected by the equity in the Property. However, the only evidence offered by Debtor of the Property's value is the unsupported assumptions provided by the Meruelo Declaration which is offered in the Debtor's cash collateral proceedings. Based on the portion of that declaration attached as Exhibit 8 to this motion the value is $7,172,100. Mr. Meruelo's valuations are based upon his assumptions and speculation that the real estate and credit markets will "normalize" within one year. The Debtor has filed a property tax appeal in which it values the property at $5,491,578 a copy of which is attached as Exhibit 7 hereto and which has been admitted into evidence in the debtor's cash collateral proceeding. Also attached at Exhibit 5 is the appraisal of the property by an independent appraiser which values the property at $4,150,000.

Even assuming the debtors' valuation is accepted, UCB's interest is still not adequately protected by a sufficient equity cushion. An equity cushion is adequate is if there is sufficient value in the collateral to protect a secured creditor from a diminution in the value of its interest. *La Jolla Mortgage Fund v. Rancho*

*El Cajon Associates,* 18 B.R. 283, 28788 (Bankr. S.D Cal. 1982). The 9th Circuit Court of Appeals has held that an equity cushion of twenty per cent is sufficient. *See In re Mellor,* 734 F.2d 1396, 1401 (9th Cir. 1984); *see also In re Kost,* 102 B.R. 829, 831-33 (Dist. Wyo. 1989)(An equity cushion under 11% is insufficient to constitute adequate protection.). This Court in the debtor's cash collateral proceedings has recent ruled that as to two creditors a more substantial equity cushion was required than could be proposed by 2640 Washington.

As computed in the attached declaration, using the Debtors' valuation of $7,172,100 and subtracting reasonable closing costs of 5.5%, consistent with this Court's cash collateral proceeding determination, at approximately $394,466, as well as the currently delinquent and presently due property taxes of $239,138, as indicated by the Debtor's filings in the cash collateral hearings, the liquidation value of the Property is at most $6,538,496. *See In re Case,* 115 B.R. 666, 670 (B.A.P. 9th Cir. I990)("If we were attempting to value [the secured creditor's] interest in the property for adequate protection purposes, the possibility of forced liquidation would be assumed and a deduction for selling costs would be logical."). As of July 31, 2009, the outstanding debt owed to UCB by 2640 Washington was $6,439,779, including all allowed interest, charges, advances, fees and costs and the default interest rate add-on of 2%. After adding carrying costs for less than the next three months, including post-petition interest, charges, advances, fees and costs in the amounts indicated in the attached declaration, there is no equity for the Debtor.

Furthermore, the adequate protection which must be provided includes adequate protection for the rents from the property which are indicated in the attached Debtor's declaration to be approximately $500,000 a year which the Debtor presently diverts for other purposes. Each month the adequate protection necessary increases by the amount of the rents and property tax accruals.

If the attached appraisal value, or the tax appeals value asserted by the Debtor, is accepted as the value of the property then it is clear that there is no equity for the Debtor and that there is an excess of loan amount over value of

millions of dollars.

## The Property is Not Necessary for an Effective Reorganization

As noted above, the Court "shall" grant relief from the stay of an act against property if the debtor has no equity in the property and the property is not necessary for an effective reorganization. In a chapter 11 reorganization case, it is not sufficient that property be necessary for any possible reorganization. Instead, the property must be necessary for an *effective* reorganization. This means there "must be a reasonable possibility of a successful reorganization within a reasonable time," and that the property at issue is necessary to that reorganization. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 484 U.S. 365, 375-76 (1988) .

Under this test, therefore, relief from the stay should be granted if the debtor has no reasonable likelihood of reorganization. This might occur, for example, because reorganization of the business is not feasible or because creditor dissent makes a successful plan unlikely. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.),* 484 U.S. 365 (1988); *Sun Valley Ranches, Inc. v. Equitable Life Assurance Soc'y of the United States (In re Sun Valley Ranches),* 823 F.2d 1373 (9th Cir. 1987) ; *Grundy Nat'l Bank v. Tandem Mining Corp.,* 754 F.2d 1436, 1440 (4th Cir. 1985) ; *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir. 1984); *In re 8th Street Village Ltd. Partnership,* 94 B.R. 993 (N.D. Ill. 1988) (correct standard is a feasibility standard rather than a necessity standard).

A debtor also fails to show necessity of the property for an effective reorganization if the debtor's plan is unsupported by credible assumptions and projections that offer some basis for confidence that the plan could succeed. *In re Pegasus Agency, Inc.,* 101 F.3d 882 (2d Cir. 1996).

In this case $328,229 of the $342,822 of the debt represented by the debtors in the related cases is real estate secured debt and its cash flow necessary for operations comes from "financing activities" and not operations. See attached

schedule from the debtors' 10K attached hereto as page 17. Predominantly all of the real estate debt is held by five lenders who are uniformly adverse to the debtors. See schedule attached as page 18. The Debtors began preparation for bankruptcy in January when they uniformly made their last payments on their real estate secured debts. According to the declaration of the Debtors attached at Exhibit 8 here, the Debtor has debt service to UCB of $357,638 and a cash deficit of $433,602. There is no possible proposal which this Debtor can make which will increase revenues to the point that it can pay its debt service. A proposal by the Debtor's parent entity to subsidize 2640 Washington to the extent of this deficit would defeat the feasibility of an effective reorganization of the Debtor's parent entity. Consequently Debtor must show that both it and its parent entity can feasibly reorganize in a reasonable time. This scope of proof is also mandated by the constant refrain of the group of which the Debtor is a member that it must be considered along with other members of the group.

Seven months into this preparation there is not a hint of a feasible plan proposed by the Debtors. The Debtors have not even followed applicable rules of disclosure such as their Rule 2013.5 statement relating to the nondebtor subsidiary which owes $73,000,000 to the Debtors which is technically the Debtors' most significant asset. This was due on May 10, 2009 and as of July 16, 2009 it has not been provided notwithstanding requests for the same.

The Debtors, and the Debtor, must demonstrate that they can propose a feasible plan which can be confirmed within a reasonable time.

**The replacement liens on "Unencumbered" Assets cannot adequately protect UCB's interests.**

As 2640 Washington is without sufficient "equity" in the Property to provide adequate protection, the Debtors propose to grant UCB, together with every other "cash collateral secured creditor" that is not adequately protected by its own collateral, a replacement lien on unencumbered assets of highly suspect value. Again, this will not adequately protect UCB's interests, and give it the indubitable

equivalent of its bargain.  The Debtors have the burden of demonstrating how UCB's interests are protected by such liens.

If the Unencumbered Properties are truly worth as much as the Debtors claim, than the Debtors should have no difficulty, even in this economy, obtaining financing to fund their operations, or selling the properties.

**Request for Relief**

Wherefore, United Commercial Bank requests an order determining that it should have relief from stay pursuant to Title 11 U.S.C. § 362(d) and as requested in the Motion because not only is the property not necessary for their effective reorganization but Debtors have failed to meet their burden before, and will fail in response to this motion, of proving that the proposed replacement liens on these unencumbered properties provides adequate protection and that 2640 Washington's property is not necessary for an effective reorganization of 2640 Washington, but it will be necessary for the group of debtors of which it is a part to get rid of the need to subsidize 2640 Washington in the amount indicated in the Debtors' declaration if they are effectively to reorganize.

Dated: July 16, 2009

JUNG & YUEN, LLP
Elmer Dean Martin III, A Professional Corporation
By  /s/ Elmer Dean Martin III
Elmer Dean Martin III
Attorney for United Commercial Bank

| | The Company | | | The Predecessor | | |
| | Year ended December 31, 2008 | Period from January 30, 2007 to December 31, 2007 | Period from January 1, 2007 to January 29, 2007 | Year ended December 31, | | |
| | | | | 2006 | 2005 | 2004 |
|---|---|---|---|---|---|---|
| **Balance Sheet Data (at period end):** | | | | | | |
| Investments in real estate | $ 645,755 | $ 767,885 | N/A | $ 494,809 | $ 407,649 | $ 122,190 |
| Total assets | 681,769 | 784,180 | N/A | 508,057 | 427,352 | 125,810 |
| CalPERS and mortgages notes | 328,229 | 307,394 | N/A | 492,643 | 431,141 | 109,406 |
| Total liabilities | 342,022 | 365,125 | N/A | 553,114 | 449,733 | 119,207 |
| Owners' equity (deficit) | 339,244 | 419,055 | N/A | (45,057) | (22,381) | 6,603 |
| Total liabilities and stockholders' / owners equity | 681,769 | 784,180 | N/A | 508,057 | 427,352 | 125,810 |
| **Other Data:** | | | | | | |
| EBITDA [1] | 24,561 | 3,708 | 575 | 12,252 | 8,969 | 8,766 |
| Cash flows from (used in) : | | | | | | |
| Operating activities | (8,216) | (7,210) | 226 | (15,852) | (17,169) | (1,899) |
| Investing activities | (26,240) | (217,015) | (3,171) | (62,261) | (276,182) | (56,110) |
| Financing activities | 35,886 | 226,268 | 1,551 | 70,999 | 301,853 | 58,815 |
| **Reconciliation of EBITDA to Net (Loss) Income:** | | | | | | |
| Net (loss) income | $ (96,020) | $ (11,869) | $ (2,004) | $ (17,063) | $ (10,025) | $ 591 |
| Plus: | | | | | | |
| Interest expense | 12,206 | 9,513 | 2,205 | 25,333 | 16,492 | 6,188 |
| Depreciation and amortization | 7,568 | 6,064 | 374 | 3,982 | 2,502 | 1,987 |
| Net tax benefit | (42,331) | - | - | - | - | - |
| Minority interests | 843 | - | - | - | - | - |
| Impairment on real estate assets | 142,295 | - | - | - | - | - |
| EBITDA | $ 24,561 | $ 3,708 | $ 575 | $ 12,252 | $ 8,969 | $ 8,766 |

(1) EBITDA is defined as net income (loss) before interest, taxes, depreciation and amortization. We believe it is a useful financial performance measure for us and for our stockholders and is a complement to net income and other financial performance measures provided in accordance with generally accepted accounting principles in the United States of America, or GAAP. We use EBITDA to measure the financial performance of our operating properties because it excludes expenses such as depreciation and amortization, taxes and interest expense, which are not indicative of operating performance. By excluding interest expense, EBITDA measures our financial performance irrespective of our capital structure or how we finance our properties and operations. By excluding depreciation and amortization expense, which can vary from property to property based on a variety of factors unrelated to the properties' financial performance, we can more accurately assess the financial performance of our properties. Under GAAP, real estate properties are recorded at historical cost at the time of acquisition and are depreciated on a straight line basis. By excluding depreciation and amortization, we believe EBITDA provides a basis for measuring the financial performance of properties unrelated to historical cost. However, because EBITDA excludes depreciation and amortization, it does not measure the capital we require to maintain or preserve our fixed assets. In addition, because EBITDA does not reflect interest expense, it does not take into account the total amount of interest we pay on outstanding debt nor does it show trends in interest costs due to changes in our borrowings or changes in interest rates. EBITDA, as calculated by us, may not be comparable to EBITDA reported by other companies that do not define EBITDA exactly as we define the term. Because we use EBITDA to evaluate our financial performance, we reconcile it to net income (loss), which is the most comparable financial measure calculated and presented in accordance with GAAP. EBITDA does not represent cash generated from operating activities determined in accordance with GAAP, and should not be considered as an alternative

Meruelo Maddux Debts and Values

| Secured Creditor | Secured Debt as of 03/25/09 | Total Debt | % of Debt Total |
|---|---|---|---|
| Bank of America | $ 20,000,000.00 | | |
| | $ 28,108,094.00 | $ 48,108,094.00 | 17.19% |
| California Bank and Trust | $ 7,153,799.00 | $ 7,153,799.00 | 2.56% |
| Capmark Finance, Inc. | $ 10,170,904.00 | $ 10,170,904.00 | 3.63% |
| Cathay Bank | $ 58,664,655.00 | $ 58,664,655.00 | 20.96% |
| Chinatrust Bank | $ 9,541,565.00 | $ 9,541,565.00 | 3.41% |
| East West Bank | $ 6,396,500.00 | | |
| | incl above | | |
| | $ 5,340,000.00 | | |
| | $ 5,380,688.00 | | |
| | $ 3,134,825.00 | | |
| | $ 10,108,209.00 | | |
| | addtl collateral | | |
| | $ 17,000,000.00 | | |
| | $ 2,559,658.00 | | |
| | $ 5,950,000.00 | | |
| | addtl collateral | $ 55,869,880.00 | 19.96% |
| FDIC | $ 8,983,643.00 | $ 8,983,643.00 | 3.21% |
| Imperial Capital Bank | $ 6,978,349.00 | | |
| | $ 9,063,875.00 | | |
| | $ 5,468,543.00 | $ 21,510,767.00 | 7.68% |
| Kennedy Funding, Inc. | $ 8,800,000.00 | $ 8,800,000.00 | 3.14% |
| Pacific Commerce | $ 3,350,000.00 | $ 3,350,000.00 | 1.20% |
| PNL | $ 8,462,940.00 | $ 8,462,940.00 | 3.02% |
| The Stafford Group | $ 1,950,000.00 | $ 1,950,000.00 | 0.70% |
| United Commercial Bank | $ 6,066,073.00 | | |
| | $ 20,850,859.00 | $ 26,916,932.00 | 9.62% |
| V & A Chamilian | $ 7,000,000.00 | $ 7,000,000.00 | 2.50% |
| Western Mixers | $ 445,000.00 | $ 445,000.00 | 0.16% |
| Y&F Murakami | $ 3,000,000.00 | $ 3,000,000.00 | 1.07% |
| | $ 279,928,179.00 | $ 279,928,179.00 | 100.00% |
| | | $ - | |

| In re | (SHORT TITLE) | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NO.: |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          /s/ Cynthia P. Miller
_____

| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                      **F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: |
|-------|---------------|----------|
|       | Debtor(s). | CASE NO.: |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Janis G Abrams
The Gersh Law Firm Inc
15821 Ventura Blvd Ste 515
Encino, CA 91436

David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Stephen Shiu
350 S Grand
Los Angeles, CA 90017

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 4001-1M.RP**