David E. Leta (Utah Bar No. 1937) *pro hac vice*
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: dleta@swlaw.com

Stephen K. Shiu (# 262298)
SNELL & WILMER L.L.P.
350 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Phone: 213-929-2500
Facsimile: 213-929-2525
Email: sshiu@swlaw.com

Attorneys for FNBN-CMLCON I LLC, a
Delaware limited liability company

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtors-in-Possession.<br><br>☒ Affects All Debtors | CASE NO. 1:09-bk-13356-KT<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**DECLARATION OF DONALD E. WALLACE IN SUPPORT OF FNBN-CMLCON I'S OPPOSITION TO DEBTORS MERUELO MADDUX PROPERTIES – 2951 LENWOOD ROAD, LLC'S AND MERUELO MADDUX PROPERTIES, INC.'S MOTION TO USE CASH COLLATERAL**<br><br>Courtroom 301<br>21041 Burbank Blvd.<br>Woodland Hills, CA<br><br>Judge: Honorable Kathleen Thompson |

I, Donald E. Wallace, declare as follows:

10536236.1

DECLARATION OF DONALD E. WALLACE IN SUPPORT OF FNBN-CMLCON I'S OPPOSITION

1.    I am the Chief Operating Officer and General Counsel of Sorenson Group Management, LLC, a Delaware limited liability company, which, in turn, is the manager of SGH FNB Ventures, LLC, a Delaware limited liability company, which, in turn, is the manager of FNBN-CMLCON I, LLC, ("**FNBN**") a Delaware limited liability company and the holder of secured and unsecured claims in the above-captioned cases. I make this declaration in support of FNBN's claims in these bankruptcy cases, and in opposition to the Debtors Meruelo Maddux Properties – 2951 Lenwood Road, LLC's and Meruelo Maddux Properties, Inc.'s pending Notice of Motion and Debtors Emergency Motion for an Order Authorizing the Use of Cash Collateral on an Interim Basis Pending a Final Hearing; Memorandum of Points and Authorities in Support Thereof, [Docket No. 11], dated March 27, 2009.

2.    In my capacity described above, it is part of my duty to review the files of borrowers who are in default of their obligations under their promissory notes, security agreements, personal guaranties, and other agreements of a similar nature, and to oversee the legal enforcement of the agreements.

3.    I am familiar with FNBN's file for the loans that are documented by the loan documents to (i) Meruelo Maddux Properties – 2951 Lenwood Road, LLC, a Delaware limited liability company ("**Lenwood**") and to (ii) Lenwood and Meruelo Maddux Properties, Inc., a Delaware corporation ("**MMPI**").

4.    I have reviewed the loan documents between FNBN, Lenwood and MMPI, and I am familiar with Lenwood's and MMPI's delinquencies under the loans. Except as stated otherwise, all information stated in this declaration is based upon my personal knowledge, or from the business records of FNBN, which are made at or near the time that the records are created and/or executed, and are maintained in the regular course of its business, and which are currently in my custody.

5.    The purpose of the loans was to enable Lenwood and MMPI to pay-off construction loans between Lenwood and First National Bank of Arizona ("**FNBA**") (the

1  "**Construction Loan**"), which was secured by certain property located at 2951 Lenwood

2  Road, Barstow, California (the "**Property**").

3      6.     Lenwood and FNBA entered into that certain Loan Agreement, dated

4  December 10, 2007 (the "**Secured Loan Agreement**"), whereby FNBA provided

5  Lenwood credit in the amount of $9,150,000 (the "**Secured Loan**"). A true and correct

6  copy of the Secured Loan Agreement is attached hereto as Exhibit "1" and incorporated

7  herein by this reference.

8      7.     The Secured Loan is evidenced by that certain Promissory Note (the

9  "**Secured Note**") dated as of December 10, 2007, executed by Lenwood, as maker, and

10  payable to FNBA in the original principal amount of $9,150,000, together with interest

11  thereon. A true and correct copy of the Secured Note is attached hereto as Exhibit "2" and

12  incorporated herein by this reference.

13      8.     The Secured Loan is secured by that certain Deed of Trust, Security

14  Agreement, Fixture Filing, and Assignment of Leases and Rents, dated December 11,

15  2006 and recorded on December 18, 2006, as Instrument No. 06-869243 in the Official

16  Records of San Bernardino County, California, for the benefit of FNBA encumbering the

17  Property, as amended by that certain Modification of Deed of Trust, dated December 10,

18  2007 and recorded on December 19, 2007 as Instrument No. 07-0702830 in the Official

19  Records of San Bernardino County, California (collectively, the "**Deed of Trust**'). A true

20  and correct copy of the Deed of Trust is attached hereto as Exhibit "3" and incorporated

21  herein by this reference.

22      9.     To the best of my knowledge, the Deed of Trust constitutes a first position

23  lien on the Property, subject only to unpaid real property taxes.

24      10.     The Secured Loan is also secured by that certain Guaranty, dated December

25  10, 2007 (the "**Guaranty**"), executed by MMPI, for the benefit of FNBA, wherein MMPI

26  unconditionally and irrevocably guaranteed to FNBA and its successors and assigns, the

27  payment and performance of Lenwood's obligations under the Secured Loan. A true and

28

10536236.1      - 3 -

DECLARATION OF DONALD E. WALLACE IN SUPPORT OF FNBN-CMLCON I'S OPPOSITION

1 correct copy of the Guaranty is attached hereto as Exhibit "4" and incorporated herein by
2 this reference.
3     11.    In connection with the Secured Loan, Lenwood executed that certain
4 Unsecured Environmental and Hazardous Materials Indemnification, dated December 10,
5 2007, in favor of FNBA (the "**Environmental Indemnification**"), pursuant to which
6 Lenwood agreed, among other things, to indemnify FNBA with respect to hazardous
7 materials (as defined in the Environmental Indemnification) on, in, under or affecting the
8 Property. A true and correct copy of the Environmental Indemnification is attached hereto
9 as Exhibit "5" and incorporated herein by this reference.
10     12.    On December 16, 2006, that certain UCC Financing Statement was filed
11 with the California Secretary of State at Filing Number 06-7095980913 (the "Secretary of
12 State UCC"), thereby perfecting FNBA's security interest in the Property, and the
13 personal property, improvements, and fixtures associated with the Property as collateral.
14 A true and correct copy of the Secretary of State UCC is attached hereto as Exhibit "6"
15 and incorporated herein by this reference.
16     13.    On December 19, 2006, that certain UCC Financing Statement was filed
17 with the Official Records of San Bernardino County, California as Document No. 2006--
18 872117 (the "San Bernardino County UCC") (the Secretary of State UCC and the San
19 Bernardino County UCC, collectively, the "UCC Financing Statement"), thereby
20 perfecting FNBA's security interest in the Property, and the personal property,
21 improvements, and fixtures associated with the Property as collateral. A true and correct
22 copy of the San Bernardino County UCC is attached hereto as Exhibit "7" and
23 incorporated herein by this reference.
24     14.    Contemporaneous with the Secured Loan, FNBA, Lenwood, and MMPI
25 entered into that certain Loan Agreement, dated December 10, 2007 (the "**Unsecured**
26 **Loan Agreement**"), whereby FNBA provided Lenwood and MMPI credit in the amount
27 of $7,350,000 (the "**Unsecured Loan**") A true and correct copy of the Unsecured Loan
28 Agreement is attached hereto as Exhibit "8" and incorporated herein by this reference.

15.  The Unsecured Loan is evidenced by that certain Promissory Note (the "**Unsecured Note**") dated as of December 10, 2007, executed by Lenwood and MMPI, collectively, as maker, and payable to FNBA in the original principal amount of $7,350,000, together with interest thereon. A true and correct copy of the Unsecured Note is attached hereto as Exhibit "9" and incorporated herein by this reference.

16.  On or about February 23, 2009, FNBN acquired all right, title and interest in the Secured Loan and the Unsecured Loan from the Federal Deposit Insurance Corporation ("**FDIC**") as receiver for First National Bank of Nevada, successor-by-merger to FNBA, pursuant to (i) that certain Allonge to Note executed by the FDIC, relating to the Secured Note (the "**Secured Note Allonge**"), (ii) that certain Allonge to Note executed by FDIC relating to the Unsecured Note (the "**Unsecured Note Allonge**"), (iii) that certain Assignment of Deed of Trust dated February 23, 2009, executed by the FDIC, as assignor for the benefit of FNBN, as assignee (the "**Deed of Trust Assignment**"), and (iv) other documents evidencing FNBN's acquisition of all of FNBA's interest in the Secured Loan and the Unsecured Loan. A true and correct copy of the Secured Note Allonge, Unsecured Note Allonge and Deed of Trust Assignment are attached hereto as Exhibits "10", "11" and "12", respectively, and incorporated herein by this reference. The Secured Loan Agreement, the Secured Note, the Deed of Trust, the Guaranty, the Environmental Indemnity, the UCC Financing Statement, the Secured Note Allonge, the Deed of Trust Assignment and all other documents related to the Secured Loan are collectively referred to as the "**Secured Loan Documents**." The Unsecured Loan Agreement, the Unsecured Promissory Note, the Unsecured Note Allonge and all other documents related to the Unsecured Loan are collectively referred to as the "**Unsecured Loan Documents**."

17.  To the best of my knowledge, the Unsecured Note, the Secured Note, and the Deed of Trust are legal, valid and binding obligations of Lenwood and MMPI, as applicable, and are enforceable obligations of Lenwood and MMPI, as applicable, in accordance with their terms.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

18. Under the Secured Loan and the Unsecured Loan, an event of default includes, among other things, the following: (i) Lenwood's or MMPI's failure to make any payment under the Secured Loan Documents or the Unsecured Loan Documents, as applicable, and such failure continues for ten (10) days after the due date for any payment other than the principal or interest payment due at the maturity date, (ii) Lenwood's or MMPI's failure to comply with any covenant contained in the Secured Loan Documents or Unsecured Loan Documents, respectively, or any other document evidencing, securing or guarantying the Secured Loan Documents or the Unsecured Loan Documents, as applicable, and such failure continues after thirty (30) days or later written notice by FNBN, as applicable, (iii) Lenwood or MMPI has made a false or misleading representation, warranty, statement, certificate, schedule or report in connection with the Secured Loan or the Unsecured Loan, as applicable (collectively, the "**Representation**"), as of the time made or furnished and the failure to correct the false or misleading condition of the Representation or fails to correct the Representation in a manner acceptable to FNBN within thirty (30) days after notice from FNBN to Lenwood or MMPI; (iv) with respect to the Secured Loan, a filing by Lenwood and with respect to the Unsecured Loan, a filing by Lenwood or MMPI, of a voluntary petition in bankruptcy, seeking reorganization or rearrangement or taking advantage of any debtor relief laws, and (v) a material, adverse change in the financial condition of Lenwood or MMPI.

19. Upon the occurrence of any event of default under the Secured Loan Agreement and the Unsecured Loan Agreement, FNBN may exercise all remedies provided to FNBN under any of the Secured Loan Documents or the Unsecured Loan Documents, respectively, or available under California law.

20. FNBN has performed all conditions, covenants, promises and terms required under the Secured Loan Documents and the Unsecured Loan Documents.

21. Lenwood is in default under Secured Loan Documents and the Unsecured Loan Documents.

22. On and after February 10, 2009, Lenwood and MMPI, as applicable, have failed to pay principal and interest due under the Secured Loan Documents and the Unsecured Loan Documents. No payments have been made by either Lenwood or by MMPI on either the Secured Loan or the Unsecured Loan since February 10, 2009.

23. I am informed that, on March 27, 2009, Lenwood and MMPI each filed a separate voluntary petition in bankruptcy for relief under Chapter 11 of Title 11, U.S.C.

24. As of March 27, 2009, Lenwood owned FNBN $8,983,643.49 in principal under the Secured Loan Documents.

25. Under the Secured Loan Documents, Lenwood agreed to pay interest on the unpaid principal balance of the Secured Note from day to day outstanding, in an amount based upon the Wall Street Journal Prime Rate plus (+) .75%, which, as of February 10, 2009, was 4.00%. Default interest under the Secured Loan Documents is the interest rate at the time of default plus five (5) percentage points, which, as of February 10, 2009, was 9.00%. Since February 10, 2009, the Wall Street Journal Prime Rate has remained constant.

26. Between February 10, 2009 and September 15, 2009, the accrued nondefault and default interest due FNBN under the Secured Loan Documents is $518,309.69. The per diem default interest due FNBN under the Secured Loan Documents after March 27, 2009 is $2,245.91.

27. Between February 10, 2009 and September 15, 2009, the accrued late charges due to FNBN under the Secured Loan Documents are $25,330.24.

28. Between February 10, 2009, and August 31, 2009, FNBN has incurred legal fees in enforcing its rights under the Secured Loan Documents in the amount of $60,362.82.

29. As of September 15, 2009, the accrued unpaid interest, late charges and legal fees due to FNBN under the Secured Loan Documents is in the total amount of $604,002.75.[1]

---

[1] This amount does not include legal fees incurred from September 1, 2009 to September 15, 2009.

10536236.1

- 7 -

DECLARATION OF DONALD E. WALLACE IN SUPPORT OF FNBN-CMLCON I'S OPPOSITION

30. As of September 15, 2009, the total amount due to FNBN under the Secured Loan Documents is $9,587,646.24.[2]

31. Attached hereto as Exhibit "13" and incorporated herein by this reference is a summary accounting of the total amount due to FNBN under the Secured Loan Documents.

32. Default interest, late charges and legal fees continue to accrue in favor of FNBN under the Secured Loan Documents after September 15, 2009.

33. As of March 27, 2009, Lenwood and MMPI owed FNBN $6,179,424.76 in principal under the Unsecured Loan Documents.

34. Under the Unsecured Loan Documents, Lenwood and MMPI agreed to pay interest on the unpaid principal balance of the Unsecured Note from day to day outstanding, in an amount based upon the Wall Street Journal Prime Rate plus (+) 1.00%, which, as of February 10, 2009, was 4.25%. Default interest under the Unsecured Loan Documents is the interest rate at the time of default plus five (5) percentage points, which, as of February 10, 2009, was 9.25%. Since February 10, 2009, the Wall Street Journal Prime Rate has remained constant.

35. As of March 27, 2009, the accrued nondefault and default interest due FNBN under the Unsecured Loan Documents was $94,066.81.

36. As of March 27, 2009, the late charges due to FNBN under the Unsecured Loan Documents were $4,377.56.

37. As of March 27, 2009, the total amount due to FNBN with respect to the Unsecured Loan was $6,277,869.13.

38. Attached hereto as Exhibit "14" and incorporated herein by this reference is a summary accounting of the total amount due to FNBN under the Unsecured Loan Documents.

---

[2] Id.

10536236.1

- 8 -

DECLARATION OF DONALD E. WALLACE IN SUPPORT OF FNBN-CMLCON I'S OPPOSITION

1    I declare under penalty of perjury under the laws of the States of Utah and
2  California that the foregoing is true and correct.
3    Executed this 17th day of September, 2009, at Salt Lake City, Utah.

                                                                 _____
                                                                 Donald E. Wallace