RICHARD K. DIAMOND (State Bar No. 070634)
RDiamond@DGDK.com
JOHN J. BINGHAM, JR. (State Bar No. 075842)
JBingham@DGDK.com
JOHN N. TEDFORD, IV (State Bar No. 205537)
JTedford@DGDK.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Meruelo Maddux Properties, Inc., and
affiliated Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>    Debtors and Debtors-in-Possession.<br><br>☐   Affects all Debtors<br><br>☑   Affects the following Debtor(s):<br><br>2640 Washington Boulevard, LLC<br>(1:09-bk-13397-KT) | Case No. 1:09-bk-13356-KT<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**DEBTOR'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE WITH UNITED COMMERCIAL BANK RE: MOTION FOR RELIEF FROM STAY; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>Date: September 30, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 301<br>        21041 Burbank Blvd.<br>        Woodland Hills, California |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

2640 Washington Boulevard, LLC ("2640 Washington"), hereby replies to the opposition of Imperial Capital Bank ("Imperial") to 2640 Washington's motion (the "Motion") for an order approving 2640 Washington's proposed settlement with United Commercial Bank ("UCB"), in which opposition certain other parties joined,[2] as follows:

1. 2640 Washington's compromise with UCB is simple, straightforward, and should be non-controversial. However, because Imperial does not like the Court's interim orders authorizing the Debtors' use of cash collateral (the "Cash Collateral Order") and continued use of the Debtors' cash management system (the "Cash Management Order"),[3] Imperial has required the Debtors to waste estate resources preparing this reply and appearing at a hearing on Imperial's opposition, and delayed implementation of the compromise. Imperial's collateral attack against the Court's orders should be rejected.

2. Imperial does not contest that the relief requested by 2640 Washington is authorized by Federal Rules of Bankruptcy Procedure 4001(d) or 9019. Imperial also does not contest that the proposed compromise is a fair and reasonable compromise of UCB's claims presented in its motion for relief from stay (the "RFS Motion"). Imperial does not object to 2640 Washington's agreement to set aside funds to pay future property taxes, to 2640 Washington's agreement to pay those taxes on or before the date on which they are payable without penalty, or any other term of the proposed compromise set forth in the Motion. Accordingly, the proposed compromise should be approved.

3. What Imperial really wants is for the Court to modify the Cash Collateral Order and the Cash Management Order. As pointed out by 2640 Washington in the Motion:

> Creditors' objections on the grounds that 2640 Washington should not use "their" cash collateral is nothing more than another collateral attack on the Court's interim order authorizing the Debtors to use cash collateral. . . . [U]nder the Court's existing cash collateral

---

[2] One-paragraph joinders were filed by (1) Legendary Investors Group No. 1, LLC, and (2) Cathay Bank. Neither contained substantive argument supplementing Imperial's opposition.

[3] A copy of the most recent interim order authorizing the use of cash collateral was attached as Exhibit "1" to the Request for Judicial Notice appended to 2640 Washington's motion. A copy of the most recent interim order approving the Debtors' continued use of their cash management system is attached as Exhibit "1" to the Request for Judicial Notice appended hereto.

2
343451.01 [XP]    25195

> orders, the Debtors are already authorized to use cash collateral, whatever the source, to pay the real property taxes against the Property. Creditors have from time to time objected to the use of cash collateral to pay budgeted items and, as the Court recently stated at a hearing on fee applications, the Court will determine at the conclusion of the ongoing cash collateral litigation what, if any, additional adequate protection creditors are entitled to as a result of such use.

Imperial's opposition does not contain a single reference to the Cash Collateral Order or attempt to explain why, under the Cash Collateral Order and the Cash Management Order, 2640 Washington is not already permitted to use cash collateral, regardless of its source, to pay future real property taxes against the Property.[4] As Imperial is fully aware, the Debtors generally do not maintain bank accounts at the property entity level except those that are automatically swept into a concentration account held in the name of Meruelo Maddux Properties, L.P. When a property-level entity pays expenses, funds necessary to cover payments made from its operating account are transferred from the Concentration Account to the property-level entity's operating account. The Debtors requested, and were granted on an interim basis, authority to maintain their cash management system because of, among other things, the disruption that would be caused to the Debtors having to deviate from their already established procedures and processes. Imperial ignores the Cash Management Order, and the confirmation that it seeks in the opposition implicitly would require the Debtors to deviate from the cash management system that the Court has, on an interim basis, already approved.

4. The Court has already determined that the Debtors, including 2640 Washington, are part of an enterprise. Under the circumstances, given the resources available to it, the interests of 2640 Washington's estate and its creditors clearly are not served by 2640 Washington agreeing to handcuff itself and limit the source of funds that may be used to pay real property taxes against the Property. 2640 Washington has simply agreed with UCB to reserve funds to pay the real property taxes, and then pay those taxes to the County of Los Angeles. 2640 Washington does not agree to shoulder unnecessary risks and limit the sources of funds available to pay the taxes. Imperial has

---

[4] "Property" refers to the real property owed by 2640 Washington and encumbered by UCB's lien, located at 2640 East Washington Boulevard, Los Angeles, California.

3

343451.01/LA 25195

1 cited no legal authority whatsoever for its request that 2640 Washington be required to confirm that
2 only cash collateral generated by the Property will be used to pay the taxes.

3   5.   It is evident from Imperial's opposition, in the context of the pending litigation over the Debtors' cash collateral and cash management motion, that the opposition really has nothing to do with 2640 Washington's proposed compromise with UCB and its agreement to reserve funds to pay real property taxes. Imperial fails to address the fact that the Court effectively already rejected, on an interim basis, Imperial's efforts to constrain 2640 Washington to using only rents generated by the Property to pay 2640 Washington's expenses. In a similar context, the Court already stated that the Court will determine at the conclusion of the ongoing cash collateral litigation what, if any, adequate protection creditors (including Imperial) are entitled to as a result of the Debtors' use of the creditors' (including Imperial's) cash collateral. Accordingly, Imperial's objection is nothing more than an attempt to collaterally attack the Court's orders and require the Debtors to waste the time and effort of setting a hearing on the Motion, filing a reply, and appearing at the hearing. The bottom line is that the proposed compromise is a fair and reasonable compromise of UCB's motion for relief from stay, and should be approved without further delay.

Dated: September 23, 2009

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
John N Tedford, IV
Attorneys for Meruelo Maddux Properties,
Inc., and affiliated Debtors and Debtors-in-
Possession

343451.01 [XP] 25195

# REQUEST FOR JUDICIAL NOTICE

2640 Washington Boulevard, LLC ("2640 Washington") hereby requests that the Court take judicial notice of the fact that on or about May 12, 2009, the Court entered its *Third Interim Order (1) Approving Continued Use of Cash Management System, (2) Approving Lending and Borrowing Between Debtors on an Unsecured Basis, (3) Authorizing the Debtors' Use of Prepetition Bank Accounts, and (4) Dispensing with the Requirements of 11 U.S.C. § 345(b)*. A true and correct copy of the order is attached as Exhibit "1" hereto.

Dated: September 23, 2009

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: /s/ John N Tedford, IV
John N Tedford, IV
Attorneys for Meruelo Maddux Properties, Inc., and affiliated Debtors and Debtors-in-Possession

5

343451.01 [XP] 25195

# EXHIBIT 1

RICHARD K. DIAMOND (State Bar No. 070634)
RDiamond@DGDK.com
JOHN J. BINGHAM, JR. (State Bar No. 075842)
JBingham@DGDK.com
JOHN N. TEDFORD, IV (State Bar No. 205537)
JTedford@DGDK.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Proposed Attorneys for Meruelo Maddux Properties, Inc.,
and affiliated Debtors and Debtors-in-Possession

**FILED & ENTERED MAY 12 2009**
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cetulio  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

In re

MERUELO MADDUX PROPERTIES, INC., et al.[1]

Debtors and Debtors-in-Possession.

☑ Affects all Debtors

☐ Affects the following Debtor(s):

) Case No. 1:09-bk-13356-KT
)
) Chapter 11
)
) (Jointly Administered)
)
) **THIRD INTERIM ORDER**
) **(1) APPROVING CONTINUED USE OF**
) **CASH MANAGEMENT SYSTEM,**
) **(2) APPROVING LENDING AND**
) **BORROWING BETWEEN DEBTORS**
) **ON AN UNSECURED BASIS,**
) **(3) AUTHORIZING THE DEBTORS'**
) **USE OF PREPETITION BANK**
) **ACCOUNTS, AND (4) DISPENSING**
) **WITH THE REQUIREMENTS OF 11**
) **U.S.C. § 345(b)**
)
) Date:  May 8, 2009
) Time:  1:30 p.m.
) Place: Courtroom 1539
)        255 E. Temple ST.
)        Los Angeles, California 90012
)

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

337571.02 [XP]    25195

On May 1, 2009, May 4, 2009, May 6, 2009, and May 8, 2009, the Court conducted further hearings on, *inter alia*, the *Emergency Motion for Order (1) Approving Continued Use of Cash Management System, (2) Approving Lending and Borrowing Between Debtors on an Unsecured Basis, (3) Authorizing the Debtors' Use of Prepetition Bank Accounts, and (4) Dispensing with the Requirements of 11 U.S.C. § 345(b)* (the "Motion") filed by the above-captioned debtors and debtors-in-possession (collectively the "Debtors"), the Honorable Kathleen Thompson, United States Bankruptcy Judge, presiding. Appearances were as noted on the record at the hearings.

The Court having considered the Motion, all papers filed in support thereof, and all of the other pleadings on file in the Debtors' cases including the first and second interim orders regarding the Motion, having heard testimony of witnesses and statements of counsel at the hearings, having further continued the hearings, having determined that entry of a third interim order is appropriate pending the conclusion of the hearing on the Motion, for good cause appearing,

**IT IS ORDERED THAT:**

1. The hearing on final approval of the Motion (the "Final Hearing") is continued to May 27, 2009, at 9:30 a.m. At the Court's discretion, the Final Hearing may be continued beyond such date for the taking of additional testimony and argument of counsel.

2. Except as may be otherwise provided in this order, the Motion is granted on an interim basis through the conclusion of the Final Hearing.

3. During the interim period, and except as may be otherwise provided in this order, the Debtors are authorized to continue using their integrated cash management system as described in the Motion (the "Cash Management System").

4. During the interim period, with respect to the Debtors' "unrestricted" bank accounts in existence as of the Petition Date, including those "unrestricted" accounts identified in Exhibit "10" to the First Day Declaration as modified by the notice of errata filed with the Court in the above-captioned case on March 31, 2009 (docket entry no. 23) (collectively the "Unrestricted Bank Accounts"):

    a. the Debtors are authorized to continue to use, with the same account numbers, all of the Unrestricted Bank Accounts which are held at institutions identified on the list

- 2 -

337571.02 [XP]    25195

of approved depositories published by the Office of the United States Trustee (the "U.S. Trustee") for Region 16, provided that such Unrestricted Bank Accounts are converted by such institutions to debtor-in-possession accounts, and such institutions shall convert the Unrestricted Bank Accounts to debtor-in-possession accounts at the request of the Debtors; and

  b. to the extent not already closed, the Debtors shall close all of the Unrestricted Bank Accounts which are held at institutions that are not identified on the U.S. Trustee's list of approved depositories, and such funds shall be transferred into existing or new debtor-in-possession accounts held at institutions identified on the U.S. Trustee's list of approved depositories.

  5. To the extent accounts have not already been converted to debtor-in-possession accounts, until such time that an Unrestricted Bank Account is converted to a debtor-in-possession account by the institution with which the Unrestricted Bank Account is held, all checks issued by the Debtors against such account shall be stamped with the words "debtor-in-possession" or other words clearly signifying that the issuer is a debtor-in-possession.

  6. During the interim period, with respect to the Debtors' "restricted" bank accounts in existence as of the Petition Date, including those "restricted" accounts identified in Exhibit "10" to the First Day Declaration as modified by the notice of errata filed with the Court in the above-captioned case on March 31, 2009 (docket entry no. 23) (collectively the "Restricted Bank Accounts"):

  a. the Debtors are authorized to continue to use, with the same account numbers, the Restricted Bank Accounts at East West Bank ("EWB") and Bank of America ("BofA"), provided that such Restricted Bank Accounts are converted by such institutions to debtor-in-possession accounts, and such institutions shall convert the Restricted Bank Accounts to debtor-in-possession accounts at the request of the Debtors;

  b. the Debtors are authorized to continue to use, with the same account number, the Restricted Bank Account at United Commercial Bank ("UCB"), which account constitutes a certificate of deposit at UCB and presently serves as collateral for Meruelo Wall Street, LLC's obligations to UCB;

- 3 -

c.  upon the release or turnover to the Debtors of any funds in the Restricted Bank Accounts at EWB, BofA and UCB, the Debtors shall (a) ensure that the funds are deposited in a debtor-in-possession account with an institution that is on the list of approved depositories published by the U.S. Trustee, and (b) promptly notify the U.S. Trustee of the release of such funds and provide proof to the U.S. Trustee that the funds have been deposited in a debtor-in-possession account; and

d.  with respect to the other Restricted Bank Accounts identified in Exhibit "10" to the First Day Declaration as modified by the notice of errata, based on the testimony of Fred Skaggs that such accounts do not represent actual bank accounts in which funds are held by or for the benefit of the Debtors, no further action or order is necessary.

7.  Except as otherwise expressly provided in this order and only to the extent funds are available in each applicable Unrestricted Bank Accounts and Restricted Account (collectively the "Accounts"), all of the banks at which the Accounts are maintained (collectively the "Banks") are authorized and directed to continue to service and administer the Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers dated, issued and drawn on the Accounts after the Petition Date by the holders or makers thereof, as the case may be.

8.  The Debtors and the Banks shall ensure that checks (a) issued by the Debtors prior to the Petition Date and (b) not honored by the Banks prior to the Petition Date, are not honored after the Petition Date without approval of this Court. If required to do so by a Bank, the Debtors will issue stop payment requests to the Banks for all checks outstanding as of the Petition Date.

9.  A Bank shall not be deemed liable to the Debtors or their estates in the event that a prepetition check is honored after the Petition Date or drawn against an Account (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made by the Bank despite implementation of the procedures provided herein.

337571.02 [XP]   25195

10. Any of the Banks that refuses to honor checks dated, issued and drawn on the Accounts after the Petition Date (provided there are sufficient good funds in the account to honor the checks and the checks are otherwise properly payable) shall immediately turn over the deposits held in the applicable account upon the Debtors' request.

11. The Banks shall have limited relief from the automatic stay to continue to offset standard monthly or periodic bank fees against the Debtors' accounts, if any, in the same manner as such fees, if any, were offset prior to the entry of the orders for relief.

12. The Debtors are authorized to open new debtor-in-possession bank accounts at one or more approved depositories or close any existing Account as they may deem necessary and appropriate in their sole discretion.

13. The Debtors are authorized, but not directed, to continue the operation of their businesses, to transfer monies from Debtor to Debtor as necessary and appropriate, to continue utilizing their existing Cash Management System to manage their cash, to pay intercompany payables and to extend intercompany credit, in a manner consistent with the Debtors' prepetition practice; provided, however, that on and after the Petition Date, the Debtors shall not make any payment against or pay down a prepetition intercompany balance or debt. Notwithstanding the foregoing, the funding of any third party expenses of non-Debtors that may be permitted by an order of the Court shall be separately accounted for, and the account shall show the payor, the payee, the amount, and the purpose of such payment.

14. All intercompany claims against a Debtor by another Debtor arising after the Petition Date as a result of intercompany transfers made in the ordinary course of business during the Interim Period shall be accorded administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

15. Investment and deposit requirements set forth in section 345(b) of the Bankruptcy Code and the Debtors' obligation to comply therewith is hereby waived, provided that funds in the Debtors' Cash Management System are held and maintained in substantially the same manner set forth in the Motion and consistent with the terms of this order.

337571.02 [XP]   25195

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

17. Nothing herein shall constitute a grant of authority to use cash collateral beyond such authority separately granted to the Debtors pursuant to separate order(s) of the Court entered in connection with the Debtors' separate motion(s) therefore, nor shall it constitute any finding that Sections 101(51B) or 362(d)(3) of the Bankruptcy Code applies or does not apply to the Debtors' cases, or any one of them..

18. Notwithstanding the possible applicability of Federal Rules of Bankruptcy Procedures 6003(b) and 6004(g), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

19. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

\# \# \# \# \#

DATED: May 12, 2009

_Kathleen Thompson_
United States Bankruptcy Judge

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC.<br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 1:09-bk-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **DEBTOR'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF COMPROMISE WITH UNITED COMMERCIAL BANK RE: MOTION FOR RELIEF FROM STAY; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING</u> ("NEF") – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 23, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Jennifer L Braun, jennifer.l.braun@usdoj.gov (Office of the U.S. Trustee)
Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)
Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)
Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)
Asa S Hami, ahami@sulmeyerlaw.com (counsel for Committee)
Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)
Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com (counsel for Committee)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):</u>
On September 23, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

343451.01 [XP]   25195

| | |
|---|---|
| 1 | **III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 23, 2009, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed. |

Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd, Suite 305, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 23, 2009 | John N. Tedford, IV | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

343451.01 [XP]    25195