1  James I. Stang (CA Bar No. 94435)
   Iain A. W. Nasatir (CA Bar No. 148977)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California  90067-4100
   Telephone: 310/277-6910
4  Facsimile:  310/201-0760
   E-mail: jstang@pszjlaw.com
5          inasatir@pszjlaw.com

6  Surjit P. Soni (CA Bar No. 127419)
   THE SONI LAW FIRM
7  35 N. Lake Ave., Suite 720
   Pasadena, California  91101
8  Telephone: 626/683-7600
   Facsimile:  626/683-1199
9  E-mail: surj@sonilaw.com
   Counsel for Creditor Legendary Investors Group No. 1, LLC

10

11              UNITED STATES BANKRUPTCY COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13              SAN FERNANDO VALLEY DIVISION

14  | In re: | Case No. 1:09-bk-13356-KT |
15  | | Chapter 11 (Jointly Administered) |
    | MERUELO MADDUX PROPERTIES, | |
16  | INC., et al., | LEGENDARY INVESTOR GROUP |
    |     Debtors. | NO. 1, LLC'S OBJECTION TO |
17  | | DEBTORS' MOTION TO MODIFY |
    | | COURT'S PRIOR RULING RE |
18  | | ORDER AUTHORIZING |
    | | MICHAEL SHUSTAK TO |
19  | | APPRAISE FIVE |
    | | UNENCUMBERED PROPERTIES; |
20  | | DECLARATION OF IAIN A.W. |
    | | NASATIR IN SUPPORT |
21  | | THEREOF [DOCKET NO. 821] |
22  | | Hearing: |
23  | | Date:  December 9, 2009 |
    | | Time: 9:30 a.m. |
24  | | Place: 21041 Burbank Boulevard |
25  | |        Courtroom 301 |
    | |        Woodland Hills, CA |
26  | | |
27  | | Honorable Kathleen Thompson |
28

<div style="font-style:italic">PACHULSKI STANG ZIEHL & JONES LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES, CALIFORNIA</div>

52010-001\DOCS_LA:210973.1

1    Legendary Investors Group No. 1, LLC ("Legendary") hereby submits its

2    *Objections to Debtors' Motion to Modify Court's Prior Ruling re Order Authorizing*

3    *Michael Shustak to Appraise Five Unencumbered Properties* (the "Motion") [Docket

4    NO. 821], for the reasons set forth below:

5    Legendary objects to the relief sought by the Motion because it is unnecessary

6    and also does not adequately address the removal of the "MTA Property" (as defined

7    in the Motion).  Legendary offered to lead an attempt to have the secured lenders

8    stipulate to the removal of the MTA Property from the Court's ruling concerning the

9    appraisals of the Debtors' unencumbered property, and further offered to stipulate to

10   various substitute properties for appraisals from the unencumbered properties listed on

11   Exhibit 7 (Docket No. 95) (attached in part as Exhibit C to the Declaration of Iain

12   A.W. Nasatir (the "Nasatir Declaration") attached hereto).  Despite telephonic and

13   email requests, for whatever strategic reason, Debtors never responded with any

14   proposals. *See* Nasatir Declaration and Exhibit A.  Without any cooperation from the

15   Debtors, Legendary was compelled to choose substitute properties, and then asked Mr.

16   Shustak for a proposal.

17   The Debtors have proposed, at pages 11-12 of the Motion, to have appraised

18   1124 S. Olive St. and 5075-5715 S. Alameda St..  Mr. Meruelo had valued those

19   properties in March 2009 at $3,980,075 and $5,034,320, respectively, for a total value

20   of $9,014,395.  The MTA Property had been valued by Mr. Meruelo at $20 million.

21   Legendary objects to these limited designations for appraisal because they do not

22   approximate the value of the properties the Court ordered appraised.  While

23   Legendary agrees that the Alameda properties should be appraised, it objects to the

24   limited scope of the other suggested property to be appraised, and requests the Court

25   approve the appraisals of:

26       1.      5075-5715 S. Alameda St. (suggested by Debtors) (valued at $5,034,320)

27       2.      13822 & 13916 Garvey Ave. (valued at $7,522,000)

28       3.      1000 & 1016 E. Cesar Chavez Ave. (valued at $4,454,579)

*(left margin, vertical)* PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    4.    303 S. Hewitt (valued at $1,750,000)

2    If the properties listed above were appraised, the total value being appraised

3    would equal $18,760,899, which is a far better approximation of the purported value

4    of the MTA Property.  Legendary included 303 S. Hewitt specifically because it was

5    one of the few unencumbered properties generating material monthly income, whereas

6    the remaining properties which could be appraised, did not generate that level of

7    income.  *See* Exhibit C to Nasatir Declaration.  Including it in the appraisal process

8    will provide more variation in assessing the valuation of properties.

9    Mr. Shustak has indicated in his proposal dated November 10th, 2009 that he

10    could appraise these four properties for $24,000 and complete his assignment by

11    December 31, 2009.  *See* Exhibit B to the Nasatir Declaration.  Legendary respectfully

12    requests the Court order the Debtors adopt the proposal set forth by Mr. Shustak.

13    Dated: November 16, 2009      PACHULSKI STANG ZIEHL & JONES LLP

14

15    By      */s/Iain A.W. Nasatir*
                Counsel for Legendary Investors
                Group No. 1, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## DECLARATION OF IAIN A.W. NASATIR

I, Iain A.W. Nasatir, declare as follows:

1.       I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP, and co-counsel in the captioned matter to Legendary Investors Group No. 1, LLC ("Legendary"). All of the matters stated herein are true of my own personal knowledge except where otherwise indicated, and if called upon to testify thereto, I could and would competently so testify.

2.       I submit this declaration in support of *Legendary Investor Group No. 1, LLC's Objection To Debtors' Motion To Modify Court's Prior Ruling Re Order Authorizing Michael Shustak To Appraise Five Unencumbered Properties* (the "Objection") [Docket No. 821].

3.       I have tried to reach Debtors' counsel on several occasions, by both phone and email. *See* Exhibit A attached hereto. I did have a few conversations with John Tedford, IV on and prior to Friday, November 6th, 2009, regarding trying to agree on properties to be appraised, and stipulating to not appraising the MTA Property.

4.       I have not heard back from Debtors' counsel regarding the properties that Legendary would like to have appraised in lieu of the MTA Property.

5.       On information and belief, Legendary requested Mr. Shustak provide a proposal regarding the four properties Legendary suggested having appraised. A true and correct copy of the proposal Mr. Shustak provided in return is attached hereto as Exhibit B.

1        6.    I am attaching a true and correct copy of Exhibit "7", part of docket

2    number 95, as Exhibit C, for the Court's convenience.

3        I declare under penalty of perjury under the laws of the United States of

4    America that the foregoing is true and correct.

5        Executed on November 16th, 2009, at Los Angeles, California.

6                                   _____*/s/ Iain A.W. Nasatir*_____

                                     Iain A.W. Nasatir

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA