1 | Victor A. Sahn (CA Bar No. 97299)
   *vsahn@sulmeyerlaw.com*
2 | Dean G. Rallis Jr. (CA Bar No. 94266)
   *drallis@sulmeyerlaw.com*
3 | Asa S. Hami (CA Bar No. 210728)
   *ahami@sulmeyerlaw.com*
4 | Tamar Kouyoumjian (CA Bar No. 254148)
   *tkouyoumjian@sulmeyerlaw.com*
5 | **Sulmeyer**Kupetz
   A Professional Corporation
6 | 333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
7 | Telephone:   213.626.2311
   Facsimile:    213.629.4520
8 |
   Attorneys for the Official Committee of
9 | Unsecured Creditors

10

11 | **UNITED STATES BANKRUPTCY COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

In re

Case No. 1:09-bk-13356 KT

Chapter 11

MERUELO MADDUX PROPERTIES,
INC., et al.,[1]

                Debtors..

**SECOND INTERIM APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY SULMEYERKUPETZ, A PROFESSIONAL CORPORATION, ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF DEAN G. RALLIS, JR. IN SUPPORT THEREOF**

**[July 16, 2009, through October 31, 2009, inclusive]**

**[11 U.S.C.  §§ 330 and 331, Fed. R. Bankr. P. 2016(a) and L.B.R. 2016-1(a)]**

DATE:        December 8, 2009
TIME:         2:00 p.m.
PLACE:      Courtroom 301
               United States Bankruptcy Court
               21041 Burbank Boulevard
               Woodland Hills, CA 91367

---

[1]    Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT;

ASH\ 601664.1

*(Left margin vertical text:)* **Sulmeyer**Kupetz, A Professional Corporation  333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR  LOS ANGELES, CALIFORNIA 90071-1406  TEL. 213.626.2311 • FAX 213.629.4520

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# **TABLE OF CONTENTS**

**Page**

I.   BACKGROUND ........................................................................5

II.  SIGNIFICANT EVENTS RELEVANT TO THIS APPLICATION ..............................6

III. NARRATIVE STATEMENT OF SERVICES RENDERED BY APPLICANT DURING THE SECOND INTERIM FEE PERIOD ...................................................8

   A.  Asset Analysis & Recovery (Exhibit 3) ...........................................8

   B.  Asset Disposition (Exhibit 4)....................................................9

   C.  Appeals (Exhibit 5) .............................................................9

   D.  Business Operations (Exhibit 6) ................................................10

   E.  Case Administration (Exhibit 7) ................................................11

   F.  Claims Administration and Objections (Exhibit 8)................................12

   G.  Cash Collateral (Exhibit 9).....................................................13

   H.  Data Analysis (Exhibit 10) .....................................................14

   I.  Determination of Secured Status (Exhibit 11) ...................................14

   J.  Executory Contract Leases (Exhibit 12) .........................................15

   K.  Fee/Employment Applications (Exhibit 13)........................................15

   L.  Fee/Employment Objections (Exhibit 14) .........................................16

   M.  Financing (Exhibit 15)..........................................................17

   N.  Meeting of Creditors (Exhibit 16) ..............................................18

   O.  Plan & Disclosure Statement (Exhibit 17)........................................19

   P.  Relief from Stay (Exhibit 18)...................................................20

   Q.  Tax Issues (Exhibit 19).........................................................22

   R.  Valuation (Exhibit 20) .........................................................22

IV.  INFORMATION REGARDING REIMBURSABLE EXPENSES ..............................23

V.   CONCLUSION ........................................................................24

DECLARATION OF DEAN G. RALLIS JR. ...................................................25

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 | **TO THE HONORABLE KATHLEEN THOMPSON, UNITED STATES**

2 | **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,**

3 | **DEBTORS, OTHER INTERESTED PARTIES AND THEIR RESPECTIVE COUNSEL:**

4 |     The law firm of **Sulmeyer**Kupetz, a Professional Corporation ("Applicant"),

5 | general bankruptcy counsel for the Official Committee of Unsecured Creditors (the

6 | "Committee") of the bankruptcy estates of Meruelo Maddux Properties, Inc. et al.

7 | (collectively, the "Debtors"), hereby submits its second interim application for an order

8 | allowing and approving compensation for legal services rendered and reimbursement of

9 | expenses incurred during the period July 16, 2009 through and including October 31,

10 | 2009 (the "Application"), in the following amounts: **$193,727.50 in fees and $6,511.62**

11 | **for expenses, for a total of $200,239.12**.

12 |     Pursuant to Local Bankruptcy Rule 2016-1(a)(1)(K), Applicant states that it has

13 | reviewed the requirements of Local Bankruptcy Rule 2016-1(a) and this Application

14 | complies with that rule.

15 |     The following information is supplied in conformity with Form No. 2016-1.2 of the

16 | United States Bankruptcy Court for the Central District of California:

17 |     1.   Name of Applicant:  **Sulmeyer**Kupetz, a Professional Corporation.

18 |     2.   Type of Services Rendered:  General Bankruptcy Counsel for the

19 | Committee.

20 |     3.   Date of Filing of Petitions under Chapter 11 of the Bankruptcy Code:  March

21 | 26 & 27, 2009.

22 |

23 |

24 | 1:09-bk-13359- KT; 1:09-bk-13360 -KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-

25 | KT; 1:09-bk- 3370-KT;  1:09- bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-1378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-

26 | KT; 1:09-bk-13381-KT; 1:09-bk-13382- KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk- 13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09- bk-I3394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-

27 | KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-I3400-KT; 1 :09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403 -KT. 1:09-bk-13404-KT; 1:09-bk-13405- KT; 1:09-bk-13405-KT; 1:09-bk-

28 | 13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

1    4.    Date of Entry of Order Approving Applicant's Employment:  June 17, 2009

2  (Dkt. No. 305), Exhibit 1 hereto.  Applicant's employment was effective April 22, 2009.

3    5.    Date of Filing of Last Fee and/or Expense Application:  August 4, 2009

4    6.    Total Fees Allowed or Paid to Applicant to Date (including Retainers and

5  Prior Approved Fee Applications):

6       a.    Total fees allowed pursuant to prior applications:  $177,115.00

7       b.    Retainer received:  None.

8       c.    Total amount of fees requested in all prior applications: $177,115.00

9       d.    Total fees paid pursuant to prior approved applications: $177,115.00

10  (Applicant has been paid an additional $66,673.20 in fees pursuant to the Court-

11  approved monthly interim fee procedures through and including October 31, 2009).

12       e.    Total amount currently due but unpaid pursuant to prior approved

13  applications: $0.00

14       f.    Total amount allowed but reserved pending final fee application:

15  $0.00

16    7.    **Summary of Requested Fees for Second Interim Application Period**

17  **(7/16/09 – 10/31/09)**:  See Exhibits 2 through 20.

18    8.    The hourly rates applied to these cases are the same rates charged by

19  Applicant for non-bankruptcy services.

20    9.    Bonus requested:  None.

21    10.    **TOTAL FEES REQUESTED IN THIS APPLICATION**:  **$193,727.50**

22    11.    Total expenses paid to Applicant to date pursuant to prior approved

23  applications (including Retainers and Prior Approved Fee Applications):  $1,798.83

24  (Applicant has been paid an additional $4,239.30 for expenses advanced pursuant to the

25  Court-approved monthly interim fee procedures through and including October 31, 2009).

26    12.    **Summary of Requested Expense Reimbursement**:  See Exhibit 22

27    13.    **TOTAL EXPENSES REQUESTED IN THIS APPLICATION**: **$6,511.62**.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

14.    Applicant submits the following in support of this First Interim Application pursuant to Local Bankruptcy Rule 2016-1:  <u>See</u> Narrative Statement of Services Rendered, § III, <u>infra</u>.  <u>See also</u> Exhibits 3 – 20.

15.    <u>Total number of attached pages of supporting documentation</u>:   82   (including exhibits).

16.    <u>This Application includes the following exhibits</u>:

a.    <u>Exhibit 1</u>:  Order authorizing employment of Applicant;

b.    <u>Exhibit 2</u>:  Summary of fees for services rendered by Applicant during the period of July 16, 2009 through and including October 31, 2009 (the "<u>Second Interim Fee Period</u>"), organized by UST category/activity codes and month;

c.    <u>Exhibits 3 – 20</u>:  Contemporaneous time entries of Applicant's professionals for the Second Interim Fee Period, divided by UST category/activity codes;

d.    <u>Exhibit 21</u>:  Attorney time billed for the Second Interim Fee Period by attorney and UST category/activity codes;

e.    <u>Exhibit 22</u>:  Itemization of reimbursable expenses for the Second Interim Fee Period; and

f.    <u>Exhibit 23</u>:  Biography for Applicant, its members and associates.

Applicant declares under penalty of perjury that the foregoing Application and all attached supporting documentation are true and correct and accurately reflect services rendered and expenses incurred, and that this Application was executed on November 17, 2009, at Los Angeles, California.

By:<u>/s/ Dean G. Rallis, Jr.        </u>
　　　Dean G. Rallis, Jr.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SECOND INTERIM FEE APPLICATION**

**OF SULMEYERKUPETZ, A PROFESSIONAL CORPORATION,**

**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**I.**

**BACKGROUND**

On March 26 and 27, 2009, Meruelo Maddux Properties, Inc. ("MMPI"), and 53 affiliated entities, filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

MMPI is a publicly-traded company. Its affiliates, including the other debtor-entities, collectively own and operate and/or are developing numerous industrial and commercial properties, as well as multi-unit apartment buildings in Los Angeles and surrounding areas. The Debtors proclaim to be the largest non-governmental land owner in downtown Los Angeles.

The 54 debtor-entities consist of entities that own either revenue-generating properties, non-revenue generating properties or both. Furthermore, certain of the real properties are encumbered by liens in favor of various lenders that have appeared in these cases, whereas other real properties are not encumbered (except by involuntary real property tax liens).

Pursuant to this Court's Order, entered April 7, 2009, (Dkt. No. 30), these 54 bankruptcy cases are being jointly administered. The Debtors are operating their business affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

On April 22, 2009, the Office of the United States Trustee appointed the Committee, which consists of the following members: (1) EDI Architecture, Inc.; (2) GeoDesign, Inc.; (3) Kirman Plumbing Company; (4) Complete Terminal Services, Inc.; and (5) L.P. Carreras & Associates, Inc.

Pursuant to this Court's Order, entered June 17, 2009, the Committee employed Applicant to serve as its general bankruptcy counsel, effective as of April 22, 2009.

1    Applicant continued to represent the Committee throughout the relevant interim

2  fee period regarding all aspects of this case as set forth in more detail below.  This

3  Application requests that the Court allow compensation for services rendered, and

4  reimbursement for expenses advanced, by Applicant in connection with its

5  representation of the Committee.  In particular, Applicant requests allowance of fees

6  and expenses incurred during the Second Interim Fee Period of July 16, 2009 through

7  and including October 31, 2009, in the amounts of $193,727.50 and $6,511.62,

8  respectively, and payment of any unpaid portions of such amounts.

9    For the reasons presented herein, Applicant submits that the fees and expenses

10  requested are both reasonable and appropriate given the circumstances of these cases.

11                                          II.

12         **SIGNIFICANT EVENTS RELEVANT TO THIS APPLICATION[2]**

13    These cases continued to be extremely active during the Second Interim Fee

14  Period.  Two events dominated the Second Interim Fee Period: (1) the continued

15  evidentiary hearings and final arguments relating to the Debtors' requests to use of cash

16  collateral and maintain their integrated cash management system; and (2) the multiple

17  relief from stay motions filed by various parties.

18    Although the Debtors have not been substantively consolidated, the Debtors

19  maintain that, pre-petition, they operated their business affairs as a single enterprise

20  and, as a result, they should be viewed and treated in that manner post-petition.

21  Operating in this fashion included the use of a consolidated cash management and

22  distribution system in which the funds generated by any of the Debtors were

23  commingled in a cash "concentration" account maintained by debtor Meruelo Maddux

24  Properties, L.P.  Consequently, cash collateral generated by any one debtor-entity

25  _____

26  [2]  Applicant provides a brief recitation of the most significant events in these cases as it
relates to this Application.  Pursuant to Local Rule 2016-1(a)(1)(A), Applicant

27  incorporates by reference the narrative history of these cases included in any first interim
fee application the Debtors' bankruptcy counsel may file to the extent such narrative is

28  necessary and relevant to, and supportive of, this Application.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   necessarily is used to pay expenses of other debtor-entities.

2   As this Court is well aware, the Debtors' request to continue operating in this

3   manner post-petition spurred a flurry of objections from most secured lenders

4   (collectively, the "Cash Collateral Objections").  The Committee generally supported the

5   Debtors' cash collateral and cash management requests.  This Court presided over

6   several weeks of evidentiary hearings and final arguments regarding this contested

7   matter, which continued throughout the Second Interim Fee Period.  Much of the

8   dispute revolved around the propriety of using cash collateral of one bankruptcy estate

9   by another bankruptcy estate and whether the secured lenders were adequately

10  protected.  Recently, the Court issued its ruling regarding certain of the Cash Collateral

11  Objections.

12  The other category of events which occupied a large portion of the Second

13  Interim Fee Period was the numerous relief from stay motions at issue.  More

14  particularly, during the Second Interim Fee Period, relief from stay motions of at least

15  five lenders relating to at least 12 properties were filed or came on for hearing.  The

16  issues in dispute on the relief from stay motions generally revolved around property

17  values and the sufficiency of any equity cushion protecting the lenders.  After several

18  hearings and argument regarding valuations, the Court ruled on certain of these relief

19  from stay motions during the Second Interim Fee Period.

20  In addition to the primary cash collateral and relief from stay matters, during the

21  Second Interim Fee Period, this Court considered, among other things, the Debtors'

22  motion to sell certain real properties, the priority status of certain real property tax

23  claims and, at the request of a secured lender, the Court appointed an appraiser at the

24  expense of the estate to value the Debtors' unencumbered properties.

25  As discussed in more detail below, Applicant, on behalf of the Committee,

26  participated in each of the foregoing (and other) matters to ensure that the interests of

27  the larger unsecured creditor body of the various bankruptcy estates were protected.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

III.

## NARRATIVE STATEMENT OF SERVICES RENDERED BY APPLICANT DURING THE SECOND INTERIM FEE PERIOD

Pursuant to Federal Rule of Bankruptcy Procedure 2016(a) and Local Bankruptcy Rule 2016-1(a), Applicant hereby submits this narrative of services rendered by Applicant on behalf of the Committee during the Second Interim Fee Period (July 16, 2009 to and including October 31, 2009), organized by categories according to the fee guide promulgated by the UST.  The following narrative does not include any discussion regarding categories of activities in which no services were rendered by Applicant during the Second Interim Fee Period.

Attached hereto as Exhibits 3 through 20 are detailed descriptions of services for the Second Interim Fee Period, divided by UST activity code, which were recorded at or about the time such services were rendered.  As reflected therein, during the Second Interim Fee Period, Applicant spent in the aggregate of 477.20 hours and incurred a total of $193,727.50 in fees rendering services on behalf of the Committee.

A.    **Asset Analysis & Recovery (Exhibit 3)**

In connection with "Asset Analysis & Recovery," Applicant expended time and incurred fees during the Second Interim Fee Period as follows:

Total Hours:  1.50

Total Fees:    $442.50

Avg. Rate:[3]    $295.00

In this category, Applicant expended minimal time reviewing schedules of assets and liabilities and corresponding regarding the value of certain assets and corresponding liabilities.

/ / /

/ / /

---

[3] Average rates set forth herein have been rounded to the nearest whole number.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**B.    Asset Disposition (Exhibit 4)**

In connection with "Asset Disposition," Applicant expended time and incurred fees during the Second Interim Fee Period as follows:

Total Hours:    10.90

Total Fees:    $4,845.50

Avg. Rate:    $445.00

During the Second Interim Fee Period, the Debtors filed a motion to sell two real properties at 5500 Flotilla Street and 2040 Camfield Avenue (the "Sale Motion"). Applicant expended time in this category analyzing these motions, scrutinizing the sales price and other aspects of the sale to advise the Committee regarding the fairness of the proposed sales.  Based on its review of the Sale Motion, Applicant recommended that the Committee support the Sale Motion.

Applicant was required to act swiftly in this regard given the Debtors' request to have the hearing on the Sale Motion heard on shortened notice.  In this regard, Applicant also expended time analyzing the Debtors' motion for an order shortening time on the Sale Motion.

Also included in this category is time spent by Applicant analyzing certain secured lenders' separate oppositions to the Sale Motion, preparing the Committee's statement in support of the Sale Motion and appearing at the hearing on the Sale Motion.

**C.    Appeals (Exhibit 5)**

In connection with "Appeals," Applicant expended time and incurred fees during the Second Interim Fee Period as follows:

Total Hours:    7.20

Total Fees:    $3,037.00

Avg. Rate:    $422.00

Towards the end of the prior fee application period, Bank of America filed an appeal of this Court's orders on Bank of America's and the Debtors' competing motions to determine whether or not the Debtors are "single asset real estate" entities as that term

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  is defined in section 101(51B) (the "SARE Appeal").  The Committee is an appellee in the

2  SARE Appeal.

3        In this category, Applicant spent time reviewing Bank of America's designation of

4  record in the SARE Appeal and comparing it with this Court's docket in this case.  Based

5  upon this review, as well as its conferences with counsel for the Debtors (who are co-

6  appellees), Applicant prepared and filed the Committee's counter-designation of the

7  record on the SARE Appeal.  In addition, Applicant prepared the Committee's notice of

8  transcripts for the SARE Appeal.

9        Finally, in this category, Applicant conferred with counsel for the Debtors and

10 Capmark (one of the secured lenders in this case) regarding the potential appeal of this

11 Court's order approving a stipulation establishing certain claim filing procedures

12 (discussed below).

13 **D.    Business Operations (Exhibit 6)**

14       In connection with "Business Operations," Applicant expended time and incurred

15 fees during the Second Interim Fee Period as follows:

16 Total Hours:  9.20

17 Total Fees:    $4,029.00

18 Avg. Rate:     $438.00

19       In this category, Applicant spent time reviewing the voluminous monthly operating

20 reports for the months of July and August 2009 submitted by the Debtors.  Applicant's

21 review of the monthly operating reports is necessary to monitor the Debtors' cash flow

22 throughout the case and the general success (or failure) of the Debtors' business

23 operations.  Applicant also prepared correspondence to the Debtors' counsel regarding

24 the Debtors' business operations, Applicant's analysis of the Debtors' monthly cash flow

25 and liabilities and related concerns of the Committee.  In addition, during the Second

26 Interim Fee Period, Applicant participated in a conference held between and among the

27 Debtors' counsel, the Debtors business representatives and Committee members

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  regarding the Debtors' business operations, financial information, exit strategy and

2  overall direction of these bankruptcy cases.

3  **E.    Case Administration (Exhibit 7)**

4  In connection with "Case Administration," Applicant expended time and incurred

5  fees during the Second Interim Fee Period as follows:

6  Total Hours:  36.80

7  Total Fees:   $17,015.00

8  Avg. Rate:    $462.00

9  Under this category of services, Applicant expended time performing services in

10  several areas.  First, Applicant generally monitored the cases and the many hearings

11  conducted in these cases.  To keep the Committee well-informed, Applicant reviewed,

12  summarized for and explained to the Committee the nature and consequences of the

13  multitude of pleadings and briefs filed by the various constituencies in these cases, as

14  well as advised the Committee of the results of the hearings in these cases.

15  Second, during the Second Interim Fee Period, Applicant spent time in this

16  category conferring on several occasions with the Debtors' general bankruptcy counsel

17  regarding the status of these cases and the direction in which the Debtors intended to

18  move these cases.  This included a productive meeting between Applicant, Committee

19  members, the Debtors' counsel and the Debtors' business representatives regarding

20  these cases and financial and related issues.  Applicant also conducted several internal

21  conferences to strategize regarding these cases and their overall development.

22  Third, Applicant expended time reviewing certain pleadings, such as a motion for

23  joint administration, filed in connection with the bankruptcy cases of two entities related to

24  the Debtors which were filed during the Second Interim Fee Period.  Applicant also spent

25  time appearing at the hearing on such "first day" motions relating to these new, related

26  cases.

27  Finally, in addition to the foregoing activities that fell within this category, time was

28  billed under this category for appearing at a status conference held in this case during the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Second Interim Fee Period, as well as corresponding with the Debtors' counsel regarding

2  case status and upcoming hearings.

3  **F.**    **Claims Administration and Objections (Exhibit 8)**

4      In connection with "Claims Administration and Objections," Applicant expended

5  time and incurred fees during the Second Interim Fee Period as follows:

6      Total Hours:  26.70

7      Total Fees:   $8,690.00

8      Avg. Rate:    $325.00

9      During the Second Interim Fee Period, Applicant spent time in this category,

10  reviewing the notice of the proof of claim bar date and conferring and corresponding with

11  the Committee regarding this deadline.  Applicant also explained the claims bar date and

12  filing procedure to the Committee.  Applicant expended significant time addressing

13  inquiries from the Committee regarding the filing of their respective proofs of claim, as

14  well as assisting Committee members with the preparation and filing of their claims.

15      During this process, it became apparent that creditors were uncertain against

16  which of the 54 debtors they held claims.  To address this concern, after Applicant's

17  discussions with the Debtors' counsel, the Debtors and the Committee stipulated to a

18  claims-filing procedure whereby creditors could file a proof of claim in any of the 54

19  bankruptcy cases without risk even if it is later determined that the claim should have

20  been filed in a different case, so long as the claim was filed by the Court-ordered bar date

21  (the "Claims Filing Stipulation").  Applicant spent time in this category preparing this

22  stipulation and the proposed order thereon.   This Court entered an Order approving the

23  Claims Filing Stipulation (the "Claims Filing Order").

24      As noted above, Capmark filed an appeal of the Claims Filing Order (see

25  discussion in "Appeals" category above).  In an effort to address Capmark's concerns,

26  after correspondence with Debtors' and Capmark's respective counsel, Applicant  drafted

27  another proposed stipulation seeking to establish a claims filing review procedure to be

28  implemented by the Debtors (the "Claims Review Stipulation").  Certain of the time

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    recorded in this category relates to Applicant's negotiation and preparation of the Claims

2    Review Stipulation (which has not been filed yet).

3    **G.    Cash Collateral (Exhibit 9)**

4         In connection with "Cash Collateral," Applicant expended time and incurred fees

5    during the Second Interim Fee Period as follows:

6         Total Hours:  119.70

7         Total Fees:   $58,161.00

8         Avg. Rate:    $486.00

9         As discussed above, issues relating to the Debtors' use of cash collateral and

10    maintenance of its pre-petition cash management system was among the most significant

11    and aggressively litigated matters in these cases to date.  As a consequence, the

12    hearings on these motions spanned over many weeks and included live testimony

13    regarding real property valuations and whether each secured lender's interest in its cash

14    collateral was adequately protected.

15         The bulk of the time recorded in this category during the Second Interim Fee

16    Period relates to appearances Applicant made at each of these cash collateral hearings,

17    many of which occupied full court days.  After the evidentiary hearings concluded, the

18    Court fixed deadlines and dates relating to the filing of "bench briefs" and final argument

19    on the cash collateral and cash management motions.  Many such briefs were filed -- one

20    for each property affected by the cash collateral and cash managements motions.

21         Applicant expended time analyzing the bench briefs filed by the various parties in

22    these cases, as well as other supplemental pleadings filed in the course of the cash

23    collateral proceedings.  Applicant's monitoring of the pleadings filed and the hearings

24    conducted on these issues was critical in light of the attendant adequate protection

25    issues raised.  As this Court is aware, the Debtors' estates consist of several pieces of

26    unencumbered real properties.  In opposing the cash collateral motion, most (if not all) of

27    the secured lenders argued that their interests were not adequately protected.  Various

28    forms of adequate protection were proposed or offered, including reliance on equity

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  cushions, additional liens on properties with substantial equity cushions and/or liens on

2  unencumbered properties.

3      The estates' equity in unencumbered properties, however, comprised one source

4  of payment to unsecured creditors.  Applicant's attendance at cash collateral proceedings

5  was essential to ensure, to the extent feasible, that the interests of the Committee and

6  the larger unsecured creditor body were protected such that, among other things, the

7  unencumbered properties remained an available source for the unsecured creditors to

8  the extent possible.

9      Applicant billed time rendering other services in this category during the Second

10  Interim Fee Period.  Most significantly, Applicant spent time analyzing the Debtors'

11  motion to clarify the status of proceeds of the sale of one of their real properties, the

12  Debtors' motion to settle cash collateral issues with Pacific Commerce Bank and the cash

13  collateral motion filed in connection with the two new bankruptcy cases filed during the

14  Second Interim Fee Period.  Applicant also reviewed and analyzed the various

15  oppositions filed in response to such motions and prepared the Committee's position

16  papers on some of these motions.

17  **H.  Data Analysis (Exhibit 10)**

18      In connection with "Data Analysis," Applicant expended time and incurred fees

19  during the Second Interim Fee Period as follows:

20      Total Hours:  0.20

21      Total Fees:    $75.00

22      Avg. Rate:     $375.00

23      The minimal amount of time Applicant spent in this category during the Second

24  Interim Fee Period relates to Applicant's analysis of monthly operating reports and other

25  data provided by the Debtors, and correspondence with the Debtors' counsel regarding

26  such analysis.

27  **I.  Determination of Secured Status (Exhibit 11)**

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    In connection with "Determination of Secured Status," Applicant expended time

2  and incurred fees during the Second Interim Fee Period as follows:

3    Total Hours:  0.30

4    Total Fees:  $112.50

5    Avg. Rate:  $375.00

6    In this category, Applicant spent a nominal amount of time analyzing notices of

7  lien perfection filed by mechanics' lien claimants.

8  **J.    Executory Contract Leases (Exhibit 12)**

9    In connection with "Executory Contract Leases," Applicant expended time and

10  incurred fees during the Second Interim Fee Period as follows:

11    Total Hours:  2.00

12    Total Fees:  $835.50

13    Avg. Rate:  $418.00

14    During the Second Interim Fee Period, Applicant expended a small amount of time

15  analyzing the Debtors' motion to assume an unexpired lease and related pleadings, as

16  well as preparing the Committee's notice of non-opposition to the Debtors' motion to

17  assume.

18  **K.    Fee/Employment Applications (Exhibit 13)**

19    In connection with "Fee/Employment Applications," Applicant expended time and

20  incurred fees during the Second Interim Fee Period as follows:

21    Total Hours:  32.40

22    Total Fees:  $10,243.00

23    Avg. Rate:  $316.00

24    Under this category of services, Applicant performed many tasks during the

25  Second Interim Fee Period. First, Applicant performed tasks relating to the first interim

26  fee application process.  In particular, Applicant spent time: (1) preparing its first interim

27  fee application; (2) preparing the single notice for all professionals' first interim fee

28  applications; (3) communicating with other professionals regarding the first interim fee

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  application process and information Applicant required of professionals who wanted to be

2  included in Applicant's fee application notice; (4) preparing the Committee chairperson's

3  declaration regarding Applicant's first interim fee application; and (5) appearing at the

4  hearing on the first interim fee application.

5  Second, Applicant reviewed and analyzed the Debtors' applications to employ

6  various professionals.  During the Second Interim Fee Period, the Debtors filed separate

7  applications to employ real estate brokers, Ernst & Young (for tax and audit services) and

8  Waldron & Associates (for appraisal services).  Applicant also appeared at the hearings

9  conducted on the Debtors' applications to employ the real estate brokers and appraisers.

10  Third, Applicant reviewed and analyzed the Debtors' application to employ DLA

11  Piper as its special securities counsel (the "DLA Employment Application").  Applicant

12  also prepared the Committee's statement regarding the DLA Employment Application

13  discussed in more detail below.

14  Finally, in this category, Applicant spent minimal time reviewing monthly fee

15  statements filed by the Debtors' various professionals, including the Debtors' general

16  bankruptcy counsel and financial advisors.

17  **L.  Fee/Employment Objections (Exhibit 14)**

18  In connection with "Fee/Employment Applications," Applicant expended time and

19  incurred fees during the Second Interim Fee Period as follows:

20  Total Hours:  21.20

21  Total Fees:  $7,431.00

22  Avg. Rate:  $350.00

23  Time spent in this category related to services rendered in connection with

24  objections to fee and employment applications.  During the Second Interim Fee Period,

25  several secured lenders, including Capmark, California Bank & Trust, Bank of America

26  and Legendary, filed oppositions (and/or joined in oppositions) to the first interim fee

27  applications of Applicant and Debtors' counsel.  As a result, Applicant spent time in this

28  category analyzing those oppositions, conducting legal research regarding the issues

1  raised by those objections and preparing its response to the oppositions.  Applicant also

2  conferred with Debtors' counsel regarding the oppositions.

3  In addition, as noted above, Applicant analyzed the DLA Employment Application.

4  Applicant conferred with DLA Piper regarding its proposed employment, made its

5  recommendation to the Committee regarding the application and prepared the

6  Committee's statement in response to the DLA Employment Application.  Applicant also

7  recorded time in this category analyzing California Bank & Trust's opposition to the DLA

8  Employment Application.

9  **M.**  **Financing (Exhibit 15)**

10  In connection with "Financing," Applicant expended time and incurred fees during

11  the Second Interim Fee Period as follows:

12  Total Hours:  23.90

13  Total Fees:  $10,509.00

14  Avg. Rate:  $440.00

15  The bulk of the time spent in this category related to the Debtors' motion to enter

16  an inter-company loan to be used to cleanup alleged contamination on one of the

17  Debtors' real property (the "Financing Motion").  The Debtors asserted that they were at

18  risk of, among other things, incurring penalties assessed by the Los Angeles County if

19  the Debtors failed to cleanup allegedly hazardous material stockpiled on certain real

20  property.  Applicant analyzed the Financing Motion and the accompanying evidence on

21  behalf of the Committee.

22  Contending that the evidence submitted was inadmissible and not sufficient to

23  establish the immediate need to use the Debtors' limited resources to engage in the

24  proposed cleanup, Applicant prepared its recommendation to the Committee to oppose

25  the motion.  Consistent with that recommendation, Applicant expended time in this

26  category preparing the Committee's comments to the Financing Motion, which sought

27  additional information regarding the proposed financing and use of funds.  In addition,

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Applicant prepared and filed evidentiary objections to the evidence submitted in support

2  of the Financing Motion.

3       Applicant also analyzed replies filed in response to the Committee's comments.

4  In particular, both the Debtors and the Los Angeles County filed replies and

5  supplemental briefing in response to the Committee's position papers.  In an effort to

6  resolve the Committee's concerns regarding the Financing Motion, Applicant spent time

7  conferring with counsel to the Debtors and the Los Angeles County.

8       In addition to the foregoing tasks, Applicant analyzed oppositions that other

9  parties in interest, such as Cathay Bank, filed in response to the Financing Motion, and

10  appeared at the hearing on the motion.

11       Finally, in this category, Applicant recorded time reviewing the Debtors' motion

12  and related papers to obtain post-petition financing in the new bankruptcy cases filed

13  during the Second Interim Fee Period.

14  **N.**    **Meeting of Creditors (Exhibit 16)**

15       In connection with "Meeting of Creditors," Applicant expended time and incurred

16  fees during the Second Interim Fee Period as follows:

17       Total Hours:  35.40

18       Total Fees:   $14,153.50

19       Avg. Rate:    $400.00

20       This category includes time Applicant spent preparing for and conducting

21  regularly-scheduled conferences with the Committee and appearing at the 341(a)

22  hearings in these cases.

23       Immediately after its employment, Applicant organized the Committee and

24  instituted a formal Committee-meeting schedule.  In accordance with that schedule,

25  Applicant conducted Committee conferences on a regular and fixed schedule, prepared

26  and circulated for comment agendas prior to each such conference and prepared and

27  circulated meeting minutes after each conference.  Since the effective date of Applicant's

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 employment and continuing through the Second Interim Fee Period, Applicant has held

2 formal conferences with the Committee approximately twice each month.

3    This structured schedule has ensured that the Committee remains apprised of

4 significant developments and upcoming hearings in these cases.  This process continues

5 to be an essential component to the proper functioning of the Committee, especially

6 given the large volume of activity in these cases.  This program also allows Committee

7 members to raise, discuss and seek the advice of Applicant regarding the general status

8 and process of these cases, or any other relevant matter the Committee desires to

9 discuss.  Applicant also continued to communicate with the Committee regularly via e-

10 mail and impromptu teleconferences regarding certain matters that arose between the

11 dates of the official Committee meetings.

12    In addition to the Committee meetings and related matters, Applicant recorded

13 time in this category appearing at the section 341(a) meetings in these cases.  During the

14 Second Interim Fee Period, Applicant appeared at the initial meeting of creditors held for

15 the two new related bankruptcy cases filed during this period.  Consistent with its practice

16 of communicating to the Committee significant developments in these cases, Applicant

17 also spent time preparing memoranda to the Committee regarding the matters raised

18 during the 341(a) meeting.

19 **O.    Plan & Disclosure Statement (Exhibit 17)**

20    In connection with "Plan & Disclosure Statement," Applicant expended time and

21 incurred fees during the Second Interim Fee Period as follows:

22    Total Hours:  0.30

23    Total Fees:   $130.00

24    Avg. Rate:    $433.00

25    During the prior interim fee period, the Debtor filed a motion to extend its plan

26 exclusivity periods.  That motion was granted, subject to the Committee's comments

27 (prepared and negotiated by Applicant).  During the Second Interim Fee Period, Applicant

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  recorded minimal time reviewing the Debtors' proposed order on their motion to extend

2  the exclusivity periods.

3

4  **P.    Relief from Stay (Exhibit 18)**

5      In connection with "Relief From Stay," Applicant expended time and incurred fees

6  during the Second Interim Fee Period as follows:

7      Total Hours:  129.40

8      Total Fees:   $45,090.00

9      Avg. Rate:    $348.00

10      A significant amount of activity with which Applicant was required to monitor on

11  behalf of the Committee occurred in this category during the Second Interim Fee Period.

12  As more specifically described below, one or more motions for relief from stay of each of

13  Bank of America, United Commercial Bank ("UCB"), the Chamlians, Chinatrust Bank,

14  Legendary Investors Group ("Legendary") and PNL Pomona ("PNL") were filed or set for

15  hearing during the Second Interim Fee Period.  Those motions related to at least 12

16  different pieces of real property.

17      Relief from stay motions filed by the following entities relating to the following

18  properties were at issue during the Second Interim Fee Period: (1) Bank of America,

19  relating to properties at 1150 S. Grand Ave./1155 S. Olive St., 1100 S. Olive St. and

20  1213-1229 S. Hill St./1230 S. Olive St./203 W. Pico Blvd.; (2) Bank of America, relating to

21  properties at 328 W. 8th St.; (3) United Commercial Bank, relating to property 2640 E.

22  Washington Blvd.; (4) Vahan and Anoush Chamlian, relating to property at 2131

23  Humboldt St.; (5) Chinatrust Bank, relating to property at 3185 E. Washington Blvd.; (6)

24  Legendary, relating to property at 400-428 Boyd St.; (7) Legendary, relating to property at

25  425 W. 11th St.; (8) Legendary, relating to properties at 609, 637, 647 Ceres Ave., 614,

26  616, 618, 620 Gladys Ave., 838 E. 6th St., 336 W. 11th St., and 1105 S. Olive St.; (9)

27  Legendary, relating to properties at 1500 Griffith Ave., 833 E. 15th St., 900,91 & 926 E.

28  4th St., and 406-411 S. Hewitt St.; (10) Legendary, relating to property at 960 E. 3rd St.;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   (11) Legendary, relating to properties at 950 E. 3rd St. and 1119 S. Olive St.; (12)

2   Legendary, relating to properties at 450-470 E. 3rd St., 308-310 Omar St., and 307 S.

3   Crocker St.; and (13) PNL, relating to property at 1875 W. Mission Blvd.

4       With respect to each motion, Applicant, among other things: (1) analyzed the

5   motion (and supporting papers); (2) analyzed the Debtors' opposition to the motion (and

6   supporting papers); (3) formulated a position to recommend to the Committee based on

7   Applicant's review and analysis; and (4) prepared a memorandum describing and

8   analyzing the motion for distribution to the Committee.

9       In connection with each relief from stay motion, Applicant conducted internal

10   conferences regarding the Committee's position and whether the Committee should file a

11   response to the motion. To the extent Applicant and the Committee determined to file a

12   response, Applicant drafted and filed the Committee's response or other statement

13   regarding a motion. For example, during the Second Interim Fee Period, Applicant

14   prepared and filed its response in connection with certain of the relief from stay motions

15   filed by Legendary. Applicant also appeared at the hearings (and continued hearings) on

16   these relief from stay motions. All such time was recorded in this category.

17       Furthermore, certain individual plaintiffs in pending state court action against the

18   Debtors filed a relief from stay motion to allow the lawsuit to proceed in the non-

19   bankruptcy forum. Applicant expended time researching and preparing the Committee's

20   response to this motion. Although the motion was filed several months ago, the hearing

21   on the matter has been continued a number of times pending negotiations between the

22   movants and the Debtors to resolve the underlying litigation.

23       Finally, this category includes time Applicant spent analyzing papers filed in

24   connection with the Debtors' motion to settle the relief from stay motion filed by UCB. At

25   the hearing on UCB's motion for relief from stay, the Debtors and UCB informed the

26   Court that they reached an agreement to resolve the relief from stay motion. The

27   Debtors subsequently filed a motion to approve the agreement. Applicant reviewed the

28   motion and oppositions to the motion filed by various parties in interest.

ASH\ 601664.1

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Q.    **Tax Issues (Exhibit 19)**

2          In connection with "Tax Issues," Applicant expended time and incurred fees during

3  the Second Interim Fee Period as follows:

4          Total Hours:   13.00

5          Total Fees:    $5,401.50

6          Avg. Rate:     $415.00

7          This category includes time recorded relating to two primary matters.  First,

8  Applicant expended time in connection with briefing filed regarding the Debtors' obligation

9  to pay certain real property taxes, including the priority status of such tax obligations.

10  The Debtors and the Los Angeles County filed their respective briefs regarding this

11  matter.  The Committee (through Applicant) filed its brief on the issue as well.  During the

12  Second Interim Fee Period, Applicant appeared at the hearings on this matter (which was

13  continued from time to time).

14          Second, Applicant addressed the County's and Cathay Bank's motion to approve

15  a stipulation to pay certain real property taxes.  The bulk of the time recorded in this

16  category during the Second Interim Fee Period relates to that motion.  The County and

17  Cathay Bank sought approval of a stipulation that would allow the Debtors to pay real

18  property taxes with certain of the Debtors' funds.  Applicant analyzed the proposed

19  stipulation, researched related issues and filed the Committee's opposition to the motion.

20  Applicant also spent time reviewing the Debtors' response to the motion to approve the

21  stipulation and replies filed in support of the motion.

22  R.    **Valuation (Exhibit 20)**

23          In connection with "Valuation," Applicant expended time and incurred fees during

24  the Second Interim Fee Period as follows:

25          Total Hours:   7.10

26          Total Fees:    $3,526.50

27          Avg. Rate:     $497.00

28

ASH\ 601664.1                                                    - 22 -

1    During the Second Interim Fee Period, Legendary filed an emergency motion to

2  appoint an appraiser of the Debtors' unencumbered real properties at the expense of

3  the estate.  The majority of the time Applicant spent in this category relates to that

4  motion.  More specifically, Applicant analyzed the motion and related joinders and

5  prepared the Committee's opposition to the appraiser motion.  In this category,

6  Applicant also engaged in telephone conferences with the Committee and the Debtors

7  regarding valuation issues.

8                                        **IV.**

9            **INFORMATION REGARDING REIMBURSABLE EXPENSES**

10    Included in the attached Exhibit 22 is a listing of all expenses incurred in

11  connection with Applicant's representation of the Committee during the Second Interim

12  Fee Period covered by this Application.  During the Second Interim Fee Period, Applicant

13  advanced expenses in the aggregate of $6,511.62.

14    Applicant's request for reimbursement of expenses herein includes costs

15  advanced for postage, reproduction and other out-of-pocket costs and expenses

16  necessarily incurred on behalf of the Committee.  Applicant has made every effort to limit

17  the expenditure of expenses and to use the most economical means available for

18  accomplishing the tasks requiring expenditure of costs.

19    Applicant charges $1.00 per page for outgoing facsimile transmissions.  Applicant

20  does not charge for incoming facsimile transmissions.

21    Photocopies are generally handled in-house, and clients are charged $0.20 per

22  page as reflected in the detailed billing statements attached hereto.  Applicant's charge

23  reflects the actual costs incurred by the firm for the machines, supplies and extra labor

24  associated with those copies.  The number of photocopies are recorded automatically

25  when the person making the copies enters the appropriate account number into a device

26  attached to Applicant's Xerox machines.

27    Applicant incurred costs for postage for mailing pleadings to certain parties in

28  interest not registered on the Court's ECF system to receive service of filings by

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1 | electronic mail and for mailing general correspondence in representing the Committee.

2 | Costs for postage are also compiled automatically based on account numbers identified

3 | when postage is printed by Applicant's postage meter.

4 | **V.**

5 | **CONCLUSION**

6 | For the reasons set forth above, Applicant believes that the fees and expenses

7 | incurred during the Second Interim Fee Period and sought herein were necessary and

8 | reasonable.  Therefore, Applicant respectfully requests that this Court enter an Order:

9 | 1.    Approving this Application;

10 | 2.    Allowing, on an interim basis, fees for services Applicant rendered during

11 | the Second Interim Fee Period on behalf of the Committee in the sum of $193,727.50, as

12 | well as authorizing and directing payment to Applicant of any unpaid portion of the

13 | foregoing sum of fees;

14 | 3.    Allowing, on an interim basis, expenses Applicant advanced during the

15 | Second Interim Fee Period on behalf of the Committee in the sum of $6,511.62, as well

16 | as authorizing and directing payment to Applicant of any unpaid portion of the foregoing

17 | sum of expenses; and

18 | 4.    Providing such other and further relief as is proper.

19 | DATED: November 17, 2009        **Sulmeyer**Kupetz
A Professional Corporation

20 |

21 |

22 | By:  /s/ Dean G. Rallis, Jr.

23 |      Dean G. Rallis, Jr.
     Attorneys for Official Committee of
     Unsecured Creditors

24 |

25 |

26 |

27 |

28 |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

ASH\ 601664.1

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  **DECLARATION OF DEAN G. RALLIS JR.**

2  I, Dean G. Rallis Jr., declare:

3  1.      I am an attorney, duly admitted to practice law in the State of California and

4  before the United States District Court for the Central District of California.  I am a

5  member of **Sulmeyer**Kupetz, a Professional Corporation, (the "Firm"), and one of the

6  designated attorneys at the Firm responsible for overseeing the billing in this matter and

7  for assuring compliance with the Guidelines of the United States Trustee relating to such

8  billing.

9  2.      I have reviewed the foregoing second interim fee application (the "Interim

10  Fee Application") submitted by the Firm for the time period of July 16, 2009 through and

11  including October 31, 2009.  Based on my review and knowledge of the Local Bankruptcy

12  Rules for the United States Bankruptcy Court for the Central District of California (the

13  "Local Rules") and the relevant United States Trustee guidelines (the "UST Guidelines"), I

14  believe the Interim Fee Application complies with the Local Rules and UST Guidelines.

15  3.      The Interim Fee Application and related exhibits attached hereto accurately

16  reflect the services rendered and expenses incurred by the Firm in the above-captioned,

17  jointly-administered cases for the period of July 16, 2009 through and including October

18  31, 2009 (the "Interim Fee Period").

19  4.      Neither I nor any member of the Firm has any agreement or understanding

20  of any kind or nature to divide, pay or share any portion of the fees to be awarded to the

21  Firm with any other person or attorney, except among the members of the Firm.  The

22  Firm has provided legal services to the Official Committee of Unsecured Creditors in

23  these cases with an effort to keep all costs to a minimum and believes that its respective

24  billing rates are reasonable and well within the scope of fees charged by professionals for

25  services of a similar nature.

26  5.      True and correct copies of the following are attached hereto as follows:

27

28

1        a.    <u>Exhibit 1</u>:  "Order Granting Application of Official Committee of

2    Unsecured Creditors to Employ SulmeyerKupetz, a Professional Corporation, as its

3    Counsel," entered by this Court on June 17, 2009 (Dkt. No. 305);

4        b.    <u>Exhibit 2</u>:  Summary of fees for services rendered by the Firm during

5    the Interim Fee Period, organized by category/activity codes and month;

6        c.    <u>Exhibits 3 through 20</u>: Contemporaneous time entries of the Firm's

7    professionals for the Interim Fee Period, organized by UST category/activity codes;

8        d.    <u>Exhibit 21</u>:  Attorney time billed for the Interim Fee Period by attorney

9    and UST category/activity codes;

10        e.    <u>Exhibit 22</u>:  Itemization of reimbursable expenses for the Interim Fee

11    Period; and

12        f.    <u>Exhibit 23</u>:  Biography for the Firm, its members and associates.

13        I declare under penalty of perjury that the foregoing is true and correct and that

14    this declaration was executed on November 17, 2009, at Los Angeles, California.

15

16

17                                        Dean G. Rallis Jr.

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520