FILED & ENTERED

DEC 01 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 1:09-bk-13356-KT |
| Meruelo Maddux Properties, Inc., a DE Corp, | Chapter: 11 |
| | **NOTICE OF RULING ON BANK OF AMERICA, N.A.'S REQUEST FOR RELIEF FROM STAY AND OBJECTION TO DEBTORS' USE OF CASH COLLATERAL** |
| Debtor. | |
| | Date: November 20, 2009 |
| __x__ Affects all Debtors | Time: 9:00 a.m. |
| ____ Affects the following Debtor(s): | Location: Courtroom 301 |
| | 21041 Burbank Blvd. |
| | Woodland Hills, CA 91367 |

  Debtor Meruelo Maddux Properties – 760 S. Hill Street, LLC ("Debtor") owns real property in downtown Los Angeles on the corner of West 8th Street and South Hill Street which is known as "Union Lofts." Bank of America, N.A. ("BofA") holds a lien on the Property with an interest in the cash collateral generated thereby to secure an obligation from the Debtor. The Bank holds additional collateral exceeding $6,400,000 in cash in a restricted money market account ("Reserved Cash").

On July 8, 2009, the BofA filed a motion for relief from stay on Union Lofts, seeking relief under sections 362(d)(1) and 362(d)(2) of the bankruptcy code. In October 2009, the court was informed that the parties had reached an agreement to resolve the relief from stay motion which provided for using the Reserved Cash to pay all outstanding real property taxes and penalties and the real property taxes for the 2009-2010 fiscal year, with the balance of the funds to be paid to BofA and applied to the principal balance owed. It is the court's present understanding, as of November 19, 2009, that this agreement fell apart and that the relief from stay matter is before the court for ruling at this time.

In addition, BofA is one of the creditors who objected to the use of its cash collateral for any purpose other than, presumably, to preserve and maintain Union Lofts. Currently, under the court's interim orders, this Debtor's cash collateral is swept into a cash management system utilized by Meruelo Maddux Properties, Inc. ("MMPI") and 53 affiliates each of which filed for relief under chapter 11 on March 26 or March 27, 2009 (the "MM Debtors"). This court has already ruled that the MM Debtors are operated as a single business enterprise. BofA's objection to the use of cash collateral is also on for ruling. The parties have agreed that evidence and testimony presented in either of the BofA's pending matters can be used in each of them.

Relief from Stay

This matter was continued from time to time by agreement of the parties. It was argued on September 10, 2009 and on September 25, 2009. At the first hearing, the court found that there was equity in the property and denied relief under section 362(d)(2). Therefore, it is not the MM Debtors' burden to demonstrate that Union Lofts is necessary for an effective reorganization or that such a reorganization is in prospect. Nonetheless, the court notes that the MM Debtors have articulated their intention to file a disclosure statement and plan on or

- 2

before November 30, 2009, the extended date on which the MM Debtors' exclusive right to file a plan expires.

The primary issue under section 362(d)(1) is whether the value of the collateral is sufficient to adequately protect BofA's interest in Union Lofts and, if not, what would be required to provide such adequate protection. Union Lofts is a newly-constructed 92-unit residential building which is currently in lease-up operations. As of the last information to the court, the building is approximately 50% occupied. The Debtor estimates the value of Union Lofts as $29.2 million. BofA asserts that the value of Union Lofts is $25.2 million "as is" and $27.1 million on stabilization of the property. With the addition of the Reserved Cash, the value of BofA's collateral is $35.6 million (Debtor); $31.6 (BofA – "as is"); or, $33.5 million (BofA – stabilized), respectively.

The debt to BofA as of July 8, 2009, was approximately $29.1 million. Calculating costs of sale at 5% of the value of Union Lofts, the equity cushion for BofA is, respectively, 14.1% (Debtor); 3.8% (BofA – "as is"); or 11% (BofA – stabilized).

BofA urges the court to further discount the potential equity by 10% to 20% based on Richard Meruelo's testimony that his valuation for the Debtor might be impacted downward by a number of things, including whether there was a forced liquidation sale. Instead, and on consideration of all of the arguments, the court concludes that, for purposes of this analysis only, the value of the property is closer to BofA's "as is" value and that the equity cushion protecting BofA's position is less than 5%.

The court also concludes that there is not sufficient cause otherwise to relieve the stay at this time. Therefore, continuance of the stay requires the Debtor to provide additional adequate protection. Based on the foregoing, the value of BofA's collateral is not sufficient to

protect BofA for the MM Debtors' use of the cash collateral produced by Union Lofts and the MM Debtors must provide adequate protection for such use.

The MM Debtors offer to provide the following adequate protection to BofA as follows:

1. a replacement lien in post-petition cash collateral;

2. payment of the normal and ordinary expenses for maintaining and preserving the real property collateral;

3. payment of post-petition real property taxes for the 2009-2010 year, i.e., that payment which is due November 1, 2009, and last payable without penalty by December 10, 2009.

In addition to the foregoing, the MM Debtors must provide additional adequate protection in the form of a lien on the South Park Property [insert actual address] in an amount equal to the post-petition accruing interest at the default rate beginning as of August 1, 2009.

DATED: December 1, 2009

*Kathleen Thompson*
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **NOTICE OF RULING ON BANK OF AMERICA, N.A.'S REQUEST FOR RELIEF FROM STAY AND OBJECTION TO DEBTORS' USE OF CASH COLLATERAL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 11/20/09, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Meruelo Maddux Properties Inc.
761 Terminal Street, Building 1, 2nd Fl.
Los Angeles, CA 90021

Janis G. Abrams
The Gersh Law Firm Inc.
15821 Ventura Blvd., Ste. 515
Encino, CA 91436

David P. Beitchman
16130 Ventura Blvd., Ste. 570
Encino, CA 91436

Andrew F. Kim
Blank Rome LLP
1925 Century Pk. E., Ste. 1900
Los Angeles, CA 90067

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

| | | |
|---|---|---|
| 1 | John J Bingham | jbingham@dgdk.com |
| | Jennifer L Braun | jennifer.l.braun@usdoj.gov |
| 2 | Martin J Brill | mjb@lnbrb.com |
| | Howard Camhi | hcamhi@ecjlaw.com |
| 3 | Ronald R Cohn | rcohn@horganrosen.com |
| | Michaeline H Correa | mcorrea@jonesday.com |
| 4 | Brian L Davidoff | bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com, jreinglass@rutterhobbs.com |
| 5 | Aaron De Leest | aed@dgdk.com |
| | Michael G Fletcher | mfletcher@frandzel.com, efiling@frandzel.com, shom@frandzel.com |
| 6 | Donald L Gaffney | dgaffney@swlaw.com |
| | Thomas M Geher | tmg@jmbm.com |
| 7 | Bernard R Given | bgiven@frandzel.com, efiling@frandzel.com, shom@frandzel.com, bgiven@frandzel.com |
| 8 | Barry S Glaser | bglaser@swjlaw.com |
| | John A Graham | jag@jmbm.com |
| 9 | Asa S Hami | ahami@sulmeyerlaw.com |
| | Brian T Harvey | bharvey@buchalter.com, IFS_filing@buchalter.com |
| 10 | Michael S Kogan | mkogan@ecjlaw.com |
| | Tamar Kouyoumjian | tkouyoumjian@sulmeyerlaw.com |
| 11 | Duane Kumagai | dkumagai@rutterhobbs.com, calendar@rutterhobbs.com |
| | Steven K Linkon | slinkon@rcolegal.com |
| 12 | Elmer D Martin | elmermartin@msn.com |
| | Elissa Miller | emiller@sulmeyerlaw.com |
| 13 | Iain A W Nasatir | inasatir@pszjlaw.com, jwashington@pszjlaw.com |
| | Lawrence Peitzman | lpeitzman@pwkllp.com |
| 14 | Eric S Pezold | epezold@swlaw.com, dwlewis@swlaw.com |
| | Craig M Rankin | cmr@lnbrb.com |
| 15 | Michael B Reynolds | mreynolds@swlaw.com, kcollins@swlaw.com |
| | Martha E Romero | Romero@mromerolawfirm.com |
| 16 | Victor A Sahn | vsahn@sulmeyerlaw.com |
| | James Stang | jstang@pszjlaw.com |
| 17 | John N Tedford | jtedford@dgdk.com |
| | Alan G Tippie | atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com |
| 18 | United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |
| | Jasmin Yang | jyang@swlaw.com |