| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **17.** Meruelo Maddux – 5500 Flotilla Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **18.** Meruelo Maddux Properties – 12385 San Fernando Road LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **20.** Merco Group – 801 E. 7th Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **21.** Merco Group – 1211 E. Washington Boulevard LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **28.** Meruelo Maddux – 3rd & Omar Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **29.** Meruelo Maddux – 336 W. 11th Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **30.** Meruelo Maddux – 500 Mateo Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **31.** Meruelo Maddux Properties – 760 S. Hill Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **35.** Meruelo Maddux – 915-949 S. Hill Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **39.** Meruelo Maddux Properties – 2131 Humboldt Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **42.** Meruelo Maddux Properties – 2951 Lenwood Road LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **52.** Meruelo Wall Street LLC | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **55.** MM 845 S. Flower | | |

346506.1

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **Name** – IRS<br>**Type of tax** – income | $0.00 | See below. |
| **TOTAL**[4] | **$62,220** | |

Except as otherwise provided below, or as otherwise agreed to by Reorganized Debtor and the applicable taxing agency, Reorganized Debtor shall pay to each Holder of an Allowed Priority Tax Claim allowed in an amount greater than $800, deferred Cash payments, over a period not exceeding five years from the Petition Date, of an aggregate amount equal to the amount of such Allowed Priority Tax Claim, with interest at the Federal Judgment Rate of 0.64% per annum accruing from the Petition Date of such Allowed Priority Tax Claim (without penalty of any kind).

Holders of Allowed Priority Tax Claims shall receive deferred cash payments, payable in fifteen (15) equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution Date. In the event a Disputed Priority Tax Claim becomes an Allowed Priority Tax Claim, the first payment will be due and payable on the later of the next Quarterly Distribution Date or thirty days after the end of the calendar quarter in which the Disputed Priority Tax Claim becomes an Allowed Priority Tax Claim, and the first payment shall include payment on any quarters for which payment had not been made before the Disputed Priority Tax Claim became an Allowed Priority Tax Claim. Each installment shall include interest on the unpaid portion of such Allowed Priority Tax Claim, without penalty of any kind, at the Federal Judgment Rate of 0.64% per annum. In the event an Allowed Priority Tax Claim is in the amount of $800 or less, the Reorganized Debtor shall pay such Claim in full on the latest of (a) the Effective Date, (b) thirty days after the end of the calendar quarter in which an Order allowing such priority Tax Claim becomes a Final Order, and (c) such other time or times as

---

[4]    Franchise Tax Board has filed claims for franchise taxes for the 2009 year corporate tax fee of $800 in the Debtors' cases scheduled above. Debtors' records indicate that all such taxes have been paid and, accordingly, the above schedule shows the amount of the such FTB claims to be zero but if it is determined that the FTB has Allowable Claims, the treatment is as provided above.

346506.1

1  may be agreed to by the Holder of such Tax Claim and the Reorganized Debtor, with interest at the

2  Federal Judgment Rate of 0.64% per annum accruing from the Petition Date.

3      **2.**    <u>Treatment of Classified Claims Against and Interests in the Debtors</u>

4      **(a)**    **Class A – Secured Claims Against Debtors and their Treatment**

5  Classes 10A, 11A, 12A, 13A, 14A, 15A, 16A, 18A, 20A, 21A, 22A, 24A, 25A, 26A, 27A,

6  28A, 29A, 30A, 32A, 33A, 34A, 35A, 36A, 37A, 38A, 39A, 40A, 41A, 42A, 43A, 44A, 45A, 46A,

7  47A, 48A, 49A, 50A, 51A, 52A, 53A, 54A, 55A and 56A comprise the Secured Claims against the

8  Debtors.

9  In addition to the specific treatment detailed below, the Debtors expressly reserve the right

10  to abandon any of their real properties pursuant to Section 554 of the Bankruptcy Code prior to the

11  Confirmation Date. The Debtors also expressly reserve the right, at any time during the term of the

12  Plan, to refinance the obligations secured by any of their real properties and satisfy the full amount

13  of the Allowed Secured Claims against such real property(ies) from the proceeds of such

14  refinancing.

15      **A.**    <u>**Classes 10A through 28A and Classes 29A1 through 56A1**</u>

16      <u>**Secured Claims of Los Angeles County and San**</u>

17      <u>**Bernardino Tax Collectors Against Debtors' Real**</u>

18      <u>**Property**</u>

19  The Holder shall receive deferred cash payments equal to the Allowed amount of the Claims

20  with interest at the rate of 3.25 percent per annum, or at a rate otherwise established by the

21  Bankruptcy Court, accruing on the total prepetition amount owing. Holders of Allowed Secured

22  Tax Claims shall receive deferred cash payments, payable in fifteen (15) equal quarterly

23  installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding

24  Quarterly Distribution Date, with the last payment payable by no later than March 26, 2014. In the

25  event a Disputed Secured Tax Claim becomes an Allowed Secured Tax Claim: the first payment

26  will be due and payable on the later of the next Quarterly Distribution Date or thirty days after the

27  end of the calendar quarter in which the Disputed Priority Tax Claim becomes an Allowed Secured

28

346506.1

1  Tax Claim, and the first payment shall include payment on any quarters for which payment had not

2  been made before the Disputed Priority Tax Claim became and Allowed Priority Tax Claim.

3      Post-petition real property taxes are being paid in the ordinary course of the Debtor's

4  business.  The Reorganized Debtor shall have the right to pay the Allowed Secured Tax Claim, or

5  any remaining balance of such Claim, or any portion of such Claim, at any time on or after the

6  Effective Date, without premium or penalty of any kind.

7  **B.    Class 10A – Secured Claim of Los Angeles County Tax**

8  **Collector Against MMP 1009 N. Citrus**

9

10
| Value of the Real Property[5] | $3,120,000 |
|---|---|
| Priority of Lien | 1st |
| Total Prepetition Claim[6] | $83,184 |
| Estimated Quarterly Payment | $6,144 |
| Total Payout Amount | $98,307 |

16  The payment obligations with respect to this Claim shall be secured by the MMP-1009 N.

17  Citrus Real Property.

18      The Class 10A Claim is Unimpaired and therefore the Holder of the Class 10A Claim is not

19  entitled to vote on the Plan.

20  **C.    Class 11A – Secured Claim of Los Angeles County Tax**

21  **Collector Against MM 230 W. Avenue 26**

22

23
| Value of Real Property | $5,200,000 |
|---|---|

[5]  Unless otherwise noted the source of the valuation of Real Property is from the Debtors.

[6]  The amounts reflected in the tables describing the treatment of the Claims of the Tax
Collector for the County of Los Angeles under this Section III.B.2.a  are amounts estimated
by the Debtors as the allowable amount of the County of Los Angeles Tax Collector's pre-
petition tax claims. The Debtors contemplate that the amount of the Prepetition Secured
Claim will be determined by Motion.

346506.1

| Priority of Lien | 1st |
|---|---|
| Total Prepetition Claim | $110,666 |
| Estimated Quarterly Payment | $8,174 |
| Total Payout Amount | $130,784 |

The payment obligations with respect to this Claim shall be secured by the MM 230 W. Avenue 26 Real Property.

The Class 11A Claim is Unimpaired and therefore the Holder of the Class 11A Claim is not entitled to vote on the Plan.

### D. Class 12A – Secured Claim of Los Angeles County Tax Collector Against MMP 306-330 N. Avenue 21

| Value of Real Property | $1,987,500 |
|---|---|
| Priority of Lien | 1st |
| Total Prepetition Claim | $75,766 |
| Estimated Quarterly Payment | $5,596 |
| Total Payout Amount | $89,540 |

The payment obligations with respect to this Claim shall be secured by the MMP 306-330 N. Avenue 21 Real Property.

The Class 12A Claim in Unimpaired and therefore the Holder of the Class 12A Claim is not entitled to vote on the Plan.

### E. Class 13A Secured Claim of Los Angeles County Tax Collector against MM 817-825 S. Hill Street

| Value of Real Property | $6,960,000 |
|---|---|
| Priority of Lien | 1st |

346506.1

| | |
|---|---|
| Total Prepetition Claim | $258,951 |
| Estimated Quarterly Payment | $19,127 |
| Total Payout Amount | $306,026 |

The payment obligations with respect to this Claim shall be secured by the MM 817-825 S. Hill Street Real Property.

The Class 13A Claim is Unimpaired and therefore the Holder of the Class 13A Claim is not entitled to vote on the Plan.

F.    **Class 14A Secured Claim of Los Angeles County Tax Collector Against MM 1000 E. Cesar Chavez**

| | |
|---|---|
| Value of Real Property | $4,554,579 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $114,073 |
| Estimated Quarterly Payment | $8,426 |
| Total Payout Amount | $134,810 |

The payment obligations with respect to this Claim shall be secured by the MM 1000 E. Cesar Chavez Real Property.

The Class 14A Claim is Unimpaired and therefore the Holder of the Class 14A Claim is not entitled to vote on the Plan.

G.    **Class 15A Secured Claim of Los Angeles County Tax Collector Against Meruelo MMP 1060 N. Vignes**

| | |
|---|---|
| Value of Real Property | $8,646,650 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $77,938 |

346506.1

| | |
|---|---|
| Estimated Quarterly Payment | $5,757 |
| Total Payout Amount | $92,106 |

The payment obligations with respect to this Claim shall be secured by the MMP 1060 N. Vignes Real Property.

The Class 15A Claim is Unimpaired and therefore the Holder of the Class 15A Claim is not entitled to vote on the Plan.

### H.    Class 16A Secured Claim of Los Angeles County Tax Collector Against MM 2415 E. Washington Boulevard

| | |
|---|---|
| Value of Real Property | $1,295,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $43,906 |
| Estimated Quarterly Payment | $3,243 |
| Total Payout Amount | $51,887 |

The payment obligations with respect to this Claim shall be secured by the MM 2415 E. Washington Boulevard Real Property.

The Class 16A Claim is Unimpaired and therefore the Holder of the Class 16A Claim is not entitled to vote on the Plan.

### I.    Class 18A Secured Claim of Los Angeles County Tax Collector Against MMP 12385 San Fernando Road

| | |
|---|---|
| Value of the Real Property | $9,127,800 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $143,253 |
| Estimated Quarterly Payment | $10,581 |
| Total Payout Amount | $169,295 |

346506.1

1    The payment obligations with respect to this Claim shall be secured by the MMP 12385 San

2    Fernando Road Real Property.

3    The Class 18A Claim is Unimpaired and therefore the Holder of the Class 18A Claim is not

4    entitled to vote on the Plan.

5    **J.    Class 20A Secured Claim of Los Angeles County Tax**

6    **Collector Against MG 801 E. 7th Street**

7

| | |
|---|---|
| Value of Real Property | $360,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $9,555 |
| Estimated Quarterly Payment | $706 |
| Total Payout Amount | $11,292 |

14    The payment obligations with respect to this Claim shall be secured by the MG 801 E. 7th

15    Street Real Property.

16    The Class 20A Claim is Unimpaired and therefore the Holder of the Class 20A Claim is not

17    entitled to vote on the Plan.

18    **K.    Class 21A-1 Secured Claim of Los Angeles County Tax**

19    **Collector Against MG 1211 E. Washington Boulevard**

20

| | |
|---|---|
| Value of Real Property | $9,108,396 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $166,366 |
| Estimated Quarterly Payment | $12,288 |
| Total Payout Amount | $196,610 |

27    The payment obligations with respect to this Claim shall be secured by the MG 1211 E.

28    Washington Boulevard Real Property.

346506.1

1    The Class 21A-1 Claim is Unimpaired and therefore the Holder of the Class 21A-1 Claim is

2    not entitled to vote on the Plan.

3    **L.    Class 21A-2 Secured Claim of RoofCorp of CA, Inc.**

4    **Against MG 1211 E. Washington Boulevard**

5    The Holder shall receive a payment on the Effective Date equal to 50% of the Holder's

6    Allowed Claim and a second payment for the balance of the Holder's Allowed Claim one year after

7    the Effective Date with interest at the rate of 3.50 per cent per annum.

| | |
|---|---|
| Value of Real Property | $9,108,396 |
| Priority of Lien | 2nd |
| Total Claim | $37,500 |
| Total Payout Amount | $39,931 |

13    The payment obligations with respect to this Claim shall be secured by the MG 1211 E.

14    Washington Boulevard Real Property.

15    The Class 21A-2 Claim is **Impaired** and therefore the Holder of the Class 21A-2 Claim is

16    entitled to vote on the Plan.

17    **M.    Class 22A Secured Claim of Los Angeles County Tax**

18    **Collector Against MG 1308 S. Orchard**

| | |
|---|---|
| Value of Real Property | $700,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $26,519 |
| Estimated Quarterly Payment | $1,959 |
| Total Payout Amount | $31,340 |

26    The payment obligations with respect to this Claim shall be secured by the MG 1308 S.

27    Orchard Real Property.

28

346506.1

The Class 22A Claim is Unimpaired and therefore the Holder of the Class 22A Claim is not entitled to vote on the Plan.

**N.    Class 24A Secured Claim of Los Angeles County Tax Collector Against MG Ceres Street Produce**

| | |
|---|---|
| Value of Real Property | $2,419,200 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $43,968 |
| Estimated Quarterly Payment | $3,248 |
| Total Payout Amount | $51,961 |

The payment obligations with respect to this Claim shall be secured by the MG Ceres Street Produce Real Property.

The Class 24A Claim is Unimpaired and therefore the Holder of the Class 24A Claim is not entitled to vote on the Plan.

**O.    Class 25A Secured Claim of Los Angeles County Tax Collector Against MBP**

| | |
|---|---|
| Value of Real Property | $7,522,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $138,602 |
| Estimated Quarterly Payment | $10,237 |
| Total Payout Amount | $163,798 |

The payment obligations with respect to this Claim shall be secured by the MBP Real Property.

The Class 25A Claim is Unimpaired and therefore the Holder of the Class 25A Claim is not entitled to vote on the Plan.

346506.1

**P.    Class 26A Secured Claim of Los Angeles County Tax Collector Against Santa Fe & Washington Market**

| Value of Real Property | | $4,829,200 |
|---|---|---|
| Priority of Lien | | 1st |
| Total Prepetition Claim | | $24,782 |
| Estimated Quarterly Payment | | $1,830 |
| Total Payout Amount | | $29,287 |

The payment obligations with respect to this Claim shall be secured by the Santa Fe & Washington Market Real Property.

The Class 26A Claim is Unimpaired and therefore the Holder of the Class 26A Claim is not entitled to vote on the Plan.

**Q.    Class 27A Secured Claim of Los Angeles County Tax Collector Against MG 5707 S. Alameda re 5707-15 S. Alameda and 5716 Alba Street aka 57th Street and Bandera**

| Value of Real Property | | $5,034,320 |
|---|---|---|
| Priority of Lien | | 1st |
| Total Prepetition Claim | | $75,637 |
| Estimated Quarterly Payment | | $5,587 |
| Total Payout Amount | | $89,387 |

The payment obligations with respect to this Claim shall be secured by the 5707 S. Alameda Real Property.

The Class 27A Claim is Unimpaired and therefore the Holder of the Class 27A Claim is not entitled to vote on the Plan.

346506.1

72

**R.    Class 28A-1 Secured Claim of Los Angeles County Tax Collector Against MM 3rd & Omar Street**

| Value of Real Property | | $3,000,000 |
|---|---|---|
| Priority of Lien | | 1st |
| Total Prepetition Claim | | $108,383 |
| Estimated Quarterly Payment | | $8,005 |
| Total Payout Amount | | $128,086 |

The payment obligations with respect to this Claim shall be secured by the MM 3rd & Omar Street Real Property.

The Class 28A-1 Claim is Unimpaired and therefore the Holder of the Class 28A-1 Claim is not entitled to vote on the Plan.

**S.    Class 28A-2 Secured Claim of Legendary Against MM 3rd & Omar Street**

The Holder shall receive deferred Cash payments, over a period not exceeding seven years from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed Secured Claim at the rate prescribed below.  Payments shall be made in the amount of the monthly accruing interest, with the principal balance and any unpaid interest all due and payable at the Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the first full month following  the latest of: (a) the Effective Date, (b) thirty days after the end of the calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor.  Each installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per annum or as otherwise established by the Bankruptcy Court.

346506.1

1    The terms and conditions of the loan as evidenced by the Loan Documents between the

2    Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

3    term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

4    providing for the assessment of interest at a rate greater than that provided above shall be of no

5    force and effect; 3)  the transfer by the borrower of any collateral provided to the Holder, to any

6    other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

7    shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

8    Date or enforce any other remedy under the Loan Documents;  4)  any provision in the Loan

9    Documents providing that the failure to satisfy any financial criteria is an event of default or that

10   otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

11   shall be of no further force and effect;  5) any lien or interest granted to the Holder by the

12   Bankruptcy Court as adequate protection shall be released and extinguished;  6) any term or

13   condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

14   unenforceable under law or equity and of no further force and effect.

15   The amounts of the debt or Claims set forth in the below schedule are by way of illustration

16   and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

17   determined the Allowed Secured Claim of such Holder.

| | |
|---|---|
| Value of Real Property | $3,000,000 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $2,559,658 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | $818 |
| Other Allowable Charges under Section 506(b) | To Be Determined |
| Estimated Monthly Interest Payment | $9,318 |

346506.1

1    The payment obligations with respect to this Claim shall be secured by the MM 3rd & Omar

2    Street Real Property.

3    The Class 28A-2 Claim is **Impaired** and therefore the Holder of the Class 28A-2 Claim is

4    entitled to vote on the Plan.

5    **T.    Class 29A-1 Secured Claim of Los Angeles County Tax**

6    **Collector Against MM 336 W. 11th Street**

7

| | |
|---|---|
| Value of Real Property | $5,386,150 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $171,808 |
| Estimated Quarterly Payment | $12,690 |
| Total Payout Amount | $203,041 |

14    The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th

15    Street Real Property.

16    The Class 29A-1 Claim is Unimpaired and therefore the Holder of the Class 29A-1 Claim is

17    not entitled to vote on the Plan.

18    **U.    Class 29A-2 Secured Claim of Grand Avenue Lofts, HOA**

19    **Against MM 336 W. 11th Street**

20    The Holder shall receive deferred Cash payments, over a period not exceeding seven years

21    from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the

22    Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed

23    Secured Claim, at the rate prescribed below.  Payments shall be made in the amount of the monthly

24    accruing interest, with the principal balance and any unpaid interest all due and payable at the

25    Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth

26    (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the

27    first full month following  the latest of: (a) the Effective Date, (b) thirty days after the end of the

28    calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other

346506.1

1   time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor. Each

2   installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per

3   annum or as otherwise established by the Bankruptcy Court.

4          The terms and conditions of any agreement or instrument between the Holder and the

5   Debtor ("336 W. 11th St. Agreement") shall be restructured and amended as of the Effective Date as

6   follows: 1) the period within which the Debtor is to perform any non-monetary obligation under

7   the 336 W. 11th St. Agreement is extended to the Maturity Date; 2) any provision in the 336 W. 11th

8   St. Agreement providing for the assessment of interest at a rate greater than that provided above

9   shall be of no force and effect; 3) the transfer by the borrower of any collateral provided to the

10  Holder, to any other Debtor, or the change in ownership of the Debtor or any other Debtor or

11  Reorganized Debtor, shall not constitute an event of default or otherwise constitute grounds to

12  accelerate the Maturity Date or enforce any other remedy under the Loan Documents; 4) any

13  provision in the Loan Documents providing that the failure to satisfy any financial criteria is an

14  event of default or that otherwise requires the delivery or submission of financial data of the

15  Debtor, or any other Debtor, shall be of no further force and effect; 5) any property, including Cash

16  or cash equivalents, of the Debtor held by the Holder in trust or as its collateral or against which it

17  holds a lien by possession or through other perfection under the laws of the State of California, shall

18  be disbursed or applied pursuant to the terms of the 336 W. 11th St. Agreement between the Holder

19  and the Debtor, without the necessity of further demand and Holder shall execute all documents

20  necessary to effectuate this clause; 6) any lien or interest granted to the Holder by the Bankruptcy

21  Court as adequate protection shall be released and extinguished; 7) any term or condition in the

22  336 W. 11th St. Agreement that is violated by any provision of the Plan shall be deemed

23  unenforceable under law or equity and of no further force and effect.

24         The amounts of the debt or Claims set forth in the below schedule are by way of illustration

25  and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

26  determined the Allowed Secured Claim of such Holder.

27

28

346506.1

| Value of Real Property | $5,386,150 |
|---|---|
| Priority of Lien | 3rd[7] |
| Total Claim | $270,000 |
| Total Payout | $270,000, plus such interest as may b[e] payable at law |

The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th Street Real Property.

The Class 29A-2 Claim is impaired and therefore the Holder of the Class 29A-2 Claim is entitled to vote on the Plan.

**V.    Class 29A-3 Secured Claim of Grand Avenue Lofts, LLC / CIM Urban RE Fund GP II, LLC Against MM 336 W. 11th Street**

The Holder shall receive deferred Cash payments, over a period not exceeding seven years from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed Secured Claim, at the rate prescribed below. Payments shall be made in the amount of the monthly accruing interest, with the principal balance and any unpaid interest all due and payable at the Maturity Date. The monthly installments of interest shall be payable on or before the fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the first full month following the latest of: (a) the Effective Date, (b) thirty days after the end of the calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor. Each installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per annum or as otherwise established by the Bankruptcy Court.

---

[7] Legendary holds a second priority deed of trust against the MM 336 W. 11th Street Real Property

1    The terms and conditions of any agreement or instrument between the Holder and the

2    Debtor ("336 W. 11th St. Agreement") shall be restructured and amended as of the Effective Date as

3    follows: 1) the period within which the Debtor is to perform any non-monetary obligation under

4    the 336 W. 11th St. Agreement is extended to the Maturity Date; 2) any provision in the 336 W. 11th

5    St. Agreement providing for the assessment of interest at a rate greater than that provided above

6    shall be of no force and effect; 3) the transfer by the borrower of any collateral provided to the

7    Holder, to any other Debtor, or the change in ownership of the Debtor or any other Debtor or

8    Reorganized Debtor, shall not constitute an event of default or otherwise constitute grounds to

9    accelerate the Maturity Date or enforce any other remedy under the Loan Documents; 4) any

10    provision in the Loan Documents providing that the failure to satisfy any financial criteria is an

11    event of default or that otherwise requires the delivery or submission of financial data of the

12    Debtor, or any other Debtor, shall be of no further force and effect; 5) any lien or interest granted

13    to the Holder by the Bankruptcy Court as adequate protection shall be released and extinguished;

14    6) any term or condition in the 336 W. 11th St. Agreement that is violated by any provision of the

15    Plan shall be deemed unenforceable under law or equity and of no further force and effect.

16    The amounts of the debt or Claims set forth in the below schedule are by way of illustration

17    and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

18    determined the Allowed Secured Claim of such Holder.

19

| | |
|---|---|
| Value of Real Property | $5,386,150 |
| Priority of Lien | 4th |
| Total Claim | Unknown |
| Total Payout Amount Over Time | Unknown |

25    The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th

26    Street Real Property.

27    The Class 29A-3 Claim is **Impaired** and therefore the Holder of the Class 29A-3 Claim is

28    entitled to vote on the Plan.

346506.1

1                              **W.**     **Class 29A-4 Secured Claim of Legendary Against 336 W.**

2                                      **11th Street**

3        The Holder shall receive deferred Cash payments, over a period not exceeding seven years

4 from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the

5 Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed

6 Secured Claim at the rate prescribed below.  Payments shall be made in the amount of the monthly

7 accruing interest, with the principal balance and any unpaid interest all due and payable at the

8 Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth

9 (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the

10 first full month following  the latest of: (a) the Effective Date, (b) thirty days after the end of the

11 calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other

12 time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor.  Each

13 installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per

14 annum or as otherwise established by the Bankruptcy Court.

15        The terms and conditions of the loan as evidenced by the Loan Documents between the

16 Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

17 term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

18 providing for the assessment of interest at a rate greater than that provided above shall be of no

19 force and effect; 3)  the transfer by the borrower of any collateral provided to the Holder, to any

20 other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

21 shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

22 Date or enforce any other remedy under the Loan Documents;  4)  any provision in the Loan

23 Documents providing that the failure to satisfy any financial criteria is an event of default or that

24 otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

25 shall be of no further force and effect;  5) any lien or interest granted to the Holder by the

26 Bankruptcy Court as adequate protection shall be released and extinguished;  6) any term or

27 condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

28 unenforceable under law or equity and of no further force and effect.

346506.1

1    The amounts of the debt or Claims set forth in the below schedule are by way of illustration

2  and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

3  determined the Allowed Secured Claim of such Holder.

4

| | |
|---|---|
| Value of Real Property | $5,386,150 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | See Class 46A-2 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | See Class 46A-2 |
| Other Allowable Charges under Section 506(b) | See Class 46A-2 |
| Estimated Monthly Interest Payment | See Class 46A-2 |

14    The payment obligations with respect to this Claim are those of 620 Gladys Street and are

15  secured by the 620 Gladys Street  and the 336 W. 11th Street Real Property.

16

17    **X.    Class 30A-1 Secured Claim of Los Angeles County Tax**

18    **Collector Against MM 420 Boyd Street**

19

| | |
|---|---|
| Value of Real Property | $6,375,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $236,813 |
| Estimated Quarterly Payment | $17,491 |
| Total Payout Amount | $279,864 |

26    The payment obligations with respect to this Claim shall be secured by the MM 420 Boyd

27  Street Real Property.

28

346506.1

1    The Class 30A-1 Claim is Unimpaired and therefore the Holder of the Class 30A-1 Claim is

2    not entitled to vote on the Plan.

3    **Y.    Class 30A-2 Secured Claim of Legendary Against MM 420**

4    **Boyd Street**

5    The Holder shall receive deferred Cash payments, over a period not exceeding seven years

6    from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the

7    Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed

8    Secured Claim at the rate prescribed below.  Payments shall be made in the amount of the monthly

9    accruing interest, with the principal balance and any unpaid interest all due and payable at the

10    Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth

11    (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the

12    first full month following  the latest of: (a) the Effective Date, (b) thirty days after the end of the

13    calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other

14    time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor.  Each

15    installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per

16    annum or as otherwise established by the Bankruptcy Court.

17    The terms and conditions of the loan as evidenced by the Loan Documents between the

18    Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

19    term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

20    providing for the assessment of interest at a rate greater than that provided above shall be of no

21    force and effect; 3)  the transfer by the borrower of any collateral provided to the Holder, to any

22    other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

23    shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

24    Date or enforce any other remedy under the Loan Documents; 4)  any provision in the Loan

25    Documents providing that the failure to satisfy any financial criteria is an event of default or that

26    otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

27    shall be of no further force and effect;  5) any lien or interest granted to the Holder by the

28    Bankruptcy Court as adequate protection shall be released and extinguished;  6) any term or

346506.1

1  condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

2  unenforceable under law or equity and of no further force and effect.

3       The amounts of the debt or Claims set forth in the below schedule are by way of illustration

4  and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

5  determined the Allowed Secured Claim of such Holder.

| | |
|---|---|
| Value of Real Property | $6,375,000 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $5,950,000 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | $2,064 |
| Other Allowable Charges under Section 506(b) | Unknown |
| Estimated Monthly Payment | $22,299 |

The payment obligations with respect to this Claim shall be secured by the MM 420 Boyd Street Real Property.

The Class 30A-2 Claim is **Impaired** and therefore the Holder of the Class 30A-2 Claim is entitled to vote on the Plan.

**Z.    Class 32A-1 Secured Claim of Los Angeles County Tax Collector Against MMP 760 S. Hill Street**

| | |
|---|---|
| Value of Real Property | $29,200,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $218,583 |
| Estimated Quarterly Payment | $16,145 |
| Total Payout Amount | $258,320 |

346506.1

1      The payment obligations with respect to this Claim shall be secured by the MMP 760 S. Hill

2  Street Real Property.

3      The Class 32A-1 Claim is Unimpaired and therefore the Holder of the Class 32A-1 Claim is

4  not entitled to vote on the Plan.

5             **AA.**    **Class 32A-2 Secured Claim of Bank of America Against**

6                        **MMP 760 S. Hill Street**

7      The Holder shall receive deferred Cash payments, over a period not exceeding seven years

8  from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the

9  Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed

10  Secured Claim at the rate prescribed below.  Payments shall be made in the amount of the monthly

11  accruing interest, with the principal balance and any unpaid interest all due and payable at the

12  Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth

13  (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the

14  first full month following  the latest of: (a) the Effective Date, (b) thirty days after the end of the

15  calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other

16  time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor.  Each

17  installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per

18  annum or as otherwise established by the Bankruptcy Court.

19      The terms and conditions of the loan as evidenced by the Loan Documents between the

20  Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

21  term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

22  providing for the assessment of interest at a rate greater than that provided above shall be of no

23  force and effect; 3)  the transfer by the borrower of any collateral provided to the Holder, to any

24  other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

25  shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

26  Date or enforce any other remedy under the Loan Documents;  4)  any provision in the Loan

27  Documents providing that the failure to satisfy any financial criteria is an event of default or that

28  otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

346506.1

1   shall be of no further force and effect;  5) at the election of the Debtors, upon the provision of

2   substitute collateral in the form of a second deed of trust on the South Park Property, the Holder

3   shall release its lien upon and convey to the Reorganized Debtor, the $6,400,000 in funds deposited

4   by the Debtor, plus the interest that has accrued thereon, with the Holder in that amount; 6) any lien

5   or interest granted to the Holder by the Bankruptcy Court as adequate protection shall be released

6   and extinguished; and 7) any term or condition in the Loan Documents that is violated by any

7   provision of the Plan shall be deemed unenforceable under law or equity and of no further force and

8   effect.

9         The amounts of the debt or Claims set forth in the below schedule are by way of illustration

10  and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

11  determined the Allowed Secured Claim of such Holder.

| | |
|---|---|
| Value of Real Property | $29,200,000 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $28,108,094 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | $5,661 |
| Other Allowable Charges under Section 506(b) | Unknown |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | $28,965,837 |
| Estimated Monthly Payment | $90,518 |

      The payment obligations with respect to this Claim shall be secured by the BofA Collateral

re MMP 760 S. Hill Street.

      The Class 32A-2 Claim is **Impaired** and therefore the Holder of the Class 32A-2 Claim is

entitled to vote on the Plan.

346506.1

**BB.    Class 33A-1 Secured Claim of Los Angeles County Tax Collector Against 788 S. Alameda**

| | |
|---|---|
| Value of Real Property | $9,333,333 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $81,283 |
| Estimated Quarterly Payment | $6,004 |
| Total Payout Amount | $96,059 |

The payment obligations with respect to this Claim shall be secured by the 788 S. Alameda Real Property.

The Class 33A-1 Claim is Unimpaired and therefore the Holder of the Class 33A-1 Claim is not entitled to vote on the Plan.

**CC.    Class 33A-2 Secured Claim of California Bank & Trust Against 788 S. Alameda**

The Holder shall receive deferred Cash payments, over a period not exceeding seven years from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed Secured Claim at the rate prescribed below. Payments shall be made in the amount of the monthly accruing interest, with the principal balance and any unpaid interest all due and payable at the Maturity Date. The monthly installments of interest shall be payable on or before the fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the first full month following the latest of: (a) the Effective Date, (b) thirty days after the end of the calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor. Each installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per annum or as otherwise established by the Bankruptcy Court.

346506.1

1    The terms and conditions of the loan as evidenced by the Loan Documents between the

2    Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

3    term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

4    providing for the assessment of interest at a rate greater than that provided above shall be of no

5    force and effect; 3) the transfer by the borrower of any collateral provided to the Holder, to any

6    other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

7    shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

8    Date or enforce any other remedy under the Loan Documents; 4) any provision in the Loan

9    Documents providing that the failure to satisfy any financial criteria is an event of default or that

10   otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

11   shall be of no further force and effect; 5) any lien or interest granted to the Holder by the

12   Bankruptcy Court as adequate protection shall be released and extinguished; 6) any term or

13   condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

14   unenforceable under law or equity and of no further force and effect.

15    The amounts of the debt or Claims set forth in the below schedule are by way of illustration

16   and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

17   determined the Allowed Secured Claim of such Holder.

| | |
|---|---|
| Value of Real Property | $9,333,333 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $7,153,799 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | $2,087 |
| Other Allowable Charges under Section 506(b) | Unknown |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | $8,441,588 |

346506.1

| Estimated Monthly Payment | | $26,380 |
|---|---|---|

3  The payment obligations with respect to this Claim shall be secured by the CBT Collateral,

4  excluding therefrom any and all deposit or other accounts holding monies in the name of 788

5  Alameda, which monies as of the Effective Date shall be deemed funds free and clear of any

6  interest of CBT and available for the Reorganized Debtor's unfettered use.  Any lien encumbering

7  any other real property of the Debtors as adequate protection pursuant to any order of the

8  Bankruptcy Court shall be released and of no further force or effect as of the Effective Date.

9  The Class 33A-2 Claim is **Impaired** and therefore the Holder of the Class 33A-2 Claim is

10  entitled to vote on the Plan.

**DD.    Class 34A-1 Secured Claim of Los Angeles County Tax
Collector Against 905 8th Street**

| Value of Real Property | | $3,000,000 |
|---|---|---|
| Priority of Lien | | 1st |
| Total Prepetition Claim | | $75,205 |
| Estimated Quarterly Payment | | $5,555 |
| Total Payout Amount | | $88,877 |

The payment obligations with respect to this Claim shall be secured by the 905 8th Street Real Property.

The Class 34A-1 Claim is Unimpaired and therefore the Holder of the Class 34A-1 Claim is not entitled to vote on the Plan.

**EE.    Class 34A-2 Secured Claim of The Stanford Group LP
Against 905 8th Street**

The Holder shall receive deferred Cash payments, over a period not exceeding seven years from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed

346506.1

1  Secured Claim at the rate prescribed below.  Payments shall be made in the amount of the monthly

2  accruing interest, with the principal balance and any unpaid interest all due and payable at the

3  Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth

4  (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the

5  first full month following  the latest of: (a) the Effective Date, (b) thirty days after the end of the

6  calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other

7  time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor.  Each

8  installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per

9  annum or as otherwise established by the Bankruptcy Court.

10         The terms and conditions of the loan as evidenced by the Loan Documents between the

11  Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

12  term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

13  providing for the assessment of interest at a rate greater than that provided above shall be of no

14  force and effect; 3)  the transfer by the borrower of any collateral provided to the Holder, to any

15  other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

16  shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

17  Date or enforce any other remedy under the Loan Documents;  4)  any provision in the Loan

18  Documents providing that the failure to satisfy any financial criteria is an event of default or that

19  otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

20  shall be of no further force and effect;  5) any lien or interest granted to the Holder by the

21  Bankruptcy Court as adequate protection shall be released and extinguished;  6) any term or

22  condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

23  unenforceable under law or equity and of no further force and effect.

24         The amounts of the debt or Claims set forth in the below schedule are by way of illustration

25  and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

26  determined the Allowed Secured Claim of such Holder.

27

28

346506.1

| | | |
|---|---|---|
| Value of Real Property | | $3,000,000 |
| Priority of Lien | | 2nd |
| Total Estimated Allowable Pre-Petition Claim | | $1,950,000 |
| Per Diem Interest at the Non-Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | | $406 |
| Other Allowable Charges under Section 506(b) | | Unknown |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | | $2,175,308 |
| Estimated Monthly Payment | | $6,798 |

The payment obligations with respect to this Claim shall be secured by the 905 8th Street.

The Class 34A-2 Claim is **Impaired** and therefore the Holder of the Class 34A-2 Claim is entitled to vote on the Plan.

FF.    **Class 35A-1 Secured Claim of Los Angeles County Tax Collector Against MM 915-949 S. Hill Street**

| | | |
|---|---|---|
| Value of Real Property | | $12,540,000 |
| Priority of Lien | | 1st |
| Total Prepetition Claim | | $262,861 |
| Estimated Quarterly Payment | | $19,415 |
| Total Payout Amount | | $310,647 |

The payment obligations with respect to this Claim shall be secured by the MM 915-949 S. Hill Street Real Property.

346506.1

1    The Class 35A-1 Claim is Unimpaired and therefore the Holder of the Class 35A-1 Claim is

2  not entitled to vote on the Plan.

3              **GG.    Class 35A-2 Secured Claim of Imperial Against MM 915-**

4              **949 S. Hill Street**

5    Subject to Bankruptcy Court approval and finalization of documents memorializing their

6  agreement, MM 915-949 S. Hill Street and the Holder have agreed to a settlement of certain Claims

7  and other matters, including the treatment of the Holder's Claim under the Plan.  Provided that the

8  Bankruptcy Court approves such settlement, the Holder will receive treatment consistent therewith.

9  Without limiting or altering the provisions of the settlement, the treatment is as follows:  Interest on

10  the outstanding principal balance shall be based on a variable interest rate, with such rate based on

11  the weekly average percent per annum yield for six month Treasury Constant Maturities as

12  calculated by the U.S. Treasury and presently published in document H.15 (519) issued by the

13  

14  Board of Governors of the Federal Reserve System.  The rate will be adjusted on the first day of

15  each quarter of the calendar year.  Interest will accrue at a rate equal to such index rate plus 3.0%

16  per annum, with an estimated initial interest rate of 3.25% per annum.  The Holder shall receive

17  monthly installment interest-only payments.  The maturity date of the loan shall be January 1, 2013,

18  

19  at which time the entire unpaid principal balance of the loan and all accrued but unpaid interest

20  thereon shall be due and payable.  Prior to the Effective Date, and after approval of its compromise

21  by the Bankruptcy Court, MM 915-949 S. Hill Street shall have paid (a) $268,358.17 to the Holder

22  in satisfaction of all agreed-upon interest accrued under the applicable loan through November 30,

23  2009, and (b) $117,185.86 in satisfaction of all attorneys' fees, costs, expenses and other amounts

24  the Holder may have incurred through October 29, 2009; the payment of such amounts effectuated

25  a reinstatement of the loan in full.  The terms and conditions of the note and deed of trust made by

26  MM 915-949 S. Hill Street, and any other agreement or instrument relating to the MM 915-949 S.

27  

28  Hill Street Real Property, shall remain extant and unaltered, except with regard to those provisions

346506.1

1   modified by the settlement agreement and documents relating thereto, including but not limited to

2   the Loan Reinstatement Agreement and First Amendment to Loan Documents (Hill Street Loan).

3   In the event such settlement documentation is not signed or does not become effective or the

4   Bankruptcy Court does not approve the settlement, MM 915-949 S. Hill Street reserves the right to

5

6   modify this Plan to provide for treatment of the Holder's Claim in a manner similar to the treatment

7   afforded to similarly situated creditors.

8

| Value of Real Property | $12,540,000 - MM 915-949 S. Hill Street Real Property    +<br><br>$1,295,000 - MM 2415 E. Washington Boulevard Real Property    +<br><br>$1,948,000 – Santa Fe & Washington Market Encumbered Real Property +<br><br>$9,567,360 – 815 E. Temple Street Real Property<br><br>TOTAL = $25,350,360 |
|---|---|
| Priority of Lien | 2nd |
| Total Estimated Claim as of November 30, 2009, and June 30, 2010 | $9,007,827 |
| Estimated Per Diem Interest at Rate Agreed Upon in Settlement | $876 |
| Other Allowable Charges under Section 506(b) | $0.00 – such charges, which are detailed above, will be paid within five business days after entry of an order approving the terms of the Settlement and, in any event, prior to the Effective Date |
| Estimated Initial Monthly Payment | $26,267 |

26   Subject to the substitution of other real property as collateral pursuant to the procedures set

27   forth in the settlement, MM 915-949 S. Hill Street's obligations under its promissory note shall be

28   secured by [1] the MM 915-949 S. Hill Street Real Property, [2] the 815 E. Temple Street Real

346506.1

1  property, [3] the MM 2415 E. Washington Boulevard Real Property, and [4] the Santa Fe &

2  Washington Market Encumbered Real Property.  As part of the settlement, the Holder has waived,

3  released and discharged any and all adequate protection liens that have arisen or may in the future

4  arise in favor of the Holder pursuant to the Bankruptcy Court's orders authorizing MM 915-949 S.

5  Hill Street's use of cash collateral on an interim or final basis.

6         The Class 35A-2 Claim is **Impaired** and therefore the Holder of the Class 35A-2 Claim is

7  entitled to vote on the Plan.

8                 **HH.    Class 36A-1-a Secured Claim of Los Angeles County Tax**

9                          **Collector re Seventh Street Produce Market and Alameda**

10                         **Square**

11

| Value of Real Property | $109,700,000 |
|---|---|
| Priority of Lien | 1st |
| Total Prepetition Claim | $342,629 |
| Estimated Quarterly Payment | $25,307 |
| Total Payout Amount Over Time | $404,916 |

17

18         The payment obligations with respect to this Claim shall be secured by the Alameda

19  Produce Market Real Property.

20         The Class 36A-1-a Claim is Unimpaired and therefore the Holder of the Class 36A-1-a

21  Claim is not entitled to vote on the Plan.

22                 **II.    Class 36A -1-b Secured Claim of Los Angeles County Tax**

23                         **Collector re 1215 E. 7th Street**

24

| Value of Real Property | $3,000,000 |
|---|---|
| Priority of Lien | 1st |
| Total Prepetition Claim | $16,116 |
| Estimated Quarterly Payment | $1,190 |

346506.1

| Total Payout Amount | $19,046 |
|---|---|

The payment obligations with respect to this Claim shall be secured by Alameda Produce Market Unencumbered Property.

The Class 36A-1-b Claim is Unimpaired and therefore the Holder of the Class 36A-1-b Claim is not entitled to vote on the Plan.

**JJ.    Class 36A-2-a Secured Claim of Cathay Bank Against Alameda Produce Market – Second Priority Deed of Trust**

The Holder shall receive deferred Cash payments, over a period not exceeding seven years from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed Secured Claim at the rate prescribed below. Payments shall be made in the amount of the monthly accruing interest, with the principal balance and any unpaid interest all due and payable at the Maturity Date. The monthly installments of interest shall be payable on or before the fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the first full month following the latest of: (a) the Effective Date, (b) thirty days after the end of the calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor. Each installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per annum or as otherwise established by the Bankruptcy Court.

The terms and conditions of the loan as evidenced by the Loan Documents between the Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents providing for the assessment of interest at a rate greater than that provided above shall be of no force and effect; 3) the transfer by the borrower of any collateral provided to the Holder, to any other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor, shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

346506.1

1   Date or enforce any other remedy under the Loan Documents;  4)  any provision in the Loan

2   Documents providing that the failure to satisfy any financial criteria is an event of default or that

3   otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

4   shall be of no further force and effect;  5) any lien or interest granted to the Holder by the

5   Bankruptcy Court as adequate protection shall be released and extinguished;  6) any term or

6   condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

7   unenforceable under law or equity and of no further force and effect.

8          The amounts of the debt or Claims set forth in the below schedule are by way of illustration

9   and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

10  determined the Allowed Secured Claim of such Holder.

| Value of Real Property | $109,700,000 |
|---|---|
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $48,815,711 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | $15,933 |
| Other Allowable Charges under Section 506(b) | Unknown |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | $58,743,996 |
| Estimated Monthly Payment | $183,575 |

       The payment obligations with respect to this Claim shall be secured by the Cathay Bank

Collateral.

       The Class 36A-2-a Claim is **Impaired** and therefore the Holder of the Class 36A-2-a Claim

is entitled to vote on the Plan.

346506.1

**KK.    Class 36A-2-b Secured Claim of Cathay Bank Against**

**Alameda Produce Market – Third Priority Deed of Trust**

The Holder shall receive deferred Cash payments, over a period not exceeding seven years from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed Secured Claim at the rate prescribed below. Payments shall be made in the amount of the monthly accruing interest, with the principal balance and any unpaid interest all due and payable at the Maturity Date. The monthly installments of interest shall be payable on or before the fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the first full month following the latest of: (a) the Effective Date, (b) thirty days after the end of the calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor. Each installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per annum or as otherwise established by the Bankruptcy Court.

The terms and conditions of the loan as evidenced by the Loan Documents between the Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents providing for the assessment of interest at a rate greater than that provided above shall be of no force and effect; 3) the transfer by the borrower of any collateral provided to the Holder, to any other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor, shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity Date or enforce any other remedy under the Loan Documents; 4) any provision in the Loan Documents providing that the failure to satisfy any financial criteria is an event of default or that otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor, shall be of no further force and effect; 5) any lien or interest granted to the Holder by the Bankruptcy Court as adequate protection shall be released and extinguished; 6) any term or condition in the Loan Documents that is violated by any provision of the Plan shall be deemed unenforceable under law or equity and of no further force and effect.

346506.1

95

| The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet determined the Allowed Secured Claim of such Holder. Value of Real Property | $109,700,000 |
|---|---|
| Priority of Lien | 3rd |
| Total Estimated Allowable Pre-Petition Claim | $9,848,944 |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition Date to the Effective Date of June 30, 2010 | $3,557 |
| Other Allowable Charges under Section 506(b) | Unknown |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | $12,086,518 |
| Estimated Monthly Payment | $37,770 |

The payment obligations with respect to this Claim shall be secured by the Alameda Produce Market Collateral.

The Class 36A-2-b Claim is **Impaired** and therefore the Holder of the Class 36A-2-b Claim is entitled to vote on the Plan.

LL.    **Class 37A-1-a Secured Claim Number 1 of Los Angeles County Tax Collector Against MG 1500 Griffith Avenue Re: 1500 Griffith Avenue**

| Value of Real Property | $6,900,000 |
|---|---|
| Priority of Lien | 1st |
| Total Prepetition Claim | $93,781 |
| Estimated Quarterly Payment | $6,927 |
| Total Payout Amount | $110,831 |

346506.1

1  The payment obligations with respect to this Claim shall be secured by the 1500 Griffith

2  Avenue Real Property.

3  The Class 37A-1-a Claim is Unimpaired and therefore the Holder of the Class 37A-1-a

4  Claim is not entitled to vote on the Plan.

5  **MM.   Class 37A-1-b Secured Claim Number 2 of Los Angeles**

6  **County Tax Collector Against MG 1500 Griffith**

7  **Avenue Re: 1510 Griffith Avenue**

8

| | |
|---|---|
| Value of the 1510 Griffith Avenue Real Property | $4,900,000 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $67,286 |
| Estimated Quarterly Payment | $4,970 |
| Total Payout Amount | $79,517 |

15  The payment obligations with respect to this Claim shall be secured by the 1510 Griffith

16  Avenue Real Property.

17  The Class 37A-1-b Claim is Unimpaired and therefore the Holder of the Class 37A-1-b

18  Claim is not entitled to vote on the Plan.

19  **NN.   Class 37A-2 Secured Claim of Legendary Against MG**

20  **1500 Griffith Avenue and Class 44A-2 Secured Claim of**

21  **Legendary Against MG 4th Street Center**

22  The Holder shall receive deferred Cash payments, over a period not exceeding seven years

23  from the Effective Date (the "Maturity Date"), in an aggregate amount equal to the amount of the

24  Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion of the Allowed

25  Secured Claim at the rate prescribed below.  Payments shall be made in the amount of the monthly

26  accruing interest, with the principal balance and any unpaid interest all due and payable at the

27  Maturity Date.  The monthly installments of interest shall be payable on or before the fifteenth

28  (15th) day of each month, with the first installment due on or before the fifteenth (15th) day of the

346506.1

1   first full month following the latest of: (a) the Effective Date, (b) thirty days after the end of the

2   calendar quarter in which an Order allowing such Claim becomes a Final Order, and (c) such other

3   time or times as may be agreed to by the Holder of the Claim and the Reorganized Debtor. Each

4   installment shall be in the amount equal to interest on the Allowed Claim at the rate of 3.75% per

5   annum or as otherwise established by the Bankruptcy Court.

6           The terms and conditions of the loan as evidenced by the Loan Documents between the

7   Holder and the Debtor shall be restructured and amended as of the Effective Date as follows: 1) the

8   term of the loan is extended to the Maturity Date; 2) any provision in the Loan Documents

9   providing for the assessment of interest at a rate greater than that provided above shall be of no

10  force and effect; 3) the transfer by the borrower of any collateral provided to the Holder, to any

11  other Debtor, or the change in ownership of the Debtor or any other Debtor or Reorganized Debtor,

12  shall not constitute an event of default or otherwise constitute grounds to accelerate the Maturity

13  Date or enforce any other remedy under the Loan Documents; 4) any provision in the Loan

14  Documents providing that the failure to satisfy any financial criteria is an event of default or that

15  otherwise requires the delivery or submission of financial data of the Debtor, or any other Debtor,

16  shall be of no further force and effect; 5) any lien or interest granted to the Holder by the

17  Bankruptcy Court as adequate protection shall be released and extinguished; 6) any term or

18  condition in the Loan Documents that is violated by any provision of the Plan shall be deemed

19  unenforceable under law or equity and of no further force and effect.

20          The amounts of the debt or Claims set forth in the below schedule are by way of illustration

21  and are not binding on the Holder or the Debtors in that the Bankruptcy Court has not as yet

22  determined the Allowed Secured Claim of such Holder.

| | |
|---|---|
| Value of Real Property | $10,579,000 ($6,900,000 {1500 Griffith Avenue Real Property} + $3,679,000 {MG 4th Street Center Real Property}) |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $6,396,500 (joint and several obligate with MG 4th Street Center) |
| Per Diem Interest at the Default Rate in the Loan Documents from the Petition | $1,959 |

346506.1

| | |
|---|---|
| Date to the Effective Date of June 30, 2010 | |
| Other Allowable Charges under Section 506(b) | Unknown |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | $7,505,817 |
| Estimated Monthly Payment | $23,459 |

The payment obligations with respect to the Class 37A-2 shall be secured by the 1500 Griffith Avenue Real Property and the MG 4th Street Center Real Property. (See Class 44A-2 below).

The Class 37A-2 Claim is **Impaired** and therefore the Holder of the Class 37A-2 Claim is entitled to vote on the Plan. The Class 44A-2 Claim is **Impaired** and therefore the Holder of the Class 44A-2 Claim is entitled to vote on the Plan.

## OO.    Class 37A-3 Secured Claim of Murakami Against MG 1500 Griffith Avenue

The Holder will receive treatment consistent with its settlement with the Debtors. Without limiting or altering the provisions therein, the treatment is as follows:

The Holder shall receive regular installment interest-only payments of $9,203 beginning on the first of the month following the Effective Date and ending on January 26, 2013. Principal will accrue interest at 3.75% per annum. The principal balance of the Note shall be $2,945,000 (as of October 31, 2009 and reflects a $55,000 principal reduction payment to be made by the Debtor). Prior to the Effective Date, and after approval of its compromise by the Bankruptcy Court, the Debtor shall have paid [1] $93,750 which shall be in satisfaction of all agreed-upon interest and other amounts accrued through October 31, 2009, [2] $55,000 as a principal reduction payment and [3] $100,000 for fees, costs, expenses and other amounts Murakami has incurred as of the approval of the compromise by the Bankruptcy Court provided, however, that the Reorganized Debtor shall have the right to pay the Allowed Secured Claim, or any remaining balance of such Claim, or any portion of such Claim, at any time on or after the Effective Date, without premium or penalty of any kind. The terms and conditions of the note and deed of trust made by MG 1500 Griffith Avenue,

346506.1

1    and any other agreement or instrument relating to the MG 1500 Griffith Avenue Real Property,

2    shall remain extent and unaltered, except that any provision is modified by the terms of the Loan

3    Reinstatement and First Amendment to Loan Documents.

| | |
|---|---|
| Value of Real Property | $4,900,000 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $2,945,000 |
| Estimated Per Diem Interest at Rate Agreed Upon in Settlement | $307 |
| Other Allowable Charges under Section 506(b) | $0.00 – such charges, which are detailed above, will be paid within fiv business days after entry of an order approving the terms of the Settlement and, in any event, prior to the Effectiv Date |
| Total Estimated Amount Owing as of an Estimated Effective Date of June 30, 2010 | $2,991,050 |
| Estimated Monthly Payment | $9,203 |

The payment obligations with respect to this Claim shall be secured by the 1510 Griffith
Avenue Collateral.

The Class 37A-3 Claim is **Impaired** and therefore the Holder of the Class 37A-3 Claim is
entitled to vote on the Plan.

**PP.** **Class 38A-1 Secured Claim of Los Angeles County Tax
Collector Against MMP 1919 Vineburn Street**

| | |
|---|---|
| Value of Real Property | $8,564,150 |
| Priority of Lien | 1st |
| Total Prepetition Claim | $117,849 |
| Estimated Quarterly Payment | $8,705 |
| Total Payout Amount | $139,273 |

346506.1

100