James I. Stang (CA Bar No. 94435)
Iain A. W. Nasatir (CA Bar No. 148977)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: jstang@pszjlaw.com
          inasatir@pszjlaw.com

Surjit P. Soni (CA Bar No. 127419)
THE SONI LAW FIRM
35 N. Lake Ave., Suite 720
Pasadena, California 91101
Telephone: 626/683-7600
Facsimile: 626/683-1199
E-mail: surj@sonilaw.com

Counsel for Legendary Investors Group No. 1, LLC

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

In re:

MERUELO MADDUX PROPERTIES, INC., et al.,

Debtors.

☒ Affects all Debtors
☐ Affects the following Debtor(s):

Case No. 1:09-bk-13356-KT

Chapter 11 (Jointly Administered)

**OPPOSITION PURSUANT TO LOCAL BANKRUPTCY RULE 9021-1(b) OF LEGENDARY INVESTORS GROUP NO. 1, LLC TO LODGED ORDER AUTHORIZING THE DEBTORS' USE OF CASH COLLATERAL ON A FINAL BASIS AND APPROVING THE DEBTORS' USE OF ITS CASH MANAGEMENT SYSTEM LODGED WITH THE BANKRUPTCY COURT ON DECEMBER 2, 2009 [DOCUMENT NUMBER: 1]**

Hearing:
Date: October 28, 2009
Time: 9:00 p.m.
Place: Courtroom 301
21041 Burbank Blvd.
Woodland Hills, California

1    Legendary Investors Group No. 1, LLC ("Legendary") hereby files this
2    Separate Objection to the form of proposed order lodged by the above-captioned
3    Debtors (the "Proposed Order"), authorizing the Debtors' use of cash collateral ("Cash
4    Collateral Motion"), and motion to approve Debtors' use of their cash management
5    system ("Cash Management Motion") [Docket Nos. 223 and 224]. Legendary did
6    discuss its objections to the Proposed Order with the Debtors. This Objection
7    addresses the issues which could not be resolved, which the exception of the issue that
8    is the subject of a separate motion for clarification [Docket No. 889] A copy of the
9    Proposed Order is attached hereto as Exhibit A. Legendary's proposed order is
10   attached hereto as Exhibit B.

11   The Proposed Order should be revised as follows:

12   1)    Legendary believes that paragraph 2a. should include the requirement
13   that the Debtors exhaust their own cash and funds before borrowing from and using
14   the cash collateral of the secured lenders.

15   2)    Legendary understood the Court to premise its ruling on each secured
16   lender whose cash collateral was being used to have a specific lien on one or more
17   unencumbered properties. The Proposed Order does not provide that protection.
18   Since it does not, paragraph 6a. should be modified to make the use of cash collateral
19   of any secured lender contingent upon that secured lender being provided with a lien
20   (or liens) upon a specific piece of property or properties, with advance notice prior to
21   the use of the cash collateral so that the secured lender has an opportunity to
22   determine whether it is indeed adequately protected.

23   3)    Because there are additional aspects to the adequate protection being
24   provided, paragraph 7 should include the provision "except as provided elsewhere in
25   this Order".

26   4)    Legendary also believes that the Court did not make any findings
27   regarding Little J, and that that reference should be deleted from paragraph 7c.
28

5) The reference to 425 West 11th Street should also be deleted, as that property was not found to be adequately protected, as dealt with in paragraph 9d.

6) Paragraph 9e. and 9f. are incorrect insofar as the Court ordered taxes to be paid current. *See* Exhibit C (Hearing, Oct. 26th, 2009 at p.172, lines 16 – 23). Since the December tax deadline had not yet passed, the reference to bringing taxes current could only refer to the past taxes due, which further limit the equity in the properties 3rd & Omar and 420 Boyd.

7) As stated above, Legendary believes the Proposed Order should be contingent upon the granting of specific liens. Therefore, Legendary would strike all of paragraph 9g. except for the first two sentences dealing with UCB, and all of paragraph 10.

8) Legendary also requests the Court order that each unencumbered property pledged to any secured lender creates an administrative priority claim and lien upon the remaining unencumbered properties.

WHEREFORE, Legendary respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit B.

Dated: December 7, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Iain A.W. Nasatir*
Iain A.W. Nasatir,
Counsel for Legendary Investors Group No. 1, LLC