David P. Beitchman, SBN 198953
 dbeitchman@bzlegal.com
Rouben Varozian, SBN 258366
 rvarozian@bzlegal.com
BEITCHMAN & ZEKIAN, P.C.
16130 Ventura Boulevard, Suite 570
Encino, California 91436
Tel. (818) 986-9100
Fax (818) 986-9119

Attorneys for Secured Creditors
Vahan and Anoush Chamlian

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.<br><br>    Debtors and Debtors-in-Possession.<br><br>☑  Affects all Debtors<br><br>☐  Affects the following Debtor(s): | CASE NO. 1:09-bk-13356-KT<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**OBJECTION OF VAHAN AND ANOUSH CHAMLIAN TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**<br><br><u>Disclosure Statement Hearing</u><br><br>Date:    March 19, 2010<br>Time:    9:30 a.m.<br>Place:    Courtroom 301<br>           21041 Burbank Blvd.<br>           Woodland Hills, California |

///

---

**CHAMLIANS' OPPOSITION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**

1

Vahan and Anoush Chamlian (the "Chamlians"), a married couple and secured creditors in the above-captioned bankruptcy case, respectfully submit their Objection to the Debtor's First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Accompanying Joint and Consolidated Plan of Reorganization (the "Disclosure Statement") as follows:

## I.

## INTRODUCTION

A disclosure statement is supposed to provide creditors of the debtor with information sufficient to enable the creditors to understand and analyze the treatment of their claims under the debtors' proposed plan of reorganization.  The disclosure statement must be based upon substantiated facts and describe a plan that conforms to the requirements of the Bankruptcy Code in order for the creditors to conduct this analysis.  The First Amended Disclosure Statement filed by Meruelo Maddux Properties, Inc., et al (the "Debtor") filed on February 27, 2010, contains a fundamental flaw that bars any possibility of approval; it describes a chapter 11 plan of reorganization (the "Plan") that cannot be confirmed as a matter of law.

The First Amended Disclosure Statement does not contain "adequate information" as required by Section 1125 of the Bankruptcy Code,[1] and for that reason it cannot be approved.  The First Amended Disclosure Statement is deficient and does not include an adequate description of the following:

- Debtors' First Amended Disclosure Statement is too large, too long and confusing because it includes all 54 chapter 11 cases filed by Debtor and 53 other affiliated entities.
- Debtors do not adequately state why the cases should be substantively consolidated and the impact of consolidation on every creditor.
- The First Amended Disclosure Statement is misleading and indecipherable because there are too many classes of creditors.
- The Debtors' treatment of the Chamlian claim is unclear.
- Debtor fails to provide enough information regarding the source and use of the "new value."

---

[1] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise noted.

**CHAMLIANS' OPPOSITION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**

2

- Debtor fails to state for what period of time the Chamlians will receive payments of $25,735 and for what said payments will be allocated towards.

For each of these reasons the Disclosure Statement should not be approved.

## II.

## **ARGUMENT**

The disclosure statement is the Bankruptcy Code's tool to provide creditors with information to decide how to vote on, and information to decide whether to object to, a plan of reorganization. *See In re California Fidelity, Inc.*, 198 B.R. 567, 571 (9th Cir. BAP 1996). Fundamental to the chapter 11 process is full and complete disclosure. *In re Brandon Mills Farms, Ltd.*, 37 B.R. 190, 192 (Bankr. N.D. Ga. 1984) (stating that the purpose of the disclosure statement is to inform creditors as fully as possible). In order for creditors to be able to exercise their rights, a disclosure statement must be clear and comprehensible before it can be approved by a court. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991). Where inaccuracies are so numerous or significant that creditors or interest holders can no longer make an informed judgment about whether to accept or reject the proposed plan of reorganization, approval of the Disclosure Statement must be denied. *In re Cardinal Congregate I*, 121 B.R. 760, 766-67 (Bankr. S.D. Ohio 1990); *see also In re Hirt*, 97 B.R. 981, 983 (Bankr. E.D. Wis. 1989) (denying the approval of a disclosure statement where the document contained numerous inaccuracies and because the debtor failed to provide detailed financial information). Without full disclosure of adequate information, creditors are unable to exercise their voting rights and their rights to object to confirmation of the Plan.

**The Disclosure Statement Does Not Contain Adequate Information As Required By Section 1125 and Thus Cannot Be Approved.**

Section 1125 requires that prior to the solicitation of acceptances of a plan of reorganization, each impaired claimant and interest holder must receive a disclosure statement that has been previously approved by the court as containing adequate information. 11 U.S.C.

§ 1125(b). Adequate information is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor s books and records, that would enable a hypothetical reasonable investor typical of holders

of claims or interests of the relevant class to make an informed
judgment about the plan . . . .

11 U.S.C. § 1125(a)(1). The purpose of a disclosure statement is to provide sufficient information so that a typical investor can make an informed judgment whether to vote for or against the plan. *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987).   Because creditors and the bankruptcy court rely heavily on the debtor s disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and honest disclosure cannot be overstated. *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996).

As set forth in the seminal case of *Metrocraft Publishing*, the adequacy of a disclosure statement is measured by the inclusion of the following information:

(1) the events which led to the bankruptcy filing;

(2) a description of the available assets and their value;

(3) the anticipated future of the company;

(4) the source of information stated in the disclosure statement;

(5) a disclaimer;

(6) the present condition of the debtor;

(7) the scheduled claims;

(8) the estimated return to creditors under a chapter 7 liquidation;

(9) the accounting method used to produce financial information and the name     of the accountant(s) responsible for the analyses;

(10) the future management of the debtor;

(11) the chapter 11 plan or a summary thereof;

(12) the estimated administrative expenses;

(13) the collectability of accounts receivable;

(14) financial information, date, valuations or projections relevant to voting;

(15) information regarding the risks of the plan;

(16) the actual or projected realizable value from avoidances actions;

(17) litigation likely to arise in a nonbankruptcy context;

(18) debtor s tax attributes; and

---

**CHAMLIANS' OPPOSITION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**

4

(19) relationship of the debtor with affiliates.

*In re Metrocraft Publishing.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984). These factors are not intended to be exclusive as other factors may be relevant depending on the nature of the case. *Id*. As demonstrated below, Debtor s Disclosure Statement does not meet the requirements of Section 1125.

Adequate information means information that would permit a creditor of a typical class to be able to understand what is going on. Here, with respect to the Debtor's First Amended Joint Disclosure Statement, it does not provide adequate information.

The Chamlians must look to page 35 to find that they are in class 39A2. Then they have to look to page 100 to see how they are generally being treated. However, even there they cannot tell how they are being treated because they are being treated with the common secured lender claim treatment and they cannot figure out what that means.

This is a thick incomprehensible disclosure statement, which does not provide adequate information and therefore these objections are furthered. The Debtor should break this into separate disclosure statements by debtor and make it clear right in the separate disclosure statements what happens with respect to that. For example, the First Amended Disclosure Statement states estimated monthly payments of $25,735. However, it fails to provide the period of time and for what said payment is allocated to what.

## III.

## **CONCLUSION**

Accordingly, the Chamlians respectfully requests that based upon the foregoing concerns, the Court deny approval of the proposed First Amended Disclosure Statement and grant such other relief that is just and proper.

DATED:  March 17, 2010                    BEITCHMAN & ZEKIAN, PC
                                          DAVID P. BEITCHMAN
                                          ROUBEN VAROZIAN


                                          By: _____/s/ Rouben Varozian_____
                                              Rouben Varozian, Attorneys for Secured
                                              Creditors Vahan and Anoush Chamlian

**CHAMLIANS' OPPOSITION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**

5

| In re: | | CHAPTER: 11 |
|---|---|---|
| MERUELO MADDUX PROPERTIES, INC., et al. | Debtor(s). | CASE NUMBER:1:09-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Beitchman & Zekian, PC, 16130 Ventura Blvd., Suite 570, Encino, California 91436.

A true and correct copy of the foregoing document described **OBJECTION OF VAHAN & ANOUSH CHAMLIAN TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***March 19, 2010*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd, Woodland Hills, CA 90012, Suite 301, Woodland Hills, CA  91367 (via personal delivery)

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *March 19, 2010* | *Rouben Varozian* | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

**CHAMLIANS' OPPOSITION TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT**

6

## ADDITIONAL SERVICE INFORMATION (Section I)

Aaron De Leest, aed@dgdk.com (counsel for Debtors)
Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)
Donald L Gaffney, dgaffney@swlaw.com (counsel for Bank of America)
Thomas M Geher, tmg@jmbm.com (counsel for Capmark Finance Inc.)
Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)
Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)
John A Graham, jag@jmbm.com (counsel for Capmark Finance Inc.)
Asa S Hami, ahami@sulmeyerlaw.com (counsel for Committee)
Brian T Harvey, bharvey@buchalter.com (counsel for California Bank & Trust)
Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)
Michael S Kogan, mkogan@ecjlaw.com (counsel for Kennedy Funding Inc.)
Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com (counsel for Committee)
Duane Kumagai, dkumagai@rutterhobbs.com (counsel for Murakami)
David E Leta, dleta@swlaw.com (counsel for FNBN-CMLCON I LLC)
Steven K Linkon, slinkon@rcolegal.com (counsel for Chinatrust Bank)
Richard Malatt, rmalatt@gmail.com (counsel for interested party)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Lawrence Peitzman, lpeitzman@pwkllp.com (counsel for interested party)
Eric S Pezold, epezold@swlaw.com (counsel for Bank of America)
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Michael B Reynolds, mreynolds@swlaw.com (counsel for FNBN-CMLCON I LLC)
Martha E Romero, Romero@mromerolawfirm.com (counsel for San Bernardino County)
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)
Jeffrey S Shinbrot, shinbrot@earthlink.net (counsel for Rodriguez, et al.)
Stephen Shiu, sshiu@swlaw.com (counsel for FNBN-CMLCON I LLC)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
Tracie L Spies, tracie@haganlaw.org (counsel for PNL Pomona)
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
John N Tedford, jtedford@dgdk.com (counsel for Debtors)
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Jasmin Yang, jyang@swlaw.com (counsel for Bank of America)