| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|-------|----------------------|----------------------|-----------|
| 32D | Intercompany Claims - $25,543,339 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 32E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **33.     788 S. Alameda LLC** | | | |
| 33A-1 | Los Angeles County Secured Tax Claim - $95,225 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 33A-2 | California Bank & Trust Secured Claim - $7,153,799 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 33B | Priority Benefits Claims - $1,382 | Unimpaired. | Paid in full. 50% of claim paid on Effective Date and 50% of claim plus interest at 4.0% per annum paid on 1st anniversary of Effective Date. To the extent such claim includes accrued vacation or sick pay such vacation or sick pay shall not be disbursed in cash but the vacation or sick time shall be reinstated and the holder shall be authorized to use such vacation or sick time following the Effective Date. |
| 33C-1 | Unsecured Claims – Tenant Security Deposits - $85,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 33C-2 | General Unsecured Claims – Convenience Class - $1,503 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 33C-3 | General Unsecured Claims - $61,022 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days |

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 33D | Intercompany Claims - $1,485,597 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 33E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **34.    905 8th Street LLC** | | | |
| 34A-1 | Los Angeles County Secured Tax Claim - $87,293 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 34A-2 | The Stanford Group LP Secured Claim - $1,950,000 | Impaired. | Claim paid pursuant to settlement with Creditor. See Section III.C.34 of Plan for full description of the treatment. |
| 34C-1 | Unsecured Claims – Tenant Security Deposits - $3,525 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 34C-2 | General Unsecured Claims - Convenience Class $300 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 34C-3 | General Unsecured Claims - $12,849 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 34D | Intercompany Claims - $2,814,172 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 34E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **35.    Meruelo Maddux – 915-949 S. Hill Street LLC** | | | |
| 35A-1 | Los Angeles County Secured Tax Claim - $307,986 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 35A-2 | Imperial Capital Bank Secured Claim - $9,007,827 | Impaired. | Claim paid pursuant to Settlement with Creditor. See Section III.C.35.b of Plan for full description of treatment. |

93

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| 35C-1 | General Unsecured Claims – Convenience Class - $674 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 35C-2 | General Unsecured Claims - $2,652 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 35C-3 | Unsecured Claims – Tenant Security Deposits - $30,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 35D | Intercompany Claims - $17,716,678 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 35E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **36.** | **Alameda Produce Market LLC** | | |
| 36A-1-a | Los Angeles County Secured Tax Claim re Alameda Produce Market Encumbered Real Property - $421,457 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 36A-1-b | Los Angeles County Secured Tax Claim re Alameda Produce Market Unencumbered Real Property - $37,263 | Impaired. | Same as 36A-1-a immediately above. |
| 36A-2 | Cathay Bank Secured Claim - $48,815,711 | Impaired. | Claim paid pursuant to settlement with creditor. See Section III.C.36 of the Plan for full description of treatment. |
| 36A-3 | Cathay Bank Secured Claim - $9,848,944 | Impaired. | Same as section 36A-2 immediately above. |
| 36B | Priority Benefits Claims - $23,169 | Unimpaired. | Paid in full. 50% of claim paid on Effective Date and 50% of claim plus interest at 4.0% per annum paid on 1st anniversary of Effective Date. To the extent such claim includes accrued vacation or sick pay such vacation or sick pay shall not be disbursed in cash but the vacation or sick time shall be reinstated and the holder shall be authorized to use such |

94

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | vacation or sick time following the Effective Date. |
| 36C-1 | Unsecured Claims – Tenant Security Deposits - $301,019 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 36C-2 | General Unsecured Claims – Convenience Class - $1,522 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 36C-3 | General Unsecured Claims - $581,888 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 36E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **37.    Merco Group – 1500 Griffith Avenue LLC** | | | |
| 37A-1-a | Los Angeles County Secured Tax Claim re 1500 Griffith - $109,864 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 37A-1-b | Los Angeles County Secured Tax Claim re 1510 Griffith Avenue - $78,830 | Impaired. | Same as 37A-1-a immediately above. |
| 37A-2 | Legendary Secured Claim - $6,396,500 – joint and several obligation with 4th Street Center, LLC, and also secured by the 4th Street Center Real Property (see Class 44A-2 below). | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 37A-3 | Murakami Secured Claim - $2,945,000 | Impaired. | Claim paid pursuant to Settlement with Creditor. See Section III.C.37.c of Plan for full description of treatment. |
| 37C-1 | Unsecured Claims – Tenant Security Deposits - $58,830 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |

95

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| 37C-2 | General Unsecured Claims - $2,452 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 37D | Intercompany Claims - $5,508,367 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 37E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **38.** | **Meruelo Maddux Properties – 1919 Vineburn Street LLC** | | |
| 38A-1 | Los Angeles County Secured Tax Claim - $138,067 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 38A-2 | Imperial Capital Bank Secured Claim - $5,468,543 | Impaired. | Claim paid pursuant to Settlement with Creditor. See Section III.C.38.b of Plan for full description of treatment. |
| 38C-1 | Unsecured Claims – Tenant Security Deposits - $42,210 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 38C-2 | General Unsecured Claims - Convenience Class $275 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 38C-3 | General Unsecured Claims - $2,652 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 38D | Intercompany Claims - $3,035,648 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 38E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **39.** | **Meruelo Maddux Properties – 2131 Humboldt Street LLC** | | |
| 39A-1-a | Los Angeles County Secured Tax Claim Against 2131 Humboldt Encumbered Real Property | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full |

351389.04 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | - $263,168 | | description of treatment. |
| 39A-1-b | Los Angeles County Secured Tax Claim Against 2131 Humboldt Unencumbered Real Property - $145,353 | Impaired. | Same as 39A-1-b immediately above. |
| 39A-2 | Chamlian Secured Claim - $7,000,000 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 39C-1 | Unsecured Claims – Tenant Security Deposits - $10,500 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 39C-2 | General Unsecured Claims – Convenience Class $485 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 39C-3 | General Unsecured Claims - $3,631 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 39D | Intercompany Claims - $13,680,208 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 39E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **40.    Merco Group – 2529 Santa Fe Avenue LLC** | | | |
| 40A-1 | Los Angeles County Secured Tax Claim - $126,578 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 40A-2 | 1248 S. Figueroa Secured Claim - $3,134,825 | Impaired. | Creditor receives monthly payments of interest at 4% per |

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 40C-1 | Unsecured Claims – Tenant Security Deposits - $15,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 40C-2 | General Unsecured Claims – Convenience Class - $718 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 40C-3 | General Unsecured Claims - $25,049 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 40D | Intercompany Claims - $3,703,446 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 40E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **41.    2640 Washington Boulevard LLC** | | | |
| 41A-1 | Los Angeles County Secured Tax Claim - $212,108 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 41A-2 | East West as successor to UCB Secured Claim - $6,066,073 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender |

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Treatment and Plan for full description of treatment. |
| 41C-1 | Unsecured Claims – Tenant Security Deposits - $52,150 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 41C-2 | General Unsecured Claims – Convenience Class - $1,262 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 41C-3 | General Unsecured Claims - $19,357 | Impaired. | Paid in full over 5 years with interest at 1.0%.  Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 41D | Intercompany Claims - $3,920,800 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 41E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **42.       Meruelo Maddux Properties – 2951 Lenwood Road LLC** | | | |
| 42A-1 | FNBN Secured Claim - $8,983,643 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral.  See Common Secured Lender Treatment and Plan for full description of treatment. |
| 42C-1 | General Unsecured Claims - Convenience Class $350 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 42C-2 | General Unsecured Claims - $6,281,733 | Impaired. | Paid in full over 5 years with interest at 1.0%.  Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full |

351389.04 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | description of treatment. |
| 42D | Intercompany Claims - $6,279,821 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 42E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **43.** | **Merco Group – 3185 E. Washington Boulevard LLC** | | |
| 43A-1 | Los Angeles County Secured Tax Claim - $192,099 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 43A-2 | Chinatrust Secured Claim - $9,541,565 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 43C-1 | General Unsecured Claims – Convenience Class - $63 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 43C-2 | General Unsecured Claims - $1,702 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 43C-3 | Unsecured Claims – Tenant Security Deposits - $250,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 43D | Intercompany Claims - $1,938,813 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 43E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **44.** | **Merco Group – 4th Street Center LLC** | | |
| 44A-1 | Los Angeles County Secured Tax Claim - | Impaired. | Creditor receives Common Secured Tax Claim Treatment |

100

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | $96,705 | | pursuant to agreement with County.  See Plan for full description of treatment. |
| 44A-2 | Legendary Secured Claim - joint and several obligation with 1500 Griffith Avenue, and also secured by 1500 Griffith Avenue (see Class 37A-2 above). | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 44C-1 | General Unsecured Claims – Convenience Class - $407 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 44C-2 | General Unsecured Claims - $17,652 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 44C-3 | Unsecured Claims – Tenant Security Deposits - $4,500 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 44D | Intercompany Claims - $6,840,375 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 44E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **45.** | **Merco Group – 425 W. 11th Street LLC** | | |
| 45A-1 | Los Angeles County Secured Tax Claim - $332,662 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 45A-2 | Legendary Secured Claims - $5,340,000 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end |

351389.04 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Lien on Collateral is extinguished. Creditor receives lien on real property of MMP 1060 N. Vignes. See Plan for full description of treatment. |
| 45C-1 | General Unsecured Claims – Convenience Class - $835 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 45C-2 | General Unsecured Claims - $4,266 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 45D | Intercompany Claims - $11,737,757 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 45E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **46.      Merco Group – 620 Gladys Avenue LLC** | | | |
| 46A-1-a | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Encumbered Real Property - $311,811 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 46A-1-b | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Unencumbered Real Property - $113,033 | Impaired. | Same as 46A-1-a immediately above. |
| 46A-2 | Legendary Secured Claim re 620 S. Gladys Avenue - $5,380,688 which is also secured by the MM 336 W. 11th Street Real Property (see Class 29A-4 above). | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full |

102

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | description of treatment. |
| 46C-1 | Unsecured Claims – Tenant Security Deposits - $22,682 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 46C-2 | General Unsecured Claims - $1,501 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 46D | Intercompany Claims - $9,788,629 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 46E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **47.** | **Merco Group – 2001-2021 W. Mission Boulevard LLC** | | |
| 47A-1 | Los Angeles County Secured Tax Claim - $105,146 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 47A-2 | PNL Pomona LP Secured Claim – to be determined | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 47C-1 | General Unsecured Claims – Convenience Class - $899 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 47C-2 | General Unsecured Claims - $5,402 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |

351389.04 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| 47D | Intercompany Claims - $12,948,409 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 47E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **48.    Merco Group – Little J LLC** | | | |
| 48A-1-a | Los Angeles County Secured Tax Claim re 1119 S. Olive Street - $52,446 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 48A-1-b | Los Angeles County Secured Tax Claim re 1124 S. Olive Street - $64,262 | Impaired. | Same as 48A-1-a immediately above. |
| 48A-2 | Legendary Secured Claim - a pledge of the Debtor's Real Property to secure the obligation for payment under a loan made to Merco Group (see Class 50A-2 below) which is also secured by the Sky-Arc Real Property (see Class 50A-2 below). | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 48C-1 | General Unsecured Claims - Convenience Class $400 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 48C-2 | General Unsecured Claims - $2,252 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 48C-3 | Unsecured Claims – Tenant Security Deposits - $7,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 48D | Intercompany Claims - $8,299,295 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 48E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |

104

351389.04 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| **49.    Merco Group – Southpark LLC** | | | |
| 49A-1 | Los Angeles County Secured Tax Claim - $570,318 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 49A-2 | Bank of America Secured Claim - $20,000,000 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 49C-1 | General Unsecured Claims – Convenience Class - $777 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 49C-2 | General Unsecured Claims - $1,308,981 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 49C-3 | Unsecured Claims – Tenant Security Deposits - $31,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 49D | Intercompany Claims - $37,919,096 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 49E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **50.    Merco Group LLC** | | | |
| 50A-1 | Los Angeles County Secured Tax Claim $380,214 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 50A-2 | Legendary Secured Claim re Sky-Arc Real Property - $15,000,000 which is | Impaired. | Depending upon outcome of any adversary proceeding regarding the validity and extent |

351389.04 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | secured by the Little J Real Property (see Class 48A-2 above) | | of the Creditor's lien on the Sky Arc Real Property, the Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment.<br><br>To the extent the Debtor sells Parcel D of the Sky-Arc Real Property, the Creditor's alleged lien will be released pursuant to the Plan on that Parcel and a pro-rata share of the purchase price will be segregated with the Creditor's lien to attach to such proceeds to the same extent and with the same validity and priority as such Liens had on Parcel D immediately prior to the sale, pending the outcome of any adversary proceeding. |
| 50A-3 | Legendary Secured Claim re Sci-Arc Real Property - $10,108,209 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment.<br><br>To the extent the Debtor sells the collateral prior to the Effective Date, the Loan will be Reinstated and the Creditor will be paid in full with interest at the non-default contract rate. To the Extent the collateral is sold after the Effective Date, the |

106

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Creditor's Lien shall be released and the allowed amount of the Creditor's Claim will be paid in full. |
| 50C-1 | General Unsecured Claims - Convenience Class $350 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 50C-2 | General Unsecured Claims - $271,104 | Impaired. | Paid in full over 5 years with interest at 1%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 50D | Intercompany Claims - $16,604,526 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 50E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **51.    Meruelo Farms LLC** | | | |
| 51A-1-a | Los Angeles County Secured Tax Claim re 815 E. Temple Street - $94,319 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 51A-1-b | Los Angeles County Secured Tax Claim re 729 E. Temple Street - $208,977 | Impaired. | Same as 51A-1-a immediately above. |
| 51A-2 | Imperial Capital Bank Secured Claim - $6,978,349 | Impaired. | Claim paid pursuant to Settlement with Creditor. See Section III.C.51.c of Plan for full description of treatment. |
| 51A-3 | Pacific Commerce Secured Claim - $3,350,000 | Impaired. | Claim paid pursuant to Settlement with Creditor. See Section III.C.51.d of Plan for full description of treatment. |
| 51C-1 | General Unsecured Claims – Convenience Class - $165 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 51C-2 | General Unsecured Claims - $187,099 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See |

351389.04 [XP]      25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 51D | Intercompany Claims - $9,138,503 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 51E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **52.    Meruelo Wall Street LLC** | | | |
| 52A-1 | Los Angeles County Secured Tax Claim - $423,210 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 52A-2 | East West as successor to UCB Secured Claim - $20,850,859 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral.  See Common Secured Lender Treatment and Plan for full description of treatment. |
| 52B | Priority Benefits Claims- $9,542 | Unimpaired | Paid in full.  50% of claim paid on Effective Date and 50% of claim plus interest at 4.0% per annum paid on 1st anniversary of Effective Date.  To the extent such claim includes accrued vacation or sick pay such vacation or sick pay shall not be disbursed in cash but the vacation or sick time shall be reinstated and the holder shall be authorized to use such vacation or sick time following the Effective Date. |
| 52C-1 | Unsecured Claims – Tenant Security Deposits - $297,650 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 52C-2 | General Unsecured Claims – Convenience Class - $1,761 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 52C-3 | General Unsecured Claims - $16,640 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have |

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 52D | Intercompany Claims - $3,133,131 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 52E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **53.** | **Meruelo Maddux – Mission Boulevard LLC** | | |
| 53A-1 | Los Angeles County Secured Tax Claim - $290,497 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 53A-2 | Kennedy Funding, Inc. Secured Claim - $8,800,000 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retaining its lien on its collateral.  See Common Secured Lender Treatment and Plan for full description of treatment. |
| 53C | General Unsecured Claims - $15,539 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 53D | Intercompany Claims - $20,054,067 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 53E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **54.** | **Santa Fe Commerce Center, Inc.** | | |
| 54A-1 | Los Angeles County Secured Tax Claim - $99,452 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with |

109

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | County. See Plan for full description of treatment. |
| 54A-2 | Berkadia Secured Claim - $10,170,904 | Impaired. | Creditor receives monthly payments of interest at 4% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its liens on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 54A-3 | RoofCorp of CA, Inc. Secured Claim - $111,377 | Impaired. | Paid in full with 50% of claim paid on Effective Date and 50% of Claim, plus interest from the Effective Date at 3.5% on the 1st anniversary of the Effective Date. |
| 54C-1 | Unsecured Claims – Tenant Security Deposits -$79,667 | Unimpaired | Creditors' legal, equitable and contractual rights are Reinstated. |
| 54C-2 | General Unsecured Claims – Convenience Class - $755 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 54C-3 | General Unsecured Claims - $16,059 | Impaired. | Paid in full over 5 years with interest at 1.0%. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 54E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |

**B.**   **Treatment for Unclassified Claims**

**1.**   **Unclassified Claims (Applicable to all of the Debtors)**

Certain types of claims are not placed into voting classes; instead they are unclassified.

They are not considered impaired and they do not vote on the Plan because they are automatically

110

1  entitled to a specific treatment provided for them in the Bankruptcy Code.  As such, the Debtors

2  have not placed the following claims in a class.  The treatment of these claims is provided below.

3              **a.**       **Administrative Claims**

4         Administrative Claims are claims for costs or expenses of administering the Debtors'

5  Chapter 11 Cases which are allowed under Bankruptcy Code Section 507(a)(2).  The Bankruptcy

6  Code requires that all Administrative Claims be paid on the Effective Date of the Plan, unless a

7  particular claimant agrees to a different treatment.  The following chart lists the Debtors' Section

8  507(a)(2) Administrative Claims arising from the employment of professionals and the costs and

9  the statutory fees of the Bankruptcy Court and the Office of the United States Trustee and their

10  treatment under this Plan.

| NAME | ESTIMATED[7] AMOUNT OWED | TREATMENT |
|---|---|---|
| DANNING, GILL, DIAMOND & KOLLITZ, LLP – Reorganization Counsel to the Debtors | $600,000 | See below |
| SULMEYERKUPETZ – Counsel to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases of the MMPI Debtors | $150,000 | See below |
| FTI CONSULTING – Financial Advisors to the MMPI Debtors | $155,723 | See below |
| ERNST & YOUNG LLP – Independent Auditors and Tax Advisors to the MMPI Debtors | $250,000 | See below |
| DLA PIPER – Special Counsel to the MMPI Debtors | $250,000 | See below |
| LEWIS LANDAU | $5,000 | See below |
| KIBEL GREEN, INC. Financial Advisors to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases of | $50,000 | See below |

---

[7] Stated amounts are estimates based on information available as of April 30, 2010.  Any requests
must comply with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy
Procedure, and Local Bankruptcy Rules.

351389.04 [XP]    25195

| the MMPI Debtors | | |
|---|---|---|
| Clerk's Office Fees | To Be Determined | Paid in full on the Effective Date |
| Office of the United States Trustee Fees | To Be Determined | Paid in full on the Effective Date |
| **TOTAL** | **$1,460,723** | |

### (1)  **General**

Subject to the bar date provisions herein and additional requirements for professionals and certain other entities set forth below, the surviving Reorganized Debtor shall pay to each Holder of an Allowed Administrative Claim, on account of its Administrative Claim and in full satisfaction thereof, Cash equal to the Allowed amount of such Administrative Claim on the Effective Date or as soon as practicable thereafter, unless the Holder agrees or shall have agreed to other treatment of such Claim.  Payment on an Administrative Claim which arose in the ordinary course of each Debtor's business, including Ordinary Course Professionals, will be made when such payment would have become due in the ordinary course of each Debtor's business or under the terms of the Claim in the absence of the Chapter 11 Cases.

### (2)  **Payment of Statutory Fees**

On or before the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930, as determined by the Court at the hearing on Confirmation, shall be paid in Cash equal to the amount of such Administrative Claim.

### (3)  **Bar Date for Administrative Claims**

#### (a)  *General Provisions*

Except as provided below for (i) non-tax liabilities incurred in the ordinary course of business by each Debtor and (ii) Postpetition Tax Claims, requests for payment of Administrative Claims must be Filed and served on counsel for the Reorganized Debtor no later than forty-five (45) days after the Effective Date, or such later date, if any, as the Court shall order upon application made prior to the end of such 45-day period.  Holders of Administrative Claims (including, without limitation, professionals requesting compensation or reimbursement of expenses and the Holders of any Claims for federal, state or local taxes) that are required to File a request for payment of such Claims and that do not File such requests by the applicable bar date

1  shall be forever barred from asserting such Claims against any of the Debtors or the Reorganized

2  Debtor or any of their respective properties.

3                    *(b)    Professionals*

4         All professionals or other Persons requesting compensation or reimbursement of expenses

5  pursuant to any of Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for

6  services rendered on or before the Effective Date (including, inter alia, any compensation requested

7  by any professional or any other Person for making a substantial contribution in the Reorganization

8  Case) shall File and serve on the Reorganized Debtor and the Creditors' Committee an application

9  for final allowance of compensation and reimbursement of expenses no later than (i) forty-five (45)

10 days after the Effective Date, or (ii) such later date as the Court shall order upon application made

11 prior to the end of such 45-day period.  Objections to applications of professionals for

12 compensation or reimbursement of expenses must be Filed and served on Reorganized Debtor, the

13 Creditors' Committee and the professionals to whose application the objections are addressed on or

14 before (i) fourteen days after such application is Filed and served or (ii) such later date as the Court

15 shall order or upon agreement between the Reorganized Debtor and the affected professional.

16         Any professional fees and reimbursements of expenses incurred by the Reorganized Debtor

17 subsequent to the Effective Date may be paid by the Reorganized Debtor without application to or

18 Order of the Court.

19                    *(c)    Ordinary Course Liabilities*

20         Holders of Administrative Claims based on liabilities incurred post-petition in the ordinary

21 course of the Debtors' businesses, including Ordinary Course Professionals, (other than Claims of

22 governmental units for taxes or Claims and/or penalties related to such taxes) shall not be required

23 to File any request for payment of such Claims.  Such Administrative Claims shall be assumed and

24 paid by such Reorganized Debtor pursuant to the terms and conditions of the particular transaction

25 giving rise to such Administrative Claim, without any further action by the Holders of such Claims.

26                    *(d)    Tax Claims*

27         All requests for payment of Postpetition Tax Claims, for which no bar date has otherwise

28 been previously established, must be Filed on or before the later of (i) forty-five (45) days

113

following the Effective Date; and (ii) 120 days following the filing of the tax return for such taxes for such tax year or period with the applicable governmental unit. Any Holder of any Postpetition Tax Claim that is required to File a request for payment of such taxes and that does not File such a Claim by the applicable bar date shall be forever barred from asserting any such Postpetition Tax Claim against any of the Debtors or Reorganized Debtor, or any of their respective properties, whether any such Postpetition Tax Claim is deemed to arise prior to, on, or subsequent to, the Effective Date. The Debtors are paying all Postpetition Tax Claims as they come due; however, certain taxing authorities conduct audits which may result in a postpetition tax liability of which the Debtors are currently unaware.

### b.  Priority Tax Claims

Priority Tax Claims are certain unsecured income, employment and other taxes described by Bankruptcy Code Section 507(a)(8). The Bankruptcy Code requires that each holder of such a 507(a)(8) priority Tax Claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years after the Petition Date. The following chart lists the Debtors' Section 507(a)(8) priority Tax Claims and their treatment under this Plan.

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **1.      Meruelo Maddux Properties Inc.** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **Name** – State of Delaware<br>**Type of tax** – Franchise | $125,138 | See below. |
| **Name** – State Board of Equalization<br>**Type of tax** –  Hazardous Substance Tax | $61,916 | See below. |
| **2.      Meruelo Maddux Properties L.P.** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **4.      Meruelo Maddux Construction, Inc.** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **10.      Meruelo Maddux Properties – 1009 N. Citrus Avenue, Covina** | | |

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **11.      Meruelo Maddux – 230 W. Avenue 26 LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **12.      Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC** | | |
| **Name** – City of Los Angeles<br>**Type of tax** - Business | $151,232 | See below. |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **13.      Meruelo Maddux – 817-825 S. Hill Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **14.      Meruelo Maddux – 1000 E. Cesar Chavez LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **15.      Meruelo Maddux Properties – 1060 N. Vignes LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **17.      Meruelo Maddux – 5500 Flotilla Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **18.      Meruelo Maddux Properties – 12385 San Fernando Road LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **20.      Merco Group – 801 E. 7th Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **21.      Merco Group – 1211 E. Washington Boulevard LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **28.      Meruelo Maddux – 3rd and Omar Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **29.      Meruelo Maddux – 336 W. 11th Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **30.      Meruelo Maddux – 500 Mateo Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **31.     Meruelo Maddux Properties – 760 S. Hill Street LLC** | | |
| **Name** – City of Los Angeles<br>**Type of tax** – Business | $1,885 | See below. |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **35.     Meruelo Maddux – 915-949 S. Hill Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **39.     Meruelo Maddux Properties – 2131 Humboldt Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **42.     Meruelo Maddux Properties – 2951 Lenwood Road LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **52.     Meruelo Wall Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **TOTAL**[8] | **$340,475** | |

Except as otherwise provided below, or as otherwise agreed to by Reorganized Debtor and the applicable taxing agency, Reorganized Debtor shall pay to each Holder of an Allowed Priority Tax Claim allowed in an amount greater than $800, deferred Cash payments, over a period not exceeding five years from the Petition Date, of an aggregate amount equal to the amount of such Allowed Priority Tax Claim, with interest at the rate of 1.0% per annum accruing from the Petition Date of such Allowed Priority Tax Claim (without penalty of any kind).

Holders of Allowed Priority Tax Claims shall receive deferred cash payments, payable in fifteen (15) equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution Date. In the event a Disputed Priority Tax

---

[8]     The Franchise Tax Board has filed claims for franchise taxes for the 2009 year corporate tax fee of $800 in the Debtors' cases scheduled above. Debtors' records indicate that all such taxes have been paid and, accordingly, the above schedule shows the amount of the such FTB claims to be zero but if it is determined that the FTB has Allowable Claims, the treatment is as provided above.

351389.04 [XP]     25195

1    Claim becomes an Allowed Priority Tax Claim, the first payment will be due and payable on the

2    later of the next Quarterly Distribution Date or 30 days after the end of the calendar quarter in

3    which the Disputed Priority Tax Claim becomes an Allowed Priority Tax Claim, and the first

4    payment shall include payment for amounts that would have been owing in quarters prior to the

5    allowance of the Disputed Priority Tax Claim.  Each installment shall include interest on the unpaid

6    portion of such Allowed Priority Tax Claim, without penalty of any kind, at rate of 1.0% per

7    annum.  In the event an Allowed Priority Tax Claim is in the amount of $800 or less, the

8    Reorganized Debtor shall pay such claim in full on the latest of  (a) the Effective Date, (b) 30 days

9    after the end of the calendar quarter in which an Order allowing such priority Tax Claim becomes a

10    Final Order, and (c) such other time or times as may be agreed to by the Holder of such Tax Claim

11    and the Reorganized Debtor, with interest at the rate of 1.0% per annum accruing from the Petition

12    Date.

13                                                            **VI.**

14                    **TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

15                    The Plan constitutes a motion to assume or reject all executory contracts and nonresidential

16    real property leases, except for those executory contracts and nonresidential real property leases

17    that have already been assumed or rejected pursuant to an earlier Order of the Bankruptcy Court or

18    that are the subject of a motion for such an Order pending as of the Confirmation Hearing.  Prior to

19    the Confirmation Hearing, the Debtors will file a schedule of all real property leases and executory

20    contracts to be rejected; any contract or lease not on that schedule shall be deemed assumed by the

21    applicable Debtor as of the Effective Date.  Prior to the date of hearing on the Debtors' Disclosure

22    Statement, the Debtors will file a schedule of all real property leases and executory contracts to be

23    assumed listing the cure amount, if any, under such unexpired lease or executory contract.  Unless

24    the non-Debtor party to any such executory contract or unexpired lease to be assumed files and

25    serves on Debtors' counsel an objection to the cure amount specified on that schedule on or before

26    the last date established by the Bankruptcy Court to file and serve objections to confirmation of the

27    Plan, such cure amount shall be forever binding on such non-debtor party to said executory contract

28    or unexpired lease.

1    Except as otherwise agreed by the parties to an executory contract or unexpired lease, each

2    Reorganized Debtor will cure any and all undisputed defaults within thirty days of the Effective

3    Date under any executory contract or unexpired lease assumed pursuant to the Plan and to which it

4    is a party, in accordance with Section 365 of the Bankruptcy Code.  All disputed defaults that are

5    required to be cured shall be cured either within thirty days of the entry of a Final Order

6    determining the amount, if any, of such Debtor's or Reorganized Debtor's liability with respect

7    thereto, or as may be agreed otherwise by the parties.  The Confirmation Order shall state that all

8    pre-petition contracts and unexpired leases that are listed on the schedule described herein are

9    deemed assumed  under the Plan.

10    Any Claim for damages arising from the rejection of an executory contract or unexpired

11    lease must be Filed and served on counsel for the Debtors within thirty (30) days after the order of

12    the Bankruptcy Court approving such rejection becomes a Final Order or be (i) forever barred and

13    unenforceable against any Debtor, its Estate, the Reorganized Debtor and their respective property,

14    and (ii) barred from receiving any distribution under the Plan.  All Allowed Claims arising from the

15    rejection of executory contracts or unexpired leases shall be treated as a Class "C" General

16    Unsecured Claim against the respective Debtor who is a party to such executory contract or

17    unexpired lease.

18    Any election of rights by a lessee under Section 365(h)(1) of the Bankruptcy Code must be

19    Filed and served on counsel for the Debtors within thirty (30) days after the order of the

20    Bankruptcy Court approving such rejection becomes a Final Order or lessee shall be deemed to

21    have waived any and all of its rights under Section 365(h)(1).

22    **VII.**

23    **MEANS FOR IMPLEMENTATION OF THE PLAN**

24    **A.    OVERVIEW OF PLAN IMPLEMENTATION**

25    Except as otherwise provided in the Plan or the Confirmation Order, all Cash necessary for

26    the Reorganized Debtors to make payments pursuant to the Plan will be obtained from the

27    Reorganized Debtors' cash balances existing on the Effective Date and thereafter, from the

28    operations of the Reorganized Debtors' business, the sale or refinancing of assets of the

118

1 | Reorganized Debtors, as deemed necessary and appropriate by the Reorganized Debtors, from the

2 | purchase of NE Interests described below, and from any other lawful source.

3 |       **B.**    **VESTING OF ASSETS**

4 |       Except as otherwise provided in any provision of the Plan, on the Effective Date, all legal

5 | and equitable interests of the Debtors in property of their respective estates shall be vested in such

6 | Reorganized Debtors, free and clear of all Claims, Liens, encumbrances and Interests except to the

7 | extent and only as is expressly provided for otherwise in Article III.C of the Plan.

8 |       **C.**    **SALE OR REFINANCE OF CERTAIN OF THE ASSETS OF CERTAIN**

9 |            **DEBTORS**

10 |       As of the Effective Date, the Reorganized Debtors will continue to operate their businesses.

11 | In order to meet their operational needs and payment obligations under the Plan, the Reorganized

12 | Debtors will sell some of their assets and refinance other of their assets as necessary during the

13 | term of the Plan.  The Debtors will determine which assets will be sold or refinanced based on the

14 | then existing needs and business plan of the Debtors and the condition of the real estate and credit

15 | markets.  The Debtors have in the past shown a willingness and ability to sell properties to meet

16 | their cashflow needs and they will continue to make such strategic sales as and when they deem it

17 | necessary in order to meet their obligations in the future.  After the payment of the costs of sale and

18 | the satisfaction of any Liens fixed by this Plan against the asset, the remaining proceeds will be

19 | available for the payment of the costs of operating its business and funding the Reorganized

20 | Debtors' obligations under this Plan.

21 |       **D.**    **PERFORMANCE BENCH MARKS**

22 |       The Debtors' Financial Projections attached hereto as Exhibit E show that the Debtors will

23 | monetize certain of their assets at various times during the seven year term of the Plan.  The

24 | Debtors have projected asset sales in each year of the Plan.  As stated in the Financial Projections,

25 | during the first 14 months of the Plan term, the Debtors will have sufficient cash (including cash on

26 | hand at the Effective Date and cash flow from the operation of their properties) to fully fund their

27 | operations for approximately 18 months without any asset sales during that time.  The Debtors

28 | propose to sell assets during that time period and have property under contract for sale that is

1   projected to close at or shortly after the Effective Date.  In light of the Debtors' available liquid

2   assets to fund operations, the Debtors will project that they will need to meet the following

3   performance benchmarks through the sale and/or refinancing of their secured debt, through cost

4   reductions or increased revenues from operations.  To the extent the Debtors exceed the

5   performance benchmark in any one year, this will necessarily reduce the amount needed to meet

6   the performance benchmark for the succeeding year.

7

8

| Year 1 | $0 |
|--------|-----|
| Year 2 | $9,700,000 |
| Year 3 | $18,860,000 |
| Year 4 | $18,540,000 |
| Year 5 | $16,300,000 |
| Year 6 | $14,000,000 |
| Year 7 | $14,100,000 |

16      These amounts represent the projected operating and plan payment shortfalls in those years

17  if there are no assets sales, cost reductions, proceeds from refinancing of debt or increases in

18  operating revenue.  These are the minimum amounts required to maintain positive cash balances

19  and make the payments required under the Plan.

20      **E.      EQUITY STRUCTURE FOR REORGANIZED MMPI**

21      The Second Amended Plan provides for an infusion of New Equity through a private

22  placement (see Section F immediately below for a description of the New Equity infusion). There

23  will be provision in the share certificates, formation and governance documents prohibiting

24  transfers of the New Equity that would result in there being more than 250 shareholders in order to

25  make sure that the Company will not need to be an SEC reporting company.  The Company had

26  wanted to offer the opportunity to participate in the New Equity to all of its shareholders.

27  Unfortunately, the Company learned that such an offering would not satisfy the requirements of the

28

351389.04 [XP]    25195

1    SEC, without engaging in an extremely costly registered public offering and associated ongoing

2    reporting and compliance cost. As provided in the First Amended Joint Plan of Reorganization, the

3    Company then proposed making this opportunity available to the top 200 equity holders in the

4    Company. The Company learned that the SEC would not approve this type of offering on the terms

5    proposed without a registered public offering. As a result, the Company has proposed the structure

6    set forth in this Second Amended Disclosure Statement and the Second Amended Plan whereby the

7    New Equity will be offered as a private offering to certain accredited investors selected by the

8    Company and known to the Company to satisfy the securities law requirements and otherwise on

9    terms not requiring a registered public offering. Like the First Amended Plan, the Second Amended

10    Plan provides for the Initial Investors to purchase more than fifty percent of the New Equity

11    Interests. As a result of such purchase by the Initial Investors pursuant to the structure proposed in

12    the Second Amended Plan, the Company will not experience a change in control. This will allow

13    the Company to retain the majority of its Net Operating Loss Carryforwards and Built In Losses.

14    The Net Operating Loss Carryforwards are estimated at not less than $75,000,000 and the Built-In

15    Losses are estimated at not less than $300,000,000.

16    **F.    PRIVATE PLACEMENT**

17          a.    New Equity

18        To provide funding for the Plan, MMPI will sell in a private placement transaction 500,000

19    shares of MMPI common stock to the Initial Investors and Eligible Investors selected by MMPI for

20    the purpose of raising capital in the amount of $10,000,000 ("New Equity"). MMPI has received

21    confirmation that the Initial Investors will purchase at least 250,001 shares for an aggregate amount

22    of at least $5,000,020. The remaining shares not purchased by the Initial Investors will be

23    purchased by Eligible Investors. In the event MMPI does not sell the remaining shares to Eligible

24    Investors, other than the Initial Investors, then such shares will be purchased by the Initial

25    Investors. The foregoing private placement transaction is referred to in this Plan as the "Private

26    Placement."

27        The Private Placement is exempt from the registration requirements of the Securities Act

28    and of any equivalent state securities or "blue sky" laws under section 4(2) of the Securities Act in

351389.04 [XP]    25195

1    accordance with Rule 506 of Regulation D promulgated thereunder. Section 4(2) exempts from

2    registration under the Securities Act all "transactions by an issuer not involving any public

3    offering." 15 U.S.C. § 77d(2). The solicitation and proposed issuance by MMPI of shares of New

4    Equity will be directed at only a limited number of investors selected by MMPI, all of whom

5    MMPI reasonably believes are "accredited investors" within the meaning of Regulation D and

6    therefore should constitute a private placement of securities. The Eligible Investors and the terms

7    of the Private Placement must meet all other requirements necessary for the Private Placement to

8    be exempt from such registration requirements.

9                              b.    Purchase Price

10        The purchase price of each share of New Equity sold in the Private Placement shall be $20.

11   Fractional shares of New Equity will not be issued or sold.  If the subscription of New Equity

12   would result in the issuance of a fractional share of New Equity, then the number of shares of New

13   Equity issued to such Eligible Investor will be calculated to one decimal place and rounded down

14   to the next lower whole share of New Equity.

15        **G.    Subscription of New Equity**

16        Each Eligible Investor may only purchase the shares of New Equity in the respective

17   amounts as agreed with Reorganized MMPI  and must return the appropriately completed and duly

18   executed Subscription Agreement and a Confidential Investor Questionnaire in the form previously

19   distributed to the Eligible Investor by MMPI.

20        Within 72 hours (but in no case later than the date that is three business days before the

21   Confirmation Date) after receiving notice and instructions from MMPI as described below under

22   the caption "b.  Payment of Purchase Price" of the number of shares of New Equity to be purchased

23   and the related purchase price, each Eligible Investor shall return a wire transfer of immediately

24   available funds for the full purchase price of the number of shares of New Equity subscribed to

25   MMPI

26

27

28

351389.04 [XP]      25195

a.    **Transfer Restrictions**

Eligible Investors subscribing for New Equity agree and are subject to the following transfer restrictions, which will be incorporated to the Amended and Restated Certificate of Incorporation and Bylaws of Reorganized MMPI:

Transfer of Shares of Common Stock

Number of Stockholders.  THE NUMBER OF HOLDERS OF THE COMMON STOCK OF THE CORPORATION SHALL NOT EXCEED BY ANY MEANS TWO HUNDRED AND FIFTY (250).  ANY PURPORTED SALE, TRANSFER, GIFT, ASSIGNMENT, DEVISE OR OTHER DISPOSITION OF SHARES OF COMMON STOCK OF THE CORPORATION THAT WOULD VIOLATE THE FOREGOING RESTRICTION OR THAT WOULD REQUIRE THE SHARES OF THE COMMON STOCK OF THE CORPORATION TO BE REGISTERED UNDER THE SECURITIES ACT OF 1934, AS AMENDED, SHALL BE VOID AB INITIO, AND THE INTENDED TRANSFEREE SHALL ACQUIRE NO RIGHTS IN SUCH SHARES.

Restrictions on Transfers.  For the purposes of this section:

(a) "Prohibited Shares" means any and all shares of Common Stock purported to be held by a Prohibited Stockholder;

(b) "Prohibited Stockholder" means, with respect to any purported Prohibited Transfer, any Stockholder of shares of Common Stock that upon any sale, transfer, gift, assign, devise or other disposition of shares of Common Stock, would own or hold shares of Common Stock in violation of this section or that would require the shares of Common Stock of the Corporation to be registered under the Securities Act of 1934, as amended (the "Exchange Act").

(c) "Prohibited Transfer" means any sale, transfer, gift, assign, devise or other disposition of shares of Common Stock of the Corporation by any Stockholder in violation of this section or that would require the shares of Common Stock of the Corporation to be registered under the Exchange Act.

1    Without limiting the effect of this section, if at any time the Board of Directors

2    believe, or have reason to believe, that there purport to be more than 250 holders of shares

3    of Common Stock of the Corporation, then the Prohibited Shares may be dealt with in

4    accordance with the following:

5    Subject to the provisions of this section, the Board of Directors shall, unless any

6    Director has reason to believe otherwise, be entitled to assume without (i) inquiry that

7    shares purport to be held by Prohibited Stockholders if the corporate books of the

8    Corporation show that there are more than 250 stockholders.  Upon the Board of Directors'

9    determination that a stockholder is considered a Prohibited Stockholder or that a holder

10   purportedly owns or holds Prohibited Shares, the Board of Directors may at any time give

11   notice in writing to the holder (or to any one of the joint holders) of a Prohibited Share

12   requiring such holder to make a declaration (in such form as the Directors may prescribe)

13   within such reasonable period of time as may be specified in the notice as to the date and

14   place of the acquisition of such shares of Common Stock, and to specify, who the transferor

15   of those shares was.  If such holder fails to comply with such notice, the Board of Directors

16   may, in its absolute discretion, treat the transfer of such shares void ab initio and the

17   intended Prohibited Stockholder shall acquire no rights in such shares of Common Stock.

18   The Directors may give notice in writing to the Prohibited Stockholder (or to any

19   one of the joint holders) of any Prohibited Transfer requiring him or her within 20 days (or

20   such extended time as in all the circumstances the Directors shall consider reasonable) to

21   unwind and/or procure the nullification of the sale, transfer, gift, devise or other disposition

22   of the Prohibited Shares.  On and after the date of such notice, the Prohibited Stockholder

23   agrees not to accept/acknowledge notice of or to attend (whether in person or by proxy), to

24   speak and to vote at any meeting of the stockholders, whether on a show of hands or on a

25   poll that would have attached to the share had it not appeared to the Board of Directors to

26   be a Prohibited Stockholder.  The Chairman of any such meeting shall be informed by the

27   Board of Directors of any share becoming or being deemed to be a Prohibited Share.

28

124