Donald L. Gaffney (Admitted *Pro Hac Vice*)
Eric S. Pezold (#255657)
Jasmin Yang (#255254)
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, CA 92626
Phone:       (714) 427-7000
Facsimile:   (714) 427-7799
Email: dgaffney@swlaw.com
       epezold@swlaw.com
       jyang@swlaw.com
Counsel for Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtors-in-Possession. | Case No.: 1:09-bk-13356-KT<br>Jointly Administered<br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS ON DEBTORS' AND COUNTY'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH RESPECT TO MERCO GROUP-SOUTHPARK, LLC AND MERUELO MADDUX PROPERTIES – 760 S. HILL STREET, LLC**<br><br>DATE:  June 11, 2010<br>TIME:  9:30 a.m.<br>PLACE: 21041 Burbank Blvd., Courtroom 301<br>          Woodland Hills, California |

**PLEASE TAKE NOTICE** that on 9:30 a.m. on June 11, 2010 in Courtroom 301 of the United States Bankruptcy Court located at 21041 Burbank Boulevard, Courtroom 301, Woodland Hills, California, Bank of America, N.A. ("BofA") will and does hereby move for an order staying the proceedings concerning the Debtors'[1] "Motion for Approval of Settlement with the County of Los Angeles Tax Collector" (the "Settlement Motion")

---

[1] As used herein "Debtors" refers to Meruelo Maddux Properties, Inc. and it's 53 affiliated and jointly administered debtor-entities.

1  with respect to Merco Group-Southpark, LLC ("Southpark") and Meruelo Maddux

2  Properties – 760 S. Hill, LLC (760 S. Hill"). This Motion is made on the grounds that

3  there is a pending adversary proceeding (the "Adversary Proceeding") between the

4  County of Los Angeles Tax Collector (the "County"), Southpark, 760 S. Hill, and BofA

5  concerning the effect of BofA's tender of funds to redeem delinquent property taxes

6  which comprise the basis of the Settlement Motion. The County initiated the Adversary

7  Proceeding on April 23, 2010. BofA has since filed a "Motion to Withdraw the Reference

8  of the Adversary Proceeding" (the "Motion to Withdraw") with the United States District

9  Court for the Central District of California (the "District Court"). The District Court will

10 hear the Motion to Withdraw on June 21, 2010. In addition, on May 19, 2010, BofA filed

11 its "Answer and Counterclaim" against the County, wherein BofA seeks declaratory

12 judgment on the propriety and enforceability of the County's settlement with the Debtor

13 insofar as the settlement impacts BofA's rights in and to the properties owned by

14 Southpark and 760 S. Hill.

15 The Adversary Proceeding and the Settlement Motion are substantially intertwined,

16 in that in the event a court were to adjudicate the Adversary Proceeding and find that

17 BofA has paid the delinquent property taxes owed by Southpark and 760 S. Hill, the

18 Debtors' and County's settlement agreement (the "Settlement Agreement") would be

19 moot with respect to Southpark and 760 S. Hill. BofA is requesting an order staying the

20 proceedings on the Settlement Motion with respect to Southpark and 760 S. Hill to allow

21 sufficient time for the resolution of the Adversary Proceeding. Alternatively, BofA seeks

22 an order staying the Settlement Motion proceedings with respect to Southpark and 760 S.

23 Hill until at least the June 21, 2010 hearing on the Motion to Withdraw.

24 This Motion is based on this Notice and Motion, the Memorandum of Points and

25 Authorities, concurrently filed Request for Judicial Notice, the papers and pleadings on

26 file in this case, and such other evidence as may be presented to the Court.

27 **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule

28 9013-1(f) any party seeking to object to the relief sought must, no later than 14 days

20699.0150\YANGJ\SWDMS\11548566          - 2 -

before the hearing date, file a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.

Dated: May 21, 2010

Respectfully submitted,

SNELL & WILMER L.L.P.

By: /s/ Jasmin Yang
Donald L. Gaffney
Eric S. Pezold
Jasmin Yang
Counsel for Bank of America, N.A.

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

20699.0150\YANGJ\SWDMS\11548566

- 3 -

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................. 1
II. FACTUAL BACKGROUND ................................................................................ 2
    A. Bankruptcy Proceedings and Settlement Agreement Between Debtors and County .................................................................................... 2
    B. BofA's Tender of Property Tax Payments to County ................................ 3
    C. The Adversary Proceeding and Motion to Withdraw the Reference ........... 4
III. LEGAL ARGUMENT .......................................................................................... 5
    A. The Court is Authorized to Stay the Settlement Motion Proceedings .......... 5
    B. The Stay of Proceedings on the Settlement Motion is Appropriate under Federal Rule of Bankruptcy Procedure 5011(c) ................................ 6
        1. BofA is Likely To Succeed on the Merits of the Motion to Withdraw ............................................................................................ 7
        2. BofA Will Suffer Irreparable Harm Unless the Court Imposes a Stay of the Settlement Motion Proceedings ................................... 8
        3. A Stay of the Settlement Motion Proceedings Will Not Harm the Other Parties in the Case ............................................................ 9
        4. A Stay Will Do No Harm to the Public Interest ............................ 10
IV. CONCLUSION ................................................................................................... 11

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

Bank of Am. v. County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002) .................. 8

In re Eagle Enters., 259 B.R. 83, 86-87 (Bankr. E.D. Pa. 2001)........................................ 7

In re Interco, Inc., 135 B.R. 359, 361 (Bankr. E.D. Mo. 1991) ......................................... 7

OCC Interpretive Letter No. 956, 2003 WL 23221434 (January 31, 2003) ...................... 8

OCC Interpretive Letter, 1985 WL 151287 (June 12, 1985) ............................................. 8

Packard Elevator v. I.C.C., 782 F.2d 112, 115 (8th Cir. 1986).......................................... 7

Watters v. Wachovia Bank, N.A., 550 U.S. 1, 10 (2007) ................................................... 8

Wells Fargo Bank, N.A. v. Boutris, 419 F.3d 949, 956 (9th Cir. 2005) ............................ 8

### STATE CASES

Request for Judicial Notice as Exhibit 1 at ¶ 6.................................................................. 2

### FEDERAL STATUTES

12 U.S.C. § 371(a)(2010) .................................................................................................. 8

28 U.S.C. § 157(d) ........................................................................................................ 5, 8

Bankruptcy Code § 105 ..................................................................................................... 5

Bankruptcy Code § 105(a)............................................................................................. 5, 6

### FEDERAL RULES

Federal Rule of Bankruptcy Procedure 5011(c)....................................................... 5, 6, 7, i

### FEDERAL REGULATIONS

12 C.F.R. § 34.4(a) ............................................................................................................ 8

### OTHER AUTHORITIES

Fed. R. Civ. Proc. 5 ........................................................................................................... 1

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Bank of America, N.A. ("BofA") requests that this Court enter an order staying the proceedings on the Debtors' and the County of Los Angeles's (the "County's") "Motion for Approval of Settlement" (the "Settlement Motion") with respect to Merco Group-Southpark, LLC ("Southpark") and Meruelo Maddux Properties – 760 S. Hill Street, LLC ("760 S. Hill") – the two Debtor entities of which BofA is the senior secured lender.

The Settlement Motion seeks to resolve the County's claims for delinquent pre-petition property taxes owed to the County by property level Debtors. The Settlement Motion is substantially intertwined with – even the subject of - a pending adversary proceeding (the "Adversary Proceeding") initiated by the County concerning the validity of BofA's tender of funds to redeem the delinquent property taxes owed by Southpark and 760 S. Hill. BofA has filed a motion to withdraw the reference (the "Motion to Withdraw") of the Adversary Proceeding with the United States District Court for the Central District of California (the "District Court"). The District Court will hear the Motion to Withdraw on June 21, 2010. In addition, on May 19, 2010, BofA filed its "Answer and Counterclaim" against the County, wherein BofA seeks declaratory judgment on the propriety and enforceability of the County's settlement with the Debtor insofar as the settlement agreement (the "Settlement Agreement") impacts BofA's rights in and to the properties owned by Southpark and 760 S. Hill.

Pursuant to Bankruptcy Rule 5011(c), it is appropriate for this Court to stay the proceedings on the Settlement Motion, at least with respect to Southpark and 760 S. Hill, to allow for the resolution of the Adversary Proceeding before approving the Settlement Motion with respect to those two entities. If the Adversary Proceeding is resolved in BofA's favor, then the Settlement Motion would be moot with respect to Southpark and 760 S. Hill, since those two entities would no longer have outstanding obligations for pre-petition taxes that comprise the subject matter of the Settlement Motion. At a minimum, the Court should stay the proceedings on the Settlement Motion with respect to the two

20699.0150\YANGJ\SWDMS\11548566

- 1 -

entities in which BofA is the secured lender in order to allow for the resolution of the Motion to Withdraw.

## II. FACTUAL BACKGROUND

Given that BofA, the Debtors, and the County are currently involved in the Adversary Proceeding, which concerns whether the County's tax claims and liens against Southpark and 760 S. Hill are still pending and enforceable, staying the proceedings on the Settlement Motion with respect to the two debtor entities of which the Bank is a secured creditor would be an efficient use of judicial resources and would obviate the possibility of inconsistent rulings. A prerequisite for the Settlement Motion's application to 760 S. Hill and Southpark is the existence of the County's claim against those two entities and liens against the real properties owned by them. In the event the Adversary Proceeding determines that the County no longer has claims and liens for delinquent pre-petition property taxes against Southpark and 760 S. Hill, then there is no reason for these two entities to be bound by the Settlement. At a minimum, cause exists to stay the Settlement Motion proceedings with respect to Southpark and 760 S. Hill to allow for the resolution of the pending Motion to Withdraw.

### A. Bankruptcy Proceedings and Settlement Agreement Between Debtors and County

On March 26 and 27, 2009, the Debtors filed their bankruptcy petitions under Chapter 11 of the United States Code with the Court. BofA is a secured creditor of two of the Debtors, Southpark and 760 S. Hill, and holds first position deeds of trust on the real property owned by each of those entities.[2] As of the petition date, several of the Debtors, including Southpark and 760 S. Hill, owed delinquent real property taxes to the County.[3]

On March 18, 2010, the Debtors entered into the Settlement Agreement with the County, wherein the County and the Debtors would agree on the amount of the delinquent tax claims, the interest rate and penalties to be paid on those claims, and the treatment of

---

[2] *See* "Complaint for: (1) Declaratory Relief; and (2) Deposit of Funds in Court," attached to the concurrently filed Request for Judicial Notice as Exhibit 1 at ¶ 6.
[3] *Id.* at ¶ 7.

20699.0150\YANGJ\SWDMS\11548566        - 2 -

those claims in the Debtors' proposed Chapter 11 plan of reorganization.[4] The quid pro quo envisioned by the Settlement Agreement provides that the Debtors will agree to treat the County's tax claims in a certain manner under the Debtors' anticipated plan of reorganization and in exchange, the County, among other things, will: (1) agree to vote in favor of the Debtors' plan of reorganization; and (2) will agree not to accept payments for the delinquent tax claims from any entity save for the Debtors.[5]

The salient provision of the Settlement Agreement for purposes of the adversary proceeding is that the County will be prohibited from accepting payment for the real property taxes from any other entity than the Debtors:

> 11. <u>No Acceptance of Payments from Entities Other Than the Debtors Prior to the Effective Date</u>.  Prior to the Effective Date, the Debtors shall be the only entities entitled to tender payment to the County on account of its claims against the Debtors, the Debtors' estates and/or property of the Debtors and their estates.  Payments received by the County prior to the Effective Date from any other source other than the Debtors shall be returned by the County to the payor.  The payments by the Debtors may include payments from third parties (*e.g.*, out of tax reserves or escrows) that the applicable Debtor hereafter, in writing, expressly authorizes the County to accept on behalf of such Debtor.

Settlement Agreement, ¶ 11.

On March 19, 2010, the Debtors filed their *Motion for Approval of Settlement with the County of Los Angeles Tax Collector* (the "Settlement Motion") seeking an order from the Court approving the Settlement Agreement.  See docket entry no. 1203.[6]  The hearing on the Settlement Motion took place on April 9, 2010, but due to BofA's payment of the unpaid pre-petition property taxes that occurred during the hearing, the hearing on the Settlement Motion has since been continued to June 11, 2010.

### B. BofA's Tender of Property Tax Payments to County

During the April 9, 2010 hearing on the Settlement Motion, BofA presented the

---

[4] *See Notice of Motion and Motion for Approval of Settlement with the County of Los Angeles Tax Collector* filed on April 30, 2010 at docket entry no. 1203.
[5] *Id.*
[6] *Id.*

1  County with cashier's checks in the amount of $839,969.55 to pay for the delinquent real

2  property taxes the County had assessed against Southpark and 760 S. Hill.[7] During the

3  April 9, 2010 hearing, the County stated that it could not accept the checks because under

4  the proposed Settlement Agreement with the Debtors the County had promised not to

5  accept delinquent property taxes from any other party except the Debtors.[8]

6  Following BofA's tender of the checks to the County, the Court imposed an

7  injunctive order against all other secured creditors in the bankruptcy case, prohibiting

8  them from making similar payments to the County on account of delinquent tax claims

9  against properties in which they had an interest, notwithstanding any legal and contractual

10  rights they might have to make such property tax payments.[9] As of the date of this

11  Motion, the Bankruptcy Court has not yet approved the Settlement Motion. The

12  Bankruptcy Court has continued the hearing on the Settlement Motion to June 11, 2010.

13  **C.    The Adversary Proceeding and Motion to Withdraw the Reference**

14  On April 23, 2010, the County initiated the Adversary Proceeding by filing its

15  Complaint for: (1) Declaratory Relief; and (2) Deposit of Funds in Court (the

16  "Complaint") with the Bankruptcy Court. The Complaint seeks: (1) declaratory relief

17  stating that BofA did not make a valid tender of the delinquent real property taxes and that

18  the County did not accept the payment for the delinquent real property taxes; and (2) to

19  deposit the funds tendered by BofA with the Bankruptcy Court's registry.

20  On April 27, 2010, the County filed its "Motion for Entry of Order Authorizing the

21  County of Los Angeles Tax Collector to Endorse and Deposit Checks into the Court's

22  Registry" (the "Registry Motion") in the Adversary Proceeding. The Court heard the

23  Registry Motion on May 10, 2010.[10] On May 14, 2010, BofA filed the Motion to

24  Withdraw with the District Court. In the Motion to Withdraw, BofA asserts that the

---

[7] Complaint, ¶ 16. As noted above, BofA's payment exceeds what the County alleges it is owed.
[8] *Id.*
[9] Complaint, Exhibit 3. 39:3-14.
[10] As of the date of this Motion, BofA has filed an objection to the County's proposed form of order concerning the Registry Motion on the basis that the County's proposed form of order does not reflect the Court's ruling on the Registry Motion.

20699.0150\YANGJ\SWDMS\11548566                - 4 -

1  County's attempt to reject BofA's property tax payments is an interference with BofA's
2  contractual and state law rights to enter such payments and implicates federal banking
3  regulations, making the Adversary Proceeding the appropriate subject of withdrawal
4  pursuant to 28 U.S.C. § 157(d).  The District Court will hear the Motion to Withdraw on
5  June 21, 2010.[11]  On May 19, 2010, BofA filed its "Answer and Counterclaim" against the
6  County, wherein BofA seeks declaratory judgment on the propriety and enforceability of
7  the County's settlement with the Debtor insofar as the settlement agreement (the
8  "Settlement Agreement") impacts BofA's rights in and to the properties owned by
9  Southpark and 760 S. Hill.[12]

## III. LEGAL ARGUMENT

The procedural posture of the Adversary Proceeding warrants the stay of proceedings concerning the Settlement Motion with respect to Southpark and 760 S. Hill pending the disposition of the Adversary Proceeding.  In the event the District Court grants the Motion to Withdraw, then the District Court will adjudicate the issue of the validity of BofA's tender of payments to the County.  In the event the District Court denies the Motion to Withdraw, the parties will proceed with the Adversary Proceeding in this Court.  Moreover, in the event either court resolves the Adversary Proceeding in favor of BofA, the Settlement Motion will be moot with respect to Southpark and 760 S. Hill since the County will not have claims against those entities for delinquent pre-petition property taxes that comprise the subject matter of the Settlement Agreement.  Pursuant to Bankruptcy Code § 105 and Federal Rule of Bankruptcy Procedure 5011(c), a stay of the Settlement Motion proceedings with respect to Southpark and 760 S. Hill is appropriate to allow for the conclusion of the withdrawal proceedings and to eliminate the possibility of inconsistent rulings.

---

[11] As of the date of this Motion, BofA, the County, and the Debtors have entered into a stipulation filed with the District Court to continue the hearing date on the Motion to Withdraw from June 14, 2010 to June 21, 2010.

[12] *See* "Bank of America, N.A.'s Answer and Counterclaim" attached to the concurrently filed Request for Judicial Notice as Exhibit 3.

20699.0150\YANGJ\SWDMS\11548566                - 5 -

### A. The Court is Authorized to Stay the Settlement Motion Proceedings

The Court has the equitable power under Bankruptcy Code § 105 to stay the proceedings on the Settlement Motion with respect to Southpark and 760 S. Hill. Bankruptcy Code § 105(a) provides:

> The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any actions or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Accordingly, Bankruptcy Code § 105(a) provides statutory authority for the Court's issuance of an order staying the Settlement Motion proceedings with respect to Southpark and 760 S. Hill. The issuance of such an order is appropriate in this instance to allow for the resolution of the Adversary Proceeding prior to entering an order that may impact BofA's rights as a secured creditor. The Adversary Proceeding concerns the validity of BofA's tender of payment to the County for delinquent property taxes and, by extension, the removal of Southpark and 760 S. Hill from Debtor entities that would be affected by or subject to the Settlement Agreement. In the event BofA properly tendered payments to the County for delinquent property taxes, then the County no longer has a claim against Southpark or 760 S. Hill. A court, whether this Court or the District Court, must resolve this issue before Southpark and 760 S. Hill may fulfill their obligations under the Settlement Agreement. In the event the Court were to enter an order approving the Settlement Motion prior to the adjudication of the Adversary Proceeding without any exception or carveout for Southpark and 760 S. Hill, BofA's rights contractual rights to pay property taxes (which rights are conferred by federal banking regulations) would be irreparably jeopardized and diminished.

The Court should exercise the authority conferred by Bankruptcy Code § 105(a) to enter an order staying the proceedings on the Settlement Motion with respect to Southpark and 760 S. Hill to allow for, at a minimum, the resolution of the pending Motion to

Withdraw.

### B. The Stay of Proceedings on the Settlement Motion is Appropriate under Federal Rule of Bankruptcy Procedure 5011(c)

Federal Rule of Bankruptcy Procedure 5011(c) provides:

> *Effect of Filing of Motion for Withdrawal or Abstention.* The filing of a motion for withdrawal of a case or proceeding … shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

Courts evaluate the following factors in determining whether to issue a stay of proceedings under Federal Rule of Bankruptcy Procedure 5011(c): (1) whether the party requesting the stay is likely to succeed on the merits; (2) whether the party requesting the stay will suffer irreparable injury unless the stay is granted; (3) whether substantial harm will come to other interested parties; and (4) that the stay will do no harm to public interest. *In re Interco, Inc.*, 135 B.R. 359, 361 (Bankr. E.D. Mo. 1991) (setting forth factors and citing *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986); *In re Eagle Enters.*, 259 B.R. 83, 86-87 (Bankr. E.D. Pa. 2001) (setting forth factors and noting that the factors governing a decision for a stay pending decision on motion for withdrawal of reference are the same as those that govern decisions on whether to issue stays pending appeal).

The *In re Eagle* court encountered a situation where an adversary defendant filed a motion to withdraw the reference of the adversary proceeding and sought a stay pending the determination on the motion to withdraw. 259 B.R. at 86. The bankruptcy court granted the motion for the stay finding that the adversary defendant was likely to prevail on its motion to withdraw the reference and that the other parties to the adversary proceeding would suffer minimal harm from the stay of the proceedings. *Id.* at 89.

For similar reasons, consideration of the relevant factors indicates that the Court should stay proceedings on the Settlement Motion, at least with respect to Southpark and 760 S. Hill, pending, at a minimum, the resolution of the Motion to Withdraw and the

20699.0150\YANGJ\SWDMS\11548566               - 7 -

issues associated with the Adversary Proceeding.

### 1. BofA is Likely To Succeed on the Merits of the Motion to Withdraw

BofA's Motion to Withdraw states that withdrawal of the reference of the Adversary Proceeding is appropriate under principles of mandatory withdrawal pursuant to 28 U.S.C. § 157(d) and under doctrines of permissive withdrawal. [13] With respect to the argument in favor of withdrawing the reference because of mandatory abstention, federal banking statutes and regulations permit BofA to require and enforce certain covenants as part of its lending business, including the right to make property tax payments to protect its loans. 12 U.S.C. § 371(a)(2010); OCC Interpretive Letter No. 956, 2003 WL 23221434 (January 31, 2003); OCC Interpretive Letter, 1985 WL 151287 (June 12, 1985). Federal Regulations promulgated under the National Banking Act and by the Office of the Comptroller of the Currency preempt a local government's ability to supervise national banks. *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 10 (2007); *Wells Fargo Bank, N.A. v. Boutris*, 419 F.3d 949, 956 (9th Cir. 2005); *Bank of Am. v. County of San Francisco*, 309 F.3d 551, 558 (9th Cir. 2002); 12 C.F.R. § 34.4(a). As a federally chartered bank, BofA is authorized to place certain covenants into its loan documents and is authorized to enforce those covenants, even, in some instances, over a state government's attempts to curtail such rights. The interpretation of federal banking statutes and its implications concerning interstate commerce render mandatory withdrawal appropriate.

Additionally, withdrawal of the reference is appropriate under considerations governing permissive withdrawal because the early stage of the Adversary Proceeding (BofA has recently filed its answer, but the status conference on the Adversary Proceeding has not yet taken place and the parties have not engaged in any discovery concerning the claims in the Adversary Complaint) ensures that there would be no waste or duplication of judicial resources or delay associated with the withdrawal of the reference. BofA asserts

---

[13] BofA incorporates by reference the arguments made in the Motion to Withdraw, a true and correct copy of which is attached to the concurrently filed Request for Judicial Notice as Exhibit 2.

that it has a strong likelihood of success with respect to the Motion to Withdraw.

          2.        **BofA Will Suffer Irreparable Harm Unless the Court Imposes a Stay of the Settlement Motion Proceedings**

In the event the Court does not stay the Settlement Motion proceedings, BofA will suffer irreparable harm as the Court would likely approve the Settlement Agreement, and impair BofA's state law and contractual rights to pay property taxes to the County, without permitting BofA and the County to adjudicate the issues raised in the Adversary Proceeding. Granting the Settlement Agreement without a stay would nullify BofA's cross-claims in the Adversary Proceeding and would preclude BofA from raising its defenses to the Adversary Complaint in support of its assertions that it did properly tender payment to the County. In the event the Court does not stay the Settlement Motion proceedings with respect to Southpark and 760 S. Hill, issues in the Adversary Proceeding (i.e., whether BofA validly tendered payment to the County, and whether the County still has a claim for delinquent pre-petition property taxes assessed against Southpark and 760 S. Hill) would be mooted. Approving the Settlement Agreement with respect to Southpark and 760 S. Hill prior to the resolution of the issues in the Adversary Proceeding is a de facto determination that BofA has no right to tender property taxes for properties on which it has a secured interest – a conclusion that BofA asserts is contrary to federal banking law, state law, and BofA's contracts. BofA would suffer irreparable harm in the event the Court did not stay the Settlement Motion proceedings with respect to Southpark and 760 S. Hill. This factor favors the issuance of the stay.

          3.        **A Stay of the Settlement Motion Proceedings Will Not Harm the Other Parties in the Case**

Staying the Settlement Motion proceedings with respect to Southpark and 760 S. Hill will not cause substantial harm to other parties. BofA is requesting a stay that is limited in scope and in time and is only seeking a stay of the proceedings with respect to Southpark and 760 S. Hill for so long as the Motion to Withdraw and the Adversary Proceeding are pending. BofA is not attempting to impose a stay with respect to entities in which it has no interest. Nor is it attempting to impose a stay for an indeterminate

20699.0150\YANGJ\SWDMS\11548566     - 9 -

1 amount of time.

2 The Debtors and the County will not suffer substantial harm from a limited stay. Excluding the issues raised by BofA, in the event the Court finds that the Settlement Motion should otherwise be approved, the Debtors and the County are free to request appropriate relief from the Court in terms of approving the Settlement Motion with respect to the other Debtor entities. Additionally, to the extent that the Debtors' attempt to argue that a stay would negatively impact their plan confirmation proceedings, they will not suffer substantial harm because: (1) the Debtors' disclosure statement has yet to be approved and may likely require additional amendment before the Court would even approve it to circulate for voting; (2) there is a serious argument that the County may even constitute an impaired consenting class for cramdown confirmation purposes (BofA would submit that the County may not constitute an impaired consenting class); and (3) the County might not even be permitted vote on any plan submitted by the Debtors given that several creditors will likely argue that the County's vote has not been procured in good faith.

BofA is not attempting to impact the rights of other secured creditors or attempting to influence the approval of the Settlement Agreement between the County and the other Debtors. Additionally, the Settlement Motion may not be approved with respect to Southpark and 760 S. Hill until the resolution of the Motion to Withdraw and the Adversary Proceeding. The Debtors and the County will not suffer substantial harm from a limited stay of the Settlement Motion proceedings.

          4.     A Stay Will Do No Harm to the Public Interest.

The last factor to consider in whether to grant a stay of proceedings is whether the stay will do any harm to the public interest. The limited stay of proceedings BofA is requesting will do no harm to the public interest. It is difficult to see how the Debtors or the County will be harmed by such a stay. Additionally, if anything, the adjudication of the existence and exercise of a lender's state law and contractual rights to pay property taxes is something that would further the public interest and that may provide guidance to

future debtors and bankruptcy courts in how to structure or evaluate settlements with taxing authorities. This factor similarly favors the imposition of the stay.

## IV. CONCLUSION

A stay of the Settlement Motion proceedings is appropriate pending the resolution of, at a minimum, the Motion to Withdraw and the Adversary Proceeding. The District Court will hear the Motion to Withdraw on June 21, 2010. At that point, the parties will know whether the Adversary Proceeding will proceed in the District Court or in this Court. Even after determining which Court will adjudicate the Adversary Proceeding, the central issue of whether BofA has properly tendered payments to the County must be adjudicated before the Court can approve the Settlement Motion with respect to Southpark and 760 S. Hill. To approve the Settlement Motion with respect to those debtors prior to the adjudication of this question would impermissibly abridge and curtail BofA's state law, federal law, and contractual rights to tender payments for property taxes assessed against entities to which it is a secured lender. For the foregoing reasons, BofA requests that the Court enter an order staying the Settlement Motion proceedings with respect to Southpark and 760 S. Hill.

Dated: May 21, 2010

SNELL & WILMER L.L.P.

By: /s/ Jasmin Yang
Donald L. Gaffney
Eric S. Pezold
Jasmin Yang
Attorneys for Bank of America, N.A.

20699.0150\YANGJ\SWDMS\11548566

- 11 -

| In re: MERUELO MADDUX PROPERTIES, INC., et al., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER - 1:09-bk-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 350 South Grand Avenue, Suite 2600, Los Angeles, California 90071. The foregoing documents described as: **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS ON DEBTORS' AND COUNTY'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH RESPECT TO MERCO GROUP-SOUTHPARK, LLC AND MERUELO MADDUX PROPERTIES – 760 S. HILL STREET, LLC** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 21, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL, PERSONAL DELIVERY, OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **May 24, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

The Honorable Kathleen Thompson
United States Bankruptcy Court - Warner Center
21041 Burbank Boulevard, Suite 305
Woodland Hills, CA 91367-6609
(messenger – delivery for May 24, 2010)

☒ Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on May 21, 2010, I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 21, 2010 | Digna B. Anonas | /s/ Digna B. Anonas |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

20699.0150\YANGJ\SWDMS\11548566    - 1 -

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

- Michael C Abel   mca@dgdk.com
- John J Bingham   jbingham@dgdk.com
- Peter Bonfante   peterbonfante@bsalawfirm.com
- Julia W Brand   jwb@dgdk.com
- Jennifer L Braun   jennifer.l.braun@usdoj.gov
- Martin J Brill   mjb@lnbrb.com
- Howard Camhi   hcamhi@ecjlaw.com
- James E Carlberg   jcarlberg@boselaw.com
- Sara Chenetz   chenetz@blankrome.com
- Jacquelyn H Choi   jchoi@swjlaw.com
- Ronald R Cohn   rcohn@horganrosen.com
- Enid M Colson   emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa   mcorrea@jonesday.com
- Brian L Davidoff   bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Aaron De Leest   aed@dgdk.com
- Michael G Fletcher   mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman   bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney   dgaffney@swlaw.com
- Thomas M Geher   tmg@jmbm.com
- Bernard R Given   bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser   bglaser@swjlaw.com
- Michael I Gottfried   mgottfried@lgbfirm.com, msaldana@lgbfirm.com
- John A Graham   jag@jmbm.com
- Ofer M Grossman   omglaw@gmail.com
- Jodie M Grotins   jgrotins@mcguirewoods.com
- Peter J Gurfein   pgurfein@akingump.com
- Cara J Hagan   carahagan@haganlaw.org
- Asa S Hami   ahami@sulmeyerlaw.com
- Brian T Harvey   bharvey@buchalter.com, IFS_filing@buchalter.com
- David W Hercher   dave.hercher@millernash.com
- William W Huckins   whuckins@allenmatkins.com, clynch@allenmatkins.com
- Natasha L Johnson   natasha.johnson@dlapiper.com
- Lance N Jurich   ljurich@loeb.com, kpresson@loeb.com
- Alexandra Kazhokin   akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- William H. Kiekhofer   wkiekhofer@mcguirewoods.com
- Andrew F Kim   kim-a@blankrome.com
- Michael S Kogan   mkogan@ecjlaw.com
- Tamar Kouyoumjian   tkouyoumjian@sulmeyerlaw.com
- Duane Kumagai   dkumagai@rutterhobbs.com, calendar@rutterhobbs.com
- Lewis R Landau   lew@landaunet.com
- David E Leta   dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien   katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon   slinkon@rcolegal.com
- Richard Malatt   rmalatt@gmail.com
- Elmer D Martin   elmermartin@msn.com
- Elissa Miller   emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Iain A W Nasatir   inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jennifer L Nassiri   jennifer.nassiri@dlapiper.com, bambi.clark@dlapiper.com
- Lawrence Peitzman   lpeitzman@pwkllp.com
- Eric S Pezold   epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince   cprince@lesnickprince.com

- Michael H Raichelson    mhr@cabkattorney.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Craig M Rankin    cmr@lnbrb.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Kirsten A Roe    kroe@wthf.com, dfunsch@wthf.com
- Martha E Romero    Romero@mromerolawfirm.com
- Victor A Sahn    vsahn@sulmeyerlaw.com
- Zev Shechtman    zshechtman@dgdk.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu    sshiu@swlaw.com
- Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni    surjit@sonilaw.com, teresa@sonilaw.com
- Tracie L Spies    tracie@haganlaw.org
- James Stang    jstang@pszjlaw.com
- John N Tedford    jtedford@dgdk.com
- James A Timko    jtimko@allenmatkins.com
- Alan G Tippie    atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian    rvarozian@bzlegal.com
- Jason L Weisberg    jason@gdclawyers.com
- Jasmin Yang    jyang@swlaw.com

## II. **TO BE SERVED BY U.S. MAIL:**

David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Debt Acquisition Company of America V, LLC
1565 Hotel Circle South
Suite 310
San Diego, CA 92108

Arthur J Hazarabedian
California Eminent Domain Law Group
3429 Ocean View Blvd Ste L
Glendale, CA 91208

SCS Flooring Systems
C/O Raymond Myer Esq
1220 1/2 State St
Santa Barbara, CA 93101

**Snell & Wilmer**
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

20699.0150\YANGJ\SWDMS\11548566                - 3 -