JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@dgdk.com*
JULIA W. BRAND (State Bar No. 121760)
*JBrand@dgdk.com*
ENID COLSON (State Bar No. 189912)
*EColson@dgdk.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Meruelo Maddux Properties, Inc.,
Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. 1:09-bk-13356-KT |
| MERUELO MADDUX PROPERTIES, INC., et al.[1] | ) Chapter 11 |
| Debtors and Debtors-in-Possession. | ) (Jointly Administered) |
| | ) **MOTION FOR ORDER (1) APPROVING PLAN SOLICITATION, NOTICE AND VOTING PROCEDURES, (2) APPROVING FORMS OF NOTICE AND BALLOTS AND (3) ESTABLISHING PLAN CONFIRMATION PROCEDURES; AND MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ENID M. COLSON IN SUPPORT THEREOF** |
| ☒   Affects all Debtors | |
| ☐   Affects the following Debtor(s): | |
| | ) Date: July 30, 2010 |
| | ) Time: 9:30 a.m. |
| | ) Place: Courtroom 301 |
| | ) 21041 Burbank Blvd. |
| | ) Woodland Hills, California |

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

355711.04 [XP]      25195

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................4

    A.    The Chapter 11 Case ........................................................................................4

    B.    The Debtors' Plan ............................................................................................4

II.   RELIEF REQUESTED .............................................................................................5

    A.    Proposed Procedure for Distribution of Solicitation Packages....................5

        1.   Reproduction of Solicitation Package on CD Rom .....................5

        2.   Service of Confirmation Hearing Notice (Instead of
            Solicitation Packages) on Administrative Claimants ...................6

        3.   Service of Solicitation Packages on Objecting Beneficial
            Owners of MMPI Equity Interests................................................7

        4.   Service of Only Confirmation Hearing Notice on Parties in
            Interest Who Do Not Hold a Claim Against or Interest in the
            Debtors...........................................................................................7

        5.   Returned Mail and Multiple Addresses ........................................8

    B.    The Record Date For Holders Of Claims And Interests............................9

    C.    Form of Ballots. ..............................................................................................10

    D.    Tabulation of Votes. .......................................................................................13

    E.    Confirmation Hearing Notice ........................................................................16

    F.    Fixing Requisite Dates....................................................................................16

        1.   Date to Transmit Confirmation Hearing Notice And
            Solicitation Packages. ...................................................................16

        2.   Voting Deadline.............................................................................16

        3.   Last Day for Debtors to File Confirmation Brief and
            Supporting Papers .........................................................................17

        4.   Last Day To Object To Confirmation...........................................17

        5.   Reply Papers in Support of Confirmation and Ballot
            Summary.........................................................................................18

        6.   Procedures For Presentation Of Evidence. ..................................18

            a.   Presentation of Evidence by Declarations ......................18

-i-

355711.04 [XP]     25195

1

## **TABLE OF CONTENTS (cont.)**

2                                                                                           **Page**

3              b.    Objections to Evidence .................................................................. 19

4              c.    Untimely Evidence ....................................................................... 19

5              d.    Expert Testimony.......................................................................... 19

6              e.    Discovery Cutoff ........................................................................... 20

7         7.    Summary of Proposed Deadlines.............................................. 21

8    G.    Non-Substantive Changes....................................................................... 21

9  III.    CONCLUSION................................................................................................ 22

10  DECLARATION OF ENID M. COLSON...................................................................... 23

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

355711.04 [XP]     25195

1      **PLEASE TAKE NOTICE** that on July 30, 2010 (the "Hearing Date") at 9:30 a.m. before

2  the Honorable Kathleen Thompson, United States Bankruptcy Judge, a hearing will be held in

3  Courtroom 301 of the United States Bankruptcy Court located at 21041 Burbank Blvd., Woodland

4  Hills, California 91367, on this *Motion for Order (1) Approving Plan Solicitation, Notice and*

5  *Voting Procedures, (2) Approving Forms of Notice and Ballots and (3) Establishing Plan*

6  *Confirmation Procedures* (the "Motion") filed by the above-captioned debtors and debtors-in-

7  possession (collectively, the "Debtors").

8      The Debtors hereby move this Court, pursuant to Section 1125 of the Bankruptcy Code and

9  Rules 2002, 3017, 3018, 9007 and 9009 of the Federal Rules of Bankruptcy Procedure (the

10  "Bankruptcy Rules") for an order approving and/or setting, as described more fully below, (1)

11  certain plan solicitation, notice and voting procedures, (2) certain specified procedures for

12  transmitting the Debtors' plan, the disclosure statement in support of the plan, ballots, and related

13  solicitation materials and notice of the same, (3) certain procedures for tabulating votes on the plan,

14  (4) the forms of ballots that will accompany the plan and disclosure statement sent to those classes

15  of creditors and interest holders entitled to vote on the plan, (5) the form of notice of the

16  confirmation hearing and related matters, (6) confirmation procedures and (7) establishing the

17  record date for determination of the identities of the holders of record of MMPI's equity securities

18  and for determination of the identities of the holders of claims against the Debtors.

19      This motion is based on this notice and motion, the memorandum of points and authorities,

20  the declaration of Enid M. Colson and the separately filed Notice of Motion; the pleadings,

21  documents and records in this bankruptcy case; and such other arguments, evidence and

22  representations that may be presented at or before the hearing on the motion.

23      **PLEASE TAKE FURTHER NOTICE** that any party opposing the relief sought by the

24  Motion must file a response in writing with the Clerk of the Court and such response must be

25  served upon the following on or before **July 20, 2010**:  (1) the Office of the United States Trustee,

26  ATTN: Jennifer L. Braun, Esq., 21051 Warner Center Lane, Suite 115, Woodland Hills, CA

27  91367; (2) counsel for Debtors, Julia W. Brand, Esq., Danning, Gill, Diamond & Kollitz, LLP,

28  2029 Century Park East, Third Floor, Los Angeles, CA  90067; and (3) counsel for the Official

355711.04 [XP]    25195

1   Committee of Unsecured Creditors, Dean G. Rallis Jr., Esq., SulmeyerKupetz, 333 S. Hope St.,

2   35th Floor, Los Angeles, CA 90071.  The Debtors' reply to any oppositions must be filed and

3   served no later than **July 23, 2010.**[2]  Any response not timely filed and served may be deemed by

4   the Court to be consent to the granting of the Motion.  If you do not have any objection to the

5   Motion, you do not need to take any further action

6

7   Dated:  July 30, 2010                           DANNING, GILL, DIAMOND & KOLLITZ, LLP

8

9                                        By:   _____

10                                              ENID M. COLSON
                                               Attorneys for Debtors and
11                                             Debtors-in-Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25
    _____
26  [2] The Debtors contacted the Court's clerk and obtained approval for this briefing schedule which
    provides the time normally provided under the Local Rules for opposition(s) and shortens only the
27  Debtors' time to file a reply.

28
                                        -3-

355711.04 [XP]    25195

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### INTRODUCTION

4

**A.      The Chapter 11 Case**

5          On March 26 and 27, 2009,[3] Meruelo Maddux Properties, Inc. ("MMPI"), and 53 of its

6   direct and indirect subsidiaries (collectively the "Debtors") filed voluntary petitions for relief under

7   Chapter 11 of Title 11 of the United States Code (the "Code").  Pursuant to the Court's ruling on

8   March 30, 2009, the Debtors' bankruptcy cases are being jointly administered under case no. 1:09-

9   bk-13356-KT.  The Debtors continue to operate their business affairs as debtors-in-possession

10  pursuant to the authority granted under §§ 1107 and 1108 of the Code.

11

12  **B.      The Debtors' Plan**

13         The Debtors filed their (i) *Modified Second Amended Joint Plan or Reorganization of*

14  *Meruelo Maddux Properties, Inc., et al.,* ("Plan") and (ii) *Modified Second Amended Disclosure*

15  *Statement Describing Modified Second Amended Joint Plan of Reorganization of Meruelo Maddux*

16  *Properties, Inc., et al.* ("Disclosure Statement") on June 10, 2010.  The hearing on the Disclosure

17  Statement is scheduled for July 21, 2010.

18         The Plan is a joint plan addressing all of the Debtors in a single document but does not seek

19  to substantively consolidate any of the separate Debtors. Accordingly, the Plan classifies Claims[4]

20  against and Interests in each of the Debtors' cases on a Debtor-by-Debtor basis.  Votes will be

21  tabulated and acceptances will be determined on a Debtor by Debtor basis.  The Debtors will seek

22  confirmation of the Plan as to each Debtor on an individual basis notwithstanding that this is a joint

23  Plan.

24

25  _____

26  [3] For purposes of this motion, March 27, 2009, is referred to as the "Petition Date."

27  [4] Unless otherwise defined herein, capitalized terms shall have the same meaning as set forth in the
Plan or Disclosure Statement.

28

-4-

## II.

## RELIEF REQUESTED

**A.    Proposed Procedure for Distribution of Solicitation Packages.**

Generally, under Bankruptcy Rule 3017(d), upon approval of a disclosure statement, a plan proponent must mail to the United States Trustee ("UST"), all creditors and all equity security holders the plan, the disclosure statement, notice of the time within which to file acceptances or rejections, notice of the date of the confirmation hearing and such other information as the Court may require. *See* FED. R. BANKR. P. 3017(d). The Debtors propose to serve on all creditors and interest holders the following materials (collectively, the "Solicitation Package"):

> (1)    the notice, in substantially the form of Exhibit "1" attached hereto (the "Confirmation Hearing Notice");
>
> (2)    the Plan;
>
> (3)    the Disclosure Statement, including all exhibits and addenda;[5] and
>
> (4)    for holders of claims or interests in classes entitled to vote, a ballot to accept or reject the Plan, in substantially the form of Exhibits "2" through "7" attached hereto (the "Ballots") and, for holders of claims or interests in classes which are not entitled to vote, a notice of non-voting status (the "Notice of Non-Voting Status"), in substantially the form of Exhibit "8" attached hereto.

The Solicitation Package sent to holders of claims or interests entitled to vote will also include a labeled return envelope for the return of such holders' Ballots.

**1.    Reproduction of Solicitation Package on CD Rom**

The Plan and Disclosure Statement are voluminous and exceed 1600 pages in length. The reproduction and postage costs well exceed $100 for each copy of the Plan and Disclosure Statement and there are approximately 1550 creditors and interest holders. If the Plan and Disclosure Statement are served on paper, reproduction costs alone (exclusive of postage) will

---

[5] The Disclosure Statement Addendum includes the Debtors' most recent SFC filings.

-5-

1    exceed $200,000. The Debtors have obtained multiple estimates from entities capable of and

2    experienced in the process of copying plan solicitation materials on a CD-Rom disk that includes

3    software necessary for opening and viewing the files. The Debtors accordingly request that the

4    Court authorize them to distribute the Plan and Disclosure Statement (including exhibits and

5    addenda) on CD-Rom disk. The cost savings to the Debtors and their estates that will result from

6    distribution of the Plan and Disclosure Statement on CD-Rom disk are substantial.

7           The Debtors further propose to place the Confirmation Hearing Notice, the Plan and the

8    Disclosure Statement on websites maintained by the Debtors, the Debtors' bankruptcy counsel and,

9    to the extent possible, on the website maintained by the agency preparing the CD-Rom disks.

10   Interested parties will be able to download the materials in the widely used PDF format. Finally,

11   the proposed Confirmation Hearing Notice (which will be served in traditional paper format on all

12   recipients of the Solicitation Packages) includes information to permit recipients to download the

13   information contained on the CD-Rom disk on the websites (*supra*) and further informing

14   recipients that hard copies of the Plan and Disclosure Statement may be obtained by written email

15   request to Debtors' counsel, so long as such written request is received by the Debtors' counsel no

16   later than 10 days prior to the date set for the confirmation hearing.

17              **2.     Service of Confirmation Hearing Notice (Instead of Solicitation**

18                       **Packages) on Administrative Claimants**

19          The Solicitation Packages will be distributed to all secured creditors, all unsecured

20   creditors, registered owners of MMPI's equity interests, all non-objecting beneficial owners (as

21   defined below) of MMPI's equity interests and the holders of record of the objecting beneficial

22   owners (also defined below) of MMPI's equity interests. The Debtors request that they be

23   authorized to serve the Confirmation Hearing Notice only (without the CD-Rom containing the

24   Plan and Disclosure Statement) on the known holders of administrative claims. These parties will

25   be paid in full on the Effective Date and are not entitled to vote. As such, it is not necessary to

26   incur the expense of printing and mailing a complete Solicitation Package to these parties.

27

28

1    **3.    Service of Solicitation Packages on Objecting Beneficial Owners of**

2    **MMPI Equity Interests**

3    Most of MMPI's equity interests are held by entities ("Intermediary Record Owners") on

4    behalf of a beneficial owner ("Beneficial Owner"). The majority of the Beneficial Owners of

5    MMPI equity interests have given permission to the Intermediary Record Owners to release the

6    Beneficial Owner's names and addresses to MMPI and are known as "Non Objecting Beneficial

7    Owners" ("NOBOs"). The Debtors will serve Solicitation Packages on the NOBOs directly and

8    will not serve the Intermediary Record Owners of equity interests of the NOBOs.

9    The Beneficial Owners of approximately 10% of MMPI's equity interests have not given

10    permission to the Intermediary Record Owners to release their names and addresses to MMPI and

11    thus their identities are not publicly known. These Beneficial Owners are known as "Objecting

12    Beneficial Owners" ("OBOs"). The Debtors request that they be authorized to send the Solicitation

13    Packages to the Intermediary Record Owners with instructions to reproduce the Solicitation

14    Packages as needed or request additional copies from the Debtors and forward to the OBOs and

15    that such service be deemed to satisfy the Debtors' obligations under Bankruptcy Rules 2002(d)

16    and 3017(d),(e) regarding the transmission of Solicitation Packages to beneficial holders of

17    MMPI's equity interests.[6]

18    **4.    Service of Only Confirmation Hearing Notice on Parties in Interest Who**

19    **Do Not Hold a Claim Against or Interest in the Debtors**

20    The Debtors request that they be authorized to serve the Confirmation Hearing Notice only

21    (without the Plan and Disclosure Statement) on parties that have been listed on Debtors' schedules

22    as holding a claim that is disputed, contingent, unliquidated, and/or in the amount of $0.00[7], and

23

24
_____

25    [6] MMPI Shareholders will also receive written instructions regarding the redemption of their shares
in a separate written notice sent on or about the date of entry of the order confirming the Debtors'

26    Plan.

27    [7] As is typically the case, Debtors' Schedules included numerous "potential" creditors, to whom
notice of this case was given, but who do not actually hold claims against the Debtors' estates.

28

-7-

1  have not timely filed a proof of claim.[8]  Pursuant to Bankruptcy Code Section 1111(a), no claim is

2  deemed filed on behalf of such parties and they do not hold allowed claims against Debtors' estates.

3  Eliminating the administrative costs associated with printing and mailing the entire Solicitation

4  Package to this group will result in savings to the Debtors and the proposed form of Confirmation

5  Hearing Notice advises such parties, if they believe they hold allowed claims, of the procedure by

6  which a Solicitation Package and ballot may be obtained.

7                        **5.    Returned Mail and Multiple Addresses**

8          The Debtors request authority to not send the Solicitation Packages to creditors or interest

9  holders if the Debtors have on at least three previous occasions mailed notice or other documents to

10  such creditor or interest holder which was returned as undeliverable or as being the wrong address

11  for the person or entity.

12          There are some creditors and holders of interests that have provided more than one address

13  in connection with these cases.  In these instances, the Debtors request authorization to send a

14  single Solicitation Package to one address for the creditor or interest holder, which will be

15  determined according to the following criteria:

16          (i)      if the creditor or interest holder is represented by an attorney, then the attorney's
                      address will be used;

17

18          (ii)     if (i) does not apply and if the creditor or interest holder has filed a proof of claim,
                      the address on the proof of claim will be used;

19          (iii)    if (i) and (ii) do not apply and if the creditor or interest holder has filed a pleading or
                      sent correspondence to the Court, then the address on such pleading or

20                    correspondence will be used; or

21          (iv)     if (i), (ii) and (iii) do not apply, the most recently provided address will be used.

22          The Debtors will send the Confirmation Hearing Notice to all known addresses for each

23  creditor and interest holder, so all parties will receive actual notice and can request a Solicitation

24  Package, if necessary.

25

26

---

27  [8] The bar date established by this Court was September 24, 2009.

28

**B.    The Record Date For Holders Of Claims And Interests.**

Bankruptcy Rule 3018(a) provides in part:

> [a]n equity security holder or creditor whose claim is based on a
> security of record shall not be entitled to accept or reject a plan
> unless the equity security holder or creditor is the holder of record of
> the security on the date the order approving the disclosure statement
> is entered or on another date fixed by the court, for cause after notice
> and a hearing.

FED. R. BANKR. P. 3018(a).

Bankruptcy Rule 3017(d) further provides that the "date [an] order approving the disclosure

statement is entered," or such other date established by the Court, is the record date for determining

the "holders of stocks, bonds, debentures, notes and other securities" entitled to receive materials

specified in Bankruptcy Rule 3017(d), including ballots. FED. R. BANKR. P. 3017(d).

The Debtors anticipate that it will take approximately five business days to obtain from the

transfer agents the lists of MMPI's equity interest holders as of a certain date.  The Debtors

accordingly request that the Court establish July 30, 2010 as the record date for purposes of

determining which holders of MMPI's equity interests are entitled to receive Solicitation Packages,

vote on the Plan and elect between the two options for the treatment of equity interests available to

such holders under the terms of the Plan.  The Debtors further request that the Court establish the

same date as the record date for determining which holders of claims against the Debtors are

entitled to receive Solicitation Packages and vote on the Plan (together with the date for interest

holders, the "Record Date").

With respect to any transferred claim or interest, the Debtors further propose that the

transferee will be entitled to receive the Solicitation Package and cast a ballot on account of such

transferred claim or equity interest only if by the Record Date (a) all actions necessary to effectuate

the transfer of the claim or equity interest pursuant to Bankruptcy Rule 3001(e) have been

completed, or (b) the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to

evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the

transfer.  Each transferee shall be treated as a single creditor for purposes of the numerosity

355711.04 [XP]    25195

1 | requirements in Section 1126(c) of the Bankruptcy Code and the other procedures set forth in this

2 | Motion.

3 |      **C.**    **Form of Ballots**.

4 |      Under the Plan, holders of allowed claims or interests in voting classes are entitled to cast

5 | Ballots to accept or reject the Plan.  Bankruptcy Rule 3017(d) generally requires that ballots for

6 | accepting or rejecting a plan conform with Official Form No. 14/Central District Form B14.  The

7 | Debtors propose to use Ballots in substantially the forms annexed hereto as Exhibits "2," "3," "4,"

8 | "5", "6" and "7" for the following purposes:

9 |      &bull;   Ballot for Holders of Secured Claims (an exemplar Ballot for Meruelo Maddux 3rd

10 |         & Omar Street's Class 28A-2 is attached as Exhibit "2");

11 |

12 |      &bull;   Ballot for Holders of General Unsecured Claims (an exemplar Ballot for Alameda

13 |         Produce Market's Class 36C-3 is attached as Exhibit "3");

14 |

15 |      &bull;   Ballot for Holders of Unsecured Guaranty Claims (an exemplar Ballot for MMPI's

16 |         Class 1C-2A is attached as Exhibit "4");[9]

17 |

18 |      &bull;   Ballot for Holders of Equity Interests in MMPI (to be sent to registered owners and

19 |         NOBOs, collectively, the "NOBO Ballot" attached as Exhibit "5"); and [10]

20 |

21 | [9] The Ballot for the holders of the General Unsecured Guaranty Claims differs from the Ballot for
General Unsecured Claims because it will not include language relating to the option to elect

22 | alternate treatment and receive 50% of the Allowed Claim within 30 days of the Effective Date in
full satisfaction of the claim, which option is not available to the holders of General Unsecured

23 | Guaranty Claims.  The Ballot for the General Unsecured Claims will also explain the option to
elect to reduce the amount of the Claim to $500 and be treated as a member of the "convenience

24 | class."  This option is not available to holders of the General Unsecured Guaranty Claims because
the amounts of those claims are large enough that none of the holders of those claims would

25 | reasonably elect to release the claim in exchange for $500.

26 | [10]   The Ballot for the holders of MMPI's equity interests includes language explaining the two
options for the treatment of equity interests available to such holders under the terms of the Plan.

27 |

28 |

355711.04 [XP]    25195

1

2    • Two Ballots for Holders of Equity Interests in MMPI (to be sent to Intermediary

3        Record Owners with respect to OBOs, an "OBO Ballot" and a "Master OBO Ballot"

4        collectively, the "OBO Ballots" attached as Exhibits "6" and "7").

5    For ease of organizing and tabulating the ballots, the Debtors propose that the ballots be

6    color-coded as follows:

7        Blue Ballots:   Secured Classes of all Debtors;

8        Yellow Ballots:  General Unsecured Classes of all Debtors;

9        Pink Ballots:   Unsecured Guaranty Claim Classes of MMPI and MMPLP; and

10       Green Ballots:  Equity Interest Class of MMPI, including both the NOBO Ballots and OBO

11       Ballots.

12

13   Each Ballot will have the caption for the specific Debtor against whom the creditor asserts its claim

14       and each Ballot will identify the specific Class into which the creditor's claim has been

15       classified under the Plan.  A discrete, Class-specific Ballot will be sent to members of each

16       of the 126 Classes entitled to vote on the Plan.  If a creditor is a member of multiple classes,

17       the creditor will receive multiple Ballots.  For example, if a trade creditor asserts general

18       unsecured claims against three different Debtors, that creditor will receive three different

19       yellow ballots, one for each of the general unsecured classes of each of the three Debtor-

20       obligors.

21       The NOBO Ballot will be sent by the Debtors directly to the MMPI equity interest holders

22   who are registered owners and NOBOs (and therefore are interest holders whose names and

23   addresses are known to the Debtors).  This Ballot includes language explaining the two options for

24   the treatment of equity interests available to such holders under the terms of the Plan and requires

25   the registered owners and NOBOs to sign their own Ballots and return them directly to the Debtors'

26   counsel.

27       The OBO Ballots will be sent by the Debtors to the Intermediary Record Owners (because

28   the names and addresses of the OBOs are not known by the Debtors) and the Debtors propose that

-11-

1  the Court authorize two options for the Intermediary Record Owners to obtain the votes of the

2  OBOs. The Debtors will transmit two forms of OBO Ballots to the Intermediary Record Owners, a

3  "Master Ballot," substantially in the form attached hereto as Exhibit "6" and a "Pre-Validation

4  Ballot," substantially in the form attached hereto as Exhibit "7". The Intermediary Record Owner

5  can elect to use either of the OBO Ballots to obtain the votes of their OBOs. If the Intermediary

6  Record Owner chooses to utilize the Master Ballot, each Intermediary Record Owner will forward

7  the Solicitation Package to their OBOs for voting. OBOs will submit their votes to the

8  Intermediary Record Owner and the Intermediary Record Owner will be responsible for

9  summarizing the individual votes of their OBOs on the Master Ballot. The Intermediary Record

10 Owner will be required to date and return the Master Ballot to the Debtors' counsel prior to the

11 Voting Deadline. Alternatively, if the Intermediary Record Owner chooses to utilize the Pre-

12 Validation Ballots it must "pre-validate" each Ballot by signing the Ballot and by indicating on the

13 Ballot: [1] the name of the Intermediary Record Owner, [2] the account number through which the

14 individual OBO's shares are held and [3] the number of MMPI shares owned by the OBO. The

15 Intermediary Record Owner will then forward the Pre- Validated Ballot with the Solicitation

16 Packages to their OBOs and the OBOs will be responsible for returning the completed Pre-

17 Validated Ballot to Debtors' counsel prior to the Voting Deadline. Both OBO Ballots require the

18 Intermediary Record Owner to certify that the OBOs held their MMPI shares as of the Record Date

19 and certify the number of such shares held.[11]  The Debtors believe these proposed procedures are

20 customary in the securities industry for the solicitation of proxy votes from objecting beneficial

21 owners of securities and that these procedures will allow the OBOs a fair and reasonable

22 opportunity to vote while preserving their anonymity.

23        In accordance with the Advisory Committee Note regarding Form No. 14, the proposed

24 Ballots are based upon Form No. 14 and this Bankruptcy Court's Form B14, but are modified to

25 meet the particular needs of the Debtors' chapter 11 cases, including the diversity of the creditors

26 _____

27 [11]  The Debtors will serve the entered order on this Motion on each known Intermediary Record
Owner prior to transmission of the Solicitation Packages to the Intermediary Record Owners.

28

-12-

1  and interest holders and the complex structure of the securities industry.  The modifications to

2  Form B14 are necessary in order to incorporate the procedures the Debtors has designed to insure

3  the accuracy, completeness and timeliness of the vote on the Plan with respect to each affected

4  group, and to permit the OBOs a meaningful opportunity to vote through their Intermediary Record

5  Owners.  Accordingly, the Court should approve the forms of Ballots attached hereto and the

6  proposed voting procedures for MMPI OBO interest holders.

7      **D.    Tabulation of Votes.**

8      Section 1126 of the Bankruptcy Code provides in part:

9          (c) A class of claims has accepted a plan if such plan has been
           accepted by creditors, other than an entity designated under
10         subsection (e) of this section, that hold at least two-thirds in amount
           and more than one-half in number of the allowed claims of such class
11         held by creditors, other than an entity designated under subsection (e)
           of this section, that have accepted or rejected such plan.

12
13         (d) A class of interests has accepted a plan if such plan has been
           accepted by holders of such interests, other than any entity
           designated under subsection (e) of this section, that holds at least
14         two-thirds in amount of the allowed interests of such class held by
           holders of such interests, other than any entity designated under
15         subsection (e) of this section, that have accepted or rejected such
           plan.

16  11 U.S.C. § 1126(c) & (d).

17      Generally, only a holder of an allowed claim or interest is entitled to vote to accept or reject

18  a plan.  11 U.S.C. § 1126(a).  An unsecured creditor must file a proof of claim in accordance with

19  Bankruptcy Rule 3002 as a prerequisite to such claim being allowed, with certain exceptions.  11

20  U.S.C. §§ 501 & 502; FED. R. BANKR. P. 3003, 3004, and 3005.  One noted exception to this

21  general rule covers claims listed on a debtor's schedule of liabilities, provided that such claims are

22  not listed as disputed, contingent, or unliquidated.  11 U.S.C. § 1111(a); FED. R. BANKR. P.

23  3003(b).  Further, where a creditor has filed a proof of claim to which an objection is filed so that

24  such claim is not an allowed claim, such creditor is not entitled to vote unless such claim is

25  temporarily allowed for voting purposes.  11 U.S.C. §§ 502(a); 1126(a); FED. R. BANKR. P.

26  3018(a).

27

28

-13-

1    Solely for purposes of voting to accept or reject the Plan and not for the purpose of

2    allowance of, or distribution on account of, claims and interests, without prejudice to the right of

3    the Debtors in any other context, the Debtors propose the following tabulation rules (the

4    "Tabulation Rules"):

5
6        A.  if a claim for which a timely filed proof of claim is marked as contingent or
            unliquidated or unknown, or for unspecified amounts, the vote of the holder of such
            claim will not be counted;

7
8        B.  if a claim is listed in the Debtors' Schedules as contingent, unliquidated or disputed
            and a proof of claim was not timely filed, the vote of the holder of such claim will not
            be counted;

9
10        C.  if a claim has been estimated or allowed by the Court, such claim will be allowed
            for voting purposes in the amount so estimated or allowed by the Court;

11        D.  if the Debtors seek to disallow a claim in an objection filed before the Voting
            Deadline (defined below), such claim will be disallowed for all purposes including for
12        voting purposes pending allowance or estimation of the claim by the Court; and

13        E.  if the Debtors seek to reduce a claim in an objection filed before the Voting
            Deadline (defined below), such claim will be temporarily allowed for voting purposes in
14        the amount to which the Debtors seek to reduce such claim, pending allowance or
            estimation of the claim in a higher amount by the Court.

15

16    Any claimant that seeks to challenge the allowance of its claim for voting purposes in

17    accordance with the Tabulation Rules shall be required to file a motion pursuant to Bankruptcy

18    Rule 3018 ("Rule 3018 Motion") and serve such motion on the Debtors and the Official Committee

19    of Unsecured Creditors (the "OCC") so that it is received on or before the Voting Deadline.  Such

20    motion shall, to the extent necessary, be heard at a hearing on or before confirmation of the Plan.

21    In accordance with Bankruptcy Rule 3018, any Ballot submitted by a creditor that filed a Rule

22    3018 Motion shall be counted solely in accordance with the Tabulation Rules unless and until (a)

23    the underlying claim is allowed temporarily by the Court for voting purposes in a different amount

24    or (b) the Debtors in their sole discretion agree to allow the claim for voting purposes in a different

25    amount.

26    The Debtors request that the following voting procedures and assumptions to be used in

27    addition to the foregoing Tabulation Rules:

28

-14-

355711.04 [XP]    25195

1    1.   Ballots where the claim or interest holder did not use the authorized form will not be counted;

2

3    2.   Ballots where the claim or interest holder checked boxes indicating both acceptance and rejection of the Plan will be counted as a vote to accept the Plan;

4    3.   Ballots where the intent of the holder of the claim or interest is not clear will be counted as a vote to accept the Plan;

5

6    4.   any Ballot that is properly completed, executed and timely returned but does not indicate an acceptance or rejection of the Plan will be counted as a vote to accept the Plan;

7

8    5.   Ballots not signed by the holder of the claim or interest, or such holders authorized representative, will not be counted;

9    6.   only Ballots that are timely received with original signatures will be counted. Ballots sent by facsimile or email will not be counted unless the creditor or interest

10   holder received the written consent of the counsel for the Debtors.

11   7.   Ballots where the individual or entity casting the Ballot (whether directly or by a representative) was not the holder of the claim or interest as of the Record Date, and

12   therefore not entitled to vote, will not be counted;

13   8.   if a holder of a claim or interest casts more than one Ballot voting the same claim or interest before the Voting Deadline, the last dated Ballot received before the Voting

14   Deadline will be deemed to reflect the voter's intent and thus will supersede any prior Ballots;

15

16   9.   holders of claims or interests will be required to vote all of their claims or interests within a single class under the Plan either to accept or reject the Plan and may not split their votes; thus, a Ballot (or group of Ballots) within a class received from a single

17   creditor or interest holder that partially rejects and partially accepts a specific Debtor's Plan will not be counted.  However, holders of claims against multiple Debtors (and

18   therefore holders of claims within multiple classes) will be permitted to vote to accept one Debtor's Plan and not the other Debtor's Plan; and

19

20   10. Ballots received after the Voting Deadline will not be tabulated for determining whether a class of creditors or interest holders has voted to accept or reject the Plan, provided that the Debtors, in their discretion, may agree to extend the Voting Deadline

21   for one or more creditors or interest holders.

22

23       In accordance with this procedural framework, the Court should direct the Debtors to utilize

     the methods for tabulating votes set forth above which are in accordance with the applicable

24

     provisions of the Bankruptcy Code and Bankruptcy Rules.

25

26

27

28

-15-

1    **E.    Confirmation Hearing Notice**

2        In connection with the confirmation hearing, the Debtors request that the Court approve in

3    advance the form of Confirmation Hearing Notice in substantially the form attached hereto as

4    Exhibit "1".

5

6    **F.    Fixing Requisite Dates.**

7        In order for the solicitation, voting, and confirmation process to proceed in a timely manner,

8    the Debtors propose the following schedule for: (i) the last day for transmittal of the Solicitation

9    Packages to those parties entitled to receive the same; (ii) the last day to cast ballots accepting or

10   rejecting the Plan; (iii) the last day for filing motions, memoranda, and declarations in support of

11   Plan confirmation; (iv) the last day to file objections and declarations in opposition to confirmation

12   of the Plan; and (v) the last day for filing reply memoranda and declarations in support thereof, as

13   well as a declaration and Plan ballot summary substantially in the form of this Court's Form F3018-

14   2 summarizing the ballot tabulation (the "Ballot Summary").

15               **1.    Date to Transmit Confirmation Hearing Notice And Solicitation**

16                       **Packages.**

17       Pursuant to Bankruptcy Rule 2002(b), all creditors must receive not less than 28 days notice

18   by mail of the time for filing objections to the confirmation of a plan and of the confirmation

19   hearing. The Debtors request that the Court set the day which is 49 calendar days prior to the

20   confirmation hearing as the last day for the Debtors to transmit the Solicitation Packages and

21   Confirmation Hearing Notice to creditors and interest holders. Because the Debtors request that

22   objections to confirmation be due not less than 14 days prior to the confirmation hearing, service of

23   the Confirmation Hearing Notice 49 days prior to the confirmation hearing will provide more than

24   the requisite 28 days notice of the objection deadline to all creditors.

25               **2.    Voting Deadline.**

26       Pursuant to Bankruptcy Rule 3017(c), "[o]n or before approval of the disclosure statement,

27   the court shall fix a time within which the holders of claims and interests may accept or reject the

28   plan." The Debtors request that the Court set the day which is 28 calendar days prior to the

-16-

1   confirmation hearing as the last day for all members of voting classes, including registered owners,

2   NOBOs and OBOs and their Intermediary Record Owners to submit ballots to accept or reject the

3   Plan ("Voting Deadline").  Subject to the procedures described herein, Ballots must be returned to

4   and actually received by counsel to the Debtors on or before 5:00 p.m. prevailing Pacific Time on

5   such date in order to be valid.

6          The Debtors submit that this deadline will afford members of voting classes adequate time

7   to vote, yet will permit enough time to tabulate the ballots and prepare the Ballot Summary for

8   filing with the Court before the confirmation hearing.

9                    **3.      Last Day for Debtors to File Confirmation Brief and Supporting Papers**

10         The Debtors request that the Court set the day which is 21 calendar days prior to the

11  confirmation hearing as the last day for the Debtors and other parties in interest to file their

12  motions, memoranda and declarations in support of Plan confirmation (other than the Ballot

13  Summary).  The Debtors request that the Court determine that such confirmation papers must be

14  served only on the United States Trustee, counsel for Debtors, the counsel for the OCC, counsel for

15  an Official Committee of Equity Interest Holders (in the event such a committee is appointed) and

16  parties entitled to receive Notice of Electronic Filing.

17                    **4.      Last Day To Object To Confirmation.**

18         Bankruptcy Rule 3020(b)(1) provides that "[o]bjections to confirmation of the plan shall be

19  filed and served . . . within a time fixed by the court."  The Debtors request that the Court set the

20  day which is 14 calendar days prior to the confirmation hearing as the last day to file objections to

21  confirmation of the Plan (including declarations in support thereof), and to serve such objections on

22  the parties listed below.  (A party that files or may file such an objection is referred to herein as an

23  "Objecting Party.")

24         The Debtors also request that the Court require any objection to confirmation of the Plan be

25  in writing, accompanied by a memorandum of points and authorities and specify in detail: (i) the

26  name and address of the Objecting Party, (ii) the grounds of such objection, (iii) the amount and

27  basis of the Objecting Party's claims or such other grounds that give the Objecting Party standing to

28  assert an objection to the Plan, and (iv) the evidentiary support for all of the foregoing.

355711.04 [XP]      25195

1   Bankruptcy Rule 3020(b) (1) provides that the Court may designate the parties upon whom

2 any objections to confirmation must be served.  The Debtors request that the Court designate that

3 objections must be served only on the United States Trustee, counsel for Debtors, the counsel for

4 the OCC, counsel for an Official Committee of Equity Interest Holders (in the event such a

5 committee is appointed) and parties entitled to receive Notice of Electronic Filing.

6    **5.**  **Reply Papers in Support of Confirmation and Ballot Summary.**

7   The Debtors request that the Court set the day which is seven calendar days before the

8 confirmation hearing as the last day for the Debtors or any other party supporting confirmation to

9 file and serve on the Objecting Parties reply memoranda and any related declarations in response to

10 any timely filed and served objections to Plan confirmation.  The Debtors request that the Court set

11 the same date as the last day for the Debtors to file and serve its Ballot Summary.

12    **6.**  **Procedures For Presentation Of Evidence.**

13   In order to facilitate the fair, orderly and expeditious presentation of evidence at the

14 confirmation hearing[12], the Debtors request that the Court adopt the following procedures:

15    a.  **Presentation of Evidence by Declarations**

16   Each party in interest offering evidence at the confirmation hearing shall present the

17 testimony of all of its witnesses through declarations under penalty of perjury and admissible under

18 the Federal Rules of Evidence.  The only oral testimony which may be offered by a party in interest

19 at the confirmation hearing through its witnesses will be limited to rebuttal testimony.  If a party in

20 interest is unable to obtain a declaration of a witness, counsel for that party shall file a declaration

21 stating the name of the witness, a detailed summary of the expected testimony and an explanation

22 of why counsel was unable to obtain the witness' declaration.  Each party shall file its declarations

23 at the same time as its memoranda regarding confirmation in accordance with the briefing

24 scheduling described above (e.g., the Debtors shall file their initial declarations 21 days before the

25

26 [12] The Debtors anticipate that to the extent that the Court desires and is able to find available dates
and times, hearings on certain discrete issues, i.e., appropriate interest rate, may commence prior to
27 the actual final confirmation hearing.

28

-18-

355711.04 [XP]  25195

1  confirmation hearing, Objecting Parties shall file their declarations 14 days before the confirmation

2  hearing, the Debtors' reply declarations shall be filed seven days before the confirmation hearing,

3  etc.).

4      If a portion of a witness' declaration concerns an exhibit to be admitted into evidence at the

5  confirmation hearing, the exhibit must be attached to the declaration and authenticated pursuant to

6  the Federal Rules of Evidence.

7      The declarations of a party's witness will be admissible, subject to timely objections, only if

8  the declarant is present at the confirmation hearing and subject to cross-examination. All

9  declarants must appear at the confirmation without the need for a subpoena.

10                    **b.      Objections to Evidence**

11      Any evidentiary objections shall be presented in a separate document in accordance with

12  Local Rule 9013-1. Objections to the Debtors' initial evidence shall be filed and served 14 days

13  prior to the confirmation hearing, objections to the evidence offered by Objecting Parties shall be

14  filed and served seven days prior to the confirmation hearing and objections to the Debtors' reply

15  evidence shall be filed and served three days prior to the confirmation hearing.

16                    **c.      Untimely Evidence**

17      Any evidence that is not timely filed and served will be stricken from the record and will

18  not be considered in determining contested matters which may arise at the confirmation hearing.

19                    **d.      Expert Testimony**

20      Any party offering expert testimony in connection with the confirmation hearing shall make

21  the initial disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure ("FRCP"),

22  including the exchange of written reports and real property appraisals upon which the parties intend

23  to rely, no later than 28 calendar days before the confirmation hearing. Objecting Parties shall

24  supplement their initial disclosures as required by FRCP 26(a)(2)(C) and 26(e), no later than 14

25  calendar days prior to the confirmation hearing. The Debtors shall supplement their initial

26  disclosures as required by FRCP 26(a)(2)(C) and 26(e), no later than seven calendar days prior to

27  the confirmation hearing.

28

-19-

355711.04 [XP]     25195

### e.    Discovery Cutoff

Unless the affected parties stipulate otherwise, all discovery in connection with the confirmation hearing shall be completed no later than ten calendar days prior to the confirmation hearing (the "Discovery Cutoff").

It is apparent that at least some parties in these chapter 11 cases will oppose confirmation of the Debtors' Plan. The foregoing procedures regarding the presentation of evidence at the confirmation hearing are therefore necessary and reasonable and are designed to streamline the confirmation process and avoid unnecessary delay while preserving the rights of all parties to cross-examine the witnesses of adverse parties. The procedures also are consistent with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and this Court's Local Rules.[13]

It is also apparent that there will be several contested issues at confirmation including the value of the Debtors' real property and the appropriate rates of interest to be provided to certain classes of creditors and that parties will rely on expert testimony regarding these (and possibly other) issues. Requiring the prompt exchange of expert reports and compliance with FRCP 26(a)(2) therefore is appropriate and justified. Bankruptcy Rule 3020(b) provides that confirmation hearings are contested matters to which Bankruptcy Rule 9014 applies and Rule 9014 empowers the Court to apply adversary proceeding rules, including FRCP 26(a), as it deems appropriate. Compliance with FRCP 26(a)(2) will maintain a level playing field among the parties by ensuring prompt disclosure of evidence and help the parties focus the factual issues for the Court prior to the confirmation hearing.

---

[13]    *See*, FED. R. BANK. P. 3020(b), 9014 & 9017; FED. R. CIV. P. 26, 43; Local Rule 9013-1(i).

355711.04 [XP]    25195

### 7.    Summary of Proposed Deadlines

The following table summarizes the Debtors' proposed deadlines:

| | |
|---|---|
| Transmission of Confirmation Hearing Notice And Solicitation Packages by Debtors | 49 days prior to confirmation hearing |
| Voting Deadline | 28 days prior to confirmation hearing |
| Rule 26(a)(2) initial disclosures for all parties intending to rely on expert testimony in connection with confirmation | 28 days prior to confirmation hearing |
| Filing and service of Debtors' confirmation brief and supporting materials | 21 days prior to confirmation hearing |
| Filing and service of objections to confirmation, with supporting materials and evidentiary objections | 14 days prior to confirmation hearing |
| Supplementation of initial disclosures by non-Debtor parties | 14 days prior to confirmation hearing |
| Discovery Cutoff | 10 days prior to confirmation hearing |
| Submission of Ballot Summary by Debtors | 7 days prior to confirmation hearing |
| Filing and service of reply papers by any party in support of confirmation and evidentiary objections | 7 days prior to confirmation hearing |
| Supplementation of initial disclosures by Debtors | 7 days prior to confirmation hearing |

### G.    Non-Substantive Changes.

The Debtors request authority to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots and the Confirmation Hearing Notice and related documents without further order of the Court, including without limitation changes to correct typographical and grammatical errors, insert dates and to make conforming changes among the Disclosure

-21-

1 | Statement, the Plan, the Ballots, the Confirmation Hearing Notice and any other materials in the

2 | Solicitation Packages.

3

4 | **III.**

5 | **CONCLUSION**

6 | For the foregoing reasons and based upon the authorities set forth above, Debtors

7 | respectfully submits that the Court should grant the Motion in its entirety.

8

9 | Dated:  July 30, 2010                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

10

11 |                                         By: _____

12 |                                             ENID M. COLSON

13 |                                             Attorneys for Debtors and Debtors-in-Possession

-22-

## DECLARATION OF ENID M. COLSON

I, Enid M. Colson, declare as follows:

1.    I am over eighteen years of age and, if called as a witness, could and would competently testify to the matters set forth herein from my own personal knowledge, except as otherwise stated.

2.    I am an associate with Danning Gill Diamond & Kollitz, LLP, reorganization counsel for Meruelo Maddux Properties, Inc. ("MMPI"), and 53 of its direct and indirect subsidiaries, the Debtors and Debtors-in-Possession, (collectively the "Debtors").

3.    Attached hereto as Exhibit "1" is the Debtors' proposed Confirmation Hearing Notice.

4.    Attached hereto as Exhibits "2" through "4" are the Debtors' proposed ballots to be sent to the Debtors' creditors holding claims in classes entitled to vote.

5.    Attached hereto as Exhibit "5" is the Debtors' proposed ballot to be sent to members of MMPI Class 1E (equity interest holders) who are either the registered owner of the MMPI's equity interests or a non-objecting beneficial owner ("NOBO") of such equity interests (the "NOBO Ballot"). Attached hereto as Exhibit "6" is the ballot to be sent to the Intermediary Record Owners of the objecting beneficial owners (the "OBO Ballot"). Attached hereto as Exhibit "7" is the Debtors' proposed master ballot to be sent to the Intermediary Record Owners of the objecting beneficial owners (the "Master OBO Ballot").

///
///
///
///
///
///
///
///

-23-

355711.04 [XP]      25195

1        6.    Attached hereto as Exhibit "8" is the Debtors' proposed Notice of Non-Voting

2   Status to be sent to all creditors in classes which are unimpaired and not entitled to vote.

3        I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct.

5        Executed this 30th day of July, 2010 at Los Angeles California.

6

7

8   Enid M. Colson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

# EXHIBIT 1

1  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@dgdk.com*
2  JULIA W. BRAND (State Bar No. 121760)
   *JBrand@dgdk.com*
3  ENID COLSON (State Bar No. 189912)
   *EColson@dgdk.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Meruelo Maddux Properties, Inc.,
   Debtors and Debtors-in-Possession

8

                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                    SAN FERNANDO VALLEY DIVISION
11
   In re                                    ) Case No. 1:09-bk-13356-KT
12
   MERUELO MADDUX PROPERTIES, INC.,         ) Chapter 11
13 et al.[1]                                )
                                            ) (Jointly Administered)
14              Debtors and Debtors-in-     )
                Possession.                 ) NOTICE OF:
15                                          ) (A) PLAN CONFIRMATION HEARING;
                                            ) (B) OBJECTION AND VOTING
16 _____ ) DEADLINES; AND (C) SOLICITATION
                                            ) AND VOTING PROCEDURES
17 ☒   Affects all Debtors                  )
                                            )
18 ☐   Affects the following Debtor(s):     )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21                                          )
                                            )
22 _____ )

23

24 [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated
   entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-
25 bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT;
   1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-
   KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-
26 13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-
   bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT;
   1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-
27 KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-
   13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-
28 bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

                                    -1-

                              **EXHIBIT 1**

1   TO:    ALL HOLDERS OF CLAIMS AGAINST, AND HOLDERS OF EQUITY INTERESTS
IN, THE ABOVE-REFERENCED DEBTORS AND ALL OTHER PARTIES IN
2          INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

3       **PLEASE TAKE NOTICE** that on June 10, 2010, Meruelo Maddux Properties, Inc.

4   ("MMPI"), and 53 of its direct and indirect subsidiaries (collectively, the "Debtors") filed their (i)

5   *Modified Second Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et*

6   *al.,* ("Plan") and (ii) *Modified Second Amended Disclosure Statement Describing Modified Second*

7   *Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al.* ("Disclosure

8   Statement").

9       **PLEASE TAKE FURTHER NOTICE THAT** on _____, 2010, the Bankruptcy

10   Court entered an order approving the Disclosure Statement.

11       **PLEASE TAKE FURTHER NOTICE THAT** on _____, 2010, the Bankruptcy

12   Court entered an order (i) approving certain procedures for distribution of materials relating to the

13   Debtors' Plan and Disclosure Statement ("Solicitation Materials"); (ii) establishing the "record

14   date" for determining which holders of the Debtors' equity interests are entitled to receive the

15   Solicitation Materials; (iii) approving the form of ballots; (iv) approving procedures for soliciting,

16   receiving and tabulating votes on the Plan; (v) approving the form of certain notices, including this

17   Notice; (vi) establishing deadlines regarding transmission of the Solicitation Materials, actual

18   receipt of votes/ballots, objections to confirmation; and (vii) establishing procedures regarding

19   presentation of evidence at the confirmation hearing.

20       **PLEASE TAKE FURTHER NOTICE THAT** the Debtors are soliciting acceptances of

21   the Plan from holders of claims and equity interests that are entitled to vote on the Plan. The

22   Bankruptcy Court can confirm the Plan and bind all holders of claims and equity interests if it is

23   accepted by the holders of at least two-thirds in amount and more than one-half in number of the

24   claims for classes of claims or two-thirds in amount of the interests for classes of interests in each

25   impaired class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements

26   of Section 1129(a) of the Bankruptcy Code. If the prerequisite acceptances are not obtained, the

27   Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and

28   equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan and

355964.01 [XP]      25195

1 (b) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.  **If the Plan is**

2 **confirmed by the Bankruptcy Court, it will be binding on all holders of claims and equity**

3 **interests whether or not a particular holder voted or affirmatively voted to reject the Plan.**

4          **PLEASE TAKE FURTHER NOTICE THAT** the hearing to consider confirmation of the

5 Plan ("Confirmation Hearing") will commence at _____ a.m. prevailing Pacific Time on

6 _____, 2010 before the Honorable Kathleen Thompson, United States Bankruptcy Judge,

7 in the United States Bankruptcy Court for the Central District of California, San Fernando Valley

8 Division, in Courtroom 301, located at 21041 Burbank Blvd., Woodland Hills, California 91367.

9 The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or by the

10 Debtors without further notice other than by announcement in open court or by a notice of

11 continuance filed with the Bankruptcy Court and served on such parties as the Bankruptcy Court

12 may order.  Moreover, the Plan may be modified or amended, if necessary, pursuant to Section

13 1127 of the Bankruptcy Code, prior to, during or as a result of the Confirmation Hearing without

14 further notice to parties in interest.

15          **CRITICAL INFORMATION REGARDING VOTING ON THE PLAN**

16          In accordance with Sections 1122 and 1123 of the Bankruptcy Code, the Plan classifies

17 holders of claims and equity interests in various classes for all purposes, including with respect to

18 voting, as follows:

19          CLASS:                   STATUS:                        VOTING RIGHTS

20          [Class #]               [impaired/unimpaired]          [entitled to vote or deemed to accept][2]

21          [*to be inserted*]

22

23

24

25

26 _____

27 [2] Members of unimpaired classes are deemed to have accepted the Plan and are not entitled to vote.
A separate *Notice of Non-Voting Status* will be served on all members of the unimpaired Classes.

28

27

355964.01 [XP]    25195

1 <u>Record Date for Holders of Claims and Interests</u>

2      The Record Date is the date established by the Bankruptcy Court for determining which

3 holders of claims and interests are entitled to receive a Solicitation Package and vote on the Plan

4 and to receive distributions under the Plan to the extent such holder's claim or interest is Allowed.

5 The Record Date is July 30, 2010 for all classes of Claims and Interests.

6 <u>Voting Deadline</u>

7      The Deadline for voting on the Plan is *5:00 p.m. prevailing Pacific Time on*

8 _____, *2010* ("Voting Deadline").  If you hold a Claim against or equity interest in the

9 Debtors as of the applicable Record Date and are a member of a Class that is entitled to vote to

10 accept or reject the Plan, you should have received a Ballot applicable to your Class and

11 corresponding voting instructions.  For your vote to be counted, you must: (a) follow such voting

12 instructions carefully, (b) complete all the required information on the Ballot, and (c) sign, date and

13 return your completed Ballot to the Debtors' counsel (or Intermediary Record Owner, as

14 appropriate) according to and as set forth in detail in the voting instructions on or before the Voting

15 Deadline (or, if being sent to the Intermediary Record Owner, with such time that the Intermediary

16 Record Owner can complete the Master Ballot including such vote and return the Master Ballot to

17 the Debtors' counsel on or before the Voting Deadline).  A failure to follow such instructions may

18 disqualify your vote.

19

20 **CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN**

21 <u>Plan Objection Deadline</u>

22      The deadline for filing objections to the Plan is _____, 2010 ("Plan Objection

23 Deadline").

24 <u>Objections to the Plan</u>

25      Any objection to the Plan must: (i) be in writing; (ii) conform to the Bankruptcy Rules and

26 Local Bankruptcy Rules; (iii) state the name and address of the objecting party and the amount and

27 nature of the Claim or Interest of such entity; (iv) state with particularity the basis and nature of any

28 objection to the Plan; and (v) be filed with the bankruptcy Court and served so that it is *actually*

-4-

28

355964.01 [XP]   25195

1  *received* no later than the Plan Objection Deadline by the following parties: the Office of the

2  United States Trustee, Attn: Jennifer L. Braun, Esq., 21051 Warner Center Lane, Suite 115,

3  Woodland Hills, CA 91367; (2) counsel for the Debtors, John N. Tedford, IV, Esq. and Julia W.

4  Brand, Esq., Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los

5  Angeles, CA 90067; and (3) counsel for the Official Committee of Unsecured Creditors, Dean G.

6  Rallis Jr., Esq., Sulmeyer Kupetz, 333 S. Hope St., 35th Floor, Los Angeles, CA 90071.

7          OBJECTIONS TO CONFIRMATION OF THE PLAN NOT TIMELY FILED AND

8  SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE

9  BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.

10

11                          **ADDITIONAL INFORMATION**

12          Obtaining Solicitation Materials

13          If you would like to obtain a Solicitation Package (excluding Ballot(s)) or if you have

14  questions regarding the procedures and requirements for objecting to the plan, you may contact the

15  Debtors' counsel at MMPI@dgdk.com. You may also obtain copies of the Solicitation Package at

16  the following websites: _____ [Debtors' website and DGDK website – addressed to

17  be inserted]. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee

18  via PACER at https://ecf.cacb.uscourts.gov/.

19          Procedures Re Presentation of Evidence

20          The Bankruptcy Court approved specific procedures regarding evidence to be presented in

21  connection with the Confirmation Hearing regarding the Plan. In general,[3] each party in interest

22  offering evidence at the Confirmation Hearing shall present testimony of all witnesses through

23  declarations under penalty of perjury and admissible under the Federal Rules of Evidence. The

24  declarations offered by the Debtors in support of confirmation shall be filed and served no later

25

26  [3] For a more detailed discussion of the specific procedures, parties are referred to the Debtors'
    Motion for Order (1) Approving Plan Solicitation, Notice and Voting Procedures, etc. [*docket entry*
27  *no.* ___].

28

                                    -5-

                                                                                    29

355964.01 [XP]    25195

1  than _____, 2010. The declaration of any party objecting to confirmation of the Plan shall be

2  filed and served no later than _____, 2010. Evidentiary objections to such testimony may be

3  made in accordance with Local Bankruptcy Rule 9013-1 and shall be filed and served no later than

4  _____, 2010 for evidentiary objections to the Debtors' initial evidence or _____, 2010 for

5  evidentiary objections to declarations offered by any party objecting to confirmation. ANY

6  EVIDENCE THAT IS NOT TIMELY FILED WILL BE STRICKEN FROM THE RECORD AND

7  WILL NOT BE CONSIDERED IN DETERMINING CONTESTED MATTERS THAT MAY

8  ARISE AT THE CONFIRMATION HEARING.

9          Any party seeking to offer expert testimony in connection with the confirmation hearing

10  shall make the initial disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure

11  ("FRCP") no later than _____, 2010. Parties objecting to confirmation shall supplement their

12  initial disclosures as required by FRCP 26(a)(2)(C) and 26(e) no later than _____,

13  2010. The Debtors shall supplement their initial disclosures as required by FRCP 26(a)(2)(C) and

14  26(e) no later than _____, 2010.

15          Unless the affected parties stipulate otherwise, all discovery in connection with the

16  Confirmation Hearing shall be completed no later than _____, 2010.

17

18  Dated: July __, 2010                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

19

20

21                                          By:    _____

22                                                 Enid M. Colson
                                                   Attorneys for Debtors and Debtors-in-
                                                   Possession

23

24

25

26

27

28

EXHIBIT 2

Form B14 (Rev. 7/98)                                              1998 USBC Central District of California

JOHN N. TEDFORD, IV (State Bar No. 205537)
JULIA W. BRAND (State Bar No. 121760)
ENID M. COLSON (State Bar No. 189912)
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904

Attorney for Plan Proponent, Debtor in Possession Meruelo Maddux Properties, Inc.

| | FOR COURT USE ONLY |
|---|---|

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | CHAPTER 11<br>CASE NO.: 1:09-bk-13359-KT |
|---|---|
| In re:<br><br>    Meruelo Maddux – 3rd & Omar Street, LLC<br><br>                                      Debtor. | DATE:<br><br>TIME:<br><br>CTRM: 301 |

## SECURED - BALLOT FOR ACCEPTING OR REJECTING PLAN

1.  Meruelo Maddux - 3rd & Omar Street, LLC (the "Debtor") has filed a Second Amended Joint Plan of Reorganization ("Plan") (as modified June 10, 2010) in this case. By this ballot you will vote to accept or reject this Plan.

2.  The Court has approved the Second Amended Joint Disclosure Statement (the "Disclosure Statement") with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Debtor's attorney by requesting it via email to mmpi@dgdk.com. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3.  You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

    *Your* ☒ *claim has been placed in Class 28A-2 under the Plan. If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.*

4.  If your ballot is not received by the Debtor's attorney on or before _____, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

5.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

## ACCEPTANCE OR REJECTION OF THE PLAN

6.  Complete the appropriate line below that describes your claim:

☐ 6.1 The undersigned is the holder of a Class 28A-2 secured claim against the Debtor in the unpaid amount of
$ _____

---

| In re: | (SHORT TITLE) | CHAPTER 11 |
|---|---|---|
| | Meruelo Maddux – 3rd & Omar Street, LLC | |
| | Debtor. | CASE NO.: 1:09-bk-13359-KT |

7. **The undersigned** [check one box only]:

☐  **ACCEPTS THE PLAN**          ☐  **REJECTS THE PLAN**

The Ballot must be signed and dated and received by Debtor's counsel (below) by the voiting deadline in order to be counted.

Dated: _____

Name *[Print or type]*: _____

Signature: _____

Title *[if corporation or partnership]*: _____

Address: _____

Telephone No.: _____

Fax No.: _____

**RETURN THIS BALLOT BY** _____, 2010 **TO:**

Danning, Gill, Diamond & Kollitz, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067
Attn: Yves P. Derac

Rev. 7/98
355708.02 [XP]     25293

| In re: | (SHORT TITLE) | CHAPTER 11 |
|---|---|---|
| Meruelo Maddux – 3rd & Omar Street, LLC | Debtor. | CASE NO.: 1:09-bk-13359-KT |

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

1.  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067.

2.  Regular Mail Service:

On _____, I served the document described as **SECURED BALLOT FOR ACCEPTING OR REJECTING PLAN** on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Los Angeles, California, addressed as set forth below.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct

Dated:

_____          _____
*Type Name*                      *Signature*

# EXHIBIT 3