1 | **RON ORR & PROFESSIONALS, INC.**
RONALD S. ORR, SBN 54257
2 | 578 Washington Blvd., #389
Marina Del Rey, CA 90292
3 | (310) 301-4849
(310) 301-6549 Facsimile
4 | E-mail: ronorresq@aol.com

5 | **RODIGER LAW OFFICE**
GEORGIANA G. RODIGER, SBN 94416
6 | 272 South Los Robles Avenue
Pasadena, California 91101
7 | (626) 793-7264
(626) 793-7592 Facsimile
8 | E-mail: crodiger@rodigerlaw.com

9 | Bankruptcy Attorneys for Equity Committee

10

11 | **UNITED STATES BANKRUPTCY COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **SAN FERNANDO VALLEY DIVISION**

| In re: | Case No. 1:09-bk-13356-KT |
|---|---|
| MERUELO MADDUX PROPERTIES, INC., et al., | Chapter 11 (Jointly Administered) |
| Debtors. | **EQUITY COMMITTEE'S OPPOSITION TO DEBTORS' MODIFIED SECOND AMENDED DISCLOSURE STATEMENT** |
| ☒ Affects all Debtors<br>☐ Affects the following Debtor(s): | Hearing:<br><br>Date: August 6, 2010<br>Time: 9:30 a.m.<br>Place: 21041 Burbank Blvd.<br>Courtroom 301<br>Woodland Hills, California<br><br>Honorable Kathleen Thompson |

EQUITY COMMITTEE'S OPPOSITION TO DEBTORS' MODIFIED SECOND AMENDED DISCLOSURE STATEMENT

**TO THE HONORABLE KATHERINE THOMPSON, UNITED STATES BANKRUPTCY COURT JUDGE AND ALL CREDITORS AND INTERESTED PARTIES:**

The Official Equity Holder's Committee ("Committee") hereby submits this opposition (the "Opposition") to the *Modified Second Amended Joint Disclosure Statement Describing Modified Second Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al.* (Docket No. 1510), as amended by the *Debtors' Submission of [1] Redlined Pages of Debtors' Modified Second Amended Plan, [2] Redlined Pages of Debtors' Modified Second Amended Disclosure Statement Describing Modified Second Amended Plan, and [3] Revised Exhibits D (Loan Modification Agreement) & E (Projected Financial Information)* (Docket 1657) and *Debtors' Submission of Inadvertently Omitted Redlined Pages of Debtors' Modified Second Amended Disclosure Statement Describing Modified Second Amended Plan* (Docket 1660) filed by the above captioned debtors and debtors-in-possession (the "Debtors"). This Opposition is made and based on the arguments offered hereafter, on such further pleadings and evidence as may be filed in advance of the hearing on this matter, and on such oral argument as may be offered by counsel for the Committee at the time of hearing.

## I.

## ARGUMENT

The purpose of a disclosure statement is to present to stakeholders the information that they would reasonably require to assess whether or not the proposed plan of reorganization provides for appropriate treatment of their claims and interests and the likelihood that the debtor will be able to remedy its cash flow problems in order to implement the plan's proposed treatment (its "feasibility"). *See* 11 U.S.C. § 1125(a); S. REP. NO. 989, 95th Cong., 2d Sess. 121, reprinted in 1978 U.S. CODE CONG. & AD. NEWS 5787, 5907; *See also, In re Stanley Hotel, Inc.*, 13 B.R. 926, 929

Case 1:09-bk-13356-KT   Doc 1667   Filed 08/04/10   Entered 08/04/10 20:39:09   Desc
Main Document    Page 3 of 8

(Bankr. D. Colo. 1981) ("information to be provided should be comprised of all those factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan"). However, this purpose is achieved only if the information contained in the disclosure statement is accurate, not misleading, and comprehensive of the material facts and circumstances.

Despite multiple attempts, the Debtors' disclosures still fall far short of the applicable standards.[1] In the latest revisions to the disclosure statement filed by the Debtors on July 30, 2010 and August 2, 2010, the Debtors purport to address a number of objections to prior iterations of their disclosure statement concerning the accuracy or omission of certain information that is pertinent to feasibility, which objections remained unresolved as of the latest disclosure statement hearing held by the Court on July 27, 2010. Yet, even after a fifth round of revisions, the Debtors' disclosure statement is still rife with inaccuracies, omissions and inconsistencies that impact stakeholders' analysis of the potential risks and benefits of the proposed plan.

The Committee and other creditor's specific objections to the Debtors' earlier disclosure statements remain unresolved despite the Debtors' further revisions as follows:

1. The financial statements (the cash flow projections and the balance sheets) do not reflect the approximately $205 million of balloon payments under the settlements entered into by the Debtors with certain secured creditors that will come due.

2. If the maturing loans of settling secured creditors are going to be refinanced rather than paid, then the financial statements should include the costs of such refinancing. However, the financial statements do not include such costs. The Debtors cannot have it both ways by including neither balloon payments nor costs of refinancing in their projections.

---

[1] As a number of Committee and other creditor's objections to the Debtors' earlier disclosure statements remain unresolved, the Committee hereby incorporates by this reference and reasserts all of its prior objections.

EQUITY COMMITTEE'S OPPOSITION TO DEBTORS' MODIFIED SECOND AMENDED DISCLOSURE STATEMENT

3. As noted above, the projected proceeds to be received from the sales of real properties is $212,105 million. However, the Debtors' claimed values of such properties as of July 20, 2010 was $244.5 million. Thus, the anticipated sales will yield approximately 14% less than the recent appraised values of the same properties. It is unclear whether stakeholders should rely on their claimed values or the projected sale prices in the cash flows. If the former, then the accuracy of the cash flow projections as a whole are called into question.

Given the missing and/or inaccurate information described above, the Modified Second Amended Disclosure Statement is potentially misleading and confusing to stakeholders about substantial inflows and outflows of cash that will be experienced as the Debtors as they liquidate certain non-core assets and attempt to stabilize other forms of cash flow such as rents. While debtors cannot be expected to unerringly predict the future, it is their burden to present to stakeholders the material facts impacting the plan's potential success of which the debtors are aware and to do so in a manner that is not misleading. *See In re Adelphia Communications Corp.*, 352 B.R. 592, 600-01 (Bankr. S.D.N.Y. 2006) ("[A]n adequate disclosure determination requires a bankruptcy court to find not just that there is enough information there, but also that what is said is not misleading."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973 (Bankr. N.D.N.Y. 1988) (disclosure statement that was found to paint overly positive picture of creditor recoveries under the proposed plan not approved); *In re New Haven Radio, Inc.*, 18 B.R. 977 (Bankr. D. Conn. 1982) (misleading characterization of the facts was cause to disapprove disclosure statement).

"[W]here a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan." *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D. Cal. 2000); *see also In re Filex, Inc.*, 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990) (denying approval of a disclosure statement for a nonconfirmable plan).

## II.

## CONCLUSION

**WHEREFORE**, the Equity Committee requests that the Court's approval of the Disclosure Statement be conditioned upon the Debtors' remedying the deficiencies referenced in this Opposition.

Dated: August 4, 2010

                                              **RON ORR & PROFESSIONALS, INC.**

                                              By: _/s/ Ronald S. Orr_
                                                    Ronald S. Orr, Esq.
                                                    Attorney for Equity Committee

| In re: Meruelo Maddux, Inc., et al. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-BK-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
578 Washington Blvd., #389, Marina Del Rey, CA 90292

A true and correct copy of the foregoing document described as <u>Equity Committee's Opposition to Debtors' Modified Second Amended Disclosure Statement</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>8/4/10</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>8/4/10</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/4/10 | Ronald S. Orr | /S/ Ronald S. Orr |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: Meruelo Maddux Properties, Inc., et al. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-BK-13356-KT |

**ADDITIONAL SERVICE INFORMATION** (if needed):

I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Michael C Abel    mca@dgdk.com
Robert Abiri    rabiri@abiriszeto.com
John J Bingham    jbingham@dgdk.com
Peter Bonfante    peterbonfante@bsalawfirm.com
Julia W Brand    jwb@dgdk.com
Jennifer L Braun    jennifer.l.braun@usdoj.gov
Martin J Brill    mjb@lnbrb.com
George T Busu    george.busu@limruger.com
Andrew W Caine    acaine@pszyjw.com
Howard Camhi    hcamhi@ecjlaw.com
Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
James E Carlberg    jcarlberg@boselaw.com
Sara Chenetz    chenetz@blankrome.com
Jacquelyn H Choi    jchoi@swjlaw.com
Ronald R Cohn    rcohn@horganrosen.com
Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
Michaeline H Correa    mcorrea@jonesday.com
Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
Aaron De Leest    aed@dgdk.com
Daniel Denny    ddenny@gibsondunn.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com
Donald L Gaffney    dgaffney@swlaw.com
Thomas M Geher    tmg@jmbm.com
Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
Barry S Glaser    bglaser@swjlaw.com
Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com
John A Graham    jag@jmbm.com
Ofer M Grossman    omglaw@gmail.com
Jodie M Grotins    jgrotins@mcguirewoods.com
Peter J Gurfein    pgurfein@lgbfirm.com
Cara J Hagan    carahagan@haganlaw.org
Asa S Hami    ahami@sulmeyerlaw.com
Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
David W Hercher    dave.hercher@millernash.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
Natasha L Johnson    natasha.johnson@dlapiper.com
Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
William H. Kiekhofer    wkiekhofer@mcguirewoods.com
Andrew F Kim    kim-a@blankrome.com
Michael S Kogan    mkogan@ecjlaw.com
Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com
Duane Kumagai    dkumagai@rutterhobbs.com, calendar@rutterhobbs.com
Lewis R Landau    lew@landaunet.com
David E Leta    dleta@swlaw.com, wsmart@swlaw.com
Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
Elmer D Martin    elmermartin@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: Meruelo Maddux Properties, Inc., et al. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-BK-13356-KT |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Elissa Miller   emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
Iain A W Nasatir   inasatir@pszjlaw.com, jwashington@pszjlaw.com
Jennifer L Nassiri   jnassiri@venable.com
Lawrence Peitzman   lpeitzman@pwkllp.com
Eric S Pezold   epezold@swlaw.com, dwlewis@swlaw.com
Christopher E Prince   cprince@lesnickprince.com
Michael H Raichelson   mhr@cabkattorney.com
Dean G Rallis Jr   drallis@sulmeyerlaw.com
Craig M Rankin   cmr@lnbrb.com
Michael B Reynolds   mreynolds@swlaw.com, kcollins@swlaw.com
Kirsten A Roe   kroe@wthf.com, dfunsch@wthf.com
Martha E Romero   Romero@mromerolawfirm.com
Victor A Sahn   vsahn@sulmeyerlaw.com
Zev Shechtman   zshechtman@dgdk.com
Jeffrey S Shinbrot   jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Stephen Shiu   sshiu@swlaw.com
Daniel H Slate   dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
Surjit P Soni   surjit@sonilaw.com, teresa@sonilaw.com
Tracie L Spies   tracie@haganlaw.org
James Stang   jstang@pszjlaw.com
Derrick Talerico   dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
John N Tedford   jtedford@dgdk.com
James A Timko   jtimko@allenmatkins.com
Alan G Tippie   atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
Rouben Varozian   rvarozian@bzlegal.com
Jason L Weisberg   jason@gdclawyers.com
William E Winfield   wwinfield@nchc.com
Jasmin Yang   jyang@swlaw.com

II. TO BE SERVED BY U.S. MAIL:
David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Debt Acquisition Company of America V, LLC
1565 Hotel Circle South Suite 310
San Diego, CA 92108

Arthur J Hazarabedian
California Eminent Domain Law Group
3429 Ocean View Blvd Ste L
Glendale, CA 91208

SCS Flooring Systems
C/O Raymond Myer Esq
1220 1/2 State St
Santa Barbara, CA 93101

Larry E Wasserman
Law Offices of Larry E Wasserman
12800 Riverside Dr, 3rd fl
Studio City, CA 91607

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1