1  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
2  JULIA W. BRAND (State Bar No. 121760)
   *JBrand@DGDK.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
5  Facsimile:  (310) 277-5735

6  Attorneys for Meruelo Maddux Properties, Inc., and
   affiliated Debtors and Debtors-in-Possession

7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10              **SAN FERNANDO VALLEY DIVISION**

11

12 In re                                      ) Case No. 1:09-bk-13356-KT
                                              )
13 MERUELO MADDUX PROPERTIES, INC., et       ) Chapter 11
   al.,[1]                                    )
14                                            ) (Jointly Administered)
           Debtors and Debtors-in-Possession. )
15                                            )
                                              )
16 _____       ) **ORDER GRANTING THE DEBTORS'**
                                              ) **MOTION FOR ORDER EXTENDING**
17 ☑   Affects all Debtors                    ) **AUTHORITY FOR THE USE OF CASH**
                                              ) **COLLATERAL AND TO MAINTAIN**
18 ☐   Affects the following Debtor(s):       ) **CASH MANAGEMENT SYSTEM**
                                              ) **THROUGH SEPTEMBER 30, 2010**
19                                            )
                                              ) Date:    July 16, 2010
20                                            ) Time:    11:00 a.m.
                                              ) Place:   Courtroom 301
21                                            )          21051 Burbank Blvd.
                                              )          Woodland Hills, California
22 _____       )
                                              )
23

24 _____

25    [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities.  The affiliated case numbers are as follows:  1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

26

27

28

1

356745.02 [XP]      25195

FILED & ENTERED

AUG 25 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

1    On July 16, 2010, the Court held a final hearing on the *Motion for Order Extending*

2  *Authority for the Use of Cash Collateral and to Maintain Cash Management System through*

3  *September 30, 2010* (the "Motion"), filed by the above-captioned debtors and debtors-in-possession

4  (collectively the "Debtors"), the Honorable Kathleen Thompson, United States Bankruptcy Judge,

5  presiding.  John N. Tedford, IV, of Danning, Gill, Diamond & Kollitz, LLP, appeared on behalf of

6  the Debtors; and all other appearances were as noted on the record at the time of the hearing.

7    The Court having considered the Motion (*docket entry no. 1498*), the Court's *Order*

8  *Authorizing the Debtors' Use of Cash Collateral on a Final Basis and Approving the Debtors' Use*

9  *of Its Cash Management System* (the "January Cash Collateral Order") (*docket entry no. 1016*), the

10  Court's *Order Granting Debtors' Motion for Order Extending Authority for the Use of Cash*

11  *Collateral and to Maintain Cash Management System through June 30, 2010* (the "March Cash

12  Collateral Order") (*docket entry no. 1243*), oppositions to the Motion filed by Bank of America,

13  N.A. ("BofA") (*docket entry no. 1520*), Legendary Investors Group No. 1, LLC ("Legendary")

14  (*docket entry no. 1521*), California Bank & Trust ("CB&T") (*docket entry no. 1523*), and

15  Chinatrust Bank ("Chinatrust") (*docket entry no. 1525*), the statement in support of the Motion

16  filed by the Official Committee of Unsecured Creditors (*docket entry no. 1531*), the Debtors' reply

17  (*docket entry no. 1540*), Bank of America's objection to the Declaration of Richard Meruelo

18  (*docket entry no. 1547*), the Debtors' supplemental reply (*docket entry no. 1571*), the Declaration

19  of Fred Skaggs in support of the Debtors' supplemental reply (*docket entry nos. 1579 and 1583*),

20  and responses to the Debtors' supplemental reply filed by Chinatrust (*docket entry no. 1574*), Wells

21  Fargo Bank, N.A., successor by consolidation to Wells Fargo Bank Minnesota, National

22  Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage

23  Securities, Inc., Mortgage Pass-Through Certificates, Series 2002-C1 acting by and through

24  Berkadia Commercial Mortgage, Inc., its Special Servicer ("Berkadia") (*docket entry no. 1586*),

25  Legendary (*docket entry no. 1587*), East West Bank (*docket entry no. 1589*), BofA (*docket entry*

26  *no. 1590*), and CB&T (*docket entry no. 1591*), having found that notice of the hearing and the

27  Motion was adequate and proper, having heard the statements of counsel at the hearing, for the

28  reasons stated by the Court on the record,

-2-

**IT IS ORDERED THAT:**

1.      The Motion is granted on final basis, subject to paragraph 10 hereof.

2.      The Debtors' request for an extension of the authority to use cash collateral granted previously by the March Cash Collateral Order through June 30, 2010, is approved. Subject to the terms and conditions provided herein, the Debtors are authorized to use cash collateral of the "Cash Collateral Creditors" identified in paragraphs 7 and 8 below with respect to the "Cash Collateral Properties" identified in paragraphs 7 and 8 below.

3.      With respect to each Cash Collateral Property, the Debtors are authorized to use cash collateral generated by the Cash Collateral Property to and through September 30, 2010.

4.      The use of cash collateral shall be in the amounts and for the expenses set forth in the projections attached as Exhibit "4" to the Declaration of Fred Skaggs appended to the Motion (the "Skaggs Declaration"). Absent further order of the Court, as to each Debtor owning a Cash Collateral Property, the Debtor shall not deviate in its usage of cash collateral by more than 20% in the aggregate of all the line item expenditures from that projected for that Debtor in Exhibit "4" to the Skaggs Declaration for the direct expenses of that Debtor, and the Debtors shall only expend such funds as are necessary to operate and preserve their business. The term "direct expenses" does not include the line item for the Direct Corporate Property Management fee assessed against each of the Debtors owning a Cash Collateral Property, and that expense is limited in amount to that set forth in Exhibit "4" to the Skaggs Declaration for each of the Cash Collateral Properties.

5.      After utilizing cash collateral generated by a Cash Collateral Property to pay the direct expenses of preserving, maintaining and operating the Cash Collateral Property, any excess cash collateral generated by the Cash Collateral Property may be utilized by any other Debtor to pay its ordinary direct costs and expenses of preserving, maintaining and operating its property and business, including the general administrative expenses provided by Service Level Debtors, as that term has been defined in the case, subject to the provisions of paragraph 4 above. Notwithstanding the foregoing, absent further order of the Court, the Debtors shall not use cash collateral to pay for the expenses of Meruelo Maddux – 845 S. Flower Street, LLC, Meruelo Chinatown, LLC, or of any non-debtor affiliate.

1    6.    As and for adequate protection for the use of the Cash Collateral Creditors' cash

2    collateral, in addition to the equity in the Cash Collateral Properties protecting the Cash Collateral

3    Creditors' interests therein, the Court hereby orders as a base level of adequate protection ("Base

4    Adequate Protection") the following:

5        a.    each Cash Collateral Creditor is hereby granted a replacement lien in its

6    respective postpetition cash collateral, with the same force, effect, validity and priority of the liens

7    held by the Cash Collateral Creditor in or against its respective prepetition real property collateral;

8        b.    the Debtors shall maintain and preserve the Cash Collateral Properties by

9    payment of the ordinary expenses for maintaining and preserving the real property collateral; and

10        c.    the Debtors shall pay real property taxes due and payable on and after

11    November 1, 2009, owing to the County of Los Angeles assessed against the Cash Collateral

12    Properties on or before the date on which such taxes are payable and due without penalty.

13    7.    The interests of the following Cash Collateral Creditors in cash collateral generated

14    by the following Cash Collateral Properties are found and determined to be adequately protected by

15    the Base Adequate Protection and no further adequate protection need be provided:

| Cash Collateral Creditor | Cash Collateral Property |
|---|---|
| 1248 Figueroa Street, LLC | 2529 S. Santa Fe Avenue, Los Angeles, California, APN 6302-008-010, owned by Merco Group – 2529 Santa Fe Avenue, LLC |
| Bank of America | numerous street addresses, including 1150 S. Grand Avenue, Los Angeles, California, APNs 5139-019-040, 5139-020-016, 5139-020-022, 5139-020-024, 5139-024-003, 5139-024-014, 5139-024-015, and 5139-024-016, owned by Merco Group – Southpark, LLC (the "Southpark Property") |
| Cathay Bank | 1312 E. 7th Street, Los Angeles, California, APN 5146-009-003 (the "7th Street Produce Market"), and 761 Terminal Street, Los Angeles, California,  APNs 5146-009-004 and 5146-009-005 ("Alameda Square"), owned by Alameda Produce Market, LLC |
| Vahan and Anoush Chamlian | 2131 Humboldt Street, Los Angeles, California, APNs 5447-009-018 and 5447-009-019, owned by Meruelo Maddux Properties – 2131 Humboldt Street, LLC |

-4-

| Cash Collateral Creditor | Cash Collateral Property |
|---|---|
| City National Bank, as successor to certain assets formerly owned by Imperial Capital Bank | 815 E. Temple Street, 210 & 234 Center Street, and 740 Jackson Street, Los Angeles, California, APNs 5173-022-001, 5173-022-002, 5173-022-004, 5173-022-005 and 5173-015-003, owned by Meruelo Farms, LLC |
| City National Bank, as successor to certain assets formerly owned by Imperial Capital Bank | 915-949 S. Hill Street, Los Angeles, California, APNs 5139-004-004, 5139-004-005, 5139-004-006, 5139-004-007, 5139-004-008, 5139-004-009, 5139-004-020 and 5139-004-024, owned by Meruelo Maddux – 915-949 S. Hill Street, LLC |
| City National Bank, as successor to certain assets formerly owned by Imperial Capital Bank | 1919 Vineburn, Los Angeles, California, APNs 5215-014-005 and 5215-014-006, Meruelo Maddux Properties – 1919 Vineburn Street, LLC |
| East West Bank | 419 E. 9th Street, Los Angeles, California, APN 5145-011-015, owned by Meruelo Wall Street, LLC |
| Legendary Investors Group No. 1, L.L.C. | 960 E. 3rd Street, Los Angeles, California, APN 5163-016-011, owned by Merco Group, LLC (the "SCI-Arc Property") |
| Legendary Investors Group No. 1, L.L.C. | 950 E. 3rd Street, Los Angeles, California, APNs 5163-016-012, 5163-016-013, 5163-016-014, owned by Merco Group, LLC (the "Sky-Arc Property") |
| Legendary Investors Group No. 1, L.L.C. | 1117-1119 S. Olive Street, Los Angeles, California, APNs 5139-020-006 and 5139-020-007, owned by Merco Group – Little J, LLC |
| Legendary Investors Group No. 1, L.L.C. | 1467 and 1500 Griffith Avenue and 833 E. 15th Street, Los Angeles, California, APNs 5132-025-018, 5132-026-028 and 5132-026-030, owned by Merco Group – 1500 Griffith Avenue, LLC |
| Legendary Investors Group No. 1, L.L.C. | 900, 910 and 926 E. 4th Street and 405-411 S. Hewitt Street, Los Angeles, California, APNs 5163-022-002, 5163-022-003, 5163-022-001, 5163-022-005, 5163-022-022 and 5163-022-023, owned by Merco Group – 4th Street Center, LLC |
| Legendary Investors Group No. 1, L.L.C. | 620 S. Gladys Avenue, 830-838 6th Street, and 647-649 Ceres Avenue, Los Angeles, California, APNs 5147-030-005, 5147-030-006, 5147-030-007, 5147-030-008, 5147-030-009, 5147-030-037, 5147-030-050, 5147-030-053, 5147-030-054, 5147-030-055, 5147-030-061 and 5147-030-062, owned by Merco Group – 620 Gladys Avenue, LLC |
| Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami, an individual | 1510 Griffith Avenue, Los Angeles, California, APNs 5132-025-004, 5132-025-006 and 5132-025-017, owned by Merco Group – 1500 Griffith Avenue, LLC |

356745.02 [XP]      25195

| Cash Collateral Creditor | Cash Collateral Property |
|---|---|
| Pacific Commerce Bank | 729 E. Temple Street, 718-736 Jackson Street, and 223 Center Street, Los Angeles, California, APNs 5173-015-006, 5173-014-001 and 5173-014-002, owned by Meruelo Farms, LLC |
| The Stanford Group, L.P. | 905 E. 8th Street, Los Angeles, California, APN 5146-029-039, owned by 905 8th Street, LLC |

8.      The interests of the following Cash Collateral Creditors (hereinafter referred to as the "Replacement Lien Cash Collateral Creditors") in cash collateral generated from the following Cash Collateral Properties are found and determined not to be adequately protected by the Base Adequate Protection alone.  With regard to the Debtors' use of cash collateral for the period from the Petition Date through September 30, 2010, the Replacement Lien Cash Collateral Creditors' interests in cash collateral generated from the following Cash Collateral Properties are found and determined to be adequately protected by the Base Adequate Protection plus a replacement lien on one or more of the real properties referred to in this case as the "Unencumbered Properties," which designated properties are hereinafter referred to as the "Replacement Lien Property Pool," in the following amounts:

[TABLE BEGINS ON FOLLOWING PAGE]

356745.02 [XP]     25195

| Cash Collateral Creditor | Cash Collateral Property | Adequate Protection |
|---|---|---|
| Wells Fargo Bank, N.A., successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 2002-C1 acting by and through Berkadia Commercial Mortgage, Inc., its Special Servicer | 2445, 2460 and 2535 E. 12th Street, Los Angeles, California, APNs 5168-003-013, 5168-005-021 and 5168-004-001, owned by Santa Fe Commerce Center, Inc. | (1) Base Adequate Protection, <br><br> (2) cash payments of $34,000 per month as further set forth in paragraph 12 below, and <br><br> (3) a lien on the Replacement Lien Property Pool in an amount equal to the lesser of <br>     (a) the cash collateral actually used from November 1, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires, or <br>     (b) interest that would accrue at the default rate from November 1, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires, less cash payments made pursuant hereto |
| California Bank & Trust | 788 South Alameda Street, Los Angeles, California, APN 5166-031-014, owned by 788 South Alameda, LLC | (1) Base Adequate Protection, <br><br> (2) cash payments of $24,000 per month as further set forth in paragraph 12 below, and <br><br> (3) a lien on the Replacement Lien Property Pool in an amount equal to the amount of cash collateral actually used from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires |

-7-

356745.02 [XP]    25195

| Cash Collateral Creditor | Cash Collateral Property | Adequate Protection |
|---|---|---|
| Chinatrust Bank, USA | 3185 E. Washington Boulevard, Los Angeles, California, APN 5169-020-003, owned by Merco Group – 3185 E. Washington Boulevard, LLC | (1) Base Adequate Protection,<br><br>(2) cash payments of $32,000 per month as further set forth in paragraph 12 below, and<br><br>(3) a lien on the Replacement Lien Property Pool in an amount equal to the lesser of<br>    (a) the cash collateral actually used from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires, or<br>    (b) interest that would accrue at the default rate from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires, less cash payments made pursuant hereto |
| East West Bank | 2640 E. Washington Boulevard, Los Angeles, California, APN 5168-017-012, owned by 2640 Washington Boulevard, LLC | (1) Base Adequate Protection,<br><br>(2) cash payments of $18,000 per month as further set forth in paragraph 12 below, and<br><br>(3) a lien on the Replacement Lien Property Pool in an amount equal to the cash collateral actually used from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires |

-8-

| Cash Collateral Creditor | Cash Collateral Property | Adequate Protection |
|---|---|---|
| Legendary Investors Group No. 1, L.L.C. | 425 W. 11th Street, Los Angeles, California, APNs 5139-008-010 and 5139-008-001, owned by Merco Group – 425 West 11th Street, LLC | (1) Base Adequate Protection and<br><br>(2) a lien on the Replacement Lien Property Pool in an amount equal to the lesser of<br>    (a) the cash collateral actually used from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires, or<br>    (b) interest that would accrue at the default rate from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires |
| Legendary Investors Group No. 1, L.L.C. | 470 3rd Street, Los Angeles, California, APNs 5147-004-013, 5147-004-016, 5147-004-017 and 5147-004-019, owned by Meruelo Maddux – 3rd & Omar Street, LLC | (1) Base Adequate Protection and<br><br>(2) a lien on the Replacement Lien Property Pool in an amount equal to interest that would accrue at the default rate from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires |
| Legendary Investors Group No. 1, L.L.C. | 420 Boyd Street, Los Angeles, California, APNs 5147-006-001, 5147-006-002, 5147-006-003, and 5147-006-008, owned by Meruelo Maddux – 420 Boyd Street, LLC | (1) Base Adequate Protection,<br><br>(2) cash payments of $3,000 per month as further set forth in paragraph 12 below, and<br><br>(3) a lien on the Replacement Lien Property Pool in an amount equal to the cash collateral actually used from March 27, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires |

9.    The interests of Bank of America in cash collateral generated from the Cash Collateral Properties commonly known as 760 S. Hill Street and 325 W. 8th Street, Los Angeles, California, APNs 5144-014-046 through 5144-014-139, owned by Meruelo Maddux Properties – 760 S. Hill Street, LLC (the "Union Lofts Property"), is found and determined not to be adequately

protected by the Base Adequate Protection alone.  Subject to paragraph 10 below, with regard to the Debtors' use of cash collateral for the period from the Petition Date through September 30, 2010, Bank of America's interests in cash collateral generated by the Union Lofts Property is found and determined to be adequately protected by (1) the Base Adequate Protection, (2) cash payments of $20,000 per month as further set forth in paragraph 12 below, and (3) a junior replacement lien against the Southpark Property in an amount equal to the interest that has and will accrue at the default rate from August 1, 2009, through September 30, 2010, or such shorter period if the use of cash collateral is terminated before such period expires.

10.  Nothing herein shall prejudice Bank of America from filing a separate motion, on regular notice and supported by evidence of value of Bank of America's collateral, requesting that the Court modify the additional adequate protection granted to Bank of America with regard to the Debtors' use of cash collateral generated by one or both of the Cash Collateral Properties in which Bank of America has a security interest.

11.  For purposes of the foregoing, where it is ordered that the amount of adequate protection to be provided by the Debtors is to be calculated based upon the amount equal to the "cash collateral actually used," such phrase means the total cash collateral generated by the Cash Collateral Property, less the direct expenses of maintenance, operation and preservation of the real property collateral, less any real property taxes paid, and less the cash payments made pursuant to paragraphs 8 and 9 above.  If adequate protection is measured by the amount equal to the cash collateral actually used, when estimating the amount to be used through a future date the estimated amount going forward will be the monthly average of the net amount as of the effective date of the calculation.  The amount used under the allocation for general corporate overhead, the line item described as Direct Corporate Property Management, should be included in the amount to be protected rather than treated as a direct expense.

12.  Cash payments required to be made pursuant to paragraphs 8 and 9 above shall be due on the first business day of each month, commencing on August 2, 2010.  If a payment is not made within fifteen days after the date it is due, the relevant Debtor will be charged a late charge

-10-

1    equal to 4.0% of the unpaid amount, which late charge must be paid to satisfy the Debtor's cash

2    payment obligation required by paragraphs 8 and 9 above.

3          13.     A determination as to whether cash payments required by paragraphs 8 and 9 above

4    shall be applied to the principal balance of the loan or to accrued interest is deferred.  In the event

5    that the Cash Collateral Creditor is determined to be undersecured, cash payments shall be applied

6    to principal amount of the loan.  In the event that the Cash Collateral Creditor is determined to be

7    oversecured, cash payments shall be applied to accrued interest.

8          14.     Nothing in this order shall be deemed to grant Cash Collateral Creditors a right to

9    recover an amount in excess of the amounts to which they are entitled under their respective loan

10   documents.

11         15.     Pending the Court's determination of which of the Unencumbered Properties is to be

12   included and comprise the Replacement Lien Property Pool, the relevant Replacement Lien Cash

13   Collateral Creditors shall continue to have a lien or charge in all of the Unencumbered Properties,

14   and such lien or charge shall be deemed perfected as to each of the relevant Replacement Lien Cash

15   Collateral Creditors without the necessity of recordation of a deed of trust or other instrument

16   evidencing the interests of each of the relevant Replacement Lien Cash Collateral Creditors as such

17   interests are granted herein.  The lien or charge shall attach to the Unencumbered Properties,

18   including thereafter the Replacement Lien Property Pool, with the same force, effect and validity of

19   the liens held by the relevant Replacement Lien Cash Collateral Creditors in or against their

20   respective prepetition real property collateral, including the rents, issues and profits of such real

21   property collateral.  Notwithstanding the foregoing, nothing in this order shall be deemed to impose

22   or reimpose liens against the real properties owned by Debtors Meruelo Maddux – 2415 E.

23   Washington Boulevard, LLC, and Santa Fe & Washington Market, LLC, provided as additional

24   collateral for the benefit of City National Bank, as successor to certain assets formerly owned by

25   Imperial Capital Bank ("CNB"), pursuant to the settlement between certain Debtors and CNB

26   approved by the Court by order entered on or about March 30, 2010 (*docket entry no. 1237*).

27         16.     The lien or charge granted hereby to the relevant Replacement Lien Cash Collateral

28   Creditors on the Unencumbered Properties and/or the Replacement Lien Property Pool shall be and

-11-

is granted *parri passu*.  Matters concerning the enforcement of such lien or charge, if necessary, shall be deferred for further proceedings before the Court.  Upon an order of the Court identifying the composition of the Replacement Lien Property Pool, the liens or charges granted herein upon the same shall be released as to only those Unencumbered Properties not included in the Replacement Lien Property Pool and such liens shall only remain extant as to the Replacement Lien Property Pool.

17.    The Debtors' request for an extension of the authority to use their integrated Cash Management System granted previously by the March Cash Collateral Order through June 30, 2010, is approved.  The Debtors are authorized to use their Cash Management System through September 30, 2010.  In connection therewith:

a.    the Debtors are authorized, but not directed, to continue the operation of their businesses, to transfer monies from Debtor to Debtor as necessary and appropriate, to continue utilizing their Cash Management System to manage their cash, to pay intercompany payables and to extend intercompany credit, in a manner consistent with the Debtors' prepetition practice; provided, however, that the Debtors shall not make any payment against or pay down a prepetition intercompany balance or debt; and

b.    all intercompany claims against a Debtor by another Debtor arising after the Petition Date as a result of intercompany transfers made in the ordinary course of business shall be accorded administrative expense priority under §§ 503(b) and 507(a)(2) of the Bankruptcy Code.

18.    Nothing herein shall prevent or prohibit the Debtors or the Cash Collateral Creditors from seeking to modify or terminate this order in connection with a confirmed plan or plans of reorganization or otherwise.

19.    Nothing herein modifies or alters any separate order entered by the Court on a Cash Collateral Creditor's motion for relief from stay.

-12-

356745.02 [XP]    25195

1       20.     The Court shall retain jurisdiction with respect to any matters, claims, rights or

2 disputes arising from or related to the implementation of this order.

3       # # # # #

DATED: August 25, 2010

_Kathleen Thompson_

United States Bankruptcy Judge

-13-

356745.02 [XP]    25195

| In re: MERUELO MADDUX PROPERTIES, INC.,<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 1:09-bk-13356-KT |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067.

A true and correct copy of the documents described as follows: **ORDER GRANTING THE DEBTORS' MOTION FOR ORDER EXTENDING AUTHORITY FOR THE USE OF CASH COLLATERAL AND TO MAINTAIN CASH MANAGEMENT SYSTEM THROUGH SEPTEMBER 30, 2010** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**  On  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

<u>Via U.S. Mail</u>:
Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd, Suite 301, Woodland Hills, CA 91367

☐ Service information continued on attached page

**III.  SERVED  BY  PERSONAL  DELIVERY,  FACSIMILE  TRANSMISSION  OR  EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 16, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

356745.02 [XP]    25195

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC.,<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 1:09-bk-13356-KT |

Via E-Mail

Michael C Abel, mca@dgdk.com (counsel for Debtors)

Robert Abiri    rabiri@abiriszeto.com

John J Bingham, jbingham@dgdk.com (counsel for Debtors)

Peter Bonfante, peterbonfante@bsalawfirm.com

Julia W Brand, jwb@dgdk.com (counsel for Debtors)

Jennifer L Braun, jennifer.l.braun@usdoj.gov (Office of the U.S. Trustee)

Martin J Brill, mjb@lnbrb.com (counsel for interested party)

George T Busu    george.busu@limruger.com

Andrew W Caine    acaine@pszyjw.com

Howard Camhi, hcamhi@ecjlaw.com (counsel for Kennedy Funding Inc.)

James E Carlberg    jcarlberg@boselaw.com

Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com

Sara Chenetz    chenetz@blankrome.com

Jacquelyn H Choi    jchoi@swjlaw.com

Ronald R Cohn, rcohn@horganrosen.com (counsel for Pacific Commerce Bank)

Enid M. Colson, ecm@dgdk.com (counsel for Debtors)

Michaeline H Correa, mcorrea@jonesday.com (counsel for MTA)

Aaron De Leest, aed@dgdk.com (counsel for Debtors)

Daniel Denny    ddenny@gibsondunn.com

Jeffrey W Dulberg    jdulberg@pszjlaw.com

Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)

Donald L Gaffney, dgaffney@swlaw.com (counsel for Bank of America)

Thomas M Geher, tmg@jmbm.com (counsel for Capmark Finance Inc.)

Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)

Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)

Michael I. Gottfried    mgottfried@lblawllp.com, aerskine@lgbfirm.com

John A Graham, jag@jmbm.com (counsel for Capmark Finance Inc.)

Ofer M Grossman, omglaw@gmail.com (counsel for Justman Packaging & Display)

Peter J Gurfein    pgurfein@lgbfirm.com

Jodie M Grotins    jgrotins@mcguirewoods.com

Cara Hagan, carahagan@haganlaw.org

Asa S Hami, ahami@sulmeyerlaw.com (counsel for Committee)

Brian T Harvey, bharvey@buchalter.com (counsel for California Bank & Trust)

David W Hercher    dave.hercher@millernash.com

William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com

Natasha L Johnson    natasha.johnson@dlapiper.com

Lance M. Jurich, ljurich@loeb.com (counsel for Canpartners)

Alexandra Kazhokin    akazhokin@buchalter.com

William H. Kiekhofer    wkiekhofer@mcguirewoods.com  (counsel for Esmark)

Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)

Michael S Kogan, mkogan@ecjlaw.com (counsel for Kennedy Funding Inc.)

Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com (counsel for Committee)

Lewis R Landau    lew@landaunet.com (Conflicts Counsel to Creditors Committee)

David E Leta, dleta@swlaw.com (counsel for FNBN-CMLCON I LLC)

☒Service information continued on attached page

-15-

356745.02 [XP]    25195

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC., Debtor(s). | CHAPTER: 11 CASE NUMBER: 1:09-bk-13356-KT |

R. Michael Llewellyn, michael.llewellyn@boe.ca.gov (counsel for California State Bar of Equalization)
Katherine Lien     katie.lien@sbcglobal.net, katielien@gmail.com
Steven K Linkon, slinkon@rcolegal.com (counsel for Chinatrust Bank)
Richard Malatt, rmalatt@gmail.com (counsel for interested party)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Raymond A. Myer; rmyer@myerlawpc.com (counsel for SCS Flooring)
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Jennifer L Nassiri     jennifer.nassiri@dlapiper.com
Lawrence Peitzman, lpeitzman@pwkllp.com (counsel for interested party)
Eric S Pezold, epezold@swlaw.com (counsel for Bank of America)
Christopher E Prince     cprince@lesnickprince.com
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Michael H Raichelson,  mhr@cabkattorney.com (counsel for Stanford Group)
Michael B Reynolds, mreynolds@swlaw.com (counsel for FNBN-CMLCON I LLC)
Martha E Romero, Romero@mromerolawfirm.com (counsel for San Bernardino County)
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)
Zev Shechtman, zshechtman@dgdk.com (counsel for Debtors)
Jeffrey S Shinbrot, shinbrot@earthlink.net (counsel for Rodriguez, et al.)
Daniel H Slate, dslate@buchalter.com (counsel for California Bank & Trust)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
Derrick Talerico     dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
John N Tedford, jtedford@dgdk.com (counsel for Debtors)
James A Timko     jtimko@allenmatkins.com
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Rouben Varozian rvarozian@bzlegal.com (counsel for Vahan and Anoush Chamlian)
Jason L Weisberg, jason@gdclawyers.com (counsel for Roofcorp)
William E Winfield     wwinfield@nchc.com
Jasmin Yang, jyang@swlaw.com (counsel for Bank of America)
Ron Orr & Professionals, Inc: ronorresq@aol.com
Georgiana G. Rodiger: crodiger@rodigerlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 16, 2010 | Cindy M. Cripe | /s/ Cindy M. Cripe |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

-16-

356745.02 [XP]      25195

| In re:  MERUELO MADDUX PROPERTIES, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 1:09-bk-13356-KT |
|---|---|

### NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

### NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING THE DEBTORS' MOTION FOR ORDER EXTENDING AUTHORITY FOR THE USE OF CASH COLLATERAL AND TO MAINTAIN CASH MANAGEMENT SYSTEM THROUGH SEPTEMBER 30, 2010** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of August 16, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Michael C Abel, mca@dgdk.com (counsel for Debtors)
Robert Abiri    rabiri@abiriszeto.com
John J Bingham, jbingham@dgdk.com (counsel for Debtors)
Peter Bonfante, peterbonfante@bsalawfirm.com
Julia W Brand, jwb@dgdk.com (counsel for Debtors)
Jennifer L Braun, jennifer.l.braun@usdoj.gov (Office of the U.S. Trustee)
Martin J Brill, mjb@lnbrb.com (counsel for interested party)
George T Busu    george.busu@limruger.com
Andrew W Caine    acaine@pszyjw.com
Howard Camhi, hcamhi@ecjlaw.com (counsel for Kennedy Funding Inc.)
James E Carlberg    jcarlberg@boselaw.com
Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
Sara Chenetz    chenetz@blankrome.com
Jacquelyn H Choi    jchoi@swjlaw.com
Ronald R Cohn, rcohn@horganrosen.com (counsel for Pacific Commerce Bank)
Enid M. Colson, ecm@dgdk.com (counsel for Debtors)
Michaeline H Correa, mcorrea@jonesday.com (counsel for MTA)
Aaron De Leest, aed@dgdk.com (counsel for Debtors)
Daniel Denny    ddenny@gibsondunn.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)
Donald L Gaffney, dgaffney@swlaw.com (counsel for Bank of America)
Thomas M Geher, tmg@jmbm.com (counsel for Capmark Finance Inc.)

☒Service information continued on attached page

-17-

356745.02 [XP]    25195

| | |
|---|---|
| In re:  MERUELO MADDUX PROPERTIES, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 1:09-bk-13356-KT |

Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)
Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)
Michael I. Gottfried    mgottfried@lblawllp.com, aerskine@lgbfirm.com
John A Graham, jag@jmbm.com (counsel for Capmark Finance Inc.)
Ofer M Grossman, omglaw@gmail.com (counsel for Justman Packaging & Display)
Peter J Gurfein    pgurfein@lgbfirm.com
Jodie M Grotins    jgrotins@mcguirewoods.com
Cara Hagan, carahagan@haganlaw.org
Asa S Hami, ahami@sulmeyerlaw.com (counsel for Committee)
Brian T Harvey, bharvey@buchalter.com (counsel for California Bank & Trust)
David W Hercher    dave.hercher@millernash.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
Natasha L Johnson    natasha.johnson@dlapiper.com
Lance M. Jurich, ljurich@loeb.com (counsel for Canpartners)
Alexandra Kazhokin    akazhokin@buchalter.com
William H. Kiekhofer    wkiekhofer@mcguirewoods.com  (counsel for Esmark)
Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)
Michael S Kogan, mkogan@ecjlaw.com (counsel for Kennedy Funding Inc.)
Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com (counsel for Committee)
Lewis R Landau    Lew@landaunet.com (Conflicts Counsel to Creditors Committee)
David E Leta, dleta@swlaw.com (counsel for FNBN-CMLCON I LLC)
R. Michael Llewellyn, michael.llewellyn@boe.ca.gov (counsel for California State Bar of Equalization)
Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
Steven K Linkon, slinkon@rcolegal.com (counsel for Chinatrust Bank)
Richard Malatt, rmalatt@gmail.com (counsel for interested party)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Raymond A. Myer; rmyer@myerlawpc.com (counsel for SCS Flooring)
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Jennifer L Nassiri    jennifer.nassiri@dlapiper.com
Lawrence Peitzman, lpeitzman@pwkllp.com (counsel for interested party)
Eric S Pezold, epezold@swlaw.com (counsel for Bank of America)
Christopher E Prince    cprince@lesnickprince.com
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Michael H Raichelson,  mhr@cabkattorney.com (counsel for Stanford Group)
Michael B Reynolds, mreynolds@swlaw.com (counsel for FNBN-CMLCON I LLC)
Martha E Romero, Romero@mromerolawfirm.com (counsel for San Bernardino County)
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)
Zev Shechtman, zshechtman@dgdk.com (counsel for Debtors)
Jeffrey S Shinbrot, shinbrot@earthlink.net (counsel for Rodriguez, et al.)
Daniel H Slate, dslate@buchalter.com (counsel for California Bank & Trust)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
John N Tedford, jtedford@dgdk.com (counsel for Debtors)
James A Timko    jtimko@allenmatkins.com
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)

☒Service information continued on attached page

-18-

356745.02 [XP]     25195

| In re:  MERUELO MADDUX PROPERTIES, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Rouben Varozian rvarozian@bzlegal.com (counsel for Vahan and Anoush Chamlian)
Jason L Weisberg, jason@gdclawyers.com (counsel for Roofcorp)
William E Winfield    wwinfield@nchc.com
Jasmin Yang, jyang@swlaw.com (counsel for Bank of America)

**II.    SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐  Service information continued on attached page

356745.02 [XP]      25195