Jeremy V. Richards (CA Bar No. 102300)
Jeffrey W. Dulberg (CA Bar No. 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910; Facsimile: 310/201-0760
E-mail: jrichards@pszjlaw.com
       jdulberg@pszjlaw.com

Surjit P. Soni (CA Bar No. 127419)
THE SONI LAW FIRM
35 N. Lake Ave., Suite 720
Pasadena, California 91101
Telephone: 626/683-7600; Facsimile: 626/683-1199
E-mail: surj@sonilaw.com

Counsel for Co-Proponent, Legendary Investors Group No. 1, LLC

Curtis C. Jung, Esq. (CA Bar No. 130657)
Monica H. Lin, Esq. (CA Bar No. 237343)
JUNG & YUEN, LLP
888 South Figueroa Street, Suite 720
Los Angeles, California 90017
Telephone: 213/689-8880; Facsimile: 213/689-8887
E-mail: curtis@jyllp.com

Elmer Dean Martin III, Esq. (CA Bar No. 75517)
22632 Golden Springs Dr., Suite 190
Diamond Bar, California 91765
Telephone: 909/861-6700; Facsimile: 909/860-3801
E-mail: elmer@bankruptcytax.net

Counsel for Co-Proponent, East West Bank

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>MERUELO MADDUX PROPERTIES, INC., et al.,<br>                    Debtors.<br>☒ Affects all Debtors<br>☐ Affects the following Debtor(s): | **Case No. 1:09-bk-13356-KT**<br><br>Chapter 11 (Jointly Administered)<br><br>**LEGENDARY INVESTORS GROUP NO. 1, LLC'S AND EAST WEST BANK'S FIRST AMENDED PLAN AND DISCLOSURE STATEMENT DEFINITIONS**<br><br>[Disclosure Statement for Legendary Investors Group No. 1, LLC's and East West Bank's First Amended Joint Chapter 11 Plan of Reorganization Dated August 26, 2010<br><br>-and-<br><br>First Amended Joint Chapter 11 Plan of Reorganization Dated August 26, 2010 filed concurrently herewith] |

The following terms used in the *Disclosure Statement for Legendary Investors Group No. 1, LLC's and East West Bank's First Amended Joint Chapter 11 Plan of Reorganization Dated August 26, 2010* and the *First Amended Joint Chapter 11 Plan of Reorganization Dated August 26, 2010* shall have the respective meanings set forth below:

| | | |
|---|---|---|
| 2 | ***788 S. Alameda*** | means 788 South Alameda, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13395. |
| 4 | ***905 8th Street*** | means 905 8th Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13396. |
| 6 | ***1248 Figueroa Street*** | means 1248 Figueroa Street, LLC. |
| 7 | ***2640 Washington Boulevard*** | means 2640 Washington Boulevard, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13397. |
| 9 | ***Administrative Claim*** | means any right to payment constituting a cost or expense of administration of the Chapter 11 Cases of a kind specified under Section 503(b) and entitled to priority under Section 507(a)(2), including, without limitation, any actual and necessary costs and expenses of preserving the Estates, any actual and necessary costs and expenses of operating the businesses of the Debtors, any indebtedness or obligations incurred or assumed by any of the Debtors in connection with the conduct of their respective businesses, including, without limitation, all compensation and reimbursement of expenses to the extent Allowed by the Court under Section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the estates of the Debtors under Section 1930 of chapter 123 of Title 28 of the United States Code. |
| 16 | ***Alameda Produce Market*** | means Alameda Produce Market, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13394. |
| 18 | ***Allowed Claim or Allowed Interest*** | means a Claim against or Interest in a Debtor to the extent that |

a. a proof of the Claim or Interest

    i. was timely Filed and served upon a Debtor and no objection to the Claim or Interest is Filed within the time fixed by the Court for such objections;

    ii. is deemed Filed under applicable law (e.g., filed on the Schedules as noncontingent, nondisputed and liquidated) or pursuant to a Final Order of the Court and no objection to the Claim or Interest is Filed within the time fixed by the Court for such objections;

    iii. is Allowed pursuant to subparagraph b of this definition; or

    iv. is Allowed under the Plan.

b. If an objection to a proof of Claim or Interest is filed within a time fixed by the Court, the Claim or Interest shall be Allowed to the extent of

    i. any amount of such Claim or Interest which is not the subject of an objection; or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | | |
|---|---|---|
| | | ii. any amount otherwise authorized by Final Order or the Plan. |
| | *Allowed Class Claim* | means an Allowed Claim in the particular Class described. |
| | *Allowed Class Interest* | means an Allowed Interest in the particular Class described. |
| | *Allowed Priority Tax Claim* | means a Tax Claim against a Debtor to the extent that |
| | | a. a proof of the Tax Claim |
| | | i. was timely Filed and served upon a Debtor and no objection to the Tax Claim is Filed within the time fixed by the Court for such objections; or |
| | | ii. is deemed Filed under applicable law (e.g., filed on the Schedules as noncontingent, nondisputed and liquidated) or pursuant to a Final Order of the Court and no objection to the Tax Claim is Filed within the time fixed by the Court for such objections; or |
| | | iii. is Allowed pursuant to subparagraph b of this definition; or |
| | | iv. is Allowed under the Plan. |
| | | b. If an objection to a proof of Tax Claim is filed within a time fixed by the Court, the Tax Claim shall be Allowed to the extent of |
| | | i. any amount of such Tax Claim which is not the subject of an objection; or |
| | | ii. any amount otherwise authorized by Final Order or the Plan. |
| | *APN* | means a county assessor's parcel number. |
| | *Ballots* | means each of the ballot forms distributed with the Disclosure Statement to each Holder of an Impaired Claim or Impaired Interest (other than to Holders of Impaired Claims or Impaired Interests deemed to have accepted or rejected the Plan or otherwise not entitled to vote on the Plan), upon which is to be indicated, among other things, acceptance or rejection of the Plan. |
| | *Bankruptcy Code* | means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as in effect on the date hereof or hereafter amended if such amendments are made applicable to the Chapter 11 Cases. |
| | *Bankruptcy Court* | means, (a) the United States Bankruptcy Court for the Central District of California (San Fernando Valley Division), having jurisdiction over the Chapter 11 Cases; (b) to the extent there is no reference pursuant to Section 157 of Title 28 of the United States Code, the United States District Court for the Central District of California; and (c) any other court having jurisdiction over the Chapter 11 Cases. |
| | *Bankruptcy Rules* | means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under |

|   |   |
|---|---|
|   | Section 2075 of Title 28 of the United States Code, and local rules of the Court, as the context may require. |
| *Berkadia* | means Berkadia Commercial Mortgage, Inc. (as successor to Capmark Finance, Inc.), special servicer for Wells Fargo Bank, N.A., successor by consolidation to Wells Fargo Bank Minnesota, N.A. as Trustee for the Registered Certificate holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates 2002-Cl. |
| *BofA* | means Bank of America, N.A. |
| *Business Day* | means any day on which commercial banks are open for business and not authorized to close, in the City of Los Angeles, California, except any day designated as a legal holiday in Bankruptcy Rule 9006(a). |
| *Canpartners* | means Canpartners Realty Holding Co., IV LLC. |
| *Cash* | means legal tender of the United States of America and equivalents thereof. |
| *Cathay* | means Cathay Bank, a California banking corporation. |
| *CBT* | means California Bank & Trust. |
| *Chamlian* | means, collectively, Vahan Chamlian and Anoush Chamlian. |
| *Chapter 11 Cases* | means the Chapter 11 cases of the Debtors. |
| *Chinatown* | means Meruelo Chinatown, LLC, a California limited liability company, a Debtor in Possession in Chapter 11 Case number 1:09-bk-21622. |
| *Chinatown Plan* | means any plan of reorganization Confirmed in the Chapter 11 Case of Chinatown. |
| *Chinatrust* | means Chinatrust Bank, USA. |
| *Claim* | means a claim against a Debtor, whether or not asserted or Allowed, as defined in Section 101(5) of the Bankruptcy Code. |
| *Class* | means a class of Claims or Interests designated pursuant to the Plan. |
| *Clerk* | means the Clerk of the Bankruptcy Court. |
| *Collateral* | means any property or interest in property of a Debtor's Estate subject to a Lien to secure the payment or performance of a Claim as of the Petition Date, which Lien is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law or otherwise invalid under the Bankruptcy Code or applicable non-bankruptcy law. |
| *Commencement Date* | means March 26, 2009 for MMP 12385 San Fernando Road and March 27, 2009 for 788 S. Alameda, 905 8th Street, 2640 Washington Boulevard, Alameda Produce Market, MBP, Merco Group, Meruelo Farms, Meruelo Wall Street, MG 4th Street Center, MG 146 E. Front Street, MG 425 W. 11th |

|  |  |
|---|---|
|  | Street, MG 620 Gladys Avenue, MG 1211 E. Washington Boulevard, MG 1308 S. Orchard, MG 1500 Griffith Avenue, MG 2001-2021 W. Mission Boulevard, MG 2040 Camfield Avenue, MG 2529 Santa Fe Avenue, MG3185 E. Washington Boulevard, MG 5707 S. Alameda, MG Ceres Street Produce, MG Little J, MG Overland Terminal, MG Southpark, MM 3rd and Omar Street, MM 230 W. Avenue 26, MM 336 W. 11th Street, MM 420 Boyd Street, MM 500 Mateo Street, MM 555 Central Avenue, MM 817-825 S. Hill Street, MM 915-949 S. Hill Street, MM 1000 E. Cesar Chavez, MM 2415 E. Washington Boulevard, MM 5500 Flotilla Street, MM Construction, MM Mission Boulevard, MMP 306-330 N. Avenue 21, MMP 760 S. Hill Street, MMP 1009 N. Citrus, MMP 1060 N. Vignes, MMP 1919 Vineburn, MMP 2131 Humboldt Street, MMP 2951 Lenwood Road, MMPLP, MMP Ventures, National Cold Storage, Santa Fe & Washington Market, Santa Fe Commerce Center, and Wall Street Market, the date on which each of the preceding Debtors filed their respective petitions for relief commencing the Chapter 11 Cases. |
| *Confirmation* | means the conclusion of the Confirmation Hearing. |
| *Confirmation Date* | means the date on which the Confirmation Order is entered on the Docket. |
| *Confirmation Hearing* | means the hearing to consider confirmation of the Plan pursuant to Section 1128 of the Bankruptcy Code. |
| *Confirmation Order* | means the order entered by the Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code. |
| *Creditor* | has the meaning ascribed to it in Section 101(10) of the Bankruptcy Code. |
| *Creditors Committee* | means the official committee of unsecured creditors' appointed in the Chapter 11 Cases by the Office of the United States Trustee, as its composition may be changed from time to time by the addition, resignation and/or removal of its members. |
| *Debtors* | means, collectively, Meruelo Maddux Properties, Inc., a Delaware corporation, and its 53 related jointly administered debtor entities. |
| *DGCL* | means the Delaware General Corporation Law. |
| *Disbursing Agent* | means the Person responsible for making distributions under the Plan, including the Reorganized Debtors, or such Person(s) as the Reorganized Debtors may employ in their sole discretion, to serve as Disbursing Agent. The Disbursing Agent shall be Dilip Bhavnani. |
| *Disclosure Statement* | means the disclosure statement, dated August 6, 2010, that relates to the Plan, as approved by the Court pursuant to Section 1125 of the Bankruptcy Code, as such disclosure |

| | | |
|---|---|---|
| 1 | | statement may be amended, modified or supplemented from time to time. |
| 2 | *Disputed* | means, with reference to any Claim, or Interest, or any portion thereof, any Claim or Interest proof of which was timely and properly Filed and in either case or in the case of any Administrative Claim, Claim or Interest that is disputed under the Plan or as to which the Debtors have interposed a timely objection and/or request for estimation in accordance with Section 502( c) of the Bankruptcy Code and Bankruptcy Rule 3018, which objection and/or request for estimation has not been withdrawn or determined by a Final Order, and any Claim or Interest proof of which was required to be Filed by Order of the Court but as to which a proof of claim or interest was not timely or properly Filed. |
| 9 | *Distribution* | means a distribution to a Holder of an Allowed Claim pursuant to this Plan. |
| 11 | *Docket* | means the docket in the Chapter 11 Cases maintained by the Clerk. |
| 12 | *Effective Date* | means the first business day after the Confirmation Order in a form satisfactory to the Proponents shall have become a Final Order and the New Equity Interests have been issued. If (l) a stay of the Confirmation Order is in effect, the Effective Date shall be extended to the first Business Day on which no such stay is in effect and that in no event shall the Effective Date be later than one hundred twenty (120) days after the Confirmation Date; and provided further that the Court may extend the deadline for the Effective Date to occur following (a) submission of a stipulation signed by the affected parties or (b) notice and hearing on the Proponents' motion. |
| 18 | *Equity Holders Committee* | means the official committee of equity holders appointed in the Chapter 11 Cases by the Office of the United States Trustee, as its composition may be changed from time to time by the addition, resignation and/or removal of its members. |
| 21 | *Estates* | means, collectively, the estates created in each of the Debtors' Chapter 11 Cases under Section 541 of the Bankruptcy Code. |
| 23 | *File* or *Filed* | means filed with the Clerk in the Chapter 11 Cases. |
| 24 | *Final Order* | means an order or judgment of the Court as entered on the Docket in the Chapter 11 Cases, or other court of competent jurisdiction, the operation or effect of which is not stayed, reversed or amended, and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | | |
|---|---|---|
| 1 | *Flower Plan* | means any plan of reorganization Confirmed in the Chapter 11 Case of MM 845 S. Flower. |
| 2 | *FNBN* | means FNBN CMLComI, LLC |
| 3 | *General Unsecured Claim* | means any Claim that is not an Administrative Claim, Priority Claim, Priority Tax Claim, Intercompany Claim, Guaranty Claim or Secured Claim or such Claim held by FNBN, the amount and treatment of which has already been approved by Order of the Bankruptcy Court. |
| 6 | *Guaranty Claim* | means an unsecured Claim against multiple Debtors, whether the Claim is a guarantee, indemnity agreement, claim for obligations for which another Debtor is the primary obligator, joint and several obligations or otherwise, but shall exclude such claims held by Cathay, FNBN, Imperial, PCB and Stanford whose claims have previously been settled by order of the Bankruptcy Court and any other such claim that is settled by order of the Bankruptcy Court that results in the claim being confirmed or otherwise continued. |
| 11 | *Holder* | means the holder of a Claim or Interest. |
| 12 | *Impaired* | means, when used in reference to a Class of Claims or Interests, a Class that is impaired within the meaning of Section 1124 of the Bankruptcy Code. |
| 14 | *Imperial* | means City National Bank, a national banking association, as successor to certain assets formerly owned by Imperial Capital Bank, a California banking corporation. |
| 16 | *Insider* | has the meaning set forth in Section 101 (31) of the Bankruptcy Code. |
| 17 | *Insider Causes of Action* | means any claims or causes of action held or asserted by or on behalf of the Debtors, the Debtors' estates or the Reorganized Debtors, including, but not limited to, avoidance actions and D&O or similar shareholder claims, against a Person who is or was an Insider of the Debtors prior to the Effective Date. |
| 21 | *Insider Litigation* | means any action or proceeding brought by or on behalf of the Debtors, the Debtors' estates or the Reorganized Debtors with respect to Insider Causes of Action. |
| 23 | *Insider Shareholder Settlement Offer* | means the offer made to all Insider Shareholders to enter into complete, mutual general releases with the Reorganized Debtors as of the Effective Date conditioned upon cancellation and forfeiture of all MMPI Existing Common Stock, LTIP Units, rights under the Rights Offering and any other Interests in the Debtors held by such electing Insider Shareholders as of the Effective Date. |
| 27 | *Insider Shareholders* | means Richard Meruelo, John Charles Maddux, any and all relatives of either of them, and any and all entities (including, without limitation, revocable or irrevocable family trusts), |

| | | |
|---|---|---|
| 1 | | owned, controlled and/or created by any of them. |
| 2 | *Instrument* | means any share of stock, security, promissory note or other "instrument," within the meaning of that term, as defined in Section 9105(1)(i) of the UCC. |
| 3 | | |
| 4 | *Intercompany Claims* | means all Claims asserted by any Debtor(s) or MM 845 S. Flower or Chinatown against any other Debtor(s). |
| 5 | *Interest* | has the meaning set forth in Section 101 (16) of the Bankruptcy Code for "equity security." |
| 6 | | |
| | *Legendary* | means Legendary Investors Group No. 1, L.L.C. |
| 7 | *Lien* | has the meaning set forth in Section 101(37) of the Bankruptcy Code. |
| 8 | | |
| 9 | *Litigation Trust* | means the trust containing Insider Causes of Action to be created on behalf of non-Insider Holders of MMPI Existing Common Stock and Reorganized MMPI. |
| 10 | | |
| 11 | *Litigation Trustee* | means the individual assigned as trustee for the Litigation Trust. |
| 12 | *Loan Documents* | means, collectively, any and all writings between a Debtor and a Creditor or any other entity, establishing, fixing or describing the terms and conditions of the debtor creditor relationship between such Debtor and the Creditor, regardless of form, title or substance. |
| 13 | | |
| 14 | | |
| 15 | *Local Bankruptcy Rules* | means the local rules of the Bankruptcy Court, as applicable from time to time in the Chapter 11 Cases. |
| 16 | *LTIP Units* | means all long term incentive plan units in MMPLP. |
| 17 | *MBP* | means Meruelo Baldwin Park, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13386. |
| 18 | | |
| 19 | *Merco Group* | means Merco Group, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13406. |
| 20 | | |
| 21 | *Meruelo Farms* | means Meruelo Farms, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13358. |
| 22 | | |
| 23 | *Meruelo Wall Street* | means Meruelo Wall Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13366. |
| 24 | | |
| 25 | *MG 1211 E. Washington Boulevard* | means Merco Group -1211 E. Washington Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13382. |
| 26 | | |
| 27 | *MG 1308 S. Orchard* | means Merco Group - 1308 S. Orchard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13384. |
| 28 | *MG 146 E. Front Street* | means Merco Group - 146 E. Front Street, LLC, a California |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Term | Definition |
|---|---|
| | limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13380. |
| *MG 1500 Griffith Avenue* | means Merco Group - 1500 Griffith Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13398. |
| *MG 2001-2021 W. Mission Boulevard* | means Merco Group - 2001-2021 West Mission Boulevard, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13403. |
| *MG 2040 Camfield Avenue* | means Merco Group - 2040 Camfield Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13375. |
| *MG 2529 Santa Fe Avenue* | means Merco Group - 2529 Santa Fe Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13404. |
| *MG 3185 E. Washington Boulevard* | means Merco Group - 3185 E. Washington Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13373. |
| *MG 425 W. 11th Street* | means Merco Group - 425 West 11th Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13400. |
| *MG 4th Street Center* | means Merco Group - 4th Street Center, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13399. |
| *MG 5707 S. Alameda* | means Merco Group - 5707 S. Alameda LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13381. |
| *MG 620 Gladys Avenue* | means Merco Group - 620 Gladys Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13401. |
| *MG 801 E. 7th Street* | means Merco Group - 801 E. 7th Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13378. |
| *MG Ceres Street Produce* | means Merco Group - Ceres Street Produce, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13385. |
| *MG Little J* | means Merco Group - Little J, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk -13405. |
| *MG Overland Terminal* | means Merco Group - Overland Terminal, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13434. |
| *MG Southpark* | means Merco Group - Southpark, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13407. |
| *MM 1000 E. Cesar Chavez* | means Meruelo Maddux -- 1000 E. Cesar Chavez, LLC, a |

| | | |
|---|---|---|
| 1 | | Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13393. |
| 2 | *MM 230 W. Avenue 26* | means Meruelo Maddux - 230 W. Avenue 26, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13389. |
| 3 | | |
| 4 | *MM 2415 E. Washington Boulevard* | means Meruelo Maddux - 2415 E. Washington Blvd., LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13365. |
| 5 | | |
| 6 | *MM 336 W. 11th Street* | means Meruelo Maddux - 336 W. 11th Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13402. |
| 7 | | |
| 8 | *MM 3rd and Omar Street* | means Meruelo Maddux - 3rd & Omar Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13359. |
| 9 | | |
| 10 | *MM 420 Boyd Street* | means Meruelo Maddux - 420 Boyd Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13360. |
| 11 | | |
| 12 | *MM 500 Mateo Street* | means Meruelo Maddux - 500 Mateo Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13361. |
| 13 | *MM 5500 Flotilla Street* | means Meruelo Maddux - 5500 Flotilla Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13367. |
| 14 | | |
| 15 | *MM 555 Central Avenue* | means Meruelo Maddux - 555 Central Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13439. |
| 16 | | |
| 17 | *MM 817-825 S. Hill Street* | means Meruelo Maddux - 817-825 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13391. |
| 18 | | |
| 19 | *MM 845 S. Flower* | means Meruelo Maddux - 845 S. Flower Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-21621. |
| 20 | | |
| 21 | *MM 915-949 S. Hill Street* | means Meruelo Maddux - 915-949 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13362. |
| 22 | *MM Construction* | means Meruelo Maddux Construction, Inc., a California corporation, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13388. |
| 23 | | |
| 24 | *MM Management* | means Meruelo Maddux Management, LLC, a Delaware limited liability company, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13390. |
| 25 | | |
| 26 | *MM Mission Boulevard* | means Meruelo Maddux - Mission Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13369. |
| 27 | | |
| 28 | *MMP 1009 N. Citrus* | means Meruelo Maddux Properties - 1009 North Citrus A |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| | venue, Covina, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk -13372. |
| *MMP 1060 N. Vignes* | means Meruelo Maddux Properties - 1060 N. Vignes, LLC a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13374. |
| *MMP 12386 San Fernando Road* | means Meruelo Maddux Properties -12385 San Fernando Road, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13338. |
| *MMP 1919 Vineburn Street* | means Meruelo Maddux Properties - 1919 Vineburn Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13364. |
| *MMP 2131 Humboldt Street* | means Meruelo Maddux Properties - 2131 Humboldt Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13371. |
| *MMP 2959 Lenwood Road* | means Meruelo Maddux Properties - 2951 Lenwood Road, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13383. |
| *MMP 306-330 N. Avenue 21* | means Meruelo Maddux Properties - 306-330 N. Avenue 21, LLC a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13370. |
| *MMP 760 S. Hill Street* | means Meruelo Maddux Properties - 760 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13363. |
| *MMP Ventures* | means MMP Ventures, LLC, a Delaware limited liability company, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13392. |
| *MMPI* | means Meruelo Maddux Properties, Inc., a Delaware corporation, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13356. |
| *MMPI Existing Common Stock* | means all authorized shares of common stock of MMPI existing as of the Petition Date. |
| *MMPLP* | means Meruelo Maddux Properties, L.P., a Delaware limited partnership, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13387. |
| *Murakami* | means Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami, an individual. |
| *National Cold Storage* | means National Cold Storage, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13376. |
| *Net Proceeds* | means those proceeds derived from the prosecution of Insider |

| | | |
|---|---|---|
| | | Causes of Action, less all fees, expenses and liabilities of the Litigation Trust. |
| | *New Equity* | means newly authorized shares of Common Stock of Reorganized MMPI issued pursuant to the Plan and the amended and restated articles of incorporation and bylaws of Reorganized MMPI adopted pursuant to the Plan. |
| | *Order* | means an order or judgment of the Bankruptcy Court as entered on the Docket. |
| | *Ordinary Course Professionals* | means any attorneys, accountants, and other professionals or professional service providers such as public relations and communications consultants, architects, engineers, title companies, surveyors, real estate closing professionals, real estate brokers, environmental consultants, design consultants, information technology consultants, life/safety consultants, property managers, marketing and business consultants utilized by the Debtors in the ordinary course of the Debtors' operation and development of properties and development projects. |
| | *Other Priority Claims* | means any Claim, other than an Administrative Claim or a Tax Claim, entitled to priority in right of payment under Section 507(a) of the Bankruptcy Code. |
| | *PCB* | means Pacific Commerce Bank. |
| | *Person* | has the meaning set forth in Section 101(41) of the Bankruptcy Code. |
| | *Petition Date* | shall have the same meaning as Commencement Date. |
| | *Plan (or the Plan)* | means Legendary Investors Group No. 1, LLC's and East West Bank's Chapter 11 Plan of Reorganization Dated August 6, 2010, as it may be amended or modified, from time to time, together with all addenda, exhibits, schedules, supplements or other attachments, if any. |
| | *PNL Pomona* | means PNL Pomona, L.P., a Delaware limited partnership. |
| | *Postpetition Tax Claims* | means Administrative Claims and other Claims by a governmental unit for taxes against any of the Debtor (and for a reasonable rate of interest related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date. |
| | *Priority Claim* | means an Allowed Claim entitled to priority under Sections 507(a)(3) through 507(a)(7) of the Bankruptcy Code, and includes Priority Tax Claims. |
| | *Priority Tax Claim* | means any unsecured Claim of a governmental unit of the kind specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code. |
| | *Pro Rata* | means, with respect to any Distribution on account of an Allowed Claim or Allowed Interest, a proportionate share, so |

| | | |
|---|---|---|
| | | that the ratio of the consideration distributed on account of an Allowed Claim or Allowed Interest in a Class to the amount of such Allowed Claim or Allowed Interest is the same as the ratio of the amount of the consideration distributed on account of all Allowed Claims or Allowed Interests in such Class to the amount of all Allowed Claims or Allowed Interests in such Class. |
| | *Property Level Debtors* | means any Debtor which held title to real property on the Commencement Date. |
| | *Quarterly Distribution Date* | means the 15th of the first full month after the Effective Date and the 15th of every third month thereafter. |
| | *Record Date* | means the date designated by the Bankruptcy Court set forth in the Disclosure Statement as the date for determining the Holders of MMPI Existing Common Stock entitled to vote to accept or reject the Plan. |
| | *Record Date Holder* | means a holder of MMPI Existing Common Stock as of the Record Date. |
| | *Reinstated* | shall have the meaning set forth in Section 1124(2) of the Bankruptcy Code. |
| | *Reorganized Debtor* | means a Debtor or any combination of Debtors whose affairs have been reorganized pursuant to the Plan. |
| | *Reorganized MMPI* | means MMPI from and after the Effective Date of the Plan. |
| | *Reorganized MMPI Common Stock* | means the Common Stock to be issued by Reorganized MMPI as of the Effective Date. |
| | *Retained Claims and Defenses* | means all causes of action and claims held by or capable of assertion by a Debtor or its Estate, including, without limitation, all Insider Causes of Action, all avoidance and recovery causes of action and objections to Claims under Sections 105, 502, 506, 542 through 551 and 553 of the Bankruptcy Code that belong to the Debtors or to the Estates, all Section 510 actions, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, and whether asserted or assertable, directly or derivatively that the Debtors or their Estates could assert immediately prior to the Effective Date, but excludes all such causes of action, claims or defenses released, waived or extinguished by the Debtors pursuant to this Plan or a Final Order of the Bankruptcy Court. |
| | *Rights Offering* | has the meaning ascribed to such term in Section IV.E.2 of the Plan. |
| | *RULPA* | means the Delaware Revised Uniform Limited Partnership Act. |

| | | |
|---|---|---|
| 1, 2 | *Santa Fe & Washington Market* | means Santa Fe & Washington Market, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13379. |
| 3, 4 | *Santa Fe Commerce Center* | means Santa Fe Commerce Center, Inc., a California corporation and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13368. |
| 5 | *Scheduled* | means set forth on the Schedules filed by the Debtors in their respective Chapter 11 Cases. |
| 6, 7, 8 | *Schedules* | means the schedules of assets and liabilities filed by any Debtor pursuant to Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, including any amendments and modifications thereto through the Confirmation Date. |
| 9, 10 | *Sci-Arc Real Property* | means the real property located at 960 E. 3rd Street, Los Angeles, California, APN 5163-016-011, owned by Merco Group. |
| 11 | *SEC* | means the United States Securities and Exchange Commission. |
| 12, 13, 14 | *Secured Claim* | means any Claim secured by Collateral to the extent of the value of such Collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, or, in the event that such Claim is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of such setoff. |
| 15 | *Secured Tax Claim* | means a claim of Los Angeles County against a Debtor's estate for real property taxes. |
| 16, 17 | *Securities Act* | means the Securities Act of 1933, as amended, or any successor statute, and the rules and regulations promulgated thereunder. |
| 18, 19, 20 | *Share Distribution Date* | means the date upon which the Reorganized MMPI Common Stock is distributed to the Persons entitled to receive such stock under the Plan, which date shall be no later than thirty (30) days after the Effective Date. |
| 21, 22 | *Shareholder Plan* | means the Chapter 11 plan of reorganization filed by Charlestown Capital Advisors, LLC and Hartland Asset Management, Inc. |
| 23, 24 | *Sky-Arc Real Property* | means the real property located at 950 E. 3rd Street, Los Angeles, California, APNs 5163-016-012,5163-016-013,5163-016-014, owned by Merco Group. |
| 25, 26 | *Solicitation Procedures Order* | means any Order of the Bankruptcy Court governing, among other things, the solicitation and tabulation of votes from Holders of Impaired Claims and Interests. |
| 27 | *Stanford* | means The Stanford Group, L.P. |
| 28 | *Stock Purchase Right* | means the right to purchase shares pursuant to the Rights Offering |

| | |
|---|---|
| *Subscription Period* | means a period beginning on the Share Distribution Date and ending sixty (60) days thereafter. |
| *Subscription Right* | means the right granted to Holders of Existing MMPI Common Stock to purchase additional shares of Reorganized MMPI Common Stock during the Subscription Period. |
| *Subscription Share Pro Rata Allocation* | means a fraction, the numerator of which shall be the number of shares of Reorganized MMPI Common Stock subscribed to by a Person properly and timely exercising their Subscription Right and the denominator of which shall be the number of shares of Reorganized MMPI Common Stock subscribed to by all Persons properly and timely exercising their Subscription Rights. |
| *Subscription Shares* | means 2,202,500 shares of Reorganized MMPI Common Stock reserved to satisfy the exercise of Subscription Rights by Holders of MMPI Existing Common Stock. |
| *Transfer Agent* | means the party distributing the Reorganized MMPI Common Stock under the Plan. |
| *Treasury Bills* | means the United States Government Securities Treasury Bills with constant maturities as published in the Federal Reserve Statistical Release H. 15 on the first business day of each January, April, July and October. |
| *UCB* | means United Commercial Bank |
| *Unimpaired* | means with reference to a Class of Claims or Interests, that the Class is not Impaired. An Unimpaired Class is not entitled to vote on the Plan. |
| *Wall Street Market* | means Wall Street Market, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13377. |

Dated: August 26, 2010        PACHULSKI STANG ZIEHL & JONES LLP

By        */s/ Jeffrey W. Dulberg*
          Jeremy V. Richards
          Jeffrey W. Dulberg
          Counsel for Co-Proponent, Legendary
          Investors Group No. 1, LLC