1  JOHN N. TEDFORD, IV. (State Bar No. 205537)
   *JTedford@dgdk.com*
2  JULIA W. BRAND (State Bar No. 121760)
   *JBrand@DGDK.com*
3  ENID M. COLSON (State Bar No. 189912)
   *EColson@DGDK.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
6  Facsimile:  (310) 277-5735

7  Attorneys for Meruelo Maddux Properties, Inc., jointly
   administered Debtors and Debtors-in-Possession,
8  Debtors and Debtors in Possession

9             **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11            **SAN FERNANDO VALLEY DIVISION**

12  In re                          )  Case No. 1:09-bk-13356-KT
                                    )
13  MERUELO MADDUX PROPERTIES,      )  Chapter 11 (Jointly Administered)
    INC., et al.                    )
14                                  )  **THIRD AMENDED JOINT PLAN OF**
                                    )  **REORGANIZATION OF MERUELO**
             Debtors and Debtors-in- )  **MADDUX PROPERTIES, INC., et al. DATED**
15           Possession.            )  **SEPTEMBER 1, 2010**
                                    )
16  _____     )
                                    )  **Disclosure Statement Hearing**
17  ☑  Affects all Jointly Administered )  Date:  September 1, 2010
       Debtors                      )  Time:  9:30 a.m.
18                                  )  Ctrm:  "301" 21041 Burbank Blvd.
    ☐  Affects the following Debtor(s): )         Woodland Hills, CA 91367
19                                  )
                                    )  **Plan Confirmation Hearing**
20                                  )  Date:  November 29, 2010
                                    )  Time:  9:30 a.m.
21                                  )  Place:  Courtroom 301
                                    )          21041 Burbank Blvd.
22                                  )          Woodland Hills, California
                                    )
23                                  )
                                    )
24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..............................................................................................2

II.     DEFINITION OF TERMS AND RULES OF INTERPRETATION....................................3

        A.      DEFINITION OF TERMS ........................................................................3

        B.      INTERPRETATION OF TERMS AND COMPUTATION OF TIME ...............23

                1.      Defined Terms ...........................................................................23

                2.      Rules of Interpretation ..............................................................23

                3.      Time Periods ..............................................................................24

III.    CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ..................24

        A.      SUMMARY OF CLAIMS AND INTERESTS AGAINST EACH
                DEBTOR ...............................................................................................24

        B.      GENERAL PROVISIONS FOR TREATMENT OF CLAIMS AND
                INTERESTS ...........................................................................................40

                1.      Unclassified Claims (Applicable to all of the Debtors)..............40

                        a.      Administrative Claims ...................................................40

                        b.      Priority Tax Claims........................................................45

                2.      Common Class Treatments For Classified Claims .....................47

                        a.      Common Secured Tax Claim Treatment .......................48

                        b.      Common Secured Lender Claim Treatment ..................48

                        c.      Common Other Priority Claim Treatment.....................49

                        d.      Common Tenant Security Deposits Treatment..............50

                        e.      Common Convenience Class Claim Treatment.............50

                        f.      Common Unsecured Claim Treatment ..........................51

                        g.      Common Unsecured Guaranty Claim Treatment ..........51

                        h.      Common Treatment for Guaranty Claims held by
                                Settling Guaranty Creditors ..........................................52

                        i.      Common Intercompany Claim Treatment .....................53

                        j.      Common Interest Treatment ..........................................53

358005.02 [XP]      25195

## TABLE OF CONTENTS (cont.)

Page

C.  TREATMENT OF CLASSIFIED CLAIMS AGAINST AND
    INTERESTS AGAINST EACH OF THE DEBTORS ............................................. 53

    1.  **Claims Against And Interests In MMPI** ................................................. 53

        a.  Class 1A – Secured Claim of Oliver, Sandifer .............................. 53

        b.  Class 1B – Other Priority Claims .................................................... 53

        c.  Class 1C-1 General Unsecured Claims-Convenience
            Class .................................................................................................. 53

        d.  Class 1C-2A Unsecured Guaranty Claims ...................................... 54

        e.  Class 1C-2B Unsecured Guaranty Claims ...................................... 54

        f.  Class 1C-3 General Unsecured Claims ............................................ 54

        g.  Class 1E Interests ............................................................................. 54

    2.  **Claims Against And Interests In MMPLP** ............................................ 55

        a.  Class 2C-1 General Unsecured Claims - Convenience
            Class .................................................................................................. 55

        b.  Class 2C-2 Unsecured Guaranty Claims ......................................... 55

        c.  Class 2C-3 General Unsecured Claims ............................................ 55

        d.  Class 2D Intercompany Claims ....................................................... 55

        e.  Class 2E Interests ............................................................................. 55

    3.  Claims Agent And Interests In MM Ventures, LLC ................................ 55

        a.  Class 3C General Unsecured Claims ............................................... 55

        b.  Class 3D Intercompany Claims ....................................................... 56

        c.  Class 3E Interests ............................................................................. 56

    4.  Claims Against And Interests In MM Construction ................................ 56

        a.  Class 4C-1 General Unsecured Claims - Convenience
            Class .................................................................................................. 56

        b.  Class 4C-2 General Unsecured Claims ............................................ 56

        c.  Class 4D Intercompany Claims ....................................................... 56

        d.  Class 4E Interests ............................................................................. 56

-ii-

## TABLE OF CONTENTS (cont.)

**Page**

5.    Claims Against And Interests In MM Management ...................................56

    a.    Class 5B Other Priority Claims ....................................56

    b.    Class 5C-1 General Unsecured Claims Convenience
    Class...........................................................................56

    c.    5C-2 General Unsecured Claims ...................................57

    d.    Class 5D Intercompany Claims ....................................57

    e.    Class 5E Interests .......................................................57

6.    Claims Against And Interests In MM- 555 Central Avenue .....................57

    a.    Class 6C General Unsecured Claims.............................57

    b.    Class 6D Intercompany Claims ....................................57

    c.    Class 6E Interests .......................................................57

7.    Claims Against And Interests In MG- Overland Terminal .......................57

    a.    Class 7C General Unsecured Claims.............................57

    b.    Class 7D Intercompany Claims ....................................57

    c.    Class 7E Interests .......................................................58

8.    Claims Against Interests In National Cold Storage ..................................58

    a.    Class 8C-1 General Unsecured Claims - Convenience
    Class...........................................................................58

    b.    Class 8C-2 General Unsecured Claims..........................58

    c.    Class 8E Interests .......................................................58

9.    Claims Against And Interests In Wall Street Market ...............................58

    a.    Class 9C-1 General Unsecured Claims Convenience
    Class...........................................................................58

    b.    Class 9C-2 General Unsecured Claims..........................58

    c.    Class 9D Intercompany Claims ....................................58

    d.    Class 9E Interests .......................................................58

10.    Claims Against The Interests In MMP 1009 N. Citrus .............................59

-iii-

## <u>TABLE OF CONTENTS (cont.)</u>

<u>Page</u>

      a.    Class 10A Los Angeles County Secured Tax Claim .....................59

      b.    Class 10C-1 Unsecured Claims Convenience Class......................59

      c.    Class 10C-2 General Unsecured Claims.........................................59

      d.    Class 10D Intercompany Claims ....................................................59

      e.    Class 10E Interests........................................................................59

11.    Claims Against And Interests In MM 230 W. Avenue 26 ........................60

      a.    Class 11A Los Angeles County Secured Tax Claim .....................60

      b.    Class 11C-1 Unsecured Claim Tenant Security
Deposits ........................................................................................60

      c.    Class 11C-2 General Unsecured Claims Convenience
Class...............................................................................................60

      d.    Class 11C-3 General Unsecured Claims.........................................60

      e.    Class 11D Intercompany Claims ....................................................60

      f.    Class 11E Interest ..........................................................................60

12.    Claims Against And Interests In MMP 306-330 N. Avenue 21................61

      a.    Class 12A Los Angeles County Secured Tax Claim .....................61

      b.    Class 12C-1 Unsecured Claim Tenant Security
Deposits ........................................................................................61

      c.    Class 12C-2 General Unsecured Claims -
Convenience Class.........................................................................61

      d.    Class 12C-3 General Unsecured Claims.........................................61

      e.    Class 12D Intercompany Claims ....................................................61

      f.    Class 12E Interests.........................................................................61

13.    Claims Against And Interests In MM 817-825 S. Hill Street....................62

      a.    Class 13A Los Angeles County Secured Tax Claim .....................62

      b.    Class 13C-1 General Unsecured Claims –
Convenience Class.........................................................................62

      c.    Class 13C-2 General Unsecured Claims.........................................62

-iv-

## TABLE OF CONTENTS (cont.)

**Page**

d.   Class 13D Intercompany Claims ...................................................62

e.   Class 13E Interests .......................................................................62

14.   Claims Against And Interests In MM – 1000 E. Cesar Chavez ................62

a.   Class 14A Los Angeles County Secured Tax Claim ....................62

b.   Class 14C-1 Unsecured Claim Tenant Security
Deposits ........................................................................................63

c.   Class 14C-2 General Unsecured Claims -
Convenience Class........................................................................63

d.   Class 14C-3 General Unsecured Claims.......................................63

e.   Class 14D Intercompany Claims ...................................................63

f.   Class 14E Interests .......................................................................63

15.   Claims Against And Interests In MMP 1060 N. Vignes ...........................63

a.   Class 15A Los Angeles County Secured Tax Claim ....................63

b.   Class 15C-1 General Unsecured Claims -
Convenience Class........................................................................64

c.   Class 15C-2 General Unsecured Claims.......................................64

d.   Class 15D Intercompany Claims ...................................................64

e.   Class 15E Interests .......................................................................64

16.   Claims Against And Interests In MM 2415 E. Washington
Boulevard.................................................................................................64

a.   Class 16A Los Angeles County Secured Tax Claim ....................64

b.   Class 16C-1 General Unsecured Claims –
Convenience Class........................................................................65

c.   Class 16C-2 General Unsecured Claims.......................................65

d.   Class 16D Intercompany Claims ...................................................65

e.   Class 16E Interests .......................................................................65

17.   Claims Against And Interests In MM 5500 Flotilla Street........................65

a.   Class 17C General Unsecured Claims...........................................65

358005.02 [XP]    25195

### TABLE OF CONTENTS (cont.)

**Page**

b.  Class 17D Intercompany Claims ....................................................65

c.  Class 17E Interests .......................................................................65

18.  Claims Against And Interests In MMP 12385 San Fernando
Road ....................................................................................................66

a.  Class 18A Los Angeles County Secured Tax Claim ......................66

b.  Class 18C-1 General Unsecured Claims –
Convenience Class ........................................................................66

c.  Class 18C-2 General Unsecured Claims........................................66

d.  Class 18D Intercompany Claims ...................................................66

e.  Class 18E Interests ........................................................................66

19.  Claims Against And Interests In MG 146 E. Front Street ..........................66

a.  Class 19C-1 General Unsecured Claims –
Convenience Class ........................................................................66

b.  Class 19C-2 General Unsecured Claims........................................67

c.  Class 19D Intercompany Claims ...................................................67

d.  Class 19E Interests ........................................................................67

20.  Claims Against And Interests In MG 801 E. 7th Street ..............................67

a.  Class 20A Los Angeles County Secured Tax Claim ......................67

b.  Class 20C General Unsecured Claims............................................67

c.  Class 20D Intercompany Claims ...................................................67

d.  Class 20E Interests ........................................................................68

21.  Claims Against And Interests In MG 1211 E. Washington........................68

a.  Class 21A-1 Los Angeles County Secured Tax Claim...................68

b.  Class 21A-2 Secured Claim of RoofCorp of CA, Inc. ..................68

c.  Class 21C-1 Unsecured Claims Tenant Security
Deposits ........................................................................................69

d.  Class 21C-2 General Unsecured Claims Convenience
Class...............................................................................................69

-vi-

**<u>TABLE OF CONTENTS (cont.)</u>**

<u>Page</u>

e.   Class 21C-3 General Unsecured Claims.........................................69

f.   Class 21D Intercompany Claims ...................................................69

g.   Class 21E Interests.......................................................................69

22.   Claims Against And Interests In MG 1308 S. Orchard ............................69

a.   Class 22A Los Angeles County Secured Tax Claim.....................69

b.   Class 22C General Unsecured Claims ...........................................70

c.   Class 22D Intercompany Claims ...................................................70

d.   Class 22E Interests.......................................................................70

23.   Claims Against And Interests In MG 2040 Camfield Avenue .................70

a.   Class 23C General Unsecured Claims ...........................................70

b.   Class 23D Intercompany Claims ...................................................70

c.   Class 23E Interests.......................................................................70

24.   Claims Against And Interests In MG Ceres Street Produce......................70

a.   Class 24A Los Angeles County Secured Tax Claim.....................70

b.   Class 24C-1 Unsecured Claims - Convenience Claims..................71

c.   Class 24C-2 General Unsecured Claims........................................71

d.   Class 24D Intercompany Claims ...................................................71

e.   Class 24E Interests.......................................................................71

25.   Claims Against And Interests In Meruelo Baldwin Park .........................71

a.   Class 25A Los Angeles County Secured Tax Claim.....................71

b.   Class 25C-1 Unsecured Claim Tenant Security
Deposits ......................................................................................72

c.   Class 25C-2 General Unsecured Claims -
Convenience Class.......................................................................72

d.   Class 25C-3 General Unsecured Claims........................................72

e.   Class 25D Intercompany Claims ...................................................72

f.   Class 25E Interests.......................................................................72

-vii-

## TABLE OF CONTENTS (cont.)

**Page**

26. Claims Against And Interests In Santa Fe & Washington Market ....................................................................................................72

    a. Class 26A Los Angeles County Secured Tax Claim ....................72

    b. Class 26C-1 Unsecured Claim Tenant Security Deposits ............................................................................................73

    c. Class 26C-2 General Unsecured Claims Convenience Class ........................................................................................73

    d. Class 26C-3 General Unsecured Claims ........................................73

    e. Class 26D Intercompany Claims ....................................................73

    f. Class 26E Interests ........................................................................73

27. Claims Against And Interests In MG 5707 S. Alameda ............................73

    a. Class 27A Los Angeles County Secured Tax Claim ....................73

    b. Class 27C-1 Unsecured Claim Tenant Security Deposits ............................................................................................74

    c. Class 27C-2 General Unsecured Claims - Convenience Class ........................................................................74

    d. Class 27C-3 General Unsecured Claims ........................................74

    e. Class 27D Intercompany Claims ....................................................74

    f. Class 27E Interests ........................................................................74

28. Claims Against And Interests In MM 3rd & Omar Street ........................74

    a. Class 28A-1 Los Angeles County Secured Tax Claim ..................74

    b. Class 28A-2 Legendary Secured Claim ........................................75

    c. Class 28C-1 Unsecured Claims Tenant Security Deposits ............................................................................................76

    d. Class 28C-2 General Unsecured Claims Convenience Class ........................................................................................76

    e. Class 28C-3 General Unsecured Claims ........................................76

    f. Class 28D Intercompany Claims ....................................................76

    g. Class 28E Interests ........................................................................76

358005.02 [XP]    25195

## TABLE OF CONTENTS (cont.)

**Page**

29.  Claims Against And Interests In MM 336 W. 11th Street .........................76

    a.  Class 29A-1 Los Angeles County Secured Tax Claim...................76

    b.  Class 29A-2 Legendary Secured Claim......................................77

    c.  Class 29A-3 Grand Avenue Lofts HOA Secured Claim................................................................77

    d.  Class 29A-4 Grand Avenue Lofts LLC/CIM Urban RE Fund GPII, LLC Secured Claim .................................78

    e.  Class 29C-1 General Unsecured Claims – Convenience Class...................................................79

    f.  Class 29C-2 General Unsecured Claims......................................79

    g.  Class 29D Intercompany Claims ................................................79

    h.  Class 29E Interests.....................................................................79

30.  Claims Against And Interests In MM 420 Boyd Street............................79

    a.  Class 30A-1 Los Angeles County Secured Tax Claim...................79

    b.  Class 30A-2 Legendary Secured Claim......................................80

    c.  Class 30C-1 Unsecured Claims – Tenant Security Deposits ...............................................................81

    d.  Class 30C-2 General Unsecured Claims - Convenience Class...................................................81

    e.  Class 30C-3 General Unsecured Claims......................................81

    f.  Class 30D Intercompany Claims ................................................81

    g.  Class 30E Interests.....................................................................81

31.  Claims Against And Interests In MM 500 Mateo Street ..........................81

    a.  Class 31C-1 General Unsecured Claims – Convenience Class...................................................81

    b.  Class 31C-2 General Unsecured Claims......................................81

    c.  Class 31D Intercompany Claims ................................................81

    d.  Class 31E Interests.....................................................................82

32.  Claims Against And Interests In MMP 760 S. Hill Street.........................82

-ix-

**TABLE OF CONTENTS (cont.)**

**Page**

1

2

3       a.    Class 32A-1 Los Angeles County Secured Tax Claim ................ 82

4       b.    Class 32A-2 BofA Secured Claim .................................................. 82

5       c.    Class 32B Priority Benefits Claims ............................................... 84

6       d.    Class 32C-1 Unsecured Claims – Tenant Security Deposits ........................................................................................ 84

7

8       e.    Class 32C-2 General Unsecured Claims - Convenience Class ...................................................................... 84

9       f.    Class 32C-3 General Unsecured Claims ....................................... 84

10       g.    Class 32D Intercompany Claims .................................................. 84

11       h.    Class 32E Interests ....................................................................... 84

12   33.   Claims Against And Interests In 788 S. Alameda ..................................... 84

13       a.    Class 33A-1 Los Angeles County Secured Tax Claim ................ 84

14       b.    Class 33A-2 California Bank & Trust Secured Claim ................... 85

15       c.    Class 33B Other Priority Claims .................................................. 86

16       d.    Class 33C-1 Unsecured Claims – Tenant Security Deposits ........................................................................................ 86

17

18       e.    Class 33C-2 General Unsecured Claims - Convenience Class ...................................................................... 86

19       f.    Class 33C-3 General Unsecured Claims ....................................... 86

20       g.    Class 33D Intercompany Claims .................................................. 86

21       h.    Class 33E Interests ....................................................................... 86

22   34.   Claims Against And Interests In 905 8th Street ........................................ 87

23       a.    Class 34A-1 Los Angeles County Secured Tax Claim ................ 87

24       b.    Class 34A-2 The Stanford Group LP Secured Claim ................... 87

25       c.    Class 34C-1 General Unsecured Claims – Convenience Class ...................................................................... 88

26

27       d.    Class 34C-2 Unsecured Claims - Tenant Security Deposits ........................................................................................ 88

28       e.    Class 34C-2 General Unsecured Claims ....................................... 88

358005.02 [XP]    25195

## <u>TABLE OF CONTENTS (cont.)</u>

<u>Page</u>

f.    Class 34D Intercompany Claims ....................................................88

g.    Class 34E Interests...................................................................88

35.    Claims Against And Interests In MM 915-949 S. Hill..............................89

a.    Class 35A-1 Los Angeles County Secured Tax Claim..................89

b.    Class 35A-2 Imperial Capital Bank Secured Claim ......................89

c.    Class 35C-1 General Unsecured Claims -
Convenience Class.................................................................91

d.    Class 35C-2 General Unsecured Claims.....................................91

e.    Class 35C-3 Unsecured Claim Tenant Security
Deposits ...............................................................................91

f.    Class 35D Intercompany Claims ..............................................91

g.    Class 35E Interests.................................................................91

36.    Claims Against And Interests In Alameda Produce Market......................91

a.    Class 36A-1-a Los Angeles County Secured Tax
Claim re 7th Street Produce Market and Alameda
Square and Class 36A-1-b re 1215 E. 7th Street .............................91

b.    Class 36A-2 Cathay Bank Secured Claim ....................................92

c.    Class 36A-3 Cathay Bank Secured Claim ....................................93

d.    Class 36B Other Priority Claims .................................................94

e.    Class 36C-1 Unsecured Claims – Tenant Security
Deposits ...............................................................................94

f.    Class 36C-2 General Unsecured Claims –
Convenience Class.................................................................94

g.    Class 36C-3 General Unsecured Claims.....................................95

37.    Claims Against And Interests In MG 1500 Griffith Avenue......................95

a.    Class 37A-1-a Los Angeles County Secured Tax
Claim re 1500 Griffith and Class 37A-1-b Los
Angeles County Secured Tax Claim re 1510 Griffith
Avenue..................................................................................95

b.    Class 37A-2 Legendary Secured Claim.......................................95

-xi-

### TABLE OF CONTENTS (cont.)

**Page**

c.    Class 37A-3 Murakami Secured Claim .........................................96

d.    Class 37C-1 Unsecured Claims – Tenant Security Deposits ............................................................................97

e.    Class 37C-2 General Unsecured Claims........................................97

f.    Class 37D Intercompany Claims ...................................................98

g.    Class 37E Interests.......................................................................98

38.    Claims Against And Interests In MMP 1919 Vineburn ............................98

a.    Class 38A-1 Los Angeles County Secured Tax Claim...................98

b.    Class 38A-2 Imperial Capital Bank Secured Claim ......................98

c.    Class 38C-1 General Unsecured Claims – Convenience Class...................................................................100

d.    Class 38C-2 Unsecured Claims – Tenant Security Deposits ......................................................................100

e.    Class 38C-2 General Unsecured Claims......................................100

f.    Class 38D Intercompany Claims .................................................100

g.    Class 38E Interests.....................................................................100

39.    Claims Against And Interests In MMP 2131 Humboldt Street...............101

a.    Class 39A-1-a Los Angeles County Secured Tax Claim Against 2131 Humboldt Encumbered Real Property and Class 39A-1-b Los Angeles County Secured Tax Claim Against 2131 Humboldt Unencumbered Real Property.......................................................101

b.    Class 39A-2 Chamlian Secured Claim ........................................101

c.    Class 39C-1 Unsecured Claims – Tenant Security Deposits ......................................................................102

d.    Class 39C-2 General Unsecured Claims – Convenience Class...................................................................102

e.    Class 39C-3 General Unsecured Claims......................................102

f.    Class 39D Intercompany Claims .................................................103

g.    Class 39E Interests.....................................................................103

358005.02 [XP]      25195

**TABLE OF CONTENTS (cont.)**

Page

40. Claims Against And Interests In MG-2529 Santa Fe Avenue ................. 103

    a. Class 40A-1 Los Angeles County Secured Tax Claim ................ 103

    b. Class 40A-2 1248 S. Figueroa Secured Claim ........................... 103

    c. Class 40C Unsecured Claims – Tenant Security Deposits ................................................................................. 104

    d. Class 40C-2 General Unsecured Claims – Convenience Class ................................................................ 104

    e. Class 40C-3 General Unsecured Claims .................................... 104

    f. Class 40D Intercompany Claims ............................................... 104

    g. Class 40E Interests .................................................................... 104

41. Claims Against And Interests In 2640 Washington Boulevard ............... 105

    a. Class 41A-1 Los Angeles County Secured Tax Claim ................ 105

    b. Class 41A-2 UCB Secured Claim .............................................. 105

    c. Class 41C-1 Unsecured Claims – Tenant Security Deposits ................................................................................. 106

    d. Class 41C-2 General Unsecured Claims – Convenience Class ................................................................ 106

    e. Class 41C-3 General Unsecured Claims .................................... 106

    f. Class 41D Intercompany Claims ............................................... 106

    g. Class 41E Interests .................................................................... 106

42. Claims Against And Interests In MMP 2951 Lenwood Road ................. 107

    a. Class 42A-1 FNBN Secured Claim ............................................ 107

    b. Class 42C-1 General Unsecured Claims – Convenience Class ................................................................ 107

    c. Class 42C-2 General Unsecured Claims .................................... 108

    d. Class 42D Intercompany Claims ............................................... 108

    e. Class 42E Interests .................................................................... 108

43. Claims Against And Interests In MG 3185 E. Washington Boulevard ................................................................................................ 108

# TABLE OF CONTENTS (cont.)

**Page**

a.    Class 43A-1-a and Class 43A-1-b Los Angeles
County Secured Tax Claim...................................................108

b.    Class 43A-2 Chinatrust Secured Claim ......................................109

c.    Class 43C-1 General Unsecured Claims– Convenience
Class.............................................................................110

d.    Class 43C-2 General Unsecured Claims.....................................110

e.    Class 43C-3 Unsecured Claim Tenant Security
Deposits .........................................................................110

This Class is Unimpaired.  The Holders shall receive the
Common Tenant Security Deposit Treatment. ...........................110

f.    Class 43D Intercompany Claims ..............................................110

g.    Class 43E Interests...............................................................110

44.    Claims Against And Interests In MG 4th Street Center ...........................110

a.    Class 44A-1 Los Angeles County Secured Tax Claim.................110

b.    Class 44A-2 Legendary Secured Claim.....................................111

c.    Class 44C-1 General Unsecured Claims– Convenience
Class.............................................................................112

d.    Class 44C-2 General Unsecured Claims.....................................112

e.    Class 44D Intercompany Claims ..............................................112

f.    Class 44E Interests...............................................................112

45.    Claims Against And Interests In MG 425 W. 11th Street .........................112

a.    Class 45A-1 Los Angeles County Secured Tax Claim.................112

b.    Class 45A-2 Legendary Secured Claim.....................................113

c.    Class 45C-1 General Unsecured Claims– Convenience
Class.............................................................................114

d.    Class 45C-2 General Unsecured Claims.....................................114

e.    Class 45D Intercompany Claims ..............................................114

f.    Class 45E Interests...............................................................114

46.    Claims Against And Interests In MG - 620 S. Gladys Avenue ...............114

358005.02 [XP]    25195

## TABLE OF CONTENTS (cont.)

**Page**

a.    Class 46A-1 Los Angeles County Secured Tax Claims re 620 S. Gladys Avenue Encumbered Real Property and 620 S. Gladys Avenue Unencumbered Real Property ................................................................................ 114

b.    Class 46A-2 Legendary Secured Claim re 620 S. Gladys Avenue ................................................................ 115

c.    Class 46C-1 Unsecured Claims – Tenant Security Deposits ................................................................ 116

d.    Class 46C-2 General Unsecured Claims ...................... 116

e.    Class 46D Intercompany Claims ................................. 116

f.    Class 46E Interests ..................................................... 116

47.    Claims Against And Interests In MG 2001-2021 W. Mission Boulevard ................................................................ 116

    a.    Class 47A-1 Los Angeles County Secured Tax Claim ................ 116

    b.    Class 47A-2 PNL Pomona LP Secured Claim ............................ 117

    c.    Class 47C-1 General Unsecured Claims – Convenience Class ................................................................ 118

    d.    Class 47C-2 General Unsecured Claims ...................... 118

    e.    Class 47D Intercompany Claims ................................. 118

    f.    Class 47E Interests ..................................................... 118

48.    Claims Against And Interests In MG Little J ......................................... 118

    a.    Class 48A-1 Los Angeles County Secured Tax Claim re 1119 S. Olive Street and 1124 S. Olive Street ......................... 118

    b.    Class 48A-2 Legendary Secured Claim ...................... 119

    c.    Class 48C-1 General Unsecured Claims – Convenience Class ................................................................ 119

    d.    Class 48C-2 General Unsecured Claims ...................... 119

    e.    Class 48C-3 Unsecured Claim Tenant Security Deposits ................................................................ 120

    f.    Class 48D Intercompany Claims ................................. 120

    g.    Class 48E Interests ..................................................... 120

358005.02 [XP]        25195

## <u>TABLE OF CONTENTS (cont.)</u>

<u>Page</u>

49. Claims Against And Interests In MG – Southpark ..................................120

    a.    Class 49A-1 Los Angeles County Secured Tax Claim.................120

    b.    Class 49A-2 Bank of America Secured Claim ............................120

    c.    Class 49C-1 General Unsecured Claims –
Convenience Class........................................................................121

    d.    Class 49C-2 General Unsecured Claims......................................121

    e.    Class 49C-3 Unsecured Claim Tenant Security
Deposits ........................................................................................121

    f.    Class 49D Intercompany Claims ..................................................121

    g.    Class 49E Interests.......................................................................122

50. Claims Against And Interests In Merco Group ......................................122

    a.    Class 50A-1 Los Angeles County Secured Tax Claim.................122

    b.    Class 50A-2 Legendary Alleged Secured Claim re
Sky-Arc Property ..........................................................................122

    c.    Class 50A-3 Legendary Secured Claim re Sci-Arc
Property.........................................................................................124

    d.    Class 50C General Unsecured Claims.........................................125

    e.    Class 50D Intercompany Claims ..................................................125

    f.    Class 50E Interests.......................................................................125

51. Claims Against And Interests In Meruelo Farms ....................................126

    a.    Class 51A-1 Los Angeles County Secured Tax Claim
re 815 E. Temple Street and re 729 E. Temple Street .................126

    b.    Class 51A-2 Imperial Capital Bank Secured Claims
Against Meruelo Farms .................................................................126

    c.    Class 51A-3 Pacific Commerce Secured Claim ...........................128

    d.    Class 51C-1 General Unsecured Claims –
Convenience Class........................................................................129

    e.    Class 51C-2 General Unsecured Claims......................................129

    f.    Class 51D Intercompany Claims ..................................................129

## TABLE OF CONTENTS (cont.)

**Page**

     g.    Class 51E Interests ......................................................... 129

52.   Claims Against And Interests In Meruelo Wall Street ............................. 129

     a.    Class 52A-1 Los Angeles County Secured Tax Claim ................. 129

     b.    Class 52A-2 UCB Secured Claim ............................................... 130

     c.    Class 52C-1 Unsecured Claims - Tenant Security
          Deposits .................................................................................... 131

     d.    Class 52C-2 General Unsecured Claims –
          Convenience Class ..................................................................... 131

     e.    Class 52C-3 General Unsecured Claims ...................................... 131

     f.    Class 52D Intercompany Claims .................................................. 131

     g.    Class 52E Interests ...................................................................... 131

53.   Claims Against And Interests In MM Mission Boulevard ...................... 131

     a.    Class 53A-1 Los Angeles County Secured Tax Claim ................. 131

     b.    Class 53A-2 Kennedy Funding Inc. Secured Claim .................... 132

     c.    Class 53C General Unsecured Claims ......................................... 132

     d.    Class 53D Intercompany Claims .................................................. 132

     e.    Class 53E Interests ...................................................................... 132

54.   Claims Against And Interests In Santa Fe Commerce ............................. 133

     a.    Class 54A-1 Los Angeles County Secured Tax Claim ................. 133

     b.    Class 54A-2 Berkadia Secured Claim ......................................... 133

     c.    Class 54A-3 RoofCorp of CA Inc. Secured Claim ...................... 134

     d.    54C-1 Unsecured Claims– Tenant Security Deposits ................. 134

     e.    Class 54C-2 General Unsecured Claims –
          Convenience Class ..................................................................... 135

     f.    Class 54C-3 General Unsecured Claims ...................................... 135

     g.    Class 54D Intercompany Claims .................................................. 135

     h.    Class 54E Interests ...................................................................... 135

# TABLE OF CONTENTS (cont.)

**Page**

IV.    MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN ..................135

    A.    OVERVIEW OF PLAN IMPLEMENTATION....................................................135

    B.    VESTING OF ASSETS................................................................................135

    C.    REORGANIZED DEBTORS' BUSINESS OPERATIONS...............................136

    D.    SALE AND/OR REFINANCE OF ASSETS OF DEBTORS............................136

    E.    CERTIFICATE OF INCORPORATION AND BYLAWS; CANCELLATION OF LTIP UNITS AND RELATED AGREEMENTS ........................................................................................136

        1.    Cancellation of LTIP Units and Related Agreements ..............................136

        2.    Amended and Restated Certificate of Incorporation and Bylaws ......................................................................................137

    F.    MERGER OF MMPLP AND MMPI ....................................................137

    G.    RETAINED CLAIMS AND DEFENSES AND RESERVATION OF RIGHTS....................................................................................138

        1.    No Waiver and Retention of Claims and Defenses .................................138

        2.    Retention of Avoidance Actions...............................................139

        3.    Unknown Retained Claims and Defenses / No Preclusion.....................139

    H.    OBJECTIONS TO CLAIMS ..................................................................140

    I.    MANAGEMENT OF THE REORGANIZED DEBTORS .................................140

    J.    DISBURSING AGENT .........................................................................141

    K.    DISCHARGE OF THE DEBTORS AND INJUNCTION.................................141

        1.    Discharge ..............................................................................141

        2.    Injunction ..............................................................................141

    L.    NO LIABILITY FOR SOLICITATION OR PARTICIPATION .......................142

    M.    LIMITATION OF LIABILITY ...............................................................143

    N.    CERTIFICATE OF INCORPORATION AND CERTIFICATES OF ORGANIZATION................................................................................143

    O.    OTHER DOCUMENTS AND ACTIONS .........................................................143

358005.02 [XP]    25195

# TABLE OF CONTENTS (cont.)

**Page**

P.     CORPORATE ACTION .......................................................................... 144

Q.     RETIREE BENEFITS ............................................................................ 144

R.     THE CREDITORS' COMMITTEE AND THE EQUITY COMMITTEE....................................................................................... 144

V.   TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES.................................................................................................... 144

VI.   CONFIRMATION DATE CONDITIONS.......................................................... 146

A.     CONDITIONS TO CONFIRMATION .................................................. 146

B.     CONDITIONS TO EFFECTIVE DATE ............................................... 146

C.     WAIVER OF CONDITIONS ................................................................ 146

D.     EFFECT OF FAILURE OF CONDITIONS ......................................... 146

E.     VACATUR OF CONFIRMATION ORDER.......................................... 147

VII.   CONFIRMABILITY OF PLAN AND CRAMDOWN......................................... 147

VIII.   VOTING AND DISTRIBUTIONS UNDER THE PLAN AND TREATMENT OF DISPUTED, CONTINGENT AND UNLIQUIDATED CLAIMS AND INTERESTS ............................................................................ 147

A.     VOTING OF CLAIMS AND INTERESTS .......................................... 147

B.     METHOD OF DISTRIBUTIONS UNDER THE PLAN .................... 148

      1.     Distributions Under the Plan ...................................... 148

      2.     Timing and Methods of Distribution ......................... 148

           a.     Compliance with Tax Requirements ........................... 148

           b.     Pro Rata Distributions......................................... 149

           c.     Distributions .................................................. 149

C.     UNDELIVERABLE OR UNCLAIMED DISTRIBUTIONS ............................. 149

D.     DISPUTED CLAIMS AND ESTIMATIONS.................................... 150

      1.     Treatment of Disputed Claims................................ 150

      2.     Distributions on Account of Disputed Claims Once They Are Allowed.............................................................. 151

-xix-

## TABLE OF CONTENTS (cont.)

**Page**

3.    Allowance of Claims Subject to Bankruptcy Code Section
502(d) ............................................................................................ 151

E.    SETOFFS ............................................................................................ 151

IX.    RETENTION OF JURISDICTION ................................................................ 151

X.    MISCELLANEOUS PROVISIONS .............................................................. 153

A.    EXEMPTION FROM TRANSFER TAXES ........................................ 153

B.    PAYMENT OF STATUTORY FEES .................................................. 154

C.    MODIFICATION OR WITHDRAWAL OF THE PLAN .................... 154

D.    GOVERNING LAW ............................................................................ 154

E.    FILING OR EXECUTION OF ADDITIONAL DOCUMENTS .......... 155

F.    WITHHOLDING AND REPORTING REQUIREMENTS .................. 155

G.    WAIVER OF RULE 7062 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE .......................................................... 155

H.    HEADINGS .......................................................................................... 155

I.    EXHIBITS AND SCHEDULES .......................................................... 155

J.    NOTICES .............................................................................................. 155

K.    CONFLICT ........................................................................................... 156

L.    SUCCESSORS AND ASSIGNS .......................................................... 156

M.    SATURDAY, SUNDAY OR LEGAL HOLIDAY .............................. 156

N.    POST-EFFECTIVE DATE EFFECT OF EVIDENCES OF CLAIMS
OR INTERESTS .................................................................................. 156

O.    SEVERABILITY OF PLAN PROVISIONS ........................................ 156

P.    BALLOTING ........................................................................................ 157

Q.    NO ADMISSIONS OR WAIVER OF OBJECTIONS ........................ 157

R.    SURVIVAL OF SETTLEMENTS ....................................................... 157

S.    POST-CONFIRMATION STATUS REPORT ..................................... 158

T.    FINAL DECREE .................................................................................. 158

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-xx-

# I.

## INTRODUCTION

Meruelo Maddux Properties, Inc., a Delaware corporation ("MMPI"), and its 53 related debtor entities that filed voluntary bankruptcy petitions at the same time and are jointly administered pursuant to an order of the Court, (collectively, the "Debtors") hereby jointly propose the following Third Amended Joint Chapter 11 Plan of Reorganization (defined herein as the "Plan") for the resolution of their outstanding creditor claims and interests.  Reference is made to the Third Amended Disclosure Statement Accompanying Third Amended Joint Chapter 11 Plan of Reorganization of Meruelo Maddux Properties, Inc., *et al*. dated as of September 1, 2010 (defined herein as the "Disclosure Statement") for a discussion of the Debtors' history, businesses, properties, operations, projections, and for a summary of the Plan and certain related matters.  The Disclosure Statement has been sent to you in the same envelope as this Plan.  The Disclosure Statement has been approved by the Court and is provided to help you understand the Plan.

This is a joint Plan and not a consolidated Plan. The Debtors are not seeking substantive consolidation in this Plan.  As a result, the Claims and Interests in each of the Debtors have been classified on a Debtor by Debtor basis.  ***Votes will be tabulated and acceptances will be determined on a Debtor-by-Debtor basis***.  The Debtors will seek confirmation of the Plan as to each Debtor on an individual basis notwithstanding that this is a joint Plan.

All Holders of Claims and Interests are encouraged to read the Plan and the Disclosure Statement in their entirety before voting to accept or reject the Plan.  No materials, other than the Disclosure Statement, the exhibits and schedules attached thereto or referenced therein, have been approved by the Court for use in soliciting acceptances or rejections of the Plan.

**THE DEBTORS BELIEVE THAT THE PLAN REPRESENTS THE BEST POSSIBLE RETURN TO HOLDERS OF CLAIMS AND INTERESTS.  THE DEBTORS STRONGLY URGE YOU TO READ THE DISCLOSURE STATEMENT AND VOTE IN FAVOR OF THE PLAN.**

Notwithstanding anything herein to the contrary, all statements in this Plan and the accompanying Disclosure Statement concerning the history of the Debtors' businesses, the past or

1  present financial condition of the Debtors, transactions to which the Debtors were or are a party, or

2  the effect of confirmation of the Plan on all of its creditors and claimants including secured

3  creditors, unsecured creditors or equity security holders are attributable exclusively to the Debtors

4  and not to any other party.

5                                        II.

6                DEFINITION OF TERMS AND RULES OF INTERPRETATION

7        A.    <u>DEFINITION OF TERMS</u>

8            Unless otherwise defined herein, or the context otherwise requires, the following terms shall

9  have the respective meanings set forth below:

10 | *620 S. Gladys Avenue Encumbered Real Property* | means the real property located at 620 S. Gladys Avenue, 830-838 6th Street, and 647-649 Ceres Avenue, Los Angeles, California, APNs 5147-030-005, 5147-030-006, 5147-030-007, 5147-030-008, 5147-030-009, 5147-030-037, 5147-030-050, 5147-030-053, 5147-030-054, 5147-030-055, 5147-030-061 and 5147-030-062. |
|---|---|
| *620 S. Gladys Avenue Unencumbered Real Property* | means the real property located at 643 and 644 South Gladys Avenue, Los Angeles, California, APNs 5147-030-064 and 5147-029-045. |
| *729 E. Temple Street Real Property* | means the real property located at 729 E. Temple Street, 718-736 Jackson Street, and 223 Center Street, Los Angeles, California, APNs 5173-015-006, 5173-014-001 and 5173-014-002. |
| *788 S. Alameda* | means 788 South Alameda, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13395. |
| *788 S. Alameda Real Property* | means the real property located at 788 South Alameda Street, Los Angeles, California, APN 5166-031-014. |
| *815 E. Temple Street Real Property* | means the real property located at 815 E. Temple Street, 210 & 234 Center Street, and 740 Jackson Street, Los Angeles, California, APNs 5173-022-001, 5173-022-002, 5173-022-004, 5173-022-005 and 5173-015-003. |
| *905 8th Street* | means 905 8th Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13396. |
| *905 8th Street Real Property* | means the real property located at 905 E. 8th Street, Los Angeles, California, APN 5146-029-039. |

-3-

| | |
|---|---|
| ***1119 S. Olive Street Real Property*** | means the real property located at 1117-1119 S. Olive Street, Los Angeles, California, APNs 5139-020-006 and 5139-020-007. |
| ***1124 S. Olive Street Real Property*** | means the real property located at 1124 S. Olive Street, and 218 W. 11th Street, Los Angeles, California, APNs 5139-019-011 and 5139-019-015. |
| ***1339 E. 7th Street Real Property*** | means the real property located at 1339 E. 7th Street, Los Angeles, California, APNs 5147-035-004, 5147-035-005, 5147-035-006. 5147-035-007 and 5147-035-008. |
| ***1248 Figueroa Street*** | means 1248 Figueroa Street, LLC. |
| ***1248 Figueroa Street Collateral*** | means the MG 2529 Santa Fe Avenue Real Property. |
| ***1500 Griffith Avenue Real Property*** | means the real property located at 1467 and 1500 Griffith Avenue and 833 E. 15th Street, Los Angeles, California, APNs 5132-025-018, 5132-026-028 and 5132-026-030. |
| ***1510 Griffith Avenue Real Property*** | means the real property located at 1510 Griffith Avenue, Los Angeles, California, APNs 5132-025-004, 5132-025-006 and 5132-025-017. |
| ***2131 Humboldt Encumbered Real Property*** | means the real property located at 2131 Humboldt Street, Los Angeles, California, APNs 5447-009-018 and 5447-009-019. |
| ***2131 Humboldt Unencumbered Real Property*** | means the real property located at 350-354 N. Avenue 21 Street, Los Angeles, California, APN 5447-009-020, and at 336-346 N. Avenue 21, Los Angeles, California, APNs 5447-009-007, 5447-009-008, and 5447-009-009. |
| ***2640 Washington Boulevard*** | means 2640 Washington Boulevard, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13397. |
| ***2640 Washington Boulevard Real Property*** | means the real property located at 2640 E. Washington Boulevard, Los Angeles, California, APN 5168-017-012. |
| ***Administrative Claim*** | means any right to payment constituting a cost or expense of administration of the Chapter 11 Cases of a kind specified under Section 503(b) and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the estates of the Debtors, any actual and necessary costs and expenses of operating the respective businesses of the Debtors, any indebtedness or obligations incurred or assumed by any of the Debtors in connection with the |

-4-

| | |
|---|---|
| 1 | conduct of their respective businesses, including, without limitation, all compensation and reimbursement of expenses to the extent Allowed by the Court under Section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the estates of the Debtors under Section 1930 of chapter 123 of Title 28 of the United States Code. |
| 2 | |
| 3 | |
| 4 | |
| 5 *Alameda Produce Market* | means Alameda Produce Market, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13394. |
| 6 | |
| 7 *Alameda Produce Market Encumbered Real Property* | means the real property located at 1312 E. 7th Street, Los Angeles, California, APN 5146-009-003 (the "7th Street Produce Market"), and the property located at 761 Terminal Street, Los Angeles, California, APNs 5146-009-004 and 5146-009-005 ("Alameda Square"). |
| 8 | |
| 9 | |
| 10 *Alameda Produce Market Unencumbered Real Property* | means the real property located at 1215 E. 7th Street, Los Angeles, California, APN 5147-034-015. |
| 11 | |
| 12 | |

Line 13–23:

*Allowed Claim or Allowed Interest*   means a Claim against or Interest in a Debtor to the extent that
a.       a proof of the Claim or Interest
i.  was timely Filed and served upon a Debtor and no objection to the Claim or Interest is Filed within the time fixed by the Court for such objections;
ii. is deemed Filed under applicable law (e.g., filed on the Schedules as noncontingent, nondisputed and liquidated) or pursuant to a Final Order of the Court and no objection to the Claim or Interest is Filed within the time fixed by the Court for such objections;
iii. is Allowed pursuant to subparagraph b of this definition; or
iv. is Allowed under the Plan.
b.       If a Debtor files an objection to a proof of Claim or Interest within a time fixed by the Court, the Claim or Interest shall be Allowed to the extent of
i.  any amount of such Claim or Interest to which the Debtors did not object; or
ii. any amount otherwise authorized by Final Order or the Plan.

| 24 *Allowed Class Claim* | means an Allowed Claim in the particular Class described. |
|---|---|
| 25 *Allowed Class Interest* | means an Allowed Interest in the particular Class described. |
| 26 *Allowed Priority Tax Claim* | means a Tax Claim against a Debtor to the extent that |
| 27 | a.       a proof of the Tax Claim |
| 28 | i.  was timely Filed and served upon a Debtor and no objection to the Tax Claim is Filed within the time fixed by the Court for such |

-5-

objections; or

ii.  is deemed Filed under applicable law (e.g., filed on the Schedules as noncontingent, nondisputed and liquidated) or pursuant to a Final Order of the Court and no objection to the Tax Claim is Filed within the time fixed by the Court for such objections; or

iii. is Allowed pursuant to subparagraph b of this definition; or

iv. is Allowed under the Plan.

b.      If a Debtor files an objection to a proof of Tax Claim within a time fixed by the Court, the Tax Claim shall be Allowed to the extent of

i.   any amount of such Tax Claim to which the Debtors did not object; or

ii.      any amount otherwise authorized by Final Order or the Plan.

| | |
|---|---|
| ***Allowed Secured Tax Claim*** | means the allowed secured claim of Los Angeles County against a Debtor's estate, calculated as of the Effective Date pursuant to the March, 2010 Settlement Agreement between the MMPI Debtors and Los Angeles County. |
| ***APN*** | means a county assessor's parcel number. |
| ***Ballots*** | means each of the ballot forms distributed with the Disclosure Statement to each Holder of an Impaired Claim (other than to Holders of Impaired Claims deemed to have accepted or rejected the Plan or otherwise not entitled to vote on the Plan), upon which is to be indicated, among other things, acceptance or rejection of the Plan. |
| ***Bankruptcy Code*** | means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as in effect on the date hereof or hereafter amended if such amendments are made applicable to the Chapter 11 Cases. |
| ***Bankruptcy Rules*** | means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under Section 2075 of Title 28 of the United States Code, and local rules of the Court, as the context may require. |
| ***BofA*** | means Bank of America, N.A. |
| ***BofA Collateral re MMP 760 S. Hill Street*** | means, collectively, [1] the MMP 760 S. Hill Street Real Property and, [2] approximately $6,560,893 in cash held in BofA account number 1459360078, approximately $200,000 of which the Debtors contend is not BofA collateral. |
| ***BofA Collateral re MG Southpark*** | means the MG Southpark Real Property. |

-6-

| | | |
|---|---|---|
| ***Business Day*** | means any day on which commercial banks are open for business and not authorized to close, in the City of Los Angeles, California, except any day designated as a legal holiday in Bankruptcy Rule 9006(a). | |
| ***Berkadia*** | means Berkadia Commercial Mortgage, Inc. (as successor to Capmark Finance, Inc.), special servicer for Wells Fargo Bank, N.A., successor by consolidation to Wells Fargo Bank Minnesota, N.A. as Trustee for the Registered Certificate holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates 2002-C1. | |
| ***Berkadia Collateral*** | means, collectively, [1] the Santa Fe Commerce Center Real Property and [2] cash deposited by Santa Fe Commerce Center with and held by Berkadia for the benefit of and account of Santa Fe Commerce Center in the approximate amount of $600,000. | |
| ***Canpartners*** | means Canpartners Realty Holding Co., IV LLC. | |
| ***Cash*** | means legal tender of the United States of America and equivalents thereof. | |
| ***Cathay*** | means Cathay Bank, a California banking corporation. | |
| ***CBT*** | means California Bank & Trust. | |
| ***CBT Collateral*** | means, collectively, [1] the 788 S. Alameda Real Property and [2] the cash located in CBT account number 2120351811 in the approximate amount of $7,514. | |
| ***Chamlian*** | means, collectively, Vahan Chamlian and Anoush Chamlian. | |
| ***Chamlian Collateral*** | means the 2131 Humboldt Encumbered Real Property. | |
| ***Chapter 11 Cases*** | means the Chapter 11 cases of the Debtors. | |
| ***Chinatown Plan*** | means any plan of reorganization Confirmed in the Chapter 11 Case of Chinatown. | |
| ***Chinatown*** | means Meruelo Chinatown, LLC, a California limited liability company, a Debtor in Possession in Chapter 11 Case number 1:09-bk-21622. | |
| ***Chinatrust*** | means Chinatrust Bank, USA. | |
| ***Chinatrust Collateral*** | means the MG 3185 E. Washington Boulevard Encumbered Real Property. | |
| ***Claim*** | means a claim against a Debtor, whether or not asserted or Allowed, as defined in Section 101(5) of the Bankruptcy Code. | |

-7-

| | |
|---|---|
| ***Clerk*** | means the Clerk of the Court. |
| ***Collateral*** | means any property or interest in property of a Debtor's Estate subject to a Lien to secure the payment or performance of a Claim as of the Petition Date, which Lien is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law or otherwise invalid under the Bankruptcy Code or applicable non-bankruptcy law. |
| ***Commencement Date*** | means March 26, 2009 for MMP 12385 San Fernando Road and March 27, 2009 for 788 S. Alameda, 905 8th Street, 2640 Washington Boulevard, Alameda Produce Market, MBP, Merco Group, Meruelo Farms, Meruelo Wall Street, MG 4th Street Center, MG 146 E. Front Street, MG 425 W. 11th Street, MG 620 Gladys Avenue, MG 1211 E. Washington Boulevard, MG 1308 S. Orchard, MG 1500 Griffith Avenue, MG 2001-2021 W. Mission Boulevard, MG 2040 Camfield Avenue, MG 2529 Santa Fe Avenue, MG 3185 E. Washington Boulevard, MG 5707 S. Alameda, MG Ceres Street Produce, MG Little J, MG Overland Terminal, MG Southpark, MM 3rd and Omar Street, MM 230 W. Avenue 26, MM 336 W. 11th Street, MM 420 Boyd Street, MM 500 Mateo Street, MM 555 Central Avenue, MM 817-825 S. Hill Street, MM 915-949 S. Hill Street, MM 1000 E. Cesar Chavez, MM 2415 E. Washington Boulevard, MM 5500 Flotilla Street, MM Construction, MM Mission Boulevard, MMP 306-330 N. Avenue 21, MMP 760 S. Hill Street, MMP 1009 N. Citrus, MMP 1060 N. Vignes, MMP 1919 Vineburn, MMP 2131 Humboldt Street, MMP 2951 Lenwood Road, MMPLP, MMP Ventures, National Cold Storage, Santa Fe & Washington Market, Santa Fe Commerce Center, and Wall Street Market, the date on which each of the preceding Debtors filed their respective petitions for relief commencing the Chapter 11 Cases. |
| ***Confirmation*** | means the conclusion of the Confirmation Hearing. |
| ***Confirmation Date*** | means the date on which the Confirmation Order is entered on the Docket. |
| ***Confirmation Hearing*** | means the hearing to consider confirmation of the Plan pursuant to Section 1128 of the Bankruptcy Code. |
| ***Confirmation Order*** | means the order entered by the Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code. |
| ***Convenience Class Election*** | means an election by a Holder of an unsecured Claim on its Ballot to be treated as a Convenience Claim. |
| ***Convenience Class of Claims*** | means a Class of unsecured Claims created pursuant to Section 1122(b) of the Bankruptcy Code and consisting of Claims whose Allowed amount is less than or equal to $500. |

| | | |
|---|---|---|
| 1 | **Convenience Claim** | means a general unsecured Claim if either [a] the Allowed amount of such Claim is less than or equal to $500 or [b] another claim the Allowed amount of which is greater than $500 and the Holder of such Claim has agreed to reduce the Allowed of amount of such claim to $500 and made the Convenience Class Election on the Ballot within the time fixed by the Court. |
| 5 | **Court** | means, (a) the United States Bankruptcy Court for the Central District of California (San Fernando Valley Division), having jurisdiction over the Chapter 11 Cases; (b) to the extent there is no reference pursuant to Section 157 of Title 28 of the United States Code, the United States District Court for the Central District of California; and (c) any other court having jurisdiction over the Chapter 11 Cases. |
| 9 | **Creditor** | has the meaning ascribed to it in Section 101(10) of the Bankruptcy Code. |
| 11 | **Creditors' Committee** | means the official committee of unsecured creditors' appointed in the Chapter 11 Cases of the Debtors by the Office of the United States Trustee, as its composition may be changed from time to time by the addition, resignation and/or removal of its members. |
| 13 | **Cure Payments** | means the distribution of Cash as, and to the extent, required for the cure of any and all leases and executory contracts pursuant to Section 365 of the Bankruptcy Code in connection with any assumed leases and executory contracts. |
| 16 | **DGCL** | means the Delaware General Corporation Law. |
| 17 | **Debtors** | means, collectively, Meruelo Maddux Properties, Inc., a Delaware corporation, and its 53 related jointly administered debtor entities. |
| 19 | **Debtors in Possession** | means the Debtors in their capacities as debtors in possession in the Chapter 11 Cases pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. |
| 22 | **Disbursing Agent** | means the Person responsible for making distributions under the Plan, including the Reorganized Debtors, or such Person(s) as the Reorganized Debtors may employ in their sole discretion, to serve as Disbursing Agent.  The Disbursing Agent shall be the Chief Accounting Officer of MMPI. |
| 25 | **Disclosure Statement** | means the written disclosure statement, dated as of September 1, 2010, that relates to this Plan, as approved by the Court pursuant to Section 1125 of the Bankruptcy Code, as such disclosure statement may be amended, modified or supplemented from time to time. |

-9-

358005.02 [XP]    25195

| | | |
|---|---|---|
| 1 | **_Disputed_** | means, with reference to any Claim, or Interest, or any portion thereof, |
| 2 | | any Claim or Interest proof of which was timely and properly Filed and in either case or in the case of any Administrative Claim, Claim or |
| 3 | | Interest that is disputed under the Plan or as to which the Debtors have interposed a timely objection and/or request for estimation in |
| 4 | | accordance with Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, which objection and/or request for estimation |
| 5 | | has not been withdrawn or determined by a Final Order, and any Claim or Interest proof of which was required to be Filed by Order of |
| 6 | | the Court but as to which a proof of claim or interest was not timely or properly Filed. |
| 7 | | |
| 8 | **_Distribution_** | means a distribution to a Holder of an Allowed Claim pursuant to this Plan. |
| 9 | | |
| 10 | **_Docket_** | means the docket in the Chapter 11 Cases maintained by the Clerk. |
| 11 | **_Effective Date_** | means the fifteenth day after the Confirmation Order in a form satisfactory to the Debtors shall have become a Final Order. If (1) a |
| 12 | | stay of the Confirmation Order is in effect, the Effective Date shall be extended to the first Business Day on which no such stay is in effect |
| 13 | | and that in no event shall the Effective Date be later than one hundred twenty (120) days after the Confirmation Date; and provided further |
| 14 | | that the Court may extend the deadline for the Effective Date to occur following (a) submission of a stipulation signed by the affected parties |
| 15 | | or (b) notice and hearing on the Debtors' motion. For purposes of the Plan and the Disclosure Statement "as soon as practicable" shall mean |
| 16 | | within ten days of the date performance is otherwise due. |
| 17 | | |
| 18 | **_Estates_** | means, collectively, the estates created in each of the Debtors' Chapter 11 Cases under Section 541 of the Bankruptcy Code. |
| 19 | | |
| 20 | **_Equity Committee_** | means the official committee of equity interest holders appointed in the Chapter 11 Case of MMPI by the Office of the United States |
| 21 | | Trustee, as its composition may be changed from time to time by the addition, resignation and/or removal of its members. |
| 22 | **_Federal Judgment_** | means the interest rate on federal judgments and is based on the |
| 23 | **_Rate_** | weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the |
| 24 | | calendar week preceding the first day on which the defendant is liable for interest. The Federal Judgment Rate was 0.64% for the week |
| 25 | | ended immediately prior to the Petition Date of the Debtors. |
| 26 | **_File_** or **_Filed_** | means filed with the Clerk in the Chapter 11 Cases. |
| 27 | **_Final Order_** | means an order or judgment of the Court as entered on the Docket in the Chapter 11 Cases, or other court of competent jurisdiction, the |
| 28 | | operation or effect of which is not stayed, reversed or amended, and as |

358005.02 [XP]    25195

| | |
|---|---|
| | to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. |
| **Flower Plan** | means any plan of reorganization Confirmed in the Chapter 11 Case of MM 845 S. Flower. |
| **FNBN** | means FNBN CML-ComI, LLC. |
| **FNBN Collateral** | means the MMP 2951 Lenwood Road Real Property. |
| **GAAP** | means Generally Accepted Accounting Principles in the United States of America as in effect on the date of this Plan, including those set forth in (i) the opinions and pronouncements of the Accounting Principles Board of the American Institute of Certified Public Accountants, (ii) statements and pronouncements of the Financial Accounting Standards Board, (iii) such other statements by such other entity as approved by a significant segment of the accounting profession and (iv) the rules and regulations of the SEC governing the inclusion of financial statements (including pro forma financial statements) in periodic reports required to be filed pursuant to Section 13 of the Exchange Act, including opinions and pronouncements in staff accounting bulletins and similar written statements from the accounting staff of the SEC. |
| **General Unsecured Claim** | means any Claim that is not an Administrative Claim, Priority Claim, Tax Claim, Intercompany Claim, Guaranty Claim or Secured Claim. |
| **Guaranty Claim** | means a Claim against multiple Debtors, whether the Claim is a guarantee, indemnity agreement, claim for obligations for which another Debtor is the primary obligator, joint and several obligations or otherwise. |
| **Holder** | means the holder of a Claim or Interest. |
| **Impaired** | means, when used in reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Section 1124 of the Bankruptcy Code. |
| **Imperial** | means City National Bank, a national banking association, as successor to certain assets formerly owned by Imperial Capital Bank, a California banking corporation. |
| **Insider** | has the meaning set forth in Section 101(31) of the Bankruptcy Code. |

-11-

| | | |
|---|---|---|
| 1 | **Instrument** | means any share of stock, security, promissory note or other "instrument," within the meaning of that term, as defined in Section 9105(1)(i) of the UCC. |
| 2 | | |
| 3 | **Intercompany Claims** | means all Claims asserted by any Debtor(s) or MM 845 S. Flower or Chinatown against any other Debtor(s). |
| 4 | | |
| 5 | **Interest** | has the meaning set forth in Section 101(16) of the Bankruptcy Code for "equity security." |
| 6 | | |
| 7 | **Kennedy Funding** | means Kennedy Funding, Inc. |
| 8 | **Kennedy Funding Collateral** | means the MM Mission Boulevard Real Property. |
| 9 | | |
| 10 | **Legendary** | means Legendary Investors Group No. 1, L.L.C. (as successor to East West Bank on certain loans). |
| 11 | **Lien** | has the meaning set forth in Section 101(37) of the Bankruptcy Code. |
| 12 | **Loan Documents** | means, collectively, any and all writings between a Debtor and a Creditor or any other entity, establishing, fixing or describing the terms and conditions of the debtor creditor relationship between such Debtor and the Creditor, regardless of form, title or substance. |
| 13 | | |
| 14 | | |
| 15 | **Local Bankruptcy Rules** | means the local rules of the Court, as applicable from time to time in the Chapter 11 Cases. |
| 16 | | |
| 17 | **LTIP Units** | means all long term incentive plan units in MMPLP. |
| 18 | **MBP** | means Meruelo Baldwin Park, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13386. |
| 19 | | |
| 20 | | |
| 21 | **MBP Real Property** | means the real property located at 13853, 13822 and 13916 Garvey Avenue, 13904 Corak Street and 3060 Feather Avenue, Baldwin Park, California, APNs 8555-018-002, 8555-018-003, 8555-017-013, 8555-017-021, and 8555-017-026. |
| 22 | | |
| 23 | | |
| 24 | **Merco Group** | means Merco Group, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13406. |
| 25 | **Merco Group Personal Property** | means the cash in East West Bank account number 80360027 in the approximate amount of $24,898. |
| 26 | | |
| 27 | **Merco Group Real Property** | means the Sci-Arc Real Property and the Sky-Arc Real Property |
| 28 | | |

-12-

| | |
|---|---|
| ***Meruelo Farms*** | means Meruelo Farms, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13358. |
| ***Meruelo Wall Street*** | means Meruelo Wall Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13366. |
| ***Meruelo Wall Street Real Property*** | means the real property located at 419 E. 9th Street, Los Angeles, California, APN 5145-011-015. |
| ***MG 4th Street Center*** | means Merco Group – 4th Street Center, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13399. |
| ***MG 4th Street Center Real Property*** | means the real property located at 900, 910 and 926 E. 4th Street and 405-411 S. Hewitt Street, Los Angeles, California, APNs 5163-022-002, 5163-022-003, 5163-022-001, 5163-022-005, 5163-022-022 and 5163-022-023. |
| ***MG 146 E. Front Street*** | means Merco Group – 146 E. Front Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13380. |
| ***MG 425 W. 11th Street*** | means Merco Group – 425 West 11th Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13400. |
| ***MG 425 W. 11th Street Real Property*** | means the real property located at 425 W. 11th Street, Los Angeles, California, APNs 5139-008-010 and 5139-008-001. |
| ***MG 620 Gladys Avenue*** | means Merco Group – 620 Gladys Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13401. |
| ***MG 801 E. 7th Street*** | means Merco Group – 801 E. 7th Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13378. |
| ***MG 801 E. 7th Street Real Property*** | means the real property located at 648 Stanford Avenue, Los Angeles, California, APN 5147-029-030. |
| ***MG 1211 E. Washington Boulevard*** | means Merco Group – 1211 E. Washington Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13382. |

-13-

| | |
|---|---|
| **MG 1211 E. Washington Boulevard Real Property** | means the real property located at 1211 and 1225 E. Washington Boulevard, Los Angeles, California, APNs 5131-003-002, 5131-003-010, 5131-003-011, and 5131-003-024. |
| **MG 1308 S. Orchard** | means Merco Group – 1308 S. Orchard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13384. |
| **MG 1308 S. Orchard Real Property** | means the real property located at 1308 S. Orchard, Los Angeles, California, APN 5056-004-007. |
| **MG 1500 Griffith Avenue** | means Merco Group – 1500 Griffith Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13398. |
| **MG 2001-2021 W. Mission Boulevard** | means Merco Group – 2001-2021 West Mission Boulevard, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13403. |
| **MG 2001-2021 W. Mission Boulevard Encumbered Real Property** | means the real property located at 1875 West Mission Boulevard, Pomona, California, APN 8707-019-004. |
| **MG 2001-2021 W. Mission Boulevard Unencumbered Real Property** | means the real property located on W. Mission Boulevard, Pomona, California, APN 8707-019-005. |
| **MG 2040 Camfield Avenue** | means Merco Group – 2040 Camfield Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13375. |
| **MG 2529 Santa Fe Avenue** | means Merco Group – 2529 Santa Fe Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13404. |
| **MG 2529 Santa Fe Avenue Real Property** | means the real property located at 2529 S. Santa Fe Avenue, Los Angeles, California, APN 6302-008-010, also known as Santa Fe Plaza. |
| **MG 3185 E. Washington Boulevard** | means Merco Group – 3185 E. Washington Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13373. |

-14-

| | |
|---|---|
| ***MG 3185 E. Washington Boulevard Encumbered Real Property*** | means the real property located at 3185 E. Washington Boulevard, Los Angeles, California, APN 5169-020-003. |
| ***MG 3185 E. Washington Boulevard Unencumbered Real Property*** | means the real property located at 3185 E. Washington Boulevard, Los Angeles, California, APN 5169-023-022. |
| ***MG 5707 S. Alameda*** | means Merco Group – 5707 S. Alameda LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13381. |
| ***MG 5707 S. Alameda Real Property*** | means the real property located at 5701 S. Alameda Street (1862 E. 55th Street) and 5707 to 5715 S. Alameda Street and 5716 Alba Street, Los Angeles, California, APNs 5105-009-002, 5105-009-008, 5105-011-014, and 5105-011-015. |
| ***MG Ceres Street Produce*** | means Merco Group – Ceres Street Produce, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13385. |
| ***MG Ceres Street Produce Real Property*** | means the real property located at 758 Ceres Avenue, Los Angeles, California, APNs 5146-003-032, 5146-003-033, 5146-003-034 and 5146-003-035. |
| ***MG Little J*** | means Merco Group – Little J, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13405. |
| ***MG Overland Terminal*** | means Merco Group – Overland Terminal, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13434. |
| ***MG Southpark*** | means Merco Group – Southpark, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13407. |
| ***MG Southpark Real Property*** | means the real property located at numerous street addresses, including 1150 S. Grand Avenue, Los Angeles, California, APNs 5139-019-040, 5139-020-016, 5139-020-022, 5139-020-024, 5139-024-003, 5139-024-014, 5139-024-015, and 5139-024-016. |
| ***MM 3rd and Omar Street*** | means Meruelo Maddux – 3rd & Omar Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13359. |

358005.02 [XP]        25195

| | | |
|---|---|---|
| ***MM 230 W. Avenue 26*** | means Meruelo Maddux – 230 W. Avenue 26, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13389. | |
| ***MM 230 W. Avenue 26 Real Property*** | means the real property located at 210-212, and 230 W. Avenue 26, Los Angeles, California, APNs 5205-014-013, 5205-014-017 and 5205-014-018. | |
| ***MM 336 W. 11th Street*** | means Meruelo Maddux – 336 W. 11th Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13402. | |
| ***MM 336 W. 11th Street Real Property*** | means the real property located at 336 W. 11th Street, Los Angeles, California, APN 5139-020-025. | |
| ***MM 420 Boyd Street*** | means Meruelo Maddux – 420 Boyd Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13360. | |
| ***MM 420 Boyd Street Real Property*** | means the real property located at 420 Boyd Street, Los Angeles, California, APNs 5147-006-001, 5147-006-002, 5147-006-003, and 5147-006-008. | |
| ***MM 500 Mateo Street*** | means Meruelo Maddux – 500 Mateo Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13361. | |
| ***MM 555 Central Avenue*** | means Meruelo Maddux – 555 Central Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13439. | |
| ***MM 817-825 S. Hill Street*** | means Meruelo Maddux – 817-825 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13391. | |
| ***MM 817-825 S. Hill Street Real Property*** | means the real property located at 817 S. Hill Street, 325 S. Hill Street, and 820 S. Olive Street, Los Angeles, California, APNs 5144-018-021, 5144-018-027, 5144-018-028 and 5144-018-032. | |
| ***MM 845 S. Flower*** | means Meruelo Maddux – 845 S. Flower Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-21621. | |
| ***MM 915-949 S. Hill Street*** | means Meruelo Maddux – 915-949 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13362. | |

358005.02 [XP]      25195

| | |
|---|---|
| **MM 915-949 S. Hill Street Real Property** | means the real property located at 915-949 S. Hill Street, Los Angeles, California, APNs 5139-004-004, 5139-004-005, 5139-004-006, 5139-004-007, 5139-004-008, 5139-004-009, 5139-004-020 and 5139-004-024. |
| **MM 1000 E. Cesar Chavez** | means Meruelo Maddux -- 1000 E. Cesar Chavez, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13393. |
| **MM 1000 E. Cesar Chavez Real Property** | means the real property located at 1000, 1016, 1028, and 1030 E. Cesar Chavez, Los Angeles, California, APNs 5410-007-004, 5410-007-022, 5410-007-006, and 5410-007-007. |
| **MM 2415 E. Washington Boulevard** | means Meruelo Maddux – 2415 E. Washington Blvd., LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13365. |
| **MM 2415 E. Washington Boulevard Real Property** | means the real property located at 2415 E. Washington Boulevard, Los Angeles, California, APN 5168-009-011. |
| **MM 5500 Flotilla Street** | means Meruelo Maddux – 5500 Flotilla Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13367. |
| **MM Construction** | means Meruelo Maddux Construction, Inc., a California corporation, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13388. |
| **MM Management** | means Meruelo Maddux Management, LLC, a Delaware limited liability company, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13390. |
| **MM Mission Boulevard** | means Meruelo Maddux – Mission Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13369. |
| **MM Mission Boulevard Real Property** | means the real property located at 2001-2021 W. Mission, Pomona, California, APN 8707-019-003. |
| **MMP 306-330 N. Avenue 21** | means Meruelo Maddux Properties – 306-330 N. Avenue 21, LLC a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13370. |
| **MMP 306-330 N. Avenue 21 Real Property** | means the real property located at 306–330 N. Avenue 21, Los Angeles, California, APNs 5447-009-003, 5447-009-004, 5447-009-005 and 5447-009-006. |

-17-

| | |
|---|---|
| **MMP 760 S. Hill Street** | means Meruelo Maddux Properties – 760 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13363. |
| **MMP 760 S. Hill Street Real Property** | means the real property located at 760 S. Hill Street and 325 W. 8th Street, Los Angeles, California, APNs 5144-014-046 through 5144-014-139. |
| **MMP 1009 N. Citrus** | means Meruelo Maddux Properties – 1009 North Citrus Avenue, Covina, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13372. |
| **MMP 1009 N. Citrus Real Property** | means the real property located at 1009 N. Citrus Avenue, Covina, California, APNs 8421-025-017 and 8421-025-020. |
| **MMP 1060 N. Vignes** | means Meruelo Maddux Properties – 1060 N. Vignes, LLC a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13374. |
| **MMP 1060 N. Vignes Real Property** | means the real property located at 1060 N. Vignes, Los Angeles, California, APN 5409-014-001. |
| **MMP 1919 Vineburn Street** | means Meruelo Maddux Properties – 1919 Vineburn Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13364. |
| **MMP 1919 Vineburn Street Real Property** | means the real property located at 1919 Vineburn, Los Angeles, California, APNs 5215-014-005 and 5215-014-006. |
| **MMP 2131 Humboldt Street** | means Meruelo Maddux Properties – 2131 Humboldt Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13371. |
| **MMP 2951 Lenwood Road** | means Meruelo Maddux Properties – 2951 Lenwood Road, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13383. |
| **MMP 2951 Lenwood Road Real Property** | means  the real property located at 2951 Lenwood Road, Barstow, California, APNs 0421-313-540000, 0421-313-550000, 0421-313-560000, 0421-313-570000, and 0421-313-580000. |
| **MMP 12385 San Fernando Road** | means Meruelo Maddux Properties – 12385 San Fernando Road, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13338. |
| **MMP 12385 San Fernando Road Real Property** | means the real property located at 12361 and 12385 San Fernando Road, Sylmar, California, APNs 2611-007-011, 2611-007-020, and 2611-007-021. |

-18-

| | |
|---|---|
| **MMPI** | means Meruelo Maddux Properties, Inc., a Delaware corporation, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13356. |
| **MMPI Existing Common Stock** | means all authorized shares of common stock of MMPI existing as of the Petition Date. |
| **MMPLP** | means Meruelo Maddux Properties, L.P., a Delaware limited partnership, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13387. |
| **MMP Ventures** | means MMP Ventures, LLC, a Delaware limited liability company, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13392. |
| **Murakami** | means Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami, an individual. |
| **National Cold Storage** | means National Cold Storage, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13376. |
| **Order** | means an order or judgment of the Court as entered on the Docket. |
| **Ordinary Course Professionals** | means any attorneys, accountants, and other professionals or professional service providers such as public relations and communications consultants, architects, engineers, title companies, surveyors, real estate closing professionals, real estate brokers, environmental consultants, design consultants, information technology consultants, life/safety consultants, property managers, marketing and business consultants utilized by the Debtors in the ordinary course of the Debtors' operation and development of properties and development projects. |
| **Other Priority Claim** | means any Claim, other than an Administrative Claim or a Tax Claim, entitled to priority in right of payment under Section 507(a) of the Bankruptcy Code. |
| **PCB** | means Pacific Commerce Bank. |
| **Person** | means any individual, corporation, general partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, joint venture, government or political subdivision, official committee appointed by the United States Trustee, unofficial committee of creditors or equity holders, or other entity (as defined in the Bankruptcy Code). |
| **Petition Date** | shall have the same meaning as Commencement Date. |

-19-

| | | |
|---|---|---|
| **Plan** | | means this joint Chapter 11 plan of reorganization as it may be amended or modified, from time to time, together with all addenda, exhibits, schedules, supplements or other attachments, if any. |
| **PNL Pomona** | | means PNL Pomona, L.P., a Delaware limited partnership. |
| **PNL Pomona Collateral** | | means, collectively, [1] the MG 2001-2021 W. Mission Boulevard Encumbered Real Property, [2] approximately $946,816 in insurance proceeds received and to be received in connection with property casualties (subject to reductions for Court approved expenditures), and [3] the cash in the amount of $49,508 previously held in an account maintained by PNL for the benefit of MG 2001-2021 W. Mission Boulevard. |
| **Postpetition Tax Claims** | | means Administrative Claims and other Claims by a governmental unit for taxes against any of the Debtor (and for a reasonable rate of interest related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date. |
| **Priority Claim** | | means an Allowed Claim entitled to priority under Sections 507(a)(3) through 507(a)(7) of the Bankruptcy Code, and includes Priority Tax Claims. |
| **Priority Tax Claim** | | means any unsecured Claim of a governmental unit of the kind specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code. |
| **Pro Rata** | | means, with respect to any Distribution on account of an Allowed Claim or Allowed Interest, a proportionate share, so that the ratio of the consideration distributed on account of an Allowed Claim or Allowed Interest in a Class to the amount of such Allowed Claim or Allowed Interest is the same as the ratio of the amount of the consideration distributed on account of all Allowed Claims or Allowed Interests in such Class to the amount of all Allowed Claims or Allowed Interests in such Class. |
| **Property Level Debtors** | | means any Debtor which held title to real property on the Commencement Date. |
| **Quarterly Distribution Date** | | means the 15th of the first full month after the Effective Date and the 15th of every third month thereafter. |
| **RULPA** | | means the Delaware Revised Uniform Limited Partnership Act. |
| **Record Date** | | means the date designated by the Court set forth in the Disclosure Statement as the date for determining the holders of Claims and Interests entitled to vote to accept or reject the Plan. |

-20-

| | |
|---|---|
| ***Record Date Holder*** | means a holder of MMPI Existing Common Stock as of the Record Date. |
| ***Reinstated*** | shall have the meaning set forth in Section 1124(2) of the Bankruptcy Code. |
| ***Reorganized Debtor*** | means a Debtor or any combination of Debtors, whose Chapter 11 Plan is confirmed or any amended plan or plans of reorganization. |
| ***Reorganized MMPI*** | means MMPI from and after the Effective Date of the Plan. |
| ***Retained Claims and Defenses*** | means all causes of action and claims held by or capable of assertion by the Debtor or its Estate, including, without limitation, all avoidance actions, all Section 510 actions, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, and whether asserted or assertable, directly or derivatively, that the Debtors or their Estates could assert immediately prior to the Effective Date, but excludes all such causes of action, claims or defenses released, waived or extinguished by the Debtors pursuant to this Plan or a Final Order of the Bankruptcy Court. |
| ***Santa Fe & Washington Market*** | means Santa Fe & Washington Market, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13379. |
| ***Santa Fe & Washington Market Encumbered Real Property*** | means the real property located at 1910-1922 Santa Fe Avenue, Los Angeles, California, APNs 5168-005-004 and 5168-005-010. |
| ***Santa Fe & Washington Market Unencumbered Real Property*** | means the real property located at 303 S. Hewitt Street and 2425 E. 12th Street, Los Angeles, California, APNs 5163-012-007, and 5168-003-014. |
| ***Santa Fe Commerce Center*** | means Santa Fe Commerce Center, Inc., a California corporation and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13368. |
| ***Santa Fe Commerce Center Real Property*** | means the real property located at 2445, 2460 and 2535 E. 12th Street, Los Angeles, California, APNs 5168-003-013, 5168-005-021 and 5168-004-001. |
| ***Santa Fe Commerce Center Personal Property*** | means the funds deposited by Santa Fe Commerce Center with Berkadia presently in the approximate amount of $600,000 for and account of the benefit of Santa Fe Commerce Center. |

-21-

| | | |
|---|---|---|
| **Scheduled** | means set forth on the Schedules filed by the Debtors in their respective Chapter 11 Cases. | |
| **Schedules** | means the schedules of assets and liabilities filed by any Debtor pursuant to Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, including any amendments and modifications thereto through the Confirmation Date. | |
| **SEC** | means the United States Securities and Exchange Commission. | |
| **Secured Claim** | means any Claim secured by Collateral to the extent of the value of such collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, or, in the event that such Claim is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of such setoff. | |
| **Securities Act** | means the Securities Act of 1933, as amended, or any successor statute, and the rules and regulations promulgated thereunder. | |
| **Service Level Debtors** | means MMPI, MMPLP, MMP Ventures, MM Construction, and MM Management. | |
| **Sci-Arc Real Property** | means the real property located at 960 E. 3rd Street, Los Angeles, California, APN 5163-016-011, owned by Merco Group. | |
| **Sky-Arc Real Property** | means the real property located at 950 E. 3rd Street, Los Angeles, California, APNs 5163-016-012, 5163-016-013, 5163-016-014, owned by Merco Group. | |
| **Stanford** | means The Stanford Group, L.P. | |
| **Stanford Collateral** | means the 905 8th Street Real Property. | |
| **Treasury Bills** | means the United States Government Securities Treasury Bills with constant maturities as published in the Federal Reserve Statistical Release H.15 on the first business day of each January, April, July and October. | |
| **UCB** | means United Commercial Bank, a division of East West Bank. | |
| **UCB Collateral re 2640 Washington** | means, collectively, [1] the 2640 Washington Boulevard Real Property and [2] the cash in the East West Bank reserve account bearing account number 80365810 in the approximate amount of $9,410. | |
| **UCB Collateral re Meruelo Wall Street** | means, collectively, [1] the Meruelo Wall Street Real Property and [2] $480,000 of the $518,825 in the East West Bank / UCB interest reserve account bearing account number 18296574.  Other funds in that account are not UCB collateral. | |

-22-

| | | |
|---|---|---|
| ***Unimpaired*** | means with reference to a Class of Claims or Interests, that the Class is not Impaired.  An Unimpaired Class is not entitled to vote on the Plan. | |
| ***Voting Agent*** | means the Debtors. | |
| ***Voting Deadline*** | means the date on which Ballots must be received by the Voting Agent.  For purposes of the Plan, the Voting Deadline is October 12, 2010 at 4:00 p.m. Pacific Time, or, if the Voting Deadline is extended by Court Order, the latest date on which a Ballot will be accepted. | |
| ***Wall Street Market*** | means Wall Street Market, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13377. | |

## B.    INTERPRETATION OF TERMS AND COMPUTATION OF TIME

### 1.    Defined Terms

Any term used in the Plan that is not defined in the Plan, either in Article II.A. (*Definitions*) or elsewhere, but that is used in the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, as the case may be.

### 2.    Rules of Interpretation

For purposes of the Plan: (a) whenever it appears appropriate from the context, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any contract, instrument, release or other agreement or document entered into by a Reorganized Debtor in connection with the Plan which refers to "being in a particular form" or "on particular terms and conditions" means that such document shall be substantially in such form or substantially on such terms and conditions; provided, however, that any change to such form, terms, or conditions which is material to a party to such document shall not be made without such party's consent or an order of the Court; (c) any reference in the Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit, as it may have been or (to the extent otherwise permitted, hereafter) may be amended, modified or supplemented from time to time; (d) unless otherwise specified in a particular reference, all references in the Plan to paragraphs, Articles and Exhibits are references to paragraphs, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to

-23-

only a particular portion of the Plan; (f) captions and headings to Articles and paragraphs are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretations of the Plan; (g) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply; and (h) all exhibits to the Plan are incorporated into the Plan, and shall be deemed to be included in the Plan, provided that they are Filed no later than the commencement of the Confirmation Hearing.

### 3.    Time Periods

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

### III.

### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The following is a schedule designating the Classes of Claims and Interests under the Plan. In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims have not been classified and are excluded from the following Classes.  A Claim or Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class, and is classified in another Class or Classes to the extent that any remainder of the Claim or Interest qualifies within the description of such other Class or Classes.  The below schedule includes Claims that are or may be disputed.  The amounts so reflected in the schedule for Unsecured Claims are the amounts in the Creditor's proof of claim unless otherwise noted.  Notwithstanding, all Claims and Interests presently known to the Debtors are classified in a particular Class.  No distribution shall be made on account of any Claim or Interest which is not an Allowed Claim or an Allowed Interest and then only to the extent that the Claim or Interest is an Allowed Claim or Allowed Interest in that Class and has not been paid, released or otherwise satisfied before the Effective Date.

### A.    SUMMARY OF CLAIMS AND INTERESTS AGAINST EACH DEBTOR

The categories of Claims and Interests listed in the chart below classify Claims (except for Administrative Claims and Priority Tax Claims) and Interests for all purposes, including voting, confirmation and distribution pursuant to this Plan.  The amounts listed for each Class in the chart

-24-

below represent the Debtors' estimate of the amount of the Allowable Claims asserted in each

Class.  The amounts listed for the Secured Claims of Los Angeles County represent the amounts

owed as of December 31, 2010, under the terms of the Debtors' Settlement with Los Angeles

County.  The Debtors expressly reserve all rights to object to the amount, character and

enforceability of any Claim, whether or not listed in the chart below.

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **1. Meruelo Maddux Properties, Inc.[1]** | | |
| 1A | Secured Claim of Oliver, Sandifer - $436,901 | Impaired. |
| 1B | Priority Benefits Claims - $46,362 | Unimpaired. |
| 1C-1 | General Unsecured Claims – Convenience Class - $429 | Unimpaired. |
| 1C-2A | Unsecured Guaranty Claims - $102,245,154 | Impaired. |
| 1C-2B | Unsecured Guaranty Claims - $92,453,017 | Impaired. |
| 1C-3 | General Unsecured Claims - $7,093,358 | Impaired. |
| 1E | Equity Interests | Unimpaired. |
| **2. Meruelo Maddux Properties L.P.** | | |
| 2C-1 | General Unsecured Claims – Convenience Class - $2,422 | Unimpaired. |
| 2C-2 | Unsecured Guaranty Claims - $41,001,926 | Impaired. |
| 2C-3 | General Unsecured Claims - $2,369,702[2] | Impaired. |
| 2D | Intercompany Claims - $452,881,601 | Unimpaired. |

---

[1] The Debtors are listed in the order of the Service Level Debtors and then the Property Level Debtors.

[2]    Berkadia has filed alleged and duplicative unsecured claims for "money had and received, money lent, unjust enrichment, and interference with contract" for $1,443,668.40 (the "Berkadia Unsecured Claim") against 53 of the 54 Debtors.  The Debtors will be filing formal objections to the Berkadia Unsecured Claims asserted in the 53 Chapter 11 Cases at the appropriate time.  In the table below, the classes of "General Unsecured Claims" for the 53 Debtors separately list the amount of general unsecured claims asserted by claimants, exclusive of the disputed Berkadia Unsecured Claim.  Notwithstanding the foregoing, the claim is included in the Class 2C-3.

358005.02 [XP]     25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 2E | Equity Interests of MMPI (99.6%) and Holders of LTIP Units (0.4%) | Impaired. |
| **3.    MMP Ventures LLC** | | |
| 3C | General Unsecured Claims - $629 | Unimpaired. |
| 3D | Intercompany Claims - $2,509 | Unimpaired. |
| 3E | Equity Interests of MMPLP (100%) | Unimpaired. |
| **4.    Meruelo Maddux Construction, Inc.** | | |
| 4C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 4C-2 | General Unsecured Claims - $629 | Unimpaired. |
| 4D | Intercompany Claims - $10,588 | Unimpaired. |
| 4E | Equity Interests of MMPLP (100%) | Unimpaired. |
| **5.    Meruelo Maddux Management LLC** | | |
| 5B | Priority Benefits Claims - $151,247 | Unimpaired. |
| 5C – 1 | General Unsecured Claims – Convenience Class - $24 | Unimpaired. |
| 5C - 2 | General Unsecured Claims - $629 | Unimpaired. |
| 5D | Intercompany Claims - $4,296,137 | Unimpaired. |
| 5E | Equity Interests of MMPLP (99%) and MMCI (1%) | Unimpaired. |
| **6.    Meruelo Maddux – 555 Central Avenue LLC** | | |
| 6C | General Unsecured Claims - $10,079 | Impaired. |
| 6D | Intercompany Claims - $1,999,388 | Unimpaired. |
| 6E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **7.    Merco Group – Overland Terminal LLC** | | |
| 7C | General Unsecured Claims - $132,726 | Impaired. |
| 7D | Intercompany Claims - $1,093,202 | Unimpaired. |
| 7E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **8.    National Cold Storage LLC** | | |
| 8C-1 | General Unsecured Claims – Convenience Class - $212 | Unimpaired. |

-26-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 8C-2 | General Unsecured Claims – $4,522 | Impaired. |
| 8E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **9. Wall Street Market LLC** | | |
| 9C-1 | General Unsecured Claims – Convenience Class - $1,118 | Unimpaired. |
| 9C-2 | General Unsecured Claims - $2,069 | Impaired. |
| 9D | Intercompany Claims - $3,536,086 | Unimpaired. |
| 9E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **10. Meruelo Maddux Properties – 1009 N. Citrus Avenue, Covina, LLC** | | |
| 10A | Los Angeles County Secured Tax Claim - $127,403 | Impaired. |
| 10C-1 | General Unsecured Claims – Convenience Class - $525 | Unimpaired. |
| 10C-2 | General Unsecured Claims - $15,334 | Impaired. |
| 10D | Intercompany Claims - $6,630,774 | Unimpaired. |
| 10E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **11. Meruelo Maddux – 230 W. Avenue 26 LLC** | | |
| 11A | Los Angeles County Secured Tax Claim - $175,442 | Impaired. |
| 11C-1 | Unsecured Claims – Tenant Security Deposits - $24,610 | Unimpaired. |
| 11C-2 | General Unsecured Claims – Convenience Class - $999 | Unimpaired. |
| 11C-3 | General Unsecured Claims - $3,929 | Impaired. |
| 11D | Intercompany Claims - $6,414,500 | Unimpaired. |
| 11E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **12. Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC** | | |
| 12A | Los Angeles County Secured Tax Claim - $120,124 | Impaired. |
| 12C-1 | Unsecured Claims – Tenant Security Deposits - $8,025 | Unimpaired. |
| 12C-2 | General Unsecured Claims – Convenience Class - $597 | Unimpaired. |
| 12C-3 | General Unsecured Claims - $18,858 | Impaired. |
| 12D | Intercompany Claims - $3,569,603 | Unimpaired. |

-27-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 12E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **13.      Meruelo Maddux – 817-825 S. Hill Street LLC** | | |
| 13A | Los Angeles County Secured Tax Claim – $379,123 | Impaired. |
| 13C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 13C-2 | General Unsecured Claims - $1,560 | Impaired. |
| 13D | Intercompany Claims - $16,377,573 | Unimpaired. |
| 13E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **14.      Meruelo Maddux – 1000 E. Cesar Chavez LLC** | | |
| 14A | Los Angeles County Secured Tax Claim - $179,907 | Impaired. |
| 14C-1 | Unsecured Claims – Tenant Security Deposits - $3,100 | Unimpaired. |
| 14C-2 | General Unsecured Claims – Convenience Class - $705 | Unimpaired. |
| 14C-3 | General Unsecured Claims - $10,241 | Impaired. |
| 14D | Intercompany Claims - $6,804,902 | Unimpaired. |
| 14E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **15.      Meruelo Maddux Properties – 1060 N. Vignes LLC** | | |
| 15A | Los Angeles County Secured Tax Claim - $123,542 | Impaired. |
| 15C-1 | General Unsecured Claims – Convenience Class - $597 | Unimpaired. |
| 15C-2 | General Unsecured Claims - $71,021 | Impaired. |
| 15D | Intercompany Claims - $6,549,824 | Unimpaired |
| 15E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **16.      Meruelo Maddux – 2415 E. Washington Boulevard LLC** | | |
| 16A | Los Angeles County Secured Tax Claim - $55,606 | Impaired. |
| 16C-1 | General Unsecured Claims – Convenience Class - $175 | Unimpaired. |
| 16C-2 | General Unsecured Claims - $4,091 | Impaired. |
| 16D | Intercompany Claims - $2,220,879 | Unimpaired. |
| 16E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

-28-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **17.** | **Meruelo Maddux – 5500 Flotilla Street LLC** | |
| 17C | General Unsecured Claims - $629 | Unimpaired. |
| 17D | Intercompany Claims - $611,663 | Unimpaired. |
| 17E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **18.** | **Meruelo Maddux Properties – 12385 San Fernando Road LLC** | |
| 18A | Los Angeles County Secured Tax Claim - $226,806 | Impaired. |
| 18C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 18C-2 | General Unsecured Claims - $2,629 | Impaired. |
| 18D | Intercompany Claims - $8,997,401 | Unimpaired. |
| 18E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **19.** | **Merco Group – 146 E. Front Street LLC** | |
| 19C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 19C-2 | General Unsecured Claims - $629 | Unimpaired. |
| 19D | Intercompany Claims - $2,243,787 | Unimpaired. |
| 19E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **20.** | **Merco Group – 801 E. 7th Street LLC** | |
| 20A | Los Angeles County Secured Tax Claim - $15,205 | Impaired. |
| 20C | General Unsecured Claims - $2,629 | Impaired. |
| 20D | Intercompany Claims - $1,346,512 | Unimpaired. |
| 20E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **21.** | **Merco Group – 1211 E. Washington Boulevard LLC** | |
| 21A-1 | Los Angeles County Secured Tax Claim - $263,793 | Impaired. |
| 21A-2 | RoofCorp of CA, Inc. - $37,500 | Impaired. |
| 21C-1 | Unsecured Claims – Tenant Security Deposits - $42,357 | Unimpaired. |
| 21C-2 | General Unsecured Claims – Convenience Class - $260 | Unimpaired. |
| 21C-3 | General Unsecured Claims - $33,786 | Impaired. |

-29-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 21D | Intercompany Claims - $9,122,302 | Unimpaired. |
| 21E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **22.** | **Merco Group – 1308 S. Orchard LLC** | |
| 22A | Los Angeles County Secured Tax Claim - $39,500 | Impaired. |
| 22C | General Unsecured Claims - $4,299 | Impaired. |
| 22D | Intercompany Claims - $1,346,512 | Unimpaired. |
| 22E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **23.** | **Merco Group – 2040 Camfield Avenue LLC** | |
| 23C | General Unsecured Claims - $629 | Unimpaired. |
| 23D | Intercompany Claims - $5,163,790 | Unimpaired. |
| 23E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **24.** | **Merco Group – Ceres Street Produce LLC** | |
| 24A | Los Angeles County Secured Tax Claim - $70,090 | Impaired. |
| 24C-1 | General Unsecured Claims – Convenience Class - $121 | Unimpaired. |
| 24C-2 | General Unsecured Claims - $2,036 | Impaired. |
| 24D | Intercompany Claims - $2,772,264 | Unimpaired. |
| 24E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **25.** | **Meruelo Baldwin Park LLC** | |
| 25A | Los Angeles County Secured Tax Claim - $216,638 | Impaired. |
| 25C-1 | Unsecured Claims – Tenant Security Deposits - $3,000 | Unimpaired. |
| 25C-2 | General Unsecured Claims – Convenience Class - $213 | Unimpaired. |
| 25C-3 | General Unsecured Claims - $4,059 | Impaired. |
| 25D | Intercompany Claims - $8,847,699 | Unimpaired. |
| 25E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **26.** | **Santa Fe & Washington Market LLC** | |
| 26A | Los Angeles County Secured Tax Claim - $39,305 | Impaired. |

-30-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|-------|---------------------|----------------------|
| 26C-1 | Unsecured Claims – Tenant Security Deposits - $27,900 | Unimpaired. |
| 26C-2 | General Unsecured Claims – Convenience Class - $251 | Unimpaired. |
| 26C-3 | General Unsecured Claims - $4,568 | Impaired. |
| 26D | Intercompany Claims - $4,879,642 | Unimpaired. |
| 26E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **27.      Merco Group – 5707 S. Alameda LLC** | | |
| 27A | Los Angeles County Secured Tax Claim re $120,619 | Impaired. |
| 27C-1 | Unsecured Claims – Tenant Security Deposits - $5,794 | Unimpaired. |
| 27C-2 | General Unsecured Claims – Convenience Class - $718 | Unimpaired. |
| 27C-3 | General Unsecured Claims - $16,650 | Impaired. |
| 27D | Intercompany Claims - $4,859,886 | Unimpaired. |
| 27E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **28.      Meruelo Maddux – 3rd and Omar Street LLC** | | |
| 28A-1 | Los Angeles County Secured Tax Claim - $137,523 | Impaired. |
| 28A-2 | Legendary Secured Claim - $2,559,658 | Impaired. |
| 28C-1 | Unsecured Claims – Tenant Security Deposits - $2,600 | Unimpaired. |
| 28C-2 | General Unsecured Claims – Convenience Class - $954 | Unimpaired. |
| 28C-3 | General Unsecured Claims - $2,749 | Impaired. |
| 28D | Intercompany Claims - $3,416,741 | Unimpaired. |
| 28E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **29.      Meruelo Maddux – 336 W. 11th Street LLC** | | |
| 29A-1 | Los Angeles County Secured Tax Claim - $217,986 | Impaired. |
| 29A-2 | Legendary Secured Claim - a pledge of the Debtor's Real Property to secure the obligations of 620 Gladys Avenue, LLC  (see Class 46A-2 below). | Impaired. |
| 29A-3 | Grand Avenue Lofts, HOA Secured Claim - $270,000 | Impaired |
| 29A-4 | Grand Avenue Lofts, LLC / CIM Urban RE Fund GP II, LLC Secured Claim – 0 | Impaired. |

-31-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|-------|---------------------|----------------------|
| 29C-1 | General Unsecured Claims – Convenience Class - $400 | Unimpaired. |
| 29C-2 | General Unsecured Claims - $43,834 | Impaired. |
| 29D | Intercompany Claims - $10,554,921 | Unimpaired. |
| 29E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **30.** | **Meruelo Maddux – 420 Boyd Street LLC** | |
| 30A-1 | Los Angeles County Secured Tax Claim - $298,732 | Impaired. |
| 30A-2 | Legendary Secured Claim - $5,950,000 | Impaired. |
| 30C-1 | Unsecured Claims – Tenant Security Deposits - $21,463 | Unimpaired. |
| 30C-2 | General Unsecured Claims – Convenience Class - $1,799 | Unimpaired. |
| 30C-3 | General Unsecured Claims - $31,272 | Impaired. |
| 30D | Intercompany Claims - $2,607,940 | Unimpaired. |
| 30E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **31.** | **Meruelo Maddux – 500 Mateo Street LLC** | |
| 31C-1 | General Unsecured Claims – Convenience Class - $255 | Unimpaired. |
| 31C-2 | General Unsecured Claims - $1,634 | Impaired. |
| 31D | Intercompany Claims - $1,968,955 | Unimpaired. |
| 31E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **32.** | **Meruelo Maddux Properties – 760 S. Hill Street LLC** | |
| 32A-1 | Los Angeles County Secured Tax Claim - $281,044 | Impaired. |
| 32A-2 | Bank of America Secured Claim - $28,108,094 | Impaired. |
| 32B | Priority Benefits Claims - $14,223 | Unimpaired. |
| 32C-1 | Unsecured Claims – Tenant Security Deposits $39,061 | Unimpaired. |
| 32C-2 | General Unsecured Claims – Convenience Class - $2,186 | Unimpaired. |
| 32C-3 | General Unsecured Claims - $473,167 | Impaired. |
| 32D | Intercompany Claims - $25,543,339 | Unimpaired. |

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|-------|----------------------|------------------------|
| 32E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **33.** | **788 S. Alameda LLC** | |
| 33A-1 | Los Angeles County Secured Tax Claim - $104,514 | Impaired. |
| 33A-2 | California Bank & Trust Secured Claim - $7,153,799 | Impaired. |
| 33B | Priority Benefits Claims - $1,382 | Unimpaired. |
| 33C-1 | Unsecured Claims – Tenant Security Deposits - $85,000 | Unimpaired. |
| 33C-2 | General Unsecured Claims – Convenience Class - $1,503 | Unimpaired. |
| 33C-3 | General Unsecured Claims - $65,876 | Impaired. |
| 33D | Intercompany Claims - $1,485,597 | Unimpaired. |
| 33E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **34.** | **905 8th Street LLC** | |
| 34A-1 | Los Angeles County Secured Tax Claim - $95,421 | Impaired. |
| 34A-2 | The Stanford Group LP Secured Claim - $1,950,000 | Impaired. |
| 34C-1 | Unsecured Claims – Tenant Security Deposits - $3,525 | Unimpaired. |
| 34C-2 | General Unsecured Claims – Convenience Class - $300 | Unimpaired. |
| 34C-3 | General Unsecured Claims - $13,525 | Impaired. |
| 34D | Intercompany Claims - $2,814,172 | Unimpaired. |
| 34E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **35.** | **Meruelo Maddux – 915-949 S. Hill Street LLC** | |
| 35A-1 | Los Angeles County Secured Tax Claim - $338,027 | Impaired. |
| 35A-2 | Imperial Capital Bank Secured Claim - $9,007,827 | Impaired. |
| 35C-1 | General Unsecured Claims – Convenience Class - $674 | Unimpaired. |
| 35C-2 | General Unsecured Claims - $2,629 | Impaired. |
| 35C-3 | Tenant Security Deposits - $30,000 | Unimpaired. |
| 35D | Intercompany Claims - $17,716,678 | Unimpaired. |
| 35E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

-33-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|-------|----------------------|------------------------|
| **36.    Alameda Produce Market LLC** | | |
| 36A-1-a | Los Angeles County Secured Tax Claim re Alameda Produce Market Encumbered Real Property - $462,572 | Impaired. |
| 36A-1-b | Los Angeles County Secured Tax Claim re Alameda Produce Market Unencumbered Real Property - $39,199 | Impaired. |
| 36A-2 | Cathay Bank Secured Claim - $48,815,711 | Impaired. |
| 36A-3 | Cathay Bank Secured Claim - $9,848,944 | Impaired. |
| 36B | Priority Benefits Claims - $23,169 | Unimpaired. |
| 36C-1 | Unsecured Claims – Tenant Security Deposits - $301,019 | Unimpaired. |
| 36C-2 | General Unsecured Claims – Convenience Class - $1,650 | Unimpaired. |
| 36C-3 | General Unsecured Claims - $696,776 | Impaired. |
| 36E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **37.    Merco Group – 1500 Griffith Avenue LLC** | | |
| 37A-1-a | Los Angeles County Secured Tax Claim re 1500 Griffith - $120,576 | Impaired. |
| 37A-1-b | Los Angeles County Secured Tax Claim re 1510 Griffith Avenue - $86,516 | Impaired. |
| 37A-2 | Legendary Secured Claim - $6,396,500 – joint and several obligation with 4th Street Center, LLC, and also secured by the 4th Street Center Real Property (see Class 44A-2 below). | Impaired. |
| 37A-3 | Murakami Secured Claim - $2,945,000 | Impaired. |
| 37C-1 | Unsecured Claims – Tenant Security Deposits - $58,830 | Unimpaired. |
| 37C-2 | General Unsecured Claims - $2,429 | Impaired. |
| 37D | Intercompany Claims - $5,508,367 | Unimpaired. |
| 37E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **38.    Meruelo Maddux Properties – 1919 Vineburn Street LLC** | | |
| 38A-1 | Los Angeles County Secured Tax Claim - $151,536 | Impaired. |
| 38A-2 | Imperial Capital Bank Secured Claim - $5,468,543 | Impaired. |

-34-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 38C-1 | Unsecured Claims – Tenant Security Deposits - $42,210 | Unimpaired. |
| 38C-2 | General Unsecured Claims – Convenience Class - $275 | Unimpaired. |
| 38C-3 | General Unsecured Claims - $2,629 | Impaired. |
| 38D | Intercompany Claims - $3,035,648 | Unimpaired. |
| 38E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **39.     Meruelo Maddux Properties – 2131 Humboldt Street LLC** | | |
| 39A-1-a | Los Angeles County Secured Tax Claim Against 2131 Humboldt Encumbered Real Property - $263,168 | Impaired. |
| 39A-1-b | Los Angeles County Secured Tax Claim Against 2131 Humboldt Unencumbered Real Property - $145,353 | Impaired. |
| 39A-2 | Chamlian Secured Claim - $7,000,000 | Impaired. |
| 39C-1 | Unsecured Claims – Tenant Security Deposits - $10,500 | Unimpaired. |
| 39C-2 | General Unsecured Claims – Convenience Class $485 | Unimpaired. |
| 39C-3 | General Unsecured Claims - $3,608 | Impaired. |
| 39D | Intercompany Claims - $13,680,208 | Unimpaired. |
| 39E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **40.     Merco Group – 2529 Santa Fe Avenue LLC** | | |
| 40A-1 | Los Angeles County Secured Tax Claim - $138,336 | Impaired. |
| 40A-2 | 1248 S. Figueroa Secured Claim - $3,134,825 | Impaired. |
| 40C-1 | Unsecured Claims – Tenant Security Deposits - $15,000 | Unimpaired. |
| 40C-2 | General Unsecured Claims – Convenience Class - $718 | Unimpaired. |
| 40C-3 | General Unsecured Claims - $25,026 | Impaired. |
| 40D | Intercompany Claims - $3,703,446 | Unimpaired. |
| 40E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **41.     2640 Washington Boulevard LLC** | | |
| 41A-1 | Los Angeles County Secured Tax Claim - $231,852 | Impaired. |
| 41A-2 | East West Bank as successor to UCB Secured Claim - $6,066,073 | Impaired. |

358005.02 [XP]     25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 41C-1 | Unsecured Claims – Tenant Security Deposits - $52,150 | Unimpaired. |
| 41C-2 | General Unsecured Claims – Convenience Class - $1,262 | Unimpaired. |
| 41C-3 | General Unsecured Claims - $23,510 | Impaired. |
| 41D | Intercompany Claims - $3,920,800 | Unimpaired. |
| 41E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 42. Meruelo Maddux Properties – 2951 Lenwood Road LLC | | |
| 42A-1 | FNBN Secured Claim - $8,983,643 | Impaired. |
| 42C-1 | General Unsecured Claims – Convenience Class $350 | Unimpaired. |
| 42C-2 | General Unsecured Claims - $6,281,750 | Impaired. |
| 42D | Intercompany Claims - $6,179,424 | Unimpaired. |
| 42E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 43. Merco Group – 3185 E. Washington Boulevard LLC | | |
| 43A-1-a | Los Angeles County Secured Tax Claim re 3185 E. Washington Boulevard Encumbered Real Property- $209,776 | Impaired. |
| 43A-1-b | Los Angeles County Secured Tax Claim re 3185 E. Washington Boulevard Unencumbered Real Property- $1,063 | Impaired. |
| 43A-2 | Chinatrust Secured Claim - $9,541,565 | Impaired. |
| 43C-1 | General Unsecured Claims – Convenience Class - $63 | Unimpaired. |
| 43C-2 | General Unsecured Claims - $1,679 | Impaired. |
| 43C-3 | Unsecured Claims – Tenant Security Deposits $250,000 | Unimpaired. |
| 43D | Intercompany Claims - $1,938,813 | Unimpaired. |
| 43E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 44. Merco Group – 4th Street Center LLC | | |
| 44A-1 | Los Angeles County Secured Tax Claim - $106,132 | Impaired. |
| 44A-2 | Legendary Secured Claim - joint and several obligation with 1500 Griffith Avenue, and also secured by 1500 Griffith Avenue (see Class 37A-2 above). | Impaired. |

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|-------|----------------------|------------------------|
| 44C-1 | General Unsecured Claims – Convenience Class - $407 | Unimpaired. |
| 44C-2 | General Unsecured Claims - $17,629 | Impaired. |
| 44C-3 | General Unsecured Claims – Tenant Security Deposits - $4,500 | Unimpaired. |
| 44D | Intercompany Claims - $6,840,375 | Unimpaired. |
| 44E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **45.    Merco Group – 425 W. 11th Street LLC** | | |
| 45A-1 | Los Angeles County Secured Tax Claim - $363,625 | Impaired. |
| 45A-2 | Legendary Secured Claims - $5,340,000 | Impaired. |
| 45C-1 | General Unsecured Claims – Convenience Class - $835 | Unimpaired. |
| 45C-2 | General Unsecured Claims - $4,243 | Impaired. |
| 45D | Intercompany Claims - $11,737,757 | Unimpaired. |
| 45E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **46.    Merco Group – 620 Gladys Avenue LLC** | | |
| 46A-1-a | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Encumbered Real Property - $340,820 | Impaired. |
| 46A-1-b | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Unencumbered Real Property - $121,492 | Impaired. |
| 46A-2 | Legendary Secured Claim re 620 S. Gladys Avenue - $5,380,688 which is also secured by the MM 336 W. 11th Street Real Property (see Class 29A-4 above). | Impaired. |
| 46C-1 | Unsecured Claims – Tenant Security Deposits - $22,682 | Unimpaired. |
| 46C-2 | General Unsecured Claims - $1,478 | Impaired. |
| 46D | Intercompany Claims - $9,788,629 | Unimpaired. |
| 46E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **47.    Merco Group – 2001-2021 W. Mission Boulevard LLC** | | |
| 47A-1 | Los Angeles County Secured Tax Claim - $112,819 | Impaired. |
| 47A-2 | PNL Pomona LP Secured Claim – $8,462,940 | Impaired. |

-37-

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 47C-1 | General Unsecured Claims – Convenience Class - $899 | Unimpaired. |
| 47C-2 | General Unsecured Claims - $5,379 | Impaired. |
| 47D | Intercompany Claims - $12,948,409 | Unimpaired. |
| 47E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **48.    Merco Group – Little J LLC** | | |
| 48A-1-a | Los Angeles County Secured Tax Claim  re 1119 S. Olive Street - $57,560 | Impaired. |
| 48A-1-b | Los Angeles County Secured Tax Claim re 1124 S. Olive Street - $68,960 | Impaired. |
| 48A-2 | Legendary Secured Claim - a pledge of the Debtor's Real Property to secure the obligation for payment under a loan made to Merco Group which is also secured by the Sky-Arc Real Property (see Class 50A-2 below). | Impaired. |
| 48C-1 | General Unsecured Claims – Convenience Class - $400 | Unimpaired. |
| 48C-2 | General Unsecured Claims - $2,229 | Impaired. |
| 48C-3 | Tenant Security Deposit Claims - $7,000 | Unimpaired. |
| 48D | Intercompany Claims - $8,299,295 | Unimpaired. |
| 48E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **49.    Merco Group – Southpark LLC** | | |
| 49A-1 | Los Angeles County Secured Tax Claim - $625,953 | Impaired. |
| 49A-2 | Bank of America Secured Claim - $20,000,000 | Impaired. |
| 49C-1 | General Unsecured Claims – Convenience Class - $777 | Unimpaired. |
| 49C-2 | General Unsecured Claims - $1,038,368 | Impaired. |
| 49C-3 | Tenant Security Deposit Claims - $31,000 | Unimpaired. |
| 49D | Intercompany Claims - $37,919,096 | Unimpaired. |
| 49E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **50.    Merco Group LLC** | | |

-38-

| 50A-1 | Los Angeles County Secured Tax Claim $415,617 | Impaired. |
|---|---|---|
| 50A-2 | Legendary Secured Claim re Sky-Arc Real Property - $15,000,000 which is also secured by the Little J Real Property (see Class 48A-2 above) | Impaired. |
| 50A-3 | Legendary Secured Claim re Sci-Arc Real Property - $10,108,209 | Impaired. |
| 50C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 50C-2 | General Unsecured Claims - $629 | Impaired. |
| 50D | Intercompany Claims - $16,604,526 | Unimpaired. |
| 50E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **51.     Meruelo Farms LLC** | | |
| 51A-1-a | Los Angeles County Secured Tax Claim re 815 E. Temple Street - $103,517 | Impaired. |
| 51A-1-b | Los Angeles County Secured Tax Claim re 729 E. Temple Street - $228,384 | Impaired. |
| 51A-2 | Imperial Capital Bank Secured Claim - $6,978,349 | Impaired. |
| 51A-3 | Pacific Commerce Secured Claim - $3,350,000 | Impaired. |
| 51C-1 | General Unsecured Claims – Convenience Class - $92 | Unimpaired. |
| 51C-2 | General Unsecured Claims - $187,076 | Impaired. |
| 51D | Intercompany Claims - $9,138,503 | Unimpaired. |
| 51E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **52.     Meruelo Wall Street LLC** | | |
| 52A-1 | Los Angeles County Secured Tax Claim - $465,046 | Impaired. |
| 52A-2 | East West Bank as successor to UCB Secured Claim - $20,850,859 | Impaired. |
| 52B | Priority Benefits Claims - $9,542 | Unimpaired. |
| 52C-1 | Unsecured Claims – Tenant Security Deposits - $297,650 | Unimpaired. |
| 52C-2 | General Unsecured Claims – Convenience Class - $1,761 | Unimpaired. |
| 52C-3 | General Unsecured Claims - $20,873 | Impaired. |
| 52D | Intercompany Claims - $3,133,131 | Unimpaired. |

-39-

358005.02 [XP]    25195

| 52E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
|-----|-----------------------------------------|-------------|
| **53.** | **Meruelo Maddux – Mission Boulevard LLC** | |
| 53A-1 | Los Angeles County Secured Tax Claim - $305,815 | Impaired. |
| 53A-2 | Kennedy Funding, Inc. Secured Claim - $8,800,000 | Impaired. |
| 53C | General Unsecured Claims - $15,515 | Impaired. |
| 53D | Intercompany Claims - $20,054,067 | Unimpaired. |
| 53E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **54.** | **Santa Fe Commerce Center, Inc.** | |
| 54A-1 | Los Angeles County Secured Tax Claim - $109,152 | Impaired. |
| 54A-2 | Berkadia Secured Claim - $10,170,904 | Impaired. |
| 54A-3 | RoofCorp of CA, Inc. Secured Claim - $111,377 | Impaired. |
| 54C-1 | Unsecured Claims – Tenant Security Deposits -$79,667 | Unimpaired |
| 54C-2 | General Unsecured Claims – Convenience Class - $755 | Unimpaired. |
| 54C-3 | General Unsecured Claims - $15,369 | Impaired. |
| 54E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

## B.    GENERAL PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS

### 1.    Unclassified Claims (Applicable to all of the Debtors)

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to a specific treatment provided for them in the Bankruptcy Code.  As such, the Debtors have not placed the following claims in a class.  The treatment of these claims is provided below.

#### a.    Administrative Claims

Administrative Claims are claims for costs or expenses of administering the Debtors' Chapter 11 Cases which are allowed under Bankruptcy Code Section 507(a)(2).  The Bankruptcy Code requires that all Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following chart lists the Debtors' Section

-40-

507(a)(2) Administrative Claims arising from the employment of professionals and the costs and

the statutory fees of the Bankruptcy Court and the Office of the United States Trustee and their

treatment under this Plan.

| NAME | ESTIMATED AMOUNT OWED [3] | TREATMENT |
|---|---|---|
| DANNING, GILL, DIAMOND & KOLLITZ, LLP – Reorganization Counsel to the Debtors | $516,800 | See below. |
| SULMEYERKUPETZ – Counsel to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases of the MMPI Debtors | $158,400 | See below. |
| FTI CONSULTING – Financial Advisors to the MMPI Debtors | $161,000 | See below. |
| ERNST & YOUNG LLP – Independent Auditors and Tax Advisors to the MMPI Debtors | $121,000 | See below. |
| DLA PIPER – Special Counsel to the MMPI Debtors | $19,200 | See below. |
| LEWIS LANDAU | To Be Determined | See below. |
| KIBEL GREEN, INC. Financial Advisors to the Official Committee of Unsecured Creditors | $52,800 | See below. |
| KIBEL GREEN, INC. Proposed Financial Advisors to the Official Equity Holders Committee | To Be Determined. | See below. |
| RON ORR & PROFESSIONALS, INC.; RODIGER LAW OFFICE And JENNER & BLOCK, LLP - Proposed Co-Counsel to the Official Equity Holders Committee | To Be Determined | See below |
| Clerk's Office Fees | To Be Determined | Paid in full on the Effective Date |
| Office of the United States Trustee Fees | To Be Determined | Paid in full on the Effective Date |
| TOTAL | $1,179,200 | |

---

[3] Stated amounts are estimates based on information available as of September 1, 2010.  Any requests must comply with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

(1)    **General**

Subject to the bar date provisions herein and additional requirements for professionals and certain other entities set forth below, the Reorganized Debtors shall pay to each Holder of an Allowed Administrative Claim, on account of its Administrative Claim and in full satisfaction thereof, Cash equal to the Allowed amount of such Administrative Claim on the Effective Date or as soon as practicable thereafter, unless the Holder agrees or shall have agreed to other treatment of such Claim.  Payment on an Administrative Claim which arose in the ordinary course of each Debtor's business, including Ordinary Course Professionals, will be made when such payment would have become due in the ordinary course of each Debtor's business or under the terms of the Claim in the absence of the Chapter 11 Cases.

(2)    **Payment of Statutory Fees**

On or before the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930, as determined by the Court at the hearing on Confirmation, shall be paid in Cash equal to the amount of such Administrative Claim.

(3)    **Bar Date for Administrative Claims**

*(a)*    ***General Provisions***

Except as provided below for (i) non-tax liabilities incurred in the ordinary course of business by each Debtor and (ii) Postpetition Tax Claims, requests for payment of Administrative Claims must be Filed and served on counsel for the Reorganized Debtors no later than forty-five (45) days after the Effective Date, or such later date, if any, as the Court shall order upon application made prior to the end of such 45-day period.  Holders of Administrative Claims (including, without limitation, professionals requesting compensation or reimbursement of expenses and the Holders of any Claims for federal, state or local taxes) that are required to File a request for payment of such Claims and that do not File such requests by the applicable bar date shall be forever barred from asserting such Claims against any of the Debtors or the Reorganized Debtors or any of their respective properties.

-42-

*(b)    Professionals*

1

2   All professionals or other Persons requesting compensation or reimbursement of expenses

3   pursuant to any of Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for

4   services rendered on or before the Effective Date (including, inter alia, any compensation requested

5   by any professional or any other Person for making a substantial contribution in the Reorganization

6   Case) shall File and serve on the Reorganized Debtors and the Creditors' Committee and Equity

7   Committee an application for final allowance of compensation and reimbursement of expenses no

8   later than (i) forty-five (45) days after the Effective Date, or (ii) such later date as the Court shall

9   order upon application made prior to the end of such 45-day period.  Objections to applications of

10  professionals for compensation or reimbursement of expenses must be Filed and served on

11  Reorganized Debtors, the Creditors' Committee and Equity Committee and the professionals to

12  whose application the objections are addressed on or before (i) fourteen days after such application

13  is Filed and served or (ii) such later date as the Court shall order or upon agreement between the

14  Reorganized Debtors and the affected professional.

15  Any professional fees and reimbursements of expenses incurred by the Reorganized

16  Debtors subsequent to the Effective Date may be paid by the Reorganized Debtors without

17  application to or Order of the Court.

*(c)    Ordinary Course Liabilities*

18

19  Holders of Administrative Claims based on liabilities incurred post-petition in the ordinary

20  course of the Debtors' businesses, including Ordinary Course Professionals, (other than Claims of

21  governmental units for taxes or Claims and/or penalties related to such taxes) shall not be required

22  to File any request for payment of such Claims.  Such Administrative Claims shall be assumed and

23  paid by such Reorganized Debtor pursuant to the terms and conditions of the particular transaction

24  giving rise to such Administrative Claim, without any further action by the Holders of such Claims.

*(d)    Tax Claims*

25

26  All requests for payment of Postpetition Tax Claims, for which no bar date has otherwise

27  been previously established, must be Filed on or before the later of (i) forty-five (45) days

28  following the Effective Date; and (ii) 120 days following the filing of the tax return for such taxes

-43-

1  for such tax year or period with the applicable governmental unit.  Any Holder of any Postpetition

2  Tax Claim that is required to File a request for payment of such taxes and that does not File such a

3  Claim by the applicable bar date shall be forever barred from asserting any such Postpetition Tax

4  Claim against any of the Debtors or Reorganized Debtors, or any of their respective properties,

5  whether any such Postpetition Tax Claim is deemed to arise prior to, on, or subsequent to, the

6  Effective Date.  The Debtors are paying all Postpetition Tax Claims as they come due; however,

7  certain taxing authorities conduct audits which may result in a postpetition tax liability of which the

8  Debtors are currently unaware.  The County of Los Angeles has filed administrative priority claims

9  against MMPI and MMP 12385 San Fernando Road for $229,193 and $6,864 respectively.  The

10  Debtors believe these taxes have been paid and, in any event, are resolved pursuant to the terms of

11  the settlement between the Debtors and the County of Los Angeles.  MMP-Lenwood will timely

12  pay its post-petition real property taxes to the County of San Bernardino, including any additional

13  amounts that have accrued under state law and the County of San Bernardino retains its state law

14  rights with respect to the payment of such taxes.

15              (4)     **Inter-Debtor Administrative Claims**

16              The Debtors' cash management system provides for funds to flow to and from a cash

17  concentration account maintained by MMPLP.  The concentration account is linked to the

18  operating bank accounts of each of the Debtors, which bank accounts are maintained as zero

19  balance accounts.  When needed to fund payment on checks issued by a particular affiliate, funds

20  are transferred from the concentration account to the operating account of that affiliate.  Excess

21  funds, if any, are invested in interest bearing accounts pending their utilization.  The cash

22  management system produces inter-Debtor account receivables and account payables.  Transactions

23  occurring after the Petition Date produce inter-Debtor Administrative Claims owed to MMPLP.  As

24  of July 31, 2010, the aggregate amount of the inter-Debtor Administrative Claims owed to MMPLP

25  is approximately $2,662,265.  MMPLP shall retain such Administrative Claims and all rights,

26  interests, and obligations related thereto but, notwithstanding, MMPLP shall agree to subordinate

27  its right to receive payment on account of such Administrative Claims until the Holders of Allowed

28  Claims in Classes B and C have received the distributions they are entitled to received under this

1  Plan.  MMPLP shall not consent to subordinate its right to receive payment on account of such

2  Administrative Claims under any plan proposed by a party other than the Debtors.

3              **b.    Priority Tax Claims**

4        Priority Tax Claims are certain unsecured income, employment and other taxes described

5  by Bankruptcy Code Section 507(a)(8).  The following chart lists the Debtors' Section 507(a)(8)

6  priority Tax Claims and their treatment under this Plan.

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **1.      Meruelo Maddux Properties Inc.** | | |
| **Name –** IRS<br>**Type of tax –** Income | $304 | See below. |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **Name –** State of Delaware<br>**Type of tax –** Franchise | $125,138 | See below. |
| **2.      Meruelo Maddux Properties L.P.** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **4.      Meruelo Maddux Construction, Inc.** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **10.     Meruelo Maddux Properties – 1009 N. Citrus Avenue, Covina** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **11.     Meruelo Maddux – 230 W. Avenue 26 LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **12.     Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC** | | |
| **Name –** City of Los Angeles<br>**Type of tax -** Business | $151,232 | See below. |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **13.     Meruelo Maddux – 817-825 S. Hill Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **14.     Meruelo Maddux – 1000 E. Cesar Chavez LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **15.     Meruelo Maddux Properties – 1060 N. Vignes LLC** | | |

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **Name** – State Board of Equalization<br>**Type of tax –** Hazardous Substance Tax | $61,916 | See below. |
| **17.        Meruelo Maddux – 5500 Flotilla Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **18.        Meruelo Maddux Properties – 12385 San Fernando Road LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **20.        Merco Group – 801 E. 7th Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **21.        Merco Group – 1211 E. Washington Boulevard LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **28.        Meruelo Maddux – 3rd and Omar Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **29.        Meruelo Maddux – 336 W. 11th Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **30.        Meruelo Maddux – 500 Mateo Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **31.        Meruelo Maddux Properties – 760 S. Hill Street LLC** | | |
| **Name** – City of Los Angeles<br>**Type of tax** – Business | $1,885 | See below. |
| **Name** – Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **35.        Meruelo Maddux – 915-949 S. Hill Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **39.        Meruelo Maddux Properties – 2131 Humboldt Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **42.        Meruelo Maddux Properties – 2951 Lenwood Road LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |

-46-

| NAME | AMOUNT OWED | TREATMENT |
|------|-------------|-----------|
| **52.      Meruelo Wall Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **TOTAL**[4] | **$340,779** | |

Except as otherwise agreed to by a Reorganized Debtor and the applicable taxing agency, the Reorganized Debtor shall pay each Allowed Priority Tax Claim in full, with interest at the rate of 5.0% per annum accruing from the Petition Date, on the latest of  (a) 30 days after the Effective Date and (b) in the case of a Disputed Priority Tax Claim, 30 days after an Order allowing such Priority Tax Claim becomes a Final Order.

## 2.      Common Class Treatments For Classified Claims

The following are Common Class Treatments for the following classes of Claims and Interests: (i) Secured Tax Claims, (ii) Secured Lender Claims, (iii) Other Priority Claims, (iv) Unsecured Tenant Security Deposit Claims, (v) Convenience Class Claims, (vi) General Unsecured Claims, (vii) Intercompany Claims, and (viii) Interests.  The Classes of Claims and Interests for each Debtor will either receive the Common Treatment or a treatment specific to a particular Class and Debtor.  For each Class and for each Debtor, the Plan will specify whether such class will receive the common treatment set forth herein or another treatment.

In addition to the specific treatment detailed below, the Debtors expressly reserve the right to abandon any of their real properties pursuant to Section 554 of the Bankruptcy Code prior to the Confirmation Date.  The Debtors also expressly reserve the right, at any time during the term of the Plan, to refinance the obligations secured by any of their real properties or to sell such any or all of such real properties and satisfy the full amount of the Allowed Secured Claims against such real

---

[4]    The Franchise Tax Board has filed claims for franchise taxes for the 2009 year corporate tax fee of $800 in the Debtors' cases scheduled above.  Debtors' records indicate that all such taxes have been paid and, accordingly, the above schedule shows the amount of the such FTB claims to be zero but if it is determined that the FTB has Allowable Claims, the treatment is as provided above.

-47-

1   property(ies) from the proceeds of such refinancing.  The Debtors also reserve the right, subject to

2   Court approval, to sell any of their properties prior to the Effective Date and Reinstate the

3   obligations with respect thereto and pay any such claims in full under the Plan at the Effective

4   Date.  The Debtors also reserve the right to make full or partial repayment of the debt at any time

5   on or following the Effective Date.

6   **a.    Common Secured Tax Claim Treatment**

7           Pursuant to, and subject to, Court approval of the Debtors' settlement with the County, the

8   Holder shall receive deferred cash payments equal to the Allowed Secured Tax Claims with interest

9   at the rate of 18.0% per annum, on the Allowed Secured Tax Claim until paid in full.  Holders of

10  Allowed Secured Tax Claims shall receive deferred cash payments, payable in sixteen (16) equal

11  quarterly installments commencing on the first Quarterly Distribution Date and thereafter on each

12  succeeding Quarterly Distribution Date.  To the extent that the last payment occurs later than

13  March 26, 2013, the County has consented to this Treatment.

14          The Reorganized Debtor shall have the right to pay the Allowed Secured Tax Claim, or any

15  remaining balance of such Claim, or any portion of such Claim, at any time on or after the

16  Effective Date.

17  **b.    Common Secured Lender Claim Treatment**

18          The Holder shall receive deferred Cash payments over a period of either (i) five years from

19  the Effective Date if the Holder votes to accept the Plan or (ii) seven years from the Effective Date

20  if the Holder votes to reject the Plan (the "Maturity Date"), in an aggregate amount equal to the

21  amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion

22  of the Allowed Secured Claim, at the rate prescribed below.  Payments shall be made in the amount

23  of the monthly accruing interest, with the principal balance and any unpaid interest due and payable

24  at the Maturity Date.  The monthly installments of interest shall be payable on or before the

25  fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th)

26  day of the month following the month in which the Effective Date occurs.  Each installment shall

27  be in the amount equal to interest on the Allowed Claim at the rate of 5.0% per annum or as

28  otherwise established by the Court, provided, however, that in the event such Claim is not an

-48-

allowed Claim at the Effective Date then interest shall be payable on the undisputed portion of such Claim until the Claim is allowed pursuant to a Final Order of the Bankruptcy Court.  Once the Claim is an Allowed Claim pursuant to a Final Order, then on the next interest payment date, the Holder shall receive a payment equal to the unpaid interest due and owing on the disputed portion of the Claim from the Effective Date.

The terms and conditions of the agreements or instruments between the Holder and the Debtor shall be restructured and amended as of the Effective Date pursuant to Loan Modification Agreement, the form of which is attached to the Disclosure Statement as Exhibit D.  The Holder and Debtor shall, within a reasonable period of time after the Effective Date (or after a Final Order of the Bankruptcy Court allowing the Claim) complete the Loan Modification Agreement consistent with the terms of this Plan, and execute and deliver the same to be effective as of the Effective Date.  If there shall be found any error in the Loan Modification Agreement such that it was not completed consistent with the terms of this Plan, the Holder and the Debtor shall correct and re-execute the Loan Modification Agreement to be consistent with the Plan.  Except as provided in this section and the Loan Modification Agreement, and notwithstanding Section 1141(c) or any other provision of the Bankruptcy Code, all valid, enforceable and perfected prepetition liens of the Holder in its Collateral shall survive the Effective Date and continue in accordance with the contractual terms of the underlying agreements with such Holder and/or applicable law until the Holder's Allowed Secured Claim is satisfied pursuant to this Plan; provided however, that the Holder shall be prohibited from exercising rights or remedies pursuant to such underlying agreements so long as the Reorganized Debtor is in compliance with this Plan.  Any lien or interest granted to the Holder by the Court as adequate protection shall be released and extinguished upon confirmation.

### c.    Common Other Priority Claim Treatment

This Class includes Other Priority Claims for an amount entitled to priority under Sections 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code, and does not include any Administrative Claim or Tax Claim.  These unsecured Other Priority Claims are for unsecured

-49-

1  Claims for accrued employee compensation earned within 180 days prior to the Petition Date, to

2  the extent of $10,950 per employee.

3        The Bankruptcy Code requires that each Holder of a Priority Claim receive Cash on the

4  Effective Date equal to the amount of the Holder's Allowed Claim.  However, a Class of Priority

5  Claims may vote to accept deferred Cash payments of a value, as of the Effective Date, equal to the

6  allowed amount of such Claims.

7        Unless otherwise agreed to by the parties, each Holder of an Allowed Other Priority Claim

8  will receive an initial payment equal to 50% of the Holder's Allowed Claim and a second payment

9  for the balance of the Holder's Allowed Claim one year after the Effective Date with interest at the

10  rate of  4.0% per annum.  To the extent such Claim includes accrued vacation or sick pay, such

11  vacation or sick pay shall not be disbursed in cash but the vacation or sick time shall be reinstated

12  and the Holder shall be authorized to use such amounts for vacation or sick time following the

13  Effective Date.  The initial payment shall occur on or before the later of (i) the Effective Date or

14  (ii) 30 days after the end of the calendar quarter in which the Disputed Claim becomes an Allowed

15  Claim and (iii) the date that such Claim would be paid in accordance with any terms and conditions

16  of any agreements or understandings relating thereto between the applicable Debtor and the Holder

17  of such Claim.

18                    **d.       Common Tenant Security Deposits Treatment**

19        The Allowed Claims of the Holders shall be reinstated as of the Effective Date of the Plan.

20                    **e.       Common Convenience Class Claim Treatment**

21        Convenience Classes of General Unsecured Claims against each Debtor includes those

22  Claims the amount of which are equal to or less than $500. The Holders of such Claims shall

23  receive a single Cash payment equal to the full Allowed amount of the Claim, payable on the later

24  of (i) the Effective Date or as soon as practicable thereafter or (ii) in the case of a Disputed Claim,

25  30 days after the date an Order allowing such Claim becomes a Final Order, or (iii) 30 days after

26  the contingent claim becomes non-contingent.  No payments shall be made to Holders of

27  contingent Claims until such Claims become non-contingent.

28

1    The Holder of any Claim in any "C" Class may elect to reduce the Allowed amount of its

2    Claim to $500 and be treated as a member of the Convenience Class.

3    **f.    Common Unsecured Claim Treatment**

4    The Holders of Allowed General Unsecured Claims shall receive deferred cash

5    payments equal to 100% of the Allowed amount of the Claim plus interest at the rate of 4.0% per

6    annum, payable in twenty (20) equal quarterly installments commencing on the first Quarterly

7    Distribution Date and thereafter on each succeeding Quarterly Distribution Date.  Any Holder shall

8    have the right to elect an alternate treatment for such claim which election must be made at the time

9    such Holder votes on the Plan.  Under the alternate treatment, the Holder shall receive payment of

10    50% of its Allowed Claim within 30 days after the Effective Date in full satisfaction of its Claim.

11    In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the first

12    quarterly payment will be due and payable on the later of the next Quarterly Distribution Date or

13    30 days after the date the Disputed Claim becomes an Allowed Claim, and the first payment shall

14    include payment for any quarter for which payment had not been made before the Disputed Claim

15    became an Allowed Claim.

16    **g.    Common Unsecured Guaranty Claim Treatment**

17    Claims in this Class consist of  Guaranty Claims on obligations for which another one of the

18    Debtors is the principal obligor (referred to generally in this section as the "Principal Obligor") and

19    for which the principal obligation is provided for under this Plan.

20    As of the Effective Date, all provisions of all guaranties giving rise to such Guaranty

21    Claims shall be canceled and extinguished, including any and all waivers of suretyship rights and

22    defenses under California Civil Code § 2856, and all Claims arising under such guaranties shall be

23    released except as provided in this Plan.  Guaranty Claims shall be deemed contingent as of the

24    Effective Date and shall be deemed to be guarantees of the amended obligations of the respective

25    Principal Obligors under the Plan.  The guarantor of the Guaranty Claims shall be the Reorganized

26    MMPI.  The Holder of a Guaranty Claim in this Class shall not receive any distribution on account

27    of its Guaranty Claim, unless and until the Principal Obligor defaults under the terms of this Plan

28    (e.g., by failing to make a payment of interest and failing to timely cure such default under the

-51-

surviving terms of the applicable promissory note).  In that event, the Holder of a Guaranty Claim shall be required to proceed, whether by judicial or non-judicial foreclosure, against all real property securing the debt owed by the Principal Obligor to the Holder before seeking payment on account of its Guaranty Claim.  If the Holder forecloses on such real property collateral, the amount of the Holder's Guaranty Claim shall be equal to the amount owed by the Principal Obligor at the time of default, less the price for which the real property collateral was sold at the foreclosure sale (including by credit bid) or the fair market value of such property at the time of the foreclosure sale, whichever is greater.  If the price for which the real property collateral was sold at the foreclosure sale is greater than the amount owed by the Principal Obligor as of the date of default, the amount of the Holder's Guaranty Claim shall be zero, and any excess amounts will be distributed to the relevant principal obligor in accordance with applicable law.

If the price for which the real property collateral was sold at the foreclosure sale is less than the amount owed by the Principal Obligor as of the date of default, the Holder's resulting Guaranty Claim shall be deemed non-contingent.  Within thirty (30) days after the foreclosure sale, the Holder shall file a motion with the Bankruptcy Court on regular notice to the Debtors seeking entry of an order determining the amount of the Holder's Guaranty Claim as provided herein.  Upon the entry of that order, the Holder's Guaranty Claim shall receive the same treatment as afforded to Claims (i.e., the Holder shall receive deferred cash payments equal to 100% of the Allowed amount of the Claim with interest, payable in equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution Date).  In the event that the order is entered after the first Quarterly Distribution Date, the initial payment shall be due and payable on the later of the next Quarterly Distribution Date or thirty (30) days after the date on which the order is entered.

### h.    Common Treatment for Guaranty Claims held by Settling Guaranty Creditors

The foregoing treatment shall not apply with regard to guaranties executed by MMPI or other Debtors for the benefit of Cathay, FNBN, Imperial, PCB, The Stanford Group, or other Holders of Guaranty Claims where, pursuant to settlements approved by the Bankruptcy Court, the

-52-

1  guaranties have been confirmed or otherwise continued.  With respect to those guaranties, the

2  treatment of the Holder's Guaranty Claim shall be consistent in all regards with the Bankruptcy

3  Court-approved settlement.

4       **i.**  **Common Intercompany Claim Treatment**

5     The Holders shall retain such Claims and all rights, interests, and obligations related thereto

6  but, notwithstanding, the Holders of Intercompany Claims consent to the treatment afforded and

7  distributions to be made under this Plan to Holders in each class of Allowed Claims.

8       **j.**  **Common Interest Treatment**

9     The Holders of the Interests in this Class shall retain their Interests in the Debtor.

10  **C.**  **TREATMENT OF CLASSIFIED CLAIMS AGAINST AND INTERESTS**

11     **AGAINST EACH OF THE DEBTORS**

12     **1.**  **Claims Against And Interests In MMPI**

13       **a.**  **Class 1A – Secured Claim of Oliver, Sandifer**

14     The Class 1A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

15  shall receive a payment on the Effective Date equal to 10% of the Holder's Allowed Claim and

16  additional payments of 10% of the Holder's Allowed Claim each year on the anniversary of the

17  Effective Date with interest at the rate of 3.50% per annum with the remaining amount to be paid in

18  full from the recoveries on the underlying litigation to which this Holder's lien relates.  The Holder

19  shall retain its attorney's lien.

20       **b.**  **Class 1B – Other Priority Claims**

21     This Class is Unimpaired and Holders are not entitled to vote on the Plan.  The Holders

22  shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

23       **c.**  **Class 1C-1 General Unsecured Claims-Convenience Class**

24     This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26  Claims.

27

28

#### d.    Class 1C-2A Unsecured Guaranty Claims

This Class is Impaired and Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Guaranty Claim Treatment on Account of their Allowed Claims.

#### e.    Class 1C-2B Unsecured Guaranty Claims

This Class is Impaired and Holders are entitled to vote on the Plan.  The Holders shall receive the Common Treatment for Guaranty Claims held by Settling Guaranty Creditors.

#### f.    Class 1C-3 General Unsecured Claims

This Class is Impaired and Holders are entitled to vote on the Plan.  The Holders of Allowed General Unsecured Claims shall receive a single Cash payment equal to the full Allowed amount of the Claim, with interest at the rate of 5.0% per annum accruing from the Petition Date, payable on the later of (i) 30 days after the Effective Date or as soon as practicable thereafter or (ii) in the case of a Disputed Claim, 30 days after the date an Order allowing such Claim becomes a Final Order, except that the Debtors and FNBN have agreed to a settlement of certain claims and other matters, including treatment of FNBN's unsecured claim.  FNBN will receive treatment in accordance with the settlement.  Pursuant to the Settlement and this Plan, FNBN shall receive one of the two treatment options at the election of the Debtors:

"FNBN Option 1":  The Debtors shall pay on the earlier of the Effective Date or March 27, 2011, an amount equal to 50% of FNBN's unsecured claim in the amount of $3,139,910.50.

"FNBN Option 2":  FNBN shall receive deferred cash payments equal to 100% of the Allowed amount of its Claim plus interest at the rate of 1.0% per annum, payable in twenty (20) equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution Date.

#### g.    Class 1E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

-54-

1

      **2.      Claims Against And Interests In MMPLP**

2

            **a.      Class 2C-1 General Unsecured Claims - Convenience Class**

3      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

4  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

5  Claims.

6

            **b.      Class 2C-2 Unsecured Guaranty Claims**

7      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

8  receive the Common Unsecured Guaranty Claim Treatment on account of their Allowed Claims.

9

            **c.      Class 2C-3 General Unsecured Claims**

10      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders of

11  Allowed General Unsecured Claims shall receive a single Cash payment equal to the full Allowed

12  amount of the Claim, with interest at the rate of 5.0% per annum accruing from the Petition Date,

13  payable on the later of (i) 30 days after the Effective Date or as soon as practicable thereafter or (ii)

14  in the case of a Disputed Claim, 30 days after the date an Order allowing such Claim becomes a

15  Final Order.

16

            **d.      Class 2D Intercompany Claims**

17      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

18  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

19

            **e.      Class 2E Interests**

20      This Class is Impaired.  The LTIP Units shall be cancelled and the Holders of Interests in

21  the LTIP Units shall not receive any distributions or retain any property on account of their Equity

22  Interests.  The remaining Interests shall be extinguished by the merger of MMPLP with or into

23  MMPI.

24

      **3.      Claims Agent And Interests In MM Ventures, LLC**

25

            **a.      Class 3C General Unsecured Claims**

26      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

27  shall receive payment in full on the Effective Date on account of their Allowed Claims**.**

28

358005.02 [XP]      25195

**b.      Class 3D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**c.      Class 3E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**4.      Claims Against And Interests In MM Construction**

**a.      Class 4C-1 General Unsecured Claims - Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**b.      Class 4C-2 General Unsecured Claims**

This Class is Unimpaired and the Holders are entitled to vote on the Plan.  The Holders shall receive payment in full on the Effective Date on account of their Allowed Claims.

**c.      Class 4D Intercompany Claims**

This Class is Unimpaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**d.      Class 4E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**5.      Claims Against And Interests In MM Management**

**a.      Class 5B Other Priority Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

**b.      Class 5C-1 General Unsecured Claims Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

358005.02 [XP]     25195

1

### c.      5C-2 General Unsecured Claims

2    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3 shall receive payment in full on the Effective Date on account of their Allowed Claims.

4

### d.      Class 5D Intercompany Claims

5    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7

### e.      Class 5E Interests

8    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

9 account of their Interests.

10

### 6.      Claims Against And Interests In MM- 555 Central Avenue

11

### a.      Class 6C General Unsecured Claims

12    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

13 receive the Common Unsecured Claim Treatment on their Allowed Claims.

14

### b.      Class 6D Intercompany Claims

15    This Class is Unimpaired and the Holders are entitled to vote on the Plan.  The Holders

16 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

17

### c.      Class 6E Interests

18    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

19 account of their Interests.

20

### 7.      Claims Against And Interests In MG- Overland Terminal

21

### a.      Class 7C General Unsecured Claims

22    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

23 shall receive the payment in full on the Effective Date on account of their Allowed Claims.

24

### b.      Class 7D Intercompany Claims

25    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

26 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

27

28

358005.02 [XP]    25195

### c.    Class 7E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 8.    Claims Against Interests In National Cold Storage

### a.    Class 8C-1 General Unsecured Claims - Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### b.    Class 8C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### c.    Class 8E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 9.    Claims Against And Interests In Wall Street Market

### a.    Class 9C-1 General Unsecured Claims Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### b.    Class 9C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### c.    Class 9D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### d.    Class 9E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

358005.02 [XP]    25195

**10.    Claims Against The Interests In MMP 1009 N. Citrus**

**a.    Class 10A Los Angeles County Secured Tax Claim**

The Class 10A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of the Real Property[5] | $3,120,000 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $127,403 |
| Estimated Quarterly Payment | $11,227 |
| Total Payout Amount | $139,835 |

The payment obligations with respect to this Claim shall be secured by the MMP 1009 N. Citrus Real Property.

**b.    Class 10C-1 Unsecured Claims Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Claim Treatment on account of their Allowed Claims.

**c.    Class 10C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**d.    Class 10D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**e.    Class 10E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

---

[5]    Unless otherwise noted the source of the valuation of Real Property is from the Debtors.

-59-

358005.02 [XP]    25195

**11.    Claims Against And Interests In MM 230 W. Avenue 26**

**a.    Class 11A Los Angeles County Secured Tax Claim**

The Class 11A Claim is Impaired and therefore the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Tax Claim Treatment

| | |
|---|---|
| Value of Real Property | $5,200,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $175,442 |
| Estimated Quarterly Payment | $15,461 |
| Total Payout Amount | $226,245 |

The payment obligations with respect to this Claim shall be secured by the MM 230 W. Avenue 26 Real Property.

**b.    Class 11C-1 Unsecured Claim Tenant Security Deposits**

This Class is Unimpaired.  The Holders shall receive the Common Tenant Security Deposit Treatment.

**c.    Class 11C-2 General Unsecured Claims Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**d.    Class 11C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**e.    Class 11D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**f.    Class 11E Interest**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

358005.02 [XP]    25195

1

### 12.   Claims Against And Interests In MMP 306-330 N. Avenue 21

2

#### a.   Class 12A Los Angeles County Secured Tax Claim

3        The Class 12A Claim in Impaired and therefore the Holder is entitled to vote on the Plan.

4   The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $2,483,750 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $120,124 |
| Estimated Quarterly Payment | $10,586 |
| Total Payout Amount | $151,839 |

11       The payment obligations with respect to this Claim shall be secured by the MMP 306-330

12   N. Avenue 21 Real Property.

13

#### b.   Class 12C-1 Unsecured Claim Tenant Security Deposits

14       This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive

15   the Common Tenant Security Deposit Treatment.

16

#### c.   Class 12C-2 General Unsecured Claims - Convenience Class

17       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

18   shall receive the Common Convenience Class Claim Treatment on account of their Allowed

19   Claims.

20

#### d.   Class 12C-3 General Unsecured Claims

21       This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

22   receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

23

#### e.   Class 12D Intercompany Claims

24       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25   shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

26

#### f.   Class 12E Interests

27       This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

28   account of their Interests.

358005.02 [XP]      25195

**13.    Claims Against And Interests In MM 817-825 S. Hill Street**

**a.    Class 13A Los Angeles County Secured Tax Claim**

The Class 13A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $7,191,320 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $379,123 |
| Estimated Quarterly Payment | $33,410 |
| Total Payout Amount | $534,560 |

The payment obligations with respect to this Claim shall be secured by the MM 817-825 S. Hill Street Real Property.

**b.    Class 13C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

**c.    Class 13C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**d.    Class 13D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**e.    Class 13E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**14.    Claims Against And Interests In MM – 1000 E. Cesar Chavez**

**a.    Class 14A Los Angeles County Secured Tax Claim**

The Class 14A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $4,454,579 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $179,907 |
| Estimated Quarterly Payment | $15,854 |
| Total Payout Amount | $253,664 |

The payment obligations with respect to this Claim shall be secured by the MM 1000 E. Cesar Chavez Real Property.

**b.**      **Class 14C-1 Unsecured Claim Tenant Security Deposits**

This Class is Unimpaired and the Holder is not entitled to vote on the Plan. The Holders shall receive the Common Tenant Security Deposit Treatment

**c.**      **Class 14C-2 General Unsecured Claims - Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**d.**      **Class 14C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan. The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**e.**      **Class 14D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**f.**      **Class 14E Interests**

This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on account of their Interests.

**15.**      **Claims Against And Interests In MMP 1060 N. Vignes**

**a.**      **Class 15A Los Angeles County Secured Tax Claim**

The Class 15A Claim is Impaired and the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Tax Claim Treatment.

-63-

| Value of Real Property | $8,646,650 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $123,542 |
| Estimated Quarterly Payment | $10,887 |
| Total Payout Amount | $135,598 |

The payment obligations with respect to this Claim shall be secured by the MMP 1060 N. Vignes Real Property.

**b.    Class 15C-1 General Unsecured Claims - Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**c.    Class 15C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**d.    Class 15D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**e.    Class 15E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**16.    Claims Against And Interests In MM 2415 E. Washington Boulevard**

**a.    Class 16A Los Angeles County Secured Tax Claim**

The Class 16A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $1,295,000 |
|---|---|
| Priority of Lien | 1st |

-64-

| Total Estimated Claim as of Effective Date of December 31, 2010 | $55,606 |
|---|---|
| Estimated Quarterly Payment | $4,900 |
| Total Payout Amount | $78,400 |

The payment obligations with respect to this Claim shall be secured by the MM 2415 E. Washington Boulevard Real Property.

**b.    Class 16C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

**c.    Class 16C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**d.    Class 16D Intercompany Claims**

This Class is Unimpaired and not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**e.    Class 16E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**17.    Claims Against And Interests In MM 5500 Flotilla Street**

**a.    Class 17C General Unsecured Claims**

This Class is Unimpaired and the Holders are entitled to vote on the Plan.  The Holders shall receive payment in full on the Effective Date on account of their Allowed Claims.

**b.    Class 17D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**c.    Class 17E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

-65-

358005.02 [XP]      25195

18.    **Claims Against And Interests In MMP 12385 San Fernando Road**

a.    **Class 18A Los Angeles County Secured Tax Claim**

The Class 18A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of the Real Property | $9,127,800 |
| --- | --- |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $226,806 |
| Estimated Quarterly Payment | $19,987 |
| Total Payout Amount | $273,264 |

The payment obligations with respect to this Claim shall be secured by the MMP 12385 San Fernando Road Real Property.

b.    **Class 18C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

c.    **Class 18C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

d.    **Class 18D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

e.    **Class 18E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

19.    **Claims Against And Interests In MG 146 E. Front Street**

a.    **Class 19C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

-66-

**b.    Class 19C-2 General Unsecured Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full on the Effective Date on account of their Allowed Claims.

**c.    Class 19D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**d.    Class 19E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**20.    Claims Against And Interests In MG 801 E. 7th Street**

**a.    Class 20A Los Angeles County Secured Tax Claim**

The Class 20A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $360,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $15,205 |
| Estimated Quarterly Payment | $1,340 |
| Total Payout Amount | $21,440 |

The payment obligations with respect to this Claim shall be secured by the MG 801 E. 7th Street Real Property.

**b.    Class 20C General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**c.    Class 20D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

####           d.       Class 20E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

####      21.       Claims Against And Interests In MG 1211 E. Washington

#####           a.       Class 21A-1 Los Angeles County Secured Tax Claim

The Class 21A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment

| | |
|---|---|
| Value of Real Property | $9,108,396 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $263,793 |
| Estimated Quarterly Payment | $23,247 |
| Total Payout Amount | $371,952 |

The payment obligations with respect to this Claim shall be secured by the MG 1211 E. Washington Boulevard Real Property.

#####           b.       Class 21A-2 Secured Claim of RoofCorp of CA, Inc.

The Class 21A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive a payment on the Effective Date equal to 50% of the Holder's Allowed Claim and a second payment for the balance of the Holder's Allowed Claim one year after the Effective Date with interest at the rate of 3.5% per annum.

| | |
|---|---|
| Value of Real Property | $9,108,396 |
| Priority of Lien | 2nd |
| Total Prepetition Claim | $37,500 |
| Total Payout Amount | $40,622 |

The payment obligations with respect to this claim shall be secured by the MG 1211 E. Washington Boulevard Real Property.

358005.02 [XP]     25195

**c.**     **Class 21C-1 Unsecured Claims Tenant Security Deposits**

This Class is Unimpaired and is not entitled to vote on the Plan.   The Holders shall receive the Common Tenant Security Deposit Treatment.

**d.**     **Class 21C-2 General Unsecured Claims Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**e.**     **Class 21C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**f.**     **Class 21D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**g.**     **Class 21E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**22.**     **Claims Against And Interests In MG 1308 S. Orchard**

**a.**     **Class 22A Los Angeles County Secured Tax Claim**

The Class 22A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $700,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $39,500 |
| Estimated Quarterly Payment | $3,481 |
| Total Payout Amount | $55,696 |

-69-

1    The payment obligations with respect to this Claim shall be secured by the MG 1308 S.

2  Orchard Real Property.

3  **b.      Class 22C General Unsecured Claims**

4    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

5  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

6  **c.      Class 22D Intercompany Claims**

7    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

9  **d.      Class 22E Interests**

10    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

11  account of their Interests.

12  **23.    Claims Against And Interests In MG 2040 Camfield Avenue**

13  **a.      Class 23C General Unsecured Claims**

14    This Class is Unimpaired and the Holders are entitled to vote on the Plan.  The Holders

15  shall receive payment in full on the Effective Date on account of their Allowed Claims.

16  **b.      Class 23D Intercompany Claims**

17    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

18  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

19  **c.      Class 23E Interests**

20    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

21  account of their Interests.

22  **24.    Claims Against And Interests In MG Ceres Street Produce**

23  **a.      Class 24A Los Angeles County Secured Tax Claim**

24    The Class 24A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

25  shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | | $2,419,200 |
| --- | --- | --- |
| Priority of Lien | | 1st |

-70-

| Total Estimated Claim as of Effective Date of December 31, 2010 | | $70,090 |
|---|---|---|
| Estimated Quarterly Payment | | $6,177 |
| Total Payout Amount | | $98,832 |

The payment obligations with respect to this Claim shall be secured by the MG Ceres Street Produce Real Property.

### b.    Class 24C-1 Unsecured Claims - Convenience Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### c.    Class 24C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan. The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### d.    Class 24D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### e.    Class 24E Interests

This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on account of their Interests.

### 25.    Claims Against And Interests In Meruelo Baldwin Park

### a.    Class 25A Los Angeles County Secured Tax Claim

The Class 25A Claim is Impaired and the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | | $7,522,000 |
|---|---|---|
| Priority of Lien | | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | | $216,638 |

-71-

| Estimated Quarterly Payment | | $19,091 |
|---|---|---|
| Total Payout Amount | | $253,778 |

The payment obligations with respect to this Claim shall be secured by the Meruelo Baldwin Park Real Property.

**b.      Class 25C-1 Unsecured Claim Tenant Security Deposits**

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

**c.      Class 25C-2 General Unsecured Claims - Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**d.      Class 25C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**e.      Class 25D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**f.      Class 25E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**26.      Claims Against And Interests In Santa Fe & Washington Market**

**a.      Class 26A Los Angeles County Secured Tax Claim**

The Class 26A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | | $4,829,200 |
|---|---|---|
| Priority of Lien | | 1st |

-72-

| Total Estimated Claim as of Effective Date of December 31, 2010 | | $39,305 |
|---|---|---|
| Estimated Quarterly Payment | | $3,464 |
| Total Payout Amount | | $55,424 |

The payment obligations with respect to this Claim shall be secured by the Santa Fe & Washington Market Encumbered Real Property and the Santa Fe & Washington Market Unencumbered Real Property.

> **b.    Class 26C-1 Unsecured Claim Tenant Security Deposits**

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

> **c.    Class 26C-2 General Unsecured Claims Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

> **d.    Class 26C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

> **e.    Class 26D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

> **f.    Class 26E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

> **27.    Claims Against And Interests In MG 5707 S. Alameda**

> **a.    Class 27A Los Angeles County Secured Tax Claim**

The Class 27A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

-73-

| Value of Real Property | $5,034,320 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $120,619 |
| Estimated Quarterly Payment | $10,630 |
| Total Payout Amount | $127,534 |

The payment obligations with respect to this Claim shall be secured by the 5707 S. Alameda Real Property.

### b.    Class 27C-1 Unsecured Claim Tenant Security Deposits

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

### c.    Class 27C-2 General Unsecured Claims - Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### d.    Class 27C-3 General Unsecured Claims

This Class is Impaired and is entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

### e.    Class 27D Intercompany Claims

This Class is Unimpaired and not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### f.    Class 27E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 28.    Claims Against And Interests In MM 3rd & Omar Street

### a.    Class 28A-1 Los Angeles County Secured Tax Claim

The Class 28A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

-74-

| Value of Real Property | $3,750,000 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $137,523 |
| Estimated Quarterly Payment | $12,119 |
| Total Payout Amount | $193,904 |

The payment obligations with respect to this Claim shall be secured by the MM 3rd and Omar Street Real Property.

### b.    Class 28A-2 Legendary Secured Claim

The Class 28A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of 3rd and Omar Street Real Property | $3,750,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $2,559,658 | $2,559,658 |
| Accrued Pre-Petition Interest | $24,530 | $6,062 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $515,131 | $376,126 as of February 28, 2010 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $239,657 for attorneys fees as of June 30, 2010 + $15,156 for late charges |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $3,099,319 | $3,200,409 as of February 28, 2010 |
| Estimated Monthly Interest Payment | $12,914 | |

358005.02 [XP]    25195

1    The payment obligations with respect to this Claim shall be secured by the MM 3rd and

2  Omar Street Real Property.

3           c.       **Class 28C-1 Unsecured Claims Tenant Security Deposits**

4    This Class is Unimpaired and is not entitled to vote on the Plan.   The Holders shall receive

5  the Common Tenant Security Deposit Treatment.

6           d.       **Class 28C-2 General Unsecured Claims Convenience Class**

7    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

9  Claims.

10           e.       **Class 28C-3 General Unsecured Claims**

11    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

12  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

13           f.       **Class 28D Intercompany Claims**

14    This Class is Unimpaired and not entitled to vote on the Plan.  The Holders shall receive the

15  Common Intercompany Claim Treatment on account of their Allowed Claims.

16           g.       **Class 28E Interests**

17    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

18  account of their Interests.

19       29.    **Claims Against And Interests In MM 336 W. 11th Street**

20           a.       **Class 29A-1 Los Angeles County Secured Tax Claim**

21    The Class 29A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

22  Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $5,386,150 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $217,986 |
| Estimated Quarterly Payment | $19,210 |
| Total Payout Amount | $307,360 |

-76-

The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th Street Real Property.

**b.      Class 29A-2 Legendary Secured Claim**

The Class 29A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $5,386,150 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim | See Class 46A-2 | See Class 46A-2 |
| Accrued Pre-Petition Interest | See Class 46A-2 | See Class 46A-2 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | See Class 46A-2 | See Class 46A-2 |
| Other Allowable Charges under Section 506(b) | See Class 46A-2 | See Class 46A-2 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | See Class 46A-2 | See Class 46A-2 |
| Estimated Monthly Interest Payment | See Class 46A-2 | See Class 46A-2 |

The payment obligations with respect to this Claim are those of 620 Gladys Street and are secured by the 620 Gladys Street and the 336 W. 11th Street Real Property.

**c.      Class 29A-3 Grand Avenue Lofts HOA Secured Claim**

The Class 29A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Debtors dispute that the Holder has an Allowed Claim.  To the Extent the Holder has an Allowed Claim, it shall receive the Common Secured Lender Claim Treatment, except the Holder and the Debtor shall not enter into a Loan Modification Agreement, but the agreements or instruments between the Holder and the Debtor shall be restructured and amended to provide that the period

-77-

1  within which the Debtor is to perform obligations under its agreements with the Holder are

2  extended to the Maturity Date and the period for accrual of damages or the exercise of rights and

3  remedies against the Debtors including without limitation liquidated damages and reversion rights

4  are tolled through the Maturity Date.

5       The amounts of the debt or Claims set forth in the below schedule are by way of illustration

6  and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed

7  Secured Claim of such Holder.

| Value of Real Property | $5,386,150 |
|---|---|
| Priority of Lien | 3rd |
| Total Claim | $270,000 |
| Total Payout | $290,026 |

13       The payment obligations with respect to this Claim shall be secured by the MM 336 W.

14  11th Street Real Property.

15          **d.**     **Class 29A-4 Grand Avenue Lofts LLC/CIM Urban RE Fund**

16                **GPII, LLC Secured Claim**

17       The Class 29A-4 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

18  Debtors dispute the Holder has an Allowed Claim.  To the extent the Holder has an Allowed Claim,

19  it shall receive the Common Secured Lender Claim Treatment except the Holder and the Debtor

20  shall not enter into a Loan Modification Agreement, but the agreements or instruments between the

21  Holder and the Debtor shall be restructured and amended to provide that the period within which

22  the Debtor is to perform obligations under its agreements with the Holder are extended to the

23  Maturity Date and the period for accrual of damages or the exercise of rights and remedies against

24  the Debtors including without limitation liquidated damages and reversion rights are tolled through

25  the Maturity Date.

26       The amounts of the debt or Claims set forth in the below schedule are by way of illustration

27  and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed

28  Secured Claim of such Holder.

-78-

| Value of Real Property | $5,386,150 |
|---|---|
| Priority of Lien | 4th |
| Total Claim | Unknown |
| Total Payout Amount Over Time | Unknown |

The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th Street Real Property.

### e. Class 29C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and are not entitled to vote on the Plan. The Holders shall receive the Common Convenience Class Claim Treatment.

### f. Class 29C-2 General Unsecured Claims

This Class is Impaired and the Holders entitled to vote on the Plan. The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### g. Class 29D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### h. Class 29E Interests

This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on account of their Interests.

### 30. Claims Against And Interests In MM 420 Boyd Street

### a. Class 30A-1 Los Angeles County Secured Tax Claim

The Class 30A-1 Claim is Impaired and the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $6,950,000 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $298,732 |
| Estimated Quarterly Payment | $26,326 |

-79-

| Total Payout Amount | $421,216 |
|---|---|

The payment obligations with respect to this Claim shall be secured by the MM 420 Boyd Street Real Property.

### b.    Class 30A-2 Legendary Secured Claim

The Class 30A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of MM 420 Boyd Real Property | $6,950,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $5,950,000 | $5,950,000 |
| Accrued Pre-Petition Interest | $157,821 | $146,567 + $11,872 for Prepetition Late Charges |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,300,521 | $949,587 as of February 28, 2009 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $239,567 for Attorneys Fees Through June 30, 2010 + $33,796 for Postpetition Late Charges |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $7,408,342 | $7,331,389 as of February 28, 2010 |
| Estimated Monthly Interest Payment | $30,868 | |

The payment obligations with respect to this Claim shall be secured by the MM 420 Boyd Street Real Property.

-80-

1

          **c.**      **Class 30C-1 Unsecured Claims – Tenant Security Deposits**

2        This Class is Unimpaired and is not entitled to vote on the Plan. The Holders shall receive

3 the Common Tenant Security Deposit Treatment.

4

          **d.**      **Class 30C-2 General Unsecured Claims - Convenience Class**

5        This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders

6 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

7 Claims.

8

          **e.**      **Class 30C-3 General Unsecured Claims**

9        This Class is Impaired and the Holders are entitled to vote on the Plan. The Holders shall

10 receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

11

          **f.**      **Class 30D Intercompany Claims**

12        This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders

13 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

14

          **g.**      **Class 30E Interests**

15        This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on

16 account of their Interests.

17

        **31.**      **Claims Against And Interests In MM 500 Mateo Street**

18

          **a.**      **Class 31C-1 General Unsecured Claims – Convenience Class**

19        This Class is Unimpaired and are not entitled to vote on the Plan. The Holders shall receive

20 the Common Convenience Class Claim Treatment.

21

          **b.**      **Class 31C-2 General Unsecured Claims**

22        This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders

23 shall receive payment in full on the Effective Date on account of their Allowed Claims.

24

          **c.**      **Class 31D Intercompany Claims**

25        This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders

26 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

27

28

358005.02 [XP]    25195

#### d. Class 31E Interests

This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on account of their Interests.

### 32. Claims Against And Interests In MMP 760 S. Hill Street

#### a. Class 32A-1 Los Angeles County Secured Tax Claim

The Class 32A-1 Claim is Impaired and the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $30,032,925 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $281,044 |
| Estimated Quarterly Payment | $24,767 |
| Total Payout Amount | $396,272 |

The payment obligations with respect to this Claim shall be secured by the MMP 760 S. Hill Street Real Property.

#### b. Class 32A-2 BofA Secured Claim

The Class 32A-2 Claim is Impaired and the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Lender Claim Treatment, except that the interest rate shall be the "BBA LIBOR Rate" as defined in Holder's Loan Documents. Furthermore, notwithstanding anything contained in Holder's Loan Documents, the Debtor shall have a one-time right to sell the BofA Collateral re MMP 760 S. Hill Street (excepting the funds held on deposit which are part of such collateral) to a third party ("Permitted Sale") on the following terms: (1) Holder shall permit Debtor to assign Debtor's rights, and the purchaser to assume Debtor's obligations, under the Holder's Loan Documents, (2) at closing of the Permitted Sale, the funds held on deposit which are part of such collateral shall be applied as a principal reduction payment under the Holder's Loan Documents, (3) the Debtor may provide seller carry-back financing to the purchaser with an original principal amount up to the amount of the principal reduction payment described above, (4) the Debtor may secure the purchaser's obligations to Debtor in connection

-82-

with the assignment and assumption and in connection with any seller carry-back financing, each as described above, with a deed of trust lien and security interests in the BofA Collateral re MMP 760 S. Hill Street which shall be junior to Holder's lien and security interests, (5) the Debtor and any guarantor under the Holder's Loan Documents shall not be released from liability under Holder's Loan Documents, but shall receive duplicate notice of and shall have the right to cure for its own benefit any breaches or defaults by the purchaser under the Holder's Loan Documents, and (6) Debtor may exercise its rights and remedies (including foreclosure) under its loan and/or security documents with the purchaser without triggering an acceleration of the debt or a breach or default under Holder's Loan Documents.  Such Permitted Sale shall not be deemed to trigger any due on sale clause in the Holder's Loan Documents and shall not otherwise allow Holder to accelerate the debt or constitute a breach or default under Holder's Loan Documents.

The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of BofA Collateral | $36,597,907 ($30,032,925 – MMP S. Hill Street Real Property + $6,564,983 BofA account number 14593600078) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $28,108,094 | $28,108,094 |
| Accrued Pre-Petition Interest | $298,593 | |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $3,566,214 | |
| Other Allowable Charges under Section 506(b) | To Be Determined | |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $31,972,901 | |

| Estimated Monthly Interest Payment | $133,220 | |
|---|---|---|

The payment obligations with respect to this Claim shall be secured by the BofA Collateral re MMP 760 S. Hill Street.

### c.    Class 32B Priority Benefits Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Priority Claim Treatment on account of their Allowed Claims.

### d.    Class 32C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

### e.    Class 32C-2 General Unsecured Claims - Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### f.    Class 32C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### g.    Class 32D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### h.    Class 32E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 33.    Claims Against And Interests In 788 S. Alameda

### a.    Class 33A-1 Los Angeles County Secured Tax Claim

The Class 33A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

-84-

| | |
|---|---|
| Value of Real Property | $9,426,667 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $104,514 |
| Estimated Quarterly Payment | $9,210 |
| Total Payout Amount | $147,360 |

The payment obligations with respect to this Claim shall be secured by the 788 S. Alameda Real Property.

**b.      Class 33A-2 California Bank & Trust Secured Claim**

The Class 33A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of CBT Collateral | $9,434,181 ($9,426,667 – 788 S. Alameda Real Property + $7,514 in cash located in CBT account number 2120351811) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $7,153,799 | $7,153,799 |
| Accrued Pre-Petition Interest | $250,383 | $118,733 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,314,511 | $288,537 (through December 16, 2009) |
| Other Allowable Charges under Section 506(b) | To Be Determined | $311,230 (through December 16, 2009) |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $8,718,692 | $7,872,299 (through December 16, 2009) |

-85-

| Estimated Monthly Interest Payment | $36,328 | |
|---|---|---|

The payment obligations with respect to this Claim shall be secured by the CBT Collateral, excluding therefrom any and all deposit or other accounts holding monies in the name of 788 Alameda, which monies as of the Effective Date shall be deemed funds free and clear of any interest of CBT and available for the Reorganized Debtor's unfettered use.  Any lien encumbering any other real property of the Debtors as adequate protection pursuant to any order of the Court shall be released and of no further force or effect as of the Effective Date.

        **c.**        **Class 33B Other Priority Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

        **d.**        **Class 33C-1 Unsecured Claims – Tenant Security Deposits**

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

        **e.**        **Class 33C-2 General Unsecured Claims - Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

        **f.**        **Class 33C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

        **g.**        **Class 33D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

        **h.**        **Class 33E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

358005.02 [XP]    25195

34.    **Claims Against And Interests In 905 8th Street**

a.    **Class 34A-1 Los Angeles County Secured Tax Claim**

The Class 34A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $2,750,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $95,421 |
| Estimated Quarterly Payment | $8,409 |
| Total Payout Amount | $127,097 |

The payment obligations with respect to this Claim shall be secured by the 905 8th Street Real Property.

b.    **Class 34A-2 The Stanford Group LP Secured Claim**

The Class 34A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  905 8th Street and the Holder have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the Plan.  The Holder will receive treatment consistent with the settlement.  Without limiting or altering the provisions of the settlement, the treatment is as follows:  Interest on the outstanding principal balance shall be 4.0% per annum.  The Holder shall receive $10,000 on the tenth day of each calendar month until June 8, 2012 and $12,000 on the tenth of each calendar month from May 10, 2012 through June 8, 2013.  The maturity date of the loan shall be June 8, 2013 at which time the entire unpaid principal balance of the loan and all accrued but unpaid interest thereon shall be due and payable.  The terms and conditions of the note and deed of trust made by 905 8th Street, and any other agreement or instrument relating to the 905 8th Street Real Property in favor of the Holder, shall remain extant and unaltered, except with regard to those provisions modified by the settlement agreement and documents relating thereto, including but not limited to the Loan Reinstatement and Amendment to Loan Documents.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

-87-

Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| Value of Real Property | $2,750,000 |
|---|---|
| Priority of Lien | 2nd |
| Allowable Pre-Petition Claim | $1,950,000 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $1,928,824 |
| Estimated Monthly Interest Payment | $10,000 through June 8, 2012 and $12,000 thereafter |

The payment obligations with respect to this Claim shall be secured by the 905 8th Street

### c.    Class 34C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

### d.    Class 34C-2 Unsecured Claims - Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

### e.    Class 34C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

### f.    Class 34D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.    Class 34E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

-88-

35.    **Claims Against And Interests In MM 915-949 S. Hill**

a.    **Class 35A-1 Los Angeles County Secured Tax Claim**

The Class 35A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The
Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $12,825,600 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $338,027 |
| Estimated Quarterly Payment | $29,789 |
| Total Payout Amount | $383,884 |

The payment obligations with respect to this Claim shall be secured by the MM 915-949 S.
Hill Street Real Property.

b.    **Class 35A-2 Imperial Capital Bank Secured Claim**

The Class 35A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  MM
915-949 S. Hill Street and the Holder have agreed to a settlement of certain claims and other
matters, including the treatment of the Holder's Claim under the Plan.  The Holder will receive
treatment consistent with the settlement.  Without limiting or altering the provisions of the
settlement, the treatment is as follows:  Interest on the outstanding principal balance shall be based
on a variable interest rate, with such rate based on the weekly average percent per annum yield for
six month Treasury Constant Maturities as calculated by the U.S. Treasury and presently published
in document H.15 (519) issued by the Board of Governors of the Federal Reserve System.  The rate
will be adjusted on the first day of each quarter of the calendar year.  Interest will accrue at a rate
equal to such index rate plus 3.0% per annum, with an estimated initial interest rate of 3.25% per
annum.  The Holder shall receive monthly installment interest-only payments.  The maturity date of
the loan shall be January 1, 2013, at which time the entire unpaid principal balance of the loan and
all accrued but unpaid interest thereon shall be due and payable.  Prior to the Effective Date, MM
915-949 S. Hill Street shall have paid (a) $246,401.58 to the Holder in satisfaction of all agreed-
upon interest accrued under the applicable loan through November 30, 2009, and (b) $117,185.86

-89-

in satisfaction of all attorneys' fees, costs, expenses and other amounts the Holder may have

incurred through November 30, 2009; the payment of such amounts effectuated a reinstatement of

the loan in full.  The terms and conditions of the note and deed of trust made by MM 915-949 S.

Hill Street, and any other agreement or instrument relating to the MM 915-949 S. Hill Street Real

Property, shall remain extant and unaltered, except with regard to those provisions modified by the

settlement agreement and documents relating thereto, including but not limited to the Loan

Reinstatement Agreement and First Amendment to Loan Documents (Hill Street Loan).

| Value of Real Property | $12,825,600 - MM 915-949 S. Hill Street Real Property    +<br><br>$1,295,000 - MM 2415 E. Washington Boulevard Real Property    +<br><br>$1,948,000 – Santa Fe & Washington Market Encumbered Real Property    +<br><br>$10,364,638 – 815 E. Temple Street Real Property<br><br>TOTAL = $26,433,238 |
| --- | --- |
| Priority of Lien | 2nd |
| Total Estimated Claim as of December 31, 2010 | $9,007,827 |
| Other Allowable Charges under Section 506(b) | $0.00 |
| Estimated Initial Monthly Payment | $26,273 - $33,779 |

Subject to the substitution of other real property as collateral pursuant to the procedures set

forth in the settlement, MM 915-949 S. Hill Street's obligations under its promissory note shall be

secured by [1] the MM 915-949 S. Hill Street Real Property, [2] the 815 E. Temple Street Real

property, [3] the MM 2415 E. Washington Boulevard Real Property, and [4] the Santa Fe &

Washington Market Encumbered Real Property.  The obligations of MM 915-949 S. Hill to

Imperial shall be cross-defaulted with the obligations of Meruelo Farms and MMP 1919 Vineburn

to Imperial.  As part of the settlement, the Holder has waived, released and discharged any and all

adequate protection liens that have arisen or may in the future arise in favor of the Holder pursuant

-90-

1 | to the Bankruptcy Court's orders authorizing MM 915-949 S. Hill Street's use of cash collateral on

2 | an interim or final basis.

3 |          **c.    Class 35C-1 General Unsecured Claims - Convenience Class**

4 |        This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

5 | shall receive the Common Convenience Class Claim Treatment on account of their Allowed

6 | Claims.

7 |          **d.    Class 35C-2 General Unsecured Claims**

8 |        This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

9 | receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

10 |          **e.    Class 35C-3 Unsecured Claim Tenant Security Deposits**

11 |        This Class is Unimpaired.  The Holders shall receive the Common Tenant Security Deposit

12 | Treatment.

13 |          **f.    Class 35D Intercompany Claims**

14 |        This Class is Unimpaired and the Holders are entitled to vote on the Plan.  The Holders

15 | shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

16 |          **g.    Class 35E Interests**

17 |        This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

18 | account of their Interests.

19 |          **36.    Claims Against And Interests In Alameda Produce Market**

20 |          **a.    Class 36A-1-a Los Angeles County Secured Tax Claim re 7th**

21 |          **Street Produce Market and Alameda Square and Class 36A-1-b**

22 |          **re 1215 E. 7th Street**

23 |        The Class 36A-1 Claims are Impaired and the Holder is entitled to vote on the Plan.   The

24 | Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $110,776,058 (re: 7th Street Produce Market and Alameda Square) |
| | $3,000,000 (re: 1215 E. 7th Street) |

-91-

| Priority of Lien | 1st |
| --- | --- |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $462,572 (re: 7th Street Produce Market and Alameda Square) $39,199 (re: 1215 E. 7th Street) |
| Estimated Quarterly Payment (combined) | $44,219 |
| Total Payout Amount Over Time (combined) | $707,504 |

The payment obligations with respect to these Claims shall be secured by the Alameda Produce Market Encumbered Real Property and the Alameda Produce Market Unencumbered Real Property.

The Class 36A-1-b Claim and Class 36A-1-b Claim are Impaired and therefore the Holder is entitled to vote on the Plan. The Holder shall receive the Common Secured Tax Claim Treatment.

**b.    Class 36A-2 Cathay Bank Secured Claim**

The Class 36A-2-a Claim is Impaired and the Holder is entitled to vote on the Plan. Alameda Produce Market and the Holder have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the Plan. The Holder will receive treatment consistent with the settlement. Without limiting or altering the provisions of the settlement, the treatment is as follows: The outstanding principal amount shall be $48,815,711, plus an amount equal to the interest that would accrue on $48,815,711 from January 1, 2009, through the date on which the Bankruptcy Court approves the Cathay Settlement at a rate of 4.0% per annum. Interest on the outstanding principal balance shall be 4.0% per annum in the first year after approval of the settlement by the Court, 4.5% per annum in year two, and 5.0% per annum in the third and fourth years. The Holder shall receive monthly interest only payments, however all interest in excess of 4.0% shall accrue but be payable only at the Maturity Date. The Maturity Date shall be four years from the date on which the Bankruptcy Court approves the Cathay Settlement, at which time the entire unpaid principal balance of the loan and all accrued but unpaid interest

-92-

thereon and the agreed upon amount of the Holder's attorneys fees and expenses shall be due and

payable.  The terms and conditions of the note and deed of trust made by Alameda Produce Market,

and any other agreement or instrument relating to the Alameda Produce Market Encumbered

Property in favor of the Holder, shall remain extant and unaltered, except with regard to those

provisions modified by the settlement agreement and documents relating thereto, including but not

limited to the Loan Reinstatement and Amendment to Loan Documents.

| Value of Alameda Produce Market Encumbered Real Property | $110,776,058 |
|---|---|
| Priority of Lien | 2nd |
| Estimated Allowable Pre-Petition Claims | $51,706,686 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $51,706,686 |
| Estimated Monthly Interest Payment | $172,356 |

The payment obligations with respect to this Claim shall be secured by Alameda Produce

Market Encumbered Real Property.

### c.    Class 36A-3 Cathay Bank Secured Claim

The Class 36A-2-b Claim is Impaired and the Holder is entitled to vote on the Plan.

Alameda Produce Market and the Holder have agreed to a settlement of certain claims and other

matters, including the treatment of the Holder's Claim under the Plan.  The Holder will receive

treatment consistent with the settlement.  Without limiting or altering the provisions of the

settlement, the treatment is as follows:  The outstanding principal amount shall be $9,848,139, plus

an amount equal to the interest that would accrue on $9,848,139 from January 1, 2009, through the

date on which the Bankruptcy Court approves the Cathay Settlement at a rate of 4.0% per annum.

Interest on the outstanding principal balance shall be 4.0% per annum in the first year after

approval of the settlement by the Court, 4.5% per annum in year two, and 5.0% per annum in the

third and fourth years.  The Holder shall receive monthly interest only payments, however all

interest in excess of 4.0% shall accrue but be payable only at the Maturity Date.  The Maturity Date

shall be four years from the date on which the Bankruptcy Court approves the Cathay Settlement,

-93-

at which time the entire unpaid principal balance of the loan and all accrued but unpaid interest thereon and the agreed upon amount of the Holder's attorneys fees and expenses shall be due and payable.  The terms and conditions of the note and deed of trust made by Alameda Produce Market, and any other agreement or instrument relating to the Alameda Produce Market Encumbered Property in favor of the Holder, shall remain extant and unaltered, except with regard to those provisions modified by the settlement agreement and documents relating thereto, including but not limited to the Loan Reinstatement and Amendment to Loan Documents.

| | |
|---|---|
| Value of Alameda Produce Market Encumbered Real Property | $110,776,058 |
| Priority of Lien | 3rd |
| Estimated Allowable Pre-Petition Claim | $9,848,139 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $10,431,369 |
| Estimated Monthly Interest Payment | $34,771 |

The payment obligations with respect to this Claim shall be secured by the Alameda Produce Market Encumbered Real Property.

### d.    Class 36B Other Priority Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Priority Claim Treatment on account of their Allowed Claims.

### e.    Class 36C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

### f.    Class 36C-2 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**g.    Class 36C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**37.    Claims Against And Interests In MG 1500 Griffith Avenue**

**a.    Class 37A-1-a Los Angeles County Secured Tax Claim re 1500 Griffith and Class 37A-1-b Los Angeles County Secured Tax Claim re 1510 Griffith Avenue**

The Class 37A-1 Claims are Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $6,900,000 (re 1500 Griffith Avenue) $4,900,000 (re 1510 Griffith Avenue) |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $120,576 (re 1500 Griffith Avenue) $86,516 (re 1510 Griffith Avenue) |
| Estimated Quarterly Payment (Combined) | $18,250 |
| Total Payout Amount (Combined) | $292,000 |

The payment obligations with respect to these Claims shall be secured by the 1500 Griffith Avenue Real Property and the 1510 Griffith Avenue Real Property.

**b.    Class 37A-2 Legendary Secured Claim**

The Class 37A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

-95-

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $10,862,000 ($6,900,000 Re: 1500 Griffith Avenue Real Property + $3,962,000 Re: MG 4th Street Center Real Property) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $6,396,500 (joint and several obligor with MG 4th Street Center) | $6,396,500 |
| Accrued Pre-Petition Interest | $147,532 | $136,814 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,231,326 | $345,944 (as of September 20, 2009) |
| Other Allowable Charges under Section 506(b) | To Be Determined | $400,724 (as of September 20, 2009) |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $7,775,358 | |
| Estimated Monthly Interest Payment | $32,397 | |

The payment obligations with respect to the Class 37A-2 shall be secured by the 1500 Griffith Avenue Real Property and the MG 4th Street Center Real Property.  (See Class 44A-2 below).

### c.    Class 37A-3 Murakami Secured Claim

The Class 37A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.

The Holder will receive treatment consistent with its settlement with the Debtors.  Without limiting or altering the provisions therein, the treatment is as follows:

The Holder shall receive regular installment interest-only payments of $9,203 beginning on the first of the month following the Effective Date and ending on January 26, 2013.  Principal will accrue interest at 3.75% per annum.  The principal balance of the Note shall be $2,945,000 (as of October 31, 2009 and reflects a $55,000 principal reduction payment to be made by the Debtor).  Prior to the Effective Date, and after approval of its compromise by the Court, the Debtor shall

-96-

have paid [1] $93,750 which shall be in satisfaction of all agreed-upon interest and other amounts

accrued through October 31, 2009, [2] $55,000 as a principal reduction payment and [3] $100,000

for fees, costs, expenses and other amounts Murakami has incurred as of the approval of the

compromise by the Court provided, however, that the Reorganized Debtor shall have the right to

pay the Allowed Secured Claim, or any remaining balance of such Claim, or any portion of such

Claim, at any time on or after the Effective Date, without premium or penalty of any kind.  The

terms and conditions of the note and deed of trust made by MG 1500 Griffith Avenue, and any

other agreement or instrument relating to the MG 1500 Griffith Avenue Real Property, shall remain

extent and unaltered, except that any provision is modified by the terms of the Loan Reinstatement

and First Amendment to Loan Documents.

| Value of Real Property | $4,900,000 |
|---|---|
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $2,945,000 |
| Other Allowable Charges under Section 506(b) | $0.00 |
| Total Estimated Amount Owing as of an Effective Date of December 31, 2010 | $2,945,000 |
| Estimated Monthly Payment | $9,203 |

The payment obligations with respect to this Claim shall be secured by the 1510 Griffith

Avenue Real Property.

### d.    Class 37C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

shall receive the Common Tenant Security Deposit Treatment.

### e.    Class 37C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**f.    Class 37D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**g.    Class 37E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**38.    Claims Against And Interests In MMP 1919 Vineburn**

**a.    Class 38A-1 Los Angeles County Secured Tax Claim**

The Class 38A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $8,649,792 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $151,536 |
| Estimated Quarterly Payment | $13,354 |
| Total Payout Amount | $213,664 |

The payment obligations with respect to this Claim shall be secured by the MMP 1919 Vineburn Street Real Property.

**b.    Class 38A-2 Imperial Capital Bank Secured Claim**

The Class 38A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  MMP 1919 Vineburn Street and the Holder have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the plan.  The Holder will receive treatment consistent with the settlement.  Without limiting or altering the provisions of the settlement, the treatment is as follows:  Interest on the outstanding principal balance shall be based on a variable interest rate, with such rate based on the weekly average percent per annum yield for six month Treasury Constant Maturities as calculated by the U.S. Treasury and presently published in document H.15 (519) issued by the Board of Governors of the Federal Reserve System.  The rate will be adjusted on the first day of each quarter of the calendar year.  Interest will accrue at a rate

-98-

equal to such index rate plus 3.0% per annum, with an estimated initial interest rate of 3.25% per annum.  The Holder shall receive monthly installment interest-only payments.  The maturity date of the loan shall be January 1, 2013, at which time the entire unpaid principal balance of the loan and all accrued but unpaid interest thereon shall be due and payable.  Prior to the Effective Date, and after approval of its compromise by the Bankruptcy Court, MMP 1919 Vineburn Street shall have paid (a) $164,891.76 to the Holder in satisfaction of all agreed-upon interest accrued under the applicable loan through November 30, 2009, and (b) $117,185.86 in satisfaction of all attorneys' fees, costs, expenses and other amounts the Holder may have incurred through November 30, 2009; the payment of such amounts effectuated a reinstatement of the loan in full.  The terms and conditions of the note and deed of trust made by MMP 1919 Vineburn Street, and any other agreement or instrument relating to the MMP 1919 Vineburn Street Real Property, shall remain extant and unaltered, except with regard to those provisions modified by the settlement agreement and documents relating thereto, including but not limited to the Loan Reinstatement Agreement and First Amendment to Loan Documents (Vineburn Loan).

| | |
|---|---|
| Value of Real Property | $8,649,792 – MMP 1919 Vineburn Street Real Property      +<br><br>$1,295,000 - MM 2415 E. Washington Boulevard Real Property    +<br><br>$1,948,000 – Santa Fe & Washington Market Encumbered Real Property<br><br>TOTAL = $11,892,792 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $5,468,543 |
| Other Allowable Charges under Section 506(b) | $0.00 |
| Total Estimated Amount Owing as of Effective Date of December 31, 2010 | $5,468,543 |
| Estimated Initial Monthly Payment | $15,950 |

358005.02 [XP]     25195

Subject to the substitution of other real property as collateral pursuant to the procedures set forth in the settlement, MMP 1919 Vineburn Street's obligations under its promissory note shall be secured by [1] the MMP 1919 Vineburn Street Real Property, [2] the MM 2415 E. Washington Boulevard Real Property, and [3] the Santa Fe & Washington Market Encumbered Real Property. The obligations of MMP 1919 Vineburn to Imperial shall be cross-defaulted with the obligations of MM 915-949 S. Hill and Meruelo Farms to Imperial.  As part of the settlement, the Holder has waived, released and discharged any and all adequate protection liens that have arisen or may in the future arise in favor of the Holder pursuant to the Bankruptcy Court's orders authorizing MMP 1919 Vineburn Street's use of cash collateral on an interim or final basis.

**c.    Class 38C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

**d.    Class 38C-2 Unsecured Claims – Tenant Security Deposits**

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

**e.    Class 38C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**f.    Class 38D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**g.    Class 38E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

-100-

358005.02 [XP]    25195

39.    **Claims Against And Interests In MMP 2131 Humboldt Street**

a.    **Class 39A-1-a Los Angeles County Secured Tax Claim Against
2131 Humboldt Encumbered Real Property and Class 39A-1-b
Los Angeles County Secured Tax Claim Against 2131 Humboldt
Unencumbered Real Property**

The Class 39A-1-a Claim is Impaired and the Holder is entitled to vote on the Plan.  The

Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of the 2131 Humboldt Street Real Property | $10,737,540  (re 2131 Humboldt Encumbered Real Property)<br><br>$2,432,210 (re 2131 Humboldt Unencumbered Real Property) |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $263,168 (re 2131 Humboldt Encumbered Real Property)<br><br>$145,353 (re 2131 Humboldt Unencumbered Real Property) |
| Estimated Quarterly Payment (combined) | $38,710 |
| Total Payout Amount (combined) | $619,360 |

The payment obligations with respect to these Claims shall be secured by the 2131

Humboldt Encumbered Real Property and the 2131 Humboldt Street Unencumbered Real Property.

The Class 39A-1 Claims are Impaired and the Holder of the Class 39A-1 Claim is entitled to vote

on the Plan.

b.    **Class 39A-2 Chamlian Secured Claim**

The Class 39A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

-101-

| | Amounts per Debtors | Amounts per Lender |
|---|---|---|
| Value of 2131 Humboldt Encumbered Real Property | $10,737,540 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $7,000,000 | $7,000,000 |
| Accrued Pre-Petition Interest | $151,667 | $75,833 plus pre-petition late charges of $6,825 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $796,250 | $417,083 (through March 29, 2010) |
| Other Allowable Charges under Section 506(b) | To Be Determined | $149,509 (through March 29, 2010) |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $7,947,917 | $7,712,192 (through March 29, 2010) |
| Estimated Monthly Payment | $33,116 | |

The payment obligations with respect to this Claim shall be secured by the 2131 Humboldt Street Encumbered Real Property.

### c.        Class 39C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

### d.        Class 39C-2 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### e.        Class 39C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

358005.02 [XP]        25195

### f.    Class 39D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.    Class 39E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 40.    Claims Against And Interests In MG-2529 Santa Fe Avenue

### a.    Class 40A-1 Los Angeles County Secured Tax Claim

The Class 40A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of the MG 2529 Santa Fe Avenue Real Property | $3,772,200 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $138,336 |
| Estimated Quarterly Payment | $12,191 |
| Total Payout Amount | $195,056 |

The payment obligations with respect to this Claim shall be secured by the MG 2529 Santa Fe Avenue Real Property.

### b.    Class 40A-2 1248 S. Figueroa Secured Claim

The Class 40A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $3,772,200 | |
| Priority of Lien | 2nd | |

-103-

| | | |
|---|---|---|
| Estimated Allowable Pre-Petition Claim - Principal | $3,134,825 | |
| Accrued Pre-Petition Interest | $130,513 | |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $685,194 | |
| Other Allowable Charges under Section 506(b) | To Be Determined | |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $3,950,532 | |
| Estimated Monthly Interest Payment | $16,461 | |

The payment obligations with respect to this Claim shall be secured by the MG 2529 Santa Fe Avenue Real Property.

**c.    Class 40C Unsecured Claims – Tenant Security Deposits**

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

**d.    Class 40C-2 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**e.    Class 40C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

**f.    Class 40D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**g.    Class 40E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

-104-

**41.    Claims Against And Interests In 2640 Washington Boulevard**

**a.    Class 41A-1 Los Angeles County Secured Tax Claim**

The Class 41A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $7,172,100 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $231,852 |
| Estimated Quarterly Payment | $20,432 |
| Total Payout Amount | $326,912 |

The payment obligations with respect to this Claim shall be secured by the 2640 Washington Boulevard Real Property.

**b.    Class 41A-2 UCB Secured Claim**

The Class 41A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of UCB Collateral re 2640 Washington | $7,181,410 ($7,172,000 – 2640 Washington Boulevard Real Property + $9,410 –East West Bank reserve account number 80365810) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $6,066,073 | $6,066,073 |
| Accrued Pre-Petition Interest | $145,129 | $127,388 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,061,563 | $370,704 (November 30, 2009) |

-105-

| Other Allowable Charges under Section 506(b) | To Be Determined | $145,563 (November 30, 2009) |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $7,272,765 | $6,661,886 (November 30, 2009) |
| Estimated Monthly Interest Payment | $30,303 | |

The payment obligations with respect to this Claim shall be secured by the UCB Collateral re 2640 Washington Boulevard

### c.    Class 41C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

### d.    Class 41C-2 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### e.    Class 41C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

### f.    Class 41D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.    Class 41E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

358005.02 [XP]    25195

42.    **Claims Against And Interests In MMP 2951 Lenwood Road**

a.    **Class 42A-1 FNBN Secured Claim**

The Class 42A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  MMP 2951 Lenwood Road and the Holder have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Secured Claim under the Plan.  The Holder will receive treatment consistent with the settlement.  Without limiting or altering the provisions of the settlement, the treatment is as follows:  The outstanding principal amount shall be $8,953,643. Interest on the outstanding principal balance shall be a fixed rate of 4.0% per annum and the default interest rate shall be a fixed rate of 6.0% per annum.  The Holder shall receive monthly interest only payments, in arrears.  The Maturity Date shall be October 1, 2015, at which time the entire unpaid principal balance of the loan and any accrued but unpaid interest thereon shall be due and payable.  The terms and conditions of the note and deed of trust made by MMP 2951 Lenwood Road, and any other agreement or instrument relating to the MMP 2951 Lenwood Road Real Property in favor of the Holder, shall remain extant and unaltered, except with regard to those provisions modified by the settlement agreement and documents relating thereto, including but not limited to the Loan Reinstatement and Amendment to Loan Documents.

| Value of Real Property | $10,000,000 |
|---|---|
| Priority of Lien | 2nd |
| Estimated Allowable Pre-Petition Claim - Principal | $8,953,643 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $8,983,643 |
| Estimated Monthly Interest Payment | $29,945 |

The payment obligations with respect to this Claim shall be secured by the MMP 2951 Lenwood Road Real Property.

b.    **Class 42C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

-107-

### c.        Class 42C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims, except that the Debtors and FNBN have agreed to a settlement of certain claims, and other matters including the treatment of FNBN's unsecured claim.  FNBN will receive treatment in accordance with the settlement.  Pursuant to the settlement and this Plan, FNBN shall receive one of the two treatment options at the election of the Debtors:

"FNBN Option 1":  The Debtor shall pay on the earlier of the Effective Date or March 27, 2011, an amount equal to 50% of FNBN's unsecured claim in the amount of $3,139,910.50.

"FNBN Option 2":  FNBN shall receive deferred cash payments equal to 100% of the Allowed amount of its Claim plus interest at the rate of 4.0% per annum, payable in twenty (20) equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution Date.

### d.        Class 42D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### e.        Class 42E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 43.        Claims Against And Interests In MG 3185 E. Washington Boulevard

### a.        Class 43A-1-a and Class 43A-1-b Los Angeles County Secured Tax Claim

The Class 43A-1-a and Class 43A-1-b Claims are Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of MG 3185 East Washington Boulevard Encumbered Real Property + <br><br> MG of 3185 East Washington Boulevard Unencumbered Real Property | $11,918,000 |
|---|---|

-108-

| Priority of Lien | 1st |
|---|---|
| Total Claim - 3185 East Washington Boulevard Encumbered Real Property as of December 31, 2010 | $209,776 |
| Total Claim - 3185 East Washington Boulevard Unencumbered Real Property as of December 31, 2010 | $1,063 |
| Estimated Quarterly Payment (combined) | $18,580 |
| Total Payout Amount (combined) | $297,280 |

The payment obligations with respect to this Claim shall be secured by the MG 3185 E. Washington Boulevard Encumbered Real Property and the MG 3185 E. Washington Boulevard Unencumbered Real Property.

**b.      Class 43A-2 Chinatrust Secured Claim**

The Class 43A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of 3185 E. Washington Boulevard Encumbered Real Property | $11,800,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $9,541,565 | $9,541,565 |
| Accrued Pre-Petition Interest | $219,914 | $219,914 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,991,320 | $771,521 (through November 30, 2009) |
| Other Allowable Charges under Section 506(b) | To Be Determined | $115,259 (through November 30, 2009) |
| Total Estimated Claim as of Effective | $11,752,799 | $10,651,171 (through November |

| Date of December 31, 2010 | | 30, 2009) |
|---|---|---|
| Estimated Monthly Interest Payment | $48,970 | |

The payment obligations with respect to this Claim shall be secured by the MG 3185 E. Washington Boulevard Encumbered Real Property.

### c.  Class 43C-1 General Unsecured Claims– Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### d.  Class 43C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

### e.  Class 43C-3 Unsecured Claim Tenant Security Deposits

This Class is Unimpaired.  The Holders shall receive the Common Tenant Security Deposit Treatment**.**

### f.  Class 43D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.  Class 43E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 44.  Claims Against And Interests In MG 4th Street Center

### a.  Class 44A-1 Los Angeles County Secured Tax Claim

The Class 44A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $3,962,000 |
|---|---|
| Priority of Lien | 1st |

-110-

| | |
|---|---|
| Total Estimated Claim as of Effective Date of December 31, 2010 | $106,132 |
| Estimated Quarterly Payment | $9,353 |
| Total Payout Amount | $149,648 |

The payment obligations with respect to this Claim shall be secured by the MG 4th Street Center Real Property.

### b.    Class 44A-2 Legendary Secured Claim

The Class 44A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.    The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $10,862,000 ($6,900,000 Re: 1500 Griffith Avenue Real Property + $3,962,000 Re: MG 4th Street Center Real Property) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim | See Class 37A-2 | See Class 37A-2 |
| Accrued Pre-Petition Interest | See Class 37A-2 | See Class 37A-2 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | See Class 37A-2 | See Class 37A-2 |
| Other Allowable Charges under Section 506(b) | Unknown | See Class 37A-2 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | See Class 37A-2 | See Class 37A-2 |
| Estimated Monthly Payment | See Class 37A-2 | See Class 37A-2 |

-111-

The payment obligations with respect to the Class 44A-2 Claim shall be secured by the MG 4th Street Center Real Property and the 1500 Griffith Avenue Real Property.

### c.    Class 44C-1 General Unsecured Claims– Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### d.    Class 44C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

### e.    Class 44D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### f.    Class 44E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 45.    Claims Against And Interests In MG 425 W. 11th Street

### a.    Class 45A-1 Los Angeles County Secured Tax Claim

The Class 45A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | Not less than $12,810,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $363,625 |
| Estimated Quarterly Payment | $32,044 |
| Total Payout Amount | $512,704 |

The payment obligations with respect to this Claim shall be secured by the MG 425 W. 11th Street Center Real Property.

-112-

1

**b.    Class 45A-2 Legendary Secured Claim**

2    The Class 45A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

3   Holder shall receive the Common Secured Lender Claim Treatment, except that the Holder's Liens

4   on the MG 425W. 11th Street Center Real Property and all other Liens securing this obligation

5   shall be released as of the Effective Date of the Plan.  As of the Effective Date of the Plan, the

6   Holder shall receive a deed of trust on the MMP -- 1060 N. Vignes Real Property which deed of

7   trust shall be in the same form as its deed of trust on the MG 425 W. 11th Street Center Real

8   Property as modified pursuant to the Loan Modification Agreement. The amounts of the debt or

9   Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

10  or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of MG 425 W. 11th Street Center Real Property | Not less than $12,810,000 |  |
| Priority of Lien | 2nd |  |
| Estimated Allowable Pre-Petition Claim – Principal | $5,340,000 | $5,340,000 |
| Accrued Pre-Petition Interest | $169,100 | $116,627 |
| Accrued Post-Petition Interest through Effective Date of December 31, 2010 | $864,413 | $242,859 as of September 20, 2009 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $328,604 as of September 20, 2009 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $6,373,513 |  |
| Estimated Monthly Interest Payment | $26,556 |  |

24

25    The Holder's payment obligations with respect to this Claim shall be secured by the MMP –

26  1060 N. Vignes Real Property.

27

28

1

### c. Class 45C-1 General Unsecured Claims– Convenience Class

2      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4  Claims.

5

### d. Class 45C-2 General Unsecured Claims

6      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7  receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

8

### e. Class 45D Intercompany Claims

9      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

11

### f. Class 45E Interests

12      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

13  account of their Interests.

14

### 46. Claims Against And Interests In MG - 620 S. Gladys Avenue

15

### a. Class 46A-1 Los Angeles County Secured Tax Claims re 620 S.

16

### Gladys Avenue Encumbered Real Property and 620 S. Gladys

17

### Avenue Unencumbered Real Property

18      The Class 46A-1 Claims are Impaired and the Holder is entitled to vote on the Plan.  The

19  Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of the 620 S. Gladys Encumbered Real Property | $8,077,695 |
| Value of the 620 S. Gladys Unencumbered Real Property | $1,306,223 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $340,820 (620 S. Gladys Encumbered Real Property) |
| | $121,492 (620 S. Gladys Encumbered Real Property Unencumbered) |

-114-

| Estimated Quarterly Payment (Combined) | $40,741 |
|---|---|
| Total Payout Amount (Combined) | $651,856 |

The payment obligations with respect to these Claims shall be secured by the 620 S. Gladys Avenue Encumbered and Unencumbered Real Property.

### b.    Class 46A-2 Legendary Secured Claim re 620 S. Gladys Avenue

The Class 46A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $13,463,845 ($8,077,695 Re: 620 S. Gladys Avenue Encumbered Real Property + $5,386,150 Re: MM 336 W. 11th Street Real Property) |  |
| Priority of Lien | 2nd |  |
| Estimated Allowable Pre-Petition Claim – Principal | $5,380,688 | $5,380,688 |
| Accrued Pre-Petition Interest | $237,647 | $168,334 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,247,647 | $350,530 as of September 20, 2009 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $106,353 as of September 20, 2009 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $6,865,982 |  |
| Estimated Monthly Interest Payment | $28,608 |  |

-115-

1  The payment obligations of MG 620 Gladys Avenue with respect to this Claim shall be

2  secured by the 620 S. Gladys Encumbered Real Property and by the MM 336 W. 11th Street Real

3  Property (See Class 29A-2).

4  **c.      Class 46C-1 Unsecured Claims – Tenant Security Deposits**

5  This Class is Unimpaired and is not entitled to vote on the Plan.  The Holders shall receive

6  the Common Tenant Security Deposit Treatment.

7  **d.      Class 46C-2 General Unsecured Claims**

8  This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

9  receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

10  **e.      Class 46D Intercompany Claims**

11  This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

12  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

13  **f.      Class 46E Interests**

14  This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

15  account of their Interests.

16  **47.      Claims Against And Interests In MG 2001-2021 W. Mission Boulevard**

17  **a.      Class 47A-1 Los Angeles County Secured Tax Claim**

18  The Class 47A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

19  Holder shall receive the Common Secured Tax Claim Treatment.

| Value of | $15,000,000 (Encumbered) $3,520,754 (Unencumbered) |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $112,819 |
| Estimated Quarterly Payment | $9,842 |
| Total Payout Amount | $139,414 |

27  The payment obligations with respect to this Claim shall be secured by the MG 2001-2021

28  W. Mission Boulevard Real Property.

-116-

**b.    Class 47A-2 PNL Pomona LP Secured Claim**

The Class 47A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of PNL Collateral | $15,946,516 – <br><br>($15,000,000 MG 2001-2021 W. Mission Boulevard Real Property + $946,816[6] in Insurance Proceeds) |  |
| Priority of Lien | 2nd |  |
| Estimated Allowable Pre-Petition Claim - Principal | $8,462,940 | $8,462,940 |
| Accrued Pre-Petition Interest | $159,610 |  |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $2,272,597 |  |
| Other Allowable Charges under Section 506(b) | To Be Determined |  |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $10,995,147 |  |
| Estimated Monthly Interest Payment | $45,646 |  |

The payment obligations with respect to this Claim shall be secured by the MG 2001-2021

W. Mission Boulevard Real Property.  The real property insurance proceeds of approximately

$946,816, plus the net proceeds received from the Eminent Domain proceeding (after payment of

fees and costs) shall be used to fund a reserve for interest payments, real property tax payments and

---

[6]    Per the Bankruptcy Court order entered April 22, 2010, MG 2001-2021 W. Mission Boulevard was authorized to utilize the insurance proceeds to pay various sums to certain creditors; $946,816 reflects the balance of the insurance proceeds not subject to that order.

-117-

1  insurance payments for the term of the Plan.  To the extent excess funds remain after the reserve is

2  fully funded, such amounts will be applied to reduce the principal amount of the claim.

3            **c.**      **Class 47C-1 General Unsecured Claims – Convenience Class**

4       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

5  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

6  Claims.

7            **d.**      **Class 47C-2 General Unsecured Claims**

8       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

9  shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

10            **e.**      **Class 47D Intercompany Claims**

11       This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

12  receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

13            **f.**      **Class 47E Interests**

14       This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

15  account of their Interests.

16          **48.**     **Claims Against And Interests In MG Little J**

17            **a.**      **Class 48A-1 Los Angeles County Secured Tax Claim re 1119 S.**

18                             **Olive Street and 1124 S. Olive Street**

19       The Class 48A-1 Claims are Impaired and the Holder is entitled to vote on the Plan.   The

20  Holder shall receive the Common Secured Tax Claim Treatment.

| Value of the 1119 S. Olive Street Real Property | $4,548,225 (1119 S. Olive) $3,980,075 (1124 S. Olive) |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $57,560 (1119 S. Olive) $68,960 (1124 S. Olive) |
| Estimated Quarterly Payment (Combined) | $11,150 |
| Total Payout Amount Over Time (Combined) | $178,400 |

-118-

1    The payment obligations with respect to these Claims shall be secured by the 1119 S. Olive

2  Street Real Property and the 1124 S. Olive Real Property.

3          **b.    Class 48A-2 Legendary Secured Claim**

4    The Class 48A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

5  Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

6  Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

7  or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | See Class 50A-2 |  |
| Priority of Lien | 2nd |  |
| Estimated Allowable Pre-Petition Claim | See Class 50A-2 | See Class 50A-2 |
| Accrued Prepetition Interest | See Class 50A-2 | See Class 50A-2 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | See Class 50A-2 | See Class 50A-2 |
| Other Allowable Charges under Section 506(b) | See Class 50A-2 | See Class 50A-2 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | See Class 50A-2 | See Class 50A-2 |
| Estimated Monthly Payment | See Class 50A-2 | See Class 50A-2 |

20    The 1119 S. Olive Street Real Property owned by MG Little J was pledged by it to secure

21  the obligations of MG and the payment obligations of MG shall be secured by this real property.

22  See Class 50A-2 for a discussion regarding additional security for the MG payment obligations.

23          **c.    Class 48C-1 General Unsecured Claims – Convenience Class**

24    This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive

25  the Common Convenience Class Claim Treatment.

26          **d.    Class 48C-2 General Unsecured Claims**

27    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

28  receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

-119-

####### e. **Class 48C-3 Unsecured Claim Tenant Security Deposits**

This Class is Unimpaired.  The Holders shall receive the Common Tenant Security Deposit Treatment.

####### f. **Class 48D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

####### g. **Class 48E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

###### 49. **Claims Against And Interests In MG – Southpark**

####### a. **Class 49A-1 Los Angeles County Secured Tax Claim**

The Class 49A-1 Claim is Impaired and the Holder of the Class 49A-1 Claim is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $57,250,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $625,953 |
| Estimated Quarterly Payment | $55,162 |
| Total Payout Amount Over Time | $513,733 |

The payment obligations with respect to this Claim shall be secured by the MG Southpark Real Property.

####### b. **Class 49A-2 Bank of America Secured Claim**

The Class 49A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment, except that the interest rate shall be the "Base Rate" as defined in Holder's Loan Documents.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

-120-

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $57,250,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $20,000,000 | $20,000,000 |
| Accrued Pre-Petition Interest | $233,333 | $242,361 |
| Accrued Post-Petition Interest as of Estimated Effective Date of December 31, 2010 | $2,537,500 | |
| Other Allowable Charges under Section 506(b) | To Be Determined | |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $22,770,833 | |
| Estimated Monthly Interest Payment | $94,878 | |

The payment obligations with respect to this Claim shall be secured by the MG Southpark Real Property.

   **c.**  **Class 49C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

   **d.**  **Class 49C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

   **e.**  **Class 49C-3 Unsecured Claim Tenant Security Deposits**

This Class is Unimpaired.  The Holders shall receive the Common Tenant Security Deposit Treatment.

   **f.**  **Class 49D Intercompany Claims**

This Class is Unimpaired and not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.    Class 49E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 50.    Claims Against And Interests In Merco Group

### a.    Class 50A-1 Los Angeles County Secured Tax Claim

The Class 50A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of the Merco Group Real Property | $44,700,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $415,617 |
| Estimated Quarterly Payment | $153,140 (1st Quarter) $24,944(Succeeding Quarters) |
| Total Payout Amount | $494,295 |

The payment obligations with respect to this Claim shall be secured by the 950 E. 3rd Street Real Property.

### b.    Class 50A-2 Legendary Alleged Secured Claim re Sky-Arc Property

The Class 50A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder's alleged Lien on the Sky-Arc Real Property is either void or voidable, as described below; however, in the event the alleged Lien is found not to be void or voidable, the Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors in that the Court has not as yet determined the Allowed Secured Claim or the extent of such Holder's secured status.

358005.02 [XP]        25195

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Sky-Arc Real Property | $33,548,225 ($29,000,000 –Sky-Arc Real Property + $4,548,225-- 1119 S. Olive Street Real Property). | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $11,150,000 - $15,000,000 | $15,000,000 |
| Accrued Pre-Petition Interest | $662,500 | $469,271 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $3,478,125 | $977,187 as of September 20, 2009 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $994,026 as of September 20, 2009 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $15,000,000 | |
| Estimated Monthly Interest Payment | $62,500 first month and $46,438 thereafter | |

The payment obligations of MG with respect to this Claim shall be secured by the 1119 S. Olive Street Real Property owned by MG Little J.  As additional security for the payment obligations with respect to this Claim, Legendary asserts a deed of trust against the Sky Arc Real Property.  In 2007 Legendary's predecessor in interest recorded a full reconveyance of its deed of trust on the Sky Arc Real Property.  MG reserves the right to file an adversary proceeding asking this Court to determine the existence, extent and validity of the alleged deed of trust asserted by Legendary on the Sky Arc Property.

The Debtor also reserves the right to sell either prior to or after the Effective Date, Parcel D of the Sky-Arc Real Property, which is presently under contract for sale to Southern California Institute of Architecture for a purchase price of $7,400,000.  In the event the Debtor sells the Parcel D, the Debtor will segregate $3,850,000 of the proceeds of the sale, with Legendary's alleged Lien

1    to attach to such proceeds to the same extent and with the same validity and priority as such Liens

2    had on Parcel D immediately prior to the sale, pending resolution of the adversary proceeding to

3    determine whether the Allowed Class 50A-2 Claim is secured by Parcel D.  At the closing, the

4    Holder's alleged lien on Parcel D shall be released.  In addition, the Holder's deed of trust on

5    Parcels B and C shall be subordinated to an easement agreement and separate covenant agreement

6    among the owners of Parcels A, B, C and D, the form of which will be filed by June 7, 2010.  The

7    remainder of the Allowed Claim shall continue to be secured by the 1119 S. Olive Street Real

8    Property owned by MG Little J and, depending upon the outcome of the adversary proceeding, by

9    the remainder of the Sky-Arc Real Property.

10                    **c.    Class 50A-3 Legendary Secured Claim re Sci-Arc Property**

11              The Class 50A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

12    Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

13    Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

14    or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Sci-Arc Property | $15,700,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $10,108,209 | $10,108,209 |
| Accrued Pre-Petition Interest | $454,869 | $322,199 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $2,388,064 | $670,933 as of September 20, 2009 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $153,617 as of September 20, 2009 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $17,091,768 (includes accrued interest) | |

         The payment obligations shall be secured by the Sci-Arc Real Property.

-124-

358005.02 [XP]    25195

1   The Debtor also reserves the right to sell, either prior to or after the Effective Date, the Sci-

2   Arc Real Property, which is presently under contract for sale to Southern California Institute of

3   Architecture for a purchase price of $15,700,000.  In the event the Debtor sells the Sci-Arc Real

4   Property prior to the occurrence of the Effective Date, the Allowed Class 50A-3 Claim will be

5   Reinstated and paid in full on the Effective Date of the Plan.  Based on the Reinstatement, the

6   Holder shall not be entitled to default interest, late charges or other penalties.  To the extent the

7   Holder disputes the amount of its Allowed Claim, the undisputed amount will be paid at the

8   Effective Date and the amount subject to dispute shall be held in an interest bearing account

9   pending further order of the Court.  In the event the Debtor sells the Sci-Arc Real Property after

10  the occurrence of the Effective Date, the Holder's Lien in the Sci-Arc Real Property will be

11  released and the Allowed Class 50A-3 Claim will be paid in full as soon as practicable following

12  closing of the sale from the proceeds of the sale of the Sci-Arc Real Property. To the extent the

13  Holder disputes the amount of its Allowed Claim, the undisputed amount will be paid as soon as

14  practicable after the closing and the amount subject to dispute shall be held in an interest bearing

15  account pending further order of the Court.

16  **d.    Class 50C General Unsecured Claims**

17  This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

18  receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

19  **e.    Class 50D Intercompany Claims**

20  This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

21  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

22  **f.    Class 50E Interests**

23  This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

24  account of their Interests.

25

26

27

28

-125-

**51.    Claims Against And Interests In Meruelo Farms**

     **a.    Class 51A-1 Los Angeles County Secured Tax Claim re 815 E. Temple Street and re 729 E. Temple Street**

The Class 51A-1 Claims are Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of the 815 E. Temple Street Real Property<br><br>Value of the 729 E. Temple Street Real Property | $10,364,638<br><br>$4,501,250 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $103,517 (re 815 E. Temple)<br><br>$228,384 (re 729 E. Temple) |
| Estimated Quarterly Payment (Combined) | $29,249 |
| Total Payout Amount (Combined) | $467,984 |

The payment obligations with respect to these Claims shall be secured by the 815 E. Temple Street Real Property and the 729 E. Temple Street Real Property.

     **b.    Class 51A-2 Imperial Capital Bank Secured Claims Against Meruelo Farms**

The Class 51A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  Meruelo Farms and the Holder have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the plan.  The Holder will receive treatment consistent with the settlement.  Without limiting or altering the provisions of the settlement, the treatment is as follows:  Interest on the outstanding principal balance shall be based on a variable interest rate, with such rate based on the weekly average percent per annum yield for six month Treasury Constant Maturities as calculated by the U.S. Treasury and presently published in document H.15 (519) issued by the Board of Governors of the Federal Reserve System.  The rate will be adjusted

-126-

on the first day of each quarter of the calendar year. Interest will accrue at a rate equal to such

index rate plus 3.0% per annum, with an estimated initial interest rate of 3.25% per annum. The

Holder shall receive monthly installment interest-only payments. The maturity date of the loan

shall be January 1, 2013, at which time the entire unpaid principal balance of the loan and all

accrued but unpaid interest thereon shall be due and payable. Prior to the Effective Date, and after

approval of its compromise by the Bankruptcy Court, Meruelo Farms shall have paid (a)

$210,416.60 to the Holder in satisfaction of all agreed-upon interest accrued under the applicable

loan through November 30, 2009, and (b) $117,185.86 in satisfaction of all attorneys' fees, costs,

expenses and other amounts the Holder may have incurred through November 30, 2009; the

payment of such amounts effectuated a reinstatement of the loan in full. The terms and conditions

of the note and deed of trust made by Meruelo Farms, and any other agreement or instrument

relating to the 815 E. Temple Street Real Property, shall remain extant and unaltered, except with

regard to those provisions modified by the settlement agreement and documents relating thereto,

including but not limited to the Loan Reinstatement Agreement and First Amendment to Loan

Documents (Farms Loan).

| | |
|---|---|
| Value of Real Property | $10,364,638 – 815 E. Temple Street Real Property     +<br><br>$1,295,000 -- MM 2415 E. Washington Boulevard Real Property     +<br><br>$1,948,000 – Santa Fe & Washington Market Encumbered Real Property     +<br><br>$12,825,600 -- MM 915-949 S. Hill Street Real Property<br><br>TOTAL = $26,433,238 |
| Priority of Lien | 2nd |
| Total Estimated Allowable Pre-Petition Claim | $6,978,349 |
| Other Allowable Charges under Section 506(b) | $0.00 |

| Total Estimated Claim as of Effective Date of December 31, 2010 | $6,978,349 |
|---|---|
| Estimated Monthly Payment | $20,354 |

Subject to the substitution of other real property as collateral pursuant to the procedures set forth in the settlement, Meruelo Farms' obligations under its promissory note shall be secured by [1] the 815 E. Temple Street Real Property, [2] the MM 915-949 S. Hill Street Real Property, [3] the MM 2415 E. Washington Boulevard Real Property, and [4] the Santa Fe & Washington Market Encumbered Real Property.  The obligations of Meruelo Farms to Imperial shall be cross-defaulted with the obligations of MM 915-949 S. Hill and MMP 1919 Vineburn to Imperial.  As part of the settlement, the Holder has waived, released and discharged any and all adequate protection liens that have arisen or may in the future arise in favor of the Holder pursuant to the Bankruptcy Court's orders authorizing Meruelo Farms' use of cash collateral on an interim or final basis.

### c.    Class 51A-3 Pacific Commerce Secured Claim

The Class 51A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder will receive treatment consistent with its settlement with the Debtors.  Without limiting or altering the provisions therein, the treatment is as follows:

Pursuant to the post-petition agreement between Meruelo Farms and Pacific Commerce approved by the Court the Holder will continue to receive regular monthly installments of $6,979 ending on the date the loan matures, August 7, 2012.   As provided in said agreement, Principal shall accrue interest at the rate of 2.5% per annum, with a fixed default rate of 4.5%.  The Debtor may prepay the loan without penalty.  The Debtor may transfer the Meruelo 729 E. Temple Street Collateral, or an interest in such Collateral or the Debtor, to any other Debtor or Insider without the consent of Pacific Commerce and without such action constituting an event of default under the loan documents.  The guaranty of the loan by MMPI is confirmed.

| Value of 729 E. Temple Street Real Property | $4,501,250 |
|---|---|
| Priority of Lien | 2nd |
| Total Estimated Claim as of Effective | $3,350,000 |

-128-

| Date of December 31, 2010 | |
|---|---|
| Current Monthly Payment | $6,979 |

The payment obligations with respect to this Claim shall be secured by the 729 E. Temple Street Real Property.

### d.    Class 51C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### e.    Class 51C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

### f.    Class 51D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.    Class 51E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 52.    Claims Against And Interests In Meruelo Wall Street

### a.    Class 52A-1 Los Angeles County Secured Tax Claim

The Class 52A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $35,352,900 |
|---|---|
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $465,046 |
| Estimated Quarterly Payment | $40,982 |
| Total Payout Amount | $655,712 |

-129-

The payment obligations with respect to this Claim shall be secured by the Meruelo Wall Street Real Property.

### b. Class 52A-2 UCB Secured Claim

The Class 52A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender (through November 30, 2009) |
|---|---|---|
| Value of UCB Collateral re Meruelo Wall Street | $35,871,725 ($35,352,900 – Meruelo Wall Street Real Property + $518,825 East West Bank/UCB Interest reserve account number 18296574) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $20,850,859 | $20,850,859 |
| Accrued Pre-Petition Interest | $573,679 | $509,614 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $4,196,235 | $835,974 (as of November 30, 2009) |
| Other Allowable Charges under Section 506(b) | To Be Determined | $173,124 (as of November 30, 2009) |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $25,620,773 | $22,039,342 (as of November 30, 2009) |
| Estimated Monthly Interest Payment | $106,753 | |

The payment obligations with respect to this Claim shall be secured by the UCB Collateral re Meruelo Wall Street.

-130-

        **c.**      **Class 52C-1 Unsecured Claims - Tenant Security Deposits**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

        **d.**      **Class 52C-2 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

        **e.**      **Class 52C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

        **f.**      **Class 52D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

        **g.**      **Class 52E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

        **53.**      **Claims Against And Interests In MM Mission Boulevard**

        **a.**      **Class 53A-1 Los Angeles County Secured Tax Claim**

The Class 53A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $20,000,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $305,815 |
| Estimated Quarterly Payment | $26,950 |
| Total Payout Amount | $401,308 |

The payment obligations with respect to this Claim shall be secured by the MM Mission Boulevard Real Property.

-131-

1

### b.    Class 53A-2 Kennedy Funding Inc. Secured Claim

2    The Class 53A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

3 Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

4 Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

5 or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

6

|  | Amounts per Debtors | Amounts per Lender |
|---|---|---|
| Value of Real Property | $20,000,000 |  |
| Priority of Lien | 2nd |  |
| Estimated Allowable Pre-Petition Claim - Principal | $8,800,000 | $8,800,000 |
| Accrued Pre-Petition Interest | $0.00 |  |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $3,300,000 | $2,498,222 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $75,000 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $12,100,000 | $11,373,222 |
| Estimated Monthly Interest Payment | $50,417 |  |

18    The payment obligations with respect to this Claim shall be secured by the MM Mission

19 Boulevard Real Property.

20

### c.    Class 53C General Unsecured Claims

21    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

22 receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

23

### d.    Class 53D Intercompany Claims

24    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

26

### e.    Class 53E Interests

27    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

28 account of their Interests.

358005.02 [XP]      25195

**54.    Claims Against And Interests In Santa Fe Commerce**

**a.    Class 54A-1 Los Angeles County Secured Tax Claim**

The Class 54A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.

| | |
|---|---|
| Value of Real Property | $23,250,000 |
| Priority of Lien | 1st |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $109,152 |
| Estimated Quarterly Payment | $9,619 |
| Total Payout Amount | $153,904 |

The payment obligations with respect to this Claim shall be secured by the Santa Fe Commerce Center Real Property.

**b.    Class 54A-2 Berkadia Secured Claim**

The Class 54A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Berkadia Collateral | $23,850,000 ($23,250,000 – Santa Fe Commerce Center Real Property + $600,000 cash held for benefit of Santa Fe Commerce Center) | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim | $10,170,905 | |
| Accrued Pre-Petition Interest | $303,683 | |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $2,221,326 | |

-133-

| | |
|---|---|
| Other Allowable Charges under Section 506(b) | To Be Determined |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $12,695,914 |
| Estimated Monthly Interest Payment | $52,900 |

The payment obligations with respect to this Claim shall be secured by the Berkadia Collateral.  The treatment of the Holder's Claim herein does not, and shall not be construed to, modify the application of any provisions in the Holder's loan documents providing that the Debtor's obligations thereunder are non-recourse and the filing of the Chapter 11 cases or any other events that would trigger a recourse obligation thereunder are hereby stayed until the earlier of completion of all payments under the Plan or a default in the Debtor's payment obligations under the Plan.

### c.        Class 54A-3 RoofCorp of CA Inc. Secured Claim

The Class 54A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive a payment on the Effective Date equal to 50% of the Holder's Allowed Claim and a second payment for the balance of the Holder's Allowed Claim one year after the Effective Date with interest at the rate of 3.50 per cent per annum.

| | |
|---|---|
| Value of Real Property | $23,250,000 |
| Priority of Lien | 3d |
| Total Claim | $111,377 |
| Total Payout Amount Over Time | $120,649 |

The payment obligations with respect to this Claim shall be secured by the Santa Fe Commerce Center Real Property.

### d.        54C-1 Unsecured Claims– Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment.

-134-

1     **e.**        **Class 54C-2 General Unsecured Claims – Convenience Class**

2     This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3     shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4     Claims.

5     **f.**        **Class 54C-3 General Unsecured Claims**

6     This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7     receive the Common Unsecured Claims Treatment on account of their Allowed Claims.

8     **g.**        **Class 54D Intercompany Claims**

9     This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

11    **h.**        **Class 54E Interests**

12    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

13    account of their Interests.

14    **IV.**

15    **MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN**

16    **A.**        **OVERVIEW OF PLAN IMPLEMENTATION**

17    Except as otherwise provided in the Plan or the Confirmation Order, all Cash necessary for

18    the Reorganized Debtors to make payments pursuant to the Plan will be obtained from the

19    Reorganized Debtors' cash balances existing on the Effective Date and thereafter, from the

20    operations of the Reorganized Debtors' business, the sale or refinancing of assets of the

21    Reorganized Debtors, as deemed necessary and appropriate by the Reorganized Debtors and from

22    any other lawful source.

23    **B.**        **VESTING OF ASSETS**

24    Except as otherwise provided in any provision of the Plan, on the Effective Date, all legal

25    and equitable interests of each of the Debtors in property of their respective estates shall be vested

26    in the respective Reorganized Debtors, free and clear of all Claims, Liens, encumbrances and

27    Interests except to the extent and only as is expressly provided for otherwise in Article III of the

28    Plan.

**C.    REORGANIZED DEBTORS' BUSINESS OPERATIONS**

From and after the Effective Date, the Reorganized Debtors, or each of them, may operate its business and use, acquire, and dispose of property and settle and compromise Claims or Interests arising post-Confirmation without supervision by the Court and free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order.  The Reorganized Debtors may continue to operate their business using the existing cash management system ("CMS"), or such other CMS that may be adopted by them in their sole discretion.  The CMS may continue to provide for funds to flow to and from a cash concentration account maintained by the Reorganized Debtors and that concentration account will continue to be linked to the operating bank accounts of each Reorganized Debtor with funds flowing between such accounts as and when needed.

**D.    SALE AND/OR REFINANCE OF ASSETS OF DEBTORS**

As of the Effective Date, the Reorganized Debtors will continue to operate their businesses. In order to meet their operational needs and payment obligations under the Plan, the Reorganized Debtors will sell some of their assets and refinance other of their assets as necessary during the term of the Plan.  The Debtors will determine which assets will be sold or refinanced based on the then existing needs and business plan of the Debtors and the condition of the real estate and credit markets.  The Debtors have in the past shown a willingness and ability to sell properties to meet their cashflow needs and they will continue to make such strategic sales as and when they deem it necessary in order to meet their obligations in the future.  After the payment of the costs of sale and the satisfaction of any Liens fixed by this Plan against the asset, the remaining proceeds will be available for the payment of the costs of operating its business and funding the Reorganized Debtors' obligations under this Plan.

**E.    CERTIFICATE OF INCORPORATION AND BYLAWS; CANCELLATION OF LTIP UNITS AND RELATED AGREEMENTS**

**1.    Cancellation of LTIP Units and Related Agreements**

At the Effective Date, (i) the LTIP Units; all warrants, options or other rights for the purchase or other acquisition from any Debtor of any MMPI Existing Common Stock or LTIP

-136-

1  Units; all securities convertible into or redeemable or exchangeable for any MMPI Existing

2  Common Stock or LTIP Units; and all warrants, rights or options for the purchase or other

3  acquisition from any Debtor of any MMPI Existing Common Stock or LTIP Units or any such

4  warrants, options, other rights or securities, and any interest or participation in any of the foregoing

5  and any other ownership or profit interest or participation in MMPI or MMPLP (to the extent not

6  held directly or indirectly by MMPI) will be cancelled and extinguished, and (ii) the obligations of,

7  Claims against, and/or Interests in MMPI under, relating or pertaining to any agreements (including

8  without limitation, registration rights agreements, merger, contribution and similar agreements and

9  voting, shareholders and similar agreements), indentures, certificates of designation, bylaws, or

10  certificates or articles of incorporation or similar documents governing the MMPI Existing

11  Common Stock and any other instrument or document evidencing or creating ownership interest in

12  MMPI (including without limitation, provisions of the agreement of limited partnership of MMPLP

13  and award agreements relating to the LTIP Units) will be released and discharged.

14            **2.**       **Amended and Restated Certificate of Incorporation and Bylaws**

15          On and after the Effective Date, pursuant to and by virtue of this Plan, the certificate of

16  incorporation of the Reorganized MMPI will be amended as necessary to prohibit the issuance of

17  non-voting equity securities.  Nothing herein shall prevent Reorganized MMPI from adopting a

18  new name.

19          **F.**      **MERGER OF MMPLP AND MMPI**

20          Upon the terms and subject to the conditions set forth in the agreement and plan of merger

21  (the "Merger Agreement"), a copy of which is attached to the Disclosure Statement, MMPLP shall

22  be merged with and into MMPI one day after the Effective Date if not earlier accomplished (the

23  "Merger").  Following the Merger, the separate corporate existence of MMPLP shall cease, and

24  MMPI shall continue as the surviving company and shall succeed to and assume all the rights and

25  obligations of MMPLP.

26          If not earlier accomplished, as promptly as practicable but at least one day after the

27  Effective Date, the parties shall file with the Secretary of State of the State of Delaware a certificate

28  of merger (the "Certificate of Merger") executed and acknowledged by the parties in accordance

1  with the relevant provisions of the DGCL and the RULPA and, as promptly as practicable on or

2  after the Effective Date, the parties to the Merger shall make all other filings or recordings required

3  by the Court and under the DGCL and the RULPA.  If not earlier accomplished, the Merger shall

4  become effective one day after the Effective Date and the filing of the Certificate of Merger with

5  the Secretary of State of the State of Delaware, or at such later date and time as MMPI and

6  MMPLP shall agree and shall specify in the Certificate of Merger.

7       Once the Merger becomes effective, all the property, rights, privileges, powers and

8  franchises of MMPLP shall vest in MMPI, and all debts, liabilities and duties of MMPLP shall

9  become the debts, liabilities and duties of MMPI.

10      **G.    RETAINED CLAIMS AND DEFENSES AND RESERVATION OF RIGHTS**

11           **1.    No Waiver and Retention of Claims and Defenses**

12      Unless otherwise expressly set forth in the Plan or the Confirmation Order, pursuant to

13  Section 1123(b)(3)(B), all Retained Claims and Defenses of any kind or nature whatsoever against

14  third parties arising before the Effective Date and belonging to the Debtors or the Estates shall

15  become property of the Reorganized Debtors.  Such Retained Claims and Defenses shall include,

16  without limitation:

17           • All claims and defenses pursuant to applicable non-bankruptcy law and Sections

18              502, 506, 524 and 553 of the Bankruptcy Code against any Creditor regarding the

19              amount of such Holder's Allowed Claim (whether prepetition or postpetition), to

20              enforce the discharge of any Secured Creditors' Claims;

21           • All claims and defenses pursuant to applicable non-bankruptcy law and Sections

22              502, 506, 510, 524, 542 and 553 of the Bankruptcy Code including, without

23              limitation, claims and defenses based on any Creditors' assertion of unreasonable

24              professionals' fees, costs, charges and penalties (whether disguised as interest, or

25              otherwise); and

26           • All claims and defenses related to the recovery of professionals' fees and expenses

27              by the Debtors or Reorganized Debtors from Creditors.

28

-138-

358005.02 [XP]    25195

1      From and after the Effective Date, the Reorganized Debtors are authorized to assert the

2  Retained Claims and Defenses including, but not limited to, for purposes of objection to the

3  allowance of any Claim.  Nothing contained in the Plan or the Confirmation Order shall be deemed

4  to be a waiver or the relinquishment of any of the Debtors' rights with respect to the Retained

5  Claims and Defenses and Reorganized Debtors shall be entitled to assert the Retained Rights and

6  Defenses as fully as if the Chapter 11 Cases had not been commenced.

7           **2.    Retention of Avoidance Actions**

8      Unless otherwise expressly set forth in the Plan or the Confirmation Order, from and after

9  the Effective Date, the Reorganized Debtors shall have the right to prosecute any and all avoidance

10  actions, recovery causes of action and objections to Claims under Sections 105, 502, 506, 510, 542

11  through 551 and 553 of the Bankruptcy Code that belong to the Debtors or to the Estates,

12  including, without limitation, all avoidance actions related to the transfers listed on Exhibit "I"

13  attached hereto, as well as potential avoidance actions against Legendary based on transfers of

14  Liens in favor of Legendary against assets of Debtors with no payment obligations to Legendary

15  and against PNL for certain involuntary, unauthorized postpetition transfers of funds belonging to

16  MG 2001-2021 W. Mission.  A list of all of the transfers by the Debtors during the 90-day and 1-

17  year periods is attached as Exhibit "I."

18           **3.    Unknown Retained Claims and Defenses / No Preclusion**

19      Unless otherwise expressly set forth in the Plan or the Confirmation Order, the reservation

20  of rights and Retained Claims and Defenses set forth above shall include, without limitation, any

21  Retained Claims and Defenses of which the Debtors may presently be unaware, or which may arise

22  or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts

23  or circumstances that may change or be different from those the Debtors now believe to exist

24  including, without limitation, claims based on theories of construction defect, breach of warranty,

25  negligence, indemnification and contribution.  Therefore, no preclusion doctrine, including,

26  without limitation, the doctrines of res judicata, collateral estoppel, waiver, estoppel (judicial,

27  equitable or otherwise), or laches will apply to the Reorganized Debtors with respect to the

28

1   Retained Claims and Defenses upon or after the Confirmation of the Plan based on the Plan, the

2   Disclosure Statement or the Confirmation Order.

3       **H.    OBJECTIONS TO CLAIMS**

4       Except as otherwise provided in the Plan, objections to Claims, including without limitation

5   Administrative Claims (other than objections to Administrative Claims of Professionals), shall be

6   Filed and served upon the Holder of such Claim or Administrative Claim no later than the later of:

7   (a) one hundred eighty (180) days after the Effective Date, (b) one hundred eighty (180) days after

8   a proof of claim or request for payment of such Claim is Filed, and (c) a deadline set by the Court

9   after the extension of the one hundred eighty (180)-day deadline; such extension may be granted on

10  an ex parte basis without notice or hearing.  After the Confirmation Date, only the Reorganized

11  Debtors will have the authority to File objections, settle, compromise, withdraw or litigate to

12  judgment objections to Claims and Interests.  From and after the Confirmation Date, the

13  Reorganized Debtors may settle or compromise any Disputed Claim or Disputed Interest without

14  approval of the Court.  Nothing in this Section IV.K. shall affect the rights of Bank of America

15  with respect to its claims and defenses asserted in connection with the *County of Los Angeles Tax*

16  *Collector v. Bank of America, et al.*, pending before the United States District Court for the Central

17  District of California, case number 2:10-cv-03536-SVW, in which Bank of America is requesting

18  declaratory relief that, *inter alia*, it has a right to pay real property taxes assessed against Bank of

19  America's real property collateral and that the County tax collector must accept checks handed to

20  the County's counsel on or about April 9, 2010.

21      **I.    MANAGEMENT OF THE REORGANIZED DEBTORS**

22      The directors and officers, managers and general partners, as the case may be, of each of the

23  Debtors shall serve in such capacities in each of the Reorganized Debtors, respectively, on and after

24  the Effective Date.  Richard Meruelo, John Maddux, Todd Nielsen, Fred Skaggs, Miguel

25  Echemendia, Lynn Beckemeyer, and Andrew Murray (collectively "Management") will continue in

26  their current capacities as officers of the Reorganized Debtor.

27

28

358005.02 [XP]    25195

**J.    DISBURSING AGENT**

The Chief Accounting Officer of MMPI (currently Fred Skaggs) shall act as the Disbursing Agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond, and shall receive no additional compensation for his duties as Disbursing Agent.

**K.    DISCHARGE OF THE DEBTORS AND INJUNCTION**

**1.    Discharge**

Except as otherwise provided in the Plan, the Confirmation Order or Section 1141(d)(6) of the Bankruptcy Code:  (i) on the Effective Date, each Debtor shall be deemed discharged and released to the fullest extent permitted by Section 1141 of the Bankruptcy Code from all Claims and Interests, including, but not limited to, demands, liabilities, Claims and Interests that arose before the Confirmation Date and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not:  (A) a proof of Claim or proof of Interest based on such debt or Interest is Filed or deemed Filed pursuant to Section 501 of the Bankruptcy Code, (B) a Claim or Interest based on such debt or Interest is allowed pursuant to Section 502 of the Bankruptcy Code or (C) the Holder of a Claim or Interest based on such debt or Interest has accepted the Plan; and (ii) all Persons shall be precluded from asserting against each Reorganized Debtor, its successors, or its assets or properties any other or further Claims or Interests based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date.  Except as otherwise provided in the Plan or the Confirmation Order, the Confirmation Order shall act as a discharge of any and all Claims against and all debts and liabilities of the Debtors, as provided in Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment against each Debtor at any time obtained to the extent that it relates to a Claim discharged.

**2.    Injunction**

All Persons that have held, currently hold or may hold a Claim or other debt or liability or an Interest or other right of an equity security Holder, are permanently enjoined from taking any of the following actions on account of any such Claims, debts or liabilities or terminated Interests or

-141-

1   rights discharged pursuant to Section K.1. immediately above: (a) commencing or continuing in

2   any manner any action or other proceeding against any of the Debtors and the Creditors'

3   Committee, and professional persons retained by the Debtors, the Creditors' Committee, and each

4   of their respective affiliates, current or former officers, directors, agents, employees and

5   representatives; (b) enforcing, attaching, collecting or recovering in any manner any judgment,

6   award, decree or order against any of the Debtors, the Creditors' Committee and professional

7   persons retained by any of the Debtors and Creditors' Committee and each of their respective

8   affiliates, current or former officer, directors, agents, employees and representatives; (c) creating,

9   perfecting or enforcing any lien or encumbrance against any of the Debtors, the Creditors'

10  Committee, and professional persons retained by any of the Debtors and the Creditors' Committee

11  and each of their respective affiliates, current or former officers, directors, agents, employees and

12  representatives; (d) asserting a setoff, right of subrogation or recoupment of any kind against any

13  obligation due to any of the Debtors, the Creditors' Committee and professional persons retained

14  by any of the Debtors and the Creditors' Committee and each of their respective affiliates, current

15  or former officers, directors, agents, employees and representatives; and (e) commencing or

16  continuing any action, in any manner, in any place that does not comply with or is inconsistent with

17  the provisions of the Plan; provided however, the injunction provided herein does not apply to and

18  shall not enjoin or otherwise prevent action against the Debtors' current or former officers,

19  directors, or employees that is not a Discharged Claim under Section K.1. immediately above.

20          Any Person injured by any willful violation of such injunction shall recover actual damages,

21  including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive

22  damages, from the willful violator.

23      **L.**      <u>**NO LIABILITY FOR SOLICITATION OR PARTICIPATION**</u>

24          As specified in Section 1125(e) of the Bankruptcy Code, Persons that solicit acceptances or

25  rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities

26  offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the

27  Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation

28

-142-

1    of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of

2    the Plan or the offer, issuance, sale, or purchase of securities.

3    **M.    <u>LIMITATION OF LIABILITY</u>**

4    Neither (a)  any Reorganized Debtor or any of their respective postpetition employees,

5    officers, directors, agents, representatives, affiliates, attorneys or any other professional persons

6    employed by any of them, nor (b) the Creditors' Committee or any of their respective postpetition

7    members, agents, employees, directors, officers representatives, attorneys or other professional

8    advisors, in each case, shall have any responsibility, or have or incur any liability, to any Person

9    whatsoever, under any theory of liability (except for any claim based upon willful misconduct or

10   gross negligence), for any act taken or omission made in good faith directly related to formulating,

11   implementing, confirming, or consummating the Plan, the Disclosure Statement, or any contract,

12   instrument, release, or other agreement or document created in connection with the Plan, provided

13   that nothing in this paragraph shall limit the liability of any Person for breach of any express

14   obligation it has under the terms of this Plan or under any post-petition agreement or other post-

15   petition document entered into by such Person or in accordance with the terms of this Plan or for

16   any breach of a duty of care owed to any other Person occurring after the Effective Date.

17   **N.    <u>CERTIFICATE OF INCORPORATION AND CERTIFICATES OF</u>**

18   **<u>ORGANIZATION</u>**

19   On the Effective Date, each Reorganized Debtor shall adopt an amended certificate of

20   incorporation, organization or formation of similar articles, pursuant to applicable non-bankruptcy

21   law and Section 1123(a)(5)(I) of the Bankruptcy Code.  Each amended certificate will, among other

22   provisions prohibit the issuance of nonvoting equity securities to the extent required by Section

23   1123(a)(6) of the Bankruptcy Code and will become effective upon the occurrence of the Effective

24   Date, and shall contain such other provisions as the Reorganized Debtors deem necessary and

25   appropriate including the elimination of single purpose entity provisions.

26   **O.    <u>OTHER DOCUMENTS AND ACTIONS</u>**

27   The Debtors and the Reorganized Debtors may, and shall, execute such documents and take

28   such other actions as are necessary to effectuate the transactions provided for in the Plan.

**P.      CORPORATE ACTION**

The adoption of the amended certificates of incorporation, certificates of organization, or

certificate of limited partnership, as the case may be, and all other matters under the Plan involving

the corporate structure of the Reorganized Debtors, shall be deemed to have occurred and be

effective on and after the Effective Date without any requirement of further action by the

stockholders, directors, managers, members, or limited partners, as the case may be, of each

Debtor.  Without limiting the foregoing, upon entry of the Confirmation Order by the Clerk, the

filing by any of the Reorganized Debtors of the amended certificates shall be authorized and

approved in all respects, including amendments to eliminate any special purpose entity provisions.

On the Effective Date or as soon thereafter as is practicable, pursuant to applicable law, the bylaws,

operating agreements, or partnership agreement, as the case may be, of each Debtor shall be the

bylaws, operating agreements or partnership agreement of such Reorganized Debtor.

**Q.      RETIREE BENEFITS**

The Debtors do not have any present obligations to pay retiree benefits within the meaning

of Section 1129(a)(13).

**R.      THE CREDITORS' COMMITTEE AND THE EQUITY COMMITTEE**

The Creditors' Committee and Equity Committee shall be dissolved 60 days after the

Effective Date and the members of such committees shall be released and discharged from all

further rights and duties arising from or related to the Chapter 11 Cases.  The professionals retained

by such committees and the members thereof shall not be entitled to compensation or

reimbursement of expenses incurred for services rendered after the Effective Date.

**V.**

**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Plan constitutes a motion to assume or reject all executory contracts and nonresidential

real property leases, except for those executory contracts and nonresidential real property leases

that have already been assumed or rejected pursuant to an earlier Order of the Court or that are the

subject of a motion for such an Order pending as of the Confirmation Hearing.  Prior to the

Confirmation Hearing, the Debtors will file a schedule of all real property leases and executory

-144-

1   contracts to be rejected; any contract or lease not on that schedule shall be deemed assumed by the

2   applicable Debtor as of the Effective Date.  Prior to the date of hearing on the Debtors' Disclosure

3   Statement, the Debtors will file a schedule of all real property leases and executory contracts to be

4   assumed listing the cure amount, if any, under such unexpired lease or executory contract.  Unless

5   the non-Debtor party to any such executory contract or unexpired lease to be assumed files and

6   serves on Debtors' counsel an objection to the cure amount specified on that schedule on or before

7   the last date established by the Court to file and serve objections to confirmation of the Plan, such

8   cure amount shall be forever binding on such non-debtor party to said executory contract or

9   unexpired lease.

10      Except as otherwise agreed by the parties to an executory contract or unexpired lease, each

11  Reorganized Debtor will cure any and all undisputed defaults within 30 days of the Effective Date

12  under any executory contract or unexpired lease assumed pursuant to the Plan and to which it is a

13  party, in accordance with Section 365 of the Bankruptcy Code.  All disputed defaults that are

14  required to be cured shall be cured either within 30 days of the entry of a Final Order determining

15  the amount, if any, of such Debtor's or Reorganized Debtor's liability with respect thereto, or as

16  may be agreed otherwise by the parties.  The Confirmation Order shall state that all pre-petition

17  contracts and unexpired leases that are listed on the schedule described herein are deemed assumed

18  under the Plan.

19      Any Claim for damages arising from the rejection of an executory contract or unexpired

20  lease must be Filed and served on counsel for the Debtors within thirty (30) days after the order of

21  the Court approving such rejection becomes a Final Order or be (i) forever barred and

22  unenforceable against any Debtor, its Estate, any Reorganized Debtor and their respective property,

23  and (ii) barred from receiving any distribution under the Plan.  All Allowed Claims arising from the

24  rejection of executory contracts or unexpired leases shall be treated as a Class "C" General

25  Unsecured Claim against the respective Debtor who is a party to such executory contract or

26  unexpired lease.

27      Any election of rights by a lessee under Section 365(h)(1) of the Bankruptcy Code must be

28  Filed and served on counsel for the Debtors within thirty (30) days after the order of the Court

approving such rejection becomes a Final Order or lessee shall be deemed to have waived any and all of its rights under Section 365(h)(1).

## VI.

## CONFIRMATION DATE CONDITIONS

### A.    CONDITIONS TO CONFIRMATION

The conditions to Confirmation shall be the following:

(1)    The satisfaction of the requirements of Section 1129 of the Bankruptcy Code;

(2)    The Confirmation Order shall (i) be acceptable in form and substance to the Debtors (in the Debtors' sole and absolute discretion) and (ii) expressly authorize and direct the Debtors to perform the actions that are conditions to the effectiveness of the Plan; and

(3)    Each of the events and actions required by the Plan to occur or to be taken prior to Confirmation shall have occurred or have been taken, or the Debtors or the party whose obligations are conditioned by such occurrences and/or actions, as applicable, shall have waived such occurrences or actions.

### B.    CONDITIONS TO EFFECTIVE DATE

The Plan shall not become effective unless and until it has been confirmed and the the following condition has been satisfied in full or waived by the Debtors:  the Confirmation Order in a form satisfactory to the Debtors shall have become a Final Order.

### C.    WAIVER OF CONDITIONS

The Debtors may waive any or all of the other conditions set forth in the Plan without leave of or order of the Court and without any formal action.  The Debtors reserve the right to amend or revoke the Plan.  Although this Plan is styled as a joint plan, the Debtors reserve the right to proceed with Confirmation under this Plan for one Debtor, or a combination of Debtors, and not the others.

### D.    EFFECT OF FAILURE OF CONDITIONS

In the event that the Effective Date does not occur, upon notification submitted by the Debtors to the Court: (a) the Confirmation Order shall be vacated, (b) no distributions under the Plan shall be made, (c) the Debtors and all Holders of Claims and Interests shall be restored to the

-146-

1   status quo ante as of the day immediately preceding the Confirmation Date as though the

2   Confirmation Date had never occurred, and (d) the Debtors' obligations with respect to the Claims

3   and Interests shall remain unchanged and nothing contained in the Plan shall constitute or be

4   deemed a waiver or release of any Claims or Interests by or against the Debtors or any other person

5   or to prejudice in any manner the rights of the Debtors or any person in any further proceedings

6   involving the Debtors.

7          **E.**    **VACATUR OF CONFIRMATION ORDER**

8          If an order denying confirmation of the Plan is entered, then the Plan shall be null and void

9   in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any

10   Claims against or Interests in the Debtors; (b) prejudice in any manner the rights of the Holder of

11   any Claim against, or Interest in, the Debtors; (c) prejudice in any manner any right, remedy or

12   claim of the Debtors; or (d) be deemed an admission against interest by the Debtors.

13                                **VII.**

14             **CONFIRMABILITY OF PLAN AND CRAMDOWN**

15          In the event at least one Impaired Class of Claims votes to accept the Plan (and at least one

16   Impaired Class either votes to reject the Plan or is deemed to have rejected the Plan), the Debtors

17   shall request the Court to confirm the Plan under the cramdown provisions of the Bankruptcy Code.

18                                **VIII.**

19       **VOTING AND DISTRIBUTIONS UNDER THE PLAN AND TREATMENT OF**

20       **DISPUTED, CONTINGENT AND UNLIQUIDATED CLAIMS AND INTERESTS**

21          **A.**    **VOTING OF CLAIMS AND INTERESTS**

22          Each Holder of an Allowed Claim or an Allowed Interest in an Impaired Class of Claims or

23   Interests shall be entitled to vote separately to accept or reject the Plan as provided in such order as

24   may be entered by the Court establishing certain procedures with respect to the solicitation and

25   tabulation of votes to accept or reject the Plan, or any other order or orders of the Court.

26

27

28

## B.     METHOD OF DISTRIBUTIONS UNDER THE PLAN

### 1.     Distributions Under the Plan

The Chief Accounting Officer of MMPI, currently Fred Skaggs, will serve as Disbursing Agent.  The Disbursing Agent will make all distributions of cash and securities required to be distributed under the applicable provisions of the Plan.  The Disbursing Agent may employ or contract with other entities to assist in or make the distributions required by the Plan.  The Disbursing Agent will serve without bond, and the Disbursing Agent will not receive additional compensation for distribution services rendered pursuant to the Plan.

Cash payments made pursuant to the Plan will be in U.S. dollars by checks drawn on a bank selected by the Reorganized Debtors, or by wire transfer from a bank, at the option of Reorganized Debtor.  Cash payments of $1,000,000 or more to be made pursuant to the Plan will, to the extent requested in writing no later than five days after the Confirmation Date, be made by wire transfer from a bank.  Cash payments to foreign creditors, if any, may be made, at the option of the Reorganized Debtors, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

### 2.     Timing and Methods of Distribution

#### a.     Compliance with Tax Requirements

In connection with the Plan, to the extent applicable, the Disbursing Agent must comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan will be subject to such withholding and reporting requirements.  The Disbursing Agent will be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

Notwithstanding any other provision of the Plan:  (i) each Holder of an Allowed Claim or Interest that is to receive a distribution of Cash pursuant to the Plan will have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations, on account of such distribution; and (ii) no distribution will be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements satisfactory to the Disbursing Agent for the payment and

-148-

satisfaction of such tax obligations.  Any Cash to be distributed pursuant to the Plan will, pending

the implementation of such arrangements, be treated as an undeliverable distribution pursuant to

the Plan.

### b.    Pro Rata Distributions

When the Plan provides for Pro Rata distribution, the property to be distributed under the

Plan shall be divided Pro Rata among the Holders of Allowed Claims or Allowed Interests of the

relevant Class.

### c.    Distributions

Distributions under the Plan shall be made by the Reorganized Debtors or their designee to

the Holders of Allowed Administrative Claims, Allowed Claims and Allowed Interests at the

addresses set forth on the Schedules, unless such addresses are superseded by addresses listed on

proofs of claim or transfers of claims filed pursuant to Bankruptcy Rule 3001, or at the last known

address of such Holders if the Debtors or Reorganized Debtors have been notified in writing of a

change of address.

### C.    UNDELIVERABLE OR UNCLAIMED DISTRIBUTIONS

Any Person that is entitled to receive a cash distribution under the Plan but that fails to cash

a check within 90 days of its issuance shall be entitled to receive a reissued check from the

Reorganized Debtors for the amount of the original check, without any interest, if such person

requests the Disbursing Agent to reissue such check and provides the Disbursing Agent with such

documentation as the Disbursing Agent requests to verify that such Person is entitled to such check,

prior to the first anniversary of the Effective Date.  If a Person fails to cash a check within 90 days

of its issuance and fails to request reissuance of such check prior to the first anniversary of the date

the check was issued, such Person shall not be entitled to receive any further distribution under this

Plan.  If the distribution to any Holder of an Allowed Claim or Allowed Interest is returned to a

Disbursing Agent as undeliverable, no further distributions will be made to such Holder unless and

until the applicable Disbursing Agent is notified in writing of such Holder's then-current address.

Undeliverable distributions will remain in the possession of the Disbursing Agent pursuant to the

Plan until such time as a distribution becomes deliverable.  Undeliverable cash will be held in trust

1   in segregated bank accounts in the name of the Disbursing Agent for the benefit of the potential

2   claimants of such funds, and will be accounted for separately.  The Disbursing Agent holding

3   undeliverable cash shall invest such cash in a manner consistent with the Reorganized Debtors'

4   investment and deposit guidelines.  Any distribution which is not claimed within six months of the

5   Effective Date shall be deemed property of the Reorganized Debtors.

6        **D.**    **DISPUTED CLAIMS AND ESTIMATIONS**

7        **1.**    **Treatment of Disputed Claims**

8       Notwithstanding any other provisions of the Plan, no payments or distributions will be

9   made on account of any Claim or Interest until such Claim or Interest becomes an Allowed Claim

10  or Allowed Interest.  The Reorganized Debtors may, at any time, request that the Court estimate

11  any contingent or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code,

12  irrespective of whether the Reorganized Debtors previously objected to such Claim or whether the

13  Court has ruled on any such objection.  The Court will retain jurisdiction to estimate any contingent

14  or unliquidated Claim at any time during litigation concerning any objection to the Claim,

15  including during the pendency of any appeal relating to any such objection.  If the Court estimates

16  any contingent or unliquidated Claim, that estimated amount will constitute either the Allowed

17  Amount of such Claim or a maximum limitation on such Claim, as determined by the Court.  If the

18  estimated amount constitutes a maximum limitation on such Claim, the Reorganized Debtors may

19  elect to pursue any supplemental proceedings to object to any ultimate payment on account of such

20  Claim.  All of these Claims objection, estimation and resolution procedures are cumulative and not

21  necessarily exclusive of one another.  In addition to seeking estimation of Claims as provided in the

22  Plan, the Reorganized Debtors may resolve or adjudicate certain Disputed Claims of Holders in

23  Unimpaired Classes in the manner in which the amount of such Claim and the rights of the Holder

24  of such Claim would have been resolved or adjudicated if the Reorganization Cases had not been

25  commenced, subject to any applicable discharge and limitations on amounts of claims and remedies

26  available under bankruptcy law.  Claims may be subsequently compromised, settled, withdrawn or

27  resolved by the Reorganized Debtors.

28

-150-

**2.    Distributions on Account of Disputed Claims Once They Are Allowed**

On the later of the next Quarterly Distribution Date or 30 days after the date a Disputed Claim becomes an Allowed Claim, the Disbursing Agent will commence making distributions on account of any Disputed Claim or Disputed Interest that has become an Allowed Claim or Allowed Interest during the preceding calendar quarter.  Such distributions will be made pursuant to the provisions of the Plan governing the applicable Class.  Holders of Disputed Claims or Disputed Interests that are ultimately allowed will also be entitled to receive, on the basis of the amount ultimately allowed, matured and payable interest, if any, at the rate provided for the Class to which such Claim belongs.

**3.    Allowance of Claims Subject to Bankruptcy Code Section 502(d)**

Allowance of Claims shall be in all respects subject to the provisions of Section 502(d) of the Bankruptcy Code.

**E.    <u>SETOFFS</u>**

Except with respect to claims of the Debtors and Reorganized Debtors released pursuant to the Plan or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan, the Reorganized Debtors may, pursuant to Section 553 of the Bankruptcy Code or applicable nonbankruptcy law, set off against any Allowed Claim and the distributions to be made pursuant to the Plan on account of such Claim (before any distribution is made on account of such Claim), the claims, rights and causes of action of any nature that the Reorganized Debtors may hold against the Holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by Reorganized Debtors of any such claims, rights and causes of action that the Debtors and the Reorganized Debtor may possess against such Holder.

**IX.**

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court will retain such jurisdiction over the Chapter 11 Cases after the Effective Date to the full extent permitted by law, including, without limitation, jurisdiction to:

-151-

1    (a)    Allow, disallow, determine, liquidate, classify, subordinate, estimate or establish the

2 priority or secured or unsecured status of any Claim or Interest, including the resolution of any

3 request for payment of any Administrative Claim, the resolution of any objections to the allowance

4 or priority of Claims or Interests and the resolution of any dispute as to the treatment necessary to

5 reinstate a Claim pursuant to the Plan;

6    (b)    Grant or deny any applications for allowance of compensation or reimbursement of

7 expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending before the

8 Effective Date;

9    (c)    Resolve any matters related to the assumption or rejection of any executory contract

10 or unexpired lease to which any Debtor is a party or with respect to which the any Debtor may be

11 liable, and to hear, determine and, if necessary, liquidate any Claims arising there from;

12    (d)    Ensure that distributions to Holders of Allowed Claims or Allowed Interests are

13 accomplished pursuant to the provisions of the Plan;

14    (e)    Decide or resolve any motions, adversary proceedings, contested or litigated matters

15 and any other matters and grant or deny any applications involving the Debtors, Reorganized

16 Debtor or the Chapter 11 Cases that may be pending on the Effective Date;

17    (f)    Enter such Orders as may be necessary or appropriate to implement or consummate

18 the provisions of the Plan and all contracts, instruments, releases, indentures and other agreements

19 or documents created in connection with the Plan, the Disclosure Statement or the Confirmation

20 Order, except as otherwise provided herein;

21    (g)    Resolve any cases, controversies, suits or disputes that may arise in connection with

22 the consummation, interpretation or enforcement of the Plan or the Confirmation Order, including

23 the release and injunction provisions set forth in and contemplated by the Plan and the

24 Confirmation Order, or any entity's rights arising under or obligations incurred in connection with

25 the Plan or the Confirmation Order;

26    (h)    Subject to any restrictions on modifications provided in any contract, instrument,

27 release, indenture or other agreement or document created in connection with the Plan, modify the

28 Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code or modify

-152-

1  the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or

2  other agreement or document created in connection with the Plan, the Disclosure Statement or the

3  Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Court

4  Order, the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument,

5  release, indenture or other agreement or document created in connection with the Plan, the

6  Disclosure Statement or the Confirmation Order, in such manner as may be necessary or

7  appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

8         (i)      Issue injunctions, enter and implement other Orders or take such other actions as

9  may be necessary or appropriate to restrain interference by any entity with consummation,

10  implementation or enforcement of the Plan or the Confirmation Order;

11         (j)      Enter and implement such Orders as are necessary or appropriate if the

12  Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

13         (k)      Determine any other matters that may arise in connection with or relating to the

14  Plan, this Disclosure Statement, the Confirmation Order or any contract, instrument, release,

15  indenture or other agreement or document created in connection with the Plan, the Disclosure

16  Statement or the Confirmation Order, except as otherwise provided in the Plan; and

17         (l)      Enter an Order concluding the Chapter 11 Cases.

18         The foregoing list is illustrative only and not intended to limit in any way the Court's

19  exercise of jurisdiction.  If the Court abstains from exercising jurisdiction or is otherwise without

20  jurisdiction over any matter arising out of the Chapter 11 Cases, including without limitation the

21  matters set forth in this Article, this Article shall have no effect upon and shall not control, prohibit,

22  or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to

23  such matter.

24  **X.**

25  **MISCELLANEOUS PROVISIONS**

26  A.      **EXEMPTION FROM TRANSFER TAXES**

27         Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of

28  notes or equity securities under the Plan, the creation of any mortgage, deed of trust or other

358005.02 [XP]    25195

1  security interest, the making or assignment or any lease or sublease, or the making or delivery of

2  any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan,

3  including, without limitation, any agreements of consolidation, deeds, bills of sale or assignments

4  executed in connection with any of the transactions contemplated under the Plan shall not be

5  subject to any stamp, real estate transfer, mortgage recording, license transfer or other similar tax.

6  For the avoidance of doubt, the transactions contemplated under the Plan include, among other

7  things, the transactions and transfers contemplated in Section III of the Plan under, in furtherance

8  of, or in connection with the consolidation provided for therein including, without limitation, the

9  transfer of the Debtors' right, title and interest in property of the Estates to the Reorganized

10  Debtors.

11      **B.      PAYMENT OF STATUTORY FEES**

12          All fees payable on or before the Effective Date pursuant to Section 1930 of Title 28 of the

13  United States Code, as determined by the Court at the Confirmation Hearing, shall be paid on or

14  before the Effective Date.

15      **C.      MODIFICATION OR WITHDRAWAL OF THE PLAN**

16          The Debtors reserve the right, in accordance with the Bankruptcy Code, to amend, modify

17  (subject to Court approval), or withdraw the Plan prior to the entry of the Confirmation Order.

18  After the entry of the Confirmation Order, the Debtors may amend or modify the Plan, or remedy

19  any defect or omission or reconcile any inconsistency in the Plan in such a manner as may be

20  necessary to carry out the purpose and intent of the Plan.

21      **D.      GOVERNING LAW**

22          Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy

23  Code and Bankruptcy Rules), the laws of the State of California (without reference to the conflicts

24  of laws provisions thereof) shall govern the construction and implementation of the Plan and any

25  agreements, documents and instruments executed in connection with the Plan.

26

27

28

358005.02 [XP]      25195

**E.      FILING OR EXECUTION OF ADDITIONAL DOCUMENTS**

On or before the Effective Date, the Reorganized Debtor shall file with the Court or execute, as appropriate, such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**F.      WITHHOLDING AND REPORTING REQUIREMENTS**

In connection with the Plan and all instruments issued in connection therewith and distributions thereon, the Reorganized Debtors shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions there under shall be subject to any such withholding and reporting requirements.

**G.      WAIVER OF RULE 7062 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The Debtors may request that the Confirmation Order include (a) a finding the Rule 62(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7062 of the Federal Rules of Bankruptcy Procedure, shall not apply to the Confirmation Order, and (b) authorization for the Debtors to consummate the Plan immediately after the entry of the Confirmation Order.

**H.      HEADINGS**

Headings used in the Plan are for convenience and reference only and shall not constitute a Part of the Plan for any purpose.

**I.      EXHIBITS AND SCHEDULES**

All Exhibits and Schedules to the Plan and Disclosure Statement are incorporated into and constitute a part of the Plan as if set forth herein.

**J.      NOTICES**

All notices, requests and demand hereunder to be effective shall be in writing and unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered by U.S. mail or email, addressed as follows:

358005.02 [XP]        25195

| REORGANIZED DEBTOR | COUNSEL TO THE DEBTORS AND REORGANIZED DEBTOR |
|---|---|
| Todd Nielsen, Esq.<br>General Counsel<br>MERUELO MADDUX<br>PROPERTIES, INC.<br>761 Terminal Street<br>Building 1, 2nd Floor<br>Los Angeles, California 90021<br>*tnielsen@meruelomaddux.com* | John N. Tedford, IV, Esq.<br>Julia W. Brand, Esq.<br>DANNING, GILL, DIAMOND &<br>KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California 90067-2904<br>Telephone:  (310) 277-0077<br>Facsimile:  (310) 277-5735<br>*JTedford@dgdk.com*<br>*JBrand@dgdk.com* |

### K.    CONFLICT

The terms of this Plan shall govern in the event of any inconsistency with the summaries of the Plan set forth in the Disclosure Statement.

### L.    SUCCESSORS AND ASSIGNS

The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, trustee, administrator, successor or assign of such Person.

### M.    SATURDAY, SUNDAY OR LEGAL HOLIDAY

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### N.    POST-EFFECTIVE DATE EFFECT OF EVIDENCES OF CLAIMS OR INTERESTS

Notes, bonds, stock certificates and other evidences of Claims against or Interests in the Debtors, and all Instruments of the Debtors (in either case, other than those executed and delivered as contemplated hereby in connection with the consummation of the Plan), shall, effective upon the Effective Date, represent only the right to participate in the distributions contemplated by the Plan.

### O.    SEVERABILITY OF PLAN PROVISIONS

If, prior to Confirmation, any term or provision of the Plan that does not govern the treatment of Claims or Interests provided for herein or the conditions to the Effective Date is held

-156-

1   by the Court to be invalid, void, or unenforceable, the Court shall have the power to alter and

2   interpret such term or provision to make it valid or enforceable to the maximum extent practicable,

3   consistent with the original purpose of the term or provision held to be invalid, void, or

4   unenforceable, and such term or provision shall then be applicable as altered or interpreted.

5   Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and

6   provisions of the Plan will remain in full force and effect and will in no way be affected, impaired,

7   or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall

8   constitute a judicial determination, and shall provide, that each term and provision of the Plan, as it

9   may have been altered or interpreted in accordance with the foregoing, is valid and enforceable

10  pursuant to its terms.

11          **P.      BALLOTING**

12          Each Holder of Allowed Claim or an Allowed Interest entitled to vote on the Plan will

13  receive a ballot.  The ballot will contain two boxes, one indicating acceptance of the Plan and the

14  other indicating rejection of the Plan.  Holders of Allowed Claims or Allowed Interests who elect

15  to vote on the Plan must mark one or the other box pursuant to the instructions contained on the

16  ballot.  Any executed Ballot that does not indicate acceptance or rejection of the Plan will be

17  deemed to constitute an acceptance of the Plan.

18          **Q.      NO ADMISSIONS OR WAIVER OF OBJECTIONS**

19          Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be

20  deemed as an admission by any Debtor with respect to any matter set forth herein including,

21  without limitation, liability on any Claim or the propriety of any Claims classification.  The

22  Debtors are not bound by any statements herein or in the Disclosure Statement as judicial

23  admissions.

24          **R.      SURVIVAL OF SETTLEMENTS**

25          All Court-approved settlements shall survive consummation of the Plan, except to the

26  extent that any provision of any such settlement is inconsistent with the Plan, in which case the

27  provisions of the Plan shall supersede such inconsistent provision of such settlement.

28  Notwithstanding the foregoing, the settlement documents approved by the Bankruptcy Court

-157-

358005.02 [XP]    25195

1  regarding FNBN, Cathay, Imperial, Los Angeles County, Murakami, The Stanford Group and PCB

2  shall supersede any inconsistent Plan provisions.

3      **S.      POST-CONFIRMATION STATUS REPORT**

4      Within 180 days of the entry of the Confirmation Order, the Reorganized Debtors shall file

5  a status report explaining what progress has been made toward consummation of the Plan. The

6  initial report shall be served on the United States Trustee and those parties who have requested

7  special notice. Further reports shall be filed every 180 days thereafter and served on the same

8  entities, unless otherwise ordered by the Court.

9      **T.      FINAL DECREE**

10     Once the Estates have been fully administered within the meaning of Rule 3022 of the

11  Federal Rules of Bankruptcy Procedure, the Reorganized Debtors shall file a motion with the Court

12  to obtain a final decree to close the Chapter 11 Cases.

13

14  Dated: September 1, 2010          Signature to Follow
                                       Richard Meruelo
15                                     Chief Executive Officer of Meruelo Maddux
                                       Properties, Inc. and Its 54 Debtor-Affiliates
16

17

18  Dated: September 1, 2010          DANNING, GILL, DIAMOND & KOLLITZ, LLP

19                                     By: _Julia W Brand_____

20                                     Julia W. Brand
                                       Attorneys for Meruelo Maddux Properties, Inc, Its 53
21                                     Jointly Administered Debtors

22

23

24

25

26

27

28

-158-

| In re: MERUELO MADDUX PROPERTIES, INC. | CHAPTER: 11 |
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **THIRD AMENDED JOINT PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., et al. DATED SEPTEMBER 1, 2010** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 1, 2010*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel, mca@dgdk.com (counsel for Debtors)
Robert Abiri    rabiri@abiriszeto.com
Allison R Axenrod    allison@claimsrecoveryllc.com
John J Bingham, jbingham@dgdk.com (counsel for Debtors)
Peter Bonfante, peterbonfante@bsalawfirm.com
Julia W Brand, jwb@dgdk.com (counsel for Debtors)
Jennifer L Braun, jennifer.l.braun@usdoj.gov (Office of the U.S. Trustee)
Martin J Brill, mjb@lnbrb.com (counsel for interested party)
George T Busu    george.busu@limruger.com
Andrew W Caine    acaine@pszyjw.com
Howard Camhi, hcamhi@ecjlaw.com (counsel for Kennedy Funding Inc.)
James E Carlberg    jcarlberg@boselaw.com
Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
Sara Chenetz    chenetz@blankrome.com
Jacquelyn H Choi    jchoi@swjlaw.com
Ronald R Cohn, rcohn@horganrosen.com (counsel for Pacific Commerce Bank)
Enid M. Colson, ecm@dgdk.com (counsel for Debtors)
Michaeline H Correa, mcorrea@jonesday.com (counsel for MTA)
Aaron De Leest, aed@dgdk.com (counsel for Debtors)
Daniel Denny    ddenny@gibsondunn.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)
Donald L Gaffney, dgaffney@swlaw.com (counsel for Bank of America)
Thomas M Geher, tmg@jmbm.com (counsel for Capmark Finance Inc.)
Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)
Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)

☒    Service information continued on attached page

-159-

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC.<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 1:09-bk-13356-KT |

Matthew A Gold    courts@argopartners.net
Michael I. Gottfried    mgottfried@lblawllp.com, aerskine@lgbfirm.com
John A Graham, jag@jmbm.com (counsel for Capmark Finance Inc.)
Ofer M Grossman, omglaw@gmail.com (counsel for Justman Packaging & Display)
Peter J Gurfein    pgurfein@lgbfirm.com
Jodie M Grotins    jgrotins@mcguirewoods.com
Cara Hagan, carahagan@haganlaw.org
Asa S Hami, ahami@sulmeyerlaw.com (counsel for OCC)
Brian T Harvey, bharvey@buchalter.com (counsel for California Bank & Trust)
David W Hercher    dave.hercher@millernash.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
Natasha L Johnson    natasha.johnson@dlapiper.com
Lance M. Jurich, ljurich@loeb.com (counsel for Canpartners)
Alexandra Kazhokin    akazhokin@buchalter.com
William H. Kiekhofer    wkiekhofer@mcguirewoods.com  (counsel for Esmark)
Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)
Michael S Kogan, mkogan@ecjlaw.com (counsel for Kennedy Funding Inc.)
Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com (counsel for OCC)
Lewis R Landau    lew@landaunet.com (Conflicts Counsel to Creditors Committee)
David E Leta, dleta@swlaw.com (counsel for FNBN-CMLCON I LLC)
R. Michael Llewellyn, michael.llewellyn@boe.ca.gov (counsel for California State Bar of Equalization)
Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
Steven K Linkon, slinkon@rcolegal.com (counsel for Chinatrust Bank)
Richard Malatt, rmalatt@gmail.com (counsel for interested party)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Raymond A. Myer; rmyer@myerlawpc.com (counsel for SCS Flooring)
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Jennifer L Nassiri    jennifer.nassiri@dlapiper.com
Lawrence Peitzman, lpeitzman@pwkllp.com (counsel for interested party)
Eric S Pezold, epezold@swlaw.com (counsel for Bank of America)
Christopher E Prince    cprince@lesnickprince.com
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Michael H Raichelson, mhr@cabkattorney.com (counsel for Stanford Group)
Kurt Ramlo    kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
Michael B Reynolds, mreynolds@swlaw.com (counsel for FNBN-CMLCON I LLC)
Martha E Romero, Romero@mromerolawfirm.com (counsel for San Bernardino County)
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)
Zev Shechtman, zshechtman@dgdk.com (counsel for Debtors)
Jeffrey S Shinbrot, shinbrot@earthlink.net (counsel for Rodriguez, et al.)
Stephen Shiu    sshiu@swlaw.com
Daniel H Slate, dslate@buchalter.com (counsel for California Bank & Trust)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
Catherine Steege    csteege@jenner.com (counsel for OEC)
Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
John N Tedford, jtedford@dgdk.com (counsel for Debtors)

⊠    Service information continued on attached page

358005.02 [XP]    25195

| In re: MERUELO MADDUX PROPERTIES, INC.<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 1:09-bk-13356-KT |
|---|---|

James A Timko    jtimko@allenmatkins.com
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Rouben Varozian rvarozian@bzlegal.com (counsel for Vahan and Anoush Chamlian)
Jason L Weisberg, jason@gdclawyers.com (counsel for Roofcorp)
William E Winfield    wwinfield@nchc.com
Jasmin Yang, jyang@swlaw.com (counsel for Bank of America)

☐    Service information continued on attached page

II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):
On I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 1, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Via EMail
Ron Orr & Professionals, Inc: ronorresq@aol.com (Proposed Attorneys for Equity Committee)
Georgiana G. Rodiger: crodiger@rodigerlaw.com (Proposed Attorneys for Equity Committee)

Via Personal Delivery
Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd, Suite 305, Woodland Hills, CA 91367

U.S. Trustee, Attn: Jennifer Braun, 21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 1, 2010 | Cindy M. Cripe | *Cindy M Cripe* |
|---|---|---|
| Date | Type Name | Signature |

-161-

358005.02 [XP]    25195