1  Jeremy V. Richards (CA Bar No. 102300)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California 90067-4100
   Telephone: 310/277-6910; Facsimile: 310/201-0760
4  E-mail: jrichards@pszjlaw.com
           jdulberg@pszjlaw.com
5
   Surjit P. Soni (CA Bar No. 127419)
6  THE SONI LAW FIRM
   35 N. Lake Ave., Suite 720
7  Pasadena, California 91101
   Telephone: 626/683-7600; Facsimile: 626/683-1199
8  E-mail: surj@sonilaw.com

   Curtis C. Jung, Esq. (CA Bar No. 130657)
   Monica H. Lin, Esq. (CA Bar No. 237343)
   JUNG & YUEN, LLP
   888 South Figueroa Street, Suite 720
   Los Angeles, California 90017
   Telephone: 213/689-8880; Facsimile: 213/689-8887
   E-mail: curtis@jyllp.com

   Elmer Dean Martin III, Esq. (CA Bar No. 75517)
   22632 Golden Springs Dr., Suite 190
   Diamond Bar, California 91765
   Telephone: 909/861-6700; Facsimile: 909/860-3801
   E-mail: elmer@bankruptcytax.net

9  Counsel for Co-Proponent, Legendary Investors
   Group No. 1, LLC

   Counsel for Co-Proponent, East West Bank

10

11              UNITED STATES BANKRUPTCY COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13              SAN FERNANDO VALLEY DIVISION

14  In re:

15  **MERUELO MADDUX PROPERTIES, INC., et al.,**

16                              Debtors.

17  ☒ Affects all Debtors
18  ☐ Affects the following Debtor(s):
19
20
21
22
23
24
25
26
27
28

Case No. 1:09-bk-13356-KT

Chapter 11 (Jointly Administered)

**RESPONSE OF LEGENDARY INVESTORS GROUP NO. 1, LLC AND EAST WEST BANK TO: (A) DEBTORS' THIRD AMENDED JOINT DISCLOSURE STATEMENT DESCRIBING THIRD AMENDED JOINT PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL. DATED SEPTEMBER 1, 2010; AND (B) CHARLESTOWN CAPITAL ADVISORS, LLC'S AND HARTLAND ASSET MANAGEMENT CORPORATION'S DISCLOSURE STATEMENT DESCRIBING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL. DATED SEPTEMBER 2, 2010; DECLARATION OF JEFFREY DULBERG**

Date:     September 10, 2010
Time:     9:30 a.m.
Place:    Courtroom 301
          21041 Burbank Blvd.
          Woodland Hills, California

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Legendary Investors Group No. 1, LLC ("Legendary" or "LIG") and East West Bank ("EWB") hereby submit this objection (the "Objection") to (a) the Debtors' *Third Amended Joint Disclosure Statement Describing Third Amended Joint Plan Of Reorganization Of Meruelo Maddux Properties, Inc., et al. Dated September 1, 2010* (Docket No. 1772); and (b) Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's *Disclosure Statement Describing First Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 2, 2010* (Docket No. 1778), (the "Charlestown/Hartland Disclosure Statement"), filed by Charlestown Capital Advisors, LLC ("Charlestown") and Hartland Asset Management ("Hartland" and, together with Charlestown, the "Charlestown/Hartland") in the Chapter 11 cases of the above-captioned debtors and debtors-in-possession (the "Debtors").

In support of this Objection, Legendary and EWB respectfully state as follows:

**A.** **Objection to Debtors' Disclosure Statement**

    1. **The Debtors Are Engaged In Unlawful, Bad Faith Solicitation And Should Be Prohibited From Further Plan Solicitation In This Case Pending Further Inquiry.**

On September 9, 2010 – i.e., today – the Debtors issued a press release entitled *East West Bank Hostile Takeover Plan of Meruelo Maddux Properties Rebuffed by Bankruptcy Court* (the "September 9 Press Release"). Attached hereto as **Exhibit "A"** is a true and correct copy of the September 9 Press Release.[1] The September 9 Press Release is not a product of journalism; its source is listed at the bottom of the release as "Meruelo Maddux Properties, Inc."

The release is a thicket of falsehoods. Easy examples to identify as false include the following:

- "The Debtors' plan has been confirmed and no one else need even bother presenting their 'half-baked' ideas." (Nothing could be further from the truth.)

---

[1] . The Meruelo Press Release can be found at the following internet links, among others: http://www.digitaljournal.com/pr/109943; http://www.istockanalyst.com/article/viewiStockNews/articleid/4484639; and http://www.earthtimes.org/articles/press/properties-rebuffed-bankruptcy-court,1453667.html

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    • "The Debtors' plan pays creditors in full." (This is patently false except as to MMPI

2        and MMPLP.  Unsecured creditors will be paid over *five years* unless they accept

3        50 cents on the dollar on the effective date.)

4    Below, Legendary and EWB provide a point-by-point refutation of the "points" made by the

5    Debtors in their release.  However, even setting aside its entirely false content and the Debtors' utter

6    disregard for the truth, the mere issuance of the September 9 Press Release is a striking violation of

7    Section 1125 of the Bankruptcy Code.  It is a quintessential example of unlawful, extreme bad faith

8    on the part of the Debtors.  The September 9 Press Release is so extremely egregious that further

9    discussion of the Debtors' Disclosure Statement is seemingly without purpose.

10   The September 9 Press Release was issued on the date of this writing.  Legendary and EWB

11   believe that prevailing case authority may inform this Court that the appropriate sanction against the

12   Debtor should be permanent termination of their right to solicit approval of their plan given the

13   extreme prejudice against Legendary and EWB their actions will generate.  Minimally, Legendary

14   and EWB believe monetary sanctions will be warranted under Ninth Circuit case law.  *See Duff v.*

15   *United States Trustee (In re California Fidelity, Inc.)* 198 B.R. 567 (9th Cir. B.A.P. 1996) (finding

16   1125 violation and monetary sanctions proper where debtor's principal issued a mass

17   communication discussing the debtor's prior plan and criticizing the trustee's/committee's joint plan

18   before any disclosure statement was approved).

19   Naturally, given the timing, Legendary and EWB have not had an opportunity to brief the

20   question of what ultimately ought to be the appropriate sanction for the Debtors' illicit solicitation.

21   This Court should conduct a complete investigation into the genesis and circumstances of the

22   September 9 Press Release in order to determine that sanction.  Did the Debtors' board authorize its

23   issuance?  Will the Debtors' estates pay for PRNewswire's services in publishing the release?  Who

24   was involved and for whose benefit were these actions taken?   Once these and other questions are

25   answered, the Court can determine the appropriate sanction against the Debtors based upon the facts

26   as they present themselves following briefing.

27   As an interim sanction, Legendary and EWB request that the Court issue an order

28   immediately suspending any further consideration of the Debtors' Disclosure Statement pending a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   full and complete investigation of the details surrounding the September 9 Press Release. Such an

2   order should be written to be without prejudice to the rights of Legendary and EWB to seek further,

3   final relief from this Court, including an order permanently prohibiting the Debtors from proceeding

4   with their solicitation activities in this case. Moreover, in the meantime, Legendary and EWB

5   request that the Court issue an order prohibiting the Debtors, their Chief Executive, and their other

6   officers and representatives from issuing press releases or contacting or speaking with any member

7   of the public or creditor or shareholder other than parties who have entered an appearance in this

8   case and then only with such parties' counsel unless expressly authorized by such counsel to speak

9   directly to the client.

10          Below, is a point-by-point refutation of the falsehoods offered by the Debtors in the

11  September 9 Press Release.

12

| SEPTEMBER 9 PRESS RELEASE STATEMENT | RESPONSE / CORRECTION |
|---|---|
| "A Bankruptcy Disclosure Statement presented by East West Bancorp in bankruptcy court today, effectively amounting to a hostile takeover of Meruelo Maddux Properties (MMPI), was not approved by presiding Judge Kathleen Thompson, determining the [EWB] Disclosure Statement to be insufficient. [EWB]'s filing is another in a string of delays caused by the community bank." | The Court made no determination that the LIG/EWB Disclosure Statement is insufficient. The Court allowed LIG/EWB to make revisions to its DS to address certain objections raised by Debtors and to make the DS more complete. |
| "'Despite yet another delay caused by East West Bank, Meruelo Maddux Properties will continue on its path to complete its bankruptcy reorganization as expeditiously as possible,' said Chairman and Chief Executive Officer Richard Meruelo." | There was no delay caused by EWB or LIG. The Court allowed LIG/EWB to submit a plan because Debtors' plan was objected to by multiple constituents, including the Equity Holders Committee and the Unsecured Creditors Committee as being woefully inadequate and un-confirmable. All secured creditors and both Committees rousingly supported LIG/EWB's request to terminate exclusivity so that LIG/EWB could file a competing plan because the LIG/EWB Plan was, in the words of the Committees, "far superior to Debtors' plan." Debtors lost their exclusive right to propose plan because they could not secure the support of most of the creditors or of equity. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| "The reorganization plan submitted by MMPI has already been approved so there is no need to proceed with a half-baked plan that attempts to take MMPI over. East West's efforts are not in the best interest of our company nor in the best interest of MMPI's creditors." | Debtors' Disclosure Statement is not ready for distribution because Debtors have radically revised it and the new Disclosure Statement has not been approved by the Court. The LIG/EWB Plan is neither "half-baked" nor are EWB's efforts against the interests of the company. |
| "Last month MMPI's Disclosure Statement was approved in court, paving the way to repay all of its creditors. Of particular note, MMPI's reorganization plan includes a 100% payment to all creditors of the company." | Debtors are not proceeding with the plan they proposed last month and revised their plan to try to compete with the superior treatment offered to all creditors and equity by the LIG/EWB Plan. Debtors revised Disclosure Statement has not been approved by the Court. |
| "Through its Disclosure Statement, [EWB] is attempting to convert its real estate loans into approximately 70 to 80 percent of the reorganized MMPI, in lieu of receiving 100% of its loans repaid, including interest." | EWB's proposed conversion of debt to equity is designed to shore-up and support its customer (i.e. certain Debtors) which are "drowning in a sea of red ink" as a result of the mismanagement by Richard Meruelo and his team. EWB's proposed conversion of debt to equity has been welcomed by all creditors and non-insider equity, as well as the committees because Debtors' Plan has insufficient cash to make promised payments to creditors and is not feasible. EWB would own less than 40% of the Debtors under its proposal with LIG owning a nearly equal amount of the company based on its investment in the Debtors. By contrast, Richard Meruelo and his team provide for no new cash investments despite continuing to lose nearly $30 million per year. Under Debtors' plan over $212 million in assets would have to be sold to support Richard Meruelo's management team. |
| "Taking such a predatory action - converting real estate debt of one of its customers into a controlling interest of that company - is a move lawyers involved in the case have never seen a community bank like East West Bancorp take." | Rarely has a bank made such a vigorous commitment to support a restructuring by releasing its senior secured position as a lender in favor of accepting an at risk equity position. EWB believes the company has potential and that creditors and equity holders deserve a chance to recover their investments through a better deal than what Richard Meruelo and his partner John Maddux are offering. The Meruelo-Maddux offer was to take the company private and placed the value of the company at just $6 million. The Meruelo-Maddux team are clearly outraged that anyone would stand up for creditors and equity holders' rights. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| "[EWB] also appears to be proposing it use TARP money obtained by the federal government as a part of its effort to complete its hostile takeover of MMPI, despite being unable to repay more than $306 million in bailout money back to the federal government. [EWB] also received nearly $300 million in additional bailout money of United Commercial Bank, which it acquired as part of an FDIC subsidized bank bailout." | 1. EWB is not using TARP funds for this transaction.<br><br>2. EWB did not receive TARP funds in connection with the UCB transaction. The reference to TARP funds of United Commercial Bank in the press release are to funds received by UCBH, the holding company of United Commercial Bank, which is itself in bankruptcy and has nothing to do with EWB. |
| "'As a taxpayer, I am offended that East West would try to use federal TARP money, which is supposed to be used to help consumers, to help finance its hostile takeover attempt of Meruelo Maddux Properties. Rather than use taxpayer money in real estate speculation, East West ought to repay its debt to taxpayers and use the balance to help small business owners flourish instead of try to take them over," concluded Meruelo.'" | EWB should be lauded for stepping up to the plate to help save a company that has great potential and will create jobs and growth for the Los Angeles community. EWB is investing in small business to assure its survival and for the benefit of the community. |

Indeed, this whole debacle raises a question that has been rhetorically asked on several occasions in this case: Who do "the Debtors" represent at this juncture, after all? They do not represent equity holders or unsecured creditors who have their own committees and counsel that have adamantly opposed the Debtors' plan. Indeed, the Debtors consist only of, and in fact represent only, entrenched management. No party in interest has aligned themselves with management's plan. Thus, "the Debtors" are an illusion, a false fiduciary taking no pains to oversee the interests of those they are duty-bound to protect and, on the contrary, doing everything possible to thwart their best interests.

    **2.**     <u>**New Disclosure Statement Is An Unexplained and Impossibly Radical Departure.**</u>

In their Third Amended Disclosure Statement, the Debtors present a plan that bears virtually no resemblance to their most recent version in a last ditch effort to salvage good will among constituents who have long since abandoned the Debtors' cause. The Debtors ignore that such a dramatic change to their plan cannot possibly be supported by the <u>same</u> financial projections as were used for the prior version of the plan. The Debtors also ignore that their plan is inherently "less

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   feasible" than the Legendary/EWB plan which contemplates a $5 million cash infusion and

2   conversion of approximately $65 million in secured debt. The Debtors now offer treatment that is

3   similar to that offered by each of the other plan proponents, only without any additional capital

4   infusion to do so.

5       The Debtors have moved from plan treatment that was inadequate under any standard to

6   treatment that they cannot possibly support based upon their previously published financial

7   projections. For example, the current version of the Disclosure Statement includes unexplained

8   drastic reductions in projected operating expenses. What is the source of this reduction? What

9   particular expenses do the Debtors insist were required a few weeks ago but now can be eliminated?

10  Debtors have previously claimed that their projections are based upon approved budgets which were

11  in turn based on actual financial costs and income. Clearly, the new projections are no longer based

12  on historic expenses or revenues and the Debtors' Disclosure Statement must be revised to identify

13  the basis of their projections and why they believe they can achieve them when they have never been

14  able to cut expenses in these last 18 months.

15      In short, the Debtors' financial projections do not match their new business plan and vice

16  versa. The Debtors' business plan continues to refer to an intention to develop properties despite the

17  fact under Debtors' plan no development will take place. Debtor will not be operating its business as

18  usual as the Disclosure Statement says, it will be partially liquidating over 5 to 7 years. Those facts

19  are never truthfully disclosed. Either the Debtors must revise their business plan or their financial

20  projections must be revised.

21          3.      **Disclosure Of Employment Agreements Inadequate**

22      The Debtors also should be required to provide complete details of the actual, complete costs

23  associated with assuming the existing employment agreements with Messrs. Meruelo, Maddux and

24  Murray. In the Debtors' new Disclosure Statement, while the costs associated with year 2009

25  bonuses are mentioned, no discussion of year 2010 bonuses is included, although year 2010 bonuses

26  will also come due. No explanation is offered for why year 2010 is not addressed; this should be

27  corrected in the Debtors' next iteration. Moreover, the Debtors did not account for these bonus

28  payments in their projections for Effective Date cash requirements. This is a critical exclusion given

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    that year 2009 bonuses will total over one-half million dollars.  Unless this is corrected, parties

2    reading the Disclosure Statement will receive inaccurate information concerning key issues like

3    available cash.

4        **4.**    <u>**Comparison Of This Disclosure Statement With Prior One Is Missing.**</u>

5            In its present form, the Disclosure Statement describes a plan that represents a drastic change

6    in course from the Debtors' most recent version filed just a few weeks ago.  The Debtors have

7    necessarily had to radically transform their business plan – yet the have made no attempt whatsoever

8    to describe this change.  The Debtors must provide the Court and other parties with a comparison of

9    their new business plan with their old business plan (as reflected in the prior disclosure statement

10   version).  Parties who have labored at these proceedings for months are entitled to understand the

11   justification for the dramatic change to the Debtors' business and bankruptcy plans.

12       **5.**    <u>**Loss of Public Company Benefits For Shareholders Must Be Disclosed.**</u>

13           Just as the Debtors successfully sought to have Legendary and EWB describe the impact of

14   the Debtors' return to public status, the Debtors' Disclosure Statement is missing a clear statement of

15   the intention of the company vis-à-vis  public reporting and what that means to shareholders.  The

16   two pillars of public company reporting – increased corporate visibility and increased liquidity – will

17   be sacrificed under the Debtors' plan.  It is appropriate for the Debtors to address this issue squarely

18   in their Disclosure Statement which they have not done.

19       **6.**    <u>**Disparate Treatment Of Unsecured Creditors Should Be Disclosed.**</u>

20           Additionally, the Debtors' latest plan sets up a different payment structure for unsecured

21   creditors of the Property Level Debtors compared with unsecured creditors of MMPI and MMPLP.

22   Unsecured creditors of the Property Level Debtors receive "carrot and stick" treatment consisting of

23   either 50% of their claim within 30 days of the effective date or payment in full over five years with

24   interest.  Meanwhile, the Debtors offer "upstream" creditors, i.e., unsecured creditors of MMPI and

25   MMPLP, payment in full within just 30 days of the effective date.[2]  While the permissibility of this

26   structure is certainly a plan confirmation issue, the Debtors' Disclosure Statement ought to highlight

27

28   [2] Moreover, the Debtors' own materials are internally inconsistent.  The Debtors' chart on page 86 of their redline DS provides different treatment for MMPI and MMPLP unsecured compared with page 59 of their redline plan.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  that unsecured creditors of MMPI and MMPLP are receiving <u>better</u> treatment than the unsecured

2  creditors of the Property Level Debtors are receiving, even though these creditors are structurally

3  junior to those creditors down stream at the Property Level Debtors.

4          There remain additional issues which hamstring the Debtors' Disclosure Statement and

5  collectively cause it to be inadequate.  Specific problems with the projections filed with the

6  Disclosure Statement include:

7          • Failure to provide starting date or anniversary date balance sheets for the Property

8              Level Debtors, despite having been ordered to do so;

9          • Exclusion of property level projections for MMP 2131 Humboldt Street; and

10         • Lack of information concerning total debt owed to each secured creditor as of the

11              Effective Date.

12  In sum, it simply does not work to take a disclosure statement designed for a much different plan and

13  tack a new plan on to it, without any concomitant changes to the disclosure statement.  The

14  Disclosure Statement remains faulty and, in light of the dramatic changes to the Debtors' business

15  and reorganization plans, the Disclosure Statement has become that much more hollow.

16  **B.**          **Objection to Charlestown/Hartland Disclosure Statement**

17          Just as with the Debtors' Disclosure Statement, the Charlestown/Hartland Disclosure

18  Statement suffers from a fundamental inadequacy – its financial projections do not match the

19  proponents' new business plan and vice versa.  Either Charlestown/Hartland also must revise their

20  business plan or their financial projections must be revised accordingly.

21          The Charlestown/Hartland Disclosure Statement also never explains what an "accredited

22  investor" is and what that failure to be one means to existing shareholders.  Existing shareholders

23  must be informed that if they are not accredited investors, they cannot participate in the proposed

24  private placement.  It is clear that absent this information, no reasonable hypothetical investor could

25  ever hope to adequate evaluate the Charlestown/Hartland plan.

26          Moreover, Charlestown/Hartland do not identify the source of the funds they propose to

27  invest.  Existing shareholders and creditors are entitled to know who their new partners are going to

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  be and what level of investment each is making in the company so that they may evaluate their level

2  of commitment to its success.

3        Other problems with both the projections filed and the Charlestown/Hartland Disclosure

4  Statement itself include:

5        • Failure to disclose Charlestown's and Hartland's total holdings in MMPI;

6        • Failure to provide starting date or anniversary date balance sheets for the Property

7          Level Debtors, despite the Court having ordered that such balance sheets must be

8          included;

9        • Use of an inappropriately early effective date given the fact that no plan can be

10         confirmed until at least January 2011; and

11       • Lack of information concerning total debt owed to each secured creditor.

12       **WHEREFORE**, for the reasons set forth herein, Legendary and EWB request that the Court:

13  (a) deny approval of the Debtors' Disclosure Statement until the issues raised herein are addressed;

14  (b) deny approval of the Charlestown/Hartland Disclosure Statement until the issues raised herein

15  are addressed; and (c) grant such other and further relief as is just and proper.

16  Dated:  September 9, 2010

17                              PACHULSKI STANG ZIEHL & JONES LLP

18

19                              By _____/s/ Jeffrey W. Dulberg_____
20                                      Jeffrey W. Dulberg
                                 Counsel for Legendary Investors Group No. 1, LLC
21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

### DECLARATION OF JEFFREY W. DULBERG

3        1.       I am an attorney at law duly licensed to practice before all State Courts in the State of

4   California and before the United States District Court for the Central District of California.  I am a

5   partner of the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel of record for

6   Legendary Investors Group No. 1, LLC.

7        2.       I have personal knowledge of the facts set forth herein and if called as a witness I

8   could and would competently testify thereto.

9        3.       Attached hereto as Exhibit "A" is a true and correct copy of the September 9 Press

10  Release which I printed from multiple sources on the internet.

11       I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct and that this declaration was executed at Los Angeles, California on

13  September 10, 2010.

14

15                                              _/s/ Jeffrey W. Dulberg_
                                                Jeffrey W. Dulberg
16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# Exhibit A

**Earthtimes.org** (Press Release)

[ Print this Page ]　　　　　　　　[ Close Window ]

**East West Bank Hostile Takeover Plan of Meruelo Maddux Properties Rebuffed by Bankruptcy Court**

Posted on : 2010-09-09 | Author : Meruelo Maddux Properties, Inc.
News Category : PressRelease

LOS ANGELES, Sept. 9 /PRNewswire/ -- A Bankruptcy Disclosure Statement presented by East West Bancorp (EWBC) in bankruptcy court today, effectively amounting to a hostile takeover of Meruelo Maddux Properties (MMPI), was not approved by presiding Judge Kathleen Thompson, determining the EWBC Disclosure Statement to be insufficient. EWBC's filing is another in a string of delays caused by the community bank.

"Despite yet another delay caused by East West Bank, Meruelo Maddux Properties will continue on its path to complete its bankruptcy reorganization as expeditiously as possible," said Chairman and Chief Executive Officer Richard Meruelo. "The reorganization plan submitted by MMPI has already been approved so there is no need to proceed with a half-baked plan that attempts to take MMPI over. East West's efforts are not in the best interest of our company nor in the best interest of MMPI's creditors."

Last month MMPI's Disclosure Statement was approved in court, paving the way to repay all of its creditors. Of particular note, MMPI's reorganization plan includes a 100% payment to all creditors of the company.

Through its Disclosure Statement, EWBC is attempting to convert its real estate loans into approximately 70 to 80 percent of the reorganized MMPI, in lieu of receiving 100% of its loans repaid, including interest. Taking such a predatory action ? converting real estate debt of one of its customers into a controlling interest of that company ? is a move lawyers involved in the case have never seen a community bank like East West Bancorp take.

EWBC also appears to be proposing it use TARP money obtained by the federal government as a part of its effort to complete its hostile takeover of MMPI, despite being unable to repay more than $306 million in bailout money back to the federal government. EWBC also received nearly $300 million in additional bailout money of United Commercial Bank, which it acquired as part of an FDIC subsidized bank bailout.

"As a taxpayer, I am offended that East West would try to use federal TARP money, which is supposed to be used to help consumers, to help finance its hostile takeover attempt of Meruelo Maddux Properties. Rather than use taxpayer money in real estate speculation, East West ought to repay its debt to taxpayers and use the balance to help small business owners flourish instead of try to take them over," concluded Meruelo.

SOURCE Meruelo Maddux Properties, Inc.

[ Print this Page ]　　　　　　　　[ Close Window ]

**Press Release Print Source :**
http://www.earthtimes.org/articles/show/properties-rebuffed-bankruptcy-court,1453667.shtml
© 2010 earthtimes.org. All Rights Reserved.
This material may not be published, broadcast, rewritten, or redistributed.

| In re: Meruelo Maddux Properties, Inc., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**PACHULSKI STANG ZIEHL & JONES LLP, 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, CA 90067**

A true and correct copy of the foregoing document described as **RESPONSE OF LEGENDARY INVESTORS GROUP NO. 1, LLC AND EAST WEST BANK TO: (A) DEBTORS' THIRD AMENDED JOINT DISCLOSURE STATEMENT DESCRIBING THIRD AMENDED JOINT PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL. DATED SEPTEMBER 1, 2010; AND (B) CHARLESTOWN CAPITAL ADVISORS, LLC'S AND HARTLAND ASSET MANAGEMENT CORPORATION'S DISCLOSURE STATEMENT DESCRIBING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL. DATED SEPTEMBER 2, 2010** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 9, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **September 9, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COURTESY COPY SERVED VIA FEDERAL EXPRESS**
The Honorable Kathleen Thompson
U.S. Bankruptcy Court
21041 Burbank Boulevard – Courtroom 301
Woodland Hills, CA 91367

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 9, 2010 | Janice G. Washington | *Janice G. Washington* |
|---|---|---|
| Date | Type Name | Signature |

**Service List re Notice of Electronic Filing**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                **F 9013-3.1**

| | |
|---|---|
| In re: Meruelo Maddux Properties, Inc., | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 09-13356-KT |

- Michael C Abel    mca@dgdk.com
- Robert Abiri    rabiri@abiriszeto.com
- John J Bingham    jbingham@dgdk.com
- Peter Bonfante    peterbonfante@bsalawfirm.com
- Julia W Brand    jwb@dgdk.com
- Jennifer L Braun    jennifer.l.braun@usdoj.gov
- Martin J Brill    mjb@lnbrb.com
- George T Busu    george.busu@limruger.com
- Andrew W Caine    acaine@pszyjw.com
- Howard Camhi    hcamhi@ecjlaw.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg    jcarlberg@boselaw.com
- Sara Chenetz    chenetz@blankrome.com
- Jacquelyn H Choi    jchoi@swjlaw.com
- Ronald R Cohn    rcohn@horganrosen.com
- Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa    mcorrea@jonesday.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Aaron De Leest    aed@dgdk.com
- Daniel Denny    ddenny@gibsondunn.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Lisa Hill Fenning    Lisa.Fenning@aporter.com, Jean.Kellett@aporter.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney    dgaffney@swlaw.com
- Thomas M Geher    tmg@jmbm.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser    bglaser@swjlaw.com
- Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com
- John A Graham    jag@jmbm.com
- Ofer M Grossman    omglaw@gmail.com
- Jodie M Grotins    jgrotins@mcguirewoods.com
- Peter J Gurfein    pgurfein@lgbfirm.com
- Cara J Hagan    carahagan@haganlaw.org
- Asa S Hami    ahami@sulmeyerlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- David W Hercher    dave.hercher@millernash.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Natasha L Johnson    natasha.johnson@dlapiper.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
- William H. Kiekhofer    wkiekhofer@mcguirewoods.com
- Andrew F Kim    kim-a@blankrome.com
- Michael S Kogan    mkogan@ecjlaw.com
- Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com
- Duane Kumagai    dkumagai@rutterhobbs.com, calendar@rutterhobbs.com
- Lewis R Landau    lew@landaunet.com
- David E Leta    dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re: Meruelo Maddux Properties, Inc., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-13356-KT |

- Steven K Linkon    slinkon@rcolegal.com
- Robert M Llewellyn    michael.llewellyn@boe.ca.gov
- Richard Malatt    rmalatt@gmail.com
- Elmer D Martin    elmermartin@gmail.com
- Elissa Miller    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jennifer L Nassiri    jnassiri@venable.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince    cprince@lesnickprince.com
- Michael H Raichelson    mhr@cabkattorney.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Kurt Ramlo    kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin    cmr@lnbrb.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Kirsten A Roe    kroe@wthf.com, dfunsch@wthf.com
- Martha E Romero    Romero@mromerolawfirm.com
- Victor A Sahn    vsahn@sulmeyerlaw.com
- Zev Shechtman    zshechtman@dgdk.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu    sshiu@swlaw.com
- Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni    surjit@sonilaw.com, teresa@sonilaw.com
- Tracie L Spies    tracie@haganlaw.org
- James Stang    jstang@pszjlaw.com
- Catherine Steege    csteege@jenner.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford    jtedford@dgdk.com
- James A Timko    jtimko@allenmatkins.com
- Alan G Tippie    atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian    rvarozian@bzlegal.com
- Jason L Weisberg    jason@gdclawyers.com
- William E Winfield    wwinfield@nchc.com
- Jasmin Yang    jyang@swlaw.com

## II. SERVED BY U.S. MAIL
Securities Exchange Commission
Los Angeles Regional Office
Attn: Sandra W. Lavigna, Esq.
5670 Wilshire Blvd., 11th Fl.
Los Angeles, CA 90036

## REQUEST FOR SPECIAL NOTICE
David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Arthur J Hazarabedian
California Eminent Domain Law Group

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re: Meruelo Maddux Properties, Inc., | CHAPTER  11 |
| Debtor(s). | CASE NUMBER  09-13356-KT |

3429 Ocean View Blvd Ste L
Glendale, CA 91208

SCS Flooring Systems
C/O Raymond Myer Esq
1220 1/2 State St
Santa Barbara, CA 93101

**APPOINTMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AMENDED AS OF JULY 7, 2010**
EDI Architecture, Inc.
2800 Post Oak Blvd., #3800
Houston, TX 77056
Attn: Darcy Garneau

GeoDesign, Inc.
2121 Town Center Place, Suite 130
Anaheim, CA 92806
Attn: Chris Zadoorian

Kirman Plumbing Company
794 Merchant Street
Los Angeles, CA 90021
Attn: Sam J. DeFelice

Complete Terminal Services, Inc.
11105 Knott Ave., Suite E
Cypress, CA 90630
Attn: William L. Clements

Magnusson Klemencic Associates, Inc.
1301 Fifth Avenue, Suite 3200
Seattle, WA 98101
Attn: Bill Christopher

D.B. Electric Co.
20952 Hemmingway Street
Canoga Park, CA 91304
Attn: Dominic Borra

Fast Taco #3, Inc.
12800 Riverside Drive, Third Floor
Studio City, CA 91607
Attn: Larry E. Wasserman

**AMENDED APPOINTMENT OF OFFICIAL COMMITTEE OF EQUITY HOLDERS AS OF AUGUST 2, 2010**

Taylor International Fund, Ltd.
714 South Dearborn Street, 2nd Floor
Chicago, IL 60605
Attn: Stephen S. Taylor

David A. Spinney

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 9013-3.1**

| In re: Meruelo Maddux Properties, Inc., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 09-13356-KT |

280 Sheridan Road
Winnetka, IL 60093

Douglas J. McCaslin
01600 S.W. Greenwood Road
Portland, OR 97219

Williams & Ribb LLP Profit Sharing Plan
4300 Long Beach Boulevard, Suite 350
Long Beach, CA 90807
Attn: John D. Williams

David Ofman
718 W. Melrose Street, 3W
Chicago, IL 60657

Kapil Tayal
10400 Swift Stream Place, #107
Columbia, MD 21044

David Pourbaba
8271 Melrose Avenue, Suite 200
Los Angeles, CA  90046

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9013-3.1**