1  JOHN N. TEDFORD, IV (State Bar No. 205537)
   jtedford@dgdk.com
2  JULIA W. BRAND (State Bar No. 121760)
   jbrand@dgdk.com
3  ENID COLSON (State Bar No. 189912)
   ecolson@dgdk.com
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
6  Facsimile:  (310) 277-5735

7  Attorneys for Meruelo Maddux Properties, Inc. and affiliated
   Debtors and Debtors-in-Possession

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11            SAN FERNANDO VALLEY DIVISION

12  In re                              )  Case No. 1:09-bk-13356-KT
                                       )
13  MERUELO MADDUX PROPERTIES, INC., et )  Chapter 11 (Jointly Administered)
    al.,[1]                            )
14                                     )  DEBTORS' SUBMISSION OF [1]
            Debtors and Debtors-in-Possession. )  REDLINED PAGES OF DEBTORS'
15                                     )  THIRD AMENDED JOINT PLAN, [2]
                                       )  REDLINED PAGES OF DEBTORS'
16  _____ )  THIRD AMENDED DISCLOSURE
                                       )  STATEMENT DESCRIBING THIRD
17  ☑    Affects all Debtors           )  AMENDED PLAN, AND [3] EXHIBIT
                                       )  A.1 OF DEFINITIONS TO THE
18      ☐   Affects the following Debtor(s): _____ )  DISCLOSURE STATEMENT
                                       )
19                                     )  Date:    September 15, 2010
                                       )  Time:    1:30 p.m.
20                                     )  Place:   Courtroom 301
                                       )           21041 Burbank Blvd.
21                                     )           Woodland Hills, California
                                       )
22                                     )
                                       )
23                                     )

24  [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated
    entities.  The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-
    bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT;
25  1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-
    KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-
    13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-
26  bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT;
    1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-
    KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-
27  13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-
    bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

28

                                -1-

1    Meruelo Maddux Properties, Inc., ("MMPI"), and its 53 related debtor entities (each a

2  "Debtor" and, collectively, the "Debtors" or the "Company") submit as Exhibit "1" redlined pages

3  reflecting Debtors informational changes to the Debtors' *Third Amended Joint Plan Of*

4  *Reorganization Of Meruelo Maddux Properties, Inc., et al.* ("Plan", *docket no.* 1771)  in response

5  to the Court's instructions at the September 10, 2010 hearing (the "Hearing").

6    The Debtors submit as Exhibit "2" redlined pages reflecting Debtors informational changes

7  to the Debtors' *Third Amended Joint Disclosure Statement Describing Third Amended Joint Plan*

8  *of Reorganization of Meruelo Maddux Properties, Inc., et al.* ("Disclosure Statement", *docket no.*

9  1772)  in response to the Court's instructions at the Hearing.

10    The Debtors submit as Exhibit "3" a new exhibit A.1 to the Disclosure Statement consisting

11  of the definitions section from the Plan in response to the Court's statement at the Hearing that the

12  Disclosure Statements should include separate definition sections.

13

14  Dated: September 14, 2010             DANNING, GILL, DIAMOND & KOLLITZ, LLP

15

16                          By: _____

17                               Julia W. Brand.
                                 Counsel for Debtors and
18                               Debtors in Possession

19

20

21

22

23

24

25

26

27

28

                                        -2-

# EXHIBIT 1

1 | JOHN N. TEDFORD, IV. (State Bar No. 205537)
*JTedford@dgdk.com*
2 | JULIA W. BRAND (State Bar No. 121760)
*JBrand@DGDK.com*
3 | ENID M. COLSON (State Bar No. 189912)
*EColson@DGDK.com*
4 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
5 | Los Angeles, California 90067-2904
Telephone:  (310) 277-0077
6 | Facsimile:  (310) 277-5735

7 | Attorneys for Meruelo Maddux Properties, Inc., jointly
administered Debtors and Debtors-in-Possession,
8 | Debtors and Debtors in Possession

9 |                 UNITED STATES BANKRUPTCY COURT

10 |                 CENTRAL DISTRICT OF CALIFORNIA

11 |                 SAN FERNANDO VALLEY DIVISION

12 | In re                                    ) Case No. 1:09-bk-13356-KT
                                             )
13 | MERUELO MADDUX PROPERTIES,               ) Chapter 11 (Jointly Administered)
INC., et al.                                 )
14 |                                          )
                    Debtors and Debtors-in-  ) **THIRD AMENDED JOINT PLAN OF**
15 |                 Possession.              ) **REORGANIZATION OF MERUELO**
                                             ) **MADDUX PROPERTIES, INC., et al. DATED**
16 |                                          ) **SEPTEMBER 15, 2010**
                                             )
17 | ☑  Affects all Jointly Administered      ) **Disclosure Statement Hearing**
        Debtors                              ) Date:      September 15, 2010
18 |                                          ) Time:      9:30 a.m.
    ☐  Affects the following Debtor(s):       ) Ctrm:      "301" 21041 Burbank Blvd.
19 |                                          )            Woodland Hills, CA 91367
20 |                                          ) **Plan Confirmation Hearing**
                                             ) Date:      January 5, 2011
21 |                                          ) Time:      1:30 p.m.
                                             ) Place:     Courtroom 301
22 |                                          )            21041 Burbank Blvd.
                                             )            Woodland Hills, California
23 |                                          )
24 |                                          )

**Deleted:** Date:  November 29, 2010¶
**Deleted:** 9
**Deleted:** a

**Deleted:** 02

358005.03 [XP]    25195

4

## I.

### INTRODUCTION

Meruelo Maddux Properties, Inc., a Delaware corporation ("MMPI"), and its 53 related debtor entities that filed voluntary bankruptcy petitions at the same time and are jointly administered pursuant to an order of the Court, (collectively, the "Debtors") hereby jointly propose the following Third Amended Joint Chapter 11 Plan of Reorganization (defined herein as the "Plan") for the resolution of their outstanding creditor claims and interests.  Reference is made to the Third Amended Disclosure Statement Accompanying Third Amended Joint Chapter 11 Plan of Reorganization of Meruelo Maddux Properties, Inc., *et al.* dated as of September 15, 2010 (defined herein as the "Disclosure Statement") for a discussion of the Debtors' history, businesses, properties, operations, projections, and for a summary of the Plan and certain related matters.  The Disclosure Statement has been sent to you in the same envelope as this Plan.  The Disclosure Statement has been approved by the Court and is provided to help you understand the Plan.

This is a joint Plan and not a consolidated Plan. The Debtors are not seeking substantive consolidation in this Plan.  As a result, the Claims and Interests in each of the Debtors have been classified on a Debtor by Debtor basis. *Votes will be tabulated and acceptances will be determined on a Debtor-by-Debtor basis*.  The Debtors will seek confirmation of the Plan as to each Debtor on an individual basis notwithstanding that this is a joint Plan.

All Holders of Claims and Interests are encouraged to read the Plan and the Disclosure Statement in their entirety before voting to accept or reject the Plan.  No materials, other than the Disclosure Statement, the exhibits and schedules attached thereto or referenced therein, have been approved by the Court for use in soliciting acceptances or rejections of the Plan.

**THE DEBTORS BELIEVE THAT THE PLAN REPRESENTS THE BEST POSSIBLE RETURN TO HOLDERS OF CLAIMS AND INTERESTS.  THE DEBTORS STRONGLY URGE YOU TO READ THE DISCLOSURE STATEMENT AND VOTE IN FAVOR OF THE PLAN.**

Notwithstanding anything herein to the contrary, all statements in this Plan and the accompanying Disclosure Statement concerning the history of the Debtors' businesses, the past or

Deleted: -

Deleted: -

Deleted: 02

358005.03 [XP]    25195

| | | |
|---|---|---|
| 1 | *Class* | means a class of Claims or Interests designated pursuant to the Plan. |
| 2 | *Clerk* | means the Clerk of the Court. |
| 3 | *Collateral* | means any property or interest in property of a Debtor's Estate subject |
| 4 | | to a Lien to secure the payment or performance of a Claim as of the Petition Date, which Lien is not subject to avoidance under the |
| 5 | | Bankruptcy Code or applicable non-bankruptcy law or otherwise |
| 6 | | invalid under the Bankruptcy Code or applicable non-bankruptcy law. |
| 7 | *Commencement Date* | means March 26, 2009 for MMP 12385 San Fernando Road and |

7   *Commencement Date*   means March 26, 2009 for MMP 12385 San Fernando Road and March 27, 2009 for 788 S. Alameda, 905 8th Street, 2640 Washington Boulevard, Alameda Produce Market, MBP, Merco Group, Meruelo Farms, Meruelo Wall Street, MG 4th Street Center, MG 146 E. Front Street, MG 425 W. 11th Street, MG 620 Gladys Avenue, MG 1211 E. Washington Boulevard, MG 1308 S. Orchard, MG 1500 Griffith Avenue, MG 2001-2021 W. Mission Boulevard, MG 2040 Camfield Avenue, MG 2529 Santa Fe Avenue, MG 3185 E. Washington Boulevard, MG 5707 S. Alameda, MG Ceres Street Produce, MG Little J, MG Overland Terminal, MG Southpark, MM 3rd and Omar Street, MM 230 W. Avenue 26, MM 336 W. 11th Street, MM 420 Boyd Street, MM 500 Mateo Street, MM 555 Central Avenue, MM 817-825 S. Hill Street, MM 915-949 S. Hill Street, MM 1000 E. Cesar Chavez, MM 2415 E. Washington Boulevard, MM 5500 Flotilla Street, MM Construction, MM Mission Boulevard, MMP 306-330 N. Avenue 21, MMP 760 S. Hill Street, MMP 1009 N. Citrus, MMP 1060 N. Vignes, MMP 1919 Vineburn, MMP 2131 Humboldt Street, MMP 2951 Lenwood Road, MMPLP, MMP Ventures, National Cold Storage, Santa Fe & Washington Market, Santa Fe Commerce Center, and Wall Street Market, the date on which each of the preceding Debtors filed their respective petitions for relief commencing the Chapter 11 Cases.

| | | |
|---|---|---|
| 20 | *Confirmation* | means the conclusion of the Confirmation Hearing. |
| 21 | *Confirmation Date* | means the date on which the Confirmation Order is entered on the |
| 22 | | Docket. |
| 23 | *Confirmation Hearing* | means the hearing to consider confirmation of the Plan pursuant to |
| 24 | | Section 1128 of the Bankruptcy Code. |
| 25 | *Confirmation Order* | means the order entered by the Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code. |
| 26 | *Convenience Class* | means an election by a Holder of an unsecured Claim on its Ballot to |
| 27 | *Election* | be treated as a Convenience Claim. |
| 28 | *Convenience Class of* | means a Class of unsecured Claims created pursuant to Section |

Deleted: -

Deleted: -

Deleted: 02

c&c

358005.03 [XP]    25195

| | | |
|---|---|---|
| 1 | *Unimpaired* | means with reference to a Class of Claims or Interests, that the Class is not Impaired. An Unimpaired Class is not entitled to vote on the Plan. |
| 2 | | |
| 3 | *Voting Agent* | means the Debtors. |
| 4 | *Voting Deadline* | means the date on which Ballots must be received by the Voting Agent. For purposes of the Plan, the Voting Deadline is October ___, 2010 at 4:00 p.m. Pacific Time, or, if the Voting Deadline is extended by Court Order, the latest date on which a Ballot will be accepted. |
| 5 | | |
| 6 | | |
| 7 | *Wall Street Market* | means Wall Street Market, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13377. |
| 8 | | |

**Deleted: 12**

9  **B.    INTERPRETATION OF TERMS AND COMPUTATION OF TIME**

10        **1.    Defined Terms**

11    Any term used in the Plan that is not defined in the Plan, either in Article II.A. (*Definitions*)

12 or elsewhere, but that is used in the Bankruptcy Code, the Bankruptcy Rules or the Local

13 Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code, the

14 Bankruptcy Rules or the Local Bankruptcy Rules, as the case may be.

15        **2.    Rules of Interpretation**

16    For purposes of the Plan: (a) whenever it appears appropriate from the context, each term,

17 whether stated in the singular or the plural, shall include both the singular and the plural; (b) any

18 contract, instrument, release or other agreement or document entered into by a Reorganized Debtor

19 in connection with the Plan which refers to "being in a particular form" or "on particular terms and

20 conditions" means that such document shall be substantially in such form or substantially on such

21 terms and conditions; provided, however, that any change to such form, terms, or conditions which

22 is material to a party to such document shall not be made without such party's consent or an order

23 of the Court; (c) any reference in the Plan to an existing document or exhibit Filed or to be Filed

24 means such document or exhibit, as it may have been or (to the extent otherwise permitted,

25 hereafter) may be amended, modified or supplemented from time to time; (d) unless otherwise

26 specified in a particular reference, all references in the Plan to paragraphs, Articles and Exhibits are

27 references to paragraphs, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof,"

28 "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to

**Deleted: -**

**Deleted: -**

**Deleted: 02**

24

358005.03 [XP]    25195

1    The Holder of any Claim in any "C" Class may elect to reduce the Allowed amount of its

2    Claim to $500 and be treated as a member of the Convenience Class.

3        **f.    Common Unsecured Claim Treatment**

4        The Holders of Allowed General Unsecured Claims shall receive deferred cash

5    payments equal to 100% of the Allowed amount of the Claim plus interest at the rate of 4.0% per

6    annum from the Effective Date, payable in twenty (20) equal quarterly installments commencing

7    on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution

8    Date. Any Holder shall have the right to elect an alternate treatment for such claim which election

9    must be made at the time such Holder votes on the Plan. Under the alternate treatment, the Holder

10   shall receive payment of 50% of its Allowed Claim within 30 days after the Effective Date in full

11   satisfaction of its Claim.

12       In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the first

13   quarterly payment will be due and payable on the later of the next Quarterly Distribution Date or

14   30 days after the date the Disputed Claim becomes an Allowed Claim, and the first payment shall

15   include payment for any quarter for which payment had not been made before the Disputed Claim

16   became an Allowed Claim.

17       **g.    Common Unsecured Guaranty Claim Treatment**

18       Claims in this Class consist of Guaranty Claims on obligations for which another one of the

19   Debtors is the principal obligor (referred to generally in this section as the "Principal Obligor") and

20   for which the principal obligation is provided for under this Plan.

21       As of the Effective Date, all provisions of all guaranties giving rise to such Guaranty

22   Claims shall be canceled and extinguished, including any and all waivers of suretyship rights and

23   defenses under California Civil Code § 2856, and all Claims arising under such guaranties shall be

24   released except as provided in this Plan. Guaranty Claims shall be deemed contingent as of the

25   Effective Date and shall be deemed to be guarantees of the amended obligations of the respective

26   Principal Obligors under the Plan. The guarantor of the Guaranty Claims shall be the Reorganized

27   MMPI. The Holder of a Guaranty Claim in this Class shall not receive any distribution on account

28   of its Guaranty Claim, unless and until the Principal Obligor defaults under the terms of this Plan

| Deleted: - |
| Deleted: - |
| Deleted: 02 |

| Total Estimated Claim as of Effective Date of December 31, 2010 | $55,606 |
|---|---|
| Estimated Quarterly Payment | $4,900 |
| Total Payout Amount | $78,400 |

The payment obligations with respect to this Claim shall be secured by the MM 2415 E. Washington Boulevard Real Property.

**b.    Class 16C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment.

**c.    Class 16C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**d.    Class 16D Intercompany Claims**

This Class is Unimpaired and not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**e.    Class 16E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**17.    Claims Against And Interests In MM 5500 Flotilla Street**

**a.    Class 17C General Unsecured Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full on the Effective Date on account of their Allowed Claims.

**b.    Class 17D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**c.    Class 17E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

*66*

Deleted: -
Deleted: -
Deleted: 02

358005.03 [XP]    25195

1    The payment obligations with respect to this Claim shall be secured by the MG 1308 S.

2  Orchard Real Property.

3            b.        **Class 22C General Unsecured Claims**

4    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

5  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

6            c.        **Class 22D Intercompany Claims**

7    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

9            d.        **Class 22E Interests**

10    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

11  account of their Interests.

12        23.    **Claims Against And Interests In MG 2040 Camfield Avenue**

13            a.        **Class 23C General Unsecured Claims**

14    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15  shall receive payment in full on the Effective Date on account of their Allowed Claims.

16            b.        **Class 23D Intercompany Claims**

17    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

18  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

19            c.        **Class 23E Interests**

20    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

21  account of their Interests.

22        24.    **Claims Against And Interests In MG Ceres Street Produce**

23            a.        **Class 24A Los Angeles County Secured Tax Claim**

24    The Class 24A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

25  shall receive the Common Secured Tax Claim Treatment.

| Value of Real Property | $2,419,200 |
| Priority of Lien | 1st |

Deleted: -

Deleted: -

Deleted: 02

358005.03 [XP]    25195

1  to attach to such proceeds to the same extent and with the same validity and priority as such Liens

2  had on Parcel D immediately prior to the sale, pending resolution of the adversary proceeding to

3  determine whether the Allowed Class 50A-2 Claim is secured by Parcel D.  At the closing, the

4  Holder's alleged lien on Parcel D shall be released.  In addition, the Holder's deed of trust on

5  Parcels B and C shall be subordinated to an easement agreement and separate covenant agreement

6  among the owners of Parcels A, B, C and D, the form of which will be filed by June 7, 2010.  The

7  remainder of the Allowed Claim shall continue to be secured by the 1119 S. Olive Street Real

8  Property owned by MG Little J and, depending upon the outcome of the adversary proceeding, by

9  the remainder of the Sky-Arc Real Property.

10           c.      **Class 50A-3 Legendary Secured Claim re Sci-Arc Property**

11           The Class 50A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

12  Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or

13  Claims set forth in the below schedule are by way of illustration and are not binding on the Holder

14  or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Sci-Arc Property | $15,700,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $10,108,209 | $10,108,209 |
| Accrued Pre-Petition Interest | $454,869 | $322,199 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $2,388,064 | $670,933 as of September 20, 2009 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $153,617 as of September 20, 2009 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $12,951,142 (includes accrued interest) | |

The payment obligations shall be secured by the Sci-Arc Real Property.

-125-

358005.03 [XP]   25195

Deleted: 17,091,768

Deleted: -

Deleted: -

Deleted: 02

# EXHIBIT 2

1  JOHN N. TEDFORD, IV (State Bar No. 205537)
    *JTedford@DGDK.com*
2  JULIA W. BRAND (State Bar No. 121760)
    *JBrand@dgdk.com*
3  ENID COLSON (State Bar No. 189912)
    *EColson@dgdk.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
    2029 Century Park East, Third Floor
5  Los Angeles, California  90067-2904
    Telephone:  (310) 277-0077
6  Facsimile:  (310) 277-5735

7  Attorneys for Meruelo Maddux Properties, Inc., and
    affiliated Debtors and Debtors-in-Possession

8                     UNITED STATES BANKRUPTCY COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10                    SAN FERNANDO VALLEY DIVISION

11  In re                              ) Case No. 1:09-bk-13356-KT
                                       )
12  MERUELO MADDUX PROPERTIES,         ) Chapter 11 (Jointly Administered)
    INC., et al.,[1]                   )
13                                     ) **THIRD AMENDED JOINT DISCLOSURE**
              Debtors and Debtors-in-  ) **STATEMENT DESCRIBING THIRD**
14            Possession.              ) **AMENDED JOINT PLAN OF**
                                       ) **REORGANIZATION OF MERUELO**
15  _____  ) **MADDUX PROPERTIES, INC., ET AL.**
                                       ) **DATED SEPTEMBER 15, 2010**
16  ☑   Affects all Debtors            )
                                       ) **Disclosure Statement Hearing**
17  ☐   Affects the following Debtor(s):) Date:    ~~August 6~~September 15, 2010
                                       ) Time:    ~~9~~1:30 ~~a~~p.m.
18                                     ) Place:   Courtroom 301
                                       )          21041 Burbank Blvd.
19                                     )          Woodland Hills, California
                                       )
20                                     ) **Plan Confirmation Hearing**
                                       ) ~~Date:    November 29, 2010~~
21                                     ) Date:    January 5, 2011
                                       ) Time:    9:30 a.m.
22                                     ) Place:   Courtroom 301
                                       )          21041 Burbank Blvd.
23                                     )          Woodland Hills, California

24  [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated
25  entities.  The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-
    bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT;
    1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-
26  KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-
    13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-
    bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT;
27  1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-
    KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-
    13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-
28  bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

358007.0203 [XP]   25195

**Formatted:** Flush Left Char,fl
Char,Left:  3.38" Char,Right:  0.4"
Char

1  that have taken place during the Chapter 11 Cases and describes the terms of the Plan, which

2  divides creditor Claims and the interests of shareholders into Classes and provides for the

3  satisfaction of allowed Claims and interests.

4        The Plan is a joint Plan and not a consolidated Plan. The Debtors are not seeking

5  substantive consolidation in the Plan. As a result, the Claims and Interests in each of the Debtors

6  have been classified on a Debtor by Debtor basis. Votes will be tabulated and acceptances will be

7  determined on a Debtor by Debtor basis. The Debtors will seek confirmation of the Plan as to each

8  Debtor on an individual basis notwithstanding that the Plan is a joint Plan. -The votes of creditors

9  of one Debtor will not affect or be counted toward acceptance of or rejection of a plan for any other

10  Debtor. The Debtors reserve the right to proceed with Confirmation under the Plan for one Debtor,

11  or a combination of Debtors, and not others.

12        The Plan provides for the payment in full of all Claims over time. General Unsecured

13  Claims held against MMPI and MMPLP will be paid within 30 days after the Effective Date of the

14  Plan with interest. The from the Petition Date at 5% per annum. Each creditor holding a General

15  Unsecured Claim against any Debtor other than MMPI and MMPLP will be paid in the full amount

16  of their Claims over 5 years from the Effective Date, with payments made in equal quarterly

17  installments of principal and interest (accruing at 4% per annum from the Effective Date), unless

18  they elect to accept 50% of their Claims at the Effective Date of the Plan in full satisfaction of their

19  Claims. Secured Claims will be paidreceive payments of interest onlyat 5% per annum over 5 years

20  if the term ofcreditor votes to accept the Plan and 7 years if the creditor votes to reject the Plan.

21  The principal balance will be due at the end of the 5 or 7 year term as applicable and will be repaid

22  either through the sale of the property securing the claim or the refinancerefinancing of the secured

23  debt. Secured Creditors who have entered into Bankruptcy Court approved settlement agreements

24  with the Debtors will be paid in accordance with the terms of the settlement agreements. MMPI

25  shareholders will retain their shares in MMPI. and their rights are not affected by the Plan.

26  MMPLP will be merged into MMPI and MMPLP's equity interests will be cancelled. Payments

27  under the Plan will be funded from the Debtors' operations, existing cash at the Effective Date and

28

5

358007.0203 [XP]    25195

1   the sale and refinance of certain of the Debtors' assets. A detailed description of the Plan is set forth

2   in Article V of this Disclosure Statement.

3        Upon Bankruptcy Court approval ("Confirmation") of the Plan, the Plan will be binding

4   upon all creditors and shareholders regardless of whether an individual creditor or shareholder has

5   voted in favor of the Plan.  THE DEBTORS THEREFORE URGE YOU TO READ THIS

6   DISCLOSURE STATEMENT AND THE PLAN CAREFULLY.

7        B.    ~~EXHIBITS AND~~ ADDITIONAL INFORMATION

8        ~~Attached as Exhibits to this Disclosure Statement are copies of the following documents:~~

9        •    ~~The Plan (Exhibit A);~~

10       •    ~~Order of the Bankruptcy Court dated [ ], 2010 (the "Disclosure Statement Order")~~

11   ~~approving this Disclosure Statement (Exhibit B);~~

12       •    ~~Chart of the Debtors' Corporate Structure:  Prepetition List of the Debtors  (Exhibit~~

13   ~~C);~~

14       •    ~~Loan Modification Agreements (Exhibit D);~~

15       •    ~~The Debtors' Projected Financial Information (Exhibit E);~~

16       •    ~~The Debtors' Unexpired Leases and Executory Contracts (Exhibit F);~~

17       •    ~~The Debtors' Liquidation Analysis (Exhibit G);~~

18       •    ~~The Claims and Interests of the Debtors (Exhibit H);~~

19            •    ~~List of Administrative Expense Claims (Exhibit H.1)~~

20            •    ~~List of Class "B" Priority Unsecured Claims (Exhibit H.2);~~

21            •    ~~List of Class "C" General Unsecured Claims - Tenant Security Deposit~~

22                 ~~Claims (Exhibit H.3);~~

23            •    ~~List of Class "C" General Unsecured Claims - Convenience Class (Exhibit~~

24                 ~~H.4);~~

25            •    ~~List of Class "C" General Unsecured Claims (Exhibit H.5);~~

26            •    ~~List of Class "C" Unsecured Guaranty Claims (Exhibit H.6);~~

27            •    ~~List of Class "D" Intercompany Claims (Exhibit H.7);~~

28            •    ~~List of Class "E" Interests (Exhibit H.8);~~

6

358007.~~0203~~ [XP]    25195

1 ~~•    List of Debtors' Transfers During the 90-Day and One-Year Avoidance Periods~~
2 ~~(Exhibit I);~~

3 ~~•    Debtors' Property Valuations (Exhibit J);~~

4 ~~•    Agreement and Plan of Merger (Exhibit K); and~~

5 ~~•    Addendum of historical financial information.~~

6      MMPI has filed public reports with the Securities and Exchange Commission ("SEC")

7 which contain additional information about the Company and its historic financial performance.

8 The most recent filings are: 10-K for the year ended December 31, 2009 (filed on June 21, 2010),

9 10-K for the year ended December 31, 2008 (filed on March 16, 2009), Amended 10-K for the year

10 ended December 31, 2008 (filed on April 30, 2009), 10-Q for the quarter ended March 31, 2009

11 (filed on September 9, 2009), 10-Q for the quarter ended June 30, 2009 (filed on September 17,

12 2009) and 10-Q for the quarter ended September 30, 2009 (filed on November 9, 2009).  On

13 January 19, 2010, MMPI filed its Certification and Notice of Termination of Registration under

14 Section 12(g) of the Securities Exchange Act of 1934 or Suspension of Duty to File Reports under

15 Section 13 and 15(d) of the Securities Exchange Act of 1934 and accordingly, the Debtor is no

16 longer required to file public reports with the SEC.  <u>MMPI is not presently filing reports.  The</u>

17 <u>financial projections do not include the costs of public reporting.</u>

18      You may obtain copies of these documents from:

19     •    The SEC's website at: *http://www.sec.gov/edgar/searchedgar/companysearch.html;*

20     •    The Company's website (under "Investor Relations") at:

21 *http://www.meruelomaddux.com/noflash/index.php* or

22     •    Kurtzman Carson Consultant's website at: *[to be inserted]*

23     •    By requesting them in writing from:

24        Meruelo Maddux Properties, Inc.
        761 Terminal Street
25        Building 1, 2nd Floor
        Los Angeles, CA 90021
26        Attn:  Mr. Todd Nielsen

27      A Ballot for the acceptance or rejection of the Plan is also enclosed with this Disclosure

28 Statement submitted to the Holders of Claims that are entitled to vote to accept or reject the Plan.

7

358007.0203 [XP]    25195

1    Plan are deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

2    For a detailed description of the treatment of Claims and Interests under the Plan, see Article V of

3    this Disclosure Statement.

4         The following Classes are impaired and, to the extent Claims in such Classes are Allowed

5    Claims or Interests, the Holders of such Claims will receive distributions under the Plan. As a

6    result, Holders of Claims in those Classes are entitled to vote to accept or reject the Plan:

7        •    Classes 10A, 11A, 12A, 13A, 14A, 15A, 16A, 18A, 20A, 21A-1, 22A, 24A, 25A,

8    26A, 27A-1, 28A-1, 29A-1, 30A-1, 32A-1, 33A-1, 34A-1, 35A-1, 36A-1, 37A-1, 38A-1, 39A-1,

9    40A-1, 41A-1, 42A-1, 43A-1, 44A-1, 45A-1, 46A-1, 47A-1, 48A-1, 49A-1, 50A-1, 51A-1, 52A-1,

10    53A-1, and 54A-1 (consisting of secured tax Claims against the Debtors);

11        •    Classes 21A-2, 28A-2, 29A-2, 29A-3, ~~29A-4,~~ 30A-2, 32A-2, 33A-2, 34A-2, 35A-2,

12    36A-2, 36A-3, 37A-2, 37A-3, 38A-2, 39A-2, 40A-2, 41A-2, 42A-~~1~~, 42A-2, 43A-2, 44A-2, 45A-2,

13    46A-2, 47A-2, 48A-2, 49A-2, 50A-2, 50A-3, 51A-2, 51A-3, 52A-2, 53A-2, 54A-2, and 54A-3

14    (consisting of the Secured Claims of lenders and other secured creditors against each relevant

15    Debtor);

16        •    Classes 1C-2A, 1C-2B, 1C-3, 2C-~~2, 2C-3~~, 3C, ~~4C-2, 5C-2,~~ 6C, 7C, 8C-2, 9C-2,

17    10C-3, 11C-3, 12C-3, 13C-2, 14C-3, 15C-2, 16C-2, ~~17C-~~18C-2, ~~19C-2,~~ 20C, 21C-3, 22C, ~~23C,~~

18    24C-3, 25C-3, 26C-3, 27C-3, 28C-3, 29C-2, 30C-3, 31C-2, 32C, 32C-3, 33C-3, 34C-3, 35C-2,

19    36C-3, 37C-2, 38C-3, 39C-3, 40C-3, 41C-3, 42C-2, 43C-2, 44C-2, 45C-2, 46C-2, 47C-2, 48C-2,

20    49C-2, 50C-2, 51C-2, 52C-3, 53C, and 54C-3 (consisting of the general unsecured Claims against

21    each relevant Debtor).

22        The Plan provides for the merger of MMPLP into MMPI. The interests of the holders of

23    LTIP units in Class 2E will be cancelled and extinguished at the Effective Date and the remaining

24    interests will be extinguished as a result of the merger of MMPLP and MMPI. As a result Class 2E

25    is deemed to reject the Plan and is not entitled to vote on the Plan.

26        The following Classes of the Plan are Unimpaired. As a result, Holders of Claims and

27    Interests in those Classes are conclusively presumed to have accepted the Plan and are not entitled

28    to vote on the Plan:

9

1 • Classes 1B, 5B, 32B, 33B, 36B and 52B, (consisting of the Priority Unsecured

2 Benefits Claims of present and former employees of each relevant Debtor);

3 • Classes 11C-1, 12C-1, 14C-1, ~~15C-1,~~ 21C-1, 25C-1, 26C-1, 27C-1, 28C-1, 30C-1,

4 32C-1, 33C-1, 34C-1, 35C-3, 36C-1, 37C-1, 38C-1, 39C-1, 40C-1, 41C-1, 43C-3, 44C-3, 46C-1,

5 48C-3, 49C-3, 52C-1 and 54C-1 (consisting of the unsecured Claims for security deposits of the

6 Debtors' tenants);

7 • Classes 1C-1, 2C-1, 4C-1, <u>4C-2, 5C-2,</u> 8C-1, 9C-1, 10C-1, 11C-2, 12C-2, 13C-1,

8 14C-2, 15C-1, 16C-1, <u>17C,</u> 18C-1, 19C-1, <u>19C-2,</u> 21C-2, <u>23C,</u> 24C-1, 25C-2, 26C-2, 27C-2, 28C-

9 2, 29C-1, 30C-2, 31C-1, 32C-2, 33C-2, 34C-2, 35C-1, 36C-2, 38C-2, 39C-2, 40C-2, 41C-2, 42C-1,

10 43C-1, 44C-1, 45C-1, 47C-1, <u>48C-1,</u> 49C-1, 50C-1, 51C-1, 52C-2, and 54C-2 (consisting of the

11 Convenience Claims <u>and other unimpaired general unsecured claims</u> of each relevant Debtor);

12 • Classes 2D through 7D, 9D-35D, and 37D-53D (consisting of the Intercompany

13 Claims);

14 • Classes 1E and 3E through 54E (consisting of the Interests in the Debtors other than

15 MMPLP).

16 As a condition to confirmation for each Debtor's Chapter 11 Case, the Bankruptcy Code

17 requires that each Class of Impaired Claims and Interests vote to accept the Plan, except under

18 certain circumstances. Section 1126(c) of the Bankruptcy Code defines acceptance of a Plan by a

19 Class of Impaired Claims as acceptance by holders of at least two-thirds in dollar amount and more

20 than one-half in number of Claims in that Class, but for that purpose counts only those who

21 actually vote to accept or to reject the Plan. Thus, a Class of Claims will have voted to accept its

22 Debtor's Plan only if two-thirds in amount and a majority in number actually voting cast their

23 Ballots in favor of acceptance. Holders of Claims who fail to vote are not counted as either

24 accepting or rejecting the Plan. Thus, acceptance of a Plan by the Impaired Classes of Claims

25 listed above for each Debtor will occur only if at least two-thirds in dollar amount and a majority in

26 number of the Holders of such Claims in each Class that cast their Ballots vote in favor of

27 acceptance.

28

10

358007.0203 [XP]   25195

Meruelo Maddux Ballot Processing
c/o Kurtzman Carson Consultants
*[to be inserted]*2335 Alaska Avenue
El Segundo, CA 90245
Facsimile:
EMail:

Formatted: Normal
Formatted: Font: Not Italic
Formatted: Space Before:  12 pt

DO NOT RETURN ANY NOTES WITH YOUR BALLOT.  TO BE COUNTED, YOUR BALLOT INDICATING ACCEPTANCE OR REJECTION OF THE PLAN MUST BE RECEIVED BY NO LATER THAN 4:00 P.M., LOS ANGELES TIME, ON OCTOBER 12___, 2010.  ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN SHALL BE DEEMED TO CONSTITUTE AN ACCEPTANCE OF THE PLAN.

Any Claim in an impaired Class as to which an objection or request for estimation is pending or which is scheduled by the relevant Debtor as unliquidated, disputed or contingent and for which no proof of Claim has been filed is not entitled to vote unless the holder of such Claim has obtained an order of the Bankruptcy Court temporarily allowing such Claim for the purpose of voting on the Plan.

If you are a holder of a Claim entitled to vote on the Plan and did not receive a Ballot, received a damaged Ballot or lost your Ballot, or if you have any questions concerning this Disclosure Statement, the Plan or the procedures for voting on the Plan, please email the Debtors' counsel at:  mmpi@dgdk.com.

**E.      CONFIRMATION HEARING**

Pursuant to Section 1128 of the Bankruptcy Code, the Confirmation Hearing will be held on November 29, 2010January 5, 2011, commencing at 9:30 a.m_____. Los Angeles Time, before the Bankruptcy Court, the Honorable Kathleen ThompsonVictoria S. Kaufman, Presiding., Courtroom 301, 21041 Burbank Blvd., Woodland Hills, California  91367.  The Bankruptcy Court may adjourn the Confirmation Hearing from time to time without further notice except for the announcement of the adjournment date made at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing.

12

358007.0203 [XP]    25195

1    Any objection to confirmation must be made in writing and specify in detail the name and

2  address of the objector, all grounds for the objection and the amount of the Claim or number of

3  shares of stock held by the objector. Any such objection must be filed with the Bankruptcy Court

4  and served so that it is received by the Bankruptcy Court, the Official Committee of Unsecured

5  Creditors (the "Creditors Committee") and the Debtors on or before ~~November~~

6  4_____, 2010. Objections to confirmation of the Plan are governed by Bankruptcy

7  Rule 9014.

8    **F.    NOTICES**

9    All notices, requests and demands hereunder to be effective must be in writing and unless

10  otherwise expressly provided herein, shall be deemed to have been duly given or made when

11  actually delivered by U.S. Mail or email addressed as follows:

| DEBTORS AND REORGANIZED DEBTORS | COUNSEL TO THE DEBTORS AND REORGANIZED DEBTORS |
|---|---|
| Todd Nielsen, Esq.<br>General Counsel<br>MERUELO MADDUX<br>PROPERTIES, INC.<br>761 Terminal Street<br>Building 1, 2nd Floor<br>Los Angeles, California 90021<br>TNielsen@meruelomaddux.com | John N. Tedford, IV, Esq.<br>Julia W. Brand, Esq.<br>DANNING, GILL, DIAMOND &<br>KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California 90067-2904<br>Telephone:  (310) 277-0077<br>Facsimile:  (310) 277-5735<br>E-Mail:<br>____JTedford@dgdk.com<br>_____JBrand@dgdk.com |

**II.**

**DEBTORS' BUSINESS AND OPERATIONS PRIOR TO THE FILING**

**A.    CORPORATE HISTORY OF THE DEBTORS**

    MMPI is the parent company of the fifty-three related Debtor entities that, along with

MMPI, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 26

and 27, 2009.  A list of each of the Debtors is attached as part of Exhibit "C."  MMPI was

incorporated in 2006 under the laws of the State of Delaware, and is registered with the California

Secretary of State to do business in the State of California.  Each of the other Debtors was formed

under either the laws of the State of Delaware or the laws of the State of California.  The Delaware

13

358007.0203 [XP]    25195

1  of the Debtors' unencumbered properties. The matter has been continued from time to time and

2  remains pending.

3          The Debtors also filed a motion seeking authority to use a portion of certain insurance

4  proceeds resulting from fire damage to one of the Debtors properties which currently secures

5  certain obligations of the Debtors to PNL Pomona. The Court authorized the Debtors to use a

6

7  portion of the insurance proceeds to demolish the remaining structure on the property in order to be

8  able to market and sell the property as vacant land.

9          On March 8, 2010, the Debtors filed their Motion for Order Extending Authority for the

10  Use of Cash Collateral and to Maintain Cash Management System Through June 30, 2010. A

11  hearing on the motion was held on March 29, 2010. On June 30, 2010, the Court entered its Order

12  Granting Debtors' Motion for Order Extending Authority for the Use of Cash Collateral and to

13  Maintain Cash Management System Through June 30, 2010, on the terms provided in the Order.

14  Subsequently, the Debtors filed a motion requesting that their authority to use cash collateral and

15  utilize their cash management system be extended through September 30, 2010. On July 1, 2010,

16  the Court entered an order granting the motion on an interim basis, and the Debtors' request for

17  such approval on a final basis is pending as, among other things, the Bankruptcy Court considers

18  whether the additional adequate protection to be afforded to certain of the secured creditors should

19  include a cash component.

20          On April 2, 2010, SFCC filed a motion seeking authority to use cash collateral held by

21  Berkadia in certain reserves for the purpose of paying for repairs to the roof of buildings and

22  HVAC equipment located on the property subject to Berkadia's lien. That motion ~~remains~~

23  ~~pending~~was resolved pursuant to a stipulation between the parties.

24          **3.      The Debtors' Single Asset Real Estate ("SARE") Motion**

25          The Debtors filed a motion seeking an order determining that none of the fifty-four Debtors

26  are subject to the single asset real estate provisions of Sections 101(51B) and 362(d)(3) of the

27  Bankruptcy Code. Two lenders (BofA and Cathay) filed motions seeking a determination from the

28  Bankruptcy Court that MG Southpark, MMP 760 S. Hill Street and Alameda Produce Market are

50

358007.0203 [XP]    25195

1  subject to the SARE provisions of the Bankruptcy Code. The Creditors Committee supported the

2  Debtors' position. Approximately, fourteen oppositions and joinders in opposition were filed by

3  various lenders. In June 2009 the Bankruptcy Court ruled in favor of the Debtors, holding that the

4  Debtors are not subject to the SARE provisions of the Bankruptcy Code. BofA has appealed from

5  the Bankruptcy Court's SARE determination.

6          On or about June 29, 2010, the United States District Court issued its decision on appeal

7  and ruled, among other things, that MG Southpark is not subject to the SARE provisions of the

8  Bankruptcy Code, but that MMP 760 S. Hill Street is subject to such provisions. On July 14, 2010,

9  MMP 760 S. Hill Street appealed the District Court's decision as to MMP 760 S. Hill Street to the

10  United States Court of Appeals for the Ninth Circuit. MMP 760 S. Hill Street does not anticipate

11  that the appeal will be concluded prior to the Effective Date. In the event that the Ninth Circuit

12  were to issue a decision and such decision was not appealed, pursuant to orders of the Bankruptcy

13  Court MMP 760 S. Hill Street would have at least 60 days from the issuance of such final decision,

14  and perhaps longer, to comply with section 362(d)(3) of the Code by commencing periodic

15  payments to Union Lofts in an amount equal to interest at the then applicable nondefault contract

16  rate of interest on the value of BofA's interest in the real estate, or filing "a plan of reorganization

17  that has a reasonable possibility of being confirmed within a reasonable time." In any event, it is

18  impossible to know when a final ruling will be issued by the Ninth Circuit.

19          **4.      Motions for Relief from Stay**

20          The following motions for relief from stay have been filed by lenders to pursue their state

21  law remedies against various real properties owned by the Debtors:

22    •    PNL moved for relief from stay with respect to the real property owned by MG 2001 –

23          2021 W. Mission located in Pomona. The Bankruptcy Court ruled in favor of the Debtors

24          and denied PNL's Motion. PNL subsequently filed a second motion for relief from stay ~~and~~

25          ~~an evidentiary hearing on.~~ In September 2010, the Bankruptcy Court granted relief from

26          stay effective as of December 1, 2010, provided that ~~motion is pending~~ a sale of PNL's real

27          property collateral may not occur until after March 26, 2011, and absent (a) confirmation of

28          a plan providing for treatment of PNL's claim, which treatment will supersede the relief

                                    51

1    granted by the order (b) commencement of adequate protection payments to PNL at the

2    non-default rate under the note, or (c) further order of the Bankruptcy Court.

3    • BofA moved for relief from stay with respect to real property owned by MMP 760 S. Hill

4    Street and commonly known as 325 West 8th Street and 760 South Hill Street, Los Angeles

5    (the Union Lofts). The Bankruptcy Court denied the motion subject to the Debtor's

6    provision of certain adequate protection to BofA;

7    • BofA moved for relief from the automatic stay with respect to certain real properties owned

8    by MG Southpark located in downtown Los Angeles. The Bankruptcy Court ruled in favor

9    of the Debtors and denied BofA's motion;

10   • UCB moved for relief from the automatic stay with respect to real property owned by 2640

11   Washington Boulevard. Pursuant to an agreement between the Debtors and UCB, the

12   motion was granted for the sole and limited purpose of permitting UCB to record a notice of

13   default with respect to the real property. The Debtor 2640 Washington agreed to pay, out of

14   cash collateral, the first and second installments of real property taxes for the 2009 – 2010

15   fiscal year. UCB's motion was withdrawn in all other respects;

16   • Legendary moved for relief from the automatic stay with respect to real property owned by

17   MM 3rd & Omar Street located in downtown Los Angeles. In the context of the

18   Bankruptcy Court's rulings on the Cash Collateral Motion, the Debtors offered Legendary a

19   replacement lien in postpetition cash collateral, payment of normal and ordinary expenses

20   to maintain the property and the payment of real property taxes for the 2009 – 2010 fiscal

21   year. In addition, the Bankruptcy Court required the Debtors to provide an adequate

22   protection lien in favor of Legendary on one or more of the Debtors' unencumbered

23   properties and authorized Legendary to record a notice of default with respect to the

24   property. In light of the rulings in connection with the Cash Collateral Motion, the

25   Bankruptcy Court denied Legendary's motion, subject to the provision of such adequate

26   protection;

27   • Legendary moved for relief from the automatic stay with respect to real property owned by

28   both MG 1500 Griffith Avenue and MG 4th Street Center and located in downtown Los

52

358007.0203 [XP]    25195

1    brokers in connection with representing the Debtors in connection with specific properties to be

2    listed for sale.  Specifically, the Debtors have retained (i) The Bradco Companies regarding the

3    listing of 2951 Lenwood Road, Barstow, CA; (ii) DAUM Commercial Real Estate Services

4    regarding the listing of (a) 905 E. 8th Street, Los Angeles, CA, (b) 308-310 Omar Street and 452,

5    464 and 470 E. 3rd Street, Los Angeles, CA, and (c) 400-428 Boyd Street, Los Angeles, CA; and

6    (iii) Cushman and Wakefield of California, Inc. regarding the listing of (a) 1875 West Mission

7    Boulevard, Pomona, California; and (b) 2001-2021 West Mission Boulevard, Pomona, California.

8            The Bankruptcy Court granted the Debtors' motion to extend the time during which only

9    the Debtors may file a plan of reorganization and solicit acceptances thereof through September 30,

10   2010, provided that on and after May 18, 2010, the Committee is authorized to file a plan of

11   reorganization and as of June 14, 2010, an equity committee appointed in the case, if any, and

12   Charleston Capital Advisors and the Hartland Asset Management Corporation are authorized to file

13   a plan of reorganization.  The Debtors filed their original plan of reorganization and disclosure

14   statement, which disclosure statement was considered by the Court on January 20, 2010.  The

15   Debtors filed their First Amended Joint Plan of Reorganization and First Amended Joint Disclosure

16   Statement on February 27, 2010.  The Court held hearings on approval of the First Amended

17   Disclosure Statement on March 19 and June 30, 2010.  The Court set a further disclosure statement

18   hearing for June 14, 2010 which was subsequently continued to June 21, 2010 and then July 21,

19   2010 at which time this Disclosure Statement will be considered.  On July 19, 2010 and August 2,

20   2010, the Office of the U.S. Trustee filed a notice with the Court that it had appointed an equity

21   committee, consisting of Taylor International Fund, Ltd., David A. Spinney, Douglas J. McCaslin,

22   Kapil Tayal, Williams & Ribb LLP Profit Sharing Plan, David Ofman and David Pourbaba.  The

23   equity committee has filed an application to retain Ron Orr & Professionals, Inc. and Rodiger Law

24   Office as its counsel. The equity committee has filed an application to employ Kibel Green, Inc. as

25   its financial advisor.  A hearing on the application to employ Ron Orr & Professionals, Rodiger

26   Law Office and Kibel Green, Inc. ~~will be~~was held on August 26, 2010.  The equity committee has

27   also filed an application to employ Jenner & Block as counsel.  ~~A hearing on~~Their retention was

28

62

1 | approved subject to certain restrictions as provided in the ~~application to employ Jenner & Block~~

2 | ~~will be held on September 14, 2010.~~Court's tentative ruling.

3 |     **B.**    **REAL PROPERTY VALUATION, SALES AND LISTINGS**

4 |         **1.**    **Value of Property Level Debtors Real Property Assets**

5 |     Attached hereto as Exhibit J is a schedule of real property owned by each of the Property

6 | Level Debtors that owns real property. The values are based on the opinion of Richard Meruelo

7 | who has substantial experience in valuing real property and particular in the downtown Los

8 | Angeles area and has been found by the Court to qualify as an expert on such matters.

9 |     A brief description regarding each property is set forth in Section II.B hereof. Generally,

10 | the values given are those that Mr. Meruelo believes the Debtors could sell the property over a

11 | normal period of time. Mr. Meruelo believes the real estate market, especially downtown, is

12 | improving. There is renewed sale activity occurring, whereas, one year ago there

13 | were very few sale transactions. The most recent example is the sale of MM 845 S. Flower's

14 | property at 705 W. 9th Street, that solicited several offers from investors. Although he believes the

15 | price that it was sold for is less than what Mr. Meruelo would have expected if the Company was

16 | not in bankruptcy, the sale price achieved was significantly higher than the value expected by many

17 | appraisers.

18 |     There is also a significant difference in the availability of credit to finance real estate.

19 | Today, there are several real estate lenders in the market looking to make loans. Although

20 | traditional bank financing is still rare; that is primarily because the banks are still struggling to

21 | digest bad loans in their portfolios and not that financing real estate is not an opportunity for

22 | lending. However, the non bank lending sources are slowly returning to the market. The most

23 | significant lending source that has been absent from the market during the economic downturn, the

24 | CMBS securitization market, has now completed several transactions on a nationwide basis. This is

25 | truly exceptional because one year ago the supposed experts said this method of real estate

26 | financing was gone forever.

27 |     In total, Mr. Meruelo has more than 20 years of experience in identifying, acquiring,

28 | entitling, financing, developing and redeveloping real estate in downtown Los Angeles. In

63

358007.0203 [XP]    25195

1       The Holder of any Claim in any Impaired "C" Class may elect to reduce the Allowed

2 amount of its Claim to $500 and be treated as a member of the Convenience Class.

3       **6.**    **Common Unsecured Claim Treatment**

4       The Holders of Allowed General Unsecured Claims shall receive deferred cash

5 payments equal to 100% of the Allowed amount of the Claim plus interest at the rate of 4.0% per

6 annum, <u>from the Effective Date,</u> payable in twenty (20) equal quarterly installments commencing

7 on the first Quarterly Distribution Date and thereafter on each succeeding Quarterly Distribution

8 Date. Any Holder shall have the right to elect an alternate treatment for such claim which election

9 must be made at the time such Holder votes on the Plan. Under the alternate treatment, the Holder

10 shall receive payment of 50% of its Allowed Claim within 30 days after the Effective Date in full

11 satisfaction of its Claim.

12       In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the first

13 quarterly payment will be due and payable on the later of the next Quarterly Distribution Date or

14 30 days after the date the Disputed Claim becomes an Allowed Claim, and the first payment shall

15 include payment for any quarter for which payment had not been made before the Disputed Claim

16 became an Allowed Claim.

17       **7.**    **Common Unsecured Guaranty Claim Treatment**

18       Claims in this Class consist of Guaranty Claims on obligations for which another one of the

19 Debtors is the principal obligor (referred to generally in this section as the "Principal Obligor") and

20 for which the principal obligation is provided for under this Plan.

21       As of the Effective Date, all provisions of all guaranties giving rise to such Guaranty

22 Claims shall be canceled and extinguished, including any and all waivers of suretyship rights and

23 defenses under California Civil Code § 2856, and all Claims arising under such guaranties shall be

24 released except as provided in this Plan. Guaranty Claims shall be deemed contingent as of the

25 Effective Date and shall be deemed to be guarantees of the amended obligations of the respective

26 Principal Obligors under the Plan. The Holder of a Guaranty Claim in this Class shall not receive

27 any distribution on account of its Guaranty Claim; unless and until the Principal Obligor defaults

28 under the terms of this Plan (e.g., by failing to make a payment of interest and failing to timely cure

77

358007.0203 [XP]   25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | litigation recoveries. |
| 1B | Priority Benefits Claims - $46,362 | Unimpaired. | Paid in full.  50% of claim paid on Effective Date and 50% of claim plus interest at 4% per annum paid on 1st anniversary of Effective Date. To the extent such claim includes accrued vacation or sick pay such vacation or sick pay shall not be disbursed in cash but the vacation or sick time shall be reinstated and the holder shall be authorized to use such vacation or sick time following the Effective Date. |
| 1C-1 | General Unsecured Claims – Convenience Class - $429 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date,  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 1C-2A | Unsecured Guaranty Claims - $102,245,154 | Impaired. | Guaranties deemed contingent as of Effective Date and deemed to guaranty amended obligation of Principal Obligor under Plan. Guarantor enjoined from enforcement until default by Principal Obligor on payment obligations under Plan are uncured for 15 days.  Guarantor must  proceed against real property collateral first. Guaranty claim reduced by payments received on principal obligation and the purchase price received at foreclosure sale for collateral or fair market value, whichever is greater.  See Common Unsecured Guaranty Claim Treatment and Plan for full description of treatment. |
| 1C-2B | Unsecured Guaranty Claims – Settling Guaranty Creditors - $92,453,017 | Impaired. | The treatment of the Holder's Guaranty Claim shall be consistent in all regards with the Bankruptcy Court-approved settlement. |
| 1C-3 | General Unsecured Claims - $7,093,358 | Impaired. | Paid in full with interest from the Petition Date at 5% per annum, 30 days after Effective Date or date claim is allowed; except that FNBN's unsecured claim will be paid pursuant to the Settlement with FNBN. |

80

358007.0203 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|-------|----------------------|----------------------|-----------|
| 1E | Equity Interests | Unimpaired. | Holders retain their Interests. |
| **2.** | **Meruelo Maddux Properties L.P.** | | |
| 2C-1 | General Unsecured Claims – Convenience Class - $2,422 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 2C-2 | Unsecured Guaranty Claims - $41,001,926 | Impaired. | Guaranties deemed contingent as of Effective Date and deemed to guaranty amended obligation of Principal Obligor under Plan. Guarantor enjoined from enforcement until default by Principal Obligor on payment obligations under Plan are uncured for 15 days.  Guarantor must  proceed against real property collateral first. Guaranty claim reduced by payments received on principal obligation and the purchase price received at foreclosure sale for collateral or fair market value, whichever is greater.  See Common Unsecured Guaranty Claim Treatment and Plan for full description of treatment. |
| 2C-3 | General Unsecured Claims - $2,369,702[7] | Impaired. | Paid in full with interest from the Petition Date at 5% per annum, 30 days after Effective Date or date claim is allowed. |
| 2D | Intercompany Claims - $452,881,601 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 2E | Equity Interests of MMPI (99.6%) and Holders of LTIP Units (4%) | Impaired. | LTIP units cancelled. MMPLP merged into MMPI |
| **3.** | **MMP Ventures LLC** | | |

---

[7]   Berkadia has filed alleged and duplicative unsecured claims for "money had and received, money lent, unjust enrichment, and interference with contract" for $1,443,668.40 (the "Berkadia Unsecured Claim") against 53 of the 54 Debtors. The Debtors will be filing formal objections to the Berkadia Unsecured Claims asserted in the 53 Chapter 11 Cases at the appropriate time.  In the table below, the classes of "General Unsecured Claims" for the 53 Debtors separately list the amount of general unsecured claims asserted by claimants, exclusive of the disputed Berkadia Unsecured Claim.  Notwithstanding the foregoing, the claim is included in the Class 2C-3.

81

358007.0203 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| 3C | General Unsecured Claims - $629 | Unimpaired. | Paid in full at Effective Date. |
| 3D | Intercompany Claims - $2,509 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 3E | Equity Interests of MMPLP (100%) | Unimpaired. | Holders retain their interests. |
| **4.** | **Meruelo Maddux Construction, Inc.** | | |
| 4C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 4C-2 | General Unsecured Claims - $629 | Unimpaired. | Paid in full at Effective Date. |
| 4D | Intercompany Claims - $10,588 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 4E | Equity Interests of MMPLP (100%) | Unimpaired. | Holders retain their interests. |
| **5.** | **Meruelo Maddux Management LLC** | | |
| 5B | Priority Benefits Claims - $151,247 | Unimpaired. | Paid in full.  50% paid on Effective date and 50% plus interest at 4% paid on 1st Anniversary of Effective Date.  To the extent such claim includes accrued vacation or sick pay such vacation or sick pay shall not be disbursed in cash but the vacation or sick time shall be reinstated and the holder shall be authorized to use such vacation or sick time following the Effective Date. |
| 5C – 1 | General Unsecured Claims – Convenience Class - $24 | Unimpaired. | Claims of $500 or Less Paid in Full on Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 5C - 2 | General Unsecured Claims - $629 | Unimpaired. | Paid in full at Effective Date. |
| 5D | Intercompany Claims - $4,296,137 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 5E | Equity Interests of MMPLP (99%) and MMCI (4%) | Unimpaired. | Holders retain their interests. |
| **6.** | **Meruelo Maddux – 555 Central Avenue LLC** | | |
| 6C | General Unsecured Claims - $10,079 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have |

82

358007.0203 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 6D | Intercompany Claims - $1,999,388 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 6E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| 7. | Merco Group – Overland Terminal LLC | | |
| 7C | General Unsecured Claims - $132,726 | Impaired. | Paid in full over 5 years with interest at 4%% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 7D | Intercompany Claims - $1,093,202 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 7E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| 8. | National Cold Storage LLC | | |
| 8C-1 | General Unsecured Claims – Convenience Class - $212 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 8C-2 | General Unsecured Claims – $4,522 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 8E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| 9. | Wall Street Market LLC | | |
| 9C-1 | General Unsecured Claims – Convenience Class - $1,118 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class |

83

358007.0203 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Claim Treatment and Plan for full description of Treatment. |
| 9C-2 | General Unsecured Claims - $2,029 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 9D | Intercompany Claims - $3,536,086 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 9E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests |
| **10.** | **Meruelo Maddux Properties – 1009 N. Citrus Avenue, Covina, LLC** | | |
| 10A | Los Angeles County Secured Tax Claim - $127,403 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 10C-1 | General Unsecured Claims – Convenience Class - $525 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 10C-2 | General Unsecured Claims - $15,334 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 10D | Intercompany Claims - $6,630,774 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 10E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **11.** | **Meruelo Maddux – 230 W. Avenue 26 LLC** | | |
| 11A | Los Angeles County Secured Tax Claim - $175,442 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 11C-1 | Unsecured Claims – Tenant Security Deposits - $24,610 | Unimpaired. | Creditors' legal, equitable and contractual rights are |

84

358007.0203 [XP]   25195

31

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Reinstated. |
| 11C-2 | General Unsecured Claims – Convenience Class - $999 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 11C-3 | General Unsecured Claims - $3,929 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 11D | Intercompany Claims - $6,414,500 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 11E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| 12. | Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC | | |
| 12A | Los Angeles County Secured Tax Claim - $120,124 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 12C-1 | Unsecured Claims – Tenant Security Deposits - $8,025 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 12C-2 | General Unsecured Claims – Convenience class - $597 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 12C-3 | General Unsecured Claims - $18,858 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 12D | Intercompany Claims - $3,569,603 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 12E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |

85

358007.0203 [XP]     25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| **13.** | **Meruelo Maddux – 817-825 S. Hill Street LLC** | | |
| 13A | Los Angeles County Secured Tax Claim – $379,123 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 13C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 13C-2 | General Unsecured Claims - $1,560 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 13D | Intercompany Claims - $16,377,573 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 13E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **14.** | **Meruelo Maddux – 1000 E. Cesar Chavez LLC** | | |
| 14A | Los Angeles County Secured Tax Claim - $179,907 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 14C-1 | Unsecured Claims – Tenant Security Deposits - $3,100 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 14C-2 | General Unsecured Claims – Convenience Class - $705 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 14C-3 | General Unsecured Claims - $10,241 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |

86

358007.0203 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| 14D | Intercompany Claims - $6,804,902 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 14E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **15.** | **Meruelo Maddux Properties – 1060 N. Vignes LLC** | | |
| 15A | Los Angeles County Secured Tax Claim - $123,542 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 15C-1 | General Unsecured Claims – Convenience Class - $597 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 15C-2 | General Unsecured Claims - $71,021 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 15D | Intercompany Claims - $6,549,824 | Unimpaired | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 15E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **16.** | **Meruelo Maddux – 2415 E. Washington Boulevard LLC** | | |
| 16A | Los Angeles County Secured Tax Claim - $55,606 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 16C-1 | General Unsecured Claims – Convenience Class - $175 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 16C-2 | General Unsecured Claims - $4,091 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full |

87

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | description of treatment. |
| 16D | Intercompany Claims - $2,220,879 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 16E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **17.** | **Meruelo Maddux – 5500 Flotilla Street LLC** | | |
| 17C | General Unsecured Claims - $629 | Unimpaired. | Paid in full at Effective Date. |
| 17D | Intercompany Claims - $611,663 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 17E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **18.** | **Meruelo Maddux Properties – 12385 San Fernando Road LLC** | | |
| 18A | Los Angeles County Secured Tax Claim - $226,806 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 18C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 18C-2 | General Unsecured Claims - $2,629 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 18D | Intercompany Claims - $8,997,401 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 18E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **19.** | **Merco Group – 146 E. Front Street LLC** | | |
| 19C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 19C-2 | General Unsecured Claims - $629 | Unimpaired. | Paid in full on the Effective Date |
| 19D | Intercompany Claims - $2,243,787 | Unimpaired. | Creditors retain their claims and all rights, interests and |

88

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|-------|----------------------|------------------------|-----------|
|  |  |  | obligations related thereto. |
| 19E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **20.** | **Merco Group – 801 E. 7th Street LLC** | | |
| 20A | Los Angeles County Secured Tax Claim - $15,205 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 20C | General Unsecured Claims - $2,629 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 20D | Intercompany Claims - $1,346,512 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 20E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **21.** | **Merco Group – 1211 E. Washington Boulevard LLC** | | |
| 21A-1 | Los Angeles County Secured Tax Claim - $263,793 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 21A-2 | RoofCorp of CA, Inc. - $37,500 | Impaired. | Paid in full with 50% of claim paid on Effective Date and 50% of Claim, plus interest from the Effective Date at 3.5% on the 1st anniversary of the Effective Date. |
| 21C-1 | Unsecured Claims – Tenant Security Deposits - $42,357 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 21C-2 | General Unsecured Claims – Convenience Class - $260 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 21C-3 | General Unsecured Claims - $33,786 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See |

89

358007.0203 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 21D | Intercompany Claims - $9,122,302 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 21E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **22.** | **Merco Group – 1308 S. Orchard LLC** | | |
| 22A | Los Angeles County Secured Tax Claim - $39,500 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 22C | General Unsecured Claims - $4,299 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 22D | Intercompany Claims - $1,346,512 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 22E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **23.** | **Merco Group – 2040 Camfield Avenue LLC** | | |
| 23C | General Unsecured Claims - $629 | Unimpaired. | Paid in full on the Effective Date. |
| 23D | Intercompany Claims - $5,163,790 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 23E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **24.** | **Merco Group – Ceres Street Produce LLC** | | |
| 24A | Los Angeles County Secured Tax Claim - $70,090 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 24C-1 | General Unsecured Claims – Convenience Class - $121 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 24C-2 | General Unsecured Claims - $2,036 | Impaired. | Paid in full over 5 years with interest at 4%.% from the |

90

358007.0203 [XP]   25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | | | Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 24D | Intercompany Claims - $2,772,264 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 24E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **25.** | **Meruelo Baldwin Park LLC** | | |
| 25A | Los Angeles County Secured Tax Claim - $216,638 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 25C-1 | Unsecured Claims – Tenant Security Deposits - $3,000 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 25C-2 | General Unsecured Claims – Convenience Class - $213 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 25C-3 | General Unsecured Claims - $4,059 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 25D | Intercompany Claims - $8,847,699 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 25E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **26.** | **Santa Fe & Washington Market LLC** | | |
| 26A | Los Angeles County Secured Tax Claim - $39,305 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County. See Plan for full description of treatment. |
| 26C-1 | Unsecured Claims – Tenant Security Deposits - $27,900 | Unimpaired. | Creditors legal, equitable and contractual rights are Reinstated. |

91

358007.0203 [XP]   25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| 26C-2 | General Unsecured Claims – Convenience Class - $251 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 26C-3 | General Unsecured Claims - $4,568 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 26D | Intercompany Claims - $4,879,642 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 26E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| 27. Merco Group – 5707 S. Alameda LLC | | | |
| 27A | Los Angeles County Secured Tax Claim - $120,619 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 27C-1 | Unsecured Claims – Tenant Security Deposits - $5,794 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 27C-2 | General Unsecured Claims – Convenience Class - $718 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 27C-3 | General Unsecured Claims - $16,650 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 27D | Intercompany Claims - $4,859,886 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 27E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| 28. Meruelo Maddux – 3rd and Omar Street LLC | | | |

92

358007.0203 [XP]   25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|-------|----------------------|------------------------|-----------|
| 28A-1 | Los Angeles County Secured Tax Claim - $137,523 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 28A-2 | Legendary Secured Claim - $2,559,658 | Impaired. | Creditor receives monthly payments of interest at 5% per annum on Allowed Amount of Claim for 5 years if Creditor accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term.  Loan documents are modified as provided in the Plan. Creditor retains its Lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 28C-1 | Unsecured Claims – Tenant Security Deposits - $2,600 | Unimpaired. | Creditors' legal, equitable and contractual rights are Reinstated. |
| 28C-2 | General Unsecured Claims – Convenience Class - $954 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date.  See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 28C-3 | General Unsecured Claims - $2,749 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date.  See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 28D | Intercompany Claims - $3,416,741 | Unimpaired. | Creditors retain their claims and all rights, interests and obligations related thereto. |
| 28E | Equity Interests of MMP Ventures (100%) | Unimpaired. | Holders retain their interests. |
| **29.     Meruelo Maddux – 336 W. 11th Street LLC** | | | |
| 29A-1 | Los Angeles County Secured Tax Claim - $217,986 | Impaired. | Creditor receives Common Secured Tax Claim Treatment pursuant to agreement with County.  See Plan for full description of treatment. |
| 29A-2 | Legendary Secured Claim - a pledge of the Debtor's Real Property to secure the obligations of 620 Gladys | Impaired. | Creditor receives monthly payments of interest at 5% per annum on Allowed Amount of Claim for 5 years if Creditor |

93

358007.0203 [XP]     25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED | TREATMENT |
|---|---|---|---|
| | Avenue, LLC (see Class 46A-2 below). | | accepts Plan or 7 years if Creditor rejects Plan with payment of principal by the end of the 5 or 7 year term. Loan documents are modified as provided in the Plan. Creditor retains its lien on its collateral. See Common Secured Lender Treatment and Plan for full description of treatment. |
| 29A-3 | Grand Avenue Lofts, HOA Secured Claim - $270,000 | Impaired | Claim is disputed. To the extent allowed, Creditor receives Common Secured Lender Treatment except that the Holder shall not be required to enter into the Loan Modification Agreement, but the agreements or instruments between the Holder and the Debtor shall be deemed restructured and amended to provide that the periods within which the Debtor is to perform obligations under such agreements shall be extended to the Maturity Date and the period for accrual of damages or the exercise of rights and remedies against the Debtor, including liquidated damages and reversion rights, are tolled through the Maturity Date. |
| 29A-4 | Grand Avenue Lofts, LLC / CIM Urban RE Fund GP II, LLC Secured Claim – 0 | Impaired. | Same as 29A-3 immediately above. |
| 29C-1 | General Unsecured Claims - Convenience Class  $400 | Unimpaired. | Claims of $500 or Less Paid in Full at Effective Date. See Common Convenience Class Claim Treatment and Plan for full description of Treatment. |
| 29C-2 | General Unsecured Claims - $43,834 | Impaired. | Paid in full over 5 years with interest at 4%.% from the Effective Date. Creditors have right to elect to reduce claim by 50% and receive payment in full of reduced amount 30 Days after Effective Date. See Common Unsecured Claim Treatment and Plan for full description of treatment. |
| 29D | Intercompany Claims - $10,554,921 | Unimpaired. | Creditors retain their claims and all rights, interests and |

94

358007.0203 [XP]    25195