1  Brian A. Sun (State Bar No. 089410)
   basun@jonesday.com
2  Bennett L. Spiegel (State Bar No. 129558)
   blspiegel@jonesday.com
3  Michael S. McCauley (State Bar No. 186537)
   msmccauley@jonesday.com
4  JONES DAY
   555 S. Flower Street
5  Fiftieth Floor
   Los Angeles, CA 90071
6  Telephone:    (213) 489-3939
   Facsimile:    (213) 243-2539
7
   Attorneys for Plaintiffs
8  EAST WEST BANCORP, INC. AND
   EAST WEST BANK
9

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Meruelo Maddux Properties, Inc., et al., | Case No.: 1:09-BK-13356-KT |
| Debtor. | Chapter 11 |
| EAST WEST BANCORP, INC., a Delaware Corporation, and EAST WEST BANK, a California Corporation, | Adv. No.: _____ |
| Plaintiffs, | **COMPLAINT FOR DAMAGES BASED ON:** |
| | **(1) LIBEL *PER SE*** |
| v. | **(2) LIBEL** |
| MERUELO MADDUX PROPERTIES, INC., a Delaware Corporation, and RICHARD MERUELO, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT**

# INTRODUCTION

Plaintiffs East West Bancorp Inc. and East West Bank (collectively "EWB") bring this action to hold Defendants Meruelo Maddux Properties, Inc. ("MMPI") and Richard Muruelo, MMPI's Chief Executive Officer, responsible for harming Plaintiffs' reputation through intentional and malicious defamatory statements that Defendants published in a September 9, 2010 press release titled *Meruelo Maddux Properties on Course to Complete Reorganization Plan* ("False Press Release"). Defendants published these false statements and distributed the False Press Release widely through the PR Newswire in an attempt to smear the reputation of EWB, which took years for EWB to establish. Defendants falsely claimed, for example, that EWB was attempting a "hostile takeover" of MMPI using "federal TARP money", which the Defendants wrongly characterized as a "predatory" action. The Defendants made this and other false, politically-charged statements to demonize EWB as an untrustworthy corporate citizen who will take unfair advantage of its own customers—a message that is defamatory on its face. Defendants made the statements to harm EWB. The court overseeing MMPI's Chapter 11 case has already ruled that the False Press Release "contains *substantial* inaccuracies" and that the Defendants should issue a written retraction of the Press Release "in its entirety." Plaintiffs now bring this case to hold Defendants responsible for the significant harm Plaintiffs have suffered.

# THE PARTIES

1. Plaintiff East West Bancorp, Inc., at all times stated herein, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 135 North Los Robles Ave., 7th Floor, Pasadena, California 91101.

2. Plaintiff East West Bank is a corporation incorporated under the laws of the State of California. East West Bank is wholly-owned by East West Bancorp, Inc. East West Bank and East West Bancorp, Inc. are widely known as the financial bridge between the East and the West. EWB focuses on helping customers, from new individuals to multi-national corporations, to achieve their respective financial objectives. EWB has an established reputation in the industry and in the community as a trustworthy and effective financial institution.

3. Defendant Meruelo Maddux Properties, Inc., at all times stated herein, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 761 Terminal Street, Building 1, Second Floor, Los Angeles, California 90021. MMPI is a self-managed, real estate company that develops, redevelops, and owns commercial and residential properties in downtown Los Angeles and other urban areas in California.

4. Defendant Richard Meruelo is an individual and is the Chief Executive Officer of Defendant MMPI. Plaintiffs are informed and believe, and on that basis allege, that at all times stated herein Defendant Meruelo resides within the State of Florida.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this non-core proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 because this action is related to a pending case filed under Title 11 of the United States Code jointly administered under the caption "In re Meruelo Maddux Properties, Inc., et al., Case No. 1:09-bk-13356-KT." The Court's jurisdiction over this matter exists until the time of trial or until the reference from the district court is withdrawn. At this time, Plaintiffs do not provide the consent required under 28 U.S.C. § 157(c)(2) for the Court to make binding findings of fact and conclusions of law relating to the claims raised in this Complaint.

6. Venue is properly placed in the Central District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. MMPI and 53 of its direct and indirect subsidiaries and affiliates have filed for bankruptcy under Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division. These Chapter 11 cases are jointly administered under the caption "In re Meruelo Maddux Properties, Inc., et al., Case No. 1:09-bk-13356-KT." The filing of MMPI's Chapter 11 case has resulted in claims by various lenders, including Plaintiff EWB—to whom MMPI owes substantial sums under existing debt instruments that are currently in default.

8. On or about September 9, 2010, Defendants MMPI and Richard Meruelo issued the False Press Release. The Defendants intentionally and maliciously included numerous, patently false and defamatory statements about EWB in the False Press Release, all designed to

1  harm Plaintiffs' reputation in the community.  These false statements of fact include (among
2  others):  (i) that EWB, through its bankruptcy disclosure statement, sought "a hostile takeover" of
3  its customer, MMPI, and that the Court rejected EWB's bankruptcy disclosure statement and
4  "approved" MMPI's Chapter 11 reorganization plan, none of which is true; (ii) denouncing
5  Plaintiffs for "[t]aking [] a predatory action—converting real estate debt of one of its customers
6  into a controlling interest of that company—[] a move lawyers involved in the case have never
7  seen a community bank like East West Bancorp take," when in fact EWB would not be obtaining
8  a controlling interest in or be the largest shareholder of the reorganized company, and given the
9  fact that the conversion of debt to equity by a creditor to obtain repayment of its debt is provided
10 for in the bankruptcy laws; (iii) accusing EWB of misusing "TARP money" obtained from "the
11 federal government as a part of its effort to complete its hostile takeover of MMPI," when in fact
12 Plaintiffs never received any TARP money in connection with the loans that are the subject of its
13 claims in the bankruptcy, nor does EWB's proposed reorganization plan in the bankruptcy
14 provide for the use of TARP funds; (iv) accusing EWB of diverting TARP funds designed to help
15 consumers to complete a hostile takeover of MMPI instead of "repay[ing] [Plaintiffs'] debt to
16 taxpayers," when in fact TARP funds have nothing to do with the two loans held by EWB that are
17 part of the pending bankruptcy proceedings; and (v) accusing EWB of receiving $300 million in
18 additional "bailout money" when it acquired the operations of United Commercial Bank, which is
19 another false, politically-charged statement designed to harm EWB, and when in fact this
20 transaction was not a "bailout" but the result of a competitive bidding process where EWB was
21 the high bidder and was selected by the FDIC as offering the FDIC the lowest cost for closure of
22 this bank.  A true and correct copy of the False Press Release is attached hereto as <u>Exhibit A</u>.
23     9.     Defendants MMPI and Richard Meruelo sent the False Press Release to the PR
24 Newswire so that the False Press Release would be distributed broadly to the general public.
25 Defendants accomplished their goal to distribute the False Press Release as broadly and quickly
26 as possible, as evidenced by, at the very least:  (i) the numerous internet links at which a copy of
27 the False Press Release can be found; (ii) the numerous references to the Defendants' defamatory
28 statements that can be found through a simple internet search; and (iii) the numerous inquiries

1    EWB received from investors, stock analysts, community groups, reporters, and customers—most

2    of whom have no legal interest relating to Defendants' pending Chapter 11 petitions—about the

3    False Press Release. EWB has spent significant time and expense responding to these inquiries

4    and attempting to remedy the significant harm the Defendants have caused to EWB.

5        10.    On September 16, 2010, the court overseeing MMPI's and Richard Meruelo's

6    Chapter 11 bankruptcy ruled that there are "substantial inaccuracies" in the False Press Release

7    and found that MMPI should issue a retraction of the False Press Release—"in its entirety"—to

8    the general public through PR Newswire. Defendants have yet to issue a specific retraction of

9    any specific false and defamatory statements, including those noted above, as EWB has

10    requested. To the contrary, the Defendants have taken the position that EWB is to blame for

11    disseminating the false representations in the False Press Release because EWB filed documents

12    in court challenging whether the False Press Release is accurate and proper. This is yet more

13    evidence of Defendants' malicious intent to harm EWB's reputation and cause EWB damage.

14    **FIRST CAUSE OF ACTION**

15    (Libel *Per Se* Against Defendants MMPI and Richard Meruelo)

16        11.    Plaintiffs repeat, reallege and incorporate herein by reference each and every

17    allegation contained in paragraphs 1 through 10, inclusive, as if fully set forth herein.

18        12.    Defendants published the False Press Release to the general public. Plaintiffs

19    allege that the Defendants are responsible for damage resulting from the False Press Release

20    because they published the False Press Release and, on information and belief, because the

21    Defendants created, reviewed, approved, held a position of oversight over the False Press

22    Release, and/or otherwise took a responsible part in the False Press Release. Plaintiffs also

23    allege, on information and belief, that others took a responsible part in the False Press Release,

24    including current executives of MMPI and others. Plaintiffs reserve their right to amend this

25    complaint to include those individuals as defendants once Plaintiffs discover their identities.

26        13.    Defendants intentionally and maliciously included in the False Press Release

27    numerous, patently false and defamatory statements about Plaintiffs and their business.

28    Defendants knew or should have known that the defamatory statements were false and libelous

1  *per se* in that they naturally injure the Plaintiffs' reputation, or had serious doubts about the truth

2  of those defamatory statements.

3      14.    The false statements in the False Press Release identified above are libelous on

4  their face because (among other things) they falsely imply that Plaintiffs engaged in "predatory"

5  conduct with one of its own customers through improper means.  The False Press Release is also

6  libelous on its face because it falsely claims that EWB has misused TARP money.  These false

7  statements inherently damage the reputation of and cause other damage to EWB—which is in the

8  business of helping its customers— without the necessity of explanatory matter.  The defamatory

9  statements contained in the False Press Release will be and have been understood by the general

10  public as defamatory towards Plaintiffs without need for additional references.  These false

11  statements damage critical characteristics of Plaintiffs on which their business rests, and/or has

12  the tendency to lessen their profits, and because it conspicuously identifies them.

13      15.    As a direct and proximate result of the above-described publications, Plaintiffs

14  have suffered the loss of reputation, shame, and mortification and other damage in amounts to be

15  proven at trial.  Plaintiffs have also incurred significant time and expense (including legal fees)

16  dealing with the damaging effects of the false statements that will be proven at trial.

17      16.    The above-described statements were made by Defendants with the intent to

18  annoy, harass, embarrass, and/or injure and with malice.  Plaintiffs therefore seek an award of

19  punitive damages against the Defendants in an amount to be determined at trial.

20  **SECOND CAUSE OF ACTION**

21  (Libel Against Defendants MMPI and Richard Meruelo)

22      17.    Plaintiffs repeat, reallege and incorporate herein by reference each and every

23  allegation contained in paragraphs 1 through 16 inclusive, as if fully set forth herein.

24      18.    The False Press Release is libelous because it contains the false statements

25  identified above which, in conjunction with the circumstances known generally to the public,

26  impute disqualifications in critical respects on which Plaintiffs' business requires, and/or has the

27  tendency to lessen Plaintiffs' profits, and because it conspicuously identifies Plaintiffs by name.

28

1    19.    Plaintiffs are informed and believe and based thereon allege that, at the time of issuance, Defendants issued the False Press Release with intent to annoy, harass, embarrass, or injure Plaintiffs with respect to Plaintiffs' office, profession, trade or business.

20.    Plaintiffs are informed and believe and based thereon allege that, at the time of issuance, Defendants knew or should have known that the statements contained in the False Press Release were false and defamatory in light of the statements contained therein and circumstances generally known to the public.

21.    As a direct and proximate result of the above-described publications, Plaintiffs have suffered the loss of reputation, shame, and mortification and general damages in amounts to be proven at trial.

22.    The above-described statements were made by Defendants with the intent to annoy, harass, embarrass, and/or injure and with malice.  Plaintiffs therefore seek an award of punitive damages against the Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment on its Complaint as follows:

### On the First Cause of Action for Libel *Per Se*

1.    For presumed and actual damages according to proof;

2.    For exemplary and punitive damages in an amount to be determined at trial;

3.    Attorney fees and costs;

4.    And such other relief that the Court deems just and proper.

### On the Second Cause of Action for Libel

5.    For actual damages according to proof;

6.    For exemplary and punitive damages in an amount to be determined at trial;

7.    Attorney fees and costs;

8.    And such other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all issues triable by jury in this action.  At this time, Plaintiffs do not consent to a jury trial before the bankruptcy court.

Dated: September 22, 2010                          JONES DAY

By: */s/ Bennett L. Spiegel*
    Brian A. Sun
    Bennett L. Spiegel
    Michael S. McCauley

Attorneys for Plaintiffs
EAST WEST BANCORP, INC. AND EAST WEST BANK

# EXHIBIT A

⚠ Please note, the symbol you have entered, **MMPI**, has now changed to **MMPIQ**.

⚠ Meruelo Maddux Properties Inc is in bankruptcy. Investors should be cautious when buying common stock of companies in bankruptcy. It is extremely risky and is likely to lead to financial loss.

# Meruelo Maddux Properties Inc MMPIQ:OTC

Education help is **ON**

Sector: Capital Goods  Industry: Construction Services

| 0.18 | ↑0.0050  2.86% | 93,857 | | |
|------|----------------|--------|---|---|
| Last | Change / % Change | Volume | S&P Ranking | Last Trade as of 3:12 PM ET 9/14/10 |

## East West Bank Hostile Takeover Plan of Meruelo Maddux Properties Rebuffed by Bankruptcy Court
Thursday 09/09/2010 1:10 PM ET - Pr Newswire

### Related Companies

| Symbol | Last | %Chg |
|--------|------|------|
| MMPIQ | 0.18 | 2.86% |

As of 3:12 PM ET 9/14/10

A Bankruptcy Disclosure Statement presented by East West Bancorp (EWBC) in bankruptcy court today, effectively amounting to a hostile takeover of Meruelo Maddux Properties (MMPI), was not approved by presiding Judge Kathleen Thompson, determining the EWBC Disclosure Statement to be insufficient. EWBC's filing is another in a string of delays caused by the community bank.

"Despite yet another delay caused by East West Bank, Meruelo Maddux Properties will continue on its path to complete its bankruptcy reorganization as expeditiously as possible," said Chairman and Chief Executive Officer Richard Meruelo. "The reorganization plan submitted by MMPI has already been approved so there is no need to proceed with a half-baked plan that attempts to take MMPI over. East West's efforts are not in the best interest of our company nor in the best interest of MMPI's creditors."

Last month MMPI's Disclosure Statement was approved in court, paving the way to repay all of its creditors. Of particular note, MMPI's reorganization plan includes a 100% payment to all creditors of the company.

Through its Disclosure Statement, EWBC is attempting to convert its real estate loans into approximately 70 to 80 percent of the reorganized MMPI, in lieu of receiving 100% of its loans repaid, including interest. Taking such a predatory action - converting real estate debt of one of its customers into a controlling interest of that company - is a move lawyers involved in the case have never seen a community bank like East West Bancorp take.

EWBC also appears to be proposing it use TARP money obtained by the federal government as a part of its effort to complete its hostile takeover of MMPI, despite being unable to repay more than $306 million in bailout money back to the federal government. EWBC also received nearly $300 million in additional bailout money of United Commercial Bank, which it acquired as part of an FDIC subsidized bank bailout.

"As a taxpayer, I am offended that East West would try to use federal TARP money, which is supposed to be used to help consumers, to help finance its hostile takeover attempt of Meruelo Maddux Properties. Rather than use taxpayer money in real estate speculation, East West ought to repay its debt to taxpayers and use the balance to help small business owners flourish instead of try to take them over," concluded Meruelo.

SOURCE Meruelo Maddux Properties, Inc.

### Recent Headlines

East West Bank Hostile Takeover Plan Of Meruelo Maddux Properties Rebuffed By Bankruptcy Court
Thursday 09/09/2010 1:12 PM ET - Dow Jones News

East West Bank Hostile Takeover Plan of Meruelo Maddux Properties Rebuffed by Bankruptcy Court
Thursday 09/09/2010 1:10 PM ET - Pr Newswire

Security Center | Forms Center | Agreements & Disclosures | Contact Us | Site Map

As your agreement for the receipt and use of market data provides, the securities markets (1) reserve all rights to the market data that they make available; (2) do not guarantee that data; and (3) shall not be liable for any loss due to their negligence or to any cause beyond their reasonable control.

© Copyright 2010 Scottrade. All Rights Reserved.

Research materials are provided by the third party sources listed in the About our data providers page. As further explained in Sections 48 and 49 of Scottrade's Brokerage Account Agreement, such material is designed to be informative and does not constitute investment advice by Scottrade to purchase or sell any security.

Brokerage Products and Services offered by Scottrade, Inc. - Member FINRA and SIPC

Online market and limit stock trades are just $7 for stocks priced $1 and above.

Any specific securities, or types of securities, used as examples are for demonstration purposes only. No information on this Web site should be considered a recommendation or None of the information provided should be considered a recommendation or solicitation to invest in, or liquidate, a particular security or type of security.

Investors should consider the investment objectives, risks, and charges and expenses of a mutual fund carefully before investing. A mutual fund's prospectus contains this and other information about the mutual fund. Prospectuses are available through our trading site or through a Scottrade branch office. The prospectus should be read carefully before investing. No transaction fee (NTF) funds are subject to the terms and conditions of the NTF funds program. Scottrade is compensated by the funds participating in the NTF program through recordkeeping, shareholder, or SEC 12b-1 fees.

Investors should consider the investment objectives, charges, expense, and unique risk profile of an Exchange Traded Fund (ETF) carefully before investing. Leveraged and Inverse ETFs may not be suitable for long-term investors and may increase exposure to volatility through the use of leverage, short sales of securities, derivatives and other complex investment strategies. A prospectus contains this and other information about the ETF and should be obtained from the issuer. The prospectus should be read carefully before investing.

Margin trading involves interest charges and risks, including the potential to lose more than deposited, or the need to deposit additional collateral in a falling market. Margin Disclosure Statement (PDF) is available for download, or it is available at one of our branch offices. It contains information on our lending policies, interest charges, and the risks associated with margin accounts.

Options involve risk and are not suitable for all investors. Detailed information on our policies and the risks associated with options can be found in the Scottrade Options Application and Agreement, Brokerage Account Agreement, and by downloading the Characteristics and Risks of Standardized Options and Supplements (PDF) from The Options Clearing Corporation, or by requesting a copy from your local branch office. Supporting documentation for any claims will be supplied upon request.

Market volatility, volume, and system availability may impact account access and trade execution.

Testimonials may not be representative of the experience of other clients and are no guarantee of future performance or success.

FORM B104 (08/07)                                                                                                      2007 USBC, Central District of California

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

**PLAINTIFFS**

**DEFENDANTS**

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor     ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $   To be determined |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** | **BANKRUPTCY CASE NO.** |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

/s/ Bennett L. Spiegel

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

FOR COURT USE ONLY

*Attorney for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re:

Debtor.

CHAPTER _____

CASE NUMBER

ADVERSARY NUMBER

Plaintiff(s),

vs.

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF STATUS CONFERENCE**

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**            **Time:**            **Courtroom:**            **Floor:**

❑  **255 East Temple Street, Los Angeles**           ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**      ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
       *Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*                                                                    **F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
|  | Debtor(s). |  |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____        _____
*Date*            *Type Name*                                                *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                                                            **F 7004-1**