JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
ENID COLSON (State Bar No. 189912)
*EColson@DGDK.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Meruelo Maddux Properties, Inc., and
affiliated Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-13356-KT |
| MERUELO MADDUX PROPERTIES, INC., et al.,[1] | Chapter 11 (Jointly Administered) |
| Debtors and Debtors-in-Possession. | **NOTICE OF MOTION AND FIFTH MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIOD DURING WHICH THE DEBTORS MAY SOLICIT AND OBTAIN ACCEPTANCES OF A PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RICHARD MERUELO AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |
| ☑ Affects all Debtors | |
| ☐ Affects the following Debtor(s): | [No hearing required pursuant to Local Bankruptcy Rule 9013-1(o)] |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

1   **PLEASE TAKE NOTICE** that the above-captioned debtors and debtors-in-possession

2   (collectively the "Debtors") hereby move for an order further extending the exclusive period during

3   which the Debtors, and others as to which exclusivity already has been terminated, may solicit and

4   obtain acceptances of a plan of reorganization (the "Exclusivity Period") though November 26,

5   2010.

6   This motion is made pursuant to Section 1121(d) of the Bankruptcy Code and is made on

7   the grounds that good cause exists for such an extension. As of the date of filing hereof, the Court

8   has approved the Debtors' most recently filed disclosure statement subject to the Debtors making

9   minor revisions thereto. Also subject to the making of minor revisions, the Court has approved the

10  most recently filed disclosure statement of Charlestown Capital Advisors, LLC, and Hartland Asset

11  Management Corporation (collectively "Charlestown"). Further, on September 22, 2010, the Court

12  entered an order approving the most recently filed disclosure statement of Legendary Investors

13  Group No. 1, LLC ("Legendary") and East West Bank ("EWB" and together with Legendary,

14  "Legendary/EWB"). In addition to the foregoing, the Official Committee of Unsecured Creditors

15  (the "OCC") and Official Committee of Equity Security Holders (the "OEC") have been granted

16  authority to file competing plans. Except with regard to these parties, the Court has extended the

17  Exclusivity Period through September 30, 2010.

18  This motion seeks a further extension of the Exclusivity Period through November 26,

19  2010. The Debtors believe the requested extension is appropriate in order to afford the Debtors and

20  other plan proponents sufficient time to obtain final approvals of their disclosure statements, submit

21  the plans to creditors for voting, and complete the balloting process. The Debtors believe that the

22  proposal of more plans would significantly hamper progress in this case and delay confirmation of

23  a plan for all or most of the Debtors' estates.

24  The following parties have advised the Debtors that they do not object to the relief sought in

25  this motion: Bank of America; Charlestown Capital Advisors, LLC; Chinatrust Bank; Hartland

26  Asset Management Corporation; Legendary; Pacific Commerce Bank; and Wells Fargo Bank,

27  N.A., successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee

28  for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., Mortgage

1   Pass-Through Certificates, Series 2002-C1, which is acting in the bankruptcy case by and through

2   its special servicer, Berkadia Commercial Mortgage, Inc.  These parties constitute almost all of the

3   parties who filed written oppositions to the Debtors' previous motions for extensions of exclusivity.

4        This motion is based upon this notice and motion, the memorandum of points and

5   authorities, the declaration of Richard Meruelo attached hereto, the request for judicial notice

6   attached hereto, the papers and pleadings on file in this case, and such other evidence as may be

7   presented to the Court.

8        **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

9   1(o), unless an objection and request for hearing are submitted in writing, filed with the Clerk of

10   the Court and served upon counsel for the Debtors named in the upper left-hand corner of this

11   notice within fourteen (14) days following the date of mailing of this notice, the Debtors will

12   request that the Court enter an order extending the Exclusivity Period though November 26, 2010.

13   If you do not have any objection to the relief sought you do not need to take any further action.

14

15   Dated: September 29, 2010        DANNING, GILL, DIAMOND & KOLLITZ, LLP

16

17

18        By: _____
             John N. Tedford, IV

19              Attorneys for Meruelo Maddux Properties,
             Inc., and affiliated Debtors and Debtors-in-
             Possession

20

21

22

23

24

25

26

27

28

359667.01 [XP]    25195

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Meruelo Maddux Properties, Inc. ("MMPI"), and its 53 subsidiaries that are debtors in this jointly administered case (collectively the "Debtors") have worked diligently for over ten months to obtain approval of their disclosure statement and solicit votes in favor a plan of reorganization that will allow the Debtors to emerge from bankruptcy in a timely fashion and pay creditors in full. In July 2010, shareholders Charlestown Capital Advisors, LLC, and Hartland Asset Management Corporation (collectively "Charlestown") filed a competing plan and accompanying disclosure statement. In August 2010, creditors Legendary Investors Group No. 1, LLC ("Legendary"), and East West Bank ("EWB" and together with Legendary, "Legendary/EWB") filed a competing plan and accompanying disclosure statement. Subject to the making of certain minor revisions, the Debtors' disclosure statement, Charlestown's disclosure statement, and Legendary/EWB's disclosure statement have been approved. According to the current schedule, on October 6, 2010, the Court will approve solicitation letters and ballots which will be forwarded to creditors and equity security holders for consideration on or about October 15, 2010.

Pursuant to prior orders of the Court, the exclusive period in which the Debtors (and others who have been given the right to file competing plans) may solicit votes (the "Exclusivity Period") is September 30, 2010. Good cause exists for extending the Exclusivity Period so the solicitation process may proceed and these fifty-four cases may move expeditiously toward confirmation.

## II.

## FACTUAL BACKGROUND

A. BRIEF BANKRUPTCY BACKGROUND

On March 26 and 27, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to the Court's ruling on March 30, 2009, the cases are being jointly administered under case no. 1:09-bk-13356-KT. The

1  Debtors are operating their business affairs pursuant to the authority granted under Sections 1107

2  and 1108 of the Bankruptcy Code.

3       The Debtors and MMPI's non-Debtor subsidiaries (sometimes collectively referred to

4  herein as the "Company") comprise a self-managed, full-service real estate company that develops,

5  redevelops and owns industrial, commercial and multi-unit residential real properties primarily

6  located in downtown Los Angeles and other areas in southern California. The Company focuses on

7  unique properties that it believes have an alternate, more profitable use achievable through major

8  renovation, redevelopment or development. The Company's projects are predominantly located in

9  densely populated urban, multi-ethnic areas and involve numerous local entitlement, property

10  assemblage and physical challenges.

11

12  B.     PREVIOUS REQUESTS FOR EXTENSIONS OF THE EXCLUSIVITY PERIOD

13       On or about June 24, 2009, the Debtors filed their first motion for an extension of periods

14  under the Bankruptcy Code in which only the Debtors could file a plan or reorganization and solicit

15  acceptances thereof (*docket entry no. 328*). The motion was opposed by various creditors. On or

16  about July 22, 2009, the Court entered its order granting the motion (*docket no. 403*). Pursuant to

17  the Court's order, the exclusive period under § 1121(b) during which only the Debtors could file a

18  plan was extended to November 22, 2009, and the exclusive period under § 1121(c)(3) during

19  which only the Debtors could solicit and obtain acceptances of the plan was extended to January

20  21, 2010. The order provided that the extensions were granted without prejudice to the Debtors'

21  right to seek further extensions.

22       On or about November 10, 2009, the Debtors filed their second motion for an extension of

23  the exclusivity periods (*docket entry no. 844*), in which the Debtors requested only a one week

24  extension of exclusivity. Notwithstanding the fact that the Debtors were requesting a very short

25  extension of time, Legendary opposed the Debtors' non-controversial motion (*docket entry no.

26  845*). On or about November 24, 2009, the Court entered its order granting the motion (*docket

27  entry no. 880*). Pursuant to the Court's order, the exclusive period under § 1121(b) during which

28  only the Debtors could file a plan was extended to November 30, 2009, and the exclusive period

1  under § 1121(c)(3) during which only the Debtors could solicit and obtain acceptances of the plan

2  was extended to January 28, 2010. The order provided that the extensions were granted without

3  prejudice to the Debtors' right to seek further extensions.

4         On or about December 30, 2009, the Debtors filed their third motion for an extension of

5  exclusivity (*docket entry no. 966*). The motion was opposed by various creditors. An initial

6  hearing on the motion was held on January 21, 2010, and the Court continued the hearing to March

7  19, 2010, and extended exclusivity on an interim basis to such date. On March 19, 2010, the Court

8  continued the hearing to March 31, 2010, and extended exclusivity on an interim basis to April 1,

9  2010. On or about April 1, 2010, the Court entered its order on the motion (*docket entry no. 1246*).

10  Pursuant to the order, the exclusivity period was extended to June 11, 2010, except with regard to

11  the Official Committee of Unsecured Creditors (the "OCC"), with respect to which the exclusivity

12  period would terminate as of May 18, 2010. The order provided that the extension was granted

13  without prejudice to the Debtors' right to seek further extensions.

14         On or about May 21, 2010, the Debtors filed their fourth motion for an extension of

15  exclusivity (*docket entry no. 1419*). The motion was opposed by various creditors. A hearing on

16  the motion was held on June 11, 2010. On or about June 11, 2010, the Court entered its order on

17  the motion (*docket entry no. 1513*). Pursuant to the order, the exclusivity period was extended to

18  September 30, 2010, except with respect to Charlestown and the yet-to-be-formed Official

19  Committee of Equity Security Holders (the "OEC"), with respect to which the exclusivity period

20  would terminate as of June 14, 2010. The order provided that the extension was granted without

21  prejudice to the Debtors' right to seek further extensions.

22         On or about July 12, 2010, Legendary/EWB filed a motion requesting that the Court

23  terminate exclusivity as to them (*docket entry no. 1576*). The Debtors opposed Legendary/EWB's

24  motion (*docket entry no. 1634*). A hearing on the motion was held on August 2, 2010. An order

25  granting Legendary/EWB's motion was entered on or about August 25, 2010 (*docket entry no.*

26  *1736*). The order provided that exclusivity was terminated as to Legendary/EWB effective as of

27  August 2, 2010.

28  ///

1  C.    STATUS OF THE DEBTORS', LEGENDARY/EWB'S AND CHARLESTOWN'S

2  DISCLOSURE STATEMENTS

3      At a hearing on August 6, 2010, the Court approved the Debtors' modified second amended

4  disclosure statement.  The Debtors' disclosure statement and plan were not immediately mailed out

5  because hearings on approval of Charlestown's and Legendary/EWB's disclosure statements were

6  set for the last week of August and first week of September, and the Court set September 13, 2010,

7  as the date by which their disclosure statements were to be approved in order to be included in the

8  solicitation package sent to creditors and equity security holders entitled to vote on the Debtors'

9  proposed plan.  In the interim, the Debtors continued to negotiate with lenders and other parties in

10  interest regarding treatment of claims under the Debtors' plan.

11      On September 22, 2010, the Court entered an order approving Legendary/EWB's disclosure

12  statement (*docket entry no. 1848*).  Except for some minor modifications that need to be made

13  pursuant to the instruction of the Court, Legendary's disclosure statement and proposed plan have

14  been finalized.  On September 24, 2010, the Court orally approved the Debtors' and Charlestown's

15  disclosure statement subject to the making of minor modifications.  Except for such modifications,

16  both of the parties' disclosure statements and proposed plans have been finalized.

17      On October 6, 2010, the Court will hold a hearing on approval of letters to be included in

18  solicitation packages mailed to creditors and equity security holders entitled to vote on one or more

19  of the proposed plans.  The Court will also hold a hearing on approval of ballots.  Upon approval of

20  the letters and the ballots, all materials to be distributed will have been approved by the Court.  The

21  parties anticipate that solicitation packages will be mailed on Friday, October 15, 2010.  As of the

22  date of filing of this motion, the date by which votes must be returned has not yet been set by the

23  Court.

24  ///

25  ///

26  ///

27  ///

28  ///

359667.01 [XP]    25195

III.

ARGUMENT

A.    EXCLUSIVITY MAY BE EXTENDED FOR "CAUSE"

Section 1121 of the Bankruptcy Code specifies which parties may file a plan and when, and provides in relevant part as follows:

> (a)  The debtor may file a plan . . . at any time . . . ..
>
> (b)  Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.
>
> (c)  Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holder, or any indenture trustee, may file a plan if and only if –
>
> > (1)  a trustee has been appointed under this chapter;
> >
> > (2)  the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
> >
> > (3)  the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
> (d)    (1)  Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> > (2)(A)  The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
> >
> > (2)(B)  The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

The plain language of the statute provides authority for the requested extension of the Exclusivity Period. A debtor may file a plan at any time and enjoys the exclusive right to file a plan for 120 days after the order for relief. *See* 11 U.S.C. § 1121(a) and (b). The initial exclusivity period is extended an additional 60 days, to 180 days after entry of the order for relief, after a plan has been filed. *See* 11 U.S.C. § 1121(c)(3). The 180-day deadline may be extended by the Court,

///

- 8 -

359667.01 [XP]      25195

1 for cause, but not longer than 20 months after the date of the entry of the order for relief. *See* 11

2 U.S.C. § 1121(d)(2)(B). Twenty months after the petition dates in this case is November 26 and

3 27, 2010.

4       Although the statute does not define the precise circumstances constituting "cause," the

5 legislative history of § 1121(d) does make clear that the initial 180-day period merely represents a

6 starting point from which the court is free to extend more time, particularly in complex cases such

7 as this case. H.R. Rep. No. 95-595, 92 Cong. 2d. Sess. 232, reprinted in 1978 U.S.C.C.A.N. 5787,

8 6191. *See also First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D.

9 Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or

10 increase that period of exclusivity in its discretion."). Section 1121 provides the Bankruptcy Court

11 discretion to extend or limit the exclusivity period for cause. 11 U.S.C. § 1121(d). "The section

12 thus grants great latitude to the bankruptcy judge in deciding, on a case-specific basis, whether to

13 modify the exclusivity period on a showing of 'cause.' *See In re Kerns*, 111 B.R. 777, 781 n.2

14 (S.D. Ind.1990); *In re Sharon Steel Corp.*, 78 B.R. 762, 763 (Bankr.W.D.Pa.1987)." *In re*

15 *Geriatrics Nursing Home, Inc.*, 187 B.R. 128, 132 (D.N.J. 1995).

16       Courts have developed a list of several factors to consider in determining whether cause

17 exists to extend the exclusive periods under § 1121(d). These factors include:  the size and

18 complexity of the case; the necessity of sufficient time to permit the debtor to negotiate a plan

19 and prepare adequate information; the existence of good faith progress toward reorganization; the

20 fact that the debtor is paying its bills as they become due; whether the debtor has demonstrated

21 reasonable prospects for filing a viable plan; whether the debtor has made progress in

22 negotiations with its creditors; the amount of time which has elapsed in the case; whether the

23 debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's

24 reorganization demands; and whether an unresolved contingency exists. *In re Dow Corning Corp.*,

25 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997). *See Official Comm. of Unsecured Creditors v.*

26 *Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452

27 (B.A.P. 9th Cir. 2002) (noting that the *Dow Corning* factors "are standardly considered" in the

28 "cause" analysis).

- 9 -

1    A debtor is not, however, required to satisfy all nine factors because not all of them are

2   relevant to every case.  Many courts have used only a selection of the above factors to determine

3   whether cause exists and courts have found "a transcendent consideration" to be "whether

4   adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable

5   resolution."  *See, e.g., In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. at 453.  As one bankruptcy

6   court observed, consideration of an exclusivity motion should involve "a broader, more global view

7   – focused on what is best for these Chapter 11 cases; most in keeping with the letter and spirit of

8   Chapter 11; and what is most appropriate under the unique facts" of cases before the court,

9   especially large and challenging ones.  *See In re Adelphia Commc'ns. Corp.*, 352 B.R. 578, 582

10   (Bankr. S.D.N.Y. 2006).  Accordingly, courts look to the above principles and frequently grant

11   extensions in order to provide debtors with adequate opportunity to develop and confirm a plan of

12   reorganization.

13

14   B.   CAUSE EXISTS TO EXTEND THE EXCLUSIVITY PERIOD

15    Good cause exists to extend the exclusivity period in this case to November 26, 2010, to

16   permit the Debtors (and others whose disclosure statements have been approved) to solicit votes

17   and seek confirmation of their plan.  Among other things, there is no question that the Debtors'

18   cases are complex.  The Company is a self-managed, full-service real estate company that

19   develops, redevelops and owns industrial, commercial and multi-unit residential real properties in

20   downtown Los Angeles and other areas of Southern California.  Although the Debtors formally

21   consist of a parent company and various levels of subsidiary Debtors, the Company is operated as a

22   single enterprise.  Thus, the nature of their business which operates as a single enterprise makes

23   these cases complex.  This complexity has been evident throughout the case in the Debtors' cash

24   collateral motions and motions to utilize their centralized cash management system, as well as the

25   complexity of the Debtors' and others' proposed plans for all fifty-four cases.  The complexity of

26   the cases as well as the complex nature of the Debtors' businesses have made the plan process

27   more complicated and time consuming and warrant a further extension to allow for advancement of

28   the plan confirmation process.

- 10 -

1       The Debtors have continued, and will continue, to negotiate with creditors and other parties

2 in interest.  The Debtors have made substantial progress in this regard and have reached settlements

3 with, among others, the following:  the County of Los Angeles Tax Collector; Pacific Commerce

4 Bank; Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of

5 Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami,

6 an individual; City National Bank as successor to certain assets formerly owned by Imperial

7 National Bank; The Stanford Group, L.P.; Cathay Bank; FNBN-CMLCON I, LLC; and Wells

8 Fargo Bank (acting in this case through its special servicer, Berkadia Commercial Mortgage, Inc.).

9 These settlements represent a substantial amount of the total secured debt.  The Debtors are also

10 actively engaged in settlement discussions with other parties.  The Debtors will continue these

11 efforts as they work through the plan confirmation process.

12       The Debtors have made substantial progress toward confirmation of a viable reorganization

13 plan.  The Debtors' disclosure statement has been approved, subject to the Debtors making some

14 minor revisions pursuant to the instruction of the Court.  As discussed above, the Debtors believe

15 that solicitation packages with the Debtors' and other proponents' plans will be sent to creditors

16 and equity security holders in the near future.

17       This is the Debtors' fifth request for an extension of exclusivity.  The second request

18 covered only a one week period to allow the Debtors to file their initial proposed plan after the

19 Thanksgiving holiday rather than before it.  Other motions have requested modest extensions of

20 exclusivity, and thus the Debtors have needed to file new motions every few months.  During this

21 time the Debtors have actively worked to obtain approval of their disclosure statement and engaged

22 in substantial litigation involving, among other things, "single asset real estate" issues, intensive

23 litigation and negotiations regarding cash collateral usage, and over eighteen motions for relief

24 from the automatic stay.  In light of these issues and the substantial amount of litigation in this

25 case, an unreasonable amount of time has not elapsed in these cases.

26       Finally, the purpose of the Debtors' request for an extension of exclusivity is not to

27 maintain leverage over a group of creditors whose interests are being harmed.  Rather, the Debtors

28 seek to avoid a situation where they are forced to address additional competing plans from secured

1   creditors, who may only be interested in filing a liquidating plan for the individual debtor entities

2   against which they have claims.  The process of approving a disclosure statement, fixing creditors'

3   claims, soliciting votes and accomplishing confirmation has been and will be difficult enough

4   without the additional significant impediment of the distraction posed by individual competing

5   plans filed by any number of secured creditors.

6

7                                        IV.

8                                   CONCLUSION

9           For the foregoing reasons, the relevant factors strongly favor granting the requested

10  extension of the Exclusivity Period and the Debtors request that the Court grant an additional

11  extension of the Exclusivity Period, during which only the Debtors (and other parties who have

12  been afforded the right to do so) may solicit and obtain acceptances of the plan of reorganization

13  through and including November 26, 2010.  The Debtors also request such further relief as the

14  Court deems just and proper.

15

16  Dated: September 29, 2010                  DANNING, GILL, DIAMOND & KOLLITZ, LLP

17

18                                  By:    _____

19                                         John N. Tedford, IV
                                           Attorneys for Meruelo Maddux Properties,
20                                         Inc., and affiliated Debtors and Debtors-in-
                                           Possession

21

22

23

24

25

26

27

28

## DECLARATION OF RICHARD MERUELO

I, Richard Meruelo, declare and state as follows:

1.      I am the Chief Executive Officer of Meruelo Maddux Properties, Inc. ("MMPI").

2.      MMPI is the parent company of a number of subsidiaries.  On March 26 and 27, 2009, MMPI and fifty-three of MMPI's subsidiaries (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  I am a designated officer of each of the affiliated entities and am authorized to give this declaration.

3.      I have personal knowledge of the facts in this declaration, except as to those matters that are based upon information and belief, which matters I believe to be true.  If called as a witness, I could testify competently to these facts.

4.      The Debtors and MMPI's non-Debtor subsidiaries (sometimes collectively referred to as the "Company") comprise a self-managed, full-service real estate company that develops, redevelops and owns industrial, commercial and multi-unit residential real properties primarily located in downtown Los Angeles and other areas in southern California.  The Company focuses on unique properties that have an alternate, more profitable use achievable through major renovation, redevelopment or development.  The Company's projects are predominantly located in densely populated urban, multi-ethnic areas and involve numerous local entitlement, property assemblage and physical challenges.

5.      During this bankruptcy case the Debtors have reached settlements with, among others:  the County of Los Angeles Tax Collector; Pacific Commerce Bank; Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami, an individual; City National Bank as successor to certain assets formerly owned by Imperial National Bank; The Stanford Group, L.P.; Cathay Bank; FNBN-CMLCON I, LLC; and Wells Fargo Bank (acting in this case through its special servicer, Berkadia Commercial Mortgage, Inc.).  The settlement with Wells Fargo Bank is being documented.  These settlements represent a substantial amount of the Company's secured

///

- 13 -

359667.01 [XP]      25195

1   debt.  We are also engaged in settlement discussions with other parties, and intend to continue these

2   efforts as we work through the plan confirmation process.

3

4        I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.

6        Executed on September __, 2010, at Los Angeles, California.

7

8                                          RICHARD MERUELO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

359667.01 [XP]     25195

1

## <u>REQUEST FOR JUDICIAL NOTICE</u>

2

3        The above-captioned debtors and debtors-in-possession (collectively the "Debtors") hereby

4  request that the Court take judicial notice of the following:

5        1.    On March 26 and 27, 2009, the Debtors filed voluntary petitions for relief under

6  Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7        2.    Pursuant to the Court's ruling on March 30, 2009, the Debtors' cases are being

8  jointly administered under case no. 1:09-bk-13356-KT.

9        3.    The Debtors are operating their business affairs pursuant to the authority granted

10  under Sections 1107 and 1108 of the Bankruptcy Code.

11        4.    On June 24, 2009, the Debtors filed their first motion for an extension of periods

12  under the Bankruptcy Code in which only the Debtors could file a plan or reorganization and solicit

13  acceptances thereof (*docket entry no. 328*).  The motion was opposed by various creditors.  On July

14  22, 2009, the Court entered its order granting the motion (*docket no. 403*).  A true and correct copy

15  of the Court's order is attached as Exhibit "1" hereto.

16        5.    On November 10, 2009, the Debtors filed their second motion for an extension of

17  the exclusivity periods (*docket entry no. 844*), in which the Debtors requested only a one week

18  extension of exclusivity.  Legendary Investors Group No. 1, LLC ("Legendary"), opposed the

19  Debtors' motion (*docket entry no. 845*).  On November 24, 2009, the Court entered its order

20  granting the motion (*docket entry no. 880*).  A true and correct copy of the Court's order is attached

21  as Exhibit "2" hereto.

22        6.    On December 30, 2009, the Debtors filed their third motion for an extension of

23  exclusivity (*docket entry no. 966*).  The motion was opposed by various creditors.  An initial

24  hearing on the motion was held on January 21, 2010, and the Court continued the hearing to March

25  19, 2010, and extended exclusivity on an interim basis to such date.  On March 19, 2010, the Court

26  continued the hearing to March 31, 2010, and extended exclusivity on an interim basis to April 1,

27  2010.  On April 1, 2010, the Court entered its order on the motion (*docket entry no. 1246*).  A true

28  and correct copy of the Court's order is attached as Exhibit "3" hereto.

359667.01 [XP]        25195

1      7.      On May 21, 2010, the Debtors filed their fourth motion for an extension of

2  exclusivity (*docket entry no. 1419*). The motion was opposed by various creditors. A hearing on

3  the motion was held on June 11, 2010. On June 11, 2010, the Court entered its order on the motion

4  (*docket entry no. 1513*). A true and correct copy of the Court's order is attached as Exhibit "4"

5  hereto.

6      8.      On July 12, 2010, Legendary and East West Bank ("EWB" and together with

7  Legendary, "Legendary/EWB") filed a motion requesting that the Court terminate exclusivity as to

8  them (*docket entry no. 1576*). The Debtors opposed Legendary/EWB's motion (*docket entry no.*

9  *1634*). An order granting Legendary/EWB's motion was entered on or about August 25, 2010

10  (*docket entry no. 1736*). A true and correct copy of the Court's order is attached as Exhibit "5"

11  hereto.

12      9.      At a hearing on August 6, 2010, the Court approved the Debtors' modified second

13  amended disclosure statement.

14      10.      The Debtors' disclosure statement and plan were not immediately mailed out.

15  Hearings on approval of a disclosure statement filed by Legendary/EWB and a disclosure statement

16  jointly filed by Charlestown Capital Advisors, LLC, and Hartland Asset Management Corporation

17  (collectively "Charlestown") were set for the last week of August and first week of September.

18  The Court set September 13, 2010, as the date by which their disclosure statements were to be

19  approved in order to be included in the solicitation package sent to creditors and equity security

20  holders entitled to vote on the Debtors' proposed plan.

21      11.      On September 22, 2010, the Court entered an order approving Legendary/EWB's

22  disclosure statement (*docket entry no. 1848*). Except for some minor modifications that need to be

23  made pursuant to the instruction of the Court, Legendary's disclosure statement and proposed plan

24  have been finalized.

25      12.      On September 24, 2010, the Court orally approved the Debtors' and Charlestown's

26  disclosure statement subject to the making of minor modifications. Except for such modifications,

27  both of the parties' disclosure statements and proposed plans have been finalized.

28  ///

359667.01 [XP]    25195

13.     On October 6, 2010, the Court will hold a hearing on approval of letters to be included in solicitation packages mailed to creditors and equity security holders entitled to vote on one or more of the proposed plans.  The Court will also hold a hearing on approval of ballots. Upon approval of the letters and the ballots, all materials to be distributed will have been approved by the Court.  The date currently identified by the Court for the mailing of solicitation packages is October 15, 2010.  The date by which votes must be returned has not yet been set by the Court.

14.     During the Debtors' cases, the Court has approved settlements between certain of the Debtors and the following:  the County of Los Angeles Tax Collector; Pacific Commerce Bank; Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami, an individual; City National Bank as successor to certain assets formerly owned by Imperial National Bank; The Stanford Group, L.P.; Cathay Bank; and FNBN-CMLCON I, LLC.  The Debtors also have announced that a settlement has been reached with Wells Fargo Bank.

Dated: September 29, 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
John N. Tedford, IV
Attorneys for Meruelo Maddux Properties,
Inc., and affiliated Debtors and Debtors-in-
Possession

- 17 -

359667.01 [XP]     25195

# EXHIBIT 1

1  RICHARD K. DIAMOND (State Bar No. 070634)
   *RDiamond@DGDK.com*
2  JOHN J. BINGHAM, JR. (State Bar No. 075842)
   *JBingham@DGDK.com*
3  AARON E. DE LEEST (State Bar No. 216832)
   *AdeLeest@DGDK.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Proposed Attorneys for Meruelo Maddux Properties, Inc.,
   and affiliated Debtors and Debtors-in-Possession

8

```
┌─────────────────────────────────┐
│        FILED & ENTERED          │
│                                 │
│          JUL 22 2009            │
│                                 │
│   CLERK U.S. BANKRUPTCY COURT   │
│   Central District of California│
│   BY gonzalez DEPUTY CLERK      │
└─────────────────────────────────┘
```

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11             SAN FERNANDO VALLEY DIVISION

12  In re                                )  Case No. 1:09-bk-13356-KT
                                         )
13  MERUELO MADDUX PROPERTIES, INC., et  )  Chapter 11
    al.[1]                               )
14                                       )  (Jointly Administered)
              Debtors and Debtors-in-Possession.  )
15                                       )  **ORDER EXTENDING THE EXCLUSIVE**
                                         )  **PERIODS DURING WHICH ONLY THE**
16  _____  )  **DEBTORS MAY FILE A PLAN OF**
                                         )  **REORGANIZATION AND SOLICIT**
17  ☑  Affects all Debtors              )  **ACCEPTANCES THEREOF**
                                         )
18  ☐  Affects the following Debtor(s):  )  Date:     July 15, 2009
                                         )  Time:     9:00 a.m.
19                                       )  Place:    Courtroom 301
                                         )            21041 Burbank Blvd.
20                                       )            Woodland Hills, California
                                         )
21                                       )
                                         )
22                                       )
                                         )
23  _____  )

24  _____

        [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by
25  affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-
    KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-
26  13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT;
    1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT;
    1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-
27  KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-
    13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-
    bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT;
28  1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-
    KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

339308 [XP]     25195                    19

1    On July 15, 2009, at 9:00 a.m., the Court heard and considered the *Debtors' Notice of*

2    *Motion and Motion for an Order Pursuant to Bankruptcy Code Section 1121(d) Extending the*

3    *Exclusive Periods During which Only the Debtors May File a Plan of Reorganization and Solicit*

4    *Acceptances Thereof* (the "Motion") filed by the above-captioned debtor and debtor-in-possession

5    (the "Debtor"); the Honorable Kathleen Thompson, United States Bankruptcy Judge, presiding.

6    Appearances were as noted on the record at the hearing.

7        The Court having considered the Motion, all papers filed in support thereof, including the

8    written objections of Capmark Finance Inc., Bank of America, United Commercial Bank, FNBN-

9    CMLCOM I, LLC, and East West Bank and Legendary Investors, the joinder of Imperial Bank in

10   FNBN's opposition, the joint statement of the Debtors and the Official Committee of Unsecured

11   Creditors, having heard the statements of counsel at the hearing, having found that notice of the

12   hearing and the Motion was adequate and proper, for good cause appearing,

13       **IT IS ORDERED THAT:**

14       1.    The Motion is granted.

15       2.    The Debtors exclusive right to file a plan of reorganization under 11 U.S.C.

16   § 1121(b) shall be extended for an additional 120 days through and including November 22, 2009,

17   without prejudice to the Debtors' right to seek a further extension thereof.

18       3.    The time period under 11 U.S.C. § 1121(c)(3) within which the Debtors may solicit

19   and obtain acceptances of their plan and during which time competing plans may not be filed by

20   any party in interest shall be extended for an additional 120 days through and including January 21,

21   2010, without prejudice to the Debtors' right to seek a further extension thereof.

22       ###

23

24                                        *Kathleen Thompson*

25   DATED: July 22, 2009           _____
                                     United States Bankruptcy Judge

26

27

28

-2-

# EXHIBIT 2

1  JOHN J. BINGHAM, JR. (State Bar No. 075842)
   *JBingham@DGDK.com*
2  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
3  MICHAEL C. ABEL (State Bar No. 187743)
   *JTedford@DGDK.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Meruelo Maddux Properties, Inc., and
   affiliated Debtors and Debtors-in-Possession

8

9

10

11

FILED & ENTERED

NOV 24 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

12

13  In re                                    ) Case No. 1:09-bk-13356-KT
                                             )
14  MERUELO MADDUX PROPERTIES, INC., et      ) Chapter 11 (Jointly Administered)
    al.[1]                                   )
15              Debtors and Debtors-in-Possession. ) **ORDER GRANTING DEBTORS'**
                                             ) **MOTION FOR SECOND ORDER**
16                                           ) **PURSUANT TO BANKRUPTCY CODE**
                                             ) **SECTION 1121(d) EXTENDING THE**
17                                           ) **EXCLUSIVE PERIODS DURING**
                                             ) **WHICH THE DEBTORS MAY FILE A**
18  ☑  Affects all Debtors                   ) **PLAN OF REORGANIZATION AND**
                                             ) **SOLICIT ACCEPTANCES THEREOF**
19  ☐  Affects the following Debtor(s):      )
                                             ) Date:      November 18, 2009
20                                           ) Time:      9:30 a.m.
                                             ) Place:     Courtroom 301
21                                           )            21041 Burbank Blvd.
                                             )            Woodland Hills, California
22                                           )

23

24
   _____

25  [1]  Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-13365-KT;
26  1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-13388-KT;
27  1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT; 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-KT; 1:09-
28  bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

1    On November 10, 2009, the above-captioned debtors and debtors-in-possession

2  (collectively the "Debtors") filed their *Motion for Second Order Pursuant to Bankruptcy Code*

3  *Section 1121(d) Extending the Exclusive Periods During which the Debtors May File a Plan of*

4  *Reorganization and Solicit Acceptances Thereof* (the "Motion").  It appears that due and proper

5  notice of the Motion was given to the Office of the United States Trustee, counsel for the Official

6  Committee of Unsecured Creditors, and other parties entitled to be served therewith.  It appearing

7  that good cause exists,

8    **IT IS ORDERED THAT:**

9    1.    The Motion is granted in its entirety.

10    2.    The Debtors' exclusive right to file a plan of reorganization under 11 U.S.C.

11  § 1121(b) shall be extended through and including November 30, 2009, without prejudice to the

12  Debtors' right to seek a further extension thereof.

13    3.    The time period under 11 U.S.C. § 1121(c)(3) within which the Debtors may solicit

14  and obtain acceptances of their plan and during which time competing plans may not be filed by

15  any party in interest shall be extended through and including January 28, 2010, without prejudice to

16  the Debtors' right to seek a further extension thereof.

17    # # # # #

18

19

20

21

22

23

24

25  DATED: November 24, 2009

_____
United States Bankruptcy Judge

26

27

28

-2-

0.0 [XP]

23

# EXHIBIT 3

1  JOHN J. BINGHAM, JR. (State Bar No. 075842)
   JBingham@DGDK.com
2  JOHN N. TEDFORD, IV (State Bar No. 205537)
   JTedford@DGDK.com
3  MICHAEL C. ABEL (State Bar No. 187743)
   MAbel@DGDK.com
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Meruelo Maddux Properties, Inc., and
   affiliated Debtors and Debtors-in-Possession

8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                    SAN FERNANDO VALLEY DIVISION
11

12
   In re                              )  Case No. 1:09-bk-13356-KT
13                                     )
   MERUELO MADDUX PROPERTIES, INC., et )  Chapter 11 (Jointly Administered)
14 al.[1]                              )
                                       )  ORDER RE: DEBTORS' MOTION FOR
15         Debtors and Debtors-in-Possession. )  THIRD ORDER PURSUANT TO
                                       )  BANKRUPTCY CODE SECTION
16                                     )  1121(d) EXTENDING THE EXCLUSIVE
                                       )  PERIOD DURING WHICH ONLY THE
17 _____ )  DEBTORS MAY SOLICIT AND
                                       )  OBTAIN ACCEPTANCES OF A PLAN
18 ☑  Affects all Debtors             )  OF REORGANIZATION
                                       )
19 ☐  Affects the following Debtor(s): )
                                       )  Date:  March 31, 2010
20                                     )  Time:  9:30 a.m.
                                       )  Place: Courtroom 301
21                                     )         21041 Burbank Blvd.
                                       )         Woodland Hills, California
22                                     )
                                       )
23                                     )

24 ─────────────────────────
   [1]  Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by
25 affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk-13358-KT; 1:09-bk-13359-
   KT; 1:09-bk-13360-KT; 1:09-bk-13361-KT; 1:09-bk-13362-KT; 1:09-bk-13363-KT; 1:09-bk-13364-KT; 1:09-bk-
26 13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; 1:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-
   bk-13371-KT; 1:09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT;
   1:09-bk-13377-KT; 1:09-bk-13378-KT; 1:09-bk-13379-KT; 1:09-bk-13380-KT; 1:09-bk-13381-KT; 1:09-bk-13382-
27 KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk-13386-KT; 1:09-bk-13387-KT; 1:09-bk-
   13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-
   bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-KT;
28 1:09-bk-13400-KT; 1:09-bk-13401-KT; 1:09-bk-13402-KT; 1:09-bk-13403-KT; 1:09-bk-13404-KT; 1:09-bk-13405-
   KT; 1:09-bk-13406-KT; 1:09-bk-13407-KT; 1:09-bk-13434-KT; and 1:09-bk-13439-KT.

FILED & ENTERED

APR 01 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

1    On March 31, 2010, the Court held a continued hearing on the *Motion for Third Order*

2    *Pursuant to Bankruptcy Code Section 1121(d) Extending the Exclusive Period During Which Only*

3    *the Debtors May Solicit and Obtain Acceptances of a Plan of Reorganization* (the "Motion")

4    *(docket entry no. 966)* filed by the above-captioned debtors and debtors-in-possession (collectively

5    the "Debtors"), the Honorable Kathleen Thompson, United States Bankruptcy Judge, presiding.

6    John N. Tedford, IV, and Julia W. Brand of Danning, Gill, Diamond & Kollitz, LLP, appeared on

7    behalf of the Debtors; Dean G. Rallis Jr. of SulmeyerKupetz, a Professional Corporation, appeared

8    on behalf of the Official Committee of Unsecured Creditors (the "Committee"); Thomas M. Geher

9    of Jeffer Mangels Butler & Marmaro LLP appeared on behalf of Wells Fargo Bank, N.A.,

10   successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the

11   Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-

12   Through Certificates, Series 2002-C1 acting by and through Berkadia Commercial Mortgage, Inc.,

13   its Special Servicer ("Berkadia"); Daniel H. Slate of Buchalter Nemer appeared on behalf of

14   California Bank & Trust ("CB&T"); Elmer Dean Martin appeared on behalf of East West Bank;

15   Iain A. W. Nasatir appeared on behalf of Legendary Investors Group No. 1, LLC ("Legendary");

16   Eric S. Pezold of Snell & Wilmer LLP appeared on behalf of Bank of America, N.A. ("BofA");

17   and any other appearances were as noted on the record.

18     The Court having considered the Motion and all papers filed in support of the Motion and in

19   opposition to the Motion, having heard the statements of counsel at hearings on January 20, March

20   19, and March 31, 2010, for the reasons stated on the record at the hearing on March 31, 2010, for

21   good cause appearing,

22   **IT IS ORDERED THAT:**

23     1.    Subject to paragraph 3 of this order, the Motion is granted, on a final basis, through

24   and including June 11, 2010.

25     2.    Subject to paragraph 3 of this order, the time period under 11 U.S.C. § 1121(c)(3)

26   within which the Debtors may solicit and obtain acceptances of their plan and during which time

27   competing plans may not be filed by any party in interest shall be extended through and including

28   June 11, 2010, without prejudice to the Debtors' right to seek a further extension thereof.

-2-

1    3.    Notwithstanding the foregoing, the exclusivity periods set forth in 11 U.S.C. § 1121

2    shall terminate as to the Committee effective as of May 18, 2010, and on or after such date the

3    Committee is authorized to file a plan.

4    # # # # #

23

24

25    DATED: April 1, 2010

United States Bankruptcy Judge

26

27

28

-3-

# EXHIBIT 4

FILED & ENTERED

JUN 11 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

Meruelo Maddux Properties, Inc., a DE Corp,[1]

Debtor(s).

Case No: 1:09-bk-13356-KT

Chapter: 11

ORDER RE: DEBTORS' MOTION FOR FOURTH ORDER PURSUANT TO BANKRUPTCY CODE SECTION 1121(d) EXTENDING THE EXCLUSIVE PERIOD DURING WHICH ONLY THE DEBTORS MAY SOLICIT AND OBTAIN ACCEPTANCES OF A PLAN OF REORGANIZATION

Date: June 11, 2010
Time: 9:30 a.m.
Location: Courtroom 301
21041 Burbank Blvd.
Woodland Hills, California

On June 11, 2010, the Court held a hearing on the *Motion for Fourth Order Pursuant to Bankruptcy Code Section 1121(d) Extending the Exclusive Period During Which Only the Debtors May Solicit and Obtain Acceptances of a Plan of Reorganization (the "Motion") (docket entry no. 1419)* filed by the above-captioned debtors and debtors-in-possession (collectively the "Debtors"), the Honorable Kathleen Thompson, United States Bankruptcy Judge, presiding.  John N. Tedford, IV, and Julia W.

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are referred to in the court's orders docket nos. 30 and 36.

- 1

Brand of Danning, Gill, Diamond & Kollitz, LLP, appeared on behalf of the Debtors; Dean G. Rallis Jr.

of Sulmeyer Kupetz, a Professional Corporation, appeared on behalf of the Official Committee of

Unsecured Creditors (the "Committee"); Thomas M. Geher of Jeffer Mangels Bulter and Marmaro LLP

appeared on behalf of Wells Fargo Bank, N.A., successor by consolidation to Wells Fargo Bank

Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial

Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series 2002-C1 acting by and through

Berkadia Commercial Mortgage, Inc., its Special Servicer ("Berkadia"); Iain A. W. Nasatir appeared on

behalf of Legendary Investors Group No. 1, LLC ("Legendary"); Eric S. Pezold of Snell & Wilmer LLP

appeared on behalf of Bank of America, N.A. ("BofA"); Christopher E. Prince of Lesnick Prince LLP

on behalf of Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

("Charlestown Capital"); and Ronald S. Orr of Ron Orr and Professionals, Inc. on behalf of Taylor

International Fund and any other appearances were as noted on the record.

The Court having considered the Motion and all papers filed in support of the Motion and in

opposition to the Motion, all arguments on the record, and the record of these cases, for the reasons

stated on the record, for good cause appearing,

**IT IS ORDERED THAT:**

1.    Subject to paragraph 3 of this order, the Motion is GRANTED, on a final basis, through

and including September 30, 2010.

2.    Subject to paragraph 3 of this order, the time period under 11 U.S.C. § 1121(c)(3) within

which the Debtors may solicit and obtain acceptances of their plan and during which time competing

plans may not be filed by any party in interest shall be extended through and including September 30,

2010, without prejudice to the Debtors' right to seek a further extension thereof.

3.    Notwithstanding the foregoing, the exclusivity periods set forth in 11 U.S.C. § 1121 shall

terminate as to Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation and

to the Committee of Equity Holders, if such is appointed, effective as of June 14, 2010.

*Kathleen Thompson*

United States Bankruptcy Judge

DATED: June 11, 2010

# EXHIBIT 5

| | |
|---|---|
| 1 | James I. Stang (CA Bar No. 94435) |
| 2 | Jeremy V. Richards (CA Bar No. 102300)<br>Jeffrey W. Dulberg (CA Bar No. 181200) |
| 3 | PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 11th Floor |
| 4 | Los Angeles, California 90067-4100<br>Telephone: 310/277-6910; Facsimile: 310/201-0760 |

FILED & ENTERED

AUG 25 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

James I. Stang (CA Bar No. 94435)
Jeremy V. Richards (CA Bar No. 102300)
Jeffrey W. Dulberg (CA Bar No. 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910; Facsimile: 310/201-0760
E-mail: jstang@pszjlaw.com
        jrichards@pszjlaw.com
        jdulberg@pszjlaw.com

Counsel for Legendary Investors Group No. 1, LLC

Surjit P. Soni (CA Bar No. 127419)
THE SONI LAW FIRM
35 N. Lake Ave., Suite 720
Pasadena, California 91101
Telephone: 626/683-7600; Facsimile: 626/683-1199
E-mail: surj@sonilaw.com

Counsel for Legendary Investors Group No. 1, LLC

Curtis C. Jung, Esq. (CA Bar No. 130657)
Monica H. Lin, Esq. (CA Bar No. 237343)
JUNG & YUEN, LLP
888 South Figueroa Street, Suite 720
Los Angeles, California 90017
Telephone: 213/689-8880; Facsimile: 213/689-8887
E-mail: curtis@jyllp.com

Counsel for Creditor East West Bank

Elmer Dean Martin III, Esq. (CA Bar No. 75517)
22632 Golden Springs Dr., Suite 190
Diamond Bar, California 91765
E-mail: elmer@bankruptcytax.net
Telephone: 909/861-6700; Facsimile: 909/860-3801

Counsel for Creditor East West Bank

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

In re:

MERUELO MADDUX PROPERTIES, INC.,
et al.,

                                        Debtors.

☒ Affects all Debtors
☐ Affects the following Debtor(s):

Case No. 1:09-bk-13356-KT

Chapter 11 (Jointly Administered)

**ORDER MODIFYING THE EXCLUSIVE PERIODS IN WHICH ONLY THE DEBTORS MAY FILE A PLAN AND SOLICIT ACCEPTANCES TO PERMIT LEGENDARY INVESTORS GROUP NO. 1, LLC AND EAST WEST BANK TO FILE AN ALTERNATIVE PLAN AND DISCLOSURE STATEMENT [DOCKET NO. 1576]**

This Court having considered the *Motion For Order (i) Terminating the Exclusive Periods in Which Only the Debtors May File a Plan and Solicit Acceptances and (ii) Permitting Legendary Investors Group No. 1, LLC and East West Bank to File an Alternative Plan and Disclosure Statement* (Docket No. 1576) (the "Motion"),[1] and upon consideration of the Motion, the *Declaration of Surjit P. Soni in Support of Motion For Order (i) Terminating the Exclusive Periods*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    *in Which Only the Debtors May File a Plan and Solicit Acceptances and (ii) Permitting Legendary*

2    *Investors Group No. 1, LLC and East West Bank to File an Alternative Plan and Disclosure*

3    *Statement* (Docket No. 1577), the *Reply in Support of Motion For Order (i) Terminating the*

4    *Exclusive Periods in Which Only the Debtors May File a Plan and Solicit Acceptances and*

5    *(ii) Permitting Legendary Investors Group No. 1, LLC and East West Bank to File an Alternative*

6    *Plan and Disclosure Statement* (Docket No. 1646), the *Debtors' Opposition to Motion Terminating*

7    *Exclusivity as to Legendary Investors Group No. 1, LLC, and East West Bank* (Docket No. 1634)

8    (the "Debtors' Objection"), and the *Statement of the Official Committee of Unsecured Creditors in*

9    *Support of "Motion For Order (i) Terminating the Exclusive Periods in Which Only the Debtors*

10   *May File a Plan and Solicit Acceptances and (ii) Permitting Legendary Investors Group No. 1, LLC*

11   *and East West Bank to File an Alternative Plan and Disclosure Statement"* (Docket No. 1635), and

12   the record of the hearing on the Motion (the "Hearing"); and after due deliberation and sufficient

13   cause appearing therefore;

14        **IT IS HEREBY FOUND** that:

15        A.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334;

16   venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the matter is a core proceeding

17   pursuant to 28 U.S.C. § 157(b)(2).

18        B.      Notice of the Motion and the Hearing was adequate and appropriate under the

19   circumstances and complies with the applicable provisions of Title 11 of the United States Code (the

20   "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules

21   for the Central District of California, and this Court has determined that no other or further notice

22   need be given.

23        C.      The legal and factual bases set forth in the Motion establish good and sufficient

24   "cause" for the Court to enter an order, pursuant to section 1121(d) of the Bankruptcy Code,

25   terminating, as to Legendary Investors Group No. 1, LLC and East West Bank, the period under

26   section 1121(c)(3) of the Bankruptcy Code in which the Debtors have the exclusive right to solicit

27   and obtain acceptances of a plan(s) and during which time competing plans may not be filed (the

28   "Solicitation Exclusivity Period").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**WHEREFORE, IT IS HEREBY ORDERED** that:

1.      All objections to the Motion are overruled in their entirety, including the Debtors' Objection.

2.      The Motion is GRANTED, and the Solicitation Exclusivity Period shall be, and is hereby, terminated as to Legendary Investors Group No. 1, LLC and East West Bank effective as of August 2, 2010.


\#\#\#

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DATED: August 25, 2010

*Kathleen Thompson*

United States Bankruptcy Judge

| In re: MERUELO MADDUX PROPERTIES, INC.          Debtor(s). | CHAPTER: 11 |
|---|---|
| | CASE NUMBER: 1:09-bk-13356-KT |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND FIFTH MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIOD DURING WHICH THE DEBTORS MAY SOLICIT AND OBTAIN ACCEPTANCES OF A PLAN OF REORGANIZATION; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF RICHARD MERUELO AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 29, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel, mca@dgdk.com (counsel for Debtors)
Robert Abiri    rabiri@abiriszeto.com
Allison R Axenrod    allison@claimsrecoveryllc.com
John J Bingham, jbingham@dgdk.com (counsel for Debtors)
Peter Bonfante, peterbonfante@bsalawfirm.com
Julia W Brand, jwb@dgdk.com (counsel for Debtors)
Jennifer L Braun, jennifer.l.braun@usdoj.gov (Office of the U.S. Trustee)
Martin J Brill, mjb@lnbrb.com (counsel for interested party)
George T Busu    george.busu@limruger.com
Andrew W Caine    acaine@pszyjw.com
Howard Camhi, hcamhi@ecjlaw.com (counsel for Kennedy Funding Inc.)
Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
James E Carlberg    jcarlberg@boselaw.com
Sara Chenetz    chenetz@blankrome.com
Jacquelyn H Choi    jchoi@swjlaw.com
Ronald R Cohn, rcohn@horganrosen.com (counsel for Pacific Commerce Bank)
Enid M. Colson, ecm@dgdk.com (counsel for Debtors)
Michaeline H Correa, mcorrea@jonesday.com (counsel for MTA)
Brian L Davidoff, bdavidoff@rutterhobbs.com (counsel for Murakami)
Aaron De Leest, aed@dgdk.com (counsel for Debtors)
Daniel Denny    ddenny@gibsondunn.com
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)

☒    Service information continued on attached page

359667.01 [XP]    25195

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC.<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 1:09-bk-13356-KT |

Donald L Gaffney, dgaffney@swlaw.com (counsel for Bank of America)
Thomas M Geher, tmg@jmbm.com (counsel for Capmark Finance Inc.)
Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)
Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)
Matthew A Gold    courts@argopartners.net
Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com
John A Graham    jag@jmbm.com
Ofer M Grossman    omglaw@gmail.com
Jodie M Grotins    jgrotins@mcguirewoods.com
Peter J Gurfein    pgurfein@lgbfirm.com
Cara Hagan, carahagan@haganlaw.org
Asa S Hami, ahami@sulmeyerlaw.com (counsel for Committee)
Brian T Harvey, bharvey@buchalter.com (counsel for California Bank & Trust)
David W Hercher    dave.hercher@millernash.com
William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
Natasha L Johnson    natasha.johnson@dlapiper.com
Lance M. Jurich, ljurich@loeb.com (counsel for Canpartners)
Alexandra Kazhokin    akazhokin@buchalter.com, salarcon@buchalter.com;ifs_filing@buchalter.com
William H. Kiekhofer    wkiekhofer@mcguirewoods.com (counsel for Esmark)
Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)
Michael S Kogan, mkogan@ecjlaw.com (counsel for Kennedy Funding Inc.)
Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com (counsel for Committee)
Duane Kumagai, dkumagai@rutterhobbs.com (counsel for Murakami)
Lewis R Landau    lew@landaunet.com
Matthew A Lesnick    matt@lesnicklaw.com
David E Leta, dleta@swlaw.com (counsel for FNBN-CMLCON I LLC)
Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
Steven K Linkon, slinkon@rcolegal.com (counsel for Chinatrust Bank)
Robert M Llewellyn    michael.llewellyn@boe.ca.gov
Richard Malatt, rmalatt@gmail.com (counsel for interested party)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Jennifer L Nassiri    jennifer.nassiri@dlapiper.com
Lawrence Peitzman, lpeitzman@pwkllp.com (counsel for interested party)
Eric S Pezold, epezold@swlaw.com (counsel for Bank of America)
Christopher E Prince    cprince@lesnickprince.com
Michael H Raichelson    mhr@cabkattorney.com
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Kurt Ramlo    kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
Daniel H Reiss    dhr@lnbrb.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com
James S Riley    tgarza@sierrafunds.com
Kirsten A Roe    kroe@wthf.com, dfunsch@wthf.com
Martha E Romero    Romero@mromerolawfirm.com
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)
Zev Shechtman, zshechtman@dgdk.com (counsel for Debtors)
Jeffrey S Shinbrot, shinbrot@earthlink.net (counsel for Rodriguez, et al.)

☒    Service information continued on attached page

359667.01 [XP]    25195

| In re: MERUELO MADDUX PROPERTIES, INC. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-KT |

Stephen Shiu, sshiu@swlaw.com (counsel for FNBN-CMLCON I LLC)
Daniel H Slate, dslate@buchalter.com (counsel for California Bank & Trust)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
Bennett L Spiegel    blspiegel@jonesday.com
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
Catherine Steege    csteege@jenner.com
Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
John N Tedford, jtedford@dgdk.com (counsel for Debtors)
Damon Thayer    dthayer@jenner.com
James A Timko    jtimko@allenmatkins.com
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Rouben Varozian    rvarozian@bzlegal.com
Jason L Weisberg    jason@gdclawyers.com
William E Winfield    wwinfield@nchc.com
Jasmin Yang    jyang@swlaw.com

II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 29, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.    Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery
Hon. Kathleen Thompson, U.S. Bankruptcy Court, 21041 Burbank Blvd, Suite 305, Woodland Hills, CA 91367

Via EMail
Ron Orr & Professionals, Inc: ronorresq@aol.com (Attorneys for Equity Committee)
Georgiana G. Rodiger: crodiger@rodigerlaw.com (Attorneys for Equity Committee)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 29, 2010 | John N. Tedford, IV | |
|---|---|---|
| Date | Type Name | Signature |

359667.01 [XP]    25195