JENNER & BLOCK LLP
Kenneth K. Lee  (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone:  213-239-5100
Facsimile:  213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin  (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone:  212-891-1600
Facsimile:  212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA  90292
Telephone:  310-301-4839
Facsimile:  310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California  91101
Telephone:  626-793-7264
Facsimile:  626-793-7592
crodiger@rodigerlaw.com

Attorneys for Equity Committee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE:<br><br>**MERUELO MADDUX PROPERTIES, INC., et al.[1]**<br><br>**Debtors and Debtors-in-Possession.**<br><br><br>**AFFECTS ALL DEBTORS** | CASE NO. 09-bk-13356-KT<br><br>Chapter 11<br><br>**LIMITED OBJECTION TO DEBTORS' PROPOSED SOLICITATION LETTER**<br><br>DATE:  October 6, 2010<br>TIME:  1:30 p.m.<br>DEPT:  Courtroom 301<br>            21041 Burbank Blvd.<br>            Woodland Hills, California |

---

[1] This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities.  The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the *Order Directing The Joint Administration Of Related Cases* entered by the Court on April 7, 2009 (docket entry no. 30).

The Official Committee of Equity Holders (the "Equity Committee") hereby submits this limited objection to the above-described debtors' (the "Debtors") proposed solicitation letter (the "Debtors' Solicitation Letter") because the Debtors' Solicitation Letter materially misstates the Equity Committee's position with respect to the Debtors' proposed plan of reorganization (the "MMPI Plan").

The Debtors' Solicitation Letter, in relevant part, states in the last full paragraph on page 1 that: "The Plan is supported by the Equity Committee and a majority of the secured lenders (excluding Legendary and East West)." This statement, with respect to the Equity Committee's position, is materially misleading. This statement does not accurately reflect such position as set forth in the Equity Committee's proposed solicitation letter (the "Equity Committee Letter"), which has been provided to this Court, the Debtors and the applicable parties in interest.[2]

As set forth in the Equity Committee Letter, the Equity Committee reached its position regarding each of the proposed plans after careful and thorough review and consideration. With respect to the Debtors' Plan, the Equity Committee Letter states, in relevant part, that:

> That Equity Committee has determined that for those Equity Holders electing to retain their equity interests, the MMPI Plan is the best economic alternative for such equity holders under the circumstances of these cases. Given that the Equity Committee has not been able to complete its due diligence as to certain actions of MMPI's senior management -- due to MMPI's general reluctance to provide information on a timely basis -- the Equity Committee is not in a position to endorse the MMPI plan at this time.

Equity Committee Letter at 1. The Equity Committee Letter also discusses the basis for the Equity Committee's decision not to endorse the MMPI Plan:

> The Equity Committee, as a result of MMPI's general reluctance to provide information to the Equity Committee in a timely fashion, has not been able to complete its due diligence with respect to certain actions of MMPI's senior management prior to the deadline for solicitation of the three plans of reorganization. Given that the Equity Committee's fiduciary duty continues beyond this deadline and throughout the plan confirmation process, the Equity Committee will continue to conduct such due diligence during the solicitation and, if

---

[2] The Equity Committee takes no position with respect to the remaining part of this sentence that does not address the Equity Committee's position.

> necessary, plan confirmation process. This diligence will include additional discovery concerning possible transactions between MMPI and certain members of its senior management. The Equity Committee, in the discharge of its fiduciary duties, will address any facts or circumstances that arise as a result of such due diligence in accordance with such duties and the rules and standards applicable to a chapter 11 case.

*Id*. at 3. Furthermore, the Equity Committee explicitly sets forth its position with respect to those equity holders who would elect to receive cash, given that the Charlestown Plan provides for a higher cash distribution: "For those equity holders electing to receive a cash distribution, the Charlestown Plan provides the highest cash recovery for such equity holders." *Id*. at 1.

In view of the Equity Committee Letter's clear and unambiguous terms, the Debtors cannot simply state that their plan "is supported by the Equity Committee[.]" The Equity Committee recognizes that the Debtors' Solicitation Letter affords the Debtors the opportunity to market, or sell, their plan to the creditors and interest holders entitled to vote on the proposed plans of reorganization, and that each letter is limited to three pages. However, neither "marketing fluff" nor space limitations can serve as a basis for a gross distortion of the Equity Committee's carefully reasoned position.

In the event the Debtors elect to refer to the Equity Committee's position in their solicitation letter,[3] and in order to avoid confusing the equity holders who are the recipients of the various solicitation letters, they must employ the language the Equity Committee has used to express the Equity Committee's position, including the due diligence qualification noted above. To do otherwise would introduce a substantial and unacceptable risk of sowing confusion among those equity holders who are being asked to vote on three distinct plans of reorganization.

For the above reasons, the Equity Committee asks that this Court either deny the Debtors' request to include the Solicitation Letter among the materials in the vote solicitation package or require that the Debtors correct the material misstatement as set forth above.

---

[3] The Equity Committee takes no position as to whether the Debtors' Solicitation Letter should include a reference to the Equity Committee Letter, and has no objection to the Debtors' Solicitation Letter not including any such reference.

**WHEREFORE,** the Equity Committee respectfully requests that this Court (i)(a) deny the Debtors' request to approve the inclusion of the Debtors' Solicitation Letter in the vote solicitation package that will be sent to holders of claims or interests in these cases, or (b) require the Debtors to revise the Debtors' Solicitation Letter as set forth above; and (ii) grant such other relief as is just and appropriate.

Dated: October 5, 2010                              **JENNER & BLOCK LLP**

                                                    By    */s/ Marc B. Hankin*
                                                          Kenneth K. Lee  (Cal. Bar No. 264296)
                                                          Marc B. Hankin  (admitted *pro hac vice*)
                                                          Attorneys for Equity Committee