JENNER & BLOCK LLP
Kenneth K. Lee  (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone:  213-239-5100
Facsimile:  213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin  (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone:  212-891-1600
Facsimile:  212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA  90292
Telephone:  310-301-4849
Facsimile:  310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California  91101
Telephone:  626-793-7264
Facsimile:  626-793-7592
crodiger@rodigerlaw.com

Attorneys for Equity Committee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**MERUELO MADDUX PROPERTIES, INC., et al.**[1]<br><br>**Debtors and Debtors-in-Possession.**<br><br>**Affects following debtors:**<br><br>Meruelo Maddux Properties, Inc.<br>    (1:09-bk-13356-KT)<br>Santa Fe Commerce Center, Inc.<br>    (1:09-bk-13368-KT)<br>Meruelo Maddux Properties, L.P.<br>    (1:09-bk-13387-KT)<br><br>. | CASE NO. 09-bk-13356-KT<br><br>Chapter 11<br><br>**EQUITY COMMITTEE'S OPPOSITION TO MOTION FOR APPROVAL OF SETTLEMENT WITH WELLS FARGO BANK, N.A., AND RELATED AGREEMENT WITH RICHARD MERUELO**<br><br>DATE:   November 15, 2010<br>TIME:    1:30 p.m.<br>DEPT:   Courtroom 301<br>           21041 Burbank Blvd.<br>           Woodland Hills, California |

---

[1]    This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities.  The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the *Order Directing The Joint Administration Of Related Cases* entered by the Court on April 7, 2009 (docket entry no. 30).

The Official Committee of Equity Holders (the "Equity Committee") submits this opposition to the Debtors' motion (docket entry no. 2155, the "Motion") seeking an order approving a settlement agreement with Wells Fargo Bank, N.A. ("Wells Fargo") and related agreement with the Debtors' CEO and Chairman, Richard Meruelo, and states as follows:

**INTRODUCTION**

The Debtors seek approval on an expedited basis of a complex settlement agreement with Wells Fargo (*see* Motion at Ex. 1, the "Settlement Agreement") and authorization to enter into a new indemnification agreement with Richard Meruelo (*see* Motion at Ex. 2, the "Indemnification Agreement"), under which the Debtors could become responsible for substantial additional liabilities. The Debtors did not share with the Equity Committee the terms of the Settlement Agreement or the Indemnification Agreement before filing the Motion, let alone solicit the Equity Committee's views as to the benefits of any proposed agreements while negotiations with Wells Fargo were ongoing.

The Equity Committee agrees with this Court's concern regarding the risk that the cost of litigation and attendant discovery could materially impact the Debtors' ability to successfully reorganize.  Given this concern, and the Debtors' obligation under Section 1103(c) to consult with the Equity Committee regarding the administration of the case, the Equity Committee respectfully submits that the appropriate course of action is for this Court to adjourn the hearing on the Motion so that the Equity Committee can have a sufficient opportunity to engage in discussions with the Debtors without having to resort to the expense of seeking information through formal discovery.[2]

In the alternative, in the event that the Court determines that an adjournment is not appropriate -- even though the Debtors fail to describe why the Motion needs to be heard on an expedited basis -- the Equity Committee respectfully requests that the Motion be denied for the following reasons:

- There is no factual support for the relief requested.  The Motion only attaches a declaration of Mr. Meruelo who is obviously conflicted in this matter given that he has

---

[2] Of course, the Equity Committee reserves its right to take discovery, particularly with respect to the whether the members of the Debtors' board of directors discharged their fiduciary duties in light of the fact the proposed settlement directly involves Mr. Meruelo's personal finances.

Equity Committee's Opposition To Motion For Approval Of Settlement With Wells Fargo Bank, N.A., And Related Agreement With Richard Meruelo

a personal interest in the relief requested.  It is disturbing that the Debtors' even considered it appropriate that Mr. Meruelo submit a declaration **on behalf of the Debtors** when he has such a significant personal stake in the subject matter of the Motion.  On this ground alone, the Motion should be denied.

- There is no evidence that the Debtors employed their business judgment in deciding whether the proposed settlement was in the best interests of all stakeholders. Although the standard under Bankruptcy Rule 9019 is not whether the Debtors' employed their business judgment, the Motion fails to even address whether the members of the MMPI board of directors who are not officers even considered whether it was appropriate for Mr. Meruelo to obtain the proposed **personal benefits** under the Settlement Agreement.  Counsel for the Debtors cannot provide evidence during argument on the Motion as to what corporate governance actions the Debtors took in respect of the Settlement Agreement.

- There is no legal basis for payments to be made on Mr. Meruelo's behalf pursuant to the Settlement Agreement or the Indemnification Agreement.  Simply put, the Debtors are seeking to pay a portion of Mr. Meruelo's prepetition indemnification claim -- the merits of which have not been considered by this Court -- prior to confirmation of a plan of reorganization.  The Equity Committee submits that it is well settled that neither the doctrine of necessity nor any other legal theory can be employed to pay the prepetition claim of the Debtors' Chief Executive Officer, largest shareholder and Chairman of the board of directors outside of a plan of reorganization.

- There is no factual or legal basis identified in the Motion for the Debtors to grant the proposed expanded and unconditional indemnification to Mr. Meruelo.  Again, the Debtors fail to provide any basis for the relief requested, other than to present it as a *fait accompli* because it is part of the proposed settlement.[3]

---

[3] The Motion is unclear whether the separate Settlement Agreement can be approved without the Indemnification Agreement with Mr. Meruelo also being approved.  While it appears that the two agreements are separable, the Motion is silent as to this issue.  Accordingly, an adjournment would be useful to obtain clarification on this issue, and if the

Equity Committee's Opposition To Motion For Approval Of Settlement With Wells Fargo Bank, N.A., And Related Agreement With Richard Meruelo

1    Each of these issues could certainly merit considerable legal briefing.  However, the Equity

2    Committee respectfully submits that, in light of the need to rationalize professional fees and that the

3    Debtors' Motion violates several basic principles under the Bankruptcy Code, such briefing is not

4    required.  Instead, the Equity Committee makes the following points in support of this Objection.

5    **THE DEBTORS DID NOT CONSULT WITH THE EQUITY COMMITTEE BEFORE**

6    **FILING THE MOTION, AND THE EQUITY COMMITTEE'S QUESTIONS REGARDING**

7    **THE MOTION HAVE NOT BEEN ADEQUATELY ADDRESSED**

8    Among an equity committee's principal duties is the duty to "consult with the … debtor …

9    concerning the administration of the case."  11 U.S.C. § 1103(c).  In order for "the chapter 11 process

10    to function as it is supposed to, it is necessary for the debtor and the official committees, despite

11    whatever disagreements they may have, to work together."    7 Collier on Bankruptcy at

12    ¶ 1103.05[1][b] (16th ed. 2010).  Recognizing this, courts have held that section 1103(c) does not

13    place a one-sided obligation upon committees, but also requires debtors to cooperate with committees

14    by providing them with the information they need to carry out their duty to consult.  *See In re*

15    *Structurlite Plastics, Corp.*, 91 B.R. 813, 819-20 (Bankr. S.D. Ohio 1988) (holding that debtor had

16    duty to provide drafts of proposed sale agreement to committee to facilitate committee's discharge of

17    its duty to consult in the administration of the bankruptcy case and observing that absent timely

18    access to such documents, the committee "will not have sufficient time to formulate an informed

19    position on the proposed sales").

20    By declining to share the terms of the Settlement Agreement and the Indemnification

21    Agreement with the Equity Committee before seeking fast-track approval of those agreements, the

22    Debtors have undercut the Equity Committee's ability to "formulate an informed position" and to

23    participate meaningfully in this potentially significant decision.[4]  The Equity Committee asks that

24

25

26    agreements are separable, allow the Equity Committee to review the Settlement Agreement on its own terms.

27    [4] The Equity Committee acknowledges that time may be of the essence in approving the Settlement Agreement and
Indemnification Agreement, though the Motion fails to set forth any basis for drawing that conclusion.  If time really is of

28    the essence for these agreements, that strengthens the case for sharing the agreements early on rather than springing them
upon the Equity Committee without any prior notice as to their terms.

4

1  this Court grant additional time so that the Debtors can answer reasonable questions about the

2  Settlement Agreement and Indemnification Agreement.

3  **THE MOTION SEEKS TO IMPOSE SIGNIFICANT OBLIGATIONS UPON THE ESTATES**

4  **OUTSIDE OF THE BANKRUPTCY PLAN PROCESS**

5  In the event the Court determines that an adjournment is not warranted, the Court should deny

6  the Motion on grounds that the Settlement Agreement and the Indemnification Agreement constitute

7  an impermissible *sub rosa* plan. Courts regularly hold that a debtor may not circumvent the

8  Bankruptcy Code's plan confirmation process by consummating pre-plan transactions that will

9  predetermine the terms of the confirmed plan of reorganization. *See, e.g., Pension Benefit Guar.*

10  *Corp.v . Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 700 F.2d 935, 940 (5th Cir. 1983) ("[T]he

11  debtor and the Bankruptcy Court should not be able to short circuit the requirements of Chapter 11

12  for confirmation of a reorganization plan by establishing the terms of the plan *sub rosa…*"); *In re*

13  *Iridium Operating*, 478 F.3d at 466 (stating generally that trustee is prohibited from actions that

14  would amount to executing a *sub rosa* plan). This prohibition on *sub rosa* plans extends to

15  settlement agreements. *See, e.g., Official Comm. Of Unsecured Creditors v. Cajun Elec. Power*

16  *Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 354 (5th Cir. 1997) (Bankruptcy

17  Code "does not authorize the trustee to enter [into] a settlement if the result amounts to a *sub rosa*

18  plan"); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997) (denying approval of settlement upon

19  finding that its terms "exceed[ed] the boundaries of a Rule 9019 compromise" by, among other

20  things, granting release of claims held for the benefit of the estate).

21  Approval of the Motion could be tantamount to approval of a *sub rosa* plan, particularly with

22  regard to the approval of the Indemnification Agreement. The Equity Committee questions whether

23  MMPI and MMPLP would be liable for indemnifying Meruelo's losses related to SFCC (and related

24  legal fees) absent the new Indemnification Agreement. Meruelo has filed proofs of claims asserting

25  that is so (*see* Motion at 11), but failed to file the contracts that he contends are the basis for MMPI's

26  and MMPLP's duty to indemnify Meruelo for SFCC-related losses. Approving the Indemnification

27  Agreement would effectively end this inquiry, allowing Meruelo's indemnification claim outside of

28

Equity Committee's Opposition To Motion For Approval Of Settlement With Wells Fargo Bank, N.A., And
Related Agreement With Richard Meruelo

1  the plan confirmation process and granting him a potential windfall. That the Indemnification

2  Agreement benefits the Debtors' most prominent insider only exacerbates the Equity Committee's

3  concerns.

4                                    **CONCLUSION**

5          For the reasons set forth herein, the Equity Committee requests that this Court enter an order

6  either (i) continuing the Motion to allow the Equity Committee time sufficient to consult with the

7  Debtors and receive responses to the questions posed herein; or (ii) alternatively, denying the Motion;

8  and (iii) granting such other relief as is just and appropriate.

9

10

11  Dated: November 12, 2010                 **JENNER & BLOCK LLP**

12                                           By    _/s/ Marc B. Hankin_
                                                   Kenneth K. Lee  (Cal. Bar No. 264296)
13                                                 Marc B. Hankin  (admitted *pro hac vice*)
                                                   Attorneys for Equity Committee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Equity Committee's Opposition To Motion For Approval Of Settlement With Wells Fargo Bank, N.A., And
Related Agreement With Richard Meruelo