JENNER & BLOCK LLP
Kenneth K. Lee  (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone:  213-239-5100
Facsimile:  213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin  (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone:  212-891-1600
Facsimile:  212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA  90292
Telephone:  310-301-4849
Facsimile:  310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California  91101
Telephone:  626-793-7264
Facsimile:  626-793-7592
crodiger@rodigerlaw.com

Attorneys for Equity Committee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**MERUELO MADDUX PROPERTIES, INC.,**<br>**et al.[1]**<br><br>**Debtors and Debtors-in-Possession.**<br><br>**Affects all debtors**<br><br>. | CASE NO. 09-bk-13356-VK<br><br>Chapter 11<br><br>**RESPONSE TO "DEBTORS' OBJECTION TO THE EQUITY COMMITTEE'S *EX PARTE* SUBMISSION OF ITS NOVEMBER 29, 2010 LETTER TO HONORABLE JUDGE KATHLEEN THOMPSON"** |

---

[1]    This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities. The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the *Order Directing The Joint Administration Of Related Cases* entered by the Court on April 7, 2009 (docket entry no. 30).

1    The Official Committee of Equity Holders (the "Equity Committee") hereby submits this

2    response to the "Debtors' Objection to the Equity Committee's *Ex Parte* Submission of Its November

3    29, 2010 Letter to Honorable Judge Kathleen Thompson" (the "Equity Committee's Submission").

4    Debtors' objection to the Equity Committee's Submission – which supplies the Court the

5    Equity Committee's outstanding November 5, 2010 document requests to Debtors (the "Outstanding

6    Requests") and asks that Debtors be directed to comply with the Outstanding Requests – is notable

7    both for what it contains and what it lacks. What it contains is a meritless three-fold opposition to

8    compliance with the Outstanding Requests on grounds that misstate the Federal Rules of Civil

9    Procedure and mischaracterize the nature of the Equity Committee's Submission. What it lacks is a

10    valid basis on which to stage wholesale defiance of properly-served discovery requests. Nowhere do

11    Debtors argue that the Outstanding Requests – individually, collectively – seek irrelevant materials,

12    or privileged documents, or that they impose undue burdens upon Debtors. The absence of such

13    objections is not surprising as the Outstanding Requests are directed at subject areas that go to the

14    heart of matters in controversy in these bankruptcy proceedings – including investigation of the

15    highly questionable transactions raised in the September 20, 2010 letter from Debtors' Chief

16    Accounting Officer Fred Skaggs to Debtors' Audit Committee, and as well other questionable

17    transactions detected by the Equity Committee.

18    Debtors' objections should therefore be overruled, and Debtors should be ordered to comply

19    forthwith with the Outstanding Requests.

20    **I.    Debtors' Rule 34 Versus Rule 26 Objection is Meritless**

21    Debtors' lead objection, claiming that the Outstanding Requests are "patently defective" and

22    aimed at avoiding "procedural safeguards instituted to protect parties from discovery abuses," has no

23    merit. In a nutshell, without citation to any case law or quotation of any rule, Debtors claim that the

24    Outstanding Requests were void *ab initio* because in a few places they bear the words "Rule 26"

25    instead of "Rule 34."

26    There is nothing improper about how the Outstanding Requests are framed. Rule 26 and

27    Rule 34 work hand-in-hand in discovery. Rule 26(b) is headed "Discovery Scope and Limits," and

28    enumerates what falls within the ambit of discovery, including "any nonprivileged matter that is

relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) is headed "Limitations on Frequency and Extent," and enumerates what may fall outside the ambit of discovery, including "discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule [where a court determines that] . . . the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Rule 34 simply makes clear that "[a] party may serve on any other party a request within the scope of Rule 26(b)" for, *inter alia*, documents in that party's possession, custody or control. Fed. R. Civ. P. 34(a)(1)(A). Accordingly, Debtors' effort to minimize the import of Rule 26 in the context of document discovery to "[a]t most . . . certain types of early disclosures" is contradicted by the actual text of Rule 26 and Rule 34.

Debtors' speculation that the Equity Committee sought to "circumvent" unspecified "Rule 34 . . . restrictions [that] protect against unduly burdensome and oppressive discovery tactics" is thus nonsensical because the rule that actually provides those restrictions is the one that Debtors claim renders the Outstanding Requests invalid: Rule 26. *See* Fed. R. Civ. P. 26(b)(2). Stripped of that unsupportable speculation, Debtors' chief objection is nothing but a meaningless elevation of form over substance lodged solely to shield its continued resistance to turning over documents whose relevance is uncontested and uncontestable.

**II.      Debtors' Due Process Objection is Meritless**

Debtors' next objection, urging that the Equity Committee's Submission to the Court containing the Outstanding Requests and a cover letter violates everything from the local bankruptcy rules to "due process," also has no merit. At the November 24, 2010 hearing, as part of the global discovery discussion, the Equity Committee brought to the Court's attention the Outstanding Requests and Debtors' refusal to respond to them. The Court authorized the Equity Committee to submit the Outstanding Requests for the Court's consideration. That submission took the form of the Equity Committee's Submission, which was served on Debtors upon filing, giving Debtors every opportunity to respond (which Debtors did the very next day). How the Equity's Committee's Submission amounts to a "due process and procedural violation[]" is a mystery.

**III.    Debtors' Mootness Objection is Meritless**

Debtors' final objection, that "the relief" sought "has already been dealt with by the Court" because Debtors were directed to respond to a different set of document requests by December 9, 2010, is a non sequitur. The Court did not issue that directive to the exclusion or preclusion of the Outstanding Requests.

* * * *

For these reasons, the Equity Committee respectfully requests an order directing Debtors to comply forthwith with the Outstanding Requests.

Dated: December 1, 2010          **JENNER & BLOCK LLP**

By     _/s/ Marc B. Hankin_
        Kenneth K. Lee  (Cal. Bar No. 264296)
        Marc B. Hankin  (admitted _pro hac vice_)
        Attorneys for Equity Committee