**RON ORR & PROFESSIONALS, INC.**
RONALD S. ORR, SBN 54257
578 Washington Blvd., #389
Marina Del Rey, CA 90292
(310) 301-4849
(310) 301-6549 Facsimile
E-mail: ronorresq@aol.com

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER, SBN 94416
272 South Los Robles Avenue
Pasadena, California 91101
(626) 793-7264
(626) 793-7592 Facsimile
E-Mail: crodiger@rodigerlaw.com

Bankruptcy Attorneys for
Official Equity Committee

**UNITED STATES BANKRUPCTY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES INC., et al.<br><br>　　　　　　Debtors.<br><br>☑　Affects all Debtors | CASE NO. 09-bk- 13356-VK<br><br>Chapter 11<br>**EQUITY COMMITTEE'S NOTICE OF MOTION TO COMPEL**<br><br>**Date: 12/16/10**<br>**Time: 2:00 p.m.**<br>**Place: Edward R. Roybal Federal Building and Courthouse**<br>**255 E. Temple Street, Suite 1682**<br>**Courtroom 1675**<br>**Los Angeles, CA 90012** |

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTORS AND THEIR COUNSEL, AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that the Official Committee of Equity Holders (the "Committee") of the bankruptcy estates of Meruelo Maddux Properties, Inc. et al. [1] (collectively, the "Debtors"), will and does hereby bring this Motion to Compel Debtors and Ernst & Young to produce the Ernst & Young report on the Skaggs letter. The Court set the hearing on this Motion on shortened notice for December 16, 2010 at 2:00 p.m. as indicated above.

DATED: December 14, 2010

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By: ___/s/ Georgiana G. Rodiger_____
     Attorneys for Official Equity Committee

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk- 13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk- 13361-KT; 1:09-bk-13362-KT; 1:09-bk- 13363-KT; 1:09-bk-13364-KT; 1:09-bk- 13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; I:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; :09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk- 13378-KT; I:09-bk- 13379-KT; 1:09-bk- 13380-KT; 1:09-bk-13381-KT; I:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk- 13386-KT;1:09-bk- 13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-28 KT; 1:09-bk-13400-KT;1:09-bk-13401-KT; 1:09-bk-13402-KT; I:09-bk- 13403-KT; 1:09-bk-13404.

# I.

# **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. Introduction

The Equity Committee's Motion to Compel Debtors and Ernst & Young to produce the Ernst & Young report on the Skaggs letter is brought for the reasons set forth in the ex parte application filed herewith and the Declaration of Georgiana Rodiger attached thereto. The ex parte application and Declaration of Georgiana Rodiger are attached hereto as Exhibit 1.

# II.

# **ARGUMENT**

### 1. This Motion To Compel Should Be Granted.

The parties are under a tight confirmation schedule and further delays are unreasonable. Debtors have promised the E & Y report since October 11, 2010. E&Y has been preparing this report relating to the Skaggs Document since October 11, 2010. E & Y apparently completed the report on or before November 22, 2010. There is absolutely no reason why the Debtors have not produced the E & Y report as promised. There is absolutely no reason why E & Y has not complied with the subpoena and made production as promised.

# III.

# **CONCLUSION**

The Equity Committee respectfully requests that this Court grant the Equity Committee's Motion To Compel. The Committee also requests such further relief as the Court deems just and proper.

DATED: December 14, 2010

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By: /s/ Georgiana G. Rodiger
      Attorneys for Official Equity Committee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19          **EXHIBIT 1**
20
21
22
23
24
25
26
27
28

RODIGER LAW
OFFICE

**4.**
**EQUITY COMMITTEE'S NOTICE OF MOTION AND MOTION**

# I.

## *EX PARTE* MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

The Equity Committee, through this *ex parte* application, seeks an order shortening time for the hearing of the Equity Committee's Motion to Compel Debtors and Ernst & Young to produce the Ernst & Young report on the Skaggs letter.

On October 11, 2010, according to Debtors, the Debtors retained Ernst & Young LLP to audit the transactions identified in the September 20, 2010 letter sent by Mr. Skaggs, the Debtors' Chief Accounting Officer ("CAO"), to the audit committee of MMPI's Board of Directors ("Skaggs Letter"). Rodiger Declaration ( "RD") ¶2.

On October 11, 2010, Debtors promised the Equity Committee and the Creditors' Committee that the Ernst & Young report on the Skaggs Letter would be produced as soon as it was completed. RD¶3

On November 10, 2010 this Court granted the Debtors' Application for Order Authorizing Expansion of the Scope of Employment of Ernst & Young LLP, as Independent Auditors and Tax Advisors, *Nunc Pro Tunc* to October 11, 2010. The *sole* grounds for the Debtors' Application was the Debtors' alleged need for Ernst & Young LLP, the Debtors' Independent Auditors, to audit the transactions identified in the September 20, 2010 letter sent by the Debtors' Chief Accounting Officer ("CAO") to the audit committee of MMPI's Board of Directors. RD¶4

Also on November 10, 2010 the Debtors were ordered to produce the September 20, 2010 Skaggs Letter by 4:00 p.m. on November 11, 2010, and did so. RD¶5.

The Equity Committee timely served Ernst & Young with a subpoena on November 3, 2010 compelling it to produce the following documents on November 17, 2010 at 10:30 a.m. at the Rodiger Law Office:

1. A copy of any and all DOCUMENTS authored and/or sent by Fred Skaggs to and/or received by MMPI's Audit Committee in 2010, and any attachments thereto (each such document, a "Skaggs Document").

2. All DOCUMENTS concerning any Skaggs Document, including but not limited to all: (a) DOCUMENTS concerning investigation of any Skaggs Document and matters described therein; and (b) notes, memoranda, minutes, summaries, work papers, draft reports, final reports, and communications with DEBTORS (including but not limited to any employee, director, board, or committee thereof) concerning any Skaggs Document.

3. All communications other than any Skaggs Document sent by any past or current DEBTOR employee to MMPI's Audit Committee concerning DEBTOR accounting or DEBTOR finances (each such communication, an "Audit Committee Document").

4. All DOCUMENTS concerning any MMPI Audit Committee DOCUMENT, including but not limited to all: (a) DOCUMENTS concerning investigation of any Audit Committee DOCUMENTS and matters described therein; and (b) notes, memoranda, minutes, summaries, work papers, draft reports, final reports, and communications with DEBTORS (including but not limited to any employee, director, board, or committee of DEBTORS) concerning any Audit Committee Document. (Docket Number 2140).

Prior to November 17, 2010 Ernst & Young's counsel requested additional time for production because the report was not completed but agreed to produce it as soon as it was completed. RD¶6.

On November 22, 2010 Mr. Tedford told the Court that the Ernst & Young report was **completed** but that production was being delayed by the Equity Committee because the

Equity Committee had requested reconsideration of the Order to employ Ernst & Young. RD¶7.

On November 24, 2010 the Court denied the Equity Committee motion for reconsideration and confirmed the Order allowing the special employment of Ernst & Young. RD¶8.

It is now December 8, 2010.  It is 2 months since Debtors promised to produce the Ernst & Young report.  It is 2 months since Ernst & Young commenced the engagement related to the Skaggs Letter and promised to generate a report.  According to Debtors' counsel, Ernst & Young has generated over $100,000 in fees in this special engagement.

Debtors still have not produced the Ernst & Young report, as promised. RD¶9.

Ernst & Young has not produced anything or complied with the subpoena.RD¶10.

## II.

## ARGUMENT

### 1. The Court Should Shorten Time For The Hearing On This Motion.

Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-emergency motion be heard on notice shorter than would otherwise be required by these rules . . . .The application may be granted for good cause shown in accordance with this rule."

Good cause exists to set a hearing on this Motion on shortened notice because the parties are under a tight confirmation schedule and further delays are unreasonable.

E&Y has been preparing this report relating to the Skaggs Document since October 11, 2010.  E & Y apparently completed the report on or before November 22, 2010.  There is absolutely no reason why the Debtors have not produced the E & Y report as promised. There is absolutely no reason why E & Y has not complied with the subpoena and made production as promised.

The next Court hearing when the parties will be before the Court is December 9, 2010. Judicial intervention is needed to require the Debtors and E & Y to produce the promised and subpoenaed documents.

Case 1:09-bk-13356-VK    Doc 2390    Filed 12/14/10    Entered 12/14/10 13:07:00    Desc
Main Document    Page 8 of 11

**2. <u>Proposed Hearing Date and Time; Notice and Service Requirements.</u>**

The Committee requests that the Court set a hearing on this Motion as soon as possible. The Committee also requests that the Court approve the following with respect to the service of notice of the hearing on the Motion:

1. As soon as practicable after the Court informs the Committee' counsel of the date and time of the hearing, the Committee will electronically serve notice of the hearing of the Motion on the Office of the United States Trustee's attorney and Debtor's counsel and counsel for the Unsecured Creditor's Committee appointed in this case.

2. The Committee will file its notice of hearing of the Motion with the Court, thereby effectuating service of notice on all parties who have filed requests for electronic notices in MMPI's case.

3. The Committee will specify in the notice of hearing that any oppositions to the Motion may be presented at the time of the hearing.

### III.

### **CONCLUSION**

The Equity Committee respectfully requests that this Court grant this *ex parte* application for an order shortening time for the hearing of the Equity Committee's Motion, authorizing service of notice of the hearing on the Motion as described herein, determining that such notice is appropriate under the circumstances, and setting appropriate deadlines with present to the presentation of any oppositions to the Motion. The Committee also requests such further relief as the Court deems just and proper.

DATED: December 14, 2010

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By: /s/ Georgiana G. Rodiger
       Attorneys for Official Equity Committee

RODIGER LAW OFFICE

**8.**
**EQUITY COMMITTEE'S NOTICE OF MOTION AND MOTION**

# **DECLARATION OF GEORGIANA G. RODIGER**

Georgiana G. Rodiger declares:

1. I am an attorney at law duly licensed to practice before all Courts in the State of California and am a member of the Bar of this Court. I am one of the attorneys representing the Official Equity Holder's Committee in the above-referenced case. The matters set forth in this declaration are within my personal knowledge unless stated to be based upon information and belief. Each such matter is true and correct and if called as a witness under oath I could and would testify to the truth thereof.

2. On October 11, 2010, according to Debtors in filings with this Court, the Debtors retained Ernst & Young LLP to audit the transactions identified in the September 20, 2010 letter sent by Mr. Skaggs, the Debtors' Chief Accounting Officer ("CAO"), to the audit committee of MMPI's Board of Directors ("Skaggs Letter").

3. On October 11, 2010, per correspondence previously filed with this Court, Debtors promised the Equity Committee and the Creditors' Committee that the Ernst & Young report on the Skaggs Letter would be produced as soon as it was completed.

4. On November 10, 2010 this Court granted the Debtors' Application for Order Authorizing Expansion of the Scope of Employment of Ernst & Young LLP, as Independent Auditors and Tax Advisors, *Nunc Pro Tunc* to October 11, 2010. The *sole* grounds for the Debtors' Application was the Debtors' alleged need for Ernst & Young LLP, the Debtors' Independent Auditors, to audit the transactions identified in the September 20, 2010 letter sent by the Debtors' Chief Accounting Officer ("CAO") to the audit committee of MMPI's Board of Directors.

5. Also on November 10, 2010 the Debtors were ordered to produce the September 20, 2010 Skaggs Letter by 4:00 p.m. on November 11, 2010, and did so.

6. Prior to November 17, 2010 Ernst & Young's counsel requested additional time for production because the report was not completed but agreed to produce it as soon as it was completed.

7.    On November 22, 2010 Mr. Tedford told the Court that the Ernst & Young report was **completed** but that production was being delayed by the Equity Committee because the Equity Committee had requested reconsideration of the Order to employ Ernst & Young.

8.    On November 24, 2010 the Court denied the Equity Committee motion for reconsideration and confirmed the Order allowing the special employment of Ernst & Young.

9.    Debtors still have not produced the Ernst & Young report, as promised.

10.    Ernst & Young has not produced anything or complied with the subpoena.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of December , 2010 at Pasadena, California.

By: ___/s/ Georgiana G. Rodiger_____