JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
ENID M. COLSON (State Bar No. 189912)
*EColson@DGDK.com*
MICHAEL C. ABEL (State Bar No. 187743)
*MAbel@DGDK.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

GARY E. KLAUSNER (State Bar No. 69077)
*GKlausner@Stutman.com*
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067-6013
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

Attorneys for Meruelo Maddux Properties, Inc., and affiliated Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtors and Debtors-in-Possession.<br><br>☐ Affects all Debtors<br><br>☑ Affects the following Debtor(s):<br><br>Meruelo Maddux Properties, Inc. (1:09-bk-13356-VK); Meruelo Maddux Properties, L.P. (1:09-bk-13387-VK); Alameda Produce Market, LLC (1:09-bk-13394-VK); Merco Group, LLC (1:09-bk-13406-VK); Merco Group Southpark (1:09-bk-13407-VK) | Case No. 1:09-bk-13356-VK<br><br>Chapter 11 (Jointly Administered)<br><br>**NOTICE OF MOTION AND OMNIBUS MOTION FOR APPROVAL OF SETTLEMENTS BETWEEN THE DEBTORS AND: (1) GEODESIGN; (2) MAGNUSSON KLEMENCIC ASSOCIATES; (3) EDI ARCHITECTURE; AND (4) L.P. CARRERAS & ASSOCIATES; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[No Hearing Required] |

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

# TABLE OF CONTENTS

Page

I. STATEMENT OF FACTS ..... 5

A. BANKRUPTCY BACKGROUND ..... 5

B. BACKGROUND REGARDING CLAIMS AND CLAIMS ADMINISTRATION ..... 5

1. CLAIMS BAR DATE ORDER ..... 5

2. STIPULATION WITH THE COMMITTEE AND THE CLAIMS REASSIGNMENT MOTION ..... 5

3. CLAIMS REASSIGNMENT MOTION AND ORDER ..... 6

4. OBJECTIONS TO DUPLICATE CLAIMS ..... 7

C. FACTS RELATED TO PARTICULAR CLAIMANTS ..... 8

1. GEODESIGN, INC. ..... 8

2. MAGNUSSON KLEMENCIC ASSOCIATES ..... 10

3. EDI ARCHITECTURE, INC. ..... 13

4. L.P. CARRERAS & ASSOCIATES, INC. ..... 15

II. ARGUMENT ..... 19

A. THE COURT IS AUTHORIZED TO APPROVE THE PROPOSED SETTLEMENTS ..... 19

B. THE PROPOSED SETTLEMENTS ARE REASONABLE AND IN THE BEST INTERESTS OF THE ESTATES ..... 20

1. THE PROPOSED SETTLEMENT WITH GEODESIGN, INC. ..... 21

2. THE PROPOSED SETTLEMENT WITH MAGNUSSON KLEMENCIC ASSOCIATES ..... 21

3. THE PROPOSED SETTLEMENT WITH EDI ARCHITECTURE, INC. ..... 22

4. THE PROPOSED SETTLEMENT WITH L.P. CARRERAS & ASSOCIATES, INC. ..... 22

III. CONCLUSION ..... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986) .......... 19

*In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) .......... 20

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) .......... 19

*United States v. Alaska National Bank* (*In re Walsh Construction, Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982) .......... 20

**Statutes**

11 U.S.C. § 1107 .......... 5

11 U.S.C. § 1108 .......... 5

28 U.S.C. §§ 157 .......... 19

28 U.S.C. §1334 .......... 19

**Rules**

Fed. R. Bankr. P. 3003(c)(4) .......... 9

Fed. R. Bankr. P. 9019 .......... 19

Fed. R. Bankr. P. 9019(a) .......... 19

Fed. R. Civ. P. 5(b)(2)(A)-(B) .......... 3

Local Bankr. R. 9013-1(f)(1) .......... 3

Local Bankr. R. 9013-1(o)(1) .......... 3

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that debtors and debtors-in-possession Meruelo Maddux Properties, Inc. ("MMPI"), Meruelo Maddux Properties, L.P. ("MMPLP"), Alameda Produce Market, LLC ("APM"), Merco Group, LLC ("Merco Group"), Merco Group – Southpark, LLC ("Southpark" and together with the previously identified affiliates, the "Moving Parties"), do hereby move for an order approving the following settlements, which have been previously filed with the Court:

*Stipulation Between Debtors Meruelo Maddux Properties, Inc., Alameda Produce Market, LLC, and Merco Group – Southpark, LLC, and Claimant Geodesign, Inc., for Withdrawal of Claim Number 71 in MMPI's Case, Allowance of Claim Number 18 in Alameda Produce Market's Case, and Allowance of Claim Numbers 10, 11 and 12 in Merco Group – Southpark's Case* (the "GeoDesign Settlement") (*docket no. 1962*);

*Stipulation Between Debtors and Magnusson Klemencic Associates Re: Proof of Claim No. 74 Filed by Magnusson Klemencic Associates* (the "MKA Settlement") (*docket no. 1968*);

*Stipulation Between Debtors Meruelo Maddux Properties, Inc., Merco Group, LLC, and Merco Group – Southpark, LLC, and Claimant EDI Architecture, Inc., for: (A) Withdrawal of Claim Numbers 26 and 72 in MMPI's Case; (B) Allowance of Claim in Merco Group's Case; and (C) Withdrawal of Duplicate Proof of Claim and Allowance of Claim in Southpark's Case* (the "EDI Settlement") (*docket no. 2047*); and

*Stipulation Between Meruelo Maddux Properties Inc., Meruelo Maddux Properties, L.P. and L.P. Carreras & Associates, Inc. Regarding Allocation and Allowance of Claims* (the "LP Carreras Settlement") (*docket no. 2313*).

This Motion is made on the grounds that the Settlements are fair and equitable and in the best interest of the estate(s). Each of the proposed Settlements avoid additional expense and delay by resolving disputes that have been identified or by preempting certain disputes that may arise in the future. The complexity of these cases and the Debtors' business organization resulted in numerous claims that were filed as a precautionary measure against multiple Debtors even though

the claimant acknowledges that only a single obligation is owed or that only a portion of the entire amount sought is owed by the different entities. Many of the Settlements resolve the amount of the claim and the proper Debtor liable for the debt and provide for allowance of such claim accordingly. Further, approval of many of the Settlements is appropriate to ensure that the vote for the proposed plans of reorganization will be counted in the appropriate amount and in the appropriate case.

This Motion is based upon this Notice and Motion, the Memorandum of Points and Authorities, the separate Declarations of Christopher J. Zadoorian and Darcy Garneau, the separate Request for Judicial Notice filed concurrently herewith, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that this Motion is made pursuant to Local Bankruptcy Rule 9013-1(o)(1) and pursuant thereto, no hearing is required on the Motion unless requested by a party-in-interest.

**PLEASE TAKE FURTHER NOTICE** that any response and request for hearing must be made in writing in the form required by Local Bankruptcy Rule 9013-1(f)(1). The deadline for filing and serving a written response and request for a hearing is 14 days after the date of service of this notice, plus an additional 3 days unless the notice of the Motion was served by personal delivery or posting as described in Federal Rule of Civil Procedure 5(b)(2)(A)-(B). If you fail to comply with the deadline, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing or notice.

**PLEASE TAKE FURTHER NOTICE** that the written response and request for hearing must be served on: (1) the Office of the United States Trustee, ATTN: Jennifer L. Braun, Esq., 21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367; (2) counsel for Debtors, John N. Tedford, IV, Esq., Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067; (3) special reorganization counsel for the Debtors, Gary E. Klausner, Esq., Stutman, Treister & Glatt, 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90069; (4) counsel for the Official Committee of Unsecured Creditors, Dean G. Rallis Jr., Esq., SulmeyerKupetz, 333 S. Hope St., 35th Floor, Los Angeles, CA 90071; (5) counsel for the Official

Committee of Equity Interest Holders, Ronald Orr & Professionals, Inc., Ronald S. Orr, 578 Washington Blvd., #389, Marina Del Rey, CA 90292; and Rodiger Law Office, Georgiana G. Rodiger, 272 South Los Robles Avenue, Pasadena, CA 91101, and Jenner & Block, Marc B. Hankin, 919 Third Avenue, New York, NY 10022-3908; and (6) Claimants GeoDesign, Inc., ATTN: Christopher Zadoorian, 2121 Towne Centre Place, Suite 130, Anaheim, CA, 92806; Magnusson Klemencic Associates, c/o Michael L. Marx, Esq., Jenkins Goodman Neuman & Hamilton LLP, 417 Montgomery Street, 10th Floor, San Francisco, CA 94104; EDI, c/o Peter L. Stacy, Esq., Weil & Drage, APC, 23212 Mill Creek Drive, Laguna Hills, CA 92653; and L.P. Carreras & Associates, Inc., c/o Edward F. Figaredo, Esq., Law Offices of Edward F. Figaredo, APC, 10507 Valley Boulevard, Suite 822, El Monte, CA 91731. Papers not timely filed and served may be deemed by the Court to be consent to the granting of the Motion. If you do not have any objection to the motion, you do not need to take any further action.

Dated: December 21 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: ______________________________
Michael C. Abel
Attorneys for Meruelo Maddux Properties, Inc., and affiliated Debtors and Debtors-in-Possession

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986) .......... 19

*In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) .......... 20

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) .......... 19

*United States v. Alaska National Bank* (*In re Walsh Construction, Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982) .......... 20

## Statutes

11 U.S.C. § 1107 .......... 5

11 U.S.C. § 1108 .......... 5

28 U.S.C. §§ 157 .......... 19

28 U.S.C. §1334 .......... 19

## Rules

Fed. R. Bankr. P. 3003(c)(4) .......... 9

Fed. R. Bankr. P. 9019 .......... 19

Fed. R. Bankr. P. 9019(a) .......... 19

Fed. R. Civ. P. 5(b)(2)(A)-(B) .......... 3

Local Bankr. R. 9013-1(f)(1) .......... 3

Local Bankr. R. 9013-1(o)(1) .......... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. BANKRUPTCY BACKGROUND

On March 26 and 27, 2009, Meruelo Maddux Properties, Inc. ("MMPI"), and 53 of its direct and indirect subsidiaries (collectively the "Debtors"), including Meruelo Maddux Properties, L.P. ("MMPLP"), Alameda Produce Market, LLC ("APM"), Merco Group, LLC ("Merco Group"), Merco Group – Southpark, LLC ("Southpark" and together with the previously identified Debtor affiliates, the "Moving Parties") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Code"). Pursuant to the Court's ruling on March 30, 2009, the Moving Parties' bankruptcy cases, and those of the other Debtors are being jointly administered under case no. 1:09-bk-13356-VK. The Debtors continue to operate their business affairs as debtors-in-possession pursuant to the authority granted under §§ 1107 and 1108 of the Code.

### B. BACKGROUND REGARDING CLAIMS AND CLAIMS ADMINISTRATION

#### 1. CLAIMS BAR DATE ORDER

On July 22, 2009, the Court entered its *Order Setting Final Bar Dates to File Proofs of Claim* (*docket no. 401*) fixing September 24, 2009 as the last date by which nongovernmental entities or individuals must file claims against MMPI or its 53 affiliated Debtors.

#### 2. STIPULATION WITH THE COMMITTEE AND THE CLAIMS REASSIGNMENT MOTION

On September 24, 2009, the Official Committee of Unsecured Creditors ("Committee") filed the *Stipulation between Debtors and Official Committee of Unsecured Creditors Regarding Procedure for Filing Proofs of Claim* (the "Stipulation") (*docket no. 679*). *See* Exhibit "1" to the concurrently filed Request for Judicial Notice in support of the Motion (the "RJN"). The Stipulation was primarily intended to address the possible confusion among creditors holding claims against one or more of the Debtors where the claimant was not sure of the specific Debtor against whom the claim was held because of the Debtors' consolidated business operations. The

Stipulation provided among other things, that claims that were timely filed against any Debtor would be deemed to have been filed against the proper Debtor regardless of whether the Debtor and/or case number were properly identified in the caption of the proof of claim. The Stipulation expressly provided that except for objections regarding the timeliness of the proofs of claim, all parties retained the right to object on all other grounds. The Court entered its *Order Approving Stipulation between Debtors and Official Committee of Unsecured Creditors Regarding Procedure for Filing Proofs of Claim* (*docket no. 699*) on September 30, 2009. *See* Exhibit "2" to the RJN.

3. <u>CLAIMS REASSIGNMENT MOTION AND ORDER</u>

On April 30, 2010, the Debtors filed their *Notice of Motion and Debtors' Motion to Deem Certain Claims to be Filed Against the Proper Debtor Pursuant to Earlier Order of the Court* (the "Claims Reassignment Motion") (*docket no. 1330*). *See* Exhibit "3" to the RJN. The original intent of the Claims Reassignment Motion was to assign claims to the Debtor that was that liable for the obligation represented by the claim. Due to the structure and nature of the Debtors' operations, many claimants filed claims against MMPI even though the obligation was owed by one of the affiliated Debtors. Thus, the Claims Reassignment Motion primarily focused on properly reassigning claims that were filed against MMPI to the proper affiliate. Additionally, numerous claimants employed the "belt and suspenders" approach and filed claims against the Debtor affiliate that owed the alleged debt and MMPI because MMPI was the parent entity.

The Claims Reassignment Motion did not seek to apportion claims among various entities. The intent was to ensure that the claim was being asserted against the proper entity and that issues relating to amount would be the subject of later pleadings. Accordingly, the Claims Reassignment Motion generally sought to reassign claims to the entities that owed the alleged debt in the full amount of the filed proof of claim. For example, a claim based on a contract signed by two Debtor affiliates was reassigned to each of the affiliates in the full amount of the proof of claim, even if each would have only been liable for one-half of the contractual obligation.

At one of the initial hearings on the Claims Reassignment Motion, the Court indicated its willingness to consider allocating an amount other than the full amount of the filed proof of claim

where there was sufficient evidence to support such allocation with regard to a specific Debtor affiliate. In that regard, the Debtors filed a supplemental declaration of John C. Maddux ("Supplemental Maddux Declaration") in support of the Claims Reassignment Motion (*docket no. 1649*) on July 27, 2010. *See* Exhibit "4" to the RJN. The Supplemental Maddux Declaration provided additional evidence, where available, for how to assign certain claims not only to the appropriate Debtor affiliate but also in what amount. On October 19, 2010, the Court entered its order on the Claims Reassignment Motion (*docket no. 1991*) ("Claims Reassignment Order"). *See* Exhibit "5" to the RJN.

4. <u>OBJECTIONS TO DUPLICATE CLAIMS</u>

Because the Claims Reassignment Order was not intended to resolve all questions regarding allowance or disallowance of claims, it provided that many claims were reassigned to Debtor affiliates in addition to and not in place of any claims listed on that Debtor's schedules. In order to resolve these duplicate claims, the Debtors filed their *Notice of Motion and Omnibus Motion for Order Disallowing Claims of AT&T (Claim No. 9 against MMPLP), Budget Industrial Uniform Rental (Scheduled Claim), CIT Technology Financing Services (Scheduled Claim), Cox Castle & Nicholson (Scheduled Claims), DLA Piper Rudnick Gray Cary US (Scheduled Claim), Douglas Industrial Supply Co. (Claim No. 5 against Alameda Produce Market), Innercity Crime Prevention Group (Scheduled Claims), LexisNexis (Claim No. 9 against MMP 306-330 N. Ave. 21), Macrolease (Scheduled Claim), Magnusson Klemencic Assoc. (Scheduled Claim), Mayer Hoffman Mccann/Argo Partners (Claim No. 2 against MG Overland), Palmieri Tyler Wiener Wilhelm & Waldron (Scheduled Claim), The State Board of Equalization of California (Scheduled Claim), Stratex Solutions (Scheduled Claim) as Duplicate-Filed or Duplicate-Scheduled Claims*

///

///

///

///

///

("Duplicate Claims Objection") on October 22, 2010 (*docket no. 2090*).[2] *See* Exhibit "6" to the RJN.

C. FACTS RELATED TO PARTICULAR CLAIMANTS

1. GEODESIGN, INC.

The following represents the unsecured claims filed by GeoDesign or scheduled by the Debtors that are relevant to the Settlement:

| **Filed or Scheduled** | **Debtor** | **Amount** |
|---|---|---|
| POC No. 71[3] | MMPI | $21,715.70 |
| Schedule F | Alameda Produce Market | $4,373.70 |
| POC No. 18 | Alameda Produce Market | $49,046.38 |
| Schedule F | Southpark | $51,820.09 |
| POC No. 10 | Southpark | $2,432.36 |
| POC No. 11 | Southpark | $28,005.39 |
| POC No. 12 | Southpark | $36,520.93 |

POC No. 71 against MMPI related to a project known as "Proposed Traction Studios," which according to GeoDesign's records, was located at 801 Traction Avenue, Los Angeles, California. This real property is not owned by MMPI or a Debtor subsidiary of MMPI.

POC No. 18 against Alameda Produce Market is evidenced by certain invoices relating to services provided by GeoDesign to APM for which it did not receive payment. GeoDesign also

---

[2] The Debtors did not receive any responses or requests for a hearing regarding the Duplicate Claims Objection and filed a declaration to that effect on November 23, 2010 (*docket no. 2274*). An order reflecting the Court's ruling will be lodged in the near future.

[3] The following are attached as exhibits to the RJN: POC No. 71is attached as Exhibit "7"; APM's Schedule F is attached as Exhibit "8"; POC No. 18 is attached as Exhibit "9"; Southpark's Schedule F is attached as Exhibit "10"; POC No. 10 is attached as Exhibit "11"; POC No. 11 is attached as Exhibit "12" and POC No. 12 is attached as Exhibit "13".

has provided the Debtors with evidence supporting its claim for interest on the unpaid balance of the invoices.

POC Nos 10, 11 and 12 against Southpark are based on separate work performed by GeoDesign for Southpark and the three proofs of claims are not duplicate claims and the later filed proofs of claims are not amendments to the earlier filed proofs of claims.[4] GeoDesign also has provided the Debtors with evidence supporting its claim for interest for the unpaid balance of the invoices on which the claim is based.

The Debtors and GeoDesign reached agreement regarding the amounts owed by specific Debtors, which terms have been incorporated into the GeoDesign Settlement filed on October 14, 2010 (*docket no. 1962*).[5] The following table summarizes the proposed Settlement's treatment of GeoDesign's claims:

| **Claim** | **Debtor** | **Amount** | **Proposed Settlement** |
|---|---|---|---|
| ~~POC No. 71~~ | ~~MMPI~~ | ~~$21,715.70~~ | Withdrawn – relates to property not owned by MMPI |
| ~~Schedule F~~ | ~~Alameda Produce Market~~ | ~~$4,373.70~~ | Superseded by POC No. 18[6] |
| POC No. 18 | Alameda Produce Market | $49,046.38 | Allowed |
| ~~Schedule F~~ | ~~Southpark~~ | ~~$51,820.09~~ | Superseded by filed POC Nos. 10, 11 and 12 |
| POC No. 10 | Southpark | $2,432.36 | Allowed |
| POC No. 11 | Southpark | $28,005.39 | Allowed |
| POC No. 12 | Southpark | $36,520.93 | Allowed |

---

[4] *See* the separately filed Declaration of Christopher J. Zadoorian in support of the Motion ("Zadoorian Declaration").

[5] A true and correct copy of the GeoDesign Settlement is attached as a Exhibit "1" to the Zadoorian Declaration.

[6] The scheduled claims are superseded by the filed proofs of claim pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(4).

On October 21, 2010, Legendary filed the *Objection of Secured Creditor Legendary Investors Group No. 1, LLC for Order Disallowing for Voting Purposes Only Proof of Claim No. 71 as Filed by Geodesign, Inc. Against Meruelo Maddux Properties, Inc.* (*docket no. 2013*),[7] which argues that POC No. 71 does not represent an obligation of MMPI and should be disallowed for voting purposes only. *See* Exhibit "14" to the RJN. Bank of America filed *Bank of America, N.A.'s Joinder and Limited Joinder to Objection of Secured Creditor Legendary Investors Group No.1, LLC to Proof of Claims as Filed Against Meruelo Maddux Properties, L.P. and Meruelo Maddux Properties, Inc.*, was filed on October 22, 2010 (the "BofA Joinder") (*docket no. 2052*). *See* Exhibit "15" to the RJN.

2. <u>MAGNUSSON KLEMENCIC ASSOCIATES</u>

The following represents the unsecured claims filed by MKA or scheduled by the Debtors that are relevant to the Debtors' proposed Settlement with MKA:

| **Filed or Scheduled** | **Debtor** | **Amount** |
|---|---|---|
| POC No. 74[8] | MMPI | $363,129.10 |
| Reassigned POC No. 74[9] | Southpark | $363,129.10 |
| Schedule F[10] | Southpark | $300,343.02 |
| Schedule F | Southpark | Unknown |

///

///

---

[7] Legendary's Objection is set for hearing on January 10, 2011 at 2:00 p.m.

[8] POC No. 74 is attached as Exhibit "16" to the RJN.

[9] MKA's POC No. 74 was deemed filed against both MMPI and Southpark in the full amount of the claim, provided that MKA was only entitled to a single recovery of the amount sought. *See* Claims Reassignment Order at p. 9 (Exhibit "5" to the RJN).

[10] *See* Exhibit "10" to the RJN.

MKA's POC No. 74 is based on work performed in connection with a project located on real property located at 1150 Grand Avenue, Los Angeles, CA, which property is owned by Southpark. The claim is based on two written agreements, both of which are attached to the proof of claim. The first is the "Design Agreement between Owner and Consultant," which is signed by MKA's representative and dated December 8, 2006. The agreement also contains a signature block for Southpark but is not signed by any of the Debtors. The second written agreement is an "Agreement for Additional Services" is dated November 14, 2007, and identifies MMPI as the client. The agreement provides for $70,000 as the "stipulated fee" and is signed by MKA and MMPI.[11]

The Debtors objected to the amounts included on Southpark's Schedule F in favor of MKA as part of the Duplicate Claims Objection. The basis of the objection was that the scheduled claims were duplicative of the claims that were filed by MKA or deemed filed by MKA as part of the Claims Reassignment Order.

MMPI, Southpark and MKA have reached agreement on the proper allocation and assignment of liability arising from MKA's POC, which terms have been incorporated into the MKA Settlement filed on October 15, 2010 (*docket no. 1968*).[12] The agreement was memorialized in the stipulation between the Debtors and MKA.[13]

The table on the following page summarizes the proposed Settlement:

///

///

///

---

[11] *See* MKA's response to Legendary's objection (defined below), which is attached as Exhibit "18" to the RJN.

[12] A true and correct copy of the MKA Settlement Agreement is attached as Exhibit "32" to the RJN.

[13] The *Stipulation Between Debtors and Magnusson Klemencic Associates Re: Proof of Claim No. 74 Filed by Magnusson Klemencic Associates* was filed on October 15, 2010 (*docket no. 1968*).

| **Claim** | **Debtor** | **Amount** | **Proposed Settlement** |
|---|---|---|---|
| POC No. 74 | MMPI | $70,000 | Allowed as general unsecured claim (reduced from $363,129.10) subject to the limitation that the claim is part of the allowed claim against Southpark and aggregate recovery on account of both claims may not exceed $320,000 |
| Reassigned POC No. 74 | Southpark | $320,000 | Allowed as general unsecured claim (reduced from $363,129.10) subject to limitation that the claim includes the allowed claim against MMPI and the aggregate recovery on account of both claims may not exceed $320,000 |
| ~~Schedule F~~ | ~~Southpark~~ | ~~$300,343.02~~ | Disallowed per ruling on Duplicate Claims Objections |
| ~~Schedule F~~ | ~~Southpark~~ | ~~Unknown~~ | Disallowed per ruling on Duplicate Claims Objection |

Legendary filed an objection[14] to MKA's POC No. 74 for voting purposes, in which Bank of America joined.[15] MKA filed a response[16] to the objection and the Debtors also filed an omnibus response,[17] which included portions pertaining to MKA. In short, Legendary's objection

---

[14] The *Objection of Legendary Investors Group No. 1, LLC to the Proof of Claim No. 74 of Magnusson Klemencic Associates, Inc. Against Debtor Meruelo Maddux Properties, Inc. Solely for the Purpose of Disallowing the Creditor a Right to Vote With Respect to All of the Plans of Reorganization Pending for Meruelo Maddux Properties, Inc.* was filed on October 21, 2010 (*docket no. 2015*) and is attached as Exhibit "17" to the RJN. Legendary's objection is set for hearing on January 10, 2011 at 2:00 p.m.

[15] *See* Exhibit "15" to the RJN.

[16] The *Response of Magnusson Klemencic Associates, Inc. to Objections of Legendary Investors Group to Proof of Claim No. 74 of Magnusson Klemencic Associates* was filed on November 15, 2010 (*docket no. 2214*) and is attached as Exhibit "18" to the RJN.

[17] The *Debtors' Omnibus Response to Certain of Legendary Investors Group No. 1, LLC's Objections to Proofs of Claim Filed by Cox, Castle & Nicholson, LLP (Docket No. 2003); L.P. Carreras & Associates, Inc. (Docket No. 2045) & Magnusson Klemencic & Associates, Inc.*

(Continued...)

sought to disallow for voting purposes only MKA's entire claim against MMPI because the obligation related to work performed for the benefit of Southpark. MKA's and the Debtors' responses refer and rely on the MKA Settlement and the fact that the second contract for "Additional Services" was signed by MMPI. The MKA Settlement properly reflects the obligations owed by MMPI and Southpark as evidenced by the documents attached in support of the proof of claim.

3. EDI ARCHITECTURE, INC.

| Filed or Scheduled | Debtor | Amount |
|---|---|---|
| Schedule F[18] | Merco Group | $107,793.81 |
| POC No. 26 | MMPI | $129,570.75 |
| POC No. 72 | MMPI | $140,881.09 |
| Schedule F | Southpark | $436,374.09 |
| POC No. 2 | Southpark | $523,305.61 |
| POC No. 9 | Southpark | $567,524.54 |

EDI's POC No. 26 filed against MMPI relates to architectural services provided by EDI in connection with the project identified as the "Santa Fe Freight Yards Mixed Use Housing." The project to which the invoices refer is located on property owned by Merco Group. EDI's POC No. 72 filed against MMPI is based on the same evidence as POC No. 26, except that the second claim includes additional amounts for interest asserted as having accrued.

---

(...Continued)

*(Docket No. 2015) Against Meruelo Maddux Properties, Inc. for Voting Purposes Only* was filed on December 6, 2010 (the "Omnibus Response") (*docket no. 2343*) and is attached as Exhibit "19" to the RJN.

[18] The following are attached as exhibits to the RJN: Merco Group's Schedule F is attached as Exhibit "21"; POC No. 26 is attached as Exhibit "22"; POC No. 72 is attached as Exhibit "23"; Southpark's Schedule F is attached as Exhibit "10"; POC No. 2 is attached as Exhibit "24"; and POC No. 9 is attached as Exhibit "25".

EDI's proofs of claim filed against Southpark is based on architectural services provided by EDI in connection with a project identified as "1230 Olive Street." The project to which the invoices refer is located on property owned by Southpark. EDI's POC No. 9 filed against Southpark is based on the same evidence as POC No. 2, except that the second claim includes additional amounts for interest asserted as having accrued.

The relevant Debtors and EDI have reached an agreement on the proper allocation and assignment of liability arising from EDI's claims, which terms have been incorporated into the EDI Settlement filed on October 22, 2010 (*docket no. 2047*).[19]

The following table summarizes the proposed Settlement:

| **Claim** | **Debtor** | **Amount** | **Proposed Settlement** |
|---|---|---|---|
| Schedule F | Merco Group | $107,793.81 | Allowed as general unsecured claim |
| ~~POC No. 26~~ | ~~MMPI~~ | ~~$129,570.75~~ | Disallowed as withdrawn by EDI |
| ~~POC No. 72~~ | ~~MMPI~~ | ~~$140,881.09~~ | Disallowed as withdrawn by EDI |
| ~~Schedule F~~ | ~~Southpark~~ | ~~$436,374.09~~ | Disallowed as superseded by filed POC No. 9 |
| ~~POC No. 2~~ | ~~Southpark~~ | ~~$523,305.61~~ | Disallowed as withdrawn by EDI |
| POC No. 9 | Southpark | $436,374.09 | Allowed as general unsecured claim (reduced from $567,524.54) |

On October 21, 2010, Legendary filed an objection to EDI's POC Nos. 26 and 72 (against MMPI) for voting purposes only.[20] Bank of America joined in Legendary's objection.[21] None of

---

[19] A true and correct copy of the EDI Settlement is attached as a Exhibit "1" to the separately filed declaration of Darcy Garneau in support of the Motion.

[20] The *Amended (Changed Hearing Date) Objection of Secured Creditor Legendary Investors Group No. 1, LLC to Proof of Claim Nos. 26 and 72 as Filed by EDI Architecture, Inc. Against Debtor Meruelo Maddux Properties, Inc. Solely for the Purpose of Disallowing the Creditor a Right to Vote With Respect to All of the Plans of Reorganization Pending For Meruelo*

(Continued...)

the issues or arguments raised in Legendary's objection conflict with the EDI Settlement and in fact Legendary's argument that the proofs of claim filed against MMPI represent obligations of another Debtor are effectively embraced by the EDI Settlement because EDI agrees to the disallowance (or withdrawal) of its claims against MMPI.

4. L.P. CARRERAS & ASSOCIATES, INC.

The following table summarizes the unsecured claims that have been filed by LP Carreras or obligations in favor of LP Carreras that have been scheduled by MMPI and MMPLP:[22]

| **Filed or Scheduled** | **Debtor** | **Amount** |
|---|---|---|
| Reassigned POC No. 73[23] | MMPI | $17,885.00 |
| Amended Schedule F[24] | MMPI | $628.75 |
| Schedule F | MMPLP | $39,710.00 |
| Amended Schedule F | MMPLP | $19,491.25 |

///

///

(...Continued)

*Maddux Properties, Inc.* was filed on October 21, 2010 (*docket no. 2024*) and is attached as Exhibit "26" to the RJN. Legendary's objection is set for hearing on January 10, 2011 at 2:00 p.m.

[21] *See* Exhibit "15" to the RJN.

[22] As more fully described herein, other Debtors filed amended schedules regarding LP Carreras' claims and certain claims have been deemed to have been filed by LP Carreras against Debtors in addition to MMPI and MMPLP pursuant to the Claims Reassignment Order. The parties have reserved their rights regarding these other claims and scheduled amounts and this Motion deals only with the claims and scheduled amounts relevant to the LP Carreras Settlement.

[23] *See* Exhibit "5" to the RJN.

[24] The following are attached as exhibits to the RJN: MMPI's amended Schedule F is attached as Exhibit "27"; MMPLP's Schedule F is attached as Exhibit "28" and MMPLP's amended Schedule F is attached as Exhibit "29".

LP Carreras' POC No. 73 is based on accounting services performed for numerous Debtors and relates specifically to preparation of tax returns for the Debtor affiliates. Attached to the proof of claim are copies of invoices identifying the amount owed for services provided for specific Debtors. The Claims Reassignment Order allocated LP Carreras POC No. 73 against the specific Debtor entities that owed an obligation to LP Carreras in the amount of the obligation evidenced by the invoices attached to the proof of claim. The invoices attached to the proof of claim evidence an obligation of MMPI in the amount of $175. Among other things, the Claims Reassignment Order assigned LP Carreras' claim against MMPI in this amount and also included $17,710,[25] which amount relates to non-debtor affiliates and other Debtor affiliates that are not being jointly administered with the MMPI cases.[26] (Since some of the amounts were owed by non-Debtors or Debtors whose cases were not being jointly administered with the MMPI Debtors, it was not possible to reassign LP Carreras' obligation to those entities.)

As described below, the Debtors and LP Carreras have attempted to resolve these issues through the LP Carreras Settlement and provide for allowance of a claim against MMPI that is limited to the amount that reflects the work actually performed for the benefit of MMPI.

The amounts included in the amended Schedule F of MMPI and MMPLP relate to separate obligations from the proof of claim filed by LP Carreras. The amounts scheduled by MMPI and MMPLP relate to LP Carreras' tax consultation services relating to the Debtors' IPO and is a separate obligation from the claim for preparation of tax returns that is represented by POC No. 73. The separate invoice for the tax consultation services relating to the IPO is attached as an exhibit to the LP Carreras Declaration appended to LP Carreras' opposition[27] to Legendary's objection to its claim. As set forth in LP Carreras' opposition to Legendary's objection, the work performed

---

[25] *See* Exhibit "5" to the RJN.

[26] Specifically, $825 relates to services provided to Meruelo Chinatown, LLC ("Chinatown") (case no 1:09-bk-21622-VK) and $1,190 relates to services provided to Meruelo Maddux Properties – 845 S. Flower Street, LLC ("Flower") (case no 1:09-bk-21621-VK). Chinatown and Flower intend to file amended schedules to include these obligations.

[27] *See* Exhibit "31" to the RJN.

benefited all of the Debtors but could only be allocated by equally dividing the invoice among all of the entities. The result was that each entity was allocated $628.75, which was an equal portion of the invoice. Not all of the entities that received the benefit of the tax consultation services are continuing to operate and petitions in bankruptcy were not filed for a number of entities because they no longer exist or have no assets. The amount of the invoice attributable to the non-filing entities was included as part of the amended Schedule F filed by MMPLP.

The Debtors and LP Carreras have reached an agreement on the proper allocation and assignment of liability arising from POC No. 73 and the amount included as scheduled claims that relate to the separate obligation, which terms have been incorporated into the LP Carreras Settlement filed on December 2, 2010 (*docket no. 2313*).[28]

The following table summarizes the proposed Settlement:

| **Claim** | **Debtor** | **Amount** | **Proposed Settlement** |
|---|---|---|---|
| Reassigned POC No. 73 | MMPI | $175.00 | Allowed as general unsecured claim (reduced from $17,885) |
| Amended Schedule F | MMPI | $628.75 | Allowed as general unsecured claim in addition to, and separate from, the claim based on Reassigned POC No. 73 (*above*) |
| ~~Schedule F~~ | ~~MMPLP~~ | ~~$39,710.00~~ | Disallowed as duplicative of POC No. 73 that was reassigned per the Claims Reassignment Order |
| Amended Schedule F | MMPLP | $19,491.25 | Not affected by the Stipulation – all parties reserve all right to object and seek distributions based on the claim(s) represented by the scheduled obligation |

///

///

[28] A true and correct copy of the LP Carreras Settlement is attached as Exhibit "33" to the RJN.

On October 21, 2010, Legendary filed an objection to LP Carreras POC No. 73 (against MMPI) for voting purposes only. [29] Bank of America joined in Legendary's objection.[30] LP Carreras filed an opposition to Legendary's objection[31] and portions of the Debtors' Omnibus Response[32] also relate to LP Carreras' Claims.

Legendary's objection appears to object to the entire amount of LP Carreras' claim against MMPI for voting purposes but essentially concedes that $175 is the proper allocation of the claim as it pertains to MMPI.

LP Carreras' opposition and the Debtors' Omnibus Response explain the separate nature and bases of LP Carreras' claims relating to preparation of tax returns (POC No. 73) on the one hand and tax consulting services relating to the IPO on the other (amended Schedule F). The proposed LP Carreras Settlement is consistent with the documents and evidence attached in support of LP Carreras' POC No. 73 and the additional documents and evidence attached to the LP Carreras opposition amply demonstrate the validity and separate nature of the obligation represented by the $628.75 obligation included on MMPI's amended Schedule F.

///

///

///

///

///

---

[29] The *Objection of Secured Creditor Legendary Investors Group No. 1, LLC for Order Disallowing for Voting Purposes Only Proof of Claim No. 73 as Filed By L.P. Carreras & Associates, Inc. Against Meruelo Maddux Properties, Inc.* (*docket no. 2045*) is attached as Exhibit "30" to the RJN. Legendary's objection is set for hearing on January 10, 2011 at 2:00 p.m.

[30] *See* Exhibit "15" to the RJN.

[31] The *Claimant's Opposition to Amended Objection of Secured Creditor Legendary Investors Group No. 1, LLC for Order Disallowing for Voting Purposes Only Proof of Claim No. 73 and Schedule F Claim of L.P. Carreras & Associates, Inc. as Against Meruelo Maddux Properties, Inc.* (*docket no. 2342*) was filed on December 6, 2010 and is attached as Exhibit "31" to the RJN

[32] *See* Exhibit "19" to the RJN.

## II.

## ARGUMENT

A. THE COURT IS AUTHORIZED TO APPROVE THE PROPOSED SETTLEMENTS

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Federal Rule of Bankruptcy Procedure 9019. Federal Rule of Bankruptcy Procedure 9019(a) provides,

> On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement.

The Supreme Court, in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), held that a bankruptcy court, in considering whether to approve a compromise, should inform itself regarding

> all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

The Ninth Circuit has clarified the inquiry as follows:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

A trustee or debtor-in-possession has the burden of persuading the Court that the compromise is fair and equitable and should be approved. *Id.* Although "the creditors' objections to a compromise must be afforded due deference, such objections are not controlling, and while the court must preserve the rights of the creditors, it must also weigh certain factors to determine

whether the compromise is in the best interest of the bankrupt estate." *Id.* at 1382 (citations omitted).

The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise because the judge is "uniquely situated to consider the equities and reasonableness." *United States v. Alaska National Bank* (*In re Walsh Construction, Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982). The Ninth Circuit has further stated:

> A compromise agreement allows the trustee and the creditor to avoid the expenses and burdens associated with litigating "sharply contested and dubious" claims. [Citation]. The bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim. [Citation]. It is sufficient that, after apprising itself of all facts necessary for an intelligent and objective opinion concerning the claim's validity, the court determines that either (1) the claim has a "substantial foundation" and is not "clearly invalid as a matter of law," or (2) the outcome of the claim's litigation is "doubtful."

*Id.* at 1328. The court is not "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement '*falls below the lowest point in the range of reasonableness.*'" *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) (*quoting In re W. T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (emphasis *added*), *cert. denied*, 464 U.S. 822, 104 S. Ct. 89 (1983)), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985).

## B. <u>THE PROPOSED SETTLEMENTS ARE REASONABLE AND IN THE BEST INTERESTS OF THE ESTATES</u>

Collectively, the proposed Settlements discussed herein are fair and reasonable settlements that resolve issues regarding claims filed in the incorrect case, claims that duplicate or conflict with obligations included on the Debtors' schedules and disputes regarding the proper amount of the obligation. The Settlements avoid delay and unnecessary costs and expenses that would otherwise be required to resolve all of these issues through litigation of formal objections and possible evidentiary hearings relating to the same.

Moreover, the prompt resolution of the issues ensures that the claimants that have cast a vote will have that vote counted in the proper amount and against the proper Debtor. Legendary is forthright in their objections to the claims and acknowledges that its objections are for voting

purposes only and that the objections do not seek to affect the allowance or disallowance of the claims. Where the claimants have been able to provide evidence of the amount of their claims, those claimants should not only be entitled to vote but should have their claims allowed in an appropriate amount.

Without approval of the proposed Settlements, the Debtors will be forced to incur additional expenses and claimants risk not having their vote counted in the proper amount. The Settlements seek to resolve where possible allowance and disallowance of certain claims. Other Settlements seek to clarify the confusion resulting from numerous claims filed against multiple Debtors even where there is really only a single claim. As discussed below, each of the proposed Settlements is in the best interests of the estate and should be approved.

1. THE PROPOSED SETTLEMENT WITH GEODESIGN, INC.

The proposed Settlement with GeoDesign resolves issues regarding the proper Debtors against which GeoDesign's claims should be asserted, clarifies potentially duplicative claims and disallows a claim that was improperly asserted against MMPI. Further, the GeoDesign Settlement provides for a determination of the amount owed and approval of the GeoDesign Settlement will avoid unnecessarily incurring costs and expenses and ensure that GeoDesign will be entitled to have its vote on the proposed plans of reorganization count in the proper cases.

2. THE PROPOSED SETTLEMENT WITH MAGNUSSON KLEMENCIC ASSOCIATES

The proposed Settlement with MKA resolves issues regarding the maximum amount that MKA may seek from the Debtors obligated on its claims. The MKA Settlement further reduces the total amount to which MKA is entitled. The MKA Settlement is fair and in the best interests of the estate because it avoids further confusion and uncertainly regarding MKA's claims, avoids unnecessary expense and ensures that MKA's vote on the proposed plans will be counted in the proper cases and in the proper amount.

///

///

3. <u>THE PROPOSED SETTLEMENT WITH EDI ARCHITECTURE, INC.</u>

The proposed Settlement with EDI resolves confusion resulting from both scheduled and filed claims. Further, it reduces the amount being sought by EDI against Southpark and disallows a claim that was improperly asserted against MMPI. The EDI Settlement is fair and in the best interests of the estate because it avoids further confusion and uncertainly regarding EDI's claims, avoids unnecessary expense and ensures that EDI vote(s) on the proposed plans will be counted in the proper cases and in the proper amount.

4. <u>THE PROPOSED SETTLEMENT WITH L.P. CARRERAS & ASSOCIATES, INC.</u>

The proposed Settlement with LP Carreras resolves the confusion resulting from the Claims Reassignment Order and the fact that certain portions of the claim deemed to have been filed against MMPI related to non-debtors or Debtors not part of these jointly administered cases. The amount of the allowed claim against MMPI is consistent with and not contradicted by anything in Legendary's Objection to LP Carreras' claim. The documents attached to the proof of claim are sufficient to support the allowance of the claim. Further, the additional documents and evidence provided by LP Carreras in its opposition to Legendary's objection adequately demonstrate that the obligation included in the amended schedules (in the amount of $628.75) is a separate and valid obligation from POC No. 73. The LP Carreras Settlement is fair and in the best interests of the estate because it avoids further confusion and uncertainly regarding LP Carreras' claims against MMPI, avoids unnecessary expense and ensures that LP Carreras' vote(s) on the proposed plans will be counted in the proper cases and in the proper amount.

///

///

///

///

///

///

///

## III.

## CONCLUSION

For the foregoing reasons, the Moving Parties request that the Court approve each of the proposed Settlements as set forth above. The Moving Parties also request such further relief as the Court deems just and proper.

Dated: December 21, 2010

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: [signature]

Michael C. Abel
Attorneys for Meruelo Maddux Properties, Inc., and affiliated Debtors and Debtors-in-Possession

| In re: MERUELO MADDUX PROPERTIES, INC. Debtor(s). | CHAPTER: 11 CASE NUMBER: 1:09-bk-13356-VK |
|---|---|

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Danning, Gill, Diamond & Kollitz, LLP, 2029 Century Park East, Third Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND OMNIBUS MOTION FOR APPROVAL OF SETTLEMENTS BETWEEN THE DEBTORS AND: (1) GEODESIGN; (2) MAGNUSSON KLEMENCIC ASSOCIATES; (3) EDI ARCHITECTURE; AND (4) L.P. CARRERAS & ASSOCIATES; AND MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 21, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel, mca@dgdk.com (counsel for Debtors)
Robert Abiri rabiri@abiriszeto.com
Allison R Axenrod allison@claimsrecoveryllc.com
John J Bingham, jbingham@dgdk.com (counsel for Debtors)
William C Bollard eal@jbblaw.com, kmg@jbblaw.com;dritchie@jbblaw.com;william@jbblaw.com
Peter Bonfante, peterbonfante@bsalawfirm.com
Jennifer L Braun, jennifer.l.braun@usdoj.gov (Office of the U.S. Trustee)
Martin J Brill, mjb@lnbrb.com (counsel for interested party)
Howard Camhi, hcamhi@ecjlaw.com (counsel for Kennedy Funding Inc.)
James E Carlberg jcarlberg@boselaw.com
Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
Sara Chenetz chenetz@blankrome.com
Jacquelyn H Choi jchoi@swjlaw.com
Carol Chow CChow@Stutman.com
Ronald R Cohn, rcohn@horganrosen.com (counsel for Pacific Commerce Bank)
Enid M. Colson, ecm@dgdk.com (counsel for Debtors)
Michaeline H Correa, mcorrea@jonesday.com (counsel for MTA)
Ana Damonte ana.damonte@pillsburylaw.com
Susan S Davis sdavis@coxcastle.com
Daniel Denny ddenny@gibsondunn.com
Jeffrey W Dulberg jdulberg@pszjlaw.com
Aaron De Leest, aed@dgdk.com (counsel for Debtors)
Marina Fineman mfineman@stutman.com
Michael G Fletcher, mfletcher@frandzel.com (counsel for Cathay Bank)

☒ Service information continued on attached page

| In re: MERUELO MADDUX PROPERTIES, INC. Debtor(s). | CHAPTER: 11 CASE NUMBER: 1:09-bk-13356-VK |
|---|---|

Donald L Gaffney, dgaffney@swlaw.com (counsel for Bank of America)
Thomas M Geher, tmg@jmbm.com (counsel for Capmark Finance Inc.)
Bernard R Given, bgiven@frandzel.com (counsel for Cathay Bank)
Barry S Glaser, bglaser@swjlaw.com (counsel for L.A. County)
Matthew A Gold courts@argopartners.net
Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
Michael I. Gottfried mgottfried@lblawllp.com, eborman@lgbfirm.com
John A Graham, jag@jmbm.com (counsel for Capmark Finance Inc.)
Ofer M Grossman, omglaw@gmail.com (counsel for Justman Packaging & Display)
Peter J Gurfein pgurfein@lgbfirm.com
Jodie M Grotins jgrotins@mcguirewoods.com
Cara Hagan, carahagan@haganlaw.org
Asa S Hami, ahami@sulmeyerlaw.com (counsel for OCC)
Brian T Harvey, bharvey@buchalter.com (counsel for California Bank & Trust)
Robert A Hessling rhessling@dgdk.com
William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
Lance M. Jurich, ljurich@loeb.com (counsel for Canpartners)
William H. Kiekhofer wkiekhofer@mcguirewoods.com (counsel for Esmark)
Andrew F Kim, kim-a@blankrome.com (counsel for Imperial Bank)
Michael S Kogan, mkogan@ecjlaw.com (counsel for Kennedy Funding Inc.)
Lewis R Landau lew@landaunet.com (Conflicts Counsel to Creditors Committee)
Matthew A Lesnick matt@lesnicklaw.com
David E Leta, dleta@swlaw.com (counsel for FNBN-CMLCON I LLC)
R. Michael Llewellyn, michael.llewellyn@boe.ca.gov (counsel for California State Bar of Equalization)
Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
Steven K Linkon, slinkon@rcolegal.com (counsel for Chinatrust Bank)
Richard Malatt, rmalatt@gmail.com (counsel for interested party)
Elmer D Martin, elmermartin@msn.com (counsel for United Commercial Bank)
Elissa Miller, emiller@sulmeyerlaw.com (counsel for Committee)
Avi Muhtar amuhtar@sulmeyerlaw.com
Iain A W Nasatir, inasatir@pszjlaw.com (counsel for East West Bank and Legendary)
Jeffrey P Nolan jnolan@pszjlaw.com
Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
Ron Orr & Professionals, Inc: ronorresq@aol.com (Attorneys for Equity Committee)
Lawrence Peitzman, lpeitzman@pwkllp.com (counsel for interested party)
Eric S Pezold, epezold@swlaw.com (counsel for Bank of America)
Christopher E Prince cprince@lesnickprince.com
Dean G Rallis Jr, drallis@sulmeyerlaw.com (counsel for Committee)
Michael H Raichelson, mhr@cabkattorney.com (counsel for Stanford Group)
Kurt Ramlo, kurt.ramlo@dlapiper.com
Michael B Reynolds, mreynolds@swlaw.com (counsel for FNBN-CMLCON I LLC)
Jeremy V Richards jrichards@pszjlaw.com
Daniel H Reiss dhr@lnbrb.com
James S Riley tgarza@sierrafunds.com
Martha E Romero, Romero@mromerolawfirm.com (counsel for San Bernardino County)
Victor A Sahn, vsahn@sulmeyerlaw.com (counsel for Committee)

☒ Service information continued on attached page

| In re: MERUELO MADDUX PROPERTIES, INC. Debtor(s). | CHAPTER: 11 CASE NUMBER: 1:09-bk-13356-VK |
|---|---|

Steven J Schwartz sschwartz@dgdk.com
Kenneth J Shaffer jshaffer@stutman.com
Zev Shechtman, zshechtman@dgdk.com (counsel for Debtors)
David B. Shemano, dshemano@pwkllp.com (counsel for John Maddux)
Jeffrey S Shinbrot, shinbrot@earthlink.net (counsel for Rodriguez, et al.)
Stephen Shiu sshiu@swlaw.com
Daniel H Slate, dslate@buchalter.com (counsel for California Bank & Trust)
Surjit P Soni, surj@sonilaw.com (counsel for Legendary)
Bennett L Spiegel blspiegel@jonesday.com
James Stang, jstang@pszjlaw.com (counsel for East West Bank and Legendary)
Catherine Steege csteege@jenner.com (counsel for OEC)
Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
John N Tedford, jtedford@dgdk.com (counsel for Debtors)
Damon Thayer dthayer@jenner.com
James A Timko jtimko@allenmatkins.com
Alan G Tippie, atippie@sulmeyerlaw.com (counsel for Committee)
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Jason L Weisberg, jason@gdclawyers.com (counsel for Roofcorp)
William E Winfield wwinfield@nchc.com
Jasmin Yang, jyang@swlaw.com (counsel for Bank of America)

II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served): On December 21, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 21, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Via Personal Delivery
Honorable Victoria S. Kaufman, U.S. Bankruptcy Court, Roybal Federal Building, 255 East Temple Street, Suite 1682, Los Angeles, CA 90012

Via EMail
Ron Orr & Professionals, Inc: ronorresq@aol.com (Attorneys for Equity Committee)
Georgiana G. Rodiger: crodiger@rodigerlaw.com (Attorneys for Equity Committee)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 21, 2010 | CINDY M. CRIPE | *Cindy M Cripe* |
|---|---|---|
| Date | Type Name | Signature |