Barry S. Glaser (State Bar No. 70968)
bglaser@swjlaw.com
Jacquelyn H. Choi (State Bar No. 211560)
jchoi@swjlaw.com
**STECKBAUER WEINHART JAFFE, LLP**
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
Telephone: (213) 229-2868
Facsimile: (213) 229-2870

Attorneys for County of Los Angeles
Tax Collector

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtors.<br><br>☒ Affects all Debtors<br><br>☐ Affects the following Debtor(s): | Case No. 1:09-bk-13356-VK<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**OBJECTION BY THE COUNTY OF LOS ANGELES TAX COLLECTOR TO CONFIRMATION OF CHARLESTOWN CAPITAL ADVISORS, LLC'S AND HARTLAND ASSET MANAGEMENT CORPORATION'S FOURTH AMENDED PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL.; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:    January 26, 2011<br>Time:    9:30 a.m.<br>Crtrm.:  Courtroom 301<br>         United States Bankruptcy Court<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK; 1:09-bk-13359-VK; 1:09-bk-13360VK; 1:09-bk-13361-VK; 1:09-bk-13362-VK; 1:09-bk-13363-VK; 1:09-bk-13364-VK; 1:09-bk-13365-VK; 1:09-bk-13366-VK; 1:09bk-13367-VK; 1:09-bk-13368-VK; 1:09-bk-13369-VK; 1:09-bk-13370-VK; 1:09-bk-13371-VK; 1:09-bk-13372-VK; 1:09-bk-13373VK; 1:09-bk-13374-VK; 1:09-bk-13375-VK; 1:09-bk-13376-VK; 1:09-bk-13377-VK; 1:09-bk-13378-VK; 1:09-bk-13379-VK; 1:09bk-13380-VK; 1:09-bk-13381-VK; 1:09-bk-13382-VK; 1:09-bk-13383-VK; 1:09-bk-13384-VK; 1:09-bk-13385-VK; 1:09-bk-13386VK; 1:09-bk-13387-VK; 1:09-bk-13388-VK; 1:09-bk-13389-VK; 1:09-bk-13390-VK; 1:09-bk-13391-VK; 1:09-bk-13392-VK; 1:09bk-13393-VK; 1:09-bk-13394-VK; 1:09-bk-13395-VK; 1:09-bk-13396-VK; 1:09-bk-13397-VK; 1:09-bk-13398-VK; 1:09-bk-13399VK; 1:09-bk-13400-VK; 1:09-bk-13401-VK; 1:09-bk-13402-VK; 1:09-bk-13403-VK; 1:09-bk-13404-VK; 1:09-bk-13405-VK; 1:09bk-13406-VK; 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

20002.023/64459.1

TO: THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, DEBTORS, DEBTORS' COUNSEL, OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES HEREIN:

The County of Los Angeles Tax Collector (the "County"), a secured creditor and party in interest in these jointly administered chapter 11 cases, by and through its undersigned counsel, hereby responds to and files this response and objection to the Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010 ("Amended Plan"), filed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively "Charlestown").

## I.
## PRELIMINARY STATEMENT

1. On or about March 27, 2009 (the "Petition Date"), Meruelo Maddux Properties, Inc., a Delaware corporation, and its 53 debtor related entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The County timely filed secured proofs of claim in the Debtors' bankruptcy cases seeking payment for unpaid real property taxes, interest and penalties in connection with the various properties owned by the Debtors.

3. In March 2010, the County and the Debtors entered into a settlement agreement (the "Settlement Agreement") resolving substantially all issues relating to the County's claims for delinquent taxes, penalties and interest. Paragraph 6 of the Settlement Agreement set forth the agreed-upon treatment of the County's allowed tax claims in the Debtors' proposed Chapter 11 plan, and provided that the Debtors would amend or modify their Plan to provide for treatment of the County's allowed tax claim consistent with such treatment. Among other things, the County agreed that, under the Debtors' plan, the County would agree to receive deferred cash payments, with interest as set forth in the Settlement Agreement, over a period of 16 quarters following the Effective Date of the Debtors' plan. As set forth in the Settlement Agreement, the County waived "its right to object pursuant to section 1129(a)(9)(C)(iii) of the Bankruptcy Code to the treatment afforded to nonpriority unsecured claims under the Plan."

4. A copy of the Settlement Agreement was attached to the Court's Revised *Order on Debtor's Motion for Approval of Settlement with the County of Los Angeles Tax Collector* (docket no. 1689). A copy of that order is attached as Exhibit "1" to the Request for Judicial Notice.

5. There can be no reasonable dispute that County's consent to this treatment and waiver of rights with regard to the treatment of general unsecured creditors under the Debtors' plan only applies to the Chapter 11 plan proposed by the Debtors in this case, not by any other plan proponent. The term "Plan" was expressly defined in the Settlement Agreement to mean the "First Amended Plan, as it may be amended or modified from time to time," and the term "First Amended Plan" was expressly defined to mean the *First Amended Joint Chapter 11 Plan of Meruelo Maddux Properties, Inc., et al.*, filed on or about February 27, 2010. There is nothing whatsoever in the Settlement Agreement which constitutes consent by the County to any form of treatment afforded to the County's secured tax claims under any other proponents' proposed plan, and there is certainly nothing which constitutes consent by the County to treatment under another proponent's plan identical to that of the Debtors' Plan.

6. On April 9, 2010, the Debtors sought Bankruptcy Court approval concerning the terms of the Settlement Agreement.

7. On July 29, 2010, the Bankruptcy Court entered an order approving the terms of the Settlement Agreement with respect to all but two of the Debtors. The Court's revised order was entered on August 13, 2010. On December 15, 2010, the Bankruptcy Court entered an order approving the terms of the Settlement Agreement with regard to the other two Debtors(docket no. 2400). A copy of that order is attached as Exhibit "2" to the Request for Judicial Notice.

8. On October 14, 2010 Charlestown filed its Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010. With respect to each class consisting of the County's secured tax claims, the Amended Plan provides that the County "shall receive the Common Los Angeles Tax Claim Treatment." On page 47, the Amended Plan provides that the Common Los Angeles Tax Claim Treatment is as follows: "Los Angeles Tax Claims will be paid in accordance with the terms of the Bankruptcy Court-approved settlement between the Debtor and Los Angeles County." Based on the projections attached to Charlestown's disclosure statement and statements



1  made by Charlestown in this case, Charlestown proposes to pay the County's prepetition secured

2  tax claims over a period of four years.

3       9.     In stark contrast, with respect to each class of nonpriority unsecured claims, the

4  Amended Plan provides that claimants will receive "the Common Unsecured Claim Treatment."

5  On page 49, the Amended Plan provides that the Common Unsecured Claim Treatment involves

6  the cash payment on the effective date equal to the full amount of the allowed claim plus interest.

7  As a result, under Charlestown's Amended Plan, nonpriority unsecured creditors will be paid in

8  full with interest on the effective date, while the County will be paid, with interest, over a period

9  of four years from the effective date.

## II

## CHARLESTOWN'S AMENDED PLAN CANNOT BE CONFIRMED AS IT FAILS TO PROPERLY TREAT THE COUNTY'S SECURED TAX CLAIMS

Section 1129(a) of the Bankruptcy Code provides that the Court may confirm a plan only if all of the requirements set forth in section 1129(a) are met. Section 1129(a)(9) expressly provides:

> Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan [must] provide[] that . . .
>
> (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash –
>
> (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;
>
> (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302 or 303; and
>
> (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b)); and
>
> (D) with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim, the holder of that claim will receive on account of that claim, cash payments, in the same manner and over the same period, as prescribed in subparagraph (C).

There is no dispute that the County's secured tax claims are entitled to treatment as set forth in section 1129(a)(9)(D). However, in its opening brief, Charlestown completely ignores section 1129(a)(9)(D) altogether. In fact, Charlestown relies on an outdated version of section 1129(a)(9) which is not applicable in this case. For example, on page 11 of Charlestown's brief, there is a passage which purports to quote the entirety of section 1129(a)(9). The quote not only omits section 1129(a)(9)(D), it is not even an accurate quotation of sections 1129(a)(9)(A) through (C). The purported quotation is actually a paraphrase of those subsections. Further, the purported quotation of 1129(a)(9)(C) is inaccurate, and paraphrases section 1129(a)(9)(C) *before BAPCPA was enacted in 2005*. Accordingly, in urging this Court to confirm its plan, Charlestown is relying on Bankruptcy Code sections which materially changed over five years ago.

When Congress revised section 1129(a)(9)(C) in 2005, it added section 1129(a)(9)(D). Since Charlestown is not relying on a current version of the Bankruptcy Code, it is no surprise that Charlestown completely failed to address in its confirmation brief how the Amended Plan actually complies with section 1129(a)(9)(D). The truth is that the Amended Plan blatantly violates section 1129(a)(9)(D) in at least two regards. First, the Amended Plan provides for payments to be made to the County over a period of years, whereas nonpriority unsecured claims will be paid in full with interest on the effective date of the Amended Plan. Therefore, the Amended Plan violates section 1129(a)(9)(C)(iii). Second, the Amended Plan seeks to pay the County over a period of four years from the effective date of the Amended Plan. Even if one assumes an effective date of March 1, 2011, payments would stretch out through or beyond December 31, 2014. The Petition Date is March 27, 2009. Even if nonpriority unsecured claims are not paid anything at all, section 1129(a)(9)(C)(ii) unambiguously provides that the period in which payments are made to the County cannot end later than March 27, 2014. Therefore, the Amended Plan clearly violates section 1129(a)(9)(C)(ii) as well.

When preparing its proposed plan, Charlestown tried to circumvent its conscious violation of the Bankruptcy Code by stating that the treatment of the County's secured tax claims will be "in accordance with" the Settlement Agreement. However, in part because Charlestown ignores the existence of section 1129(a)(9)(D), Charlestown offers no authority, and the County submits that

no authority exists, to support the position that a plan proponent can violate the Bankruptcy Code merely because a claimant has consented to alternative treatment under another proponent's plan.

The only place Charlestown even mentions the County's claims in its confirmation brief is in one sentence on page 17 when Charlestown alleges that each class consisting of the County's secured tax claims "constitutes an impaired consenting class in many of the subsidiary level debtors due to its plan support agreement approved by the Court." In truth, the County voted to accept the Debtors' plan and to reject Charlestown's Amended Plan, and Charlestown offers no authority whatsoever for the position that the County's votes in favor of the Debtors' plan also constitute votes in favor of Charlestown's Amended Plan.

Charlestown simply ignores the fact that in the Settlement Agreement the Debtors and the County negotiated the following provision, among others, which is paragraph 6(f): "The County waives its right to object pursuant to section 1129(a)(9)(C)(iii) of the Bankruptcy Code to the treatment afforded to nonpriority unsecured claims under the Plan." The Settlement Agreement specifically defined the term "Plan" to mean "the First Amended Plan, as it may be amended or modified from time to time." The Debtors negotiated paragraph 6(f) because it confirmed that the County accepted the Debtors' proposed treatment of its Secured claims notwithstanding section 1129(a)(9)(C)(iii) and (D), which otherwise would require treatment of the County's claims "in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan" other than convenience class claimants.

There is nothing in the Settlement Agreement to suggest that the County has agreed to similar treatment or waived section 1129(a)(9)(C)(iii) with regard to any other proponents' plan. To the contrary, the terms of the Settlement Agreement are clear that the County has agreed to waive its treatment under 1129(a)(9)(C)(iii) and (D) only as to the Debtors' Plan, not as to Charlestown's Amended Plan. The County and the Debtors pointed out this obvious flaw multiple times when Charlestown was seeking approval of its disclosure statement and had an opportunity to amend the treatment of the County's claims, but Charlestown has steadfastly failed to recognize the County's rights. Because Charlestown's Amended Plan clearly and blatantly violates sections 1129(a)(9)(D), Charlestown's request for confirmation of the Amended Plan must be denied.

### III

### RESERVATION OF RIGHTS

The County expressly reserves its rights to supplement and amend this Objection, seek discovery with respect to same, and introduce evidence at any hearing relating to this Objection. The County also expressly reserves its right to object to confirmation of the Amended Plan on any additional grounds and/or to incorporate any objections filed by other parties with respect thereto.

### V.

### CONCLUSION

The Amended Plan's clear violation of 11 U.S.C. § 1129(a)(9)(C)(ii) and (iii) and (D), and Charlestown's failure to even acknowledge the existence of those sections in the brief in which it was supposed to demonstrate to the Court that its plan satisfies all of the requirements of section 1129(a), is inexcusable. Simply, Charlestown's Amended Plan violates the Bankruptcy Code and Charlestown's request for confirmation of the Amended Plan must be denied.

**WHEREFORE**, the County of Los Angeles Tax Collector respectfully requests that .the Court deny the Confirmation of Charletown's Amended Plan.

Dated: December 30, 2010     Respectfully submitted,

**STECKBAUER WEINHART JAFFE, LLP**

By: */s/ Barry S. Glaser*
    Barry S. Glaser
    Jacquelyn H. Choi
    Attorneys for County of Los Angeles Tax Collector



| In re: | CHAPTER: 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC., et al. | |
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK (Jointly Administered) |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Sixth Floor, Los Angeles, California 90071-1406.

A true and correct copy of the foregoing document described as **OBJECTION BY THE COUNTY OF LOS ANGELES TAX COLLECTOR TO CONFIRMATION OF CHARLESTOWN CAPITAL ADVISORS, LLC'S AND HARTLAND ASSET MANAGEMENT CORPORATION'S FOURTH AMENDED PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL.; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 30, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

- Michael C Abel    mca@dgdk.com
- Robert Abiri    rabiri@abiriszeto.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Christopher J Bagnaschi    cb@cjblaw.com
- John J Bingham    jbingham@dgdk.com
- William C Bollard    eal@jbblaw.com, kmg@jbblaw.com;dritchie@jbblaw.com;william@jbblaw.com
- Peter Bonfante    peterbonfante@bsalawfirm.com
- Julia W Brand    JBrand@bhfs.com
- Jennifer L Braun    jennifer.l.braun@usdoj.gov
- Martin J Brill    mjb@lnbrb.com
- Andrew W Caine    acaine@pszyjw.com
- Howard Camhi    hcamhi@ecjlaw.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg    jcarlberg@boselaw.com
- Sara Chenetz    chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi    jchoi@swjlaw.com
- Carol Chow    CChow@Stutman.com
- Ronald R Cohn    rcohn@horganrosen.com
- Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa    mcorrea@jonesday.com
- Emily R Culler    eculler@stutman.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis    sdavis@coxcastle.com
- Aaron De Leest    aed@dgdk.com

20002.023/62921.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009
[KFOX\BANKR\525680.1]

F 9013-3.1

- Daniel Denny    ddenny@gibsondunn.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Marina Fineman    mfineman@stutman.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney    dgaffney@swlaw.com
- Thomas M Geher    tmg@jmbm.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser    bglaser@swjlaw.com
- Gabriel I Glazer    gglazer@stutman.com
- Matthew A Gold    courts@argopartners.net
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com
- John A Graham    jag@jmbm.com
- Ofer M Grossman    omglaw@gmail.com
- Jodie M Grotins    jgrotins@mcguirewoods.com
- Peter J Gurfein    pgurfein@lgbfirm.com
- Cara J Hagan    carahagan@haganlaw.org
- Asa S Hami    ahami@sulmeyerlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling    rhessling@dgdk.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer    wkiekhofer@mcguirewoods.com
- Andrew F Kim    kim-a@blankrome.com
- Michael S Kogan    mkogan@ecjlaw.com
- Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau    lew@landaunet.com
- Leib M Lerner    leib.lerner@alston.com
- Matthew A Lesnick    matt@lesnicklaw.com
- David E Leta    dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon    slinkon@rcolegal.com
- Robert M Llewellyn    michael.llewellyn@boe.ca.gov
- Richard Malatt    rmalatt@gmail.com
- Elmer D Martin    elmermartin@gmail.com
- Elissa Miller    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar    amuhtar@sulmeyerlaw.com
- Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince    cprince@lesnickprince.com
- Michael H Raichelson    mhr@cabkattorney.com

20002.023/62921.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: | CHAPTER: 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC. | |
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

- Dean G Rallis Jr   drallis@sulmeyerlaw.com
- Kurt Ramlo   kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED -   cmr@lnbrb.com
- Daniel H Reiss   dhr@lnbrb.com
- Michael B Reynolds   mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards   jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley   tgarza@sierrafunds.com
- Martha E Romero   Romero@mromerolawfirm.com
- Victor A Sahn   vsahn@sulmeyerlaw.com
- Steven J Schwartz   sschwartz@dgdk.com
- Kenneth J Shaffer   jshaffer@stutman.com
- Zev Shechtman   zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano   dshemano@pwkllp.com
- Jeffrey S Shinbrot   jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu   sshiu@swlaw.com
- Daniel H Slate   dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni   surjit@sonilaw.com, teresa@sonilaw.com
- Bennett L Spiegel   blspiegel@jonesday.com
- Tracie L Spies   tracie@haganlaw.org
- James Stang   jstang@pszjlaw.com
- Catherine Steege   csteege@jenner.com
- Derrick Talerico   dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford   jtedford@dgdk.com
- Damon Thayer   dthayer@jenner.com
- James A Timko   jtimko@allenmatkins.com
- Alan G Tippie   atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian   rvarozian@bzlegal.com
- Jason L Weisberg   jason@gdclawyers.com
- William E Winfield   wwinfield@nchc.com
- Jasmin Yang   jyang@swlaw.com

☐ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On December 30, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**
The Honorable Kathleen Thompson
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 305
Woodland Hills, CA 91367-6606

**Via U.S. Mail**
Debt Acquisition Company of America V, LLC
1565 Hotel Circle South
Suite 310

**Via Federal Express**
The Honorable Victoria Kaufman
U.S. Bankruptcy Court
Roybal Federal Bldg., Crtrm 1675
255 E. Temple Street
Los Angeles, CA 90012

**Via U.S. Mail**
David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

20002.023/62921.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    F 9013-3.1

| In re: | CHAPTER: 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC. | |
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

San Diego, CA 92108

**Via U.S. Mail**
Arthur J Hazarabedian
California Eminent Domain Law Group
3429 Ocean View Blvd Ste L
Glendale, CA 91208

**Via U.S. Mail**
Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024

**Via U.S. Mail**
Larry E Wasserman
Law Offices of Larry E Wasserman
12800 Riverside Dr, 3rd fl
Studio City, CA 91607

**Via U.S. Mail**
Jenner & Block LLP
Jenner & Block LLP
633 West 5th Street
Suite 3500
Los Angeles, CA 90071

**Via U.S. Mail**
Georgiana G. Rodiger
Rodiger Law Office
272 South Los Robles Avenue
Pasadena, CA 91101

**Via U.S. Mail**
Kibel Green Inc
2001 Wilshire Blvd Suite 420
Santa Monica, CA 90403

**Via U.S. Mail**
Michael Portner
Portner Law Offices
900 Wilshire Blvd Ste 1115
Los Angeles, CA 90017

**Via U.S. Mail**
SCS Flooring Systems
C/O Raymond Myer Esq
1220 1/2 State St
Santa Barbara, CA 93101

**Via U.S. Mail**
Ronald Orr
Ronald Orr & Professionals, Inc.
578 Washington Blvd., #389
Marina Del Rey, CA 90292

**Via U.S. Mail**
Michael L Marx
Jenkins Goodman Neuman & Hamilton
417 Montgomery St 10th Fl
San Francisco, CA 94104

**Via U.S.Mail**
Patrick J Stark
Ford Walker Haggerty & Behar
1 World Trade Ctr 27th Fl
Long Beach, CA 90831

☐ Service Information continued on attached page.

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 30, 2010 | Patricia Dillamar | /s/ Patricia Dillamar |
|---|---|---|
| Date | Type Name | Signature |

20002.023/62921.11 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1