JENNER & BLOCK LLP
Kenneth K. Lee  (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone:  213-239-5100
Facsimile:  213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin  (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone:  212-891-1600
Facsimile:  212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA  90292
Telephone:  310-301-4839
Facsimile:  310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California  91101
Telephone:  626-793-7264
Facsimile:  626-793-7592
crodiger@rodigerlaw.com

Bankruptcy Attorneys for
Official Equity Committee

# UNITED STATES BANKRUPCTY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES INC., et al.<br><br>Debtors.<br><br>☑    Affects all Debtors | CASE NO. 09-bk- 13356-VK<br><br>Chapter 11<br>**EQUITY COMMITTEE'S NOTICE OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL DEBTORS TO PRODUCE DOCUMENTS AND PRODUCE PRIVILEGE LOGS; DECLARATION OF GEORGIANA G. RODIGER IN SUPPORT THEREOF**<br><br>**[No Hearing Required]** |

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTORS AND THEIR COUNSEL, AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that pursuant Local Bankruptcy Rules 9075-1(b)(1) and 9013-1 the Official Committee of Equity Holders (the "Equity Committee") of the bankruptcy estates of Meruelo Maddux Properties, Inc. et al. [1] (collectively, the "Debtors"), will and does hereby bring this *ex parte* application for an order:

1. Finding that good cause exists for granting this *ex parte* application for a hearing on shortened time for the Equity Committee's Motion to Compel Debtors to produce:

   a. All documents in response to the Equity Committee's Request for Documents served on Debtors on November 5, 2010 (Dkt. 2148) (except for Request #6 which was subsumed by the Joint Rule 34 Confirmation Document Request to Debtors served 11/18/10);

   b. Debtors' privilege log in response to the Joint Rule 34 Confirmation Document Request to Debtors (Set One) served 11/18/10; and

   c. All documents and privilege log in response to the Official Equity Committee's Confirmation Document Request to Debtors served 12/29/10 for production on 1/7/11;

2. Shortening time for the hearing of the Equity Committee's Motion to Compel;

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-KT; 1:09-bk- 13358-KT; 1:09-bk-13359-KT; 1:09-bk-13360-KT; 1:09-bk- 13361-KT; 1:09-bk-13362-KT; 1:09-bk- 13363-KT; 1:09-bk-13364-KT; 1:09-bk- 13365-KT; 1:09-bk-13366-KT; 1:09-bk-13367-KT; 1:09-bk-13368-KT; I:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; :09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk- 13378-KT; I:09-bk- 13379-KT; 1:09-bk- 13380-KT; 1:09-bk-13381-KT; I:09-bk-13382-KT; 1:09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1:09-bk- 13386-KT;1:09-bk- 13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-28 KT; 1:09-bk-13400-KT;1:09-bk-13401-KT; 1:09-bk-13402-KT; I:09-bk- 13403-KT; 1:09-bk-13404.

3. Authorizing service of notice of the hearing on the Motion to Compel pursuant to the procedures described in the memorandum of points and authorities appended hereto;

4. Determining that such notice is appropriate under the circumstances presented; and

5. Setting appropriate deadlines, if any, for filing with the Court, and the actual receipt by the Equity Committee's counsel, of any opposition to the Motion.

The Equity Committee requests that the Court set a hearing on this Motion to Compel on January 10, 2011 at 2:00 p.m. or as soon as possible.

DATED: January 6, 2011

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By: ___/s/ Georgiana G. Rodiger_____
    Attorney for Official Equity Committee

**I.**

**MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. Introduction

The Equity Committee, through this *ex parte* application, seeks an order shortening time for the hearing of the Equity Committee's Motion to Compel Debtors to produce:

    a. All documents in response to the Equity Committee's Request for Documents served on Debtors on November 5, 2010 (Dkt. 2148) (except for Request #6 which was subsumed in the Joint Rule 34 Confirmation Document Request to Debtors served 11/18/10);

    b. Debtors' privilege log in response to the Joint Rule 34 Confirmation Document Request to Debtors (Set One) served 11/18/10; and

    c. All documents and privilege log in response to the Official Equity Committee's Confirmation Document Request to Debtors served 12/29/10 for production on 1/7/11.

To date, Debtors have not produced any documents or response to the Equity Committee's Request for Documents served on Debtors on November 5, 2010 (Dkt. 2148) (except for Request #6 which was subsumed in the Joint Rule 34 Confirmation Document Request to Debtors served 11/18/10.) Rodiger Declaration ( "RD") ¶2.

At the hearing on December 10, 2010 this Court ruled that Debtors had to respond to the Equity Committee's Request for Documents served on Debtors on November 5, 2010 and produce the responsive documents. RD¶3. Mr. Klausner stated that Debtors would produce in 14 days. *Id.* Ms. Rodiger asked for production in a shorter time since Debtors had been served with the Request on November 5, 2010. *Id.* The Court advised counsel to meet and confer if shorter production was needed for deposition preparation.

The Equity Committee has repeatedly attempted to meet and confer with Debtors on this production which is now long overdue. *Id.* Debtors have not responded at all to recent

1 meet and confer efforts to resolve this informally without the necessity of bringing this
2 motion. *Id.*

3     To date, Debtors have not produced any privilege log in response to the Joint Rule 34
4 Confirmation Document Request to Debtors (Set One) served 11/18/10. RD¶4. Counsel
5 have met and conferred on counsels' willingness to accept category privilege designations to
6 facilitate privilege identifications. *Id.* Debtors have not responded to recent meet and confer
7 efforts to resolve this informally without the necessity of bringing this motion. *Id.*

8     On 12/29/10 the Official Equity Committee served Debtors with the Official Equity
9 Committee's Confirmation Document Request to Debtors requesting production on 1/7/11.
10 RD¶5. Debtors' counsel initially agreed to meet and confer on the requested document
11 production but have been unresponsive to efforts to confirm production on 1/7/11. *Id.* The
12 Equity Committee is concerned that Debtors will not produce as requested on 1/7/11 and the
13 Equity Committee will be forced to take the scheduled depositions of Mr. Murray, Mr.
14 Meruelo, Mr. Maddux, and other deponents set for next week without those documents.
15 Debtors have not responded to recent meet and confer efforts to resolve this informally
16 without the necessity of bringing this motion. *Id.*

17     A true and correct copy of the Motion to Compel is attached hereto as Exhibit 1.
18 RD¶6.

19     True and correct copies of the Joint Rule 34 Confirmation Document Request to
20 Debtors (Set One) served 11/18/10 and the Official Equity Committee's Confirmation
21 Document Request to Debtors served 12/29/10 for production on 1/7/11 are attached to the
22 Rodiger Declaration. RD¶7.

23     It is now January 5, 2011. The deposition discovery cut-off date is January 14, 2011.
24 The Equity Committee still does not have the documents requested November 5, 2010 or a
25 privilege log, the Debtors' privilege log on the document request served 11/18/10 or any
26 assurance that Debtors will produce documents in response to the Equity Committee's
27 Confirmation Document Request on 1/7/11. To date, for numerous reasons including
28 problems scheduling over the holidays, and, in one instance, illness of Equity Committee's

counsel on the date of the scheduled deposition, none of Debtors' witnesses have been deposed.[2] All of Debtors' witnesses are scheduled to be deposed by January 14, 2011. The Equity Committee respectfully requests that this Court issues an order compelling Debtors to make the mandatory productions and provide the privilege logs immediately so that the confirmation discovery can be completed in the time ordered by this Court.

## II.

## ARGUMENT

### 1. The Court Should Shorten Time For The Hearing On This Motion.

Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-emergency motion be heard on notice shorter than would otherwise be required by these rules … The application may be granted for good cause shown in accordance with this rule."

Good cause exists to set a hearing on this Motion on shortened notice because the parties are under a very tight confirmation schedule and further delays will cause extreme prejudice to the Equity Committee.

The next hearing date when the parties will be before the Court is January 10, 2011. Judicial intervention is needed to require the Debtors to comply with their discovery obligations to the Equity Committee.

### 2. Proposed Hearing Date and Time; Notice and Service Requirements.

The Equity Committee requests that the Court set a hearing on this Motion for January 10, 2011 or as soon as possible. The Equity Committee also requests that the Court approve the following with respect to the service of notice of the hearing on the Motion:

1. As soon as practicable after the Court informs the Equity Committee's counsel of the date and time of the hearing, the Equity Committee will electronically serve notice of the hearing of the Motion on the Office of the United States Trustee's

---

[2] The deposition of witness Phillip Payne has already occurred. Debtors have maintained that Mr. Payne is not a party witness but an independent director and refused to accept service on his behalf. Nevertheless, the counsel that represented Mr. Payne at his deposition also represents the Debtors in these cases.

attorney and Debtor's counsel and counsel for the Unsecured Creditors' Committee appointed in these cases.

2. The Equity Committee will file its notice of hearing of the Motion with the Court, thereby effectuating service of notice on all parties who have filed requests for electronic notices in these cases.

3. The Equity Committee will specify in the notice of hearing that any oppositions to the Motion may be presented at the time of the hearing.

## III.

## **CONCLUSION**

The Equity Committee respectfully requests that this Court grant this *ex parte* application for an order shortening time for the hearing of the Equity Committee's Motion to Compel, authorize service of notice of the hearing on the Motion as described herein, determine that such notice is appropriate under the circumstances, and set appropriate deadlines with present to the presentation of any oppositions to the Motion. The Equity Committee also requests such further relief as the Court deems just and proper.

DATED: January 6, 2011

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By: ___/s/ Georgiana G. Rodiger_____
        Attorney for Official Equity Committee

## **DECLARATION OF GEORGIANA G. RODIGER**

Georgiana G. Rodiger declares:

1. I am an attorney at law duly licensed to practice before all Courts in the State of California and am a member of the Bar of this Court. I am one of the attorneys representing the Official Equity Holder's Committee in the above-referenced case. The matters set forth in this declaration are within my personal knowledge unless stated to be based upon information and belief. Each such matter is true and correct, and if called as a witness under oath, I could and would testify to the truth thereof.

2. To date, Debtors have not produced any documents or response to the Equity Committee's Request for Documents served on Debtors on November 5, 2010 (Dkt.2148) (except for Request #6 which was subsumed in the Joint Rule 34 Confirmation Document Request to Debtors served 11/18/10).

3. At the hearing on December 10, 2010, I was present when this Court ruled that Debtors had to respond to the Equity Committee's Request for Documents served on Debtors on November 5, 2010, and produce the responsive documents. Mr. Klausner, counsel to the Debtors, stated that Debtors would produce in 14 days. I asked for production in a shorter time since Debtors had been served with the Request on November 5, 2010. On behalf of the Equity Committee, I have repeatedly attempted to meet and confer with Debtors on this production, which is now long overdue. Debtors have not responded at all to my recent meet and confer efforts to resolve this informally without the necessity of bringing this motion.

4. To date, Debtors have not produced any privilege log in response to the Joint Rule 34 Confirmation Document Request to Debtors (Set One) served 11/18/10. I have stated both in court and outside of court to Debtors' counsel in meet and confer efforts that the Equity Committee is willing to accept category privilege designations to facilitate privilege identifications. Debtors have not responded to my recent meet and confer efforts to resolve this informally without the necessity of bringing this motion. Those efforts have consisted of communications including the following:

- An inquiry by the Equity Committee on December 21, 2010, as to when Debtors would produce documents responsive to the Equity Committee's 11/18/10 document request. Debtors responded the following day be promising to provide responses "by the middle of next week." Debtors failed to do so.

- An inquiry by the Equity Committee on December 21, 2010 – the day after the privilege log was due – as to when Debtors would produce the privilege log. Debtors responded the following day be promising to produce the privilege log "by the middle of next week." Debtors failed to do so.

- An inquiry by the Equity Committee on December 28, 2010, as to when Debtors would produce documents responsive to the 11/18/10 document request and the privilege log. Debtors responded that they would "get back to" the Equity Committee regarding the document request and did not respond regarding the privilege log.

- An inquiry by the Equity Committee on January 3, 2011, as to the status of the 11/18/10 document request production and the privilege log. Debtors failed to respond.

5. On 12/29/10 the Official Equity Committee served Debtors with the Official Equity Committee's Confirmation Document Request to Debtors requesting production on 1/7/11. Debtors' counsel initially agreed to meet and confer on the requested document production but have been unresponsive to efforts to confirm production on 1/7/11. Those efforts have consisted of communications including the following:

- Debtors responded to the 12/29/10 document request by promising that they would "review this with our client and get back to you." Debtors failed to do so.

- An inquiry by the Equity Committee on January 3, 2011, in the same communication described in the above paragraph as to the status of the 12/29/10 document request production. Debtors failed to respond.

The Equity Committee is concerned that Debtors will not produce as requested on 1/7/11 and that the Equity Committee will be forced to take the scheduled depositions of Mr. Murray, Mr. Meruelo, Mr. Maddux, and other deponents set for next week without those documents. Debtors have not responded to my recent meet and confer efforts to resolve this informally without the necessity of bringing this motion.

6. A true and correct copy of the Motion to Compel is attached hereto as Exhibit 1.

7. True and correct copies of the Joint Rule 34 Confirmation Document Request to Debtors (Set One) served 11/18/10 and the Official Equity Committee's Confirmation Document Request to Debtors served 12/29/10 for production on 1/7/11 are attached hereto as Exhibits 2 and 3, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of January, 2010 at Pasadena, California.

By: __/s/ Georgiana G. Rodiger _____