1 | JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
2 | ENID M. COLSON (State Bar No. 189912)
*EColson@DGDK.com*
3 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
4 | Los Angeles, California 90067-2904
Telephone: (310) 277-0077
5 | Facsimile: (310) 277-5735

6 | GARY E. KLAUSNER (State Bar No. 69077)
*GKlausner@Stutman.com*
7 | STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
8 | 1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067-6013
9 | Telephone: (310) 228-5600
Facsimile: (310) 228-5788

10 |

11 | Attorneys for Meruelo Maddux Properties, Inc., and
affiliated Debtors and Debtors-in-Possession

12 | **UNITED STATES BANKRUPTCY COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | **SAN FERNANDO VALLEY DIVISION**

15 | In re                                                    ) Case No. 1:09-bk-13356-VK
                                                          )
16 | MERUELO MADDUX PROPERTIES,        ) Chapter 11 (Jointly Administered)
INC., et al.,[1]                                      )
17 |                                                           ) ***EX PARTE* APPLICATION FOR ORDER**
             Debtors and Debtors-in-            ) **SHORTENING TIME ON DEBTORS'**
18 |             Possession.                            ) **MOTION FOR (1) APPROVAL OF**
                                                          ) **SETTLEMENT WITH LEGENDARY**
19 | _____      ) **INVESTORS GROUP NO. 1, LLC,**
                                                          ) **(2) AUTHORITY TO ASSUME AND ASSIGN**
     ☑  Affects all Debtors                     ) **EXECUTORY CONTRACTS AND**
20 |                                                        ) **UNEXPIRED LEASES, AND**
     ☐  Affects the following Debtors:    ) **(3) AUTHORITY TO AMEND DEBTORS'**
21 |                                                        ) **PROPOSED CHAPTER 11 PLAN; AND**
                                                          ) **DECLARATION OF JOHN N. TEDFORD, IV,**
22 |                                                        ) **IN SUPPORT THEREOF**
                                                          )
23 |                                                        )
                                                          )
24 |                                                        ) [No hearing required pursuant to Local
                                                          ) Bankruptcy Rule 9075-1(b)]
25 | _____      )

26 |

27 | _____
          [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated
entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-
28 | 13434-VK; and 1:09-bk-13439-VK.

1  The above-captioned debtors and debtors-in-possession (collectively the "Debtors") hereby

2  apply on an *ex parte* basis for an order:

3      1.      shortening the time for a hearing on the Debtors' *Motion for (1) Approval of*

4  *Settlement with Legendary Investors Group No. 1, LLC, (2) Authority to Assume and Assign*

5  *Executory Contracts and Unexpired Leases, and (3) Authority to Amend Debtors' Proposed*

6  *Chapter 11 Plan* (the "Settlement Motion") filed concurrently herewith;

7      2.      authorizing service of notice of the hearing on the Settlement Motion pursuant to the

8  procedures described in the memorandum of points and authorities appended hereto;

9      3.      determining that such notice is appropriate under the circumstances presented;

10     4.      setting appropriate deadlines for filing with the Court, and the actual receipt by the

11 Debtors' counsel, of any objections to the Settlement Motion; and

12     5.      setting appropriate deadlines for filing with the Court, and the actual receipt by

13 counsel for the opposing party or parties, of any reply filed in support of the Settlement Motion.

14     The Debtors are requesting that the Court set a hearing on the Settlement Motion on

15 **January 21, 2011, at 2:30 p.m.**, or at such other time as is convenient to the Court.  Concurrently

16 herewith, the Debtors are lodging a proposed order granting the relief requested in this *ex parte*

17 application, a copy of which order is attached as Exhibit "2" hereto.

18

19 Dated: January 14, 2011                DANNING, GILL, DIAMOND & KOLLITZ, LLP

20

21                                        By:  _____

22                                             John N Tedford, IV
                                             Attorneys for Meruelo Maddux Properties,
23                                             Inc., and affiliated Debtors and Debtors-in-
                                             Possession

24

25

26

27

28

364159.02 [XP]    25195

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### BRIEF STATEMENT OF FACTS

On March 26 and 27, 2009, Meruelo Maddux Properties, Inc. ("MMPI"), and fifty-three of MMPI's direct and indirect subsidiaries (collectively the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Code"). Collectively, the Debtors own and operate numerous industrial and commercial properties and multi-unit apartment buildings in downtown Los Angeles and surrounding areas, and are believed to be the largest non-government land owner in downtown Los Angeles.

Prior to March 27, 2009, certain of the Debtors obtained loans from East West Bank ("EWB"). Each loan was secured by real property owned by the Debtor that was the borrower under the loan. With regard to two of the loans, a Debtor who was not a borrower subsequently pledged certain real property it owns as additional collateral. As of the Petition Date, each of the loans was guarantied by MMPI or MMPLP, or both. In mid-2009, EWB's interests in the loans and security interests in the Debtors' properties were assigned to Legendary Investors Group No. 1, LLC ("Legendary"). As a result of these transactions, Legendary has, among other things, liens or claims of liens against real properties owned by certain Debtors and unsecured guaranty claims against MMPI's and MMPLP's estates. Legendary, together with EWB, has filed a competing Chapter 11 plan of reorganization in this case.

Concurrently, the Debtors are filing a motion for approval of a global settlement between MMPI, Meruelo Maddux Properties, L.P. ("MMPLP"), Meruelo Maddux – 3rd & Omar Street, LLC ("MM 3rd & Omar"), Meruelo Maddux – 420 Boyd Street, LLC ("MM 420 Boyd"), Merco Group – 1500 Griffith Avenue, LLC ("MG 1500 Griffith"), Merco Group – 4th Street Center, LLC ("MG 4th Street"), Merco Group – 425 West 11th Street, LLC ("MG 425 W. 11th"), Merco Group – 620 Gladys Avenue, LLC ("MG 620 Gladys"), Meruelo Maddux – 336 W. 11th Street, LLC ("MM 336 W. 11th"), Merco Group – Little J, LLC ("MG Little J"), and Merco Group, LLC ("Merco Group") (collectively the "Settling Debtors"), on the one hand, and Legendary, on the

1  other hand (the "Settlement Motion"). The Settlement Motion also requests, among other things,

2  authority to assume and assign certain executory contracts and unexpired leases, and for authority

3  to modify the Debtors' proposed plan of reorganization. If the Settlement Motion is heard on

4  regular notice, an order approving the settlement cannot be entered prior to the date by which such

5  an order must be entered under the terms of the Settlement, which is the earlier of (1) the date on

6  which the confirmation hearing commences (currently January 26, 2011) or (2) January 31, 2011.

7        The Debtors request that the Court hear the Settlement Motion on **January 21, 2011, at**

8  **2:30 p.m.**, or such other date convenient to the Court but sufficiently prior to January 26, 2011, that

9  the Settlement Motion can be heard, and an order thereon entered, prior to January 26, 2011.

10

11                           II.

12             THE DEBTORS' PROPOSED SETTLEMENT

13                    WITH LEGENDARY

14        Subject to Court approval, the Settling Debtors have agreed to a settlement of all disputes

15  arising out of or relating to, among other things, Legendary's claims against the Settling Debtors'

16  estates (the "Settlement"). The Settlement has been approved unanimously by the Board of

17  Directors and is memorialized in a settlement agreement attached as Exhibit "1" to the Declaration

18  of Richard Meruelo appended to the Settlement Motion. Without limiting or altering the terms the

19  detail in the settlement agreement, the terms of the Settlement are summarized as follows:[2]

20        1.      The transaction contemplated by the Settlement must close by no later than the

21  "Closing Date" which is defined to mean the date that is no later than ten business days after entry

22  of the order approving the Settlement and not subject to a stay of enforcement but no later than ten

23  business days after the "Outside Approval Date," which is the earlier of (a) January 31, 2011, and

24  (b) the date on which the Court commences the plan confirmation hearing.

25  ///

26  _____

27      [2] In the event that there is any discrepancy between the terms set forth in the settlement
documents and the terms described below, the terms in the settlement documents will control.

28

364159.02 [XP]    25195

1    2.    No later than the Closing Date, the Settling Debtors will make a payment in kind to

2  Legendary in full, final and complete satisfaction of all obligations by conveying to Legendary all

3  right, title and interest of certain of the Settling Debtors referred to as the "Conveying Debtors" in

4  real property referred to as the "Transferred Properties."[3]

5    3.    The Transferred Properties will be conveyed to Legendary on an "as-is" basis,

6  without representations or warranties except those expressly made in the Settlement Agreement.

7    4.    Unexpired leases and executory contracts relating to the Transferred Properties will

8  be assumed by the Conveying Debtors and assigned to Legendary.

9    5.    Upon Closing, the Conveying Debtors will pay all prepetition real property taxes in

10  full.  Real property taxes for the current tax year will be prorated.

11    6.    The following Settling Debtors' real properties in which Legendary presently has a

12  security interest will not be conveyed to Legendary, and Legendary will release and reconvey its

13  liens against all of the following Settling Debtors' real properties:  (a) MG 425 W. 11th; (b) MM

14  336 W. 11th; and (c) MG Little J.  Legendary also will release and reconvey its liens and security

15  interests in all personal property of the Settling Debtors.

16    7.    Legendary will consent to Merco Group withdrawing the balance of funds in East

17  West Bank account number 80360027, approximately $25,000, and applying such funds towards

18  the Settling Debtors' obligations under the Settlement.

19    8.    Within two business days after the Closing, Legendary will, among other things:

20    a.    withdraw or dismiss any and all litigation pending in the Bankruptcy Court

21  or any other court in which Legendary and any of the Debtors are adverse to each other, including

22  Legendary's objection to confirmation of the Debtors' Plan;

23    b.    withdraw all of its proofs of claims filed in the Debtors' cases;

24  ///

25

26    [3] The Conveying Debtors are:  (a) MM 3rd & Omar; (b) MM 420 Boyd; (c) MG 1500
Griffith; (d) MG 4th Street; (e) MG 620 Gladys; and (f) Merco Group (both the SCI-Arc Property
27  and the Sky-Arc Property).  The Transferred Properties consist of the real properties owned by the
Conveying Debtors that are subject to Legendary's liens.

28

364159.02 [XP]    25195

1          c.     withdraw all pending objections filed by Legendary to any claim filed in the

2    Debtors' cases; and

3          d.     withdraw the Chapter 11 plan jointly proposed by Legendary and EWB.

4       9.     To the extent that adequate protection liens have arisen or may arise in favor of

5    Legendary pursuant to the Court's orders authorizing the use of cash collateral, such liens will be

6    waived, released and discharged.

7       10.     Except with regard to the obligations provided in or arising out of the Settlement

8    Agreement, the Settling Debtors, on the one hand, and Legendary, on the other hand, will exchange

9    mutual releases of all known and unknown claims.

10

11    III.

12    THE COURT SHOULD SHORTEN TIME FOR THE

13    HEARING ON THE SETTLEMENT MOTION

14         Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-

15    emergency motion be heard on notice shorter than would otherwise be required by these rules. . . .

16    The application may be granted for good cause shown in accordance with this rule." Ordinarily, a

17    motion seeking the relief sought in the Settlement Motion must be filed and served at least 21 days

18    prior to the hearing. *See* Local Bankr. Rule 9013-1(d)(2). A hearing on regular notice before this

19    Court could not take place prior to January 26, 2011.

20         Cause exists to set a hearing on the Settlement Motion on January 20, 2011. The proposed

21    Settlement provides that an order approving the Settlement must be entered by the date on which

22    the plan confirmation hearing commences or January 31, 2011, whichever is earlier. In light of the

23    significant benefit of the Settlement to the estates and the impact that the Settlement will have on

24    the confirmation proceedings, it is imperative that the Settlement Motion be heard soon enough

25    prior to January 26, 2011, that an order approving the settlement can be entered before such date.

26    The Debtors have acted diligently in making this request because the Settlement Motion and the

27    within *ex parte* application are being filed the same day that all of the settlement documents were

28    executed.

364159.02 [XP]    25195

IV.

PROPOSED HEARING DATE AND TIME;

NOTICE AND SERVICE REQUIREMENTS

The Debtors request that the Court set a hearing on the Settlement Motion on **January 21, 2011, at 2:30 p.m.**  In order to afford parties adequate notice of the relief sought in the Settlement Motion, a copy of the Settlement Motion, the separate declaration of Dilip Bhavnani in support of the Settlement Motion, the separate request for judicial notice in support of the Settlement Motion, and this *ex parte* application is being served by overnight delivery on all non-debtor parties to the executory contracts and unexpired leases to be assumed and assigned.  Rather than request that the documents be delivered on the next business day, the Debtors are directing the delivery service to attempt to deliver the documents on Saturday, January 15, 2011.  If such delivery is not possible (for example, because the recipient's business is closed), service will be attempted on Monday, January 17, 2011.  At the latest, the document will be delivered by the delivery service on Tuesday, January 18, 2011.  Delivery of hard copies of such documents on parties involved in this case is not necessary because those parties will be served automatically by the Court upon receipt of an NEF. The Debtors believe that such service of the Settlement Motion and related papers and this *ex parte* application gives parties in interest sufficient notice of the hearing and other deadlines to be set by the Court.

The Debtors also request that the Court approve the following with respect to the service of notice of the hearing of the Settlement Motion:

1.    As soon as practicable after the Court informs the Debtors' counsel of the date and time of the hearing, the Debtors will provide telephonic notice of the date and time of the hearing on all counter-parties to the executory contracts and unexpired leases to be assumed and assigned to Legendary, where telephone numbers for such parties are known to the Debtors.

2.    As soon as practicable after the Court informs the Debtors' counsel of the date and time of the hearing, the Debtors will cause to be served by personal delivery, facsimile, overnight delivery, or electronic mail if expressly authorized by the recipient, a written notice of hearing on all counter-parties to the executory contracts and unexpired leases to be assumed and assigned to

- 7 -

1  Legendary.  The notice will be promptly filed with the Court, thereby effecting service through the

2  Court's CM/ECF system on all other parties in interest.

3       3.       The Debtors will specify in the notice of hearing that written oppositions to the

4  Settlement Motion must be filed with the Court, and served on the Debtors' counsel so that they are

5  received by the Debtors' counsel, by no later than noon on January 20, 2011.

6       4.       The Debtors will specify in the notice of hearing that an optional reply brief may be

7  filed by the Debtors and other parties wishing to support the Settlement Motion and served on any

8  parties that oppose the Settlement Motion by no later than 10:00 a.m. on January 21, 2011.

9

10                                      V.

11                                 CONCLUSION

12       For the foregoing reasons, the Debtors request that the Court issue an order shortening time

13  for the hearing on the Settlement Motion, authorizing service of notice of the hearing as described

14  herein, determining that such notice is appropriate under the circumstances, and setting appropriate

15  deadlines with respect to the presentation of oppositions to and replies in support of the Settlement

16  Motion.  The Debtors also request such further relief as the Court deems just and proper.

17

18  Dated: January 14, 2011                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

19

20                              By:   _____

21                                    John N. Tedford, IV
                                      Attorneys for Meruelo Maddux Properties,
22                                    Inc., and affiliated Debtors and Debtors-in-
                                      Possession
23

24

25

26

27

28

                                         - 8 -

## DECLARATION OF JOHN N. TEDFORD, IV

I, John N. Tedford, IV, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts of the State of California and am a member of the Bar of this Court.  I am the principal of a professional corporation which is a partner in the law firm of Danning, Gill, Diamond & Kollitz, LLP, general bankruptcy counsel for Meruelo Maddux Properties, Inc., and fifty-three of its direct and indirect subsidiaries which each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on or about March 26 and 27, 2009 (collectively the "Debtors").

2.      I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

3.      Concurrently, the Debtors are filing a motion for, among other things, approval of a global settlement between certain Debtors and Legendary Investors Group No. 1, LLC.  A true and correct copy of the Debtors' settlement motion (which does not include the separate declaration of Dilip Bhavnani and the separate request for judicial notice filed in support of the motion) is attached as Exhibit "1" hereto.

4.      Paragraph 3(f)(iii) of the proposed settlement agreement provides, among other things, that as a condition to closing an order approving the settlement must be entered by the earlier of (a) January 31, 2011, and (b) the commencement of the hearing on confirmation of the Debtors' and others' proposed Chapter 11 plans.  The hearing currently is scheduled to commence on January 26, 2011.  Under the Court's local rules and calendaring procedures, a hearing on the settlement motion cannot take place prior to either date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 14, 2011, at Los Angeles, California.

JOHN N. TEDFORD, IV

- 9 -

# EXHIBIT 1

1 | JOHN N. TEDFORD, IV (State Bar No. 205537)
  | *JTedford@DGDK.com*
2 | ENID M. COLSON (State Bar No. 189912)
  | *EColson@DGDK.com*
3 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
  | 2029 Century Park East, Third Floor
4 | Los Angeles, California 90067-2904
  | Telephone: (310) 277-0077
5 | Facsimile: (310) 277-5735

6 | GARY E. KLAUSNER (State Bar No. 69077)
  | *GKlausner@Stutman.com*
7 | STUTMAN, TREISTER & GLATT
  | PROFESSIONAL CORPORATION
8 | 1901 Avenue of the Stars, 12th Floor
  | Los Angeles, CA 90067-6013
9 | Telephone: (310) 228-5600
  | Facsimile: (310) 228-5788
10 |
   | Attorneys for Meruelo Maddux Properties, Inc., and
11 | affiliated Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | ) Case No. 1:09-bk-13356-VK |
| | ) |
| MERUELO MADDUX PROPERTIES, | ) Chapter 11 (Jointly Administered) |
| INC., et al.,[1] | ) |
| | ) **NOTICE OF MOTION AND MOTION FOR** |
| Debtors and Debtors-in- | ) **(1) APPROVAL OF SETTLEMENT WITH** |
| Possession. | ) **LEGENDARY INVESTORS GROUP NO. 1,** |
| | ) **LLC, (2) AUTHORITY TO ASSUME AND** |
| ☑ Affects all Debtors | ) **ASSIGN EXECUTORY CONTRACTS AND** |
| | ) **UNEXPIRED LEASES, AND** |
| ☐ Affects the following Debtors: | ) **(3) AUTHORITY TO AMEND DEBTORS'** |
| | ) **PROPOSED CHAPTER 11 PLAN; AND** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES AND DECLARATION OF** |
| | ) **RICHARD MERUELO IN SUPPORT** |
| | ) **THEREOF** |
| | ) |
| | ) Date:  [To be set] |
| | ) Time:  [To be set] |
| | ) Place: Courtroom 301 |
| | )       21041 Burbank Boulevard |
| | )       Woodland Hills, California |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

364337.01 [XP]    25195

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................... - 7 -

II.   STATEMENT OF FACTS ................................................................... - 9 -

    A.    THE DEBTORS' OVERALL BUSINESS MODEL AND
          APPROACH ............................................................................... - 9 -

    B.    THE DEBTORS' COLLECTIVE ORGANIZATION AND
          OPERATIONS ........................................................................ - 10 -

    C.    THE SETTLING DEBTORS' PROPERTIES ............................. - 11 -

        1.    THE REAL PROPERTIES TO BE CONVEYED TO
             LEGENDARY BY THE CONVEYING DEBTORS UNDER
             THE PROPOSED SETTLEMENT ...................................... - 11 -

        2.    THE DEBTORS' REAL PROPERTIES WITH RESPECT
             TO WHICH LEGENDARY'S LIENS WILL BE RELEASED
             UNDER THE SETTLEMENT ........................................... - 14 -

    D.    LEGENDARY'S INTERESTS IN THE SETTLING DEBTORS'
          PROPERTIES .......................................................................... - 16 -

    E.    CLAIMS ASSERTED BY LEGENDARY AGAINST THE
          SETTLING DEBTORS ........................................................... - 17 -

    F.    MOTIONS FOR RELIEF FROM STAY FILED BY LEGENDARY .............. - 18 -

    G.    ADEQUATE PROTECTION AFFORDED TO LEGENDARY IN
          CONNECTION WITH THE DEBTORS' USE OF LEGENDARY'S
          CASH COLLATERAL ........................................................... - 19 -

    H.    TREATMENT OF LEGENDARY'S SECURED CLAIMS UNDER
          THE DEBTORS' PLAN, AND THE SETTLING DEBTORS'
          PROJECTIONS ....................................................................... - 21 -

        1.    TREATMENT OF LEGENDARY'S SECURED CLAIMS
             AND PROJECTIONS IN THE CONVEYING DEBTORS'
             CASES ................................................................................ - 21 -

        2.    TREATMENT OF LEGENDARY'S SECURED CLAIMS
             AND PROJECTIONS IN THE DEBTORS' CASES WHERE
             LEGENDARY WILL RELEASE ITS LIEN UNDER THE
             PROPOSED SETTLEMENT ........................................... - 24 -

    I.    LEGENDARY'S PROPOSED CHAPTER 11 OF
          REORGANIZATION ............................................................... - 25 -

    J.    THE SETTLING DEBTORS' PROPOSED SETTLEMENT WITH
          LEGENDARY ......................................................................... - 25 -

# TABLE OF CONTENTS (cont.)

**Page**

K.   PREPETITION REAL PROPERTY TAXES AGAINST THE
TRANSFERRED PROPERTIES .................................................. - 27 -

III.   ARGUMENT............................................................................ - 28 -

A.   THE COURT IS AUTHORIZED TO APPROVE THE
SETTLEMENT AGREEMENT.............................................. - 28 -

B.   THE PROPOSED SETTLEMENT IS REASONABLE AND IN THE
BEST INTERESTS OF THE ESTATES .......................... - 29 -

C.   THE SETTLING DEBTORS SHOULD BE AUTHORIZED TO
ASSUME AND ASSIGN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES IN ACCORDANCE WITH THE
SETTLEMENT AGREEMENT.............................................. - 33 -

D.   THE SETTLEMENT WILL RESULT IN ONLY NON-MATERIAL
MODIFICATIONS OF THE DEBTORS' PLAN.............................. - 35 -

1.   THE PROPOSED MODIFICATIONS OF THE DEBTORS'
PLAN COMPLY WITH ALL OF THE MANDATORY
PLAN REQUIREMENTS ............................................. - 35 -

2.   THE PROPOSED MODIFICATIONS ARE NOT
MATERIAL, AND CREDITORS AND INTEREST
HOLDERS VOTING TO ACCEPT THE PLAN SHOULD
BE DEEMED TO ACCEPT THE MODIFIED PLAN ......................... - 38 -

E.   WAIVER OF THE 14-DAY STAY ............................................ - 40 -

IV.   CONCLUSION........................................................................ - 41 -

364337.01 [XP]      25195

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Durkin v. Benedor Corp.* (*In re G.I. Industries*),
    204 F.3d 1276 (9th Cir. 2000) .................................................................. 33

*EBG Midtown South Corp. v. McLaren/Hart Environmental Engineering Corp.* (*In re Sanshoe Worldwide Corp.*),
    139 B.R. 585 (S.D.N.Y. 1992) *aff'd*,
    993 F.2d 300 (2d Cir. 1993) .................................................................. 34

*In re A & C Properties*,
    784 F.2d 1377 (9th Cir. 1986), *cert. denied*,
    479 U.S. 854, 107 S. Ct. 189 (1986).................................................... 28

*In re American Solar King Corp.*,
    90 B.R. 808 (Bankr. W.D. Tex. 1988).............................................. 38, 39

*In re Bygaph, Inc.*,
    56 B.R. 596 (Bankr. S.D.N.Y. 1986)................................................. 34

*In re Carla Leather, Inc.*,
    44 B.R. 457 (Bankr. S.D.N.Y. 1984)................................................. 29

*In re W. T. Grant & Co.*,
    699 F.2d 599 (2d Cir. 1983) *cert. denied*,
    464 U.S. 822, 104 S. Ct. 89 (1983), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985) .......................... 29

*Mt. Vernon Plaza Community Urban Redevelopment Corp.*,
    79 B.R. 305 (Bankr. S.D. Ohio 1987) ................................................. 39

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
    390 U.S. 414(1968)............................................................................. 28

*United States v. Alaska National Bank* (*In re Walsh Construction, Inc.*),
    669 F.2d 1325 (9th Cir. 1982) ............................................................ 29

**Statutes**

11 U.S.C. § 1122......................................................................................... 35, 38

11 U.S.C. § 1123......................................................................................... 35, 38

11 U.S.C. § 1123(a)(1) ............................................................................... 35

11 U.S.C. § 1123(a)(2) ............................................................................... 35

11 U.S.C. § 1123(a)(3) ............................................................................... 35, 36

11 U.S.C. § 1123(a)(4) ............................................................................... 35, 36

1

## TABLE OF AUTHORITIES (cont.)

2

<u>Page(s)</u>

3   11 U.S.C. § 1123(a)(5) .................................................................. 36, 37

4   11 U.S.C. § 1123(a)(6) ....................................................................... 37

5   11 U.S.C. § 1123(a)(7) ....................................................................... 37

6   11 U.S.C. § 1123(a)(8) ....................................................................... 37

7   11 U.S.C. § 1123(b)(1) ....................................................................... 35

8   11 U.S.C. § 1123(b)(2) ....................................................................... 37

9   11 U.S.C. § 1123(b)(3) ....................................................................... 37

10  11 U.S.C. § 1123(b)(4) ....................................................................... 37

11  11 U.S.C. § 1123(b)(5) ....................................................................... 37

12  11 U.S.C. § 1125 .............................................................................. 38

13  11 U.S.C. § 1127(a) ....................................................................... 35, 38

14  11 U.S.C. § 1127(c) ........................................................................... 38

15  11 U.S.C. § 1127(d) ........................................................................... 38

16  11 U.S.C. § 365 .............................................................................. 8, 34

17  11 U.S.C. § 365(a) ............................................................................ 33

18  11 U.S.C. § 365(b)(1) ......................................................................... 35

19  11 U.S.C. § 365(b)(1) ......................................................................... 33

20  11 U.S.C. § 365(d)(2) ......................................................................... 33

21  11 U.S.C. § 365(f) ......................................................................... 34, 40

22  11 U.S.C. § 365(f)(2) ......................................................................... 33

23  28 U.S.C. § 1334 .............................................................................. 28

24  28 U.S.C. § 157 ............................................................................... 28

25  <u>Rules</u>

26  Fed. R. Bankr. P. 3019 ........................................................................ 38

27  Fed. R. Bankr. P. 3019(a) ..................................................................... 39

28  Fed. R. Bankr. P. 6006(d) ..................................................................... 40

-iv-

1

## TABLE OF AUTHORITIES (cont.)

2

**Page(s)**

3    Fed. R. Bankr. P. 9019.................................................................................................28

4    Fed. R. Bankr. P. 9019(a)...........................................................................................28

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-v-

364337.01 [XP]    25195

1  **PLEASE TAKE NOTICE** that, on a date and time to be set by the Court,[2] in Courtroom

2  301 of the United States Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills,

3  California, the above-captioned debtors and debtors-in-possession (collectively the "Debtors") will

4  and do hereby move for an order approving the proposed settlement (the "Settlement") between

5  Meruelo Maddux Properties, Inc. ("MMPI"), Meruelo Maddux Properties, L.P. ("MMPLP"),

6  Meruelo Maddux – 3rd & Omar Street, LLC ("MM 3rd & Omar"), Meruelo Maddux – 420 Boyd

7  Street, LLC ("MM 420 Boyd"), Merco Group – 1500 Griffith Avenue, LLC ("MG 1500 Griffith"),

8  Merco Group – 4th Street Center, LLC ("MG 4th Street"), Merco Group – 425 West 11th Street,

9  LLC ("MG 425 W. 11th"), Merco Group – 620 Gladys Avenue, LLC ("MG 620 Gladys"), Meruelo

10 Maddux – 336 W. 11th Street, LLC ("MM 336 W. 11th"), Merco Group – Little J, LLC ("MG

11 Little J"), and Merco Group, LLC ("Merco Group") (collectively the "Settling Debtors"), on the

12 one hand, and Legendary Investors Group No. 1, LLC ("Legendary"), on the other hand.  Also, in

13 accordance with the proposed settlement, MM 3rd & Omar, MM 420 Boyd, MG 1500 Griffith, MG

14 4th Street, MG 620 Gladys and Merco Group request authority to assume and assign to Legendary

15 all executory contracts and unexpired leases relating to their respective real properties.  Further, the

16 Debtors request that the Court authorize the Debtors to modify their proposed Chapter 11 plan and

17 determine that the proposed modification of their plan does not require resolicitation thereof.

18   This motion is made on the following grounds:  Prior to March 27, 2009 (the "Petition

19 Date"), certain of the Settling Debtors obtained loans from East West Bank ("EWB").  Each loan

20 was secured by real property owned by the Settling Debtor that was the borrower under the loan.

21 With regard to two of the loans, a Settling Debtor who was not a borrower subsequently pledged

22 certain real property it owns as additional collateral.  As of the Petition Date, each of the loans was

23 guarantied by MMPI or MMPLP, or both.  In mid-2009, EWB's interests in the loans and security

24 interests in the Settling Debtors' properties were assigned to Legendary.  As a result of these

25

26   [2] An *ex parte* application for order shortening time is being filed concurrently herewith.
27 The Debtors anticipate that written notice of the hearing date and time will be filed and served on appropriate parties promptly upon the setting of the hearing by the Court.

28

- 2 -

364337.01 [XP]    25195

1  transactions, Legendary has, among other things, liens or claims of liens against real properties

2  owned by the Settling Debtors and unsecured guaranty claims against MMPI's and MMPLP's

3  estates.

4       Subject to Court approval, the Settling Debtors have agreed to a settlement of all disputes

5  arising out of or relating to Legendary's claims against all of the Settling Debtors and Legendary's

6  liens against the Settling Debtors' properties.  The Settlement has been approved unanimously by

7  MMPI's Board of Directors and is memorialized in the settlement agreement (the "Settlement

8  Agreement") attached as Exhibit "1" to the Declaration of Richard Meruelo (the "Meruelo

9  Declaration").  Generally, and without limiting the detail set forth in the Settlement Agreement,

10  MM 3rd & Omar, MM 420 Boyd, MG 1500 Griffith, MG 4th Street, MG 620 Gladys and Merco

11  Group (collectively the "Conveying Debtors") will convey to Legendary all of their right, title and

12  interest in their real properties subject to Legendary's liens (collectively the "Transferred

13  Properties").  Executory contracts and unexpired leases relating to the Transferred Properties will

14  be assumed by the Conveying Debtors and assigned to Legendary.  All current (on a prorated basis)

15  and past due real property taxes against the Transferred Properties will be paid by the Conveying

16  Debtors.  Legendary will release its claims against all of the Settling Debtors and Legendary's liens

17  against real properties owned by MG 425 W. 11th, MM 336 W. 11th, and MG Little J (collectively

18  the "Retained Properties").  Legendary also will release any and all interests in personal property of

19  the Settling Debtors.

20       In furtherance of this transaction, the Conveying Debtors are requesting authority to assume

21  and assign to Legendary all executory contracts and unexpired leases relating to the Transferred

22  Properties.  The executory contracts and unexpired leases known to the Conveying Debtors, and

23  which all are being assumed and assigned to Legendary, are as follows:

| Lessor | Lessee | Premises |
|---|---|---|
| MM 3rd & Omar | Motorini, Inc. | 470 E. 3rd Street, Unit A |
| MM 3rd & Omar | Zavin Krikorian, dba Zavin's Uniforms | 470 E. 3rd Street, Unit D |
| MM 3rd & Omar | S.C. Prestige Parking, Inc. | License Agreement for two parking lots |

- 3 -

| Lessor | Lessee | Premises |
|---|---|---|
| MM 420 Boyd | 410 Boyd Restaurant & Bar LLC | 410 Boyd Street |
| MM 420 Boyd | Kritzinger + Rao | 414 Boyd Street, Unit B |
| MM 420 Boyd | Hi-Q Toys, Inc. | 416 Boyd Street |
| MM 420 Boyd | David G. Gianfagna | 420 Boyd Street, Unit 304 |
| MM 420 Boyd | Gere Kavanaugh dba Gere Kavanaugh Designs | 420 Boyd Street, Unit 305 |
| MM 420 Boyd | Apcon International, Inc. | 420 Boyd Street, Unit 307 |
| MM 420 Boyd | Chaney M. Sheffield, John F. Butcher and Koichi Yanagizawa | 420 Boyd Street, Unit 400 and Storage Space B-9 |
| MM 420 Boyd | Tara Durkan dba Gallery 209 | 420 Boyd Street, Unit 503 |
| MM 420 Boyd | S.C. Prestige Parking, Inc. | Surface parking lot |

| Lessor | Lessee | Premises |
|---|---|---|
| MG 1500 Griffith | 26 International, Inc. | 1500 Griffith Avenue |

| Lessor | Lessee | Premises |
|---|---|---|
| MG 4th Street | LA Modern Living, Inc. and Plush Impressions, Inc. | 900 E. 4th Street |

| Lessor | Lessee | Premises |
|---|---|---|
| MG 620 Gladys | Veg Express, LLC | 620 Gladys Avenue |
| MG 620 Gladys | Divine Pasta Company | 620 Gladys Avenue |
| MG 620 Gladys | R & P Seafood Corp. | 649 Ceres Avenue |
| MG 620 Gladys | Para Los Ninos | 838 E. Sixth Street |
| MG 620 Gladys | Ernest Rabotte | 620 Gladys Avenue |

///

///

- 4 -

364337.01 [XP]     25195

| Lessor | Lessee | Premises |
|---|---|---|
| Merco Group | Southern California Institute of Architecture | 960 East Third Street (Parcel A of Map No. 2000-1711-A) |
| Merco Group | Southern California Institute of Architecture | Vacant land at 4th & Merrick Streets (Parcel D of Map No. 2000-1711-A) |

| Debtor Party | Non-Debtor Party | Description of Contract |
|---|---|---|
| Merco Group | Southern California Institute of Architecture | Purchase and sale agreement re: parcel located at 960 East Third Street |
| Merco Group | Southern California Institute of Architecture | Purchase and sale agreement re: parcel located at the northeast corner of 4th and Merrick Streets |

The Conveying Debtors are current with respect to all of their obligations under these executory contracts and unexpired leases. In the event that a non-Debtor party to a contract or lease files an objection to the assumption and assignment of its contract or lease on the grounds that the Debtor has defaulted and such default must be cured prior to assumption and assignment, the Conveying Debtors request that the Court make a determination of such cure amount.

Consummation of the proposed settlement with Legendary will require modifications to the Debtors' proposed Chapter 11 plan. Concurrently herewith, the Debtors are filing a *First Modified Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al.*, and a redlined version of the plan. The Debtors are requesting that the Court authorize the Debtors to amend their proposed plan and determine that the modification of the Debtors' plan does not require resolicitation thereof.

This Motion is based upon this Notice and Motion, the Memorandum of Points and Authorities, and the Declaration of Richard Meruelo appended hereto, the separate declaration of Dilip Bhavnani, the separate notice of filing of the Debtors' proposed amended plan, the separate Request for Judicial Notice filed concurrently herewith, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

///

364337.01 [XP]     25195

1      **PLEASE TAKE FURTHER NOTICE** that the Debtors are filing an *ex parte* application

2   for order shortening time in which they are requesting that the Court set a hearing on this matter on

3   or before January 21, 2011, at 2:30 p.m., and that such order further provide that oppositions, if

4   any, must be in writing and filed with the Court and served on the Debtors' counsel on or before

5   noon on January 20, 2011.  If the Debtors' *ex parte* application is granted, the Debtors will file and

6   serve a notice of the hearing on this Motion, which notice will identify the date and time of the

7   hearing and the deadline, if any, to file written oppositions.  Oppositions not presented as set forth

8   in the notice may be deemed waived.  If you do not have any objection to this motion, you need not

9   take any further action.

10

11  Dated: January 14, 2011              DANNING, GILL, DIAMOND & KOLLITZ, LLP

12

13                                      By:  _____

14                                           John N Tedford, IV
                                             Attorneys for Meruelo Maddux Properties,
15                                           Inc., and affiliated Debtors and Debtors-in-
                                             Possession

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3                                              I.

4                                       INTRODUCTION

5          On March 26 and 27, 2009,[3] Meruelo Maddux Properties, Inc. ("MMPI"), and 53 of its

6    direct and indirect subsidiaries (collectively the "Debtors"), including Meruelo Maddux Properties,

7    L.P. ("MMPLP"), Meruelo Maddux – 3rd & Omar Street, LLC ("MM 3rd & Omar"), Meruelo

8    Maddux – 420 Boyd Street, LLC ("MM 420 Boyd"), Merco Group – 1500 Griffith Avenue, LLC

9    ("MG 1500 Griffith"), Merco Group – 4th Street Center, LLC ("MG 4th Street"), Merco Group –

10   425 West 11th Street, LLC ("MG 425 W. 11th"), Merco Group – 620 Gladys Avenue, LLC ("MG

11   620 Gladys"), Meruelo Maddux – 336 W. 11th Street, LLC ("MM 336 W. 11th"), Merco Group –

12   Little J, LLC ("MG Little J"), and Merco Group, LLC ("Merco Group") (collectively, with MMPI,

13   the "Settling Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the

14   United States Code (the "Code"). As of the Petition Date, seven of the Settling Debtors were

15   indebted to East West Bank ("EWB") pursuant to loan agreements between such Settling Debtors

16   and EWB. Two Settling Debtors had pledged real property as additional collateral with regard to

17   two of the loans. All seven of the loans are guarantied by MMPI, MMPLP, or both. After the

18   Petition Date, the seven loans and interests relating thereto were assigned to Legendary Investors

19   Group No. 1, LLC ("Legendary").

20          The Debtors and Legendary have agreed to the terms of a global settlement resolving all of

21   Legendary's claims against the Debtors' estates. Under the settlement, which has been approved

22   unanimously by MMPI's Board of Directors, Debtors MM 3rd & Omar, MM 420 Boyd, MG 1500

23   Griffith, MG 4th Street, MG 620 Gladys and Merco Group (collectively the "Conveying Debtors")

24   will convey to Legendary all of the Conveying Debtors' real properties subject to Legendary's liens

25   (collectively the "Transferred Properties"). Executory contracts and unexpired leases relating to

26   _____

27       [3] For purposes of this opposition, March 27, 2009, is referred to as the "Petition Date."
     That date is the date on which all of the Settling Debtors filed their voluntary petitions.

28

                                              - 7 -

364337.01 [XP]      25195

1   the Transferred Properties will be assumed and assigned to Legendary.  The Conveying Debtors

2   will pay all past due real property taxes against the Transferred Properties.  Legendary will release

3   its claims against the Settling Debtors and its liens against real properties owned by MG 425 W.

4   11th, MM 336 W. 11th, and MG Little J (collectively the "Retained Properties").  A copy of the

5   Settlement Agreement is attached as Exhibit "1" to the Declaration of Richard Meruelo (the

6   "Meruelo Declaration").  The proposed settlement is in the best interests of the Debtors, creditors

7   and interest holders, and should be approved.

8          In connection with the settlement, the Conveying Debtors will assume and assign to

9   Legendary the executory contracts and unexpired leases relating to the Transferred Properties.  A

10  schedule of all known executory contracts and unexpired leases is attached as Exhibit "2" to the

11  Meruelo Declaration.  The Conveying Debtors believe that they are current with respect to all of

12  their obligations under the executory contracts and unexpired leases.  The Debtors are seeking

13  authority to assume and assign such contracts and leases pursuant to § 365 of the Code.

14         The terms of the settlement with Legendary are not included in the *Fourth Amended Joint*

15  *Plan of Reorganization of Meruelo Maddux Properties, Inc., et al., Dated September 30, 2010* (the

16  "Debtors' Plan"), currently pending before the Court.  Approval of the proposed settlement with

17  Legendary will require modifications to the Debtors' Plan.  The Debtors have prepared a proposed

18  *First Modified Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc.,*

19  *et al., Dated January 10, 2011*, and a redlined version of the Debtors' Plan, and they are filed

20  concurrently herewith.  The Debtors are requesting that the Court authorize them to modify their

21  plan and determine that the proposed modification of the Debtors' plan does not require

22  resolicitation thereof.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

23

II.

STATEMENT OF FACTS

A.   THE DEBTORS' OVERALL BUSINESS MODEL AND APPROACH[4]

MMPI, together with MMPLP and its affiliates and related entities (sometimes collectively referred to herein as the "Company") develops, redevelops and owns industrial, commercial and multi-unit residential properties in downtown Los Angeles and other urban markets in southern California. MMPI was formed in 2006, and one of the reasons for forming MMPI was to hold an initial public offering of stock in order to generate cash to pay off certain then-existing debt and raise funds the Company could use to continue growing through the development of real properties. When MMPI was formed, the Company owned, leased with rights to purchase, and had rights to buy approximately 52 development, redevelopment and stabilized projects.

Like its predecessor business, MMPI's focus is on non-stabilized properties and commercial and industrial land which have alternate, more profitable uses achievable through redevelopment or major renovation and ground-up development. The Company's properties are used for diverse purposes, and include food industry, wholesale markets, small tenant industrial, residential high rise and mixed-use "urban village" properties. The vast majority of the properties are situated in downtown Los Angeles. The Company is believed to be the largest non-governmental land owner in downtown Los Angeles, owning or controlling approximately 80 acres of land in downtown Los Angeles at the time that MMPI went public.

---

[4] In addition to the declaration appended hereto, this Motion is supported by the Declaration of Richard Meruelo filed with the Court on March 27, 2009 (*docket entry no. 10*), and the Supplemental Declaration of Richard Meruelo and the Declaration of Fred Skaggs filed with the Court on April 21, 2009 (*docket entry no. 95*). The declarations were sizeable, particularly with the exhibits. In connection with a prior matter before the Court, it was suggested by a non-Debtor party that, to conserve the environment, the Debtors should not be required to re-file and serve the declarations in connection with each matter where the Debtors rely upon the declarations in support of their description of the Debtors' background and operations. The Settling Debtors request that the Court take judicial notice of the filing of those declarations and treat the declarations as if they were filed anew in support of this opposition. Similarly, the Settling Debtors request that the Court take judicial notice of the filing of Richard Meruelo's declaration in support of confirmation of the Debtors' Plan (*docket entry no. 2327*). The Settling Debtors will make copies of the declarations available on request by electronic mail or regular mail, as appropriate.

364337.01 [XP]    25195

1    The Company focuses on urban in-fill development and on finding different, more

2 profitable uses for existing urban properties. The Company looks for properties that have value

3 intrinsic to the property itself, such as the property's location, whether there is an end user of the

4 property on the horizon who might want to purchase the property, how well the property will fit in

5 with the growth patterns of the area and community in which it is situated, and other factors.

6    The Company's business model anticipates the need for time to develop properties and

7 requires the infusion of funds to pay the costs of such development, including the carrying costs.

8 To help defray costs during development, properties may be utilized as parking lots or other uses,

9 not because such use generates substantial income but because the land itself is extremely valuable

10 since it can be developed at an appropriate time in the future, and the parking lot revenue provides

11 some interim revenue. Some of the Company's properties have been developed to the point where

12 entitlements have been obtained thus increasing the value substantially, but development has been

13 deferred pending an improvement in the credit markets. In summary, the Company's business

14 model contemplates and is based upon the purchase, development and resale of properties, pursuant

15 to which the Company turns over such properties in a relatively short period of time, such as a few

16 years instead of decades, and uses the profit from such properties to fund operations of MMPI and

17 all of its other affiliates and the purchase and development of other properties.

18

19 B.    THE DEBTORS' COLLECTIVE ORGANIZATION AND OPERATIONS

20    Although the Debtors and their non-Debtor affiliates consist of a parent company and

21 various levels of subsidiaries, including limited liability companies and other entities which hold

22 title to properties, the Company has been, before and after its formation as a public company, and

23 presently continues to be, effectively operated as a single enterprise. Revenues of the entities are

24 commingled, and the funds are used to pay the expenses of MMPI and the subsidiaries. Some

25 entities generate revenues in excess of operational expenses and debt service, but some do not. The

26 reason that the Company purchases and keeps properties that are cash flow negative is because the

27 Company believes that those properties will, in time, generate a positive return and the enterprise

28 will be significantly more valuable as a result.

- 10 -

364337.01 [XP]    25195

1  C.   THE SETTLING DEBTORS' PROPERTIES

2  Descriptions of the Settling Debtors' businesses and properties were included in the *Fourth*

3  *Amended Joint Disclosure Statement Describing Fourth Amended Joint Plan of Reorganization of*

4  *Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010* (the "Disclosure Statement"),

5  approved by the Court on or about October 15, 2010 (*docket entry no. 1963*), and the *Declaration*

6  *of Richard Meruelo in Support of "Fourth Amended Joint Plan of Reorganization of Meruelo*

7  *Maddux Properties, Inc., et al. Dated September 20, 2010"* (the "Meruelo Confirmation

8  Declaration") (*docket entry no. 2327*).[5]  Descriptions also may be found in the Settling Debtors'

9  oppositions to Legendary's motions for relief from stay that were filed on September 1, 2010, and

10  September 4, 2010.[6]  A brief description of each of the Settling Debtors' Properties follows.

11

12  1.   THE REAL PROPERTIES TO BE CONVEYED TO LEGENDARY BY THE

13  CONVEYING DEBTORS UNDER THE PROPOSED SETTLEMENT

14  MM 3rd & Omar.[7]  MM 3rd & Omar owns 0.5 acres of real property located in downtown

15  Los Angeles, consisting of two large and nearby, but non-contiguous, properties.  The properties

16  are located in the Little Tokyo area of downtown Los Angeles.  One is improved with a multi-

17  tenant building with 23,298 net rentable building square feet.  The other is a surface parking lot.  In

18  support of confirmation of the Debtors' Plan, the Debtors provided evidence that MM 3rd &

19  Omar's properties collectively have a value of not less than $3,750,000.  No contrary appraisals

20  have been submitted to the Court during this case.  However, according to the *Amended Disclosure*

21  *Statement for Legendary Investors Group No. 1, LLC's and East West Bank's Modified Second*

22  *Amended Joint Chapter 11 Plan of Reorganization Dated September 3, 2010* (the "Legendary

23  _____

24  [5] For ease of reference, a copy of the Meruelo Confirmation Declaration is attached to the
25  Request for Judicial Notice filed concurrently herewith.

26  [6] The docket numbers for the oppositions are 592, 593, 596, 597, 627, 628 and 629.

27  [7] *See* Meruelo Confirmation Declaration, ¶ 89; Debtors' Disclosure Statement § II(B)(9);
Legendary Disclosure Statement p. 205.

28

- 11 -

364337.01 [XP]    25195

26

1  Disclosure Statement") (*docket entry no. 1945*), Legendary believes that the value of MM 3rd &

2  Omar's property is $2,664,375.

3      MM 420 Boyd.[8] MM 420 Boyd owns 0.6 acres of land that comprises the majority of a city

4  block in the Toy District/Little Tokyo area of downtown Los Angeles. The property is improved

5  with a building consisting of approximately 44,907 net rentable square feet being used as multi-

6  tenant office space, a restaurant facility and a parking lot. In support of confirmation of the

7  Debtors' Plan, the Debtors provided evidence that MM 420 Boyd's property has a value of not less

8  than $6,950,000. No contrary appraisals have been submitted to the Court during this case.

9  Nevertheless, according to the Legendary Disclosure Statement, Legendary believes that the value

10  of MM 420 Boyd's property is $4,937,975.

11      MG 1500 Griffith.[9] MG 1500 Griffith owns real properties consisting of approximately 2.0

12  acres of land near the corner of Griffith Avenue and East 16th Street in downtown Los Angeles'

13  Garment District. The properties have approximately 50,058 square feet of net rentable space

14  located in two buildings located at 1500 and 1510 Griffith Avenue. Only the former, 1500 Griffith

15  Avenue, is subject to a lien in favor of Legendary. That property is improved with a single story

16  industrial building with 30,058 square feet of net rentable square feet located in one building being

17  utilized as a distribution and industrial facility, with an additional 6,000 square foot parking lot

18  across the street. In support of confirmation of the Debtors' Plan, the Debtors provided evidence

19  that the property subject to Legendary's lien has a value of not less than $6,900,000. No contrary

20  appraisals have been submitted to the Court during this case. Nevertheless, according to the

21  Legendary Disclosure Statement, Legendary appears to believe that the value of MG 1500

22  Griffith's property subject to Legendary's lien is $4,902,450.

23  ///

24

25      [8] *See* Meruelo Confirmation Declaration, ¶ 96; Debtors' Disclosure Statement § II(B)(10);
Legendary Disclosure Statement p. 206.

26

27      [9] *See* Meruelo Confirmation Declaration, ¶ 77 and 95; Debtors' Disclosure Statement
§ II(B)(15); Legendary Disclosure Statement p. 211.

28

364337.01 [XP]    25195