JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: 213-239-5100
Facsimile: 213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone: 212-891-1600
Facsimile: 212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA 90292
Telephone: 310-301-4839
Facsimile: 310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California 91101
Telephone: 626-793-7264
Facsimile: 626-793-7592
crodiger@rodigerlaw.com

Bankruptcy Attorneys for
Official Equity Committee

**UNITED STATES BANKRUPCTY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES INC., et al.<br><br>Debtors.<br><br>☑ Affects all Debtors | CASE NO. 09-bk- 13356-VK<br><br>Chapter 11<br>**EQUITY COMMITTEE'S NOTICE OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO COMPEL MAGNUM PROPERTIES, INC. TO PRODUCE DOCUMENTS AND PRODUCE RULE 30 DESIGNEE FOR DEPOSITION; DECLARATION OF KENNETH K. LEE IN SUPPORT THEREOF**<br><br>**[No Hearing Required]** |

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTORS AND THEIR COUNSEL, AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that pursuant Local Bankruptcy Rules 9075-1(b)(1) and 9013-1 the Official Committee of Equity Holders (the "Equity Committee") of the bankruptcy estates of Meruelo Maddux Properties, Inc. et al. [1] (collectively, the "Debtors"), will and does hereby bring this *ex parte* application for an order:

1. Finding that good cause exists for granting this *ex parte* application for a hearing on shortened time for the Equity Committee's Motion to Compel Magnum Properties, Inc. to:
   a. Produce all documents in response to the Equity Committee's subpoena for documents served on Magnum on December 23, 2010 (docket entry no. 2466);
   b. Identify a person most knowledgeable about the topics identify in the Equity Committee's subpoena for a Rule 30 deposition served on Magnum on December 23, 2010 (docket entry no. 2467) and produce that person for deposition;
2. Shortening time for the hearing of the Equity Committee's Motion to Compel;
3. Authorizing service of notice of the hearing on the Motion to Compel pursuant to the procedures described in the memorandum of points and authorities appended hereto;
4. Determining that such notice is appropriate under the circumstances presented; and

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1 :09-bk-13338-KT; 1:09-bk- 13358-KT; 1:09-bk-13359-KT; 1 :09-bk-13360-KT; 1:09-bk- 13361-KT; 1:09-bk-13362-KT; 1:09-bk- 13363-KT; 1:09-bk-13364-KT; 1:09-bk- 13365-KT; 1:09-bk-13366-KT; 1 :09-bk-13367-KT; 1:09-bk-13368-KT; I:09-bk-13369-KT; 1:09-bk-13370-KT; 1:09-bk-13371-KT; :09-bk-13372-KT; 1:09-bk-13373-KT; 1:09-bk-13374-KT; 1:09-bk-13375-KT; 1:09-bk-13376-KT; 1:09-bk-13377-KT; 1:09-bk- 13378-KT; I:09-bk- 13379-KT; 1:09-bk- 13380-KT; 1:09-bk-13381-KT; I:09-bk-13382-KT; 1 :09-bk-13383-KT; 1:09-bk-13384-KT; 1:09-bk-13385-KT; 1 :09-bk- 13386-KT;1:09-bk- 13387-KT; 1:09-bk-13388-KT; 1:09-bk-13389-KT; 1:09-bk-13390-KT; 1:09-bk-13391-KT; 1:09-bk-13392-KT; 1:09-bk-13393-KT; 1:09-bk-13394-KT; 1:09-bk-13395-KT; 1:09-bk-13396-KT; 1:09-bk-13397-KT; 1:09-bk-13398-KT; 1:09-bk-13399-28 KT; 1:09-bk-13400-KT;1:09-bk-13401-KT; 1:09-bk-13402-KT; I:09-bk- 13403-KT; 1:09-bk-13404.

5. Setting appropriate deadlines, if any, for filing with the Court, and the actual receipt by the Equity Committee's counsel, of any opposition to the Motion.

The Equity Committee requests that the Court set a hearing on this Motion to Compel on January 20, 2011 at 2:00 p.m. or as soon as possible.

DATED: January 18, 2011

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By:  ___/s/ Georgiana G. Rodiger_____
       Attorney for Official Equity Committee

# I.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. Introduction

The Equity Committee, through this *ex parte* application, seeks an order shortening time for the hearing of the Equity Committee's Motion to Compel Magnum to:

    a. Produce all documents in response to the Equity Committee's subpoena for documents served on Magnum on December 23, 2010 (docket entry no. 2466);

    b. Identify a person most knowledgeable about the topics identify in the Equity Committee's subpoena for a Rule 30 deposition served on Magnum on December 23, 2010 (docket entry no. 2467) and produce that person for deposition.

Magnum was the payee on a $1,925,000 cashier's check issued out of the account of Debtor Camfield Avenue LLC ("Camfield") at the behest of the Debtors' CEO, Richard Meruelo. Fred Skaggs identified this disbursement as one of several improper financial transactions in his September 20, 2010 letter (the "Skaggs Letter") that prompted Ernst & Young's investigation into the Debtors' finances. Of the potentially troublesome transactions identified in the Skaggs Letter or in Ernst & Young's report, the cashier's check to Magnum was among the most significant. The Skagg's letter and the Ernst & Young report both raised questions regarding the circumstances surrounding and purpose of the Magnum check. A prompt discovery response by Magnum is critical to answering those questions in advance of the rapidly approaching plan confirmation trial.

Magnum has not produced any documents to the Equity Committee's subpoena for documents and claims that no responsive documents exist in its possession or control. Lee Declaration ( "LD") ¶ 3. Additionally, Magnum informed the Equity Committee that its president, and apparent Rule 30 designee, Mike Meraz was not able to attend the deposition on the date originally scheduled, January 3, 2010. *Id*. The Equity Committee met and

conferred with Mr. Meraz and sought to accommodate him by offering to consider alternative dates. LD ¶ 4. Despite this, Mr. Meraz has, to date, not identified any time or date on which he would be available to attend a deposition and, seemingly, is refusing to do so. LD ¶ 6.

Magnum and Mr. Meraz have refused to participate in selecting a mutually acceptable deposition date with the Equity Committee. This refusal and the short discovery timeline in place in these cases have necessitated the Equity Committee seeking the Court's formal intervention in compelling Magnum to comply with the subpoenas.

A true and correct copy of the Motion to Compel is attached hereto as Exhibit 1. LD ¶ 7. True and correct copies of the Equity Committee's subpoenas against Magnum for document and for a Rule 30 deposition are attached as exhibits to the Declaration of Kenneth K. Lee attached hereto. LD ¶ 9.

The Equity Committee respectfully requests that this Court issues an order compelling Magnum to make the mandatory productions and provide the privilege logs immediately so that the confirmation discovery can be completed in the time ordered by this Court.

## II.

## **ARGUMENT**

### **1. The Court Should Shorten Time For The Hearing On This Motion.**

Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-emergency motion be heard on notice shorter than would otherwise be required by these rules … The application may be granted for good cause shown in accordance with this rule."

Good cause exists to set a hearing on this Motion on shortened notice because the parties are under a very tight confirmation schedule and further delays will cause extreme prejudice to the Equity Committee.

The next hearing date when the parties will be before the Court is January 20, 2011. Judicial intervention is needed to require the Magnum to comply with its discovery obligations to the Equity Committee.

**2. Proposed Hearing Date and Time; Notice and Service Requirements.**

The Equity Committee requests that the Court set a hearing on this Motion for January 20, 2011 or as soon as possible. The Equity Committee also requests that the Court approve the following with respect to the service of notice of the hearing on the Motion:

1. As soon as practicable after the Court informs the Equity Committee's counsel of the date and time of the hearing, the Equity Committee will electronically serve notice of the hearing of the Motion on Magnum, the Office of the United States Trustee's attorney and Debtors' counsel and counsel for the Unsecured Creditors' Committee appointed in these cases.

2. The Equity Committee will file its notice of hearing of the Motion with the Court, thereby effectuating service of notice on all parties who have filed requests for electronic notices in these cases.

3. The Equity Committee will specify in the notice of hearing that any oppositions to the Motion may be presented at the time of the hearing.

### III.

### CONCLUSION

The Equity Committee respectfully requests that this Court grant this *ex parte* application for an order shortening time for the hearing of the Equity Committee's Motion to Compel, authorize service of notice of the hearing on the Motion as described herein, determine that such notice is appropriate under the circumstances, and set appropriate deadlines with present to the presentation of any oppositions to the Motion. The Equity Committee also requests such further relief as the Court deems just and proper.

DATED: January 18, 2011

**RODIGER LAW OFFICE**
GEORGIANA G. RODIGER


By: ___/s/ Georgiana G. Rodiger_____
        Attorney for Official Equity Committee

# **DECLARATION OF KENNETH K. LEE**

Kenneth K. Lee declares:

1. I am an attorney at law duly licensed to practice before all Courts in the State of California and am a member of the Bar of this Court. I am one of the attorneys representing the Official Equity Holder's Committee in the above-referenced cases. The matters set forth in this declaration are within my personal knowledge unless stated to be based upon information and belief. Each such matter is true and correct, and if called as a witness under oath, I could and would testify to the truth thereof.

2. To date, Magnum has not produced any documents to the Equity Committee's subpoena for documents served on Magnum on December 23, 2010 (docket entry no. 2466).

3. By an email dated December 31, 2010, Magnum stated through its president, Mike Meraz, that it has no documents responsive to the Equity Committee's request. In that same email, Mr. Meraz – Magnum's apparent Rule 30 designee – stated he could not attend the deposition required by the Equity Committee's subpoena for a Rule 30 deposition served on Magnum on December 23, 2010 (docket entry no. 2467).

4. By an email dated January 3, 2011, I sought to meet and confer with Mr. Meraz by offering to him a range of alternate deposition dates. Mr. Meraz failed to respond to me.

5. By an email dated January 9, 2011, I sought to meet and confer with Mr. Meraz by following up with my January 3, 2011 email and inquiring as to Mr. Meraz's availability to attend the deposition.

6. By an email dated January 11, 2011, Mr. Meraz responded to my January 9, 2011 email but still did not offer any alternative date on which he would agree to attend the deposition.

7. A true and correct copy of the Motion to Compel is attached hereto as Exhibit 1.

8. A true and correct copy of an email chain that includes the emails described in paragraphs 3-6 of this declaration is attached hereto as Exhibit 2.

9.     True and correct copies of the Equity Committee's subpoena for documents served on Magnum on December 23, 2010 (docket entry no. 2466) and its subpoena for a Rule 30 deposition served on Magnum on December 23, 2010 (docket entry no. 2467) are attached hereto as Exhibits 3 and 4, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of January, 2011 at Los Angeles, California.

By: __/s/ Kenneth K. Lee_____