Victor A. Sahn (CA Bar No. 97299)
  vsahn@sulmeyerlaw.com
Dean G. Rallis Jr. (CA Bar No. 94266)
  drallis@sulmeyerlaw.com
Asa S. Hami (CA Bar No. 210728)
  ahami@sulmeyerlaw.com
Avi E. Muhtar (CA Bar No. 260728)
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone:   213.626.2311
Facsimile:   213.629.4520

Bankruptcy Counsel for the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-13356 VK |
| | Chapter 11 |
| MERUELO MADDUX PROPERTIES, INC., et al.,[1] | **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS STATEMENT IN SUPPORT OF DEBTORS' "MOTION FOR (1) APPROVAL OF SETTLEMENT WITH LEGENDARY INVESTORS GROUP NO. 1, LLC, (2) AUTHORITY TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) AUTHORITY TO AMEND DEBTORS' PROPOSED CHAPTER 11 PLAN" [Dkt. No. 2579]** |
| Debtors. | Date:    January 24, 2011<br>Time:    2:00 p.m.<br>Place:   United States Bankruptcy Court<br>Courtroom 301<br>21041 Burbank Blvd.<br>Woodland Hills, California |

[1] Pursuant to an Order of this Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

AMUHTAR\ 701869.6

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  The Official Committee of Unsecured Creditors in the above-captioned jointly-

2  administered cases (the "Committee") hereby files its statement in support of the "Motion

3  for (1) Approval of Settlement With Legendary Investors Group No. 1, LLC, (2) Authority

4  to Assume and Assign Executory Contracts and Unexpired Leases, and (3) Authority to

5  Amend Debtors' Proposed Chapter 11 Plan"  [Dkt. No. 2579] (the "Motion"), filed by

6  Meruelo Maddux Properties, Inc., et al., (collectively, the "Debtors").[2]

I.

**INTRODUCTION**

9  The Motion seeks two primary forms of relief: (1) approval of a settlement

10  agreement (the "Settlement Agreement") with Legendary Investors Group No. 1, LLC,

11  ("Legendary"), which the Committee believes is in the best interest of the Debtors'

12  estates; and (2) approval of modifications to the Debtors' operative chapter 11 plan (the

13  "Debtor Plan") and a further ruling that these modifications are not "material" within the

14  meaning of Section 1127(a) of the Bankruptcy Code even though having been made after

15  approval of the Debtors' Disclosure Statement and after the conclusion of solicitation of

16  voting on the Debtors' Plan.  The Committee supports the relief sought by the Motion.

17  The Committee further supports the Debtors' position that no further disclosures or

18  resolicitation is required in connection with the Debtors' First Modified Fourth Amended

19  Plan.

20  However, the Committee does have certain questions and concerns respecting the

21  Motion and its effect upon these bankruptcy proceedings.  The questions or concerns

22  include:

[2] Although the Motion appears to have been filed on behalf of all the Debtors, the debtor-entities that are parties to the Settlement include only the following: (1) Meruelo Maddux Properties, Inc.; (2) Meruelo Maddux Properties, L.P.; (3) Meruelo Maddux -- 3rd & Omar Street, LLC; (4) Meruelo Maddux -- 420 Boyd Street, LLC; (5) Merco Group -- 1500 Griffith Avenue, LLC; (6) Merco Group -- 4th Street Center, LLC; (7) Merco Group -- 425 West 11th Street, LLC; (8) Merco Group -- 620 Gladys Avenue, LLC; (9) Meruelo Maddux -- 336 W. 11th Street, LLC; (10) Merco Group -- Little J, LLC; and (11)  Merco Group, LLC, (collectively, the "Settling Debtors").

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1.    The Motion fails to address the impact that the Settlement Agreement would have on the Debtors' cash balance on the Effective Date of the Debtors' Plan nor does it contain any revised financial projections over the term of the Debtors' Plan.  The Debtors' cash balance and financial projections have a direct bearing on the feasibility of the Debtor Plan and, accordingly, the Debtor should be required to address these issues prior to the granting of the Motion.

2.    The Motion fails to address the impact that the Settlement Agreement would have on the willingness of Watermark Properties, Inc. ("Watermarke") to provide the Effective Date financing called for in the Debtor Plan (the "Watermarke Loan").  Watermarke's willingness to fund any loan has a direct bearing on the feasibility of the Debtor Plan and, accordingly, the Debtors should be required to verify Watermarke's willingness and present ability to fund the Watermarke Loan.[3]

3.    To the extent that the Motion is approved, there will be concomitant changes which are necessarily made to the Charlestown/Hartland Plan given the removal of the Legendary indebtedness from this case, Charlestown/Hartland should be permitted to make those changes without further motion or order of this Court.  Any such modifications shall be deemed non-material and the Court should deem such modifications to be accepted by all creditors who voted to accept the Charlestown/Hartland  plan.

4.    The Committee is concerned that there not be any delay in the commencement of the confirmation hearing now scheduled for January 27, 2011.  While that should not be necessary if the Debtors' Motion is granted, the Committee and unsecured creditors are anxious to have these cases concluded and get paid what they

---

[3] Separately, the Committee has objected to the Debtors' Plan (as it has objected to the other two pending Plans) based upon the Debtors' failure, to date, to provide sufficient assurance that Watermarke has provided a non-contingent commitment to fund as of the commencement of the confirmation hearing on January 27.  The Committee has separately addressed specific inquiries to the Debtors regarding this very important confirmation issue.

1    are owed, in full and with interest as provided in the Charlestown/Hartland and Debtors'

2    Plan.

3                                                    II.

4              **THE SETTLEMENT IS IN THE BEST INTERESTS OF THE ESTATES**

5              In order to be approved, a settlement agreement must be in the best interests of

6    the estates.  Motion at 28:23-28, 29:16-18.  As the Ninth Circuit Court of Appeals ruled, in

7    determining the propriety of a settlement agreement:

8                          the court must preserve the rights of the creditors [and] weigh
                           certain factors to determine whether the compromise is in the
9                          best interest of the bankrupt estate.

10   In re A&C Properties, Inc., 784 F.2d 1377, 1382 (9th Cir. 1986).

11             The Settlement in this case generally allows the Debtors to transfer to a secured

12   creditor, Legendary, its collateral in exchange for the full satisfaction of its secured

13   claims.  The aggregate value of the properties transferred, estimated to be between $65

14   million to $74 million, is approximately equal to aggregate value of the secured claims

15   owed to Legendary.  Further, the Debtors' are obligated to pay real property taxes of

16   approximately $1.4 million in connection with the transfer and Legendary has agreed to,

17   among other things, withdraw its proposed plan and objections to the Debtor Plan.

18             In exchange for this seemingly even swap and mutual release of claims between

19   the parties, the Debtors' will avoid operating losses of approximately $8.0 million over 7

20   years following Plan confirmation.  Moreover, the Settlement will result in substantially

21   reduced legal, professional, and administrative expenses that would be incurred in

22   connection with more complex confirmation proceedings and added litigation with

23   Legendary concerning their Plan, their objections to the Plans of the Debtors and

24   Charlestown/Hartland, and the numerous claims issues that exist between Legendary

25   and the Bankruptcy Estate.

26             As described in the Motion, certain benefits would inure to the estates under the

27   Settlement.  The Committee believes the Debtors have satisfied the standards to approve

28   this proposed settlement and, accordingly, supports such approval.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

III.

**MODIFICATION OF THE DEBTORS' PLAN SHOULD BE APPROVED**

The Settlement prompted the Debtors to submit their First Modified Fourth Amended Plan concurrently with the Motion.  The Motion describes in detail the impact the Settlement will have on the business operations and financial projections of the Debtors. The Committee believes the disclosures set forth in the Motion are sufficient to satisfy the conditions set forth under 11 U.S.C. §1127(a), (c) and (f). Enron Corp. v. The New Power Co. (In re The New Power Co.), 438 F.3d 1113, 1117-1118 (11th Cir. 2006); In re T-H New Orleans Ltd. P'ship, 188 B.R. 799 (E.D. La, 1995); In re Rhead, 179 B.R. 169, 177 (Bankr. D. Ariz, 1995); In re Sherwood Square Associates, 87 B.R. 388 (Bankr. D. Md. 1988); 7 Collier on Bankruptcy, Section 1127.02 (16th Edition).

Any issues related to the feasibility of the Debtors' Plan, as modified, will be addressed during the confirmation hearings (e.g., updated cash balances and financial forecasts to account for the impact that the transactions contemplated under the Settlement Agreement would have on effectuating the Debtors' Plan, Watermarke's continued willingness to provide the $15.0 million debt financing, etc.).

IV.

**Conclusion**

The Debtors' settlement with Legendary is a good result for the Bankruptcy Estates, regardless of whether the Court confirms the Charlestown/Hartland Plan or the Debtors' Plan.  The relief requested by the Debtor in the Motion should be approved by this Court, as supplemented by the comments contained herein.

Dated:  January 20, 2011            **Sulmeyer**Kupetz
                                     A Professional Corporation


                                     By:  /s/ Avi E. Muhtar
                                          Avi E. Muhtar
                                          Bankruptcy Counsel for the Official
                                          Committee of Unsecured Creditors

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311  •  FAX 213.629.4520

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406

A true and correct copy of the foregoing document described as  THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS STATEMENT IN SUPPORT OF DEBTORS' "MOTION FOR (1) APPROVAL OF SETTLEMENT WITH LEGENDARY INVESTORS GROUP NO. 1, LLC, (2) AUTHORITY TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) AUTHORITY TO AMEND DEBTORS' PROPOSED CHAPTER 11 PLAN" [Dkt. No. 2579]  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  January 20, 2011  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

SEE ATTACHED LIST

&#8864; Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

□ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on  January 20, 2011  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Victoria S. Kaufman
U.S. Bankruptcy Court
21041 Burbank Boulevard, Suite 354 / Courtroom 301
Woodland Hills, CA 91367

**Attorneys for Equity Committee**
Ron Orr & Professionals, Inc.:  ronorresq@aol.com
Georgiana G. Rodiger:  crodiger@rodigerlaw.com

□ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 20, 2011 | Shirley L. Lee | /s/Shirley Lee |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                    **F 9013-3.1.PROOF.SERVICE**

---

ADDITIONAL SERVICE INFORMATION (if needed):

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Michael C Abel on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mca@dgdk.com

Robert Abiri on behalf of Interested Party Courtesy NEF
rabiri@abiriszeto.com

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Christopher J Bagnaschi on behalf of Defendant Richard Meruelo
cb@cjblaw.com

John J Bingham on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
jbingham@dgdk.com

William C Bollard on behalf of Creditor Victory Outreach La Puente, Inc.
eal@jbblaw.com, kmg@jbblaw.com;dritchie@jbblaw.com;william@jbblaw.com

Peter Bonfante on behalf of Interested Party Courtesy NEF
peterbonfante@bsalawfirm.com

Julia W Brand on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
JBrand@bhfs.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Martin J Brill on behalf of Interested Party Courtesy NEF
mjb@lnbrb.com

Andrew W Caine on behalf of Creditor Legendary Investors Group No. 1, LLC
acaine@pszyjw.com

Howard Camhi on behalf of Creditor Kennedy Funding, Inc.
hcamhi@ecjlaw.com

Gary O Caris on behalf of Interested Party EDI Architecture
gcaris@mckennalong.com, pcoates@mckennalong.com

James E Carlberg on behalf of Creditor Woodland Farms, Inc.
jcarlberg@boselaw.com

Sara Chenetz on behalf of Creditor Imperial Capital Bank
chenetz@blankrome.com, chang@blankrome.com

Jacquelyn H Choi on behalf of Interested Party Courtesy NEF
jchoi@swjlaw.com

Carol Chow on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
CChow@Stutman.com

Cynthia M Cohen on behalf of Interested Party Courtesy NEF
cynthiacohen@paulhastings.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE**

Ronald R Cohn on behalf of Creditor Pacific Commerce Bank
rcohn@horganrosen.com

Enid M Colson on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
emc@dgdk.com, ecolson@dgdk.com

Michaeline H Correa on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
mcorrea@jonesday.com

Emily R Culler on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
eculler@stutman.com

Ana Damonte on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
ana.damonte@pillsburylaw.com

Brian L Davidoff on behalf of Creditor Yoshiake Murakami
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Susan S Davis on behalf of Creditor Cox, Castle & Nicholson LLP
sdavis@coxcastle.com

Aaron De Leest on behalf of Debtor Merco Group - 2040 Camfield Avenue, LLC, a DE LLC
aed@dgdk.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Jeffrey W Dulberg on behalf of Creditor Legendary Investors Group No. 1, LLC
jdulberg@pszjlaw.com

Marina Fineman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mfineman@stutman.com

Michael G Fletcher on behalf of Creditor Cathay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Barry V Freeman on behalf of Interested Party Courtesy NEF
bvf@jmbm.com, bvf@jmbm.com

Donald L Gaffney on behalf of Creditor BANK OF AMERICA
dgaffney@swlaw.com

Thomas M Geher on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
tmg@jmbm.com

Bernard R Given on behalf of Creditor Cathay Bank
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor County of Los Angeles Tax Collector
bglaser@swjlaw.com

Gabriel I Glazer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
gglazer@stutman.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                                    **F 9013-3.1.PROOF.SERVICE**

Michael J Gomez on behalf of Creditor Cathay Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

Michael I Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

John A Graham on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc.
jag@jmbm.com

Ofer M Grossman on behalf of Interested Party Courtesy NEF
omglaw@gmail.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
pgurfein@lgbfirm.com

Cara J Hagan on behalf of Creditor PNL Pomona, L.P.
carahagan@haganlaw.org

Asa S Hami on behalf of Creditor Committee Creditors Committee
ahami@sulmeyerlaw.com

Brian T Harvey on behalf of Creditor California Bank & Trust
bharvey@buchalter.com, IFS_filing@buchalter.com

Robert A Hessling on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
rhessling@dgdk.com

William W Huckins on behalf of Interested Party Courtesy NEF
whuckins@allenmatkins.com, clynch@allenmatkins.com

Lance N Jurich on behalf of Creditor CanPartners Realty Holding Company IV, LLC
ljurich@loeb.com, kpresson@loeb.com

William H. Kiekhofer on behalf of Creditor Esmark, Inc.
wkiekhofer@mcguirewoods.com

Andrew F Kim on behalf of Creditor Imperial Capital Bank
kim-a@blankrome.com

Michael S Kogan on behalf of Creditor Kennedy Funding, Inc.
mkogan@ecjlaw.com

Tamar Kouyoumjian on behalf of Creditor Committee Creditors Committee
tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Lewis R Landau on behalf of Creditor Committee Creditors Committee
lew@landaunet.com

Leib M Lerner on behalf of Auditor Ernst & Young LLP
leib.lerner@alston.com

Matthew A Lesnick on behalf of Stockholder Charlestown Capital Advisors, LLC
matt@lesnicklaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

David E Leta on behalf of Creditor FNBN-CMLCOM I LLC
dleta@swlaw.com, wsmart@swlaw.com

Katherine Lien on behalf of Interested Party Courtesy NEF
katie.lien@sbcglobal.net, katielien@gmail.com

Steven K Linkon on behalf of Creditor Chinatrust Bank (USA)
slinkon@rcolegal.com

Robert M Llewellyn on behalf of Creditor California State Board Of Equalization
michael.llewellyn@boe.ca.gov

Richard Malatt on behalf of Interested Party Courtesy NEF
rmalatt@gmail.com

Elmer D Martin on behalf of Creditor East West Bank
elmermartin@gmail.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Avi Muhtar on behalf of Creditor Committee Official Committee of Unsecured Creditors
amuhtar@sulmeyerlaw.com

Iain A W Nasatir on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Jeffrey P Nolan on behalf of Creditor Legendary Investors Group No. 1, LLC
jnolan@pszjlaw.com

Henry H Oh on behalf of Defendant Meruelo Maddux Properties Inc a DE Corp
henry.oh@dlapiper.com, janet.curley@dlapiper.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Eric S Pezold on behalf of Creditor BANK OF AMERICA
epezold@swlaw.com, dwlewis@swlaw.com

Christopher E Prince on behalf of Stockholder Charlestown Capital Advisors, LLC
cprince@lesnickprince.com

Michael H Raichelson on behalf of Creditor Stanford Group LP
mhr@cabkattorney.com

Dean G Rallis Jr on behalf of Attorney SulmeyerKupetz, a Professional Corporation
drallis@sulmeyerlaw.com

Kurt Ramlo on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Interested Party Courtesy NEF
cmr@lnbrb.com

Daniel H Reiss on behalf of Interested Party Richard Meruelo
dhr@lnbrb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**

Michael B Reynolds on behalf of Creditor FNBN-CMLCON I LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Jeremy V Richards on behalf of Creditor East West Bank
jrichards@pszjlaw.com, bdassa@pszjlaw.com

James S Riley on behalf of Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Victor A Sahn on behalf of Creditor Committee Creditors Committee
vsahn@sulmeyerlaw.com

Steven J Schwartz on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
sschwartz@dgdk.com

Kenneth J Shaffer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
jshaffer@stutman.com

Zev Shechtman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
zshechtman@dgdk.com, danninggill@gmail.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Jeffrey S Shinbrot on behalf of Creditor The Union Restaurant and Lounge, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Stephen Shiu on behalf of Creditor FNBN-CMLCOM I LLC
sshiu@swlaw.com

Lori Sinanyan on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
lsinanyan@jonesday.com

Daniel H Slate on behalf of Creditor California Bank & Trust
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Surjit P Soni on behalf of Creditor Legendary Investors Group No. 1, LLC
surjit@sonilaw.com, teresa@sonilaw.com

Bennett L Spiegel on behalf of Plaintiff East West Bancorp, Inc.
blspiegel@jonesday.com

Tracie L Spies on behalf of Creditor PNL Pomona, L.P.
tracie@haganlaw.org

James Stang on behalf of Creditor East West Bank
jstang@pszjlaw.com

Catherine Steege on behalf of Creditor Committee Official Committee of Equity Holders
csteege@jenner.com

Derrick Talerico on behalf of Creditor CanPartners Realty Holding Company IV, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_August 2010_                                          **F 9013-3.1.PROOF.SERVICE**

John N Tedford on behalf of Attorney Danning Gill Diamond & Kollitz LLP
jtedford@dgdk.com, DanningGill@Gmail.com

Damon Thayer on behalf of Interested Party Courtesy NEF
dthayer@jenner.com

James A Timko on behalf of Interested Party Courtesy NEF
jtimko@allenmatkins.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Rouben Varozian on behalf of Creditor Vahan Chamlian
rvarozian@bzlegal.com

Jason L Weisberg on behalf of Creditor Roofcorp of CA Inc
jason@gdclawyers.com

William E Winfield on behalf of Creditor Committee Creditors Committee
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor BANK OF AMERICA
jyang@swlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                          **F 9013-3.1.PROOF.SERVICE**