JENNER & BLOCK LLP
Kenneth K. Lee  (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone:  213-239-5100
Facsimile:  213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin  (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone:  212-891-1600
Facsimile:  212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA  90292
Telephone:  310-301-4849
Facsimile:  310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California  91101
Telephone:  626-793-7264
Facsimile:  626-793-7592
crodiger@rodigerlaw.com

Attorneys for Equity Committee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| IN RE:<br><br>**MERUELO MADDUX PROPERTIES, INC., et al.[1]**<br><br>**Debtors and Debtors-in-Possession.**<br><br><br>**AFFECTS ALL DEBTORS**<br><br>. | CASE NO. 09-bk-13356-VK<br><br>Chapter 11<br><br>**EQUITY COMMITTEE'S NOTICE OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION TO RECONSIDER ORDER APPROVING SETTLEMENT WITH CATHAY BANK**<br><br>**[No Hearing Required]** |

---

[1]    This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities.  The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the *Order Directing The Joint Administration Of Related Cases* entered by the Court on April 7, 2009 (docket entry no. 30).

**TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; THE DEBTORS; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

The Official Committee of Equity Holders (the "Equity Committee") submits this *ex parte* application pursuant to Local Bankruptcy Rules 9075-1(b)(1) and 9013-1 for an order:

1. Finding that good cause exists for granting this *ex parte* application for a hearing on shortened time for the Equity Committee's Motion To Reconsider Order Approving Settlement With Cathay Bank (the "Motion to Reconsider") to reconsider its order (docket entry no. 1527, the "Order") approving the settlement among, on the one hand, debtors Meruelo Maddux Properties, Inc. ("MMPI") and Alameda Produce Market LLC ("Alameda Produce") and, on the other, Cathay Bank to the extent the settlement purports to condition transfers of MMPI's equity on Cathay Bank's consent;

2. Shortening time for the hearing of the Equity Committee's Motion to Reconsider;

3. Authorizing service of notice of the hearing on the Motion to Reconsider pursuant to the procedures described in the memorandum of points and authorities appended hereto;

4. Determining that such notice is appropriate under the circumstances presented; and

5. Setting appropriate deadlines, if any, for filing with the Court, and the actual receipt by the Equity Committee's counsel, of any opposition to the Motion.

The Equity Committee requests that the Court set a hearing on this Motion to Reconsider on such date that the Court may determine in light of the present schedule for the confirmation hearing.

Dated: January 24, 2011                    **JENNER & BLOCK LLP**

                                           By      */s/ Marc B. Hankin*
                                                   Kenneth K. Lee  (Cal. Bar No. 264296)
                                                   Marc B. Hankin  (admitted *pro hac vice*)
                                                   Attorneys for Equity Committee

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Introduction

The Equity Committee, through this *ex parte* application, seeks an order shortening time for the hearing of the Equity Committee's Motion To Reconsider Order Approving Settlement With Cathay Bank (the "Motion to Reconsider") to reconsider its order (docket entry no. 1527, the "Order") approving the settlement (docket entry 1376 at Ex. 1, the "Settlement Agreement") among, on the one hand, debtors Meruelo Maddux Properties, Inc. ("MMPI") and Alameda Produce Market LLC ("Alameda Produce") and, on the other, Cathay Bank to the extent the settlement purports to condition transfers of MMPI's equity on Cathay Bank's consent.

Cathay Bank has objected (docket entry 2481, the "Objection") to the confirmation of the Charlestown Plan on grounds that the plan proponent has not sought and received Cathay Bank's permission to proceed with its plan. Cathay Bank contends that this Court's confirmation of the Charlestown Plan without Cathay Bank's consent would constitute a default under the Settlement Agreement and cause the reorganized Debtors to become immediately liable for over $60 million.

The Equity Committee contends that the Court should reconsider its Order approving the Settlement Agreement because the provision of the Settlement Agreement that Cathay Bank relies upon (i) is contrary to the Bankruptcy Code; and (ii) was not described in the motion filed by the Debtors to seek approval of the Settlement Agreement.

A true and correct copy of the Motion to Reconsider is attached hereto as Exhibit 1.

### B. Argument

1. <u>The Court Should Shorten Time For The Hearing On This Motion to Reconsider.</u>

Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-emergency motion be heard on notice shorter than would otherwise be required by these rules … The application may be granted for good cause shown in accordance with this rule."

Good cause exists to set a hearing on this Motion to Reconsider on shortened notice because its outcome will directly impact the upcoming plan confirmation trial, which is scheduled to begin on

3

Equity Committee's Notice Of *Ex Parte* Application For Order Shortening Time For Hearing On
Motion To Reconsider Order Approving Settlement With Cathay Bank

January 27, 2011. Cathay Bank's Objection may impact the feasibility of the Charlestown Plan, whereas the Motion to Reconsider – if granted – could excise from the Settlement Agreement the provision upon which Cathay Bank bases its objection. Therefore, the Equity Committee asks that the Court schedule a hearing on the Motion to Reconsider on such date that the Court may determine in light of the present schedule for the confirmation hearing.

2. <u>Proposed Hearing Date and Time; Notice and Service Requirements.</u>

The Equity Committee requests that the Court set a hearing on this Motion to Reconsider on a date to be determined by the Court. The Equity Committee also requests that the Court approve the following with respect to the service of notice of the hearing on the Motion to Reconsider:

1. As soon as practicable after the Court informs the Equity Committee's counsel of the date and time of the hearing, the Equity Committee will electronically serve notice of the hearing of the Motion to Reconsider on Cathay Bank, the Office of the United States Trustee's attorney and Debtors' counsel and counsel for the Unsecured Creditors' Committee appointed in these cases.

2. The Equity Committee will file its notice of hearing of the Motion to Reconsider with the Court, thereby effectuating service of notice on all parties who have filed requests for electronic notices in these cases.

3. The Equity Committee will specify in the notice of hearing that any oppositions to the Motion to Reconsider must be filed on or before such date that the Court directs.

### C. Conclusion

The Equity Committee respectfully requests that this Court grant this *ex parte* application for an order shortening time for the hearing of the Equity Committee's Motion to Reconsider, authorize service of notice of the hearing on the Motion to Reconsider as described herein, determine that such notice is appropriate under the circumstances, and set a deadline for parties to file any opposition to the Motion to Reconsider. The Equity Committee also requests such further relief as the Court deems just and proper.

Dated: January 24, 2011                    **JENNER & BLOCK LLP**

                                           By    */s/ Marc B. Hankin*
                                                 Kenneth K. Lee  (Cal. Bar No. 264296)
                                                 Marc B. Hankin  (admitted *pro hac vice*)
                                                 Attorneys for Equity Committee

# DECLARATION OF MARC B. HANKIN

STATE OF NEW YORK    )
                     )   SS:
COUNTY OF NEW YORK   )

Marc B. Hankin, being duly sworn, deposes and says:

1. I am a partner of the firm of Jenner & Block LLP. I am an attorney duly licensed in and am a member in good standing of the bars for the States of New York and Connecticut and am admitted to practice before the United States District Court for the Southern District of New York and am admitted *pro hac vice* to practice before this Court. I submit this Declaration in support of the Equity Committee's *Ex Parte* Application For Order Shortening Time For Hearing On Motion To Reconsider Order Approving Settlement With Cathay Bank.

2. The facts set forth in the attached *Ex Parte* Application For Order Shortening Time For Hearing On Motion To Reconsider Order Approving Settlement With Cathay Bank are true.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on January 24, 2011, in New York, New York.

_____
Marc B. Hankin

SUBSCRIBED AND SWORN to before me this 24th day of January, 2011.

_____
Notary Public

MARK R. SCHOLL
NOTARY PUBLIC, State of New York
No. 01SC6063204
Qualified in New York County
Commission Expires August 27, 2013

---

Equity Committee's Notice Of *Ex Parte* Application For Order Shortening Time For Hearing On Motion To Reconsider Order Approving Settlement With Cathay Bank