MICHAEL G. PORTNER, ESQ. Bar No. 94709
portnerlaw@earthlink.net
PORTNER LAW OFFICES
900 Wilshire Boulevard
Suite 1115
Los Angeles, California 90017

(213) 623-7226 FAX (213) 623-5304

Attorneys for ASHA ABDELLA

FILED
JAN 31 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.<br><br>Debtors and Debtors-in-Possession. | CASE NO. 1:09-bk-13356-VK<br><br>Chapter 11<br><br>(Jointly Administered) |
| Affects the following Debtor(s):<br><br>Meruelo Maddux Properties - 760 S. Hill Street, LLC (1:09-bk-13363-KT)<br><br>Meruelo Maddux Management, LLC (1:09-bk-13390-KT) | CASE NO. 1:09-bk-13363-KT<br>CASE NO. 1:09-bk-13390-KT |
| ASHA ABDELLA,<br><br>Plaintiff,<br>vs.<br><br>MERUELO MADDUX PROPERTIES - 760 S. HILL STREET, LLC; MERUELO MADDUX MANAGEMENT, LLC<br><br>Defendants. | Adv. No. ____________________<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVERNMENT CODE SECTION 12940;<br>2. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |

///

3. DISCRIMINATION IN HOUSING BY REASON OF RACE, CALIFORNIA GOVERNMENT CODE SECTION 12955;
4. DISCRIMINATION IN HOUSING BY REASON OF RACE, CALIFORNIA GOVERNMENT CODE SECTION 12955, CIVIL CODE SECTIONS 51, 52

Plaintiff, ASHA ABDELLA, by and through her counsel, hereby complains as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Section 105.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2) but is a personal injury claim provided in 28 U.S.C. (b)(5) and primarily involves issues of California State law.

3. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has venue over this proceeding pursuant to 28 U.S.C. Section 1409(a).

## DEMAND FOR JURY TRIAL

5. Plaintiff demands by trial by jury of this action.

///

6. Plaintiff, Asha Abdella, timely filed a Proof of Claim in this bankruptcy proceeding.

7. Meruelo Maddux has objected to this claim.

8. The parties have stipulated to determining this claim as an Adversary Proceeding and the Court has ordered that this dispute may proceed by an adversary proceeding.

## GENERAL ALLEGATIONS

9. Defendants, MERUELO MADDUX PROPERTIES-760 SOUTH HILL STREET, LLC and MERUELO MADDUX MANAGEMENT, LLC collectively, the "Debtors", referred hereinafter as "Meruelo Maddux") and their related entities filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on March 27, 2009 (the "Petition Date"). [1]

## FIRST CLAIM FOR RELIEF
(Violation of California Fair Employment
and Housing Act, California Government Code Section 12940)

10. Asha Abdella is an African American female of 28 years of age who was employed as a Leasing Consultant for Meruelo Maddux Properties at Union Lofts, 760 South Hill Street, Los Angeles, California, from June 2008 through February 10, 2009. At all times throughout her employment Asha Abdella properly performed the duties of her position until she was terminated due to her race and in retaliation for her complaints of discrimination.

---

[1] One of the Debtors' related entities filed on March 26, 2009.

11. As a Leasing Agent, part of Ms. Abdella's employment compensation included being provided an apartment at the Union Lofts.

12. There were only two African American employees at Union Lofts, Ms. Abdella and another Leasing Agent, Fred Anthony Vennie.

13. The other minorities employed at Union Lofts consisted of approximately 10 to 15 Hispanic maintenance and cleaning employees.

14. Karen Sandler was Leasing Manager and one of Ms. Abdella's direct supervisors. Ms. Abdella's other direct supervisor was Jennifer Serna, the Property Manager.

15. Asha Abdella has filed timely and proper charges of employment discrimination with the California Department of Fair Employment and Housing Development alleging a denial of Asha Abdella's equal employment opportunities by Meruelo Maddux due to Asha Abdella's race, nationality and in retaliation for her filing a complaint of racial discrimination as alleged herein. Asha Abdella has exhausted her administrative remedies before such agency and received her Right to Sue Notice on March 11, 2009.

16. Throughout her employment, and continuing thereafter, Asha Abdella experienced continuous and pervasive acts of racial discrimination and racial harassment by managers and supervisors of Meruelo Maddux against non-Caucasian employees, including against African Americans, and specifically against Asha Abdella because of their being of non-Caucasian race. When Asha Abdella complained of such discrimination she was retaliated against by adverse actions against her employment, and against her tenancy including termination of her employment and her being barred from

the premises of the Union Lofts Apartments. Meruelo Maddux, its managers and supervisors, maintained a continuing pattern and practice of such discriminatory conduct and retaliation against non-Caucasian employees and tenants from the time of the beginning of Ms. Abdella's employment up to the present. Such discriminatory and retaliatory actions included:

17. Shortly after Ms. Abdella began working, on July 12, 2008, Meruelo Maddux held a grand opening party for existing residents, the leasing staff and prospective residents. Asha Abdella attended that party together with a couple of her family members and a couple of friends, all but two of whom are African American.

18. Later during the party, Asha Abdella's friends and relatives asked if they could see her apartment and she began to take them down the hallway to her apartment. At this point the Leasing Manager, Karen Sandler, came up to her and said, "There are too many Black people in here. You guys all need to stay outside where you can be watched." She then told Ms. Abdella, "There will be no touring of the building. All these Black people need to stay out here." Later, concerning Ms. Abdella's group, Karen Sandler told them, "You people don't need to be in the elevators. You don't need to be in the halls."

19. Because Asha Abdella was a Leasing Consultant, dealing with prospective new tenants and existing tenants, she discovered from her managers' statements that Meruelo Maddux and the building managers were charging lower rents, and providing discounts on monthly services, bills and rents, to Caucasian tenants while at the same time informing African American and other minority tenants that they could not provide them any rent adjustments or discounts.

///

20. This differing treatment of Caucasian prospective tenants and the African American and minority tenants occurred on an average of five to six times per month. These actions and statements were committed by Karen Sandler. the Leasing Manager: the Property Manager. Jennifer Serna; and by Jenny Colon. a new Building Manager. who began working at the of Meruelo Maddux Union Lofts complex two to three months before Ms. Abdella left Union Lofts.

21. Meruelo Maddux. at Union Lofts. also had a discount program of $250.00 per month discount to students. However. Jennifer Serna and Karen Sandler offered this discount only to Caucasian applicants and never mentioned and never provided such a student discount to any of the African American or other minority tenants.

22. On several occasions in 2008 Asha Abdella complained to her managers. Jennifer Serna and Karen Sandler. concerning their treating the African American applicants differently than the Caucasian applicants. She told them that when new people come in you have to treat them the same and you have to offer the same discounts to all the prospective tenants. not just the Caucasian tenants. In response to Ms. Abdella's complaints. Jennifer Serna and Karen Sandler simply stopped informing her of the discounts they were giving to tenants. However. because Ms. Abdella had access as a Leasing Consultant to the leasing records. she could see that they were still providing discounts. and lower rents only to the Caucasian applicants. This treatment of minorities continued until Ms. Abdella's employment terminated.

23. The Property Manager. Jennifer Serna. told another supervisor. Michael Sammut. that if any of the minority employees complained about their treatment she would cut their hours back to the extent it would be hard for them to pay their rent. Ms. Serna in fact did this to both Asha Abdella and Fred Vennie. both of the African American leasing agents. Ms. Serna also told Mr. Sammut she wanted to get rid of Asha

Abdella but couldn't do it directly because she was protected under an Act.

24. Mr. Sammut also observed that the managers of Union Lofts often had the Black and the Latino employees working overtime but never paid overtime to any of these minorities. Mr. Sammut also heard the Property Manager. Jennifer Serna. saying. "Black people always destroy things where ever they go." "They take advantage of situations." and "They do this where ever they go." Ms. Serna also told Mr. Sammut. as the building engineer. not to brother with "those people." referring to the African American tenants.

25. When Ms. Abdella complained about all of these incidents to the management of Meruelo Maddux. no corrective action was taken. For this reason. Asha Abdella filed a discrimination complaint with the Equal Employment Opportunity Commission. After Asha Abdella filed her complaint with the EEOC she had a meeting with one of the attorneys for Meruelo Maddux. Todd Neilsen. and he took statements from Asha Abdella. from her relatives who were on conference call by the phone. and from her other witnesses. Mr. Neilsen promised Ms. Abdella that she would be receiving an apology letter from Meruelo Maddux for these incidents. Ms. Abdella never received any such apology.

26. On February 10. 2009. Asha Abdella was called into a meeting with Vivian Martin. one of the Managers of Human Resources. Present at that meeting were Vivian Martin. the Human Resources Manager. and Katy Wilson. from the Legal Department. At that meeting Vivian Martin told Asha Abdella. "We received your EEOC complaint this morning. However. because of the financial difficulty the company is having right now. it's best for us to lay you off."

27. Asha Abdella told her. "So you got my letter and you just find it easier to get rid of the problem?" Vivian Martin replied to Asha Abdella. "It's not just because we

got your letter today that we're doing this."

28. At the same time Asha Abdella was terminated, Meruelo Maddux terminated the only other African American employee, Fred Anthony Vennie, and also terminated all of the African American and Hispanic employees on the staff, approximately 10-15 employees. None of the Caucasian employees were terminated.

29. After the termination of Ms. Abdella's employment she was still occupying her apartment under a lease agreement which provided her with an employee discount for the remainder of her lease term. When she was terminated, she was promised that the discount in her lease would remain in effect. However, very shortly after the termination of her employment, when she continued to complain about the treatment she had been receiving, she was notified that she would no longer receive any rental discount and she would have to pay the increased rent. When she was unable to pay this increased rent, Meruelo Maddux filed an unlawful detainer proceeding against Asha Abdella which resulted in her stipulation to a judgment for possession and her agreement to move out of the apartment. Asha Abdella only agreed to the stipulated, sealed, judgment, because Meruelo Maddux refused to honor their oral promise to her to continue the rental discount which they terminated shortly after they terminated her employment because of her complaints of racial discrimination. All of the actions were taken because of Ms. Abdella's race and her complaints of discrimination.

30. In January 2010, after Ms. Abdella vacated her apartment, she was invited by a tenant at Union Lofts to visit him in his apartment. When she entered the building the security guard called and informed her friend, Jason Townsend, that she was not allowed to be in the building. The Building Manager, Jenny Colon, said that she was banned from the building and called the police to have her removed. These actions were taken by reason of Ms. Abdella's race or her having complained of discrimination. Ms.

Abdella did nothing of any kind to draw attention to herself; she was merely visiting a friend at the Union Lofts building.

31. In addition, Meruelo Maddux, its managers and supervisors, maintained a pattern and practice of denying refunds of tenants' deposits to non-Caucasian tenants, including African Americans and including Asha Abdella because of their race. As a result of her race and her complaints of discrimination, Asha Abdella was denied refund of her apartment security deposit.

32. Meruelo Maddux, its managers and supervisors, also maintained a pattern and practice of discriminating against other African Americans and non-Caucasian tenants and employees by making similar racially derogatory remarks directly to such tenants and employees and making similar racially derogatory slurs concerning non-Caucasian tenants and employees in the presence of other witnesses.

33. Meruelo Maddux's discrimination, harassment, retaliation and infliction of emotional distress, and Meruelo Maddux's change in the terms, conditions and refusal to honor the rights of Asha Abdella resulted in the termination of Asha Abdella's employment on or about February 10, 2009 as the direct and proximate result of Meruelo Maddux's violation of Government Code Section 12940.

34. As a direct and proximate result of the actions of Meruelo Maddux, and each of them, Asha Abdella has incurred loss of income, wages and other pecuniary losses the full nature and extent of which shall be shown according to proof at trial.

35. As a further direct and proximate result of the acts of Meruelo Maddux, and each of them, Asha Abdella has suffered mental anguish, embarrassment, humiliation and emotional distress, and has otherwise sustained great emotional disturbance and distress

all to Asha Abdella's damages in an amount in excess of the minimal jurisdictional limits of this Court.

36. Pursuant to Governmental Code Section 12965 Asha Abdella is also entitled to the award of costs, expenses and attorneys fees.

37. In committing the acts described herein, Meruelo Maddux, and each of them, acted with oppression, fraud and malice and with conscious disregard of the rights of Asha Abdella. The corporate Meruelo Maddux acted with advance knowledge and with conscious disregard, authorization and ratification of the unfitness of their employees committing such acts and employed them with a conscious disregard of the rights and safety of Asha Abdella and others and further authorized or ratified their wrongful conduct. Wherefore Asha Abdella is entitled to punitive damages for the sake of example and by way of punishment in such amount as shall be shown according to proof at trial.

## SECOND CLAIM FOR RELIEF
(Wrongful Termination in Violation of Public Policy)

38. Asha Abdella refers to Paragraphs 1 through 37, inclusive, of this Complaint and by reference incorporates such paragraphs herein as though set forth in full.

39. On or about June 2008, Asha Abdella and Meruelo Maddux entered into an oral agreement whereby Asha Abdella agreed to perform labor and services on behalf of Meruelo Maddux for which Asha Abdella was to be paid a salary by Meruelo Maddux and each of them.

///

40. There exists in the State of California public policy against racial discrimination and against retaliation against employees and tenants by reason of their opposition to and complaints of unlawful discrimination. Such public policy is embodied in the Constitution of the State of California and in Government Code Section 12940.

41. In violation of the public policy of the State of California, Meruelo Maddux, and each of them, did discriminate against Asha Abdella on the terms, conditions and privileges of her employment by reason of her race, retaliation for her complaints of racial discrimination, and thereby caused the termination of Asha Abdella's employment on or about February 10, 2009.

42. In committing the acts described herein, Meruelo Maddux, and each of them, acted with oppression, fraud and malice and with conscious disregard of the rights of Asha Abdella. The corporate Meruelo Maddux acted with advance knowledge and with conscious disregard, authorization and ratification of the unfitness of their employees committing such acts and employed them with a conscious disregard of the rights and safety of Asha Abdella and others and further authorized or ratified their wrongful conduct. Wherefore Asha Abdella is entitled to punitive damages for the sake of example and by way of punishment in such amount as shall be shown according to proof at trial.

## THIRD CLAIM FOR RELIEF
(Discrimination in Housing by Reason of Race
(California Government Code Section 12955))

43. Asha Abdella refers to Paragraphs 1 through 33, inclusive, of this Complaint and by reference incorporates such paragraphs herein as though set forth in full.

///

44. Asha Abdella is informed and believe and thereon alleges that Meruelo Maddux, and each of them, their managers and employees maintained a pattern and practice of discriminatory treatment, racial slurs and insults and discriminatory housing practices against Black/African American patrons and that such activities were known to Meruelo Maddux's officers, directors and managing agents who took no action or inadequate action to prevent such activities.

45. As alleged above, Meruelo Maddux racially discriminatory actions against non-Caucasian tenants, including African American tenants, and including Asha Abdella, including denying rental discounts to non-Caucasian tenants, unwarranted eviction proceedings against non-Caucasian tenants, discrimination against non-Caucasian tenants and the privileges and access to the premises and amenities of the Union Lofts Apartments. Such discriminatory actions against non-Caucasian tenants also included using racially derogatory slurs and statements against non-Caucasian, including African American tenants. Such discrimination in housing also included denial of refund of security deposits to non-Caucasians, including two African American tenants and refusal to allow vacating non-Caucasian tenants to re-enter the Union Lofts Apartments, all because of such tenants' race.

46. As a direct and proximate result of such actions Asha Abdella has suffered mental and emotional distress, embarrassment, humiliation, shock to the nervous system and otherwise have suffered great emotional disturbance and distress all to Asha Abdella's' damages in excess of the minimal jurisdictional limits of this Court.

47. In committing the acts described herein, Meruelo Maddux, and each of them, acted with oppression, fraud and malice and with the conscious disregard of the rights of Asha Abdella. As to the corporate Meruelo Maddux, such Meruelo Maddux acted with advance knowledge and with conscious disregard, authorization and

ratification of the unfitness of their employees committing such acts and employed them with the conscious disregard of the rights and safety of Asha Abdella and others and further such corporation Meruelo Maddux authorized or ratified such wrongful conduct. Such ratification, authorization and advanced knowledge were on the part of officers, directors and managing agents of the corporate Meruelo Maddux. Wherefore, Asha Abdella is entitled to punitive damages for the sake of example and by way of punishment in such amount as shall be shown according to proof at trial.

FOURTH CLAIM FOR RELIEF
(Discrimination in Housing by Reason of Race
(California Government Code Sections 12955,
Civil Code Sections 51, 52))

48. Asha Abdella refers to Paragraphs 1 through 33, inclusive, of this Complaint and by reference incorporates such paragraphs herein as though set forth in full.

49. Asha Abdella is informed and believe and thereon alleges that Meruelo Maddux, and each of them, their managers and employees maintained a pattern and practice of discriminatory treatment, racial slurs and insults and discriminatory housing practices against Black/African American patrons and that such activities were known to Meruelo Maddux's officers, directors and managing agents who took no action or inadequate action to prevent such activities.

50. As alleged above, Meruelo Maddux racially discriminatory actions against non-Caucasian tenants, including African American tenants, and including Asha Abdella, including denying rental discounts to non-Caucasian tenants, unwarranted eviction proceedings against non-Caucasian tenants, discrimination against non-Caucasian tenants and the privileges and access to the premises and amenities of the Union Lofts Apartments. Such discriminatory actions against non-Caucasian tenants also included

using racially derogatory slurs and statements against non-Caucasian, including African American tenants. Such discrimination in housing also included denial of refund of security deposits to non-Caucasians, including two African American tenants and refusal to allow vacating non-Caucasian tenants to re-enter the Union Lofts Apartments, all because of such tenants' race.

51. As a direct and proximate result of such actions Asha Abdella has suffered mental and emotional distress, embarrassment, humiliation, shock to the nervous system and otherwise have suffered great emotional disturbance and distress all to Asha Abdella's' damages in excess of the minimal jurisdictional limits of this Court.

52. Further, as a direct and proximate result of such actions, Meruelo Maddux have violated California Civil Code Section 51 and pursuant to such section and Section 52 Asha Abdella is entitled to recovery of three times the amount of any actual damages and for recovery of attorneys' fees.

53. In committing the acts described herein, Meruelo Maddux, and each of them, acted with oppression, fraud and malice and with the conscious disregard of the rights of Asha Abdella. As to the corporate Meruelo Maddux, such Meruelo Maddux acted with advanced knowledge and with conscious disregard, authorization and ratification of the unfitness of their employees committing such acts and employed them with the conscious disregard of the rights and safety of Asha Abdella and others and further such corporation Meruelo Maddux authorized or ratified such wrongful conduct. Such ratification, authorization and advanced knowledge were on the part of officers, directors and managing agents of the corporate Meruelo Maddux. Wherefore, Asha Abdella is entitled to punitive damages for the sake of example and by way of punishment in such amount as shall be shown according to proof at trial.

///

WHEREFORE, Asha Abdella prays for judgment as follows:

1. For general damages of $500,000.00 and in an amount as shall be shown according to proof at trial;
2. For loss of earnings and earning capacity in such an amount as shall be shown according to proof at trial;
3. For exemplary and punitive damages for sake of example and by way of punishment in such amount as shall be shown according to proof at trial;
4. For costs of suit incurred herein;
5. For reasonable attorneys fees pursuant to California Government Code Section 12940 and Civil Code Section 52;
6. For treble damages pursuant to California Civil Code Section 52; and
7. For such other and further relief as the Court may deem just and proper.

DATED: January 31, 2011

PORTNER LAW OFFICES

BY: [signature]
MICHAEL G. PORTNER

Attorneys for Plaintiff,
ASHA ABDELLA

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

900 Wilshire Boulevard, Suite 1115
Los Angeles, CA 90017

A true and correct copy of the foregoing document described as COMPLAINT FOR DAMAGES, et al. will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 31, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On January 31, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 31, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 31, 2011 | Zeena Okazaki | [signature] |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

ADDITIONAL SERVICE INFORMATION (if needed):

II. BY U.S. MAIL

John N. Tedford, IV, Esq. (SBN 205537)
Jtedford@DGDK.com
Steven J. Schwartz, Esq. (SBN 200586)
Sschwartz@DGDK.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067-2904

Office of the United States Trustee
Attn: Jennifer L. Braum, Esq.
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

II. BY OVERNIGHT DELIVERY

Hon. Victoria S. Kaufman
U.S. Bankruptcy Court
21041 Burbank Boulevard
Suite 305
Woodland Hills, CA 91367

III. BY E-MAIL

Ronn Orr & Professionals, Inc.: ronorresq@aol.com (Attorneys for Equity Committee)
Georgiana G. Rodiger: crodiger@rodigerlaw.com (Attorneys for Equity Committee)
Michael C. Abel, mca@dgdk.com
Robert Abiri, rabiri@abiriszeto.com
Allison R. Axenrod, allison@claimsrecoveryllc.com
Peter Bonfante, peterbonfante@bsalawfirm.com
Jennifer L. Braum, jennifer.l.braun@usdoj.gov
Martin J. Brill, mjb@lnbrb.com
George T. Busu, george.buso@limruger.com
Andrew W. Caine, acaine@pszujw.com
Howard Camhi, hcamhi@ecjlaw.com
Gary O. Caris, gcaris@mckennalong.com

ADDITIONAL SERVICE INFORMATION (if needed):

James E. Carlberg, jcarlberg@boselaw.com
Sara Chenetz, chenetz@blankrome.com
Jacquelyn H. Choi, jchoi@swjlaw.com
Ronald R. Cohn, rcohn@horganrosen.com
Enid M. Colson, ecm@dgdk.com
Michaeline H. Correa, mcorrea@jonesday.com
Brian L.Davidoff, bdavidoff@rutterhobbs.com
Aaron De Leest, aed@dgdk.com
Daniel Denny, ddenny@gibsondunn.com
Jeffrey W. Dulberg, jdulberg@pszjlaw.com
Michael G. Fletcher, mfletcher@frandzel.com
Donald L. Gaffney, dgaffney@swlaw.com
Thomas M. Geher, tmg@jmbm.com
Bernard R. Given, bgiven@frandzel.com
Barry S. Glasser, bglasser@swjlaw.com
Matthew A. Gold, courts@argopartners.net
Michael I. Gottfried, mgottfried@lgbfirm.com, msaldana@lgbfirm.com
John A. Graham, jag@jmbm.com
Ofer M. Grossman, omglaw@gmail.com
Jodie M. Grotins, jgrotins@mcguirewoods.com
Peter J. Gurfein, pgurfein@lgbfirm.com
Cara Hagan, carahagan@haganlaw.org
Asa S. Hami, ahami@sulmeyerlaw.com
Brian T. Harvey, bharvey@buchalter.com
William W. Huckins, whuckins@allenmatkins.com, clynch@allenmatkins.com
Natasha L. Johnson, natasha.johnson@dlapiper.com
Lance M. Jurich, ljurich@loeb.com
Alexandra Kazhokin, akazhokin@buchalter.com, salarcon@buchalter.com, ifs_filing@buchalter.com
William H. Kiekhofer, wkiekhofer@mcguirewoods.com
Andrew F. Kim, kim-a@blankrome.com
Michael S. Kogan, mkogan@ecjlaw.com
Tamar Kouyoumjian, tkouyoumjian@sulmeyerlaw.com
Duane Kumagai, dkumagai@rutterhobbs.com
Lewis R. Landau, lew@landaunet.com
Matthew A. Lesnick, matt@lesnicklaw.com
David E. Leta, dleta@swlaw.com
Katherine Lien, katie.lien@sbcglobal.net

ADDITIONAL SERVICE INFORMATION (if needed):

Steven K. Linkon, slinkon@reolegal.com
Robert M. Llewellyn, michael.llewellyn@boe.ca.gov
Richard Malatt, rmalatt@gmail.com
Elmer D. Martin, elmermartin@msn.com
Elissa Miller, emiller@sulmeyerlaw.com
Iain A. W. Nasatir, inasatir@pszjlaw.com
Jennifer L. Nassiri, jennifer.nassiri@dlapiper.com
Lawrence Peitzman, lpeitzman@pwkllp.com
Eric S. Pezold, epezold@swlaw.com
Christopher E. Prince, cprince@lesnickprince.com
Michael H. Raichelson, mhr@cabkattorney.com
Dean G. Rallis, Jr., drallis@sulmeyerlaw.com
Kurt Ramlo, kurt.ramlo@dlapiper.com, evelyn.rodriquez@dlapiper.com
Daniel H. Reiss, dhr@lnbrb.com
Michael B. Reynolds, mreynolds@swlaw.com, kcollins@swlaw.com
Jeremy V. Richards, jrichards@pszjlaw.com, bdassa@pszjlaw.com
James S. Riley, tgarza@sierrafunds.com
Kristen A. Roe, kroe@wthf.com, dfunsch@wthf.com
Martha E. Romero, romero@mromerolawfirm.com
Victor A. Sahn, vsahn@sulmeyerlaw.com
Zev Shechtman, zshechtman@dgdk.com
Jeffrey S. Shinbrot, jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
Stephen Shiu, sshiu@swlaw.com
Daniel H. Slate, dslate@buchalter.com
Surjit P. Soni, surj@sonilaw.com
Bennett L. Spiegel, blspiegel@jonesday.com
James Stang, jstang@pszjlaw.com
Catherine Steege, csteege@jenner.com
Derrick Talerico, dtalerico@loeb.com, kpresson@loeb.com, ljurich@loeb.com
John N. Tedford, jtedford@dgdk.com
Damon Thayer, dthayer@jenner.com
James A. Timko, jtimko@allenmatkins.com
Alan G. Tippie, atippie@sulmeyerlaw.com
United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Rouben Varozian, rvarozian@bzlegal.com
Jason L. Weisberg, jason@gdclawyers.com
William E. Winfield, wwinfield@nchc.com
Jasmin Yang, jyang@swlaw.com

RECEIVED
JAN 3 1 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY Deputy Clerk

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ASHA ABDELLA | **DEFENDANTS**<br>Meruelo Maddux Properties-760 S. Hill Street, LLC<br>Meruelo Maddux Management, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Portner Law Offices, 900 Wilshire Blvd., Suite 115<br>Los Angeles, CA 90017, 213-623-7226 | **ATTORNEYS** (If Known)<br>Danning, Gill, Diamond & Kollitz, 2029 Century Park East, Third Floor, Los Angeles, CA 90067, 310-277-0077 |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Race Discrimination, California Government Code Section 12940
Housing Discrimination, California Government Code Section 1955, Civil Code Section 51
Retaliation, California Government Code Section 12940

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☑ Check if a jury trial is demanded in complaint | Demand $ 500,000 and according to proof |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>MERUELO MADDUX PROPERTIES | BANKRUPTCY CASE NO.<br>1:09-bk-13356-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando | NAME OF JUDGE<br>Victoria Kaufman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Michael Portner* | | |
| DATE<br>January 31, 2011 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael G. Portner, Esq. SBN 94709 | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.