GARY E. KLAUSNER (State Bar No. 69077)
STEPHAN M. RAY (State Bar No. 89853)
MARINA FINEMAN (State Bar No. 193065)
ANTHONY ARNOLD (State Bar No. 251973), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA  90067-6013
gklausner@stutman.com, sray@stutman.com,
mfineman@stutman.com, aarnold@stutman.com
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

Special Reorganization Counsel for Debtors and Debtors in Possession

JOHN N. TEDFORD, IV (State Bar No. 205537)
DANNING GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067-2904
JTedford@DGDK.com
Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735

Reorganization Counsel for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtor.<br><br>☒    Affects all Debtors<br>☐    Affects the following Debtor(s): | Case No.: 1:09-bk-13356-VK<br>Chapter 11 (Jointly Administered)<br><br>**DEBTORS' OPPOSITION TO THE EX PARTE APPLICATION OF CHARLESTOWN FOR OST ON REQUEST FOR SANCTIONS AGAINST DEBTORS FOR SPOLIATION OF EVIDENCE**<br><br>[No Hearing Scheduled] |

---

[1]    Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities.  The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

The Debtors file this Opposition to the 'Ex Parte Application For Order shortening Time On Request For Sanctions Against Debtors For Spoliation Of Evidence' [Docket No. 2748] (the "Application") filed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively "Charlestown"), with regard to Charlestown's 'Request For Sanctions Against Debtors For Spoliation Of Evidence' [Docket No. 2747] (the "Motion").

## I.

## INTRODUCTION

Albert Einstein is often credited with defining "insanity" as "doing the same thing over and over again, and expecting a different result."  With that in mind (or perhaps not, in the case here), Charlestown has filed the Application, which seeks an order shortening time for a hearing on the Motion.  The Motion, like the "Motion In Limine For Order Making Adverse Factual Findings" [Docket No. 2659] filed only one week earlier by Charlestown's litigation partner, the Equity Committee, seeks to have this Court do by decree what Charlestown and the Equity Committee are unable to do on their own, *i.e.*, prove their case.

Without so much as even the pretense of an excuse, Charlestown's Application asks this Court to drop everything, and address an artificial "emergency" created by Charlestown's own lack of diligence.  If Charlestown's Motion had any merit, it should have been brought weeks ago, and heard with the other motions in limine on February 3, 2011.  Instead, if Charlestown's Application is granted, the Debtors' response to the Motion, and the hearing thereon, would interrupt the trial of the Debtors' plan confirmation, and unfairly interfere with the Debtors' trial preparation.

Enough is enough.  For the reasons set forth herein, this Court should deny the Application, deny the Motion without a hearing, and allow the Debtors to continue the confirmation hearing on the Debtors' Plan without further tactical motions and other interference from Charlestown and the Equity Committee.

## II.

### DISCUSSION

In the Motion, Charlestown argues that the act of Mr. Todd Nielsen, the Debtors' General Counsel, in discarding his handwritten notes of Board of Directors meetings, after first preparing formal, typed minutes of such meetings, and only after Board approval thereof, constitutes "spoliation of evidence."  Application, p.2.  The Application goes on to argue that such conduct "warrants sanctions, the least of which is a finding that, had Nielsen not destroyed his notes, the notes would have included evidence favorable to the other parties and harmful to MMPI." *Ibid.* Ignoring for the moment the absurd, and absurdly vague, nature of the relief requested in the Motion[2] (Findings that say <u>what</u>, exactly?  Evidence that is "favorable" on what issue?  Evidence that is "harmful" in what manner, and on what issue?), Charlestown's contention that the Motion is an "emergency" that only just came up, and must be resolved on shortened notice, is patently false.

In support of its argument that the Motion presents an "emergency," Charlestown's Application states that Charlestown was "entirely unaware of the spoliation issue until the deposition of Todd Nielsen, MMPI's General Counsel, on January 12, 2011."  Application, p.3.  Tellingly, Charlestown provides no adequate explanation for why it waited for <u>three weeks</u> after the Nielsen deposition before filing the Motion.  All that Charlestown has to offer as to why it allowed this "emergency" to percolate for almost a month is that Charlestown only "received the <u>final transcript</u> of Mr. Nielsen's deposition on Wednesday, January 26, 2011."  Application, p.3. (emphasis added).

Charlestown conveniently neglects to bring to this Court's attention several key facts. First, regardless of when he received the <u>final</u> version of the Nielsen transcript, Charlestown's counsel acknowledges having received the "rough" transcript before then.  <u>See</u> Declaration of Christopher Prince in Support of [the Application], ¶ 5.  Second, in the Application, counsel for Charlestown omits the fact that he actually <u>attended</u> the Nielsen deposition, where the alleged "spoliation" was, as stated in the Motion, first "discovered."[3]  Thus, there can be no legitimate

---

[2]  This Opposition does not address the "merits" of the underlying Motion.  If the Court believes it necessary to hold a hearing on the Motion, the Debtors will respond as and when required to do so by this Court.

[3]  <u>See</u>, cover pages to the Nielsen transcript, attached hereto as Exhibit A, indicating Mr. Prince's attendance.

1    dispute that Charlestown was well aware of this "emergency" weeks before it filed its pleadings on

2    this issue.[4]

3         Charlestown then proffers yet another excuse for its delay in bringing the Motion,

4    even after its counsel received the "final" Nielsen transcript on January 26: "The Confirmation

5    Hearing in this matter, however, began the next day."  And thus, without a trace of irony,

6    Charlestown simultaneously argues that this Court should (a) excuse Charlestown's delay in bringing

7    the Motion (because Charlestown was busy preparing for the Confirmation Hearing); and (b)

8    schedule a hearing on Charlestown's Motion, on shortened notice, during the Confirmation Hearing

9    (while the Debtors are busy preparing for the Confirmation Hearing).  This Court should not

10   condone such transparent gamesmanship.

11        Charlestown also fails to note that its Motion was filed on the evening of February 3,

12   2011, following the second full day of trial, and following a half-day hearing on several motions *in*

13   *limine,* including Charlestown's most recent one.[5]  This raises several issues.  First, Charlestown has

14   not explained why it failed to file the instant Motion prior to this Court's January 24, 2011 deadline

15   for filing motions *in limine*; Charlestown of course was aware of that deadline and, in fact

16   Charlestown filed a motion seeking to exclude the testimony and expert report of M. Freddie Reiss.

17   [Docket No. 2655]

18        Second, and even more significantly, the Equity Committee, with whom Charlestown

19   has joined forces for purposes of opposing the Debtors' Plan, filed two motions on January 24, 2011,

---

[4]    Charlestown may attempt to argue that, while its counsel <u>attended</u> the Nielsen deposition, he was not actually <u>paying attention</u> to what was said. There is some precedent for this, as shown by the following excerpt from the deposition of M. Freddie Reiss, the Debtors' interest rate expert:

BY MR. PRINCE:
    Q    *You're an accountant?*
    A    *A CPA.*
    Q    *A CPA. I apologize. I did not read your C.V.*

MR. KLAUSNER:  *We spent an hour on the C.V., Chris. Where were you*?

MR. PRINCE:  *I fell asleep. But I am informed and believe that you are highly qualified.*

See excerpt of transcript of deposition of M. Freddie Reiss, at 212-13 (copy attached as Exhibit B).

[5]    Not once during the February 3, 2011, hearing on the motions *in limine* did counsel for Charlestown (Mr. Prince) mention that he was about to be filing yet another piecemeal motion, or why that motion could not be filed with the ones being heard that morning.

1    one of which [Docket No. 2658] directly addressed, and quoted from the rough transcript of, Mr.

2    Nielsen's January 12 deposition, and the other [Docket No. 2659] of which raised a panoply of issues

3    for which the Equity Committee requested relief almost identical to that which Charlestown seeks in

4    the present Motion, *i.e.*, adverse findings that would have a preclusive effect on the Debtors' ability

5    to present evidence.  The Debtors responded to these motions *in limine*, and this Court held a hearing

6    on these motions on February 3, 2011.  Charlestown of course fails to explain why the instant

7    Motion was not filed with the motions *in limine*, and why the draconian substantive relief that this

8    Court denied to Charlestown's partner, the Equity Committee, last week, *i.e.,* adverse factual

9    findings, should be granted to Charlestown this week.

### III.

### CONCLUSION

12          The Debtors respectfully submit that the time has come for this Court to put an end to

13    the seemingly non-stop efforts of Charlestown and the Equity Committee to create roadblocks

14    designed to prevent the Debtors from presenting evidence in connection with plan confirmation.  To

15    allow Charlestown to interrupt the plan confirmation proceeding for this belated Motion, literally in

16    the middle of the trial, would unfairly require the Debtors to direct their resources and attention from

17    preparing for and conducting the trial.  Forcing the Debtors to focus on responding to yet another

18    frivolous motion, this one filed even after the proverbial last minute, is completely unreasonable.

19    Charlestown's vexatious litigation tactics must come to a halt.  The Debtors respectfully request that

20    this Court deny Charlestown's Application for an OST, and also deny the underlying Motion.

22    Dated: February 7, 2011

Respectfully submitted,

/s/ *Marina Fineman*

GARY E. KLAUSNER, STEPHAN M. RAY,
MARINA FINEMAN, and ANTHONY ARNOLD,
Members of STUTMAN, TREISTER & GLATT, P.C
.
Special Reorganization Counsel for Debtors and
Debtors in Possession

Exhibit A

# In The Matter Of:

*MERUELO MADDUX PROPERTIES, INC.*

———————————————————————————

## *NIELSEN, TODD - Vol. 1*
### *January 12, 2011*

———————————————————————————

**MERRILL CORPORATION**

**LegaLink, Inc.**

20750 Ventura Boulevard
Suite 205
Woodland Hills, CA 91364
Phone: 818.593.2300
Fax: 818.593.2301

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION


| | | |
|---|---|---|
| In Re: | ) | CASE NO. |
| | ) | 1:09-BK-13356-KT |
| MERUELO MADDUX PROPERTIES, | ) | |
| INC., et al., | ) | |
| | ) | |
| | ) | |
| Debtors and | ) | |
| Debtors-in-Possession. | ) | |
| ——————————————————— | ) | |
| | ) | |
| Affects All Debtors | ) | |
| ——————————————————— | ) | |


DEPOSITION OF TODD NIELSEN

TAKEN ON

WEDNESDAY, JANUARY 12, 2011


Reported by:  NIKKI ROY

CSR No. 3052

TODD NIELSEN - 1/12/2011

2

1          Deposition of TODD NIELSEN, taken on behalf of the

2     Official Equity Committee, at 1901 Avenue of the Stars,

3     Suite 1200, Los Angeles, California, on Wednesday,

4     January 12, 2011, at 9:54 a.m., before Nikki Roy, CSR

5     No. 3052.

6

7

8     APPEARANCES:

9

10     FOR THE OFFICIAL EQUITY COMMITTEE:

11          RODIGER LAW OFFICES
            BY:  GEORGIANA RODIGER, ESQ.
12          272 Los Robles Avenue
            Pasadena, California 91101-2872
13          (626) 793-7264

14

15     FOR MERUELO MADDUX PROPERTIES, INC., AND THE WITNESS:

16          LAW OFFICES STUTMAN TREISTER & GLATT
            BY:  GARY KLAUSNER, ESQ.
17          1901 Avenue of the Stars
            Suite 1200
18          Los Angeles, California 90067-6013
            (310) 228-5755

19

20

21

22

23

24

25

TODD NIELSEN - 1/12/2011

3

1    APPEARANCES (CONTINUED):

2

3    FOR THE COUNTY OF LOS ANGELES:

4         STECKBAUER WEINHART JAFFE, LLP
          BY:  SUSAN FELDMAN, ESQ.
5         333 South Hope Street
          36th Floor
6         Los Angeles, California 90071
          (213) 229-2868
7

8

     FOR THE CREDITORS COMMITTEE:
9
          SULMEYER KUPETZ
10        BY:  ASA HAMI, ESQ.
          333 South Hope Street
11        35th Floor
          Los Angeles, California 90071
12        (213) 626-2311
          (Via teleconference)
13

14

     FOR BANK OF AMERICA:
15
          SNELL & WILMER LLP
16        BY:  DONALD L. GAFFNEY, ESQ.
          400 East Van Buren Street
17        Phoenix, Arizona 85004-2202
          (602) 382-6000
18        (Via teleconference)

19

20   FOR CHARLESTOWN CAPITAL ADVISORY LLC and HARTLAND ASSET
     MANAGEMENT CORPORATION:
21
          LESNICK PRINCE LLP
22        BY:  CHRIS PRINCE, ESQ.
          185 Pier Avenue
23        Suite 103
          Santa Monica, California 90405
24        (310) 396-0960

25

**TODD NIELSEN - 1/12/2011**

4

1    APPEARANCES OF COUNSEL (CONTINUED):

2

3    FOR PNL POMONA:

4         HAGAN & ASSOCIATES
          BY:  CARA HAGAN, ESQ.
5         110 East Wilshire Avenue
          Suite 405
6         Fullerton, California 92832-1956
          (714) 526-3377
7

8    ALSO PRESENT:

9

         RICHARD MERUELO
10       MIGUEL ECHEMENDIA
         JOHN TEDFORD, (Telephonically)
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit B

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION


In re                              )
                                   ) Case No. 1:09-bk-13356-KT
                                   )
MERUELO MADDUX PROPERTIES,         )
INC., et al.,                      )
                                   )
              Debtor.              )
_____)


            DEPOSITION of M. FREDDIE REISS, taken on

      behalf of the Equity Committee at 1901 Avenue

      of the Stars, 12th Floor, Los Angeles,

      California, on Thursday, January 6, 2011 at

      10:02 a.m. before Vivian C. Lane, Certified

      Shorthand Reporter No. 11339.

1    we got from -- we got the information from counsel --

2    that that's not privileged, I guess -- and then we did

3    the calculations.

4         Q    How did you treat shares that didn't vote one

5    way or the other?

6         A    We -- we worked back to the fact that whether

7    you voted or not, eventually you had to have only

8    45 percent of the shares remaining with the old

9    shareholders; so that's why I talked about it earlier.

10   There are shareholders who didn't want to be redeemed who

11   will effectively be redeemed under the Charlestown Plan

12   against potentially their wishes.

13        Q    If you do not vote, do you receive 35 cents for

14   all of your shares?

15        A    I'm forgetting the particulars now.  I'd have

16   to go back and refresh my memory.

17        Q    And did you do that calculation that's

18   represented on line 16 to 18?

19        A    I and my team working with me did it.

20        Q    Well, did you do it?  Did someone under you do

21   it --

22        A    Yes.

23        Q    -- and you approved it?

24        A    Yes.

25        Q    You're an accountant?

Exhibit B - Page 11

1        A    A CPA.

2        Q    A CPA.  I apologize.  I did not read your

3    C.V. --

4        MR. KLAUSNER:  We spent an hour on the C.V., Chris.

5    Where were you?

6        MR. PRINCE:  I fell asleep.

7    BY MR. PRINCE:

8        Q    But I am informed and believe that you are

9    highly qualified.

10           You're familiar with GAP?

11       A    For sure.

12       Q    Okay.  Is one of the elements of GAP

13   conservatism?  Have I got that right?

14       A    Well, it's a general accounting concept.

15       Q    Did you do anything yourself to verify that the

16   estimate -- the estimates of real estate values supplied

17   by Mr. Meruelo were accurate?

18       A    No, we did not do any valuation work in this

19   case, and I state that in my expert report.

20       Q    Did you talk to anybody about whether those

21   values were reasonable?

22       A    I've had conversations over time as we were

23   developing plans with the team, including Andrew Murray,

24   but I don't -- and John Maddux, but I don't recall any

25   exercise where we were specifically trying to do our own

| | |
|---|---|
| In re:  MERUELO MADDUX PROPERTIES, INC.<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER: 1:09-bk-13356-VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA  90067.

A true and correct copy of the following document described as;

**DEBTORS' OPPOSITION TO THE EX PARTE APPLICATION OF CHARLESTOWN FOR OST ON REQUEST FOR SANCTIONS AGAINST DEBTORS FOR SPOLIATION OF EVIDENCE**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **February 7, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mca@dgdk.com

Robert Abiri on behalf of Interested Party Courtesy NEF
rabiri@abiriszeto.com

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Christopher J Bagnaschi on behalf of Defendant Richard Meruelo
cb@cjblaw.com

John J Bingham on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
jbingham@dgdk.com

William C Bollard on behalf of Creditor Victory Outreach La Puente, Inc.
eal@jbblaw.com, kmg@jbblaw.com;dritchie@jbblaw.com;william@jbblaw.com

Peter Bonfante on behalf of Interested Party Courtesy NEF
peterbonfante@bsalawfirm.com

Julia W Brand on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
JBrand@bhfs.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Martin J Brill on behalf of Interested Party Courtesy NEF
mjb@lnbrb.com

Andrew W Caine on behalf of Creditor Legendary Investors Group No. 1, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:  MERUELO MADDUX PROPERTIES, INC. | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

acaine@pszyjw.com

Howard Camhi on behalf of Creditor Kennedy Funding, Inc.
hcamhi@ecjlaw.com

Gary O Caris on behalf of Interested Party EDI Architecture
gcaris@mckennalong.com, pcoates@mckennalong.com

James E Carlberg on behalf of Creditor Woodland Farms, Inc.
jcarlberg@boselaw.com

Sara Chenetz on behalf of Creditor Imperial Capital Bank
chenetz@blankrome.com, chang@blankrome.com

Jacquelyn H Choi on behalf of Interested Party Courtesy NEF
jchoi@swjlaw.com

Carol Chow on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
CChow@Stutman.com

Cynthia M Cohen on behalf of Interested Party Courtesy NEF
cynthiacohen@paulhastings.com

Ronald R Cohn on behalf of Creditor Pacific Commerce Bank
rcohn@horganrosen.com

Enid M Colson on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
emc@dgdk.com, ecolson@dgdk.com

Michaeline H Correa on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
mcorrea@jonesday.com

Emily R Culler on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
eculler@stutman.com

Ana Damonte on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
ana.damonte@pillsburylaw.com

Brian L Davidoff on behalf of Creditor Yoshiake Murakami
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Susan S Davis on behalf of Creditor Cox, Castle & Nicholson LLP
sdavis@coxcastle.com

Aaron De Leest on behalf of Debtor Merco Group - 2040 Camfield Avenue, LLC, a DE LLC
aed@dgdk.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Jeffrey W Dulberg on behalf of Creditor Legendary Investors Group No. 1, LLC
jdulberg@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:  MERUELO MADDUX PROPERTIES, INC. | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

Marina Fineman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mfineman@stutman.com

Michael G Fletcher on behalf of Creditor Cathay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Barry V Freeman on behalf of Interested Party Courtesy NEF
bvf@jmbm.com, bvf@jmbm.com

Donald L Gaffney on behalf of Creditor BANK OF AMERICA
dgaffney@swlaw.com

Thomas M Geher on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank
Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage
Securities, Inc., etc
tmg@jmbm.com

Bernard R Given on behalf of Creditor Cathay Bank
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor County of Los Angeles Tax Collector
bglaser@swjlaw.com

Gabriel I Glazer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
gglazer@stutman.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Michael J Gomez on behalf of Creditor Cathay Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

Michael I Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

John A Graham on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc.
jag@jmbm.com

Ofer M Grossman on behalf of Interested Party Courtesy NEF
omglaw@gmail.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
pgurfein@lgbfirm.com

Cara J Hagan on behalf of Creditor PNL Pomona, L.P.
carahagan@haganlaw.org

Asa S Hami on behalf of Creditor Committee Creditors Committee
ahami@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                **F 9013-3.1.PROOF.SERVICE**

548014v.1

| In re:  MERUELO MADDUX PROPERTIES, INC. | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

Brian T Harvey on behalf of Creditor California Bank & Trust
bharvey@buchalter.com, IFS_filing@buchalter.com

Robert A Hessling on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
rhessling@dgdk.com

William W Huckins on behalf of Interested Party Courtesy NEF
whuckins@allenmatkins.com, clynch@allenmatkins.com

Lance N Jurich on behalf of Creditor CanPartners Realty Holding Company IV, LLC
ljurich@loeb.com, kpresson@loeb.com

William H. Kiekhofer on behalf of Creditor Esmark, Inc.
wkiekhofer@mcguirewoods.com

Andrew F Kim on behalf of Creditor Imperial Capital Bank
kim-a@blankrome.com

Michael S Kogan on behalf of Creditor Kennedy Funding, Inc.
mkogan@ecjlaw.com

Tamar Kouyoumjian on behalf of Creditor Committee Creditors Committee
tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Lewis R Landau on behalf of Creditor Committee Creditors Committee
lew@landaunet.com

Leib M Lerner on behalf of Auditor Ernst & Young LLP
leib.lerner@alston.com

Matthew A Lesnick on behalf of Stockholder Charlestown Capital Advisors, LLC
matt@lesnicklaw.com

David E Leta on behalf of Creditor FNBN-CMLCOM I LLC
dleta@swlaw.com, wsmart@swlaw.com

Katherine Lien on behalf of Interested Party Courtesy NEF
katie.lien@sbcglobal.net, katielien@gmail.com

Steven K Linkon on behalf of Creditor Chinatrust Bank (USA)
slinkon@rcolegal.com

Robert M Llewellyn on behalf of Creditor California State Board Of Equalization
michael.llewellyn@boe.ca.gov

Richard Malatt on behalf of Interested Party Courtesy NEF
rmalatt@gmail.com

Elmer D Martin on behalf of Creditor East West Bank
elmermartin@gmail.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                   **F 9013-3.1.PROOF.SERVICE**

548014v.1

| In re: MERUELO MADDUX PROPERTIES, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

Avi Muhtar on behalf of Creditor Committee Official Committee of Unsecured Creditors
amuhtar@sulmeyerlaw.com

Iain A W Nasatir on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Jeffrey P Nolan on behalf of Creditor Legendary Investors Group No. 1, LLC
jnolan@pszjlaw.com

Henry H Oh on behalf of Defendant Meruelo Maddux Properties Inc a DE Corp
henry.oh@dlapiper.com, janet.curley@dlapiper.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Eric S Pezold on behalf of Creditor BANK OF AMERICA
epezold@swlaw.com, dwlewis@swlaw.com

Christopher E Prince on behalf of Stockholder Charlestown Capital Advisors, LLC
cprince@lesnickprince.com

Michael H Raichelson on behalf of Creditor Stanford Group LP
mhr@cabkattorney.com

Dean G Rallis Jr on behalf of Attorney SulmeyerKupetz, a Professional Corporation
drallis@sulmeyerlaw.com

Kurt Ramlo on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Interested Party Courtesy NEF
cmr@lnbrb.com

Daniel H Reiss on behalf of Interested Party Richard Meruelo
dhr@lnbrb.com

Michael B Reynolds on behalf of Creditor FNBN-CMLCON I LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Jeremy V Richards on behalf of Creditor East West Bank
jrichards@pszjlaw.com, bdassa@pszjlaw.com

James S Riley on behalf of Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Victor A Sahn on behalf of Creditor Committee Creditors Committee
vsahn@sulmeyerlaw.com

Steven J Schwartz on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
sschwartz@dgdk.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

548014v.1

| In re:  MERUELO MADDUX PROPERTIES, INC. | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

Kenneth J Shaffer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
jshaffer@stutman.com

Zev Shechtman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
zshechtman@dgdk.com, danninggill@gmail.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Jeffrey S Shinbrot on behalf of Creditor The Union Restaurant and Lounge, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Stephen Shiu on behalf of Creditor FNBN-CMLCOM I LLC
sshiu@swlaw.com

Lori Sinanyan on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
lsinanyan@jonesday.com

Daniel H Slate on behalf of Creditor California Bank & Trust
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Surjit P Soni on behalf of Creditor Legendary Investors Group No. 1, LLC
surjit@sonilaw.com, teresa@sonilaw.com

Bennett L Spiegel on behalf of Plaintiff East West Bancorp, Inc.
blspiegel@jonesday.com

Tracie L Spies on behalf of Creditor PNL Pomona, L.P.
tracie@haganlaw.org

James Stang on behalf of Creditor East West Bank
jstang@pszjlaw.com

Catherine Steege on behalf of Creditor Committee Official Committee of Equity Holders
csteege@jenner.com

Derrick Talerico on behalf of Creditor CanPartners Realty Holding Company IV, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

John N Tedford on behalf of Attorney Danning Gill Diamond & Kollitz LLP
jtedford@dgdk.com, DanningGill@Gmail.com

Damon Thayer on behalf of Interested Party Courtesy NEF
dthayer@jenner.com

James A Timko on behalf of Interested Party Courtesy NEF
jtimko@allenmatkins.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9013-3.1.PROOF.SERVICE**

548014v.1

| In re:  MERUELO MADDUX PROPERTIES, INC. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

Rouben Varozian on behalf of Creditor Vahan Chamlian
rvarozian@bzlegal.com

Jason L Weisberg on behalf of Creditor Roofcorp of CA Inc
jason@gdclawyers.com

William E Winfield on behalf of Creditor Committee Creditors Committee
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor BANK OF AMERICA
jyang@swlaw.com


**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*


**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 7, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Via Email**

Ronald S. Orr:  ronorresq@aol.com (Attorneys for Equity Committee)
Georgiana G. Rodiger:  crodiger@rodigerlaw.com (Attorneys for Equity Committee)

**By Personal Delivery (February 8, 2011)**
Honorable Victoria S. Kaufman, U.S. Bankruptcy Court, Courtroom 301, 21041 Burbank Blvd. Woodland Hills, California 91367


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 7, 2011 | Kendra A. Johnson | /s/ Kendra A. Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

548014v.1