JENNER & BLOCK LLP
Kenneth K. Lee  (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone:  213-239-5100
Facsimile:  213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin  (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone:  212-891-1600
Facsimile:  212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA  90292
Telephone:  310-301-4849
Facsimile:  310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California  91101
Telephone:  626-793-7264
Facsimile:  626-793-7592
crodiger@rodigerlaw.com

Attorneys for Equity Committee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| **IN RE:** | CASE NO. 09-bk-13356-VK |
| **MERUELO MADDUX PROPERTIES, INC., et al.**[1] | Chapter 11 |
| **Debtors and Debtors-in-Possession.** | **STATEMENT REGARDING WILLIAMS & RIBB EMPLOYEE PROFIT SHARING PLAN'S RESPONSE REGARDING COURT'S TENTATIVE RULING REGARDING SECTION 1129(c)** |
| **AFFECTS ALL DEBTORS** | |
| . | **Date:     March 7, 2011** |
| | **Time:     9:30 a.m.** |
| | **Place:    Courtroom 301** |
| | **           21041 Burbank Boulevard** |
| | **           Woodland Hills, CA 91367** |

---

[1]     This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities.  The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the *Order Directing The Joint Administration Of Related Cases* entered by the Court on April 7, 2009 (docket entry no. 30).

1  The Official Committee of Equity Holders (the "Equity Committee") submits this statement

2  regarding Williams & Ribb Employee Profit Sharing Plan's Response Regarding Court's Tentative

3  Ruling Regarding Section 1129(c) (docket entry no. 2833, the "Response") and states as follows:[1]

4  **STATEMENT**

5  Williams & Ribb Employee Profit Sharing Plan (the "Williams & Ribb Plan") is a member of

6  the Equity Committee that, several months ago, unilaterally ceased participating in Equity Committee

7  meetings and deliberations.  In addition, notwithstanding numerous requests, the Williams & Ribb

8  Plan failed to respond to the Debtors' discovery request upon the Equity Committee.  The Equity

9  Committee has informed the Office of the U.S. Trustee as to the conduct (or lack thereof) of the

10  Williams & Ribb Plan as an Equity Committee member and, in producing documents to the Debtors,

11  informed them that the Equity Committee was unable to collect documents from the Williams &

12  Ribb Plan.  (Hankin Decl. Ex. 1.)

13  In the Response, Messrs. John D. Williams and Chris Kappos III—the signatories to the

14  Response—purport to set forth the Williams & Ribb Plan's views on this Court's tentative ruling on

15  section 1129(c) issues.  Instead of addressing the substantive issues, the Response veers off to set

16  forth a series of false and unsubstantiated personal attacks on certain members of the Equity

17  Committee and the Equity Committee's counsel.  Given that the Response is an invalid pleading

18  because it was not prepared by counsel, and that the issues raised are not relevant to the question

19  posed by this Court's Tentative Ruling, the Equity Committee respectfully submits that the Court

20  should simply ignore the Response so as to not credit the side-show that Messrs. Williams and

21  Kappos seek to create.  In the event either this Court or the Office of the U.S. Trustee determines that

22  it would be appropriate for the Equity Committee to address the various unsubstantiated allegations

23  (including those involving confidential Equity Committee deliberations) set forth in the Response,

24  the Equity Committee stands ready and willing to do so.

25

26

27

28

---

[1] Capitalized terms not defined herein should be ascribe the meanings given to them in the Official Equity Committee's Statement In Response To Court's Tentative Ruling Regarding Section 1129(c) (docket entry no. 2794).

Statement Regarding Williams & Ribb Employee Profit Sharing Plan's Response Regarding Court's
Tentative Ruling Regarding Section 1129(c)

1    The Equity Committee considered filing a formal motion to strike the Response, but elected

2    not to do so at this time in order to avoid unnecessary motion practice before this Court and wasting

3    judicial resources.  This Court has ample authority to simply ignore the Response because Messrs.

4    Williams and Kappos, who are not attorneys, do not have the ability or authority to represent the

5    Williams & Ribb Plan before this Court.  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir.

6    2008) (holding that *pro se* plaintiffs may only represent themselves personally in court and may not

7    represent other persons or entities, and collecting cases on this point); *see also C.E. Pope Equity*

8    *Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a *pro se* litigant's status as trustee did

9    not grant him the right to represent that trust in court); *Jones v. Niagara Frontier Transp. Authority*,

10   722 F.2d 20, 22 (2d Cir. 1983) ("the lay litigant lacks many of the attorney's ethical responsibilities,

11   *e.g.*, to avoid litigating unfounded or vexatious claims.").

12   Perhaps the one falsehood that merits comment by the Equity Committee is the Response's

13   allegation that the Equity Committee is a vehicle for its Chairperson, Stephen Taylor of the Taylor

14   International Fund, Ltd., to "seize control" of the Debtors.[2]  *See, e.g.,* Response at 7.  The Response

15   fails to address how this statement could possibly be true when the Equity Committee—after a

16   unanimous vote—formally submitted a solicitation letter on October 1, 2010, supporting a prior

17   version of the Debtors' Plan.  (*See* docket entry no. 1905.)  As the Equity Committee has repeatedly

18   pointed out by reference to facts that are a matter of public record, the Equity Committee only re-

19   engaged in negotiations with the proponents of the Charlestown Plan after the Debtors materially

20   amended their plan to include the Voting Condition, thereby stripping away the critical corporate

21   governance protections set forth in that plan.  The Equity Committee only determined to support the

22   Charlestown Plan after the proponents of that plan agreed to modifications that were the result of

23   arm's length negotiations.  (*See* docket entry no. 2141 at 3-4; 2813 at 2-3.)  If there were some kind

24   of conspiracy to support the Charlestown Plan from the outset, it would have to have been a

25   particularly complex one that required the Debtors' participation—by first offering corporate

26

27

28   [2] Given the Response's allegations with respect to Georgiana G. Rodiger and Ronald S. Orr as counsel for the Equity
Committee, those professionals have prepared separate declarations that are attached hereto as Exhibits A and B.

Statement Regarding Williams & Ribb Employee Profit Sharing Plan's Response Regarding Court's
Tentative Ruling Regarding Section 1129(c)

governance protections in a plan that the Equity Committee formally supported, and then taking such protections away by inserting the Voting Condition after the Equity Committee submitted its solicitation letter—so that the Equity Committee could then re-negotiate with Charlestown as to the treatment of equity under that plan, the Charlestown Plan proponents could modify their plan, and the Equity Committee could support such plan.  Obviously, such a convoluted allegation would not only describe a bizarre conspiracy involving multiple parties in this case, but also would not pass any possible standard for ethical pleading before this Court.

While the Response states that the Williams & Ribb Plan unilaterally determined that it would cease participating in Equity Committee meetings or deliberations—but without resigning from the Equity Committee—it fails to advise the Court that it made this decision without any notice to the Equity Committee of its apparently formal decision.  Furthermore, the Response fails to advise this Court that the Williams & Ribb Plan ignored repeated requests to comply with the Debtors' discovery request of the Equity Committee.  As noted above, in producing the documents to the Debtors, counsel to the Equity Committee advised the Debtors that the Equity Committee was unable to collect document from the Williams & Ribb Plan.  (Hankin Decl. Ex. 1.)   Notwithstanding the failure of the representatives of the Williams & Ribb Plan to participate in Committee meetings, Messrs. Williams and Kappos continued to receive all emails and documents provided to the Equity Committee by the Equity Committee's professionals.

In light of the foregoing, and in the interests of full disclosure, it is appropriate to advise this Court of the request that was forwarded by Kurtzman Carson Consultants LLC, the balloting agent in this case, to the Equity Committee and other parties in interest on February 4, 2011.  A copy of this request, together with the supporting documents, is attached to the Declaration of Marc B. Hankin as Exhibit 2 (the "Request").  Charles Schwab & Co. ("Schwab") made the Request in its capacity as the nominee/broker for (i) C&D Kappos Living Trust, and (ii) Deneice Kappos IRA Account.  The Request advises that the MMPI shares held by such entities were placed in a "locked down" account due to Schwab's error in recording that such shareholders had elected to receive cash under the

Statement Regarding Williams & Ribb Employee Profit Sharing Plan's Response Regarding Court's
Tentative Ruling Regarding Section 1129(c)

MMPI Plan, when they had actually elected to retain their shares. Schwab requested that such shares be removed from the "locked down" account because those shareholders seek to sell their shares.

According to the ballots provided, the signatories for the C&D Kappos Living Trust are Deneice Kappos and Chris Kappos, Jr., and the signatory for the Deneice Kappos IRA Account is Deneice Kappos. (Hankin Decl. Ex. 2.) The Equity Committee has reason to believe that such signatories with apparent control of the MMPI shares are related to Chris Kappos III, who has served as the representative of the Williams & Ribb Plan on the Equity Committee and signed the Response. Mr. Kappos, as a result of the Williams & Ribb Plan not resigning from the Equity Committee, continues to receive all written communications from the Equity Committee's professionals to the members of the Equity Committee. Accordingly, to the extent such communications (including attorney-client privileged communications) set forth confidential non-public information regarding the Debtors and these cases, Mr. Kappos has received such information. The Equity Committee has no knowledge as to whether Mr. Kappos has shared any of that information with the signatories noted above.

In view of the foregoing, and the lack of knowledge regarding Mr. Kappos' relationship with the two shareholders identified in the Request, the Equity Committee has declined to consent to the Request at this time. Such action is appropriate and is consistent not only with the Equity Committee's fiduciary duties, but also with its bylaws, which provide in relevant part as follows:

> Members of this Committee may from time to time receive confidential, proprietary, or insider information. The improper use of that information may constitute a violation of federal or state securities laws or a breach of the Committee member's fiduciary duties towards equity holders. Each member agrees to adopt appropriate internal security measures to safeguard the confidentiality of information that each member receives as a member of the Committee.

(Hankin Decl. Ex. 3.)

For the above reasons, the Equity Committee believes that the best course of action is for the Court to ignore the Response in its entirety. Accordingly, the Equity Committee does not respond to the accusations and innuendos that Messrs. Williams and Kappos have set forth in the Response. Should the Court or the Office of the United States Trustee determine that it would be appropriate for the Equity Committee to respond to such baseless allegations, the Equity Committee will do so.

## CONCLUSION

The Equity Committee requests that this Court disregard the Response.

Dated: March 4, 2011

**JENNER & BLOCK LLP**

By    _/s/ Marc B. Hankin_
       Kenneth K. Lee  (Cal. Bar No. 264296)
       Marc B. Hankin  (admitted _pro hac vice_)
       Attorneys for Equity Committee

Statement Regarding Williams & Ribb Employee Profit Sharing Plan's Response Regarding Court's
Tentative Ruling Regarding Section 1129(c)

# DECLARATION OF MARC B. HANKIN

STATE OF NEW YORK      )
                       )      SS:
COUNTY OF NEW YORK  )

Marc B. Hankin, being duly sworn, deposes and says:

1.    I am a partner of the firm of Jenner & Block LLP.  I am an attorney duly licensed in and am a member in good standing of the bars for the States of New York and Connecticut and am admitted to practice before the United States District Court for the Southern District of New York and am admitted *pro hac vice* to practice before this Court.  I submit this Declaration in support of the Equity Committee's Statement Regarding Williams & Ribb Employee Profit Sharing Plan's Response Regarding Court's Tentative Ruling Regarding Section 1129(c).

2.    Attached hereto as Exhibit 1 is a true and accurate copy of a letter I caused to be sent to the Debtors' counsel on December 9, 2010.

3.    Attached hereto as Exhibit 2 is a true and accurate copy of an email sent by David Hartie of Kurtzman Carson Consultants, LLC on February 4, 2011, and all attachment to that email.

4.    Attached hereto as Exhibit 3 is a true and accurate copy of the Equity Committee's Bylaws.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on March 4, 2011, in New York, New York.

Marc B. Hankin

SUBSCRIBED AND SWORN to before
me this 4TH day of March, 2011.

Notary Public

MARK R. SCHOLL
NOTARY PUBLIC, State of New York
No. 01SC6063204
Qualified in New York County
Commission Expires August 27, 2013

# EXHIBIT 1

**JENNER&BLOCK**

December 9, 2010

Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022
Tel 212-891-1600
www.jenner.com

Chicago
Los Angeles
New York
Washington, DC

**VIA EMAIL AND OVERNIGHT MAIL**

Marc B. Hankin
Tel 212 891-1647
Fax 212 909-0864
mhankin@jenner.com

Carol Chow, Esq.
Stutman, Treister & Glatt, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067-6013

In re: MERUELO MADDUX PROPERTIES, INC., et al.,
Case No.: 1:09-bk-13356-VK

Dear Ms. Chow:

Please find enclosed a CD containing the Equity Committee's production in response to Debtors' First Request for Production of Documents, as well as the Equity Committee's Responses and Objections to the First Request for Production of Documents. This production bears the Bates labels OEC0000001 to OEC0007563. Please be advised that we were unable to collect documents from Equity Committee Member Williams & Ribb LLP Profit Sharing Plan and that our efforts to do so are ongoing.

Sincerely,

*Marc B. Hankin / EG*

Marc B. Hankin

# **EXHIBIT 2**

| | |
|---|---|
| **From:** | David Hartie [DHartie@kccllc.com] |
| **Sent:** | Friday, February 04, 2011 10:58 AM |
| **To:** | Elmer Martin; John N. Tedford, IV; ronorresq@aol.com; cprince@lesnickprince.com; drallis@sulmeyerlaw.com; VNewmark@pszjlaw.com; Enid M. Colson; Kelly, Michael J. Jr.; vsahn@sulmeyerlaw.com; McArn, Heather D.; Julia W. Brand; jdulberg@pszjlaw.com; jrichards@pszjlaw.com; gdowning@pszjlaw.com; jwashington@pszjlaw.com |
| **Cc:** | !NA KCC MerueloMaddux; Enid M. Colson; Klausner, Gary E. |
| **Subject:** | Meruelo Maddox - MMPI Election |
| **Attachments:** | Meruelo Maddox Qty 650,000.pdf; Meruelo Maddux Qty 15,000.pdf; 164 Charles Schwab Co.pdf |

All,

I received the below email this morning from Charles Schwab which is a similar situation to the BNY Mellon erroneous election dealt with earlier this week.  I have also attached the beneficial owner ballots that were provided today along with the master ballot submitted by Charles Schwab.

Please review and provide some guidance as to how to proceed concerning this election.

Thanks in advance.


David

Per our discussion on the Charles Schwab & Co. master ballot, we indicated/submitted lots of 650,000 & 15,000 shares for the *MMPI cash option* one of our customers (she had two accounts at Schwab holding Meruelo) which should not have been elected.

**Background**

Per verbal instructions, Schwab accepted verbal instructions from the client and let her know we needed to have the completed/signed ballot by the deadline in order to submit her votes.   The actual ballot was faxed to Schwab very close to our deadline and while the ballot was consistent for the plan she voted on (MMPI) and her preference (MMPI), the box electing the cash option *was not marked*.  This inconsistency was overlooked and her total amount of shares were submitted for cash on the master ballot and also submitted through DTCC which locked down the position (VOI #TSUL6323101612 & VOI TSUL63232101937).

The client recently attempted to sell a portion her shares although was unable to because the are locked down.   The customer notified Schwab that this was incorrect, she did not mark the cash box on the ballot, and wants all of her shares back/.unlocked immediately.   We pulled the paperwork and the ballot did not mark the cash box for either plan.   Since the shares are locked down, they are not available for us to return them to her.

Do to our clerical error, Schwab is requesting that these shares (total 665,000) be unlocked/returned since beneficial holders ballot does not match the master ballot.

Please escalate/pass on to someone who can determine how to properly handle at this point.  Copies of the client's ballot dated November 19, 2010 are attached showing neither box was marked for the cash option.

Thanks,

*charles* **SCHWAB**

Mimi O'Sullivan
Managing Director - Corporate Actions

1

602-355-7630
480-205-0798 (cell)


David Hartie
Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY  10022
Tel - 917.281.4821
Fax - 917.281.4921

---

**From:** David Hartie
**Sent:** Tuesday, February 01, 2011 1:08 PM
**To:** 'Elmer Martin'; John N. Tedford, IV; ronorresq@aol.com; cprince@lesnickprince.com; drallis@sulmeyerlaw.com; VNewmark@pszjlaw.com; Enid M. Colson; MichaelKelly@jenner.com; vsahn@sulmeyerlaw.com; HMcArn@jenner.com; Julia W. Brand; jdulberg@pszjlaw.com; jrichards@pszjlaw.com; gdowning@pszjlaw.com; jwashington@pszjlaw.com
**Cc:** !NA KCC MerueloMaddux; Enid M. Colson; Klausner, Gary E.
**Subject:** RE: Meruelo Maddox - MMPI Election

Thank you.

David Hartie
Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY  10022
Tel - 917.281.4821
Fax - 917.281.4921

---

**From:** Elmer Martin [mailto:elmermartin@gmail.com]
**Sent:** Tuesday, February 01, 2011 12:32 PM
**To:** John N. Tedford, IV; David Hartie; ronorresq@aol.com; cprince@lesnickprince.com; drallis@sulmeyerlaw.com; VNewmark@pszjlaw.com; Enid M. Colson; MichaelKelly@jenner.com; vsahn@sulmeyerlaw.com; HMcArn@jenner.com; Julia W. Brand; jdulberg@pszjlaw.com; jrichards@pszjlaw.com; gdowning@pszjlaw.com; jwashington@pszjlaw.com
**Cc:** !NA KCC MerueloMaddux; Enid M. Colson; Klausner, Gary E.
**Subject:** Re: Meruelo Maddox - MMPI Election


No objection
East West Bank

**From:** John N. Tedford, IV
**Sent:** Tuesday, February 01, 2011 8:01 AM
**To:** David Hartie ; ronorresq@aol.com ; cprince@lesnickprince.com ; drallis@sulmeyerlaw.com ; VNewmark@pszjlaw.com ; Enid M. Colson ; MichaelKelly@jenner.com ; vsahn@sulmeyerlaw.com ; HMcArn@jenner.com ; Julia W. Brand ; jdulberg@pszjlaw.com ; jrichards@pszjlaw.com ; gdowning@pszjlaw.com ; jwashington@pszjlaw.com ; elmermartin@gmail.com
**Cc:** !NA KCC MerueloMaddux ; Enid M. Colson ; Klausner, Gary E.
**Subject:** RE: Meruelo Maddox - MMPI Election

Chris, in reference to your email on this subject, I have reviewed the underlying beneficial owner ballots and confirmed that the beneficial owner did not elect the "Charlestown/Hartland Cash Option" or the "MMPI Plan Election," and the election only was made by the nominee on the master ballot.  Given the prejudice to the beneficial owner of having its stock tendered when it did not elect to do so, without waiving any and all rights with regard to any other ballot or votes in connection therewith, the Debtors agree that the election may be withdrawn.

David, note that the Debtors have settled with Legendary and East West Bank and the Legendary/East West Bank plan is going to be withdrawn.  I think that you are OK proceeding without having heard from those parties, or the Creditors' Committee.  If someone representing those parties disagrees, please let us know as soon as possible.

John


**John N. Tedford, IV**
**Danning, Gill, Diamond & Kollitz, LLP**
2029 Century Park East, Third Floor
Los Angeles CA 90067
(310) 277-0077 tel | (310) 277-5735 fax
JTedford@dgdk.com | www.dgdk.com



CONFIDENTIALITY: This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.
NOT INTENDED AS A SUBSTITUTE FOR A WRITING: Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Danning, Gill, Diamond & Kollitz, LLP, any of its clients, or any other person or entity.
IRS CIRCULAR 230 DISCLOSURE:  In order to comply with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** David Hartie [mailto:DHartie@kccllc.com]
**Sent:** Tuesday, February 01, 2011 7:06 AM
**To:** ronorresq@aol.com; cprince@lesnickprince.com; John N. Tedford, IV; drallis@sulmeyerlaw.com; VNewmark@pszjlaw.com; Enid M. Colson; MichaelKelly@jenner.com; vsahn@sulmeyerlaw.com; HMcArn@jenner.com; Julia W. Brand; jdulberg@pszjlaw.com; jrichards@pszjlaw.com; gdowning@pszjlaw.com; jwashington@pszjlaw.com; elmermartin@gmail.com
**Cc:** !NA KCC MerueloMaddux
**Subject:** RE: Meruelo Maddux - MMPI Election

All,

I wanted to follow up on the erroneous treatment election submitted by BNY Mellon for one of their clients. BNY Mellon is very anxious to have this cleared up by having me instruct DTC to return the shares submitted for the election.  Apparently the bank is being held liable by the account for the trades that are failing owing to their incorrectly submitting the instructions and tendering the shares.

I would appreciate (although BNY Mellon would appreciate it more) if a consensus could be reached as to the handling of the election for this account.  I believe that the Charlestown/Heartland group and the Equity Committee have agreed to reverse the election submitted and have the shares returned.

Thanks very much for your attention and assistance.

David Hartie
Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY  10022
Tel - 917.281.4821
Fax - 917.281.4921

**From:** ronorresq@aol.com [mailto:ronorresq@aol.com]
**Sent:** Monday, January 31, 2011 3:16 PM
**To:** David Hartie; cprince@lesnickprince.com; JTedford@dgdk.com; drallis@sulmeyerlaw.com;
VNewmark@pszjlaw.com; emc@dgdk.com; MichaelKelly@jenner.com; vsahn@sulmeyerlaw.com;
HMcArn@jenner.com; jwb@dgdk.com; jdulberg@pszjlaw.com; jrichards@pszjlaw.com; gdowning@pszjlaw.com;
jwashington@pszjlaw.com; elmermartin@gmail.com
**Cc:** !NA KCC MerueloMaddux
**Subject:** Re: Meruelo Maddox - MMPI Election

On behalf of the Official Equity Committee, we agree that since the designation of the cash option appears to
have been a clerical error, we consent to the corrections you suggest.

Ron Orr
Ron Orr & Professionals, Inc.
578 Washington Blvd., Suite 389
Marina del Rey, CA 90292
310-301-4849
310-560-3994 cell
866-287-3116 fax

-----Original Message-----
From: David Hartie <DHartie@kccllc.com>
To: Christopher Prince <cprince@lesnickprince.com>; John N. Tedford, IV <JTedford@dgdk.com>; Rallis Jr,
Dean G. <drallis@sulmeyerlaw.com>; Victoria A. Newmark <VNewmark@pszjlaw.com>; Enid M. Colson
<emc@dgdk.com>; Kelly, Michael J. Jr. <MichaelKelly@jenner.com>; ronorresq@aol.com; Sahn, Victor A.
<vsahn@sulmeyerlaw.com>; McArn,Heather D. <HMcArn@jenner.com>; Julia W. Brand <jwb@dgdk.com>;
JeffreyDulberg <jdulberg@pszjlaw.com>; Jeremy Richards <jrichards@pszjlaw.com>; GiniDowning
<gdowning@pszjlaw.com>; Janice Washington <jwashington@pszjlaw.com>; Elmer Martin
<elmermartin@gmail.com>
Cc: !NA KCC MerueloMaddox <KCC_MerueloMaddox@kccllc.com>
Sent: Mon, Jan 31, 2011 10:16 am
Subject: RE: Meruelo Maddox - MMPI Election

To be clear, it was an error by the nominee who holds the stock on behalf their client. The client did not indicate
to make this election on their ballot, but the bank made the notation on the master ballot and also tendered the
stock so that it can be held pending future distributions.

David Hartie
Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY 10022
Tel - 917.281.4821
Fax - 917.281.4921

**From:** Christopher Prince [mailto:cprince@lesnickprince.com]
**Sent:** Monday, January 31, 2011 1:10 PM
**To:** David Hartie; 'John N. Tedford, IV'; 'Rallis Jr, Dean G.'; 'Victoria A. Newmark'; 'Enid M. Colson'; 'Kelly, Michael
J. Jr.'; ronorresq@aol.com; 'Sahn, Victor A.'; 'McArn, Heather D.'; 'Julia W. Brand'; 'Jeffrey Dulberg'; 'Jeremy
Richards'; 'Gini Downing'; 'Janice Washington'; 'Elmer Martin'
**Cc:** !NA KCC MerueloMaddox
**Subject:** RE: Meruelo Maddox - MMPI Election

If this was an error by the transfer agent and does not reflect the intent of the beneficial owner, Charlestown
and Hartland agree that the election can and should be withdrawn.

**From:** David Hartie [mailto:DHartie@kccllc.com]
**Sent:** Monday, January 31, 2011 9:30 AM
**To:** John N. Tedford, IV; Rallis Jr, Dean G.; Victoria A. Newmark; Enid M. Colson; cprince@lesnickprince.com; Kelly, Michael J. Jr.; ronorresq@aol.com; Sahn, Victor A.; McArn, Heather D.; Julia W. Brand; Jeffrey Dulberg; Jeremy Richards; Gini Downing; Janice Washington; Elmer Martin
**Cc:** !NA KCC MerueloMaddux
**Subject:** Meruelo Maddox - MMPI Election

All,

I received the below request from BNY Mellon today relating to the MMPI cash election which was included on the ballot.  Apparently, the bank filled out the master ballot incorrectly and put this client in for the MMPI cash election.  The bank also tendered the stock into the account set-up in DTC in accordance with the procedures established for those holders making treatment elections under either the MMPI or Charlestown/Heartland plans.  Because the shares are held in this account (with no trading allowed) the underlying client's pending deliver trades will not settle unless the shares are returned as mentioned below.

If all agree that the treatment election for this account can be withdrawn then KCC will arrange for the shares to be returned so that the pending trades will settle.  If not, then we will sit tight and leave it to the bank to rectify this issue with their client.

Thanks in advance.

David Hartie
Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY  10022
Tel - 917.281.4821
Fax - 917.281.4921

**From:** Derek.Pastore@bnymellon.com [mailto:Derek.Pastore@bnymellon.com]
**Sent:** Monday, January 31, 2011 11:19 AM
**To:** David Hartie
**Cc:** justin.whitehouse@bnymellon.com; kevin.mclaren@bnymellon.com
**Subject:** Meruelo Maddox

Hello,

When I filled out the Master Ballot for the position of 650,000 on cusip 590473104, I should not have filled out section 5.2 MMPI Election (Cash Option), nor should I have submitted a PTOP to DTC. The client never checked the box in item 4.2 MMPI Cash Option on the beneficial owner ballot. Can you please assist in withdrawing the section that I filled out in error (Item 5.2 MMPI Election) and instruct DTC to release the position from the contra cusip back to the target cusip 590473104.

The client has pending deliver trades that will not settle until I have the position returned, so any assistance in a timely response is greatly appreciated.

Thank you.

The information contained in this email may be confidential and is intended solely for the use of the named addressee. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

**Derek Pastore,** Corporate Actions Specialist · BNY Mellon Asset Servicing
ASSET SVCG GLOBAL OPS · Tel 412.234.2724 · Derek.Pastore@bnymellon.com

The information contained in this e-mail, and any attachment, is confidential and is intended solely for the use of the intended recipient. Access, copying or re-use of the e-mail or any attachment, or any information contained

therein, by any other person is not authorized. If you are not the intended recipient please return the e-mail to the sender and delete it from your computer. Although we attempt to sweep e-mail and attachments for viruses, we do not guarantee that either are virus-free and accept no liability for any damage sustained as a result of viruses.

Please refer to http://disclaimer.bnymellon.com/eu.htm for certain disclosures relating to European legal entities.

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

DISCLAIMER:
Any information and enclosure herein is confidential and may be legally privileged. It is intended for the recipient and its authorized agents only. The author believes the information herein to be reliable and accurate, but Kurtzman Carson Consultants LLC makes no warranty or representation as to its accuracy, completeness, freedom from viruses or errors in transmission. Unless otherwise stated, any opinions expressed herein are those solely of the author and do not necessarily reflect those of Kurtzman Carson Consultants LLC or its affiliates. If you have received this message and are not the intended recipient, please contact the sender immediately by return email and delete any copies you may have received.

PRF 34420-8

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No.: 1:09-bk-13356-KT |
| MERUELO MADDUX PROPERTIES, INC., et al., | Chapter 11 |
| Debtors. | |

☐  Affects all Debtors
☒  Affects the following Debtor(s):
　　Meruelo Maddux Properties, Inc.

### BALLOT FOR BENEFICIAL OWNERS OF MERUELO MADDUX PROPERTIES, INC. COMMON STOCK HOLDING THROUGH NOMINEES

#### CUSIP NO. 590473104

This ballot ("Ballot") is for beneficial owners ("Beneficial Owners") of the common stock ("Common Stock" or "MMPI Shares") of Meruelo Maddux Properties, Inc. ("MMPI"). Please review the Plans and Disclosure Statement before casting your vote. Please contact your attorney if you have further questions.

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLANS.**

This Ballot is being sent to you because the records of a bank, brokerage firm, or agent thereof (each, a "Nominee") indicate that you are a Beneficial Owner of shares of the Common Stock as of October 8, 2010 (the "Record Date"). Accordingly, you have a right to (i) vote to accept or reject the Plans proposed by Charlestown/Hartland, Legendary/EWB and MMPI and (ii) express a preference among the proposed plans that you accept.

If you held Common Stock through more than one Nominee as of the Record Date, you should receive a separate Ballot from each Nominee, you should vote each such Ballot separately and only in the applicable amount of shares of Common Stock held through such entity, and return the ballots to each Nominee separately.

You must vote all of your MMPI Shares either to accept or reject a Plan, and may <u>not</u> split your vote.

<u>Item 1.</u>　　**Number of Shares**. The undersigned certifies that he/she/it beneficially owns _650,000_ shares of Common Stock as of the Record Date (i.e., October 8, 2010) (if you hold Common Stock through more than one Nominee, the number of shares in this Item 1 should be the number of shares held by the Nominee that sent you this Ballot).

BEN

**Item 2.**    **Vote.** Indicate which Plans you are voting for or against.
**YOU MAY VOTE TO ACCEPT OR REJECT ONE, MORE THAN ONE, OR NONE OF THE PLANS LISTED BELOW.**

| Plan | Class | Accept | Reject |
|------|-------|--------|--------|
| Charlestown/Hartland Plan | Class 1E/1F | ☐ | ☒ |
| Legendary/EWB Plan | Class E-1/E-2 | ☐ | ☒ |
| MMPI Plan | Class 1E | ☒ | ☐ |

**Item 3.**    **Preference Election.** If you have accepted more than one Plan, please indicate your preference among such Plan(s) that you have accepted by placing a check mark ( √ ) next to the Plan or Plans that you prefer. If you prefer two Plans equally, you may place a check mark next to both of those Plans. If you do not have any preference, you may leave this section blank.

| | |
|--|--|
| ☐ | Charlestown/Hartland Plan |
| ☐ | Legendary/EWB Plan |
| ☒ | MMPI Plan |

**Item 4.**    **Elections under the Charlestown/Hartland Plan and MMPI Plan.**

   **Item 4.1:  Charlestown/Hartland Plan Election:** All Beneficial Owners – including those that vote to reject the Charlestown/Hartland Plan – will by default retain their MMPI Shares. The MMPI Shares will undergo a 5 to 1 reverse stock split as of the Effective Date. Additionally, Beneficial Owners may elect to opt out of the default treatment described in this paragraph and, instead, receive a cash distribution by indicating such election by checking the box below.

☐   The undersigned Beneficial Owner elects the **"Charlestown/Hartland Cash Option"**: On the Effective Date, such Beneficial Owner shall receive on account of and in exchange for its MMPI Shares $0.35 per share held on the Effective Date as measured before the 5 to 1 reverse stock split described in the above paragraph.

As more fully described in the Charlestown/Hartland Plan, if holders of MMPI Shares owning less than 55% of all outstanding MMPI Shares elect the Charlestown/Hartland Cash Option, holders of MMPI Shares that opt to retain MMPI Shares may be deemed to exchange a portion of their MMPI Shares for $0.35 per share held on the Effective Date as measured before the 5 to 1 reverse stock split. Alternately, if holders of MMPI Shares owning more than 55% of all outstanding MMPI Shares elect the Charlestown/Hartland Cash Option, holders of MMPI Shares that elect the Charlestown/Hartland Cash Option may be deemed to retain a portion of their MMPI Shares rather than exchanging all MMPI Shares for cash.

2

BEN

**Item 4.2: MMPI Plan Election:** All Beneficial Owners – including those that vote to reject the MMPI Plan – will by default retain their MMPI shares. Alternative, such Beneficial Owners may elect to opt out of the default treatment described in this paragraph and, instead, receive a cash distribution by indicating such election by checking the box below.

☐ The undersigned Beneficial Owner elects the "**MMPI Cash Option**": On the Effective Date, such Beneficial Owner elects to have its MMPI Shares redeemed, which redemption shall occur on, or as soon as practicable after, the Effective Date of the MMPI Plan and shall receive on account of and in exchange for its MMPI Shares cash in the amount of $0.25 for each MMPI Share held by such Beneficial owner.

Under the Legendary/EWB Plan, all Beneficial Owners in Class E-1/E-2 will receive the same treatment and are, therefore, not offered election among treatments.

**In order to elect either the "Charlestown/Hartland Cash Option" for Stock in Reorganized MMPI under the Charlestown/Hartland Plan or to elect the "MMPI Cash Option" under the MMPI Plan, the Nominee holding your MMPI Shares must "tender" your MMPI Shares into the election account established at The Depository Trust Company ("DTC") for the purpose. MMPI Shares may not be withdrawn from the election account after your Nominee has tendered them to the election account at DTC. Once the MMPI Shares have been "tendered," no further trading will be permitted in the MMPI Shares held in the election account. If neither the Charlestown/Hartland Plan nor the MMPI Plan are confirmed, DTC will, in accordance with its customary practices and procedures, return all MMPI Shares held in the election account to the applicable Nominee for credit to the account of the applicable Beneficial Owner.**

**Item 5.** **Beneficial Owner Information and Signature(s).** You may attach more than one copy of this signature page to your Ballot if there are more than one Beneficial Owners. By signing this Ballot, the undersigned acknowledge(s) receipt of the Plans and the Disclosure Statements in support thereof. By signing this Ballot, the undersigned certifies (certify) that the undersigned is (are) the Beneficial Owner(s) of the MMPI Shares voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject each Plan as indicated on this Ballot on behalf of the Beneficial Owner(s). By signing this Ballot, the undersigned authorizes its Nominee to furnish the voting information, customer account number and amount of Common Stock held by the signatory (signatories) on a master ballot to be transmitted to the Balloting Agent. Your Nominee shall retain this Ballot for two (2) years unless it is sent directly to the Balloting Agent.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I have authority under applicable law to cast this Ballot.*

Name of Beneficial Owner: _C & D KAPPOS LIVING TRUST_
(Print or Type)

Signature: _Dennis Kappos + Chris Kappos Jr_

Tax ID Number: _____

Address: _P O BOX 4565_

PRF 34420-8

PRF 34420-8

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

In re:

MERUELO MADDUX PROPERTIES, INC., et al.,

Debtors.

Case No.: 1:09-bk-13356-KT

Chapter 11

☐  Affects all Debtors
☒  Affects the following Debtor(s):
   Meruelo Maddux Properties, Inc.

## BALLOT FOR BENEFICIAL OWNERS OF MERUELO MADDUX PROPERTIES, INC. COMMON STOCK HOLDING THROUGH NOMINEES

### CUSIP NO. 590473104

This ballot ("Ballot") is for beneficial owners ("Beneficial Owners") of the common stock ("Common Stock" or "MMPI Shares") of Meruelo Maddux Properties, Inc. ("MMPI"). Please review the Plans and Disclosure Statement before casting your vote. Please contact your attorney if you have further questions.

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLANS.**

This Ballot is being sent to you because the records of a bank, brokerage firm, or agent thereof (each, a "Nominee") indicate that you are a Beneficial Owner of shares of the Common Stock as of October 8, 2010 (the "Record Date"). Accordingly, you have a right to (i) vote to accept or reject the Plans proposed by Charlestown/Hartland, Legendary/EWB and MMPI and (ii) express a preference among the proposed plans that you accept.

If you held Common Stock through more than one Nominee as of the Record Date, you should receive a separate Ballot from each Nominee, you should vote each such Ballot separately and only in the applicable amount of shares of Common Stock held through such entity, and return the ballots to each Nominee separately.

You must vote all of your MMPI Shares either to accept or reject a Plan, and may not split your vote.

**Item 1.**  **Number of Shares.** The undersigned certifies that he/she/it beneficially owns ___15,000___ shares of Common Stock as of the Record Date (i.e., October 8, 2010) (if you hold Common Stock through more than one Nominee, the number of shares in this Item 1 should be the number of shares held by the Nominee that sent you this Ballot).

BEN

<u>Item 2.</u>    **Vote.** Indicate which Plans you are voting for or against.

**YOU MAY VOTE TO ACCEPT OR REJECT ONE, MORE THAN ONE, OR NONE OF THE PLANS LISTED BELOW.**

| <u>Plan</u> | <u>Class</u> | <u>Accept</u> | <u>Reject</u> |
|---|---|---|---|
| Charlestown/Hartland Plan | Class 1E/1F | ☐ | ☒ |
| Legendary/EWB Plan | Class E-1/E-2 | ☐ | ☒ |
| MMPI Plan | Class 1E | ☒ | ☐ |

<u>Item 3.</u>    **Preference Election.** If you have accepted more than one Plan, please indicate your preference among such Plan(s) that you have accepted by placing a check mark ( √ ) next to the Plan or Plans that you prefer. If you prefer two Plans equally, you may place a check mark next to both of those Plans. If you do not have any preference, you may leave this section blank.

| |
|---|
| ☐ Charlestown/Hartland Plan |
| ☐ Legendary/EWB Plan |
| ☒ MMPI Plan |

**Item 4.    Elections under the Charlestown/Hartland Plan and MMPI Plan.**

   **Item 4.1:  Charlestown/Hartland Plan Election:**  All Beneficial Owners – including those that vote to reject the Charlestown/Hartland Plan – will by default retain their MMPI Shares. The MMPI Shares will undergo a 5 to 1 reverse stock split as of the Effective Date. Additionally, Beneficial Owners may elect to opt out of the default treatment described in this paragraph and, instead, receive a cash distribution by indicating such election by checking the box below.

   ☐ The undersigned Beneficial Owner elects the **"Charlestown/Hartland Cash Option"**:  On the Effective Date, such Beneficial Owner shall receive on account of and in exchange for its MMPI Shares $0.35 per share held on the Effective Date as measured before the 5 to 1 reverse stock split described in the above paragraph.

As more fully described in the Charlestown/Hartland Plan, if holders of MMPI Shares owning less than 55% of all outstanding MMPI Shares elect the Charlestown/Hartland Cash Option, holders of MMPI Shares that opt to retain MMPI Shares may be deemed to exchange a portion of their MMPI Shares for $0.35 per share held on the Effective Date as measured before the 5 to 1 reverse stock split. Alternately, if holders of MMPI Shares owning more than 55% of all outstanding MMPI Shares elect the Charlestown/Hartland Cash Option, holders of MMPI Shares that elect the Charlestown/Hartland Cash Option may be deemed to retain a portion of their MMPI Shares rather than exchanging all MMPI Shares for cash.

2                                              BEN

**Item 4.2: MMPI Plan Election:** All Beneficial Owners – including those that vote to reject the MMPI Plan – will by default retain their MMPI shares. Alternative, such Beneficial Owners may elect to opt out of the default treatment described in this paragraph and, instead, receive a cash distribution by indicating such election by checking the box below.

☐ The undersigned Beneficial Owner elects the **"MMPI Cash Option"**: On the Effective Date, such Beneficial Owner elects to have its MMPI Shares redeemed, which redemption shall occur on, or as soon as practicable after, the Effective Date of the MMPI Plan and shall receive on account of and in exchange for its MMPI Shares cash in the amount of $0.25 for each MMPI Share held by such Beneficial owner.

Under the Legendary/EWB Plan, all Beneficial Owners in Class E-1/E-2 will receive the same treatment and are, therefore, not offered election among treatments.

**In order to elect either the "Charlestown/Hartland Cash Option" for Stock in Reorganized MMPI under the Charlestown/Hartland Plan or to elect the "MMPI Cash Option" under the MMPI Plan, the Nominee holding your MMPI Shares must "tender" your MMPI Shares into the election account established at The Depository Trust Company ("DTC") for the purpose. MMPI Shares may not be withdrawn from the election account after your Nominee has tendered them to the election account at DTC. Once the MMPI Shares have been "tendered," no further trading will be permitted in the MMPI Shares held in the election account. If neither the Charlestown/Hartland Plan nor the MMPI Plan are confirmed, DTC will, in accordance with its customary practices and procedures, return all MMPI Shares held in the election account to the applicable Nominee for credit to the account of the applicable Beneficial Owner.**

<u>**Item 5.**</u>    **Beneficial Owner Information and Signature(s).** You may attach more than one copy of this signature page to your Ballot if there are more than one Beneficial Owners. By signing this Ballot, the undersigned acknowledge(s) receipt of the Plans and the Disclosure Statements in support thereof. By signing this Ballot, the undersigned certifies (certify) that the undersigned is (are) the Beneficial Owner(s) of the MMPI Shares voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject each Plan as indicated on this Ballot on behalf of the Beneficial Owner(s). By signing this Ballot, the undersigned authorizes its Nominee to furnish the voting information, customer account number and amount of Common Stock held by the signatory (signatories) on a master ballot to be transmitted to the Balloting Agent. Your Nominee shall retain this Ballot for two (2) years unless it is sent directly to the Balloting Agent.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I have authority under applicable law to cast this Ballot.*

Name of Beneficial Owner: <u>DENEICE  KAPPOS</u>  *IRA  ACCOUNT*
<span style="margin-left:4em">(Print or Type)</span>

Signature: <u>Deneice Kappos</u>

Tax ID Number: <u>                    </u>

Address: <u>PO  BOX  4565</u>
<span style="margin-left:2em">Street</span>
<u>PALM  DESERT,  CA  92261</u>
<span style="margin-left:2em">City, State, and Zip Code</span>

Date Completed: <u>11-19-2010</u>

3

BEN

PRF 34420-8

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re:

MERUELO MADDUX PROPERTIES, INC., et al.,

Debtors.

Case No.: 1:09-bk-13356-KT

Chapter 11

☐ Affects all Debtors
☒ Affects the following Debtor(s):
   Meruelo Maddux Properties, Inc.

## BALLOT FOR BENEFICIAL OWNERS OF MERUELO MADDUX PROPERTIES, INC. COMMON STOCK HOLDING THROUGH NOMINEES

### CUSIP NO. 590473104

This ballot ("Ballot") is for beneficial owners ("Beneficial Owners") of the common stock ("Common Stock" or "MMPI Shares") of Meruelo Maddux Properties, Inc. ("MMPI"). Please review the Plans and Disclosure Statement before casting your vote. Please contact your attorney if you have further questions.

**THIS BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLANS.**

This Ballot is being sent to you because the records of a bank, brokerage firm, or agent thereof (each, a "Nominee") indicate that you are a Beneficial Owner of shares of the Common Stock as of October 8, 2010 (the "Record Date"). Accordingly, you have a right to (i) vote to accept or reject the Plans proposed by Charlestown/Hartland, Legendary/EWB and MMPI and (ii) express a preference among the proposed plans that you accept.

If you held Common Stock through more than one Nominee as of the Record Date, you should receive a separate Ballot from each Nominee, you should vote each such Ballot separately and only in the applicable amount of shares of Common Stock held through such entity, and return the ballots to each Nominee separately.

You must vote all of your MMPI Shares either to accept or reject a Plan, and may not split your vote.

**Item 1.    Number of Shares.** The undersigned certifies that he/she/it beneficially owns *650,000* shares of Common Stock as of the Record Date (i.e., October 8, 2010) (if you hold Common Stock through more than one Nominee, the number of shares in this Item 1 should be the number of shares held by the Nominee that sent you this Ballot).

BEN

**Item 2.** **Vote.** Indicate which Plans you are voting for or against.

**YOU MAY VOTE TO ACCEPT OR REJECT ONE, MORE THAN ONE, OR NONE OF THE PLANS LISTED BELOW.**

| Plan | Class | Accept | Reject |
|---|---|---|---|
| Charlestown/Hartland Plan | Class 1E/1F | ☐ | ☒ |
| Legendary/EWB Plan | Class E-1/E-2 | ☐ | ☒ |
| MMPI Plan | Class 1E | ☒ | ☐ |

**Item 3.** **Preference Election.** If you have accepted more than one Plan, please indicate your preference among such Plan(s) that you have accepted by placing a check mark ( √ ) next to the Plan or Plans that you prefer. If you prefer two Plans equally, you may place a check mark next to both of those Plans. If you do not have any preference, you may leave this section blank.

| | |
|---|---|
| ☐ | Charlestown/Hartland Plan |
| ☐ | Legendary/EWB Plan |
| ☒ | MMPI Plan |

**Item 4.** **Elections under the Charlestown/Hartland Plan and MMPI Plan.**

**Item 4.1: Charlestown/Hartland Plan Election:** All Beneficial Owners – including those that vote to reject the Charlestown/Hartland Plan – will by default retain their MMPI Shares. The MMPI Shares will undergo a 5 to 1 reverse stock split as of the Effective Date. Additionally, Beneficial Owners may elect to opt out of the default treatment described in this paragraph and, instead, receive a cash distribution by indicating such election by checking the box below.

☐ The undersigned Beneficial Owner elects the **"Charlestown/Hartland Cash Option"**: On the Effective Date, such Beneficial Owner shall receive on account of and in exchange for its MMPI Shares $0.35 per share held on the Effective Date as measured before the 5 to 1 reverse stock split described in the above paragraph.

As more fully described in the Charlestown/Hartland Plan, if holders of MMPI Shares owning less than 55% of all outstanding MMPI Shares elect the Charlestown/Hartland Cash Option, holders of MMPI Shares that opt to retain MMPI Shares may be deemed to exchange a portion of their MMPI Shares for $0.35 per share held on the Effective Date as measured before the 5 to 1 reverse stock split. Alternately, if holders of MMPI Shares owning more than 55% of all outstanding MMPI Shares elect the Charlestown/Hartland Cash Option, holders of MMPI Shares that elect the Charlestown/Hartland Cash Option may be deemed to retain a portion of their MMPI Shares rather than exchanging all MMPI Shares for cash.

BEN

**Item 4.2: MMPI Plan Election:** All Beneficial Owners – including those that vote to reject the MMPI Plan – will by default retain their MMPI shares. Alternative, such Beneficial Owners may elect to opt out of the default treatment described in this paragraph and, instead, receive a cash distribution by indicating such election by checking the box below.

☐ The undersigned Beneficial Owner elects the **"MMPI Cash Option"**: On the Effective Date, such Beneficial Owner elects to have its MMPI Shares redeemed, which redemption shall occur on, or as soon as practicable after, the Effective Date of the MMPI Plan and shall receive on account of and in exchange for its MMPI Shares cash in the amount of $0.25 for each MMPI Share held by such Beneficial owner.

Under the Legendary/EWB Plan, all Beneficial Owners in Class E-1/E-2 will receive the same treatment and are, therefore, not offered election among treatments.

**In order to elect either the "Charlestown/Hartland Cash Option" for Stock in Reorganized MMPI under the Charlestown/Hartland Plan or to elect the "MMPI Cash Option" under the MMPI Plan, the Nominee holding your MMPI Shares must "tender" your MMPI Shares into the election account established at The Depository Trust Company ("DTC") for the purpose. MMPI Shares may not be withdrawn from the election account after your Nominee has tendered them to the election account at DTC. Once the MMPI Shares have been "tendered," no further trading will be permitted in the MMPI Shares held in the election account. If neither the Charlestown/Hartland Plan nor the MMPI Plan are confirmed, DTC will, in accordance with its customary practices and procedures, return all MMPI Shares held in the election account to the applicable Nominee for credit to the account of the applicable Beneficial Owner.**

<u>**Item 5.**</u>     **Beneficial Owner Information and Signature(s).** You may attach more than one copy of this signature page to your Ballot if there are more than one Beneficial Owners. By signing this Ballot, the undersigned acknowledge(s) receipt of the Plans and the Disclosure Statements in support thereof. By signing this Ballot, the undersigned certifies (certify) that the undersigned is (are) the Beneficial Owner(s) of the MMPI Shares voted on this Ballot or otherwise has (have) full power and authority to vote to accept or reject each Plan as indicated on this Ballot on behalf of the Beneficial Owner(s). By signing this Ballot, the undersigned authorizes its Nominee to furnish the voting information, customer account number and amount of Common Stock held by the signatory (signatories) on a master ballot to be transmitted to the Balloting Agent. Your Nominee shall retain this Ballot for two (2) years unless it is sent directly to the Balloting Agent.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that I have authority under applicable law to cast this Ballot.*

Name of Beneficial Owner: *C & D KAPPOS LIVING TRUST*
(Print or Type)

Signature: *[signature]*

Tax ID Number: _____

Address: *P O BOX 4565*

PRF 34420-8

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION**

34460-2

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re:

MERUELO MADDUX PROPERTIES, INC., et al.,

                              Debtors.

Case No.: 1:09-bk-13356-KT

Chapter 11

*RECEIVED*
*NOV 22 2010*
*KURTZMAN CARSON CONSULTANTS*
*David*
*Martve*

*11-22-10 A10:01 RCVD*

☐ Affects all Debtors
☒ Affects the following Debtor(s):
   Meruelo Maddux Properties, Inc.

## MASTER BALLOT FOR USE BY BROKERS, BANKS, DEALERS AND OTHER AGENTS OR NOMINEES FOR BENEFICIAL OWNERS OF COMMON STOCK OF MERUELO MADDUX PROPERTIES, INC.

### CUSIP NO.: 590473104

This Master Ballot is to be used by brokers, banks, dealers or other agents or nominees for summarizing votes cast by beneficial owners ("Beneficial Owners") holding common stock ("Common Stock") in Meruelo Maddux Properties, Inc. or nominees of such Beneficial Owners for which you are a nominee, to accept or reject the Plans proposed in the above-captioned bankruptcy cases.

**THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO VOTE TO ACCEPT OR REJECT THE PLANS.**

**IF YOU ARE AN INTERMEDIARY BROKER, PROXY AGENT, OR OTHER INTERVENING NOMINEE, YOU ARE REQUIRED TO COMPLETE THIS MASTER BALLOT TO REPORT THE INSTRUCTIONS OF YOUR CLIENTS WITH RESPECT TO THE PROPOSED PLANS. YOU SHOULD RETURN THIS MASTER BALLOT TO KURTZMAN CARSON CONSULTANTS LLC, THE BALLOTING AGENT (THE "BALLOTING AGENT") (OR TO ANY FURTHER INTERMEDIARY NOMINEES, AND THEM TO THE BALLOTING AGENT) BY 4:00 P.M. PACIFIC TIME ON NOVEMBER 22, 2010 (THE "MASTER BALLOT DEADLINE").**

**YOU MUST IMMEDIATELY FURNISH EACH PARTY THAT IS THE BENEFICIAL OWNER OF COMMON STOCK HELD THROUGH YOUR FIRM (OR THE NOMINEE FOR WHICH YOU SERVE AS AGENT) A SOLICITATION PACKAGE ("SOLICITATION PACKAGE") CONSISTING OF COPIES OF THE PLANS AND DISCLOSURE STATEMENTS, A COPY OF THE CONFIRMATION HEARING NOTICE, A BENEFICIAL OWNER BALLOT, A COPY OF THE JOINT VOTING INSTRUCTIONS AND A SELF-ADDRESSED ENVELOPE WITH WHICH THE BENEFICIAL OWNER BALLOT CAN BE RETURNED TO YOU. WE HAVE PROVIDED YOU COPIES OF EACH OF THE FOREGOING DOCUMENTS (OTHER THAN THE SELF-ADDRESSED RETURN ENVELOPE). IF YOU REQUIRE ADDITIONAL COPIES, PLEASE CONTACT THE BALLOTING AGENT AT MERUELO MADDUX BALLOT PROCESSING, C/O KURTZMAN CARSON CONSULTANTS, 599 LEXINGTON AVENUE, 39TH FLOOR, NEW YORK, NY 10022, TELEPHONE: 877-833-4150.**

MB

UPON RECEIPT OF EXECUTED BENEFICIAL OWNER BALLOTS FROM BENEFICIAL OWNERS OF THE COMMON STOCK, PLEASE USE THIS MASTER BALLOT TO TRANSCRIBE THE INFORMATION CONTAINED THEREIN. YOU SHOULD COMPLETE EACH OF ITEMS 1 THROUGH 6 BELOW. COMPLETED MASTER BALLOTS SHOULD BE RETURNED TO THE BALLOTING AGENT. IF YOU CHOOSE NOT TO FORWARD THE ORIGINAL BENEFICIAL OWNER BALLOTS RECEIVED BY YOU TO THE BALLOTING AGENT, YOU MUST RETAIN THEM FOR TWO (2) YEARS FROM THE MASTER BALLOT DEADLINE.

THIS MASTER BALLOT MUST BE RECEIVED BY THE BALLOTING AGENT BY THE MASTER BALLOT DEADLINE. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND TIMELY RECEIVED, THE VOTES AND EXPRESSIONS OF PREFERENCE AMONG THE PLANS TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.

IN YOUR TRANSMITTAL OF THE SOLICITATION PACKAGE TO EACH BENEFICIAL OWNER, PLEASE INDICATE A DEADLINE FOR BENEFICIAL OWNERS TO RETURN THEIR BENEFICIAL OWNER BALLOTS TO YOU THAT WILL PROVIDE YOU SUFFICIENT TIME TO COMPLETE THE MASTER BALLOT AND RETURN IT TO THE BALLOTING AGENT BY THE MASTER BALLOT DEADLINE. PLEASE ALSO BE SURE TO PROVIDE BENEFICIAL OWNER DIRECTIONS ON HOW TO RETURN THE BENEFICIAL OWNER BALLOTS TO YOU.

THE RECORD DATE FOR THE DETERMINING THE IDENTITY OF EACH BENEFICIAL OWNER OF COMMON STOCK FOR PURPOSE OF THIS MASTER BALLOT AND THE BENEFICIAL HOLDER BALLOTS IS OCTOBER 8, 2010 (THE "RECORD DATE").

**Item I.** **Certification of Authority to Vote.** The undersigned certifies that it (*please check the applicable box*):

 ☒ Is a broker, bank or other nominee, and that, as of the Record Date, it was the record holder of the aggregate number of shares of Common Stock described in Item 2, on behalf of the Beneficial Owners described therein, or

☐ Is acting under a power of attorney, proxy and/or agency agreement (a duly executed copy of which will be provided upon request) granted by a nominee that, as of the Record Date, was the record holder of the aggregate number of shares of Common Stock described in Item 2 below, on behalf of the Beneficial Owners described therein,

and accordingly, has full power and authority to vote to accept or reject the Plans on behalf of the Beneficial Owners of Common Stock described in Item 2 below, in accordance with the Beneficial Owner Ballots executed by those Beneficial Owners and received by the undersigned.

**PLEASE READ THE (A) ACCOMPANYING JOINT VOTING INSTRUCTIONS AND (B) ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT.**

g.   Deliver the completed executed Master Ballot so as to be <u>received</u> by the Balloting Agent before the Master Ballot Deadline. For each completed, executed Beneficial Owner Ballot returned to you by a Beneficial Owner, either forward such Beneficial Owner Ballot (along with your Master Ballot) to the Balloting Agent or retain such Beneficial Owner Ballot in your files for two (2) years from the Master Ballot Deadline.

4.   <u>If you are not either a registered holder or a Beneficial Owner, but, instead, are an intermediary broker, proxy, or other intervening nominee, you are required to complete this Master Ballot and deliver it to your broker, proxy intermediary or other nominee (and disregard instructions to the contrary herein) so that the instructions can be processed and submitted to the Balloting Agent by the Balloting Deadline.</u> If there are additional intermediary brokers, etc. between you and the registered holder, you should return this Master Ballot so as to allow additional time for all ballots to be processed and then delivered by your nominee to the Balloting Agent (or, if applicable, to further intermediary nominees and then to the Balloting Agent) before the Master Ballot Deadline.

5.   The Balloting Agent's name, address, telephone and fax numbers and email address are:

Meruelo Maddux Ballot Processing
c/o Kurtzman Carson Consultants LLC
599 Lexington Avenue, 39th Floor
New York, NY 10022
Telephone: 877-833-4150
Email: KCC_MeruleoMaddux@kccllc.com

6.   The attached Master Ballot is not a letter of transmittal and may not be used for any purpose other than to transmit votes to accept or reject the Plans. Surrender of securities for exchange pursuant to a Plan may be made only pursuant to a letter of transmittal, which will be furnished, if necessary, by the Reorganized Debtors (or their agent) after confirmation of one of the Plans by the Bankruptcy Court.

7.   With respect to any Beneficial Owner Ballots or Master Ballots returned to you by a Beneficial Owner or intermediary nominee, you must complete a Master Ballot, return it to the Balloting Agent and retain such Beneficial Owner Ballots and Master Ballots for inspection for a period of two (2) years following the Master Ballot Deadline unless you send them to the Tabulating Agent with your Master Ballot.

8.   If, in addition to acting as broker, bank, dealer or agent or other nominee, you also are a Beneficial Owner of any Common Stock and you wish to vote such Common Stock beneficially held by you, you must complete a Beneficial Owner Ballot and add your vote to the attached Master Ballot. If you choose to complete a Beneficial Owner Ballot, please refer to the instructions accompanying the Beneficial Owner Ballot.

9.   Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Master Ballot Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot(s) supplement rather than supersede earlier Master Ballot(s), please mark the subsequent Master Ballot(s)

MB

with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

10.     If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Item 3. The total amount of Common Stock shares of all accounts voted with respect to a single customer should be listed in a single schedule entry, so that each line will represent a different Beneficial Owner.

11.     A Beneficial Owner may not split its vote on a Plan and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that attempts to partially reject and partially accept a Plan will not be counted. Further, for purposes of computing the Master Ballot vote, each voting Beneficial Owner should be deemed to have voted the full amount of its holdings of Common Stock shares according to your records or such lesser amount identified by the Beneficial Owner on its Beneficial Owner Ballot. Any executed Beneficial Owner Ballot that does not indicate an acceptance or rejection of a Plan is not valid and should not be counted on the Master Ballot as having been cast with respect to such Plan. Likewise, any Beneficial Owner Ballot that is not signed is not valid and should not be counted on the Master Ballot as having been cast.

12.     If more than one Beneficial Owner Ballot or Master Ballot is received for the same account(s), the latest Beneficial Owner Ballot or Master Ballot will be counted, by reference first to the date of the Ballots, and if both Ballots are not dated by reference to the postmark or other indicia of the date of transmission.

13.     No fees or commissions or other remuneration will be payable to any broker, bank, dealer or other person in connection with this solicitation. Upon written request, however, the Debtor's estate will reimburse you for customary mailing and handling expenses incurred by you in forwarding Beneficial Owner Ballots and accompanying solicitation packages to your clients. Additional copies of Solicitation Packages, for the purposes of distributing same to Beneficial Owners or others for which you are a nominee, may be obtained, at no cost to you, upon written request (which may be by email or fax) to the Balloting Agent.

14.     This Master Ballot does not constitute and shall not be deemed a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL CONSTITUTE THE DESIGNATION OF YOU OR ANY OTHER PERSON AS AN AGENT OF ANY OF THE PLAN PROPONENTS, ANY COMMITTEE OR THE BALLOTING AGENT OR AUTHORIZE YOU OR ANY PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLANS, EXCEPT FOR THE STATEMENTS CONTAINED IN THE SOLICITATION MATERIALS ENCLOSED HEREWITH.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT OR THE JOINT VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES (AT NO COST TO YOU) OF THE MASTER BALLOT, BENEFICIAL OWNER BALLOTS OR SOLICITATION PACKAGES, INCLUDING THE PLANS AND THE DISCLOSURE STATEMENT, PLEASE CONTACT THE BALLOTING AGENT.**

MB

**Item 2.     Tabulation of Beneficial Owner Voting.** The undersigned certifies that the chart below is accurate and complete:

| PLAN | ACCEPTANCE | | REJECTIONS | |
|---|---|---|---|---|
| | NO. OF ACCEPTANCES | AGGREGATE SHARES AMOUNT | NO. OF REJECTIONS | AGGREGATE SHARES AMOUNT |
| **CHARLESTOWN/HARTLAND PLAN (CLASS 1E/1F )** | 24 ~~23~~ (0) | 1,954,705 ~~1,904,705~~ (0) | 5 | 2,515,000 |
| **LEGENDARY/EWB PLAN (CLASS E-1/E-2)** | 1 | 3,000 | 17 | 4,051,130 |
| **MMPI PLAN (CLASS 1E)** | 14 | 3,768,070 | 10 | 764,130 |

**Item 3.     Beneficial Owner Information.** The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Owners of Common Stock identified by their respective account numbers, that have delivered duly completed Beneficial Owner Ballots to the undersigned (or, such information was derived from Beneficial Owner Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to accept or reject the Plans.

(Please complete the information requested below.  Attach additional sheets and print landscape if necessary.)

| | Shares of Common Stock Voted | | | | | |
|---|---|---|---|---|---|---|
| Customer Account Number for Each Beneficial Owner | Charlestown/Hartland Plan (Class 1E/1F) | | Legendary EWB Plan (Class E-1/E-2) | | MMPI Plan (Class 1E) | |
| | Accept | Reject | Accept | Reject | Accept | Reject |
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | |

*See attachment*

3

MB



| 9. | | | | | | |
|---|---|---|---|---|---|---|
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |

**Item 4.   Preferences.**  The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the preferences indicated by the Beneficial Owners of Common Stock identified by their respective account numbers, that have delivered duly completed Beneficial Owner Ballots to the undersigned (or, such information was derived from Beneficial Owner Ballots that have been summarized in intermediary Master Ballots delivered to the undersigned) voting to accept or reject the Plans.

(Please complete the information requested below.  Attach additional sheets and print landscape if necessary.)

| | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS FOR BENEFICIAL OWNERS OF MMPI COMMON STOCK HOLDING THROUGH NOMINEES: | | |
|---|---|---|---|
| Customer Account Number for Each Beneficial Owner | SHARES OF COMMON STOCK VOTED: | | |
| | Charlestown/Hartland Plan (Class 1E/1F) | Legendary/EWB Plan (Class E-1/E-2) | MMPI Plan (Class 1E) |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |

4

MB

| 14 | | | |
|----|--|--|--|
| 15. | | | |

**Item 5.      Summary of Elections Under Charlestown/Hartland Plan and Under the MMPI Plan.**

**Item 5.1.     Charlestown/Hartland Election.**  The undersigned certifies that the chart below accurately represents the number of shares of Common Stock held by beneficial owners who indicated their elections as to the Charlestown/Hartland Cash Option under the Charlestown/Hartland Plan elections:

| ELECTED THE CHARLESTOWN/HARTLAND CASH OPTION | | |
|---|---|---|
| **CUSTOMER ACCOUNT NUMBER FOR EACH BENEFICIAL OWNER MAKING THE CASH OPTION** | **SHARES OF COMMON STOCK TO BE REDEEMED** | **VOI NUMBER OBTAINED FROM DTC\*** |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| 11. | | |
| 12. | | |
| 13. | | |
| 14 | | |
| 15. | | |

**\* The underlying shares held by those beneficial owners making the Charlestown/Hartland Cash Election are to be tendered into the election account established at The Depository Trust Company ("DTC") for that purpose.  Input the corresponding VOI number received from DTC in the appropriate Election column in the table above if the beneficial owner elected the Charlestown/ Hartland Cash Election in item 4.1 on its individual Beneficial Owner Ballot.  Shares may not be withdrawn from the DTC election account once tendered.  No further trading will be permitted of the Shares held in the election account at DTC.  If the Charlestown/Hartland Plan is not confirmed, DTC will, in accordance with its customary practices and procedures, return all Shares held in the election account to the applicable Nominee for credit to the account of the applicable beneficial holder.**

MB

**Item 5.2.   MMPI Election.** The undersigned certifies that the chart below accurately represents the number of shares of Common Stock held by beneficial owners who indicated their elections as to the MMPI Cash Option under the MMPI Plan:

| ELECTED MMPI CASH OPTION | | |
|---|---|---|
| **CUSTOMER ACCOUNT NUMBER FOR EACH BENEFICIAL OWNER MAKING THE CASH OPTION** | **SHARES OF COMMON STOCK TO BE REDEEMED** | **VOI NUMBER OBTAINED FROM DTC*** |
| **1.** | | |
| **2.** | | |
| **3.** | | |
| **4.** | | |
| **5.** | | |
| **6.** | | |
| **7.** | | |
| **8.** | | |
| **9.** | | |
| **10.** | | |
| **11.** | | |
| **12.** | | |
| **13.** | | |
| **14** | | |
| **15.** | | |

**\* The underlying shares held by those beneficial owners making the MMPI Cash Election are to be tendered into the election account established at The Depository Trust Company ("DTC") for that purpose. Input the corresponding VOI number received from DTC in the appropriate Election column in the table above if the beneficial owner elected the MMPI Cash Election in item 4.2 on its individual Beneficial Owner Ballot. Shares may not be withdrawn from the DTC election account once tendered. No further trading will be permitted of the Shares held in the election account at DTC. If the MMPI Plan is not confirmed, DTC will, in accordance with its customary practices and procedures, return all Shares held in the election account to the applicable Nominee for credit to the account of the applicable beneficial holder.**

**Item 6.   Certifications.** Except in the case of a vote recorded in a Master Ballot received from an intermediary, the undersigned certifies that each Beneficial Owner whose votes are being transmitted by this Master Ballot has been provided with a copy of each Disclosure Statement and the other applicable solicitation materials and that the Beneficial Owner Ballot received from each Beneficial Owner or a copy thereof is and will remain on file with the undersigned subject to inspection for a period of two (2) years following the Master Ballot Deadline unless sent to the Balloting Agent with this Master Ballot.

MB

**Item 7. Registered Owner.** The undersigned certifies that it is either: the registered owner in its own name or through a position held at a securities depository of the Common Stock identified in Item 3 above, or is an intermediary nominee on account of a beneficial holder of the Common Stock, in which case such party should complete this Master Ballot and forward it to such party's nominee intermediary, who represents such party's interests.

Charles Schwab & Co Inc.
(Gloria Yazzie)
_____
Name

2423 E LINCOLN DR
_____
Street Address

94-1737782
_____
Social Security or Federal Tax I.D. No.

PHOENIX AZ 85016-1215
_____
City, State, Zip Code

_____
Signature

(602) 355-3130
_____
Telephone Number

GLORIA YAZZIE, Associate
_____
If by Authorized Agent, Name and Title

11-19-2010
_____
Date Completed

Charles Schwab & Co Inc.
_____
Name of Institution

164
_____
DTC Participant Number

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
CHARLES SCHWAB &
CO., INC.

Charles Schwab & Co Inc.
AUTHORIZED SIGNATURE
23010410
( 526MG )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM™

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
CHARLES SCHWAB &
CO., INC.

Charles Schwab & Co Inc.
AUTHORIZED SIGNATURE
23010410
( 526MG )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM™

11-22-10 A10:02   RCVD

7

MB

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE MASTER BALLOT

1.      The Master Ballot Deadline by which your Master Ballot must be returned to the Balloting Agent is November 22, 2010 at 4:00 p.m. Pacific time. To have the votes of the beneficial owners count, you must complete, sign, and return this Master Ballot so that it is received by the Balloting Agent on or before the Master Ballot Deadline.

2.      In your transmittal of the solicitation materials to the Beneficial Owners of Stock, you should specify a deadline by which such holders must return their Beneficial Owner Ballots to you (the "Beneficial Owner Ballot Deadline"), so that you can complete and return your Master Ballot by the Master Ballot Deadline. The Beneficial Owner Ballots indicate that – absent the specification and communication of a different deadline by you – the Voting Deadline is November 22, 2010. So, if this such Beneficial Owner Ballot Deadline is insufficient and you require more time, please advise your Beneficial Owners of your Beneficial Owner Ballot Deadline.

3.      Upon receipt of the Solicitation Package and any other related materials that are provided to you, you must immediately transmit by first-class mail the Solicitation Package and any related materials to each Beneficial Owner of Common Stock, along with a pre-addressed envelope addressed to you (to be provided by you). Thereafter, you should take the necessary actions to enable each such Beneficial Owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plans and express any preference among the Plans and (ii) return the completed, executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent no later than the Master Ballot Deadline. With respect to all Beneficial Holder Ballots returned to you, you must properly complete this Master Ballot, as follows:

a.      Check the appropriate box in Item 1 on the Master Ballot.

b.      Indicate the votes to accept or reject the Plans and plan preference ranks as transmitted to you by the Beneficial Owners of Common Stock. To identify such Beneficial Owners without disclosing their names, please use the customer account number assigned you, an intermediary broker or nominee to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number).

c.      Transcribe the information required by Items 2 through 5 from the Beneficial Owner Ballots and your books and records and from the applicable information received from the Depository Trust Company.

d.      Carefully review the certifications being made by you.

e.      Sign and date the Master Ballot, and provide the remaining information requested.

f.      If additional space is required to respond to any Item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding.

MB

**Master Ballot breakdown**    Cusip: _____ 590473104

**Charles Schwab & Co., Inc.**    Participant # 0164

| | Customer Account Number for Each Beneficial Owner | Charleston/Hartland Plan (Class 1E/1F) | | Legendary EWB Plan (Class E-1/E-2) | | MMPI Plan (Class 1E) | |
|---|---|---|---|---|---|---|---|
| | | ACCEPT | REJECT | ACCEPT | REJECT | ACCEPT | REJECT |
| 1. | 2 | | 1,700,000 | | 1,700,000 | 1,700,000 | |
| 2. | 4 | 5,000 | | | 5,000 | | 5,000 |
| 3. | 8 | 30,000 | | | 30,000 | | 30,000 |
| 4. | 12 | 45,000 | | | | | |
| 5. | 27 | 1,000 | | | | | |
| 6. | 28 | 2,000 | | | | | |
| 7. | 31 | 3,000 | | | 3,000 | | 3,000 |
| 8. | 33 | | | | | 400 | |
| 9. | 34 | 100,000 | | | 100,000 | | 100,000 |
| 10. | 40 | | 100,000 | | 100,000 | 100,000 | |
| 11. | 42 | 32,000 | | | | | |
| 12. | 46 | 90,000 | | | | | |
| 13. | 47 | | | | | 3,000 | |
| 14. | 49 | 50,000 | | | | | |
| 15. | 51 | 54,000 | | | 54,000 | | 54,000 |
| 16. | 53 | 50,000 | | | | | |
| 17. | 52 | 76,000 | | | 76,000 | | 76,000 |
| 18. | 56 | 4,300 | | | 4,300 | | 4,300 |
| 19. | 60 | | | | | 13,760 | |
| 20. | 61 | 1,620 | | | | 1,620 | |
| 21. | 65 | 1,830 | | | 1,830 | | 1,830 |
| 22. | 68 | | 650,000 | | 650,000 | 650,000 | |
| 23. | 71 | 740,000 | | | 740,000 | 740,000 | |
| 24. | 73 | 32,000 | | | 32,000 | 32,000 | |
| 25. | 87 | 390,000 | | | 390,000 | | 390,000 |
| 26. | 93 | 100,000 | | | | | |
| 27. | 94 | 24,000 | | | | | |
| 28. | 95 | 3,000 | | 3,000 | | | |
| 29. | 98 | 100,000 | | | 100,000 | | 100,000 |
| 30. | 101 | | | | | 2,000 | |
| 31. | 103 | | | | | 323,290 | |
| 32. | 107 | 20,000 | | | | | |
| 33. | 108 | | | | | 50,000 | |
| 34. | 111 | | 15,000 | | 15,000 | 15,000 | |
| 35. | 114 | | 50,000 | | 50,000 | 50,000 | |
| **TOTALS:** | | 1,954,750 | 2,515,000 | 3,000 | 4,051,130 | 3,681,070 | 764,130 |

**Master Ballot breakdown**   **Cusip:**   590473104

**Charles Schwab & Co, Inc.**   **Participant # 0164**

| Customer Account Number for Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS FOR BENEFICIAL OWNERS OF MMPI COMMON STOCK HOLDING THROUGH NOMINEES: | | |
|---|---|---|---|
| | SHARES OF COMMON STOCK VOTED: | | |
| | Charleston/Hartland Plan (Class 1E/1F) | Legendary EWB Plan (Class E-1/E-2) | MMPI Plan (Class 1E) |
| 1.      53 | 50,000 | | |
| 2.      61 | 1,620 | | |
| 3.      68 | | | 650,000 |
| 4.      71 | 740,000 | | |
| 5.      73 | 32,000 | | |
| 6.      94 | 24,000 | | |
| 7.      98 | 100,000 | | |
| 8.      111 | | | 15,000 |
| 9. | | | |
| 10. | 0 | | 0 |
| *TOTALS:* | 947,620 | 0 | 665,000 |

| ELECTED THE CHARLESTOWN/HARTLAND CASH OPTION | | |
| --- | --- | --- |
| CUSTOMER ACCOUNT NUMBER FOR EACH BENEFICIAL OWNER MAKING THE CASH OPTION | SHARES OF COMMON STOCK TO BE REDEEMED | VOI NUMBER OBTAINED FROM DTC* |
| 1.  42 | 32,000 | TSUL6323100638 |
| 2.  46 | 90,000 | TSUL6323102349 |
| 3.  53 | 50,000 | TSUOD326093209 |
| 4.  61 | 1,620 | TSUL6323100801 |
| 5.  93 | 100,000 | TSUL6323100936 |
| 6.  94 | 24,000 | TSUL6323101012 |
| 7.  98 | 100,000 | TSUOD326093238 |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | 397,620 | |

| ELECTED MMPI CASH OPTION | | |
|---|---|---|
| CUSTOMER ACCOUNT NUMBER FOR EACH BENEFICIAL OWNER MAKING THE CASH OPTION | SHARES OF COMMON STOCK TO BE REDEEMED | VOI NUMBER OBTAINED FROM DTC* |
| 1.    68 | 650,000 | TSUL6323101612 |
| 2.    103 | 323,290 | TSUL6323101823 |
| 3.    111 | 15,000 | TSUL6323101937 |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | 988,290 | |

**Master Ballot breakdown**

**Charles Schwab & Co, Inc.**

Cusip: 590473104

Participant # 0164

| # | Customer Account Number for Each Beneficial Owner | Charleston/Hartland Plan (Class 1E/1F) | | Legendary EWB Plan (Class E-1/E-2) | | MMPI Plan (Class 1E) | |
|---|---|---|---|---|---|---|---|
| | | ACCEPT | REJECT | ACCEPT | REJECT | ACCEPT | REJECT |
| 1. | 2 | | X | | X | X | |
| 2. | 4 | X | | | X | | X |
| 3. | 8 | X | | | X | | X |
| 4. | 12 | X | | | | | |
| 5. | 27 | X | | | | | |
| 6. | 28 | X | | | | | |
| 7. | 31 | X | | | X | | X |
| 8. | 33 | | | | | X | |
| 9. | 34 | X | | | X | | X |
| 10. | 40 | | X | | X | X | |
| 11. | 42 | X | | | | | |
| 12. | 46 | X | | | | | |
| 13. | 47 | | | | | X | |
| 14. | 49 | X | | | X | | X |
| 15. | 51 | X | | | | | |
| 16. | 53 | X | | | | | |
| 17. | 52 | X | | | X | | X |
| 18. | 56 | X | | | X | | X |
| 19. | 60 | | | | | X | |
| 20. | 61 | X | | | | X | |
| 21. | 65 | X | | | X | | X |
| 22. | 68 | | X | | X | X | |
| 23. | 71 | X | | | X | X | |
| 24. | 73 | X | | | X | X | |
| 25. | 87 | X | | | X | | X |
| 26. | 93 | X | | | | | |
| 27. | 94 | X | | | | | |
| 28. | 95 | X | | X | | | |
| 29. | 98 | X | | | X | | X |
| 30. | 101 | | | | | X | |
| 31. | 103 | | | | | X | |
| 32. | 107 | X | | | | | |
| 33. | 108 | | | | | X | |
| 34. | 111 | | X | | X | X | |
| 35. | 114 | | X | | X | X | |
| TOTALS: | | 24 | 5 | 1 | 17 | 14 | 10 |

**Charles Schwab & Co, Inc.**     **Participant # 0164**

| Customer Account Number for Each Beneficial Owner | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS FOR BENEFICIAL OWNERS OF MMPI COMMON STOCK HOLDING THROUGH NOMINEES: | | |
| | SHARES OF COMMON STOCK VOTED: | | |
| | Charleston/Hartland Plan (Class 1E/1F) | Legendary EWB Plan (Class E-1/E-2) | MMPI Plan (Class 1E) |
|---|---|---|---|
| 1.        53 | X | | |
| 2.        61 | X | | |
| 3.        68 | | | X |
| 4.        71 | X | | |
| 5.        73 | X | | |
| 6.        94 | X | | |
| 7.        98 | X | | |
| 8.        111 | | | X |
| 9. | | | |
| 10. | | | |
| *TOTALS:* | *6* | *0* | *2* |

| ELECTED THE CHARLESTOWN/HARTLAND CASH OPTION | | |
|---|---|---|
| CUSTOMER ACCOUNT NUMBER FOR EACH BENEFICIAL OWNER MAKING THE CASH OPTION | SHARES OF COMMON STOCK TO BE REDEEMED | VOI NUMBER OBTAINED FROM DTC* |
| 1.        42 | 32,000 | TSUL6323100638 |
| 2.        46 | 90,000 | TSUL6323102349 |
| 3.        53 | 50,000 | ** PENDING SUBMISSION ** |
| 4.        61 | 1,620 | TSUL6323100801 |
| 5.        93 | 100,000 | TSUL6323100936 |
| 6.        94 | 24,000 | TSUL6323101012 |
| 7.        98 | 100,000 | ** PENDING SUBMISSION ** |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | 397,620 | |

| ELECTED MMPI CASH OPTION | | |
|---|---|---|
| CUSTOMER ACCOUNT NUMBER FOR EACH BENEFICIAL OWNER MAKING THE CASH OPTION | SHARES OF COMMON STOCK TO BE REDEEMED | VOI NUMBER OBTAINED FROM DTC* |
| 1.    68 | 650,000 | TSUL6323101612 |
| 2.    103 | 323,290 | TSUL6323101823 |
| 3.    111 | 15,000 | TSUL6323101937 |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| TOTALS: | 988,290 | |

**UPS Internet Shipping: View/Print Label**

1. **Print the label(s):**   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   Hand the package to any UPS driver in your area.
   Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are also accepted at Drop Boxes.
   To find the location nearest you, please visit the 'Find Locations' Quick link at ups.com.

   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

FOLD HERE

GLORIA YAZZIE
602-355-3730
CHARLES SCHWAB & CO., INC.
2423 E LINCOLN DR
PHOENIX AZ 85016

0.0 LBS    LTR                    1 OF 1

SHIP TO:
C/O KURTZMAN CARSON CONSULTANTS LLC
877-833-4150
MERUELO MADDUX BALLOT PROCESSING
599 LEXINGTON AVENUE, 39TH FLOOR
NEW YORK NY 10022-6030

NY 100 9-45

1+

UPS EARLY A.M.
TRACKING #: 1Z 870 003 15 9483 4604

BILLING: P/P

Reference#1: Meruelo Maddux
Reference#2: Master Ballot

UPS 12.8.10                                   W0DE270 09.0A.10/2010

```
ROGTKTS                         R E O R G A N I Z A T I O N   D E P A R T M E N T
PAGE: 17
                                -------- ROG TEND DAILY TICKETS RPT    -------------

DATE: 11/19/10
TIME: 15:21:42

ASSIGNEE: BRIMMER

                    DEPOSITORY TRUST COMPANY               USER: 00000164-0B
         ************  VOLUNTARY OFFERING AGENT TICKET       11/19/10 - 15:21:42
TRANS #:  N/A            V.O.I. SUBMISSION               ************************
         ************

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &    CONTRA CUSIP: 590CHP999
VOI NUMBER:   TSUL6323100638    STATUS: MADE
SEQUENCE NO:  00004

      QUANTITY
      32000

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTOWN/HARTLAND ELECTION: VOI NUMBER MUST BE
             INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 3408-2015

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

*********************            V.O.I. SUBMISSION     *************************
PARTICIPANT NAME: CHS SCHWAB          CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164              CONTACT PHONE: ( 602 ) 355 - 3730
```

R E O R G A N I Z A T I O N   D E P A R T M E N T

ROGTKTS
PAGE: 21

------- ROG TEND DAILY TICKETS RPT   ----------

DATE: 11/19/10
TIME: 15:21:42

ASSIGNEE: BRIMMER

                    DEPOSITORY TRUST COMPANY          USER: 00000164-0B
                 VOLUNTARY OFFERING AGENT TICKET   11/19/10 - 15:21:42
TRANS #: N/A         V.O.I. SUBMISSION          ***********************
***********************

TARGET CUSIP: 590473104   DESCR: MERUBLO MADDUX &      CONTRA CUSIP: 590CHP999
VOI NUMBER:   TSUL6323102349   STATUS: MADE
SEQUENCE NO: 00008

     QUANTITY
      90000

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTOWN/HARTLAND ELECTION: VOI NUMBER MUST BE
             INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 3692-9233

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

***********************   V.O.I. SUBMISSION   ***********************
PARTICIPANT NAME: CHS SCHWAB           CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164               CONTACT PHONE: ( 602 ) 355 - 3730

From: 2128854544          Page: 3/25          Date: 11/22/2010 1:16:07 PM

PAGE: 4
TIME: 13:31:32

RDGTIKIT5

DATE: 11/22/10:

ASSIGNEE: BRIMMER

DEPOSITORY TRUST COMPANY
N/A          VOLUNTARY OFFERING AGENT TICKET
TRANS #:          V.O.I. SUBMISSION

USER: 00000164-01
11/22/10  14:51:20

CONTRA CUSIP: 590CHP999

TARGET CUSIP: 590473104   DESCR: MERUELO MADDUX 8
VOI NUMBER:     TSE00526093209       STATUS: MADE
SEQUENCE NO: 00048

QUANTITY
50000

AN "**" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTOWN/MARLAND ELECTION: VOI NUMBER MUST BE
             INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 46953015

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01          V.O.I. SUBMISSION
                         CONTACT NAME: GLORIA YAZZIE
                         CONTACT PHONE: ( 612 ) 353 - 3730

PARTICIPANT NAME: CHS SCHWAB
PARTICIPANT NUMBER: 0164

REORGANIZATION DEPARTMENT
ROG TEND DAILY TICKETS RPT

Received by: Kurtzman Carson Consultants LLC on 11/22/2010 at 1:16:07 PM.

ROGTTKTS
PAGE: 18

REORGANIZATION DEPARTMENT

--------- ROG TEND DAILY TICKETS RPT   ------------

DATE: 11/19/10
TIME: 15:21:42

ASSIGNEE: BRIMMER

DEPOSITORY TRUST COMPANY                    USER: 00000164-0B
VOLUNTARY OFFERING AGENT TICKET         11/19/10 - 15:21:42
TRANS #: N/A           V.O.I. SUBMISSION
***********************          ***********************

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &    CONTRA CUSIP: 590CHP999
VOI NUMBER:   TSUL6231100801    STATUS: MADE
SEQUENCE NO: 00005

    QUANTITY
    1620

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTOWN/HARTLAND ELECTION: VOI NUMBER MUST BE
             INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 4487-1677

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

****************************          V.O.I. SUBMISSION    ****************************
PARTICIPANT NAME: CHS SCHWAB              CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164                  CONTACT PHONE: ( 602 ) 355 - 3730

```
ROGTTKTS                                R E O R G A N I Z A T I O N   D E P A R T M E N T
PAGE:  45

DATE: 11/19/10                          --------- ROG TEND DAILY TICKETS RPT    ------------
TIME: 15:21:42

ASSIGNEE: BRIMMER

                         DEPOSITORY TRUST COMPANY              USER: 00000164-0B
TRANS #:   N/A           VOLUNTARY OFFERING AGENT TICKET       11/19/10 - 15:21:42
*********************************   V.O.I. SUBMISSION    ********************************

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &         CONTRA CUSIP: 590MMPI91
VOI NUMBER:   TSUL6323101612         STATUS: MADE
SEQUENCE NO:  00001


      QUANTITY
      650000


AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: MMPI PLAN ELECTION: VOI NUMBER MUST BE INCLUDED
             WITH THE MASTER BALLOT SENT TO THE AGENT.


COMMENT: A/C 5221-3743


THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

*************************   V.O.I. SUBMISSION   *****************************
PARTICIPANT NAME: CHS SCHWAB          CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164              CONTACT PHONE: ( 602 ) 355 - 3730
```

ROGTTKTS
PAGE: 19

DATE: 11/19/10
TIME: 15:21:42

ASSIGNEE: BRIMMER

R E O R G A N I Z A T I O N    D E P A R T M E N T

---------- ROG TEND DAILY TICKETS RPT    -------------

DEPOSITORY TRUST COMPANY                              USER: 00000164-0B
VOLUNTARY OFFERING AGENT TICKET            11/19/10 - 15:21:42
TRANS #:  N/A              V.O.I. SUBMISSION     ************************
**********************

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &      CONTRA CUSIP: 590CHP999
VOI NUMBER:   TSUL6323100936     STATUS: MADE
SEQUENCE NO:  00006

   QUANTITY
   100000

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTOWN/HARTLAND ELECTION: VOI NUMBER MUST BE
             INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 7380-7803

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

**************************      V.O.I. SUBMISSION       *************************
PARTICIPANT NAME: CHS SCHWAB                  CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164                      CONTACT PHONE: ( 602 ) 355 - 3730

```
ROGTKTS                              R E O R G A N I Z A T I O N   D E P A R T M E N T
PAGE:  20

DATE: 11/19/10                       -------- ROG TEND DAILY TICKETS RPT    -----------
TIME: 15:21:42

ASSIGNEE: BRIMMER

                         DEPOSITORY TRUST COMPANY                USER: 00001164-0B
                      VOLUNTARY OFFERING AGENT TICKET       11/19/10 - 15:21:42
TRANS #:  N/A            V.O.I. SUBMISSION                  *****************************
*****************************                                *****************************

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &           CONTRA CUSIP: 590CHP999
VOI NUMBER:   TSUL6323101012       STATUS: MADE
SEQUENCE NO: 00007

     QUANTITY
     24000

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTOWN/HARTLAND ELECTION: VOI NUMBER MUST BE
             INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 7553-1291

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

****************************     V.O.I.  SUBMISSION     ****************************
PARTICIPANT NAME: CHS SCHWAB              CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164                  CONTACT PHONE: ( 602 ) 355 - 3730
```

PAGE: 5
TIME: 14:31:20

# R E O R G A N I Z A T I O N   D E P A R T M E N T

------ ROO TEND DAILY TICKETS RPT ------

ROO-TK15
DATE: 11/22/10

ASSIGNEE: BRIMMER

*************************
TRANS #:   N/A          DEPOSITORY TRUST COMPANY          USER: 0000165-08
                       VOLUNTARY OFFERING AGENT TICKET       11/22/10 - 14:31:20
                            V.O.I. SUBMISSION          *********************
*************************                              CONTRA CUSIP: 593CHP999

TARGET CUSIP: 59057SIJ04   DESCR: MERUELO MADDUX 8
VEI NUMBER:  TSU0D5260932S8         STA US: MADE
SEQUENCE NO: 08049

QUANTITY
100000

AN MA* IN THE FOLLOWING PARENTHESES INDICA*ES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: CHARLESTON/HARTLAND ELECTION: VOL NUMBER MUST BE
INCLUDED WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 8005-4558

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

*****************************     V.O.I. SUBMISSION     *****************************
                       CONTACT NAME: GLORIA YAZZIE
                       CONTACT PHONE: ( 602 ) 355 - 5730
PARTICIPANT NAME: CHS SCHWAB
PARTICIPANT NUMBER: 0164

Received by: Kurtzman Carson Consultants LLC on 11/22/2010 at 1:16:07 PM.

```
ROGTKTS
PAGE:  46

                    R E O R G A N I Z A T I O N   D E P A R T M E N T

DATE: 11/19/10          -------- ROG TEND DAILY TICKETS RPT      -------------
TIME: 15:21:42

ASSIGNEE: BRIMMER

                    DEPOSITORY TRUST COMPANY               USER: 00001164-0B
                 VOLUNTARY OFFERING AGENT TICKET         11/19/10 - 15:21:42
TRANS #: N/A            V.O.I. SUBMISSION            ************************
**************************                CONTRA CUSIP: 590MMPI91

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &
VOI NUMBER:    TSUL6323101823       STATUS: MADE
SEQUENCE NO: 00002

   QUANTITY
   323290

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT: MMPI PLAN ELECTION: VOI NUMBER MUST BE INCLUDED
            WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 86646552

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

***************************   V.O.I. SUBMISSION     *************************
PARTICIPANT NAME: CHS SCHWAB       CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164           CONTACT PHONE: ( 602 ) 355 - 3730
```

```
ROGTTKTS
PAGE:  47                     R E O R G A N I Z A T I O N   D E P A R T M E N T

DATE: 11/19/10                --------- ROG TEND DAILY TICKETS RPT    -------------
TIME: 15:21:42

ASSIGNEE: BRIMMER

                        DEPOSITORY TRUST COMPANY              USER: 00000164-0B
                       VOLUNTARY OFFERING AGENT TICKET       11/19/10 - 15:21:42
TRANS #:  N/A              V.O.I. SUBMISSION            ***********************
***********************                                ***********************

TARGET CUSIP: 590473104  DESCR: MERUELO MADDUX &       CONTRA CUSIP: 590MMPI91
VOI NUMBER:   TSUL6323101937    STATUS: MADE
SEQUENCE NO: 00003

    QUANTITY
     15000

AN "A" IN THE FOLLOWING PARENTHESES INDICATES THAT YOU ACKNOWLEDGED YOUR
RECEIPT OF, AND AGREEMENT TO BE BOUND BY, THE LETTER OF TRANSMITTAL REQUIRED
BY THE OFFER IDENTIFIED BY THE CONTRA CUSIP ABOVE: ( A )

DTC COMMENT:  MMPI PLAN ELECTION: VOI NUMBER MUST BE INCLUDED
              WITH THE MASTER BALLOT SENT TO THE AGENT.

COMMENT: A/C 9126-2610

THE FOLLOWING CONDITIONS HAVE BEEN ACKNOWLEDGED BY YOU:
CONDITION(S) 01

*************************        V.O.I. SUBMISSION    *************************
PARTICIPANT NAME: CHS SCHWAB            CONTACT NAME: GLORIA YAZZIE
PARTICIPANT NUMBER: 0164                CONTACT PHONE: ( 602 ) 355 - 3730
```

# **EXHIBIT 3**

**BYLAWS OF THE
OFFICIAL COMMITTEE OF EQUITY HOLDERS
OF MERUELO MADDUX PROPERTIES, INC.,** *ET AL.*

Upon approval pursuant to the terms set forth below, the following will be the bylaws for

the Official Committee of Equity Holders (the "Committee") of debtor Meruelo Maddux

Properties, Inc. and those of its affiliates that are also debtors (the "Debtors") in the jointly-

administered bankruptcy cases *In re Meruelo Maddux Properties, Inc., et al.*

No. 09-bk-13356-KT (Bankr. C.D. Cal. 2009), before the Honorable Kathleen Thompson as of

the date of adoption of these bylaws.

<u>**MEMBERSHIP**</u>

A.     Membership on the Committee will be held in the name of the equity holder

appointed to the Committee by the United States Trustee for Region 16, covering the United

States Bankruptcy Court for the Central District of California (the "U.S. Trustee").   Each

Committee member will have one vote.

B.     Any member of the Committee may designate a representative and alternate

representatives to attend Committee meetings, provided that such representative and alternate is

an employee of, or attorney, or attorney in fact, for the equity holder and that such designation is

made to the Chairperson prior to the relevant meeting.  An alternate will be deemed a member of

the Committee for all purposes of the meetings in the absence of the primary representative

provided that such alternative representatives agree to be bound by the terms of these bylaws and

the Confidentiality provisions contained herein. A copy of the Committee's initial roster is

attached to these bylaws as <u>Schedule A</u>.

C.     A member that resigns from the Committee must give written notice to the U.S.

Trustee, the Chairperson and counsel to the Committee. A resignation will be immediately

effective upon receipt by the U.S. Trustee, the Chairperson of the Committee and counsel to the

Committee.  During the period after the resignation and prior to the appointment of a substitute by the U.S. Trustee, the membership of the Committee will consist of the remaining members of the Committee.

D.      *Ex Officio* members of the Committee will be permitted by an affirmative vote of two-thirds of the Committee, and will have all the rights and responsibilities of full membership on the Committee, except that (i) such members will have no voting rights, and (ii) such members' rights to speak or be present at any meeting or meetings of the Committee may be curtailed as determined by a majority of the members of the Committee.

## QUORUM

A.      A quorum will consist of a majority in number of the voting members of the Committee, including any members voting by proxy.  Voting members may be present either in person or by telephone, or both.

B.      No member of the Committee may vote except by its designated representative, or designated alternate.

C.      Proxies in respect to specific issues will be permitted, provided the voting member confirms such proxy vote in writing to the Chairperson.  Voting by a designated alternative will not be deemed to be voting by proxy.

## PROFESSIONALS

The Committee may vote to employ, subject to the order of approval by the Bankruptcy Court, counsel, accountants, investment bankers, and other professional advisors and experts as may be desirable to serve and advise the Committee.

## **MEETINGS**

A.      No business may be transacted at a meeting unless a quorum is present at the beginning of the meeting.  A member with a conflict of interest who abstains from voting on a matter will still be counted for purposes of determining a quorum.

B.      Regular meetings will be held from time to time, on dates and at locations designated by the Chairperson.  Announcements of the date and place of the next succeeding meeting should be made by the Chairperson before the conclusion of a meeting, if possible.  The Chairperson will confirm such announcement by mail, overnight mail, electronic mail, or facsimile.

C.      The Chairperson may call special meetings on such notice as is practical under the circumstances by telephone, mail, overnight mail, electronic mail, or facsimile to each member. The Chairperson must set forth in the notice the primary purpose for the special meeting.

D.      The Chairperson will call all meetings, and will call all special meetings, whenever the Chairperson deems it appropriate or whenever requested to do so by at least one-third of the members of the Committee.

E.      Meetings may be held in person or by telephone conference call.

F.      Due to the potentially sensitive, non-public nature of the subjects that may be discussed by the Committee and the possibility that public disclosure of such information could have a detrimental effect upon the Debtors, the estates or all of the equity holders in these cases, meetings of the Committee will not be open to persons other than members of the Committee, *ex officio* members, their designated representatives or alternates and designated counsel, and professionals employed by the Committee, provided, however, that the Committee, by

3

affirmative vote of a majority of its members may, for special, limited purposes, permit other persons to attend a particular meeting or meetings.

G.     The Chairperson will preside at all meetings of the Committee at which the Chairperson is present.  In the absence of the Chairperson, such other person as the Chairperson may designate will preside.

H.     Committee counsel will act as secretary and record the minutes of each meeting.

## AGENDA

A.     To the extent possible, matters will be presented to the Committee upon written agenda prepared by the Chairperson with the assistance of Committee counsel and transmitted to the Committee members as expeditiously as possible in advance of Committee meetings.

B.     Any member may at any time place any matter before the Committee for its action.

## ACTION BY THE COMMITTEE

A.     Action by the Committee at a meeting will require the affirmative vote of a majority of the members voting (either in person or by proxy), excluding abstentions.  Any member that holds a special individual interest in the outcome of a particular matter must abstain from voting on that matter.  The Chairperson or Committee counsel will tally and record the votes of members of the Committee.  Votes may be held by secret ballot at the request of any member of the Committee.  The Chairperson's determination of the vote of the Committee with respect to any matter will be final.

B.     In the event of an emergency, action may be taken by Committee vote without a special meeting, provided that the Chairperson determines, upon consultation with Committee counsel, that the situation requires emergency action.  In such a case, votes may be obtained by

polling members on the issue by telephone, overnight mail, electronic mail, or facsimile. Polling may be conducted by the Chairperson, Committee counsel or by an agent or employee of either of such persons. Such a vote will be effective if a good faith effort is made to reach and consult with each representative of the members of the Committee or their designated alternates with respect to the proposed action, and if prior to taking such action, a majority of those voting, excluding abstentions, approve the action. Upon request of the Chairperson or a majority of the Committee, such approvals must be confirmed in writing to the Chairperson. The Chairperson or its designee must provide prompt notice of any such emergency action to each member who was unavailable at the time of such polling, which notice must be confirmed in writing.

C.      In special, unexpected situations, action may be taken by the Chairperson on behalf of the Committee without a meeting, provided however, that the Chairperson determines, after consultation with Committee counsel, that such action is absolutely vital to the interests of the equity holders, and provided further, that the Chairperson must first make a good faith effort to poll the members of the Committee concerning the matter at issue, in the manner provided in paragraph B of this section.

D.      As authorized by the Committee, the Chairperson will speak for the Committee, and will at all times on behalf of the Committee provide instructions to the Committee counsel, the Committee accountants, and any other professionals retained by the Committee. Counsel and other professionals retained by the Committee are authorized to act on the advice and instructions of the Chairperson.

E.      Upon request by a member of the Committee, such member's vote on any matter will be recorded in the minutes of the appropriate meeting.

## OFFICERS

The Chairperson of the Committee is Stephen S. Taylor, who was elected by the Committee.  The Chairperson will serve until a respective successor is elected by the Committee.  The Chairperson or its designee will preside over each Committee meeting.  The Chairperson will have such powers and duties as set forth in these bylaws or as the Committee assigns to it.  In the event that the Chairperson resigns or for any other reason is unable to continue to serve, the Vice Chairperson (if elected) will become Chairperson and a Vice Chairperson will be elected.  Notwithstanding the above, a majority of the members of the Committee may, at any time, replace the Chairperson or Vice Chairperson; provided, however, that the Chairperson must at all times be a member of the Committee.

## SUBCOMMITTEES

The Committee by majority vote may (i) create such subcommittees as it deems appropriate, (ii) appoint voting members and *ex officio* members to each subcommittee, and (iii) delegate to such subcommittees such powers and responsibilities as it deems appropriate.  Committee members will be permitted to attend and participate in subcommittee meetings but may not vote at such meetings unless members of such subcommittee.

## OUTSIDE COMMUNICATIONS

Members of the Committee must communicate all outside inquiries that they receive to Committee counsel and the Chairperson for response.

## EXPENSES

Reimbursement of reasonable expenses of the Committee and of Committee members incurred in connection with Committee business may be periodically sought by Committee counsel from the Debtors' estates.  "Reasonable expenses" will include all expenses allowed

under applicable law including expenses for attendance at meetings by one representative or alternate of each Committee member, and will include expenses incurred for transportation, hotel, food, taxis and related expenses.

## CONFLICTS OF INTEREST

A.      If any matter under consideration by the Committee appears to involve a conflict of interest with any member(s) serving on the Committee or their agents, the member(s) with the conflicting interest must (i) disclose to the Committee the existence of any potential conflict of which they have knowledge, (ii) abstain from voting on the matter being considered by the Committee in appropriate circumstances, and (iii) be excused from the meeting at any appropriate time.

B.      The existence of a conflict of interest may also be determined by the affirmative vote of a majority in number of the members of the Committee present at a given meeting (less the vote of the member(s) having the apparent conflict of interest).  In the event of an affirmative majority vote, the conflicted member(s) will be entitled to inform the Committee of its position on the matter being considered and then absent itself from the meeting during consideration of such matter.

## CONFIDENTIALITY AND TRADING IN CLAIMS

A.      Members of this Committee may from time to time receive confidential, proprietary, or insider information. The improper use of that information may constitute a violation of federal or state securities laws or a breach of the Committee member's fiduciary duties towards equity holders.  Each member agrees to adopt appropriate internal security measures to safeguard the confidentiality of information that each member receives as a member of the Committee.

7

B.      Upon the resignation or removal of a Committee member, the Committee member must promptly return to counsel all confidential information received by such member in the course of its tenure as a member of the Committee.

C.      All documents prepared by or information, directions and oral statements made by members, their Counsel or any invitees at Committee meetings and by professionals employed by the Committee, as well as all deliberations, votes taken by the Committee and the positions taken or votes cast by individual Committee members, are deemed confidential and must not be disclosed to any person not in attendance at such meeting (including the press), other than to members not in attendance and designated representatives or alternates and designated counsel, and professionals employed by the Committee.  Invitees to Committee meetings may be excused from the meeting at the time votes are taken.  Whenever Counsel or any financial advisor or accountant to the Committee is notified that information to be provided to members of the Committee is non-public information, Counsel must inform all members of the Committee of the notification, if feasible, before such non-public confidential information is distributed to them.

D.      All "Confidential" information provided by the Debtors or any professionals employed by the Debtors to the Committee or to any professionals employed by the Committee must not be disclosed to any person other than members of the Committee, their designated representatives or alternates and designated counsel and professionals employed by the Committee.  In order to be deemed "Confidential" such information must be (i) marked by the Debtors with the legend "Confidential" or with a similar legend, (ii) information that at the time of disclosure and thereafter is generally not available to the public, (iii) information that is not available to the Committee on a non-confidential basis from a source other than the Debtors, and (iv) information that has not been independently acquired by the Committee.

8

E.      Notwithstanding the above, all information received by members of the Committee may be disclosed (a) to such of the financial officers, consultants or staff personnel of the Committee member's organization or counsel thereto, who require such information in order to deal with their respective responsibilities of the organization or as a Committee member, (b) to professionals retained by a Committee member, (c) to any other Committee member, and (d) where required by law or regulation to regulatory agencies.

## ROBERT'S RULES

The current edition of Robert's Rules of Order will govern all official votes of the Committee.

## AMENDMENT TO BYLAWS

These bylaws will become effective when a written amendment is unanimously approved and may be amended by unanimous approval.

## CONTINUING RIGHT OF MEMBERS TO ACT IN AN INDIVIDUAL CAPACITY.

While the members of the Committee are acting in a fiduciary capacity as prescribed by law, nothing will prevent any member from enforcing its rights as an individual equity holder.

# SCHEDULE A

Official Committee of Equity Holders - Initial Roster

Taylor International Fund, Ltd.
Attn: Stephen S. Taylor
714 South Dearborn Street, 2nd Floor
Chicago, IL  60605
Ph: 312.583.0500

David Ofman
718 W. Melrose Street, 3W
Chicago, IL  60657
Ph: 847.910.7333

David A. Spinney
280 Sheridan Road
Winnetka, IL  60093
Ph: 847.446.7945

Kapil Tayal
10400 Swift Stream Place, #107
Columbia, MD  21044
Ph: 312.504.9344

Douglas J. McCaslin
01600 S.W. Greenwood Road
Portland, OR  97219
Ph: 503.243.6020

David Pourbaba
8271 Melrose Avenue, Suite 200
Los Angeles, CA  90046
Ph: 323.951.0242

Williams & Ribb LLP Profit Sharing Plan
Attn: John D. Williams
4300 Long Beach Boulevard, Suite 350
Long Beach, CA  90807
Ph: 562.423.8777, Ext. 29