JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: 213-239-5100
Facsimile: 213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone: 212-891-1600
Facsimile: 212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA 90292
Telephone: 310-301-4839
Facsimile: 310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California 91101
Telephone: 626-793-7264
Facsimile: 626-793-7592
crodiger@rodigerlaw.com

# UNITED STATES BANKRUPCTY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES INC., et al.<br><br>Debtors.<br><br>☑ Affects all Debtors | CASE NO. 09-bk- 13356-VK<br><br>Chapter 11<br><br>**RESPONSIVE HARDSHIP DECLARATION OF GEORGIANA G. RODIGER ON DEBTORS' MOTION FOR ORDER RELIEVING DEBTORS OF THE OBLIGATION TO COMPLY WITH THE ORDER ENTERED UNDER §105(a) ESTABLISHING PROCEDURES FOR THE PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO PROFESSIONALS**<br><br>**Date: 3/18/11**<br>**Time: 2:30 a.m..**<br>**Place: Courtroom 301** |

RODIGER LAW OFFICE

**1.**

**RESPONSIVE HARDSHIP DECLARATION OF GEORGIANA G RODIGER ON DEBTORS' MOTION FOR ORDER RELIEVING DEBTORS OF THE OBLIGATION TO COMPLY WITH THE ORDER ENTERED UNDER §105(a)**

Georgiana G. Rodiger of the Rodiger Law Office, one of the counsel for the Official Equity Holder's Committee in the above-referenced case, provides the responsive hardship declaration set forth below:

## DECLARATION OF GEORGIANA G. RODIGER

Georgiana G. Rodiger declares:

1. I am an attorney at law duly licensed to practice before all Courts in the State of California and am a member of the Bar of this Court. I am one of the attorneys representing the Official Equity Holder's Committee in the above-referenced case. The matters set forth in this declaration are within my personal knowledge unless stated to be based upon information and belief. Each such matter is true and correct and if called as a witness under oath I could and would testify to the truth thereof.

2. This declaration is submitted in response to the Debtors' motion for an order relieving Debtors of their obligation to pay compensation and reimburse expenditures of professionals on a monthly basis pursuant to this Court's "*Knudsen* Order" (*docket entry no. 1992*) requested June 24, 2009 and a revised order entered in October 2010.

3. I left Gibson, Dunn & Crutcher LLP in 2004 and opened my own office as a sole practitioner. Unlike most of the counsel involved in this case, I am not a member of a law firm whose income is provided by a law firm regardless of the state of my collections for my time.

4. My livelihood is dependent upon my income from my law practice. I am not independently wealthy. I am the sole support for my 4 children, ages 18 to 25. My youngest child is a high school senior applying to colleges for next year. My next youngest child is a Junior at Bryn Mawr. My next youngest child is working for AmeriCorp which provides her with housing and food and a small income. My oldest child is employed on the trading floor at Crowell Weedon & Co. and is applying to law schools for the fall 2011.

5. When I agreed to be retained in this case by the OEC, I did so with the understanding that the *Knudsen* Order was in place and I would be paid accordingly. I participated in the review, approval and submittal of the of the revised ordered entered in

RODIGER LAW OFFICE

2.

**RESPONSIVE HARDSHIP DECLARATION OF GEORGIANA G RODIGER ON DEBTORS' MOTION FOR ORDER RELIEVING DEBTORS OF THE OBLIGATION TO COMPLY WITH THE ORDER ENTERED UNDER §105(a**

October 2010 and continued to provide legal services to the OEC in reliance on the revised order.

6. I agreed to provide legal services in accordance with the Interim Fee Order in this case which provided that I would be compensated for only 80% on my monthly billings with a 20% hold back which would be distributed on interim review on a quarterly basis.

7. The Debtors have not given notice of an interim hearing since the last interim hearing held on October 19, 2010 for legal services rendered by me between July 19, 2010 and August 31, 2010. At the time of filing the First interim application Rodiger Law Office had been paid a total of $16,776.00 in fees and $67.00 in expenses.

8. The Debtors have therefore held back and had the benefit of holding back 20% of my income since September 1, 2010. (6 months).

My billings in this case are summarized as follows:

| **PERIOD** | **FEES** | **EXPENSES** |
|---|---|---|
| 7/19/10 to 7/31/10 | $20,970.00 | $67.00 |
| 8/8/10 to 8/31/10 | $36,900.00 | $0 |
| 9/1/10 to 9/30/10 | $32,445.00 | $126.00 |
| 10/1/10 to 10/31/10 | $44,780.00 | $26.00 |
| 11/1/10 to 11/30/10 | $67,905.00 | $136.50 |
| 12/1/10 to 12/21/10 | $81,810.00 | $0 |
| 1/1/11 to 1/31/11 | $131,805.00 | $9169.45 |

9. The work I have performed in this case has been authorized and requested by the Official Equity Committee. During the period from December 1 to the present I specially cleared entire days for the court ordered discovery and confirmation hearings in this case, as requested by my client.

10. I am financially unable to fulfill my commitments to my client on a going forward basis if all of my income from this case is suspended retroactively from January 1,

RODIGER LAW OFFICE

**3.**

**RESPONSIVE HARDSHIP DECLARATION OF GEORGIANA G RODIGER ON DEBTORS' MOTION FOR ORDER RELIEVING DEBTORS OF THE OBLIGATION TO COMPLY WITH THE ORDER ENTERED UNDER §105(a**

2011 for an indefinite period – potentially 5-6 months.  I performed the work needed in January and February 2011 in reliance on the existing court orders establishing the period in which I would be paid for those services.  I committed to the going forward work and confirmation hearings in reliance on the existing court orders.  Since the court has recently modified its order, I need a hardship carve out which will allow me some compensation for January-February services rendered and payment for future services.

11.    I am mindful of all of concerns raised by the Court relating to Debtors' motion which will be heard on March 18, 2011.  With those concerns in mind I would request a hardship carve out of the Court's current order and a modification of my compensation from the prior 80-20 split to a 50-50 split, allowing Debtors to hold back, not only the cumulative 20% per months that they have held since 9/1/10, but to increase that hold back to 50% effective January 1, 2011 until the next interim hearing and to pay 50% of my fees for January 2011 and the months thereafter under the established procedures which have been in effect.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of March, 2011 at Pasadena, California.

By: __/s/ Georgiana G. Rodiger_____

RODIGER LAW OFFICE

**4.**

**RESPONSIVE HARDSHIP DECLARATION OF GEORGIANA G RODIGER ON DEBTORS' MOTION FOR ORDER RELIEVING DEBTORS OF THE OBLIGATION TO COMPLY WITH THE ORDER ENTERED UNDER §105(a**