JENNER & BLOCK LLP
Kenneth K. Lee (Cal. Bar No. 264296)
633 West 5th Street, Suite 3500
Los Angeles, CA 90071-2054
Telephone: 213-239-5100
Facsimile: 213-239-5199
klee@jenner.com

JENNER & BLOCK LLP
Marc B. Hankin (admitted *pro hac vice*)
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone: 212-891-1600
Facsimile: 212-891-1699
mhankin@jenner.com

RON ORR & PROFESSIONALS, INC.
Ronald S. Orr (Cal. Bar No. 54257)
578 Washington Blvd., #389
Marina Del Rey, CA 90292
Telephone: 310-301-4849
Facsimile: 310-301-6549
ronorresq@aol.com

RODIGER LAW OFFICE
Georgiana G. Rodiger, (Cal. Bar No. 94416)
272 South Los Robles Avenue
Pasadena, California 91101
Telephone: 626-793-7264
Facsimile: 626-793-7592
crodiger@rodigerlaw.com

Attorneys for Equity Committee

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-bk-13356-VK |
| **MERUELO MADDUX PROPERTIES, INC., et al.**[1] | Chapter 11 |
| **Debtors and Debtors-in-Possession.** | **SUBPOENA AND PROOF OF SERVICE FOR MICHAEL MERAZ** |
| **AFFECTS ALL DEBTORS** | |

1
SUBPOENA AND PROOF OF SERVICE FOR MICHAEL MERAZ

1  Pursuant to Judge Victoria S. Kaufman's order from the bench, on March 10, 2011 Equity
2  Committee submits the subpoena (attachment A) and proof of service (attachment B) for Michael
3  Meraz.

Dated: March 10, 2011                          **JENNER & BLOCK LLP**

By    */s/ Kenneth K. Lee*
       Kenneth K. Lee (Cal. Bar No. 264296)
       Marc B. Hankin (admitted *pro hac vice*)
       Attorneys for Equity Committee

SUBPOENA AND PROOF OF SERVICE FOR MICHAEL MERAZ

# ATTACHMENT A

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re:<br>MERUELO MADDUX PROPERTIES INC., et al.;<br>☐ Affects all Debtors<br><br>Debtor | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |
| To:<br>Michael Meraz, Magnum Properties, 2222 E. Washington Blvd, Los Angeles, CA 90021 | Case No.*: 09-bk- 13356-KT<br>Chapter: 11 |

☒ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY<br>U.S. Bankruptcy Court, Central District of California<br>21041 Burbank Blvd, Woodland Hills, CA 92367 | COURTROOM 301 |
|---|---|
| | DATE AND TIME March 10, 2011 at 9:30 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]*<br>Attorney for the Equity Committee | DATE<br>3/1/2011 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Kenneth K. Lee, Jenner & Block LLP, 633 West 5th Street Suite 3500, Los Angeles, CA 90071, (213) 239-5152 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

American LegalNet, Inc<br>www.FormsWorkflow.com

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)                    2006 USBC, Central District of California

| PROOF OF SERVICE |||
|---|---|---|
| **SERVED** | DATE | PLACE<br>Magnum Properties, 2222 E. Washington Blvd, Los Angeles, CA 90021 |
| SERVED ON (PRINT NAME) || MANNER OF SERVICE<br>Personal |
| SERVED BY (PRINT NAME) || TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____                    _____
                                DATE                                                           SIGNATURE OF SERVER

                                                                                                _____
                                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held,
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development or commercial information or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the

subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule26(b)(2)(C) The court may specify conditions for the discovery
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved A receiving party may promptly present the information to the court under seal for a determination of the claim If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)

American LegalNet Inc
www FormsWorkflow com

# ATTACHMENT B

| Attorney or Party without Attorney: <br> KENNETH K. LEE, ESQ., Bar #264296 <br> JENNER & BLOCK LLP <br> 633 WEST 5TH STREET <br> SUITE 3500 <br> LOS ANGELES, CA 90071 <br> Telephone No: (213) 239-5100     FAX No: (213) 840-7645 <br> Attorney for: | For Court Use Only |
|---|---|

| Ref. No. or File No.: | |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
United States Bankruptcy Court, Central District Of California

Plaintiff: IN RE: MERUELO MADDUX PROPERTIES INC., ET AL.
Defendant:

| PROOF OF SERVICE SUBPOENA IN A CASE | Hearing Date: Thu, Mar. 10, 2011 | Time: 9:30AM | Dept/Div: 301 | Case Number: 09-BK-13356-KT |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE

3. a. Party served:                    MICHAEL MERAZ, MAGNUM PROPERTIES

4. Address where the party was served:   2222 E. WASHINGTON BOULEVARD
                                          LOS ANGELES, CA 90021

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Mar. 07, 2011 (2) at: 12:57PM
   b. I received this subpena for service on:     Friday, March 04, 2011

6. Witness fees were offered or demanded, and paid:    $60.00

7. **Person Who Served Papers:**
   a. KEITH R. REDIN
   b. **FIRST LEGAL INVESTIGATIONS**
      2112 N. MAIN STREET, SUITE 260
      SANTA ANA, CA 92706
   c. (714) 550-1375

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      (i) Owner
      (ii) Registration No.: 6537
      (iii) County: Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Mon, Mar. 07, 2011

   _Keith R. Redin_ (KEITH R. REDIN)    328613.kenle.351351

   Judicial Council Form           PROOF OF SERVICE
   Rule 2.150.(a)&(b) Rev January 1, 2007      SUBPOENA IN A CASE

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| KENNETH K. LEE, ESQ.<br>JENNER & BLOCK LLP<br>633 WEST 5TH STREET<br>SUITE 3500<br>LOS ANGELES, CA  90071 | | |
| Telephone No: (213) 239-5100    FAX: No: (213) 840-7645 | Ref. No or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States Bankruptcy Court, Central District Of California | | |
| IN RE: MERUELO MADDUX PROPERTIES INC., ET AL. | | |

| **AFFIDAVIT OF REASONABLE DILIGENCE** | Hearing Date:<br>Thu, Feb. 10, 2011 | Time:<br>12:30pm | Dept/Div:<br>301 | Case Number:<br>09-BK-13356-KT |
|---|---|---|---|---|

1. I, Charles Cory, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant MICHAEL MERAZ as follows:

2. Documents:    SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE.

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Mon | 02/07/11 | 3:30pm | Business | COULD NOT GAIN ACCESS TO THE BUILDING. SPOKE TO THE RECEPTIONIST, VIA INTERCOM WHO STATED THAT THE SUBJECT WAS NOT IN. Attempt made by: Charles Cory, Registration #5137 Los Angeles County. Attempt at: 2222 E. WASHINGTON BLVD.  LOS ANGELES CA. 90021. |
| Tue | 02/08/11 | 11:20am | Business | COULD NOT GAIN ACCESS TO THE BUILDING. SPOKE TO THE RECEPTIONIST, VIA INTERCOM WHO STATED THAT THE SUBJECT WAS NOT IN. Attempt made by: Charles Cory. Attempt at: 2222 E. WASHINGTON BLVD.  LOS ANGELES CA. 90021. |
| Wed | 02/09/11 | 12:50pm | Business | COULD NOT GAIN ACCESS TO THE BUILDING SPOKE TO THE RECEPTIONIST, VIA INTERCOM WHO STATED THAT THE SUBJECT WAS NOT IN. THERE WAS A MERCEDES BENZ WITH LICENSE PLATE # 3NUK853 PARKED OUTSIDE THE FRONT DOOR. Attempt made by: Charles Cory, Registration #5137 Los Angeles County. Attempt at: 2222 E. WASHINGTON BLVD.  LOS ANGELES CA. 90021. |

Date: Thu, Mar. 03, 2011        **AFFIDAVIT OF REASONABLE DILIGENCE**        4847242.jennbl.345112

| Attorney or Party without Attorney:<br>KENNETH K. LEE, ESQ.<br>JENNER & BLOCK LLP<br>633 WEST 5TH STREET<br>SUITE 3500<br>LOS ANGELES, CA 90071<br>Telephone No: (213) 239-5100    FAX: No: (213) 840-7645 | | For Court Use Only |
|---|---|---|
| | Ref. No or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>United States Bankruptcy Court, Central District Of California | | |
| IN RE: MERUELO MADDUX PROPERTIES INC., ET AL. | | |

| **AFFIDAVIT OF REASONABLE DILIGENCE** | Hearing Date:<br>Thu, Feb. 10, 2011 | Time:<br>12:30pm | Dept/Div:<br>301 | Case Number:<br>09-BK-13356-KT |
|---|---|---|---|---|

1. I, DOROTHY TURNER, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant MICHAEL MERAZ as follows:

2. Documents:    SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE.

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Wed | 02/09/11 | 8:06pm | Home | SECURE LOCATION I COULD NOT GAIN ACCESS THE SECURITY GUARD CALLED THE SUBJECT, AND THE SUBJECT TOLD HIM THAT HE WAS NOT AVAILABLE. Attempt made by: DOROTHY TURNER. Attempt at: 1855 INDUSTRIAL STREET LOS ANGELES CA. 90021. |
| Wed | 03/02/11 | 5:00pm | Home | Returned Not Served on: MICHAEL MERAZ Home - 1855 INDUSTRIAL STREET LOS ANGELES, CA. 90021 |

3. *Person Executing*
   a. DOROTHY TURNER
   b. **FIRST LEGAL SUPPORT SERVICES**
      1511 WEST BEVERLY BOULEVARD
      LOS ANGELES, CA 90026
   c. 213-250-1111

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d. *The Fee for service was:*
e. *I am:* (3) Not a Registered California Process Server

4. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.

| Attorney or Party without Attorney:<br>KENNETH K. LEE, ESQ.<br>JENNER & BLOCK LLP<br>633 WEST 5TH STREET<br>SUITE 3500<br>LOS ANGELES, CA 90071<br>Telephone No: (213) 239-5100    FAX: No: (213) 840-7645 | Ref. No or File No.: | For Court Use Only |
|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>United States Bankruptcy Court, Central District Of California | | |
| IN RE: MERUELO MADDUX PROPERTIES INC., ET AL. | | |

| **AFFIDAVIT OF<br>REASONABLE DILIGENCE** | Hearing Date:<br>Thu, Feb. 10, 2011 | Time:<br>12:30pm | Dept/Div:<br>301 | Case Number:<br>09-BK-13356-KT |
|---|---|---|---|---|

SUBPOENA IN A CASE

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Wed | 02/09/11 | 4:15pm | Business | SPOKE TO THE RECEPTIONIST, VIA INTERCOM WHO STATED THAT THE SUBJECT WAS NOT IN. NO TIME OF ARRIVAL. COULD NOT GAIN ACCESS TO THE OFFICE. Attempt made by: Charles Cory, Registration #5137 Los Angeles County. Attempt at: 2222 E. WASHINGTON BLVD. LOS ANGELES CA. 90021. |
| Thu | 02/10/11 | 11:20am | Business | GAINED ACCESS TO THE BUILDING. SPOKE TO THE RECEPTIONIST, SHE SAID THAT THE SUBJECT WAS NOT IN. HE'S GOING INTO SURGERY TOMORROW. SHE DID NOT SAY WHAT TYPE OF SURGERY. Attempt made by: Charles Cory, Registration #5137 Los Angeles County. Attempt at: 2222 E. WASHINGTON BLVD. LOS ANGELES CA. 90021. |
| Wed | 03/02/11 | 5:00pm | Business | Returned Not Served on: MICHAEL MERAZ Business - 2222 E. WASHINGTON BLVD. LOS ANGELES, CA. 90021 |

3.  *Person Executing*
    a. Charles Cory
    b. FIRST LEGAL SUPPORT SERVICES
       1511 BEVERLY BOULEVARD
       LOS ANGELES, CA 90026
    c. (213) 250-1111, FAX (213) 250-1197

Recoverable Costs Per CCP 1033.5(a)(4)(B)
    d. *The Fee for service was:*
    e. *I am:* (3) registered California process server
       (i) Independent Contractor
       (ii) Registration No.:     5137
       (iii) County:              Los Angeles

4.  *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

[signature]

Page Number 2
Date: Thu, Mar. 03, 2011        **AFFIDAVIT OF REASONABLE DILIGENCE**        (Charles Cory)    4847242.jennbl.345112

NEW DOC.

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)                                    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| In re<br>MERUELO MADDUX PROPERTIES INC, et al,<br>☐ Affects all Debtors<br><br>Debtor | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE** |
| To<br>Michael Meraz, Magnum Properties, 2222 E Washington Blvd, Los Angeles, CA 90021 | Case No * 09-bk-13356-KT<br>Chapter 11 |

☒ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY<br>U S Bankruptcy Court, Central District of California<br>21041 Burbank Blvd, Woodland Hills, CA 92367 | COURTROOM 301  10<br>DATE AND TIME February 10, 2011 at 12:30pm<br>or at any time thereafter the week of Feb 7 |
|---|---|

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects)

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a disposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure

| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]*<br>Attorney for the Equity Committee | DATE<br>2/7/2011 |
|---|---|

ISSUING OFFICER S NAME ADDRESS AND PHONE NUMBER
Kenneth K Lee, Jenner & Block LLP, 633 West 5th Street Suite 3500, Los Angeles, CA 90071, (213) 239-5152

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued state the district under the case number

American LegalNet Inc
www.FormsWorkflow.com

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)      2006 USBC, Central District of California

### PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | Magnum Properties, 2222 E. Washington Blvd, Los Angeles, CA 90021 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br>Personal |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                 DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45 Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule26(b)(2)(C) The court may specify conditions for the discovery
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved A receiving party may promptly present the information to the court under seal for a determination of the claim If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it The person who produced the information must preserve the information until the claim is resolved

(e) CONTEMPT Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)

American LegalNet Inc
www.FormsWorkflow.com