# Carl Wegerer, III

P.O. Box 850515
Mesquite, Texas 75185-0515
(972) 289-4026
(214) 455-2787 cell
wegerer@swbell.net

April 2, 2011



RECEIVED
APR - 5 2011
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

EXPRESS MAIL

The Honorable Victoria Kaufman
United States Bankruptcy Court – Central District of California
21041 Burbank Boulevard Suite 301
Woodland Hills, CA 91367-6609

RE: In re Meruelo Maddux Properties, Inc., et al (the "Debtors"), Case No. 09-13356 (VK)

Dear Judge Kaufman:

My wife, Tammy, and I are shareholders of Meruelo Maddux Properties, Inc. and currently own 100,000 shares. We support the *Equity Committee's Limited Objection to Debtors' Motion for Authority to Further Modify the Debtors' Proposed Chapter 11 Plan*. [Docket 2920]

The Debtors are now attempting to amend their Second Modified Fourth Amended Joint Plan of Reorganization by changing the process in which members of the reorganized Board of Directors will be appointed. This last-minute change is designed to give Mr. Meruelo and Mr. Maddux the ability to appoint all seven directors. This dramatic change would greatly impact corporate governance.

There is a great deal at stake for non-insider shareholders. The Debtors can continue to operate in accordance with the Internal Controls and Procedures "unless and until such time that the Internal Control Procedures are modified by at least four members of the board of directors of Reorganized MMPI" (Third Modified Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc. et al. Dated September 30, 2010 at 109: 18-19).

To paraphrase a comment made by billionaire investor Warren Buffett in 2002 in relation to compensation committees, this proposed modification would create a tendency to put Cocker spaniels on the Board, not Doberman pinschers.

The previous plan provided the Official Equity Committee with the opportunity to nominate three Board members to represent the interests of non-insider shareholders. These nominees were identified on March 28, 2011. [Docket 2909] In addition, proponents for the Charlestown Plan submitted a revised disclosure of its director nominees on March 29, 2011. [Docket 2914] However, the Debtors have not yet identified their director nominees. Thus, there is no way to know if any of the individuals to be named could be considered an independent director.

I am also concerned about the lack of financial reporting going forward. MMPI ceased to be a filing company with the Securities and Exchange Commission when it filed a Form 15 to terminate or suspend the duty to file reports under Rule 12g-4(a)(1) and Rule 15d-6 on January 19, 2010. I believe this was part of a calculated decision to initially make the company "go dark" and eventually take the company private as part of the reorganization process. I am confident that other shareholders have the same concern post-confirmation. The obligation to file reports under Section 13(a) is only suspended under Section 15(d) and Rule 12h-3. Since Mr. Meruelo elected to raise capital from the public markets rather than private sources in 2007, the company should revert back to filing status upon confirmation. However, I suspect the only thing you can do is forward this concern to the United States Trustee.

● Page 2                                                                                                  April 2, 2011

Mr. Meruelo and Mr. Maddux could learn a few things from Mr. Buffett and his partner, Charlie Munger. They treat their shareholders as "owner-partners" and act as "managing partners" even though at one time they were conceptually "controlling partners" due to their majority ownership stake at Berkshire Hathaway. They do not view the company itself as the ultimate owner of the business assets but instead view the company as a conduit through which the shareholders own the assets. If I had the dual role of large stockholder and manager in a publicly-traded company, this is exactly how I would view my relationship with minority shareholders.

Given the appearance that the Debtors intentionally elected to wait until after the confirmation hearing to attempt to materially amend the procedure for selecting the Board members, I respectively request that this Court deny the motion.

Sincerely,

[signature]

Carl Wegerer, III