CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.<br><br>Debtor. | Case No. 1:09-bk-13356-VK<br><br>Chapter 11<br><br>**MOTION PURSUANT TO RULE 3018 APPROVING CHANGE OF VOTES OF CALIFORNIA BANK & TRUST AND PNL POMONA TO ACCEPTANCE OF THE CHARLESTOWN PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing<br>Date:    To Be Set<br>Time:    To Be Set<br>Place:    Courtroom 301<br>          21041 Burbank Blvd.<br>          Woodland Hills, CA 91367<br><br>Confirmation Hearing<br>Date:    January 27, 2011<br>Time:    9:30 a.m.<br>Place:    Courtroom 301<br>          21041 Burbank Blvd.<br>          Woodland Hills, CA 91367 |

TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE that, at [____] on [_____], in Courtroom 301 of the United States Bankruptcy Court located at 21041 Burbank Boulevard, Woodland Hills, California, Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "Charlestown Proponents") will and hereby move the Court for an order pursuant to Rule 3018 approving a change in the votes of California Bank & Trust ("CBT") and PNL Pomona, L.P. ("PNL") regarding the Charlestown Plan. CBT and PNL voted to reject the Charlestown Plan and are now seeking to change their votes to accept the Charlestown Plan.

This motion is made on the following grounds: the Charlestown Proponents have filed a motion to modify the Charlestown Plan to reflect settlements with CBT and PNL concerning their respective treatment under the Charlestown Plan. Because the modified Charlestown Plan provides CBT and PNL with treatment they have agreed to accept, CBT and PNL now desire to change their votes. This Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities and the Declaration of Grant Hill, the concurrently filed *Ex Parte* Application, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

PLEASE TAKE FURTHER NOTICE that the Charlestown Proponents are filing an *ex parte* application for order shortening time. If the *ex parte* application is granted, the Charlestown Proponents will give notice of the hearing date and time as well as the deadline for filing oppositions.

DATED: April 5, 2011

LESNICK PRINCE LLP

By: /s/ Christopher E. Prince
Christopher E. Prince
Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

1

## I. **INTRODUCTION**

The Charlestown Proponents seek an order authorizing CBT and PNL to change their votes with respect to the Charlestown Plan from reject to accept. CBT's and PNL's requests for change of vote are based on agreed upon treatment reflected in proposed modifications to the Charlestown Plan.

CBT holds a secured creditor claim against Debtor 788 S. Alameda LLC, and an unsecured guaranty claim against MMPI. If the Charlestown Plan is confirmed, CBT's present loan with 788 S. Alameda will be modified with respect to both term and interest rate. The modified interest rate is within the general range of interest rates being provided to secured lenders in this case. [*See* Dkt, # 2672-1, (Proposed Modified Charlestown Plan) pp. 77-78.] To reflect the agreed upon treatment, the Charlestown Proponents have filed a Motion to Modify the Charlestown Plan. [*See* Dkt. # 2672.]

PNL holds a secured creditor claim against Debtor Merco Group – 2001-2021 W. Mission Boulevard LLC. PNL's collateral is vacant land that generates no income. [Dkt. # 1693 (PNL Objection to Charlestown Plan).] If the Charlestown Plan is confirmed, PNL will receive the available insurance proceeds resulting from the fire loss to the MG 2001-2021 W. Mission Boulevard real property ($946,816), and a deed in lieu of foreclosure or a stipulation to permit PNL to proceed with a nonjudicial foreclosure. The Charlestown Proponent's Motion to Modify the Charlestown Plan accounts for this agreed upon treatment with PNL. PNL now wishes to change its vote to support the Charlestown Plan and its settlement with the Charlestown Proponents is sufficient cause to change its vote.

CBT and PNL now wish to change their votes to support the Charlestown Plan, and their respective settlements with the Charlestown Proponents are sufficient cause to warrant a change in votes. Attached as Exhibit 1 to this Motion is the Declaration of Grant Hill evidencing CBT's desire to change its votes to accept the Charlestown Plan. Attached as Exhibit 2 to this Motion is the Declaration of Scott Kocurek evidencing PNL's desire to change its vote to accept the Charlestown Plan.

2

## II. LEGAL STANDARD

"[F]or cause shown, the court after notice and hearing may permit a creditor or equity holder to change or withdraw an acceptance or rejection" on a plan of reorganization. FBR 3018(a). "The test for determining whether cause has been shown should not be a difficult one to meet. As long as the reason for the vote change is not tainted, the change of vote should usually be permitted." *In re CGE Shattuck, LLC*, 2000 Bankr. LEXIS 1806, at *5. (Bank. D.N.H. Nove. 28, 2000) (citing *In re Kellogg Square P'ship*, 160 B.R. 332, 334 (D. Minn. 1993)). In other words, "[t]he court must only ensure that the change is not improperly motivated." *Id*. "In short, the vote should be changed in order to allow the voting entity to intelligently express its will." *Kellogg*, 160 B.R. at 334.

"It is well established that settlement agreements are favored under the law especially in bankruptcy matters." *In re Drexel Burnham Lambert Group*, 140 B.R. 347, 350 (S.D.N.Y. 1992). Accordingly, a settlement between a plan proponent and a creditor should be sufficient cause to authorize a change in vote. *In re Cajun Elec. Power Coop., Inc.*, 230 B.R. 715, 744 (Bankr. M.D. La. 1999)

CBT and PNL have reached agreements with the Charlestown Proponents regarding treatment under the Charlestown Plan, and they now support the Charlestown Plan as a result. [*See* Declaration of Grant Hill, ¶¶3-4; Declaration of Kocurek, ¶¶3-4.] Accordingly, the Charlestown Proponents and CBT and PNL now seek an order authorizing CBT and PNL to change their votes to accept the Charlestown Plan.

**III.    CONCLUSION**

For the foregoing reasons, the Charlestown Proponents request that the Court grant this Motion and authorize CBT and PNL to change their votes from rejecting the Charlestown Plan to accepting the Charlestown Plan.

DATED: April 5, 2011

LESNICK PRINCE LLP

By: /s/ Christopher E. Prince
Christopher E. Prince
Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

4

## DECLARATION OF GRANT HILL

I, Grant Hill, declare as follows:

1. I am a Vice-President with California Bank & Trust ("CBT"). My duties at CBT include supervision of CBT's loan to 788 S. Alameda LLC. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2. CBT holds a secured creditor claim against debtor 788 S. Alameda LLC and holds an unsecured guaranty claim against debtor Meruelo Maddux Properties, Inc. ("MMPI") in this bankruptcy proceeding, Case No. 1:09-bk-13356-VK.

3. Subject to the credit approval process at CBT, CBT has reached an agreement with Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation with respect to CBT's treatment under their proposed Chapter 11 plan or reorganization. The plan modifications submitted to this Court reflect the terms of this agreement. Because of the agreement and the resulting plan modifications, CBT now supports the Charlestown Plan and wishes to change its vote to accept the plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February __, 2011, at Los Angeles California

_____
Grant Hill

5

## DECLARATION OF SCOTT KOCUREK

I, Scott Kocurek, declare as follows:

1. I am an Managing Director of the PNL Companies and specifically asset manager of PNL Pomona, L.P ("PNL"). My duties at PNL include supervision of PNL's loan to Merco Group – 2001-2021 W. Mission Boulevard LLC. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto

2. PNL holds a secured creditor claim against debtor Merco Group – 2001-2021 W. Mission Boulevard LLC in this bankruptcy proceeding, Case No. 1:09-bk-13356-VK.

3. PNL has reached an agreement with Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation with respect to PNL's treatment under their proposed Chapter 11 plan or reorganization. The plan modifications submitted to this Court reflect the terms of this agreement. Because of the agreement and the resulting plan modifications, PNL now supports the Charlestown Plan and wishes to change its vote to accept the plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2011, at Los Angeles California

_____
Scott Kocurek

6