CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.<br><br>Debtor. | Case No. 1:09-bk-13356-VK<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION FOR ORDER SHORTING TIME ON MOTION PURSUANT TO RULE 3018 APPROVING CHANGE OF VOTES OF CALIFORNIA BANK & TRUST AND PNL POMONA TO ACCEPTANCE OF THE CHARLESTOWN PLAN**<br><br>―――――――――――――――<br><br>[No hearing required pursuant to Local Bankruptcy Rule 9075-1(b)]<br><br><u>Confirmation Hearing</u><br>Date:     January 27, 2011<br>Time:    9:30 a.m.<br>Place:    Courtroom 301<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA 91367 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND OTHER PARTIES IN INTEREST:**

Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "Charlestown Proponents") apply on an *ex parte* basis for an order:

1. shortening time on their motion pursuant to Rule 3018 to approve a change in votes of California Bank & Trust ("CBT") and PNL Pomona, L.P. ("PNL") to **accept** the Charlestown Plan.

2. authorizing service of notice of the hearing on the Motion pursuant to the procedures described in this memorandum of points and authorities;

3. setting appropriate deadlines for filing and serving any objections to the Motion; and

4. setting appropriate deadlines for filing and serving any optional reply in support of the Motion.

The Charlestown Proponents are requesting that the Court set a hearing on the Motion at such time as is convenient to the Court. The Motion is concurrently filed with this Ex Parte Application

This *Ex Parte* Application is supported by the Memorandum of Points and Authorities, the Notice of Motion and Motion for Order Pursuant to Rule 3018 Approving Change of Votes of CBT and PNL, and the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

DATED: April 7, 2011

LESNICK PRINCE LLP

By: /s/ Christopher E. Prince
Christopher E. Prince
Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Charlestown Proponents seek an order pursuant to Rule 3018 authorizing CBT and PNL to change their votes to **accept** the Charlestown Plan. The Charlestown Proponents and CBT and PNL have reached agreements concerning their treatment under the Charlestown Plan. Plan modifications reflecting those agreements have been submitted to the Court and have been taken under submission. CBT and PNL now wish to change their votes to support the Charlestown Plan. Concurrently filed herewith is a Motion Pursuant to Rule 3018 to approve the change in votes of CBT and PNL. If the Motion is heard on regular notice, however, an order authorizing CBT and PNL to change their votes may not be entered until prior to the Court's ruling on confirmation of the Charlestown Plan. Accordingly, the Charlestown Proponents request that the Court hear the Motion on such date as is convenient to the Court. The Charlestown Proponents are serving this *Ex Parte* Application on all parties by NEF. The Charlestown Proponents respectfully submit that this notice is adequate and appropriate under the circumstances.

## II. THE LEGAL STANDARD

Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-emergency motion be heard on notice shorter than would otherwise be required by these rules … [t]he application may be granted for good cause shown in accordance with this rule." Ordinarily, a motion seeking the relief sought in the Motion must be filed and served at least 21 days prior to the hearing. *See* Local Bankr. Rule 9013-1(d)(2). Here, the Charlestown Proponents filed a motion to approve plan modifications to embody its settlements with CBT and PNL. That motion has been taken under submission. At this point, to bring a motion on regular notice might unnecessarily delay proceedings. Moreover, if the Court approves the proposed plan modifications, cause for a change of votes will have been established under the relevant legal standard.

Federal Rule of Bankruptcy Procedure 3018 provides in relevant part that "for cause shown, the court after notice and hearing may permit a creditor or equity holder to change or withdraw an acceptance or rejection" on a plan of reorganization. "The test for determining

whether cause has been shown should not be a difficult one to meet.  As long as the reason for the vote change is not tainted, the change of vote should usually be permitted." *In re CGE Shattuck, LLC*, 2000 Bankr. LEXIS 1806, at *5.  (Bank. D.N.H. Nove. 28, 2000) (citing *In re Kellogg Square P'ship*, 160 B.R. 332, 334 (D. Minn. 1993)).  In other words, "[t]he court must only ensure that the change is not improperly motivated." *Id*.  "In short, the vote should bechagned in order to allow the voting entity to intelligently express its will." *Kellogg*, 160 B.R. at 334.  "It is well established that settlement agreements are favored under the law especially in bankruptcy matters." *In re Drexel Burnham Lambert Group*, 140 B.R. 347, 350 (S.D.N.Y. 1992).  Accordingly, a settlement between a plan proponent and a creditor should be sufficient cause to authorize a change in vote.  *In re Cajun Elec. Power Coop., Inc.*, 230 B.R. 715, 744 (Bankr. M.D. La. 1999)

## III.    **CONCLUSION**

For the foregoing reasons, the Charlestown Proponents request that the Court issue an order shortening time for the hearing on their motion to approval a change in CBT's votes to accept the Charlestown Plan.

DATED:  April 7, 2011

                            LESNICK PRINCE LLP

                            By:    /s/ Christopher E. Prince
                                  Christopher E. Prince
                                  Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

1