Donald L. Gaffney (Admitted *Pro Hac Vice*)
Eric S. Pezold (#255657)
Jasmin Yang (#255254)
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, CA 92626
Phone:       (714) 427-7000
Facsimile:   (714) 427-7799
Email: dgaffney@swlaw.com
       epezold@swlaw.com
       jyang@swlaw.com
Counsel for Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In Re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtors-in-Possession. | Case No.: 1:09-bk-13356-KT<br>Jointly Administered<br>Chapter 11<br><br>**BANK OF AMERICA N.A.'S OPPOSITION TO DEBTORS' MOTION FOR ORDER EXTENDING AUTHORITY FOR THE USE OF CASH COLLATERAL AND TO MAINTAIN CASH MANAGEMENT SYSTEM THROUGH JULY 31, 2011**<br><br>DATE:  April 28, 2011<br>TIME:  2:30 p.m.<br>PLACE: 21041 Burbank Blvd., Courtroom 301<br>            Woodland Hills, California |

Bank of America, N.A. ("BofA") opposes the Debtors' *Motion for Order Extending Authority for the Use of Cash Collateral and to Maintain Cash Management System Through July 31, 2011* (the "Extended Cash Collateral Motion") because the Debtors have failed to demonstrate that they are appropriately accounting for intercompany receivables and payables between the different Debtor entities. BofA is a lender to two different Debtor entities, Merco Group – Southpark, LLC ("Southpark LLC") and Meruelo Maddux Properties – 760 S. Hill Street, LLC ("760 S. Hill Street

LLC"), whose loans are guaranteed by a third debtor, Meruelo Maddux Properties, Inc. ("MMPI") (collectively, the "Debtors").

The Debtors are currently authorized to use cash collateral and to maintain their cash management system through April 31, 2011. The Extended Cash Collateral Motion is the Debtors' sixth request to continue the use of cash collateral and the maintenance of its cash management system. The Debtors bankruptcy proceedings have been ongoing for over two years and only relatively recently (in August 2010) have the Debtors been required to make any adequate protection payments to secured lenders.

As part of these ongoing cash collateral proceedings, the Debtors have maintained that their financial operations are consolidated and that they have been properly accounting for intercompany payables and receivables between the different Debtor entities. Given that the Debtors' bankruptcy cases are over two years old and that the Debtors have incurred significant post petition intercompany administrative claims, it is necessary for the Debtors to provide the creditors whose cash collateral has been used with an accounting for these intercompany debts. The Debtors' plan is relatively uninformative with respect to the treatment of these post petition intercompany administrative claims and there is no indication of how these post petition intercompany claims would be treated in the event the Debtors are able to confirm plans for some but not all of the Debtors, under either the Debtors' or Charlestown's proposed plans.

BofA objects to the continued use of cash collateral for an additional three months and requests that the Debtors be required to provide intercompany account information tracking the flow of funds between the different Debtor entities. It is inappropriate to simply rubber stamp this sixth request to continue the use of cash collateral without requiring the Debtors to provide this information. This Opposition to the Extended Cash Collateral Motion is supported by the prior pleadings and papers on file and the following

Memorandum of Points and Authorities.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

The Debtors filed their initial motions for authority to use cash collateral and to maintain their cash management systems over two years ago in March 2009. *See* Docket Entry No. 4. In their initial request, the Debtors sought the use of cash collateral through only December 31, 2009. *Id.*

Concurrently with their request to use cash collateral and to maintain their cash management system, the Debtors' have continuously stressed the consolidated nature of their accounting system and have indicated that funds generated by the Debtor entities are each swept into concentration account held by MMPLP.[3] The Debtors have also maintained that they account for and report intercompany transactions stating, "The expenses paid from the concentration account are booked and treated as expenses not only between the entities but also for tax reporting and SEC reporting purposes."[4,5] The Debtors have also stated that the intercompany amounts owed between each other are to be treated as administrative claims under Bankruptcy Code §503.[6]

---

[2] BofA reasserts and reaffirms all of the objections made in its previous oppositions to the Debtors requests for authority to use cash collateral and hereby incorporates those oppositions by reference. *See* Docket Entry Nos.: 91, 764, 765, 1188, 1520, and 1899.

[3] The Declaration of Fred Skaggs filed on April 21, 2009 at docket entry no. 95-1 ("Skaggs Decl.") states in part, in Paragraph 27, "all funds flow to and from the cash concentration account maintained by MMPLP (the "Concentration Account"). The Concentration Account is linked to the operating bank account for all Debtor and non-debtor affiliates, which are know as zero balance accounts. From the Concentration Account, funds are transferred to the operating account of each affiliated entity when needed to fund payment on checks issued by that entity. Excess funds, if any, are invested in interest bearing accounts."

[4] Skaggs Decl., ¶ 31.

[5] "Transfers made to and from the Concentration account are accounted for on the Debtors' books through "to/from entries between MMPLP and the relevant Debtor. Direct costs incurred by one Debtor on behalf of another are charged by MMPLP against the Debtor receiving the benefit. Indirect costs of administration are allocated on an equitable basis among the Debtors benefiting therefrom. The balances of the to/from accounts are updated at about the time of each transaction, and change almost daily." Debtors' Emergency Motion for Order: (1) Approving Continued Use of Cash Management System; (2) Approving lending and Borrowing Between Debtors on an Unsecured Basis, (3) Authorizing the Debtors' Use of Pre-Petition Bank Accounts; and (4) Dispensing with the Requirements of 11 U.S.C. § 345(b), filed on March 27, 2009 at docket entry no. 4 (the "Cash Management Motion"), 10:1-6.

[6] Cash Management Motion, 17: 5-7, "The Debtors' borrowing through the Cash Management System will be without interest, and funds advanced will be entitled to repayment as an administrative expense of each estate as provided under Section 503 of the Bankruptcy Code."

20699.0150\YANGJ\SWDMS\12928856         - 3 -

The Debtors subsequently requested an extension of cash collateral and cash management system use through March 31, 2010, which was granted by the Court. *See* Docket Entry No.'s 716, 1016. When that cash collateral time frame was nearly terminated, Debtors requested another extension, this time to June 30, 2010. *See* Docket Entry No. 1152. On March 31, 2010, the Court granted the extension. *See* Docket Entry No. 1243. On June 8, 2010, the Debtors requested another extension of the authority to use cash collateral and maintain their cash management system. *See* Docket Entry No. 1498. On August 25, 2010, the Court granted the extension through September 30, 2010, and, at least with respect to BofA, conditioned the Debtors' authority to use cash collateral and maintain its cash management system on, among other things, the Debtors' making monthly adequate protection payments to BofA in the amount of $20,000 with respect to the 760 S. Hill LLC property (the "August Cash Collateral Order").[7] *See* Docket Entry No. 1735. On September 8, 2010, the Debtors requested another extension of cash collateral and cash management system use through January 31, 2011. *See* Docket Entry No. 1802. On September 30, 2010, the Court granted the extension. *See* Docket Entry No. 1899. On December 31, 2010, the Debtors another extension of cash collateral and cash management system use, which the Court granted through April 30, 2011. *See* Docket Entry Nos. 2519 and 2727.

Since the inception of the bankruptcy cases, the Debtors have been incurring post petition administrative claims between themselves. Reviewing the balance sheets appended to the Debtors' monthly operating reports indicates that Southpark LLC has incurred administrative claims owed to other Debtor affiliates in the amount of $2,642,514

---

[7] With respect to 760 S. Hill LLC, the August Cash Collateral Order conditioned the use of BofA's cash collateral upon: (1) "Base Adequate Protection" (defined as: (a) a replacement lien in postpetition cash collateral with the same force, effect, validity, and priority of the liens held by the creditor in or against its pre-petition real property collateral; (b) the Debtors payment of ordinary expenses for maintaining and preserving the real property collateral; and (c) the Debtors payment of real property taxes due and payable on or after November 1, 2009 owing to the County of Los Angeles on or before the date on which such taxes were due and payable without penalty); (2) cash payments of $20,000 per month; and (3) a junior replacement lien on the Southpark LLC property in an amount equal to the interest that has and will accrue at the default rate from August 1, 2009 through September 30, 2010. With respect to Southpark LLC, the August Cash Collateral Order conditioned the use of BofA's cash collateral upon Base Adequate Protection.

20699.0150\YANGJ\SWDMS\12928856    - 4 -

and that 760 S. Hill LLC has incurred administrative claims owed to other Debtor affiliates in the amount of $755,499.[8] It is not clear what these intercompany liabilities due to affiliates consist of, what their basis is, or whether they are valid claims. The Debtors must provide an accounting for these intercompany amounts to enable creditors to ascertain their basis and validity.

Concurrently with the ongoing cash collateral motion proceedings, the Debtors have filed several iterations of their plan of reorganization. In the most recent iteration of the Plan, the Debtors' proposed treatment of intercompany administrative claims is as follows:

> The Debtors' cash management system provides for funds to flow to and from a cash concentration account maintained by MMPLP. The concentration account is linked to the operating bank accounts of each of the Debtors, which bank accounts are maintained as zero balance accounts. When needed to fund payment on checks issued by a particular affiliate, funds are transferred from the concentration account to the operating account of that affiliate. Excess funds, if any, are invested in interest bearing accounts pending their utilization. The cash management system produces inter-Debtor accounts receivables and account payables. Transactions occurring after the Petition Date produce inter-Debtor Administrative Claims owed to MMPLP. As of July 31, 2010, the aggregate amount of the inter-Debtor Administrative Administrative Claims owed to MMPLP was approximately $2,662,265. MMPLP shall retain such Administrative Claims and all rights, interests, and obligations related thereto but, notwithstanding, MMPLP shall agree to subordinate its right to receive payment on account of such Administrative Claims until the Holders of Allowed Claims in Classes B and C have received the distributions they are entitled to receive under this Plan. MMPLP shall not consent to subordinate its right to receive payment on account of such Administrative Claims under any plan proposed by a party other than the Debtors.[9]

Although the Debtors' Plan represents that there are approximately $2.6 Million in post petition administrative claims owed to MMPLP as of July 2010, this information seems at odds with the information gleaned from the Debtors' monthly operating reports,

---

[8] Copies of the relevant pages from the Debtors' monthly operating reports are attached to the concurrently filed request for judicial notice.
[9] Third Modified Fourth Amended Plan, docket entry no. 2899-1, page 48: 7-21.

20699.0150\YANGJ\SWDMS\12928856 - 5 -

1 which indicates that Southpark LLC and 760 S. Hill LLC have incurred approximately 2 $3.4 Million in post petition administrative liability to their affiliated entities. The 3 Debtors must reconcile these amounts and explain which entities are owed post petition 4 administrative claims and in what amounts. Additionally, there is no indication of what 5 happens to these post petition administrative claims and how they are accounted for in the 6 event one or more of the Debtors is unable to confirm a plan or reorganization. Now that 7 the plan confirmations are in their final stages, it is imperative that the Debtors explain 8 what happens in this event.

9 The Debtors' instant motion requests that use of cash collateral through July 31, 10 2011. *See* Docket Entry No. 2958. For the foregoing reasons, BofA respectfully requests 11 that the Court prohibit the Debtors' continued use of cash collateral, or condition the 12 Debtors' continued used of cash collateral on providing the creditors' whose cash 13 collateral is being used with detailed intercompany accounting information explaining the 14 flow of intercompany receivables and payables.[10]

## II.   LEGAL ARGUMENT

16 The Court should decline to grant the Debtors' Extended Cash Collateral Motion or 17 at a minimum condition the grant of the Extended Cash Collateral Motion on the Debtors' 18 provision of intercompany accounting to explain to the creditors whose cash collateral has 19 been used the flow of funds between the different entities. The Debtors premised their 20 cash collateral and cash management motions on: (1) the cash collateral creditors being 21 oversecured; and (2) the supposed benefits and cost savings of their cash management 22 system. Now that the plan confirmation proceedings are nearly complete, it is unclear: (1) 23 what amounts the Debtors owe each other in post petition administrative claims; (2) the 24 basis and validity of those claims; and (3) the treatment of those claims in the event some 25 Debtors do not confirm plans of reorganization. The Debtors must provide the 26 explanations to these questions before being permitted to continue using the cash

---

[10] A detailed description of the pertinent loan documents and accompanying materials can be found in BofA's *Opposition to Debtors' Emergency Motion for An Order Authorizing the Use of Cash Collateral on an Interim Basis Pending a Final Hearing*, at Docket Entry No. 91.

20699.0150\YANGJ\SWDMS\12928856                              - 6 -

collateral in which their creditors have interests.

### A. The Debtors Must Provide an Accounting of Intercompany Payables and Receivables.

Since the petition date, the two Debtors of which BofA is a secured creditor, 760 S. Hill Street, LLC and Southpark LLC, have incurred additional post petition administrative claims to other Debtor entities in an amount over $3,000,000. The Debtors' consolidated financial statements contained in their monthly operating reports indicates that over the course of these bankruptcy cases, Southpark LLC and 760 S. Hill LLC have incurred additional debt to other MMPI affiliates. Analyzing the figures from their monthly operating reports and comparing the line item titled "Due to Affiliates, Net" indicates that 760 s. Hill LLC and Southpark LLC have incurred nearly $3.4 Million in post petition administrative expenses owed to their affiliates:[11]

Southpark LLC

| | |
|---|---|
| Due to Affiliates March 31, 2009 | $37,918,124 |
| Due to Affiliates February 28, 2011 | $40,560,368 |
| Post Petition Administrative Claim | $2,642,514 |

760 S. Hill LLC

| | |
|---|---|
| Due to Affiliates March 31, 2009 | $25,635,045 |
| Due to Affiliates February 28, 2011 | $26,390,544 |
| Post Petition Administrative Claim | $   755,499 |

It is not clear why or how Southpark LLC and 760 S. Hill LLC have incurred approximately $3.4 Million in post petition administrative liabilities to their affiliated entities or how the Debtors have arrived at these figures. Moreover, these figures appear to be at odds with the Debtors' representations in their Plan that only MMPLP has a post petition intercompany administrative claim in the approximate amount of $2.6 Million as of July 2010. The Debtors must provide intercompany accountings to enable their

---

[11] Copies of the relevant pages from the Debtors' monthly operating reports are attached to the concurrently filed request for judicial notice.

20699.0150\YANGJ\SWDMS\12928856         - 7 -

creditors to ascertain the basis and validity of these intercompany claims. The Debtors have maintained throughout the course of these proceedings that their consolidated cash management system offers several benefits and is streamlined and efficient. However, it is not clear how the Debtors are conducting their intercompany accounting and it is somewhat difficult for the Debtors' creditors to see how their cash collateral is being spent in these proceedings. The Debtors should be required to provide intercompany accounting information as a condition to the continued use of cash collateral.

### B. The Debtors Must Explain the Treatment of Post Petition Administrative Claims in the Event One or More Debtors Fail to Confirm Plans of Reorganization

The Debtors have indicated in their Plan that MMPLP is only holder of inter-Debtor administrative claims and that MMPLP will subordinate the payment of its administrative claim until other classes of claims have been paid. Not only must the Debtors reconcile the inter-Debtor administrative claim amounts (given that Southpark LLC and 760 S. Hill LLC appear to have incurred more administrative liabilities then the $2.6 Million referenced in the Plan), but the Debtors should specify which amounts are owed to MMPLP by the different Debtor entities and explain what happens in the event that one or more of the different Debtor entities fails to confirm a plan of reorganization. It is not clear how the failure of one or more Debtors to confirm a plan affects the feasibility of the Plan or whether MMPLP will still agree to subordinate its administrative claim with respect to a Debtor that fails to confirm a plan. Given that the plan confirmation proceedings are in their final stages, the Debtors must properly account for their administrative claims and their treatment at this juncture.

### III. CONCLUSION

Although the Debtors have been using cash collateral and using their consolidated cash management system for over two years, it is not clear how the Debtors are accounting for their intercompany payables and receivables. The amount of the post petition administrative claims incurred by the different Debtor entities is also unclear, as

are the basis and validity of those claims. Furthermore, the Debtors have failed to explain the treatment of these administrative claims in the event one or more Debtors fail to confirm a plan of reorganization. At this juncture in the confirmation process, at a minimum, the Debtors should be required to provide intercompany accounting information as a prerequisite to the continued use of cash collateral and the continued use of their cash management system.

Dated: April 14, 2011    SNELL & WILMER L.L.P.

By: /s/ Jasmin Yang
Donald L. Gaffney
Eric S. Pezold
Jasmin Yang
Attorneys for Bank of America, N.A.

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

20699.0150\YANGJ\SWDMS\12928856    - 9 -

| | |
|---|---|
| In re: MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtor(s). | CHAPTER 11<br>CASE NUMBER - 1:09-bk-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 350 South Grand Avenue, Suite 2600, Los Angeles, California 90071. The foregoing documents described as: **BANK OF AMERICA N.A.'S OPPOSITION TO DEBTOR'S MOTION FOR ORDER EXTENDING AUTHORITY FOR THE USE OF CASH COLLATERAL AND TO MAINTAIN CASH MANAGEMENT SYSTEM THROUGH JULY 31, 2011**, will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 14, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL, PERSONAL DELIVERY, OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **April 14, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

The Honorable Victoria Kaufman
United States Bankruptcy Court - Warner Center
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367-6609
(via Federal Express)

☒ Service information continued on attached page

**III. SERVED BY FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 14, 2011 | Digna B. Anonas | /s/ Digna B. Anonas |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

20699.0150\YANGJ\SWDMS\12928856        - 1 -

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Michael C Abel    mca@dgdk.com
- Robert Abiri    rabiri@abiriszeto.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Christopher J Bagnaschi    cb@cjblaw.com
- John J Bingham    jbingham@dgdk.com
- William C Bollard    eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante    peterbonfante@bsalawfirm.com
- Erin N Brady    enbrady@jonesday.com
- Julia W Brand    JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun    jennifer.l.braun@usdoj.gov
- Martin J Brill    mjb@lnbrb.com
- Andrew W Caine    acaine@pszyjw.com
- Howard Camhi    hcamhi@ecjlaw.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg    jcarlberg@boselaw.com
- Sara Chenetz    chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi    jchoi@swjlaw.com
- Carol Chow    CChow@Stutman.com
- Cynthia M Cohen    cynthiacohen@paulhastings.com
- Ronald R Cohn    rcohn@horganrosen.com
- Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa    mcorrea@jonesday.com
- Emily R Culler    eculler@stutman.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis    sdavis@coxcastle.com
- Aaron De Leest    aed@dgdk.com
- Daniel Denny    ddenny@gibsondunn.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Marina Fineman    mfineman@stutman.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney    dgaffney@swlaw.com
- Thomas M Geher    tmg@jmbm.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser    bglaser@swjlaw.com
- Gabriel I Glazer    gglazer@stutman.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    egoldberg@stutman.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham    jag@jmbm.com
- Ofer M Grossman    omglaw@gmail.com
- Jodie M Grotins    jgrotins@mcguirewoods.com
- Peter J Gurfein    pgurfein@lgbfirm.com
- Cara J Hagan    carahagan@haganlaw.org
- Asa S Hami    ahami@sulmeyerlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling    rhessling@dgdk.com

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

- William W Huckins     whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich     ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer     wkiekhofer@mcguirewoods.com
- Andrew F Kim     akim@mrllp.com
- Michael S Kogan     mkogan@ecjlaw.com
- Tamar Kouyoumjian     tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau     lew@landaunet.com
- Dare Law     dare.law@usdoj.gov
- Leib M Lerner     leib.lerner@alston.com
- Matthew A Lesnick     matt@lesnicklaw.com
- David E Leta     dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien     katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon     slinkon@rcolegal.com
- Robert M Llewellyn     michael.llewellyn@boe.ca.gov
- Richard Malatt     rmalatt@gmail.com
- Elmer D Martin     elmermartin@gmail.com
- Elissa Miller     emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar     amuhtar@sulmeyerlaw.com
- Iain A W Nasatir     inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan     jnolan@pszjlaw.com
- Henry H Oh     henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman     lpeitzman@pwkllp.com
- Eric S Pezold     epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince     cprince@lesnickprince.com
- Michael H Raichelson     mhr@cabkattorney.com
- Dean G Rallis Jr     drallis@sulmeyerlaw.com
- Kurt Ramlo     kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED -     cmr@lnbrb.com
- Daniel H Reiss     dhr@lnbyb.com
- Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards     jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley     tgarza@sierrafunds.com
- Martha E Romero     Romero@mromerolawfirm.com
- Victor A Sahn     vsahn@sulmeyerlaw.com
- Steven J Schwartz     sschwartz@dgdk.com
- Kenneth J Shaffer     jshaffer@stutman.com
- Zev Shechtman     zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano     dshemano@pwkllp.com
- Jeffrey S Shinbrot     jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu     sshiu@swlaw.com
- Lori Sinanyan     lsinanyan@jonesday.com
- Daniel H Slate     dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni     surjit@sonilaw.com, teresa@sonilaw.com
- Bennett L Spiegel     blspiegel@jonesday.com
- Tracie L Spies     tracie@haganlaw.org
- James Stang     jstang@pszjlaw.com
- Catherine Steege     csteege@jenner.com
- Derrick Talerico     dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford     jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer     dthayer@jenner.com
- James A Timko     jtimko@allenmatkins.com
- Alan G Tippie     atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

20699.0150\YANGJ\SWDMS\12928856

- 3 -

- Rouben Varozian     rvarozian@bzlegal.com
- Jason L Weisberg    jason@gdclawyers.com
- William E Winfield  wwinfield@nchc.com
- Jasmin Yang    jyang@swlaw.com
- Aleksandra Zimonjic    azimonjic@lgbfirm.com, kmoss@lgbfirm.com

## II. **TO BE SERVED BY U.S. MAIL:**

Michael Abramson
8918 W Pico Blvd No. 120
Los Angeles, CA 90035

Mel Aranoff
23975 Pk Sorrento
Ste 200
Calabasas, CA 91302

Larry C Baron
Landegger, Baron, Lavenant & Ingber
15760 Ventura Blvd Ste 1200
Encino, CA 91436

David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Debt Acquisition Company of America V, LLC
1565 Hotel Circle South
Suite 310
San Diego, CA 92108

Arthur J Hazarabedian
California Eminent Domain Law Group
3429 Ocean View Blvd Ste L
Glendale, CA 91208

Jenner & Block LLP
Jenner & Block LLP
633 West 5th Street
Suite 3500
Los Angeles, CA 90071

Kibel Green Inc
2001 Wilshire Blvd Suite 420
Santa Monica, CA 90403

Michael L Marx
Jenkins Goodman Neuman & Hamilton
417 Montgomery St 10th Fl
San Francisco, CA 94104

Ronald Orr
Ronald Orr & Professionals, Inc.
578 Washington Blvd., #389
Marina Del Rey, CA 90292

Michael Portner
Portner Law Offices
900 Wilshire Blvd Ste 1115
Los Angeles, CA 90017

Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024

20699.0150\YANGJ\SWDMS\12928856         - 4 -

| | |
|---|---|
| 1 | |
| 2 | Georgiana G. Rodiger |
|   | Rodiger Law Office |
| 3 | 272 South Los Robles Avenue |
|   | Pasadena, CA 91101 |
| 4 | |
| 5 | SCS Flooring Systems |
|   | C/O Raymond Myer Esq |
| 6 | 1220 1/2 State St |
|   | Santa Barbara, CA 93101 |
| 7 | |
| 8 | Patrick J Stark |
|   | Ford Walker Haggerty & Behar |
| 9 | 1 World Trade Ctr 27th Fl |
|   | Long Beach, CA 90831 |
| 10 | |
| 11 | Larry E Wasserman |
|    | Law Offices of Larry E Wasserman |
| 12 | 12925 Riverside Dr |
|    | 2nd fl |
| 13 | Sherman Oaks, CA 91423 |
| 14 | Office of the United States Trustee |
|    | Attn: Jennifer L. Braun Esq. |
| 15 | 21051 Warner Center Lane, Suite 115 |
|    | Woodland Hills, CA 91367 |
| 16 | John N. Tedford IV, Esq. |
| 17 | Danning, Gill, Diamond & Kollitz LLP |
|    | 2029 Century Park East, Third Floor |
| 18 | Los Angeles, CA 90067 |
| 19 | Dean G. Rallis Esq. |
|    | Sulmeyer Kupetz |
| 20 | 333 South Hope Street, 35th Floor |
|    | Los Angeles, CA 90071 |
| 21 | Jenner & Block |
|    | Mark B. Hankin |
| 22 | 919 Third Avenue |
|    | New York, NY 10022-3908 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Snell & Wilmer
L.L.P.
LAW OFFICES
350 South Grand Avenue, Suite 2600, Two California Plaza
Los Angeles, California 90071
(213) 929-2500

20699.0150\YANGJ\SWDMS\12928856           - 5 -