GARY E. KLAUSNER (State Bar No. 69077)
MARINA FINEMAN (State Bar No. 193065)
ANTHONY ARNOLD (State Bar No. 251973), Members of
STUTMAN, TREISTER & GLATT
PROFESSIONAL CORPORATION
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067-6013
gklausner@stutman.com
mfineman@stutman.com
aarnold@stutman.com
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

Special Reorganization Counsel for
Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtors and Debtors in Possession<br><br>☒ Affects all Debtors<br>☐ Affects the following Debtor(s): | Case No.: 1:09-bk-13356-VK<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**DEBTORS' STATEMENT REGARDING TIMING OF EFFECTIVE DATE**<br><br>Hearing Date: Status Conference<br>                April 26, 2011<br>Time:      2:30 p.m.<br>Place:     Courtroom 301<br>               21041 Burbank Blvd.,<br>               Woodland Hills, California |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities (the "Cases"). The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

549897v2

1

Meruelo Maddux Properties, Inc., et al. submits the following Debtor's Statement Regarding Timing of Effective Date.

### **TIMING OF EFFECTIVE DATE**

During a hearing which took place on April 8, 2011 at 10:30 a.m., the Court inquired of Debtors' counsel as to whether there was a particular deadline, or time period after which the Debtors' cash position might erode to a point where the implementation of the Debtors' Plans of Reorganization ("Plan") may be in jeopardy. Counsel advised the Court that the Debtors would submit a statement to the Court in response to this inquiry.

The Debtors, after reviewing their existing cash position and making certain assumptions with regard to anticipated revenues, expenses and payments which become due on June 1, 2011, and payments which will need to be funded as of the Effective Date, have concluded that, unless the Debtors' Plan becomes effective on or before May 31, 2011, the Debtors will have a diminished capacity to have adequate cash reserved for the first year of the Plan.

There are two principal targets that the Debtors need to meet from a timing standpoint. First, the Debtors have to have sufficient cash to meet all of their Effective date obligations and second, the Debtors need to have sufficient working capital, i.e., cash on hand to operate their business. Delays in the Effective Date affect both of these targets in the following ways. First, the Effective Date payments and disbursements continue to increase as professional fees incurred both by estate professionals and by certain secured creditors continue to accrue. Second, pending the Effective Date of the Plan the Debtors are either paying or incurring interest rates at a higher rate than will be paid following the Effective Date. Third, because the Debtors are currently operating cash flow negative, the amount of cash that will be on hand as of the Effective Date to be used for working capital is diminishing.

FTI, the Debtors' financial consultants, have advised the Debtors that it would be prudent for the Debtors to have working capital as of the Effective Date equivalent to approximately one year's anticipated operating deficit. The Debtors had projected an operating deficit of approximately $17 million for its first post Effective Date year. Accordingly, based on FTI's recommendation, the Debtors should have approximately $17 million of working capital when the

Plan goes effective. However, because of the delays in the Effective Date and because of the increase in both professional fees and interest costs, the Debtors now anticipate that if the Plan were to go effective on May 31, 2011, the working capital would only be approximately $15 million. While that amount is sufficient from a feasibility standpoint, any continued delay will result in a reduction of available working capital as of the Effective Date and the Debtors believe that delays beyond May 31, 2011 will leave them with an inadequate amount of cash reserves.

The Debtors' Plan provides for a $15.0 million loan from Watermark to be funded as of the Effective Date. Without that $15.0 million loan, the Debtors estimate that their cash position on May 31, 2011 will be approximately $3.6 million (excluding funds from 845 S. Flower), before deducting professional fees which are accruing but not being paid current by the estates. The accrued and unpaid professional fees as of May 31, 2011 are estimated to be $7.1 million assuming $1.0 million in yet to be billed professional fees for April and May 2011. Therefore, after deducting professional fees, the Debtors estimate that their cash position on May 31, 2011 will be a negative $3.5 million (excluding funds from 845 S. Flower).

Funds from 845 S. Flower currently total $5.2 million before deducting the yet to be quantified professional fees of $1.0 - $2.0 million. Therefore, the Debtors believe that there will be approximately $3.2 to 4.2 million in available funds from 845 S. Flower. Assuming that these funds will be made available to the MMPI estates, the Debtors believe that their cash position on May 31, 2011, after deducting professional fees, will range from negative $0.3 million to positive $0.7 million.

If the Watermarke loan is made to the Debtors on or before May 31, 2011, the Debtors will have sufficient cash on hand (a total of approximately $14.7 to $15.7 million, including funds anticipated to be available from 845 S. Flower and after deducting estimated professional fees) to meet all anticipated ordinary course payments which will come due on or about June 1, 2011, as well as all anticipated Effective Date expenses and payments to be made under the Debtors' Plan. Thus, it is necessary that the Debtors' Plan go effective no later than May 31, 2011 in order for the Debtors to obtain the $15.0 million from Watermarke, which is essential for the implementation of the Debtors' Plan, to enable the Debtors to meet Effective Date obligations and operating expenses

549897v2

1 due during the first year of the Plan.  Each month of delay costs the estate (i) the interest carry of

2 $650,000 per month, (ii) ongoing legal costs which could be estimated at $1.0 million per month and

3 (iii) accrued interest on non-settling secured creditors in excess of $1.0 million per month, and

4 erodes approximately 2 months of working capital.

5        Attached hereto as Exhibit A is a chart depicting the Debtors' anticipated cash flow

6 and cash on hand for the period ending May 31, 2011.

7        The Debtors' Plan defines Effective Date as the 15th day "after the Confirmation

8 Order in a form satisfactory to the Debtors shall become a Final Order."  However, the Plan also

9 provides that the Debtors can waive this condition; therefore the Plan can go effective as soon as the

10 Bankruptcy Rule 3020(e) stay is no longer in effect.  Accordingly, in the event that the Court were to

11 confirm the Debtors' Plan on or before Friday, May 13, 2011, the Debtors believe that there would

12 be sufficient time for their Plan to go effective as of May 31, 2011.  Alternatively, the Debtors

13 believe that there would be sufficient time for their Plan to go effective as of May 31, 2011 if the

14 Court were to enter its order on or before May 23, 2011 and the order expressly waives the 14-day

15 stay otherwise provided for by Rule 3020(c).

16

17 Date:  April 19, 2011        */s/ Marina Fineman*

18        GARY E. KLAUSNER, MARINA FINEMAN,
and ANTHONY ARNOLD

19        Members of STUTMAN, TREISTER & GLATT, P.C.
Special Reorganization Counsel for Debtors and

20        Debtors in Possession

549897v2

4

# Exhibit A

| | |
|---|---:|
| From | 3/28/11 |
| To | 5/30/11 |
| Days | 63 |
| CASH START | 7,067,948 |
| Property NOI | 900,000 |
| Property Sale | 900,000 |
| Payroll | 860,000 |
| Loan Payments | 983,672 |
| Adequate Protection | 304,042 |
| Property Tax | 2,457,530 |
| Stutman Treister Glatt | 178,347 |
| DGDK | 47,817 |
| FTI | 69,553 |
| E & Y | 25,024 |
| Sulmeyer Kupitz | 35,297 |
| Jenner & Block | 106,445 |
| Christy Rodiger | 32,297 |
| Ron Orr | 10,920 |
| Kibel Green | 14,560 |
| KCC | 101,778 |
| CASH END | 3,640,666 |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1901 Avenue of the Stars, 12th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document described as **DEBTORS' STATEMENT REGARDING TIMING OF EFFECTIVE DATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *April 19, 2011*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mca@dgdk.com

Robert Abiri on behalf of Interested Party Courtesy NEF
rabiri@abiriszeto.com

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Christopher J Bagnaschi on behalf of Defendant Richard Meruelo
cb@cjblaw.com

John J Bingham on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
jbingham@dgdk.com

William C Bollard on behalf of Creditor Victory Outreach La Puente, Inc.
eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com

Peter Bonfante on behalf of Interested Party Courtesy NEF
peterbonfante@bsalawfirm.com

Erin N Brady on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
enbrady@jonesday.com

Julia W Brand on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Martin J Brill on behalf of Interested Party Courtesy NEF
mjb@lnbrb.com

Andrew W Caine on behalf of Creditor Legendary Investors Group No. 1, LLC
acaine@pszyjw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

550185v1

**F 9013-3.1.PROOF.SERVICE**

Howard Camhi on behalf of Creditor Kennedy Funding, Inc.
hcamhi@ecjlaw.com

Gary O Caris on behalf of Interested Party EDI Architecture
gcaris@mckennalong.com, pcoates@mckennalong.com

James E Carlberg on behalf of Creditor Woodland Farms, Inc.
jcarlberg@boselaw.com

Sara Chenetz on behalf of Creditor Imperial Capital Bank
chenetz@blankrome.com, chang@blankrome.com

Jacquelyn H Choi on behalf of Interested Party Courtesy NEF
jchoi@swjlaw.com

Carol Chow on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
CChow@Stutman.com

Cynthia M Cohen on behalf of Interested Party Courtesy NEF
cynthiacohen@paulhastings.com

Ronald R Cohn on behalf of Creditor Pacific Commerce Bank
rcohn@horganrosen.com

Enid M Colson on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
emc@dgdk.com, ecolson@dgdk.com

Michaeline H Correa on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
mcorrea@jonesday.com

Emily R Culler on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
eculler@stutman.com

Ana Damonte on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
ana.damonte@pillsburylaw.com

Brian L Davidoff on behalf of Creditor Yoshiake Murakami
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Susan S Davis on behalf of Creditor Cox, Castle & Nicholson LLP
sdavis@coxcastle.com

Aaron De Leest on behalf of Debtor Merco Group - 2040 Camfield Avenue, LLC, a DE LLC
aed@dgdk.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Jeffrey W Dulberg on behalf of Creditor Legendary Investors Group No. 1, LLC
jdulberg@pszjlaw.com

Marina Fineman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mfineman@stutman.com

Michael G Fletcher on behalf of Creditor Cathay Bank

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

550185v1

**F 9013-3.1.PROOF.SERVICE**

mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Barry V Freeman on behalf of Interested Party Courtesy NEF
bvf@jmbm.com, bvf@jmbm.com

Donald L Gaffney on behalf of Creditor BANK OF AMERICA
dgaffney@swlaw.com

Thomas M Geher on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
tmg@jmbm.com

Bernard R Given on behalf of Creditor Cathay Bank
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor County of Los Angeles Tax Collector
bglaser@swjlaw.com

Gabriel I Glazer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
gglazer@stutman.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Eric D Goldberg on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
egoldberg@stutman.com

Michael J Gomez on behalf of Creditor Cathay Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

Michael I Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com

John A Graham on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc.
jag@jmbm.com

Ofer M Grossman on behalf of Interested Party Courtesy NEF
omglaw@gmail.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
pgurfein@lgbfirm.com

Cara J Hagan on behalf of Creditor PNL Pomona, L.P.
carahagan@haganlaw.org

Asa S Hami on behalf of Creditor Committee Creditors Committee
ahami@sulmeyerlaw.com

Brian T Harvey on behalf of Creditor California Bank & Trust
bharvey@buchalter.com, IFS_filing@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
550185v1

**F 9013-3.1.PROOF.SERVICE**

Robert A Hessling on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
rhessling@dgdk.com

William W Huckins on behalf of Interested Party Courtesy NEF
whuckins@allenmatkins.com, clynch@allenmatkins.com

Lance N Jurich on behalf of Creditor CanPartners Realty Holding Company IV, LLC
ljurich@loeb.com, kpresson@loeb.com

William H. Kiekhofer on behalf of Creditor Esmark, Inc.
wkiekhofer@mcguirewoods.com

Andrew F Kim on behalf of Creditor Imperial Capital Bank
akim@mrllp.com

Michael S Kogan on behalf of Creditor Kennedy Funding, Inc.
mkogan@ecjlaw.com

Tamar Kouyoumjian on behalf of Creditor Committee Creditors Committee
tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Lewis R Landau on behalf of Creditor Committee Creditors Committee
lew@landaunet.com

Dare Law on behalf of U.S. Trustee United States Trustee (SV)
dare.law@usdoj.gov

Leib M Lerner on behalf of Auditor Ernst & Young LLP
leib.lerner@alston.com

Matthew A Lesnick on behalf of Stockholder Charlestown Capital Advisors, LLC
matt@lesnicklaw.com

David E Leta on behalf of Creditor FNBN-CMLCOM I LLC
dleta@swlaw.com, wsmart@swlaw.com

Katherine Lien on behalf of Interested Party Courtesy NEF
katie.lien@sbcglobal.net, katielien@gmail.com

Steven K Linkon on behalf of Creditor Chinatrust Bank (USA)
slinkon@rcolegal.com

Robert M Llewellyn on behalf of Creditor California State Board Of Equalization
michael.llewellyn@boe.ca.gov

Richard Malatt on behalf of Interested Party Courtesy NEF
rmalatt@gmail.com

Elmer D Martin on behalf of Creditor East West Bank
elmermartin@gmail.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Avi Muhtar on behalf of Creditor Committee Official Committee of Unsecured Creditors
amuhtar@sulmeyerlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
550185v1

Iain A W Nasatir on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Jeffrey P Nolan on behalf of Creditor Legendary Investors Group No. 1, LLC
jnolan@pszjlaw.com

Henry H Oh on behalf of Defendant Meruelo Maddux Properties Inc a DE Corp
henry.oh@dlapiper.com, janet.curley@dlapiper.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Eric S Pezold on behalf of Creditor BANK OF AMERICA
epezold@swlaw.com, dwlewis@swlaw.com

Christopher E Prince on behalf of Stockholder Charlestown Capital Advisors, LLC
cprince@lesnickprince.com

Michael H Raichelson on behalf of Creditor Stanford Group LP
mhr@cabkattorney.com

Dean G Rallis Jr on behalf of Attorney SulmeyerKupetz, a Professional Corporation
drallis@sulmeyerlaw.com

Kurt Ramlo on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Interested Party Courtesy NEF
cmr@lnbrb.com

Daniel H Reiss on behalf of Interested Party Richard Meruelo
dhr@lnbyb.com

Michael B Reynolds on behalf of Creditor FNBN-CMLCON I LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Jeremy V Richards on behalf of Creditor East West Bank
jrichards@pszjlaw.com, bdassa@pszjlaw.com

James S Riley on behalf of Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Victor A Sahn on behalf of Creditor Committee Creditors Committee
vsahn@sulmeyerlaw.com

Steven J Schwartz on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
sschwartz@dgdk.com

Kenneth J Shaffer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
jshaffer@stutman.com

Zev Shechtman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

550185v1

**F 9013-3.1.PROOF.SERVICE**

zshechtman@dgdk.com, danninggill@gmail.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Jeffrey S Shinbrot on behalf of Creditor The Union Restaurant and Lounge, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Stephen Shiu on behalf of Creditor FNBN-CMLCOM I LLC
sshiu@swlaw.com

Lori Sinanyan on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
lsinanyan@jonesday.com

Daniel H Slate on behalf of Creditor California Bank & Trust
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Surjit P Soni on behalf of Creditor Legendary Investors Group No. 1, LLC
surjit@sonilaw.com, teresa@sonilaw.com

Bennett L Spiegel on behalf of Plaintiff East West Bancorp, Inc.
blspiegel@jonesday.com

Tracie L Spies on behalf of Creditor PNL Pomona, L.P.
tracie@haganlaw.org

James Stang on behalf of Creditor East West Bank
jstang@pszjlaw.com

Catherine Steege on behalf of Creditor Committee Official Committee of Equity Holders
csteege@jenner.com

Derrick Talerico on behalf of Creditor CanPartners Realty Holding Company IV, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

John N Tedford on behalf of Attorney Danning Gill Diamond & Kollitz LLP
jtedford@dgdk.com, DanningGill@Gmail.com

Damon Thayer on behalf of Interested Party Courtesy NEF
dthayer@jenner.com

James A Timko on behalf of Interested Party Courtesy NEF
jtimko@allenmatkins.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Rouben Varozian on behalf of Creditor Vahan Chamlian
rvarozian@bzlegal.com

Jason L Weisberg on behalf of Creditor Roofcorp of CA Inc
jason@gdclawyers.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

550185v1

**F 9013-3.1.PROOF.SERVICE**

William E Winfield on behalf of Creditor Committee Creditors Committee
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor BANK OF AMERICA
jyang@swlaw.com

Aleksandra Zimonjic on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
azimonjic@lgbfirm.com, kmoss@lgbfirm.com    ☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***April 19, 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Personal Delivery**
Hon. Victoria Kaufman
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 354
Woodland Hills, CA  91367

**Via Email:**
Ronald S. Orr:  ronorresq@aol.com (Attorneys for Equity Committee)
Georgiana G. Rodiger:  crodiger@rodigerlaw.com (Attorneys for Equity Committee)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 19, 2011 | Kendra A. Johnson | /s/ Kendra A. Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**
550185v1