1  JOHN N. TEDFORD, IV. (State Bar No. 205537)
   *JTedford@dgdk.com*
2  ENID M. COLSON (State Bar No. 189912)
   *EColson@DGDK.com*
3  MICHAEL C. ABEL (State Bar No. 187743)
   *MAbel@DGDK.com*
4  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
5  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
6  Facsimile:  (310) 277-5735

7  GARY E. KLAUSNER (State Bar No. 69077)
   *GKlausner@Stutman.com*
8  STUTMAN, TREISTER & GLATT
   PROFESSIONAL CORPORATION
9  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA  90067-6013
10 Telephone:  (310) 228-5600
   Facsimile: (310) 228-5788

11
   Attorneys for Meruelo Maddux Properties, Inc.,
12 and affiliated Debtors and Debtors-in-Possession

13              **UNITED STATES BANKRUPTCY COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15              **SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| 16  In re | ) Case No. 1:09-bk-13356-VK |
| 17  MERUELO MADDUX PROPERTIES, INC., et al. | ) Chapter 11 (Jointly Administered) |
| 18              Debtors and Debtors-in-Possession. | ) **JOINT PLAN OF REORGANIZATION OF MERUELO MADDUX PROPERTIES, INC., ET AL., DATED MAY 3, 2011** |
| 19 | ) |
| 20 _____ | ) **Plan Confirmation Hearing** |
| 21  ☑  Affects all Jointly Administered Debtors | ) Date:    January 27, 2011 Time:   9:30 a.m. |
| 22  ☐  Affects the following Debtor(s): | ) Place:  Courtroom 301 21041 Burbank Blvd. |
| 23 | ) Woodland Hills, California |
| 24 | ) |
| 25 | ) |
| 26 _____ | ) |
| 27 | ) |

28

368887.02 [XP]      25195

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 2

II.  DEFINITION OF TERMS AND RULES OF INTERPRETATION ................... 3

    A.   DEFINITION OF TERMS ......................................................... 3

    B.   INTERPRETATION OF TERMS AND COMPUTATION OF TIME ............... 21

        1.   Defined Terms ............................................................. 21

        2.   Rules of Interpretation ......................................... 21

        3.   Time Periods ............................................................. 22

III. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ................. 22

    A.   SUMMARY OF CLAIMS AND INTERESTS AGAINST EACH DEBTOR ........................................................ 22

    B.   GENERAL PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS ........................................................ 37

        1.   Unclassified Claims (Applicable to all of the Debtors) .......................... 37

        2.   Common Class Treatments For Classified Claims ...................... 46

    C.   TREATMENT OF CLASSIFIED CLAIMS AGAINST AND INTERESTS AGAINST EACH OF THE DEBTORS ....................... 51

        1.   Claims Against And Interests In MMPI ...................... 51

        2.   Claims Against And Interests In MMPLP .................... 54

        3.   Claims Against And Interests In MMP Ventures ...................... 55

        4.   Claims Against And Interests In MM Construction ...................... 55

        5.   Claims Against And Interests In MM Management .................... 56

        6.   Claims Against And Interests In MM 555 Central Avenue ...................... 57

        7.   Claims Against And Interests In MG Overland Terminal .................... 57

        8.   Claims Against And Interests In National Cold Storage .................... 57

        9.   Claims Against And Interests In Wall Street Market ...................... 58

        10.  Claims Against And Interests In MMP 1009 N. Citrus .................... 58

        11.  Claims Against And Interests In MM 230 W. Avenue 26 ...................... 59

-i-

## TABLE OF CONTENTS (cont.)

**Page**

12.   Claims Against And Interests In MMP 306-330 N. Avenue 21 ............... 60

13.   Claims Against And Interests In MM 817-825 S. Hill Street .................... 61

14.   Claims Against And Interests In MM 1000 E. Cesar Chavez ................... 61

15.   Claims Against And Interests In MMP 1060 N. Vignes ........................... 62

16.   Claims Against And Interests In MM 2415 E. Washington Boulevard ................................................................................................... 63

17.   Claims Against And Interests In MM 5500 Flotilla Street ........................ 63

18.   Claims Against And Interests In MMP 12385 San Fernando Road ...................................................................................................... 64

19.   Claims Against And Interests In MG 146 E. Front Street ........................ 65

20.   Claims Against And Interests In MG 801 E. 7th Street ........................... 65

21.   Claims Against And Interests In MG 1211 E. Washington Boulevard ................................................................................................... 66

22.   Claims Against And Interests In MG 1308 S. Orchard ........................... 67

23.   Claims Against And Interests In MG 2040 Camfield Avenue ................. 68

24.   Claims Against And Interests In MG Ceres Street Produce ..................... 68

25.   Claims Against And Interests In MBP ..................................................... 69

26.   Claims Against And Interests In Santa Fe & Washington Market ................................................................................................... 69

27.   Claims Against And Interests In MG 5707 S. Alameda ........................... 70

28.   Claims Against And Interests In MM 3rd and Omar Street ..................... 71

29.   Claims Against And Interests In MM 336 W. 11th Street ........................ 72

30.   Claims Against And Interests In MM 420 Boyd Street ............................ 74

31.   Claims Against And Interests In MM 500 Mateo Street ........................... 75

32.   Claims Against And Interests In MMP 760 S. Hill Street ........................ 75

33.   Claims Against And Interests In 788 S. Alameda .................................... 78

34.   Claims Against And Interests In 905 8th Street ....................................... 79

35.   Claims Against And Interests In MM 915-949 S. Hill Street ................... 80

-ii-

**TABLE OF CONTENTS (cont.)**

**Page**

36. Claims Against And Interests In Alameda Produce Market ...................... 81

37. Claims Against And Interests In MG 1500 Griffith Avenue .................... 84

38. Claims Against And Interests In MMP 1919 Vineburn Street ................. 85

39. Claims Against And Interests In MMP 2131 Humboldt Street ................ 86

40. Claims Against And Interests In MG 2529 Santa Fe Avenue ................... 87

41. Claims Against And Interests In 2640 Washington Boulevard ................ 88

42. Claims Against And Interests In MMP 2951 Lenwood Road ................... 90

43. Claims Against And Interests In MG 3185 E. Washington Boulevard ...................................................................................... 91

44. Claims Against And Interests In MG 4th Street Center ............................ 93

45. Claims Against And Interests In MG 425 W. 11th Street ........................ 94

46. Claims Against And Interests In MG - 620 S. Gladys Avenue ................ 95

47. Claims Against And Interests In MG 2001-2021 W. Mission Boulevard ...................................................................................... 96

48. Claims Against And Interests In MG Little J ............................................ 98

49. Claims Against And Interests In MG – Southpark .................................. 99

50. Claims Against And Interests In Merco Group ...................................... 101

51. Claims Against And Interests In Meruelo Farms .................................... 102

52. Claims Against And Interests In Meruelo Wall Street ........................... 103

53. Claims Against And Interests In MM Mission Boulevard ..................... 105

54. Claims Against And Interests In Santa Fe Commerce ........................... 106

IV.   MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN .................. 108

A.   OVERVIEW OF PLAN IMPLEMENTATION .................................................. 108

B.   VESTING OF ASSETS .................................................................................. 108

C.   REORGANIZED DEBTORS' BUSINESS OPERATIONS .............................. 108

D.   SALE AND/OR REFINANCE OF ASSETS OF DEBTORS ........................... 109

E.   $15 MILLION CONVERTIBLE LOAN TO DEBTORS ................................. 109

-iii-

358005.02 [XP]    25195

## **TABLE OF CONTENTS (cont.)**

**Page**

F.   CERTIFICATE OF INCORPORATION AND BYLAWS;
     CANCELLATION OF LTIP UNITS AND RELATED
     AGREEMENTS ................................................................. 110

     1.   Cancellation of LTIP Units and Related Agreements ............................. 110

     2.   Amended and Restated Certificate of Incorporation and
          Bylaws .......................................................................... 110

G.   MERGER OF MMPLP AND MMPI ................................................. 111

H.   RETAINED CLAIMS AND DEFENSES AND RESERVATION OF
     RIGHTS ........................................................................... 111

     1.   No Waiver and Retention of Claims and Defenses ................................. 111

     2.   Retention of Avoidance Actions .................................................. 112

     3.   Unknown Retained Claims and Defenses / No Preclusion ...................... 112

I.   OBJECTIONS TO CLAIMS .......................................................... 113

J.   MANAGEMENT OF THE REORGANIZED DEBTORS ............................. 114

K.   DISBURSING AGENT .............................................................. 114

L.   DISCHARGE OF THE DEBTORS AND INJUNCTION ............................. 115

     1.   Discharge ......................................................................... 115

     2.   Injunction ......................................................................... 115

M.   NO LIABILITY FOR SOLICITATION OR PARTICIPATION ...................... 116

N.   LIMITATION OF LIABILITY ....................................................... 116

O.   CERTIFICATE OF INCORPORATION AND CERTIFICATES OF
     ORGANIZATION ................................................................... 117

P.   OTHER DOCUMENTS AND ACTIONS ............................................ 117

Q.   CORPORATE ACTION .............................................................. 117

R.   RETIREE BENEFITS ................................................................ 118

S.   THE CREDITORS' COMMITTEE AND THE EQUITY
     COMMITTEE ....................................................................... 118

V.   TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
     LEASES .............................................................................. 118

-iv-

# TABLE OF CONTENTS (cont.)

**Page**

VI.   CONFIRMATION DATE CONDITIONS ....................................................................... 119

    A.   CONDITIONS TO CONFIRMATION .................................................. 119

    B.   CONDITIONS TO EFFECTIVE DATE ............................................... 120

    C.   WAIVER OF CONDITIONS .............................................................. 120

    D.   EFFECT OF FAILURE OF CONDITIONS ........................................ 120

    E.   VACATUR OF CONFIRMATION ORDER ........................................ 121

VII.  CONFIRMABILITY OF PLAN AND CRAMDOWN ....................................... 121

VIII. VOTING AND DISTRIBUTIONS UNDER THE PLAN AND
TREATMENT OF DISPUTED, CONTINGENT AND UNLIQUIDATED
CLAIMS AND INTERESTS ................................................................................. 121

    A.   VOTING OF CLAIMS AND INTERESTS ........................................ 121

    B.   METHOD OF DISTRIBUTIONS UNDER THE PLAN ..................... 121

        1.   Distributions Under the Plan .................................................... 121

        2.   Timing and Methods of Distribution ........................................ 122

    C.   UNDELIVERABLE OR UNCLAIMED DISTRIBUTIONS ............... 123

    D.   DISPUTED CLAIMS AND ESTIMATIONS ..................................... 124

        1.   Treatment of Disputed Claims ................................................. 124

        2.   Distributions on Account of Disputed Claims Once They Are
Allowed ..................................................................................... 124

        3.   Allowance of Claims Subject to Bankruptcy Code Section
502(d) ....................................................................................... 125

    E.   SETOFFS .......................................................................................... 125

IX.   RETENTION OF JURISDICTION ...................................................................... 125

X.    MISCELLANEOUS PROVISIONS ................................................................... 128

    A.   EXEMPTION FROM TRANSFER TAXES ...................................... 128

    B.   PAYMENT OF STATUTORY FEES ................................................. 128

    C.   MODIFICATION OR WITHDRAWAL OF THE PLAN ................... 128

    D.   GOVERNING LAW ......................................................................... 128

358005.02 [XP]      25195

1

## **TABLE OF CONTENTS (cont.)**

2

**Page**

3    E.   FILING OR EXECUTION OF ADDITIONAL DOCUMENTS ........................ 129

4    F.   WITHHOLDING AND REPORTING REQUIREMENTS................................ 129

5    G.   WAIVER OF RULE 7062 OF THE FEDERAL RULES OF
         BANKRUPTCY PROCEDURE .......................................................... 129
6
     H.   HEADINGS ................................................................................. 129
7
     I.   EXHIBITS AND SCHEDULES ........................................................ 129
8
     J.   NOTICES ................................................................................... 129
9
     K.   CONFLICT .................................................................................. 130
10
     L.   SUCCESSORS AND ASSIGNS ........................................................ 130
11
     M.   SATURDAY, SUNDAY OR LEGAL HOLIDAY ............................... 130
12
     N.   POST-EFFECTIVE DATE EFFECT OF EVIDENCES OF CLAIMS
13       OR INTERESTS ........................................................................... 130

14   O.   SEVERABILITY OF PLAN PROVISIONS......................................... 130

15   P.   BALLOTING ............................................................................... 131

16   Q.   NO ADMISSIONS OR WAIVER OF OBJECTIONS ........................... 131

17   R.   SURVIVAL OF SETTLEMENTS ...................................................... 131

18   S.   POST-CONFIRMATION STATUS REPORT ...................................... 132

19   T.   FINAL DECREE ........................................................................... 132

20

21

22

23

24

25

26

27

28

358005.02 [XP]    25195

# I.

## INTRODUCTION

Meruelo Maddux Properties, Inc., a Delaware corporation ("MMPI"), and its 53 related debtor entities that filed voluntary bankruptcy petitions at the same time and are jointly administered pursuant to an order of the Court, (collectively, the "Debtors") hereby jointly propose the following *Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al., Dated May 3, 2011* (defined herein as the "Plan") for the resolution of their outstanding creditor claims and interests.  Reference is made to the *Fourth Amended Joint Disclosure Statement Describing Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010* (defined herein as the "Disclosure Statement") for a discussion of the Debtors' history, businesses, properties, operations, projections, and for a summary of the Plan and certain related matters.  The Disclosure Statement has been approved by the Court and is provided to help you understand the Plan.

This is a joint Plan and not a consolidated Plan. The Debtors are not seeking substantive consolidation in this Plan.  As a result, the Claims and Interests in each of the Debtors have been classified on a Debtor-by-Debtor basis. ***Votes will be tabulated and acceptances will be determined on a Debtor-by-Debtor basis***.  The Debtors will seek confirmation of the Plan as to each Debtor on an individual basis notwithstanding that this is a joint Plan.

All Holders of Claims and Interests are encouraged to read the Plan and the Disclosure Statement in their entirety before voting to accept or reject the Plan.  No materials, other than the Disclosure Statement, the exhibits and schedules attached thereto or referenced therein, have been approved by the Court for use in soliciting acceptances or rejections of the Plan.

**THE DEBTORS BELIEVE THAT THE PLAN REPRESENTS THE BEST POSSIBLE RETURN TO HOLDERS OF CLAIMS AND INTERESTS.  THE DEBTORS STRONGLY URGE YOU TO READ THE DISCLOSURE STATEMENT AND VOTE IN FAVOR OF THE PLAN.**

Notwithstanding anything herein to the contrary, all statements in this Plan and the accompanying Disclosure Statement concerning the history of the Debtors' businesses, the past or

368887.02 [XP]    25195

1  present financial condition of the Debtors, transactions to which the Debtors were or are a party, or

2  the effect of confirmation of the Plan on all of its creditors and claimants including secured

3  creditors, unsecured creditors or equity security holders are attributable exclusively to the Debtors

4  and not to any other party.

5  **II.**

6  **DEFINITION OF TERMS AND RULES OF INTERPRETATION**

7      **A.**    <u>**DEFINITION OF TERMS**</u>

8        Unless otherwise defined herein, or the context otherwise requires, the following terms shall

9  have the respective meanings set forth below:

10 | | |
|---|---|
| ***620 S. Gladys Avenue Encumbered Real Property*** | means the real property located at 620 S. Gladys Avenue, 830-838 6th Street, and 647-649 Ceres Avenue, Los Angeles, California, APNs 5147-030-005, 5147-030-006, 5147-030-007, 5147-030-008, 5147-030-009, 5147-030-037, 5147-030-050, 5147-030-053, 5147-030-054, 5147-030-055, 5147-030-061 and 5147-030-062. |
| ***620 S. Gladys Avenue Unencumbered Real Property*** | means the real property located at 643 and 644 South Gladys Avenue, Los Angeles, California, APNs 5147-030-064 and 5147-029-045. |
| ***729 E. Temple Street Real Property*** | means the real property located at 729 E. Temple Street, 718-736 Jackson Street, and 223 Center Street, Los Angeles, California, APNs 5173-015-006, 5173-014-001 and 5173-014-002. |
| ***788 S. Alameda*** | means 788 South Alameda, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13395. |
| ***788 S. Alameda Real Property*** | means the real property located at 788 South Alameda Street, Los Angeles, California, APN 5166-031-014. |
| ***815 E. Temple Street Real Property*** | means the real property located at 815 E. Temple Street, 210 & 234 Center Street, and 740 Jackson Street, Los Angeles, California, APNs 5173-022-001, 5173-022-002, 5173-022-004, 5173-022-005 and 5173-015-003. |
| ***905 8th Street*** | means 905 8th Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13396. |
| ***905 8th Street Real Property*** | means the real property located at 905 E. 8th Street, Los Angeles, California, APN 5146-029-039. |
| ***1119 S. Olive Street Real Property*** | means the real property located at 1117-1119 S. Olive Street, Los Angeles, California, APNs 5139-020-006 and 5139-020-007. |

-3-

368887.02 [XP]       25195

| | |
|---|---|
| ***1124 S. Olive Street Real Property*** | means the real property located at 1124 S. Olive Street, and 218 W. 11th Street, Los Angeles, California, APNs 5139-019-011 and 5139-019-015. |
| ***1339 E. 7th Street Real Property*** | means the real property located at 1339 E. 7th Street, Los Angeles, California, former APNs 5147-035-004, 5147-035-005, 5147-035-006. 5147-035-007 and 5147-035-008, and current APNs 5147-035-900, 5147-035-901, 5147-035-902, 5147-035-903 and 5147-035-904. |
| ***1248 Figueroa Street*** | means 1248 Figueroa Street, LLC. |
| ***1248 Figueroa Street Collateral*** | means the MG 2529 Santa Fe Avenue Real Property. |
| ***1500 Griffith Avenue Real Property*** | means the real property located at 1467 and 1500 Griffith Avenue and 833 E. 15th Street, Los Angeles, California, APNs 5132-025-018, 5132-026-028 and 5132-026-030. |
| ***1510 Griffith Avenue Real Property*** | means the real property located at 1510 Griffith Avenue, Los Angeles, California, APNs 5132-025-004, 5132-025-006 and 5132-025-017. |
| ***2131 Humboldt Encumbered Real Property*** | means the real property located at 2131 Humboldt Street, Los Angeles, California, APNs 5447-009-018 and 5447-009-019. |
| ***2131 Humboldt Unencumbered Real Property*** | means the real property located at 350-354 N. Avenue 21 Street, Los Angeles, California, APN 5447-009-020, and at 336-346 N. Avenue 21, Los Angeles, California, APNs 5447-009-007, 5447-009-008, and 5447-009-009. |
| ***2640 Washington Boulevard*** | means 2640 Washington Boulevard, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13397. |
| ***2640 Washington Boulevard Real Property*** | means the real property located at 2640 E. Washington Boulevard, Los Angeles, California, APN 5168-017-012. |
| ***Administrative Claim*** | means any right to payment constituting a cost or expense of administration of the Chapter 11 Cases of a kind specified under Section 503(b) and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the estates of the Debtors, any actual and necessary costs and expenses of operating the respective businesses of the Debtors, any indebtedness or obligations incurred or assumed by any of the Debtors in connection with the conduct of their respective businesses, including, without limitation, all compensation and reimbursement of expenses to the extent Allowed by the Court under Section 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the estates of the Debtors under Section 1930 of chapter 123 of Title 28 of the United States Code. |

-4-

| | |
|---|---|
| **Alameda Produce Market** | means Alameda Produce Market, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13394. |
| **Alameda Produce Market Encumbered Real Property** | means the real property located at 1312 E. 7th Street, Los Angeles, California, APN 5146-009-003 (the "7th Street Produce Market"), and the property located at 761 Terminal Street, Los Angeles, California, APNs 5146-009-004 and 5146-009-005 ("Alameda Square"). |
| **Alameda Produce Market Unencumbered Real Property** | means the real property located at 1215 E. 7th Street, Los Angeles, California, APN 5147-034-015. |
| **Allowed Claim or Allowed Interest** | means a Claim against or Interest in a Debtor to the extent that<br>    a.  a proof of the Claim or Interest<br>        i.  was timely Filed and served upon a Debtor and no objection to the Claim or Interest is Filed within the time fixed by the Court for such objections;<br>        ii.  is deemed Filed under applicable law (e.g., filed on the Schedules as noncontingent, nondisputed and liquidated) or pursuant to a Final Order of the Court and no objection to the Claim or Interest is Filed within the time fixed by the Court for such objections;<br>        iii.  is Allowed pursuant to subparagraph b of this definition; or<br>        iv.  is Allowed under the Plan.<br>    b.  If a Debtor files an objection to a proof of Claim or Interest within a time fixed by the Court, the Claim or Interest shall be Allowed to the extent of<br>        i.  any amount of such Claim or Interest to which the Debtors did not object; or<br>        ii.  any amount otherwise authorized by Final Order or the Plan. |
| **Allowed Class Claim** | means an Allowed Claim in the particular Class described. |
| **Allowed Class Interest** | means an Allowed Interest in the particular Class described. |
| **Allowed Priority Tax Claim** | means a Tax Claim against a Debtor to the extent that<br>    a.  a proof of the Tax Claim<br>        i.  was timely Filed and served upon a Debtor and no objection to the Tax Claim is Filed within the time fixed by the Court for such objections; or<br>        ii.  is deemed Filed under applicable law (e.g., filed on the Schedules as noncontingent, nondisputed and liquidated) or pursuant to a Final Order of the Court and no objection to the Tax Claim is Filed within the time fixed by the Court for such objections; or<br>        iii.  is Allowed pursuant to subparagraph b of this definition; or<br>        iv.  is Allowed under the Plan.<br>    b.  If a Debtor files an objection to a proof of Tax Claim within a time fixed by the Court, the Tax Claim shall be Allowed to the extent of<br>        i.  any amount of such Tax Claim to which the Debtors did not object; or<br>        ii.  any amount otherwise authorized by Final Order or the Plan. |

368887.02 [XP]     25195

| | | |
|---|---|---|
| 1 | **Allowed Secured Tax Claim** | means the allowed secured claim of Los Angeles County against a Debtor's estate, calculated as of the Effective Date pursuant to the March, 2010 Settlement Agreement between the MMPI Debtors and Los Angeles County. |
| 2 | | |
| 3 | **APN** | means a county assessor's parcel number. |
| 4 | | |
| 5 | **Ballots** | means each of the ballot forms distributed with the Disclosure Statement to each Holder of an Impaired Claim (other than to Holders of Impaired Claims deemed to have accepted or rejected the Plan or otherwise not entitled to vote on the Plan), upon which is to be indicated, among other things, acceptance or rejection of the Plan. |
| 6 | | |
| 7 | | |
| 8 | **Bankruptcy Code** | means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as in effect on the date hereof or hereafter amended if such amendments are made applicable to the Chapter 11 Cases. |
| 9 | | |
| 10 | **Bankruptcy Rules** | means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under Section 2075 of Title 28 of the United States Code, and local rules of the Court, as the context may require. |
| 11 | | |
| 12 | **BofA** | means Bank of America, N.A. |
| 13 | **BofA Collateral re MMP 760 S. Hill Street** | means, collectively, [1] the MMP 760 S. Hill Street Real Property and, [2] approximately $6,560,893 in cash held in BofA account number 1459360078, approximately $200,000 of which the Debtors contend is not BofA collateral. |
| 14 | | |
| 15 | **BofA Collateral re MG Southpark** | means the MG Southpark Real Property. |
| 16 | | |
| 17 | **Business Day** | means any day on which commercial banks are open for business and not authorized to close, in the City of Los Angeles, California, except any day designated as a legal holiday in Bankruptcy Rule 9006(a). |
| 18 | | |
| 19 | **Berkadia** | means Berkadia Commercial Mortgage, Inc. (as successor to Capmark Finance, Inc.), special servicer for Wells Fargo Bank, N.A., successor by consolidation to Wells Fargo Bank Minnesota, N.A. as Trustee for the Registered Certificate holders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass-Through Certificates 2002-C1. |
| 20 | | |
| 21 | | |
| 22 | **Berkadia Collateral** | means, collectively, [1] the Santa Fe Commerce Center Real Property and [2] cash deposited by Santa Fe Commerce Center with and held by Berkadia for the benefit of and account of Santa Fe Commerce Center in the approximate amount of $600,000. |
| 23 | | |
| 24 | **BNP** | means BNP Paribas VPG Brookline CRE, LLC |
| 25 | **BNP Collateral** | means the MM Mission Boulevard Real Property. |
| 26 | **Canpartners** | means Canpartners Realty Holding Co., IV LLC. |
| 27 | | |
| 28 | | |

368887.02 [XP]    25195

| | | |
|---|---|---|
| *Cash* | | means legal tender of the United States of America and equivalents thereof. |
| *Cathay* | | means Cathay Bank, a California banking corporation. |
| *CBT* | | means California Bank & Trust. |
| *CBT Collateral* | | means, collectively, [1] the 788 S. Alameda Real Property and [2] the cash located in CBT account number 2120351811 in the approximate amount of $7,514. |
| *Chamlian* | | means, collectively, Vahan Chamlian and Anoush Chamlian. |
| *Chapter 11 Cases* | | means the Chapter 11 cases of the Debtors. |
| *Chinatown* | | means Meruelo Chinatown, LLC, a California limited liability company, a Debtor in Possession in Chapter 11 Case number 1:09-bk-21622. |
| *Chinatrust* | | means Chinatrust Bank, USA. |
| *Chinatrust Collateral* | | means the MG 3185 E. Washington Boulevard Encumbered Real Property. |
| *Claim* | | means a claim against a Debtor, whether or not asserted or Allowed, as defined in Section 101(5) of the Bankruptcy Code. |
| *Class* | | means a class of Claims or Interests designated pursuant to the Plan. |
| *Clerk* | | means the Clerk of the Court. |
| *Collateral* | | means any property or interest in property of a Debtor's Estate subject to a Lien to secure the payment or performance of a Claim as of the Petition Date, which Lien is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law or otherwise invalid under the Bankruptcy Code or applicable non-bankruptcy law. |
| *Commencement Date* | | means March 26, 2009 for MMP 12385 San Fernando Road and March 27, 2009 for 788 S. Alameda, 905 8th Street, 2640 Washington Boulevard, Alameda Produce Market, MBP, Merco Group, Meruelo Farms, Meruelo Wall Street, MG 4th Street Center, MG 146 E. Front Street, MG 425 W. 11th Street, MG 620 Gladys Avenue, MG 1211 E. Washington Boulevard, MG 1308 S. Orchard, MG 1500 Griffith Avenue, MG 2001-2021 W. Mission Boulevard, MG 2040 Camfield Avenue, MG 2529 Santa Fe Avenue, MG 3185 E. Washington Boulevard, MG 5707 S. Alameda, MG Ceres Street Produce, MG Little J, MG Overland Terminal, MG Southpark, MM 3rd and Omar Street, MM 230 W. Avenue 26, MM 336 W. 11th Street, MM 420 Boyd Street, MM 500 Mateo Street, MM 555 Central Avenue, MM 817-825 S. Hill Street, MM 915-949 S. Hill Street, MM 1000 E. Cesar Chavez, MM 2415 E. Washington Boulevard, MM 5500 Flotilla Street, MM Construction, MM Mission Boulevard, MMP 306-330 N. Avenue 21, MMP 760 S. Hill Street, MMP 1009 N. Citrus, MMP 1060 N. Vignes, MMP 1919 Vineburn Street, MMP 2131 Humboldt Street, |

-7-

| | |
|---|---|
| | MMP 2951 Lenwood Road, MMPLP, MMP Ventures, National Cold Storage, Santa Fe & Washington Market, Santa Fe Commerce Center, and Wall Street Market, the date on which each of the preceding Debtors filed their respective petitions for relief commencing the Chapter 11 Cases. |
| ***Confirmation*** | means the conclusion of the Confirmation Hearing. |
| ***Confirmation Date*** | means the date on which the Confirmation Order is entered on the Docket. |
| ***Confirmation Hearing*** | means the hearing to consider confirmation of the Plan pursuant to Section 1128 of the Bankruptcy Code. |
| ***Confirmation Order*** | means the order entered by the Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code. |
| ***Convenience Class Election*** | means an election by a Holder of an unsecured Claim on its Ballot to be treated as a Convenience Claim. |
| ***Convenience Class of Claims*** | means a Class of unsecured Claims created pursuant to Section 1122(b) of the Bankruptcy Code and consisting of Claims whose Allowed amount is less than or equal to $500. |
| ***Convenience Claim*** | means a general unsecured Claim if either [a] the Allowed amount of such Claim is less than or equal to $500 or [b] another claim the Allowed amount of which is greater than $500 and the Holder of such Claim has agreed to reduce the Allowed of amount of such claim to $500 and made the Convenience Class Election on the Ballot within the time fixed by the Court. |
| ***Court*** | means, (a) the United States Bankruptcy Court for the Central District of California (San Fernando Valley Division), having jurisdiction over the Chapter 11 Cases; (b) to the extent there is no reference pursuant to Section 157 of Title 28 of the United States Code, the United States District Court for the Central District of California; and (c) any other court having jurisdiction over the Chapter 11 Cases. |
| ***Creditor*** | has the meaning ascribed to it in Section 101(10) of the Bankruptcy Code. |
| ***Creditors' Committee*** | means the official committee of unsecured creditors' appointed in the Chapter 11 Cases of the Debtors by the Office of the United States Trustee, as its composition may be changed from time to time by the addition, resignation and/or removal of its members. |
| ***Cure Payments*** | means the distribution of Cash as, and to the extent, required for the cure of any and all leases and executory contracts pursuant to Section 365 of the Bankruptcy Code in connection with any assumed leases and executory contracts. |
| ***DGCL*** | means the Delaware General Corporation Law. |

| | | |
|---|---|---|
| 1 | ***Debtors*** | means, collectively, Meruelo Maddux Properties, Inc., a Delaware corporation, and its 53 related jointly administered debtor entities. |
| 2 | | |
| 3 | ***Debtors in Possession*** | means the Debtors in their capacities as debtors in possession in the Chapter 11 Cases pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. |
| 4 | | |
| 5 | ***Disbursing Agent*** | means the Person responsible for making distributions under the Plan, including the Reorganized Debtors, or such Person(s) as the Reorganized Debtors may employ in their sole discretion, to serve as Disbursing Agent.  The Disbursing Agent shall be the Chief Financial Officer or the Chief Accounting Officer of MMPI. |
| 6 | | |
| 7 | | |
| 8 | ***Disclosure Statement*** | means the written disclosure statement, dated as of September 20, 2010, that relates to this Plan, as approved by the Court pursuant to Section 1125 of the Bankruptcy Code, as such disclosure statement may be amended, modified or supplemented from time to time. |
| 9 | | |
| 10 | ***Disputed*** | means, with reference to any Claim, or Interest, or any portion thereof, any Claim or Interest proof of which was timely and properly Filed and in either case or in the case of any Administrative Claim, Claim or Interest that is disputed under the Plan or as to which the Debtors have interposed a timely objection and/or request for estimation in accordance with Section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, which objection and/or request for estimation has not been withdrawn or determined by a Final Order, and any Claim or Interest proof of which was required to be Filed by Order of the Court but as to which a proof of claim or interest was not timely or properly Filed. |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | ***Distribution*** | means a distribution to a Holder of an Allowed Claim pursuant to this Plan. |
| 17 | | |
| 18 | ***Docket*** | means the docket in the Chapter 11 Cases maintained by the Clerk. |
| 19 | ***Effective Date*** | means the fifteenth day after the Confirmation Order in a form satisfactory to the Debtors shall have become a Final Order.  If (1) a stay of the Confirmation Order is in effect, the Effective Date shall be extended to the first Business Day on which no such stay is in effect and that in no event shall the Effective Date be later than one hundred twenty (120) days after the Confirmation Date; and provided further that the Court may extend the deadline for the Effective Date to occur following (a) submission of a stipulation signed by the affected parties or (b) notice and hearing on the Debtors' motion.  For purposes of the Plan and the Disclosure Statement "as soon as practicable" shall mean within ten days of the date performance is otherwise due. |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | ***Estates*** | means, collectively, the estates created in each of the Debtors' Chapter 11 Cases under Section 541 of the Bankruptcy Code. |
| 26 | ***Equity Committee*** | means the official committee of equity interest holders appointed in the Chapter 11 Case of MMPI by the Office of the United States Trustee, as its composition may be changed from time to time by the addition, resignation and/or removal of its members. |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | **EWB** | means East West Bank. |
| 2 | **EWB Collateral re** **2640 Washington** | means, collectively, [1] the 2640 Washington Boulevard Real Property and [2] the cash in the East West Bank reserve account bearing account number 80365810 in the approximate amount of $9,410. |
| 3 | | |
| 4 | **EWB Collateral re** **Meruelo Wall Street** | means, collectively, [1] the Meruelo Wall Street Real Property and [2] $480,000 of the $518,825 in the EWB interest reserve account bearing account number 18296574.  Other funds in that account are not EWB collateral. |
| 5 | | |
| 6 | | |
| 7 | **Federal Judgment** **Rate** | means the interest rate on federal judgments and is based on the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the first day on which the defendant is liable for interest.  The Federal Judgment Rate was 0.64% for the week ended immediately prior to the Petition Date of the Debtors. |
| 8 | | |
| 9 | | |
| 10 | **File** or **Filed** | means filed with the Clerk in the Chapter 11 Cases. |
| 11 | **Final Order** | means an order or judgment of the Court as entered on the Docket in the Chapter 11 Cases, or other court of competent jurisdiction, the operation or effect of which is not stayed, reversed or amended, and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | **FNBN** | means FNBN CMLCOM I, LLC. |
| 16 | **FNBN Collateral** | means the MMP 2951 Lenwood Road Real Property. |
| 17 | **GAAP** | means Generally Accepted Accounting Principles in the United States of America as in effect on the date of this Plan, including those set forth in (i) the opinions and pronouncements of the Accounting Principles Board of the American Institute of Certified Public Accountants, (ii) statements and pronouncements of the Financial Accounting Standards Board, (iii) such other statements by such other entity as approved by a significant segment of the accounting profession and (iv) the rules and regulations of the SEC governing the inclusion of financial statements (including pro forma financial statements) in periodic reports required to be filed pursuant to Section 13 of the Exchange Act, including opinions and pronouncements in staff accounting bulletins and similar written statements from the accounting staff of the SEC. |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | **General Unsecured** **Claim** | means any Claim that is not an Administrative Claim, Priority Claim, Tax Claim, Intercompany Claim, Guaranty Claim or Secured Claim. |
| 25 | | |
| 26 | **Guaranty Claim** | means a Claim against multiple Debtors, whether the Claim is a guarantee, indemnity agreement, claim for obligations for which another Debtor is the primary obligator, joint and several obligations or otherwise. |
| 27 | | |
| 28 | | |

368887.02 [XP]     25195

| | | |
|---|---|---|
| 1 | ***Holder*** | means the holder of a Claim or Interest. |
| 2 | ***Impaired*** | means, when used in reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Section 1124 of the |
| 3 | | Bankruptcy Code. |
| 4 | ***Imperial*** | means City National Bank, a national banking association, as successor to certain assets formerly owned by Imperial Capital Bank, a |
| 5 | | California banking corporation. |
| 6 | ***Insider*** | has the meaning set forth in Section 101(31) of the Bankruptcy Code. |
| 7 | ***Instrument*** | means any share of stock, security, promissory note or other "instrument," within the meaning of that term, as defined in Section |
| 8 | | 9105(1)(i) of the UCC. |
| 9 | ***Intercompany Claims*** | means all Claims asserted by any Debtor(s) or MM 845 S. Flower or Chinatown against any other Debtor(s). |
| 10 | | |
| | ***Interest*** | has the meaning set forth in Section 101(16) of the Bankruptcy Code for "equity security." |
| 11 | | |
| 12 | ***Legendary*** | means Legendary Investors Group No. 1, L.L.C. (as successor to East West Bank on certain loans). |
| 13 | | |
| | ***Lien*** | has the meaning set forth in Section 101(37) of the Bankruptcy Code. |
| 14 | | |
| | ***Loan Documents*** | means, collectively, any and all writings between a Debtor and a |
| 15 | | Creditor or any other entity, establishing, fixing or describing the terms and conditions of the debtor creditor relationship between such |
| 16 | | Debtor and the Creditor, regardless of form, title or substance. |
| 17 | ***Local Bankruptcy Rules*** | means the local rules of the Court, as applicable from time to time in the Chapter 11 Cases. |
| 18 | | |
| | ***LTIP Units*** | means all long term incentive plan units in MMPLP. |
| 19 | | |
| | ***MBP*** | means Meruelo Baldwin Park, LLC, a California limited liability |
| 20 | | company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13386. |
| 21 | | |
| | ***MBP Real Property*** | means the real property located at 13853, 13822 and 13916  Garvey |
| 22 | | Avenue, 13904 Corak Street and 3060 Feather Avenue, Baldwin Park, California, APNs 8555-018-002, 8555-018-003, 8555-017-013, 8555- |
| 23 | | 017-021, and 8555-017-026. |
| 24 | ***Merco Group*** | means Merco Group, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13406. |
| 25 | | |
| | ***Merco Group Personal Property*** | means the cash in East West Bank account number 80360027 in the approximate amount of $24,898. |
| 26 | | |
| 27 | ***Merco Group Real Property*** | means the Sci-Arc Real Property and the Sky-Arc Real Property |
| 28 | | |

-11-

| | |
|---|---|
| **Meruelo Farms** | means Meruelo Farms, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13358. |
| **Meruelo Wall Street** | means Meruelo Wall Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13366. |
| **Meruelo Wall Street Real Property** | means the real property located at 419 E. 9th Street, Los Angeles, California, APN 5145-011-015. |
| **MG 4th Street Center** | means Merco Group – 4th Street Center, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13399. |
| **MG 4th Street Center Real Property** | means the real property located at 900, 910 and 926 E. 4th Street and 405-411 S. Hewitt Street, Los Angeles, California, APNs 5163-022-002, 5163-022-003, 5163-022-001, 5163-022-005, 5163-022-022 and 5163-022-023. |
| **MG 146 E. Front Street** | means Merco Group – 146 E. Front Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13380. |
| **MG 425 W. 11th Street** | means Merco Group – 425 West 11th Street, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13400. |
| **MG 425 W. 11th Street Real Property** | means the real property located at 425 W. 11th Street, Los Angeles, California, APNs 5139-008-010 and 5139-008-001. |
| **MG 620 Gladys Avenue** | means Merco Group – 620 Gladys Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13401. |
| **MG 801 E. 7th Street** | means Merco Group – 801 E. 7th Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13378. |
| **MG 801 E. 7th Street Real Property** | means the real property located at 648 Stanford Avenue, Los Angeles, California, APN 5147-029-030. |
| **MG 1211 E. Washington Boulevard** | means Merco Group – 1211 E. Washington Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13382. |
| **MG 1211 E. Washington Boulevard Real Property** | means the real property located at 1211 and 1225 E. Washington Boulevard, Los Angeles, California, APNs 5131-003-002, 5131-003-010, 5131-003-011, and 5131-003-024. |
| **MG 1308 S. Orchard** | means Merco Group – 1308 S. Orchard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13384. |

368887.02 [XP]    25195

| | |
|---|---|
| ***MG 1308 S. Orchard Real Property*** | means the real property located at 1308 S. Orchard, Los Angeles, California, APN 5056-004-007. |
| ***MG 1500 Griffith Avenue*** | means Merco Group – 1500 Griffith Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13398. |
| ***MG 2001-2021 W. Mission Boulevard*** | means Merco Group – 2001-2021 West Mission Boulevard, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13403. |
| ***MG 2001-2021 W. Mission Boulevard Encumbered Real Property*** | means the real property located at 1875 West Mission Boulevard, Pomona, California, APN 8707-019-004. |
| ***MG 2001-2021 W. Mission Boulevard Unencumbered Real Property*** | means the real property located on W. Mission Boulevard, Pomona, California, APN 8707-019-005. |
| ***MG 2040 Camfield Avenue*** | means Merco Group – 2040 Camfield Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13375. |
| ***MG 2529 Santa Fe Avenue*** | means Merco Group – 2529 Santa Fe Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13404. |
| ***MG 2529 Santa Fe Avenue Real Property*** | means the real property located at 2529 S. Santa Fe Avenue, Los Angeles, California, APN 6302-008-010, also known as Santa Fe Plaza. |
| ***MG 3185 E. Washington Boulevard*** | means Merco Group – 3185 E. Washington Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13373. |
| ***MG 3185 E. Washington Boulevard Encumbered Real Property*** | means the real property located at 3185 E. Washington Boulevard, Los Angeles, California, APN 5169-020-003. |
| ***MG 3185 E. Washington Boulevard Unencumbered Real Property*** | means the real property located at 3185 E. Washington Boulevard, Los Angeles, California, APN 5169-023-022. |
| ***MG 5707 S. Alameda*** | means Merco Group – 5707 S. Alameda LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13381. |

368887.02 [XP]    25195

| | |
|---|---|
| **MG 5707 S. Alameda Real Property** | means the real property located at 5701 S. Alameda Street (1862 E. 55th Street) and 5707 to 5715 S. Alameda Street and 5716 Alba Street, Los Angeles, California, APNs 5105-009-002, 5105-009-008, 5105-011-014, and 5105-011-015. |
| **MG Ceres Street Produce** | means Merco Group – Ceres Street Produce, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13385. |
| **MG Ceres Street Produce Real Property** | means the real property located at 758 Ceres Avenue, Los Angeles, California, APNs 5146-003-032, 5146-003-033, 5146-003-034 and 5146-003-035. |
| **MG Little J** | means Merco Group – Little J, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13405. |
| **MG Overland Terminal** | means Merco Group – Overland Terminal, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13434. |
| **MG Southpark** | means Merco Group – Southpark, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13407. |
| **MG Southpark Real Property** | means the real property located at numerous street addresses, including 1150 S. Grand Avenue, Los Angeles, California, APNs 5139-019-040, 5139-020-016, 5139-020-022, 5139-020-024, 5139-024-003, 5139-024-014, 5139-024-015, and 5139-024-016. |
| **MM 3rd and Omar Street** | means Meruelo Maddux – 3rd & Omar Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13359. |
| **MM 230 W. Avenue 26** | means Meruelo Maddux – 230 W. Avenue 26, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13389. |
| **MM 230 W. Avenue 26 Real Property** | means the real property located at 210-212, and 230 W. Avenue 26, Los Angeles, California, APNs 5205-014-013, 5205-014-017 and 5205-014-018. |
| **MM 336 W. 11th Street** | means Meruelo Maddux – 336 W. 11th Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13402. |
| **MM 336 W. 11th Street Real Property** | means the real property located at 336 W. 11th Street, Los Angeles, California, APN 5139-020-025. |
| **MM 420 Boyd Street** | means Meruelo Maddux – 420 Boyd Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13360. |

-14-

368887.02 [XP]      25195

| | |
|---|---|
| ***MM 420 Boyd Street Real Property*** | means the real property located at 420 Boyd Street, Los Angeles, California, APNs 5147-006-001, 5147-006-002, 5147-006-003, and 5147-006-008. |
| ***MM 500 Mateo Street*** | means Meruelo Maddux – 500 Mateo Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13361. |
| ***MM 555 Central Avenue*** | means Meruelo Maddux – 555 Central Avenue, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13439. |
| ***MM 817-825 S. Hill Street*** | means Meruelo Maddux – 817-825 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13391. |
| ***MM 817-825 S. Hill Street Real Property*** | means the real property located at 817 S. Hill Street, 325 S. Hill Street, and 820 S. Olive Street, Los Angeles, California, APNs 5144-018-021, 5144-018-027, 5144-018-028 and 5144-018-032. |
| ***MM 845 S. Flower*** | means Meruelo Maddux – 845 S. Flower Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-21621. |
| ***MM 915-949 S. Hill Street*** | means Meruelo Maddux – 915-949 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13362. |
| ***MM 915-949 S. Hill Street Real Property*** | means the real property located at 915-949 S. Hill Street, Los Angeles, California, APNs 5139-004-004, 5139-004-005, 5139-004-006, 5139-004-007, 5139-004-008, 5139-004-009, 5139-004-020 and 5139-004-024. |
| ***MM 1000 E. Cesar Chavez*** | means Meruelo Maddux – 1000 E. Cesar Chavez, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13393. |
| ***MM 1000 E. Cesar Chavez Real Property*** | means the real property located at 1000, 1016, 1028, and 1030 E. Cesar Chavez, Los Angeles, California, APNs 5410-007-004, 5410-007-022, 5410-007-006, and 5410-007-007. |
| ***MM 2415 E. Washington Boulevard*** | means Meruelo Maddux – 2415 E. Washington Blvd., LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13365. |
| ***MM 2415 E. Washington Boulevard Real Property*** | means the real property located at 2415 E. Washington Boulevard, Los Angeles, California, APN 5168-009-011. |
| ***MM 5500 Flotilla Street*** | means Meruelo Maddux – 5500 Flotilla Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13367. |

368887.02 [XP]      25195

| | |
|---|---|
| ***MM Construction*** | means Meruelo Maddux Construction, Inc., a California corporation, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13388. |
| ***MM Management*** | means Meruelo Maddux Management, LLC, a Delaware limited liability company, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13390. |
| ***MM Mission Boulevard*** | means Meruelo Maddux – Mission Boulevard, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13369. |
| ***MM Mission Boulevard Real Property*** | means the real property located at 2001-2021 W. Mission, Pomona, California, APN 8707-019-003. |
| ***MMP 306-330 N. Avenue 21*** | means Meruelo Maddux Properties – 306-330 N. Avenue 21, LLC a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13370. |
| ***MMP 306-330 N. Avenue 21 Real Property*** | means the real property located at 306–330 N. Avenue 21, Los Angeles, California, APNs 5447-009-003, 5447-009-004, 5447-009-005 and 5447-009-006. |
| ***MMP 760 S. Hill Street*** | means Meruelo Maddux Properties – 760 S. Hill Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13363. |
| ***MMP 760 S. Hill Street Real Property*** | means the real property located at 760 S. Hill Street and 325 W. 8th Street, Los Angeles, California, APNs 5144-014-046 through 5144-014-139. |
| ***MMP 1009 N. Citrus*** | means Meruelo Maddux Properties – 1009 North Citrus Avenue, Covina, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13372. |
| ***MMP 1009 N. Citrus Real Property*** | means the real property located at 1009 N. Citrus Avenue, Covina, California, APNs 8421-025-017 and 8421-025-020. |
| ***MMP 1060 N. Vignes*** | means Meruelo Maddux Properties – 1060 N. Vignes, LLC a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13374. |
| ***MMP 1060 N. Vignes Real Property*** | means the real property located at 1060 N. Vignes, Los Angeles, California, APN 5409-014-001. |
| ***MMP 1919 Vineburn Street*** | means Meruelo Maddux Properties – 1919 Vineburn Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13364. |
| ***MMP 1919 Vineburn Street Real Property*** | means the real property located at 1919 Vineburn, Los Angeles, California, APNs 5215-014-005 and 5215-014-006. |

368887.02 [XP]    25195

| | |
|---|---|
| ***MMP 2131 Humboldt Street*** | means Meruelo Maddux Properties – 2131 Humboldt Street, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13371. |
| ***MMP 2951 Lenwood Road*** | means Meruelo Maddux Properties – 2951 Lenwood Road, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13383. |
| ***MMP 2951 Lenwood Road Real Property*** | means  the real property located at 2951 Lenwood Road, Barstow, California, APNs 0421-313-540000, 0421-313-550000, 0421-313-560000, 0421-313-570000, and 0421-313-580000. |
| ***MMP 12385 San Fernando Road*** | means Meruelo Maddux Properties – 12385 San Fernando Road, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13338. |
| ***MMP 12385 San Fernando Road Real Property*** | means the real property located at 12361 and 12385 San Fernando Road, Sylmar, California, APNs 2611-007-011, 2611-007-020, and 2611-007-021. |
| ***MMPI*** | means Meruelo Maddux Properties, Inc., a Delaware corporation, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13356. |
| ***MMPI Existing Common Stock*** | means all authorized shares of common stock of MMPI existing as of the Petition Date. |
| ***MMPLP*** | means Meruelo Maddux Properties, L.P., a Delaware limited partnership, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13387. |
| ***MMP Ventures*** | means MMP Ventures, LLC, a Delaware limited liability company, and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13392. |
| ***MTA*** | means the Los Angeles County Metropolitan Transportation Authority. |
| ***MTA Contingent Claim*** | means the contingent claim asserted by the MTA against the estate of Alameda Produce Market as set forth in the proof of claim filed by the MTA in Alameda Produce Market's case and assigned claim number 14 by the Clerk in Alameda Produce Market's case. |
| ***Murakami*** | means Yoshiaki Murakami and Fumiko Murakami, as Co-Trustees of the Revocable Trust of Yoshiaki Murakami and Fumiko Murakami U/T/A Dated June 16, 1988, and Yoshiaki Murakami, an individual. |
| ***National Cold Storage*** | means National Cold Storage, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13376. |
| ***Order*** | means an order or judgment of the Court as entered on the Docket. |

368887.02 [XP]      25195

| | |
|---|---|
| ***Ordinary Course Professionals*** | means any attorneys, accountants, and other professionals or professional service providers such as public relations and communications consultants, architects, engineers, title companies, surveyors, real estate closing professionals, real estate brokers, environmental consultants, design consultants, information technology consultants, life/safety consultants, property managers, marketing and business consultants utilized by the Debtors in the ordinary course of the Debtors' operation and development of properties and development projects. |
| ***Other Priority Claim*** | means any Claim, other than an Administrative Claim or a Tax Claim, entitled to priority in right of payment under Section 507(a) of the Bankruptcy Code. |
| ***PCB*** | means Pacific Commerce Bank. |
| ***Person*** | means any individual, corporation, general partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, joint venture, government or political subdivision, official committee appointed by the United States Trustee, unofficial committee of creditors or equity holders, or other entity (as defined in the Bankruptcy Code). |
| ***Petition Date*** | shall have the same meaning as Commencement Date. |
| ***Plan*** | means this joint Chapter 11 plan of reorganization as it may be amended or modified, from time to time, together with all addenda, exhibits, schedules, supplements or other attachments, if any. |
| ***PNL Pomona*** | means PNL Pomona, L.P., a Delaware limited partnership. |
| ***PNL Pomona Collateral*** | means, collectively, [1] the MG 2001-2021 W. Mission Boulevard Encumbered Real Property, [2] approximately $946,816 in insurance proceeds received and to be received in connection with property casualties (subject to reductions for Court approved expenditures), and [3] the cash in the amount of $49,508 previously held in an account maintained by PNL for the benefit of MG 2001-2021 W. Mission Boulevard. |
| ***Postpetition Tax Claims*** | means Administrative Claims and other Claims by a governmental unit for taxes against any of the Debtor (and for a reasonable rate of interest related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date. |
| ***Priority Claim*** | means an Allowed Claim entitled to priority under Sections 507(a)(3) through 507(a)(7) of the Bankruptcy Code, and includes Priority Tax Claims. |
| ***Priority Tax Claim*** | means any unsecured Claim of a governmental unit of the kind specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code. |

-18-

| | |
|---|---|
| ***Pro Rata*** | means, with respect to any Distribution on account of an Allowed Claim or Allowed Interest, a proportionate share, so that the ratio of the consideration distributed on account of an Allowed Claim or Allowed Interest in a Class to the amount of such Allowed Claim or Allowed Interest is the same as the ratio of the amount of the consideration distributed on account of all Allowed Claims or Allowed Interests in such Class to the amount of all Allowed Claims or Allowed Interests in such Class. |
| ***Property Level Debtors*** | means any Debtor which held title to real property on the Commencement Date. |
| ***Quarterly Distribution Date*** | means the 15th of the first full month after the Effective Date and the 15th of every third month thereafter. |
| ***RULPA*** | means the Delaware Revised Uniform Limited Partnership Act. |
| ***Record Date*** | means October 8, 2010, the date designated by the Court set forth in the Disclosure Statement as the date for determining the holders of Claims and Interests entitled to vote to accept or reject the Plan. |
| ***Record Date Holder*** | means a holder of MMPI Existing Common Stock as of the Record Date. |
| ***Reinstated*** | shall have the meaning set forth in Section 1124(2) of the Bankruptcy Code. |
| ***Reorganized Debtor*** | means a Debtor or any combination of Debtors, whose Chapter 11 Plan is confirmed or any amended plan or plans of reorganization. |
| ***Reorganized MMPI*** | means MMPI from and after the Effective Date of the Plan. |
| ***Retained Claims and Defenses*** | means all causes of action and claims held by or capable of assertion by the Debtor or its Estate, including, without limitation, all avoidance actions, all Section 510 actions, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, and whether asserted or assertable, directly or derivatively, that the Debtors or their Estates could assert immediately prior to the Effective Date, but excludes all such causes of action, claims or defenses released, waived or extinguished by the Debtors pursuant to this Plan or a Final Order of the Bankruptcy Court. |
| ***Santa Fe & Washington Market*** | means Santa Fe & Washington Market, LLC, a Delaware limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13379. |
| ***Santa Fe & Washington Market Encumbered Real Property*** | means the real property located at 1910-1922 Santa Fe Avenue, Los Angeles, California, APNs 5168-005-004 and 5168-005-010. |

368887.02 [XP]      25195

| | | |
|---|---|---|
| ***Santa Fe & Washington Market Unencumbered Real Property*** | means the real property located at 303 S. Hewitt Street and 2425 E. 12th Street, Los Angeles, California, APNs 5163-012-007, and 5168-003-014. | |
| ***Santa Fe Commerce Center*** | means Santa Fe Commerce Center, Inc., a California corporation and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13368. | |
| ***Santa Fe Commerce Center Real Property*** | means the real property located at 2445, 2460 and 2535 E. 12th Street, Los Angeles, California, APNs 5168-003-013, 5168-005-021 and 5168-004-001. | |
| ***Santa Fe Commerce Center Personal Property*** | means the funds deposited by Santa Fe Commerce Center with Berkadia presently in the approximate amount of $600,000 for and account of the benefit of Santa Fe Commerce Center. | |
| ***Scheduled*** | means set forth on the Schedules filed by the Debtors in their respective Chapter 11 Cases. | |
| ***Schedules*** | means the schedules of assets and liabilities filed by any Debtor pursuant to Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, including any amendments and modifications thereto through the Confirmation Date. | |
| ***SEC*** | means the United States Securities and Exchange Commission. | |
| ***Secured Claim*** | means any Claim secured by Collateral to the extent of the value of such collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, or, in the event that such Claim is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of such setoff. | |
| ***Securities Act*** | means the Securities Act of 1933, as amended, or any successor statute, and the rules and regulations promulgated thereunder. | |
| ***Service Level Debtors*** | means MMPI, MMPLP, MMP Ventures, MM Construction, and MM Management. | |
| ***Sci-Arc Real Property*** | means the real property located at 960 E. 3rd Street, Los Angeles, California, APN 5163-016-011, owned by Merco Group. | |
| ***Sky-Arc Real Property*** | means the real property located at 950 E. 3rd Street, Los Angeles, California, APNs 5163-016-012, 5163-016-013, 5163-016-014, owned by Merco Group. | |
| ***Stanford*** | means The Stanford Group, L.P. | |
| ***Stanford Collateral*** | means the 905 8th Street Real Property. | |
| ***Treasury Bills*** | means the United States Government Securities Treasury Bills with constant maturities as published in the Federal Reserve Statistical Release H.15 on the first business day of each January, April, July and October. | |

-20-

368887.02 [XP]      25195

| | |
|---|---|
| ***Unimpaired*** | means with reference to a Class of Claims or Interests, that the Class is not Impaired. An Unimpaired Class is not entitled to vote on the Plan. |
| ***Voting Agent*** | means Kurtzman Carson Consultants LLC. |
| ***Voting Deadline*** | means the date on which Ballots must be received by the Voting Agent. For purposes of the Plan, the Voting Deadline is November 22, 2010 at 4:00 p.m. Pacific Time, or, if the Voting Deadline is extended by Court Order, the latest date on which a Ballot will be accepted. |
| ***Wall Street Market*** | means Wall Street Market, LLC, a California limited liability company and a Debtor in Possession in Chapter 11 Case number 1:09-bk-13377. |

## B.    INTERPRETATION OF TERMS AND COMPUTATION OF TIME

### 1.    Defined Terms

Any term used in the Plan that is not defined in the Plan, either in Article II.A. (*Definitions*) or elsewhere, but that is used in the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, shall have the meaning assigned to that term in the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, as the case may be.

### 2.    Rules of Interpretation

For purposes of the Plan: (a) whenever it appears appropriate from the context, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any contract, instrument, release or other agreement or document entered into by a Reorganized Debtor in connection with the Plan which refers to "being in a particular form" or "on particular terms and conditions" means that such document shall be substantially in such form or substantially on such terms and conditions; provided, however, that any change to such form, terms, or conditions which is material to a party to such document shall not be made without such party's consent or an order of the Court; (c) any reference in the Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit, as it may have been or (to the extent otherwise permitted, hereafter) may be amended, modified or supplemented from time to time; (d) unless otherwise specified in a particular reference, all references in the Plan to paragraphs, Articles and Exhibits are references to paragraphs, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and paragraphs are

1  inserted for convenience of reference only and are not intended to be a part of or to affect the

2  interpretations of the Plan; (g) the rules of construction set forth in Section 102 of the Bankruptcy

3  Code shall apply; and (h) all exhibits to the Plan are incorporated into the Plan, and shall be

4  deemed to be included in the Plan, provided that they are Filed no later than the commencement of

5  the Confirmation Hearing.

6            **3.        Time Periods**

7            In computing any period of time prescribed or allowed by the Plan, the provisions of

8  Bankruptcy Rule 9006(a) shall apply.

9                                    **III.**

10        **CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

11           The following is a schedule designating the Classes of Claims and Interests under the Plan.

12  In accordance with Section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority

13  Tax Claims have not been classified and are excluded from the following Classes.  A Claim or

14  Interest is classified in a particular Class only to the extent that the Claim or Interest qualifies

15  within the description of that Class, and is classified in another Class or Classes to the extent that

16  any remainder of the Claim or Interest qualifies within the description of such other Class or

17  Classes.  The below schedule includes Claims that are or may be disputed.  The amounts so

18  reflected in the schedule for Unsecured Claims are the amounts in the Creditor's proof of claim

19  unless otherwise noted.  Notwithstanding, all Claims and Interests presently known to the Debtors

20  are classified in a particular Class.  No distribution shall be made on account of any Claim or

21  Interest which is not an Allowed Claim or an Allowed Interest and then only to the extent that the

22  Claim or Interest is an Allowed Claim or Allowed Interest in that Class and has not been paid,

23  released or otherwise satisfied before the Effective Date.

24        **A.        SUMMARY OF CLAIMS AND INTERESTS AGAINST EACH DEBTOR**

25           The categories of Claims and Interests listed in the chart below classify Claims (except for

26  Administrative Claims and Priority Tax Claims) and Interests for all purposes, including voting,

27  confirmation and distribution pursuant to this Plan.  The amounts listed for each Class in the chart

28  below represent the Debtors' estimate of the amount of the Allowable Claims asserted in each

1  Class.  The amounts listed for the Secured Claims of Los Angeles County represent the amounts

2  owed as of December 31, 2010, under the terms of the Debtors' Settlement with Los Angeles

3  County.  The Debtors expressly reserve all rights to object to the amount, character and

4  enforceability of any Claim, whether or not listed in the chart below.

5

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **1.**    **Meruelo Maddux Properties, Inc.**[1] | | |
| 1A | Secured Claim of Oliver Sandifer & Murphy - $436,901 | Impaired. |
| 1B | Other Priority Claims - $46,362 | Unimpaired. |
| 1C-1 | General Unsecured Claims – Convenience Class - $429 | Unimpaired. |
| 1C-2A | Unsecured Guaranty Claims - $130,050,737 | Impaired. |
| 1C-2B | Unsecured Guaranty Claims - $33,788,362 | Impaired. |
| 1C-3 | General Unsecured Claims - $7,754,885 | Impaired. |
| 1E | Equity Interests | Impaired. |
| **2.**    **Meruelo Maddux Properties L.P.** | | |
| 2C-1 | General Unsecured Claims – Convenience Class - $2,422 | Unimpaired. |
| 2C-3 | General Unsecured Claims - $668,935 | Impaired. |
| 2D | Intercompany Claims - $452,881,601 | Unimpaired. |
| 2E | Equity Interests of MMPI (99.6%) and Holders of LTIP Units (0.4%) | Impaired. |
| **3.**    **MMP Ventures LLC** | | |
| 3C | General Unsecured Claims - $629 | Unimpaired. |
| 3D | Intercompany Claims - $2,509 | Unimpaired. |
| 3E | Equity Interests of MMPLP (100%) | Unimpaired. |
| **4.**    **Meruelo Maddux Construction, Inc.** | | |
| 4C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |

---

[1]        The Debtors are listed in the order of the Service Level Debtors and then the Property Level Debtors.

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 4C-2 | General Unsecured Claims - $629 | Unimpaired. |
| 4D | Intercompany Claims - $10,588 | Unimpaired. |
| 4E | Equity Interests of MMPLP (100%) | Unimpaired. |
| **5.** | **Meruelo Maddux Management LLC** | |
| 5B | Other Priority Claims - $151,247 | Unimpaired. |
| 5C – 1 | General Unsecured Claims – Convenience Class - $24 | Unimpaired. |
| 5C - 2 | General Unsecured Claims - $629 | Unimpaired. |
| 5D | Intercompany Claims - $4,296,137 | Unimpaired. |
| 5E | Equity Interests of MMPLP (99%) and MM Construction (1%) | Unimpaired. |
| **6.** | **Meruelo Maddux – 555 Central Avenue LLC** | |
| 6C | General Unsecured Claims - $10,079 | Impaired. |
| 6D | Intercompany Claims - $1,999,388 | Unimpaired. |
| 6E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **7.** | **Merco Group – Overland Terminal LLC** | |
| 7C | General Unsecured Claims - $132,726 | Impaired. |
| 7D | Intercompany Claims - $1,093,202 | Unimpaired. |
| 7E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **8.** | **National Cold Storage LLC** | |
| 8C-1 | General Unsecured Claims – Convenience Class - $212 | Unimpaired. |
| 8C-2 | General Unsecured Claims – $4,522 | Impaired. |
| 8E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **9.** | **Wall Street Market LLC** | |
| 9C-1 | General Unsecured Claims – Convenience Class - $1,118 | Unimpaired. |
| 9C-2 | General Unsecured Claims - $2,069 | Impaired. |
| 9D | Intercompany Claims - $3,536,086 | Unimpaired. |

368887.02 [XP]     25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 9E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **10.** | **Meruelo Maddux Properties – 1009 N. Citrus Avenue, Covina, LLC** | |
| 10A | Los Angeles County Secured Tax Claim - $127,403 | Impaired. |
| 10C-1 | General Unsecured Claims – Convenience Class - $525 | Unimpaired. |
| 10C-2 | General Unsecured Claims - $15,334 | Impaired. |
| 10D | Intercompany Claims - $6,630,774 | Unimpaired. |
| 10E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **11.** | **Meruelo Maddux – 230 W. Avenue 26 LLC** | |
| 11A | Los Angeles County Secured Tax Claim - $175,442 | Impaired. |
| 11C-1 | Unsecured Claims – Tenant Security Deposits - $24,610 | Unimpaired. |
| 11C-2 | General Unsecured Claims – Convenience Class - $999 | Unimpaired. |
| 11C-3 | General Unsecured Claims - $3,929 | Impaired. |
| 11D | Intercompany Claims - $6,414,500 | Unimpaired. |
| 11E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **12.** | **Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC** | |
| 12A | Los Angeles County Secured Tax Claim - $0 | Impaired. |
| 12C-1 | Unsecured Claims – Tenant Security Deposits - $0 | Unimpaired. |
| 12C-2 | General Unsecured Claims – Convenience Class - $597 | Unimpaired. |
| 12C-3 | General Unsecured Claims - $18,858 | Impaired. |
| 12D | Intercompany Claims - $3,569,603 | Unimpaired. |
| 12E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **13.** | **Meruelo Maddux – 817-825 S. Hill Street LLC** | |
| 13A | Los Angeles County Secured Tax Claim – $379,123 | Impaired. |
| 13C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 13C-2 | General Unsecured Claims - $1,560 | Impaired. |
| 13D | Intercompany Claims - $16,377,573 | Unimpaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 13E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **14.    Meruelo Maddux – 1000 E. Cesar Chavez LLC** | | |
| 14A | Los Angeles County Secured Tax Claim - $179,907 | Impaired. |
| 14C-1 | Unsecured Claims – Tenant Security Deposits - $3,100 | Unimpaired. |
| 14C-2 | General Unsecured Claims – Convenience Class - $705 | Unimpaired. |
| 14C-3 | General Unsecured Claims - $10,241 | Impaired. |
| 14D | Intercompany Claims - $6,804,902 | Unimpaired. |
| 14E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **15.    Meruelo Maddux Properties – 1060 N. Vignes LLC** | | |
| 15A | Los Angeles County Secured Tax Claim - $123,542 | Impaired. |
| 15C-1 | General Unsecured Claims – Convenience Class - $597 | Unimpaired. |
| 15C-2 | General Unsecured Claims - $71,021 | Impaired. |
| 15D | Intercompany Claims - $6,549,824 | Unimpaired |
| 15E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **16.    Meruelo Maddux – 2415 E. Washington Boulevard LLC** | | |
| 16A | Los Angeles County Secured Tax Claim - $55,606 | Impaired. |
| 16C-1 | General Unsecured Claims – Convenience Class - $175 | Unimpaired. |
| 16C-2 | General Unsecured Claims - $4,091 | Impaired. |
| 16D | Intercompany Claims - $2,220,879 | Unimpaired. |
| 16E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **17.    Meruelo Maddux – 5500 Flotilla Street LLC** | | |
| 17C | General Unsecured Claims - $629 | Unimpaired. |
| 17D | Intercompany Claims - $611,663 | Unimpaired. |
| 17E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **18.    Meruelo Maddux Properties – 12385 San Fernando Road LLC** | | |
| 18A | Los Angeles County Secured Tax Claim - $226,806 | Impaired. |

368887.02 [XP]      25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 18C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 18C-2 | General Unsecured Claims - $2,629 | Impaired. |
| 18D | Intercompany Claims - $8,997,401 | Unimpaired. |
| 18E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **19.    Merco Group – 146 E. Front Street LLC** | | |
| 19C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 19C-2 | General Unsecured Claims - $629 | Unimpaired. |
| 19D | Intercompany Claims - $2,243,787 | Unimpaired. |
| 19E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **20.    Merco Group – 801 E. 7th Street LLC** | | |
| 20A | Los Angeles County Secured Tax Claim - $15,205 | Impaired. |
| 20C | General Unsecured Claims - $2,629 | Impaired. |
| 20D | Intercompany Claims - $1,346,512 | Unimpaired. |
| 20E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **21.    Merco Group – 1211 E. Washington Boulevard LLC** | | |
| 21A-1 | Los Angeles County Secured Tax Claim - $263,793 | Impaired. |
| 21A-2 | RoofCorp of CA, Inc. - $37,500 | Impaired. |
| 21C-1 | Unsecured Claims – Tenant Security Deposits - $42,357 | Unimpaired. |
| 21C-2 | General Unsecured Claims – Convenience Class - $260 | Unimpaired. |
| 21C-3 | General Unsecured Claims - $33,786 | Impaired. |
| 21D | Intercompany Claims - $9,122,302 | Unimpaired. |
| 21E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **22.    Merco Group – 1308 S. Orchard LLC** | | |
| 22A | Los Angeles County Secured Tax Claim - $39,500 | Impaired. |
| 22C | General Unsecured Claims - $4,299 | Impaired. |
| 22D | Intercompany Claims - $1,346,512 | Unimpaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 22E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **23.** | **Merco Group – 2040 Camfield Avenue LLC** | |
| 23C | General Unsecured Claims - $629 | Unimpaired. |
| 23D | Intercompany Claims - $5,163,790 | Unimpaired. |
| 23E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **24.** | **Merco Group – Ceres Street Produce LLC** | |
| 24A | Los Angeles County Secured Tax Claim - $70,090 | Impaired. |
| 24C-1 | General Unsecured Claims – Convenience Class - $121 | Unimpaired. |
| 24C-2 | General Unsecured Claims - $2,036 | Impaired. |
| 24D | Intercompany Claims - $2,772,264 | Unimpaired. |
| 24E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **25.** | **Meruelo Baldwin Park LLC** | |
| 25A | Los Angeles County Secured Tax Claim - $216,638 | Impaired. |
| 25C-1 | Unsecured Claims – Tenant Security Deposits - $3,000 | Unimpaired. |
| 25C-2 | General Unsecured Claims – Convenience Class - $213 | Unimpaired. |
| 25C-3 | General Unsecured Claims - $4,059 | Impaired. |
| 25D | Intercompany Claims - $8,847,699 | Unimpaired. |
| 25E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **26.** | **Santa Fe & Washington Market LLC** | |
| 26A | Los Angeles County Secured Tax Claim - $39,305 | Impaired. |
| 26C-1 | Unsecured Claims – Tenant Security Deposits - $27,900 | Unimpaired. |
| 26C-2 | General Unsecured Claims – Convenience Class - $251 | Unimpaired. |
| 26C-3 | General Unsecured Claims - $4,568 | Impaired. |
| 26D | Intercompany Claims - $4,879,642 | Unimpaired. |
| 26E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **27.    Merco Group – 5707 S. Alameda LLC** | | |
| 27A | Los Angeles County Secured Tax Claim re $120,619 | Impaired. |
| 27C-1 | Unsecured Claims – Tenant Security Deposits - $5,794 | Unimpaired. |
| 27C-2 | General Unsecured Claims – Convenience Class - $718 | Unimpaired. |
| 27C-3 | General Unsecured Claims - $16,650 | Impaired. |
| 27D | Intercompany Claims - $4,859,886 | Unimpaired. |
| 27E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **28.    Meruelo Maddux – 3rd and Omar Street LLC** | | |
| 28A-1 | Los Angeles County Secured Tax Claim - $0 | Impaired. |
| 28C-1 | Unsecured Claims – Tenant Security Deposits - $0 | Unimpaired. |
| 28C-2 | General Unsecured Claims – Convenience Class - $954 | Unimpaired. |
| 28C-3 | General Unsecured Claims - $2,749 | Impaired. |
| 28D | Intercompany Claims - $3,416,741 | Unimpaired. |
| 28E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **29.    Meruelo Maddux – 336 W. 11th Street LLC** | | |
| 29A-1 | Los Angeles County Secured Tax Claim - $217,986 | Impaired. |
| 29A-3 | Grand Avenue Lofts, HOA Secured Claim - $270,000 | Impaired |
| 29A-4 | Grand Avenue Lofts, LLC / CIM Urban RE Fund GP II, LLC Secured Claim – unliquidated | Impaired. |
| 29C-1 | General Unsecured Claims – Convenience Class - $400 | Unimpaired. |
| 29C-2 | General Unsecured Claims - $43,834 | Impaired. |
| 29D | Intercompany Claims - $10,554,921 | Unimpaired. |
| 29E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **30.    Meruelo Maddux – 420 Boyd Street LLC** | | |
| 30A-1 | Los Angeles County Secured Tax Claim - $0 | Impaired. |
| 30C-1 | Unsecured Claims – Tenant Security Deposits - $0 | Unimpaired. |

-29-

368887.02 [XP]     25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 30C-2 | General Unsecured Claims – Convenience Class - $1,799 | Unimpaired. |
| 30C-3 | General Unsecured Claims - $31,272 | Impaired. |
| 30D | Intercompany Claims - $2,607,940 | Unimpaired. |
| 30E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **31.    Meruelo Maddux – 500 Mateo Street LLC** | | |
| 31C-1 | General Unsecured Claims – Convenience Class - $255 | Unimpaired. |
| 31C-2 | General Unsecured Claims - $1,634 | Impaired. |
| 31D | Intercompany Claims - $1,968,955 | Unimpaired. |
| 31E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **32.    Meruelo Maddux Properties – 760 S. Hill Street LLC** | | |
| 32A-1 | Los Angeles County Secured Tax Claim - $281,044 | Impaired. |
| 32A-2 | Bank of America Secured Claim - $28,108,094 | Impaired. |
| 32B | Other Priority Claims - $14,223 | Unimpaired. |
| 32C-1 | Unsecured Claims – Tenant Security Deposits - $39,061 | Unimpaired. |
| 32C-2 | General Unsecured Claims – Convenience Class - $2,186 | Unimpaired. |
| 32C-3 | General Unsecured Claims - $655,399 | Impaired. |
| 32D | Intercompany Claims - $25,543,339 | Unimpaired. |
| 32E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **33.    788 S. Alameda LLC** | | |
| 33A-1 | Los Angeles County Secured Tax Claim - $104,514 | Impaired. |
| 33A-2 | California Bank & Trust Secured Claim - $7,153,799 | Impaired. |
| 33B | Other Priority Claims - $1,382 | Unimpaired. |
| 33C-1 | Unsecured Claims – Tenant Security Deposits - $85,000 | Unimpaired. |
| 33C-2 | General Unsecured Claims – Convenience Class - $1,503 | Unimpaired. |
| 33C-3 | General Unsecured Claims - $65,876 | Impaired. |
| 33D | Intercompany Claims - $1,485,597 | Unimpaired. |

368887.02 [XP]      25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|-------|---------------------|----------------------|
| 33E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **34.  905 8th Street LLC** | | |
| 34A-1 | Los Angeles County Secured Tax Claim - $95,421 | Impaired. |
| 34A-2 | Stanford Secured Claim - $1,950,000 | Impaired. |
| 34C-1 | Unsecured Claims – Tenant Security Deposits - $3,525 | Unimpaired. |
| 34C-2 | General Unsecured Claims – Convenience Class - $300 | Unimpaired. |
| 34C-3 | General Unsecured Claims - $13,525 | Impaired. |
| 34D | Intercompany Claims - $2,814,172 | Unimpaired. |
| 34E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **35.  Meruelo Maddux – 915-949 S. Hill Street LLC** | | |
| 35A-1 | Los Angeles County Secured Tax Claim - $338,027 | Impaired. |
| 35A-2 | Imperial Secured Claim - $9,007,827 | Impaired. |
| 35C-1 | General Unsecured Claims – Convenience Class - $674 | Unimpaired. |
| 35C-2 | General Unsecured Claims - $2,629 | Unimpaired. |
| 35C-3 | Tenant Security Deposits - $30,000 | Unimpaired. |
| 35D | Intercompany Claims - $17,716,678 | Unimpaired. |
| 35E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **36.  Alameda Produce Market LLC** | | |
| 36A-1-a | Los Angeles County Secured Tax Claim re Alameda Produce Market Encumbered Real Property - $462,572 | Impaired. |
| 36A-1-b | Los Angeles County Secured Tax Claim re Alameda Produce Market Unencumbered Real Property - $39,199 | Impaired. |
| 36A-2 | Cathay Bank Secured Claim - $48,815,711 | Impaired. |
| 36A-3 | Cathay Bank Secured Claim - $9,848,944 | Impaired. |
| 36A-4 | Secured Claim of Oliver Sandifer & Murphy - $436,901 | Impaired |
| 36B | Other Priority Claims - $23,169 | Unimpaired. |
| 36C-1 | Unsecured Claims – Tenant Security Deposits - $301,019 | Unimpaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 36C-2 | General Unsecured Claims – Convenience Class - $1,650 | Unimpaired. |
| 36C-3 | General Unsecured Claims - $696,776 | Impaired. |
| 36E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **37.      Merco Group – 1500 Griffith Avenue LLC** | | |
| 37A-1-a | Los Angeles County Secured Tax Claim re 1500 Griffith Avenue Real Property - $0 | Impaired. |
| 37A-1-b | Los Angeles County Secured Tax Claim re 1510 Griffith Avenue Real Property - $86,516 | Impaired. |
| 37A-3 | Murakami Secured Claim - $2,945,000 | Impaired. |
| 37C-1 | Unsecured Claims – Tenant Security Deposits - $0.00 - $58,830 | Unimpaired. |
| 37C-2 | General Unsecured Claims - $2,429 | Impaired. |
| 37D | Intercompany Claims - $5,508,367 | Unimpaired. |
| 37E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **38.      Meruelo Maddux Properties – 1919 Vineburn Street LLC** | | |
| 38A-1 | Los Angeles County Secured Tax Claim - $151,536 | Impaired. |
| 38A-2 | Imperial Secured Claim - $5,468,543 | Impaired. |
| 38C-1 | Unsecured Claims – Tenant Security Deposits - $42,210 | Unimpaired. |
| 38C-2 | General Unsecured Claims – Convenience Class - $275 | Unimpaired. |
| 38C-3 | General Unsecured Claims - $2,629 | Impaired. |
| 38D | Intercompany Claims - $3,035,648 | Unimpaired. |
| 38E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **39.      Meruelo Maddux Properties – 2131 Humboldt Street LLC** | | |
| 39A-1-a | Los Angeles County Secured Tax Claim Against 2131 Humboldt Encumbered Real Property - $0 | Impaired. |
| 39A-1-b | Los Angeles County Secured Tax Claim Against 2131 Humboldt Unencumbered Real Property - $0 | Impaired. |
| 39C-1 | Unsecured Claims – Tenant Security Deposits - $0 | Unimpaired |
| 39C-2 | General Unsecured Claims – Convenience Class $485 | Unimpaired. |

368887.02 [XP]      25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 39C-3 | General Unsecured Claims - $3,608 | Impaired. |
| 39D | Intercompany Claims - $13,680,208 | Unimpaired. |
| 39E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **40.  Merco Group – 2529 Santa Fe Avenue LLC** | | |
| 40A-1 | Los Angeles County Secured Tax Claim - $138,336 | Impaired. |
| 40A-2 | 1248 Figueroa Street Secured Claim - $3,134,825 | Impaired. |
| 40C-1 | Unsecured Claims – Tenant Security Deposits - $15,000 | Unimpaired. |
| 40C-2 | General Unsecured Claims – Convenience Class - $718 | Unimpaired. |
| 40C-3 | General Unsecured Claims - $25,026 | Impaired. |
| 40D | Intercompany Claims - $3,703,446 | Unimpaired. |
| 40E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **41.  2640 Washington Boulevard LLC** | | |
| 41A-1 | Los Angeles County Secured Tax Claim - $231,852 | Impaired. |
| 41A-2 | EWB Secured Claim - $6,066,073 | Impaired. |
| 41C-1 | Unsecured Claims – Tenant Security Deposits - $52,150 | Unimpaired. |
| 41C-2 | General Unsecured Claims – Convenience Class - $1,262 | Unimpaired. |
| 41C-3 | General Unsecured Claims - $23,510 | Impaired. |
| 41D | Intercompany Claims - $3,920,800 | Unimpaired. |
| 41E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **42.  Meruelo Maddux Properties – 2951 Lenwood Road LLC** | | |
| 42A-1 | FNBN Secured Claim - $8,983,643 | Impaired. |
| 42C-1 | General Unsecured Claims – Convenience Class $350 | Unimpaired. |
| 42C-2 | General Unsecured Claims - $6,281,750 | Impaired. |
| 42D | Intercompany Claims - $6,179,424 | Unimpaired. |
| 42E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **43.    Merco Group – 3185 E. Washington Boulevard LLC** | | |
| 43A-1-a | Los Angeles County Secured Tax Claim re 3185 E. Washington Boulevard Encumbered Real Property- $209,776 | Impaired. |
| 43A-1-b | Los Angeles County Secured Tax Claim re 3185 E. Washington Boulevard Unencumbered Real Property- $1,063 | Impaired. |
| 43A-2 | Chinatrust Secured Claim - $9,541,565 | Impaired. |
| 43C-1 | General Unsecured Claims – Convenience Class - $63 | Unimpaired. |
| 43C-2 | General Unsecured Claims - $1,679 | Impaired. |
| 43C-3 | Unsecured Claims – Tenant Security Deposits $250,000 | Unimpaired. |
| 43D | Intercompany Claims - $1,938,813 | Unimpaired. |
| 43E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **44.    Merco Group – 4th Street Center LLC** | | |
| 44A-1 | Los Angeles County Secured Tax Claim - $0 | Impaired. |
| 44C-1 | General Unsecured Claims – Convenience Class - $407 | Unimpaired. |
| 44C-2 | General Unsecured Claims - $17,629 | Impaired. |
| 44C-3 | General Unsecured Claims – Tenant Security Deposits - $0 | Unimpaired. |
| 44D | Intercompany Claims - $6,840,375 | Unimpaired. |
| 44E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **45.    Merco Group – 425 W. 11th Street LLC** | | |
| 45A-1 | Los Angeles County Secured Tax Claim - $363,625 | Impaired. |
| 45C-1 | General Unsecured Claims – Convenience Class - $835 | Unimpaired. |
| 45C-2 | General Unsecured Claims - $4,243 | Impaired. |
| 45D | Intercompany Claims - $11,737,757 | Unimpaired. |
| 45E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **46.** | **Merco Group – 620 Gladys Avenue LLC** | |
| 46A-1-a | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Encumbered Real Property - $0 | Impaired. |
| 46A-1-b | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Unencumbered Real Property - $121,492 | Impaired. |
| 46C-1 | Unsecured Claims – Tenant Security Deposits - $0.00 - $22,682 | Unimpaired. |
| 46C-2 | General Unsecured Claims - $1,478 | Impaired. |
| 46D | Intercompany Claims - $9,788,629 | Unimpaired. |
| 46E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **47.** | **Merco Group – 2001-2021 W. Mission Boulevard LLC** | |
| 47A-1 | Los Angeles County Secured Tax Claim - $112,819 | Impaired. |
| 47A-2 | PNL Pomona LP Secured Claim – $8,462,940 | Impaired. |
| 47C-1 | General Unsecured Claims – Convenience Class - $899 | Unimpaired. |
| 47C-2 | General Unsecured Claims - $5,379 | Impaired. |
| 47D | Intercompany Claims - $12,948,409 | Unimpaired. |
| 47E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **48.** | **Merco Group – Little J LLC** | |
| 48A-1-a | Los Angeles County Secured Tax Claim  re 1119 S. Olive Street - $57,560 | Impaired. |
| 48A-1-b | Los Angeles County Secured Tax Claim re 1124 S. Olive Street - $68,960 | Impaired. |
| 48C-1 | General Unsecured Claims – Convenience Class - $400 | Unimpaired. |
| 48C-2 | General Unsecured Claims - $2,229 | Impaired. |
| 48C-3 | Tenant Security Deposit Claims - $7,000 | Unimpaired. |
| 48D | Intercompany Claims - $8,299,295 | Unimpaired. |
| 48E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

368887.02 [XP]      25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| **49.    Merco Group – Southpark LLC** | | |
| 49A-1 | Los Angeles County Secured Tax Claim - $625,953 | Impaired. |
| 49A-2 | Bank of America Secured Claim - $20,000,000 | Impaired. |
| 49C-1 | General Unsecured Claims – Convenience Class - $777 | Unimpaired. |
| 49C-2 | General Unsecured Claims - $908,308 | Unimpaired. |
| 49C-3 | Tenant Security Deposit Claims - $31,000 | Unimpaired. |
| 49D | Intercompany Claims - $37,919,096 | Unimpaired. |
| 49E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **50.    Merco Group LLC** | | |
| 50A-1 | Los Angeles County Secured Tax Claim $0 | Impaired. |
| 50C-1 | General Unsecured Claims – Convenience Class - $350 | Unimpaired. |
| 50C-2 | General Unsecured Claims - $108,423 | Unimpaired. |
| 50D | Intercompany Claims - $16,604,526 | Unimpaired. |
| 50E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **51.    Meruelo Farms LLC** | | |
| 51A-1-a | Los Angeles County Secured Tax Claim re 815 E. Temple Street - $103,517 | Impaired. |
| 51A-1-b | Los Angeles County Secured Tax Claim re 729 E. Temple Street - $228,384 | Impaired. |
| 51A-2 | Imperial Secured Claim - $6,978,349 | Impaired. |
| 51A-3 | Pacific Commerce Secured Claim - $3,350,000 | Impaired. |
| 51C-1 | General Unsecured Claims – Convenience Class - $92 | Unimpaired. |
| 51C-2 | General Unsecured Claims - $187,076 | Impaired. |
| 51D | Intercompany Claims - $9,138,503 | Unimpaired. |
| 51E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **52.    Meruelo Wall Street LLC** | | |
| 52A-1 | Los Angeles County Secured Tax Claim - $465,046 | Impaired. |

368887.02 [XP]    25195

| CLASS | DESCRIPTION OF CLASS | IMPAIRED / UNIMPAIRED |
|---|---|---|
| 52A-2 | EWB Secured Claim - $20,850,859 | Impaired. |
| 52B | Other Priority Claims - $9,542 | Unimpaired. |
| 52C-1 | Unsecured Claims – Tenant Security Deposits - $297,650 | Unimpaired. |
| 52C-2 | General Unsecured Claims – Convenience Class - $1,761 | Unimpaired. |
| 52C-3 | General Unsecured Claims - $20,873 | Impaired. |
| 52D | Intercompany Claims - $3,133,131 | Unimpaired. |
| 52E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **53.    Meruelo Maddux – Mission Boulevard LLC** | | |
| 53A-1 | Los Angeles County Secured Tax Claim - $305,815 | Impaired. |
| 53A-2 | BNP Secured Claim - $8,800,000 | Impaired. |
| 53C | General Unsecured Claims - $15,515 | Impaired. |
| 53D | Intercompany Claims - $20,054,067 | Unimpaired. |
| 53E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **54.    Santa Fe Commerce Center, Inc.** | | |
| 54A-1 | Los Angeles County Secured Tax Claim - $109,152 | Impaired. |
| 54A-2 | Berkadia Secured Claim - $10,170,904 | Impaired. |
| 54A-3 | RoofCorp of CA, Inc. Secured Claim - $111,377 | Impaired. |
| 54C-1 | Unsecured Claims – Tenant Security Deposits -$79,667 | Unimpaired |
| 54C-2 | General Unsecured Claims – Convenience Class - $755 | Unimpaired. |
| 54C-3 | General Unsecured Claims - $15,369 | Impaired. |
| 54E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

B.    **GENERAL PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS**

1.    **Unclassified Claims (Applicable to all of the Debtors)**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically

1  entitled to a specific treatment provided for them in the Bankruptcy Code.  As such, the Debtors

2  have not placed the following claims in a class.  The treatment of these claims is provided below.

3  **a.    Administrative Claims**

4  Administrative Claims are claims for costs or expenses of administering the Debtors'

5  Chapter 11 Cases which are allowed under Bankruptcy Code Section 507(a)(2).  The Bankruptcy

6  Code requires that all Administrative Claims be paid on the Effective Date of the Plan, unless a

7  particular claimant agrees to a different treatment.  The following chart lists the Debtors' Section

8  507(a)(2) Administrative Claims arising from the employment of professionals and the costs and

9  the statutory fees of the Bankruptcy Court and the Office of the United States Trustee and their

10  treatment under this Plan.

| NAME | ESTIMATED AMOUNT OWED[2] | TREATMENT |
|---|---|---|
| DANNING, GILL, DIAMOND & KOLLITZ, LLP – Reorganization Counsel to the Debtors | $516,800 | See below. |
| STUTMAN, TREISTER & GLATT Special Reorganization Counsel for Debtors | To be determined. | See below. |
| SULMEYERKUPETZ – Counsel to the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases of the MMPI Debtors | $158,400 | See below. |
| FTI CONSULTING – Financial Advisors to the MMPI Debtors | $161,000 | See below. |
| ERNST & YOUNG LLP – Independent Auditors and Tax Advisors to the MMPI Debtors | $121,000 | See below. |
| DLA PIPER – Special Counsel to the MMPI Debtors | $19,200 | See below. |
| LEWIS LANDAU | To Be Determined | See below. |

[2]     Stated amounts are estimates based on information available as of September 1, 2010.  Any requests must comply with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

-38-

368887.02 [XP]     25195

| NAME | ESTIMATED AMOUNT OWED[2] | TREATMENT |
|------|------|------|
| KIBEL GREEN, INC. Financial Advisors to the Official Committee of Unsecured Creditors | $52,800 | See below. |
| KIBEL GREEN, INC. Financial Advisors to the Official Equity Holders Committee | To Be Determined. | See below. |
| RON ORR & PROFESSIONALS, INC.; RODIGER LAW OFFICE And JENNER & BLOCK, LLP - Co-Counsel to the Official Equity Holders Committee | To Be Determined. | See below. |
| Clerk's Office Fees | To Be Determined. | Paid in full on the Effective Date. |
| Office of the United States Trustee Fees | To Be Determined. | Paid in full on the Effective Date. |
| TOTAL | $1,179,200 | |

(1)    **General**

Subject to the bar date provisions herein and additional requirements for professionals and certain other entities set forth below, the Reorganized Debtors shall pay to each Holder of an Allowed Administrative Claim, on account of its Administrative Claim and in full satisfaction thereof, Cash equal to the Allowed amount of such Administrative Claim on the Effective Date or as soon as practicable thereafter, unless the Holder agrees or shall have agreed to other treatment of such Claim. Payment on an Administrative Claim which arose in the ordinary course of each Debtor's business, including Ordinary Course Professionals, will be made when such payment would have become due in the ordinary course of each Debtor's business or under the terms of the Claim in the absence of the Chapter 11 Cases.

(2)    **Payment of Statutory Fees**

On or before the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930, as determined by the Court at the hearing on Confirmation, shall be paid in Cash equal to the amount of such Administrative Claim.

(3) **Bar Date for Administrative Claims**

*(a)      General Provisions*

Except as provided below for (i) non-tax liabilities incurred in the ordinary course of business by each Debtor and (ii) Postpetition Tax Claims, requests for payment of Administrative Claims must be Filed and served on counsel for the Reorganized Debtors no later than forty-five (45) days after the Effective Date, or such later date, if any, as the Court shall order upon application made prior to the end of such 45-day period.  Holders of Administrative Claims (including, without limitation, professionals requesting compensation or reimbursement of expenses and the Holders of any Claims for federal, state or local taxes) that are required to File a request for payment of such Claims and that do not File such requests by the applicable bar date shall be forever barred from asserting such Claims against any of the Debtors or the Reorganized Debtors or any of their respective properties.

*(b)      Professionals*

All professionals or other Persons requesting compensation or reimbursement of expenses pursuant to any of Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered on or before the Effective Date (including, inter alia, any compensation requested by any professional or any other Person for making a substantial contribution in the Reorganization Case) shall File and serve on the Reorganized Debtors and the Creditors' Committee and Equity Committee an application for final allowance of compensation and reimbursement of expenses no later than (i) forty-five (45) days after the Effective Date, or (ii) such later date as the Court shall order upon application made prior to the end of such 45-day period.  Objections to applications of professionals for compensation or reimbursement of expenses must be Filed and served on Reorganized Debtors, the Creditors' Committee and Equity Committee and the professionals to whose application the objections are addressed on or before (i) fourteen days after such application is Filed and served or (ii) such later date as the Court shall order or upon agreement between the Reorganized Debtors and the affected professional.

368887.02 [XP]      25195

1    Any professional fees and reimbursements of expenses incurred by the Reorganized

2    Debtors subsequent to the Effective Date may be paid by the Reorganized Debtors without

3    application to or Order of the Court.

4                          *(c)      Ordinary Course Liabilities*

5    Holders of Administrative Claims based on liabilities incurred post-petition in the ordinary

6    course of the Debtors' businesses, including Ordinary Course Professionals, (other than Claims of

7    governmental units for taxes or Claims and/or penalties related to such taxes) shall not be required

8    to File any request for payment of such Claims.  Such Administrative Claims shall be assumed and

9    paid by such Reorganized Debtor pursuant to the terms and conditions of the particular transaction

10   giving rise to such Administrative Claim, without any further action by the Holders of such Claims.

11                          *(d)      Tax Claims*

12   In accordance with Section 503(b)(1)(D) of the Bankruptcy Code, notwithstanding the

13   requirements of Section § 503(a) of the Bankruptcy Code, a governmental unit shall not be required

14   to File a request for the payment of an expense described in Sections 503(b)(1)(B) or (C) of the

15   Bankruptcy Code as a condition of its being an Allowed administrative expense.  With respect to

16   Postpetition Tax Claims for which requests for payment must be filed, all requests for payment of

17   Postpetition Tax Claims for which no bar date has otherwise been previously established must be

18   Filed on or before the later of (i) forty-five (45) days following the Effective Date; and (ii) 120

19   days following the filing of the tax return for such taxes for such tax year or period with the

20   applicable governmental unit.  Any Holder of any Postpetition Tax Claim that is required to File a

21   request for payment of such taxes and that does not File such a Claim by the applicable bar date

22   shall be forever barred from asserting any such Postpetition Tax Claim against any of the Debtors

23   or Reorganized Debtors, or any of their respective properties, whether any such Postpetition Tax

24   Claim is deemed to arise prior to, on, or subsequent to, the Effective Date.  The Debtors are paying

25   all Postpetition Tax Claims as they come due; however, certain taxing authorities conduct audits

26   which may result in a postpetition tax liability of which the Debtors are currently unaware.  Los

27   Angeles County has filed administrative priority claims against MMPI and MMP 12385 San

28   Fernando Road for $229,193 and $6,864 respectively.  The Debtors believe these taxes have been

368887.02 [XP]    25195

1    paid and, in any event, are resolved pursuant to the terms of the settlement between the Debtors and

2    Los Angeles County.  MMP 2951 Lenwood Road will timely pay its post-petition real property

3    taxes to the County of San Bernardino, including any additional amounts that have accrued under

4    state law and the County of San Bernardino retains its state law rights with respect to the payment

5    of such taxes.

6                                (4)        **Inter-Debtor Administrative Claims**

7            The Debtors' cash management system provides for funds to flow to and from a cash

8    concentration account maintained by MMPLP.  The concentration account is linked to the

9    operating bank accounts of each of the Debtors, which bank accounts are maintained as zero

10   balance accounts.  When needed to fund payment on checks issued by a particular affiliate, funds

11   are transferred from the concentration account to the operating account of that affiliate.  Excess

12   funds, if any, are invested in interest bearing accounts pending their utilization.  The cash

13   management system produces inter-Debtor account receivables and account payables.  Transactions

14   occurring after the Petition Date produce inter-Debtor Administrative Claims owed to MMPLP.  As

15   of July 31, 2010, the aggregate amount of the inter-Debtor Administrative Claims owed to MMPLP

16   was approximately $2,662,265.  MMPLP shall retain such Administrative Claims and all rights,

17   interests, and obligations related thereto but, notwithstanding, MMPLP shall agree to subordinate

18   its right to receive payment on account of such Administrative Claims until the Holders of Allowed

19   Claims in Classes B and C have received the distributions they are entitled to received under this

20   Plan.  MMPLP shall not consent to subordinate its right to receive payment on account of such

21   Administrative Claims under any plan proposed by a party other than the Debtors.

22                           **b.        Priority Tax Claims**

23           Priority Tax Claims are certain unsecured income, employment and other taxes described

24   by Bankruptcy Code Section 507(a)(8).  The following chart lists the Debtors' Section 507(a)(8)

25   priority Tax Claims and their treatment under this Plan.

26

27

28

368887.02 [XP]        25195

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **1.    Meruelo Maddux Properties Inc.** | | |
| **Name –** IRS<br>**Type of tax –** Income | $304 | See below. |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **Name –** State of Delaware<br>**Type of tax –** Franchise | $125,138 | See below. |
| **2.    Meruelo Maddux Properties L.P.** | | |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **4.    Meruelo Maddux Construction, Inc.** | | |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **10.    Meruelo Maddux Properties – 1009 N. Citrus Avenue, Covina** | | |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **11.    Meruelo Maddux – 230 W. Avenue 26 LLC** | | |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **12.    Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC** | | |
| **Name –** City of Los Angeles<br>**Type of tax –** Business | $151,232 | See below. |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **13.    Meruelo Maddux – 817-825 S. Hill Street LLC** | | |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |
| **14.    Meruelo Maddux – 1000 E. Cesar Chavez LLC** | | |
| **Name –** Franchise Tax Board<br>**Type of tax –** Income | $0.00 | See below. |

368887.02 [XP]    25195

| NAME | AMOUNT OWED | TREATMENT |
|---|---|---|
| **15.      Meruelo Maddux Properties – 1060 N. Vignes LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **Name** – State Board of Equalization<br>**Type of tax** –  Hazardous Substance Tax | $61,916 | See below. |
| **17.      Meruelo Maddux – 5500 Flotilla Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **18.      Meruelo Maddux Properties – 12385 San Fernando Road LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **20.      Merco Group – 801 E. 7th Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **21.      Merco Group – 1211 E. Washington Boulevard LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **28.      Meruelo Maddux – 3rd and Omar Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **29.      Meruelo Maddux – 336 W. 11th Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **30.      Meruelo Maddux – 500 Mateo Street LLC** | | |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |
| **31.      Meruelo Maddux Properties – 760 S. Hill Street LLC** | | |
| **Name** – City of Los Angeles<br>**Type of tax** – Business | $1,885 | See below. |
| **Name** – Franchise Tax Board<br>**Type of tax** – Income | $0.00 | See below. |

368887.02 [XP]      25195

| NAME | AMOUNT OWED | TREATMENT |
|------|-------------|-----------|
| **35.      Meruelo Maddux – 915-949 S. Hill Street LLC** | | |
| **Name** – Franchise Tax Board **Type of tax** – Income | $0.00 | See below. |
| **39.      Meruelo Maddux Properties – 2131 Humboldt Street LLC** | | |
| **Name** – Franchise Tax Board **Type of tax** – Income | $0.00 | See below. |
| **42.      Meruelo Maddux Properties – 2951 Lenwood Road LLC** | | |
| **Name** – Franchise Tax Board **Type of tax** – Income | $0.00 | See below. |
| **52.      Meruelo Wall Street LLC** | | |
| **Name** – Franchise Tax Board **Type of tax** – Income | $0.00 | See below. |
| **TOTAL**[3] | **$340,779** | |

With respect to the claim of the State Board of Equalization asserted against the estate of MMP 1060 N. Vignes, the Reorganized Debtor shall pay the Allowed amount of such Priority Tax Claim in full, with interest on the principal amount of such Claim at the rate of 8.0% per annum for the period from the Petition Date to December 31, 2009, 7.0% per annum for the period from January 1, 2010, to June 30, 2011, 6.0% per annum for the period from July 1, 2011, to December 31, 2011, and such other rate thereafter as required by California Revenue and Taxation Code Section 6482 as published by the Board of Equalization at www.boe.ca.gov/sutax/interates.htm. As to all other Priority Tax Claims, except as otherwise agreed to by a Reorganized Debtor and the applicable taxing agency, the Reorganized Debtor shall pay each Allowed Priority Tax Claim in full, with interest at the rate of 5.0% per annum accruing from the Petition Date.  Payment of

---

[3]      The Franchise Tax Board has filed claims for franchise taxes for the 2009 year corporate tax fee of $800 in the Debtors' cases scheduled above.  Debtors' records indicate that all such taxes have been paid and, accordingly, the above schedule shows the amount of the such FTB claims to be zero but if it is determined that the FTB has Allowable Claims, the treatment is as provided above.

368887.02 [XP]      25195

1  Priority Tax Claims shall be made on the latest of (a) 30 days after the Effective Date and (b) in the

2  case of a Disputed Priority Tax Claim, 30 days after an Order allowing such Priority Tax Claim

3  becomes a Final Order.  The Reorganized Debtors shall have the right to pay the Allowed Priority

4  Tax Claims against a particular Debtor in full, with interest at the rate(s) stated above, on the

5  Effective Date.

6  **2.      Common Class Treatments For Classified Claims**

7  The following are Common Class Treatments for the following classes of Claims and

8  Interests: (i) Secured Tax Claims, (ii) Secured Lender Claims, (iii) Other Priority Claims,

9  (iv) Unsecured Tenant Security Deposit Claims, (v) Convenience Class Claims, (vi) General

10  Unsecured Claims, (vii) Intercompany Claims, and (viii) Interests.  The Classes of Claims and

11  Interests for each Debtor will either receive the Common Treatment or a treatment specific to a

12  particular Class and Debtor.  For each Class and for each Debtor, the Plan will specify whether

13  such class will receive the common treatment set forth herein or another treatment.

14  In addition to the specific treatment detailed below, the Debtors expressly reserve the right

15  to abandon any of their real properties pursuant to Section 554 of the Bankruptcy Code prior to the

16  Confirmation Date.  The Debtors also expressly reserve the right, at any time during the term of the

17  Plan, to refinance the obligations secured by any of their real properties or to sell such any or all of

18  such real properties and satisfy the full amount of the Allowed Secured Claims against such real

19  property(ies) from the proceeds of such refinancing.  The Debtors also reserve the right, subject to

20  Court approval, to sell any of their properties prior to the Effective Date and Reinstate the

21  obligations with respect thereto and pay any such claims in full under the Plan at the Effective

22  Date.  The Debtors also reserve the right to make full or partial repayment of the debt at any time

23  on or following the Effective Date.

24  **a.      Common Secured Tax Claim Treatment**

25  Certain of the Debtors and Los Angeles County have agreed to a settlement of certain

26  claims and other matters, including the treatment of Los Angeles County's Secured Tax Claims

27  under the Plan.  The Common Secured Tax Claim Treatment shall be consistent with the settlement

28  approved by the Court in its *Revised Order on Debtor's Motion for Approval of Settlement with the*

368887.02 [XP]      25195

1   *County of Los Angeles Tax Collector* entered on or about August 13, 2010 (*docket entry no. 1689*),

2   and its *Order on Debtors Meruelo Maddux Properties – 760 S. Hill Street, LLC's and Merco*

3   *Group – Southpark, LLC's Motion for Approval of Settlement with the County of Los Angeles Tax*

4   *Collector* entered on or about December 15, 2010 (*docket entry no. 2400*).  To the extent that the

5   last payment occurs under the Court-approved settlement later than March 26, 2013, Los Angeles

6   County has consented to this treatment.

7                     **b.      Common Secured Lender Claim Treatment**

8            The Holder shall receive deferred Cash payments over a period of either (i) five years from

9   the Effective Date if the Holder votes to accept the Plan or (ii) seven years from the Effective Date

10  if the Holder votes to reject the Plan (the "Maturity Date"), in an aggregate amount equal to the

11  amount of the Allowed Secured Claim, plus interest from the Effective Date on the unpaid portion

12  of the Allowed Secured Claim, at the rate prescribed below.  Payments shall be made in the amount

13  of the monthly accruing interest, with the principal balance and any unpaid interest due and payable

14  at the Maturity Date.  The monthly installments of interest shall be payable on or before the

15  fifteenth (15th) day of each month, with the first installment due on or before the fifteenth (15th)

16  day of the month following the month in which the Effective Date occurs.  Each installment shall

17  be in the amount equal to interest on the Allowed Claim at the rate of 5.0% per annum or as

18  otherwise established by the Court, provided, however, that in the event such Claim is not an

19  allowed Claim at the Effective Date then interest shall be payable on the undisputed portion of such

20  Claim until the Claim is allowed pursuant to a Final Order of the Bankruptcy Court.  Once the

21  Claim is an Allowed Claim pursuant to a Final Order, then on the next interest payment date, the

22  Holder shall receive a payment equal to the unpaid interest due and owing on the disputed portion

23  of the Claim from the Effective Date.

24           The terms and conditions of the agreements or instruments between the Holder and the

25  Debtor shall be restructured and amended as of the Effective Date pursuant to Loan Modification

26  Agreement, the form of which is attached to the Disclosure Statement as Exhibit D.  The Holder

27  and Debtor shall, within a reasonable period of time after the Effective Date (or after a Final Order

28  of the Bankruptcy Court allowing the Claim) complete the Loan Modification Agreement

368887.02 [XP]      25195

1  consistent with the terms of this Plan, and execute and deliver the same to be effective as of the

2  Effective Date.  If there shall be found any error in the Loan Modification Agreement such that it

3  was not completed consistent with the terms of this Plan, the Holder and the Debtor shall correct

4  and re-execute the Loan Modification Agreement to be consistent with the Plan.  Except as

5  provided in this section and the Loan Modification Agreement, and notwithstanding Section

6  1141(c) or any other provision of the Bankruptcy Code, all valid, enforceable and perfected

7  prepetition liens of the Holder in its Collateral shall survive the Effective Date and continue in

8  accordance with the contractual terms of the underlying agreements with such Holder and/or

9  applicable law until the Holder's Allowed Secured Claim is satisfied pursuant to this Plan; provided

10 however, that the Holder shall be prohibited from exercising rights or remedies pursuant to such

11 underlying agreements so long as the Reorganized Debtor is in compliance with this Plan.  Any

12 lien or interest granted to the Holder by the Court as adequate protection shall be released and

13 extinguished upon confirmation.

14                          **c.      Common Other Priority Claim Treatment**

15          This Class includes Other Priority Claims for an amount entitled to priority under Sections

16 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code, and does not include any

17 Administrative Claim or Tax Claim.  These unsecured Other Priority Claims are for unsecured

18 Claims for accrued employee compensation earned within 180 days prior to the Petition Date, to

19 the extent of $10,950 per employee.

20          The Bankruptcy Code requires that each Holder of a Priority Claim receive Cash on the

21 Effective Date equal to the amount of the Holder's Allowed Claim.  However, a Class of Priority

22 Claims may vote to accept deferred Cash payments of a value, as of the Effective Date, equal to the

23 allowed amount of such Claims.

24          Unless otherwise agreed to by the parties, each Holder of an Allowed Other Priority Claim

25 will receive an initial payment equal to 50% of the Holder's Allowed Claim and a second payment

26 for the balance of the Holder's Allowed Claim one year after the Effective Date with interest at the

27 rate of 4.0% per annum.  To the extent such Claim includes accrued vacation or sick pay, such

28 vacation or sick pay shall not be disbursed in Cash but the vacation or sick time shall be reinstated

368887.02 [XP]    25195

1  and the Holder shall be authorized to use such amounts for vacation or sick time following the

2  Effective Date.  The initial payment shall occur on or before the later of (i) the Effective Date or

3  (ii) 30 days after the end of the calendar quarter in which the Disputed Claim becomes an Allowed

4  Claim and (iii) the date that such Claim would be paid in accordance with any terms and conditions

5  of any agreements or understandings relating thereto between the applicable Debtor and the Holder

6  of such Claim.

7  **d.    Common Tenant Security Deposit Treatment**

8  The Allowed Claims of the Holders shall be reinstated as of the Effective Date of the Plan.

9  In the event the Debtors transfer title to the real property related to an unexpired lease prior to the

10  Effective Date or pursuant to the Plan, the Debtors will assign the related lease and transfer any

11  corresponding security deposits to the new lessor.

12  **e.    Common Convenience Class Claim Treatment**

13  Convenience Classes of General Unsecured Claims against each Debtor includes those

14  Claims the amount of which are equal to or less than $500. The Holders of such Claims shall

15  receive a single Cash payment equal to the full Allowed amount of the Claim, payable on the later

16  of (i) the Effective Date or as soon as practicable thereafter or (ii) in the case of a Disputed Claim,

17  30 days after the date an Order allowing such Claim becomes a Final Order, or (iii) 30 days after

18  the contingent claim becomes non-contingent.  No payments shall be made to Holders of

19  contingent Claims until such Claims become non-contingent.

20  The Holder of any Claim in any "C" Class may elect to reduce the Allowed amount of its

21  Claim to $500 and be treated as a member of the Convenience Class.

22  **f.    Common Unsecured Claim Treatment**

23  The Holders of Allowed General Unsecured Claims shall receive deferred Cash payments

24  equal to 100% of the Allowed amount of the Claim plus interest at the rate of 0.64% per annum

25  from the Petition Date, payable 30 days after Effective Date or, in the event a Disputed Claim

26  becomes an Allowed Claim after the Effective Date, the payment will be due and payable 30 days

27  after the date an Order allowing such Claim becomes a Final Order.

28

368887.02 [XP]    25195

1

### g.    Common Unsecured Guaranty Claim Treatment

2      Claims in this Class consist of Guaranty Claims on obligations for which another one of the

3  Debtors is the principal obligor (referred to generally in this section as the "Principal Obligor") and

4  for which the principal obligation is provided for under this Plan.

5      As of the Effective Date, all provisions of all guaranties giving rise to such Guaranty

6  Claims shall be canceled and extinguished, including any and all waivers of suretyship rights and

7  defenses under California Civil Code § 2856, and all Claims arising under such guaranties shall be

8  released except as provided in this Plan.  Guaranty Claims shall be deemed contingent as of the

9  Effective Date and shall be deemed to be guarantees of the amended obligations of the respective

10  Principal Obligors under the Plan.  The guarantor of the Guaranty Claims shall be the Reorganized

11  MMPI.  The Holder of a Guaranty Claim in this Class shall not receive any distribution on account

12  of its Guaranty Claim, unless and until the Principal Obligor defaults under the terms of this Plan

13  (e.g., by failing to make a payment of interest and failing to timely cure such default under the

14  surviving terms of the applicable promissory note).  In that event, the Holder of a Guaranty Claim

15  shall be required to proceed, whether by judicial or non-judicial foreclosure, against all real

16  property securing the debt owed by the Principal Obligor to the Holder before seeking payment on

17  account of its Guaranty Claim.  If the Holder forecloses on such real property collateral, the amount

18  of the Holder's Guaranty Claim shall be equal to the amount owed by the Principal Obligor at the

19  time of default, less the price for which the real property collateral was sold at the foreclosure sale

20  (including by credit bid) or the fair market value of such property at the time of the foreclosure

21  sale, whichever is greater.  If the price for which the real property collateral was sold at the

22  foreclosure sale is greater than the amount owed by the Principal Obligor as of the date of default,

23  the amount of the Holder's Guaranty Claim shall be zero, and any excess amounts will be

24  distributed to the relevant Principal Obligor in accordance with applicable law.

25      If the price for which the real property collateral was sold at the foreclosure sale is less than

26  the amount owed by the Principal Obligor as of the date of default, the Holder's resulting Guaranty

27  Claim shall be deemed non-contingent.  Within thirty (30) days after the foreclosure sale, the

28  Holder shall file a motion with the Bankruptcy Court on regular notice to the Debtors seeking entry

1    of an order determining the amount of the Holder's Guaranty Claim as provided herein.  Upon the

2    entry of that order, the Holder's Guaranty Claim shall receive twenty (20) deferred Cash payments

3    equal to 100% of the Allowed amount of the Claim with interest, payable in equal quarterly

4    installments commencing on the first Quarterly Distribution Date and thereafter on each succeeding

5    Quarterly Distribution Date.  In the event that the order is entered after the first Quarterly

6    Distribution Date, the initial payment shall be due and payable on the later of the next Quarterly

7    Distribution Date or thirty (30) days after the date on which the order is entered.

8                     **h.      Common Treatment for Guaranty Claims held by Settling**

9                              **Guaranty Creditors**

10         The foregoing treatment shall not apply with regard to guaranties executed by MMPI or

11   other Debtors for the benefit of FNBN, Imperial, PCB, or other Holders of Guaranty Claims where,

12   pursuant to settlements approved by the Bankruptcy Court, the guaranties have been confirmed or

13   otherwise continued.  With respect to those guaranties, the treatment of the Holder's Guaranty

14   Claim shall be consistent in all regards with the Bankruptcy Court-approved settlement.

15                    **i.      Common Intercompany Claim Treatment**

16         The Holders shall retain such Claims and all rights, interests, and obligations related thereto

17   but, notwithstanding, the Holders of Intercompany Claims consent to the treatment afforded and

18   distributions to be made under this Plan to Holders in each class of Allowed Claims.

19                    **j.      Common Interest Treatment**

20         The Holders of the Interests in this Class shall retain their Interests in the Debtor.

21   **C.      TREATMENT OF CLASSIFIED CLAIMS AGAINST AND INTERESTS**

22           **AGAINST EACH OF THE DEBTORS**

23           **1.      Claims Against And Interests In MMPI**

24                    **a.      Class 1A Secured Claim of Oliver Sandifer & Murphy**

25         The Class 1A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

26   shall receive deferred Cash payments equal to 100% of the Allowed amount of the Claim, payable

27   30 days after Effective Date.  The Holder shall retain its attorneys' lien on the recoveries in the

28   underlying litigation to which this Holder's lien relates.

368887.02 [XP]      25195

1

**b.      Class 1B Other Priority Claims**

2      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3  shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

4

**c.      Class 1C-1 General Unsecured Claims – Convenience Class**

5      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

7  Claims.

8

**d.      Class 1C-2A Unsecured Guaranty Claims**

9      This Class is Impaired and the Holders are entitled to vote on the Plan.  With the exception

10  of Cathay and CBT, the Holders shall receive the Common Unsecured Guaranty Claim Treatment

11  on Account of their Allowed Claims.

12      *Cathay*.  Automatically effective as of the Effective Date, without need for the Reorganized

13  MMPI and Cathay to enter into any further agreement, the following shall be ratified by Alameda

14  Produce Market and MMPI in full and the treatment of Cathay's Unsecured Guaranty Claims shall

15  be consistent with and in accordance with the terms of the following agreements, the first three of

16  which are attached as Exhibit "L" to this Plan and the second three of which are attached as Exhibit

17  "M" to this Plan:  (a) the Settlement Agreement dated April 29, 2010, between Alameda Produce

18  Market, MMPI and Cathay concerning a loan evidenced by, among other things, the Promissory

19  Note dated November 10, 2005, executed by Alameda Produce Market in favor of Cathay in the

20  original principal amount of $53,000,000 (the "Senior Cathay Loan"), (b) the Third Modification

21  and Extension Agreement dated April 29, 2010, between Alameda Produce Market, MMPI and

22  Cathay concerning the Senior Cathay Loan, (c) the Memorandum of Third Modification and

23  Extension Agreement dated April 29, 2010, between Alameda Produce Market, MMPI and Cathay

24  concerning the Senior Cathay Loan, (d) the Settlement Agreement dated April 29, 2010, between

25  Alameda Produce Market, MMPI and Cathay concerning a loan evidenced by, among other things,

26  the Promissory Note dated October 17, 2006, executed by Alameda Produce Market in favor of

27  Cathay in the original principal amount of $10,000,000 (the "Junior Cathay Loan"), (e) the Sixth

28  Modification and Extension Agreement dated April 29, 2010, between Alameda Produce Market,

1  MMPI and Cathay concerning the Junior Cathay Loan, and (f) the Memorandum of Sixth

2  Modification and Extension Agreement dated April 29, 2010, between Alameda Produce Market,

3  MMPI and Cathay concerning the Junior Cathay Loan.  Cathay has consented to such treatment on

4  account of its Allowed Unsecured Guaranty Claims in lieu of the Common Unsecured Guaranty

5  Claim Treatment.

6       *CBT*.  The treatment of CBT's Unsecured Guaranty Claim shall be consistent with and in

7  accordance with the terms of the Loan Modification Agreement and Confirmation of Guaranty

8  attached as Exhibit "N" to this Plan.  788 S. Alameda and CBT shall, within a reasonable time after

9  the Effective Date, complete the Loan Modification Agreement and execute and deliver the Loan

10  Modification Agreement and the Confirmation of Guaranty to be effective as of the Effective Date.

11  The treatment of CBT's Claim shall in all respects be consistent with and in accordance with the

12  terms of the "Revised Loan Documents" (as defined in the Loan Modification Agreement).  CBT

13  has consented to such treatment on account of its Allowed Unsecured Guaranty Claim in lieu of the

14  Common Unsecured Guaranty Claim Treatment.

15              **e.      Class 1C-2B Unsecured Guaranty Claims**

16       This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

17  receive the Common Treatment for Guaranty Claims held by Settling Guaranty Creditors.

18              **f.      Class 1C-3 General Unsecured Claims**

19       This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

20  receive the Common Unsecured Claim Treatment on account of their Allowed Claims, except that

21  the Debtors and FNBN have agreed to a settlement of certain claims and other matters, including

22  treatment of FNBN's unsecured claim.  FNBN will receive treatment in accordance with the

23  settlement.  Pursuant to the Settlement and this Plan, FNBN shall receive one of the two treatment

24  options at the election of the Debtors:

25       "FNBN Option 1":  The Debtors shall pay on the earlier of the Effective Date or March 27,

26  2011, an amount equal to 50% of FNBN's unsecured claim in the amount of $3,139,910.50.

27       "FNBN Option 2":  FNBN shall receive deferred Cash payments equal to 100% of the

28  Allowed amount of its Claim plus interest at the rate of 1.0% per annum, payable in twenty (20)

1  equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on

2  each succeeding Quarterly Distribution Date.

3                                    **g.      Class 1E Interests**

4          This Class is Impaired, and the Holders are entitled to vote on the Plan. Each Holder of

5  Allowed Interests in this Class, as of the Record Date, shall retain its Interests in the Debtor.  In the

6  alternative, the Holder may elect to have its Interests redeemed, which redemption shall occur on,

7  or as soon as practicable after, the Effective Date.  If the Holder elects to have its stock redeemed,

8  such Holder shall receive on account of and in exchange for its Interests Cash in the amount of

9  $0.25 for each share of MMPI Existing Common Stock held by the Holder.

10         The deadline for Holders of Interests to elect redemption of its MMPI Existing Common

11  Stock shall be the date set as the deadline for casting Ballots to accept or reject the Plan (the

12  "Election Deadline").  Holders who do not make a redemption election as of the Election Deadline

13  will be deemed to have irrevocably elected to retain their Interests in the Debtor.

14                            **2.      Claims Against And Interests In MMPLP**

15                    **a.      Class 2C-1 General Unsecured Claims – Convenience Class**

16         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

17  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

18  Claims.

19                            **b.      Class 2C-3 General Unsecured Claims**

20         This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

21  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

22                            **c.      Class 2D Intercompany Claims**

23         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

24  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

25                            **d.      Class 2E Interests**

26         This Class is Impaired.  The LTIP Units shall be cancelled and the Holders of Interests in

27  the LTIP Units shall not receive any distributions or retain any property on account of their Equity

28

Interests.  The remaining Interests shall be extinguished by the merger of MMPLP with or into MMPI.

### 3.    Claims Against And Interests In MMP Ventures

#### a.    Class 3C General Unsecured Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

#### b.    Class 3D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

#### c.    Class 3E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 4.    Claims Against And Interests In MM Construction

#### a.    Class 4C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

#### b.    Class 4C-2 General Unsecured Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

368887.02 [XP]    25195

### c.    Class 4D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### d.    Class 4E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 5.    Claims Against And Interests In MM Management

### a.    Class 5B Other Priority Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

### b.    Class 5C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### c.    Class 5C-2 General Unsecured Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

### d.    Class 5D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### e.    Class 5E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

368887.02 [XP]    25195

6.    **Claims Against And Interests In MM 555 Central Avenue**

    a.    **Class 6C General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

    b.    **Class 6D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

    c.    **Class 6E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

7.    **Claims Against And Interests In MG Overland Terminal**

    a.    **Class 7C General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

    b.    **Class 7D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

    c.    **Class 7E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

8.    **Claims Against And Interests In National Cold Storage**

    a.    **Class 8C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

    b.    **Class 8C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

1

                **c.**      **Class 8E Interests**

2        This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

3  account of their Interests.

4            **9.**      **Claims Against And Interests In Wall Street Market**

5                **a.**      **Class 9C-1 General Unsecured Claims – Convenience Class**

6        This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

7  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

8  Claims.

9                **b.**      **Class 9C-2 General Unsecured Claims**

10      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

11  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

12             **c.**      **Class 9D Intercompany Claims**

13      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

14  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

15             **d.**      **Class 9E Interests**

16      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

17  account of their Interests.

18          **10.**      **Claims Against And Interests In MMP 1009 N. Citrus**

19            **a.**      **Class 10A Los Angeles County Secured Tax Claim**

20      The Class 10A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

21  shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

22  the parcel(s) constituting the MMP 1009 N. Citrus Real Property.

23            **b.**      **Class 10C-1 General Unsecured Claims – Convenience Class**

24      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26  Claims.

27

28

368887.02 [XP]    25195

### c.    Class 10C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### d.    Class 10D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### e.    Class 10E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 11.    Claims Against And Interests In MM 230 W. Avenue 26

### a.    Class 11A Los Angeles County Secured Tax Claim

The Class 11A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MM 230 W. Avenue 26 Real Property.

### b.    Class 11C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

### c.    Class 11C-2 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### d.    Class 11C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### e.    Class 11D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

1

### f.    Class 11E Interest

2    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

3    account of their Interests.

4    ### 12.    Claims Against And Interests In MMP 306-330 N. Avenue 21

5    ### a.    Class 12A Los Angeles County Secured Tax Claim

6    The Class 12A Claim has been satisfied from the proceeds of sale of the MMP 306-330 N.

7    Avenue 21 Real Property.  Accordingly, no payments are expected to be made on account of this

8    Claim.  In the event that this Claim is Allowed, the Claim is Impaired and the Holder shall receive

9    the Common Secured Tax Claim Treatment with respect to the Allowed amount of the Claim.

10    ### b.    Class 12C-1 Unsecured Claims – Tenant Security Deposits

11    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

12    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

13    ### c.    Class 12C-2 General Unsecured Claims – Convenience Class

14    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

16    Claims.

17    ### d.    Class 12C-3 General Unsecured Claims

18    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

19    receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

20    ### e.    Class 12D Intercompany Claims

21    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

23    ### f.    Class 12E Interests

24    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

25    account of their Interests.

26

27

28

368887.02 [XP]    25195

1    **13.    Claims Against And Interests In MM 817-825 S. Hill Street**

2         **a.    Class 13A Los Angeles County Secured Tax Claim**

3         The Class 13A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

4    shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

5    the parcel(s) constituting the MM 817-825 S. Hill Street Real Property.

6         **b.    Class 13C-1 General Unsecured Claims – Convenience Class**

7         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

9    Claims.

10         **c.    Class 13C-2 General Unsecured Claims**

11         This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

12    receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

13         **d.    Class 13D Intercompany Claims**

14         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

16         **e.    Class 13E Interests**

17         This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

18    account of their Interests.

19    **14.    Claims Against And Interests In MM 1000 E. Cesar Chavez**

20         **a.    Class 14A Los Angeles County Secured Tax Claim**

21         The Class 14A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

22    shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

23    the parcel(s) constituting the MM 1000 E. Cesar Chavez Real Property.

24         **b.    Class 14C-1 Unsecured Claims – Tenant Security Deposits**

25         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

26    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

27

28

368887.02 [XP]    25195

c.    **Class 14C-2 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

d.    **Class 14C-3 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

e.    **Class 14D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

f.    **Class 14E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

15.    **Claims Against And Interests In MMP 1060 N. Vignes**

a.    **Class 15A Los Angeles County Secured Tax Claim**

The Class 15A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MMP 1060 N. Vignes Real Property.

b.    **Class 15C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

c.    **Class 15C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

d.    **Class 15D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

### e.    Class 15E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 16.    Claims Against And Interests In MM 2415 E. Washington Boulevard

#### a.    Class 16A Los Angeles County Secured Tax Claim

The Class 16A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MM 2415 E. Washington Boulevard Real Property.

#### b.    Class 16C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

#### c.    Class 16C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

#### d.    Class 16D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

#### e.    Class 16E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 17.    Claims Against And Interests In MM 5500 Flotilla Street

#### a.    Class 17C General Unsecured Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

368887.02 [XP]    25195

1

### b.    Class 17D Intercompany Claims

2       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

4

### c.    Class 17E Interests

5       This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

6  account of their Interests.

7

### 18.    Claims Against And Interests In MMP 12385 San Fernando Road

8

### a.    Class 18A Los Angeles County Secured Tax Claim

9       The Class 18A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

10  shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

11  the parcel(s) constituting the MMP 12385 San Fernando Road Real Property.

12

### b.    Class 18C-1 General Unsecured Claims – Convenience Class

13       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

14  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

15  Claims.

16

### c.    Class 18C-2 General Unsecured Claims

17       This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

18  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

19

### d.    Class 18D Intercompany Claims

20       This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

21  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

22

### e.    Class 18E Interests

23       This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

24  account of their Interests.

25

26

27

28

368887.02 [XP]      25195

1    **19.    Claims Against And Interests In MG 146 E. Front Street**

2    **a.    Class 19C-1 General Unsecured Claims – Convenience Class**

3    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

4    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

5    Claims.

6    **b.    Class 19C-2 General Unsecured Claims**

7    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8    shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date,

9    on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes

10    an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an

11    Order allowing such Claim becomes a Final Order.

12    **c.    Class 19D Intercompany Claims**

13    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

14    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

15    **d.    Class 19E Interests**

16    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

17    account of their Interests.

18    **20.    Claims Against And Interests In MG 801 E. 7th Street**

19    **a.    Class 20A Los Angeles County Secured Tax Claim**

20    The Class 20A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

21    shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

22    the parcel(s) constituting the MG 801 E. 7th Street Real Property.

23    **b.    Class 20C General Unsecured Claims**

24    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

25    receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

26    **c.    Class 20D Intercompany Claims**

27    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

28    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

1

#### d.    Class 20E Interests

2    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

3  account of their Interests.

4    #### 21.    Claims Against And Interests In MG 1211 E. Washington Boulevard

5    #### a.    Class 21A-1 Los Angeles County Secured Tax Claim

6    The Class 21A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

7  Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

8  against the parcel(s) constituting the MG 1211 E. Washington Boulevard Real Property.

9    #### b.    Class 21A-2 Secured Claim of RoofCorp of CA, Inc.

10    The Class 21A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

11  Holder shall receive a payment on the Effective Date equal to 50% of the Holder's Allowed Claim

12  and a second payment for the balance of the Holder's Allowed Claim one year after the Effective

13  Date with interest at the rate of 3.5% per annum.

| | |
|---|---|
| Value of Real Property | $9,108,396[4] |
| Priority of Lien | 2nd |
| Total Prepetition Claim | $37,500 |
| Total Payout Amount | $40,622 |

19    The payment obligations with respect to this claim shall be secured by the MG 1211 E.

20  Washington Boulevard Real Property.

21    #### c.    Class 21C-1 Unsecured Claims – Tenant Security Deposits

22    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

23  shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

---

[4] Unless otherwise noted, the source of the valuation of Real Property is from the Debtors.

-66-

368887.02 [XP]    25195

1

### d.   Class 21C-2 General Unsecured Claims – Convenience Class

2   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3   shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4   Claims.

5

### e.   Class 21C-3 General Unsecured Claims

6   This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7   receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

8

### f.   Class 21D Intercompany Claims

9   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10   shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

11

### g.   Class 21E Interests

12   This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

13   account of their Interests.

14

### 22.   Claims Against And Interests In MG 1308 S. Orchard

15

### a.   Class 22A Los Angeles County Secured Tax Claim

16   The Class 22A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

17   shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

18   the parcel(s) constituting the MG 1308 S. Orchard Real Property.

19

### b.   Class 22C General Unsecured Claims

20   This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

21   receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

22

### c.   Class 22D Intercompany Claims

23   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

24   shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

25

### d.   Class 22E Interests

26   This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

27   account of their Interests.

28

368887.02 [XP]   25195

**23.    Claims Against And Interests In MG 2040 Camfield Avenue**

**a.    Class 23C General Unsecured Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

**b.    Class 23D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**c.    Class 23E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**24.    Claims Against And Interests In MG Ceres Street Produce**

**a.    Class 24A Los Angeles County Secured Tax Claim**

The Class 24A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MG Ceres Street Produce Real Property.

**b.    Class 24C-1 Unsecured Claims - Convenience Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**c.    Class 24C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**d.    Class 24D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

1

      **e.**  **Class 24E Interests**

2    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

3 account of their Interests.

4     **25.**  **Claims Against And Interests In MBP**

5      **a.**  **Class 25A Los Angeles County Secured Tax Claim**

6    The Class 25A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

7 shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

8 the parcel(s) constituting the MBP Real Property.

9      **b.**  **Class 25C-1 Unsecured Claims – Tenant Security Deposits**

10    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

11 shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

12      **c.**  **Class 25C-2 General Unsecured Claims – Convenience Class**

13    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

14 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

15 Claims.

16      **d.**  **Class 25C-3 General Unsecured Claims**

17    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

18 receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

19      **e.**  **Class 25D Intercompany Claims**

20    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

21 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

22      **f.**  **Class 25E Interests**

23    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

24 account of their Interests.

25     **26.**  **Claims Against And Interests In Santa Fe & Washington Market**

26      **a.**  **Class 26A Los Angeles County Secured Tax Claim**

27    The Class 26A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

28 shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

368887.02 [XP]  25195

1    the parcel(s) constituting the Santa Fe & Washington Market Encumbered Real Property and the

2    Santa Fe & Washington Market Unencumbered Real Property.

3    **b.    Class 26C-1 Unsecured Claims – Tenant Security Deposits**

4    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

5    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

6    **c.    Class 26C-2 General Unsecured Claims – Convenience Class**

7    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

9    Claims.

10    **d.    Class 26C-3 General Unsecured Claims**

11    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

12    receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

13    **e.    Class 26D Intercompany Claims**

14    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

16    **f.    Class 26E Interests**

17    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

18    account of their Interests.

19    **27.    Claims Against And Interests In MG 5707 S. Alameda**

20    **a.    Class 27A Los Angeles County Secured Tax Claim**

21    The Class 27A Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder

22    shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against

23    the parcel(s) constituting the 5707 S. Alameda Real Property.

24    **b.    Class 27C-1 Unsecured Claims – Tenant Security Deposits**

25    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

26    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

27

28

368887.02 [XP]    25195

1

**c.      Class 27C-2 General Unsecured Claims – Convenience Class**

2      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4  Claims.

5

**d.      Class 27C-3 General Unsecured Claims**

6      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

8

**e.      Class 27D Intercompany Claims**

9      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

11

**f.      Class 27E Interests**

12      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

13  account of their Interests.

14

**28.      Claims Against And Interests In MM 3rd and Omar Street**

15

**a.      Class 28A-1 Los Angeles County Secured Tax Claim**

16      The Class 28A-1 Claim has been satisfied.  Accordingly, no payments are expected to be

17  made on account of this Claim.  In the event that this Claim is Allowed, the Claim is Impaired and

18  the Holder shall receive the Common Secured Tax Claim Treatment with respect to the Allowed

19  amount of the Claim.

20

**b.      Class 28C-1 Unsecured Claims – Tenant Security Deposits**

21      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22  shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

23

**c.      Class 28C-2 General Unsecured Claims – Convenience Class**

24      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26  Claims.

27

28

368887.02 [XP]      25195

1

          **d.**     **Class 28C-3 General Unsecured Claims**

2        This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

3  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

4

          **e.**     **Class 28D Intercompany Claims**

5        This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7

          **f.**     **Class 28E Interests**

8        This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

9  account of their Interests.

10        **29.**     **Claims Against And Interests In MM 336 W. 11th Street**

11          **a.**     **Class 29A-1 Los Angeles County Secured Tax Claim**

12        The Class 29A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

13  Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

14  against the parcel(s) constituting the MM 336 W. 11th Street Real Property.

15          **b.**     **Class 29A-3 Grand Avenue Lofts HOA Secured Claim**

16        The Class 29A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

17  Debtors dispute that the Holder has an Allowed Claim.  To the Extent the Holder has an Allowed

18  Claim, it shall receive the Common Secured Lender Claim Treatment, except the Holder and the

19  Debtor shall not enter into a Loan Modification Agreement, but the agreements or instruments

20  between the Holder and the Debtor shall be restructured and amended to provide that the period

21  within which the Debtor is to perform obligations under its agreements with the Holder are

22  extended to the Maturity Date and the period for accrual of damages or the exercise of rights and

23  remedies against the Debtors including without limitation liquidated damages and reversion rights

24  are tolled through the Maturity Date.

25        The amounts of the debt or Claims set forth in the below schedule are by way of illustration

26  and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed

27  Secured Claim of such Holder.

28

368887.02 [XP]    25195

| Value of Real Property | $5,386,150 |
|---|---|
| Priority of Lien | 2nd |
| Total Claim | $270,000 |
| Total Payout | $290,026 |

The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th Street Real Property.

        **c.**        **Class 29A-4 Grand Avenue Lofts LLC/CIM Urban RE Fund GPII, LLC Secured Claim**

The Class 29A-4 Claim is Impaired and the Holder is entitled to vote on the Plan. The Debtors dispute the Holder has an Allowed Claim. To the extent the Holder has an Allowed Claim, it shall receive the Common Secured Lender Claim Treatment except the Holder and the Debtor shall not enter into a Loan Modification Agreement, but the agreements or instruments between the Holder and the Debtor shall be restructured and amended to provide that the period within which the Debtor is to perform obligations under its agreements with the Holder are extended to the Maturity Date and the period for accrual of damages or the exercise of rights and remedies against the Debtors including without limitation liquidated damages and reversion rights are tolled through the Maturity Date.

The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors. The Court has not as yet determined the Allowed Secured Claim of such Holder.

| Value of Real Property | $5,386,150 |
|---|---|
| Total Claim | Unknown |
| Total Payout Amount Over Time | Unknown |

The payment obligations with respect to this Claim shall be secured by the MM 336 W. 11th Street Real Property.

368887.02 [XP]    25195

1          **d.**      **Class 29C-1 General Unsecured Claims – Convenience Class**

2         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4 Claims.

5          **e.**      **Class 29C-2 General Unsecured Claims**

6         This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7 receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

8          **f.**      **Class 29D Intercompany Claims**

9         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

11          **g.**      **Class 29E Interests**

12         This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

13 account of their Interests.

14         **30.**      **Claims Against And Interests In MM 420 Boyd Street**

15          **a.**      **Class 30A-1 Los Angeles County Secured Tax Claim**

16         The Class 30A-1 Claim has been satisfied.  Accordingly, no payments are expected to be

17 made on account of this Claim.  In the event that this Claim is Allowed, the Claim is Impaired and

18 the Holder shall receive the Common Secured Tax Claim Treatment with respect to the Allowed

19 amount of the Claim.

20          **b.**      **Class 30C-1 Unsecured Claims – Tenant Security Deposits**

21         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22 shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

23          **c.**      **Class 30C-2 General Unsecured Claims – Convenience Class**

24         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26 Claims.

27

28

368887.02 [XP]    25195

1          **d.      Class 30C-3 General Unsecured Claims**

2          This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

3  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

4          **e.      Class 30D Intercompany Claims**

5          This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7          **f.      Class 30E Interests**

8          This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

9  account of their Interests.

10          **31.      Claims Against And Interests In MM 500 Mateo Street**

11          **a.      Class 31C-1 General Unsecured Claims – Convenience Class**

12          This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

13  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

14  Claims.

15          **b.      Class 31C-2 General Unsecured Claims**

16          This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

17  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

18          **c.      Class 31D Intercompany Claims**

19          This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

20  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

21          **d.      Class 31E Interests**

22          This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

23  account of their Interests.

24          **32.      Claims Against And Interests In MMP 760 S. Hill Street**

25          **a.      Class 32A-1 Los Angeles County Secured Tax Claim**

26          The Class 32A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

27  Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

28  against the parcel(s) constituting the MMP 760 S. Hill Street Real Property.

368887.02 [XP]      25195

### b.     Class 32A-2 BofA Secured Claim

The Class 32A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive one of the following treatments:

*Treatment A*:  The Holder shall receive the Common Secured Lender Claim Treatment except that the interest rate shall be 5.83% per annum or as otherwise established by the Court.

*Treatment B*:  In the event that the Court determines that the interest rate under Treatment A is other than 5.83% per annum, at the election of MMP 760 S. Hill Street, the Holder shall receive the Common Secured Lender Claim Treatment except that [1] the Maturity Date shall be five years from the Effective Date, and [2] the interest rate shall be 5.13% per annum or as otherwise established by the Court.  This election shall be made by MMP 760 S. Hill Street prior to entry of the Confirmation Order and shall be reflected in the Confirmation Order.

The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of BofA Collateral | $36,597,907 ($30,032,925 – MMP S. Hill Street Real Property + $6,564,983 BofA account number 14593600078) |  |
| Priority of Lien | 2nd |  |
| Estimated Allowable Pre-Petition Claim – Principal | $28,108,094 | $28,108,094 |
| Accrued Pre-Petition Interest | $298,593 |  |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $3,566,214 |  |
| Other Allowable Charges under Section 506(b) | To Be Determined |  |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $31,972,901 |  |

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Estimated Monthly Interest Payment (7-year plan) | $155,335 |  |

The payment obligations with respect to this Claim shall be secured by the BofA Collateral re MMP 760 S. Hill Street.

### c.    Class 32B Other Priority Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

### d.    Class 32C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

### e.    Class 32C-2 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### f.    Class 32C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### g.    Class 32D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### h.    Class 32E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

368887.02 [XP]      25195

1          **33.        Claims Against And Interests In 788 S. Alameda**

2              **a.        Class 33A-1 Los Angeles County Secured Tax Claim**

3          The Class 33A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

4   Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

5   against the parcel(s) constituting the 788 S. Alameda Real Property.

6              **b.        Class 33A-2 CBT Secured Claim**

7          The Class 33A-2 Claim is Impaired and the Holder is entitled to vote on the Plan. The terms

8   and conditions of the agreements or instruments between 788 S. Alameda and the Holder shall be

9   restructured and amended as of the Effective Date pursuant to the Loan Modification Agreement

10  between 788 S. Alameda and CBT attached as Exhibit "N" to this Plan.  788 S. Alameda and the

11  Holder shall, within a reasonable time after the Effective Date, complete the Loan Modification

12  Agreement and execute and deliver the same to be effective as of the Effective Date.  Treatment of

13  the Holder's Claim shall in all respects be consistent with and in accordance with the terms of the

14  "Revised Loan Documents" (as defined in the Loan Modification Agreement).  Any lien in favor of

15  the Holder encumbering any other real property of the Debtors as adequate protection pursuant to

16  any order of the Court shall be released and of no further force or effect as of the Effective Date.

17              **c.        Class 33B Other Priority Claims**

18         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

19  shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

20              **d.        Class 33C-1 Unsecured Claims – Tenant Security Deposits**

21         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22  shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

23              **e.        Class 33C-2 General Unsecured Claims – Convenience Class**

24         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26  Claims.

27

28

368887.02 [XP]      25195

1

### f.    Class 33C-3 General Unsecured Claims

2    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

3    receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

4

### g.    Class 33D Intercompany Claims

5    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7

### h.    Class 33E Interests

8    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

9    account of their Interests.

10

### 34.    Claims Against And Interests In 905 8th Street

11

### a.    Class 34A-1 Los Angeles County Secured Tax Claim

12    The Class 34A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

13    Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

14    against the parcel(s) constituting the 905 8th Street Real Property.

15

### b.    Class 34A-2 Stanford Secured Claim

16    The Class 34A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  905 8th

17    Street and Stanford have agreed to a settlement of certain claims and other matters, including the

18    treatment of the Holder's Claim under the Plan.  The Holder will receive treatment consistent with

19    the settlement approved by the Court in its *Order on Debtor's Motion for Approval of Settlement*

20    *with the Stanford Group, L.P. and Authorizing Debtor to Perform Thereunder* entered on or about

21    June 8, 2010 (*docket entry no. 1495*).

22

### c.    Class 34C-1 General Unsecured Claims – Convenience Class

23    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

24    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

25    Claims.

26

### d.    Class 34C-2 Unsecured Claims – Tenant Security Deposits

27    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

28    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

368887.02 [XP]      25195

1

### e.     Class 34C-2 General Unsecured Claims

2        This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

3   receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

4

### f.     Class 34D Intercompany Claims

5        This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6   shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7

### g.     Class 34E Interests

8        This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

9   account of their Interests.

10

### 35.     Claims Against And Interests In MM 915-949 S. Hill Street

11

### a.     Class 35A-1 Los Angeles County Secured Tax Claim

12        The Class 35A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

13   Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

14   against the parcel(s) constituting the MM 915-949 S. Hill Street Real Property.

15

### b.     Class 35A-2 Imperial Secured Claim

16        The Class 35A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  MM

17   915-949 S. Hill Street and Imperial have agreed to a settlement of certain claims and other matters,

18   including the treatment of the Holder's Claim under the Plan.  The Holder will receive treatment

19   consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for*

20   *Approval of Settlement with City National Bank, as Successor to Certain Assets Formerly Owned*

21   *by Imperial Capital Bank, and Authorizing Debtor to Perform Thereunder* entered on or about

22   March 30, 2010 (*docket entry no. 1237*).

23

### c.     Class 35C-1 General Unsecured Claims – Convenience Class

24        This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25   shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26   Claims.

27

28

368887.02 [XP]      25195

### d.    Class 35C-2 General Unsecured Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

### e.    Class 35C-3 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

### f.    Class 35D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### g.    Class 35E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 36.    Claims Against And Interests In Alameda Produce Market

#### a.    Class 36A-1-a Los Angeles County Secured Tax Claim re 7th Street Produce Market and Alameda Square and Class 36A-1-b re 1215 E. 7th Street

The Class 36A-1-a and Class 36A-1-b Claims are Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the Alameda Produce Market Encumbered Real Property and the Alameda Produce Market Unencumbered Real Property.

#### b.    Class 36A-2 Cathay Secured Claim

The Class 36A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  Alameda Produce Market and Cathay have agreed to the following treatment:  Automatically effective as of the Effective Date, without need for Alameda Produce Market and the Holder to enter into any further agreement, the following shall be ratified by Alameda Produce Market and MMPI in full

368887.02 [XP]    25195

1   and the treatment of the Holder's Claim shall be consistent with and in accordance with the terms

2   of the following documents collectively attached as Exhibit "L" to this Plan:  (a) the Settlement

3   Agreement dated April 29, 2010, between Alameda Produce Market, MMPI and Cathay

4   concerning a loan evidenced by, among other things, the Promissory Note dated November 10,

5   2005, executed by Alameda Produce Market in favor of Cathay in the original principal amount of

6   $53,000,000 (the "Senior Cathay Loan"), (b) the Third Modification and Extension Agreement

7   dated April 29, 2010, between Alameda Produce Market, MMPI and Cathay concerning the Senior

8   Cathay Loan, and (c) the Memorandum of Third Modification and Extension Agreement dated

9   April 29, 2010, between Alameda Produce Market, MMPI and Cathay concerning the Senior

10  Cathay Loan.  The payment obligations with respect to this Claim shall be secured by Alameda

11  Produce Market Encumbered Real Property.  The Holder has consented to the foregoing treatment

12  on account of its Claim.

13              **c.      Class 36A-3 Cathay Bank Secured Claim**

14          The Class 36A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  Alameda

15  Produce Market and Cathay have agreed to the following treatment:   Automatically effective as of

16  the Effective Date, without need for Alameda Produce Market and the Holder to enter into any

17  further agreement, the following shall be ratified by Alameda Produce Market and MMPI in full

18  and the treatment of the Holder's Claim shall be consistent with and in accordance with the terms

19  of the following documents collectively attached as Exhibit "M" to this Plan:  (a) the Settlement

20  Agreement dated April 29, 2010, between Alameda Produce Market, MMPI and Cathay

21  concerning a loan evidenced by, among other things, the Promissory Note dated October 17, 2006,

22  executed by Alameda Produce Market in favor of Cathay in the original principal amount of

23  $10,000,000 (the "Junior Cathay Loan"), (b) the Sixth Modification and Extension Agreement

24  dated April 29, 2010, between Alameda Produce Market, MMPI and Cathay concerning the Junior

25  Cathay Loan, and (c) the Memorandum of Sixth Modification and Extension Agreement dated

26  April 29, 2010, between Alameda Produce Market, MMPI and Cathay concerning the Junior

27  Cathay Loan.  The payment obligations with respect to this Claim shall be secured by Alameda

28

1  Produce Market Encumbered Real Property.  The Holder has consented to the foregoing treatment

2  on account of its Claim.

3              **d.        Class 36A-4 – Secured Claim of Oliver Sandifer & Murphy**

4          The Class 36A-4 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

5  Holder shall receive deferred Cash payments equal to 100% of the Allowed amount of the Claim,

6  payable 30 days after Effective Date.  The Holder shall retain its attorneys' lien on the recoveries in

7  the underlying litigation to which this Holder's lien relates.

8              **e.        Class 36B Other Priority Claims**

9          This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10 shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

11             **f.        Class 36C-1 Unsecured Claims – Tenant Security Deposits**

12         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

13 shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

14             **g.        Class 36C-2 General Unsecured Claims – Convenience Class**

15         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

16 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

17 Claims.

18             **h.        Class 36C-3 General Unsecured Claims**

19         This Class is Impaired and the Holders are entitled to vote on the Plan.

20         With the exception of the MTA, the Holders shall receive the Common Unsecured Claim

21 Treatment on account of their Allowed Claims.  The treatment of the MTA Contingent Claim shall

22 be consistent with and in accordance with the terms of an agreement to be attached as Exhibit "O"

23 to this Plan, if any; otherwise, the MTA shall receive the Common Unsecured Claim Treatment on

24 account of the MTA Contingent Claim.

25             **i.        Class 36E Interests**

26         This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

27 account of their Interests.

28

368887.02 [XP]        25195

37. **Claims Against And Interests In MG 1500 Griffith Avenue**

    a. **Class 37A-1-a Los Angeles County Secured Tax Claim re 1500 Griffith and Class 37A-1-b Los Angeles County Secured Tax Claim re 1510 Griffith Avenue**

The Class 37A-1-a Claim, formerly secured by the 1500 Griffith Avenue Real Property, has been satisfied.  Accordingly, no payments are expected to be made on account of this Claim.  In the event that this Claim is Allowed, the Claim is Impaired and the Holder shall receive the Common Secured Tax Claim Treatment with respect to the Allowed amount of the Claim.

The Class 37A-1-b Claim, secured by the 1510 Griffith Avenue Real Property, is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the 1510 Griffith Avenue Real Property.

    b. **Class 37A-3 Murakami Secured Claim**

The Class 37A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  MG 1500 Griffith Avenue and Murakami have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the Plan.  The Holder will receive treatment consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for Approval of Settlement with Yoshiaki and Fumiko Murakami and Authorizing the Debtor to Perform Thereunder* entered on or about January 5, 2010 (*docket entry no. 969*).

    c. **Class 37C-1 Unsecured Claims – Tenant Security Deposits**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

    d. **Class 37C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

    e. **Class 37D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

1

#### f.    Class 37E Interests

2    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

3    account of their Interests.

4    **38.    Claims Against And Interests In MMP 1919 Vineburn Street**

5    #### a.    Class 38A-1 Los Angeles County Secured Tax Claim

6    The Class 38A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

7    Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

8    against the parcel(s) constituting the MMP 1919 Vineburn Street Real Property.

9    #### b.    Class 38A-2 Imperial Secured Claim

10    The Class 38A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  MMP

11    1919 Vineburn Street and Imperial have agreed to a settlement of certain claims and other matters,

12    including the treatment of the Holder's Claim under the Plan.  The Holder will receive treatment

13    consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for*

14    *Approval of Settlement with City National Bank, as Successor to Certain Assets Formerly Owned*

15    *by Imperial Capital Bank, and Authorizing Debtor to Perform Thereunder* entered on or about

16    March 30, 2010 (*docket entry no. 1237*).

17    #### c.    Class 38C-1 General Unsecured Claims – Convenience Class

18    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

19    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

20    Claims.

21    #### d.    Class 38C-2 Unsecured Claims – Tenant Security Deposits

22    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

23    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

24    #### e.    Class 38C-2 General Unsecured Claims

25    This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

26    receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

27

28

368887.02 [XP]    25195

1

**f.      Class 38D Intercompany Claims**

2      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

4

**g.      Class 38E Interests**

5      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

6 account of their Interests.

7      **39.      Claims Against And Interests In MMP 2131 Humboldt Street**

8      **a.      Class 39A-1-a Los Angeles County Secured Tax Claim Against**

9      **2131 Humboldt Encumbered Real Property and Class 39A-1-b**

10      **Los Angeles County Secured Tax Claim Against 2131 Humboldt**

11      **Unencumbered Real Property**

12      The Class 39A-1-a and 39A-1-b Claims have been satisfied from the proceeds of sale of the

13 2131 Humboldt Encumbered Real Property and the 2131 Humboldt Street Unencumbered Real

14 Property.  Accordingly, no payments are expected to be made on account of these Claims.  In the

15 event that the Claims are Allowed, the Claims are Impaired and the Holder shall receive the

16 Common Secured Tax Claim Treatment with respect to the Allowed amount of the Claims.

17      **b.      Class 39C-1 Unsecured Claims – Tenant Security Deposits**

18      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

19 shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

20      **c.      Class 39C-2 General Unsecured Claims – Convenience Class**

21      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

23 Claims.

24      **d.      Class 39C-3 General Unsecured Claims**

25      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

26 receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

27

28

368887.02 [XP]      25195

### e.    Class 39D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### f.    Class 39E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 40.    Claims Against And Interests In MG 2529 Santa Fe Avenue

### a.    Class 40A-1 Los Angeles County Secured Tax Claim

The Class 40A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MG 2529 Santa Fe Avenue Real Property.

### b.    Class 40A-2 1248 S. Figueroa Secured Claim

The Class 40A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $3,772,200 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $3,134,825 | |
| Accrued Pre-Petition Interest | $130,513 | |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $685,194 | |
| Other Allowable Charges under Section 506(b) | To Be Determined | |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $3,950,532 | |
| Estimated Monthly Interest Payment | $16,461 | |

368887.02 [XP]    25195

1    The payment obligations with respect to this Claim shall be secured by the MG 2529 Santa

2    Fe Avenue Real Property.

3                    **c.     Class 40C Unsecured Claims – Tenant Security Deposits**

4    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

5    shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

6                    **d.     Class 40C-2 General Unsecured Claims – Convenience Class**

7    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

8    shall receive the Common Convenience Class Claim Treatment on account of their Allowed

9    Claims.

10                   **e.     Class 40C-3 General Unsecured Claims**

11   This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

12   receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

13                   **f.     Class 40D Intercompany Claims**

14   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15   shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

16                   **g.     Class 40E Interests**

17   This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

18   account of their Interests.

19          **41.     Claims Against And Interests In 2640 Washington Boulevard**

20                   **a.     Class 41A-1 Los Angeles County Secured Tax Claim**

21   The Class 41A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

22   Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

23   against the parcel(s) constituting the 2640 Washington Boulevard Real Property.

24                   **b.     Class 41A-2 EWB Secured Claim**

25   The Class 41A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  2640

26   Washington Boulevard and EWB have agreed to a settlement of certain claims and other matters,

27   including the treatment of the Holder's claim under the Plan.  The Holder will receive treatment

28   consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for*

1  *(1) Approval of Settlements with East West Bank and (2) Authority to Amend Debtors' Proposed*

2  *Chapter 11 Plan, Subject to Modifications Set Forth on the Record at the Hearing, and for*

3  *Authority for East West Bank to Modify Its Votes to Accept the Debtors' Plan* entered on or about

4  February 8, 2011 (*docket entry no. 2766*).  As of the Effective Date, and without need for the

5  parties to enter into any further amendment to the Loan Extension Agreement (as defined in the

6  settlement agreement), paragraph 11 of the Loan Extension Agreement will be as follows:

7            11.  <u>Permitted Transfers</u>.  Notwithstanding the section
entitled "Acceleration On Transfer Or Encumbrance Of The
8  Property" located on Page 3 of the Note and Page 7 of the Deed
of Trust, the following shall each constitute a Permitted Transfer (as
9  defined herein), for which Borrower shall not be required to obtain
Lender's prior written consent and shall not constitute a breach or
10  default under the Loan Documents or otherwise permit Lender to
accelerate the obligations under the Note or other Loan Documents.

11

12            For purposes of this Section, the term Permitted Transfer shall
mean each of the following: A transfer of title to the Property, or a
transfer of the equity interests in Borrower and/or Guarantor, so long
13  as, following any such transfer, Richard Meruelo, an individual,
and/or John Maddux, an individual, (i) maintain a significant
14  ownership interest, directly or indirectly, in the Property, Borrower,
or Guarantor, as applicable, (ii) remain in a senior management
15  position within Borrower and/or Guarantor, and (iii) Borrower
provides evidence satisfactory to Lender, in Lender's reasonable
16  discretion, within a reasonable time period of any such transfer.

17            Nothing contained in the Loan Documents, as amended by
this Agreement, shall in any way limit or restrict Borrower's right,
18  without Lender's consent, to enter into month-to-month leases with
respect to the Property or portion thereof.

19

20         **c.**      **Class 41C-1 Unsecured Claims – Tenant Security Deposits**

21      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22  shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

23         **d.**      **Class 41C-2 General Unsecured Claims – Convenience Class**

24      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

26  Claims.

27

28

368887.02 [XP]    25195

#### e. Class 41C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan. The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

#### f. Class 41D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

#### g. Class 41E Interests

This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on account of their Interests.

### 42. Claims Against And Interests In MMP 2951 Lenwood Road

#### a. Class 42A-1 FNBN Secured Claim

The Class 42A-1 Claim is Impaired and the Holder is entitled to vote on the Plan. MMP 2951 Lenwood Road and FNBN have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Secured Claim under the Plan. The Holder will receive treatment consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for Approval of Settlement with FNBN-CMLCON I, LLC, and Authorizing Debtor to Perform Thereunder* entered on or about July 29, 2010 (*docket entry no. 1653*).

#### b. Class 42C-1 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

#### c. Class 42C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan. The Holders shall receive the Common Unsecured Claims Treatment on account of their Allowed Claims, except that the Debtors and FNBN have agreed to a settlement of certain claims, and other matters including the treatment of FNBN's unsecured claim. FNBN will receive treatment in accordance with the settlement. Pursuant to the settlement and this Plan, FNBN shall receive one of the two treatment options at the election of the Debtors:

1    "FNBN Option 1":  The Debtor shall pay on the earlier of the Effective Date or March 27,

2    2011, an amount equal to 50% of FNBN's unsecured claim in the amount of $3,139,910.50.

3    "FNBN Option 2":  FNBN shall receive deferred Cash payments equal to 100% of the

4    Allowed amount of its Claim plus interest at the rate of 4.0% per annum, payable in twenty (20)

5    equal quarterly installments commencing on the first Quarterly Distribution Date and thereafter on

6    each succeeding Quarterly Distribution Date.

7                          **d.    Class 42D Intercompany Claims**

8    This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

9    shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

10                          **e.    Class 42E Interests**

11    This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

12    account of their Interests.

13

14    **43.    Claims Against And Interests In MG 3185 E. Washington Boulevard**

15                  **a.    Class 43A-1-a and Class 43A-1-b Los Angeles County Secured**

16                          **Tax Claim**

17    The Class 43A-1-a and Class 43A-1-b Claims are Impaired and the Holder is entitled to

18    vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The

19    Holder shall retain its lien(s) against the parcel(s) constituting the MG 3185 E. Washington

20    Boulevard Encumbered Real Property and the MG 3185 E. Washington Boulevard Unencumbered

21    Real Property.

22                          **b.    Class 43A-2 Chinatrust Secured Claim**

23    The Class 43A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

24    Holder shall receive one of the following treatments:

25    _Treatment A_:  The Holder shall receive the Common Secured Lender Claim Treatment

26    except that [1] the interest rate shall be 5.94% per annum or as otherwise established by the Court,

27    and [2] any lien or interest granted to the Holder by the Court as adequate protection shall not be

28    released and extinguished upon confirmation.

-91-

1      *Treatment B*:  In the event that the Court determines that the interest rate under Treatment A

2  is other than 5.94% per annum, at the election of MG 3185 E. Washington Boulevard, the Holder

3  shall receive the Common Secured Lender Claim Treatment except that [1] the Maturity Date shall

4  be five years from the Effective Date, [2] the interest rate shall be 5.24% per annum or as otherwise

5  established by the Court, and [3] any lien or interest granted to the Holder by the Court as adequate

6  protection shall not be released and extinguished upon confirmation.  This election shall be made

7  by MG 3185 E. Washington Boulevard prior to entry of the Confirmation Order and shall be

8  reflected in the Confirmation Order.

9      The amounts of the debt or Claims set forth in the below schedule are by way of illustration

10  and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed

11  Secured Claim of such Holder.

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of 3185 E. Washington Boulevard Encumbered Real Property | $11,800,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $9,541,565 | $9,541,565 |
| Accrued Pre-Petition Interest | $219,914 | $219,914 |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $1,991,320 | $771,521 (through November 30, 2009) |
| Other Allowable Charges under Section 506(b) | To Be Determined | $115,259 (through November 30, 2009) |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $11,752,799 | $10,651,171 (through November 30, 2009) |
| Estimated Monthly Interest Payment | $58,176 | |

26      Regardless of which alternative is elected, the payment obligations with respect to this

27  Claim shall be secured by the MG 3185 E. Washington Boulevard Encumbered Real Property and

28  any lien or interest granted to the Holder by the Court as adequate protection in connection with the

368887.02 [XP]    25195

1  MG 3185 E. Washington's motions for authority to use cash collateral and the Holder's motion for

2  relief from the automatic stay.

3      In addition to the foregoing, regardless of which alternative is elected, as of the Effective

4  Date MG 3185 E. Washington Boulevard's payment obligations under the Plan shall be guarantied

5  by MMPI.  The terms and conditions of the guaranty shall be the terms and conditions of the

6  Common Unsecured Guaranty Claim Treatment.

7                    **c.    Class 43C-1 General Unsecured Claims– Convenience Class**

8      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

9  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

10  Claims.

11                    **d.    Class 43C-2 General Unsecured Claims**

12      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

13  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

14                    **e.    Class 43C-3 Unsecured Claims – Tenant Security Deposits**

15      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

16  shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

17                    **f.    Class 43D Intercompany Claims**

18      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

19  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

20                    **g.    Class 43E Interests**

21      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

22  account of their Interests.

23            **44.    Claims Against And Interests In MG 4th Street Center**

24                    **a.    Class 44A-1 Los Angeles County Secured Tax Claim**

25      The Class 44A-1 Claim has been satisfied.  Accordingly, no payments are expected to be

26  made on account of this Claim.  In the event that this Claim is Allowed, the Claim is Impaired and

27  the Holder shall receive the Common Secured Tax Claim Treatment with respect to the Allowed

28  amount of the Claim.

1      **b.      Class 44C-1 General Unsecured Claims– Convenience Class**

2      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3   shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4   Claims.

5      **c.      Class 44C-2 General Unsecured Claims**

6      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7   receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

8      **d.      Class 44C-3 Unsecured Claims – Tenant Security Deposits**

9      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10   shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

11      **e.      Class 44D Intercompany Claims**

12      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

13   shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

14      **f.      Class 44E Interests**

15      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

16   account of their Interests.

17      **45.      Claims Against And Interests In MG 425 W. 11th Street**

18      **a.      Class 45A-1 Los Angeles County Secured Tax Claim**

19      The Class 45A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

20   Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

21   against the parcel(s) constituting the MG 425 W. 11th Street Real Property.

22      **b.      Class 45C-1 General Unsecured Claims– Convenience Class**

23      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

24   shall receive the Common Convenience Class Claim Treatment on account of their Allowed

25   Claims.

26      **c.      Class 45C-2 General Unsecured Claims**

27      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

28   receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

368887.02 [XP]      25195

**d.      Class 45D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

**e.      Class 45E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**46.      Claims Against And Interests In MG - 620 S. Gladys Avenue**

**a.      Class 46A-1-a Los Angeles County Secured Tax Claims re 620 S. Gladys Avenue Encumbered Real Property and Class 46A-1-b Los Angles County Secured Tax Claim re 620 S. Gladys Avenue Unencumbered Real Property**

The Class 46A-1-a Claim, formerly secured by the 620 S. Gladys Avenue Encumbered Real Property, has been satisfied.  Accordingly, no payments are expected to be made on account of this Claim.  In the event that this Claim is Allowed, the Claim is Impaired and the Holder shall receive the Common Secured Tax Claim Treatment with respect to the Allowed amount of the Claim.

The Class 46A-1-b Claim, secured by the 620 S. Gladys Avenue Unencumbered Real Property, is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the 620 S. Gladys Unencumbered Real Property.

**b.      Class 46C-1 Unsecured Claims – Tenant Security Deposits**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

**c.      Class 46C-2 General Unsecured Claims**

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

**d.      Class 46D Intercompany Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]      25195

e.    **Class 46E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

47.    **Claims Against And Interests In MG 2001-2021 W. Mission Boulevard**

a.    **Class 47A-1 Los Angeles County Secured Tax Claim**

The Class 47A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MG 2001-2021 W. Mission Boulevard Unencumbered Real Property.

b.    **Class 47A-2 PNL Pomona LP Secured Claim**

The Class 47A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive one of the following treatments:

*Treatment A*:  The Holder shall receive the Common Secured Lender Claim Treatment except that the interest rate shall be 6.30% per annum or as otherwise established by the Court.

*Treatment B*:  In the event that the Court determines that the interest rate under Treatment A is other than 6.30% per annum, at the election of MG 2001-2021 W. Mission Boulevard, the Holder shall receive the Common Secured Lender Claim Treatment except that [1] the Maturity Date shall be five years from the Effective Date, and [2] the interest rate shall be 5.60% per annum or as otherwise established by the Court.  This election shall be made by MG 2001-2021 W. Mission Boulevard prior to entry of the Confirmation Order and shall be reflected in the Confirmation Order.

The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

368887.02 [XP]    25195

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of PNL Collateral | $15,946,516 – ($15,000,000 MG 2001-2021 W. Mission Boulevard Real Property + $946,816[5] in Insurance Proceeds) | |
| Priority of Lien | 1st | |
| Estimated Allowable Pre-Petition Claim - Principal | $8,462,940 | $8,462,940 |
| Accrued Pre-Petition Interest | $159,610 | |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $2,272,597 | |
| Other Allowable Charges under Section 506(b) | To Be Determined | |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $10,995,147 | |
| Estimated Monthly Interest Payment (7-year term) | $57,725 | |

Regardless of which alternative is elected, the payment obligations with respect to this

Claim shall be secured by the MG 2001-2021 W. Mission Boulevard Encumbered Real Property.

The real property insurance proceeds of approximately $946,816, plus the net proceeds received

from the Eminent Domain proceeding (after payment of fees and costs) shall be used to fund a

reserve for interest payments, real property tax payments and insurance payments for the term of

the Plan.  To the extent excess funds remain after the reserve is fully funded, such amounts will be

applied to reduce the principal amount of the Claim.

---

[5]    Per the Bankruptcy Court order entered April 22, 2010, MG 2001-2021 W. Mission Boulevard was authorized to utilize the insurance proceeds to pay various sums to certain creditors; $946,816 reflects the balance of the insurance proceeds not subject to that order.

368887.02 [XP]    25195

1

                **c.**       **Class 47C-1 General Unsecured Claims – Convenience Class**

2         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

4 Claims.

5                **d.**       **Class 47C-2 General Unsecured Claims**

6         This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

7 receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

8                **e.**       **Class 47D Intercompany Claims**

9         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

10 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

11                **f.**       **Class 47E Interests**

12         This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

13 account of their Interests.

14           **48.**       **Claims Against And Interests In MG Little J**

15                **a.**       **Class 48A-1-a Los Angeles County Secured Tax Claim re 1119 S.**

16                         **Olive Street and Class 48A-1-b Los Angles County Secured Tax**

17                         **Claim re 1124 S. Olive Street**

18         The Class 48A-1-a Claim and Class 48A-1-b Claim are Impaired and the Holder is entitled

19 to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The

20 Holder shall retain its lien(s) against the parcel(s) constituting the 1119 S. Olive Street Real

21 Property and the 1124 S. Olive Street Real Property.

22                **b.**       **Class 48C-1 General Unsecured Claims – Convenience Class**

23         This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

24 shall receive the Common Convenience Class Claim Treatment on account of their Allowed

25 Claims.

26                **c.**       **Class 48C-2 General Unsecured Claims**

27         This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

28 receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

1           **d.**     **Class 48C-3 Unsecured Claims – Tenant Security Deposits**

2        This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders

3 shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

4           **e.**     **Class 48D Intercompany Claims**

5        This Class is Unimpaired and the Holders are not entitled to vote on the Plan. The Holders

6 shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7           **f.**     **Class 48E Interests**

8        This Class is Unimpaired. The Holders shall receive the Common Interest Treatment on

9 account of their Interests.

10        **49.**     **Claims Against And Interests In MG – Southpark**

11           **a.**     **Class 49A-1 Los Angeles County Secured Tax Claim**

12        The Class 49A-1 Claim is Impaired and the Holder is entitled to vote on the Plan. The

13 Holder shall receive the Common Secured Tax Claim Treatment. The Holder shall retain its lien(s)

14 against the parcel(s) constituting the MG Southpark Real Property.

15           **b.**     **Class 49A-2 BofA Secured Claim**

16        The Class 49A-2 Claim is Impaired and the Holder is entitled to vote on the Plan. The

17 Holder shall receive one of the following treatments:

18        *Treatment A*: The Holder shall receive the Common Secured Lender Claim Treatment

19 except that the interest rate shall be 5.24% per annum or as otherwise established by the Court.

20        *Treatment B*: In the event that the Court determines that the interest rate under Treatment A

21 is other than 5.24% per annum, at the election of MG Southpark, the Holder shall receive the

22 Common Secured Lender Claim Treatment except that [1] the Maturity Date shall be five years

23 from the Effective Date, and [2] the interest rate shall be 5.00% per annum or as otherwise

24 established by the Court. This election shall be made by MG Southpark prior to entry of the

25 Confirmation Order and shall be reflected in the Confirmation Order.

26        The amounts of the debt or Claims set forth in the below schedule are by way of illustration

27 and are not binding on the Holder or the Debtors. The Court has not as yet determined the Allowed

28 Secured Claim of such Holder.

368887.02 [XP]    25195

| | Amounts per Debtors | Amount per Lender |
|---|---|---|
| Value of Real Property | $57,250,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim – Principal | $20,000,000 | $20,000,000 |
| Accrued Pre-Petition Interest | $233,333 | $242,361 |
| Accrued Post-Petition Interest as of Estimated Effective Date of December 31, 2010 | $2,537,500 | |
| Other Allowable Charges under Section 506(b) | To Be Determined | |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $22,770,833 | |
| Estimated Monthly Interest Payment | $99,433 | |

Regardless of which alternative is elected, the payment obligations with respect to this Claim shall be secured by the MG Southpark Real Property.

**c.      Class 49C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

**d.      Class 49C-2 General Unsecured Claims**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date, on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an Order allowing such Claim becomes a Final Order.

**e.      Class 49C-3 Unsecured Claims – Tenant Security Deposits**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

368887.02 [XP]      25195

1
       **f.  Class 49D Intercompany Claims**

2
   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

3
shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

4
       **g.  Class 49E Interests**

5
   This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

6
account of their Interests.

7
     **50.  Claims Against And Interests In Merco Group**

8
       **a.  Class 50A-1 Los Angeles County Secured Tax Claim**

9
   The Class 50A-1 Claim has been satisfied.  Accordingly, no payments are expected to be

10
made on account of this Claim.  In the event that this Claim is Allowed, the Claim is Impaired and

11
the Holder shall receive the Common Secured Tax Claim Treatment with respect to the Allowed

12
amount of the Claim.

13
       **b.  Class 50C-1 General Unsecured Claims – Convenience Class**

14
   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15
shall receive the Common Convenience Class Claim Treatment on account of their Allowed

16
Claims.

17
       **c.  Class 50C-2 General Unsecured Claims**

18
   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

19
shall receive payment in full, plus interest at the rate of 0.64% per annum from the Petition Date,

20
on the Effective Date on account of their Allowed Claims.  In the event a Disputed Claim becomes

21
an Allowed Claim after the Effective Date, the payment will be due and payable as of the date an

22
Order allowing such Claim becomes a Final Order.

23
       **d.  Class 50D Intercompany Claims**

24
   This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

25
shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

26
       **e.  Class 50E Interests**

27
   This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

28
account of their Interests.

368887.02 [XP]    25195

51.    **Claims Against And Interests In Meruelo Farms**

      a.    **Class 51A-1-a Los Angeles County Secured Tax Claim re 815 E.**
**Temple Street and Class 51A-1-b Los Angeles County Secured**
**Tax Claim re 729 E. Temple Street**

The Class 51A-1-a Claim and Class 51A-1-b Claim are Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the 815 E. Temple Street Real Property and the 729 E. Temple Street Real Property.

      b.    **Class 51A-2 Imperial Secured Claim**

The Class 51A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  Meruelo Farms and Imperial have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the Plan.  The Holder will receive treatment consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for Approval of Settlement with City National Bank, as Successor to Certain Assets Formerly Owned by Imperial Capital Bank, and Authorizing Debtor to Perform Thereunder* entered on or about March 30, 2010 (*docket entry no. 1237*).

      c.    **Class 51A-3 PCB Secured Claim**

The Class 51A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  Meruelo Farms and PCB have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's Claim under the Plan.  The Holder will receive treatment consistent with the settlement approved by the Court in its *Order Granting in Part and Denying in Part Debtors' Motion for Order Approving Settlement with Pacific Commerce Bank and Authorizing Debtors to Perform Thereunder* entered on or about October 22, 2009 (*docket entry no. 793*).

      d.    **Class 51C-1 General Unsecured Claims – Convenience Class**

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

#### e.    Class 51C-2 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

#### f.    Class 51D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

#### g.    Class 51E Interests

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

### 52.    Claims Against And Interests In Meruelo Wall Street

#### a.    Class 52A-1 Los Angeles County Secured Tax Claim

The Class 52A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the Meruelo Wall Street Real Property.

#### b.    Class 52A-2 EWB Secured Claim

The Class 52A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  Meruelo Wall Street and EWB have agreed to a settlement of certain claims and other matters, including the treatment of the Holder's claim under the Plan.  The Holder will receive treatment consistent with the settlement approved by the Court in its *Order Granting Debtors' Motion for (1) Approval of Settlements with East West Bank and (2) Authority to Amend Debtors' Proposed Chapter 11 Plan, Subject to Modifications Set Forth on the Record at the Hearing, and for Authority for East West Bank to Modify Its Votes to Accept the Debtors' Plan* entered on or about February 8, 2011 (*docket entry no. 2766*).  As of the Effective Date, and without need for the parties to enter into any further amendment to the Loan Extension Agreement (as defined in the settlement agreement), paragraph 11 of the Loan Extension Agreement will be as follows:

> 11.    Permitted Transfers.    Notwithstanding the section entitled "Acceleration On Transfer Or Encumbrance Of The Property" located on Page 3 of the Note and Page 7 of the Deed of Trust, the following shall each constitute a Permitted Transfer (as defined herein), for which Borrower shall not be required to obtain

Lender's prior written consent and shall not constitute a breach or default under the Loan Documents or otherwise permit Lender to accelerate the obligations under the Note or other Loan Documents.

For purposes of this Section, the term Permitted Transfer shall mean each of the following: A transfer of the Property, or a transfer of the equity interests in Borrower and/or New Guarantor, so long as, following any such transfer, Richard Meruelo, an individual, and/or John Maddux, an individual, (i) maintain a significant ownership interest, directly or indirectly, in the Property, Borrower, or New Guarantor, as applicable, (ii) remain in a senior management position within Borrower and/or New Guarantor, and (iii) Borrower provides evidence satisfactory to Lender, in Lender's reasonable discretion, within a reasonable time period of any such transfer.

Notwithstanding the foregoing, nothing herein contained shall in any way limit or restrict Borrower's right, without Lender's consent, to lease the Property or portion thereof.

### c.    Class 52B Other Priority Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Other Priority Claim Treatment on account of their Allowed Claims.

### d.    Class 52C-1 Unsecured Claims – Tenant Security Deposits

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

### e.    Class 52C-2 General Unsecured Claims – Convenience Class

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Convenience Class Claim Treatment on account of their Allowed Claims.

### f.    Class 52C-3 General Unsecured Claims

This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### g.    Class 52D Intercompany Claims

This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

368887.02 [XP]    25195

**h.      Class 52E Interests**

This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on account of their Interests.

**53.      Claims Against And Interests In MM Mission Boulevard**

**a.      Class 53A-1 Los Angeles County Secured Tax Claim**

The Class 53A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s) against the parcel(s) constituting the MM Mission Boulevard Real Property.

**b.      Class 53A-2 BNP Secured Claim**

The Class 53A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  The Holder shall receive the Common Secured Lender Claim Treatment.  The amounts of the debt or Claims set forth in the below schedule are by way of illustration and are not binding on the Holder or the Debtors.  The Court has not as yet determined the Allowed Secured Claim of such Holder.

|  | Amounts per Debtors | Amounts per Lender |
|---|---|---|
| Value of Real Property | $20,000,000 | |
| Priority of Lien | 2nd | |
| Estimated Allowable Pre-Petition Claim - Principal | $8,800,000 | $8,800,000 |
| Accrued Pre-Petition Interest | $0.00 | |
| Accrued Post-Petition Interest as of Effective Date of December 31, 2010 | $3,300,000 | $2,498,222 |
| Other Allowable Charges under Section 506(b) | To Be Determined | $75,000 |
| Total Estimated Claim as of Effective Date of December 31, 2010 | $12,100,000 | $11,373,222 |
| Estimated Monthly Interest Payment | $50,417 | |

The payment obligations with respect to this Claim shall be secured by the MM Mission Boulevard Real Property.

368887.02 [XP]     25195

1

   **c.     Class 53C General Unsecured Claims**

2      This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

3  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

4

   **d.     Class 53D Intercompany Claims**

5      This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

6  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

7

   **e.     Class 53E Interests**

8      This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

9  account of their Interests.

10

   **54.     Claims Against And Interests In Santa Fe Commerce**

11

   **a.     Class 54A-1 Los Angeles County Secured Tax Claim**

12      The Class 54A-1 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

13  Holder shall receive the Common Secured Tax Claim Treatment.  The Holder shall retain its lien(s)

14  against the parcel(s) constituting the Santa Fe Commerce Center Real Property.

15

   **b.     Class 54A-2 Berkadia Secured Claim**

16      The Class 54A-2 Claim is Impaired and the Holder is entitled to vote on the Plan.  Santa Fe

17  Commerce Center and Berkadia have agreed to a settlement of certain claims and other matters,

18  including the treatment of the Holder's Secured Claim under the Plan.  The Holder will receive

19  treatment consistent with the settlement approved by the Court in its *Order Approving Settlement*

20  *and Related Settlement Documents between Santa Fe Commerce Center, Inc., Richard Meruelo*

21  *and Wells Fargo Bank, N.A. Successor by Consolidation to Wells Fargo Bank Minnesota, National*

22  *Association As Trustee for the Registered Certificateholders of GMAC Commercial Mortgage*

23  *Securities, Inc., Mortgage Passthrough Certificates, Series 2002-C1 Acting by and through*

24  *Berkadia Commercial Mortgage, Inc., Its Special Servicer* entered on or about November 23, 2010

25  (*docket entry no. 2276*).

26

   **c.     Class 54A-3 RoofCorp of CA Inc. Secured Claim**

27      The Class 54A-3 Claim is Impaired and the Holder is entitled to vote on the Plan.  The

28  Holder shall receive a payment on the Effective Date equal to 50% of the Holder's Allowed Claim

368887.02 [XP]    25195

1  and a second payment for the balance of the Holder's Allowed Claim one year after the Effective

2  Date with interest at the rate of 3.50% per annum.

| Value of Real Property | $23,250,000 |
|---|---|
| Priority of Lien | 3rd |
| Total Claim | $111,377 |
| Total Payout Amount Over Time | $120,649 |

8  The payment obligations with respect to this Claim shall be secured by the Santa Fe

9  Commerce Center Real Property.

### d.   Class 54C-1 Unsecured Claims – Tenant Security Deposits

11  This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

12  shall receive the Common Tenant Security Deposit Treatment on account of their Allowed Claims.

### e.   Class 54C-2 General Unsecured Claims – Convenience Class

14  This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

15  shall receive the Common Convenience Class Claim Treatment on account of their Allowed

16  Claims.

### f.   Class 54C-3 General Unsecured Claims

18  This Class is Impaired and the Holders are entitled to vote on the Plan.  The Holders shall

19  receive the Common Unsecured Claim Treatment on account of their Allowed Claims.

### g.   Class 54D Intercompany Claims

21  This Class is Unimpaired and the Holders are not entitled to vote on the Plan.  The Holders

22  shall receive the Common Intercompany Claim Treatment on account of their Allowed Claims.

### h.   Class 54E Interests

24  This Class is Unimpaired.  The Holders shall receive the Common Interest Treatment on

25  account of their Interests.

26

27

28

368887.02 [XP]      25195

## IV.

## MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN

### A.    OVERVIEW OF PLAN IMPLEMENTATION

Except as otherwise provided in the Plan or the Confirmation Order, all Cash necessary for the Reorganized Debtors to make payments pursuant to the Plan will be obtained from the Reorganized Debtors' cash balances existing on the Effective Date, a $15 million loan to be made to the Debtors on the Effective Date and from the operations of the Reorganized Debtors' business, the sale or refinancing of assets of the Reorganized Debtors, as deemed necessary and appropriate by the Reorganized Debtors and from any other lawful source.

### B.    VESTING OF ASSETS

Except as otherwise provided in any provision of the Plan, on the Effective Date, all legal and equitable interests of each of the Debtors in property of their respective estates shall be vested in the respective Reorganized Debtors, free and clear of all Claims, Liens, encumbrances and Interests except to the extent and only as is expressly provided for otherwise in Article III of the Plan.

### C.    REORGANIZED DEBTORS' BUSINESS OPERATIONS

From and after the Effective Date, the Reorganized Debtors, or each of them, may operate its business and use, acquire, and dispose of property and settle and compromise Claims or Interests arising post-Confirmation without supervision by the Court and free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order.  The Reorganized Debtors may continue to operate their business using the existing cash management system ("CMS"), or such other CMS that may be adopted by them in their sole discretion.  The CMS may continue to provide for funds to flow to and from a cash concentration account maintained by the Reorganized Debtors and that concentration account will continue to be linked to the operating bank accounts of each Reorganized Debtor with funds flowing between such accounts as and when needed.

On or about January 26, 2011, the board of directors of MMPI approved internal controls and procedures set forth in a memorandum from the Debtors' Chief Financial Officer, Andrew

368887.02 [XP]    25195

1  Murray, to the board of directors entitled "Internal Controls and Procedures" (the "Internal Control

2  Procedures").  The Reorganized Debtors will continue to operate in accordance with the Internal

3  Control Procedures unless and until such time that the Internal Control Procedures are modified by

4  vote of at least four members of the board of directors of Reorganized MMPI.

5           **D.      <u>SALE AND/OR REFINANCE OF ASSETS OF DEBTORS</u>**

6           As of the Effective Date, the Reorganized Debtors will continue to operate their businesses.

7  In order to meet their operational needs and payment obligations under the Plan, the Reorganized

8  Debtors will sell some of their assets and refinance other of their assets as necessary during the

9  term of the Plan.  The Debtors will determine which assets will be sold or refinanced based on the

10 then existing needs and business plan of the Debtors and the condition of the real estate and credit

11 markets.  The Debtors have in the past shown a willingness and ability to sell properties to meet

12 their cash flow needs and they will continue to make such strategic sales as and when they deem it

13 necessary in order to meet their obligations in the future.  After the payment of the costs of sale and

14 the satisfaction of any Liens fixed by this Plan against the asset, the remaining proceeds will be

15 available for the payment of the costs of operating its business and funding the Reorganized

16 Debtors' obligations under this Plan.

17          **E.      <u>$15 MILLION CONVERTIBLE LOAN TO DEBTORS</u>**

18          The Debtors have obtained a commitment from Watermarke Properties, Inc. (or its

19 designated affiliate) for a $15 million secured loan (the "Loan") for the Debtors use in funding

20 operations and payments under the Plan.  The Loan will be made as of the Effective Date and will

21 bear interest at the rate of 5% per annum.  The Loan will be secured by a first priority deed of trust

22 on two of the Debtors' real properties, (i) 1211 East Washington Boulevard and (ii) 230 W Ave. 26,

23 and (iii) 129 W. College Street owned by Chinatown.  The Loan has a maturity date of the fifth

24 anniversary after the date of closing and funding (the "Loan Date").  The principal amount of the

25 Loan is due at the maturity date.  Interest is payable quarterly; however, interest may be paid "in

26 kind" by adding the interest to the principal if approved by the Lender.  The Loan is convertible

27 into 30 million shares of MMPI Existing Common Stock (which amount shall be increased pro rata

28 in the event interest is paid in kind) with the conversion right being exercisable between the fourth

1  anniversary and the fifth anniversary of the Loan Date.  The Loan is subject to finalization of loan

2  documentation.  This Plan shall constitute a motion for approval of the Loan and the Confirmation

3  Order shall provide that the Loan is approved.

4      **F.      CERTIFICATE OF INCORPORATION AND BYLAWS; CANCELLATION**

5          **OF LTIP UNITS AND RELATED AGREEMENTS**

6          **1.      Cancellation of LTIP Units and Related Agreements**

7          At the Effective Date, (i) the LTIP Units; all warrants, options or other rights for the

8  purchase or other acquisition from any Debtor of any MMPI Existing Common Stock or LTIP

9  Units; all securities convertible into or redeemable or exchangeable for any MMPI Existing

10 Common Stock or LTIP Units; and all warrants, rights or options for the purchase or other

11 acquisition from any Debtor of any MMPI Existing Common Stock or LTIP Units or any such

12 warrants, options, other rights or securities, and any interest or participation in any of the foregoing

13 and any other ownership or profit interest or participation in MMPI or MMPLP (to the extent not

14 held directly or indirectly by MMPI) will be cancelled and extinguished, and (ii) the obligations of,

15 Claims against, and/or Interests in MMPI under, relating or pertaining to any agreements (including

16 without limitation, registration rights agreements, merger, contribution and similar agreements and

17 voting, shareholders and similar agreements), indentures, certificates of designation, bylaws, or

18 certificates or articles of incorporation or similar documents governing the MMPI Existing

19 Common Stock and any other instrument or document evidencing or creating ownership interest in

20 MMPI (including without limitation, provisions of the agreement of limited partnership of MMPLP

21 and award agreements relating to the LTIP Units) will be released and discharged.

22          **2.      Amended and Restated Certificate of Incorporation and Bylaws**

23         On and after the Effective Date, pursuant to and by virtue of this Plan, the certificate of

24 incorporation of the Reorganized MMPI will be amended as necessary to prohibit the issuance of

25 non-voting equity securities.  Nothing herein shall prevent Reorganized MMPI from adopting a

26 new name.

27

28

368887.02 [XP]    25195

## G.    MERGER OF MMPLP AND MMPI

Upon the terms and subject to the conditions set forth in the agreement and plan of merger (the "Merger Agreement"), a copy of which is attached to the Disclosure Statement, MMPLP shall be merged with and into MMPI one day after the Effective Date if not earlier accomplished (the "Merger").  Following the Merger, the separate corporate existence of MMPLP shall cease, and MMPI shall continue as the surviving company and shall succeed to and assume all the rights and obligations of MMPLP.

If not earlier accomplished, as promptly as practicable but at least one day after the Effective Date, the parties shall file with the Secretary of State of the State of Delaware a certificate of merger (the "Certificate of Merger") executed and acknowledged by the parties in accordance with the relevant provisions of the DGCL and the RULPA and, as promptly as practicable on or after the Effective Date, the parties to the Merger shall make all other filings or recordings required by the Court and under the DGCL and the RULPA.  If not earlier accomplished, the Merger shall become effective one day after the Effective Date and the filing of the Certificate of Merger with the Secretary of State of the State of Delaware, or at such later date and time as MMPI and MMPLP shall agree and shall specify in the Certificate of Merger.

Once the Merger becomes effective, all the property, rights, privileges, powers and franchises of MMPLP shall vest in MMPI, and all debts, liabilities and duties of MMPLP shall become the debts, liabilities and duties of MMPI.

## H.    RETAINED CLAIMS AND DEFENSES AND RESERVATION OF RIGHTS

### 1.    No Waiver and Retention of Claims and Defenses

Unless otherwise expressly set forth in the Plan or the Confirmation Order, pursuant to Section 1123(b)(3)(B), all Retained Claims and Defenses of any kind or nature whatsoever against third parties arising before the Effective Date and belonging to the Debtors or the Estates shall become property of the Reorganized Debtors.  Such Retained Claims and Defenses shall include, without limitation:

- ▪    All claims and defenses pursuant to applicable non-bankruptcy law and Sections 502, 506, 524 and 553 of the Bankruptcy Code against any Creditor regarding the

1    amount of such Holder's Allowed Claim (whether prepetition or postpetition), to

2    enforce the discharge of any Secured Creditors' Claims;

3    ▪    All claims and defenses pursuant to applicable non-bankruptcy law and Sections

4    502, 506, 510, 524, 542 and 553 of the Bankruptcy Code including, without

5    limitation, claims and defenses based on any Creditors' assertion of unreasonable

6    professionals' fees, costs, charges and penalties (whether disguised as interest, or

7    otherwise); and

8    ▪    All claims and defenses related to the recovery of professionals' fees and expenses

9    by the Debtors or Reorganized Debtors from Creditors.

10    From and after the Effective Date, the Reorganized Debtors are authorized to assert the

11    Retained Claims and Defenses including, but not limited to, for purposes of objection to the

12    allowance of any Claim.  Nothing contained in the Plan or the Confirmation Order shall be deemed

13    to be a waiver or the relinquishment of any of the Debtors' rights with respect to the Retained

14    Claims and Defenses and Reorganized Debtors shall be entitled to assert the Retained Rights and

15    Defenses as fully as if the Chapter 11 Cases had not been commenced.

16    ## 2.    Retention of Avoidance Actions

17    Unless otherwise expressly set forth in the Plan or the Confirmation Order, from and after

18    the Effective Date, the Reorganized Debtors shall have the right to prosecute any and all avoidance

19    actions, recovery causes of action and objections to Claims under Sections 105, 502, 506, 510, 542

20    through 551 and 553 of the Bankruptcy Code that belong to the Debtors or to the Estates,

21    including, without limitation, all avoidance actions related to the transfers listed on Exhibit "I" to

22    the Disclosure Statement, as well as potential avoidance against PNL for certain involuntary,

23    unauthorized postpetition transfers of funds belonging to MG 2001-2021 W. Mission.  A list of all

24    of the transfers by the Debtors during the 90-day and 1-year periods is attached as Exhibit "I" to

25    Disclosure Statement.

26    ## 3.    Unknown Retained Claims and Defenses / No Preclusion

27    Unless otherwise expressly set forth in the Plan or the Confirmation Order, the reservation

28    of rights and Retained Claims and Defenses set forth above shall include, without limitation, any

1   Retained Claims and Defenses of which the Debtors may presently be unaware, or which may arise

2   or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts

3   or circumstances that may change or be different from those the Debtors now believe to exist

4   including, without limitation, claims based on theories of construction defect, breach of warranty,

5   negligence, indemnification and contribution.  Therefore, no preclusion doctrine, including,

6   without limitation, the doctrines of res judicata, collateral estoppel, waiver, estoppel (judicial,

7   equitable or otherwise), or laches will apply to the Reorganized Debtors with respect to the

8   Retained Claims and Defenses upon or after the Confirmation of the Plan based on the Plan, the

9   Disclosure Statement or the Confirmation Order.

10          **I.    <u>OBJECTIONS TO CLAIMS</u>**

11          Except as otherwise provided in the Plan, objections to Claims, including without limitation

12   Administrative Claims (other than objections to Administrative Claims of Professionals), shall be

13   Filed and served upon the Holder of such Claim or Administrative Claim no later than the later of:

14   (a) one hundred eighty (180) days after the Effective Date, (b) one hundred eighty (180) days after

15   a proof of claim or request for payment of such Claim is Filed, and (c) a deadline set by the Court

16   after the extension of the one hundred eighty (180)-day deadline; such extension may be granted on

17   an ex parte basis without notice or hearing.  After the Confirmation Date, only the Reorganized

18   Debtors will have the authority to File objections, settle, compromise, withdraw or litigate to

19   judgment objections to Claims and Interests.  From and after the Confirmation Date, the

20   Reorganized Debtors may settle or compromise any Disputed Claim or Disputed Interest without

21   approval of the Court.  Nothing in this Section IV.I. shall affect the rights of Bank of America with

22   respect to its claims and defenses asserted in connection with the *County of Los Angeles Tax*

23   *Collector v. Bank of America, et al.*, formerly before the United States District Court for the Central

24   District of California, case number 2:10-cv-03536-SVW, in which Bank of America requested

25   declaratory relief that, *inter alia*, it has a right to pay real property taxes assessed against Bank of

26   America's real property collateral and that the County tax collector must accept checks handed to

27   the County's counsel on or about April 9, 2010.

28

368887.02 [XP]    25195

## J.    MANAGEMENT OF THE REORGANIZED DEBTORS

The officers, managers and general partners, as the case may be, of each of the Debtors shall serve in such capacities in each of the Reorganized Debtors, respectively, on and after the Effective Date.  Richard Meruelo, John Maddux, Todd Nielsen, Miguel Echemendia, Lynn Beckemeyer, and Andrew Murray (collectively "Management") will continue in their current capacities as officers of the Reorganized Debtors.  It has not been determined by the Board of Directors of MMPI whether Fred Skaggs will be retained as Chief Accounting Officer of MMPI.

The initial board of directors of Reorganized MMPI will consist of seven directors.  Richard Meruelo and John Maddux, or the shareholder entities controlled by them, will appoint the seven initial directors.  The terms of the initial directors shall be staggered in accordance with the following provisions, which provisions shall be reflected in Reorganized MMPI's certificate of incorporation: two of the directors shall be up for re-election at the first annual shareholder meeting (occurring at least one year after the Effective Date), two of the directors shall be up for re-election at the second annual shareholder meeting (occurring at least two years after the Effective Date), and the three remaining directors shall be up for re-election at the third annual shareholder meeting (occurring at least three years after the Effective Date).  The board of Reorganized MMPI must approve any related-party transactions, and if the related party is a board member such board member shall recuse himself or herself.  Reorganized MMPI will disseminate to shareholders annual financial statements audited by an outside auditor.  In 2013, Reorganized MMPI will make commercially-reasonable efforts to become a publicly reporting company if the board determines such to be in the best interests of the company.

## K.    DISBURSING AGENT

The Chief Financial Officer of MMPI (currently Andrew Murray) or the Chief Accounting Officer of MMPI (currently Fred Skaggs) shall act as the Disbursing Agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve without bond, and shall receive no additional compensation for his or her duties as Disbursing Agent.

368887.02 [XP]    25195

**L.    DISCHARGE OF THE DEBTORS AND INJUNCTION**

**1.    Discharge**

Except as otherwise provided in the Plan, the Confirmation Order or Section 1141(d)(6) of the Bankruptcy Code:  (i) on the Effective Date, each Debtor shall be deemed discharged and released to the fullest extent permitted by Section 1141 of the Bankruptcy Code from all Claims and Interests, including, but not limited to, demands, liabilities, Claims and Interests that arose before the Confirmation Date and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not:  (A) a proof of Claim or proof of Interest based on such debt or Interest is Filed or deemed Filed pursuant to Section 501 of the Bankruptcy Code, (B) a Claim or Interest based on such debt or Interest is allowed pursuant to Section 502 of the Bankruptcy Code or (C) the Holder of a Claim or Interest based on such debt or Interest has accepted the Plan; and (ii) all Persons shall be precluded from asserting against each Reorganized Debtor, its successors, or its assets or properties any other or further Claims or Interests based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date.  Except as otherwise provided in the Plan or the Confirmation Order, the Confirmation Order shall act as a discharge of any and all Claims against and all debts and liabilities of the Debtors, as provided in Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment against each Debtor at any time obtained to the extent that it relates to a Claim discharged.

**2.    Injunction**

All Persons that have held, currently hold or may hold a Claim or other debt or liability or an Interest or other right of an equity security Holder, are permanently enjoined from taking any of the following actions on account of any such Claims, debts or liabilities or terminated Interests or rights discharged pursuant to Section L.1. immediately above: (a) commencing or continuing in any manner any action or other proceeding against any of the Debtors and the Creditors' Committee, and professional persons retained by the Debtors, the Creditors' Committee, and each of their respective affiliates, current or former officers, directors, agents, employees and representatives; (b) enforcing, attaching, collecting or recovering in any manner any judgment,

1  award, decree or order against any of the Debtors, the Creditors' Committee and professional

2  persons retained by any of the Debtors and Creditors' Committee and each of their respective

3  affiliates, current or former officer, directors, agents, employees and representatives; (c) creating,

4  perfecting or enforcing any lien or encumbrance against any of the Debtors, the Creditors'

5  Committee, and professional persons retained by any of the Debtors and the Creditors' Committee

6  and each of their respective affiliates, current or former officers, directors, agents, employees and

7  representatives; (d) asserting a setoff, right of subrogation or recoupment of any kind against any

8  obligation due to any of the Debtors, the Creditors' Committee and professional persons retained

9  by any of the Debtors and the Creditors' Committee and each of their respective affiliates, current

10  or former officers, directors, agents, employees and representatives; and (e) commencing or

11  continuing any action, in any manner, in any place that does not comply with or is inconsistent with

12  the provisions of the Plan; provided however, the injunction provided herein does not apply to and

13  shall not enjoin or otherwise prevent action against the Debtors' current or former officers,

14  directors, or employees that is not a Discharged Claim under Section L.1. immediately above.

15      Any Person injured by any willful violation of such injunction shall recover actual damages,

16  including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive

17  damages, from the willful violator.

18      **M.    NO LIABILITY FOR SOLICITATION OR PARTICIPATION**

19      As specified in Section 1125(e) of the Bankruptcy Code, Persons that solicit acceptances or

20  rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities

21  offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the

22  Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation

23  of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of

24  the Plan or the offer, issuance, sale, or purchase of securities.

25      **N.    LIMITATION OF LIABILITY**

26      Neither (a) any Reorganized Debtor or any of their respective postpetition employees,

27  officers, directors, agents, representatives, affiliates, attorneys or any other professional persons

28  employed by any of them, nor (b) the Creditors' Committee or any of their respective postpetition

368887.02 [XP]    25195

1   members, agents, employees, directors, officers representatives, attorneys or other professional

2   advisors, in each case, shall have any responsibility, or have or incur any liability, to any Person

3   whatsoever, under any theory of liability (except for any claim based upon willful misconduct or

4   gross negligence), for any act taken or omission made in good faith directly related to formulating,

5   implementing, confirming, or consummating the Plan, the Disclosure Statement, or any contract,

6   instrument, release, or other agreement or document created in connection with the Plan, provided

7   that nothing in this paragraph shall limit the liability of any Person for breach of any express

8   obligation it has under the terms of this Plan or under any post-petition agreement or other post-

9   petition document entered into by such Person or in accordance with the terms of this Plan or for

10  any breach of a duty of care owed to any other Person occurring after the Effective Date.

11          **O.**     **CERTIFICATE OF INCORPORATION AND CERTIFICATES OF**

12                 **ORGANIZATION**

13          On the Effective Date, each Reorganized Debtor shall adopt an amended certificate of

14  incorporation, organization or formation of similar articles, pursuant to applicable non-bankruptcy

15  law and Section 1123(a)(5)(I) of the Bankruptcy Code.  Each amended certificate will, among other

16  provisions prohibit the issuance of nonvoting equity securities to the extent required by Section

17  1123(a)(6) of the Bankruptcy Code and will become effective upon the occurrence of the Effective

18  Date, and shall contain such other provisions as the Reorganized Debtors deem necessary and

19  appropriate including the elimination of single purpose entity provisions.

20          **P.**     **OTHER DOCUMENTS AND ACTIONS**

21          The Debtors and the Reorganized Debtors may, and shall, execute such documents and take

22  such other actions as are necessary to effectuate the transactions provided for in the Plan.

23          **Q.**     **CORPORATE ACTION**

24          The adoption of the amended certificates of incorporation, certificates of organization, or

25  certificate of limited partnership, as the case may be, and all other matters under the Plan involving

26  the corporate structure of the Reorganized Debtors, shall be deemed to have occurred and be

27  effective on and after the Effective Date without any requirement of further action by the

28  stockholders, directors, managers, members, or limited partners, as the case may be, of each

368887.02 [XP]    25195

1   Debtor.  Without limiting the foregoing, upon entry of the Confirmation Order by the Clerk, the

2   filing by any of the Reorganized Debtors of the amended certificates shall be authorized and

3   approved in all respects, including amendments to eliminate any special purpose entity provisions.

4   On the Effective Date or as soon thereafter as is practicable, pursuant to applicable law, the bylaws,

5   operating agreements, or partnership agreement, as the case may be, of each Debtor shall be the

6   bylaws, operating agreements or partnership agreement of such Reorganized Debtor.

7        **R.**     **RETIREE BENEFITS**

8        The Debtors do not have any present obligations to pay retiree benefits within the meaning

9   of Section 1129(a)(13).

10       **S.**     **THE CREDITORS' COMMITTEE AND THE EQUITY COMMITTEE**

11       The Creditors' Committee and Equity Committee shall be dissolved 60 days after the

12   Effective Date and the members of such committees shall be released and discharged from all

13   further rights and duties arising from or related to the Chapter 11 Cases.  The professionals retained

14   by such committees and the members thereof shall not be entitled to compensation or

15   reimbursement of expenses incurred for services rendered after the Effective Date.

16                                  **V.**

17       **TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

18       The Plan constitutes a motion to assume or reject all executory contracts and nonresidential

19   real property leases, except for those executory contracts and nonresidential real property leases

20   that have already been assumed or rejected pursuant to an earlier Order of the Court or that are the

21   subject of a motion for such an Order pending as of the Confirmation Hearing.  Within 15 business

22   days following the conclusion of the Confirmation Hearing, the Debtors will File a schedule of all

23   real property leases and executory contracts to be rejected, and such leases and contracts shall be

24   deemed rejected as of the Effective Date; any contract or lease not on that schedule shall be deemed

25   assumed by the applicable Debtor as of the Effective Date.  Also within 15 business days following

26   the conclusion of the Confirmation Hearing, the Debtors will File a schedule of all real property

27   leases and executory contracts to be assumed listing the cure amount, if any, believed to exist under

28   such unexpired lease or executory contract (the "Assumption Schedule").  Unless the non-Debtor

368887.02 [XP]      25195

party to any such executory contract or unexpired lease to be assumed Files and serves on Debtors' counsel an objection to the cure amount specified on that schedule on or before 15 business days after the filing and service of the Assumption Schedule, such cure amount shall be forever binding on such non-debtor party to said executory contract or unexpired lease.

Except as otherwise agreed by the parties to an executory contract or unexpired lease, each Reorganized Debtor will cure any and all undisputed defaults within 45 days of the Effective Date under any executory contract or unexpired lease assumed pursuant to the Plan and to which it is a party, in accordance with Section 365 of the Bankruptcy Code.  All disputed defaults that are required to be cured shall be cured either within 30 days of the entry of a Final Order determining the amount, if any, of such Debtor's or Reorganized Debtor's liability with respect thereto, or as may be agreed otherwise by the parties.  The Confirmation Order shall state that all pre-petition contracts and unexpired leases that are listed or to be listed on the schedule described herein are deemed assumed under the Plan.

Any Claim for damages arising from the rejection of an executory contract or unexpired lease must be Filed and served on counsel for the Debtors within 30 days after the Effective Date or be (i) forever barred and unenforceable against any Debtor, its Estate, any Reorganized Debtor and their respective property, and (ii) barred from receiving any distribution under the Plan.  Each Allowed Claim arising from the rejection of executory contracts or unexpired leases shall be treated as a Class "C" General Unsecured Claim against the respective Debtor who is a party to such executory contract or unexpired lease.

Any election of rights by a lessee under Section 365(h)(1) of the Bankruptcy Code must be Filed and served on counsel for the Debtors within 30 days after the Effective Date or the lessee shall be deemed to have waived any and all of its rights under Section 365(h)(1).

## VI.

## CONFIRMATION DATE CONDITIONS

### A.    CONDITIONS TO CONFIRMATION

The conditions to Confirmation shall be the following:

(1)    The satisfaction of the requirements of Section 1129 of the Bankruptcy Code;

(2)     The Confirmation Order shall (i) be acceptable in form and substance to the Debtors (in the Debtors' sole and absolute discretion) and (ii) expressly authorize and direct the Debtors to perform the actions that are conditions to the effectiveness of the Plan; and

(3)     Each of the events and actions required by the Plan to occur or to be taken prior to Confirmation shall have occurred or have been taken, or the Debtors or the party whose obligations are conditioned by such occurrences and/or actions, as applicable, shall have waived such occurrences or actions.

**B.     CONDITIONS TO EFFECTIVE DATE**

The Plan shall not become effective unless and until it has been confirmed and the following condition has been satisfied in full or waived by the Debtors:  the Confirmation Order in a form satisfactory to the Debtors shall have become a Final Order.

**C.     WAIVER OF CONDITIONS**

The Debtors may waive any or all of the other conditions set forth in the Plan without leave of or order of the Court and without any formal action.  The Debtors reserve the right to amend or revoke the Plan.  Although this Plan is styled as a joint plan, the Debtors reserve the right to proceed with Confirmation under this Plan for one Debtor, or a combination of Debtors, and not the others.

**D.     EFFECT OF FAILURE OF CONDITIONS**

In the event that the Effective Date does not occur, upon notification submitted by the Debtors to the Court: (a) the Confirmation Order shall be vacated, (b) no distributions under the Plan shall be made, (c) the Debtors and all Holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred, and (d) the Debtors' obligations with respect to the Claims and Interests shall remain unchanged and nothing contained in the Plan shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors.

368887.02 [XP]      25195

## E.    VACATUR OF CONFIRMATION ORDER

If an order denying confirmation of the Plan is entered, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Interests in the Debtors; (b) prejudice in any manner the rights of the Holder of any Claim against, or Interest in, the Debtors; (c) prejudice in any manner any right, remedy or claim of the Debtors; or (d) be deemed an admission against interest by the Debtors.

## VII.

## CONFIRMABILITY OF PLAN AND CRAMDOWN

In the event at least one Impaired Class of Claims votes to accept the Plan (and at least one Impaired Class either votes to reject the Plan or is deemed to have rejected the Plan), the Debtors shall request the Court to confirm the Plan under the cramdown provisions of the Bankruptcy Code.

## VIII.

## VOTING AND DISTRIBUTIONS UNDER THE PLAN AND TREATMENT OF DISPUTED, CONTINGENT AND UNLIQUIDATED CLAIMS AND INTERESTS

### A.    VOTING OF CLAIMS AND INTERESTS

Each Holder of an Allowed Claim or an Allowed Interest in an Impaired Class of Claims or Interests shall be entitled to vote separately to accept or reject the Plan as provided in such order as may be entered by the Court establishing certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, or any other order or orders of the Court.

### B.    METHOD OF DISTRIBUTIONS UNDER THE PLAN

#### 1.    Distributions Under the Plan

The Chief Financial Officer of MMPI, currently Andrew Murray, or the Chief Accounting Officer of MMPI, currently Fred Skaggs, will serve as Disbursing Agent.  The Disbursing Agent will make all distributions of Cash and securities required to be distributed under the applicable provisions of the Plan.  The Disbursing Agent may employ or contract with other entities to assist in or make the distributions required by the Plan.  The Disbursing Agent will serve without bond, and the Disbursing Agent will not receive additional  compensation for distribution services rendered pursuant to the Plan.

368887.02 [XP]    25195

Cash payments made pursuant to the Plan will be in U.S. dollars by checks drawn on a bank selected by the Reorganized Debtors, or by wire transfer from a bank, at the option of Reorganized Debtor.  Cash payments of $1,000,000 or more to be made pursuant to the Plan will, to the extent requested in writing no later than five days after the Confirmation Date, be made by wire transfer from a bank.  Cash payments to foreign creditors, if any, may be made, at the option of the Reorganized Debtors, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

### 2.    Timing and Methods of Distribution

#### a.    Compliance with Tax Requirements

In connection with the Plan, to the extent applicable, the Disbursing Agent must comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan will be subject to such withholding and reporting requirements.  The Disbursing Agent will be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

Notwithstanding any other provision of the Plan:  (i) each Holder of an Allowed Claim or Interest that is to receive a distribution of Cash pursuant to the Plan will have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations, on account of such distribution; and (ii) no distribution will be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements satisfactory to the Disbursing Agent for the payment and satisfaction of such tax obligations.  Any Cash to be distributed pursuant to the Plan will, pending the implementation of such arrangements, be treated as an undeliverable distribution pursuant to the Plan.

#### b.    Pro Rata Distributions

When the Plan provides for Pro Rata distribution, the property to be distributed under the Plan shall be divided Pro Rata among the Holders of Allowed Claims or Allowed Interests of the relevant Class.

368887.02 [XP]      25195

1

### c.    Distributions

2      Distributions under the Plan shall be made by the Reorganized Debtors or their designee to

3    the Holders of Allowed Administrative Claims, Allowed Claims and Allowed Interests at the

4    addresses set forth on the Schedules, unless such addresses are superseded by addresses listed on

5    proofs of claim or transfers of claims filed pursuant to Bankruptcy Rule 3001, or at the last known

6    address of such Holders if the Debtors or Reorganized Debtors have been notified in writing of a

7    change of address.

8    ## C.    <u>UNDELIVERABLE OR UNCLAIMED DISTRIBUTIONS</u>

9      Any Person that is entitled to receive a Cash distribution under the Plan but that fails to cash

10   a check within 90 days of its issuance shall be entitled to receive a reissued check from the

11   Reorganized Debtors for the amount of the original check, without any interest, if such person

12   requests the Disbursing Agent to reissue such check and provides the Disbursing Agent with such

13   documentation as the Disbursing Agent requests to verify that such Person is entitled to such check,

14   prior to the first anniversary of the Effective Date.  If a Person fails to cash a check within 90 days

15   of its issuance and fails to request reissuance of such check prior to the first anniversary of the date

16   the check was issued, such Person shall not be entitled to receive any further distribution under this

17   Plan.  If the distribution to any Holder of an Allowed Claim or Allowed Interest is returned to a

18   Disbursing Agent as undeliverable, no further distributions will be made to such Holder unless and

19   until the applicable Disbursing Agent is notified in writing of such Holder's then-current address.

20   Undeliverable distributions will remain in the possession of the Disbursing Agent pursuant to the

21   Plan until such time as a distribution becomes deliverable.  Undeliverable Cash will be held in trust

22   in segregated bank accounts in the name of the Disbursing Agent for the benefit of the potential

23   claimants of such funds, and will be accounted for separately.  The Disbursing Agent holding

24   undeliverable Cash shall invest such Cash in a manner consistent with the Reorganized Debtors'

25   investment and deposit guidelines.  Any distribution which is not claimed within six months of the

26   Effective Date shall be deemed property of the Reorganized Debtors.

27

28

368887.02 [XP]    25195

**D.**    **DISPUTED CLAIMS AND ESTIMATIONS**

**1.**    **Treatment of Disputed Claims**

Notwithstanding any other provisions of the Plan, no payments or distributions will be made on account of any Claim or Interest until such Claim or Interest becomes an Allowed Claim or Allowed Interest.  The Reorganized Debtors may, at any time, request that the Court estimate any contingent or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, irrespective of whether the Reorganized Debtors previously objected to such Claim or whether the Court has ruled on any such objection.  The Court will retain jurisdiction to estimate any contingent or unliquidated Claim at any time during litigation concerning any objection to the Claim, including during the pendency of any appeal relating to any such objection.  If the Court estimates any contingent or unliquidated Claim, that estimated amount will constitute either the Allowed Amount of such Claim or a maximum limitation on such Claim, as determined by the Court.  If the estimated amount constitutes a maximum limitation on such Claim, the Reorganized Debtors may elect to pursue any supplemental proceedings to object to any ultimate payment on account of such Claim.  All of these Claims objection, estimation and resolution procedures are cumulative and not necessarily exclusive of one another.  In addition to seeking estimation of Claims as provided in the Plan, the Reorganized Debtors may resolve or adjudicate certain Disputed Claims of Holders in Unimpaired Classes in the manner in which the amount of such Claim and the rights of the Holder of such Claim would have been resolved or adjudicated if the Reorganization Cases had not been commenced, subject to any applicable discharge and limitations on amounts of claims and remedies available under bankruptcy law.  Claims may be subsequently compromised, settled, withdrawn or resolved by the Reorganized Debtors.

**2.**    **Distributions on Account of Disputed Claims Once They Are Allowed**

In the event a Disputed Claim becomes an Allowed Claim after the Effective Date, the payment will be due and payable 30 days after the date an Order allowing such Claim becomes a Final Order.  Such distributions will be made pursuant to the provisions of the Plan governing the applicable Class.  Holders of Disputed Claims or Disputed Interests that are ultimately allowed will

1   also be entitled to receive, on the basis of the amount ultimately allowed, matured and payable

2   interest, if any, at the rate provided for the Class to which such Claim belongs.

3       **3.      Allowance of Claims Subject to Bankruptcy Code Section 502(d)**

4       Allowance of Claims shall be in all respects subject to the provisions of Section 502(d) of

5   the Bankruptcy Code.

6       **E.     SETOFFS**

7       Except with respect to claims of the Debtors and Reorganized Debtors released pursuant to

8   the Plan or any contract, instrument, release, indenture or other agreement or document created in

9   connection with the Plan, the Reorganized Debtors may, pursuant to Section 553 of the Bankruptcy

10  Code or applicable nonbankruptcy law, set off against any Allowed Claim and the distributions to

11  be made pursuant to the Plan on account of such Claim (before any distribution is made on account

12  of such Claim), the claims, rights and causes of action of any nature that the Reorganized Debtors

13  may hold against the Holder of such Allowed Claim; provided, however, that neither the failure to

14  effect such a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by

15  Reorganized Debtors of any such claims, rights and causes of action that the Debtors and the

16  Reorganized Debtor may possess against such Holder.

17                                  **IX.**

18                     **RETENTION OF JURISDICTION**

19      Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective

20  Date, the Court will retain such jurisdiction over the Chapter 11 Cases after the Effective Date to

21  the full extent permitted by law, including, without limitation, jurisdiction to:

22      (a)      Allow, disallow, determine, liquidate, classify, subordinate, estimate or establish the

23  priority or secured or unsecured status of any Claim or Interest, including the resolution of any

24  request for payment of any Administrative Claim, the resolution of any objections to the allowance

25  or priority of Claims or Interests and the resolution of any dispute as to the treatment necessary to

26  reinstate a Claim pursuant to the Plan;

27

28

1    (b)    Grant or deny any applications for allowance of compensation or reimbursement of

2 expenses authorized pursuant to the Bankruptcy Code or the Plan, for periods ending before the

3 Effective Date;

4    (c)    Resolve any matters related to the assumption or rejection of any executory contract

5 or unexpired lease to which any Debtor is a party or with respect to which the any Debtor may be

6 liable, and to hear, determine and, if necessary, liquidate any Claims arising there from;

7    (d)    Ensure that distributions to Holders of Allowed Claims or Allowed Interests are

8 accomplished pursuant to the provisions of the Plan;

9    (e)    Decide or resolve any motions, adversary proceedings, contested or litigated matters

10 and any other matters and grant or deny any applications involving the Debtors, Reorganized

11 Debtor or the Chapter 11 Cases that may be pending on the Effective Date;

12    (f)    Enter such Orders as may be necessary or appropriate to implement or consummate

13 the provisions of the Plan and all contracts, instruments, releases, indentures and other agreements

14 or documents created in connection with the Plan, the Disclosure Statement or the Confirmation

15 Order, except as otherwise provided herein;

16    (g)    Resolve any cases, controversies, suits or disputes that may arise in connection with

17 the consummation, interpretation or enforcement of the Plan or the Confirmation Order, including

18 the release and injunction provisions set forth in and contemplated by the Plan and the

19 Confirmation Order, or any entity's rights arising under or obligations incurred in connection with

20 the Plan or the Confirmation Order;

21    (h)    Subject to any restrictions on modifications provided in any contract, instrument,

22 release, indenture or other agreement or document created in connection with the Plan, modify the

23 Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code or modify

24 the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or

25 other agreement or document created in connection with the Plan, the Disclosure Statement or the

26 Confirmation Order; or remedy any defect or omission or reconcile any inconsistency in any Court

27 Order, the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument,

28 release, indenture or other agreement or document created in connection with the Plan, the

368887.02 [XP]    25195

1    Disclosure Statement or the Confirmation Order, in such manner as may be necessary or

2    appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

3        (i)    Issue injunctions, enter and implement other Orders or take such other actions as

4    may be necessary or appropriate to restrain interference by any entity with consummation,

5    implementation or enforcement of the Plan or the Confirmation Order;

6        (j)    Enter and implement such Orders as are necessary or appropriate if the

7    Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

8        (k)    Determine any other matters that may arise in connection with or relating to the

9    Plan, this Disclosure Statement, the Confirmation Order or any contract, instrument, release,

10    indenture or other agreement or document created in connection with the Plan, the Disclosure

11    Statement or the Confirmation Order, except as otherwise provided in the Plan;

12        (l)    Enter an Order concluding the Chapter 11 Cases; and

13        (m)    In the event a Plan is confirmed in the Chapter 11 Case of MG 5707 S. Alameda and

14    /or the Chapter 11 Case of MM 1000 E. Cesar Chavez, prior in time to confirmation of a Plan in the

15    Chapter 11 Case of a Debtor that has pledged an interest in real property to a secured creditor who

16    is a Replacement Lien Property Pool Creditor, the Court shall retain jurisdiction over the real

17    properties owned by MG 5707 S. Alameda and/or MM 1000 E. Cesar Chavez until confirmation of

18    a Plan for each of the Debtors that have pledged an interest in real property to a secured creditor

19    who is a Replacement Lien Property Pool Creditor

20        The foregoing list is illustrative only and not intended to limit in any way the Court's

21    exercise of jurisdiction.  If the Court abstains from exercising jurisdiction or is otherwise without

22    jurisdiction over any matter arising out of the Chapter 11 Cases, including without limitation the

23    matters set forth in this Article, this Article shall have no effect upon and shall not control, prohibit,

24    or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to

25    such matter.

26

27

28

368887.02 [XP]    25195

**X.**

**MISCELLANEOUS PROVISIONS**

### A.    EXEMPTION FROM TRANSFER TAXES

Pursuant to Section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment or any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, license transfer or other similar tax. For the avoidance of doubt, the transactions contemplated under the Plan include, among other things, the transactions and transfers contemplated in Section III of the Plan under, in furtherance of, or in connection with the consolidation provided for therein including, without limitation, the transfer of the Debtors' right, title and interest in property of the Estates to the Reorganized Debtors.

### B.    PAYMENT OF STATUTORY FEES

All fees payable on or before the Effective Date pursuant to Section 1930 of Title 28 of the United States Code, as determined by the Court at the Confirmation Hearing, shall be paid on or before the Effective Date.

### C.    MODIFICATION OR WITHDRAWAL OF THE PLAN

The Debtors reserve the right, in accordance with the Bankruptcy Code, to amend, modify (subject to Court approval), or withdraw the Plan prior to the entry of the Confirmation Order. After the entry of the Confirmation Order, the Debtors may amend or modify the Plan, or remedy any defect or omission or reconcile any inconsistency in the Plan in such a manner as may be necessary to carry out the purpose and intent of the Plan.

### D.    GOVERNING LAW

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of California (without reference to the conflicts

368887.02 [XP]    25195

1  of laws provisions thereof) shall govern the construction and implementation of the Plan and any

2  agreements, documents and instruments executed in connection with the Plan.

3  **E.    FILING OR EXECUTION OF ADDITIONAL DOCUMENTS**

4  On or before the Effective Date, the Reorganized Debtor shall file with the Court or

5  execute, as appropriate, such agreements and other documents as may be necessary or appropriate

6  to effectuate and further evidence the terms and conditions of the Plan.

7  **F.    WITHHOLDING AND REPORTING REQUIREMENTS**

8  In connection with the Plan and all instruments issued in connection therewith and

9  distributions thereon, the Reorganized Debtors shall comply with all withholding and reporting

10  requirements imposed by any federal, state, local or foreign taxing authority and all distributions

11  there under shall be subject to any such withholding and reporting requirements.

12  **G.    WAIVER OF RULE 7062 OF THE FEDERAL RULES OF BANKRUPTCY**

13  **PROCEDURE**

14  The Debtors may request that the Confirmation Order include (a) a finding the Rule 62(a)

15  of the Federal Rules of Civil Procedure, made applicable by Rule 7062 of the Federal Rules of

16  Bankruptcy Procedure, shall not apply to the Confirmation Order, and (b) authorization for the

17  Debtors to consummate the Plan immediately after the entry of the Confirmation Order.

18  **H.    HEADINGS**

19  Headings used in the Plan are for convenience and reference only and shall not constitute a

20  Part of the Plan for any purpose.

21  **I.    EXHIBITS AND SCHEDULES**

22  All Exhibits and Schedules to the Plan and Disclosure Statement are incorporated into and

23  constitute a part of the Plan as if set forth herein.

24  **J.    NOTICES**

25  All notices, requests and demand hereunder to be effective shall be in writing and unless

26  otherwise expressly provided herein, shall be deemed to have been duly given or made when

27  actually delivered by U.S. mail or email, addressed as follows:

28

368887.02 [XP]    25195

| REORGANIZED DEBTOR | COUNSEL TO THE DEBTORS AND REORGANIZED DEBTOR |
|---|---|
| Todd Nielsen, Esq.<br>General Counsel<br>MERUELO MADDUX<br>PROPERTIES, INC.<br>761 Terminal Street<br>Building 1, 2nd Floor<br>Los Angeles, California 90021<br>tnielsen@meruelomaddux.com | John N. Tedford, IV, Esq.<br>DANNING, GILL, DIAMOND &<br>KOLLITZ, LLP<br>2029 Century Park East, Third Floor<br>Los Angeles, California 90067-2904<br>Telephone:  (310) 277-0077<br>Facsimile:  (310) 277-5735<br>JTedford@dgdk.com |

**K.   CONFLICT**

The terms of this Plan shall govern in the event of any inconsistency with the summaries of the Plan set forth in the Disclosure Statement.

**L.   SUCCESSORS AND ASSIGNS**

The rights, benefits and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, trustee, administrator, successor or assign of such Person.

**M.   SATURDAY, SUNDAY OR LEGAL HOLIDAY**

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**N.   POST-EFFECTIVE DATE EFFECT OF EVIDENCES OF CLAIMS OR INTERESTS**

Notes, bonds, stock certificates and other evidences of Claims against or Interests in the Debtors, and all Instruments of the Debtors (in either case, other than those executed and delivered as contemplated hereby in connection with the consummation of the Plan), shall, effective upon the Effective Date, represent only the right to participate in the distributions contemplated by the Plan.

**O.   SEVERABILITY OF PLAN PROVISIONS**

If, prior to Confirmation, any term or provision of the Plan that does not govern the treatment of Claims or Interests provided for herein or the conditions to the Effective Date is held by the Court to be invalid, void, or unenforceable, the Court shall have the power to alter and

-130-

368887.02 [XP]   25195

1    interpret such term or provision to make it valid or enforceable to the maximum extent practicable,

2    consistent with the original purpose of the term or provision held to be invalid, void, or

3    unenforceable, and such term or provision shall then be applicable as altered or interpreted.

4    Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and

5    provisions of the Plan will remain in full force and effect and will in no way be affected, impaired,

6    or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall

7    constitute a judicial determination, and shall provide, that each term and provision of the Plan, as it

8    may have been altered or interpreted in accordance with the foregoing, is valid and enforceable

9    pursuant to its terms.

10              **P.    BALLOTING**

11           Each Holder of an Allowed Claim or an Allowed Interest entitled to vote on the Plan will

12   receive a ballot.  The ballot will contain two boxes, one indicating acceptance of the Plan and the

13   other indicating rejection of the Plan.  Holders of Allowed Claims or Allowed Interests who elect

14   to vote on the Plan must mark one or the other box pursuant to the instructions contained on the

15   ballot.

16              **Q.    NO ADMISSIONS OR WAIVER OF OBJECTIONS**

17           Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be

18   deemed as an admission by any Debtor with respect to any matter set forth herein including,

19   without limitation, liability on any Claim or the propriety of any Claims classification.  The

20   Debtors are not bound by any statements herein or in the Disclosure Statement as judicial

21   admissions.

22              **R.    SURVIVAL OF SETTLEMENTS**

23           All settlements approved by the Court pursuant to Federal Rule of Bankruptcy Procedure

24   9019 or otherwise shall survive consummation of the Plan.

25           In the event that the terms of the Plan are inconsistent with the terms of Court-approved

26   settlements between one or more of the Debtors and [1] Berkadia, [2] Chamlian, [3] EWB,

27   [4] FNBN, [5] Imperial, [6] Legendary, [7] Los Angeles County, [8] Murakami, [9] Stanford, and

28   [10] PCB, the terms of the settlements shall supersede any inconsistent Plan provisions.

368887.02 [XP]    25195

1    In the event that the terms of the Plan are inconsistent with the terms of any other Court-

2  approved settlement, the terms of the Plan shall supersede any inconsistent settlement provisions.

3    **S.    POST-CONFIRMATION STATUS REPORT**

4    Within 180 days of the entry of the Confirmation Order, the Reorganized Debtors shall file

5  a status report explaining what progress has been made toward consummation of the Plan.  The

6  initial report shall be served on the United States Trustee and those parties who have requested

7  special notice.  Further reports shall be filed every 180 days thereafter and served on the same

8  entities, unless otherwise ordered by the Court.

9    **T.    FINAL DECREE**

10    Once the Estates have been fully administered within the meaning of Rule 3022 of the

11  Federal Rules of Bankruptcy Procedure, the Reorganized Debtors shall file a motion with the Court

12  to obtain a final decree to close the Chapter 11 Cases.

13

14  Dated:  May 3, 2011                    _____*/s/ Richard Meruelo*_____
                                           Richard Meruelo
15                                         Chief Executive Officer of Meruelo Maddux
                                           Properties, Inc. and Its 53 Debtor-Affiliates
16

17
    Dated:  May 3, 2011                    DANNING, GILL, DIAMOND & KOLLITZ, LLP
18

19                                         By: _____*/s/ John N. Tedford, IV*_____
                                               John N. Tedford, IV
20                                             Attorneys for Meruelo Maddux Properties, Inc.,
                                               and Its 53 Jointly Administered Debtors
21

22

23

24

25

26

27

28

-132-