CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

PAUL, HASTINGS, JANOFSKY & WALKER LLP
CYNTHIA M. COHEN (SBN 93639)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
cynthiacohen@paulhastings.com

Attorneys for GAC Real Estate Partners, LLC and
Specially Appearing for Charlestown Capital Advisors,
LLC and Hartland Asset Management Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.<br><br>Debtor. | Case No. 1:09-bk-13356-VK<br><br>Chapter 11<br><br>**CHARLESTOWN PROPONENTS' OBJECTION TO INCONSISTENCIES BETWEEN DEBTORS' EFFECTIVE DATE LOAN DOCUMENTS AND DEBTORS' JOINT PLAN OF REORGANIZATION** |

Shareholders and plan proponents Charlestown Capital Advisors, LLC and Hartland Asset Management (the "Charlestown Proponents") object to the "Debtors' Effective Date Loan Documents" on the ground that they are inconsistent with the Debtors' Joint Plan of Reorganization and constitute unauthorized plan modifications for at least the following reasons:

1. The Debtors' Joint Plan of Reorganization which was the subject of confirmation hearings in this Court and all post-hearing modifications and reiterations of that plan contained the same description of the $15 million convertible loan required to fund operations and payments under the plan. Each represented that the Debtors had obtained a commitment from Watermarke Properties, Inc. for the described loan. In the most recent iteration filed by the Debtors on May 3, 2011, the description and representations appear on pages 109-110 of the plan. Debtors' counsel represented at the status conference on April 28, 2011 that the loan documents for the described loan would be filed with the Court. Although the Debtors filed their "Debtors' Effective Date Loan Documents," those documents embody loan terms different from what was described in the plans or even in the Supplemental Declaration of Richard Meruelo and exhibits filed on January 6, 2011 (Dkt. No. 2544). These differences are not mere word differences. They increase the liabilities of the Debtors and grant rights to Watermarke not contemplated by the plans.

2. The most significant difference is the inclusion in the filed loan documents of the Environmental Certificate and Indemnity Agreement (Exhibit D in the Debtors' filing). Neither the plan, nor the Meruelo Declaration, nor the commitment letter attached to the declaration described the Watermarke loan as including any environmental indemnity. The most significant aspect of the environmental indemnity contained in the Debtors' new filing is that the indemnity obligation of the Debtors extends beyond repayment of the loan (Second Recital D and Section 11) and encompasses indemnity for any fees, loss or damages arising under any hazardous substance law with respect to the premises, even that resulting from negligence of the lender or its agents or employees (Section 4). Indeed, the indemnity does not exclude matters arising subsequent to a foreclosure by the lender unless they arise from gross negligence or intentional misconduct by the lender after the Debtors cease to own the property. In other words, the Debtors remain liable for maters arising from

1 negligent conduct by the lender or third parties even where the conduct occurs after the Debtors no longer own the property. These are material liabilities assumed by the Debtors without Court authorization.

3. The Convertible Promissory Note included in the "Effective Date Loan Documents" (Exhibit B) includes a provision allowing substitution of collateral at any time (Section 4). Although the Watermarke termsheet submitted with the Meruelo Declaration included the ability to substitute collateral in the event the pledged collateral was to be sold by the Debtors, the current substitution provision is not limited in that fashion. The substitution provision is open-ended as to time and property with the only restriction being the requirement that the substituted collateral be of a value equal to or greater than the collateral it is replacing. This too is a material change because of the effect the substitution may have on the Debtors' ability to perform its plan obligations post-effective date. For example, will the replacement collateral also be the collateral of an existing lender, thereby triggering a default or payment issue for that lender? Similarly, will the replacement collateral be property whose cash flow is necessary to service the debt secured by liens on underperforming properties? Additionally, will the replacement be collateral that was to be sold in order to meet the Debtors' feasibility projections?

4. The Deed of Trust and Assignment of Rents (Exhibit C) imposes recourse liability on the Debtors whose collateral is being pledged to secure the loan. The loan described in the plan contemplated accommodation deeds of trust that would secure the loan to MMPI. Under California law, the anti-deficiency laws (Cal. Code of Civil Procedure Section 580d), this structure limited the liability of the pledging debtors to loss of the pledged properties and also limited liability of MMPI to loss of the pledged properties unless Watermarke proceeds by judicial foreclosure and obtains a deficiency judgment under Cal. Code of Civil Procedure Section 726. In a judicial foreclosure, of course, the Debtors would have a variety of important rights not available in non-judicial foreclosure, such as the right to "redeem" the property for up to a year after the foreclosure sale. The deed of trust waives both the anti-deficiency protections and the non-recourse benefits enjoyed under California law (Sections C(10) and C(11)).

5. The issue is not whether a borrower and lender could have (or even likely would have) negotiated a loan with the foregoing provisions. A lender might well have exacted these provisions from a borrower, especially a borrower *in extremis*. The issue is that these provisions embody material modifications of the Debtors' Joint Plan of Reorganization and, therefore, must be authorized by the Court under the legal standard applicable to plan modifications.

DATED: May 8, 2011

                                LESNICK PRINCE LLP

                                By:  /s/ Christopher E. Prince
                                      Christopher E. Prince
                                      Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

                              PAUL, HASTINGS, JANOFSKY & WALKER LLP
                              CYNTHIA M. COHEN

                              By  /s/ Cynthia M. Cohen
                                    Cynthia M. Cohen
                                    Attorneys for GAC Real Estate Partners, LLC and Specially Appearing for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 1:09-bk-13356-KT |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA 90405

A true and correct copy of the foregoing document described **CHARLESTOWN PROPONENTS' OBJECTION TO INCONSISTENCIES BETWEEN DEBTORS' EFFECTIVE DATE LOAN DOCUMENTS AND DEBTORS' JOINT PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 8, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On   May 8, 2011   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 8, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Victoria S. Kaufman, United States Bankruptcy Court
21041 Burbank Boulevard, Suite 305, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 8, 2011 | Christopher E. Prince | /s/ Christopher E. Prince |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 1:09-bk-13356-KT |
|---|---|

- Michael C Abel mcabel@mac.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*         **F 9021-1.1**

- Eric D Goldberg egoldberg@stutman.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham jag@jmbm.com
- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com
- Peter J Gurfein pgurfein@lgbfirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com
- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com
- Kenneth J Shaffer jshaffer@stutman.com

- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com
- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni surjit@sonilaw.com, teresa@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com
- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com