1 | GARY E. KLAUSNER (State Bar No. 69077)
2 | MARINA FINEMAN (State Bar No. 193065)
  | ANTHONY ARNOLD (State Bar No. 251973), Members of
3 | STUTMAN, TREISTER & GLATT, P.C.
  | 1901 Avenue of the Stars, 12th Floor
4 | Los Angeles, CA 90067-6013
  | gklausner@stutman.com
5 | mfineman@stutman.com
  | aarnold@stutman.com
6 | Telephone: (310) 228-5600
7 | Facsimile: (310) 228-5788
8 | Special Reorganization Counsel for Debtors and Debtors in Possession

9 | JOHN N. TEDFORD, IV (State Bar No. 205537)
  | DANNING GILL, DIAMOND & KOLLITZ, LLP
10 | 2029 Century Park East, Third Floor
   | Los Angeles, CA 90067-2904
11 | JTedford@DGDK.com
   | Telephone: (310) 277-0077
12 | Facsimile: (310) 277-5735

13 | Reorganization Counsel for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:09-bk-13356-VK |
| | Chapter 11 (Jointly Administered) |
| MERUELO MADDUX PROPERTIES, INC., et al.,[1] | |
| | **DEBTORS' SUPPLEMENTAL RESPONSE TO EQUITY COMMITTEE'S LIMITED OBJECTION TO DEBTORS' EFFECTIVE DATE LOAN DOCUMENTS AND CHARLESTOWN PROPONENTS' OBJECTION TO INCONSISTENCIES BETWEEN DEBTORS' EFFECTIVE DATE LOAN DOCUMENTS AND DEBTORS' PLAN OF REORGANIZATION** |
| Debtor. | |
| ☒ Affects all Debtors ☐ Affects the following Debtor(s): | **Status Conference Date:**  May 17, 2011 **Time:**  2:30 p.m. **Place:**  Courtroom 301 21041 Burbank Blvd. Woodland Hills, California 91367 |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

550885v3

1    The Debtors and Debtors in Possession in the above captioned chapter 11 cases

2    submit the following Supplemental Response to Equity Committee's Limited Objection to Debtors'

3    Effective Date Loan Documents and Charlestown Proponents' Objection to Inconsistencies Between

4    Debtors' Effective Date Loan Documents and Debtors' Plan of Reorganization.

5                                **ENVIRONMENTAL INDEMNITY**

6          In the Debtors' "Response to Equity Committee's Limited Objection to Debtors'

7    Effective Date Loan Documents and Charlestown Proponents' Objection to Inconsistencies Between

8    Debtors' Effective Date Loan Documents and Debtors' Plan of Reorganization", which was filed on

9    May 9, 2011, (the "Debtor's Response"), the Debtor addressed the issue raised by the Equity

10   Committee and Charlestown concerning language of the Environmental Certificate and Indemnity

11   Agreement ("Environmental Indemnity"). The Debtors advised the Court that environmental

12   indemnities are not only customary and standard practice in connection with commercial real estate

13   financing, but that substantially all of the existing loan documents between the Debtors and their

14   secured lenders include environmental indemnities. Notwithstanding this fact, but in order to avoid

15   any possible controversy that could delay confirmation of the Debtors' Plans, the Debtors have

16   revisited this issue with Watermarke, and as an accommodation to the Debtors in order to assist the

17   Debtors in getting their Plans approved, Watermarke has agreed to delete the language in the

18   Environmental Indemnity which could have, theoretically, imposed liability on the Debtors for acts

19   caused the negligence of the Lender or its agents.

20         The Charlestown Objection also claimed that the Debtors would remain liable under

21   the Environmental Indemnity following a foreclosure. On the contrary, Section 11 of the

22   Environmental Indemnity expressly eliminates liability for acts occurring after a foreclosure.

23   Watermarke and the Debtors have agreed to revise that Section to clarify this point. At the same

24   time, the Debtors and Watermarke agreed on a "sunset date" after which the Lender cannot assert

25   claims under the Environmental Indemnity. This change is also reflected in revised Section 11. The

26   Debtors have attached hereto, and made a part hereof as Exhibit A, true and correct copies of the

27   Environmental Indemnity, blacklined to reflect the changes described herein.

28

550885v3                                        1

1    For the reason stated in the Debtors' Response and described herein, the Debtors

2    submit that the Charlestown Objection and the OEC Limited Objection have no substantive merit

3    and should, in no way, preclude or delay the prompt confirmation of the Debtors' Plan.

4

5    Dated: May 16, 2011                          /s/ Marina Fineman
                                                   GARY E. KLAUSNER,
6                                                  MARINA FINEMAN, and
                                                   ANTHONY ARNOLD, Members of
7                                                  STUTMAN, TREISTER & GLATT, P.C.

8                                                  Special Reorganization Counsel for Debtors

# Exhibit A

# ENVIRONMENTAL CERTIFICATE AND INDEMNITY AGREEMENT

**THIS ENVIRONMENTAL CERTIFICATE AND INDEMNITY AGREEMENT** (this **"Agreement"**) is made effective as of _____, 2011, by MERUELO MADDUX PROPERTIES, INC., a Delaware corporation, whose address for purposes of this Agreement is 761 Terminal Street, Building 1, 2nd Floor, Los Angeles, California 90021 ("**Borrower**"), and [_____], a [_____] ("Trustor," Borrower and Trustor are together referred to herein as **"Indemnitors"**), TO AND IN FAVOR OF Henderson Capital Group, LLC, a Nevada limited liability company ("**Lender**"), whose address for purposes of this Agreement is 1370 Jet Steam Drive, Suite #140, Henderson, NV 89052.

## RECITALS

A.    Trustor is the present owner of that certain property (the **"Premises"**) located at [_____], and more particularly described in the Deed of Trust and Assignment of Rents of even date herewith (the **"Deed of Trust"**);

B.    The Trustee is a subsidiary of the Borrower and the Borrower has the authority and power to cause Trustor to enter into and execute this Agreement without the consent or approval of any other person or governmental or judicial authority not already obtained.

C.    Borrower has executed and delivered to Lender a Secured Convertible Promissory Note of even date herewith (the **"Note"**), in the principal sum of $15,000,000, secured by the Deed of Trust on the Premises to and in favor of Chicago Title Company as Trustee, for the benefit of Lender.  Borrower and Trustor will benefit from the disbursement of the loan (the **"Loan"**) evidenced by the Note and secured by the Deed of Trust and Premises;

D.    Indemnitors have agreed to make this Agreement as a condition precedent to funding the Loan;

D.    Indemnitors expressly acknowledge that (1) the effectiveness of this Agreement shall not be affected by the extinguishment of the indebtedness evidencing the Loan, (2) this Agreement is not secured by the Deed of Trust or any Other Security Document (as defined in the Deed of Trust), and (3) this Agreement is being given solely to allocate, as between Indemnitors and Lender, the risk of expenses which may become necessary because of environmental problems with respect to the Premises.  The indemnities and covenants contained in this Agreement shall survive the termination of the Deed of Trust, whether through full payment of the Loan, foreclosure, deed in lieu of foreclosure or otherwise; and

E.    In the event of any conflict between the provisions of this Agreement and the provisions of any other document executed in connection with the Loan, the provisions of this Agreement shall govern and control.

## AGREEMENTS

**NOW THEREFORE**, in order to induce Lender to accept the Premises as security for the Loan and to enter into the Loan and to disburse the proceeds of the Loan, and in consideration of the matters described in the foregoing Recitals, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Indemnitors hereby certify and agree as follows:

1.    <u>Recitals</u>.  The Recitals are incorporated herein by this reference.

2.    <u>Definitions</u>: For purposes of this Agreement, the following terms shall mean as follows:

Exhibit A - Page 3

(a)      **"Environment"** means any surface or subsurface water, water vapor, surface or subsurface land, air, fish, wildlife, microorganisms and all other natural resources;

(b)      **"Environmental Site Assessment"** means that certain site environmental assessment report pertaining to the Premises, and presented to Lender in conjunction with the Loan;

(c)      **"Governmental Authority"** means the Federal government, or any state or other political subdivision thereof, or any agency, court or body of the Federal government, any state or other political subdivision thereof, exercising executive, legislative, judicial, regulatory or administrative functions;

(d)      **"Hazardous Substance"** means and includes asbestos or any substance containing asbestos, polychlorinated biphenyls, any explosives, radioactive materials, chemicals known or suspected to cause cancer or reproductive toxicity, pollutants, effluents, contaminants, emissions, infectious wastes, any petroleum or petroleum-derived waste or product or related materials and any items defined as hazardous, special or toxic materials, substances or waste under any Hazardous Substance Law, or any such material which shall be removed from the Premises pursuant to any administrative order or enforcement proceeding or in order to place the Premises in a condition that is suitable for ordinary use; including, without limitation, any chemical, material or substance defined as or included in the definition of "hazardous substances" "Hazardous wastes", "hazardous materials", "extremely hazardous wastes", "restricted hazardous wasters", or "toxic substances" or words of similar import under Sections 25115, 25117, 25122.7, 25140, 25249.8, 25281, 25316 and 25501 of the California Health and Safety Code, and Article 9 or Article 11 of Title 22 of the Administrative Code, Division 4, Chapter 20;

(e)      **"Hazardous Substance Laws"** collectively means and includes any present and future local, state, federal or international law or treaty relating to public health, safety or the environment including without limitation, the Resource Conservation and Recovery Act, as amended ("RCRA"), 42 U.S.C. § 6901 et seq., the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. § 1801 et seq., the Clean Water Act, 33 U.S.C. § 1251 et seq., the Clean Air Act, as amended 42 U.S.C. § 7401 et seq., the Toxic Substances Control Act, 15 U.S.C. § 2601 et seq., the Safe Drinking Water Act, 42 U.S.C. § 300f et seq., the Uranium Mill Tailings Radiation Control Act, 42 U.S.C. § 7901 et seq., the Occupational Safety and Health Act, 29 U.S.C. § 655 et seq., the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 et seq., the National Environmental Policy Act, 42 U.S.C. § 4321 et seq., the Noise Control Act, 42 U.S.C. § 4901 et seq., and the Emergency Planning and Community Right-to-Know Act, 42 U.S.C. § 11001 et seq., the Carpenter-Presley-Tanner Hazardous Substance Account Act and the California Health and Safety Code, Sections 25115, 25117, 25122.7, 25140, 25249.8, 25281, 25316, and 25501 of the California Health and Safety Code, Section 2782.6(d) of the California Civil Code and Title 22 of the California Code of Regulations and the amendments, regulations, orders, decrees, permits, licenses or deed restrictions now or hereafter promulgated thereunder, and any similar law, regulation, order, decree, permit, license or deed restriction of the State;

(f)      **"Premises"** means all of the real property described in Recital "A" above,  including the entire subsurface of soil, sand, gravel, stone and rock, all surface water and subsurface water, whether flowing or stagnant, the ambient air, and all structures, fixtures, buildings and other constructions located, situated or erected thereon.

2

Exhibit A - Page 4

(g)     **"Release"** means any discharging, disposing, emitting, leaking, pumping, pouring, emptying, injecting, escaping, leaching, dumping or spilling into the Environment (including the abandonment or discarding of barrels, containers and other closed receptacles).

Terms not otherwise defined herein shall have the meaning ascribed to them in the Note, the Deed of Trust and the Other Security Documents.

3.    Representations and Warranties of Indemnitors.  Indemnitors hereby covenant, or represent and warrant, as applicable, to Lender that:

(a)     To the best of Indemnitors' knowledge, after diligent inquiry, and except as disclosed in the Environmental Site Assessment: (i) no Hazardous Substance is currently located at, on, in, under or about the Premises in a manner which violates any Hazardous Substance Laws; (ii) no Hazardous Substance has been or is currently located at, in, on, under or about the Premises in a manner which violates any Hazardous Substance Law, or which requires cleanup or corrective action of any kind under any Hazardous Substance Law; (iii) no Release of any Hazardous Substance from the Premises onto or into any other property or from any other property onto or into the Premises has occurred or is occurring in violation of any Hazardous Substance Law; and (iv) no notice of violation, lien, complaint, suit, order or other notice with respect to the environmental condition of the Premises is outstanding, nor has any such notice been issued which has not been fully satisfied and complied with in a timely fashion so as to bring the Premises into full compliance with all Hazardous Substance Laws.

(b)     Indemnitors shall comply, and shall require all tenants or other occupants of the Premises to comply, in all respects with all Hazardous Substance Laws, and will not generate, store, handle, process, dispose of or otherwise use, and will not permit any tenant or other occupant of the Premises to generate, store, handle, process, dispose of or otherwise use, Hazardous Substances at, in, on, under or about the Premises in a manner which would violate any Hazardous Substance Law or otherwise lead to the imposition on Indemnitors, Lender or the Premises of any liability or lien of any nature whatsoever under any Hazardous Substance Law.

(c)     To the best of Indemnitors' knowledge, after diligent inquiry, no asbestos exists on the Premises in any form, condition or quantity, except as set forth in the Environmental Site Assessment (provided that Hazardous Substance Laws as may exist from time to time do not prohibit the existence of the asbestos in such form, condition or quantity).  The Indemnitors and all tenants of the Premises shall at all times be in compliance with the terms of any asbestos monitoring plan, if any, in effect with respect to the Premises.  Pre-existing non-friable asbestos may not be exposed to conditions under which there is a reasonable likelihood that the asbestos or its covering will become damaged, deteriorated, delaminated or any other conditions under which the asbestos could become friable.

(d)     Indemnitors shall notify Lender promptly in the event of any Release of any Hazardous Substance at, in, on, under or about the Premises which is required to be reported to a Governmental Authority under any Hazardous Substance Law, will promptly forward to Lender copies of any notices received by Indemnitors relating to alleged violations of any Hazardous Substance Law and will promptly pay when due any fine or assessment against Lender or the Premises relating to any Hazardous Substance Law.

(e)     If at any time it is determined that the operation or use of the Premises violates any applicable Hazardous Substance Law or that there are Hazardous Substances located at, in, on, under or about the Premises which, under any Hazardous Substance Law, require special handling in collection,

Exhibit A - Page 5

storage, treatment or disposal, or any other form of cleanup or corrective action, Indemnitors shall, within thirty (30) days after receipt of notice thereof from any Governmental Authority or from Lender, take, at its sole cost and expense, such actions as may be necessary to fully comply in all respects with all Hazardous Substance Laws, provided, however, that if such compliance is of a nature which may be completed, and Indemnitors shall have commenced completion thereof within a reasonable time, not to exceed such 30 days, and shall be diligently prosecuting completion of the same, then such 30 days shall be extended to the time reasonably necessary for completion. If Indemnitors fail to timely take, or to diligently and expeditiously proceed to complete in a timely fashion, any such action, Lender may, in its sole and absolute discretion, make advances or payments towards the performance or satisfaction of the same, but shall in no event be under any obligation to do so. All sums so advanced or paid by Lender (including, without limitation, attorneys' and consultants' fees and expenses, investigation and laboratory fees and expenses, and fines or other penalty payments) and all sums advanced or paid in connection with any judicial or administrative investigation or proceeding relating thereto, will, within 30 days of demand, become due and payable from Indemnitors and shall bear interest thereafter at the Default Rate (as defined in the Note).

(f)     If a lien is filed against the Premises by any Governmental Authority resulting from the need to expend or the actual expending of monies arising from an action or omission, whether intentional or unintentional, of Indemnitors or for which Indemnitors are responsible resulting in the releasing, spilling, leaking, leaching, pumping, emitting, pouring, emptying or dumping of any Hazardous Substance into the waters or onto land located within or without the state where the Premises is located, then Indemnitors will, within thirty (30) days from the date that Indemnitors are first given notice that such lien has been placed against the Premises (or within such shorter period of time as may be specified by Lender if such Governmental Authority has commenced steps to cause the Premises to be sold pursuant to such lien) either (i) pay the claim and remove the lien, or (ii) furnish a cash deposit, bond or such other security with respect thereto as is satisfactory in all respects to Lender and is sufficient to effect a complete discharge of such lien on the Premises.

(g)     The Premises has not been designated as Border Zone Property under the provisions of California Health and Safety Code, Sections 25220 et seq. or any regulation adopted in accordance therewith, and there has been no occurrence or condition on any real property adjoining the Premises that is reasonably likely to cause the Premises or any part thereof to be designated as Border Zone Property.

4.     INDEMNIFICATION. INDEMNITORS HEREBY AGREE, AT THEIR SOLE COST AND EXPENSE, TO UNCONDITIONALLY INDEMNIFY, DEFEND, AND HOLD LENDER AND ITS DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS HARMLESS FROM AND AGAINST ANY LOSS, LIABILITY, DAMAGE (WHETHER DIRECT OR CONSEQUENTIAL), EXPENSES, CLAIMS, PENALTIES, FINES, INJUNCTIONS, SUITS, PROCEEDINGS, DISBURSEMENTS OR EXPENSES (INCLUDING, WITHOUT LIMITATION, ATTORNEYS' AND EXPERTS' FEES AND DISBURSEMENTS AND COURT COSTS) (COLLECTIVELY, THE **"LIABILITIES"**) (A) ARISING AS A RESULT OF ANY INCORRECTNESS IN ANY REPRESENTATIONS OR WARRANTIES OF INDEMNITORS CONTAINED IN THIS AGREEMENT; (B) ARISING UNDER ANY HAZARDOUS SUBSTANCE LAW WITH RESPECT TO THE PREMISES; OR (C) ANY OTHER LIABILITIES, IF ANY, WHICH MAY BE INCURRED BY OR ASSERTED AGAINST LENDER DIRECTLY OR INDIRECTLY RESULTING FROM THE PRESENCE OF A HAZARDOUS SUBSTANCE ON THE PREMISES, WHETHER OR NOT CAUSED IN WHOLE OR IN PART BY THE NEGLIGENT ACTS OR OMISSIONS OF THE LENDER OR INDIVIDUALS OR ENTITIES ACTING AS THE AGENTS OR EMPLOYEES OF THE LENDER; PROVIDED, HOWEVER, THAT SUCH INDEMNITY SHALL NOT APPLY WITH RESPECT TO MATTERS CAUSED BY OR ARISING OUT OF THE GROSS NEGLIGENCE OR INTENTIONAL MISCONDUCT OF THE LENDER OR ITS EMPLOYEES, AGENTS OR CONTRACTORS, OR WITH RESPECT TO LIABILITIES, OBLIGATIONS, CLAIMS, DAMAGES, PENALTIES,

4

CAUSES OF ACTION, COSTS AND EXPENSES BASED SOLELY ON FACTS OR CIRCUMSTANCES OCCURRING ONLY SUBSEQUENT TO SUCH TIME, IF ANY, THAT LENDER OR OTHER PERSON OR ENTITY BECOMES THE OWNER OF THE PREMISES BY WAY OF FORECLOSURE OF THE LIEN OF THE DEED OF TRUST, DEED IN LIEU OF SUCH FORECLOSURE, OR OTHERWISE.

INDEMNITORS SHALL ASSUME THE BURDEN AND EXPENSE OF DEFENDING ALL SUITS, ADMINISTRATIVE PROCEEDINGS AND DISPUTES OF ANY DESCRIPTION WITH ALL PERSONS, ENTITIES, POLITICAL SUBDIVISIONS OR GOVERNMENT AGENCIES ARISING OUT OF THE MATTERS TO BE INDEMNIFIED UNDER THIS AGREEMENT.  INDEMNITORS SHALL PAY, PROMPTLY UPON ENTRY, ANY NONAPPEALABLE ORDER, JUDGMENT OR OTHER FINAL RESOLUTION OF ANY CLAIM OR DISPUTE ARISING OUT OF THE MATTERS TO BE INDEMNIFIED UNDER THIS AGREEMENT AND SHALL PAY PROMPTLY WHEN DUE ANY FINES, PENALTIES OR AGREED SETTLEMENTS ARISING OUT OF THE MATTERS TO BE INDEMNIFIED UNDER THIS AGREEMENT.  IN THE EVENT THAT SUCH PAYMENT IS NOT MADE, LENDER, AT ITS SOLE DISCRETION, MAY PROCEED TO FILE SUIT AGAINST INDEMNITORS TO COMPEL SUCH PAYMENT.

PROMPTLY FOLLOWING COMPLETION OF ANY ACTIONS IMPOSED UPON INDEMNITORS UNDER ANY HAZARDOUS SUBSTANCE LAW, INDEMNITORS SHALL OBTAIN AND DELIVER TO LENDER, AN ENVIRONMENTAL REPORT IN FORM AND SUBSTANCE ACCEPTABLE TO LENDER FROM AN ENVIRONMENTAL CONSULTANT ACCEPTABLE TO LENDER, STATING THAT ALL REQUIRED ACTION HAS BEEN TAKEN, AND THAT UPON COMPLETION OF SUCH ACTION, THE PREMISES IS, TO THE KNOWLEDGE OF SUCH PROFESSIONAL, THEN IN COMPLIANCE WITH THE APPLICABLE HAZARDOUS SUBSTANCE LAWS.

5.    <u>Notices from Indemnitors</u>.  Indemnitors shall promptly after obtaining knowledge thereof advise Lender in writing of (a) any governmental or regulatory actions instituted or threatened in writing under any Hazardous Substance Law affecting the Premises or any indemnification hereunder including, without limitation, any notice of inspection, abatement or noncompliance, (b) all claims made or threatened in writing by any third party against Indemnitors or the Premises relating to any Hazardous Substance or a violation of a Hazardous Substance Law, and (c) Indemnitors' discovery of any occurrence or condition on the Premises or any real property adjoining or in the vicinity of the Premises which could subject Indemnitors or the Premises to a claim under any Hazardous Substance Law or to any restrictions on ownership, occupancy, transferability or use of the Premises under any Hazardous Substance Law. Indemnitors shall deliver to Lender any documentation or records regarding the above as Lender may reasonably request and which are susceptible of being obtained by Indemnitors without undue cost or expense and without the necessity for initiating legal proceedings to obtain the same.

6.    <u>Notice and Settlement of Claims Against Lender</u>.

(a)    Lender shall provide Indemnitors with written notice of any claim or demand which Lender has determined could give rise to a right of indemnification under this Agreement.  Such notice shall be given within a reasonable time after Lender becomes aware of facts and shall specify, to the best of Lender's knowledge, the facts giving rise to the alleged claim, and the amount to the extent determinable, of liability for which indemnity is asserted.

(b)    Lender shall not settle or otherwise compromise any action, suit or proceeding brought against Lender on a claim indemnified hereunder without the prior written consent of Indemnitors which consent shall not be unreasonably withheld.  The Indemnitors also agree that they will not settle or compromise such action, suit or proceeding as to claims against Lender without Lender's prior written consent, which consent shall not be unreasonably withheld.

5

7.    <u>Payment of Lender's Expenses</u>.  In any pending or threatened litigation, contest, dispute, suit or proceeding (whether instituted by Lender, Indemnitors, or any other party, including any governmental agency charged with enforcement of any Hazardous Substance Law) in any way relating to this Agreement and the indemnification described herein, or to enforce the indemnification hereunder or, if the Lender has a reasonable basis to believe that a violation of the Hazardous Substance Laws exists in regard to the Premises for which Indemnitors are to indemnify Lender, Lender shall have the right to retain counsel and environmental sciences consultants of its own choice for advice or other representation without affecting or otherwise impairing the indemnification hereunder and all Liabilities arising from such services shall be payable by Indemnitors within 30 days of demand.

8.    <u>Environmental Audits</u>.  Lender may, at its option, if Lender reasonably believes that a Hazardous Substance or other environmental condition on the Premises violates or threatens to violate any Hazardous Substance Law, cause an environmental audit of the Premises or portions thereof to be conducted to confirm Indemnitors' compliance with the provisions of this Agreement, and Indemnitors shall cooperate in all reasonable ways with Lender in connection with any such audit and shall pay all costs and expenses incurred in connection therewith.

9.    <u>Events of Default</u>.  Any one or more of the following events shall be an event of default (hereinafter referred to as an **"Event of Default"**) hereunder:

(a)    If any representation or warranty of Indemnitors made herein or in any certificate or report furnished in connection with the making of this Agreement shall be false or misleading in any material respect and the same has not been cured to the reasonable satisfaction of Lender, within thirty (30) days of written notice thereof from Lender to Indemnitors; or

(b)    If Indemnitors shall be in default under any other term, covenant or condition of this Agreement for a period of thirty (30) days after written notice thereof from Lender to Indemnitors.

Notwithstanding any provision to the contrary in <u>subsections 9(a) or 9(b)</u>, above, if such default is of a nature which may be cured and Indemnitors shall have commenced curing of said default within a reasonable time, not to exceed such 30 days after notice of the same from Lender, and shall be diligently prosecuting completion of the same, then such 30 days shall be extended to the time reasonably necessary to complete said cure.  Upon such Event of Default the Lender shall have the right, at its option, to declare the entire Debt (as defined in the Note and the Deed of Trust, hereinafter the **"Debt"**) due and payable.

10.    <u>Obligations Absolute and Waivers</u>.

(a)  The obligations of Indemnitors hereunder shall remain in full force and shall not be impaired by: (i) any express or implied modification, renewal, extension or acceleration of the Note, the Deed of Trust, any other loan documents executed by Indemnitors or any other party in connection with the Loan and all environmental indemnity agreements executed by Indemnitors or any other party including without limitation this Agreement (collectively the **"Documents"**); (ii) any exercise or non-exercise by Lender of any right or privilege under any of the Documents; (iii) any bankruptcy, insolvency, reorganization, composition, adjustment, dissolution, liquidation or other like proceeding relating to Indemnitors, or any affiliate of Indemnitors or any guarantor, or any action taken with respect to this Agreement by any trustee or receiver or by any court in any such proceeding, whether or not Indemnitors shall have had notice or knowledge of any of the foregoing; (iv) any release, waiver or discharge of the Indemnitors or any endorser or guarantor from liability under any of the Documents or Indemnitors' grant to Lender of a security interest, lien or encumbrance in any of the Indemnitors' property; (v) any subordination, compromise, settlement, release (by operation of law or otherwise), discharge, compound,

Exhibit A - Page 8

collection, or liquidation of any of the Documents or any collateral described in any of the Documents or otherwise, or any substitution with respect thereto except as specifically required by this Agreement; (vi) any assignment or other transfer of any of the Documents, in whole or in part; (vii) any acceptance of partial performance of any of the obligations of Indemnitors under the Documents; (viii) except as provided herein, any consent to the transfer of any collateral described in the Documents or otherwise; and (ix) any bid or purchase at any sale of the collateral described in the Documents or otherwise.

(b)  Indemnitors unconditionally waive the following defenses to enforcement of this Agreement: (i) all presentments, demands, demands for performance, notices of nonperformance, protests, notices of protest, dishonor, nonpayment, partial payment, default and protest, notices of acceptance of this Agreement and all other notices and formalities to which the Indemnitors may be entitled (except for notices which are specifically required by this Agreement); (ii) any right to require Lender to proceed against any Indemnitors, any individual Indemnitors or any guarantor or to proceed against or exhaust any collateral described in the Documents; (iii) any defense arising by reason of any invalidity or unenforceability of any of the Documents or any disability of Indemnitors or any guarantor; (iv) any defense arising by reason of the manner in which Lender has exercised its remedies under the Documents; (v) any defense based upon an election of remedies by Lender; (vi) any duty of Lender to advise Indemnitors of any information known to Lender regarding the financial condition of Indemnitors and all other circumstances affecting Indemnitors' ability to perform their obligations to Lender, it being agreed that Indemnitors assume the responsibility for being and keeping informed regarding such condition or any such circumstances; (vii) any right of subrogation and any rights to enforce any remedy which Lender now has or may hereafter have against Indemnitors and any benefit of, and any right to participate in, any security now or hereafter held by Lender; and (viii) to the extent permitted by law, any right to assert against Lender any legal or equitable defense, counterclaim, set off, cross claim or right of contribution which Indemnitors may now or at any time or times hereafter have.

11.    Survival of Agreement.  The̶Except as provided in this Agreement, the obligations and liabilities of Indemnitors under this Agreement shall survive and continue in full force and effect and shall not be terminated, discharged or released, in whole or in part, irrespective of whether the Debt has been paid in full and irrespective of any foreclosure of the Deed of Trust or acceptance by Lender, its nominee or wholly owned subsidiary of a deed or assignment in lieu of foreclosure and irrespective of any other fact or circumstance of any nature whatsoever. Notwithstanding the above, this Agreement shall not be construed to impose liability on the Indemnitors for Hazardous Substances Released through no fault of Indemnitors or its respective agents, employees or contractors after the date of (a) foreclosure, (b) trustee's sale, (c) the acceptance by Lender of a deed in lieu of foreclosure, or (d) the taking of actual possession and physical control of the Premises by Lender. Notwithstanding anything in this Agreement, following full payment of the Debt, this Agreement shall apply only with respect to third-party claims made against Lender for Hazardous Substances Released through no fault of Lender or its respective agents, employees or contractors prior to the date of such full payment, and in any event, shall terminate in its entirety five (5) years after full payment of the Debt.

12.    No Waiver.  Indemnitors' obligations hereunder shall in no way be impaired, reduced or released by reason of Lender's omission or delay to exercise any right described herein or in connection with any notice (except for notices required of Lender pursuant to this Agreement), demand, warning or claim regarding violations of any Hazardous Substance Laws governing the Premises.

13.    Joint and Several Liability.  The indebtedness, liabilities, and obligations of Indemnitors under this Agreement or any other Indemnitors who may have indemnified or who later indemnifies the Lender with respect to the subject matter of this Agreement, shall be joint and several.  Lender may release or settle with one or more individuals or entities comprising any guarantor or Indemnitors at any time without affecting the continuing liability of the Indemnitors.

14.    Successors and Assigns.  Subject to the provisions of paragraph 4, this Agreement and the indemnification contained in this Agreement shall be continuing, irrevocable and binding on Indemnitors and Indemnitors' successors and assigns, and this Agreement shall be binding upon and shall inure to the benefit of Lender and Lender's permitted successors and assigns under the note.

15.    Notices.  Any notice, demand, statement, request, or consent made hereunder shall be in writing and shall be deemed given when hand delivered, within three (3) days of the date sent by certified mail, return receipt requested, or the next business day after the date sent by nationally recognized overnight mail or courier service to the address, as set forth above, of the party to whom such notice is to be given, or to such other address as Indemnitors or Lender, as the case may be, shall in like manner designate in writing.

16.    Entire Agreement.  This Agreement constitutes the entire Agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, both written and oral, between the parties with respect to the subject matter contained in this Agreement.

17.    Amendment and Waiver.  This Agreement may not be amended except by a writing signed by both parties nor shall observance of any term of this Agreement be waived except with the written consent of the Lender.

18.    Governing Law.  This Agreement shall be governed and construed as to interpretation, enforcement, validity, construction, effect and in all other respects by the laws, statutes and decisions of the State in which the premises are located without giving effect to the conflicts of laws provisions thereof.  TO THE EXTENT PERMITTED BY LAW, INDEMNITORS HEREBY WAIVE THE RIGHT TO ASSERT A COUNTERCLAIM IN ANY ACTION OR PROCEEDING BROUGHT AGAINST IT BY LENDER, AND WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING BROUGHT BY EITHER PARTY HERETO AGAINST THE OTHER OR IN ANY COUNTERCLAIM ASSERTED BY LENDER AGAINST INDEMNITORS, OR IN ANY MATTERS WHATSOEVER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT.

19.    Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same agreement.

20.    Severability.  All provisions contained in this Agreement are severable and the invalidity or unenforceability of any provision shall not affect or impair the validity or enforceability of the remaining provisions of this Agreement.

21.    Headings.  The descriptive headings of the paragraphs of this Agreement are inserted for convenience only and do not constitute a part of this Agreement.

22.    Not Secured By Deed of Trust.  Notwithstanding any provision of the Deed of Trust to the contrary, in no event shall the Deed of Trust be deemed to secure this Agreement or any of the obligations or liabilities of Indemnitors arising hereunder.

**23.    The indemnity contained in this Agreement is intended to be operable under 42 U.S.C. 9607(e)(1), and any successor section thereof, and shall survive the foreclosure, release or reconveyance of the Deed of Trust, whether by payment of the Debt (as defined in the Deed of Trust) or any deed-in-lieu of foreclosure of the Premises.  In addition, this Agreement is intended to be cumulative of any rights of Lender under the Deed of Trust under California Code of Civil Procedure Sections 564, 726.5 and 736 and under California Civil Code Section 2929.5.  Indemnitors hereby waive any restrictions or limitations that such statutes may impose on Indemnitors' liability or Lender's rights or remedies under this Agreement.**

Trustor agrees that: (a) this Agreement is intended as Lender's written request for information (and Borrower's response) concerning the environmental condition of the real property security as required by California Code of Civil Procedure Section 726.5; and (b) each provision in this Agreement (together with any indemnity applicable to a breach of any such provision) with respect to the environmental condition of the Premises is intended by Lender and Indemnitors to be an "environmental provision" for purposes of California Code of Civil Procedure Section 736.

In the event that any portion of the Premises is determined to be "environmentally impaired" (as "environmentally impaired" is defined in California Code of Civil Procedure Section 726.5(e)(3))  or to be an "affected parcel" (as "affected parcel" is defined in California Code of Civil Procedure Section 726.5(e)(1)), then, without otherwise limiting or in any way affecting Lender's rights and remedies under the Deed of Trust, Lender may elect to exercise its right under California Code of Civil Procedure Section 726.5(a) to (i) waive its lien on such environmentally impaired or affected portion of the Premises, and (ii) exercise the rights and remedies of an unsecured creditor, including reduction of its claim against Borrower to judgment and any other rights and remedies permitted by law.  For purposes of determining Lender's right to proceed as an unsecured creditor under California Code of Civil Procedure Section 726.5(a), Borrower shall be deemed to have willfully permitted or acquiesced in a release or threatened release of hazardous materials, within the meaning of California Code of Civil Procedure Section 726.5(d)(1), if the release or threatened release of hazardous materials was knowingly or negligently caused or contributed to by any lessee, occupant or user of any portion of the Premises and Borrower knew or should have known of the activity by such lessee, occupant or user which caused or contributed to the release or threatened release.

24.     THE NOTE, DEED OF TRUST, OTHER SECURITY DOCUMENTS (AS DEFINED IN THE DEED OF TRUST) AND THIS AGREEMENT COLLECTIVELY REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**IN WITNESS WHEREOF**, this Agreement has been executed effective as of the date first above written.

INDEMNITORS:          MERUELO MADDUX PROPERTIES, INC.
                      a Delaware corporation


                      By: _____

                      Name:_____

                      Title:_____


                      [_____]
                      [a _____]


                      By: _____

                      Name:_____

                      Title:_____

9                                      Exhibit A - Page 11

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1901 Avenue of the Stars, 12ᵗʰ Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document described **DEBTORS' SUPPLEMENTAL RESPONSE TO EQUITY COMMITTEE'S LIMITED OBJECTION TO DEBTORS' EFFECTIVE DATE LOAN DOCUMENTS  AND CHARLESTOWN PROPONENTS' OBJECTION TO INCONSISTENCIES BETWEEN DEBTORS' EFFECTIVE DATE LOAN DOCUMENTS AND DEBTORS' PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *May 16, 2011*, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mcabel@mac.com

Robert Abiri on behalf of Interested Party Courtesy NEF
rabiri@abiriszeto.com

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Christopher J Bagnaschi on behalf of Defendant Richard Meruelo
cb@cjblaw.com

John J Bingham on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
jbingham@dgdk.com

William C Bollard on behalf of Creditor Victory Outreach La Puente, Inc.
eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com

Peter Bonfante on behalf of Interested Party Courtesy NEF
peterbonfante@bsalawfirm.com

Erin N Brady on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
enbrady@jonesday.com

Julia W Brand on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Martin J Brill on behalf of Interested Party Courtesy NEF
mjb@lnbrb.com

Andrew W Caine on behalf of Creditor Legendary Investors Group No. 1, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
550919v.1

**F 9013-3.1.PROOF.SERVICE**

acaine@pszyjw.com

Howard Camhi on behalf of Creditor Kennedy Funding, Inc.
hcamhi@ecjlaw.com

Gary O Caris on behalf of Interested Party EDI Architecture
gcaris@mckennalong.com, pcoates@mckennalong.com

James E Carlberg on behalf of Creditor Woodland Farms, Inc.
jcarlberg@boselaw.com

Sara Chenetz on behalf of Creditor Imperial Capital Bank
chenetz@blankrome.com, chang@blankrome.com

Jacquelyn H Choi on behalf of Interested Party Courtesy NEF
jchoi@swjlaw.com

Carol Chow on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
CChow@Stutman.com

Cynthia M Cohen on behalf of Interested Party Courtesy NEF
cynthiacohen@paulhastings.com

Ronald R Cohn on behalf of Creditor Pacific Commerce Bank
rcohn@horganrosen.com

Enid M Colson on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
emc@dgdk.com, ecolson@dgdk.com

Michaeline H Correa on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
mcorrea@jonesday.com

Emily R Culler on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
eculler@stutman.com

Ana Damonte on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
ana.damonte@pillsburylaw.com

Brian L Davidoff on behalf of Creditor Yoshiake Murakami
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Susan S Davis on behalf of Creditor Cox, Castle & Nicholson LLP
sdavis@coxcastle.com

Aaron De Leest on behalf of Debtor Merco Group - 2040 Camfield Avenue, LLC, a DE LLC
aed@dgdk.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Jeffrey W Dulberg on behalf of Creditor Legendary Investors Group No. 1, LLC
jdulberg@pszjlaw.com

Marina Fineman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mfineman@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Michael G Fletcher on behalf of Creditor Cathay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Barry V Freeman on behalf of Interested Party Courtesy NEF
bvf@jmbm.com, bvf@jmbm.com

Donald L Gaffney on behalf of Creditor BANK OF AMERICA
dgaffney@swlaw.com

Thomas M Geher on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank
Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage
Securities, Inc., etc
tmg@jmbm.com

Bernard R Given on behalf of Creditor Cathay Bank
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor County of Los Angeles Tax Collector
bglaser@swjlaw.com

Gabriel I Glazer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
gglazer@stutman.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Eric D Goldberg on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
egoldberg@stutman.com

Michael J Gomez on behalf of Creditor Cathay Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

Michael I Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com

John A Graham on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,
National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc.
jag@jmbm.com

Ofer M Grossman on behalf of Interested Party Courtesy NEF
omglaw@gmail.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
pgurfein@lgbfirm.com

Cara J Hagan on behalf of Creditor PNL Pomona, L.P.
carahagan@haganlaw.org

Asa S Hami on behalf of Creditor Committee Creditors Committee
ahami@sulmeyerlaw.com

Brian T Harvey on behalf of Creditor California Bank & Trust

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
550919v.1

**F 9013-3.1.PROOF.SERVICE**

bharvey@buchalter.com, IFS_filing@buchalter.com

Robert A Hessling on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
rhessling@dgdk.com

William W Huckins on behalf of Interested Party Courtesy NEF
whuckins@allenmatkins.com, clynch@allenmatkins.com

Lance N Jurich on behalf of Creditor CanPartners Realty Holding Company IV, LLC
ljurich@loeb.com, kpresson@loeb.com

William H. Kiekhofer on behalf of Creditor Esmark, Inc.
wkiekhofer@mcguirewoods.com

Andrew F Kim on behalf of Creditor Imperial Capital Bank
akim@mrllp.com

Michael S Kogan on behalf of Creditor Kennedy Funding, Inc.
mkogan@ecjlaw.com

Tamar Kouyoumjian on behalf of Creditor Committee Creditors Committee
tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Lewis R Landau on behalf of Creditor Committee Creditors Committee
lew@landaunet.com

Dare Law on behalf of U.S. Trustee United States Trustee (SV)
dare.law@usdoj.gov

Leib M Lerner on behalf of Auditor Ernst & Young LLP
leib.lerner@alston.com

Matthew A Lesnick on behalf of Stockholder Charlestown Capital Advisors, LLC
matt@lesnicklaw.com

David E Leta on behalf of Creditor FNBN-CMLCOM I LLC
dleta@swlaw.com, wsmart@swlaw.com

Katherine Lien on behalf of Interested Party Courtesy NEF
katie.lien@sbcglobal.net, katielien@gmail.com

Steven K Linkon on behalf of Creditor Chinatrust Bank (USA)
slinkon@rcolegal.com

Robert M Llewellyn on behalf of Creditor California State Board Of Equalization
michael.llewellyn@boe.ca.gov

Richard Malatt on behalf of Interested Party Courtesy NEF
rmalatt@gmail.com

Elmer D Martin on behalf of Creditor East West Bank
elmermartin@gmail.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Avi Muhtar on behalf of Creditor Committee Official Committee of Unsecured Creditors
amuhtar@sulmeyerlaw.com

Iain A W Nasatir on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Jeffrey P Nolan on behalf of Creditor Legendary Investors Group No. 1, LLC
jnolan@pszjlaw.com

Henry H Oh on behalf of Defendant Meruelo Maddux Properties Inc a DE Corp
henry.oh@dlapiper.com, janet.curley@dlapiper.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Eric S Pezold on behalf of Creditor BANK OF AMERICA
epezold@swlaw.com, dwlewis@swlaw.com

Christopher E Prince on behalf of Stockholder Charlestown Capital Advisors, LLC
cprince@lesnickprince.com

Michael H Raichelson on behalf of Creditor Stanford Group LP
mhr@cabkattorney.com

Dean G Rallis Jr on behalf of Attorney SulmeyerKupetz, a Professional Corporation
drallis@sulmeyerlaw.com

Kurt Ramlo on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Interested Party Courtesy NEF
cmr@lnbrb.com

Daniel H Reiss on behalf of Interested Party Richard Meruelo
dhr@lnbyb.com

Michael B Reynolds on behalf of Creditor FNBN-CMLCON I LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Jeremy V Richards on behalf of Creditor East West Bank
jrichards@pszjlaw.com, bdassa@pszjlaw.com

James S Riley on behalf of Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Victor A Sahn on behalf of Creditor Committee Creditors Committee
vsahn@sulmeyerlaw.com

Steven J Schwartz on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
sschwartz@dgdk.com

Kenneth J Shaffer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
jshaffer@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
550919v.1

**F 9013-3.1.PROOF.SERVICE**

Zev Shechtman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
zshechtman@dgdk.com, danninggill@gmail.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Jeffrey S Shinbrot on behalf of Creditor The Union Restaurant and Lounge, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Stephen Shiu on behalf of Creditor FNBN-CMLCOM I LLC
sshiu@swlaw.com

Lori Sinanyan on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
lsinanyan@jonesday.com

Daniel H Slate on behalf of Creditor California Bank & Trust
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Surjit P Soni on behalf of Creditor Legendary Investors Group No. 1, LLC
surjit@sonilaw.com, teresa@sonilaw.com

Bennett L Spiegel on behalf of Plaintiff East West Bancorp, Inc.
blspiegel@jonesday.com

Tracie L Spies on behalf of Creditor PNL Pomona, L.P.
tracie@haganlaw.org

James Stang on behalf of Creditor East West Bank
jstang@pszjlaw.com

Catherine Steege on behalf of Creditor Committee Official Committee of Equity Holders
csteege@jenner.com

Derrick Talerico on behalf of Creditor CanPartners Realty Holding Company IV, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

John N Tedford on behalf of Attorney Danning Gill Diamond & Kollitz LLP
jtedford@dgdk.com, DanningGill@Gmail.com

Damon Thayer on behalf of Interested Party Courtesy NEF
dthayer@jenner.com

James A Timko on behalf of Interested Party Courtesy NEF
jtimko@allenmatkins.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Rouben Varozian on behalf of Creditor Vahan Chamlian
rvarozian@bzlegal.com

Jason L Weisberg on behalf of Creditor Roofcorp of CA Inc

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010
550919v.1

**F 9013-3.1.PROOF.SERVICE**

jason@gdclawyers.com

William E Winfield on behalf of Creditor Committee Creditors Committee
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor BANK OF AMERICA
jyang@swlaw.com

Aleksandra Zimonjic on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com  ☐ Service information continued on attached page

---

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 16 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**PERSONAL DELIVERY**
Hon. Victoria Kaufman
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 354
Woodland Hills, CA  91367

**Via Email:**
Ronald S. Orr: ronaldorresq@gmail.com (Attorneys for Equity Committee)
Georgiana G. Rodiger:  crodiger@rodigerlaw.com (Attorneys for Equity Committee)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 16, 2011 | Kendra A. Johnson | /s/ Kendra A. Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
550919v.1

**F 9013-3.1.PROOF.SERVICE**