GARY E. KLAUSNER (State Bar No. 69077)
MARINA FINEMAN (State Bar No. 193065)
ANTHONY ARNOLD (State Bar No. 251973), Members of
STUTMAN, TREISTER & GLATT, P.C.
1901 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067-6013
gklausner@stutman.com
mfineman@stutman.com
aarnold@stutman.com
Telephone: (310) 228-5600
Facsimile: (310) 228-5788

Special Reorganization Counsel for Debtors and Debtors in Possession

JOHN N. TEDFORD, IV (State Bar No. 205537)
DANNING GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, CA 90067-2904
JTedford@DGDK.com
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Reorganization Counsel for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtor.<br><br>☒ Affects all Debtors<br>☐ Affects the following Debtor(s): | Case No.: 1:09-bk-13356-VK<br>Chapter 11 (Jointly Administered)<br><br>**DEBTORS' RESPONSE TO "NOTICE OF FILING FIRST SUPPLEMENT TO CHARLESTOWN PLAN"**<br><br>**Status Conference Date:  May 17, 2011**<br>**Time:  2:30 p.m.**<br>**Place:  Courtroom 301**<br>**21041 Burbank Blvd.**<br>**Woodland Hills, California 91367** |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

The Debtors and Debtors in Possession in the above captioned chapter 11 cases submit this response to the Notice of Filing First Supplement to Charlestown Plan ("Plan Supplement"), which was filed by Charlestown Advisors, LLC and Hartland Asset Management Corporation on May 5, 2011.

## INTRODUCTION

The Plan Supplement contains five documents that relate to the proposed financing for Charlestown's Plan of Reorganization (the "Charlestown Plan").  The ostensible purpose of filing the documents with the Court was to provide the Court and other parties in interest with an opportunity to evaluate the specific terms and conditions pertaining to certain (but not all) of the financing transactions that are essential for the Charlestown Plan to go effective.  (This, of course, assumes that Court finds that the Charlestown Plan satisfies the applicable provisions of Bankruptcy Code section 1129.)

The convoluted financing arrangements that Charlestown has cobbled together to implement the Charlestown Plan were first presented to the Court on March 23, 2011, when Charlestown filed its Notice of Filing of Commitment Letter In Support of Proposed Chapter 11 Plan of Charlestown Capital Advisors, LLC and Harland Asset Management Corporation (the "Commitment Letter").  The Commitment Letter was only filed, the day before the beginning of the trial on the Charlestown Plan.  Accordingly, although the Debtors had very little time to evaluate the Commitment Letter, during the trial on the Charlestown Plan the Debtors demonstrated that the proposed financing arrangement between and among Charlestown; MMPI Acquisition, LLC ("MMPIA,", the entity that, under the Charlestown Plan, would acquire 55% percent ownership of the reorganized Debtors' outstanding common stock); GAC Real Estate Partners, LLC ("GAC Real Estate"); and Mount Kellet Capital Management, LP ("Mount Kellet"), was materially different from what Charlestown had previously represented to the Court. In fact, Charlestown's proposed financing arrangements, as set forth in the Commitment Letter, posed very substantial risks to the Debtors and their equity holders.  At trial, the Debtors demonstrated that, due to the risks created by Charlestown's proposed financing, the Charlestown Plan was not feasible because it would likely

lead to the liquidation of the Debtors' assets, and would materially diminish, if not destroy, shareholder value.

The recently-filed Plan Supplement does nothing to diminish the risks with respect to Charlestown's financing, which risks the Debtors articulated during trial. If anything, the Plan Supplement provides further evidence of the risks inherent in the Charlestown financing. Indeed, the actual documents are even worse than the terms set forth in the Commitment Letter, because they impose more rigorous conditions, and create more opportunities for defaults and forfeitures. For example, as is shown in Part III.B hereof, MMPI will be in default to MMPIA in connection with its $15 million loan, solely because any one of MMPI's subsidiaries goes into default on any one of its loan obligations to any of its creditors who are owed at least $100,000. Furthermore, the documents in Charlestown's Plan Supplement are not even complete.

The Debtors will demonstrate below that the Plan Supplement presents three significant problems : (1) Mount Kellet's funding obligations, which are essential to Charlestown's Plan going effective, are subject to conditions precedent that cannot be satisfied; (2) the most critical document, which this Court and parties in interest need to be able to evaluate in order to determine whether the Charlestown Plan can be confirmed, the Amended and Restated Operating Agreement ("Operating Agreement"), is missing from the Plan Supplement; and (3) certain of the terms and conditions set forth in the documents filed with Plan Supplement create more potential for defaults and forfeitures – and thereby present additional risks to creditors and shareholders -- than Charlestown previously disclosed when it filed the Commitment Letter.

**I.**

**CERTAIN CONDITIONS SET FORTH IN THE COMMITMENT LETTER FOR CHARLESTOWN'S EFFECTIVE DATE FUNDING HAVE NOT BEEN SATISFIED**

Section IV of the Commitment Letter is entitled "Conditions Precedent," and sets forth numerous conditions that need to be satisfied before Mount Kellet and GAC Real Estate will provide their respective funding for Charlestown's Plan to go effective. These conditions include:

"(a) the available cash (which shall not be subject to any court ordered restrictions, liens or other encumbrances of any kind) of MMPI on the

> Effective Date is no less than Five Million Five Hundred Thousand Dollars ($5,500,000) …"

This condition will not be satisfied. Both Charlestown and MMPI have assumed an Effective Date of May 31, 2011 for their respective plans. In the Debtors' Statement Regarding Timing of Effective Date, filed with this Court on April 19, 2011 ("Effective Date Statement") (Docket Number 3003), the Debtors stated that they needed their Plan to go effective no later than May 31, 2011. As stated in the Effective Date Statement, unless the Debtors' Plan went effective by May 31, 2011, there was a significant possibility that the estates would not have sufficient money to fund Effective Date obligations and have adequate capital for their post-effective date operations.

In the Effective Date Statement, the Debtors provided a detailed analysis of their existing cash position and projected that, absent the $15 million of Effective Date funding from Watermarke Properties, Inc. ("Watermarke"), as of May 31, 2011, the Debtors' unrestricted cash on May 31 would be between $300,000 and $700,000 assuming that monies from the 845 S. Flower estate are made available. That estimate has not changed. Accordingly, MMPI will not have $5.5 million of unrestricted cash on hand by May 31, 2011, and as a consequence, condition (a) set forth in paragraph 4 of Charlestown's Commitment Letter cannot be satisfied.

Another condition precedent for GAC Real Estate and Mount Kellet to provide their funding for the Charlestown Plan is that

> "(c) the Amended and Restated Operating Agreement and the Loan documents described in paragraph 5 hereof have been agreed to and entered into by the parties in accordance with paragraph 5 . . ."

As stated above in the Introduction, at this point, 6 weeks after the conclusion of the trial on the Charlestown Plan, Charlestown still has not submitted its proposed operating agreement, and, thus, it is unknown whether this condition will ever be satisfied. As discussed below in the next section of this brief, because the operating agreement is extremely critical to the Debtors' future operations, the Debtors reserve their right to comment on and object to the terms and conditions of any operating agreement that Charlestown may file.[2]

---

[2] In addition to the points raised herein, the Debtors' Opposition to Charlestown's Motion for Authority to Further Modify the Charlestown Plan identifies numerous material feasibility problems created by Charlestown's proposed Plan modifications.

## II.

## **CRITICAL DOCUMENTS ARE MISSING**

As noted above, the Commitment Letter contained, as a condition precedent to funding, a condition that the Charlestown parties have executed the Amended and Restated Operating Agreement. It is unknown whether any operating agreement has actually been executed; however, what is known that no such document has been filed with the court. According to the Commitment Letter,

> "the Amended and Restated Operating Agreement will govern the rights, duties and obligations and the relations among the Sponsors, GAC Real Estate and Mount Kellet with respect to their ownership interest in and management of MMPIA following confirmation of the Transaction. Without limiting the generality of the foregoing, the Amended and Restated Operating Agreement will have the terms set forth in Exhibit A. The remaining terms of the Amended and Restated Operating Agreement will be mutually agreed upon by GAC Real Estate, Mount Kellet and the Sponsors which have been reasonably satisfactory to GAC Real Estate, Mount Kellet and the Sponsors."

Exhibit A referred to in Charlestown's Commitment Letter consists of six pages entitled "Summary of Principal Terms" ("Summary"). These terms and conditions are extremely complicated and involve, among other things, (1) a $15 million loan from Mount Kellet to MMPIA, bearing interest at 20 percent per annum, compounded; (2) a "Preferred Equity Investment" by Mount Kellet to MMPIA in the amount of $17.7 million (plus an additional $1.7 million to cover certain approved expenses, and for which Mount Kellet is entitled to a 25 percent annual return, compounded. The Summary includes titles such as "Forced Sale Provisions", "Distributions", "Management", "Anti-Dilution Restriction", "Restrictions on Transfers", "Registration rights" and "Conversion Feature".

Assuming that the operating agreement is eventually drafted, and addresses all of these issues (which include the ownership and management of MMPIA, the entity that will acquire 55% percent of the Reorganized Debtors' stock), these terms and conditions are of critical importance to the Court and parties in interest. Only with a full and complete understanding of all of these terms and conditions can the Court properly evaluate the feasibility of the Charlestown Plan and the consequences and implications of Charlestown's highly complex, and extraordinarily

expensive, financing arrangement. Charlestown's failure to have provided a copy of the Amended and Restated Operating Agreement suggests either: (1) the agreement has not yet been completed and entered into, in which case a condition precedent to the Mount Kellet and GAC Real Estate funding has not been satisfied, or (2) the agreement has been entered into, but Charlestown and the other funding sources have chosen to withhold it from the Court. In either case, the absence of the operating agreement should preclude any further consideration of the Charlestown Plan.

## III.

### THE PLAN SUPPLEMENT REVEALS ONEROUS TERMS NOT PREVIOUSLY DISCLOSED IN THE COMMITMENT LETTER AND ADDITIONAL FEASIBILITY ISSUES

The Plan Supplement is comprised of the Loan and Security Agreement governing the $15 million loan from Mount Kellet to MMPIA (Exhibit A); the Secured Revolving Promissory Note and Agreement, governing the $15 million loan from MMPIA to MMPI (Exhibit B); and the Deeds of Trust securing the MMPIA-MMPI $15 million loan. While it is not surprising that the actual terms and conditions of each of these documents are more detailed and comprehensive than those stated in the Commitment Letter, there are certain aspects of these documents that create more potential for MMPI to default and more problems for MMPIA with regard to its own liability to Mount Kellet. We will address these points on a document by document basis.

**A.    Loan and Security Agreement (Mount Kellet to MMPIA)**

The Loan and Security Agreement contains "negative covenants" such that the borrower (MMPIA) may not:

(a)    create, incur, assume or permit to exist any Indebtedness except the Obligations (referring to the obligations created under the Loan and Security Agreement);

(c)    sell any of the equity interests in MMPI acquired pursuant to the Equity Transaction; and

(d)    engage in any activities other than (i) the ownership of equity interest in MMPI, (ii) the transactions contemplated by the MMPI Revolving Credit Agreement (MMPIA's $15 million loan to MMPI), and (iii) other activities incidental to the foregoing.

These restrictions effectively preclude MMPIA from owning any property, borrowing any money, conducting any business or selling any of its stock interest in MMPI, so long as MMPI's obligations to Mount Kellet under the Loan and Security Agreement remain outstanding. Accordingly, this means that MMPIA has absolutely no source whatsoever from which to pay its indebtedness to Mount Kellet other than from collections from its loan to MMPI. However, there is a significant timing problem inherent in this financing structure.

Under the Charlestown Plan, MMPI's obligation to pay MMPIA comes due <u>four years</u> after the Effective Date. However, MMPIA's obligation to Mount Kellet comes due <u>15 months</u> after the Effective Date. In light of the fact that MMPIA cannot conduct any business, or own any assets, other than its loan from MMPI, MMPIA will have no resources with which to pay Mt. Kellet $15 million principal, plus the interest which accrues at 15% per year more than the rate of interest MMPI would be paying MMPIA.

Charlestown's willingness to impose on MMPI such onerous terms and conditions reflects the inherent conflict of interest between MMPIA and MMPI which is brought about by the deals which Charlestown has fashioned together at the eleventh hour to attempt to obtain plan consents. For example, in order to obtain the consent of Cathay Bank, Charlestown arranged for Mt. Kellet or GAC Real Estate, or one of their affiliates (Charlestown has not identified which one) to purchase a $10 million loan secured by second deed of trust held by Cathay Bank. Whereas the existing loan had an interest rate of only 4%, increasing to 5%, the new second deed of trust, to be held by one of Charlestown's funding sources, will accrue interest at 15% (approximately 3 times the interest rate in the Cathay loan). The fact that the 15% interest rate "accrues" is of limited comfort to the creditors and shareholders of MMPI who would be saddled with additional obligations created for no purpose other than to give Charlestown the ability to claim that Cathay has consented to its plan.

**B.    The Secured Revolving Promissory Note and Agreement (MMPIA Acquisition, LLC/MMPI)**

The revolving credit agreement between MMPIA and MMPI, under which MMPI is to obtain $15 million of funding as of the Effective Date, contains a number of default provisions

550890v1

6

that were not disclosed in the Commitment Letter.  These previously-undisclosed default provisions create an unnecessary risk that MMPI will default following the Effective Date.  These include the following:

> "7(a)(ii) The occurrence of any default under (other than any such default which has validly waived and after the expiration of any available notice and cure period), redemption of, or acceleration prior to, maturity of any Indebtedness (as defined below) of the Borrower or <u>any of its Subsidiaries</u>, either individually or in the aggregate, exceeding $100,000".  (Emphasis added.)

The above language would result in a default of MMPI's $15 million obligation to MMPIA if any one of its subsidiaries defaulted in connection with any one of its obligations to any of its respective lenders, if the loan amount in default was $100,000 or more.  In light of the fact that there are over 50 subsidiaries, many of whom have multiple creditors, some of whom are owed tens of millions of dollars, the possibility that any one of those subsidiaries might trigger this default provision is not unreasonable.  MMPI should not be at risk of defaulting on the $15 million loan, simply because one of the subsidiaries goes into default to one of their creditors.

A similar provision is contained in section 7(a)(vii), which creates a default in the MMPI obligation to MMPIA if a judgment in the amount of $100,000 or more is entered against any one of its subsidiaries.  Similarly, Section 7(a)(ix) creates a default upon the occurrence of any number of possible business transactions involving a majority of the shares of MMPI stock or a substantial amount of its assets.  There is no particular reason why such a business transaction, if otherwise in the interest of the Reorganized Debtors, should result in a default under the MMPIA Revolving Promissory Note.

**C.    The Deeds of Trust Impose Financial Obligations that Charlestown Cannot Fulfill**

The Deeds of Trust, which would secure the $15 million MMPIA loan to MMPI, require the trustors (the property-level debtors whose property is being encumbered) to pay and discharge all existing real property taxes against their property.  This means that a cash payment would have to be made to the taxing authorities to satisfy all taxes in full, as of the Effective Date, in order for the MMPIA loan to be made and not be in default. The Debtors estimate that taxes on the

three properties being used to collateralize the Watermarke loans (and the MMPIA loan) total approximately $486,000.  It does not appear that Charlestown has taken into consideration the need to pay these taxes for purposes of this Effective Date funding.  As described in part I hereof, if the Effective Date of the Charlestown Plan is assumed to be at or near May 31, 2011, then the Debtors will not have the $5.5 million of unrestricted cash that is a condition of the Mount Kellet funding.  The added burden of paying these real property taxes makes it even less likely that Charlestown's funding scheme could ever be implemented.

## IV.

## CONCLUSION

The foregoing demonstrates that the Charlestown Plan is not ready to be confirmed.  Rather, the Charlestown Plan is still a "work in progress" that should instead be aborted.  Substantial conditions for the funding of the Charlestown Plan remain unfulfilled, and the most significant document relating to the proposed funding transaction, the Amended and Restated Operating Agreement, is missing.

Moreover, the documents attached to the Plan Supplement demonstrate the likelihood that MMPIA will default on its obligation to Mount Kellet, creating any number of potential risks to the Reorganized Debtors, their creditors, and their equity holders.  Finally, the loan documents to be executed by MMPI and the MMPI subsidiaries that will be granting deeds of trust, appear to create unnecessary default provisions, which create more risk and a greater likelihood of liquidation.

Dated:  May 16, 2011          */s/ Marina Fineman*
                              GARY E. KLAUSNER,
                              MARINA FINEMAN, and
                              ANTHONY ARNOLD, Members of
                              STUTMAN, TREISTER & GLATT, P.C.

                              Special Reorganization Counsel for Debtors

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1901 Avenue of the Stars, 12th Floor, Los Angeles, California 90067

A true and correct copy of the foregoing document described as **Debtors' Response To "Notice Of Filing First Supplement To Charlestown Plan"** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_May 16, 2011_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael C Abel on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mcabel@mac.com

Robert Abiri on behalf of Interested Party Courtesy NEF
rabiri@abiriszeto.com

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Christopher J Bagnaschi on behalf of Defendant Richard Meruelo
cb@cjblaw.com

John J Bingham on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
jbingham@dgdk.com

William C Bollard on behalf of Creditor Victory Outreach La Puente, Inc.
eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com

Peter Bonfante on behalf of Interested Party Courtesy NEF
peterbonfante@bsalawfirm.com

Erin N Brady on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
enbrady@jonesday.com

Julia W Brand on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Martin J Brill on behalf of Interested Party Courtesy NEF
mjb@lnbrb.com

Andrew W Caine on behalf of Creditor Legendary Investors Group No. 1, LLC
acaine@pszyjw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                                              **F 9013-3.1.PROOF.SERVICE**
550937v.1

Howard Camhi on behalf of Creditor Kennedy Funding, Inc.
hcamhi@ecjlaw.com

Gary O Caris on behalf of Interested Party EDI Architecture
gcaris@mckennalong.com, pcoates@mckennalong.com

James E Carlberg on behalf of Creditor Woodland Farms, Inc.
jcarlberg@boselaw.com

Sara Chenetz on behalf of Creditor Imperial Capital Bank
chenetz@blankrome.com, chang@blankrome.com

Jacquelyn H Choi on behalf of Interested Party Courtesy NEF
jchoi@swjlaw.com

Carol Chow on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
CChow@Stutman.com

Cynthia M Cohen on behalf of Interested Party Courtesy NEF
cynthiacohen@paulhastings.com

Ronald R Cohn on behalf of Creditor Pacific Commerce Bank
rcohn@horganrosen.com

Enid M Colson on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
emc@dgdk.com, ecolson@dgdk.com

Michaeline H Correa on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
mcorrea@jonesday.com

Emily R Culler on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
eculler@stutman.com

Ana Damonte on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
ana.damonte@pillsburylaw.com

Brian L Davidoff on behalf of Creditor Yoshiake Murakami
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Susan S Davis on behalf of Creditor Cox, Castle & Nicholson LLP
sdavis@coxcastle.com

Aaron De Leest on behalf of Debtor Merco Group - 2040 Camfield Avenue, LLC, a DE LLC
aed@dgdk.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Jeffrey W Dulberg on behalf of Creditor Legendary Investors Group No. 1, LLC
jdulberg@pszjlaw.com

Marina Fineman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mfineman@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
550937v.1

**F 9013-3.1.PROOF.SERVICE**

Michael G Fletcher on behalf of Creditor Cathay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Barry V Freeman on behalf of Interested Party Courtesy NEF
bvf@jmbm.com, bvf@jmbm.com

Donald L Gaffney on behalf of Creditor BANK OF AMERICA
dgaffney@swlaw.com

Thomas M Geher on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
tmg@jmbm.com

Bernard R Given on behalf of Creditor Cathay Bank
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor County of Los Angeles Tax Collector
bglaser@swjlaw.com

Gabriel I Glazer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
gglazer@stutman.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Eric D Goldberg on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
egoldberg@stutman.com

Michael J Gomez on behalf of Creditor Cathay Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

Michael I Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com

John A Graham on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc.
jag@jmbm.com

Ofer M Grossman on behalf of Interested Party Courtesy NEF
omglaw@gmail.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
pgurfein@lgbfirm.com

Cara J Hagan on behalf of Creditor PNL Pomona, L.P.
carahagan@haganlaw.org

Asa S Hami on behalf of Creditor Committee Creditors Committee
ahami@sulmeyerlaw.com

Brian T Harvey on behalf of Creditor California Bank & Trust
bharvey@buchalter.com, IFS_filing@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                                            **F 9013-3.1.PROOF.SERVICE**
550937v.1

Robert A Hessling on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
rhessling@dgdk.com

William W Huckins on behalf of Interested Party Courtesy NEF
whuckins@allenmatkins.com, clynch@allenmatkins.com

Lance N Jurich on behalf of Creditor CanPartners Realty Holding Company IV, LLC
ljurich@loeb.com, kpresson@loeb.com

William H. Kiekhofer on behalf of Creditor Esmark, Inc.
wkiekhofer@mcguirewoods.com

Andrew F Kim on behalf of Creditor Imperial Capital Bank
akim@mrllp.com

Michael S Kogan on behalf of Creditor Kennedy Funding, Inc.
mkogan@ecjlaw.com

Tamar Kouyoumjian on behalf of Creditor Committee Creditors Committee
tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

Lewis R Landau on behalf of Creditor Committee Creditors Committee
lew@landaunet.com

Dare Law on behalf of U.S. Trustee United States Trustee (SV)
dare.law@usdoj.gov

Leib M Lerner on behalf of Auditor Ernst & Young LLP
leib.lerner@alston.com

Matthew A Lesnick on behalf of Stockholder Charlestown Capital Advisors, LLC
matt@lesnicklaw.com

David E Leta on behalf of Creditor FNBN-CMLCOM I LLC
dleta@swlaw.com, wsmart@swlaw.com

Katherine Lien on behalf of Interested Party Courtesy NEF
katie.lien@sbcglobal.net, katielien@gmail.com

Steven K Linkon on behalf of Creditor Chinatrust Bank (USA)
slinkon@rcolegal.com

Robert M Llewellyn on behalf of Creditor California State Board Of Equalization
michael.llewellyn@boe.ca.gov

Richard Malatt on behalf of Interested Party Courtesy NEF
rmalatt@gmail.com

Elmer D Martin on behalf of Creditor East West Bank
elmermartin@gmail.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Avi Muhtar on behalf of Creditor Committee Official Committee of Unsecured Creditors

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

550937v.1

**F 9013-3.1.PROOF.SERVICE**

amuhtar@sulmeyerlaw.com

Iain A W Nasatir on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Jeffrey P Nolan on behalf of Creditor Legendary Investors Group No. 1, LLC
jnolan@pszjlaw.com

Henry H Oh on behalf of Defendant Meruelo Maddux Properties Inc a DE Corp
henry.oh@dlapiper.com, janet.curley@dlapiper.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Eric S Pezold on behalf of Creditor BANK OF AMERICA
epezold@swlaw.com, dwlewis@swlaw.com

Christopher E Prince on behalf of Stockholder Charlestown Capital Advisors, LLC
cprince@lesnickprince.com

Michael H Raichelson on behalf of Creditor Stanford Group LP
mhr@cabkattorney.com

Dean G Rallis Jr on behalf of Attorney SulmeyerKupetz, a Professional Corporation
drallis@sulmeyerlaw.com

Kurt Ramlo on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Interested Party Courtesy NEF
cmr@lnbrb.com

Daniel H Reiss on behalf of Interested Party Richard Meruelo
dhr@lnbyb.com

Michael B Reynolds on behalf of Creditor FNBN-CMLCON I LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Jeremy V Richards on behalf of Creditor East West Bank
jrichards@pszjlaw.com, bdassa@pszjlaw.com

James S Riley on behalf of Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Victor A Sahn on behalf of Creditor Committee Creditors Committee
vsahn@sulmeyerlaw.com

Steven J Schwartz on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
sschwartz@dgdk.com

Kenneth J Shaffer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
jshaffer@stutman.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  
550937v.1

**F 9013-3.1.PROOF.SERVICE**

Zev Shechtman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
zshechtman@dgdk.com, danninggill@gmail.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Jeffrey S Shinbrot on behalf of Creditor The Union Restaurant and Lounge, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Stephen Shiu on behalf of Creditor FNBN-CMLCOM I LLC
sshiu@swlaw.com

Lori Sinanyan on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
lsinanyan@jonesday.com

Daniel H Slate on behalf of Creditor California Bank & Trust
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Surjit P Soni on behalf of Creditor Legendary Investors Group No. 1, LLC
surjit@sonilaw.com, teresa@sonilaw.com

Bennett L Spiegel on behalf of Plaintiff East West Bancorp, Inc.
blspiegel@jonesday.com

Tracie L Spies on behalf of Creditor PNL Pomona, L.P.
tracie@haganlaw.org

James Stang on behalf of Creditor East West Bank
jstang@pszjlaw.com

Catherine Steege on behalf of Creditor Committee Official Committee of Equity Holders
csteege@jenner.com

Derrick Talerico on behalf of Creditor CanPartners Realty Holding Company IV, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

John N Tedford on behalf of Attorney Danning Gill Diamond & Kollitz LLP
jtedford@dgdk.com, DanningGill@Gmail.com

Damon Thayer on behalf of Interested Party Courtesy NEF
dthayer@jenner.com

James A Timko on behalf of Interested Party Courtesy NEF
jtimko@allenmatkins.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Rouben Varozian on behalf of Creditor Vahan Chamlian
rvarozian@bzlegal.com

Jason L Weisberg on behalf of Creditor Roofcorp of CA Inc
jason@gdclawyers.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

550937v.1

**F 9013-3.1.PROOF.SERVICE**

William E Winfield on behalf of Creditor Committee Creditors Committee
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor BANK OF AMERICA
jyang@swlaw.com

Aleksandra Zimonjic on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com    ☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***May 16 2011,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**PERSONAL DELIVERY**
Hon. Victoria Kaufman
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 354
Woodland Hills, CA  91367

**Via Email:**
Ronald S. Orr: ronaldorresq@gmail.com (Attorneys for Equity Committee)
Georgiana G. Rodiger:  crodiger@rodigerlaw.com (Attorneys for Equity Committee)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 16, 2011 | Kendra A. Johnson | /s/ Kendra A. Johnson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**
550937v.1