JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
ZEV SHECHTMAN (State Bar No. 266280)
*ZShechtman@DGDK.com*
DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
Los Angeles, California 90067-2904
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Meruelo Maddux Properties, Inc.,
and affiliated Debtors and Debtors-in-Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.[1]<br><br>    Debtors and Debtors-in-Possession.<br><br>☐   Affects all Debtors<br>☑   Affects the following Debtor(s):<br><br>905 8th Street, LLC<br>(1:09-bk-13396-VK) | Case No. 1:09-bk-13356-VK<br><br>Chapter 11 (Jointly Administered)<br><br>**NOTICE OF MOTION AND DEBTOR'S MOTION FOR (1) AUTHORITY TO SELL REAL PROPERTY LOCATED AT 905 EAST 8TH STREET, LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, AND (3) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d); AND DECLARATION OF JOHN CHARLES MADDUX IN SUPPORT THEREOF**<br><br>[*Ex parte* application for order shortening time to be filed]<br><br>Date:    [TBD]<br>Time:    [TBD]<br>Place:   Courtroom 301<br>          21041 Burbank Blvd.<br>          Woodland Hills, California |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

1    **PLEASE TAKE NOTICE** that, on a date and time to be set by the Court, debtor and
2  debtor-in-possession 905 8th Street, LLC ("905 8th Street"), will and does hereby move for an
3  order authorizing 905 8th Street to sell real property located at 905 East 8th Street, Los Angeles,
4  California, free and clear of liens under 11 U.S.C. § 363(f), and for a waiver of the stay otherwise
5  applicable to the order. 905 8th Street requests that the Court enter an order in substantially the
6  form of the proposed order attached as Exhibit "1" hereto.

7    This motion is made on the following grounds: On March 26 and 27, 2009, Meruelo
8  Maddux Properties, Inc. ("MMPI"), and fifty-three of its direct and indirect subsidiaries (with
9  MMPI, the "MMPI Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United
10 States Code. One of the Debtors is 905 8th Street, which filed its Chapter 11 petition on March 27,
11 2009 (the "Petition Date").

12   As of the Petition Date, 905 8th Street owned real property in downtown Los Angeles,
13 located at 905 East 8th Street, Los Angeles, California (the "Property"). On or about March 21,
14 2011, subject to certain conditions, 905 8th Street entered into an agreement to sell the Property to
15 Steve Lee and/or his assignee (the "Buyer") for the sum of $2,800,000. A copy of the sale
16 agreement and amendments thereto are attached as Exhibit "2" to the Declaration of John Charles
17 Maddux (the "Maddux Declaration").

18   905 8th Street is requesting authority to sell the Property free and clear of liens pursuant to
19 § 363(f) of the Code. The only known encumbrances against the Property consist of (1) liens in
20 favor of Los Angeles County securing real property taxes and related charges, and (2) a deed of
21 trust in favor of The Stanford Group, L.P. (the "Stanford Group"). A 3.0% brokerage commission
22 will be paid in connection with the sale. 905 8th Street is authorized to sell the Property free and
23 clear of liens because, among other things, the purchase price exceeds the value of all liens against
24 the Property. *See* 11 U.S.C. §§ 363(f)(3).

25   The purchase price was negotiated with the Buyer at arm's length. In his declaration filed
26 on December 3, 2010, Richard Meruelo stated that the value of the Property was $2.75 million. As
27 a result, the sale price is consistent with the MMPI Debtors' valuation of the Property. 905 8th
28 Street believes that the price to be paid by the Buyer is fair and reasonable and requests that the

- 2 -

370078.02 [XP]    25195

1 | Court determine that the Buyer is a good faith purchaser entitled to the protections afforded to such
2 | purchasers under § 363(m) of the Code.
3 | In furtherance of this transaction, 905 8th Street is requesting authority to assume and
4 | assign to the Buyer all unexpired leases relating to the Property. The unexpired leases known to
5 | 905 8th Street, and which all are being assumed and assigned to the Buyer, are as follows:

| Lessee | Premises |
|---|---|
| Albert's Express (Alberto Ramirez) | 905 East 8th Street, Units 4 and 10 |
| M&J Textiles (Edward Carillo) | 905 East 8th Street, Unit 12 |
| Yuriy Pogorelov | 905 East 8th Street, Unit 6 |

11 | 905 8th Street is current with respect to all of its obligations under these leases, which are all
12 | month-to-month leases or licenses. In the event that a non-Debtor party to a lease files an objection
13 | to the assumption and assignment of its lease on the grounds that the Debtor has defaulted and such
14 | default must be cured prior to assumption and assignment, 905 8th Street requests that the Court
15 | make a determination of such cure amount. Upon closing, security deposits held by 905 8th Street,
16 | to the extent not applied to past due amounts due under the unexpired leases, will be transferred to
17 | the Buyer in the form of a credit to the purchase price. The current aggregate amount of the
18 | security deposits is approximately $3,025.00.
19 | 905 8th Street will be filing an application requesting that the Court hear this motion on
20 | shortened time. So the Buyer can commence removal of a potential underground storage tank and
21 | close the proposed sale as soon as practicable, 905 8th Street is requesting that the Court waive the
22 | stay otherwise applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h) and 6006(d).
23 | The following disclosures are made pursuant to LBR 6004-1(c)(3):
24 | <u>Date, time and place of the hearing on the proposed sale</u>. 905 8th Street will be filing an
25 | application for an order shortening time, requesting that the Court set a hearing on this motion as
26 | soon as practicable. 905 8th Street anticipates that it will serve a notice of the hearing date and
27 | time after the hearing is set. The hearing will take place in Courtroom 301 of the United States
28 | Bankruptcy Court located at 21041 Burbank Blvd., Woodland Hills, California.

- 3 -

370078.02 [XP]    25195

<u>Name and address of the proposed buyer</u>. Steve Lee and/or assignee.

<u>A description of the property to be sold</u>. All of 905 8th Street's right, title and interest in the Property.

<u>Terms and conditions of the proposed sale, including the price and all contingencies</u>. The sale price will be $2,800,000. The terms and conditions of the sale are set forth in the Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, and amendments thereto, attached as Exhibit "2" to the Maddux Declaration. Without limiting the detail in the sale agreement attached as Exhibit "2" to the Maddux Declaration, the sale agreement provides, among other things, as follows: Upon approval of the sale the Buyer will remove an underground storage tank potentially located on the Property. The storage tank will be removed at the Buyer's sole cost and expense. If, following removal of the storage tank, contamination levels are discovered on the Property that require remediation for the Property's current use under applicable environmental laws, 905 8th Street will have the option to either (a) use commercially reasonable efforts to cause the party responsible for the contamination to remediate the contamination, (b) remediate at 905 8th Street's expense, or (c) terminate the sale agreement. If 905 8th Street terminates the agreement, 905 8th Street will reimburse the Buyer for the cost of removing the storage tank up to a cap of $30,000.

<u>Whether the proposed sale is free and clear of liens, claims or interest, or subject to them</u>. The proposed sale is free and clear of any and all liens, claims and interests. In this regard:

1.  The Property is subject to real property tax liens in favor of the County of Los Angeles (the "County"). According to the County tax collector's website, real property taxes for 2010-2011 have been paid, and the "redemption amount" for delinquent real property taxes is $101,874.31.[2] A printout from the County tax collector's website is attached as Exhibit "4" to the Maddux Declaration. The real property tax liens will be removed from the Property and will attach

///

---

[2] The County's website does not take into account reductions to the amount owed pursuant to 905 8th Street's Court-approved settlement with the County.

- 4 -

to the net sales proceeds with the same force, effect, validity and priority as the liens currently have against the Property. 905 8th Street intends to pay the real property taxes through escrow.

2. The only other known lien against the Property consists of a deed of trust recorded on or about October 1, 2003, as instrument number 03-2916216 in favor of the Stanford Group to secure an indebtedness in the original principal sum of $1,950,000.00. The total amount currently owed to the Stanford Group is approximately $1,911,076.

<u>Whether the proposed sale is subject to higher and better bids</u>. The proposed sale is not subject to overbids.

<u>The consideration to be received by the estate, including estimated commissions, fees, and other costs of sale</u>. The gross sales price for the Property will be $2,800,000. A commission equal to 3.0% of the gross sales price will be paid to DAUM Commercial Real Estate Services.[3] 905 8th Street estimates that the net proceeds from the sale of the Property, prior to closing costs, will be approximately $787,050.

<u>A description of the estimated or possible tax consequences to the estate, if known, and how any tax liability generated by the sale of the property will be paid</u>. The Property was purchased by 905 8th Street in or about October 2003 for approximately $2,450,000. 905 8th Street does not anticipate that the sale will result in tax liability.

<u>The date by which an objection must be filed and served</u>. See below.

The Motion is based upon this notice and motion, the Declaration of John Charles Maddux appended hereto, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that 905 8th Street will be filing an application for an order shortening time in which it requests that the Court set a hearing on this matter as soon as

---

[3] DAUM Commercial Real Estate Services was retained by 905 8th Street as its real estate broker in connection with the marketing of the Property. The listing agreement that was most recently filed with the Court expired in July 2010, and notice of an extension inadvertently was not filed. 905 8th Street believes that the 3.0% commission is reasonable, and therefore requests that the Court approve the real estate broker's 3.0% commission.

- 5 -

1  practicable, and that such order further provide that oppositions, if any, may be presented orally at
2  the hearing. If 905 8th Street's application is granted, 905 8th Street will file and serve a notice of
3  the hearing on this Motion, which notice will identify the date and time of the hearing and the
4  deadline, if any, to file written oppositions. Oppositions not presented as set forth in the notice
5  may be deemed waived. If you do not have any objection to this motion, you need not take any
6  further action.

Dated: May 25, 2011          DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
John N. Tedford, IV
Attorneys for Meruelo Maddux Properties,
Inc., and affiliated Debtors and Debtors-in-
Possession

370078.02 [XP]    25195

## DECLARATION OF JOHN CHARLES MADDUX

I, John Charles Maddux, declare and state as follows:

1. I am the President and Chief Operating Officer of Meruelo Maddux Properties, Inc., a Delaware corporation ("MMPI").

2. MMPI is the parent company of approximately 69 affiliated entities, including 905 8th Street, LLC ("905 8th Street"). On March 26 and 27, 2009, MMPI, 905 8th Street, and fifty-two other of the affiliated entities (collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. I am a designated officer of each of the affiliated entities, including 905 8th Street, and am authorized to give this declaration.

3. As a result of my being Chief Operating Officer of MMPI and a designated officer of 905 8th Street and each of the affiliated entities, and my review of relevant documents, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records, and the manner in which they are prepared. Except as otherwise noted, all facts set forth in this declaration are based on my personal knowledge, my discussions with other members of the Debtors' senior management team, my review of relevant documents, or my opinion, based on, among other things, my experience and knowledge of the Debtors' operations and financial conditions.

4. 905 8th Street owns real property commonly known as 905 East 8th Street, Los Angeles, California (the "Property").

5. On or about March 21, 2011, 905 8th Street entered into a purchase and sale agreement with Steve Lee and/or his assignee (the "Buyer") pursuant to which the Buyer agreed to purchase the Property for the sum of $2,800,000. The proposed sale has been made on ordinary and common terms in the commercial real estate industry, and is set forth in a Standard Offer, Agreement and Escrow Instructions for Purchase of Real Estate, and addenda and amendments thereto, attached as Exhibit "2" hereto.

6. The purchase price was negotiated with the Buyer at arm's length with the services of DAUM Commercial Real Estates Services. To the best of my knowledge, the Buyer has no connection with the Debtors or anyone associated with the Debtors' estates or the administration of

370078.02 [XP]    25195

1  the Debtors' estates, except with regard to the proposed sale. Under the totality of the
2  circumstances, I believe that the agreed-upon price is fair and reasonable.
3      7.    Attached as Exhibit "3" hereto is a true and correct copy of a title report dated
4  March 23, 2011, for the Property. Based on the title report, my personal knowledge of the identity
5  of liens against the Property, and information provided to me by MMPI's employees, I believe that
6  liens against the Property consist of (1) liens in favor of the County of Los Angeles securing real
7  property taxes and related charges, and (2) a deed of trust in favor of The Stanford Group, L.P. (the
8  "Stanford Group"). The amount currently owed to the Stanford Group and secured by the deed of
9  trust is approximately $1,911,076.
10     8.    I believe that the proposed sale of the Property at this time is in the best interests of
11 the Debtors, their bankruptcy estates and creditors, and should be approved by the Court.
12     9.    The Property was purchased by 905 8th Street in or about October 2003 for
13 approximately $2,450,000.
14     10.   At my request, the Debtors' counsel reviewed the Los Angeles County Treasurer
15 and Tax Collector's website to determine the amount of real property taxes presently owed against
16 the parcel of real property owned by 905 8th Street. A true and correct copy of the printout
17 provided to me by the Debtors' counsel is attached as Exhibit "4" hereto.
18
19     I declare under penalty of perjury under the laws of the United States of America that the
20 foregoing is true and correct.
21     Executed at Los Angeles, California on May 25, 2011.

_____
JOHN CHARLES MADDUX

370078.02 [XP]    25195