Lee R. Bogdanoff (State Bar No. 119542)
Whitman L. Holt (State Bar No. 238198)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, Thirty-Ninth Floor
Los Angeles, California 90067
Telephone:    310-407-4000
Facsimile:    310-407-9090
Email:    lbogdanoff@ktbslaw.com; wholt@ktbslaw.com

*Special Counsel for Richard Meruelo*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,[1]<br><br>Debtor.<br><br>☒ Affects all Debtors<br>☐ Affects the following Debtor(s): | Case No. 1:09-bk-13356-VK<br><br>Chapter 11 (Jointly Administered)<br><br>**JOINDER OF RICHARD MERUELO IN SUPPORT OF THE DEBTORS' "MOTION FOR ORDER: (1) STRIKING EVIDENCE IMPROPERLY RECEIVED AFTER THE CLOSE OF TRIAL THROUGH JUDICIAL NOTICE, AND (2) RECONSIDERING PLAN CONFIRMATION RULING, OR, IN THE ALTERNATIVE, (3) SCHEDULING A HEARING TO CONSIDER FAIR VALUE"**<br><br>**Hearing**<br>Judge:    Hon. Victoria S. Kaufman<br>Date:    To be set by the Court<br>Time:    To be set by the Court<br>Place:    Courtroom 301<br>    21041 Burbank Boulevard<br>    Woodland Hills, California 91367 |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

Richard Meruelo ("Meruelo"), in his capacity as a major shareholder of Meruelo Maddux Properties, Inc. ("MMPI"), hereby joins and files this separate statement in support of the *Motion for Order: (1) Striking Evidence Improperly Received After the Close of Trial Through Judicial Notice, and (2) Reconsidering Plan Confirmation Ruling, or, in the Alternative, (3) Scheduling a Hearing to Consider Fair Value* (the "Debtors' Motion") filed on May 27, 2011 by the debtors and debtors in possession in the above-captioned chapter 11 cases.[2]

**JOINDER**

As detailed in the Debtors' Motion, this Court's May 19, 2011 decision to take judicial notice of the May 18, 2011 "pink sheets" trading price of MMPI's stock (the "Stock Price") and to utilize the Stock Price to determine whether the chapter 11 plan proposed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "Charlestown Plan") meets Bankruptcy Code section 1129(b)'s requirement that the Charlestown Plan provide "fair and equitable" treatment for a dissenting class of shareholders (including Meruelo) was clear legal error that should promptly be rectified by the Court in order to avoid manifest injustice.[3]

As set forth in the Debtors' Motion, it was improper for the Court to take judicial notice of facts outside the record in order to fill gaps in the evidentiary record left by the proponents of the Charlestown Plan. Federal Rule of Evidence 201(e) allows the Court to revisit the propriety of such judicial notice given the lack of prior advance notice to the parties. Of equal importance, however, is the fact that the judicially noticed fact – the Stock Price – is a manifestly improper metric for valuation of the MMPI stock that Meruelo and others will be *forced* to sell under the

---

[2] Meruelo also joins and supports the concurrently filed *ex parte* request to shorten time regarding a hearing on the Debtors' Motion for the reasons set forth in that *ex parte* request.

[3] As a major shareholder whose equity interests would be forcibly divested for grossly inadequate consideration under the Charlestown Plan, Meruelo has long opposed confirmation of this flawed plan, as reflected not only by Meruelo's affirmative vote against this plan, but also by his joiner in objections that expressly disputed the Charlestown Plan's compliance with the "fair and equitable" mandate of Bankruptcy Code section 1129(b). *See* ECF Nos. 2243 (Meruelo joinder); 2238 at 2:12-16 (Maddux objection arguing that the Charlestown Plan "is not fair and equitable to holders of [MMPI] equity interests because the plan proponents cannot demonstrate that" the Charlestown Plan provides existing equity with appropriate value); 2253 at 5:20-24 (Debtors' objection making similar argument about the improper treatment of dissenting classes of equity interests under the Charlestown Plan).

1

Charlestown Plan.  Supreme Court case law, including *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 441-54 (1968), teaches that it is improper to value an enterprise for cramdown purposes based upon circumstances of the debtor prior to its emergence from bankruptcy.  There are many other reasons why the Stock Price is a deeply flawed basis for valuation, including (1) the thin and inefficient nature of the "pink sheets" market[4]; (2) the lack of an appropriate "control premium" that would be necessary in any valuation of Meruelo's far larger ownership interests; and (3) the substantial discounts that are inevitably included in the Stock Price due to the taint of bankruptcy and uncertainty about how the bankruptcy process will conclude.  Simply put, the Court's use of the Stock Price for cramdown or valuation purposes was a clear error of law.

Beyond the concerns articulated in the Debtors' Motion lies the manifestly unjust result that could befall Meruelo if the Court does not promptly correct its May 19, 2011 ruling.  With no prior notice or opportunity to brief the issue, Meruelo was subjected to a fundamentally unfair process whereby the value of his MMPI equity was determined *sua sponte* by the Court and by reference to evidence wholly outside the record of these proceedings, long after the evidence on confirmation was closed and the Charlestown Plan proponents had failed to present any evidence on this question.  If an order confirming the Charlestown Plan is in fact entered by the Court and that plan is permitted to go effective, the ultimate result will be a forced taking of Meruelo's property without fair compensation – an improper stripping of millions of dollars of value from Meruelo for the exclusive benefit of other private parties.  There is no support in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence, or any other source of legal authority for this remarkable result to obtain based upon the process that has unfolded in these chapter 11 cases.

---

[4] The over the counter markets for trading in the stock of bankrupt entities are well known to be flawed and demonstrably improper as a tool for valuing the underlying debtor. *See, e.g.*, Michael J. de la Merced & Zachery Kouwe, *A Stock With Bounce: Investors Stick to G.M.*, N.Y. TIMES, July 10, 2009, at B4, *available online at* http://www.nytimes.com/2009/07/11/business/11shares.html (describing how the stock of General Motors "continued an improbable rise in price" to over a $1.00 per share, despite the consummation of a sale that ensured such stock was worthless).

KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 AVENUE OF THE STARS, THIRTY-NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE: 310-407-4000

Meruelo submits that the relief requested in the Debtors' Motion is appropriate and indeed necessary under the circumstances. If the Court is not inclined to grant the relief requested in the Debtors' Motion, however, Meruelo would urge the Court to consider granting alternative relief that could more fully protect Meruelo's rights. Those alternative forms of relief might include:

(1) Require the Charlestown Plan proponents to establish and fund an escrow account that contains the difference between (i) the 45 per share value based upon the Stock Price and (ii) the roughly $1.20 per share valuation suggested by the Charlestown Plan proponents' *own valuations* (as more fully described in the Debtors' Motion). Such an escrow would ensure that Meruelo's rights are adequately protected in the event that an appellate court determines, as is likely, that it was improper for this Court to take judicial notice of the Stock Price and/or that the Stock Price is a legally defective measure of value.

(2) Set a further hearing so that the parties can present further legal briefing or expert evidence (if it would be useful to the Court) regarding the propriety of using the Stock Price as a measure of valuing Meruelo's MMPI shares.

Simply put, if the Court has *any doubt whatsoever* about the correctness of the Court's May 19, 2011 ruling, then the Court should not allow subsequent events to unfold in a fashion that risks great and irreparable harm to Meruelo. Rather, there are more measured steps that the Court can and should take to at least allow Meruelo and all other parties in interest a full and fair chance to address the Court's conclusions on the merits.

**WHEREFORE**, Meruelo respectfully urges the Court to grant the Debtors' Motion for the reasons set forth therein and in this joinder.

DATED: May 27, 2011               Respectfully submitted,

/s/ *Whitman L. Holt*
Lee R. Bogdanoff
Whitman L. Holt
KLEE, TUCHIN, BOGDANOFF & STERN LLP

*Special Counsel for Richard Meruelo*

3

| In re: | CHAPTER 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC., et al., Debtor(s). | CASE NUMBER 1:09-bk-13356-VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1999 Avenue of the Stars, Thirty-Ninth Floor, Los Angeles, CA 90067.

A true and correct copy of the foregoing document described as ***JOINDER OF RICHARD MERUELO IN THE DEBTORS' "MOTION FOR ORDER: (1) STRIKING EVIDENCE IMPROPERLY RECEIVED AFTER THE CLOSE OF EVIDENCE THROUGH JUDICIAL NOTICE, AND (2) RECONSIDERING PLAN CONFIRMATION RULING, OR, IN THE ALTERNATIVE, (3) SCHEDULING A HEARING TO CONSIDER FAIR VALUE"*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 27, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on May 27, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 27, 2011 | Whitman L. Holt | /s/ Whitman L. Holt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| In re:<br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 1:09-bk-13356-VK |

**ADDITIONAL SERVICE INFORMATION (if needed):**

**NEF Service List**

Michael C Abel on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mcabel@mac.com

Robert Abiri on behalf of Interested Party Courtesy NEF
rabiri@abiriszeto.com

Allison R Axenrod on behalf of Creditor Claims Recovery Group LLC
allison@claimsrecoveryllc.com

Christopher J Bagnaschi on behalf of Defendant Richard Meruelo
cb@cjblaw.com

John J Bingham on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
jbingham@dgdk.com

William C Bollard on behalf of Creditor Victory Outreach La Puente, Inc.
eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com

Peter Bonfante on behalf of Interested Party Courtesy NEF
peterbonfante@bsalawfirm.com

Erin N Brady on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
enbrady@jonesday.com

Julia W Brand on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com

Jennifer L Braun on behalf of U.S. Trustee United States Trustee (SV)
jennifer.l.braun@usdoj.gov

Martin J Brill on behalf of Interested Party Courtesy NEF
mjb@lnbrb.com

Andrew W Caine on behalf of Creditor Legendary Investors Group No. 1, LLC
acaine@pszyjw.com

Howard Camhi on behalf of Creditor Kennedy Funding, Inc.
hcamhi@ecjlaw.com

Gary O Caris on behalf of Interested Party EDI Architecture
gcaris@mckennalong.com, pcoates@mckennalong.com

James E Carlberg on behalf of Creditor Woodland Farms, Inc.
jcarlberg@boselaw.com

Sara Chenetz on behalf of Creditor Imperial Capital Bank
chenetz@blankrome.com, chang@blankrome.com

Jacquelyn H Choi on behalf of Interested Party Courtesy NEF
jchoi@swjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                            **F 9013-3.1.PROOF.SERVICE**

Carol Chow on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
CChow@Stutman.com

Cynthia M Cohen on behalf of Interested Party Courtesy NEF
cynthiacohen@paulhastings.com

Ronald R Cohn on behalf of Creditor Pacific Commerce Bank
rcohn@horganrosen.com

Enid M Colson on behalf of Debtor 2640 Washington Boulevard, LLC, a CA LLC
emc@dgdk.com, ecolson@dgdk.com

Michaeline H Correa on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
mcorrea@jonesday.com

Emily R Culler on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
eculler@stutman.com

Ana Damonte on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
ana.damonte@pillsburylaw.com

Brian L Davidoff on behalf of Creditor Yoshiake Murakami
bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com

Susan S Davis on behalf of Creditor Cox, Castle & Nicholson LLP
sdavis@coxcastle.com

Aaron De Leest on behalf of Debtor Merco Group - 2040 Camfield Avenue, LLC, a DE LLC
aed@dgdk.com

Daniel Denny on behalf of Interested Party Courtesy NEF
ddenny@gibsondunn.com

Jeffrey W Dulberg on behalf of Creditor Legendary Investors Group No. 1, LLC
jdulberg@pszjlaw.com

Marina Fineman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
mfineman@stutman.com

Michael G Fletcher on behalf of Creditor Cathay Bank
mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com

Barry V Freeman on behalf of Interested Party Courtesy NEF
bvf@jmbm.com, bvf@jmbm.com

Donald L Gaffney on behalf of Creditor BANK OF AMERICA
dgaffney@swlaw.com

Thomas M Geher on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., etc
tmg@jmbm.com

Bernard R Given on behalf of Creditor Cathay Bank
bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com

Barry S Glaser on behalf of Creditor County of Los Angeles Tax Collector
bglaser@swjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

Gabriel I Glazer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
gglazer@stutman.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Eric D Goldberg on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
egoldberg@stutman.com

Michael J Gomez on behalf of Creditor Cathay Bank
mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

Michael I Gottfried on behalf of Interested Party Courtesy NEF
mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com

John A Graham on behalf of Creditor Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc.
jag@jmbm.com

Ofer M Grossman on behalf of Interested Party Courtesy NEF
omglaw@gmail.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
pgurfein@lgbfirm.com, cscott@LGBFirm.com

Cara J Hagan on behalf of Creditor PNL Pomona, L.P.
carahagan@haganlaw.org

Asa S Hami on behalf of Creditor Committee Creditors Committee
ahami@sulmeyerlaw.com

Brian T Harvey on behalf of Creditor California Bank & Trust
bharvey@buchalter.com, IFS_filing@buchalter.com

Robert A Hessling on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
rhessling@dgdk.com

William W Huckins on behalf of Interested Party Courtesy NEF
whuckins@allenmatkins.com, clynch@allenmatkins.com

Lance N Jurich on behalf of Creditor CanPartners Realty Holding Company IV, LLC
ljurich@loeb.com, kpresson@loeb.com

William H. Kiekhofer on behalf of Creditor Esmark, Inc.
wkiekhofer@mcguirewoods.com

Andrew F Kim on behalf of Creditor Imperial Capital Bank
akim@mrllp.com

Michael S Kogan on behalf of Creditor Kennedy Funding, Inc.
mkogan@ecjlaw.com

Tamar Kouyoumjian on behalf of Creditor Committee Creditors Committee
tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

Lewis R Landau on behalf of Creditor Committee Creditors Committee
lew@landaunet.com

Dare Law on behalf of U.S. Trustee United States Trustee (SV)
dare.law@usdoj.gov

Leib M Lerner on behalf of Auditor Ernst & Young LLP
leib.lerner@alston.com

Matthew A Lesnick on behalf of Stockholder Charlestown Capital Advisors, LLC
matt@lesnicklaw.com

David E Leta on behalf of Creditor FNBN-CMLCOM I LLC
dleta@swlaw.com, wsmart@swlaw.com

Katherine Lien on behalf of Interested Party Courtesy NEF
katie.lien@sbcglobal.net, katielien@gmail.com

Steven K Linkon on behalf of Creditor Chinatrust Bank (USA)
slinkon@rcolegal.com

Robert M Llewellyn on behalf of Creditor California State Board Of Equalization
michael.llewellyn@boe.ca.gov

Richard Malatt on behalf of Interested Party Courtesy NEF
rmalatt@gmail.com

Elmer D Martin on behalf of Creditor East West Bank
elmermartin@gmail.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com

Avi Muhtar on behalf of Creditor Committee Official Committee of Unsecured Creditors
amuhtar@sulmeyerlaw.com

Iain A W Nasatir on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
inasatir@pszjlaw.com, jwashington@pszjlaw.com

Jeffrey P Nolan on behalf of Creditor Legendary Investors Group No. 1, LLC
jnolan@pszjlaw.com

Henry H Oh on behalf of Defendant Meruelo Maddux Properties Inc a DE Corp
henry.oh@dlapiper.com, janet.curley@dlapiper.com

Lawrence Peitzman on behalf of Interested Party Courtesy NEF
lpeitzman@pwkllp.com

Eric S Pezold on behalf of Creditor BANK OF AMERICA
epezold@swlaw.com, dwlewis@swlaw.com

Christopher E Prince on behalf of Stockholder Charlestown Capital Advisors, LLC
cprince@lesnickprince.com

Michael H Raichelson on behalf of Creditor Stanford Group LP
mhr@cabkattorney.com

Dean G Rallis Jr on behalf of Attorney SulmeyerKupetz, a Professional Corporation
drallis@sulmeyerlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

Kurt Ramlo on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com

Craig M Rankin - DECEASED - on behalf of Interested Party Courtesy NEF
cmr@lnbrb.com

Daniel H Reiss on behalf of Interested Party Richard Meruelo
dhr@lnbyb.com

Michael B Reynolds on behalf of Creditor FNBN-CMLCON I LLC
mreynolds@swlaw.com, kcollins@swlaw.com

Jeremy V Richards on behalf of Creditor East West Bank
jrichards@pszjlaw.com, bdassa@pszjlaw.com

James S Riley on behalf of Creditor Sierra Liquidity Fund, LLC
tgarza@sierrafunds.com

Martha E Romero on behalf of Creditor San Bernardino County Tax Collector
Romero@mromerolawfirm.com

Victor A Sahn on behalf of Creditor Committee Creditors Committee
vsahn@sulmeyerlaw.com

Steven J Schwartz on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
sschwartz@dgdk.com

Kenneth J Shaffer on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
jshaffer@stutman.com

Zev Shechtman on behalf of Debtor In Possession Meruelo Maddux Properties Inc a DE Corp
zshechtman@dgdk.com, danninggill@gmail.com

David B Shemano on behalf of Interested Party Courtesy NEF
dshemano@pwkllp.com

Jeffrey S Shinbrot on behalf of Creditor The Union Restaurant and Lounge, LLC
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

Stephen Shiu on behalf of Creditor FNBN-CMLCOM I LLC
sshiu@swlaw.com

Lori Sinanyan on behalf of Interested Party Los Angeles County Metropolitan Transportation Authority
lsinanyan@jonesday.com

Daniel H Slate on behalf of Creditor California Bank & Trust
dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

Surjit P Soni on behalf of Creditor Legendary Investors Group No. 1, LLC
surjit@sonilaw.com, gayane@sonilaw.com

Bennett L Spiegel on behalf of Plaintiff East West Bancorp, Inc.
blspiegel@jonesday.com

Tracie L Spies on behalf of Creditor PNL Pomona, L.P.
tracie@haganlaw.org

James Stang on behalf of Creditor East West Bank
jstang@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

Catherine Steege on behalf of Creditor Committee Official Committee of Equity Holders
csteege@jenner.com

Derrick Talerico on behalf of Creditor CanPartners Realty Holding Company IV, LLC
dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com

John N Tedford on behalf of Attorney Danning Gill Diamond & Kollitz LLP
jtedford@dgdk.com, DanningGill@Gmail.com

Damon Thayer on behalf of Interested Party Courtesy NEF
dthayer@jenner.com

James A Timko on behalf of Interested Party Courtesy NEF
jtimko@allenmatkins.com

Alan G Tippie on behalf of Interested Party Courtesy NEF
atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Rouben Varozian on behalf of Creditor Vahan Chamlian
rvarozian@bzlegal.com

Jason L Weisberg on behalf of Creditor Roofcorp of CA Inc
jason@gdclawyers.com

William E Winfield on behalf of Creditor Committee Creditors Committee
wwinfield@nchc.com

Jasmin Yang on behalf of Creditor BANK OF AMERICA
jyang@swlaw.com

Aleksandra Zimonjic on behalf of Creditor CIM Urban RE Fund GP II, LLC, as Successor in Interest to Grand Avenue Lofts, LP
azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com


**Separate Email Service List**

Ronald S. Orr: ronaldorresq@gmail.com (Attorneys for Equity Committee)

Georgiana G. Rodiger:  crodiger@rodigerlaw.com (Attorneys for Equity Committee)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                    **F 9013-3.1.PROOF.SERVICE**