CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.[1]<br><br>Debtors and Debtors-in-Possession.<br><br>Affects all Debtors | Case No. 1:09-bk-13356-VK<br><br>Chapter 11<br><br>**STIPULATION BETWEEN CHARLESTOWN PROPONENTS AND DEBTORS RE MONITORING OF DEBTORS' BUSINESS OPERATIONS THROUGH EFFECTIVE DATE**<br><br>Confirmation Hearing<br>Date: January 27, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 301<br>        21041 Burbank Blvd.<br>        Woodland Hills, CA 91367 |

---

[1] This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities. The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the Order Directing The Joint Administration Of Related Cases entered by the Court on April 7, 2009. [Dkt. # 30.]

The Charlestown Capital Advisors, LLC and Hartland Asset Management, Corporation (the "Charlestown Proponents") and the above captioned Debtors and Debtors-in-Possession ("Debtors") stipulate as follows:

1. On May 19, 2011, the Court ruled that it will confirm the Charlestown Plan, and the Charlestown Plan provides for a new slate of directors and officers to manage the reorganized Debtors. On May 27, 2011, Debtors filed a motion for reconsideration of the Court's ruling (the "Motion for Reconsideration"), for which a hearing has not yet been scheduled.

2. The firm of Kibel Green Inc. ("KGI") acts as financial advisors to the Official Committee of Unsecured Creditors and the Official Equity Committee in the above-captioned bankruptcy cases.

3. The Charlestown Proponents and Debtors agree that permitting KGI to monitor Debtors' business operations through the effective date of the Charlestown Plan (the "Effective Date") will aid the orderly transition to new management.

4. Upon entry of an Order authorizing and approving this Stipulation, Matt Covington, David Lauletta, and/or any other employee of KGI will act as monitors and have certain access to Debtors' business operations as stipulated below ("Monitors") through the Effective Date. Monitors' role as monitors is independent of their role as financial advisors to the Official Committee of Unsecured Creditors and the Official Equity Committee. Any fees incurred by Monitors in this role will be submitted separately to the Court for approval.

    a. Monitors will have access to Debtors' offices and will be provided office space at Debtors' offices.

    b. Monitors are authorized to communicate with John Maddux, Andrew Murray, and Miguel Echemendia (or such other of the Debtors' employees as

    the foregoing individuals may authorize) as reasonably necessary to perform their monitoring function.

    c.    Monitors are authorized to communicate any information they obtain as Monitors to the Official Committee of Unsecured Creditors, the Official Equity Committee, and/or the Charlestown Proponents, or to each entity's counsel; provided that Monitors, the Charlestown Proponents and any such committee that receives such information will keep the information confidential except as necessary to file objections in accordance with this Stipulation.

    d.    Monitors will be notified in advance of any pending disbursement, wire transfer, cash payment, or other transfer of funds of Debtors in an amount equal to or in excess of $5,000 (Five Thousand Dollars) ("Transaction"). Monitors will receive access to Debtors' Process Manager system such that they receive notice of proposed disbursements submitted via that system. For disbursements not submitted via Process Manager, Debtors will ensure that Monitors receive notice via electronic mail. Notice to Monitors will be provided sufficiently in advance of any Transaction so that Monitors have a reasonable opportunity to review such Transaction before it is completed. Debtors are not required to provide notice to Monitors of each intercompany transfer (a) from a Debtor's zero-balance account to MMPLP's concentration account pursuant to Debtor'' court-approved cash management system, and (b) from MMPLP to another Debtor for the purpose of effectuating a Transaction. Monitors will be provided regular reports of intercompany transfers to or from the concentration account.

    e.    Debtors shall not make any Transaction without prior notification to Monitors. Upon written notice by the Charlestown Proponents, the Official

Committee of Unsecured Creditors, and/or the Official Equity Committee, Debtors will hold any Transaction for 48 (Forty Eight) hours to allow the Charlestown Proponents, the Official Committee of Unsecured Creditors, and/or the Official Equity Committee to file an objection(s) to such Transaction.  Should an objection be filed, Debtors will hold any such Transaction until the Court has ruled on the objection or until the objecting party and Debtors mutually agree to a resolution of such objection.  Debtors are not required to hold a payment if holding such payment will cause Debtor(s) to violate a court order or cause Debtor(s) to breach a contract approved by the Court.  Debtors also are not required to hold adequate protection payments to secured lenders, monthly interest payments to Cathay Bank, or payments of premiums for Directors & Officers Insurance.  The written notice referenced in this subparagraph will be provided to Andrew Murray or John Maddux, with a copy to Debtors' counsel John N. Tedford, IV, and Gary E. Klausner.  Such written notice may be satisfied by electronic mail.

5. Debtors will not sell or otherwise transfer any property, real or personal, tangible or intangible, prior to the Effective Date without the permission of the Court.  Debtors will not modify any leases prior to the Effective Date without the permission of the Court or the Charlestown Proponents.

6. Debtors will preserve Debtors' books, records, and documents (including electronic documents) as they are kept in the ordinary course of Debtors' businesses.  Debtors will issue a litigation "hold" with respect to all business-related documents and will cease any destruction of documents pursuant to any document retention policy or otherwise.

7. This Stipulation and the order approving this Stipulation will terminate and be of no further force and effect in the event that the Court grants the Motion for Reconsideration or the

1  order confirming the Charlestown Plan is revoked, set aside, or otherwise becomes unenforceable
2  due to a non-occurrence of the Effective Date.

3        8.    A proposed Order on the Stipulation is attached as Exhibit A.

5  DATED: June 6, 2011        LESNICK PRINCE LLP

7                                  By:  /s/ Christopher E. Prince
8                                       Christopher E. Prince
                                     Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

11  DATED: June 6, 2011        DANNING, GILL, DIAMOND & KOLLIZ, LLP

13                                       By: _____
14                                     John N. Tedford, IV
                                   Attorneys for Debtors and Debtors-in-Possession

16  **NO OBJECTION TO THE FOREGOING STIPULATION:**

17  DATED: June 7, 2011        JENNER & BLOCK LLP

19                                     By: _____
20                                     Marc B. Hankin
                                   Attorneys for the Official Committee of Equity Security Holders

23  DATED: June __, 2011       **SULMEYERKUPETZ**

25                                     By: _____
                                   Dean G. Rallis, Jr.
26                                     Attorneys for Official Committee of Unsecured Creditors

1 | order confirming the Charlestown Plan is revoked, set aside, or otherwise becomes unenforceable
2 | due to a non-occurrence of the Effective Date.

       8.     A proposed Order on the Stipulation is attached as Exhibit A.

DATED: June 6, 2011              LESNICK PRINCE LLP

By:  /s/ Christopher E. Prince
     Christopher E. Prince
     Attorneys for Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

DATED: June 6, 2011              DANNING, GILL, DIAMOND & KOLLIZ, LLP

By: [signature]
     John N. Tedford, IV
     Attorneys for Debtors and Debtors-in-Possession

**NO OBJECTION TO THE FOREGOING STIPULATION:**

DATED: June __, 2011            JENNER & BLOCK LLP

By:_____
     Marc B. Hankin
     Attorneys for the Official Committee of Equity Security Holders

DATED: June 6, 2011              SULMEYERKUPETZ

By: [signature]
     Dean G. Rallis, Jr.
     Attorneys for Official Committee of Unsecured Creditors

5

# EXHIBIT A

CHRISTOPHER E. PRINCE (SBN 183553)
cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA  90405
Telephone: (213) 493-6496
Facsimile:  (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.[1]<br><br>Debtors and Debtors-in-Possession.<br><br>Affects all Debtors | Case No. 1:09-bk-13356-VK<br><br>Chapter 11<br><br>**ORDER GRANTING STIPULATION BETWEEN CHARLESTOWN PROPONENTS AND DEBTORS RE MONITORING OF DEBTORS' BUSINESS OPERATIONS THROUGH EFFECTIVE DATE**<br><br>Confirmation Hearing<br>Date:    January 27, 2011<br>Time:   9:30 a.m.<br>Place:   Courtroom 301<br>            21041 Burbank Blvd.<br>            Woodland Hills, CA  91367 |

---

[1] This case is jointly administered with chapter 11 cases filed with the Court by numerous affiliated entities. The Debtors and debtors-in-possession and their respective tax identification numbers are identified in the Order Directing The Joint Administration Of Related Cases entered by the Court on April 7, 2009.  [Dkt. # 30.]

The Court having reviewed and considered the Stipulation Between Debtors and Charlestown Proponents Re Monitoring of Debtors' Business Operations Through Effective Date (the "Stipulation") between the above captioned Debtors and Debtors-in-Possession ("Debtors") and Charlestown Capital Advisors, LLC and Hartland Asset Management, Corporation (the "Charlestown Proponents"), filed on June __, 2011, for good cause appearing, the Stipulation is **GRANTED** and **IT IS ORDERED THAT**:

1. Matt Covington and David Lauletta and/or any other employee of Kibel Green Inc. will act as monitors and have certain access to Debtors' business operations as described below ("Monitors") through the Effective Date:

    a. Monitors will have access to Debtors' offices and will be provided office space at Debtors' offices.

    b. Monitors are authorized to communicate with John Maddux, Andrew Murray, and Miguel Echemendia (or such other of the Debtors' employees as the foregoing individuals may authorize) as reasonably necessary to perform their monitoring function.

    c. Monitors are authorized to communicate any information they obtain as Monitors to the Official Committee of Unsecured Creditors, the Official Equity Committee, and/or the Charlestown Proponents, or to each entity's counsel; provided that Monitors, the Charlestown Proponents and any such committee that receives such information will keep the information confidential except as necessary to file objections in accordance with this Stipulation.

    d. Monitors will be notified in advance of any pending disbursement, wire transfer, cash payment, or other transfer of funds of Debtors in an amount equal to or in excess of $5,000 (Five Thousand Dollars) ("Transaction"). Monitors will receive access to Debtors' Process Manager system such that

they receive notice of proposed disbursements submitted via that system. For disbursements not submitted via Process Manager, Debtors will ensure that Monitors receive notice via electronic mail. Notice to Monitors will be provided sufficiently in advance of any Transaction so that Monitors have a reasonable opportunity to review such Transaction before it is completed. Debtors are not required to provide notice to Monitors of each intercompany transfer (a) from a Debtor's zero-balance account to MMPLP's concentration account pursuant to Debtor" court-approved cash management system, and (b) from MMPLP to another Debtor for the purpose of effectuating a Transaction. Monitors will be provided regular reports of intercompany transfers to or from the concentration account.

e. Debtors shall not make any Transaction without prior notification to Monitors. Upon written notice by the Charlestown Proponents, the Official Committee of Unsecured Creditors, and/or the Official Equity Committee, Debtors will hold any Transaction for 48 (Forty Eight) hours to allow the Charlestown Proponents, the Official Committee of Unsecured Creditors, and/or the Official Equity Committee to file an objection(s) to such Transaction. Should an objection be filed, Debtors will hold any such Transaction until the Court has ruled on the objection or until the objecting party and Debtors mutually agree to a resolution of such objection. Debtors are not required to hold a payment if holding such payment will cause Debtor(s) to violate a court order or cause Debtor(s) to breach a contract approved by the Court. Debtors also are not required to hold adequate protection payments to secured lenders, monthly interest payments to Cathay Bank, or payments of premiums for Directors & Officers Insurance. The written notice referenced in this subparagraph will be provided to Andrew Murray or John Maddux, with a copy to Debtors' counsel John N. Tedford,

3

IV, and Gary E. Klausner.  Such written notice may be satisfied by electronic mail.

2. Debtors will not sell or otherwise transfer any property, real or personal, tangible or intangible, prior to the Effective Date without the permission of the Court.  Debtors will not modify any leases prior to the Effective Date without the permission of the Court or the Charlestown Proponents.

3. Debtors will preserve Debtors' books, records, and documents (including electronic documents) as they are kept in the ordinary course of Debtors' businesses.  Debtors will issue a litigation "hold" with respect to all business-related documents and will cease any destruction of documents pursuant to any document retention policy or otherwise.

4. This Order will terminate and be of no further force and effect in the event that the Court grants the Motion for Reconsideration filed by Debtors on May 27, 2011, or the order confirming the Charlestown Plan is revoked, set aside, or otherwise becomes unenforceable due to a non-occurrence of the Effective Date.

#####

:

| In re: | CHAPTER 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC | |
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA  90405

A true and correct copy of the foregoing documents described as:
**STIPULATION RE MONITORING OF DEBTORS BUSINESS OPERATIONS THROUGH EFFECTIVE DATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 7, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On    June 7, 2011    I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **VIA U.S. MAIL**
> Honorable Victoria S. Kaufman
> United States Bankruptcy Court
> 21041 Burbank Boulevard, Suite 305
> Woodland Hills, CA 91367

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed..

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 7, 2011 | Christopher E. Prince | /s/ Christopher E. Prince |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | CHAPTER 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC | |
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

# F 9013-3.1

Parties receiving electronic notice:

- Michael C Abel mcabel@mac.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net
- Eric D Goldberg egoldberg@stutman.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

| In re: | | CHAPTER 11 |
|---|---|---|
| | MERUELO MADDUX PROPERTIES, INC | |
| | Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham jag@jmbm.com
- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com
- Peter J Gurfein pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- Whitman L Holt wholt@ktbslaw.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com
- Kenneth J Shaffer jshaffer@stutman.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com
- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com
- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**