1  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
2  ENID COLSON (State Bar No. 189912)
   *EColson@DGDK.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California 90067-2904
   Telephone:  (310) 277-0077
5  Facsimile:  (310) 277-5735

6  Attorneys for Meruelo Maddux Properties, Inc.,
   and affiliated Debtors and Debtors-in-Possession
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SAN FERNANDO VALLEY DIVISION

11  In re                                ) Case No. 1:09-bk-13356-VK
                                         )
12  MERUELO MADDUX PROPERTIES, INC., et  ) Chapter 11 (Jointly Administered)
    al.[1]                               )
13                                       ) **NOTICE OF MOTION AND SECOND
              Debtors and Debtors-in-Possession. ) OMNIBUS MOTION OF DEBTORS-IN-
14  _____  ) POSSESSION FOR [1] AUTHORITY TO
                                         ) SELL REAL PROPERTIES FREE AND
15  ☐   Affects all Debtors              ) CLEAR OF LIENS, [2] AUTHORITY TO
                                         ) ASSUME AND ASSIGN UNEXPIRED
16  ☑   Affects the following Debtor(s): ) LEASES, AND [3] WAIVER OF STAY
                                         ) PER F.R.B.P. 6004(h) AND 6006(d);
17  788 South Alameda, LLC (1:09-bk-13395-VK) ) DECLARATION OF JOHN CHARLES
                                         ) MADDUX AND REQUEST FOR
18  Merco Group – 1211 E. Washington Boulevard, ) JUDICIAL NOTICE IN SUPPORT
    LLC (1:09-bk-13382-VK)               ) THEREOF
19                                       )
    Meruelo Baldwin Park, LLC            ) [*Ex parte* application for order shortening
20  (1:09-bk-13386-VK)                   ) time filed separately]
                                         )
21  Santa Fe Commerce Center, Inc. (1:09-bk-13368- ) Date:      [TBD]
    VK)                                  ) Time:      [TBD]
22                                       ) Place:     Courtroom 301
                                         )            21041 Burbank Boulevard
23  _____  )            Woodland Hills, California

24

25

26  _____

27      [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated
    entities.  The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-
28  13434-VK; and 1:09-bk-13439-VK.

370527.08 [XP]  25195

1    **PLEASE TAKE NOTICE** that, on a date and time to be set by the Court, debtors and

2    debtors-in-possession 788 South Alameda, LLC ("788 S. Alameda"), Merco Group – 1211 E.

3    Washington Boulevard, LLC ("1211 E. Washington"), Meruelo Baldwin Park, LLC ("Baldwin

4    Park"), and Santa Fe Commerce Center, Inc. ("SFCC," and, collectively with 788 S. Alameda,

5    1211 E. Washington, Baldwin Park, the "Seller Debtors") will and do hereby move for an order

6    authorizing the Seller Debtors to sell their respective real properties (the "Real Properties") as

7    follows:

| Seller Debtor | Property Address | Lienholders |
|---|---|---|
| 788 S. Alameda | 788 S. Alameda, Los Angeles | Los Angeles County<br>California Bank & Trust |
| 1211 E. Washington | 1211 and 1225 E. Washington Boulevard, Los Angeles | Los Angeles County<br>RoofCorp of CA, Inc. |
| SFCC | 2445-2535 E. 12th Street, Los Angeles | Los Angeles County<br>Berkadia[2] |
| Baldwin Park | 13822 & 13916 Garvey Avenue, Baldwin Park | Los Angeles County |

16    Attached hereto as Exhibit "2" is a table listing each of the Real Properties, the buyer, the

17    liens against the property, the sale price, the Company's valuation of the property, the valuation of

18    the property by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

19    (collectively, "Charlestown"), the broker's commission, and the estimated net sale proceeds after

20    satisfaction of liens and commissions.

21    The Seller Debtors move for an order authorizing them to sell the Real Properties free and

22    clear of liens under 11 U.S.C. § 363(f), and for a waiver of the stay otherwise applicable to the

23    order. The Seller Debtors request that the Court enter orders in substantially the form of the

24    proposed orders attached collectively as Exhibit "1" hereto.

---

[2]    Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass- Through Certificates, Series 2002-C1 acting by and through Berkadia Commercial Mortgage, Inc., its Special Servicer (hereinafter, "Berkadia").

-2-

370527.08 [XP]    25195

1      This motion is made on the following grounds: On March 26 and 27, 2009, Meruelo

2 Maddux Properties, Inc. ("MMPI"), and fifty-three of its direct and indirect subsidiaries (with

3 MMPI, the "MMPI Debtors"), including the Seller Debtors, filed petitions for relief under Chapter

4 11 of Title 11 of the United States Code. Each of the Seller Debtors filed its Chapter 11 petition on

5 March 27, 2009 (the "Petition Date").

6      As of the Petition Date, each of the Seller Debtors owned the real property identified above.

7 Recently, 788 S. Alameda, 1211 E. Washington and SFCC received two offers for the sale of their

8 properties and Baldwin Park has entered into an agreement to sell a portion of its real properties, as

9 follows:

10 **788 S. ALAMEDA, 1211 AND 1225 E. WASHINGTON BOULEVARD AND 2445-2535 E. 12TH STREET**

11      As of the Petition Date, 788 S. Alameda owned the real property located at 788 S. Alameda,

12 Los Angeles, California, 1211 E. Washington owned the real properties located at 1211 and 1225

13 E. Washington Boulevard, Los Angeles and SFCC owned the real properties located at 2445-2535

14 E. 12th Street, Los Angeles (collectively, the "Alameda / Washington / Commerce Center

15 Properties"). On or about May 26, 2011, subject to certain conditions, 788 S. Alameda, 1211 E.

16 Washington and SFCC, received a written offer from Brennan Investment Group, LLC (the

17 "Brennan Agreement"), for the purchase of the Alameda / Washington / Commerce Center

18 Properties by Brennan Investment Group, LLC and / or its assignee ("Brennan") for the sum of $40

19 million. A copy of the Brennan Agreement is attached as Exhibit "3" to the Declaration of John

20 Charles Maddux (the "Maddux Declaration"). 788 S. Alameda, 1211 E. Washington and SFCC

21 have also received a second written offer for the purchase of the Alameda / Washington /

22 Commerce Center Properties for the sum of $40 million by Berdan Holdings, LLC and / or its

23 assignee ("Berdan"). A copy of the offer from Berdan (the "Berdan Agreement") is attached as

24 Exhibit "4" to the Maddux Declaration.

25      788 S. Alameda, 1211 E. Washington and SFCC request that the Court authorize them to

26 enter into the Brennan Agreement as the primary agreement for the sale of the Alameda /

27 Washington / Commerce Center Properties. 788 S. Alameda, 1211 E. Washington and SFCC also

28 request that the Court authorize them to enter into the Berdan Agreement on the condition that it is

a back-up agreement under which the Debtors' obligation to sell the Alameda / Washington / Commerce Center Properties to Berdan would arise only in the event that the Brennan Agreement terminates and the transaction contemplated thereunder fails to close.

788 S. Alameda, 1211 E. Washington and SFCC are requesting authority to sell their respective properties to Brennan (or to Berdan, if the Brennan Agreement terminates) free and clear of liens pursuant to § 363(f) of the Code. The only known encumbrances against the properties are as follows:

| Property | Lienholder | Amount Owed to Lienholder[3] |
|---|---|---|
| 788 S. Alameda (the "Alameda Property") | Los Angeles County | $113,046.49 |
| | California Bank & Trust | $8,409,395.79 [4] |
| 1211 and 1225 E. Washington Boulevard (the "Washington Property") | Los Angeles County | $295,142.88 |
| | RoofCorp of CA | $37,500.00 |
| 2445-2535 E. 12th Street ("Santa Fe Commerce Center") | Los Angeles County | $118,094.85 |
| | Berkadia | $10,648,562.82 |
| | **Total** | $19,621,742.83 |

A 2% brokerage commission will be paid in connection with the sale. 788 S. Alameda, 1211 E. Washington and SFCC are authorized to sell the Alameda / Washington / Commerce Center Properties because, among other things, the purchase price exceeds the value of all liens against such properties. *See* 11 U.S.C. §§ 363(f)(3).

The purchase price was negotiated with both the Brennan buyer and the Berdan buyer at arm's length. In his declaration filed on December 3, 2010, Richard Meruelo stated that the

---

[3]   The amounts listed for real property taxes owed to the County of Los Angeles reflect the "redemption amount" listed for the respective parcel on the County's website. The County's website does not take into account reductions to the amount owed pursuant to the Court-approved settlement between the MMPI Debtors and the County.

[4]   Estimated as of June 30, 2011, pending confirmation of amount with CB&T.

1  aggregate value of the Alameda / Washington / Commerce Center Properties was $41,785,064.

2  Charlestown stated an aggregate value of $29,320,00 for the Alameda / Washington / Commerce

3  Center Properties.[5]  As a result, the sale price is consistent with the MMPI Debtors' valuation of

4  the Alameda / Washington / Commerce Center Properties and $10.6 million more than

5  Charlestown's valuation of the Alameda / Washington / Commerce Center Properties.  788 S.

6  Alameda, 1211 E. Washington and SFCC believe that the price to be paid by Brennan (or Berdan,

7  if the Brennan Agreement terminates) is fair and reasonable and requests that the Court determine

8  that both Brennan and Berdan (if the Brennan Agreement terminates) are good faith purchasers

9  entitled to the protections afforded to such purchasers under § 363(m) of the Code.

10        In furtherance of this transaction, 788 S. Alameda, 1211 E. Washington and SFCC are

11  requesting authority to assume and assign to Brennan (or Berdan, if the Brennan Agreement

12  terminates) all unexpired leases relating to their respective properties.  The unexpired leases known

13  to 788 S. Alameda, 1211 E. Washington and SFCC, and which all are being assumed and assigned

14  to Brennan (or Berdan, if the Brennan Agreement terminates), are listed in Exhibit "7" attached

15  hereto.  788 S. Alameda, 1211 E. Washington and SFCC are each current with respect to all of their

16  obligations under these leases.

17        In the event that a non-Debtor party to a lease files an objection to the assumption and

18  assignment of its lease on the grounds that 788 S. Alameda, 1211 E. Washington or SFCC has

19  defaulted and such default must be cured prior to assumption and assignment, 788 S. Alameda,

20  1211 E. Washington and SFCC request that the Court make a determination of such cure amount.

21  Upon closing, security deposits held by 788 S. Alameda, 1211 E. Washington and SFCC, to the

22  extent not applied to past due amounts due under the unexpired leases, will be transferred to

23  Brennan (or Berdan, if the Brennan Agreement terminates) in the form of a credit to the purchase

24  price.  The current aggregate amount of the security deposits held by 788 S. Alameda is

25

26        [5]  *Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Disclosure Statement Describing Fourth Amended Joint Plan of Reorganization of Meruelo*

27  *Maddux Properties, Inc., et al. Dated October 14, 2010* ("Charlestown Disclosure Statement"), Exh. J.

28

370527.08 [XP]     25195

1  approximately $60,925, the current aggregate amount of the security deposits held by 1211 E.

2  Washington is approximately $36,057, and the current aggregate amount of the security deposits

3  held by SFCC is approximately $121,667.

4       In connection with the sale of the Alameda / Washington / Commerce Center Properties to

5  Brennan, 788 S. Alameda, 1211 E. Washington and SFCC seek authority to pay a commission to

6  New Downtown Brokerage equal to 2% of the gross sales price ($800,000) upon closing of the sale

7  to Brennan.[6]  In the event the Brennan Agreement terminates, 788 S. Alameda, 1211 E.

8  Washington and SFCC seek authority to pay the 2% commission to Magnum Properties upon

9  closing of the sale to Berdan.[7]  788 S. Alameda, 1211 E. Washington and SFCC believe that the

10  2.0% commission is a reasonable commission for the sale of the Alameda / Washington /

11  Commerce Center Properties.

12       The following disclosures are made pursuant to LBR 6004-1(c)(3):

13       Name and address of the proposed buyer.  Brennan Investment Group, LLC and / or its

14  assignee as primary buyer; Berdan Holdings, LLC and / or its assignee as back-up buyer.

15       A description of the properties to be sold.  All of [1] 788 S. Alameda's right, title and

16  interest in the real property located at 788 S. Alameda, Los Angeles, California (the "Alameda

17  Property"); [2] 1211 E. Washington's right title and interest in the real properties located at 1211

18  and 1225 E. Washington Boulevard, Los Angeles, California (the "Washington Property"); and [3]

19  SFCC's right, title and interest in the real properties located at 2445-2535 E. 12th Street, Los

20  Angeles, California (the "Santa Fe Commerce Center").

21

22      [6]  The Brennan Agreement, which was prepared by the Brennan buyer, inadvertently

23  identifies New Downtown Brokerage as a dual broker.  New Downtown Brokerage, however, only
represents Brennan in connection with the sale of the Alameda / Washington / Commerce Center

24  Properties and neither 788 S. Alameda, nor 1211 E. Washington nor SFCC have listed their
respective real properties through New Downtown Brokerage.

25      [7]  The Berdan Agreement, prepared by the Berdan buyer, also inadvertently identifies

26  Magnum Properties as a dual broker.  Magnum Properties, however, only represents Berdan in
connection with the sale of the Alameda / Washington / Commerce Center Properties and neither

27  788 S. Alameda, nor 1211 E. Washington nor SFCC have listed their respective real properties
through Magnum Properties.

28

370527.08 [XP]    25195

1    <u>Terms and conditions of the proposed sale, including the price and all contingencies.</u>  The

2  sale price will be $40 million.  The terms and conditions of the sale to Brennan are set forth in

3  Brennan Agreement attached as Exhibit "3" to the Maddux Declaration.  The terms and conditions

4  of the sale to Berdan, in the event that the Brennan Agreement terminates and the sale to Brennan

5  fails to close, are set forth in the Berdan Agreement attached as Exhibit "4" to the Maddux

6  Declaration.

7    <u>Whether the proposed sale is free and clear of liens, claims or interest, or subject to them</u>[8].

8  The proposed sale is free and clear of any and all liens, claims and interests.  In this regard the

9  Alameda / Washington / Commerce Center Properties are subject to the liens listed in the table

10 above and, specifically include:

11    1.    Real property tax liens in favor of the County of Los Angeles (the "County") in the

12 aggregate amount of approximately $526,284.22 based on the "redemption amounts" listed for the

13 properties on the County's website.[9]  Printouts from the County tax collector's website regarding

14 the Alameda / Washington / Commerce Center Properties are attached as Exhibit "8" to the

15 Maddux Declaration.  The real property tax liens will be removed from the Alameda / Washington

16 / Commerce Center Properties and will attach to the net sales proceeds with the same force, effect,

17 validity and priority as the liens currently have against the Alameda / Washington / Commerce

18 Center Properties.  788 S. Alameda, 1211 E. Washington and SFCC intend to pay the real property

19 taxes through escrow.

20    2.    A deed of trust on the Alameda Property recorded on or about  March 28, 2008, as

21 instrument number 20080535769, in favor of California Bank & Trust ("CB&T") to secure

22 indebtedness in the original principal sum of $7,250,000.  The balance claimed by CB&T is

23

24 ───────────────

25 [8]  A title report for the Washington Property is attached hereto as Exhibit "5."  Title reports
   for the other properties have been ordered and will be submitted if they are received prior to the
26 hearing.

27 [9]  The County's website does not take into account reductions to the amount owed pursuant
   to the Court-approved settlement between the MMPI Debtors and the County.

28

370527.08 [XP]    25195

1  approximately $8,409,395.79.[10]  Provided that CB&T agrees to accept $8,409,395.79 in full

2  satisfaction of its claim against 788 S. Alameda, 788 S. Alameda intends to satisfy such claim

3  through escrow.  Alternatively, CB&T's lien will be removed from the Alameda Property and will

4  attach to that portion of the net sales proceeds attributable to the Alameda Property with the same

5  force, effect, validity and priority as the lien currently has against the Alameda Property.  Such net

6  sale proceeds will be deposited into a segregated account and funds will be released from that

7  segregated account to CB&T in an amount equal to the value of CB&T's lien against the Alameda

8  Property upon the effective date of the *Joint Plan of Reorganization of Meruelo Maddux*

9  *Properties, Inc., et al., Dated May 3, 2011*, as modified.

10      3.    Deeds of trust on the Santa Fe Commerce Center as follows:

11          a.    a deed of trust recorded on or about August 10, 2001, as instrument number

12          011469802, in favor of GMAC Commercial Mortgage Corporation ("GMAC")  to

13          secure indebtedness in the original principal sum of $11,016,000.

14          b.    a second deed of trust recorded on or about January 20, 2011, as instrument

15          number 20110110005, in favor of Berkadia to secure indebtedness in the original

16          principal amount of $774,602.90.

17  The total amount currently owed to Berkadia, the successor in interest to GMAC, is approximately

18  $10,648,562.82.  Berkadia's liens will be removed from the Santa Fe Commerce Center and will

19  attach to the net sales proceeds attributable to the Santa Fe Commerce Center with the same force,

20  effect, validity and priority as the liens currently have against the Santa Fe Commerce Center.

21  SFCC intends to satisfy Berkadia's claims against SFCC through escrow.

22      4.    A mechanics lien on the Washington Property, recorded on or about April 2, 2009,

23  as instrument number 20090475027, in favor of RoofCorp of CA in the amount of $37,500.

24  RoofCorp's mechanics lien will be removed from the Washington Property and will attach to the

25  net sales proceeds attributable to the Washington Property with the same force, effect, validity and

26  

27      [10]  Estimated amount as of June 30, 2011, pending confirmation of amount with CB&T.

28  

370527.08 [XP]    25195

1  priority as the liens currently have against the Washington Property.  1211 E. Washington intends

2  to satisfy RoofCorp's claims against 1211 E. Washington through escrow.

3      The consideration to be received by the estate, including estimated commissions, fees, and

4  other costs of sale.  The gross sales price for the Alameda/Washington/Commerce Center Property

5  will be $40 million.  A commission equal to 2% of the gross sales price will be paid to the broker,

6  New Downtown Brokerage (or to Magnum Properties, in the event the Brennan Agreement

7  terminates and the sale to Berdan closes).  788 S. Alameda, 1211 E. Washington and SFCC

8  estimate that the net proceeds from the sale of the Alameda / Washington / Commerce Center

9  Property, prior to closing costs, will be approximately $19.578 million.

10     A description of the estimated or possible tax consequences to the estate, if known, and how

11  any tax liability generated by the sale of the property will be paid.

12     788 S. Alameda, 1211 E. Washington and SFCC do not anticipate that the sale will result in

13  tax liability for their respective estates.

14

15  **13822 & 13916 GARVEY AVENUE, BALDWIN PARK**

16     As of the Petition Date, Baldwin Park owned real property in Baldwin Park, located at

17  13822 and 13916 Garvey Avenue, Baldwin Park, California (the "Baldwin Park Property").  On or

18  about May 26, 2011, subject to certain conditions, Baldwin Park entered into an agreement to sell

19  the Baldwin Park Property to Afton Property Investments Corporation and/or its assignee ("Afton")

20  for the sum of $6,000,000.  A copy of the sale agreement and amendments thereto are attached as

21  Exhibit "9" to the Maddux Declaration.

22     Baldwin Park is requesting authority to sell the Baldwin Park Property free and clear of

23  liens pursuant to § 363(f) of the Code.  The only known liens against the Baldwin Park Property

24  consist of liens in favor of the County securing real property taxes and related charges.  A 3.0%

25  brokerage commission will be paid in connection with the sale.  Baldwin Park is authorized to sell

26  the Baldwin Park Property free and clear of liens because, among other things, the purchase price

27  exceeds the value of all liens against the Baldwin Park Property.  *See* 11 U.S.C. §§ 363(f)(3).

28

1    The purchase price was negotiated with Afton at arm's length. In his declaration filed on

2  December 3, 2010, Richard Meruelo stated that the value of the five parcels of real property owned

3  by Baldwin Park was $7,522,000. The current sale involves only two of the five parcels and, the

4  prorated value of the parcels to be sold is $6,382,880.[11] Charlestown's valuation of the Baldwin

5  Park Property, prorated based on land square footage, is $4,787,160.[12] As such, the sale price is

6  consistent with the MMPI Debtors' valuation of the Baldwin Park Property and is $1.2 million

7  more than Charlestown's valuation of the Property. Baldwin Park believes that the price to be paid

8  by Afton is fair and reasonable and requests that the Court determine that Afton is a good faith

9  purchaser entitled to the protections afforded to such purchasers under § 363(m) of the Code.

10   The following disclosures are made pursuant to LBR 6004-1(c)(3):

11   Name and address of the proposed buyer. Afton Property Investments Corporation and/or

12  its assignee.

13   A description of the property to be sold. All of Baldwin Park's right, title and interest in the

14  Baldwin Park Property.

15   Terms and conditions of the proposed sale, including the price and all contingencies. The

16  sale price will be $6,000,000. The terms and conditions of the sale are set forth in the Standard

17  Offer, Agreement and Escrow Instructions for Purchase of Real Estate (the "Sale Agreement"),

18  attached as Exhibit "9" to the Maddux Declaration. Without limiting the detail in the Sale

19  Agreement attached as Exhibit "9" to the Maddux Declaration, the Sale Agreement provides,

20  among other things, as follows: The Baldwin Park Property does not include approximately 1,511

21  square feet of land which currently is subject to an eminent domain proceeding (Los Angeles

22  Superior Court Case No. BC380431) and will be transferred to the State of California's Department

23  of Transportation ("DOT"). Additionally, Afton acknowledges that a construction easement for an

24

25   [11]   Baldwin Park is not seeking authority to sell 13853 Garvey Avenue, 13904 Corak Street

26  and 3060 Feather Avenue and the proposed sale will not affect Baldwin Park's leases with the
tenants of those properties.

27   [12]   Charlestown Disclosure Statement, Exh. J.

28

- 10 -

1  approximately 2,047 square foot portion of the Baldwin Park Property has been or shall be granted

2  to the DOT (the "Construction Easement") and that Afton shall take title to the Baldwin Park

3  Property subject to the Construction Easement.

4      Whether the proposed sale is free and clear of liens, claims or interest, or subject to them. [13]

5  The proposed sale is free and clear of any and all liens, claims and interests except as provided in

6  the Sale Agreement.  The Baldwin Park Property is subject to real property tax liens in favor of the

7  County.  According to the County tax collector's website, real property taxes for 2010-2011 have

8  been paid and the "redemption amount" for delinquent real property taxes is approximately

9  $172,214.[14]  A printout from the County tax collector's website is attached as Exhibit "11" to the

10 Maddux Declaration.  The real property tax liens will be removed from the Baldwin Park Property

11 and will attach to the net sales proceeds with the same force, effect, validity and priority as the liens

12 currently have against the Baldwin Park Property.  Baldwin Park intends to pay the real property

13 taxes through escrow.

14      The consideration to be received by the estate, including estimated commissions, fees, and

15 other costs of sale.  The gross sales price for the Baldwin Park Property will be $6,000,000.  A

16 commission equal to 3.0% of the gross sales price will be paid to NAI Capital, Inc.[15]  Baldwin Park

17 estimates that the net proceeds from the sale of the Baldwin Park Property, prior to closing costs,

18 will be approximately $5.6 million.

19      A description of the estimated or possible tax consequences to the estate, if known, and how

20 any tax liability generated by the sale of the property will be paid.  Baldwin Park does not

21 anticipate that the sale will result in tax liability.

22

23

---

24    [13]  A title report for the Baldwin Park Property is attached as Exhibit "10" to the Maddux
25 Declaration.

26    [14]  The County's website does not take into account reductions to the amount owed pursuant
   to Baldwin Park's Court-approved settlement with the County.

27    [15]  NAI Capital, Inc. represents Afton exclusively in connection with the sale.

28

- 11 -

1    The Seller Debtors will be filing an application requesting that the Court hear this omnibus

2  motion on shortened time and are requesting that the Court waive the stay otherwise applicable

3  pursuant to Federal Rule of Bankruptcy Procedure 6004(h) and 6006(d).

4    The Motion is based upon this notice and motion, the Declarations of John Charles

5  Maddux, the Request for Judicial Notice appended hereto, the papers and pleadings on file in this

6  case, and such other evidence as may be presented to the Court.

7    **PLEASE TAKE FURTHER NOTICE** that the Seller Debtors are separately filing an

8  application for order shortening time in which it is requesting that the Court set a hearing on this

9  matter as soon as practicable, and that such order set a deadline for the filing of oppositions, if any.

10  If their application is granted, they will file and serve a notice of the hearing on this Motion, which

11  notice will identify the date and time of the hearing and the deadline, if any, to file written

12  oppositions.  Oppositions not presented as set forth in the notice may be deemed waived.  If you do

13  not have any objection to this motion, you need not take any further action.

14

15  Dated: June 7, 2011                          DANNING, GILL, DIAMOND & KOLLITZ, LLP

16

17                                             By:  _____

18                                               Enid M. Colson
                                                 Attorneys for Meruelo Maddux Properties,
19                                               Inc., and affiliated Debtors and Debtors-in-
                                                 Possession

20

21

22

23

24

25

26

27

28

- 12 -

1

## DECLARATION OF JOHN CHARLES MADDUX

2

3        I, John Charles Maddux, declare and state as follows:

4        1.        I am the President and Chief Operating Officer of Meruelo Maddux Properties, Inc.,

5    a Delaware corporation ("MMPI").

6        2.        MMPI is the parent company of approximately 69 affiliated entities, including 788

7    South Alameda, LLC ("788 S. Alameda"), Merco Group – 1211 E. Washington Boulevard, LLC

8    ("1211 E. Washington"), Meruelo Baldwin Park, LLC ("Baldwin Park"), and Santa Fe Commerce

9    Center, Inc. ("SFCC," and, collectively with 788 S. Alameda, 1211 E. Washington and Baldwin

10   Park, the "Seller Debtors").  On March 26 and 27, 2009, MMPI, the Seller Debtors and forty-nine

11   other of the affiliated entities (collectively the "MMPI Debtors") filed voluntary petitions for relief

12   under Chapter 11 of the Bankruptcy Code.  I am a designated officer of each of the affiliated

13   entities, including the Seller Debtors, and am authorized to give this declaration.

14       3.        As a result of my being Chief Operating Officer of MMPI and a designated officer

15   of the Seller Debtors and each of the affiliated entities, and my review of relevant documents, I am

16   familiar with the MMPI Debtors' day-to-day operations, business affairs, and books and records,

17   and the manner in which they are prepared.  Except as otherwise noted, all facts set forth in this

18   declaration are based on my personal knowledge, my discussions with other members of the

19   Debtors' senior management team, my review of relevant documents, or my opinion, based on,

20   among other things, my experience and knowledge of the Debtors' operations and financial

21   conditions.

22   **788 S. ALAMEDA, 1211 AND 1225 E. WASHINGTON BOULEVARD AND 2445-2535 E. 12TH STREET**

23       4.        As of the Petition Date, 788 S. Alameda owned the real property located at 788 S.

24   Alameda, Los Angeles, California, 1211 E. Washington owned the real properties located at 1211

25   and 1225 E. Washington Boulevard, Los Angeles, California and SFCC owned the real properties

26   located at 2445-2535 E. 12th Street, Los Angeles, California (collectively, the "Alameda /

27   Washington / Commerce Center Properties").

28

5.    On or about May 26, 2011, subject to certain conditions, 788 S. Alameda, 1211 E. Washington and SFCC, received a written offer from Brennan Investment Group, LLC (the "Brennan Agreement"), for the purchase of the Alameda / Washington / Commerce Center Properties by Brennan Investment Group, LLC and / or its assignee ("Brennan") for the sum of $40 million. A copy of the Brennan Agreement is attached as Exhibit "3" hereto.

6.    788 S. Alameda, 1211 E. Washington and SFCC have also received a second offer for the purchase of the Alameda / Washington / Commerce Center Properties for the sum of $40 million by Berdan Holdings, LLC and / or its assignee ("Berdan"). A copy of the offer from Berdan (the "Berdan Agreement") is attached as Exhibit "4" hereto.

7.    The purchase price was negotiated with both the Brennan buyer and the Berdan buyer at arm's length. To the best of my knowledge, neither Brennan nor Berdan have a connection with the MMPI Debtors or anyone associated with the MMPI Debtors' estates or the administration of the MMPI Debtors' estates, except with regard to the proposed sale. Under the totality of the circumstances, I believe that the agreed-upon price is fair and reasonable.

8.    788 S. Alameda, 1211 E. Washington and SFCC also request authority to pay a 2.0% broker's commission ($800,000) in connection with the sale, to New Downtown Brokerage (or to Magnum Properties, if the Brennan Agreement terminates and the backup sale to Berdan closes). I believe the 2.0% commission is reasonable in connection with this sale. Neither New Downtown Brokerage nor Magnum Properties have listed the Alameda / Washington / Commerce Center Properties on behalf of 788 S. Alameda, 1211 E. Washington and SFCC. New Downtown Brokerage has only represented the Brennan buyer in connection with this transaction. Magnum Properties has only represented the Berdan buyer in connection with this transaction. Acknowledgments from New Downtown Brokerage and Magnum Properties that they have not represented the Seller Debtors are attached hereto as Exhibit "6."

9.    Based on my personal knowledge of the identity of liens against the real property located at 788 S. Alameda (the "Alameda Property"), and information provided to me by MMPI employees, I believe that the liens against the Alameda Property consist of (1) liens in favor of the

- 14 -

370527.08 [XP]      25195

1 | County of Los Angeles securing real property taxes and related charges in the approximate amount

2 | of $113,046.49, and (2) a deed of trust in favor of California Bank & Trust ("CB&T").

3 |      10.    The balance claimed by CB&T and secured by the deed of trust is approximately

4 | $8,409,395.79, as of June 30, 2011.  Provided that CB&T agrees to accept $8,409,395.79 in full

5 | satisfaction of its claim against 788 S. Alameda, 788 S. Alameda intends to satisfy such claim

6 | through escrow.  Alternatively, CB&T's lien will be removed from the Alameda Property and will

7 | attach to that portion of the net sales proceeds attributable to the Alameda Property with the same

8 | force, effect, validity and priority as the lien currently has against the Alameda Property.  Such net

9 | sale proceeds will be deposited into a segregated account and funds will be released from that

10 | segregated account to CB&T in an amount equal to the value of CB&T's lien against the Alameda

11 | Property upon the effective date of the *Joint Plan of Reorganization of Meruelo Maddux*

12 | *Properties, Inc., et al., Dated May 3, 2011*, as modified.

13 |      11.    Based on the title report for the real property located at 1211 and 1225 E.

14 | Washington Boulevard (the "Washington Property") attached hereto as Exhibit "5," my personal

15 | knowledge of the identity of liens against  the Washington Property, and information provided to

16 | me by MMPI employees, I believe that the liens against the Washington Property consist of (1)

17 | liens in favor of the County of Los Angeles securing real property taxes and related charges in the

18 | approximate amount of $295,142.88, and (2) a mechanics lien in favor of RoofCorp of CA in the

19 | amount of $37,500.

20 |      12.    Based on my personal knowledge of the identity of liens against the real properties

21 | located at 2445-2535 E. 12th Street, Los Angeles, California (the "Santa Fe Commerce Center"),

22 | and information provided to me by MMPI employees, I believe that the liens against the Santa Fe

23 | Commerce Center consist of (1) liens in favor of the County of Los Angeles securing real property

24 | taxes and related charges in the approximate amount of $118,094.85, and (2) two deeds of trust in

25 | favor of Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota,

26 | National Association as Trustee for the Registered Certificateholders of GMAC Commercial

27 | Mortgage Securities, Inc., Mortgage Pass- Through Certificates, Series 2002-C1 acting by and

28 |

370527.08 [XP]    25195

1  through Berkadia Commercial Mortgage, Inc., its Special Servicer ("Berkadia"). The balance

2  owed to Berkadia and secured by the deeds of trust is approximately $10,648,562.82.

3        13.    At my request, the Debtors' counsel reviewed the Los Angeles County Treasurer

4  and Tax Collector's website to determine the amount of real property taxes presently owed against

5  the against  the Alameda / Washington / Commerce Center Properties. Attached as Exhibit "8"

6  hereto are true and correct copies of property tax payment inquiries for the against  the Alameda /

7  Washington / Commerce Center Properties dated June 6, 2011 obtained from that website.

8        14.    In connection with the sale, 788 S. Alameda, 1211 E. Washington and SFCC are

9  also requesting authority to assume and assign to Brennan (or Berdan, if the Brennan Agreement

10  terminates) all unexpired leases relating to their respective properties. The unexpired leases known

11  to 788 S. Alameda, 1211 E. Washington and SFCC, and which all are being assumed and assigned

12  to Brennan (or Berdan, if the Brennan Agreement terminates), are listed in Exhibit "7" hereto. 788

13  S. Alameda, 1211 E. Washington and SFCC are each current with respect to all of their obligations

14  under these leases. The current aggregate amount of the security deposits held by 788 S. Alameda

15  is approximately $60,925, the current aggregate amount of the security deposits held by 1211 E.

16  Washington is approximately $36,057, and the current aggregate amount of the security deposits

17  held by SFCC is approximately $121,667.

18        15.    I believe that the proposed sale of the Alameda / Washington / Commerce Center

19  Properties at this time is in the best interests of the MMPI Debtors, their bankruptcy estates and

20  creditors, and should be approved by the Court.

21

22  **13822 & 13916 GARVEY AVENUE, BALDWIN PARK**

23        16.    Baldwin Park owns two parcels of real property which are commonly known as

24  13822 and 13916 Garvey Avenue, Baldwin Park, California (the "Baldwin Park Property").

25        17.    On or about May 26, 2011, Baldwin Park entered into a purchase and sale

26  agreement with Afton Property Investments Corporation and/or its assignee ("Afton") pursuant to

27  which Afton agreed to purchase the Baldwin Park Property for the sum of $6,000,000.

28

370527.08 [XP]     25195

1    18.    The proposed sale has been made on ordinary and common terms in the commercial

2  real estate industry, and is set forth in a Standard Offer, Agreement and Escrow Instructions for

3  Purchase of Real Estate, a true and correct copy of which is attached as Exhibit "9" hereto.

4    19.    The purchase price was negotiated with Afton at arm's length.   To the best of my

5  knowledge, Afton has no connection with the MMPI Debtors or anyone associated with the MMPI

6  Debtors' estates or the administration of the MMPI Debtors' estates, except with regard to the

7  proposed sale.  Under the totality of the circumstances, I believe that the agreed-upon price is fair

8  and reasonable.

9    20.    The Baldwin Park Property is located immediately adjacent to the I-10 freeway.

10  The portion of the Baldwin Park Property to be sold does not include approximately 1,511 square

11  feet of land which currently is subject to an eminent domain proceeding pending in Los Angeles

12  Superior Court Case styled as *The People of the State of California vs. VCC Alameda LLC et al.*,

13  case no. BC380431.  The 1,511 square feet of land will be transferred to the State of California's

14  Department of Transportation ("DOT") for state highway expansion purposes.   Additionally, a

15  construction easement for an approximately 2,047 square foot portion of the Property has been or

16  shall be granted to the DOT (the "Construction Easement") and Afton has acknowledged that it

17  shall take title to the Baldwin Park Property subject to that Construction Easement.

18    21.    Based on a title report for the Baldwin Park Property attached hereto as Exhibit

19  "10," on my personal knowledge of the identity of liens against the Baldwin Park Property, and

20  information provided to me by MMPI's employees, I believe that liens against and interests in the

21  Property consist of liens in favor of the County of Los Angeles securing real property taxes and

22  related charges in the approximate amount of $172,214.

23    22.    I believe that the proposed sale of the Baldwin Park Property at this time is in the

24  best interests of the MMPI Debtors, their bankruptcy estates and creditors, and should be approved

25  by the Court.

26    23.    At my request, the Debtors' counsel reviewed the Los Angeles County Treasurer

27  and Tax Collector's website to determine the amount of real property taxes presently owed against

28

370527.08.[XP]    25195

1   the parcel of real property owned by Baldwin Park.  A true and correct copy of the printout

2   provided to me by the Debtors' counsel is attached as Exhibit "11" hereto.

3          I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct.

5          Executed at Los Angeles, California on June 7, 2011.


7

8                                   *Signature to Follow*_____
                                    JOHN CHARLES MADDUX

370527.08 [XP]    25195

### REQUEST FOR JUDICIAL NOTICE

The above-captioned debtors and debtors-in-possession (collectively the "Debtors") hereby request, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the filing and the contents of the following pleadings previously filed in this Chapter 11 case:

1.    *Revised Order on Debtor's Motion for Approval of Settlement with the County of Los Angeles Tax Collector* entered on or about August 13, 2010 (*docket entry no.* 1689).

2.    *Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Notice of Filing of Revised Exhibits E (Financial Projections) and J (Property Values)* filed on or about September 1, 2010 (*docket entry no.* 1768).

3.    The *Order Approving Settlement and Related Settlement Documents Between Santa Fe Commerce Center, Inc., Richard Meruelo and Wells Fargo Bank, N.A. Successor by Consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., Mortgage Passthrough Certificates, Series 2002-C1 Acting by and through Berkadia Commercial Mortgage, Inc., its Special Servicer* entered on November 23, 2010 (*docket entry no.* 2276).

4.    The *Declaration of Richard Meruelo in Support of "Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010"* filed on or about December 3, 2010 (*docket entry no.* 2327).

5.    The *Order re: Debtors' Motion for Authority to Further Modify the Debtors' Proposed Chapter 11 Plan and Order Authorizing California Bank & Trust to Modify its Votes to Accept the Debtors' Plan* entered on May 6, 2011 (*docket entry no.* 3073).

Dated: June 7, 2011

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Enid M. Colson
Attorneys for Meruelo Maddux Properties,
Inc., and affiliated Debtors and Debtors-in-
Possession

- 19 -

EXHIBIT 1

1 | JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
2 | ENID COLSON (State Bar No. 189912)
*EColson@DGDK.com*
3 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
4 | Los Angeles, California 90067-2904
Telephone: (310) 277-0077
5 | Facsimile: (310) 277-5735

6 | Attorneys for Meruelo Maddux Properties, Inc.,
and affiliated Debtors and Debtors-in-Possession
7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SAN FERNANDO VALLEY DIVISION**

11 | In re ) Case No. 1:09-bk-13356-VK
)
12 | MERUELO MADDUX PROPERTIES, INC., ) Chapter 11 (Jointly Administered)
et al.[16] )
13 | ) **ORDER GRANTING MOTION OF**
Debtors and Debtors-in- ) **DEBTOR-IN-POSSESSION FOR**
14 | Possession. ) **AUTHORITY TO SELL REAL PROPERTY**
) **LOCATED AT 13822 AND 13916 GARVEY**
15 | ) **AVENUE, BALDWIN PARK,**
_____ ) **CALIFORNIA, FREE AND CLEAR OF**
16 | ) **LIENS, AND FOR WAIVER OF STAY PER**
☐   Affects all Debtors ) **F.R.B.P. 6004(h)**
17 | )
☑   Affects the following Debtor(s): )
18 | ) Date:      [TBD]
Meruelo Baldwin Park, LLC ) Time:      [TBD]
19 | (1:09-bk-13386-VK) ) Place:     Courtroom 301
)            21041 Burbank Boulevard
20 | )            Woodland Hills, California
)
21 | _____ )

22 |

23 |

24 |

25 |

26 |

27 | [16] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

28 |

1    On June __, 2011, at __:__ __.m., the Court heard and considered the *Notice of Motion and*

2    *Second Omnibus Motion of Debtors-in-Possession for [1] Authority to Sell Real Properties Free*

3    *and Clear of Liens, [2] Authority to Assume and Assign Unexpired Leases, and [3] Waiver of Stay*

4    *Per F.R.B.P. 6004(h) and 6006(d)* (the "Motion") filed by debtor and debtor-in-possession Meruelo

5    Baldwin Park, LLC ("Baldwin Park") and certain related debtors-in-possession, the Honorable

6    Victoria S. Kaufman, United States Bankruptcy Judge, presiding.  Appearances were as noted on

7    the record at the hearing.

8        The Court having considered the Motion, all papers filed in support thereof including the

9    Declaration of John Charles Maddux, and all of the other pleadings on file in the Debtors' cases,

10    having heard the statements of counsel at the hearing, having found that Afton Property

11    Investments Corporation and/or its assignee is a good faith purchaser within the meaning of 11

12    U.S.C. § 363(m), having found that notice of the hearing and the Motion was adequate and proper,

13    for good cause appearing,

14    **IT IS ORDERED THAT:**

15        1.    The Motion is granted in its entirety.

16        2.    Baldwin Park is authorized to convey fee title to the real property commonly known

17    as 13822 and 13916 Garvey Avenue, Baldwin Park, California (the "Property") to Afton Property

18    Investments Corporation and/or its assignee (the "Buyer"), for $6,000,000, pursuant to the terms

19    and conditions of the sale agreement attached as Exhibit "9" to the Declaration of John Charles

20    Maddux appended to the Motion.  The Property shall not include the approximately 1,511 square

21    feet of land that is subject to the eminent domain proceeding referenced in paragraph 5 of this

22    order.  The legal description of the Property is set forth in Exhibit "A" hereto.

23        3.    The sale shall be free and clear of all liens against the Property, which liens shall be

24    removed from the Property, including without limitation all real property tax liens in favor of the

25    County of Los Angeles (the "County").

26        4.    The County's tax liens against the Property shall be removed from the Property and

27    shall attach to the sale proceeds with the same force, effect, validity and priority as such liens

28    currently have against the Property.  Baldwin Park is authorized to pay through escrow all real

- 21 -

1  property taxes and related charges owed to the County and ordinary and reasonable escrow and

2  closing costs.  Upon the making of such payments to the County, all liens in favor of the County

3  shall be fully satisfied and discharged.

4      5.    The Buyer shall take title to the Property subject to a construction easement for an

5  approximately 2,047 square foot portion of the Property that has been or shall be granted to the

6  State of California Department of Transportation ("DOT") in connection with the eminent domain

7  proceeding in Los Angeles Superior Court styled as *The People of the State of California vs. VCC*

8  *Alameda LLC et al.*, case no. BC380431.

9      6.    Baldwin Park is authorized to pay through escrow a commission equal to 3.0% of

10  the gross sales price to NAI Capital, Inc. ("NAI Capital").

11      7.    The balance of the sales proceeds not utilized or set aside to pay the County, NAI

12  Capital, and ordinary and reasonable escrow and closing costs shall constitute free and clear funds,

13  not subject to, among other things, any liens.

14      8.    The recordation of this order with the Los Angeles County Recorder's Office shall

15  constitute a discharge, termination and cancellation as to the Property of all of the liens against the

16  Property without the need for reconveyance or release of such liens or other interests.

17      9.    The Buyer shall be entitled to all of the protections afforded to good faith purchasers

18  pursuant to 11 U.S.C. § 363(m).

19      10.    Baldwin Park is authorized to execute all documents and otherwise take all actions it

20  deems necessary and appropriate to close the sale of the Property to the Buyer.

21      11.    The stay of enforcement of this order set forth in Federal Rule of Bankruptcy

22  Procedure 6004(h) is waived, and the terms and conditions of this order shall be immediately

23  effective and enforceable upon its entry.

24                              # # #

25

26

27

28

370527.07 [XP]    25195

1

# EXHIBIT A: LEGAL DESCRIPTION

2

3       *[Language for this page to be supplied by title company]*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

370527.07 [XP]      25195

1 | JOHN N. TEDFORD, IV (State Bar No. 205537)
*JTedford@DGDK.com*
2 | ENID COLSON (State Bar No. 189912)
*EColson@DGDK.com*
3 | DANNING, GILL, DIAMOND & KOLLITZ, LLP
2029 Century Park East, Third Floor
4 | Los Angeles, California 90067-2904
Telephone:  (310) 277-0077
5 | Facsimile:  (310) 277-5735

6 | Attorneys for Meruelo Maddux Properties, Inc.,
and affiliated Debtors and Debtors-in-Possession

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | ) Case No. 1:09-bk-13356-VK |
| | ) |
| MERUELO MADDUX PROPERTIES, INC., et al.[17] | ) Chapter 11 (Jointly Administered) |
| | ) |
| Debtors and Debtors-in-Possession. | ) **ORDER GRANTING DEBTORS-IN-POSSESSION MOTION FOR AUTHORITY TO [1] SELL REAL PROPERTIES, [2] ASSUME AND ASSIGN UNEXPIRED LEASES, AND [3] WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d)** |
| | ) |
| ☐    Affects all Debtors | ) |
| ☑    Affects the following Debtor(s): | ) |
| | ) |
| 788 South Alameda, LLC (1:09-bk-13395-VK) | ) Date:      [TBD]<br>) Time:      [TBD]<br>) Place:     Courtroom 301 |
| Merco Group – 1211 E. Washington Boulevard, LLC (1:09-bk-13382-VK) | ) 21041 Burbank Boulevard<br>) Woodland Hills, California |
| Santa Fe Commerce Center, Inc. (1:09-bk-13368-VK) | ) |
| | ) |

23 |    On June __, 2011, at __:__ __.m., the Court heard and considered the *Notice of Motion and*

24 | *Second Omnibus Motion of Debtors-in-Possession for [1] Authority to Sell Real Properties Free*

25 | *and Clear of Liens, [2] Authority to Assume and Assign Unexpired Leases, and [3] Waiver of Stay*

26 |

27 |    [17] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities.  The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

28 |

- 24 -

1   *Per F.R.B.P. 6004(h) and 6006(d)* (the "Motion") filed by 788 South Alameda, LLC ("788 S.

2   Alameda"), Merco Group – 1211 E. Washington Boulevard, LLC ("1211 E. Washington"), and

3   Santa Fe Commerce Center, Inc. ("SFCC," and, collectively with 788 S. Alameda, 1211 E:

4   Washington, the "Seller Debtors") and another related Debtor, the Honorable Victoria S. Kaufman,

5   United States Bankruptcy Judge, presiding.  Appearances were as noted on the record at the

6   hearing.

7        The Court having considered the Motion, all papers filed in support thereof including the

8   Declaration of John Charles Maddux, and all of the other pleadings on file in the Debtors' cases,

9   having heard the statements of counsel at the hearing, having found that Brennan Investment

10   Group, LLC and/or its assignee is a good faith purchaser within the meaning of 11 U.S.C.

11   § 363(m), having found that Berdan Holdings LLC and/or its assignee is a good faith purchaser

12   within the meaning of 11 U.S.C. § 363(m), having found that notice of the hearing and the Motion

13   was adequate and proper, for good cause appearing,

14      **IT IS ORDERED THAT:**

15      1.     The Motion is granted in its entirety.

16      2.     788 S. Alameda is authorized to convey fee title to the real property commonly

17   known as 788 S. Alameda, Los Angeles, California (the "Alameda Property"), 1211 E. Washington

18   is authorized to convey fee title to the real property commonly known as 1211 and 1225 E.

19   Washington Boulevard, Los Angeles, California (the "Washington Property") and SFCC is

20   authorized to convey fee title to the real property commonly known as 2445-2535 E. 12th Street,

21   Los Angeles, California (the "Santa Fe Commerce Center," and collectively with the Alameda

22   Property and the Washington Property, the "Alameda / Washington / Commerce Center

23   Properties") to Brennan Investment Group, LLC and/or its assignee ("Brennan"), for $40.0 million,

24   pursuant to the terms and conditions of the sale agreement (the "Brennan Agreement") attached as

25   Exhibit "3" to the Declaration of John Charles Maddux appended to the Motion.  The legal

26   description of the Alameda / Washington / Commerce Center Properties is set forth in Exhibit "A"

27   hereto.

28

370527.07 [XP]    25195

1      3.     In the event that the Brennan Agreement terminates and the sale described in

2 paragraph 2 of this Order fails to close, 788 S. Alameda, is authorized to convey fee title to the

3 Alameda Property, 1211 E. Washington is authorized to convey fee title to the Washington

4 Property, and SFCC is authorized to convey fee title to the Santa Fe Commerce Center to Berdan

5 Holdings LLC and/or its assignee ("Berdan"), for $40.0 million, pursuant to the terms and

6 conditions of the sale agreement (the "Berdan Agreement") attached as Exhibit "4" to the

7 Declaration of John Charles Maddux appended to the Motion.

8      4.     The sale shall be free and clear of all liens against the Alameda / Washington /

9 Commerce Center Properties, which liens shall be removed from the Alameda / Washington /

10 Commerce Center Properties, including without limitation the following:

11      a.     all real property tax liens in favor of the County of Los Angeles (the

12 "County");

13      b.     a deed of trust, assignment of rents, security agreement and fixture filing on

14 the Alameda Property recorded on or about March 28, 2008, as instrument number 20080535769,

15 in favor of California Bank & Trust ("CB&T") to secure indebtedness in the original principal sum

16 of $7,250,000;

17      c.     a (i) deed of trust and security agreement on the Santa Fe Commerce Center

18 recorded on or about August 10, 2001, as instrument number 011469802, in favor of GMAC

19 Commercial Mortgage Corporation ("GMAC") to secure indebtedness in the original principal sum

20 of $11,016,000; and (ii) assignment of leases and rents on the Santa Fe Commerce Center recorded

21 on or about August 10, 2001, as instrument number 011469803 in favor of GMAC;

22      d.     a deed of trust, assignment of rents, security agreement and fixture filing on

23 the Santa Fe Commerce Center recorded on or about January 20, 2011, as instrument number

24 20110110005, in favor of Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank

25 Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC

26 Commercial Mortgage Securities, Inc., Mortgage Pass- Through Certificates, Series 2002-C1 to

27 secure indebtedness in the original principal amount of $774,602.90; and

28

370527.07 [XP]    25195

1        e.     a mechanics lien on the Washington Property, recorded on or about April 2,

2 2009, as instrument number 20090475027, in favor of RoofCorp of CA, Inc. ("RoofCorp") in the

3 amount of $37,500.

4       5.     The County's tax liens against the Alameda / Washington / Commerce Center

5 Properties, and the deeds of trust against the Alameda Property, the deeds of trust and assignment

6 of rents against the Santa Fe Commerce Center and the mechanics lien against the Washington

7 Property shall all be removed from the Alameda / Washington Property and shall attach to the sale

8 proceeds with the same force, effect, validity and priority as such liens currently have against the

9 Alameda / Washington / Commerce Center Properties.

10      6.     The Seller Debtors are authorized to pay through escrow all real property taxes and

11 related charges owed to the County and ordinary and reasonable escrow and closing costs.  Upon

12 the making of such payments to the County, all liens in favor of the County shall be fully satisfied

13 and discharged.

14      7.     788 S. Alameda shall place the sale proceeds attributable to the sale of the

15 Alameda Property, net of 788 S. Alameda's payment of real property taxes to the County and 788

16 S. Alameda's pro rata share of the broker's commission described below, and escrow and closing

17 costs, in a segregated account and CB&T's lien shall attach to such sale proceeds with the same

18 force, effect, validity and priority as such lien currently has against the Alameda Property.

19      8.     1211 E. Washington is authorized to pay through escrow all amounts owed by

20 1211 E. Washington to RoofCorp.  Upon the making of such payments to RoofCorp, all liens in

21 favor of RoofCorp shall be fully satisfied and discharged.

22      9.     SFCC is authorized to pay through escrow all amounts owed by SFCC to Wells

23 Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National

24 Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage

25 Securities, Inc., Mortgage Pass- Through Certificates, Series 2002-C1 acting by and through

26 Berkadia Commercial Mortgage, Inc., its Special Servicer ("Berkadia").  Upon the making of such

27 payments to Berkadia, all liens in favor of Berkadia shall be fully satisfied and discharged.

28

370527.07 [XP]    25195

10.   The Selling Debtors are authorized to pay through escrow a commission equal to 2% of the gross sales price to Brennan's broker, New Downtown Brokerage ("NDB"). In the event that the Brennan Agreement terminates and the sale described in paragraph 2 of this Order fails to close, the Selling Debtors are authorized to pay through escrow a commission equal to 2% of the gross sales price to Berdan's broker, Magnum Properties ("Magnum").

11.   The balance of the sales proceeds not utilized or set aside pursuant to paragraph 7 of this Order to pay CB&T, or not utilized or set aside to pay the County, Berkadia, RoofCorp, NDB (or Magnum if the Brennan Agreement is terminated and the sale described in paragraph 2 of this Order fails to close) and ordinary and reasonable escrow and closing costs shall constitute free and clear funds, not subject to, among other things, any liens.

12.   The recordation of this order with the Los Angeles County Recorder's Office shall constitute a discharge, termination and cancellation as to the Alameda / Washington / Commerce Center Properties of all of the liens against the Alameda / Washington / Commerce Center Properties without the need for reconveyance or release of such liens or other interests.

13.   Brennan shall be entitled to all of the protections afforded to good faith purchasers pursuant to 11 U.S.C. § 363(m). In the event the Brennan Agreement terminates and the sale described in paragraph 2 of this Order fails to close, Berdan shall be entitled to all of the protections afforded to good faith purchasers pursuant to 11 U.S.C. § 363(m).

14.   Pursuant to 11 U.S.C. § 365, the Seller Debtors are authorized to assume and assign to Brennan the executory contracts and/or unexpired leases relating to the Alameda / Washington / Commerce Center Properties (collectively the "Leases") listed on Exhibit "7" to the Motion. In the event the Brennan Agreement terminates and the sale described in paragraph 2 of this Order fails to close, the Seller Debtors are authorized to assume and assign the Leases to the Berdan.

15.   The Seller Debtors are authorized to execute all documents and otherwise take all actions they deem necessary and appropriate to close the sale of the Alameda / Washington / Commerce Center Properties Brennan. In the event the Brennan Agreement terminates and the sale described in paragraph 2 of this Order fails to close, the Seller Debtors are authorized to execute all

- 28 -

1  documents and otherwise take all actions they deem necessary and appropriate to close the sale of

2  the Alameda / Washington / Commerce Center Properties to Berdan.

3      16.      The stay of enforcement of this order set forth in Federal Rule of Bankruptcy

4  Procedure 6004(h) and 6006(d) is waived, and the terms and conditions of this order shall be

5  immediately effective and enforceable upon its entry.

6                                                    # # #

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

370527.07 [XP]    25195

**EXHIBIT A:  LEGAL DESCRIPTION OF PROPERTIES**

*[Language for this page to be supplied by title company]*

370527.07 [XP]      25195

# EXHIBIT 2

00031

EXHIBIT 2

| Property | Buyer | Liens | Sale Price | MMPI Debtors' Value | Charlestown Value | Commission | Estimated Net Sale Proceeds[2] |
|---|---|---|---|---|---|---|---|
| 788 S. Alameda, 1211 and 1225 E. Washington Blvd., and Santa Fe Commerce Center | Brennan Investment Group, LLC and/or assignee; or<br><br>Berdan Holdings LLC and/or assignee | Wells Fargo - $10,648,562.82<br><br>CB&T - $8,409,395 [1]<br><br>RoofCorp of CA - $37,500<br><br>LA County - $526,284 | $40,000,000 | $41,785,064 | $29,320,000 | 2% - $800,000 | $19.578 million |
| 13822 & 13916 Garvey Avenue, Baldwin Park | Afton Property Investments Corporation, and/or assignee | LA County - $172,214 | $6,000,000 | $6,382,880 [3] | $4,787,160 [3] | 3% - $180,000 | $5.647 million |

1 Estimated as of June 30, 2011, pending confirmation of amount with CB&T.

2 Net sales proceeds are after satisfaction of liens, delinquent real estate taxes and commissions, but prior to closing and related costs.

3 The sale includes only a portion of the property owned by Baldwin Park, and the MMPI Debtors' and Charlestown values shown are a proration (based on land square footage) of the total values.

370660.04 [XP]  25195

00032