1  JOHN N. TEDFORD, IV (State Bar No. 205537)
   *JTedford@DGDK.com*
2  ENID COLSON (State Bar No. 189912)
   *EColson@DGDK.com*
3  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   2029 Century Park East, Third Floor
4  Los Angeles, California  90067-2904
   Telephone:  (310) 277-0077
5  Facsimile:  (310) 277-5735

6  Attorneys for Meruelo Maddux Properties, Inc., and
   affiliated Debtors and Debtors-in-Possession
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11

| 12 | In re | ) Case No. 1:09-bk-13356-VK |
|----|-------|---------------------------------|
| 13 | MERUELO MADDUX PROPERTIES, INC., et al.,[1] | ) Chapter 11 |
| 14 | | ) (Jointly Administered) |
| 15 | Debtors and Debtors-in-Possession. | ) ***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON:** |
| 16 | | ) |
| 17 | ☐   Affects all Debtors | ) **[1] MOTION FOR (1) AUTHORITY TO SELL REAL PROPERTY LOCATED AT 905 EAST 8TH STREET, LOS ANGELES,** |
| 18 | ☑   Affects the following Debtors: | ) **CALIFORNIA, FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND** |
| 19 | 788 South Alameda, LLC (1:09-bk-13395-VK) | ) **ASSIGN UNEXPIRED LEASES, AND (3) WAIVER OF STAY PER F.R.B.P. 6004(h)** |
| 20 | 905 8th Street, LLC (1:09-bk-13396-VK) | ) **AND 6006(d) (*DOCKET ENTRY NO. 3144*);** |
| 21 | Merco Group – 1211 E. Washington Blvd, LLC (1:09-bk-13382-VK) | ) **[2] OMNIBUS MOTION OF DEBTORS-IN-POSSESSION FOR (1) AUTHORITY TO** |
| 22 | | ) **SELL REAL PROPERTIES FREE AND CLEAR OF LIENS, (2) AUTHORITY TO** |
| 23 | Meruelo Baldwin Park, LLC (1:09-bk-13386-VK) | ) **ASSUME AND ASSIGN UNEXPIRED LEASES, (3) AUTHORITY TO ENTER INTO** |
| 24 | | ) **LICENSE AGREEMENT AND (4) WAIVER** |
| 25 | Meruelo Maddux – 817-825 S. Hill Street, LLC (1:09-bk-13391-VK) | ) **OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO. 3173*); AND** |
| 26 | | ) |

---

27     [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated
entities.  The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-
28  13434-VK; and 1:09-bk-13439-VK.

| | |
|---|---|
| 1 | |
| 2 | Meruelo Maddux – 915-949 S. Hill Street, LLC (1:09-bk-13362-VK) |
| 3 | |
| 4 | Meruelo Maddux Properties – 1009 North Citrus Avenue, Covina, LLC (1:09-bk-13372-VK) |
| 5 | |
| 6 | Meruelo Maddux Properties – 760 S. Hill Street, LLC (1:09-bk-13363-VK) |
| 7 | |
| 8 | Santa Fe Commerce Center, Inc. (1:09-bk-13368-VK) |
| 9 | |

) **[3] SECOND OMNIBUS MOTION OF**
) **DEBTORS-IN-POSSESSION FOR (1)**
) **AUTHORITY TO SELL REAL PROPERTIES**
) **FREE AND CLEAR OF LIENS, (2)**
) **AUTHORITY TO ASSUME AND ASSIGN**
) **UNEXPIRED LEASES, AND (3) WAIVER OF**
) **STAY PER F.R.B.P. 6004(h) AND 6006(d)**
) *(DOCKET ENTRY NO. 3186);*
) **DECLARATION OF ENID M. COLSON AND**
) **REQUEST FOR JUDICIAL NOTICE IN**
) **SUPPORT THEREOF**
)
) [No hearing required pursuant to Local
) Bankruptcy Rule 9075-1(b)]
)
)
)

Debtors and debtors-in-possession 788 South Alameda, LLC ("788 S. Alameda"), 905 8th

Street, LLC ("905 8th Street"), Merco Group – 1211 E. Washington Boulevard, LLC ("1211 E.

Washington"), Meruelo Baldwin Park, LLC ("Baldwin Park"), Meruelo Maddux – 915-949 S. Hill

Street, LLC ("915 S. Hill"), Meruelo Maddux Properties – 1009 North Citrus Avenue, Covina,

LLC ("1009 North Citrus"), and Meruelo Maddux Properties – 760 S. Hill Street, LLC and Santa

Fe Commerce Center, Inc. ("SFCC," and, collectively, the "Seller Debtors") hereby apply on an *ex*

*parte* basis for an order:

    1.    Shortening the time for a hearing on the *Debtor's Motion for (1) Authority to Sell*

*Real Property Located at 905 East 8th Street, Los Angeles, California, Free and Clear of Liens,*

*(2) Authority to Assume and Assign Unexpired Leases, and (3) Waiver of Stay Per F.R.B.P.*

*6004(h) and 6006(d)* (the "8th Street Motion") filed on May 26, 2011 (*docket entry no. 3144*);

    2.    Shortening the time for a hearing on the *Notice of Motion and Omnibus Motion of*

*Debtors-in-Possession for [1] Authority to Sell Real Properties Free and Clear of Liens, [2]*

*Authority to Assume and Assign Unexpired Leases, [3] Authority to Enter into License Agreement*

*and [4] Waiver of Stay per F.R.B.P. 6004(h) and 6006(d)* (the "First Omnibus Motion") filed on

June 3, 2011 (*docket entry no. 3173*);

    3.    Shortening the time for a hearing on the *Notice of Motion and Second Omnibus*

*Motion of Debtors-in-Possession for [1] Authority to Sell Real Properties Free and Clear of Liens,*

*[2] Authority to Assume and Assign Unexpired Leases, and [3] Waiver of Stay per F.R.B.P.*

370244.01 [XP]    25195

1   6004(h) and 6006(d) (the "Second Omnibus Sale Motion," and, collectively with the 8th Street

2   Motion and the First Omnibus Sale Motion, the "Sale Motions") filed on June 7, 2011 (*docket entry*

3   *no.* 3186);

4        4.      Authorizing service of notice of the hearing on the Sale Motions pursuant to the

5   procedures described in the memorandum of points and authorities appended hereto;

6        5.      Determining that such notice is appropriate under the circumstances presented; and

7        6.      Setting appropriate deadlines for filing and service of any objections to the Sale

8   Motions.

9        The Seller Debtors are requesting that the Court set a hearing on the 8th Street Motion and

10   the First Omnibus Sale Motion on **June 17, 2011**, or such other date and time convenient to the

11   Court.  The 8th Street Motion and the First Omnibus Sale Motion pertain to the following real

12   properties:

13   905 East 8th Street, Los Angeles

14   915 – 949 S. Hill Street, Los Angeles

15   1009 North Citrus Ave., Covina

16   760 S. Hill St., Los Angeles (Union Lofts)

17        The Seller Debtors are requesting that the Court set a hearing on the Second Omnibus Sale

18   Motion on **June 23, 2011** or **June 24, 2011**, or such other date and time convenient to the Court.

19   The Second Omnibus Sale Motion pertains to the following real properties:

20   788 S. Alameda, Los Angeles

21   1211 East Washington Blvd., Los Angeles

22   2445-2535 E. 12th Street, Los Angeles (Santa Fe Commerce Center)

23   13822 & 13916 Garvey Avenue, Baldwin Park

24   ///

25   ///

26   ///

27   ///

28   ///

370244.01 [XP]    25195

1  Concurrently herewith, the Seller Debtors are lodging a proposed order granting the relief

2  requested in this *ex parte* application, a copy of which order is attached as Exhibit "1" hereto.

3

4  Dated:  June 9, 2011                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

5

6                                          By: _____

7                                              Eric M. Colson
                                               Attorneys for Debtors Meruelo Maddux
8                                              Properties, Inc. and Affiliated Debtors and
                                               Debtors in Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

370244.01 [XP]    25195

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BRIEF BACKGROUND

On March 27, 2009, 788 South Alameda, LLC ("788 S. Alameda"), 905 8th Street, LLC ("905 8th Street"), Merco Group – 1211 E. Washington Boulevard, LLC ("1211 E. Washington"), Meruelo Baldwin Park, LLC ("Baldwin Park"), Meruelo Maddux – 915-949 S. Hill Street, LLC ("915 S. Hill"), Meruelo Maddux Properties – 1009 North Citrus Avenue, Covina, LLC ("1009 North Citrus"), and Meruelo Maddux Properties – 760 S. Hill Street, LLC and Santa Fe Commerce Center, Inc. ("SFCC," and, collectively, the "Seller Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.  As of the Petition Date, the Seller Debtors owned the real properties listed below.  Recently, the Seller Debtors have entered into agreements to sell their respective properties or, with respect to 788 S. Alameda, 1211 E. Washington and SFCC have received multiple written offers to sell its real property.

The purchase price for each of the eight real properties to be sold is consistent with the Debtors' valuation of the properties presented in connection with their request for confirmation of their Chapter 11 plan and, in each instance, is greater than the values for the real properties stated by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively, "Charlestown").  The aggregate purchase price for the eight real properties is $92.8 million, which exceeds the aggregate of Charlestown's stated values for the same real properties by more than $17.5 million.  The Seller Debtors estimate that the aggregate net sales proceeds, prior to closing costs, will be $33 million - $36 million.

The terms and conditions of each of the proposed sales are set forth in the purchase agreements attached as exhibits to the declarations of John Maddux attached to the Sale Motions, the notice of errata to the First Omnibus Sale Motion or, in the case of 788 S. Alameda, 1211 E. Washington and SFCC, in the written offers received from two different buyers, attached to the Maddux Declaration in support of the Second Omnibus Motion.  Copies of the 8th Street Motion, the First Omnibus Sale Motion, the Notice of Errata to the First Omnibus Sale Motion and the

1  Second Omnibus Sale Motion are attached as Exhibits "2," "3," "4" and "5," respectively, to the

2  declaration of Enid M. Colson, appended hereto.

3        In furtherance of the proposed sales, 905 8th Street, 760 S. Hill, 788 S. Alameda, 1211 E.

4  Washington and SFCC request authority to assume and assign their unexpired leases to the

5  respective buyers of their properties. Each of these Seller Debtors is current with respect to all of

6  their obligations under such leases. Upon closing, security deposits held by the Seller Debtors, to

7  the extent not applied to past due amounts due under the unexpired leases, will be transferred to the

8  respective buyers in the form of a credit to the purchase prices.[2]

9

10                                          **II.**

11       **PROPERTIES WITH A PROPOSED HEARING DATE OF JUNE 17TH**

12       As of the Petition Date, 905 8th Street, 915 S. Hill and 1009 North Citrus owned their

13  respective real properties identified below. Each of them recently entered into agreements to sell

14  their respective real properties.

| Debtor | Real Property Address | Lienholders | Estimated Net Sale Proceeds[3] | Assumption & Assignment of Leases? | Date of Service of Sale Motion |
|---|---|---|---|---|---|
| 905 8th Street | 905 8th Street, (the "8th Street Property") | Los Angeles County<br><br>The Stanford Group | $703,050 | Yes | May 26, 2011 |
| 915 S. Hill Street | 915-949 S. Hill Street, ("Ullman One") | Los Angeles County<br><br>City National Bank | $2.8 million | No | June 3, 2011 |
| 1009 North Citrus | 1009 N. Citrus Ave., Covina (the | Los Angeles County | $3.2 million | No | June 3, 2011 |

24

25    [2]  In furtherance of the sale of Union Lofts, debtor-in-possession Meruelo Maddux – 817-825 S. Hill Street, LLC ("817 S. Hill") is moving for authority to enter into a parking license agreement with the buyer of Union Lofts. See First Omnibus Sale Motion.

26

27    [3]  Estimated net sales proceeds are after satisfaction of liens, delinquent real estate taxes and commissions, but prior to closing and related costs.

28

370244.01 [XP]    25195

| Debtor | Real Property Address | Lienholders | Estimated Net Sale Proceeds[3] | Assumption & Assignment of Leases? | Date of Service of Sale Motion |
|---|---|---|---|---|---|
| | "Covina Property") | | | | |
| 760 S. Hill | 760 S. Hill St. & 325 W. 8th St., ("Union Lofts") | Los Angeles County Bank of America | $1.4 million - $4.1 million | Yes | June 3, 2011, for the First Omnibus Sale Motion Tenants of Union Lofts served on June 9, 2011 with notice of the First Omnibus Sale Motion[4] |

Each of the sales will be free and clear of liens, with such liens to attach to the sales proceeds with the same force, effect, validity and priority as such liens have against the respective properties. 905 8th Street is authorized to sell the 8th Street Property free and clear of liens because the $2.8 million purchase price exceeds the value of the liens against the real property in favor of County of Los Angeles (the "County") and the Stanford Group (approximately $2,012,950, in the aggregate). 1009 North Citrus is authorized to sell the Covina Property free and clear of liens because the $3.2 million purchase price exceeds the value of the liens against the property in favor of the County (approximately $136,505)[5]. Other than the liens in favor of the County, the Covina Property is unencumbered. 915 S. Hill is authorized to sell Ullman One free and clear of liens

---

[4]  *Notice of Motion of Meruelo Maddux Properties – 760 S. Hill Street, LLC, for Authority to Assume and Assign Unexpired Leases* filed and served on June 9, 2011 (*docket entry no. 3193*).

[5]  The amounts listed for real property taxes owed to the County of Los Angeles reflect the "redemption amount" listed for the respective parcel on the County's website. The County's website does not take into account reductions to the amount owed pursuant to the Court-approved settlement between the MMPI Debtors and the County.

370244.01 [XP]    25195

1    because, among other things, 915 S. Hill is seeking City National Bank's consent to the sale.[6] 760

2    S. Hill is authorized to sell Union Lofts free and clear of liens because the $28 million purchase

3    price, plus the approximately $6.5 in cash collateral encumbered by a lien in favor of Bank of

4    America, N.A. ("BofA"), exceed the value of the liens against Union Lofts in favor of the County

5    and BofA (approximately $33.1 million, in the aggregate, if BofA is entitled to default interest or

6    $30.4 million, in the aggregate, if BofA is not entitled to default interest).

7        Upon approval of the sale of the 8th Street Property, the buyer will remove an underground

8    storage tank potentially located on the 8th Street Property.  The storage tank will be removed at the

9    buyer's sole cost and expense.  If, following removal of the storage tank, contamination levels are

10   discovered on the 8th Street Property that require remediation for the 8th Street Property's current

11   use under applicable environmental laws, 905 8th Street will have the option to either (a) use

12   commercially reasonable efforts to cause the party responsible for the contamination to remediate

13   the contamination, (b) remediate at 905 8th Street's expense, or (c) terminate the sale agreement.  If

14   905 8th Street terminates the agreement, 905 8th Street will reimburse the buyer for the cost of

15   removing the storage tank up to a cap of $30,000.  As the buyer requires time to remove the storage

16   tank, 905 8th Street is seeking a hearing on shortened time on its motion.

17       The buyer of Ullman One has waived contingencies and is willing to close the sale within

18   five business days of the entry of the Court's order approving the sale.[7]  Other than liens in favor of

19   the County for real property taxes, the Covina Property is unencumbered and no opposition to the

20   sale is anticipated.  The buyer of Union Lofts has until June 15, 2011 to waive contingencies and

21   will close within ten business days of entry of the Court's order approving the sale.[8]  As the net sale

---

23   [6]  The $12.5 million purchase price for Ullman One exceeds the amount of 915 S. Hill's
     secured obligations to the County and to CNB (approximately $9,369,773, in the aggregate),
24   however Ullman One is cross-collateral for a loan to debtor-in-possession Meruelo Farms, LLC
     and therefore 915 S. Hill is seeking CNB's consent to the sale.

25
     [7]  See Ullman One purchase agreement, ¶ 26.3, First Omnibus Sale Motion, p. 59, attached
26   as Exhibit "3" hereto.

27   [8]  See Union Lofts purchase agreement, ¶¶ 26.1, 26.2 and 26.3, Notice of Errata to First
     Omnibus Sale Motion, p. 39, attached as Exhibit "4" hereto.

28
                                              - 8 -

1    proceeds from the sale of Ullman One, the Covina Property and Union Lofts is estimated to be at

2    least $7.5 million, 915 S. Hill, 1009 North Citrus and 760 S. Hill,  are seeking a hearing on

3    shortened time on the First Omnibus Sale Motion.

4        The Seller Debtors estimate that the net sale proceeds from the sale of the 8th Street

5    Property, Ullman One, the Covina Property and Union Lofts will be at least $8.2 million and

6    therefore will result in a direct and significant benefit to the Debtors' estates.  Additionally, the

7    proposed sales are not inconsistent with Charlestown's plan.  Charlestown intends to sell the 8th

8    Street Property in year one and anticipates gross sales proceeds of $2.07 million.[9]  The sale

9    proposed by 905 8th Street is for a purchase price of $2.8 million and therefore the sale of the 8th

10    Street Property will result in more net sale proceeds than Charlestown has projected.

11        Charlestown also intends to sell Ullman One in year one and anticipates gross sales

12    proceeds of $12.3 million.[10]  The sale proposed by 915 S. Hill is for a purchase price of $12.5

13    million and therefore is comparable to the sale anticipated by Charlestown.

14        For the Covina Property, Charlestown projects negative net operating income during year

15    one and a sale of the property in year two for anticipated gross sale proceeds of $1.7 million[11].  The

16    sale proposed by 1009 North Citrus is for $3.5 million (twice the price projected by Charlestown)

17    and will eliminate the Reorganized Debtor's negative NOI during year one.

18        Charlestown intends to sell Union Lofts in year one and anticipates gross sales proceeds of

19    $27 million.[12]  Pursuant to Charlestown's plan, if BofA is not paid in full during year one, the

20    reorganized Debtor may obtain a twelve month extension for satisfaction of the restructured debt

21

22    _____

23    [9]  *See, Charlestown Capital Advisors, LLC's and Hartland Asset Management
     Corporation's Notice of Filing of Revised Exhibit E (Financial Projections)* filed on or about
24    March 22, 2011 (*docket entry no. 2891*), p. 45 of 95 (the "Charlestown Projections"), attached as
     Exhibit "6" to the Request for Judicial Notice ("RJN").

25    [10]  Charlestown Projections, p. 37 of 95.

26    [11]  Charlestown Projections, p. 15 of 95.

27    [12]  Charlestown Projections, p. 12 of 95.

28

370244.01 [XP]    25195

1  but will be required to pay an extension fee and a higher interest rate during the extension period.[13]

2  760 S. Hill's proposed sale is for a purchase price of $28 million and therefore the sale of the

3  Union Lofts will result in more net sale proceeds than Charlestown has projected and avoids the

4  possibility that the reorganized Debtor will have to incur an extension fee and a higher interest rate

5  to extend the term of the restructured obligation to BofA.

6

7                                                    **III.**

8              **PROPERTIES WITH A PROPOSED HEARING DATE OF JUNE 23rd OR 24th**

9              As of the Petition Date, 788 S. Alameda, 1211 E. Washington, Baldwin Park and SFCC

10  owned their respective real properties identified below.  Baldwin Park recently entered into an

11  agreement to sell a portion of its real properties and 788 S. Alameda, 1211 E. Washington and

12  SFCC, collectively, have received offers from two buyers to purchase their respective properties as

13  part of a single sale.

14

15
16
17
18
19
20
21
22
23

| Debtor | Real Property Address | Lienholders | Estimated Net Sale Proceeds[14] | Assumption & Assignment of Leases? | Date of Service of Sale Motion |
|---|---|---|---|---|---|
| 788 S. Alameda | 788 S. Alameda | Los Angeles County<br><br>California Bank & Trust | $19.578 million | Yes | June 7, 2011<br><br>Tenants served on June 8, 2011 with notice of the Second Omnibus Sale Motion[15] |
| 1211 E. Washington | 1211 and 1225 E. Washington Blvd. | Los Angeles County<br><br>RoofCorp of CA | | Yes | |
| SFCC | 2445-2535 E. 12th Street | Los Angeles County | | Yes | |

24

25    [13]  *Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's*
      *Third Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010* (part
26  of docket entry no. 3161), p. 75:3-9.

27    [14]  Estimated net sales proceeds are after satisfaction of liens, delinquent real estate taxes
    and commissions, but prior to closing and related costs.

28

370244.01 [XP]      25195

| | | Berkadia[16] | | | |
|---|---|---|---|---|---|
| Baldwin Park | 13822 & 13916 Garvey Avenue, Baldwin Park (the "Baldwin Park Property") | Los Angeles County | $5.6 million | No | June 7, 2011 |

Each of the sales will be free and clear of liens, with such liens to attach to the sales

proceeds with the same force, effect, validity and priority as such liens have against the respective

properties. 788 S. Alameda, 1211 E. Washington, and SFCC are authorized to collectively sell

their respective real properties (the "Alameda / Washington / Commerce Center Properties") free

and clear of liens because the $40 million purchase price exceeds the aggregate value of liens

against those real properties in favor of the County, California Bank & Trust (which is secured by

the property of 788 S. Alameda), RoofCorp (a secured mechanics lien creditor of 1211 E.

Washington) and Berkadia (which is secured by the property of SFCC). The aggregate value of the

foregoing secured creditors' liens is approximately $19.6 million and the purchase price is $40

million. Baldwin Park is authorized to sell its real property free and clear of liens because the $6

million purchase price exceeds the value of the liens against the Baldwin Park Property in favor of

the County (approximately $172,214).[17]

---

(...Continued)

[15]  *Notice of Motion of 788 S. Alameda, LLC, Merco Group – 1211 E. Washington Boulevard, LLC and Santa Fe Commerce Center, Inc. for Authority to Assume and Assign Unexpired Leases* filed and served on June 8, 2011 (*docket entry no. 3188*).

[16]  Wells Fargo Bank, N.A. successor by consolidation to Wells Fargo Bank Minnesota, National Association as Trustee for the Registered Certificateholders of GMAC Commercial Mortgage Securities, Inc., Mortgage Pass- Through Certificates, Series 2002-C1 acting by and through Berkadia Commercial Mortgage, Inc., its Special Servicer (hereinafter, "Berkadia").

[17]  The amounts listed for real property taxes owed to the County of Los Angeles reflect the "redemption amount" listed for the respective parcel on the County's website. The County's website does not take into account reductions to the amount owed pursuant to the Court-approved settlement between the MMPI Debtors and the County.

370244.01 [XP]    25195

1    The Seller Debtors estimate that the net sale proceeds from the sale of the Alameda /

2 Washington / Commerce Center Properties and the Baldwin Park Property will be approximately

3 $25.2 million and therefore will result in a direct and significant benefit to the Debtors' estates.

4 The $40 million purchase price for the Alameda / Washington / Commerce Center Properties

5 exceeds Charlestown's stated aggregate value for the Alameda / Washington / Commerce Center

6 Properties by $10.68 million. Baldwin Park seeks authorization to sell only that portion of its real

7 properties consisting of vacant land and which therefore does not generate any income. The $6

8 million purchase price for only a portion of the real properties owned by Baldwin Park exceeds

9 Charlestown's stated value of $4.7 million for *all* of the real properties owned by Baldwin Park and

10 allows Baldwin Park to retain the income generating portion of its real properties. As such, the

11 proposed sales of the Alameda / Washington / Commerce Center Properties and the Baldwin Park

12 Property benefit the Debtors' estates and are not detrimental to the Charlestown plan.

13

14                                             IV.

15                    **THE COURT SHOULD SHORTEN TIME FOR**

16                     **HEARINGS ON THE SALE MOTIONS**

17    Local Bankruptcy Rule 9075-1(b)(1) provides that "[a] party may request that a non-

18 emergency motion be heard on notice shorter than would otherwise be required by these rules. . . .

19 The application may be granted for good cause shown in accordance with this rule." Ordinarily, a

20 motion seeking the relief sought in the Motion must be filed and served at least 21 days prior to the

21 hearing. *See* Local Bankr. Rule 9013-1(d)(2).

22    Cause exists to set a hearing on the 8th Street Motion on June 17, 2011, or such other date

23 convenient to the Court. Upon approval of the sale, but prior to closing the sale, the buyer will

24 need to remove an underground storage tank potentially located on the 8th Street Property and

25 therefore a hearing on June 17, 2011, is necessary to allow the buyer time to accomplish this task.

26 Moreover, the 8th Street Motion was filed and served on May 26, 2011 on all parties in interest,

27 including the tenants whose leases will be assumed and assigned to the buyer, and thus parties in

28 interest will have had 22 days notice of the proposed sale. To date, counsel for 905 8th Street has

1   not received any informal objection or response to the sale of the 8th Street Property and the only

2   known liens against the 8th Street Property are in favor of the County and the Stanford Group, both

3   of whom have Court-approved settlements with 905 8th Street.

4          Cause exists to set a hearing on the First Omnibus Motion on June 17, 2011, or such other

5   date convenient to the Court.  The buyers of Ullman One and Union Lofts are willing to close their

6   respective sales shortly after entry of the orders approving such sales and no opposition to the sale

7   of the Covina Property is expected.  The aggregate net sale proceeds are estimated to be at least

8   $7.5 million.  The First Omnibus Motion was filed and served on Friday, June 3, 2011.  Assuming

9   parties in interest first reviewed the First Omnibus Motion on Monday, June 6, 2011, they will have

10  had eleven days notice of the proposed sale.  Tenants of Union Lofts (the only leases which are

11  being assumed and assigned pursuant to the First Omnibus Motion) were served with notice of the

12  proposed assumption and assignment of their unexpired leases on June 9, 2011.  The only known

13  liens against Ullman One are in favor of the County and CNB, both of whom have Court-approved

14  settlements with 915 S. Hill.  Additionally, 915 S. Hill is currently negotiating with CNB for its

15  consent to the sale.  The only lien against the Covina Property is in favor of the County.[18]

16         Cause exists to set a hearing on the Second Omnibus Motion on June 23, 2011, or June 24,

17  2011, or such other date convenient to the Court.  According to the Court's "Self-Calendaring

18  Calendar," it appears that the next available date after June 23, 2011 for Chapter 11 motions is July

19  21, 2011.  As the Second Omnibus Motion requests authority to sell real properties which will

20  produce an estimated $25.2 million in net sales proceeds, the Seller Debtors request a hearing on

21  June 23, 2011, or June 24, 2011.  The Second Omnibus Sale Motion was filed and served on June

22  7, 2011 and, assuming parties in interest first reviewed the Second Omnibus Sale Motion on June

23  8, 2011, parties in interest will have had fifteen or sixteen days notice of the proposed sale.

24

25

26  [18]  760 S. Hill originally had intended on requesting a hearing the First Omnibus Sale
    Motion on June 16, 2011, but due to a scheduling conflict on that date for counsel for BofA, 760 S.
27  Hill is requesting a hearing on June 17, 2011.  Counsel for BofA has indicated neither support nor
    opposition to setting the hearing on the First Omnibus Sale Motion on shortened time.

28

370244.01 [XP]    · 25195

1  Tenants of the Alameda / Washington / Commerce Center Properties were served with notice of the

2  proposed assumption and assignment of their unexpired leases on June 8, 2011.

3

4                                          **V.**

5                        **PROPOSED HEARING DATES AND TIME;**

6                       **NOTICE AND SERVICE REQUIREMENTS**

7          The Seller Debtors respectfully request that the Court set hearings on the Sale Motions, and

8  deadlines for filing oppositions or responses to the Sale Motions, as follows:

9          8th Street Motion and First Omnibus Sale Motion

10         Proposed Opposition deadline:  Wednesday June 15, 2011, at 5:00 p.m.

11         Proposed Hearing:  Friday June 17, 2011, at 2:30 p.m.

12         Second Omnibus Sale Motion

13         Proposed Opposition Deadline:  Friday June 17, 2011

14         Proposed Hearing:  Thursday June 23, 2011 or Friday June 24, 2011, at 2:30 p.m.

15         Other than the tenants whose leases will be assumed and assigned in furtherance of the

16 proposed sales, all parties entitled to receive notice of the Sale Motions receive notices of

17 electronic filing from the Court.  As a result, pursuant to the Court's Local Bankruptcy Rules and

18 Court Manual, and this Court's order limiting notice, all parties entitled to notice of and/or service

19 of the Sale Motions have been served with the Motions and this *ex parte* application.  The Seller

20 Debtors believe that such service of the Sale Motions and this *ex parte* application gives parties in

21 interest sufficient notice of the hearings and other deadlines to be set by the Court.

22         The Seller Debtors also request that the Court approve the following with respect to the

23 service of notices of the hearings on the Sale Motions:

24         1.      As soon as practicable after the Court informs counsel for the Seller Debtors of the

25 date and time of the hearing, the Seller Debtors will file three separate written notices of the

26 hearings (one for the 8th Street Motion, one for the First Omnibus Sale Motion and one for the

27 Second Omnibus Sale Motion) with the Court.  The filing of the notices of hearings will effect

28 service through the Court's CM/ECF system on all parties in interest other than the tenants.  The

                                          - 14 -

370244.01 [XP]      25195

1   Seller Debtors also propose to send a separate email to parties in interest (other than the tenants)

2   attaching a copy of the written notices in an effort to ensure that they receive the notices as soon as

3   practicable.  The Seller Debtors will serve the tenants with notices of the hearings by first class

4   mail, or such other manner of service ordered by the Court, on the day on which the Court informs

5   counsel of the date and time for the hearing.

6        2.     The Seller Debtors will specify in the notices of hearings regarding the 8th Street

7   Motion and the First Omnibus Sale Motion that any oppositions to such Motions must be in writing

8   and filed and received by the Court by no later than 5:00 p.m. on June 15, 2011.

9        3.     The Seller Debtors will specify in the notice of hearing regarding the Second

10  Omnibus Motion that any oppositions to the Second Omnibus Sale Motion must be in writing and

11  filed by the Court by June 17, 2011.

12       4.     The Seller Debtors will specify in the notices of hearings that any reply to such

13  oppositions may be presented to the Court at the time of the hearing.

14

15  **VI.**

16  **CONCLUSION**

17       For the foregoing reasons, the Seller Debtors request that the Court issue an order

18  shortening time for the hearings on the Sale Motions, authorizing service of notices of the hearings

19  as described herein, determining that such notice is appropriate under the circumstances, and

20  setting appropriate deadlines with respect to the presentation of oppositions to and replies in

21  support of the Sale Motions.  The Seller Debtors also request such further relief as the Court deems

22  just and proper.

23

24  Dated:  June 9, 2011                     DANNING, GILL, DIAMOND & KOLLITZ, LLP

25

26                                           By:  _____

27                                           Enid M. Colson
                                             Attorneys for Debtors Meruelo Maddux
28                                           Properties, Inc. and Affiliated Debtors and
                                             Debtors in Possession

- 15 -

## DECLARATION OF ENID M. COLSON

I, Enid M. Colson, declare as follows:

1.      I am an attorney, duly licensed and entitled to practice before courts of the State of California and I am a member in good standing of the Bar of this Court.  I am an associate employed by the law firm of Danning, Gill, Diamond & Kollitz, LLP, counsel for Meruelo Maddux Properties, Inc. ("MMPI") and its 54 affiliates (collectively, the "Debtors") in connection with the Chapter 11 bankruptcy cases filed by the Debtors on March 26, 2009, and March 27, 2009.

2.      I have personal knowledge of the facts in this Declaration, except those facts stated upon information and belief, and as to those facts, I believe such facts to be true.  If called as a witness, I could testify competently to these facts.

3.      On May 26, 2011, 905 8th Street, LLC ("905 8th Street") filed and served its *Motion for (1) Authority to Sell Real Property Located at 905 East 8th Street, Los Angeles, California, Free and Clear of Liens, (2) Authority to Assume and Assign Unexpired Leases, and (3) Waiver of Stay Per F.R.B.P. 6004(h) and 6006(d)* (the "8th Street Motion") (*docket entry no.* 3144).  The 8th Street Motion was served on the tenants of 905 8th Street whose leases are subject to assumption and assignment on May 26, 2011.  A true and correct copy of the 8th Street Motion is attached as Exhibit "2" hereto.

4.      On June 3, 2011, Meruelo Maddux – 817-825 S. Hill Street, LLC, Meruelo Maddux – 915-949 S. Hill Street, LLC, Meruelo Maddux Properties – 1009 North Citrus Avenue, Covina, LLC ("1009 North Citrus"), and Meruelo Maddux Properties – 760 S. Hill Street, LLC ("760 S. Hill") filed and served their *Notice of Motion and Omnibus Motion of Debtors-in-Possession for [1] Authority to Sell Real Properties Free and Clear of Liens, [2] Authority to Assume and Assign Unexpired Leases, [3] Authority to Enter into License Agreement and [4] Waiver of Stay per F.R.B.P. 6004(h) and 6006(d)* (the "First Omnibus Motion") (*docket entry no.* 3173).  A true and correct copy of the First Omnibus Motion is attached as Exhibit "3" hereto.

- 16 -

370244.01 [XP]    25195

1     5.    A notice of the proposed assumption and assignment of the unexpired leases of the

2 tenants of 760 S. Hill was filed and served by first class mail on such tenants on June 9, 2011

3 (*docket entry no.* 3193).

4     6.    A notice of errata to the First Omnibus Motion, which included the final, executed

5 copy of the purchase agreement for the real property of 1009 North Citrus and a fully executed

6 copy of the purchase agreement for the real property of 760 S. Hill, was filed and served on June 6,

7 2011 (the "Errata") (*docket entry no.* 3177).  A true and correct copy of the Errata is attached as

8 Exhibit "4" hereto.

9     7.    On June 7, 2011, 788 South Alameda, LLC ("788 S. Alameda"), Merco Group –

10 1211 E. Washington Boulevard, LLC ("1211 E. Washington"), Meruelo Baldwin Park, LLC and

11 Santa Fe Commerce Center, Inc. ("SFCC") filed their *Notice of Motion and Second Omnibus*

12 *Motion of Debtors-in-Possession for [1] Authority to Sell Real Properties Free and Clear of Liens,*

13 *[2] Authority to Assume and Assign Unexpired Leases, and [3] Waiver of Stay per F.R.B.P.*

14 *6004(h) and 6006(d)* (the "Second Omnibus Motion") (*docket entry no.* 3186).  A true and correct

15 copy of the Second Omnibus Motion is attached as Exhibit "5" hereto.

16     8.    A notice of the proposed assumption and assignment of the unexpired leases of the

17 tenants of 788 S. Alameda, 1211 E. Washington and SFCC was filed and served by First Class

18 Mail on such tenants on June 8, 2011 (*docket entry no.* 3188).

19     I declare under penalty of perjury under the laws of the United States of America that the

20 foregoing is true and correct.

21     Executed on June 9, 2011, at Los Angeles, California.

22

23     ENID M. COLSON

24

25

26

27

28

- 17 -

## REQUEST FOR JUDICIAL NOTICE

The above-captioned debtors and debtors-in-possession (collectively the "Debtors") hereby request, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the filing and the contents of the following pleadings previously filed in this Chapter 11 case:

1.    *Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Notice of Filing of Revised Exhibits E (Financial Projections) and J (Property Values)* filed on or about September 1, 2010 (docket entry no. 1768).

2.    *Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Notice of Filing of Revised Exhibit E (Financial Projections)* filed on or about March 22, 2011 (docket entry no. 2891), the relevant pages of which are attached as Exhibit "6" hereto.

3.    *Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Third Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010* filed on or about May 31, 2011 (part of docket entry no. 3161).

Dated: June 9, 2011                    DANNING, GILL, DIAMOND & KOLLITZ, LLP

By: _____
Enid M. Colson
Attorneys for Debtors Meruelo Maddux
Properties, Inc. and Affiliated Debtors and
Debtors in Possession

- 18 -