Donald L. Gaffney (Admitted *Pro Hac Vice*)
Eric S. Pezold (#255657)
Jasmin Yang (#255254)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Phone: (714) 427-7000
Facsimile: (714) 427-7799
Email: dgaffney@swlaw.com
epezold@swlaw.com
jyang@swlaw.com

Attorneys for Bank of America, N.A.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

In Re:

MERUELO MADDUX PROPERTIES, INC., et al.,

Debtors-in-Possession.

Case No.: 1:09-bk-13356-VK

Jointly Administered

Chapter 11

**BANK OF AMERICA, N.A.'S RESPONSE TO *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON:**

**[1] MOTION FOR (1) AUTHORITY TO SELL REAL PROPERTY LOCATED AT 905 EAST 8TH STREET, LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, AND (3) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO.* 3144);**

**[2] OMNIBUS MOTION OF DEBTORS-IN-POSSESSION FOR (1) AUTHORITY TO SELL REAL PROPERTIES FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, (3) AUTHORITY TO ENTER INTO LICENSE AGREEMENT AND (4) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO.* 3173); AND**

**[3] SECOND OMNIBUS MOTION OF DEBTORS-IN-POSSESSION FOR (1) AUTHORITY TO SELL REAL PROPERTIES FREE AND CLEAR OF**

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, AND (3) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO.* 3186); DECLARATION OF ENID M. COLSON AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**

Bank of America, N.A. ("Bank of America") hereby responds to the Debtors'[1] *Ex Parte Application for Order Shortening Time* (the "Application") on the Debtors' sale motions at Docket Entry Nos. 3144, 3173, and 3186 (collectively, the "Sale Motions") as follows: (1) the Application does not articulate any justifiable grounds for setting hearings on the Sale Motions on shortened notice as required by Local Rule 9075-1(b)(2)(B); (2) the Debtors may lack standing to file the Sale Motions after the Court's confirmation of the Charlestown plan of reorganization; (3) the timing of the Sale Motions is suspect; and (4) the proposed sales being conditioned on the confirmation of the Debtors' plan is improper. In support of this response, Bank of America states as follows:

**A. The Application Should Be Denied Because the Application Does Not Establish Grounds for An Expedited Hearing Under Local Rule 9075-1(b).**

First, the Application should be denied because it does not comply with Local Rule 9075-1(b)(2)(B), which requires that the Application "[b]e supported by the declaration of one or more competent witnesses under penalty of perjury that justifies the setting of a hearing on shortened time and establishes a prima facie basis for the granting of the underlying motion." The arguments in the Application in this regard are feeble, if not entirely contrived. According to the Debtors, an expedited hearing is necessary because: (1) the Sale Motions were filed on May 26, 2011, June 3, 2011, and June 7, 2011, (2) an underground storage tank is to be removed prior to the close of one of the sales, (3) certain of the buyers are willing to close their sales quickly, and (4) the next available hearing date on the Court's "Self-Calendaring Calendar" is July 21, 2011.

---

[1] The term "Debtors" collectively refers to the 54 separate debtors in these jointly administered bankruptcy cases.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

With respect to the Debtors' first and fourth arguments, that the Sale Motions have already been filed and that the next available noticed hearing date is July 21, 2011, is entirely irrelevant to Local Rule 9075-1(b)(2)(B) analysis. If all one had to do to comply with Local Rule 9075-1(b)(2)(B) was to file the underlying motion prior to filing an application for order shortening time and be unsatisfied with the Court's availability, then every motion would qualify for Local rule 9075-1(b)(2)(B) treatment. That is not the standard. Extraordinary circumstances must exist for the Court to make an exception to the noticed motion procedures of Local Rule 9013-1. Here, the Debtors have articulated none.

The Debtors' second argument is that the buyer of the 8th Street Property (as defined in the Application) may need to remove an underground storage tank that may or may not (Debtor uses the term "potentially") be located on the 8th Street Property prior to the close of the sale. The argument is baseless. The Debtors do not appear to know for certain whether the tank even exists. Even if the tank does exist and may need to be removed, there is nothing in the Application that suggests that it needs to be removed within the next week.

The Debtors' third argument is that certain of the buyers are willing to close the sales quickly. Importantly, the Application does not state that the sales <u>must</u> close quickly or the buyers will not close at all. As discussed in more detail below, the Debtors appear to be fabricating an emergency hearing where no emergency exists. The contracts appear to have been negotiated some time before the last few weeks. The likelihood of the Debtors negotiating $92.8 million of property sales within the last 15 days is not credible. Investigation may show that the Debtors could have closed these sales months ago.

The Debtors have not met (and cannot meet) the requirements of Local Rule 9075-1(b)(2)(B) that urgent circumstances exist to warrant a hearing on shortened notice. The Debtors' arguments lack any substance.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**B. The Application Should Be Denied Because the Debtors May Lack Standing To File the Sale Motions Given That the Court Has Confirmed the Charlestown Plan.**

The Court confirmed Charlestown's plan of reorganization on May 19, 2011. Upon plan confirmation, property of the estate vests in the reorganized debtor under 11 U.S.C. § 1141(b). Moreover, under section 1141(a), confirmation terminates all rights of holders of claims and interests except as otherwise provided in the plan. The Debtors' managers at this point then are the fiduciaries and agents of Charlestown. As a result, the Debtors appear to lack standing to even bring the Sale Motions without the consent or approval of Charlestown. There is nothing in the Sale Motions or the Application that indicates whether Charlestown consents to them or not.

A serious question exists as to whether a "Debtor-in Possession," in the form of former controlling management, exists in a traditional sense in light of the Court's ruling on confirmation of the Charlestown plan on May 19th. Courts have long recognized that the Debtor-in-Possession loses its rights and powers upon confirmation of a plan. *See In re TSP Industries, Inc.* 120 B.R. 107, 109 (E.D. Ill. 1990) ("But our opinion on this point follows a line of cases that emphasize that after confirmation there is no debtor in possession."). As explained by one court:

> The term "debtor in possession" is intended to refer to a debtor who during the pendency of a case prior to confirmation retains property in the fiduciary capacity of a trustee of the estate.
>
> Once a plan of reorganization is confirmed, the bankruptcy estate ceases to exist unless the plan specifically provides otherwise, and all estate property revests in the debtor subject to the terms and conditions imposed by the plan. *See 11 U.S.C. § 1141(b).* There is no debtor in possession status of a debtor post confirmation.

*In re Grinstead,* 75 B.R. 2, 3 (Bankr. D. Minn. 1985).[2]

---

[2] *Accord, In re Pero Bros Farms,* 91 B.R. 1000, 1001 (Bankr. S.D. Fla. 1988) ("The confirmation of this plan immediately and automatically vested title, possession and control of the debtor corporation and all of its assets in a Liquidator as provided in the plan. The 10-day stay against issuance of execution, which is provided by B.R. 7062, did not stay those provisions and no stay was either requested or granted under Rule 62(b), Fed.R.Civ.Proc., made applicable here by B.R. 7062, or under B.R. 8005, which provides for appellate stays. Therefore, the Notice of

Regardless of the status of the old management of the Debtors since May 19th, a more prudent course for the creditors and shareholders may be to hear any proposed sales out of the ordinary course on an unhurried basis as the normal docket allows.

The propriety of the Sale Motions is questionable. Since the underlying Sale Motions may be improper, the Debtors cannot meet Local Rule 9075-1(b)(2)(B)'s requirement that they "establish a prima facie basis for the granting of the underlying motion."

### C. The Sale Motions Were Filed Only After the Court Questioned Whether the Debtors Were Intentionally Delaying Property Sales To Obtain Confirmation of Their Plan.

At the May 19, 2011 hearing during which the Court confirmed the Charlestown plan, the Court noted concerns that the Debtors may have been holding up asset sales to press the Court to confirm their plan. [*See* Hearing Transcript, May 19, 2011, pp. 80:8-25; 81:1-14]. Bank of America shares in the Court's suspicions and indeed apprised the Court of its views at the May 9, 2011 hearing where Bank of America stated that it believed that the Debtors were not being candid with the Court regarding the potential dispositions of assets.

The timing of the Sale Motions seems to confirm the Court's suspicions. The last major disposition in this bankruptcy case was the 845 S. Flower St. property, which occurred over a year ago. Yet, within a matter of weeks of the Court confirming the Charlestown plan, the Debtors claim to have negotiated eight asset sales totaling $93.8 million. Credulity has its limits. The Debtors should not attempt to push through the Sale Motions without giving parties adequate time to respond to them. No just reason exists for approving them on shortened time.

---

Conversion was filed after the debtor ceased to be a debtor in possession."); In re Maine Pride Salmon, 180 B.R. 337, 340 (Bankr. D. Me. 1995) ("After confirmation of a Chapter 11 plan, the duties of the "estate trustee" (as opposed to a "plan trustee" who may be appointed to perform designated functions by a plan's terms) are reduced from broad estate administration to merely "filing such reports as are necessary or as the court orders." § 1106(b). After plan confirmation, the estate trustee (or the debtor-in-possession), as such, is unable to incur administrative expenses, including those that could arguably be surcharged to secured creditors.").

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**D. The Proposed Sales Appear to Be Conditioned on the Debtors' Plan Being Confirmed.**

To most of the sale contracts are attached Addenda that contain the following condition:

> Seller's obligations under this Agreement shall be conditioned upon and subject to Seller obtaining: (1) entry of an order of the Bankruptcy Court approving the sale of the Property as set forth in this Agreement (the "Bankruptcy Court Approval"), which approval Seller shall seek to obtain through the process of plan confirmation or otherwise; and (2) approval by the board of directors of Meruelo Maddux Properties, Inc., a Delaware corporation and parent of Seller, of this Agreement and the transactions contemplated hereby. The foregoing are for the benefit of Seller and may only be waived by Seller in writing.

[Docket Entry No. 3186, Exh. 9 (Addendum to Standard Offer, Agreement and Escrow Instructions For Purchase of Real Estate (Non-Residential) located at 13822 and 13916 Garvey Avenue, ¶ 26.2)]. The meaning of the above is not entirely clear but it appears to give the former Debtors-in-Possession a right to cancel the agreement if that group does not obtain an order confirming their plan. If that is the intent of the condition precedent, the relief sought would be beneficial to management but not necessarily to the Debtors' estate. Bank of America requests that Debtors supplement their Sale Motions to explain the meaning and intent of paragraph 26.2 to the Addenda.

WHEREFORE, Bank of America respectfully requests that the Court deny the Application and requests any additional and appropriate relief that the Court deems appropriate to ensure full disclosure of the history and timing of the proposed Sale Motions.

Dated: June 10, 2011

SNELL & WILMER L.L.P.

By: /s/ Eric S. Pezold
Donald L. Gaffney
Eric S. Pezold
Jasmin Yang
Attorneys for Bank of America, N.A.

| In re: MERUELO MADDUX PROPERTIES, INC., et al., Debtor(s). | CHAPTER 11<br>CASE NUMBER - 1:09-bk-13356-VK |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any **NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626. The foregoing documents described as: **BANK OF AMERICA, N.A.'S RESPONSE TO *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON: [1] MOTION FOR (1) AUTHORITY TO SELL REAL PROPERTY LOCATED AT 905 EAST 8TH STREET, LOS ANGELES, CALIFORNIA, FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, AND (3) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO.* 3144); [2] OMNIBUS MOTION OF DEBTORS-IN-POSSESSION FOR (1) AUTHORITY TO SELL REAL PROPERTIES FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, (3) AUTHORITY TO ENTER INTO LICENSE AGREEMENT AND (4) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO.* 3173); AND [3] SECOND OMNIBUS MOTION OF DEBTORS-IN-POSSESSION FOR (1) AUTHORITY TO SELL REAL PROPERTIES FREE AND CLEAR OF LIENS, (2) AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASES, AND (3) WAIVER OF STAY PER F.R.B.P. 6004(h) AND 6006(d) (*DOCKET ENTRY NO.* 3186); DECLARATION OF ENID M. COLSON AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 10, 2011,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL, PERSONAL DELIVERY, OR OVERNIGHT MAIL</u>**<u>(indicate method for each person or entity served)</u>**:** On **June 10, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

The Honorable Victoria S. Kaufman — Via Federal Express
United States Bankruptcy Court - Warner Center
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367-6609

☒ Service information continued on attached page

**III. <u>SERVED BY FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(indicate method for each person or entity served):</u> Pursuant to Fed. R. Civ. Proc. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies), who consented in writing to such service method, by facsimile transmission and/or email as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2011 | Dana Lewis | /s/ Dana Lewis |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Michael C Abel mcabel@mac.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net
- Eric D Goldberg egoldberg@stutman.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham jag@jmbm.com
- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com
- Peter J Gurfein pgurfein@lgbfirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com
- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com
- Kenneth J Shaffer jshaffer@stutman.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com
- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni surjit@sonilaw.com, teresa@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

**II. <u>TO BE SERVED BY U.S. MAIL:</u>**

Michael Abramson
8918 W. Pico Blvd., No. 120
Los Angeles, CA 90035

Mel Aranoff
23975 Pk. Sorrento, Suite 200
Calabasas, CA 91302

Larry C. Baron
Landegger, Baron, Lavenant& Ingber
15760 Ventura Blvd., Suite 1200
Encino, CA 91436

David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Debt Acquisition Company of America V, LLC
1565 Hotel Circle South, Suite 310
San Diego, CA 92108

Arthur J Hazarabedian
California Eminent Domain Law Group
3429 Ocean View Blvd Ste L
Glendale, CA 91208

Jenner & Block LLP
Jenner & Block LLP
633 West 5th Street
Suite 3500
Los Angeles, CA 90071

Kibel Green Inc
2001 Wilshire Blvd Suite 420
Santa Monica, CA 90403

Michael L Marx
Jenkins Goodman Neuman & Hamilton
417 Montgomery St 10th Fl
San Francisco, CA 94104

Ronald Orr
Ronald Orr & Professionals, Inc.
578 Washington Blvd., #389
Marina Del Rey, CA 90292

Matthew Pakkala
633 West 5th Street, 16th Flr.
Los Angeles, CA 90071-2027

Michael Portner
Portner Law Offices
900 Wilshire Blvd Ste 1115
Los Angeles, CA

Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024

Georgiana G. Rodiger
Rodiger Law Office
272 South Los Robles Avenue
Pasadena, CA 91101

SCS Flooring Systems
C/O Raymond Myer Esq.
1220 1/2 State St
Santa Barbara, CA 93101

Sean Salamati
Law Offices of Sean Salamati
888 S. Figueroa Street, Suite 1030
Los Angeles, CA 90017

Patrick J Stark
Ford Walker Haggerty & Behar
1 World Trade Ctr 27th Fl
Long Beach, CA 90831

Larry E Wasserman
Law Offices of Larry E Wasserman
12800 Riverside Dr , 3rd Floor
Studio City, CA 91607

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000