CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
  acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: (213) 493-6496
Facsimile:  (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-13356-VK |
| MERUELO MADDUX PROPERTIES, INC., et al.<br><br>Debtor. | Chapter 11<br><br>CHARLESTOWN PROPONENTS' RESPONSE TO JOINT OBJECTION TO PROPOSED FINDINGS AND CONCLUSIONS AND PROPOSED ORDER<br><br>CONFIRMATION HEARING<br><br>Date:  January 27, 2011<br>Time:  9:30 a.m.<br>Place:  Courtroom 301 |

Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "Charlestown Proponents") respond to Debtors, Richard Meruelo and John Maddux's joint objections to the forms of the Charlestown Proponents' proposed confirmation order and proposed findings of fact and conclusions of law with respect to plan confirmation (Dkt. ## 3189 and 3190) as follows:

**I.    INTRODUCTION[1]**

Findings of fact and conclusions of law are within the exclusive province of the Court. A prevailing party submits proposed findings and conclusions not to give its own opinions with respect to a particular ruling; it submits proposed findings and conclusions to assist the court. Objections to proposed findings and conclusions should serve the same purpose as the proposed findings and conclusions themselves. They should assist the Court and expedite the process.

This Court decided to confirm the Charlestown Plan. The Court, however, ruled against the Charlestown Proponents on several issues (e.g., finding that delayed distribution to Insiders was not fair and equitable). The Charlestown Proponents did not agree with those rulings, but they did not submit findings and conclusions that ignored or reversed them. Rather, the Charlestown Proponents submitted proposed findings and conclusions that, in their estimation, accurately support and reflect the Court's rulings.

Debtors' objections are not offered in the same vein. Debtors' objections are not designed to aid the Court; they are designed to confuse the Court. Debtors' objections are not designed to expedite the process; they are designed to delay it. With a few minor exceptions, Debtors seek changes to the proposed findings and conclusions that are intended to assist John Maddux in his anticipated appeal of the confirmation order.[2] The Charlestown Proponents have submitted revised proposed findings and conclusions

---

[1] The response of the OEC is not duplicated here, but is incorporated by reference.
[2] Neither Debtors nor Richard Meruelo will have standing to prosecute an appeal because Debtors will no longer exist and Richard Meruelo did not object to the Charlestown Plan in writing or in person before the conclusion of the confirmation hearings.

1

incorporating the few objections that are well-taken. The Charlestown Proponents ask this Court to overrule Debtors' remaining objections.

Debtors' objections to the proposed confirmation order are offered for a similar reason. Debtors are seeking to prevent confirmation of the Charlestown Plan. The Charlestown Proponents will submit a revised proposed confirmation order incorporating changes in response to those few objections that are well-taken. The Charlestown Proponents ask this Court to overrule the remaining objections and to enter an appropriate confirmation order at the Court's earliest convenience.

## II.     RESPONSE TO OBJECTIONS TO PROPOSED FINDINGS OF FACT

Debtors object to any reference to the prior forms of the various plan proponents' proposed plans of reorganization beyond docket number references. Debtors argue that any attempt to summarize or characterize any part of a voluminous document is improper and misleading. This argument is unsupportable. When courts make findings, they do not simply recite a list of exhibit numbers or docket entries, they reference those portions of the exhibits or other filings that are relevant.

As an alternative to eviscerating the proposed findings of any meaningful narrative, Debtors propose that the Court include a list of the Debtors' accomplishments during the course of the bankruptcy cases. This Court has already addressed Debtors' arguments regarding their management of the bankruptcy cases. The additional proposed paragraphs are unnecessary.

Debtors also object to a reference to the OEC solicitation letter in paragraph 37. This was a letter specifically approved by the Court for inclusion in the solicitation package after consideration of objections by various parties in interest. Debtors do not explain why the Court cannot consider a document in connection with plan confirmation when it approved the document as part of the confirmation process. If Debtors' argument were taken seriously, this Court could not even determine that the Debtors had filed bankruptcy unless the petition were identified on the trial exhibit list and formally moved into evidence.

The remaining objections are objections with respect to technical matters that the Charlestown Proponents have accounted for in their revised findings or that they ask this Court to overrule.

## III. RESPONSE TO OBJECTIONS TO SPECIFIC PROPOSED CONCLUSIONS OF LAW

Paragraph 5. The Charlestown Proponents do not agree with Debtors' proposed revisions and, in any event, do not see the point of making any changes to the paragraph.

Paragraph 11. Debtors object to a finding of good faith because supposedly no evidence supports the finding. In the context of plan confirmation, good faith may be found without the taking of evidence. *See, e.g.*, Bankruptcy Rule 3020(b)(2) ("If no objection [to a plan] is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."). In any event, the evidence before the Court is sufficient to find that Charlestown and all persons (and entities) acting on its behalf acted in good faith. The evidence presented to the Court showed that Charlestown objected to the Debtors' various plans and presented its own plan to obtain a fair return for outside shareholders. Debtors offered no contrary evidence. Accordingly, the good faith finding is appropriate.

Paragraph 14. Debtors argue that acceptance of the Charlestown Plan is not genuine because acceptance was obtained by changing the treatment of creditor classes to unimpaired and by "taking advantage" of settlements between the estates and various secured creditors. The Bankruptcy Code states that unimpaired classes are deemed to accept. If Debtors disagree with the concept, they should lobby Congress. As a practical matter, as was demonstrated in Charlestown's reply brief regarding Section 1129(c) [Dkt. # 2815], the supposedly overwhelming vote of creditors for Debtors and against Charlestown primarily reflected the multiple votes of Richard Meruelo's cousin, Luis Carreras. With respect to the settlements, this Court has ruled that the Charlestown Proponents may "take advantage" of estate settlements.

3

<u>Paragraph 23</u>: Debtors object to a conclusion regarding the accuracy of the Charlestown Proponents' projections because Debtors have pointed out errors in various iterations of the projections. Debtors confuse the word "accurate" with the phrase "completely and entirely error free."

<u>Paragraphs 27 through 33</u>. Debtors contend that these paragraphs do not accurately reflect the Court's ruling. The Charlestown Proponents disagree. The paragraphs are adapted from the Court's tentative ruling as well as statements made by the Court during the hearing. Because the parties have extensively briefed these issues in connection with the Debtors' motion to strike or, alternatively, reconsider, the Charlestown Proponents do not believe further argument is necessary here.

<u>Paragraph 48</u>. Debtors object to a finding that the restructuring is not fraudulent to creditors. This is a standard conclusion and Debtors' goal of preserving some hypothetical fraudulent transfer claim against Charlestown is not a legitimate ground for objection.

<u>Paragraph 57</u>. Debtors object to the characterization of the Charlestown Plan as consensual. The paragraph specifically identifies the three classes that did not consent (1F and 40A-2).[3] The paragraph is accurate and appropriate.

<u>Paragraph 58</u>. Debtors object to the idea that the Charlestown Plan has more support than the Debtors' Plan. Debtors' objection would be well founded if it were not contradicted by reality: the Charlestown Plan has more support than the Debtors' Plan. The paragraph is accurate, and it should remain.

<u>Paragraph 59</u>. Debtors object to the conclusion that Grand Avenue Lofts HOA claims must be paid. But it was Debtors who raised this issue in an objection to the feasibility of the Charlestown Plan in connection with the Charlestown Proponents' motion to modify the Charlestown Plan. The Court noted that Debtors' proposal to leave one debtor behind was apparently not sufficient to resolve the issue.

---

[3] Class 2E did not accept the Charlestown Plan, but no member of the class objected to the treatment.

     Paragraph 65. The Debtors object that the Charlestown Plan cannot go effective before 30 days have elapsed because the Plan provides that the Effective Date will occur 30 days after entry of a confirmation order. The 30 day period may be waived, and this paragraph is accurate.

## IV.    RESPONSE TO OBJECTIONS TO CONFIRMATION ORDER

     Paragraph 2(c): Debtors seek additional provisions with respect to assertion of cure claims. This is unnecessary. If any contracts are rejected, the issue may be dealt with then.

     Paragraph 5(a),(c). Debtors object to action being taken prior to the Effective Date. The Charlestown Proponents will revise the confirmation order to provide that they, not Debtors, may take actions prior to the Effective Date as necessary to have the Charlestown Plan go effective.

     Paragraphs 17, 18, 20, 22 and 32. These are objections based on supposed inconsistencies with the Plan. Confirmation orders may contain provisions going beyond those in a plan and the paragraphs are appropriate paragraphs adapted from orders in well-known bankruptcy cases. Other than a change to remove reference to affiliates, no further changes are necessary.

     Paragraph 28. The Charlestown Proponents will amend the order to specify that Fred Skaggs will be the disbursing agent with respect to claims.

     Paragraph 29. Debtors seek to permit interim payment of professional fees. The Charlestown Proponents do not believe that payment of interim fees is appropriate at this time because final fee applications will be filed within a short period. It would be a waste of judicial resources and estate resources to review interim fee applications less than two months before final fee applications.

     Paragraph 33. The Charlestown Proponents will delete this paragraph.

     Paragraph 35. Debtors object to modification of documents included as part of a plan supplement. Modifications to such documents would be, by definition, consensual

because the documents themselves are consensual agreements, not agreements being imposed on a party. Accordingly, modification without court approval is appropriate. If the Plan itself is not modified, no change to the documents in a plan supplement could materially alter the rights of Holders of Claims or Interests.

Paragraph 39. Debtors argue that the Charlestown Plan cannot go effective until some specific number of days after the entry of a confirmation order. The argument is illogical. The Charlestown Proponents may waive conditions to the Effective Date and passage of time would be one of those conditions. Even if the Plan did not provide for waiver, this Court could certainly order that the time period may be waived. If the Charlestown Proponents are prepared to go effective less than 30 days after entry of a confirmation order, no purpose would be served by waiting.

Paragraph 41. The Debtors object to certain language relating to individual debtors. It will be deleted.

Paragraph 45, 47 and 48. Debtors object to the provisions regarding governing law, severability and reversal. Their objections are meritless. These are standard provisions in confirmation orders and are appropriate for this case.

Paragraph 49. Debtors object to a waiver of the stay. As set forth in the OEC's response to Debtors' objection, a waiver is appropriate here and is commonly granted in complex reorganization cases, including cases where Debtors' counsel has prepared the confirmation order.

## V.   RESPONSES TO DEBTORS' PROPOSED MODIFICATIONS

Debtors seek to preserve John Maddux's right to appeal. This is neither appropriate nor warranted. The Charlestown Proponents are the prevailing party. Mr. Maddux may seek a stay of the confirmation order. If he can satisfy the applicable legal standards (including the posting of a substantial bond) his appellate rights will be preserved. If he cannot, then he has no special right to force the reorganized debtors to hold additional cash for his benefit.

Moreover, this objection is not truly made to preserve Maddux's appellate rights. Because any money put in escrow for the benefit of Messrs. Meruelo and Maddux necessarily comes from the estate, the objection is made to prevent the Charlestown Plan from going effective or, alternatively, to require MMPI Acquisition to advance additional funds. Accordingly, the objection is made in bad faith and in breach of Debtors' and their counsel's fiduciary duty to the estate and its constituents. It should be overruled.

Dated: June 12, 2011              LESNICK PRINCE LLP

By: _____/s/ Christopher E. Prince_____
Christopher E. Prince
Attorneys for
Charlestown Capital Advisors, LLC
and
Hartland Asset Management Corporation

| In re: | CHAPTER 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC | |
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA 90405

A true and correct copy of the foregoing documents described as: CHARLESTOWN PROPONENTS' RESPONSE TO JOINT OBJECTION TO PROPOSED FINDINGS AND CONCLUSIONS AND PROPOSED ORDER

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 12, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On   June 12, 2011   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 305
Woodland Hills, CA 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 12, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 12, 2011 | Christopher E. Prince | /s/ Christopher E. Prince |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**F 9013-3.1**

| In re: | | CHAPTER 11 |
|---|---|---|
| | MERUELO MADDUX PROPERTIES, INC | |
| | Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

Parties receiving electronic notice:

- Michael C Abel mcabel@mac.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net
- Eric D Goldberg egoldberg@stutman.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 9013-3.1**

| In re: | | CHAPTER 11 |
|---|---|---|
| MERUELO MADDUX PROPERTIES, INC | | |
| | Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

- John A Graham jag@jmbm.com
- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com
- Peter J Gurfein pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- Whitman L Holt wholt@ktbslaw.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com
- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com
- Kenneth J Shaffer jshaffer@stutman.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**

| In re: | | CHAPTER 11 |
|---|---|---|
| MERUELO MADDUX PROPERTIES, INC | | |
| | Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com
- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com
- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**