CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
  acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA  90405
Telephone: (213) 493-6496
Facsimile:  (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| In re | Case No. 1:09-bk-13356-VK |
|---|---|
| MERUELO MADDUX PROPERTIES, INC., et al. | Chapter 11 |
| Debtor. | NOTICE OF FILING OF REVISED PROPOSED ORDER CONFIRMING THE CHARLESTOWN PLAN |
| | CONFIRMATION HEARING |
| | Date:      January 27, 2011<br>Time:      9:30 a.m.<br>Place:     Courtroom 301 |

1

2

          PLEASE TAKE NOTICE THAT Charlestown Capital Advisors, LLC and Hartland Asset

3

Management Corporation (the "Charlestown Proponents") submit the attached revised proposed

4

order confirming the Charlestown Plan.  The revised order includes revisions to respond to Debtors'

5

objections as well as comments received informally from various parties in interest.

6

          Attached as Exhibit A is a revised proposed confirmation order.

7

          Attached as Exhibit B is the same proposed order eliminating the provision approving a

8

modification to increase the payment to Class 1F from 35 cents to 45 cents per share.

9

          Attached as Exhibit C is a redlined version of Exhibit B showing changes from the proposed

10

order originally submitted to the Court.

11

Dated:  June 13, 2011                    LESNICK PRINCE LLP

12

13

                              By: _____/s/ Christopher E. Prince_____
                                          Christopher E. Prince

14

                                         Attorneys for
                                  Charlestown Capital Advisors, LLC

15

                                            and
                                 Hartland Asset Management Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# A

CHRISTOPHER E. PRINCE (SBN 183553)
  cprince@lesnickprince.com
MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
  acahill@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA  90405
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Attorneys for Charlestown Capital Advisors, LLC and
Hartland Asset Management Corporation

PAUL, HASTINGS, JANOFSKY & WALKER LLP
  CynthiaCohen@paulhastings.com
CYNTHIA M. COHEN (State Bar No. 93639)
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Global Asset Capital, LLC and
GAC Real Estate Partners, LLC

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:09-bk-13356-VK |
| MERUELO MADDUX PROPERTIES, INC., et al.,[1] | Chapter 11 |
| Debtors. | |
| ☒    Affects All Debtors | **ORDER CONFIRMING THE CHARLESTOWN PLAN** |

[1] Pursuant to an Order of this Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

For the reasons stated in this Court's Findings of Fact and Conclusions of Law Re: Confirmation of Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation's Second Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010 (the "Findings and Conclusions") [Dkt. No. ___], the text of which is incorporated here as if set forth fully, **IT IS HEREBY ORDERED THAT:**

1.      <u>Order</u>.  This Order Confirming the Charlestown Plan shall and does confirm the Chapter 11 plan of reorganization proposed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "**Plan**").  At the request of by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively "**Charlestown**"), the Plan is hereby modified pursuant to section 1127(a) of the Bankruptcy Code as forth in Paragraph 2 (the "**Technical Modifications**").  All Holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Technical Modifications.   No Holder of a Claim shall be permitted to changes its vote as a consequence of such modifications, unless otherwise agreed to by the Holder of the Claims and Charlestown.  The Technical Modifications to the Plan are hereby approved, pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  The Plan, as modified by the Technical Modifications, shall constitute the Plan submitted for Confirmation.

2.      <u>Technical Modifications</u>.

In addition to the Amendments and Modifications to the Plan that have been previously approved, the additional modifications reflected in the redlined "Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation's Third Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010" attached as Exhibit A to the Findings and Conclusions are approved, including the following modifications:

(a)  the payment to Holders of Interests in Class 1F is increased from 35 cents

1

1 | per share to 45 cents per share;

2 | (b) the treatment of claims of Roofcorp of CA, Inc. (Class 21A-2 and 54A-3)

3 | are changed from impaired to unimpaired and, therefore, each of those claims will be paid in

4 | full on the later of the Effective Date or the date upon which those claims become Allowed

5 | Claims;

6 | (c) the Plan provision regarding unexpired real property leases and executory

7 | contracts shall be as modified to provide as follows:  Charlestown and Hartland are to

8 | provide a schedule of all unexpired real property leases and executory contracts to be

9 | rejected on or before the Effective Date of the Plan.  Any unexpired lease and executory

10 | contract not on that schedule shall be deemed automatically assumed in accordance with the

11 | provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the

12 | Effective Date and any undisputed cure amounts shall be paid within 30 days of the Effective

13 | Date or as otherwise agreed by the non-debtor party.  Any disputed cure amounts shall be

14 | paid within 30 days of entry of a Final Order determining the cure amount, if any;

15 | (d) the provision regarding dissolution of the Creditors' and Equity Committees

16 | is modified to provide for dissolution 90 days after the Effective Date; and

17 | (e) the Plan is modified to include the following sentence in the treatment of

18 | Class 36A-2 and 36A-3 (the Cathay Bank Secured Claims): On the Effective Date, the

19 | Holders shall retain their liens on the Alameda Produce Market Encumbered Real Property

20 | as set forth in the current Deeds of Trust in favor of Holders encumbering such properties.

21 | 3.    Confirmation of the Plan. With respect to MMPI and the other

22 | Jointly Administered Debtors (with the exception of Merco Group - 2529 Santa Fe

23 | Avenue, LLC which is the subject of a separate confirmation order), the Plan and

24 | each of its provisions (as such Plan may have been modified in accordance with section

25 | 1127(a) of the Bankruptcy Code) shall be, and hereby are, CONFIRMED under section

26 | 1129 of the Bankruptcy Code. The terms of the Plan, all of its exhibits and schedules,

27 | and the First Plan Supplement [Docket No. 3070] and the Second Plan Supplement

28 |

[Docket No. 3120] (collectively the "**Plan Supplements**"), are incorporated by reference into, and are an integral part of, the Plan and this Confirmation Order and are authorized and approved.

4.    Objections. All objections, responses, reservations, statements and comments in opposition to the Plan, other than those resolved or withdrawn with prejudice prior to, or on the record at, the Confirmation Hearing are overruled for the reasons stated on the record and in the Court's Findings and Conclusions.

5.    Plan Implementation.

a. General Authorization. The transactions described in the Plan, including the Disclosure Statement [Docket No. 1952] and Plan Supplements (collectively the "**Plan Documents**") are hereby approved.  On the Effective Date, and after the Effective Date, as necessary, and without any further order of the Court or other authority, the Reorganized Debtors and their respective directors, officers, members, agents, attorneys, financial advisors and investment bankers are authorized and empowered pursuant to section 1142(b) of the Bankruptcy Code and other applicable state laws (i) to grant, issue, execute, deliver, file, or record any agreement, document, or security, and the documents contained in the Plan or the Plan Supplements, as modified, amended, and supplemented, in substantially the form included therein, or any other documents related thereto and (ii) to take any action necessary or appropriate to implement, effectuate, and consummate the Plan and the Plan Documents in accordance with their terms.  All such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation, including, without limitation, any action otherwise required to be taken by the holders of Interests in, or directors of, the Reorganized Debtors, including, among other things, (a) all transfers of assets that are to occur pursuant to the Plan, (b) the incurrence of all obligations contemplated by the Plan and the making of all distributions under the Plan,

(c) the implementation of all settlements and compromises as set forth in or contemplated by the Plan, and (d) the filing and/or adopting of any modifications or amendments to the Plan and Plan Documents, and (e) entering into any and all transactions,  contracts, leases, instruments, releases, and other documents and arrangements permitted by applicable law, order, rule or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of any Reorganized Debtor or other Debtor or any officer thereof to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code. Pursuant to section 1142 of the Bankruptcy Code, to the extent that, under applicable nonbankruptcy law or the rules of any stock exchange, any of the foregoing actions that would otherwise require approval of the equity holders or directors (or any equivalent body) of one or more of the Reorganized Debtors, such approval shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to the applicable law of the jurisdiction of incorporation or formation without any requirement of further action by the equity holders or directors (or any equivalent body) of the Reorganized Debtors. On the Effective Date or as soon thereafter as is practicable, the Reorganized Debtors shall, if required, file any documents required to be filed in such states so as to effectuate the provisions of the Plan. Any or all documents contemplated herein shall be filed, if required, and accepted by each of the respective state filing offices and recorded, if required, in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law. All counterparties to any documents described in this paragraph are hereby directed to execute such documents as may be required or provided by such documents, without any further order of this Court.  Prior to the Effective Date, Charlestown is authorized to take such preliminary actions as are necessary to have the Plan go effective except that

1  any and all actions taken by Charlestown shall not bind Jointly Administered Debtors or

2  Reorganized Debtors unless and until the Plan goes effective.

3  b. No Action. Pursuant to the appropriate provisions of the General

4  Corporation Law of the State of Delaware (or other comparable state law as applicable)

5  and section 1142(b) of the Bankruptcy Code, no action of the respective directors,

6  stockholders, or other holders or Interests of the Reorganized Debtors shall be required

7  to authorize the Reorganized Debtors to enter into, execute, deliver, file, adopt, amend,

8  restate, consummate, or effectuate, as the case may be, the Plan and any contract,

9  instrument, or other document to be executed, delivered, adopted or amended in

10  connection with the implementation of the Plan.

11  c. Approval of MTA Settlement Agreement, the treatment of the PNL

12  Pomona Secured Claim, the Purchase of Shares, the Secured Loan, the Reverse Stock

13  Split and the MMPLP Merger. On the Effective Date, the MTA Settlement Agreement,

14  the treatment of the PNL Pomona Secured Claim, the Purchase of Shares, the Secured

15  Loan, the Reverse Stock Split and the MMPLP merger described in the Plan are hereby

16  authorized and approved, and the Reorganized Debtors' obligations thereunder are

17  legal, valid, binding and enforceable in accordance with the terms of the Plan and the

18  documents and agreements entered into in accordance herewith. The Reorganized

19  Debtors may take or cause to be taken all corporate actions necessary or appropriate to

20  implement all provisions of, and to consummate, the MTA Settlement Agreement, the

21  Purchase of Shares, the Secured Loan, the Reverse Stock Split, the MMPLP Merger,

22  the Plan and the Plan Documents, and any other documents contemplated to be

23  executed therewith, on and after the Effective Date, and all such actions taken or

24  caused to be taken shall be deemed to have been authorized and approved by the

25  Bankruptcy Court without further approval, act or action under any applicable law, order

26  rule or regulation, including, without limitation, any action required by the stockholders,

27  other holders of Interests, or director of the Reorganized Debtors.  The officers of the

28

1   Reorganized Debtors are authorized and directed to execute and deliver all

2   agreements, documents, instruments, notices and certificates as are contemplated by

3   the Plan and the Plan Documents and to take all necessary actions required in

4   connection therewith, in the name of and on behalf of, the Reorganized Debtors.

5   With respect to the treatment of the PNL Pomona Secured Claim, PNL Pomona may

6   proceed with the pending non-judicial foreclosure on its collateral without further order

7   of this Court and without violating the terms of the Automatic Stay or the Release and

8   Discharge provisions of the Plan or this Confirmation Order. With respect to the MTA

9   Settlement, except as provided below, the terms of the MTA Settlement are approved in

10  their entirety and in all respects, pursuant to Bankruptcy Rule 9019 and section 1123 of

11  the Bankruptcy Code.  Upon the Effective Date, Debtor Alameda Produce is deemed to

12  have executed the MTA Settlement, and is hereby authorized to execute any additional

13  documents and take any additional steps necessary to facilitate and consummate the

14  terms of the MTA Settlement.  As the Court did not elect to pursue the Interim

15  Alternative Treatment set forth in Section 2 of the MTA Settlement, section 2 of the MTA

16  Settlement shall be without force and effect.  Prior to the Effective Date, Charlestown is

17  authorized to take such preliminary actions as are necessary to effectuate the above-

18  described transactions except that any and all actions taken by Charlestown shall not

19  bind Jointly Administered Debtors or Reorganized Debtors unless and until the Plan

20  goes effective.

21          6.    Binding Effect. On the date of and after entry of this Confirmation

22  Order and subject to the occurrence of the Effective Date, the provisions of the Plan

23  shall bind any holder of a Claim or Interest and such holder's respective successors and

24  assigns, whether or not such Claim or Interest of such holder is impaired under the

25  Plan, whether or not such holder has accepted the Plan and whether or not such holder

26  is entitled to a distribution under the Plan, and any and all non-debtor parties that are

27  parties to executory contracts and unexpired real property leases with any of the

28

Reorganized Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of the foregoing.

7.    Revesting of Assets (11 U.S.C. § 1141(b), (c)). As set forth in Article IV.B. of the Plan, as of the Effective Date, all property of the Estates shall revest in the Reorganized Debtors free and clear of all Claims, Liens, encumbrances or other Interests, except as otherwise provided in the Plan or in this Confirmation Order. From and after the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire, dispose of property and settle and compromise Claims or Interests without supervision by the Bankruptcy Court and free of any restrictions in the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and this Confirmation Order.

8.    Retained Assets. To the extent that the retention by Reorganized Debtors of assets held immediately prior to emergence in accordance with the Plan is deemed, in any instance, to constitute "transfers" of property, such transfers of property to the Reorganized Debtors (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtors with good title to such property, free and clear of all liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including by laws affecting successor or transferee liability.

9.    Distribution Record Date. The Reorganized Debtors are hereby entitled to recognize and deal for all purposes hereunder only with those record holders stated on the transfer ledgers as of the close of business on the date that is ten (10) days after the entry of this Confirmation Order (the "**Distribution Record Date**");

*provided, however,* that if the Distribution Record Date occurs on a weekend or holiday, the Distribution Record Date shall be the first business day thereafter.

10.    <u>Treatment of Executory Contracts and Unexpired Real Property Leases</u>. The provisions regarding executor contracts and unexpired real property leases, as modified by the Modifications in Paragraph 2, are hereby approved.

11.    <u>Exemption from Transfer Taxes</u>. In accordance with section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan  shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

12.    <u>Exemption from Securities Laws</u>. Except with respect to an entity that is an underwriter as defined in section 1145(b) of the Bankruptcy Code, the offer and sale of any securities under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder, and under any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker dealer in a security.

13.    <u>Payment of Statutory Fees</u>. All fees payable pursuant to Section 1930 of title 28 of the United States Code due and payable through the Effective Date shall be paid by or on behalf of a Reorganized Debtor on or before the Effective Date, and amounts due thereafter shall be paid by or on behalf of the Reorganized Debtor in the ordinary course of business until the entry of a final decree closing the respective Reorganized Debtor's Chapter 11 Case. Any deadline for filing administrative Claims or

8

other Claims in these Chapter 11 Cases shall not apply to fees payable by each

respective Plan Debtor pursuant to section 1930 of title 28 of the United States Code.

14.    Governmental Approvals Not Required. This Confirmation Order

shall constitute all approvals and consents required, if any, by the laws, rules, or

regulations of any state or any other governmental authority with respect to the

implementation or consummation of the Plan, and any documents, instruments, or

agreements, and any amendments or modifications thereto, and any other acts referred

to in or contemplated by the Plan, the Plan Documents, and any documents,

instruments, or agreements, and any amendments or modifications thereto.

15.    Filing and Recording. This Confirmation Order is and shall be

binding upon and shall govern the acts of all persons or entities including, without

limitation, all transfer agents, paying agents, filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state,

and local officials, and all other persons and entities who may be required, by operation

of law, the duties of their office, or contract, to accept, file, register, or otherwise record

or release any document or instrument. Each and every federal, state, and local

government agency is hereby directed to accept any and all documents and instruments

necessary, useful, or appropriate (including financing statements under applicable the

uniform commercial code) to effectuate, implement, and consummate the transactions

contemplated by the Plan and this Confirmation Order without payment of any recording

tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

16.    Release of Adequate Protection Liens. From and after the Effective

Date, to the extent a holder of a Claim against a Debtor also holds an Adequate

Protection Lien, such Adequate Protection Lien shall be deemed to have been released,

discharged, waived, and the holder shall have no other claim, cause of action, or other

rights with respect thereto, except as expressly provided in the Plan.

17.   <u>Discharge of Claims</u>. Pursuant to Article IV.M. of the Plan, except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall discharge the Reorganized Debtors from all existing debts and Claims and terminate any and all Interests of any kind, nature or description whatsoever against or in the Reorganized Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, upon the Effective Date, all existing Claims against and Interests in the Reorganized Debtors shall be, and shall be deemed to be, satisfied and terminated, the Reorganized Debtors shall be discharged, and all holders of such Claims and Interests shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or Interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

18.   <u>Discharge of Reorganized Debtors</u>. Pursuant to Article IV.M. of the Plan, except as otherwise expressly provided in the Plan, upon the Effective Date, in consideration of the distributions to be made under the Plan, each holder of a Claim or Interest shall be deemed to have forever waived, released and discharged the Reorganized Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim or Interest against the Reorganized Debtors.

19.   <u>Terms of Injunctions or Stays</u>. Pursuant to Article IV.M. of the Plan, unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and

1    in existence on the Confirmation Date, shall remain in full force and effect until the later

2    of the Effective Date and the date indicated in such order.

3              20.    Injunction Against Interference With Plan. Pursuant to Article IV.M.

4    of the Plan, upon entry of this Confirmation Order, all holders of Claims and Interests

5    and other parties in interest, along with their respective present or former employees,

6    agents, officers, directors, or principals, shall be enjoined from taking any actions to

7    interfere with the implementation and Consummation of the Plan.

8              21.    Exculpation. The provisions set forth in Article IV.N. of the Plan are

9    hereby approved, authorized and incorporated by reference in this Confirmation Order

10   as though set forth in full herein; *provided, however,* any such provisions shall relate

11   only to acts and transactions up to and including the Effective Date.

12             22.    Releases. The provisions contained in Article IV.N. of the Plan are

13   hereby approved, authorized and incorporated by reference in this Confirmation Order

14   as though set forth in full herein; *provided, however,* any such provisions shall relate

15   only to acts and transactions up to and including the Effective Date.

16             23.    Good Faith.  Pursuant to Bankruptcy Rule 9019(a) and sections

17   105(a) and 1123(b)(3) of the Bankruptcy Code, and in consideration for the distributions

18   and other benefits provided under the Plan, the provisions of the Plan constitute a good

19   faith compromise and settlement of all Claims and controversies resolved pursuant to

20   the Plan.  The Confirmation Order constitutes the Court's approval of the settlements

21   reflected in and transactions effectuated under the Plan.

22             24.    Retention of Causes of Action/Reservation of Rights. Pursuant to

23   Article IV.I. of the Plan, nothing contained in the Plan or the Confirmation Order shall be

24   deemed to be a waiver or the relinquishment of any rights or causes of action that the

25   Reorganized Debtors may have or may choose to assert on behalf of their respective

26   estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy

27   law, including (i) any and all Claims against any person or entity, to the extent such

28

person or entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks

affirmative relief against the Reorganized Debtors, their officers, directors, or

representatives, and (ii) the turnover of any property of the Reorganized Debtors'

estates.

25.    <u>Setoff Rights</u>. Nothing in the Plan or this Confirmation Order alters

in any way a claimant's or the Reorganized Debtors' valid right to (a) setoff under the

Bankruptcy Code or (b) recoupment.

26.    <u>Reservation of Rights</u>. Pursuant to Article IV.I. of the Plan, except

as otherwise set forth in the Plan, nothing contained in the Plan or the Confirmation

Order shall be deemed to be a waiver or relinquishment of any claim, cause of action,

right of setoff, or other legal or equitable defense which the Reorganized Debtors had

immediately prior to the Commencement Date, against or with respect to any Claim

asserted against a Debtor.  Except as otherwise set forth in the Plan, the Reorganized

Debtors shall have, retain, reserve, and be entitled to assert all such claims, causes of

actions, rights of setoff, and other legal or equitable defenses that they had immediately

prior to the Commencement Date fully as if the Chapter 11 Cases had not been

commenced, and all of the Reorganized Debtors' legal and equitable rights respecting

any such Claim may be asserted after the Confirmation Date to the same extent as if

the Chapter 11 Cases had not been commenced.

27.    <u>Notice of Entry of Confirmation Order and Occurrence of the</u>

<u>Effective Date</u>. On or before the date that is ten (10) days after occurrence of the

Effective Date, the Reorganized Debtors shall file with the Court and serve a notice of

the entry of this Confirmation Order and occurrence of the Effective Date on each of the

following at their respective addresses last known to the Reorganized Debtors: (i) the

Office of the United States Trustee for the Central District of California; (ii) counsel to

the Committees; (iii) all parties on the NEF list; and (iv) all persons or entities listed in

the Reorganized Debtors' schedules of assets and liabilities, or any amendments

thereto; and (v) any other known holders of Claims or Interests (collectively, the "**Notice Parties**"). Such service shall constitute adequate and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7), 2002(i)-(l) and 3020(c) of the confirmation of the Plan, the entry of this Confirmation Order and occurrence of the Effective Date.

28.    Disbursing Agent. All distributions under the Plan shall be made by a Reorganized Debtor or Other Debtor as Disbursing Agent or such other entity designated as a Disbursing Agent by the Reorganized Debtors on or after the Effective Date.  The Reorganized Debtors' stock transfer agent (the "**Stock Transfer Agent**") shall act as the Disbursing Agent for any distributions made to holders of Interests. A Reorganized Debtor, the Stock Transfer Agent acting as Disbursing Agent shall not be required to give any bond, surety, or any other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court, in which case all costs and expenses incurred to obtain the bond or surety shall be borne by the Reorganized Debtors. If a Disbursing Agent is not one of the Reorganized Debtors or the Stock Transfer Agent such Person shall obtain a bond or surety for the performance of its duties (proof of having obtained such bond shall be provided to the United States Trustee prior to the Effective Date), and all costs and expenses incurred to obtain the bond or surety shall be borne by the Reorganized Debtors. Furthermore, the Disbursing Agent shall notify the Bankruptcy Court and the U.S. Trustee in writing before terminating any bond or surety that is obtained. The Reorganized Debtors shall inform the U.S. Trustee in writing of any changes to the identity of the Disbursing Agent.  This Confirmation Order shall constitute authorization for and direction to the Stock Transfer Agent to transfer shares in MMPI as provided in the Plan.

29.    Professional Compensation and Reimbursement Claims. All entities seeking awards by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under sections 327, 328, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the

1  Bankruptcy Code shall (a) file, on or before the date that is Forty-five (45) days after the
2  Effective Date their respective applications for final allowances of compensation for
3  services rendered and reimbursement of expenses incurred and (b) be paid in full, in
4  Cash, in such amounts as are Allowed by the Bankruptcy Court in accordance with the
5  order(s) relating to or allowing any such Administrative Expense Claim. The
6  Reorganized Debtors are authorized to retain professionals and pay compensation for
7  professional services rendered and reimbursement of expenses incurred after the
8  Effective Date in the ordinary course and without the need for Bankruptcy Court
9  approval.

10      30.    Administrative Expenses. Administrative Expenses incurred by the
11  Reorganized Debtors following the date of the entry of this Confirmation Order shall not
12  be subject to application and may be paid by the Reorganized Debtors in the ordinary
13  course.

14      31.    Conditions to Effective Date. The Effective Date shall not occur,
15  and the Plan shall not become effective, unless and until the conditions set forth in
16  Section VI. of the Plan have been satisfied or waived.

17      32.    Effect of Failure of Conditions to Effective Date. In the event that
18  one or more of the conditions specified in Section VI of the Plan have not occurred or
19  otherwise been waived (a) this Confirmation Order as to such Reorganized Debtor shall
20  be vacated, (b) the Reorganized Debtor and all holders of Claims and Interests against
21  such Reorganized Debtor shall be restored to the status quo ante as of the day
22  immediately preceding the Confirmation Date as though the Confirmation Date never
23  occurred and (c) the Reorganized Debtor's obligations with respect to such Claims and
24  Interests shall remain unchanged and nothing contained herein shall constitute or be
25  deemed a waiver or release of any Claims or Interests by or against the Reorganized
26  Debtor or any other Person or to prejudice in any manner the rights of the Reorganized
27  Debtor or any Person in any further proceedings involving the Reorganized Debtor.

28

14

33.     <u>Amendments and Modifications of the Plan</u>.  After the Confirmation

Date and prior to "substantial consummation" of the Plan, as defined in section 1101(2)

of the Bankruptcy Code, Charlestown may, under section 1127(b) of the Bankruptcy

Code, institute proceedings in this Court to remedy any defect or omission or reconcile

any inconsistencies in the Plan, the Disclosure Statement or this Confirmation Order,

and such matters as may be necessary to carry out the purposes and effects of the

Plan, so long as such proceedings do not materially adversely affect the treatment of

holders of Claims or Interests under the Plan; *provided, however,* that prior notice of

such proceedings shall be served in accordance with the Bankruptcy Rules or orders of

the Court. A holder of a Claim or Interest that has accepted the Plan shall be deemed to

have accepted the Plan, as altered, amended or modified, if the proposed alteration,

amendment or modification does not materially and adversely change the treatment of

the Claim or Interest of such holder. For the avoidance of doubt, the foregoing shall not

effect a waiver of any rights that any party may have with respect to modification of the

Plan under section 1127 of the Bankruptcy Code.

34.     <u>Amendments and Modifications to the Plan Supplements</u>.

Charlestown is authorized to modify the Plan Supplements following entry of the

Confirmation Order and prior to the occurrence of the Effective Date, in accordance with

the terms of the Plan; *provided, however,* that Charlestown shall reasonably consult

with the Official Creditors' Committee and the Official Equity Committee prior to making

any material amendments to the Plan Supplement, and any material amendments shall

be filed on the docket.

35.     <u>Current Board of Directors</u>.  On the Effective Date and effective as

of the Effective Date, all directors on the board of directors of MMPI and all members

and managers or directors of each other Debtor shall be deemed to resign from such

positions, including, without limitation, from their positions on any committees of the

board of directors without the need for any further notice to or action, order or approval

1  of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or

2  rule.

3        36.    New Board of Directors.  On the Effective Date and effective as of

4  the Effective Date, the new members of the board of directors of Reorganized MMPI

5  and all members and managers or directors of each other Reorganized Debtor shall be

6  deemed appointed without the need for any further notice to or action, order or approval

7  of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or

8  rule.

9        37.    Resolution of Contingent, Unliquidated and Disputed Claims.

10  Except as expressly provided in the Plan or ordered by the Court prior to the Effective

11  Date, no Claim shall become an Allowed Claim unless and until such Claim is deemed

12  Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a

13  Final Order allowing such Claim.  Any claim that is not an Allowed Claim shall be

14  determined resolved or adjudicated in accordance with the terms of the Plan.  After the

15  Confirmation Date but before the Effective Date, Debtors (in consultation with

16  Charlestown, the Official Committee of Equity Holders and the Official Committee of

17  Unsecured Creditors) and after the Effective Date until the Claims Objection Bar Date,

18  the Reorganized Debtors, shall have the exclusive authority to file objections to any and

19  all Claims, regardless of whether such Claims are in a Class or otherwise.  From and

20  after the Effective Date, the Reorganized Debtors may settle or compromise any

21  disputed Claim without any further notice to or action, order or approval of the

22  Bankruptcy Court.  The Reorganized Debtors shall have the sole authority to administer

23  and adjust the Claims Register to reflect any such settlements or compromises without

24  any further notice to or action, order or approval of the Court.

25        38.    Authorization to Consummate.  The Charlestown Proponents are

26  authorized to Consummate the Plan at any time after entry of the Confirmation Order

27

28

1   subject to satisfaction or waiver (by the required parties) of the conditions precedent to

2   Consummation set forth in the Plan.

3          39.    Binding Effect of Prior Orders.  Pursuant to Rule 1141 of the

4   Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of

5   the Effective Date and subject to the terms of the Plan and this Confirmation Order, all

6   prior orders entered in these Chapter 11 cases shall be binding upon and shall inure to

7   the benefit of Debtors, the Reorganized Debtors, and their respective successors and

8   assigns.

9          40.    Status Report Under LBR 3020-1(b). Within 120 days of the entry

10  of this order, Reorganized MMPI shall file a status report explaining what progress has

11  been made toward consummation of the confirmed plan of reorganization. The initial

12  report shall be served on the United States trustee, the 20 largest unsecured creditors,

13  and those parties who have requested special notice. Further reports shall be filed

14  every days thereafter and served on the same entities, unless otherwise ordered by the

15  court.

16          The status report shall include at least the following information:

17  (1)    A schedule listing for each debt and each class of claims: the total

18         amount required to be paid under the plan; the amount required to

19         be paid as of the date of the report; the amount actually paid as of

20         the date of the report; and the deficiency, if any, in required

21         payments;

22  (2)    A schedule of any and all postconfirmation tax liabilities that have

23         accrued or come due and a detailed explanation of payments

24         thereon;

25  (3)    Debtor's projections as to its continuing ability to comply with the

26         terms of the plan;

27  (4)    An estimate of the date for plan consummation and application for

28

17

final decree; and

(5)    Any other pertinent information needed to explain the progress toward completion of the confirmed plan.

Reporting entities whose equity securities are registered under Section 12(b) of the Securities Exchange Act of 1934 may provide information from their latest 10Q or 10K filing with the S.E.C., if it is responsive to the requirements of this subsection.

Unless otherwise provided in the plan, if the above-referenced case is converted to one under chapter 7, the property of the reorganized debtor shall be revested in the chapter 7 estate.

41.    Effect of Confirmation Order on Other Orders. Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders entered in the Chapter 11 Cases pursuant to Bankruptcy Rule 9019.

42.    Inconsistency. In the event of any inconsistency between the Confirmation and the Plan or the Plan Supplements with this Order, this Order shall govern.

43.    Retention of Jurisdiction. Upon the Effective Date, this Court shall retain jurisdiction over the matters arising in, under, and related to, the Chapter 11 Cases, as set forth in Article 12 of the Plan and section 1142 of the Bankruptcy Code, and the Court's Findings and Conclusions.

44.    Governing Law. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or Plan Supplement provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit), the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California without giving effect to its principles of conflict of laws.

45.    <u>Authorization for Reorganized Debtor Guarantors</u>. Notwithstanding any limitations in the organizational documents for a particular Reorganized Debtor or anything to the contrary in the Plan Documents or Confirmation Order, the Reorganized Debtors and any of their affiliates, are hereby authorized, to the extent necessary, to enter into, deliver, and perform any and all documents or agreements as required by the Loan Modification Agreement, or in connection with the loan modifications or restructuring of any entities or non-Debtor loans.

46.    <u>Severability</u>. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (a) valid and enforceable in accordance with its terms, (b) integral to the Plan and may not be deleted or modified without the consent of the Reorganized Debtors, and (c) nonseverable and mutually dependent.

47.    <u>Reversal</u>.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Reorganized Debtors' receipt of written notice of such order.  Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

48.    <u>Stay of Confirmation Order</u>. The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order is hereby waived. This Confirmation Order shall take effect

immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

49. <u>References to Plan Provisions</u>. The failure specifically to include or to refer to any article, section or provision in the Plan, Plan Supplement or any other related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section or provision in the Plan.

50. <u>Final Confirmation Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

51. <u>Separate Confirmation Orders</u>. This Confirmation Order is and shall be deemed a separate and final Confirmation Order with respect to each of the Jointly Administered Debtors, except for the case of Merco Group – 2529 Santa Fe Avenue LLC, in each such Debtor's separate Chapter 11 Case for all purposes. The Confirmation Order is deemed docketed in the Chapter 11 Case of each of the Jointly Administered Debtors. A separate Confirmation Order is entered in the case of Merco Group – 2529 Santa Fe Avenue LLC.

###

# EXHIBIT

# B

1   CHRISTOPHER E. PRINCE (SBN 183553)
      cprince@lesnickprince.com
2   MATTHEW A. LESNICK (SBN 177594)
      matt@lesnickprince.com
3   ANDREW R. CAHILL (SBN 233798)
      acahill@lesnickprince.com
4   LESNICK PRINCE LLP
    185 Pier Avenue, Suite 103
5   Santa Monica, CA  90405
    Telephone: (213) 493-6496
6   Facsimile: (213) 493-6596

7   Attorneys for Charlestown Capital Advisors, LLC and
    Hartland Asset Management Corporation
8
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
9     CynthiaCohen@paulhastings.com
    CYNTHIA M. COHEN (State Bar No. 93639)
10  515 South Flower Street
    Twenty-Fifth Floor
11  Los Angeles, CA 90071-2228
    Telephone: (213) 683-6000
12  Facsimile: (213) 627-0705

13  Attorneys for Global Asset Capital, LLC and
    GAC Real Estate Partners, LLC

14

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:09-bk-13356-VK |
| MERUELO MADDUX PROPERTIES, INC., et al.,[1] | Chapter 11 |
| Debtors. | |
| ☒    Affects All Debtors | **ORDER CONFIRMING THE CHARLESTOWN PLAN** |

[1] Pursuant to an Order of this Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

For the reasons stated in this Court's Findings of Fact and Conclusions of Law Re: Confirmation of Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation's Second Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010 (the "Findings and Conclusions") [Dkt. No. ___], the text of which is incorporated here as if set forth fully, **IT IS HEREBY ORDERED THAT:**

1.    Order.  This Order Confirming the Charlestown Plan shall and does confirm the Chapter 11 plan of reorganization proposed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "**Plan**").  At the request of by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively "**Charlestown**"), the Plan is hereby modified pursuant to section 1127(a) of the Bankruptcy Code as forth in Paragraph 2 (the "**Technical Modifications**").  All Holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Technical Modifications.   No Holder of a Claim shall be permitted to changes its vote as a consequence of such modifications, unless otherwise agreed to by the Holder of the Claims and Charlestown.  The Technical Modifications to the Plan are hereby approved, pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  The Plan, as modified by the Technical Modifications, shall constitute the Plan submitted for Confirmation.

2.    Technical Modifications.

In addition to the Amendments and Modifications to the Plan that have been previously approved, the additional modifications reflected in the redlined "Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation's Third Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010" attached as Exhibit A to the Findings and Conclusions are approved, including the following modifications:

(a)  the treatment of claims of Roofcorp of CA, Inc. (Class 21A-2 and 54A-3)

1

1   are changed from impaired to unimpaired and, therefore, each of those claims will be paid in

2   full on the later of the Effective Date or the date upon which those claims become Allowed

3   Claims;

4           (b) the Plan provision regarding unexpired real property leases and executory

5   contracts shall be as modified to provide as follows:  Charlestown and Hartland are to

6   provide a schedule of all unexpired real property leases and executory contracts to be

7   rejected on or before the Effective Date of the Plan.  Any unexpired lease and executory

8   contract not on that schedule shall be deemed automatically assumed in accordance with the

9   provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the

10   Effective Date and any undisputed cure amounts shall be paid within 30 days of the Effective

11   Date or as otherwise agreed by the non-debtor party.  Any disputed cure amounts shall be

12   paid within 30 days of entry of a Final Order determining the cure amount, if any;

13           (c) the provision regarding dissolution of the Creditors' and Equity Committees

14   is modified to provide for dissolution 90 days after the Effective Date; and

15           (d) the Plan is modified to include the following sentence in the treatment of

16   Class 36A-2 and 36A-3 (the Cathay Bank Secured Claims): On the Effective Date, the

17   Holders shall retain their liens on the Alameda Produce Market Encumbered Real Property

18   as set forth in the current Deeds of Trust in favor of Holders encumbering such properties.

19           3.    <u>Confirmation of the Plan</u>. With respect to MMPI and the other

20   Jointly Administered Debtors (with the exception of Merco Group - 2529 Santa Fe

21   Avenue, LLC which is the subject of a separate confirmation order), the Plan and

22   each of its provisions (as such Plan may have been modified in accordance with section

23   1127(a) of the Bankruptcy Code) shall be, and hereby are, CONFIRMED under section

24   1129 of the Bankruptcy Code. The terms of the Plan, all of its exhibits and schedules,

25   and the First Plan Supplement [Docket No. 3070] and the Second Plan Supplement

26   [Docket No. 3120] (collectively the "**Plan Supplements**"), are incorporated by reference

27

28

into, and are an integral part of, the Plan and this Confirmation Order and are

authorized and approved.

4.    Objections. All objections, responses, reservations, statements and

comments in opposition to the Plan, other than those resolved or withdrawn with

prejudice prior to, or on the record at, the Confirmation Hearing are overruled for the

reasons stated on the record and in the Court's Findings and Conclusions.

5.    Plan Implementation.

a. General Authorization. The transactions described in the Plan, including

the Disclosure Statement [Docket No. 1952] and Plan Supplements (collectively the

"**Plan Documents**") are hereby approved.  On the Effective Date, and after the Effective

Date, as necessary, and without any further order of the Court or other authority, the

Reorganized Debtors and their respective directors, officers, members, agents,

attorneys, financial advisors and investment bankers are authorized and empowered

pursuant to section 1142(b) of the Bankruptcy Code and other applicable state laws (i)

to grant, issue, execute, deliver, file, or record any agreement, document, or security,

and the documents contained in the Plan or the Plan Supplements, as modified,

amended, and supplemented, in substantially the form included therein, or any other

documents related thereto and (ii) to take any action necessary or appropriate to

implement, effectuate, and consummate the Plan and the Plan Documents in

accordance with their terms.  All such actions taken or caused to be taken shall be

deemed to have been authorized and approved by the Bankruptcy Court without further

approval, act or action under any applicable law, order, rule or regulation, including,

without limitation, any action otherwise required to be taken by the holders of Interests

in, or directors of, the Reorganized Debtors, including, among other things, (a) all

transfers of assets that are to occur pursuant to the Plan, (b) the incurrence of all

obligations contemplated by the Plan and the making of all distributions under the Plan,

(c) the implementation of all settlements and compromises as set forth in or

contemplated by the Plan, and (d) the filing and/or adopting of any modifications or

amendments to the Plan and Plan Documents, and (e) entering into any and all

transactions,  contracts, leases, instruments, releases, and other documents and

arrangements permitted by applicable law, order, rule or regulation. The approvals and

authorizations specifically set forth in this Confirmation Order are nonexclusive and are

not intended to limit the authority of any Reorganized Debtor or other Debtor or any

officer thereof to take any and all actions necessary or appropriate to implement,

effectuate, and consummate any and all documents or transactions contemplated by

the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code.

Pursuant to section 1142 of the Bankruptcy Code, to the extent that, under applicable

nonbankruptcy law or the rules of any stock exchange, any of the foregoing actions that

would otherwise require approval of the equity holders or directors (or any equivalent

body) of one or more of the Reorganized Debtors, such approval shall be deemed to

have occurred and shall be in effect from and after the Effective Date pursuant to the

applicable law of the jurisdiction of incorporation or formation without any requirement of

further action by the equity holders or directors (or any equivalent body) of the

Reorganized Debtors. On the Effective Date or as soon thereafter as is practicable, the

Reorganized Debtors shall, if required, file any documents required to be filed in such

states so as to effectuate the provisions of the Plan. Any or all documents contemplated

herein shall be filed, if required, and accepted by each of the respective state filing

offices and recorded, if required, in accordance with applicable state law and shall

become effective in accordance with their terms and the provisions of state law. All

counterparties to any documents described in this paragraph are hereby directed to

execute such documents as may be required or provided by such documents, without

any further order of this Court.  Prior to the Effective Date, Charlestown is authorized to

take such preliminary actions as are necessary to have the Plan go effective except that

any and all actions taken by Charlestown shall not bind Jointly Administered Debtors or

1    Reorganized Debtors unless and until the Plan goes effective.

2            b. No Action. Pursuant to the appropriate provisions of the General

3    Corporation Law of the State of Delaware (or other comparable state law as applicable)

4    and section 1142(b) of the Bankruptcy Code, no action of the respective directors,

5    stockholders, or other holders or Interests of the Reorganized Debtors shall be required

6    to authorize the Reorganized Debtors to enter into, execute, deliver, file, adopt, amend,

7    restate, consummate, or effectuate, as the case may be, the Plan and any contract,

8    instrument, or other document to be executed, delivered, adopted or amended in

9    connection with the implementation of the Plan.

10            c. Approval of MTA Settlement Agreement, the treatment of the PNL

11    Pomona Secured Claim, the Purchase of Shares, the Secured Loan, the Reverse Stock

12    Split and the MMPLP Merger. On the Effective Date, the MTA Settlement Agreement,

13    the treatment of the PNL Pomona Secured Claim, the Purchase of Shares, the Secured

14    Loan, the Reverse Stock Split and the MMPLP merger described in the Plan are hereby

15    authorized and approved, and the Reorganized Debtors' obligations thereunder are

16    legal, valid, binding and enforceable in accordance with the terms of the Plan and the

17    documents and agreements entered into in accordance herewith. The Reorganized

18    Debtors may take or cause to be taken all corporate actions necessary or appropriate to

19    implement all provisions of, and to consummate, the MTA Settlement Agreement, the

20    Purchase of Shares, the Secured Loan, the Reverse Stock Split, the MMPLP Merger,

21    the Plan and the Plan Documents, and any other documents contemplated to be

22    executed therewith, on and after the Effective Date, and all such actions taken or

23    caused to be taken shall be deemed to have been authorized and approved by the

24    Bankruptcy Court without further approval, act or action under any applicable law, order

25    rule or regulation, including, without limitation, any action required by the stockholders,

26    other holders of Interests, or director of the Reorganized Debtors.  The officers of the

27    Reorganized Debtors are authorized and directed to execute and deliver all

28

agreements, documents, instruments, notices and certificates as are contemplated by

the Plan and the Plan Documents and to take all necessary actions required in

connection therewith, in the name of and on behalf of, the Reorganized Debtors.

With respect to the treatment of the PNL Pomona Secured Claim, PNL Pomona may

proceed with the pending non-judicial foreclosure on its collateral without further order

of this Court and without violating the terms of the Automatic Stay or the Release and

Discharge provisions of the Plan or this Confirmation Order. With respect to the MTA

Settlement, except as provided below, the terms of the MTA Settlement are approved in

their entirety and in all respects, pursuant to Bankruptcy Rule 9019 and section 1123 of

the Bankruptcy Code.  Upon the Effective Date, Debtor Alameda Produce is deemed to

have executed the MTA Settlement, and is hereby authorized to execute any additional

documents and take any additional steps necessary to facilitate and consummate the

terms of the MTA Settlement.  As the Court did not elect to pursue the Interim

Alternative Treatment set forth in Section 2 of the MTA Settlement, section 2 of the MTA

Settlement shall be without force and effect.  Prior to the Effective Date, Charlestown is

authorized to take such preliminary actions as are necessary to effectuate the above-

described transactions except that any and all actions taken by Charlestown shall not

bind Jointly Administered Debtors or Reorganized Debtors unless and until the Plan

goes effective.

        6.     <u>Binding Effect</u>. On the date of and after entry of this Confirmation

Order and subject to the occurrence of the Effective Date, the provisions of the Plan

shall bind any holder of a Claim or Interest and such holder's respective successors and

assigns, whether or not such Claim or Interest of such holder is impaired under the

Plan, whether or not such holder has accepted the Plan and whether or not such holder

is entitled to a distribution under the Plan, and any and all non-debtor parties that are

parties to executory contracts and unexpired real property leases with any of the

Reorganized Debtors, any other party in interest in the Chapter 11 Cases, and the

respective heirs, executors, administrators, successors, or assigns, if any, of the

foregoing.

7.      Revesting of Assets (11 U.S.C. § 1141(b), (c)). As set forth in

Article IV.B. of the Plan, as of the Effective Date, all property of the Estates shall revest

in the Reorganized Debtors free and clear of all Claims, Liens, encumbrances or other

Interests, except as otherwise provided in the Plan or in this Confirmation Order. From

and after the Effective Date, the Reorganized Debtors may operate their businesses

and use, acquire, dispose of property and settle and compromise Claims or Interests

without supervision by the Bankruptcy Court and free of any restrictions in the

Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed

by the Plan and this Confirmation Order.

8.      Retained Assets. To the extent that the retention by Reorganized

Debtors of assets held immediately prior to emergence in accordance with the Plan is

deemed, in any instance, to constitute "transfers" of property, such transfers of property

to the Reorganized Debtors (a) are or shall be legal, valid, and effective transfers of

property, (b) vest or shall vest the Reorganized Debtors with good title to such property,

free and clear of all liens, charges, Claims, encumbrances, or interests, except as

expressly provided in the Plan or this Confirmation Order, (c) do not and shall not

constitute avoidable transfers under the Bankruptcy Code or under applicable

nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtors to any

liability by reason of such transfer under the Bankruptcy Code or under applicable

nonbankruptcy law, including by laws affecting successor or transferee liability.

9.      Distribution Record Date. The Reorganized Debtors are hereby

entitled to recognize and deal for all purposes hereunder only with those record holders

stated on the transfer ledgers as of the close of business on the date that is ten (10)

days after the entry of this Confirmation Order (the "**Distribution Record Date**");

*provided, however,* that if the Distribution Record Date occurs on a weekend or holiday, the Distribution Record Date shall be the first business day thereafter.

10.    <u>Treatment of Executory Contracts and Unexpired Real Property Leases</u>. The provisions regarding executor contracts and unexpired real property leases, as modified by the Modifications in Paragraph 2, are hereby approved.

11.    <u>Exemption from Transfer Taxes</u>. In accordance with section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under or in connection with the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan  shall not be subject to any stamp, real estate transfer, mortgage recording or other similar tax.

12.    <u>Exemption from Securities Laws</u>. Except with respect to an entity that is an underwriter as defined in section 1145(b) of the Bankruptcy Code, the offer and sale of any securities under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder, and under any state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker dealer in a security.

13.    <u>Payment of Statutory Fees</u>. All fees payable pursuant to Section 1930 of title 28 of the United States Code due and payable through the Effective Date shall be paid by or on behalf of a Reorganized Debtor on or before the Effective Date, and amounts due thereafter shall be paid by or on behalf of the Reorganized Debtor in the ordinary course of business until the entry of a final decree closing the respective Reorganized Debtor's Chapter 11 Case. Any deadline for filing administrative Claims or

other Claims in these Chapter 11 Cases shall not apply to fees payable by each

respective Plan Debtor pursuant to section 1930 of title 28 of the United States Code.

14. <u>Governmental Approvals Not Required</u>. This Confirmation Order

shall constitute all approvals and consents required, if any, by the laws, rules, or

regulations of any state or any other governmental authority with respect to the

implementation or consummation of the Plan, and any documents, instruments, or

agreements, and any amendments or modifications thereto, and any other acts referred

to in or contemplated by the Plan, the Plan Documents, and any documents,

instruments, or agreements, and any amendments or modifications thereto.

15. <u>Filing and Recording</u>. This Confirmation Order is and shall be

binding upon and shall govern the acts of all persons or entities including, without

limitation, all transfer agents, paying agents, filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state,

and local officials, and all other persons and entities who may be required, by operation

of law, the duties of their office, or contract, to accept, file, register, or otherwise record

or release any document or instrument. Each and every federal, state, and local

government agency is hereby directed to accept any and all documents and instruments

necessary, useful, or appropriate (including financing statements under applicable the

uniform commercial code) to effectuate, implement, and consummate the transactions

contemplated by the Plan and this Confirmation Order without payment of any recording

tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

16. <u>Release of Adequate Protection Liens</u>. From and after the Effective

Date, to the extent a holder of a Claim against a Debtor also holds an Adequate

Protection Lien, such Adequate Protection Lien shall be deemed to have been released,

discharged, waived, and the holder shall have no other claim, cause of action, or other

rights with respect thereto, except as expressly provided in the Plan.

17.    <u>Discharge of Claims</u>. Pursuant to Article IV.M. of the Plan, except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall discharge the Reorganized Debtors from all existing debts and Claims and terminate any and all Interests of any kind, nature or description whatsoever against or in the Reorganized Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, upon the Effective Date, all existing Claims against and Interests in the Reorganized Debtors shall be, and shall be deemed to be, satisfied and terminated, the Reorganized Debtors shall be discharged, and all holders of such Claims and Interests shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or Interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

18.    <u>Discharge of Reorganized Debtors</u>. Pursuant to Article IV.M. of the Plan, except as otherwise expressly provided in the Plan, upon the Effective Date, in consideration of the distributions to be made under the Plan, each holder of a Claim or Interest shall be deemed to have forever waived, released and discharged the Reorganized Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim or Interest against the Reorganized Debtors.

19.    <u>Terms of Injunctions or Stays</u>. Pursuant to Article IV.M. of the Plan, unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and

in existence on the Confirmation Date, shall remain in full force and effect until the later

of the Effective Date and the date indicated in such order.

20.    Injunction Against Interference With Plan. Pursuant to Article IV.M.

of the Plan, upon entry of this Confirmation Order, all holders of Claims and Interests

and other parties in interest, along with their respective present or former employees,

agents, officers, directors, or principals, shall be enjoined from taking any actions to

interfere with the implementation and Consummation of the Plan.

21.    Exculpation. The provisions set forth in Article IV.N. of the Plan are

hereby approved, authorized and incorporated by reference in this Confirmation Order

as though set forth in full herein; *provided, however,* any such provisions shall relate

only to acts and transactions up to and including the Effective Date.

22.    Releases. The provisions contained in Article IV.N. of the Plan are

hereby approved, authorized and incorporated by reference in this Confirmation Order

as though set forth in full herein; *provided, however,* any such provisions shall relate

only to acts and transactions up to and including the Effective Date.

23.    Good Faith.  Pursuant to Bankruptcy Rule 9019(a) and sections

105(a) and 1123(b)(3) of the Bankruptcy Code, and in consideration for the distributions

and other benefits provided under the Plan, the provisions of the Plan constitute a good

faith compromise and settlement of all Claims and controversies resolved pursuant to

the Plan.  The Confirmation Order constitutes the Court's approval of the settlements

reflected in and transactions effectuated under the Plan.

24.    Retention of Causes of Action/Reservation of Rights. Pursuant to

Article IV.I. of the Plan, nothing contained in the Plan or the Confirmation Order shall be

deemed to be a waiver or the relinquishment of any rights or causes of action that the

Reorganized Debtors may have or may choose to assert on behalf of their respective

estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy

law, including (i) any and all Claims against any person or entity, to the extent such

person or entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks

affirmative relief against the Reorganized Debtors, their officers, directors, or

representatives, and (ii) the turnover of any property of the Reorganized Debtors'

estates.

25.     <u>Setoff Rights</u>. Nothing in the Plan or this Confirmation Order alters

in any way a claimant's or the Reorganized Debtors' valid right to (a) setoff under the

Bankruptcy Code or (b) recoupment.

26.     <u>Reservation of Rights</u>. Pursuant to Article IV.I. of the Plan, except

as otherwise set forth in the Plan, nothing contained in the Plan or the Confirmation

Order shall be deemed to be a waiver or relinquishment of any claim, cause of action,

right of setoff, or other legal or equitable defense which the Reorganized Debtors had

immediately prior to the Commencement Date, against or with respect to any Claim

asserted against a Debtor.  Except as otherwise set forth in the Plan, the Reorganized

Debtors shall have, retain, reserve, and be entitled to assert all such claims, causes of

actions, rights of setoff, and other legal or equitable defenses that they had immediately

prior to the Commencement Date fully as if the Chapter 11 Cases had not been

commenced, and all of the Reorganized Debtors' legal and equitable rights respecting

any such Claim may be asserted after the Confirmation Date to the same extent as if

the Chapter 11 Cases had not been commenced.

27.     <u>Notice of Entry of Confirmation Order and Occurrence of the</u>

<u>Effective Date</u>. On or before the date that is ten (10) days after occurrence of the

Effective Date, the Reorganized Debtors shall file with the Court and serve a notice of

the entry of this Confirmation Order and occurrence of the Effective Date on each of the

following at their respective addresses last known to the Reorganized Debtors: (i) the

Office of the United States Trustee for the Central District of California; (ii) counsel to

the Committees; (iii) all parties on the NEF list; and (iv) all persons or entities listed in

the Reorganized Debtors' schedules of assets and liabilities, or any amendments

thereto; and (v) any other known holders of Claims or Interests (collectively, the "**Notice Parties**"). Such service shall constitute adequate and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7), 2002(i)-(l) and 3020(c) of the confirmation of the Plan, the entry of this Confirmation Order and occurrence of the Effective Date.

28.    Disbursing Agent. All distributions under the Plan shall be made by a Reorganized Debtor or Other Debtor as Disbursing Agent or such other entity designated as a Disbursing Agent by the Reorganized Debtors on or after the Effective Date.  The Reorganized Debtors' stock transfer agent (the "**Stock Transfer Agent**") shall act as the Disbursing Agent for any distributions made to holders of Interests. A Reorganized Debtor, the Stock Transfer Agent acting as Disbursing Agent shall not be required to give any bond, surety, or any other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court, in which case all costs and expenses incurred to obtain the bond or surety shall be borne by the Reorganized Debtors. If a Disbursing Agent is not one of the Reorganized Debtors or the Stock Transfer Agent such Person shall obtain a bond or surety for the performance of its duties (proof of having obtained such bond shall be provided to the United States Trustee prior to the Effective Date), and all costs and expenses incurred to obtain the bond or surety shall be borne by the Reorganized Debtors. Furthermore, the Disbursing Agent shall notify the Bankruptcy Court and the U.S. Trustee in writing before terminating any bond or surety that is obtained. The Reorganized Debtors shall inform the U.S. Trustee in writing of any changes to the identity of the Disbursing Agent.  This Confirmation Order shall constitute authorization for and direction to the Stock Transfer Agent to transfer shares in MMPI as provided in the Plan.

29.    Professional Compensation and Reimbursement Claims. All entities seeking awards by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under sections 327, 328, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the

Bankruptcy Code shall (a) file, on or before the date that is Forty-five (45) days after the
Effective Date their respective applications for final allowances of compensation for
services rendered and reimbursement of expenses incurred and (b) be paid in full, in
Cash, in such amounts as are Allowed by the Bankruptcy Court in accordance with the
order(s) relating to or allowing any such Administrative Expense Claim. The
Reorganized Debtors are authorized to retain professionals and pay compensation for
professional services rendered and reimbursement of expenses incurred after the
Effective Date in the ordinary course and without the need for Bankruptcy Court
approval.

30.    Administrative Expenses. Administrative Expenses incurred by the
Reorganized Debtors following the date of the entry of this Confirmation Order shall not
be subject to application and may be paid by the Reorganized Debtors in the ordinary
course.

31.    Conditions to Effective Date. The Effective Date shall not occur,
and the Plan shall not become effective, unless and until the conditions set forth in
Section VI. of the Plan have been satisfied or waived.

32.    Effect of Failure of Conditions to Effective Date. In the event that
one or more of the conditions specified in Section VI of the Plan have not occurred or
otherwise been waived (a) this Confirmation Order as to such Reorganized Debtor shall
be vacated, (b) the Reorganized Debtor and all holders of Claims and Interests against
such Reorganized Debtor shall be restored to the status quo ante as of the day
immediately preceding the Confirmation Date as though the Confirmation Date never
occurred and (c) the Reorganized Debtor's obligations with respect to such Claims and
Interests shall remain unchanged and nothing contained herein shall constitute or be
deemed a waiver or release of any Claims or Interests by or against the Reorganized
Debtor or any other Person or to prejudice in any manner the rights of the Reorganized
Debtor or any Person in any further proceedings involving the Reorganized Debtor.

33.    <u>Amendments and Modifications of the Plan</u>.  After the Confirmation

Date and prior to "substantial consummation" of the Plan, as defined in section 1101(2)

of the Bankruptcy Code, Charlestown may, under section 1127(b) of the Bankruptcy

Code, institute proceedings in this Court to remedy any defect or omission or reconcile

any inconsistencies in the Plan, the Disclosure Statement or this Confirmation Order,

and such matters as may be necessary to carry out the purposes and effects of the

Plan, so long as such proceedings do not materially adversely affect the treatment of

holders of Claims or Interests under the Plan; *provided, however,* that prior notice of

such proceedings shall be served in accordance with the Bankruptcy Rules or orders of

the Court. A holder of a Claim or Interest that has accepted the Plan shall be deemed to

have accepted the Plan, as altered, amended or modified, if the proposed alteration,

amendment or modification does not materially and adversely change the treatment of

the Claim or Interest of such holder. For the avoidance of doubt, the foregoing shall not

effect a waiver of any rights that any party may have with respect to modification of the

Plan under section 1127 of the Bankruptcy Code.

34.    <u>Amendments and Modifications to the Plan Supplements</u>.

Charlestown is authorized to modify the Plan Supplements following entry of the

Confirmation Order and prior to the occurrence of the Effective Date, in accordance with

the terms of the Plan; *provided, however,* that Charlestown shall reasonably consult

with the Official Creditors' Committee and the Official Equity Committee prior to making

any material amendments to the Plan Supplement, and any material amendments shall

be filed on the docket.

35.    <u>Current Board of Directors</u>.  On the Effective Date and effective as

of the Effective Date, all directors on the board of directors of MMPI and all members

and managers or directors of each other Debtor shall be deemed to resign from such

positions, including, without limitation, from their positions on any committees of the

board of directors without the need for any further notice to or action, order or approval

1  of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or

2  rule.

3          36.    New Board of Directors.  On the Effective Date and effective as of

4  the Effective Date, the new members of the board of directors of Reorganized MMPI

5  and all members and managers or directors of each other Reorganized Debtor shall be

6  deemed appointed without the need for any further notice to or action, order or approval

7  of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or

8  rule.

9          37.    Resolution of Contingent, Unliquidated and Disputed Claims.

10  Except as expressly provided in the Plan or ordered by the Court prior to the Effective

11  Date, no Claim shall become an Allowed Claim unless and until such Claim is deemed

12  Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a

13  Final Order allowing such Claim.  Any claim that is not an Allowed Claim shall be

14  determined resolved or adjudicated in accordance with the terms of the Plan.  After the

15  Confirmation Date but before the Effective Date, Debtors (in consultation with

16  Charlestown, the Official Committee of Equity Holders and the Official Committee of

17  Unsecured Creditors) and after the Effective Date until the Claims Objection Bar Date,

18  the Reorganized Debtors, shall have the exclusive authority to file objections to any and

19  all Claims, regardless of whether such Claims are in a Class or otherwise.  From and

20  after the Effective Date, the Reorganized Debtors may settle or compromise any

21  disputed Claim without any further notice to or action, order or approval of the

22  Bankruptcy Court.  The Reorganized Debtors shall have the sole authority to administer

23  and adjust the Claims Register to reflect any such settlements or compromises without

24  any further notice to or action, order or approval of the Court.

25          38.    Authorization to Consummate.  The Charlestown Proponents are

26  authorized to Consummate the Plan at any time after entry of the Confirmation Order

27

28

1   subject to satisfaction or waiver (by the required parties) of the conditions precedent to

2   Consummation set forth in the Plan.

3       39.   Binding Effect of Prior Orders.  Pursuant to Rule 1141 of the

4   Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of

5   the Effective Date and subject to the terms of the Plan and this Confirmation Order, all

6   prior orders entered in these Chapter 11 cases shall be binding upon and shall inure to

7   the benefit of Debtors, the Reorganized Debtors, and their respective successors and

8   assigns.

9       40.   Status Report Under LBR 3020-1(b). Within 120 days of the entry

10  of this order, Reorganized MMPI shall file a status report explaining what progress has

11  been made toward consummation of the confirmed plan of reorganization. The initial

12  report shall be served on the United States trustee, the 20 largest unsecured creditors,

13  and those parties who have requested special notice. Further reports shall be filed

14  every days thereafter and served on the same entities, unless otherwise ordered by the

15  court.

16       The status report shall include at least the following information:

17       (1)   A schedule listing for each debt and each class of claims: the total

18             amount required to be paid under the plan; the amount required to

19             be paid as of the date of the report; the amount actually paid as of

20             the date of the report; and the deficiency, if any, in required

21             payments;

22       (2)   A schedule of any and all postconfirmation tax liabilities that have

23             accrued or come due and a detailed explanation of payments

24             thereon;

25       (3)   Debtor's projections as to its continuing ability to comply with the

26             terms of the plan;

27       (4)   An estimate of the date for plan consummation and application for

28

17

final decree; and

(5)    Any other pertinent information needed to explain the progress toward completion of the confirmed plan.

Reporting entities whose equity securities are registered under Section 12(b) of the Securities Exchange Act of 1934 may provide information from their latest 10Q or 10K filing with the S.E.C., if it is responsive to the requirements of this subsection.

Unless otherwise provided in the plan, if the above-referenced case is converted to one under chapter 7, the property of the reorganized debtor shall be revested in the chapter 7 estate.

41.    Effect of Confirmation Order on Other Orders. Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders entered in the Chapter 11 Cases pursuant to Bankruptcy Rule 9019.

42.    Inconsistency. In the event of any inconsistency between the Confirmation and the Plan or the Plan Supplements with this Order, this Order shall govern.

43.    Retention of Jurisdiction. Upon the Effective Date, this Court shall retain jurisdiction over the matters arising in, under, and related to, the Chapter 11 Cases, as set forth in Article 12 of the Plan and section 1142 of the Bankruptcy Code, and the Court's Findings and Conclusions.

44.    Governing Law. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or Plan Supplement provides otherwise (in which case the governing law specified therein shall be applicable to such exhibit), the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California without giving effect to its principles of conflict of laws.

45. <u>Authorization for Reorganized Debtor Guarantors</u>. Notwithstanding any limitations in the organizational documents for a particular Reorganized Debtor or anything to the contrary in the Plan Documents or Confirmation Order, the Reorganized Debtors and any of their affiliates, are hereby authorized, to the extent necessary, to enter into, deliver, and perform any and all documents or agreements as required by the Loan Modification Agreement, or in connection with the loan modifications or restructuring of any entities or non-Debtor loans.

46. <u>Severability</u>. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is (a) valid and enforceable in accordance with its terms, (b) integral to the Plan and may not be deleted or modified without the consent of the Reorganized Debtors, and (c) nonseverable and mutually dependent.

47. <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Reorganized Debtors' receipt of written notice of such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

48. <u>Stay of Confirmation Order</u>. The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order is hereby waived. This Confirmation Order shall take effect

immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g), 6006(d), or 7062.

49.    <u>References to Plan Provisions</u>. The failure specifically to include or to refer to any article, section or provision in the Plan, Plan Supplement or any other related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section or provision in the Plan.

50.    <u>Final Confirmation Order</u>.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

51.    <u>Separate Confirmation Orders</u>. This Confirmation Order is and shall be deemed a separate and final Confirmation Order with respect to each of the Jointly Administered Debtors, except for the case of Merco Group – 2529 Santa Fe Avenue LLC, in each such Debtor's separate Chapter 11 Case for all purposes. The Confirmation Order is deemed docketed in the Chapter 11 Case of each of the Jointly Administered Debtors. A separate Confirmation Order is entered in the case of Merco Group – 2529 Santa Fe Avenue LLC.

###

# EXHIBIT

# C

1  CHRISTOPHER E. PRINCE (SBN 183553)
   cprince@lesnickprince.com
2  MATTHEW A. LESNICK (SBN 177594)
   matt@lesnickprince.com
3  ANDREW R. CAHILL (SBN 233798)
   acahill@lesnickprince.com
4  LESNICK PRINCE LLP
  185 Pier Avenue, Suite 103
5  Santa Monica, CA  90405
  Telephone: (213) 493-6496
6  Facsimile: (213) 493-6596

7  Attorneys for Charlestown Capital Advisors, LLC and
  Hartland Asset Management Corporation
8
  PAUL, HASTINGS, JANOFSKY & WALKER LLP
9    CynthiaCohen@paulhastings.com
  CYNTHIA M. COHEN (State Bar No. 93639)
10  515 South Flower Street
  Twenty-Fifth Floor
11  Los Angeles, CA 90071-2228
  Telephone: (213) 683-6000
12  Facsimile: (213) 627-0705

13  Attorneys for Global Asset Capital, LLC and
  GAC Real Estate Partners, LLC
14
15                    **UNITED STATES BANKRUPTCY COURT**

16                     **CENTRAL DISTRICT OF CALIFORNIA**

17                     **SAN FERNANDO VALLEY DIVISION**
18

| 19 | In re | Case No. 1:09-bk-13356-VK |
|---|---|---|
| 20 | MERUELO MADDUX PROPERTIES, INC., et al.,[1] | Chapter 11 |
| 21 | | |
| 22 | Debtors. | **ORDER CONFIRMING THE CHARLESTOWN PLAN** |
| 23 | ☒   Affects All Debtors | |
| 24 | | |

25

26  [1] Pursuant to an Order of this Court, this case is being jointly administered with 53 chapter 11
  cases filed by affiliated entities. The affiliated case numbers are as follows:
27  1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and
  1:09-bk-13439-VK.
28

For the reasons stated in this Court's Findings of Fact and Conclusions of Law Re: Confirmation of Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation's Second Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010 (the "Findings and Conclusions") [Dkt. No. ___], the text of which is incorporated here as if set forth fully, **IT IS HEREBY ORDERED THAT:**

Order.  This Order Confirming the Charlestown Plan shall and does confirm the Chapter 11 plan of reorganization proposed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the "**Plan**").  At the request of by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively "**Charlestown**"), the Plan is hereby modified pursuant to section 1127(a) of the Bankruptcy Code as forth in Paragraph 2 (the "**Technical Modifications**").  All Holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Technical Modifications.   No Holder of a Claim shall be permitted to changes its vote as a consequence of such modifications, unless otherwise agreed to by the Holder of the Claims and Charlestown.  The Technical Modifications to the Plan are hereby approved, pursuant to Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  The Plan, as modified by the Technical Modifications, shall constitute the Plan submitted for Confirmation.

Technical Modifications.

In addition to the Amendments and Modifications to the Plan that have been previously approved, the additional modifications reflected in the redlined "Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation's Third Modified Fourth Amended Chapter 11 Plan of Reorganization Dated October 14, 2010" attached as Exhibit A to the Findings and Conclusions are approved, including the following modifications:

(a)  the payment to Holders of Interests in Class 1F is increased from 35 cents

1

1 | ~~per share to 45 cents per share;~~

2 | ~~(b)  the~~ treatment of claims of Roofcorp of CA, Inc. (Class 21A-2 and 54A-3)

3 | are changed from impaired to unimpaired and, therefore, each of those claims will be paid in

4 | full on the later of the Effective Date or the date upon which those claims become Allowed

5 | Claims;

6 | (~~c~~b) the Plan provision regarding unexpired real property leases and executory

7 | contracts shall be as modified to provide as follows:  Charlestown and Hartland are to

8 | provide a schedule of all unexpired real property leases and executory contracts to be

9 | rejected on or before the Effective Date of the Plan.  Any unexpired lease and executory

10 | contract not on that schedule shall be deemed automatically assumed in accordance with the

11 | provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the

12 | Effective Date and any undisputed cure amounts shall be paid within 30 days of the Effective

13 | Date or as otherwise agreed by the non-debtor party.  Any disputed cure amounts shall be

14 | paid within 30 days of entry of a Final Order determining the cure amount, if any;

15 | (~~d~~c) the provision regarding dissolution of the Creditors' and Equity

16 | Committees is modified to provide for dissolution 90 days after the Effective Date; and

17 | (~~e~~d) the Plan is modified to include the following sentence in the treatment of

18 | Class 36A-2 and 36A-3 (the Cathay Bank Secured ~~Claim~~Claims): On the Effective Date, the

19 | ~~Holder~~Holders shall retain ~~its~~their liens on the Alameda Produce Market Encumbered Real

20 | Property as set forth in the current Deeds of Trust in favor of ~~Holder~~Holders encumbering

21 | such properties.

22 | Confirmation of the Plan. With respect to MMPI and the other

23 | Jointly Administered Debtors (with the exception of Merco Group - 2529 Santa Fe

24 | Avenue, LLC which is the subject of a separate confirmation order), the Plan and

25 | each of its provisions (as such Plan may have been modified in accordance with section

26 | 1127(a) of the Bankruptcy Code) shall be, and hereby are, CONFIRMED under section

27 | 1129 of the Bankruptcy Code. The terms of the Plan, all of its exhibits and schedules,

28 |

1  and the First Plan Supplement [Docket No. 3070] and the Second Plan Supplement

2  [Docket No. 3120] (collectively the "**Plan Supplements**"), are incorporated by reference

3  into, and are an integral part of, the Plan and this Confirmation Order and are

4  authorized and approved.

5                    Objections. All objections, responses, reservations, statements and

6  comments in opposition to the Plan, other than those resolved or withdrawn with

7  prejudice prior to, or on the record at, the Confirmation Hearing are overruled for the

8  reasons stated on the record and in the Court's Findings and Conclusions.

9                    Plan Implementation.

10                    a. General Authorization. The transactions described in the Plan, including

11  the Disclosure Statement [Docket No. 1952] and Plan Supplements (collectively the

12  "**Plan Documents**") are hereby approved.  On or before the Effective Date, and after

13  the Effective Date, as necessary, and without any further order of the Court or other

14  authority, the Reorganized Debtors and their respective directors, officers, members,

15  agents, attorneys, financial advisors and investment bankers are authorized and

16  empowered pursuant to section 1142(b) of the Bankruptcy Code and other applicable

17  state laws (i) to grant, issue, execute, deliver, file, or record any agreement, document,

18  or security, and the documents contained in the Plan or the Plan Supplements, as

19  modified, amended, and supplemented, in substantially the form included therein, or

20  any other documents related thereto and (ii) to take any action necessary or appropriate

21  to implement, effectuate, and consummate the Plan and the Plan Documents in

22  accordance with their terms.  All such actions taken or caused to be taken shall be

23  deemed to have been authorized and approved by the Bankruptcy Court without further

24  approval, act or action under any applicable law, order, rule or regulation, including,

25  without limitation, any action otherwise required to be taken by the holders of Interests

26  in, or directors of, the Reorganized Debtors, including, among other things, (a) all

27  transfers of assets that are to occur pursuant to the Plan, (b) the incurrence of all

28

3

1   obligations contemplated by the Plan and the making of all distributions under the Plan,

2   (c) the implementation of all settlements and compromises as set forth in or

3   contemplated by the Plan, and (d) the filing and/or adopting of any modifications or

4   amendments to the Plan and Plan Documents, and (e) entering into any and all

5   transactions,  contracts, leases, instruments, releases, and other documents and

6   arrangements permitted by applicable law, order, rule or regulation. The approvals and

7   authorizations specifically set forth in this Confirmation Order are nonexclusive and are

8   not intended to limit the authority of any Reorganized Debtor or other Debtor or any

9   officer thereof to take any and all actions necessary or appropriate to implement,

10  effectuate, and consummate any and all documents or transactions contemplated by

11  the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code.

12  Pursuant to section 1142 of the Bankruptcy Code, to the extent that, under applicable

13  nonbankruptcy law or the rules of any stock exchange, any of the foregoing actions that

14  would otherwise require approval of the equity holders or directors (or any equivalent

15  body) of one or more of the Reorganized Debtors, such approval shall be deemed to

16  have occurred and shall be in effect from and after the Effective Date pursuant to the

17  applicable law of the jurisdiction of incorporation or formation without any requirement of

18  further action by the equity holders or directors (or any equivalent body) of the

19  Reorganized Debtors. On the Effective Date or as soon thereafter as is practicable, the

20  Reorganized Debtors shall, if required, file any documents required to be filed in such

21  states so as to effectuate the provisions of the Plan. Any or all documents contemplated

22  herein shall be filed, if required, and accepted by each of the respective state filing

23  offices and recorded, if required, in accordance with applicable state law and shall

24  become effective in accordance with their terms and the provisions of state law. All

25  counterparties to any documents described in this paragraph are hereby directed to

26  execute such documents as may be required or provided by such documents, without

27  any further order of this Court.  Prior to the Effective Date, Charlestown is authorized to

28

4

1   take such preliminary actions as are necessary to have the Plan go effective except that

2   any and all actions taken by Charlestown shall not bind Jointly Administered Debtors or

3   Reorganized Debtors unless and until the Plan goes effective.

4              b. No Action. Pursuant to the appropriate provisions of the General

5   Corporation Law of the State of Delaware (or other comparable state law as applicable)

6   and section 1142(b) of the Bankruptcy Code, no action of the respective directors,

7   stockholders, or other holders or Interests of the Reorganized Debtors shall be required

8   to authorize the Reorganized Debtors to enter into, execute, deliver, file, adopt, amend,

9   restate, consummate, or effectuate, as the case may be, the Plan and any contract,

10  instrument, or other document to be executed, delivered, adopted or amended in

11  connection with the implementation of the Plan.

12             c. Approval of MTA Settlement Agreement, the treatment of the PNL

13  Pomona Secured Claim, the Purchase of Shares, the Secured Loan, the Reverse Stock

14  Split and the MMPLP Merger. TheOn the Effective Date, the MTA Settlement

15  Agreement, the treatment of the PNL Pomona Secured Claim, the Purchase of Shares,

16  the Secured Loan, the Reverse Stock Split and the MMPLP merger described in the

17  Plan are hereby authorized and approved, and the Reorganized Debtors' obligations

18  thereunder are legal, valid, binding and enforceable in accordance with the terms of the

19  Plan and the documents and agreements entered into in accordance herewith. The

20  Reorganized Debtors may take or cause to be taken all corporate actions necessary or

21  appropriate to implement all provisions of, and to consummate, the MTA Settlement

22  Agreement, the Purchase of Shares, the Secured Loan, the Reverse Stock Split, the

23  MMPLP Merger, the Plan and the Plan Documents, and any other documents

24  contemplated to be executed therewith, prior to, on and after the Effective Date, and all

25  such actions taken or caused to be taken shall be deemed to have been authorized and

26  approved by the Bankruptcy Court without further approval, act or action under any

27  applicable law, order rule or regulation, including, without limitation, any action required

28

1  by the stockholders, other holders of Interests, or director of the Reorganized Debtors.

2  The officers of the Reorganized Debtors are authorized and directed to execute and

3  deliver all agreements, documents, instruments, notices and certificates as are

4  contemplated by the Plan and the Plan Documents and to take all necessary actions

5  required in connection therewith, in the name of and on behalf of, the Reorganized

6  Debtors.

7  With respect to the treatment of the PNL Pomona Secured Claim, PNL Pomona may

8  proceed with the pending non-judicial foreclosure on its collateral without further order

9  of this Court and without violating the terms of the Automatic Stay or the Release and

10  Discharge provisions of the Plan or this Confirmation Order. With respect to the MTA

11  Settlement, except as provided below, the terms of the MTA Settlement are approved in

12  their entirety and in all respects, pursuant to Bankruptcy Rule 9019 and section 1123 of

13  the Bankruptcy Code.  Upon the Effective Date, Debtor Alameda Produce is deemed to

14  have executed the MTA Settlement, and is hereby authorized to execute any additional

15  documents and take any additional steps necessary to facilitate and consummate the

16  terms of the MTA Settlement.  As the Court did not elect to pursue the Interim

17  Alternative Treatment set forth in Section 2 of the MTA Settlement, section 2 of the MTA

18  Settlement shall be without force and effect.  Prior to the Effective Date, Charlestown is

19  authorized to take such preliminary actions as are necessary to effectuate the

20  above-described transactions except that any and all actions taken by Charlestown shall

21  not bind Jointly Administered Debtors or Reorganized Debtors unless and until the Plan

22  goes effective.

23                    Binding Effect. On the date of and after entry of this Confirmation

24  Order and subject to the occurrence of the Effective Date, the provisions of the Plan

25  shall bind any holder of a Claim or Interest and such holder's respective successors and

26  assigns, whether or not such Claim or Interest of such holder is impaired under the

27  Plan, whether or not such holder has accepted the Plan and whether or not such holder

28

1    is entitled to a distribution under the Plan, and any and all non-debtor parties that are

2    parties to executory contracts and unexpired real property leases with any of the

3    Reorganized Debtors, any other party in interest in the Chapter 11 Cases, and the

4    respective heirs, executors, administrators, successors, or assigns, if any, of the

5    foregoing.

6              Revesting of Assets (11 U.S.C. § 1141(b), (c)). As set forth in

7    Article IV.B. of the Plan, as of the Effective Date, all property of the Estates shall revest

8    in the Reorganized Debtors free and clear of all Claims, Liens, encumbrances or other

9    Interests, except as otherwise provided in the Plan or in this Confirmation Order. From

10   and after the Effective Date, the Reorganized Debtors may operate their businesses

11   and use, acquire, dispose of property and settle and compromise Claims or Interests

12   without supervision by the Bankruptcy Court and free of any restrictions in the

13   Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed

14   by the Plan and this Confirmation Order.

15             Retained Assets. To the extent that the retention by Reorganized

16   Debtors of assets held immediately prior to emergence in accordance with the Plan is

17   deemed, in any instance, to constitute "transfers" of property, such transfers of property

18   to the Reorganized Debtors (a) are or shall be legal, valid, and effective transfers of

19   property, (b) vest or shall vest the Reorganized Debtors with good title to such property,

20   free and clear of all liens, charges, Claims, encumbrances, or interests, except as

21   expressly provided in the Plan or this Confirmation Order, (c) do not and shall not

22   constitute avoidable transfers under the Bankruptcy Code or under applicable

23   nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtors to any

24   liability by reason of such transfer under the Bankruptcy Code or under applicable

25   nonbankruptcy law, including by laws affecting successor or transferee liability.

26             Distribution Record Date. The Reorganized Debtors are hereby

27   entitled to recognize and deal for all purposes hereunder only with those record holders

28

1   stated on the transfer ledgers as of the close of business on the date that is ten (10)

2   days after the entry of this Confirmation Order (the "**Distribution Record Date**");

3   *provided, however,* that if the Distribution Record Date occurs on a weekend or holiday,

4   the Distribution Record Date shall be the first business day thereafter.

5   <u>Treatment of Executory Contracts and Unexpired Real Property</u>

6   <u>Leases</u>. The provisions regarding executor contracts and unexpired real property

7   leases, as modified by the Modifications in Paragraph 2, are hereby approved.

8   <u>Exemption from Transfer Taxes</u>. In accordance with section

9   1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity

10  securities under or in connection with the Plan, the creation of any mortgage, deed of

11  trust or other security interest, the making or assignment of any lease or sublease or the

12  making or delivery of any deed or other instrument of transfer under, in furtherance of,

13  or in connection with the Plan, including any merger agreements or agreements of

14  consolidation, deeds, bills of sale or assignments executed in connection with any of the

15  transactions contemplated under the Plan  shall not be subject to any stamp, real estate

16  transfer, mortgage recording or other similar tax.

17  <u>Exemption from Securities Laws</u>. Except with respect to an entity

18  that is an underwriter as defined in section 1145(b) of the Bankruptcy Code, the offer

19  and sale of any securities under the Plan shall be exempt from registration under the

20  Securities Act of 1933, as amended, and all rules and regulations promulgated

21  thereunder, and under any state or local law requiring registration for offer or sale of a

22  security or registration or licensing of an issuer of, underwriter of, or broker dealer in a

23  security.

24  <u>Payment of Statutory Fees</u>. All fees payable pursuant to Section

25  1930 of title 28 of the United States Code due and payable through the Effective Date

26  shall be paid by or on behalf of a Reorganized Debtor on or before the Effective Date,

27  and amounts due thereafter shall be paid by or on behalf of the Reorganized Debtor in

28

1  the ordinary course of business until the entry of a final decree closing the respective

2  Reorganized Debtor's Chapter 11 Case. Any deadline for filing administrative Claims or

3  other Claims in these Chapter 11 Cases shall not apply to fees payable by each

4  respective Plan Debtor pursuant to section 1930 of title 28 of the United States Code.

5            Governmental Approvals Not Required. This Confirmation Order

6  shall constitute all approvals and consents required, if any, by the laws, rules, or

7  regulations of any state or any other governmental authority with respect to the

8  implementation or consummation of the Plan, and any documents, instruments, or

9  agreements, and any amendments or modifications thereto, and any other acts referred

10 to in or contemplated by the Plan, the Plan Documents, and any documents,

11 instruments, or agreements, and any amendments or modifications thereto.

12            Filing and Recording. This Confirmation Order is and shall be

13 binding upon and shall govern the acts of all persons or entities including, without

14 limitation, all transfer agents, paying agents, filing agents, filing officers, title agents, title

15 companies, recorders of mortgages, recorders of deeds, registrars of deeds,

16 administrative agencies, governmental departments, secretaries of state, federal, state,

17 and local officials, and all other persons and entities who may be required, by operation

18 of law, the duties of their office, or contract, to accept, file, register, or otherwise record

19 or release any document or instrument. Each and every federal, state, and local

20 government agency is hereby directed to accept any and all documents and instruments

21 necessary, useful, or appropriate (including financing statements under applicable the

22 uniform commercial code) to effectuate, implement, and consummate the transactions

23 contemplated by the Plan and this Confirmation Order without payment of any recording

24 tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

25            Release of Adequate Protection Liens. From and after the Effective

26 Date, to the extent a holder of a Claim against a Debtor also holds an Adequate

27 Protection Lien, such Adequate Protection Lien shall be deemed to have been released,

28

9

1  discharged, waived, and the holder shall have no other claim, cause of action, or other

2  rights with respect thereto, except as expressly provided in the Plan.

3  Discharge of Claims. Pursuant to Article IV.M. of the Plan, except

4  as provided in the Plan, the rights afforded in and the payments and distributions to be

5  made under the Plan shall discharge the Reorganized Debtors from all existing debts

6  and Claims and terminate any and all Interests of any kind, nature or description

7  whatsoever against or in the Reorganized Debtors or any of their assets or properties to

8  the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided

9  in the Plan, upon the Effective Date, all existing Claims against and Interests in the

10  Reorganized Debtors shall be, and shall be deemed to be, satisfied and terminated, the

11  Reorganized Debtors shall be discharged, and all holders of such Claims and Interests

12  shall be precluded and enjoined from asserting against the Reorganized Debtors, their

13  successors or assignees or any of their assets or properties, any other or further Claim

14  or Interest based upon any act or omission, transaction or other activity of any kind or

15  nature that occurred prior to the Effective Date, whether or not such holder has filed a

16  proof of Claim or Interest and whether or not the facts or legal bases therefor were

17  known or existed prior to the Effective Date.

18  Discharge of Reorganized Debtors. Pursuant to Article IV.M. of the

19  Plan, except as otherwise expressly provided in the Plan, upon the Effective Date, in

20  consideration of the distributions to be made under the Plan, each holder of a Claim or

21  Interest and any Affiliate of such holder shall be deemed to have forever waived,

22  released and discharged the Reorganized Debtors, to the fullest extent permitted by

23  section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights

24  and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such

25  persons shall be forever precluded and enjoined, pursuant to section 524 of the

26  Bankruptcy Code, from prosecuting or asserting any such discharged Claim or Interest

27  against the Reorganized Debtors.

28

10

Terms of Injunctions or Stays. Pursuant to Article IV.M. of the Plan, unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in such order.

Injunction Against Interference With Plan. Pursuant to Article IV.M. of the Plan, upon entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation and Consummation of the Plan.

Exculpation. The provisions set forth in Article IV.N. of the Plan are hereby approved, authorized and incorporated by reference in this Confirmation Order as though set forth in full herein; *provided, however,* any such provisions shall relate only to acts and transactions up to and including the Effective Date.

Releases. The provisions contained in Article IV.N. of the Plan are hereby approved, authorized and incorporated by reference in this Confirmation Order as though set forth in full herein; *provided, however,* any such provisions shall relate only to acts and transactions up to and including the Effective Date.

Good Faith.  Pursuant to Bankruptcy Rule 9019(a) and sections 105(a) and 1123(b)(3) of the Bankruptcy Code, and in consideration for the distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved pursuant to the Plan.  The Confirmation Order constitutes the Court's approval of the settlements reflected in and transactions effectuated under the Plan.

Retention of Causes of Action/Reservation of Rights. Pursuant to Article IV.I. of the Plan, nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or the relinquishment of any rights or causes of action that the

1  Reorganized Debtors may have or may choose to assert on behalf of their respective

2  estates under any provision of the Bankruptcy Code or any applicable non-bankruptcy

3  law, including (i) any and all Claims against any person or entity, to the extent such

4  person or entity asserts a crossclaim, counterclaim, and/or Claim for setoff which seeks

5  affirmative relief against the Reorganized Debtors, their officers, directors, or

6  representatives, and (ii) the turnover of any property of the Reorganized Debtors'

7  estates.

8       Setoff Rights. Nothing in the Plan or this Confirmation Order alters

9  in any way a claimant's or the Reorganized Debtors' valid right to (a) setoff under the

10  Bankruptcy Code or (b) recoupment.

11       Reservation of Rights. Pursuant to Article IV.I. of the Plan, except

12  as otherwise set forth in the Plan, nothing contained in the Plan or the Confirmation

13  Order shall be deemed to be a waiver or relinquishment of any claim, cause of action,

14  right of setoff, or other legal or equitable defense which the Reorganized Debtors had

15  immediately prior to the Commencement Date, against or with respect to any Claim

16  asserted against a Debtor.  Except as otherwise set forth in the Plan, the Reorganized

17  Debtors shall have, retain, reserve, and be entitled to assert all such claims, causes of

18  actions, rights of setoff, and other legal or equitable defenses that they had immediately

19  prior to the Commencement Date fully as if the Chapter 11 Cases had not been

20  commenced, and all of the Reorganized Debtors' legal and equitable rights respecting

21  any such Claim may be asserted after the Confirmation Date to the same extent as if

22  the Chapter 11 Cases had not been commenced.

23       Notice of Entry of Confirmation Order and Occurrence of the

24  Effective Date. On or before the date that is ten (10) days after occurrence of the

25  Effective Date, the Reorganized Debtors shall file with the Court and serve a notice of

26  the entry of this Confirmation Order and occurrence of the Effective Date on each of the

27  following at their respective addresses last known to the Reorganized Debtors: (i) the

28

Office of the United States Trustee for the Central District of California; (ii) counsel to the Committees; (iii) all parties on the NEF list; and (iv) all persons or entities listed in the Reorganized Debtors' schedules of assets and liabilities, or any amendments thereto; and (v) any other known holders of Claims or Interests (collectively, the "**Notice Parties**"). Such service shall constitute adequate and sufficient notice pursuant to Bankruptcy Rule 2002(f)(7), 2002(i)-(l) and 3020(c) of the confirmation of the Plan, the entry of this Confirmation Order and occurrence of the Effective Date.

Disbursing Agent. All distributions under the Plan shall be made by a Reorganized Debtor or Other Debtor as Disbursing Agent or such other entity designated as a Disbursing Agent by the Reorganized Debtors on or after the Effective Date.  The Reorganized Debtors' stock transfer agent (the "**Stock Transfer Agent**") shall act as the Disbursing Agent for any distributions made to holders of Interests. A Reorganized Debtor, the Stock Transfer Agent acting as Disbursing Agent shall not be required to give any bond, surety, or any other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court, in which case all costs and expenses incurred to obtain the bond or surety shall be borne by the Reorganized Debtors. If a Disbursing Agent is not one of the Reorganized Debtors or the Stock Transfer Agent such Person shall obtain a bond or surety for the performance of its duties (proof of having obtained such bond shall be provided to the United States Trustee prior to the Effective Date), and all costs and expenses incurred to obtain the bond or surety shall be borne by the Reorganized Debtors. Furthermore, the Disbursing Agent shall notify the Bankruptcy Court and the U.S. Trustee in writing before terminating any bond or surety that is obtained. The Reorganized Debtors shall inform the U.S. Trustee in writing of any changes to the identity of the Disbursing Agent.  This Confirmation Order shall constitute authorization for and direction to the Stock Transfer Agent to transfer shares in MMPI as provided in the Plan.

1          <u>Professional Compensation and Reimbursement Claims</u>. All entities

2 seeking awards by the Bankruptcy Court of compensation for services rendered or

3 reimbursement of expenses incurred through and including the Confirmation Date under

4 sections 327, 328, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the

5 Bankruptcy Code shall (a) file, on or before the date that is Forty-five (45) days after the

6 Effective Date their respective applications for final allowances of compensation for

7 services rendered and reimbursement of expenses incurred and (b) be paid in full, in

8 Cash, in such amounts as are Allowed by the Bankruptcy Court in accordance with the

9 order(s) relating to or allowing any such Administrative Expense Claim. The

10 Reorganized Debtors are authorized to retain professionals and pay compensation for

11 professional services rendered and reimbursement of expenses incurred after the

12 Effective Date in the ordinary course and without the need for Bankruptcy Court

13 approval.

14          <u>Administrative Expenses</u>. Administrative Expenses incurred by the

15 Reorganized Debtors following the date of the entry of this Confirmation Order shall not

16 be subject to application and may be paid by the Reorganized Debtors in the ordinary

17 course.

18          <u>Conditions to Effective Date</u>. The Effective Date shall not occur,

19 and the Plan shall not become effective, unless and until the conditions set forth in

20 Section VI. of the Plan have been satisfied or waived.

21          <u>Effect of Failure of Conditions to Effective Date</u>. In the event that

22 one or more of the conditions specified in Section VI of the Plan have not occurred or

23 otherwise been waived (a) this Confirmation Order as to such Reorganized Debtor shall

24 be vacated, (b) the Reorganized Debtor and all holders of Claims and Interests against

25 such Reorganized Debtor shall be restored to the status quo ante as of the day

26 immediately preceding the Confirmation Date as though the Confirmation Date never

27 occurred and (c) the Reorganized Debtor's obligations with respect to such Claims and

28

1  Interests shall remain unchanged and nothing contained herein shall constitute or be

2  deemed a waiver or release of any Claims or Interests by or against the Reorganized

3  Debtor or any other Person or to prejudice in any manner the rights of the Reorganized

4  Debtor or any Person in any further proceedings involving the Reorganized Debtor.

5            33.    Substantial Consummation. On the Effective Date, the Plan shall be

6  deemed to be substantially consummated under sections 1101 and 1127(b) of the

7  Bankruptcy Code.

8            34. Amendments and Modifications of the Plan.  After the

9  Confirmation Date and prior to "substantial consummation" of the Plan, as defined in

10 section 1101(2) of the Bankruptcy Code, Charlestown may, under section 1127(b) of the

11 Bankruptcy Code, institute proceedings in this Court to remedy any defect or omission

12 or reconcile any inconsistencies in the Plan, the Disclosure Statement or this

13 Confirmation Order, and such matters as may be necessary to carry out the purposes

14 and effects of the Plan, so long as such proceedings do not materially adversely affect

15 the treatment of holders of Claims or Interests under the Plan; *provided, however,* that

16 prior notice of such proceedings shall be served in accordance with the Bankruptcy

17 Rules or orders of the Court. A holder of a Claim or Interest that has accepted the Plan

18 shall be deemed to have accepted the Plan, as altered, amended or modified, if the

19 proposed alteration, amendment or modification does not materially and adversely

20 change the treatment of the Claim or Interest of such holder. For the avoidance of

21 doubt, the foregoing shall not effect a waiver of any rights that any party may have with

22 respect to modification of the Plan under section 1127 of the Bankruptcy Code.

23            35. Amendments and Modifications to the Plan Supplements.

24 Charlestown is authorized to modify the Plan Supplements following entry of the

25 Confirmation Order and prior to the occurrence of the Effective Date, in accordance with

26 the terms of the Plan; *provided, however,* that Charlestown shall reasonably consult

27 with the Official Creditors' Committee and the Official Equity Committee prior to making

28

1  any material amendments to the Plan Supplement, and any material amendments shall

2  be filed on the docket.

3  36. Current Board of Directors.  On the Effective Date and effective

4  as of the Effective Date, all directors on the board of directors of MMPI and all members

5  and managers or directors of each other Debtor shall be deemed to resign from such

6  positions, including, without limitation, from their positions on any committees of the

7  board of directors without the need for any further notice to or action, order or approval

8  of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or

9  rule.

10  37. New Board of Directors.  On the Effective Date and effective as

11  of the Effective Date, the new members of the board of directors of Reorganized MMPI

12  and all members and managers or directors of each other Reorganized Debtor shall be

13  deemed appointed without the need for any further notice to or action, order or approval

14  of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or

15  rule.

16  38. Resolution of Contingent, Unliquidated and Disputed Claims.

17  Except as expressly provided in the Plan or ordered by the Court prior to the Effective

18  Date, no Claim shall become an Allowed Claim unless and until such Claim is deemed

19  Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a

20  Final Order allowing such Claim.  Any claim that is not an Allowed Claim shall be

21  determined resolved or adjudicated in accordance with the terms of the Plan.  After the

22  Confirmation Date but before the Effective Date, Debtors (in consultation with

23  Charlestown, the Official Committee of Equity Holders and the Official Committee of

24  Unsecured Creditors) and after the Effective Date until the Claims Objection Bar Date,

25  the Reorganized Debtors, shall have the exclusive authority to file objections to any and

26  all Claims, regardless of whether such Claims are in a Class or otherwise.  From and

27  after the Effective Date, the Reorganized Debtors may settle or compromise any

28

1  disputed Claim without any further notice to or action, order or approval of the

2  Bankruptcy Court.  The Reorganized Debtors shall have the sole authority to administer

3  and adjust the Claims Register to reflect any such settlements or compromises without

4  any further notice to or action, order or approval of the Court.

5          39. Authorization to Consummate.  The Charlestown Proponents

6  are authorized to Consummate the Plan at any time after entry of the Confirmation

7  Order subject to satisfaction or waiver (by the required parties) of the conditions

8  precedent to Consummation set forth in the Plan.

9          40. Binding Effect of Prior Orders.  Pursuant to Rule 1141 of the

10  Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of

11  the Effective Date and subject to the terms of the Plan and this Confirmation Order, all

12  prior orders entered in these Chapter 11 cases shall be binding upon and shall inure to

13  the benefit of Debtors, the Reorganized Debtors, and their respective successors and

14  assigns.

15          41. Status Report Under LBR 3020-1(b). Within 120 days of the

16  entry of this order, Reorganized MMPI shall file a status report explaining what progress

17  has been made toward consummation of the confirmed plan of reorganization. The

18  initial report shall be served on the United States trustee, the 20 largest unsecured

19  creditors, and those parties who have requested special notice. Further reports shall be

20  filed every days thereafter and served on the same entities, unless otherwise ordered

21  by the court.

22          The status report shall include at least the following information:

23          (1)    A schedule listing for each debt and each class of claims: the total

24                amount required to be paid under the plan; the amount required to

25                be paid as of the date of the report; the amount actually paid as of

26                the date of the report; and the deficiency, if any, in required

27                payments;

28

(2)    A schedule of any and all postconfirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon;

(3)    Debtor's projections as to its continuing ability to comply with the terms of the plan;

(4)    An estimate of the date for plan consummation and application for final decree; and

(5)    Any other pertinent information needed to explain the progress toward completion of the confirmed plan.

Reporting entities whose equity securities are registered under Section 12(b) of the Securities Exchange Act of 1934 may provide information from their latest 10Q or 10K filing with the S.E.C., if it is responsive to the requirements of this subsection.

Unless otherwise provided in the plan, if the above-referenced case is converted to one under chapter 7, the property of the reorganized debtor shall be revested in the chapter 7 estate, ~~except that, in individual cases, the postpetition income from personal services and proceeds thereof, and postconfirmation gifts or inheritances pursuant to 11 U.S.C. §§ 541(a)(5)(A), 541(a)(6), 1115(a) or 1115(b), shall not automatically revest in the chapter 7 estate~~.

~~42.~~ Effect of Confirmation Order on Other Orders. Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders entered in the Chapter 11 Cases pursuant to Bankruptcy Rule 9019.

~~43.~~ Inconsistency. In the event of any inconsistency between the Confirmation and the Plan or the Plan Supplements with this Order, this Order shall govern.

~~44.~~ Retention of Jurisdiction. Upon the Effective Date, this Court shall retain jurisdiction over the matters arising in, under, and related to, the Chapter 11

1    Cases, as set forth in Article 12 of the Plan and section 1142 of the Bankruptcy Code,

2    and the Court's Findings and Conclusions.

3    45. Governing Law. Except to the extent that the Bankruptcy Code

4    or other federal law is applicable, or to the extent an exhibit to the Plan or Plan

5    Supplement provides otherwise (in which case the governing law specified therein shall

6    be applicable to such exhibit), the rights, duties, and obligations arising under the Plan

7    shall be governed by, and construed and enforced in accordance with, the laws of the

8    State of California without giving effect to its principles of conflict of laws.

9    46. Authorization for Reorganized Debtor Guarantors.

10   Notwithstanding any limitations in the organizational documents for a particular

11   Reorganized Debtor or anything to the contrary in the Plan Documents or Confirmation

12   Order, the Reorganized Debtors and any of their affiliates, are hereby authorized, to the

13   extent necessary, to enter into, deliver, and perform any and all documents or

14   agreements as required by the Loan Modification Agreement, or in connection with the

15   loan modifications or restructuring of any entities or non-Debtor loans.

16   47. Severability. This Confirmation Order shall constitute a judicial

17   determination and shall provide that each term and provision of the Plan, as it may have

18   been altered or interpreted in accordance with the foregoing, is (a) valid and

19   enforceable in accordance with its terms, (b) integral to the Plan and may not be deleted

20   or modified without the consent of the Reorganized Debtors, and (c) nonseverable and

21   mutually dependent.

22   48. Reversal. If any or all of the provisions of this Confirmation

23   Order are hereafter reversed, modified, or vacated by subsequent order of this Court or

24   any other court, such reversal, modification, or vacatur shall not affect the validity of the

25   acts or obligations incurred or undertaken under or in connection with the Plan prior to

26   the Reorganized Debtors' receipt of written notice of such order.  Notwithstanding any

27   such reversal, modification, or vacatur of this Confirmation Order, any such act or

28

1  obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation

2  Order prior to the effective date of such reversal, modification, or vacatur shall be

3  governed in all respects by the provisions of this Confirmation Order and the Plan and

4  all related documents or any amendments or modifications thereto.

5            49. Stay of Confirmation Order. The requirements under

6  Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of

7  14 days after entry of the order is hereby waived. This Confirmation Order shall take

8  effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e),

9  6004(g), 6006(d), or 7062.

10            50. References to Plan Provisions. The failure specifically to include

11 or to refer to any article, section or provision in the Plan, Plan Supplement or any other

12 related document in this Confirmation Order shall not diminish or impair the

13 effectiveness of such article, section or provision in the Plan.

14            51. Final Confirmation Order.  This Confirmation Order is a Final

15 Order and the period in which an appeal must be filed shall commence upon the entry

16 hereof.

17            52. Separate Confirmation Orders. This Confirmation Order is and

18 shall be deemed a separate and final Confirmation Order with respect to each of the

19 Jointly Administered Debtors, except for the case of Merco Group – 2529 Santa Fe

20 Avenue LLC, in each such Debtor's separate Chapter 11 Case for all purposes. The

21 Confirmation Order is deemed docketed in the Chapter 11 Case of each of the Jointly

22 Administered Debtors. A separate Confirmation Order is entered in the case of Merco

23 Group – 2529 Santa Fe Avenue LLC.

24                              ###

25

26

27

28

| In re:  MERUELO MADDUX PROPERTIES, INC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA  90405

A true and correct copy of the foregoing documents described as: NOTICE OF FILING OF REVISED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:  CONFIRMATION OF CHARLESTOWN CAPITAL ADVISORS, LLC AND HARTLAND ASSET MANAGEMENT CORPORATION'S SECOND MODIFIED FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 14, 2010

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 13, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____June 13, 2011_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL**
Honorable Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 305
Woodland Hills, CA 91367

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 12, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 13, 2011   Christopher E. Prince | /s/ Christopher E. Prince |
|---|---|
| Date                      Type Name | Signature |

| In re: | CHAPTER 11 |
|---|---|
| MERUELO MADDUX PROPERTIES, INC | |
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

## F 9013-3.1

### Parties receiving electronic notice:

- Michael C Abel mcabel@mac.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net
- Eric D Goldberg egoldberg@stutman.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com

| In re: | | CHAPTER 11 |
|---|---|---|
| | MERUELO MADDUX PROPERTIES, INC | |
| | Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham jag@jmbm.com
- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com
- Peter J Gurfein pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- Whitman L Holt wholt@ktbslaw.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com
- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009     **F 9013-3.1**

| In re:  MERUELO MADDUX PROPERTIES, INC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:09-bk-13356-KT |

- Kenneth J Shaffer jshaffer@stutman.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com
- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com
- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                **F 9013-3.1**