1  CHRISTOPHER E. PRINCE (SBN 183553)
      cprince@lesnickprince.com
2  MATTHEW A. LESNICK (SBN 177594)
      matt@lesnickprince.com
3  ANDREW R. CAHILL (SBN 233798)
      acahill@lesnickprince.com
4  LESNICK PRINCE LLP
   185 Pier Avenue, Suite 103
5  Santa Monica, CA  90405
   Telephone: (213) 493-6496
6  Facsimile: (213) 493-6596

7  Attorneys for Charlestown Capital Advisors, LLC and
   Hartland Asset Management Corporation
8
9  PAUL, HASTINGS, JANOFSKY & WALKER LLP
      CynthiaCohen@paulhastings.com
   CYNTHIA M. COHEN (State Bar No. 93639)
10  515 South Flower Street
   Twenty-Fifth Floor
11  Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
12  Facsimile: (213) 627-0705

13  Attorneys for Global Asset Capital, LLC and
   GAC Real Estate Partners, LLC
14

**FILED & ENTERED**

**JUN 24 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY pgarcia    DEPUTY CLERK

**CHANGES MADE BY COURT**

15                **UNITED STATES BANKRUPTCY COURT**

                  **CENTRAL DISTRICT OF CALIFORNIA**
16
                  **SAN FERNANDO VALLEY DIVISION**
17

18  In re                                    Case No. 1:09-bk-13356-VK

    MERUELO MADDUX PROPERTIES,                Chapter 11
19  INC., et al.,

20          Debtors.

                                             **ORDER CONFIRMING THE**
21  ──────────────────────                   **CHARLESTOWN PLAN**

22  ☒    Affects All Debtors

23  ──────────────────────

24          *This matter came on for trial at 9:30 in the forenoon of January 27, 2011*

25  *upon the "Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties,*

26  *Inc., et al. Dated September 20, 2010," as modified by the "First Modified Fourth*

27  *Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated*

28

1  September 20, 2010" and the "Second Modified Fourth Amended Joint Plan of

2  Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010,"

3  and upon the Charlestown Capital Advisors, LLC's and Hartland Asset Management

4  Corporation's Fourth Amended Plan of Reorganization Dated October 14, 2010, as

5  modified by the Charlestown Capital Advisors, LLC's and Hartland Asset Management

6  Corporation's First Modified Fourth Amended Plan of Reorganization Dated October 14,

7  2010," before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge,

8  United States Bankruptcy Court for the Central District of California San Fernando

9  Valley Division, Courtroom 301, 21041 Burbank Blvd., Woodland Hills, California 91367.

10  The trial continued on January 28, 2011, February 4, 2011, February 9, 2011, February

11  10, 2011, February 11, 2011, February 28, 2011, March 7, 2011, March 10, 2011,

12  March 17, 2011, March 21, 2011, March 23, 2011, March 24, 2011, March 25, 2011 and

13  March 29, 2011.  Post-trial status conferences and motion hearings were held on April

14  8, 2011, April 28, 2011, May 9, 2011, May 17, 2011, May 19, 2011 and June 13, 2011

15  with respect to the "Third Modified Fourth Amended Joint Plan of Reorganization of

16  Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010," and the "Joint Plan

17  of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated May 3, 2011" and

18  with respect to the "Charlestown Capital Advisors, LLC's and Hartland Asset

19  Management Corporation's Second Modified Fourth Amended Plan of Reorganization

20  Dated October 14, 2010".  Debtor and debtor in possession Meruelo Maddux

21  Properties, Inc. ("**MMPI**") and its 53 affiliated debtors and debtors in possession

22  (collectively, with MMPI, the "**Jointly Administered Debtors**") appeared by and

23  through their counsel of record John N. Tedford, IV of Danning, Gill, Diamond & Kollitz,

24  LLP and Gary E. Klausner of Stutman Treister & Glatt Professional Corporation.

25  Charlestown Capital Advisors, LLC ("Charlestown") and Hartland Asset Management

26  Corporation ("Hartland") appeared by and through their counsel of record Christopher E.

27  Prince of Lesnick Prince LLP and their specially appearing counsel Cynthia M. Cohen of

28

1    *Paul, Hastings, Janofsky & Walker LLP. The Official Committee of Unsecured Creditors*

2    *appeared by and through its Bankruptcy Counsel of record Dean G. Rallis, Jr. of*

3    *Sulmeyer Kupetz A Professional Corporation. The Official Committee of Equity Holders*

4    *appeared by and through its counsel Kenneth K. Lee of Jenner & Block LLP, Ronald S.*

5    *Orr of Ron Orr & Professionals, Inc. and Georgiana G. Rodiger of Rodiger Law Offices.*

6    *Other appearances for creditors, equity holders and parties in interest were as noted on*

7    *the official record of proceedings.* [1]

8         For the reasons stated *on the record at the hearings held on May 19, 2011*

9    *and June 13, 2011, and as will be supplemented in written* ~~in this Court's~~ Findings of

10    Fact and Conclusions of Law Re: Confirmation of Charlestown Capital Advisors, LLC

11    and Hartland Asset Management Corporation's Second Modified Fourth Amended

12    Chapter 11 Plan of Reorganization Dated October 14, 2010 *to be filed subsequently to*

13    *the entry of this Order* (the "Findings and Conclusions") ~~[Dkt. No. ___], the text of which~~

14    ~~is incorporated here as if set forth fully,~~

15         **IT IS HEREBY ORDERED THAT:**

16         1.    <u>Order</u>. This Order Confirming the Charlestown Plan ***("Confirmation***

17    ***Order")*** shall and does confirm the Chapter 11 plan of reorganization proposed by

18    Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (the

19    "**Plan**"). At the request of by Charlestown Capital Advisors, LLC and Hartland Asset

20    Management Corporation (collectively "**Charlestown**"), the Plan is hereby modified pursuant

21    to section 1127(a) of the Bankruptcy Code as forth in Paragraph 2 (the "**Technical**

22    **Modifications**"). All Holders of Claims who voted to accept the Plan or who are conclusively

23    presumed to have accepted the Plan are deemed to have accepted the Plan as modified by

24

25

26    [1] Pursuant to an Order of this Court, this case is being jointly administered with 53 chapter 11 cases filed by affiliated entities. The affiliated case numbers are as follows: 1:09-bk-13338-VK; 1:09-bk-13358-VK through 1:09-bk-13407-VK; 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

27

28

the Technical Modifications.   No Holder of a Claim shall be permitted to changes its vote as

a consequence of such modifications, unless otherwise agreed to by the Holder of the Claims

and Charlestown.  The Technical Modifications to the Plan are hereby approved, pursuant to

Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.  The Plan, as modified by

the Technical Modifications, shall constitute the Plan submitted for Confirmation.

2.    <u>Technical Modifications</u>.

In addition to the Amendments and Modifications to the Plan that have been

previously approved, the additional modifications reflected in the redlined "Charlestown

Capital Advisors, LLC and Hartland Asset Management Corporation's Third Modified Fourth

Amended Chapter 11 Plan of Reorganization Dated October 14, 2010" attached as Exhibit A

to the *Notice of Filing of Third Modified Fourth Amended Chapter 11 Plan of Reorganization

Dated October 14, 2010 [Dkt. No. 3223]* ~~Findings and Conclusions~~ are approved, including

the following modifications:

(a)  the payment to Holders of Interests in Class 1F is increased from 35 cents

per share to 45 cents per share;

(b)  the treatment of claims of Roofcorp of CA, Inc. (Class*es* 21A-2 and 54A-3)

are changed from impaired to unimpaired and, therefore, each of those claims will be paid in

full on the later of the Effective Date or the date upon which those claims become Allowed

Claims;

(c) the Plan provision regarding unexpired real property leases and executory

contracts shall be as modified to provide as follows:  Charlestown *must file* ~~and Hartland are~~

~~to provide~~ a schedule of all unexpired real property leases and executory contracts to be

rejected on or before the Effective Date of the Plan.  Any unexpired lease and executory

contract not on that schedule shall be deemed automatically assumed in accordance with the

provisions and requirements of sections 365 and 1123 of the Bankruptcy Code as of the

Effective Date and any undisputed cure amounts shall be paid within 30 days of the Effective

Date or as otherwise agreed by the non-debtor party.  Any disputed cure amounts shall be

3

1   paid within 30 days of entry of a Final Order determining the cure amount, if any;

2   (d) the provision regarding dissolution of the Creditors' and Equity Committees

3   is modified to provide for dissolution 90 days after the Effective Date; and

4   (e) the Plan is modified to include the following sentence in the treatment of

5   Class 36A-2 and 36A-3 (the Cathay Bank Secured Claims): On the Effective Date, the

6   Holders (either Cathay Bank or Purchaser as applicable) shall retain their liens on the

7   Alameda Produce Market Encumbered Real Property as set forth in the current Deeds of

8   Trust in favor of Holders encumbering such properties.

9   3.    Confirmation of the Plan. With respect to MMPI and the other

10  Jointly Administered Debtors (with the exception of Merco Group - 2529 Santa Fe

11  Avenue, LLC which *will be* is the subject of a separate confirmation order), the Plan

12  and each of its provisions (as such Plan may have been modified in accordance with

13  section 1127(a) of the Bankruptcy Code) shall be, and hereby are, CONFIRMED under

14  section 1129 of the Bankruptcy Code. The terms of the Plan (a copy of which is

15  attached to this Order as Exhibit 1), all of its exhibits and schedules, and the First Plan

16  Supplement [Docket No. 3070] and the Second Plan Supplement [Docket No. 3120]

17  (collectively the "**Plan Supplements**"), are incorporated by reference into, and are an

18  integral part of, the Plan and this Confirmation Order and are authorized and approved.

19  4.    Objections. All objections, responses, reservations, statements and

20  comments in opposition to the Plan, other than those resolved or withdrawn with

21  prejudice prior to, or on the record at, the Confirmation Hearing are overruled for the

22  reasons stated on the record and in the Court's Findings and Conclusions.

23  5.    Plan Implementation.

24  a. General Authorization. The transactions described in the Plan, including

25  the Disclosure Statement [Docket No. 1952] and Plan Supplements (collectively the

26  "**Plan Documents**") are hereby approved.  On the Effective Date, and after the Effective

27  Date, as necessary, and without any further order of the Court or other authority, the

28

4

1  Reorganized Debtors and their respective directors, officers, members, agents,

2  attorneys, financial advisors and investment bankers are authorized and empowered

3  pursuant to section 1142(b) of the Bankruptcy Code and other applicable state laws (i)

4  to grant, issue, execute, deliver, file, or record any agreement, document, or security,

5  and the documents contained in the Plan or the Plan Supplements, as modified,

6  amended, and supplemented, in substantially the form included therein, or any other

7  documents related thereto and (ii) to take any action necessary or appropriate to

8  implement, effectuate, and consummate the Plan and the Plan Documents in

9  accordance with their terms.  All such actions taken or caused to be taken shall be

10  deemed to have been authorized and approved by the Bankruptcy Court without further

11  approval, act or action under any applicable law, order, rule or regulation, including,

12  without limitation, any action otherwise required to be taken by the holders of Interests

13  in, or directors of, the Reorganized Debtors, including, among other things, (a) all

14  transfers of assets that are to occur pursuant to the Plan, (b) the incurrence of all

15  obligations contemplated by the Plan and the making of all distributions under the Plan,

16  (c) the implementation of all settlements and compromises as set forth in or

17  contemplated by the Plan, and (d) the filing and/or adopting of any modifications or

18  amendments to the Plan and Plan Documents, and (e) entering into any and all

19  transactions,  contracts, leases, instruments, releases, and other documents and

20  arrangements permitted by applicable law, order, rule or regulation. The approvals and

21  authorizations specifically set forth in this Confirmation Order are nonexclusive and are

22  not intended to limit the authority of any Reorganized Debtor or other Debtor or any

23  officer thereof to take any and all actions necessary or appropriate to implement,

24  effectuate, and consummate any and all documents or transactions contemplated by

25  the Plan or this Confirmation Order pursuant to section 1142(b) of the Bankruptcy Code.

26  Pursuant to section 1142 of the Bankruptcy Code, to the extent that, under applicable

27  nonbankruptcy law or the rules of any stock exchange, any of the foregoing actions that

28

1 would otherwise require approval of the equity holders or directors (or any equivalent

2 body) of one or more of the Reorganized Debtors, such approval shall be deemed to

3 have occurred and shall be in effect from and after the Effective Date pursuant to the

4 applicable law of the jurisdiction of incorporation or formation without any requirement of

5 further action by the equity holders or directors (or any equivalent body) of the

6 Reorganized Debtors. On the Effective Date or as soon thereafter as is practicable, the

7 Reorganized Debtors shall, if required, file any documents required to be filed in such

8 states so as to effectuate the provisions of the Plan. Any or all documents contemplated

9 herein shall be filed, if required, and accepted by each of the respective state filing

10 offices and recorded, if required, in accordance with applicable state law and shall

11 become effective in accordance with their terms and the provisions of state law. All

12 counterparties to any documents described in this paragraph are hereby directed to

13 execute such documents as may be required or provided by such documents, without

14 any further order of this Court.  Prior to the Effective Date, Charlestown is authorized to

15 take such preliminary actions as are necessary to have the Plan go effective except that

16 any and all actions taken by Charlestown shall not bind Jointly Administered Debtors or

17 Reorganized Debtors unless and until the Plan goes effective.

18          b. No Action. Pursuant to the appropriate provisions of the General

19 Corporation Law of the State of Delaware (or other comparable state law as applicable)

20 and section 1142(b) of the Bankruptcy Code, no action of the respective directors,

21 stockholders, or other holders or Interests of the Reorganized Debtors shall be required

22 to authorize the Reorganized Debtors to enter into, execute, deliver, file, adopt, amend,

23 restate, consummate, or effectuate, as the case may be, the Plan and any contract,

24 instrument, or other document to be executed, delivered, adopted or amended in

25 connection with the implementation of the Plan.

26

27

28

1              c. Approval of MTA Settlement Agreement, the treatment of the PNL

2  Pomona Secured Claim, the Purchase of Shares, the Secured Loan, the Reverse Stock

3  Split and the MMPLP Merger. On the Effective Date, the MTA Settlement Agreement,

4  the treatment of the PNL Pomona Secured Claim, the Purchase of Shares, the Secured

5  Loan, the Reverse Stock Split and the MMPLP merger described in the Plan are hereby

6  authorized and approved, and the Reorganized Debtors' obligations thereunder are

7  legal, valid, binding and enforceable in accordance with the terms of the Plan and the

8  documents and agreements entered into in accordance herewith. The Reorganized

9  Debtors may take or cause to be taken all corporate actions necessary or appropriate to

10  implement all provisions of, and to consummate, the MTA Settlement Agreement, the

11  Purchase of Shares, the Secured Loan, the Reverse Stock Split, the MMPLP Merger,

12  the Plan and the Plan Documents, and any other documents contemplated to be

13  executed therewith, on and after the Effective Date, and all such actions taken or

14  caused to be taken shall be deemed to have been authorized and approved by the

15  Bankruptcy Court without further approval, act or action under any applicable law, order

16  rule or regulation, including, without limitation, any action required by the stockholders,

17  other holders of Interests, or director of the Reorganized Debtors.  The officers of the

18  Reorganized Debtors are authorized and directed to execute and deliver all

19  agreements, documents, instruments, notices and certificates as are contemplated by

20  the Plan and the Plan Documents and to take all necessary actions required in

21  connection therewith, in the name of and on behalf of, the Reorganized Debtors.

22  With respect to the treatment of the PNL Pomona Secured Claim, PNL Pomona may

23  proceed with the pending non-judicial foreclosure on its collateral without further order

24  of this Court and without violating the terms of the Automatic Stay or the Release and

25  Discharge provisions of the Plan or this Confirmation Order. With respect to the MTA

26  Settlement, except as provided below, the terms of the MTA Settlement are approved in

27  their entirety and in all respects, pursuant to Bankruptcy Rule 9019 and section 1123 of

28

the Bankruptcy Code.  Upon the Effective Date, Debtor Alameda Produce is deemed to

have executed the MTA Settlement, and is hereby authorized to execute any additional

documents and take any additional steps necessary to facilitate and consummate the

terms of the MTA Settlement.  As the Court did not elect to pursue the Interim

Alternative Treatment set forth in Section 2 of the MTA Settlement, section 2 of the MTA

Settlement shall be without force and effect.  Prior to the Effective Date, Charlestown is

authorized to take such preliminary actions as are necessary to effectuate the above-

described transactions except that any and all actions taken by Charlestown shall not

bind Jointly Administered Debtors or Reorganized Debtors unless and until the Plan

goes effective.

6. <u>Binding Effect</u>. On the date of and after entry of this Confirmation

Order and subject to the occurrence of the Effective Date, the provisions of the Plan

shall bind any holder of a Claim or Interest and such holder's respective successors and

assigns, whether or not such Claim or Interest of such holder is impaired under the

Plan, whether or not such holder has accepted the Plan and whether or not such holder

is entitled to a distribution under the Plan, and any and all non-debtor parties that are

parties to executory contracts and unexpired real property leases with any of the

Reorganized Debtors, any other party in interest in the Chapter 11 Cases, and the

respective heirs, executors, administrators, successors, or assigns, if any, of the

foregoing.

7. <u>Revesting of Assets (11 U.S.C. § 1141(b), (c))</u>. As set forth in

Article IV.B. of the Plan, as of the Effective Date, all property of the Estates shall revest

in the Reorganized Debtors free and clear of all Claims, Liens, encumbrances or other

Interests, except as otherwise provided in the Plan or in this Confirmation Order. From

and after the Effective Date, the Reorganized Debtors may operate their businesses

and use, acquire, dispose of property and settle and compromise Claims or Interests

without supervision by the Bankruptcy Court and free of any restrictions in the

Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and this Confirmation Order.

8.    Retained Assets. To the extent that the retention by Reorganized Debtors of assets held immediately prior to emergence in accordance with the Plan is deemed, in any instance, to constitute "transfers" of property, such transfers of property to the Reorganized Debtors (a) are or shall be legal, valid, and effective transfers of property, (b) vest or shall vest the Reorganized Debtors with good title to such property, free and clear of all liens, charges, Claims, encumbrances, or interests, except as expressly provided in the Plan or this Confirmation Order, (c) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) do not and shall not subject the Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including by laws affecting successor or transferee liability.

9.    Distribution Record Date. The Reorganized Debtors are hereby entitled to recognize and deal for all purposes hereunder only with those record holders stated on the transfer ledgers of MMPI as of 11:59 p.m. EDT on the business day immediately prior to the Effective Date (the "Record Date"); *provided, however,* that if the Record Date occurs on a weekend or holiday, the Record Date shall be the first business day thereafter.  All record holders on the Record Date shall receive $0.35 per share for their shares of MMPI Common Stock being purchased pursuant to the Plan; provided, however, that (a) (i) Merco Group - Roosevelt Building, LLC, (ii) Richard Meruelo, as trustee of the Richard Meruelo Living Trust U/D/T dated September 15, 1989 and (iii) Sunstone Bella Vista LLC shall receive $0.45 per share for all such purchased shares held as of 11:59 p.m. EDT on May 18, 2011 (the " Deadline") that are also held as of the Record Date and (b) any other record holder claiming to be Insider Equity shall be required to provide evidence to MMPIA of his, her or its status as Insider Equity and ownership of the MMPI Common Stock as of the Deadline and the Record

1  Date in order to receive an additional $0.10 per share for all shares held as of such

2  dates which are being purchased pursuant to the Plan.

3        10.   Treatment of Executory Contracts and Unexpired Real Property

4  Leases. The provisions regarding executory contracts and unexpired real property

5  leases, as modified by the *Technical* Modifications in Paragraph 2 *of this Confirmation*

6  *Order*, are hereby approved.

7        11.   Exemption from Transfer Taxes. In accordance with section

8  1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity

9  securities under or in connection with the Plan, the creation of any mortgage, deed of

10  trust or other security interest, the making or assignment of any lease or sublease or the

11  making or delivery of any deed or other instrument of transfer under, in furtherance of,

12  or in connection with the Plan, including any merger agreements or agreements of

13  consolidation, deeds, bills of sale or assignments executed in connection with any of the

14  transactions contemplated under the Plan  shall not be subject to any stamp, real estate

15  transfer, mortgage recording or other similar tax.

16        12.   Exemption from Securities Laws. Except with respect to an entity

17  that is an underwriter as defined in section 1145(b) of the Bankruptcy Code, the offer

18  and sale of any securities under the Plan shall be exempt from registration under the

19  Securities Act of 1933, as amended, and all rules and regulations promulgated

20  thereunder, and under any state or local law requiring registration for offer or sale of a

21  security or registration or licensing of an issuer of, underwriter of, or broker dealer in a

22  security.

23        13.   Payment of Statutory Fees. All fees payable pursuant to Section

24  1930 of title 28 of the United States Code due and payable through the Effective Date

25  shall be paid by or on behalf of a Reorganized Debtor on or before the Effective Date,

26  and amounts due thereafter shall be paid by or on behalf of the Reorganized Debtor in

27  the ordinary course of business until the entry of a final decree closing the respective

28

1   Reorganized Debtor's Chapter 11 Case. Any deadline for filing administrative Claims or

2   other Claims in these Chapter 11 Cases shall not apply to fees payable by each

3   respective Plan Debtor pursuant to section 1930 of title 28 of the United States Code.

4          14.    Governmental Approvals Not Required. This Confirmation Order

5   shall constitute all approvals and consents required, if any, by the laws, rules, or

6   regulations of any state or any other governmental authority with respect to the

7   implementation or consummation of the Plan, and any documents, instruments, or

8   agreements, and any amendments or modifications thereto, and any other acts referred

9   to in or contemplated by the Plan, the Plan Documents, and any documents,

10  instruments, or agreements, and any amendments or modifications thereto.

11         15.    Filing and Recording. This Confirmation Order is and shall be

12  binding upon and shall govern the acts of all persons or entities including, without

13  limitation, all transfer agents, paying agents, filing agents, filing officers, title agents, title

14  companies, recorders of mortgages, recorders of deeds, registrars of deeds,

15  administrative agencies, governmental departments, secretaries of state, federal, state,

16  and local officials, and all other persons and entities who may be required, by operation

17  of law, the duties of their office, or contract, to accept, file, register, or otherwise record

18  or release any document or instrument. Each and every federal, state, and local

19  government agency is hereby directed to accept any and all documents and instruments

20  necessary, useful, or appropriate (including financing statements under applicable the

21  uniform commercial code) to effectuate, implement, and consummate the transactions

22  contemplated by the Plan and this Confirmation Order without payment of any recording

23  tax, stamp tax, transfer tax, or similar tax imposed by state or local law.

24         16.    Release of Adequate Protection Liens. From and after the Effective

25  Date, to the extent a holder of a Claim against a Debtor also holds an Adequate

26  Protection Lien, such Adequate Protection Lien shall be deemed to have been released,

27

28

discharged, waived, and the holder shall have no other claim, cause of action, or other rights with respect thereto, except as expressly provided in the Plan.

17.    _Discharge of Claims_. Pursuant to Article IV.M. of the Plan, except as provided in the Plan, the rights afforded in and the payments and distributions to be made under the Plan shall discharge the Reorganized Debtors from all existing debts and Claims and terminate any and all Interests of any kind, nature or description whatsoever against or in the Reorganized Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, upon the Effective Date, all existing Claims against and Interests in the Reorganized Debtors shall be, and shall be deemed to be, satisfied and terminated, the Reorganized Debtors shall be discharged, and all holders of such Claims and Interests shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors or assignees or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim or Interest and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

18.    _Discharge of Reorganized Debtors_. Pursuant to Article IV.M. of the Plan, except as otherwise expressly provided in the Plan, upon the Effective Date, in consideration of the distributions to be made under the Plan, each holder of a Claim or Interest shall be deemed to have forever waived, released and discharged the Reorganized Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, rights and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim or Interest against the Reorganized Debtors.

19.    <u>Terms of Injunctions or Stays</u>. Pursuant to Article IV.M. of the Plan,
unless otherwise provided, all injunctions or stays arising under or entered during the
Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and
in existence on the Confirmation Date, shall remain in full force and effect until the later
of the Effective Date and the date indicated in such order.

20.    <u>Injunction Against Interference With Plan</u>. Pursuant to Article IV.M.
of the Plan, upon entry of this Confirmation Order, all holders of Claims and Interests
and other parties in interest, along with their respective present or former employees,
agents, officers, directors, or principals, shall be enjoined from taking any actions to
interfere with the implementation and Consummation of the Plan.

21.    <u>Exculpation</u>. The provisions set forth in Article IV.N. of the Plan are
hereby approved, authorized and incorporated by reference in this Confirmation Order
as though set forth in full herein; *provided, however,* any such provisions shall relate
only to acts and transactions up to and including the Effective Date.

22.    <u>Releases</u>. The provisions contained in Article IV.N. of the Plan are
hereby approved, authorized and incorporated by reference in this Confirmation Order
as though set forth in full herein; *provided, however,* any such provisions shall relate
only to acts and transactions up to and including the Effective Date.

23.    <u>Good Faith</u>.  Pursuant to Bankruptcy Rule 9019(a) and sections
105(a) and 1123(b)(3) of the Bankruptcy Code, and in consideration for the distributions
and other benefits provided under the Plan, the provisions of the Plan constitute a good
faith compromise and settlement of all Claims and controversies resolved pursuant to
the Plan.  The Confirmation Order constitutes the Court's approval of the settlements
reflected in and transactions effectuated under the Plan.

24.    <u>Retention of Causes of Action/Reservation of Rights</u>. Pursuant to
Article IV.I. of the Plan, nothing contained in the Plan or this Confirmation Order shall
be deemed to be a waiver or the relinquishment of any rights or causes of action that

13

1   the Reorganized Debtors may have or may choose to assert on behalf of their

2   respective estates under any provision of the Bankruptcy Code or any applicable non-

3   bankruptcy law, including (i) any and all Claims against any person or entity, to the

4   extent such person or entity asserts a crossclaim, counterclaim, and/or Claim for setoff

5   which seeks affirmative relief against the Reorganized Debtors, their officers, directors,

6   or representatives, and (ii) the turnover of any property of the Reorganized Debtors'

7   estates.

8          25.    Setoff Rights. Nothing in the Plan or this Confirmation Order alters

9   in any way a claimant's or the Reorganized Debtors' valid right to (a) setoff under the

10  Bankruptcy Code or (b) recoupment.

11         26.    Reservation of Rights. Pursuant to Article IV.I. of the Plan, except

12  as otherwise set forth in the Plan, nothing contained in the Plan or this Confirmation

13  Order shall be deemed to be a waiver or relinquishment of any claim, cause of action,

14  right of setoff, or other legal or equitable defense which the Reorganized Debtors had

15  immediately prior to the Commencement Date, against or with respect to any Claim

16  asserted against a Debtor.  Except as otherwise set forth in the Plan, the Reorganized

17  Debtors shall have, retain, reserve, and be entitled to assert all such claims, causes of

18  actions, rights of setoff, and other legal or equitable defenses that they had immediately

19  prior to the Commencement Date fully as if the Chapter 11 Cases had not been

20  commenced, and all of the Reorganized Debtors' legal and equitable rights respecting

21  any such Claim may be asserted after the Confirmation Date to the same extent as if

22  the Chapter 11 Cases had not been commenced.

23         27.    Notice of Entry of Confirmation Order and Occurrence of the

24  Effective Date. On or before the date that is ten (10) days after occurrence of the

25  Effective Date, the Reorganized Debtors shall file with the Court and serve a notice of

26  the entry of this Confirmation Order and occurrence of the Effective Date on each of the

27  following at their respective addresses last known to the Reorganized Debtors: (i) the

28

14

1   Office of the United States Trustee for the Central District of California; (ii) counsel to

2   the Committees; (iii) all parties on the NEF list; and (iv) all persons or entities listed in

3   the Reorganized Debtors' schedules of assets and liabilities, or any amendments

4   thereto; and (v) any other known holders of Claims or Interests (collectively, the "~~Notice~~

5   ~~Parties~~"). Such service shall constitute adequate and sufficient notice pursuant to

6   Bankruptcy Rule 2002(f)(7), 2002(i)-(l) and 3020(c) of the confirmation of the Plan, the

7   entry of this Confirmation Order and occurrence of the Effective Date.

8         28.   Disbursing Agent. All distributions under the Plan made on account

9   of Claims shall be made by the Disbursing Agent (identified in the Plan as MMPI's Chief

10   Financial Officer, Fred Skaggs).  Debtors' stock transfer agent, American Stock Transfer

11   & Trust Company, (the "**Stock Transfer Agent**") shall act as the disbursing agent for

12   any distributions made on account of Interests.  The Disbursing Agent and the Stock

13   Transfer Agent shall not be required to give any bond, surety, or any other security for

14   the performance of their duties unless otherwise ordered by the Bankruptcy Court, in

15   which case all costs and expenses incurred to obtain the bond or surety shall be borne

16   by the Reorganized Debtors.  The Reorganized Debtors shall inform the U.S. Trustee in

17   writing of any changes to the identity of the Disbursing Agent.  This Confirmation Order

18   shall constitute authorization for and direction to the Stock Transfer Agent to transfer

19   shares in MMPI as provided in the Plan.

20         29.   Professional Compensation and Reimbursement Claims. *Pursuant*

21   *to Article III.B.1.a.(3).(b). of the Plan, a*~~A~~ll entities seeking awards by the Bankruptcy

22   Court of compensation for services rendered or reimbursement of expenses incurred

23   through and including the *Effective* ~~Confirmation~~ Date under sections 327, 328, 330,

24   331, 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code shall (a) file,

25   on or before the date that is Forty-five (45) days after the Effective Date *or such later*

26   *date as the Bankruptcy Court orders upon application made prior to the end of such 45-*

27   *day period,* their respective applications for final allowances of compensation for

28

1  services rendered and reimbursement of expenses incurred and (b) be paid in full, in

2  Cash, in such amounts as are Allowed by the Bankruptcy Court in accordance with the

3  order(s) relating to or allowing any such Administrative Expense Claim. The

4  Reorganized Debtors are authorized to retain professionals and pay compensation for

5  professional services rendered and reimbursement of expenses incurred after the

6  Effective Date in the ordinary course and without the need for Bankruptcy Court

7  approval.

8          30.    Administrative Expenses. Administrative Expenses incurred by the

9  Reorganized Debtors following the date of the entry of this Confirmation Order shall not

10  be subject to application and may be paid by the Reorganized Debtors in the ordinary

11  course.

12          31.    Conditions to Effective Date. The Effective Date shall not occur,

13  and the Plan shall not become effective, unless and until the conditions set forth in

14  Section VI. of the Plan have been satisfied or waived.

15          32.    Effect of Failure of Conditions to Effective Date. In the event that

16  one or more of the conditions specified in Section VI of the Plan have not occurred or

17  otherwise been waived*, or in the event that the Effective Date does not occur with*

18  *respect to a Reorganized Debtor, upon notification submitted by Charlestown to the*

19  *Bankruptcy Court,* (a) this Confirmation Order as to such Reorganized Debtor shall be

20  vacated, (b) *no Distributions under the Plan shall be made in such Reorganized*

21  *Debtor's case, (c)* the Reorganized Debtor and all holders of Claims and Interests

22  against such Reorganized Debtor shall be restored to the status quo ante as of the day

23  immediately preceding the Confirmation Date as though the Confirmation Date never

24  occurred and (de) the Reorganized Debtor's obligations with respect to such Claims and

25  Interests shall remain unchanged and nothing contained herein shall constitute or be

26  deemed a waiver or release of any Claims or Interests by or against the Reorganized

27

28

Debtor or any other Person or to prejudice in any manner the rights of the Reorganized

Debtor or any Person in any further proceedings involving the Reorganized Debtor.

33.    <u>Amendments and Modifications of the Plan</u>.  After the Confirmation

Date and prior to "substantial consummation" of the Plan, as defined in section 1101(2)

of the Bankruptcy Code, Charlestown may, under section 1127(b) of the Bankruptcy

Code, institute proceedings in this Court to remedy any defect or omission or reconcile

any inconsistencies in the Plan, the Disclosure Statement or this Confirmation Order,

and such matters as may be necessary to carry out the purposes and effects of the

Plan, so long as such proceedings do not materially adversely affect the treatment of

holders of Claims or Interests under the Plan; *provided, however,* that prior notice of

such proceedings shall be served in accordance with the Bankruptcy Rules or orders of

the Court. A holder of a Claim or Interest that has accepted the Plan shall be deemed to

have accepted the Plan, as altered, amended or modified, if the proposed alteration,

amendment or modification does not materially and adversely change the treatment of

the Claim or Interest of such holder. For the avoidance of doubt, the foregoing shall not

effect a waiver of any rights that any party may have with respect to modification of the

Plan under section 1127 of the Bankruptcy Code.

34.    <u>Amendments and Modifications to the Plan Supplements</u>.

Charlestown is authorized to modify the Plan Supplements following entry of the

Confirmation Order and prior to the occurrence of the Effective Date, in accordance with

the terms of the Plan; *provided, however,* that Charlestown shall reasonably consult

with the Official Creditors' Committee and the Official Equity Committee prior to making

any material amendments to *any of* the Plan Supplement*s*, and any material

amendments shall be filed on the docket.

35.    <u>Current Board of Directors</u>.  On the Effective Date and effective as

of the Effective Date, all directors on the board of directors of MMPI and all members

and managers or directors of each other Debtor shall be deemed to resign from such

positions, including, without limitation, from their positions on any committees of the board of directors without the need for any further notice to or action, order or approval of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or rule.

36.    <u>New Board of Directors</u>.  On the Effective Date and effective as of the Effective Date, the new members of the board of directors of Reorganized MMPI and all members and managers or directors of each other Reorganized Debtor shall be deemed appointed without the need for any further notice to or action, order or approval of the Bankruptcy Court, or other act or action under applicable law, regulation, order, or rule.

37.    <u>Resolution of Contingent, Unliquidated and Disputed Claims</u>. Except as expressly provided in the Plan or ordered by the Court prior to the Effective Date, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a Final Order allowing such Claim.  Any claim that is not an Allowed Claim shall be determined resolved or adjudicated in accordance with the terms of the Plan.  After the Confirmation Date but before the Effective Date, Debtors (in consultation with Charlestown, the Official Committee of Equity Holders and the Official Committee of Unsecured Creditors) and after the Effective Date until the Claims Objection Bar Date, the Reorganized Debtors, shall have the exclusive authority to file objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise.  From and after the Effective Date, the Reorganized Debtors may settle or compromise any disputed Claim without any further notice to or action, order or approval of the Bankruptcy Court.  The Reorganized Debtors shall have the sole authority to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order or approval of the Court.

38.    <u>Authorization to Consummate</u>.  The Charlestown Proponents are authorized to Consummate the Plan at any time after entry of the Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to Consummation set forth in the Plan.

39.    <u>Binding Effect of Prior Orders</u>.  Pursuant to Rule 1141 of the Bankruptcy Code, effective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Confirmation Order, all prior orders entered in these Chapter 11 cases shall be binding upon and shall inure to the benefit of the Debtors, the Reorganized Debtors, and their respective successors and assigns.

40.    <u>Status Report Under LBR 3020-1(b)</u>. Within 120 days of the entry of this order, Reorganized MMPI shall file a status report explaining what progress has been made toward consummation of the *Plan* ~~confirmed plan of reorganization~~. The initial report shall be served on the United States T~~t~~rustee *and all parties on the NEF list*~~, the 20 largest unsecured creditors, and those parties who have requested special notice~~. Further reports shall be filed every *180* days thereafter and served on the same entities, unless otherwise ordered by the court.

The status report shall include at least the following information:

(1)    A schedule listing for each debt and each class of claims: the total amount required to be paid under the *P*~~p~~lan; the amount required to be paid as of the date of the report; the amount actually paid as of the date of the report; and the deficiency, if any, in required payments;

(2)    A schedule of any and all postconfirmation tax liabilities that have accrued or come due and a detailed explanation of payments thereon;

(3)    *The Reorganized* Debtor*s' '*~~s~~ projections as to *their* ~~its~~ continuing

1    ability to comply with the terms of the ~~P~~plan;

2    (4)    An estimate of the date for plan consummation and application for

3    final decree; and

4    (5)    Any other pertinent information needed to explain the progress

5    toward completion of the ~~confirmed~~ ~~P~~plan.

6    Reporting entities whose equity securities are registered under Section

7    12(b) of the Securities Exchange Act of 1934 may provide information from their latest

8    10Q or 10K filing with the S.E.C., if it is responsive to the requirements of this

9    subsection.

10    Unless otherwise provided in the ~~P~~plan, if the ~~above-referenced~~ case *of a*

11    *Reorganized Debtor* is converted to one under chapter 7, the property of th~~at~~~~to~~

12    ~~R~~reorganized ~~D~~debtor shall be revested in the chapter 7 estate.

13    41.    <u>Effect of Confirmation Order on Other Orders</u>. Unless expressly

14    provided for herein, nothing in the Plan or this Confirmation Order shall affect any

15    orders entered in the Chapter 11 Cases pursuant to Bankruptcy Rule 9019.

16    42.    <u>Inconsistency</u>. In the event of any inconsistency between the

17    Confirmation and the Plan or the Plan Supplements with this *Confirmation* Order, this

18    *Confirmation* Order shall govern.

19    43.    <u>Retention of Jurisdiction</u>. Upon the Effective Date, this Court shall

20    retain jurisdiction over the matters arising in, under, and related to, the Chapter 11

21    Cases, as set forth in Article *IX*~~12~~ of the Plan and section 1142 of the Bankruptcy Code,

22    and the Court's Findings and Conclusions.

23    44.    <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or

24    other federal law is applicable, or to the extent an exhibit to the Plan or Plan

25    Supplement provides otherwise (in which case the governing law specified therein shall

26    be applicable to such exhibit), ~~the rights, duties, and obligations arising under the Plan~~

27    ~~shall be governed by, and construed and enforced in accordance with,~~ the laws of the

28

1  State of California *(*without giving effect to its principles of conflict of laws*) shall govern*

2  *the construction and implementation of the Plan and any agreements, documents and*

3  *instruments executed in connection with the Plan*.

4          45.    <u>Authorization for Reorganized Debtor Guarantors</u>. Notwithstanding

5  any limitations in the organizational documents for a particular Reorganized Debtor or

6  anything to the contrary in the Plan Documents or Confirmation Order, the Reorganized

7  Debtors and any of their affiliates, are hereby authorized, to the extent necessary, to

8  enter into, deliver, and perform any and all documents or agreements as required by the

9  Loan Modification Agreement, or in connection with the loan modifications or

10  restructuring of any entities or non-Debtor loans.

11          46.    <u>Severability</u>. This Confirmation Order shall constitute a judicial

12  determination and shall provide that each term and provision of the Plan, as it may have

13  been altered or interpreted in accordance with the foregoing, is (a) valid and

14  enforceable in accordance with its terms, (b) integral to the Plan and may not be deleted

15  or modified without the consent of the Reorganized Debtors, and (c) nonseverable and

16  mutually dependent.

17          ~~47.    Reversal.  If any or all of the provisions of this Confirmation Order~~

18  ~~are hereafter reversed, modified, or vacated by subsequent order of this Court or any~~

19  ~~other court, such reversal, modification, or vacatur shall not affect the validity of the acts~~

20  ~~or obligations incurred or undertaken under or in connection with the Plan prior to the~~

21  ~~Reorganized Debtors' receipt of written notice of such order.  Notwithstanding any such~~

22  ~~reversal, modification, or vacatur of this Confirmation Order, any such act or obligation~~

23  ~~incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to~~

24  ~~the effective date of such reversal, modification, or vacatur shall be governed in all~~

25  ~~respects by the provisions of this Confirmation Order and the Plan and all related~~

26  ~~documents or any amendments or modifications thereto.~~

27

28

1     ~~48.     Stay of Confirmation Order. The requirements under Bankruptcy~~

2     ~~Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days~~

3     ~~after entry of the order is hereby waived. This Confirmation Order shall take effect~~

4     ~~immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(g),~~

5     ~~6006(d), or 7062.~~

6            49.    References to Plan Provisions. The failure specifically to include or

7     to refer to any article, section or provision in the Plan, Plan Supplement or any other

8     related document in this Confirmation Order shall not diminish or impair the

9     effectiveness of such article, section or provision in the Plan.

10           50.    Final Confirmation Order.  This Confirmation Order is a Final Order

11    and the period in which an appeal must be filed shall commence upon the entry hereof.

12           51.    Separate Confirmation Orders. This Confirmation Order is and shall

13    be deemed a separate and final Confirmation Order with respect to each of the Jointly

14    Administered Debtors, except for the case of Merco Group – 2529 Santa Fe Avenue

15    LLC, in each such Debtor's separate Chapter 11 Case for all purposes. The

16    Confirmation Order is deemed docketed in the Chapter 11 Case of each of the Jointly

17    ///

18    ///

19    ///

1  Administered Debtors. A separate Confirmation Order *will be* is entered in the case of

2  Merco Group – 2529 Santa Fe Avenue LLC.

3                                           ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24        DATED: June 24, 2011                    _____

25                                                United States Bankruptcy Judge

26

27

28

# EXHIBIT 1

**[ Refer to Docket Number 3223 ]**

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER:  11 |
|---|---|
| | CASE NUMBER: 1:09-bk-13356-VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA 90405

A true and correct copy of the foregoing document described **ORDER CONFIRMING THE CHARLESTOWN PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  June 23, 2011          I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

See attached list

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2011    Christopher E. Prince | /s/ Christopher E. Prince |
|---|---|
| Date                          Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                    **F 9021-1.1**

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 1:09-bk-13356-<br>VK |
|---|---|

**Proposed Order served on the following via email:**

**rabiri@abiriszeto.com; allison@claimsrecoveryllc.com; eal@jbblaw.com; kmg@jbblaw.com; dritchie@jbblaw.com; william@jbblaw.com; peterbonfante@bsalawfirm.com; enbrady@jonesday.com; jennifer.l.braun@usdoj.gov; hcamhi@ecjlaw.com; gcaris@mckennalong.com; jcarlberg@boselaw.com; chenetz@blankrome.com; jchoi@swjlaw.com; CChow@Stutman.com; cynthiacohen@paulhastings.com; rcohn@horganrosen.com; Enid M. Colson; eculler@stutman.com; jdulberg@pszjlaw.com; mfineman@stutman.com; mfletcher@frandzel.com; dgaffney@swlaw.com; tmg@jmbm.com; bgiven@frandzel.com; bglaser@swjlaw.com; gglazer@stutman.com; egoldberg@stutman.com; courts@argopartners.net; mgomez@frandzel.com; mgottfried@lgbfirm.com; jag@jmbm.com; omglaw@gmail.com; jgrotins@mcguirewoods.com; pgurfein@lgbfirm.com; carahagan@haganlaw.org; ahami@sulmeyerlaw.com; bharvey@buchalter.com; ljurich@loeb.com; wkiekhofer@mcguirewoods.com; mkogan@ecjlaw.com; lew@landaunet.com; leib.lerner@alston.com; matt@lesnicklaw.com; dleta@swlaw.com; katie.lien@sbcglobal.net; katielien@gmail.com; slinkon@rcolegal.com; michael.llewellyn@boe.ca.gov; rmalatt@gmail.com; elmermartin@gmail.com; emiller@sulmeyerlaw.com; amuhtar@sulmeyerlaw.com; jnolan@pszjlaw.com; henry.oh@dlapiper.com; lpeitzman@pwkllp.com; epezold@swlaw.com; drallis@sulmeyerlaw.com; kurt.ramlo@dlapiper.com; mreynolds@swlaw.com; tgarza@sierrafunds.com; Romero@mromerolawfirm.com; vsahn@sulmeyerlaw.com; jshaffer@stutman.com; dshemano@pwkllp.com; jeffrey@shinbrotfirm.com; dslate@buchalter.com; surjit@sonilaw.com; blspiegel@jonesday.com; jstang@pszjlaw.com; csteege@jenner.com; dtalerico@loeb.com; John N. Tedford, IV; dthayer@jenner.com; atippie@sulmeyerlaw.com; jason@gdclawyers.com; wwinfield@nchc.com; jyang@swlaw.com; maalaw@hotmail.com; aarnold@stutman.com; mhankin@jenner.com; ccjung@aol.com; gklausner@stutman.com; LavignaS@sec.gov; ronaldorresq@gmail.com; matthew.pakkala@fticonsulting.com; freddie.reiss@fticonsulting.com; crodiger@rodigerlaw.com; deansteinbeck@bsalawfirm.com; steve.voskanian@fticonsulting.com; raw@rweinberglaw.com; cb@cjblaw.com; mjb@lnbrb.com; acaine@pszyjw.com; mcorrea@jonesday.com; ana.damonte@pillsburylaw.com; bdavidoff@rutterhobbs.com; sdavis@coxcastle.com; ddenny@gibsondunn.com; bvf@jmbm.com; whuckins@allenmatkins.com; akim@mrllp.com; tkouyoumjian@sulmeyerlaw.com; kfox@sulmeyerlaw.com; dare.law@usdoj.gov; inasatir@pszjlaw.com; mhr@cabkattorney.com; dhr@lnbrb.com; jrichards@pszjlaw.com; sshiu@swlaw.com; lsinanyan@jonesday.com; jtimko@allenmatkins.com; rvarozian@bzlegal.com; azimonjic@lgbfirm.com; lemiller@jonesday.com; wholt@ktbslaw.com**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER: 11 |
| --- | --- |
| | CASE NUMBER: 1:09-bk-13356-VK |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)**  **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)**  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER CONFIRMING THE CHARLESTOWN PLAN** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 23, 2011            , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

See Attached List

☒  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER:  11 |
|---|---|
| | CASE NUMBER: 1:09-bk-13356-VK |

**ADDITIONAL SERVICE INFORMATION** (if needed):

- Michael C Abel mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net
- Eric D Goldberg egoldberg@stutman.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham jag@jmbm.com
- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                        **F 9021-1.1**

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 1:09-bk-13356-VK |
|---|---|

- Peter J Gurfein pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- Whitman L Holt wholt@ktbslaw.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com
- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com
- Kenneth J Shaffer jshaffer@stutman.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com
- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                    **F 9021-1.1**

| In re: <br> MERUELO MADDUX PROPERTIES, INC. ET AL. <br><br> Debtor(s). | CHAPTER:  11 <br><br> CASE NUMBER: 1:09-bk-13356-VK |
|---|---|

- Surjit P Soni surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com
- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                **F 9021-1.1**