1  CHRISTOPHER E. PRINCE (SBN 183553)
       cprince@lesnickprince.com
2  MATTHEW A. LESNICK (SBN 177594)
       matt@lesnickprince.com
3  ANDREW R. CAHILL (SBN 233798)
       acahill@lesnickprince.com
4  LESNICK PRINCE LLP
   185 Pier Avenue, Suite 103
5  Santa Monica, CA  90405
   Telephone:  (213) 493-6496
6  Facsimile:  (213) 493-6596

7  Attorneys for Charlestown Capital Advisors, LLC and
   Hartland Asset Management Corporation
8
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
9  CYNTHIA M. COHEN (State Bar No. 93639)
   515 South Flower Street
10 Twenty-Fifth Floor
   Los Angeles, CA  90071-2228
11 Telephone:  (213) 683-6000
   Facsimile:  (213) 627-0705
12
   Attorneys for Global Asset Capital, LLC and
13 GAC Real Estate Partners, LLC

14          UNITED STATES BANKRUPTCY COURT

15          CENTRAL DISTRICT OF CALIFORNIA

16          SAN FERNANDO VALLEY DIVISION

17

18 In re                                    ) Case No. 1:09-bk-13356-VK
                                            )
19 MERUELO MADDUX PROPERTIES, INC.,         ) Chapter 11
   et al.,                                  )
20                                          ) **FINDINGS OF FACT AND**
                                            ) **CONCLUSIONS OF LAW RE:**
21              Debtor.                      ) **CONFIRMATION OF CHARLESTOWN**
                                            ) **CAPITAL ADVISORS, LLC AND**
22                                          ) **HARTLAND ASSET MANAGEMENT**
   _____ ) **CORPORATION'S SECOND MODIFIED**
23 ☒   Affects all Debtors                  ) **FOURTH AMENDED CHAPTER 11 PLAN**
                                            ) **OF REORGANIZATION DATED**
24 ☐   Affects the following Debtors:       ) **OCTOBER 14, 2010**
                                            )
25                                          )        **CONFIRMATION HEARING**
                                            )
26                                          ) **Date:      January 27, 2011**
                                            )            **and Subsequent Dates**
27                                          ) **Time:      9:30 a.m.**
                                            ) **Place:     Courtroom 301**
28 _____ )

**FILED & ENTERED**

**JUN 29 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

**CHANGES MADE BY COURT**

1    This matter came on for trial at 9:30 in the forenoon of January 27, 2011 upon the "Fourth

2    Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated

3    September 20, 2010," as modified by the "First Modified Fourth Amended Joint Plan of

4    Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010" and the

5    "Second Modified Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties,

6    Inc., et al. Dated September 20, 2010," and upon the Charlestown Capital Advisors, LLC's and

7    Hartland Asset Management Corporation's Fourth Amended Plan of Reorganization Dated

8    October 14, 2010, as modified by the Charlestown Capital Advisors, LLC's and Hartland Asset

9    Management Corporation's First Modified Fourth Amended Plan of Reorganization Dated

10    October 14, 2010," before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge,

11    United States Bankruptcy Court for the Central District of California San Fernando Valley

12    Division, Courtroom 301, 21041 Burbank Blvd., Woodland Hills, California 91367.[1]  The trial

13    continued on January 28, 2011, February 4, 2011, February 9, 2011, February 10, 2011,

14    February 11, 2011, February 28, 2011, March 7, 2011, March 10, 2011, March 17, 2011,

15    March 21, 2011, March 23, 2011, March 24, 2011, March 25, 2011 and March 29, 2011.  Post-trial

16    status conferences and motion hearings were held on April 8, 2011, April 28, 2011, May 9, 2011,

17    May 17, 2011, May 19, 2011 and June 13, 2011 with respect to the "Third Modified Fourth

18    Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated

19    September 20, 2010," and the "Joint Plan of Reorganization of Meruelo Maddux Properties, Inc.,

20    et al. Dated May 3, 2011" (the "Debtors' May 3, 2011 Joint Plan") and with respect to the

21    "Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Second

22    Modified Fourth Amended Plan of Reorganization Dated October 14, 2010" (the "Second

23    Modified Fourth Amended Charlestown Plan").

24    Debtor and debtor in possession Meruelo Maddux Properties, Inc. ("MMPI") and its 53

25    affiliated debtors and debtors in possession (collectively, with MMPI, the "Jointly Administered

26    _____

27    [1] Pursuant to an order of the Court, this case is being jointly administered with 53 chapter 11 cases
filed by affiliated entities.  The affiliated case numbers are as follows:  1:09-bk-13338-VK; 1:09-
bk-13358-VK through 1:09-bk-13407-VK; and 1:09-bk-13434-VK; and 1:09-bk-13439-VK.

28

1    Debtors") appeared by and through their counsel of record John N. Tedford, IV of Danning, Gill,

2    Diamond & Kollitz, LLP and Gary E. Klausner of Stutman Treister & Glatt Professional

3    Corporation.  Charlestown Capital Advisors, LLC ("Charlestown") and Hartland Asset

4    Management Corporation ("Hartland") appeared by and through their counsel of record

5    Christopher E. Prince of Lesnick Prince LLP and their specially appearing counsel Cynthia M.

6    Cohen of Paul, Hastings, Janofsky & Walker LLP.  The Official Committee of Unsecured

7    Creditors appeared by and through its Bankruptcy Counsel of record Dean G. Rallis, Jr. of

8    Sulmeyer Kupetz A Professional Corporation.  The Official Committee of Equity Holders

9    appeared by and through its counsel Kenneth K. Lee of Jenner & Block LLP, Ronald S. Orr of Ron

10    Orr & Professionals, Inc. and Georgiana G. Rodiger of Rodiger Law Offices.  Other appearances

11    for creditors, equity holders and parties in interest were as noted on the official record of

12    proceedings.

13           The Court having considered the pleadings, documents and memoranda filed and

14    presented on behalf of the parties including the following:

15           ➢    Jointly Administered Debtors' Joint Plan of Reorganization of Meruelo Maddux

16                Properties, Inc., et al. Dated November 30, 2009 [Docket No. 899];

17           ➢    Jointly Administered Debtors' First Amended Joint Plan of Reorganization of

18                Meruelo Maddux Properties, Inc., et al. [Docket No. 1133];

19           ➢    Jointly Administered Debtors' Second Amended Joint Plan of Reorganization of

20                Meruelo Maddux Properties, Inc., et al." [Docket No. 1333];

21           ➢    Jointly Administered Debtors' Modified Second Amended Plan of Reorganization

22                of Meruelo Maddux Properties, Inc., et al. [Docket No. 1509];

23           ➢    Submission of Redline of Modified Second Amended Joint Disclosure Statement

24                Describing Second Amended Joint Plan of Reorganization of Meruelo Maddux

25                Properties, Inc., et al. [Docket No. 1512-4.];

26           ➢    Charlestown Capital Advisors, LLC's and Hartland Asset Management

27                Corporation's Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et

28                al. [Docket No. 1594];

1    ➢    Legendary Investors Group No. 1, LLC's and East West Bank's Joint Chapter 11

2    Plan of Reorganization Dated August 6, 2010 [Docket No. 1671];

3    ➢    Legendary Investors Group No. 1, LLC's and East West Bank's First Amended

4    Joint Chapter 11 Plan Dated August 26, 2010 [Docket No. 1742];

5    ➢    Jointly Administered Debtors' Third Amended Joint Plan of Reorganization of

6    Meruelo Maddux Properties, Inc., et al." [Docket No. 1771];

7    ➢    Charlestown Capital Advisors, LLC's and Hartland Asset Management

8    Corporation's First Amended Joint Plan of Reorganization of Meruelo Maddux

9    Properties, Inc. et al. [Docket No. 1779];

10    ➢    Legendary Investors Group No. 1, LLC's and East West Bank's Second Amended

11    Joint Chapter 11 Plan of Reorganization Dated September 3, 2010 [Docket No.

12    1787];

13    ➢    Legendary Investors Group No. 1, LLC's and East West Bank's Modified Second

14    Amended Joint Chapter 11 Plan of Reorganization Dated September 3, 2010

15    [Docket No. 1809];

16    ➢    Debtors Submission of Redline of Fourth Amended Joint Plan of Reorganization of

17    Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010 [Docket No.

18    1845];

19    ➢    Jointly Administered Debtors' Fourth Amended Joint Plan of Reorganization of

20    Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010 [Docket No.

21    1953];

22    ➢    Jointly Administered Debtors' First Modified Fourth Amended Joint Plan of

23    Reorganization of Meruelo Maddux Properties Inc., et al. Dated September 20, 2010

24    [Docket No. 2583];

25    ➢    Jointly Administered Debtors' Second Modified Fourth Amended Joint Plan of

26    Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20,

27    2010 [Docket No. 2869];

28

1      ➤   Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated May

2          3, 2011 [Docket No. 3055];

3      ➤   Charlestown Capital Advisors, LLC's and Hartland Asset Management

4          Corporation's Second Amended Joint Plan of Reorganization of Meruelo Maddux

5          Properties, Inc. et al. Dated September 23, 2010 [Docket No. 1862];

6      ➤   Charlestown Capital Advisors, LLC's and Hartland Asset Management

7          Corporation's Third Amended Joint Plan of Reorganization of Meruelo Maddux

8          Properties, Inc. et al. Dated September 30, 2010 [Docket No. 1902];

9      ➤   Charlestown Capital Advisors, LLC's and Hartland Asset Management

10         Corporation's Fourth Amended Joint Plan of Reorganization of Meruelo Maddux

11         Properties, Inc., et al. Dated October 14, 2010 [Docket No. 1951];

12     ➤   Charlestown Capital Advisors, LLC's and Hartland Asset Management

13         Corporation's First Modified Fourth Amended Joint Plan of Reorganization of

14         Meruelo Maddux Properties, Inc., et al. Dated October 14, 2010 [Docket No. 2672];

15     ➤   Charlestown Capital Advisors, LLC's and Hartland Asset Management

16         Corporation's Second Modified Fourth Amended Joint Plan of Reorganization of

17         Meruelo Maddux Properties, Inc., et al. Dated October 14, 2010 [Docket No. 3068];

18     ➤   Charlestown Capital Advisors, LLC's and Hartland Asset Management

19         Corporation's Disclosure Statement Describing Fourth Amended Joint Plan of

20         Reorganization of Meruelo Maddux Properties, Inc. et al. Dated October 14, 2011

21         [Docket No. 1952];

22     ➤   Proof of service Of Solicitation Packages, Including Disclosure Statements,

23         Solicitation Letters, Ballots, And Notice Of Hearing On Confirmation Of Proposed

24         Plans And Deadline For Objections To Confirmation [Docket No. 2122];

25     ➤   Affidavit of Robert Q. Klamser Regarding Votes [Docket No. 2320];

26     ➤   Affidavit of David Hartie Regarding Votes [Docket No. 2321];

27     ➤   Charlestown's and Hartland's Opening Brief in Support of Their Proposed Plan of

28         Reorganization [Docket No. 2333];

1    ➤    Declaration of Todd Pollack in Support of Charlestown and Hartland Proposed Plan

2         of Reorganization [Docket No. 2332];

3    ➤    Declaration of Raj Maheshwari in support of Charlestown and Hartland Proposed

4         Plan of Reorganization [Docket No. 2334];

5    ➤    Declaration of Edward F. McGonagle in support of Charlestown's and Hartland's

6         Proposed Plan of Reorganization [Docket No. 2335];

7    ➤    Ex Parte Application For Order Shortening Time On Motion Of Debtors Meruelo

8         Maddux Properties, Inc., et al. For Order Denying Confirmation Of The

9         Charlestown Plan Pursuant To 11 U.S.C. § 1129; Supporting Declaration Of Gary

10        E. Klausner with proof of service [Docket No. 2368];

11   ➤    Notice Of Motion And Motion Of Debtors For Order Denying Confirmation Of The

12        Charlestown Plan; Memorandum Of Points And Authorities In Support Thereof

13        with proof of service [Docket No. 2367];

14   ➤    Opposition to Debtors' Motion For Order Denying Confirmation Of The

15        Charlestown Plan [Docket No. 2417];

16   ➤    Declaration of Raj Maheshwari in Support of Opposition to Debtors' Motion to

17        Deny Confirmation of Charlestown Plan [Docket No. 2418];

18   ➤    Declaration of Riaz Valani in Support of Opposition to Debtors' Motion to Deny

19        Confirmation of the Charlestown Plan [Docket No. 2419];

20   ➤    Reply To Opposition Of Charlestown Capital Advisors, LLC And Hartland Asset

21        Management Corporation And Other Parties In Interest To Motion Of Debtors For

22        Order Denying Confirmation Of The Charlestown Plan [Docket No. 2440];

23   ➤    Declaration Of Anthony Arnold In Support Of Reply To Opposition Of

24        Charlestown Capital Advisors, LLC And Hartland Asset Management Corporation

25        To Motion Of Debtors For Order Denying Confirmation Of The Charlestown Plan

26        [Docket No. 2441];

27   ➤    Cathay Bank's Plan Confirmation Statement and Limited Objection [Docket No.

28        2481];

1      ➤   Grand Avenue Lofts, L.P.'s and Grand Avenue Lofts, LLC's Objections to

2          Confirmation of Plans of Reorganization [Docket No. 2498];

3      ➤   Declaration of Jeff Lee in Support of Grand Avenue Lofts, L.P.'s and Grand

4          Avenue Lofts, LLC's Objections to Confirmation of Plans of Reorganization

5          [Docket No. 2499];

6      ➤   Chinatrust Objection re Plan Confirmation [Docket No. 2605];

7      ➤   Declaration and Amended Declaration in Support of Objection to Confirmation of

8          Plan of Debtor Legendary and Charlestown Filed by Creditor Chinatrust Bank

9          (USA) [Docket Nos. 2504 and 2565];

10     ➤   Request for Judicial Notice in Support of Conditional Objection of Creditor Los

11         Angeles County Metropolitan Transportation Authority to All Proposed Plans of

12         Reorganization [Docket No. 2509];

13     ➤   Objection to Confirmation of Plans of All Proposed Plans of Reorganization Filed

14         by Interested Party Los Angeles County Metropolitan Transportation Authority

15         [Docket No. 2510];

16     ➤   Objection by the County of Los Angeles Tax Collector to Confirmation of

17         Charlestown Capital Advisors, LLCs and Hartland Asset Management Corporations

18         Fourth Amended Plan of Reorganization of Meruelo Maddux Properties, Inc. et al.,

19         and Request for Judicial Notice in Support Thereof [Docket No. 2511 and 2512];

20     ➤   Opposition To Charlestown Capital Advisors, LLC's And Hartland Asset

21         Management Corporation's Proposed Plan Of Reorganization [Docket No. 2523];

22     ➤   Debtors Evidentiary Objections To The Declarations Filed In Support Of

23         Charlestown Capital Advisors, LLCs And Hartland Asset Management

24         Corporations Proposed Plan Of Reorganization; Declaration Of Carol Chow In

25         Support Thereof [Docket No. 2524];

26     ➤   Declaration Of M. Freddie Reiss In Support Of Debtors' Opposition To

27         Confirmation Of The Charlestown Plan And The Legendary/EWB Plan [Docket No.

28         2525];

1       ➢   Supplemental Declaration of Richard Meruelo in Support of the Fourth Amended

2             Debtors' Plan [Docket No. 2544];

3       ➢   Joinder to Debtors' Objection to Confirmation of the Charlestown Plan with proof

4             of service [Docket No. 2528];

5       ➢   Omnibus Reply of Charlestown Capital Advisors, LLC and Hartland Asset

6             Management Corporation In Support of Their Proposed Plan of Reorganization

7             [Docket No. 2586];

8       ➢   Declaration of Edward R. McGonagle in Support of Omnibus Reply of Charlestown

9             Capital Advisors, LLC and Hartland Asset Management Corporation in Support of

10            Their Proposed Plan of Reorganization [Docket No. 2588];

11      ➢   Appendix of Evidence In Support of Omnibus Reply of Charlestown Capital

12            Advisors, LLC and Hartland Asset Management Corporation in Support of Their

13            Proposed Plan of Reorganization [Docket No. 2590];

14      ➢   Notice of Motion and Motion to Modify the Charlestown Plan [Docket No. 2672];

15      ➢   Charlestown Capital Advisors LLC's and Hartland Asset Management

16            Corporation's First Modified Fourth Amended Chapter 11 Plan of Reorganization

17            Dated October 14, 2010 [Docket No. 2672-1];

18      ➢   County of Los Angeles Tax Collector's Opposition to Motion to Modify the

19            Charlestown Plan [Docket No. 2726];

20      ➢   Debtors' Response to Motion to Modify the Charlestown Plan [Docket No. 2737];

21      ➢   Statement of the Official Committee of Unsecured Creditors in Support of "Motion

22            to Modify the Charlestown Plan" [Docket No. 2672] Filed by Charlestown

23            Advisors, LLC and Hartland Asset Management Corporation [Docket No. 2740];

24      ➢   Reply in Support of Motion to Modify the Charlestown Plan [Docket No. 2846];

25      ➢   Bank of America N.A.'s Limited Joinder to Charlestown Capital Advisors, LLC and

26            Hartland Asset Management Corporation's Motion to Modify the Charlestown Plan

27            [Docket No. 2847];

28

1    ➢    California Bank & Trust's Joinder in Charlestown Capital Advisors, LLC and

2    Hartland Asset Management Corporation's Motion to Modify the Charlestown Plan

3    and Reply in Support of Motion to Modify the Charlestown Plan [Docket No.

4    2850];

5    ➢    Charlestown Capital Advisors, LLC's and Hartland Asset Management

6    Corporation's Notice of Filing Revised Exhibit E (Financial Projections) [Docket

7    No. 2891];

8    ➢    Notice of Filing of Commitment Letter in Support of Proposed Chapter 11 Plan of

9    Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation

10    [Docket 2896];

11    ➢    Order Granting Motion to Modify the Charlestown Plan [Docket No. 2984];

12    ➢    Statement as to the Equity Committee's Board Nominees under the Charlestown

13    Plan [Docket No. 2909];

14    ➢    Charlestown Capital Advisors, LLC's and Hartland Asset Management

15    Corporation's [sic] Revised Disclosure of Proposed Directors for MMPI [Docket

16    No. 2914];

17    ➢    Report of United States Trustee re: Order Referring Concerns Raised by Members

18    of the Official Committee of Equity Holders to the Office of the United States

19    Trustee [Docket No. 2964];

20    ➢    Notice of Motion and Motion for Authority to Further Modify the Charlestown Plan

21    and to Approve Change of Votes of Cathay Bank and MS Kearny CT 1 LLC as

22    Successor to China Trust Bank, USA[Docket No. 3065];

23    ➢    Declarations of Gregory Badura, Jeffrey A. Dritley and Edward F. McGonagle in

24    Support of the Charlestown Plan Proponents' Motion to Further Modify the

25    Charlestown Plans and to Approve Change of Votes [etc] [Docket No. 3066];

26    ➢    Notice of Filing of Further Updated Chart of Classes and Associated Votes [Docket

27    No. 3071];

28    ➢    Notice of Filing First Supplement to Charlestown Plan [Docket No. 3070];

LEGAL_US_W # 68238575.2

1     ➢    Notice of Filing of Second Supplement to Charlestown Plan [Docket No. 3120];

2     ➢    Debtors' Opposition to Charlestown's Motion for Authority to Further Modify the

3      Charlestown Plan [Docket No. 3098];

4     ➢    Debtors' Request for Judicial Notice in Support of Debtors' Opposition to

5      *Charlestown's Motion for Authority to* Further Modify the Charlestown Plan

6      [Docket No. 3100];

7     ➢    *Charlestown Proponents' Reply in Support of Their Motion for Authority to Further*

8      *Modify the Charlestown Plan and to Approve Change of Votes of Cathay Bank and*

9      *MS Kearny CT 1 LLC as Successor to Chinatrust Bank, USA [Docket No. 3112];*

10    ➢    Declaration of Cynthia M. Cohen Re: Waiver of Condition Precedent to Making of

11     Commitment Letter Equity Investments and Loan [Docket No. 3128];

12    ➢    Second Declaration of Cynthia M. Cohen Re: Waiver of Condition Precedent to

13     Making of Commitment Letter Equity Investments and Loan [Docket No. 3135];

14    ➢    Jointly Administered Debtors' Response To "Notice Of Filing First Supplement To

15     Charlestown Plan" [Docket No. 3117];

16    ➢    Charlestown Proponents' Reply to "Debtors' Response to Notice of Filing First

17     Supplement to Charlestown Plan" [Docket No. 3127];

18    ➢    Charlestown Proponents' Statement Re Cash as or Near the Effective Date and Post-

19     Effective Date Debt Service [Docket No. 3126];

20    ➢    Jointly Administered Debtors' Status Conference Report with proof of service

21     [Docket No. 3134];

22    ➢    Response Of The Official Committee Of Unsecured Creditors To The Court's

23     Request For Updated Financial Projections From The Debtors [Docket NO. 3136];

24    ➢    Notice of Motion and Motion for Order: (1) Striking Evidence Improperly Received

25     After the Close of Trial Through Judicial Notice, and (2) Reconsidering Plan

26     Confirmation Ruling, Or, In the Alternative, (3) Scheduling a Hearing to Consider

27     Fair Value [Docket No. 3148];

28

1  ➤  *Ex Parte* Application for Order Shortening Time on Debtors' Motion for Order: (1)

2      Striking Evidence Improperly Received After the Close of Trial Through Judicial

3      Notice, and (2) Reconsidering Plan Confirmation Ruling, Or, In the Alternative, (3)

4      Scheduling a Hearing to Consider Fair Value [Docket No. 3150];

5  ➤  Submission of Exhibit 2 to the *Ex Parte* Application for Order Shortening Time on

6      Debtors' Motion for Order: (1) Striking Evidence Improperly Received After the

7      Close of Trial Through Judicial Notice, and (2) Reconsidering Plan Confirmation

8      Ruling, Or, In the Alternative, (3) Scheduling a Hearing to Consider Fair Value

9      [Docket No. 3152];

10 ➤  Joinder of Richard Meruelo In Support of the Debtors' "Motion for Order: (1)

11     Striking Evidence Improperly Received After the Close of Trial Through Judicial

12     Notice, and (2) Reconsidering Plan Confirmation Ruling, Or, In the Alternative, (3)

13     Scheduling a Hearing to Consider Fair Value" [Docket No. 3151];

14 ➤  Joinder of John Charles Maddux et al. To Debtors' Motion for Order: (1) Striking

15     Evidence Improperly Received After the Close of Trial Through Judicial Notice,

16     and (2) Reconsidering Plan Confirmation Ruling, Or, In the Alternative, (3)

17     Scheduling a Hearing to Consider Fair Value [Docket No. 3159];

18 ➤  Charlestown Proponents' Opposition to Debtors' Motion for Order: (1) Striking

19     Evidence Improperly Received After the Close of Trial Through Judicial Notice,

20     and (2) Reconsidering Plan Confirmation Ruling, Or In the Alternative, (3)

21     Scheduling a Hearing to Consider Fair Value [Docket No. 3178];

22 ➤  Opposition of the Official Committee of Unsecured Creditors to "Motion for Order:

23     (1) Striking Evidence Improperly Received After the Close of Trial Through

24     Judicial Notice, and (2) Reconsidering Plan Confirmation Ruling, Or, In the

25     Alternative, (3) Scheduling a Hearing to Consider Fair Value," [Dkt No. 3148],

26     Filed by Debtors and Debtors In Possession [Docket No. 3179];

27 ➤  Joinder of the Los Angeles County Metropolitan Transportation Authority to

28     Opposition to Debtors' Motion for Order: (1) Striking Evidence Improperly

LEGAL_US_W # 68238575.2

1   Received After the Close of Trial Through Judicial Notice, and (2) Reconsidering

2   Plan Confirmation Ruling, Or, In the Alternative, (3) Scheduling a Hearing to

3   Consider Fair Value [Docket No. 3180];

4   ➤   Opposition to Motion for Order: (1) Striking Evidence Improperly Received After

5   the Close of Trial Through Judicial Notice, and (2) Reconsidering Plan

6   Confirmation Ruling, Or, In the Alternative, (3) Scheduling a Hearing to Consider

7   Fair Value [Docket No. 3181];

8   ➤   Bank of America, N.A.'s Initial Opposition to Debtors' Motion for Order: (1)

9   Striking Evidence Improperly Received After the Close of Trial Through Judicial

10   Notice, and (2) Reconsidering Plan Confirmation Ruling, Or, In the Alternative, (3)

11   Scheduling a Hearing to Consider Fair Value [Docket No. 3182];

12   ➤   Secured Creditor PNL Pomona, L.P.'s Opposition to Debtors' Motion for Order (1)

13   Striking Evidence Improperly Received After Close of Trial and (2) Reconsidering

14   Plan Confirmation Ruling, Alternatively, Scheduling Hearing to Consider Fair

15   Value [Docket No. 3183];

16   ➤   Joint Limited Response in Support of the Motion for Order: (1) Striking Evidence

17   Improperly Received After the Close of Trial Through Judicial Notice, and (2)

18   Reconsidering Plan Confirmation Ruling, Or, In the Alternative, (3) Scheduling a

19   Hearing to Consider Fair Value [Docket No. 3214];

20   ➤   Notice of Motion and Debtors' Motion for (1) Authority to Sell Real Property

21   Located at 905 East 8th Street, Los Angeles, California, Free and Clear of Liens, (2)

22   Authority to Assume and Assign Unexpired Leases, and (3) Waiver of Stay Per

23   F.R.B.P. 6004(h) and 6006(d); and Declaration of John Charles Maddux in Support

24   Thereof [Docket No. 3144];

25   ➤   Notice of Motion and Omnibus Motion of Debtors-In-Possession for [1] Authority

26   to Sell Real Properties Free and Clear of Liens, [2] Authority to Assume and Assign

27   Unexpired Leases, [3] Authority to Enter Into License Agreement and [4] Waiver of

28

1  Stay Per F.R.B.P. 6004(h) and 6006(d); and Declaration of John Charles Maddux

2  and Request for Judicial Notice in Support Thereof [Docket No. 3173];

3  ➢  Notice of Errata Re:  Exhibits 6 and 8 to Omnibus Motion of Debtors-In-Possession

4  for [1] Authority to Sell Real Properties Free and Clear of Liens, [2] Authority to

5  Assume and Assign Leases, [3] Authority to Enter Into License Agreement and [4]

6  Waiver of Stay Per F.R.B.P. 6004(h) and 6006(d) [Docket No. 3177];

7  ➢  Notice of Motion and Second Omnibus Motion of Debtors-In-Possession for [1]

8  Authority to Sell Real Properties Free and Clear of Liens, [2] Authority to Assume

9  and Assign Unexpired Leases, and [3] Waiver of Stay per F.R.B.P. 6004(h) and

10  6006(d); Declaration of John Charles Maddux and Request for Judicial Notice in

11  Support Thereof [Docket No. 3186]

12      And having heard and considered the arguments and representations of counsel and the

13  testimony offered and received by declaration, by deposition and live at trial on behalf of the

14  parties, having received in evidence the trial exhibits admitted during the trial and other

15  documentary evidence submitted prior to trial on behalf of the parties in accordance with the

16  confirmation procedures adopted by the Court; having judicially noticed pleadings and transcripts

17  in the Court's official records, pleadings in the official records of other courts which were the

18  subject of requests for judicial notice made by the parties and information capable of accurate and

19  ready determination by resort to sources whose accuracy cannot reasonably be questioned and on

20  which the parties have had the opportunity to be heard; and having considered the pleadings,

21  memoranda and declarations filed on behalf of the parties in connection with the post-trial status

22  conferences and hearings, including in support of and in opposition to the Jointly Administered

23  Debtors' Motion for Order: (1) Striking Evidence Improperly Received After the Close of Trial

24  Through Judicial Notice, and (2) Reconsidering Plan Confirmation Ruling, Or, In the Alternative,

25  (3) Scheduling a Hearing to Consider Fair Value (the "Jointly Administered Debtors'

26  Reconsideration Motion"); having considered the proceedings heretofore had herein, having

27  considered the record in these chapter 11 cases on behalf of the Jointly Administered Debtors and

28  the non-jointly administered affiliated debtors Meruelo Maddux - 845 S. Flower Street, LLC ("845

-13-

1  S. Flower") and Meruelo Chinatown, LLC ("Chinatown"), and the Court, on May 19, 2011, having

2  announced its oral ruling confirming the Charlestown Second Modified Fourth Amended Plan with

3  such further modifications as made in Court and set forth in the confirmation order entered

4  concurrently herewith, and the Court, on June 13, 2011, having announced its oral ruling denying

5  the Jointly Administered Debtors' Reconsideration Motion for the reasons set forth in the official

6  record of said hearing, and good cause appearing,

7          NOW, THEREFORE, TO EFFECTUATE ITS ORAL RULINGS, THE COURT MAKES

8  ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW AS FOLLOWS:

9                                    **FINDINGS OF FACT**

10          1.      The Jointly Administered Debtors filed voluntary petitions for relief under chapter

11  11 of the Bankruptcy Code on March 26 and 27, 2009.

12          2.      845 S. Flower and Chinatown filed voluntary petitions for relief under chapter 11 of

13  the Bankruptcy Code on September 3, 2009.

14          3.      MMPI was incorporated under the laws of the State of Delaware in 2006.

15  Subsequent to its incorporation and prior to the filing of its chapter 11 petition, MMPI had an

16  initial public offering ("IPO") of its common stock.  The IPO was consummated on January 30,

17  2007.  Pursuant to the IPO, 40 million shares of MMPI were sold to the public and 5.5 million

18  shares were sold to the underwriters of the IPO.  The IPO raised approximately $425.7 million in

19  proceeds net of the underwriting discount but before expenses related to the IPO.

20          4.      As of November 22, 2010 (the "Balloting Deadline") 45,189,587 of the shares of

21  MMPI's outstanding common stock that were held directly or indirectly by Richard Meruelo, John

22  Maddux, other officers of MMPI or other members of MMPI's board of directors (collectively,

23  "Insider Equity") were tabulated as having voted in Class 1F under the Charlestown Capital

24  Advisors, LLC's and Hartland Asset Management Corporation's Fourth Amended Joint Plan of

25  Meruelo Maddux Properties, Inc., et al. Dated October 14, 2010 [Docket No. 1951] (the "Fourth

26  Amended Charlestown Plan").  Other shares of MMPI's outstanding common stock that were held

27  by Insider Equity either were tabulated as having voted in Class 1E under the Fourth Amended

28  Charlestown Plan or did not vote.  Shares of MMPI's outstanding common stock that were not

held by Insider Equity were held by public shareholders ("Non-Insider Equity") and were tabulated as having voted in Class 1E under the Fourth Amended Charlestown Plan or did not vote

5.    The other Jointly Administered Debtors were formed under either the laws of the State of Delaware or the laws of the State of California.  The Jointly Administered Debtors formed under the laws of the State of Delaware are registered with the California Secretary of State and are authorized to do business in the State of California.

6.    MMPI holds a 99.6% ownership interest in Jointly Administered Debtor Meruelo Maddux Properties, L.P. ("MMPLP").  MMPLP, in turn, owns 100% of the common stock of Jointly Administered Debtor Meruelo Maddux Construction, Inc. ("MM Construction"), 99% of the membership units in Jointly Administered Debtor Meruelo Maddux Management, LLC ("MM Management") and 99% of Funes Architecture, LLC ("Funes").  MM Construction owns the remaining 1% of the membership units in MM Management and Funes.

7.    MMPLP also owns 100% of the membership units in Jointly Administered Debtor MMP Ventures, LLC ("MMP Ventures").  MMP Ventures, in turn, owns 100% of the stock or membership interests in the Jointly Administered Debtors which currently hold or previously held on the date they filed chapter 11 petitions, title to various real properties and real estate projects (collectively, the "Property Level Debtors") and also owns 100% of membership units in 845 S. Flower and Chinatown which previously owned real property on the date it filed a chapter 11 petition (845 S. Flower) or currently owns real property (Chinatown).

8.    On April 22, 2009, the Office of the United States Trustee appointed the members of the Official Committee of Unsecured Creditors (the "OCC").  The members of the OCC changed during the pendency of chapter 11 cases of the Jointly Administered Debtors.

9.    On July 19, 2010, the Office of the United States Trustee appointed the members of the Official Committee of Equity Holders (the "OEC").  The members of the OEC changed during the pendency of the chapter 11 cases of the Jointly Administered Debtors.

10.    On July 22, 2009, the Court entered an order establishing September 24, 2009 as the bar date for filing certain proofs of claim against the Jointly Administered Debtors.  Pursuant to stipulation between the Jointly Administered Debtors and the OCC, proofs of claim that had been

LEGAL_US_W # 68238575.2

1  timely filed against the wrong debtor before the bar date were deemed to have been timely filed

2  against the correct debtor.

3        11.   On November 30, 2009, the Jointly Administered Debtors filed their "Joint Plan of

4  Reorganization of Meruelo Maddux Properties, Inc., et al. Dated November 30, 2009 [Docket No.

5  899; Charlestown /OEC Trial Exhibit 53] (the "First Debtors' Plan"). The First Debtors' Plan

6  provided that holders of equity interests in MMPI would receive no distributions of cash or

7  property and a "New Value Investor" would receive 100% of MMPI (and with it all of the other

8  Jointly Administered Debtors) in exchange for a $10 million investment. The "New Value

9  Investor" was not identified in the First Debtors' Plan, but it was revealed later that the "New

10  Value Investor" was to be an entity controlled by Richard Meruelo and John Maddux.

11        12.   On February 27, 2010, the Jointly Administered Debtors filed their "First Amended

12  Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al." [Docket No. 1133;

13  Charlestown/OEC Trial Exhibit 54] (the "First Amended Debtors' Plan"). The First Amended

14  Debtors' Plan provided that holders of equity interests in MMPI would receive no distributions of

15  cash or property other than the right to participate in a rights offering in which a total of 500,000

16  shares would be sold for $20 per share. The shares would be unregistered and non-transferable

17  and the total number of shareholders would be limited to 200.

18        13.   On May 1, 2010, the Jointly Administered Debtors filed their "Second Amended

19  Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al." [Docket No. 1333;

20  Charlestown/OEC Trial Exhibit 55] (the "Second Amended Debtors' Plan"). The Second

21  Amended Debtors' Plan provided that holders of equity interests in MMPI would receive no

22  distributions of cash or property other than the right to participate in a rights offering which would

23  be made available first to Richard Meruelo and John Maddux for their acquisition of a majority of

24  the shares to be offered and then to existing equity holders who met the Jointly Administered

25  Debtors' definition of "Eligible Investors," with the balance of any offered but unpurchased shares

26  made available to Messers. Meruelo and Maddux. The total purchase price for all shares would be

27  $10 million. The shares would be unregistered and subject to transfer restrictions and the debtors

28

1    would be granted the power to implement certain procedures to prevent the number of shareholders

2    from surpassing 250.

3        14.   On June 10, 2010, the Jointly Administered Debtors filed their "Modified Second

4    Amended Plan of Reorganization of Meruelo Maddux Properties, Inc., et al." [Docket No. 1509]

5    (the "Modified Second Amended Debtors' Plan").  The Modified Second Amended Debtors' Plan

6    provided that holders of equity interests in MMPI would be offered a choice surrendering their

7    shares in return for $.08 cents per share or purchasing for $.07 per a number of shares in

8    reorganized MMPI equal to the number of existing shares they held in MMPI.  The shares would

9    be unregistered and subject to transfer restrictions and the debtors would be granted the power to

10   implement certain procedures to prevent the number of shareholders from surpassing 299.  The

11   redemption price of $.08 per share was based on the price at which the shares were being traded

12   over the counter.  (Testimony of M. Freddie Reiss February 11, 2011, reflected in the Official

13   Transcript of Proceedings of February 11, 2011 at 17:12 - 18:9.)

14       15.   On June 11, 2010, the Court entered an order terminating, effective June 14, 2010,

15   as to Charlestown, Hartland and the OEC, if formed, the exclusive period within which only the

16   Jointly Administered Debtors may file and solicit and obtain acceptances for a plan(s) of

17   reorganization, but extending the exclusivity period to September 30, 2010 as to parties other than

18   Charlestown, Hartland and the OEC [Docket No. 1513].

19       16.   On or before June 12, 2009, the Jointly Administered Debtors filed their schedules

20   of assets and liabilities and their statements of financial affairs.  Amendments to the schedules of

21   assets and liabilities were filed on August 9, 2010.

22       17.   Prior to the termination of exclusivity, the Jointly Administered Debtors, on behalf

23   of the bankruptcy estates, negotiated settlements with secured creditors which were approved by

24   the Court and were binding on the bankruptcy estates of the Property Level Debtors and, where

25   they so provided, the bankruptcy estate of MMPI.  These settlements obligated the creditors which

26   were parties to them to vote for and support the plan of the Jointly Administered Debtors which

27   were parties to them.  Additional similar settlements were entered into by the Jointly Administered

28   Debtors after the termination of exclusivity.

LEGAL_US_W # 68238575.2

18.   Prior to the termination of exclusivity, the Jointly Administered Debtors also entered into a written Settlement Agreement with the County of Los Angeles with respect to the payment of real property tax claims against the Property Level Debtors.  The Settlement Agreement provided that it applied to the debtors identified on Schedule A to the Settlement Agreement, the reorganized debtors and their successors and assigns.  The Settlement Agreement was approved by orders of the Court entered August 13, 2010 and December 15, 2010 [Docket Nos. 1689 and 2400].

19.   On July 14, 2010, Charlestown and Hartland filed their "Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al." [Docket No. 1594] (the "First Charlestown Plan").  The First Charlestown Plan offered Non-Insider Equity Interest holders in MMPI the option of receiving $10.00 and one share in reorganized MMPI for each 100 shares of existing MMPI common stock or selling their shares for $.16 per share.  Insider Equity Interest holders in MMPI were not offered the option of receiving shares in a reorganized MMPI and were to receive $.16 per share for each of their existing shares in MMPI.

20.   On August 25, 2010, the Court entered an order terminating as to Legendary Investors Group No. 1, LLC ("Legendary") and East West Bank ("East West") the exclusive period within which only the Jointly Administered Debtors may file and solicit and obtain acceptances for a plan(s) of reorganization [ Docket No. 1736].

21.   On August 6, 2010, Legendary and East West filed their "Legendary Investors Group No. 1, LLC's and East West Bank's Joint Chapter 11 Plan of Reorganization Dated August 6, 2010" [Docket No. 1671] (the "First Legendary Plan").  The First Legendary Plan did not offer a cash-out election to equity interest holders in MMPI.

22.   On August 26, 2010, Legendary and East West filed their "Legendary Investors Group No. 1, LLC's and East West Bank's First Amended Joint Chapter 11 Plan Dated August 26, 2010" [Docket No. 1742] (the "First Amended Legendary Plan").  The First Amended Legendary Plan did not offer a cash-out election to equity interest holders in MMPI.

23.    On September 1, 2010, the Jointly Administered Debtors filed their "Third Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al." [Docket No. 1771] (the "Third Amended Debtors' Plan").  The Third Amended Debtors' Plan did not offer a cash-out option to equity interest holders in MMPI.

24.    On September 2, 2010, Charlestown and Hartland filed their "Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's First Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc. et al." [Docket No. 1779] (the "First Amended Charlestown Plan").  The First Amended Charlestown Plan offered Non-Insider Equity Interest holders in MMPI the option of receiving shares in a reorganized MMPI and the right to participate in a rights offering or selling their shares for $.16 per share.  Insider Equity Interest holders in MMPI were not offered the option of receiving shares in a reorganized MMPI or participating in a rights offering and were to receive $.16 per share for each of their existing shares in MMPI.

25.    On September 3, 2010, Legendary and East West filed their "Legendary Investors Group No. 1, LLC's and East West Bank's Second Amended Joint Chapter 11 Plan of Reorganization Dated September 3, 2010" [Docket No. 1787] (the "Second Amended Legendary Plan").  The Second Amended Legendary Plan did not offer a cash-out option to equity interest holders in MMPI.

26.    On September 10, Legendary and East West filed their "Legendary Investors Group No. 1, LLC's and East West Bank's Modified Second Amended Joint Chapter 11 Plan of Reorganization Dated September 3, 2010" [Docket No. 1809] (the "Modified Second Amended Legendary Plan").  The Modified Second Amended Legendary Plan did not offer a cash-out option to equity interest holders in MMPI.

27.    On September 21, 2010, the Jointly Administered Debtors filed a redlined version of their "Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc. Dated September 20, 1010" [Docket No. 1845; Charlestown/OEC Trial Exhibit 58] (the "Redlined Fourth Amended Debtors' Plan").  The Redlined Fourth Amended Debtors' Plan provided that holders of equity interests in MMPI could elect to retain their equity interests in MMPI or redeem them for $.25 per share.  ~~The redemption price of $.25 per share was based on the price at which the shares~~

1   ~~were being traded over the counter.  (Testimony of M. Freddie Reiss February 11, 2011, reflected~~

2   ~~in the Official Transcript of Proceedings of February 11, 2011 at 17:12 - 18:9.)~~

3       28.   On September 24, 2010, Charlestown and Hartland filed their "Charlestown Capital

4   Advisors, LLC's and Hartland Asset Management Corporation's Second Amended Joint Plan of

5   Reorganization of Meruelo Maddux Properties, Inc. et al. Dated September 23, 2010" [Docket No.

6   1862] (the "Second Amended Charlestown Plan").  The Second Amended Charlestown Plan

7   offered Non-Insider Equity Interest holders and Insider Equity Interest holders essentially the same

8   treatment as in the First Amended Charlestown Plan.

9       ~~29.~~   On September 30, 2010, Charlestown and Hartland filed their "Charlestown Capital

10  Advisors, LLC's and Hartland Asset Management Corporation's Third Amended Joint Plan of

11  Reorganization of Meruelo Maddux Properties, Inc. et al. Dated September 30, 2010" [Docket No.

12  1902] (the "Third Amended Charlestown Plan").  The Third Amended Charlestown Plan offered

13  Non-Insider Equity Interest holders the option of receiving their pro rata share of approximately

14  8.8 million shares in a reorganized MMPI (to comprise 45% of reorganized MMPI) or selling their

15  shares for $.35 cents per share.  ~~Insider Equity Interest holders were to receive the same treatment~~

16  ~~as Non-Insider Equity Interest holders, but their distributions of cash or shares were to be delayed~~

17  ~~during the pendency of litigation against them.~~

18      ~~30.~~   On October 14, 2010, Charlestown and Hartland filed their "Charlestown Capital

19  Advisors, LLC's Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties,

20  Inc., et al. Dated October 14, 2010" [Docket No. 1951] (the "Fourth Amended Charlestown Plan").

21  The Fourth Amended Charlestown Plan offered both Non-Insider Equity Interest holders and

22  Insider Equity Interest holders the option of retaining their existing shares in reorganized MMPI or

23  selling their shares for $.35 cents per share to MMPI Acquisition, LLC ("MMPIA"), but regardless

24  of how many Interest holders elected to sell their shares, each shareholder was required to sell a

25  sufficient number of shares on a pro rata basis to ensure that MMPIA would be able to purchase

26  55% of all MMPI shares.  ~~Distributions of cash to Insider Equity Interest holders were to be~~

27  ~~delayed during the pendency of litigation against them.~~

28

31.    On October 14, 2010, the Jointly Administered Debtors filed their "Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010" [Docket No. 1953] (the "Fourth Amended Debtors' Plan").  The Fourth Amended Debtors' Plan provided that holders of equity interests in MMPI could elect to retain their equity interests in MMPI or redeem them for $.25 per share, but altered the right of the OEC to *appoint* ~~support~~ three of the seven members of the board of directors of MMPI.

32.    The evolution of the joint plans of reorganization from the First Debtors' Plan through the First Amended Debtors' Plan, the Second Amended Debtors' Plan, the Modified Second Amended Debtors' Plan, the First Charlestown Plan, the First Legendary Plan, the First Amended Legendary Plan, the Third Amended Debtors' Plan, the First Amended Charlestown Plan, the Second Amended Legendary Plan, the Modified Second Amended Legendary Plan, the Second Amended Charlestown Plan, the Third Amended Charlestown Plan, the Fourth Amended Charlestown Plan and the Fourth Amended Debtors' Plan reflected *improved treatment* ~~an increase in the consideration~~ being offered to equity holders in MMPI ~~from no cash or property in the First Debtors' Plan to $.25 in the Fourth Amended Debtors' Plan and $.35 in the Fourth Amended Charlestown Plan~~.

33.    On October 1~~5~~9, 2010, the Court entered an amended order approving the "Debtors' Fourth Amended Disclosure Statement Describing Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010" [Docket No. 1963] (the "Debtors' Disclosure Statement").

34.    On October 19, 2010, the Court entered an order approving "Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporation's Disclosure Statement Describing Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc. et al. Dated October 14, 2010" [Docket No. 1978] (the "Charlestown Disclosure Statement").

35.    On October 19, 2010, the Court entered an order approving the "Amended Disclosure Statement for Legendary Investors Group No. 1, LLC's and East West Bank's Modified Second Amended Joint Chapter 11 Plan of Reorganization Dated September 3, 2010" [Docket No. 1981] (the "Legendary Disclosure Statement").

LEGAL_US_W # 68238575.2

36.    On October 19, 2010, the Court entered an order requiring service of Solicitation Packages by October 22, 2010 and an order specifying the required contents of the Solicitation Packages [Docket Nos. 1987 and 1988]. The Solicitation Packages included, among other things, the Debtors' Disclosure Statement, the Fourth Amended Debtors' Plan, the Charlestown Disclosure Statement, the Fourth Amended Charlestown Plan, the Legendary Disclosure Statement and the Modified Second Amended Legendary Plan.

37.    Also included in the Solicitation Packages was a letter from the OEC stating that the OEC supports the Fourth Amended Charlestown Plan and strongly urging Non-Insider Equity holders to vote to accept and indicate a preference for the Fourth Amended Charlestown Plan and vote to reject the Fourth Amended Debtors' Plan and Modified Second Amended Legendary Plan. The OEC's letter also described the treatment of Non-Insider Equity holders under the three plans and stated that the OEC had participated in the negotiation and documentation of those portions of the Fourth Amended Charlestown Plan that relate to the treatment of Non-Insider Equity holders. The OEC's letter was attached as an exhibit to an order of the Court approving the letter as containing adequate disclosure and allowing its inclusion in the Solicitation Packages [Docket No. 1985].

38.    The Court ordered the Jointly Administered Debtors, Charlestown and Hartland and Legendary and East West to file written briefs and declarations in support of confirmation of their respective plans by December 3, 2010, written briefs and declarations in opposition to confirmation of other plans by December 23, 2010 and written reply briefs in support of the confirmation of their respective plans and in response to opposition briefs by January 14, 2011. [Docket No. 1987]. The deadline for filing briefs and declarations in opposition was extended to December 30, 2010 by a later order entered December 17, 2010 [Docket No. 2432]. The parties filed written briefs and declarations in support of and in opposition to confirmation of the three plans.

39.    On December 3, 2010, Charlestown and Hartland filed the Declaration of Todd Pollack in support of the Fourth Amended Charlestown Plan [Docket No. 2332]. Mr. Pollack's declaration was offered as an expert's declaration and contained his opinion that the Common

1  Secured Lender Treatment of 5.25% interest for a term of four years as proposed in the Fourth

2  Amended Charlestown Plan falls within the interest rate range that was currently being utilized in

3  lending markets at that time.

4      40.   On December 16, 2010, Charlestown and Hartland filed the Declaration of Raj

5  Maheshwari in Support of the Fourth Amended Charlestown Plan [Docket No. 2418.

6  Charlestown/OEC Trial Exhibit No. 136.].  The declaration identified the following proposed

7  officers of reorganized MMPI:  Martin Caverly as interim Chief Executive Officer, Ted

8  McGonagle as interim Chief Operating Officer and Fred Skaggs as Chief Financial Officer.

9  Biographies or resumes for Messrs. Caverly and McGonagle were annexed to the declaration as

10  Exhibit C.

11      41.   On January 6, 2011, the Jointly Administered Debtors filed the Supplemental

12  Declaration of Richard Meruelo in Support of the Fourth Amended Debtors' Plan [Docket No.

13  2544].  Annexed to the Supplemental Declaration as Exhibit 1 was a letter and term sheet dated

14  September 22, 2010 from Watermarke Properties, Inc. ("Watermarke") which evidenced the

15  commitment of Watermarke to fund an exit financing loan called for by the Fourth Amended

16  Debtors' Plan (the "Watermarke Commitment").  The Watermarke Commitment provided that, at

17  Watermarke's election, at any time after the fourth anniversary of the funding, the $15 million

18  principal amount of the loan could be converted into 30 million shares of MMPI common stock

19  with a pro rata adjustment for accrued interest.  The conversion of $15 million into 30 million

20  shares would equal a conversion price *more than* four years after confirmation of $.50 per share

21  and a present value conversion price as of the date of confirmation of less than $.50 per share.  The

22  conversion price would be lower if accrued interest were also converted into shared common

23  stock.

24      42.   On January 14, 2011, the Jointly Administered Debtors' filed their First Modified

25  Fourth Amended Joint Plan of Reorganization of Meruelo Maddux Properties Inc., et al. Dated

26  September 20, 2010" [Docket No. 2583] (the "First Modified Fourth Amended Debtors' Plan").

27  The modifications in the First Modified Fourth Amended Debtors' Plan related to a settlement

28  between the Jointly Administered Debtors and Legendary that *was* ~~were~~ binding on the bankruptcy

1    estates.  The modifications and settlement were approved by the Court on January 24, 2011

2    without the requirement of resolicitation [Docket No. 2652].

3         43.   Trial as to the First Modified Fourth Amended Debtors' Plan and the Fourth

4    Amended Charlestown Plan commenced on January 27, 2011.  Trial did not commence as to the

5    Modified Second Amended Legendary Plan and Legendary and East West subsequently withdrew

6    the Modified Second Amended Legendary Plan.

7         44.   During the course of the confirmation trial both the Jointly Administered Debtors

8    and Charlestown and Hartland proposed modifications of their respective plans.  The modifications

9    made during the course of the trial were approved by the Court without the requirement of

10   resolicitation.  The modifications made by the Jointly Administered Debtors during the

11   confirmation trial resulted in the "Second Modified Fourth Amended Joint Plan of Reorganization

12   of Meruelo Maddux Properties, Inc., et al. Dated September 20, 2010" [Docket No. 2869] (the

13   "Second Modified Fourth Amended Debtors' Plan").  The modification of the Fourth Amended

14   Charlestown Plan made during the course of the confirmation trial resulted in the "Charlestown

15   Capital Advisors, LLC's and Hartland Asset Management Corporation's First Modified Fourth

16   Amended Joint Plan of Reorganization of Meruelo Maddux Properties, Inc., et al. Dated October

17   14, 2010" [Docket No. 2672-1] (the "First Modified Fourth Amended Charlestown Plan").

18        45.   On March 23, 2011, during the confirmation trial, Charlestown and Hartland filed a

19   commitment letter dated March 22, 2011 (the "Commitment Letter") from GAC Real Estate

20   Partners, LLC ("GAC Real Estate") and Mount Kellett Capital Management LP ("Mount Kellett")

21   which evidenced the commitment of GAC Real Estate and Mount Kellett to fund on the terms set

22   forth in the Commitment Letter, the exit financing Equity Investment and Secured Loan called for

23   in the Fourth Amended Charlestown Plan and First Modified Fourth Amended Charlestown Plan.

24   [Docket No. 2896].  Annexed as Exhibit C to the Commitment Letter was an Escrow Agreement

25   with Wells Fargo Bank, National Association evidencing the agreement of GAC Real Estate and

26   Mount Kellett to deposit into a separate escrow account at Wells Fargo Bank the $4 million which

27   would serve as the non-refundable deposit and liquidated damages described in the Fourth

28

1    Amended Charlestown Plan and First Modified Fourth Amended Charlestown Plan.  The $4

2    million was deposited into the escrow account in accordance with the Escrow Agreement.

3          46.   The Commitment Letter contains specified Conditions Precedent to the obligations

4    of GAC Real Estate and Mount Kellett to fund the Equity Investment and Loan.  One Condition

5    Precedent is agreement upon and entry into an Amended and Restated Operating Agreement of

6    MMPIA and agreement upon and entry into the Loan documents.  Counsel for GAC Real Estate,

7    who has appeared specially for Charlestown and Hartland, represented to the Court that the

8    Amended and Restated Operating Agreement had been agreed upon and signed and, therefore, that

9    this Condition Precedent has been satisfied.  The Court accepts the representation of counsel as an

10   officer of the Court.  Said counsel also represented that loan documents relating to the Secured

11   Loan had been agreed upon.  The loan documents relating to the Secured Loan were filed with the

12   Court in the "First Supplement to Charlestown Plan" filed May 5, 2011 [Docket No. 3070].

13   Although the loan documents have not been executed, the Court finds that this Condition

14   Precedent has been satisfied because the loan documents cannot be executed unless and until there

15   is a confirmed plan whose Effective Date occurs.

16         47.   Another Condition Precedent specified in the Commitment Letter is that there be at

17   least $5.5 million in unrestricted and unencumbered cash of MMPI on the Effective Date.  As set

18   forth below, the Court finds that this Condition Precedent will be satisfied and, in any event, there

19   has been filed with the Court evidence of written waivers by GAC Real Estate and Mount Kellett

20   of this Condition Precedent [Docket Nos. 3128 and 3135].

21         48.   Another Condition Precedent specified in the Commitment Letter is that the assets

22   (other than cash) reflected on the balance sheets of the Jointly Administered Debtors on the

23   Effective Date be no different from those reflected on the balance sheets as of March 22, 2011

24   unless otherwise agreed to in writing by GAC Real Estate and Mount Kellett.  Since March 22,

25   2011, only one non-cash asset on the balance sheet has been sold and GAC Real Estate and Mount

26   Kellett, through Charlestown and Hartland, consented in writing to that sale.  The Court finds that

27   this Condition Precedent is satisfied as of the date hereof and that it likely will remain satisfied as

28   of the Effective Date.

LEGAL_US_W # 68238575.2

49.   The other Conditions Precedent specified in the Commitment Letter are that the Court enter an order confirming the plan, that the order become a Final Order and that the Effective Date occur.  As set forth below and as announced orally in open court on May 19, 2011, the Court intends to enter the requisite confirmation orders and the passage of time will make those orders Final Orders unless there is an appeal and the orders are stayed pending appeal prior to their finality or waiver of the requirement of finality.  The Court finds that these Conditions Precedent likely will be satisfied.

50.   On March 28, 2011, prior to the conclusion of the confirmation trial, the OEC filed their "Statement as to the Equity Committee's Board Nominees under the Charlestown Plan" which identified and provided a short biography for the individuals the OEC had selected to be the three members of the board of directors of reorganized MMPI the OEC was entitled to appoint pursuant to the Fourth Amended Charlestown Plan and the First Modified Fourth Amended Charlestown Plan.  The identified individuals were Tony Canzoneri, Stuart Gabriel and Stephen Taylor.  [Docket No. 2909].

51.   On March 29, 2011, Charlestown and Hartland filed their "Charlestown Capital Advisors, LLC's and Hartland Asset Management Corporeation's [sic] Revised Disclosure of Proposed Directors for MMPI" which identified and provided short biographies for the individuals Charlestown and Hartland had selected to be the four members of the board of directors Charlestown and Hartland were entitled to appoint pursuant to the Fourth Amended Charlestown Plan and the First Modified Fourth Amended Charlestown Plan.  The identified individuals were Riaz Valani, Tony Fung, Andrew Axelrod and Jonathan Fiorello [Docket No. 2914].

52.   At the conclusion of the confirmation trial, the Court took under submission the issue of confirmation of the Second Modified Fourth Amended Debtors' Plan and confirmation of the Fourth Amended Charlestown Plan as amended by the First Modified Fourth Amended Charlestown Plan.  The Court has conducted multiple status conferences regarding issues and concerns raised by the parties and the Court as a result of the evidence and arguments presented before, during and at the conclusion of the confirmation trial.

53.    In addition, subsequent to the conclusion of the confirmation trial, both the Jointly Administered Debtors and Charlestown and Hartland have proposed modifications to their respective plans of reorganization which were the subject of the confirmation trial.  The post-trial modifications proposed by the Jointly Administered Debtors were approved by the Court without the requirement of resolicitation and resulted in the Debtors' May 3, 2011 Joint Plan [Docket 3055], which is the current plan of the Jointly Administered Debtors.  The post-trial modifications proposed by Charlestown and Hartland also were approved by the Court without the requirement of resolicitation and resulted in the Second Modified Fourth Amended Charlestown Plan [Docket No. 3068], which is the current plan of Charlestown and Hartland.

54.    Due, adequate and sufficient notice of the Fourth Amended Charlestown Plan, the Charlestown Disclosure Statement, the confirmation hearing and the deadlines for voting on or objecting to the Fourth Amended Charlestown Plan was given to all holders of claims and interest in accordance with Bankruptcy Rules 2002(b), 3017(a), (d), (e) and (f) as evidenced by the record, the Proof of Service of Solicitation Packages [Docket No. 2122] and the affidavits of Kurtzman Carson Consulting, LLC ("KCC") [Docket Nos. 2320 and 2321].

55.    Due, adequate and sufficient notice of the proposed modifications to the Fourth Amended Charlestown Plan that resulted in the First Modified Fourth Amended Charlestown Plan and the Second Modified Fourth Amended Charlestown Plan was given to all holders of claims and interest in accordance with Bankruptcy Rule 2019 and orders of the Court.  No creditor or interest holder sought to change its vote from acceptance of the Fourth Amended Charlestown Plan to rejection of the Fourth Amended Charlestown plan based on the modifications.

56.    On May 5, 2011, Charlestown and Hartland filed their First Supplement to Charlestown Plan [Docket 3070] and due, adequate and sufficient notice and service of same was provided to holders of claims and interests.  The loan documents for the Secured Loan in the First Supplement comply with the terms of the Fourth Amended Charlestown Plan as modified by the First Modified Fourth Amended Charlestown Plan and the Second Modified Fourth Amended Charlestown Plan.

57.    On May 16, 2011, Charlestown and Hartland filed their Second Supplement to Charlestown Plan [Docket No. 3120] and due, adequate and sufficient notice and service of same was provided to holders of claims and interests.  The loan documents and loan modification agreements contained in the Second Supplement comply with the terms of the Fourth Amended Charlestown Plan as modified by the First Modified Fourth Amended Charlestown Plan and the Second Modified Fourth Amended Charlestown Plan.

58.    On May 18, 2011, the Jointly Administered Debtors filed their "Debtors' Status Conference Report [Docket No. 3134] and Charlestown and Hartland filed their "Charlestown Proponents' Statement Re Cash as of or Near the Effective Date and Post-Effective Date Debt Service" [Docket No. 3126].  Both of these pleadings evidence that there will be at least $5.5 million in unrestricted and unencumbered cash of MMPI on the Effective Date of the Second Modified Fourth Amended Charlestown Plan.

59.    In connection with modifications in the First Modified Fourth Amended Charlestown Plan and the Second Modified Fourth Amended Charlestown Plan, certain creditors which had previously voted to reject the Fourth Amended Charlestown Plan filed declarations requesting to change their votes to accept and/or withdraw their objections to the Fourth Amended Charlestown Plan or the Second Modified Fourth Amended Charlestown Plan.

60.    Based upon the original and changed votes and the withdrawn objections, the Court finds as follows with respect to the Fourth Amended Charlestown Plan as modified by the First Modified Fourth Amended Charlestown Plan and the Second Modified Fourth Amended Charlestown Plan (collectively, the "Charlestown Plan") with respect to Jointly Administered Debtor MMPI:

    (a)    Class 1A (Secured Claim of Oliver, Sandifer) is unimpaired and is deemed to have accepted the Charlestown Plan;

    (b)    Class 1B (Priority Benefits Claims) is unimpaired and is deemed to have accepted the Charlestown Plan;

    (c)    Class 1C-1 (General Unsecured Claims) is unimpaired and is deemed to have accepted the Charlestown Plan;

-28-

(d)   Class 1C-2A (Non-Settling Unsecured Guaranty Claims) is impaired and has

accepted the Charlestown Plan;

(e)   Class 1C - 2B (Settling Unsecured Guaranty Claims) is impaired and has

accepted the Charlestown Plan because the settlements into which the members

of this class entered were with the bankruptcy estate and, therefore, the benefits

of these settlements inure also to MMPI as reorganized under the Charlestown

Plan;

(f)   Class 1E (Non-Insider Equity Interests) is impaired and has accepted the

Charlestown Plan;

(g)   Class 1F (Insider Equity Interests) is impaired and has rejected the Charlestown

Plan but, as set forth below, the Charlestown Plan may be confirmed over the

rejection of this class.

61.   Based upon the original and changed votes and the withdrawn objections to the
Charlestown Plan and confirmation of the Charlestown Plan with respect to MMPI, the Court finds
as follows with respect to the other Jointly Administered Debtors:

| 2. | Meruelo Maddux Properties, L.P. | |
|---|---|---|
| 2C-2 | General Unsecured Claims | Unimpaired. |
| 2D | Intercompany Claims | Unimpaired. |
| 2E | Equity Interests of MMPI (99.6%) and Holders of LTIP Units (0.4%) | This class is impaired and has rejected the Charlestown Plan but, as set forth below, the Charlestown Plan may be confirmed over the rejection of this class. |
| 3. | MMP Ventures LLC | |
| 3C | General Unsecured Claims | Unimpaired. |
| 3C | Intercompany Claims | Unimpaired. |
| 3E | Equity Interests of MMPLP (100%) | Unimpaired. |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| **4.** | **Meruelo Maddux Construction, Inc.** | |
| 4C | General Unsecured Claims | Unimpaired. |
| 4D | Intercompany Claims | Unimpaired. |
| 4E | Equity Interests of MMPLP (100%) | Unimpaired. |
| **5.** | **Meruelo Maddux Management LLC** | |
| 5B | Priority Benefits Claims | Unimpaired. |
| 5C | General Unsecured Claims | Unimpaired. |
| 5D | Intercompany Claims | Unimpaired. |
| 5E | Equity Interests of MMPLP (99%) and MMCI (1%) | Unimpaired. |
| **6.** | **Meruelo Maddux – 555 Central Avenue LLC** | |
| 6C | General Unsecured Claims | Unimpaired. |
| 6D | Intercompany Claims | Unimpaired. |
| 6E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **7.** | **Merco Group – Overland Terminal LLC** | |
| 7C | General Unsecured Claims | Unimpaired. |
| 7D | Intercompany Claims | Unimpaired. |
| 7E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **8.** | **National Cold Storage LLC** | |
| 8C | General Unsecured Claims | Unimpaired. |
| 8E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **9.** | **Wall Street Market LLC** | |
| 9C | General Unsecured Claims | Unimpaired. |
| 9D | Intercompany Claims | Unimpaired. |

LEGAL_US_W # 68238575.2

| 9E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
|---|---|---|
| **10.** | **Meruelo Maddux Properties – 1009 N. Citrux Avenue, Covina, LLC** | |
| 10A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 10C | General Unsecured Claims | Unimpaired. |
| 10D | Intercompany Claims | Unimpaired. |
| 10E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **11.** | **Meruelo Maddux – 230 W. Avenue 26 LLC** | |
| 11A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 11C-1 | Unsecured Claims — Tenant Security Deposits - | Unimpaired. |
| 11C-2 | General Unsecured Claims | Unimpaired. |
| 11D | Intercompany Claims | Unimpaired. |
| 11E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **12.** | **Meruelo Maddux Properties – 306-330 N. Avenue 21 LLC** | |
| 12A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County |

| | | |
|---|---|---|
| | | entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 12C-1 | Unsecured Claims — Tenant Security Deposits - | Unimpaired. |
| 12C-2 | General Unsecured Claims | Unimpaired. |
| 12D | Intercompany Claims | Unimpaired. |
| 12E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **13.** | **Meruelo Maddux – 817-825 S. Hill Street LLC** | |
| 13A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 13C | General Unsecured Claims | Unimpaired. |
| 13D | Intercompany Claims | Unimpaired. |
| 13E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **14.** | **Meruelo Maddux – 1000 E. Cesar Chavez LLC** | |
| 14A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 14C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 14C-2 | General Unsecured Claims | Unimpaired. |

LEGAL_US_W # 68238575.2

| 14D | Intercompany Claims | Unimpaired. |
|-----|---------------------|-------------|
| 14E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **15.** | **Meruelo Maddux Properties – 1060 N. Vignes LLC** | |
| 15A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 15C | General Unsecured Claims | Unimpaired. |
| 15D | Intercompany Claims | Unimpaired. |
| 15E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **16.** | **Meruelo Maddux – 2415 E. Washington Boulevard LLC** | |
| 16A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 16C | General Unsecured Claims | Unimpaired. |
| 16D | Intercompany Claims | Unimpaired. |
| 16E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **17.** | **Meruelo Maddux – 5500 Flotilla Street LLC** | |
| 17C | General Unsecured Claims | Unimpaired. |
| 17D | Intercompany Claims | Unimpaired. |
| 17E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **18.** | **Meruelo Maddux Properties – 12385 San Fernando Road LLC** | |

LEGAL_US_W # 68238575.2

| 18A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
|---|---|---|
| 18C | General Unsecured Claims | Unimpaired. |
| 18D | Intercompany Claims | Unimpaired. |
| 18E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 19. | Merco Group – 146 E. Front Street LLC | |
| 19C-1 | General Unsecured Claims | Unimpaired. |
| 19D | Intercompany Claims | Unimpaired. |
| 19E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 20. | Merco Group – 801 E. 7th Street LLC | |
| 20A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 20C | General Unsecured Claims | Unimpaired. |
| 20D | Intercompany Claims | Unimpaired. |
| 20E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 21. | Merco Group – 1211 E. Washington Boulevard LLC | |
| 21A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| | | bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 21A-2 | RoofCorp of CA, Inc. | Unimpaired as a result of the modified treatment of Class 21A-2 in Exhibit A annexed hereto. |
| 21C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 21C-2 | General Unsecured Claims | Unimpaired. |
| 21D | Intercompany Claims | Unimpaired. |
| 21E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **22.** | **Merco Group – 1380 S. Orchard LLC** | |
| 22A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 22C | General Unsecured Claims | Unimpaired. |
| 22D | Intercompany Claims | Unimpaired. |
| 22E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **23.** | **Merco Group – 2040 Camfield Avenue LLC** | |
| 23C | General Unsecured Claims | Unimpaired. |
| 23D | Intercompany Claims | Unimpaired. |
| 23E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **24.** | **Merco Group – Ceres Street Produce LLC** | |
| 24A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County |

| | | |
|---|---|---|
| | | entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 24C | General Unsecured Claims | Unimpaired. |
| 24D | Intercompany Claims | Unimpaired. |
| 24E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **25.** | **Meruelo Baldwin Park LLC** | |
| 25A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 25C-1 | Unsecured Claims — Tenant Security Deposits - | Unimpaired. |
| 25C-2 | General Unsecured Claims | Unimpaired. |
| 25D | Intercompany Claims | Unimpaired. |
| 25E | Interests of MMP Ventures (100%) | Unimpaired. |
| **26.** | **Santa Fe & Washington Market LLC** | |
| 26A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 26C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| 26C-2 | General Unsecured Claims | Unimpaired. |
| 26D | Intercompany Claims | Unimpaired. |
| 26E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **27.** | **Merco Group – 5707 S. Alameda LLC** | |
| 27A | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 27C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 27C-2 | General Unsecured Claims | Unimpaired. |
| 27D | Intercompany Claims | Unimpaired. |
| 27E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **28.** | **Meruelo Maddux – 3rd and Omar Street LLC** | |
| 28A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 28C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 28C-2 | General Unsecured Claims | Unimpaired. |
| 28D | Intercompany Claims | Unimpaired. |
| 28E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **29.** | **Meruelo Maddux – 336 W. 11th Street LLC** | |
| 29A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| | | Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 29A-3 | Grand Avenue Lofts, HOA Secured Claim | Impaired, but did not vote; supports confirmation of the Charlestown Plan. |
| 29A-4 | Grand Avenue Lofts, LLC / CIM Urban RE Fund GP II, LLC Secured Claim | Impaired, but did not vote; supports confirmation of the Charlestown Plan.. |
| 29C | General Unsecured Claims | Unimpaired. |
| 29D | Intercompany Claims | Unimpaired. |
| 29E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **30.** | **Meruelo Maddux – 420 Boyd Street LLC** | |
| 30A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 30C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 30C-2 | General Unsecured Claims | Unimpaired. |
| 30D | Intercompany Claims | Unimpaired. |
| 30E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **31.** | **Meruelo Maddux – 500 Mateo Street LLC** | |
| 31C- | General Unsecured Claims | Unimpaired. |
| 31D | Intercompany Claims | Unimpaired. |
| 31E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

LEGAL_US_W # 68238575.2

| 32. | Meruelo Maddux Properties – 760 S. Hill Street LLC | |
|---|---|---|
| 32A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 32A-2 | Bank of America Secured Claim | Impaired - Accept. |
| 32B | Priority Benefits Claims | Unimpaired. |
| 32C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 32C-2 | General Unsecured Claims | Unimpaired. |
| 32D | Intercompany Claims | Unimpaired. |
| 32E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 33. | 788 S. Alameda LLC | |
| 33A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 33A-2 | California Bank & Trust Secured Claim | Impaired - Accept. |
| 33B | Priority Benefits Claims | Unimpaired. |
| 33C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 33C-2 | General Unsecured Claims | Unimpaired. |
| 33D | Intercompany Claims - $1,485,597 | Unimpaired. |
| 33E | Equity Interests of MMP Ventures (100%) | Unimpaired |
| 34. | 905 8th Street LLC | |

LEGAL_US_W # 68238575.2

| 34A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 34A-2 | The Stanford Group LP Secured Claim | This class is impaired and has accepted the Charlestown Plan because The Stanford Group LP entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 34C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 34C-2 | General Unsecured Claims | Unimpaired. |
| 34D | Intercompany Claims | Unimpaired. |
| 34E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **35.** | **Meruelo Maddux – 914-949 S. Hill Street LLC** | |
| 35A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 35A-2 | Imperial Capital Bank Secured Claim | This class is impaired and has accepted the Charlestown Plan because Imperial Capital Bank entered into a settlement with this debtor's bankruptcy estate and, therefore, the |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| | | benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 35C-1 | General Unsecured Claims | Unimpaired. |
| 35C-2 | Tenant Security Deposits | Unimpaired. |
| 35D | Intercompany Claims | Unimpaired. |
| 35E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **36.** | **Alameda Produce Market LLC** | |
| 36A-1-a | Los Angeles County Secured Tax Claim re Alameda Produce Market Encumbered Real Property | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 36A-1-b | Los Angeles County Secured Tax Claim re Alameda Produce Market Unencumbered Real Property | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 36A-2 | Cathay Bank Secured Claim | Impaired - Accept. |
| 36A-3 | Cathay Bank Secured Claim | Impaired - Accept. |
| 36B | Priority Benefits Claims | Unimpaired. |
| 36C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 36C-2 | General Unsecured Claims | Unimpaired. |
| 36D | MTA Contingent Claim | Did not vote; supports confirmation of the Charlestown Plan |
| 36E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

-41-

| 37. | Merco Group – 1500 Griffith Avenue LLC | |
|---|---|---|
| 37A-1-a | Los Angeles County Secured Tax Claim re 1500 Griffith | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 37A-3 | Murakami Secured Claim | This class is impaired and has accepted the Charlestown Plan because Murakami entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 37C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 37C-2 | General Unsecured Claims | Unimpaired. |
| 37D | Intercompany Claims | Unimpaired. |
| 37E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 38. | Meruelo Maddux Properties – 1919 Vineburn Street LLC | |
| 38A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 38A-2 | Imperial Capital Bank Secured Claim | This class is impaired and has accepted the Charlestown Plan because Imperial Capital Bank entered into a settlement with this |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| | | debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 38C-1 | Unsecured Claims      Tenant Security Deposits | Unimpaired. |
| 38C-2 | General Unsecured Claims | Unimpaired. |
| 38D | Intercompany Claims | Unimpaired. |
| 38E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **39.** | **Meruelo Maddux Properties – 2131 Humboldt Street LLC** | |
| 39C-1 | Unsecured Claims — Tenant Security Deposits - | Unimpaired. |
| 39C-2 | General Unsecured Claims | Unimpaired. |
| 39D | Intercompany Claims | Unimpaired. |
| 39E | Equity Interests of MMP Ventures (100%) | Unimpaired |
| **40.** | **Merco Group – 2529 Santa Fe Avenue LLC** | |
| 40A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 40A-2 | 1248 S. Figueroa Secured Claim | This class is impaired and has rejected the Charlestown Plan but, as set forth below, the Charlestown Plan may be confirmed over the rejection of this class. |
| 40C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 40C-2 | General Unsecured Claims | Unimpaired. |
| 40D | Intercompany Claims | Unimpaired. |
| 40E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

-43-

| 41. | **2640 Washington Boulevard LLC** | |
|---|---|---|
| 41A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 41A-2 | East West Bank as successor to UCB Secured Claim | This class is impaired and has accepted the Charlestown Plan because East West Bank entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 41C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 41C-2 | General Unsecured Claims | Unimpaired. |
| 41D | Intercompany Claims | Unimpaired. |
| 41E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 42. | **Meruelo Maddux Properties – 2941 Lenwood Road LLC** | |
| 42A-1 | FNBN Secured Claim | This class is impaired and has accepted the Charlestown Plan because FNBN entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 42C | General Unsecured Claims | Unimpaired. |
| 42D | Intercompany Claims | Unimpaired. |
| 42E | Equity Interests of MMP Ventures (100%) | Unimpaired |

| 43. | Merco Group – 3185 E. Washington Boulevard LLC | |
|---|---|---|
| 43A-1-a | Los Angeles County Secured Tax Claim re 3185 E. Washington Boulevard Encumbered Real Property | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 43A-1-b | Los Angeles County Secured Tax Claim re 3185 E. Washington Boulevard Unencumbered Real Property | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 43A-2 | Chinatrust Secured Claim | Impaired - Accept. |
| 43C-1 | General Unsecured Claims | Unimpaired. |
| 43C-2 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 43D | Intercompany Claims | Unimpaired. |
| 43E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 44. | Merco Group – 4th Street Center LLC | |
| 44C-1 | General Unsecured Claims | Unimpaired. |
| 44D | Intercompany Claims | Unimpaired. |
| 44E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 45. | Merco Group – 425 W. 11th Street LLC | |
| 45A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of |

| | | |
|---|---|---|
| | | the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 45C | General Unsecured Claims | Unimpaired. |
| 45D | Intercompany Claims | Unimpaired. |
| 45E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **46.** | **Merco Group – 620 Gladys Avenue LLC** | |
| 46A-1-b | Los Angeles County Secured Tax Claim re 620 S. Gladys Avenue Unencumbered Real Property | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 46C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 46C-2 | General Unsecured Claims | Unimpaired. |
| 46D | Intercompany Claims | Unimpaired. |
| 46E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **47.** | **Merco Group – 2001-2021 W. Mission Boulevard LLC** | |
| 47A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 47A-2 | PNL Pomona LP Secured Claim | Impaired - Accept. |
| 47C | General Unsecured Claims | Unimpaired. |
| 47D | Intercompany Claims | Unimpaired. |
| 47E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

LEGAL_US_W # 68238575.2

| | Merco Group – Little J LLC | |
|---|---|---|
| **48.** | | |
| 48A-1-a | Los Angeles County Secured Tax Claim re 1119 S. Olive Street | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 48A-1-b | Los Angeles County Secured Tax Claim re 1124 S. Olive Street | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 48C-2 | General Unsecured Claims | Unimpaired. |
| 48C-3 | Tenant Security Deposit Claims | Unimpaired. |
| 48D | Intercompany Claims | Unimpaired. |
| 48D | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **49.** | Merco Group – Southpark LLC | |
| 49A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 49A-2 | Bank of America Secured Claim | Impaired - Accept. |
| 49C-1 | General Unsecured Claims | Unimpaired. |

| | | |
|---|---|---|
| 49C-2 | Tenant Security Deposit Claims | Unimpaired. |
| 49D | Intercompany Claims | Unimpaired. |
| 49E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **50.** | **Merco Group LLC** | |
| 50A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 50C-1 | General Unsecured Claims | Unimpaired. |
| 50D | Intercompany Claims | Unimpaired. |
| 50E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **51.** | **Meruelo Farms LLC** | |
| 51A-1-a | Los Angeles County Secured Tax Claim re 815 E. Temple Street | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 51A-1-b | Los Angeles County Secured Tax Claim re 729 E. Temple Street | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 51A-2 | Imperial Capital Bank Secured Claim | This class is impaired and has accepted the |

|  |  | Charlestown Plan because Imperial Capital Bank entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 51A-3 | Pacific Commerce Secured Claim | This class is impaired and has accepted the Charlestown Plan because Pacific Commerce Bank entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 51C | General Unsecured Claims | Unimpaired. |
| 51D | Intercompany Claims | Unimpaired. |
| 51E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| 52. | Meruelo Wall Street LLC | |
| 52A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 52A-2 | East West Bank as successor to UCB Secured Claim | This class is impaired and has accepted the Charlestown Plan because East West Bank entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |

LEGAL_US_W # 68238575.2

| | | |
|---|---|---|
| 52B | Priority Benefits Claims | Unimpaired. |
| 52C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 52C-2 | General Unsecured Claims | Unimpaired. |
| 52D | Intercompany Claims | Unimpaired. |
| 52E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **53.** | **Meruelo Maddux – Mission Boulevard LLC** | |
| 53A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 53A-2 | Kennedy Funding, Inc. Secured Claim | Impaired - Accept. |
| 53C | General Unsecured Claims | Unimpaired. |
| 53D | Intercompany Claims | Unimpaired. |
| 53E | Equity Interests of MMP Ventures (100%) | Unimpaired. |
| **54.** | **Santa Fe Commerce Center, Inc.** | |
| 54A-1 | Los Angeles County Secured Tax Claim | This class is impaired and has accepted the Charlestown Plan because Los Angeles County entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the settlement inures to the debtor as reorganized under the Charlestown Plan. |
| 54A-2 | Berkadia Secured Claim | This class is impaired and has accepted the Charlestown Plan because Berkadia entered into a settlement with this debtor's bankruptcy estate and, therefore, the benefits of the |

LEGAL_US_W # 68238575.2

| | | settlement inures to the debtor as reorganized under the Charlestown Plan. |
|---|---|---|
| 54A-3 | RoofCorp of CA, Inc. Secured Claim | Unimpaired as a result of the modified treatment of Class 54A-3 in Exhibit A annexed hereto. |
| 54C-1 | Unsecured Claims — Tenant Security Deposits | Unimpaired. |
| 54C-2 | General Unsecured Claims | Unimpaired. |
| 54E | Equity Interests of MMP Ventures (100%) | Unimpaired. |

62.    Based upon the foregoing, and as reflected in the affidavits submitted by KCC and the declarations submitted by Charlestown and Hartland in connection with the First Modified Fourth Amended Charlestown Plan and the Second Modified Fourth Amended Charlestown Plan, at least one Impaired Class of Claims for each of the Jointly Administered Debtors (other than Jointly Administered Debtor MMPLP where no such acceptance by an Impaired Class of Claims is required) has voted to accept the Charlestown Plan (excluding the acceptance by any insiders of the Debtors) in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

63.    The further modifications to the Charlestown Plan reflected in the modified Charlestown Plan annexed hereto as Exhibit A constitute either technical changes or modifications made in open Court that were consented to or that do not materially adversely affect the treatment of any claims or interests under the Charlestown Plan.

64.    The Charlestown Plan is dated and identifies the entities submitting and filing it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Charlestown Disclosure Statement satisfied Bankruptcy Rule 3016(b).

## **CONCLUSIONS OF LAW**

1       1.    Each of the foregoing Findings of Fact which may be construed as a Conclusion of

2    Law is hereby deemed to be a Conclusion of Law, and each of the following Conclusions of Law

3    which may be construed as a Finding of Fact is hereby deemed to be a Finding of Fact.

4       2.    Confirmation of the Debtors' May 3, 2011 Joint Plan and the Charlestown Plan are

5    core proceedings under 28 U.S.C. § 157(b)(2).  The Court has subject matter jurisdiction over this

6    matter pursuant to 28 U.S.C. § 1334.  The Court has exclusive jurisdiction to determine whether

7    the Debtors' May 3, 2011 Joint Plan and the Charlestown Plan comply with applicable provisions

8    of the Bankruptcy Code and, if both Plans comply, which Plan should be confirmed pursuant to

9    section 1129(c) of the Bankruptcy Code.

10       3.    Venue in this Court was proper as of the dates the Jointly Administered Debtors

11    filed their chapter 11 petitions pursuant to 28 U.S.C. §§ 1408 and 1409 and has continued to be

12    proper throughout the chapter 11 cases of the Jointly Administered Cases and 845 South Flower

13    and Chinatown.

14       4.    The Jointly Administered Debtors, 845 South Flower and Chinatown were and are

15    entities eligible for relief under section 109 of the Bankruptcy Code.

16       5.    As Equity Interest holders in Jointly Administered Debtor MMPI, Charlestown and

17    Hartland had and continued to have standing to propose a plan of reorganization with respect to

18    Jointly Administered Debtor MMPI.  Upon conditional confirmation of the Charlestown Plan with

19    respect to Joint Administered Debtor MMPI, Charlestown and Hartland have standing to seek

20    confirmation of the Charlestown Plan with respect to the other Joint Administered Debtors.  As set

21    forth below, the Court has concluded that the Charlestown Plan should be confirmed with respect

22    to Jointly Administered Debtor MMPI.  Accordingly, Charlestown and Hartland have standing to

23    propose a plan of reorganization for the other Jointly Administered Debtors and, therefore, to

24    obtain confirmation of the Charlestown Plan as to each and all of the Jointly Administered

25    Debtors.

26       6.    As proponents of the Charlestown Plan, Charlestown and Hartland have the burden

27    of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a

28    preponderance of the evidence.  As set forth below, Charlestown and Hartland have met their

LEGAL_US_W # 68238575.2

burden of proving by a preponderance of the evidence that the Charlestown Plan complies with each element of sections 1129(a) and (b) of the Bankruptcy Code with respect to each of the Jointly Administered Debtors.

**Section 1129(a)(1) -- Compliance of the Plan with Applicable Provisions of the Bankruptcy Code**

7.    The Charlestown Plan complies with each applicable provision of the Bankruptcy Code.  In particular, the Charlestown Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code because the classification of Claims and Equity Interests under the Charlestown Plan is proper as follows:

(i)    In accordance with section 1122(a) of the Bankruptcy Code, Article III of the Charlestown Plan classifies each Claim against and Interest in each of the Jointly Administered Debtors into a Class containing only substantially similar Claims or Interests;

(ii)    In accordance with section 1123(a)(1) of the Bankruptcy Code, Article III of the Charlestown Plan properly classifies all Claims and Interests that require classification into five (5) or six (6) Classes, as appropriate, based on the legal nature or priority of such Claims and Interests, and not for any improper purpose; and, indeed, valid business, factual and legal reasons exist for the classification of Claims and Interests created under the Plan;[2]

(iii)    In accordance with section 1123(a)(2) of the Bankruptcy Code, Article II of the Charlestown Plan properly identifies and describes each Class of Claims that is Unimpaired under the *Charlestown* Plan (see Finding of Fact Nos. 60 and 61, supra);

---

[2] In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified under the Charlestown Plan.  Article III.B. of the Charlestown Plan specifies the treatment of these unclassified Claims.

(iv)  In accordance with section 1123(a)(3) of the Bankruptcy Code, Article III of the Charlestown Plan properly identifies and describes the treatment of each Class of Claims or Interests that is Impaired under the *Charlestown* Plan;

(v)  In accordance with section 1123(a)(4) of the Bankruptcy Code, the Charlestown Plan provides the same treatment for each Claim or Interest of a particular Class unless the Holder of such a Claim or Interest has agreed to less favorable treatment, and the creation of such Classes does not discriminate unfairly between or among Holders of Claims or Interests;

(vi)  In accordance with section 1123(a)(5) of the Bankruptcy Code, the Charlestown Plan provides adequate means for its implementation, including, without limitation:

- the entry into and effectuation of Purchase of Shares, Merger and Reverse Stock Split (the "Restructuring Transactions);

- the restructuring of the Jointly Administered Debtors' prepetition secured debt, real property tax liabilities and other financial transactions under the Charlestown Plan;

- the continued corporate existence of the Jointly Administered Debtors (subject to the Restructuring Transactions);

- the vesting of assets in the Reorganized Debtors;

- the treatment of Intercompany Claims and Interests;

- the entry into and consummation of the exit Equity Investment and Secured Loan pursuant to the Commitment Letter and the use of the proceeds of same and the Reorganized Debtors' cash balances for distributions under the *Charlestown* Plan;

- the appointment of a new board of directors and management for MMPI;

- amendments to the Jointly Administered Debtors' organizational documents;

1            • the exemption of transfers of property under the Charlestown Plan from

2               certain governmental assessments and taxes pursuant to section 1146 of the

3               Bankruptcy Code;

4            • the cancellation of certain securities and unit Interests;

5            • the taking of steps to rescind MMPI's Form 15 and regain reporting status.

6       (vii)    In accordance with section 1123(a)(6) of the Bankruptcy Code, Article IV.O.

7               of the Charlestown Plan provides that the certificate of incorporation of each

8               of the Reorganized Jointly Administered Debtors will prohibit the issuance

9               of non-voting equity securities;

10      (viii)   In accordance with section 1123(a)(7) of the Bankruptcy Code, the

11              provisions of the Charlestown Plan and the Reorganized Debtors' charters,

12              bylaws or comparable constituent documents regarding the manner of

13              selection of officers and directors of the Reorganized Jointly Administered

14              Debtors, including, without limitation, the provisions of Article IV.E., O and

15              Q of the Charlestown Plan, are consistent with the interests of creditors and

16              equity security holders and with public policy;

17       (ix)    In accordance with section 1123(b)(1) of the Bankruptcy Code, Article III of

18              the Charlestown Plan Impairs or leaves Unimpaired, as the case may be,

19              each Class of Claims and Interests;

20       (x)    In accordance with section 1123(b)(2) of the Bankruptcy Code, the

21              Charlestown Plan contains various discretionary provisions, including,

22              without limitation, provisions of the Charlestown Plan provide for:  (a) a

23              process to govern the distributions to Holders of Allowed Claims (Article

24              VIII); (b) Claims allowance and disallowance (Article V); and (e) the

25              compromise, settlement and release of Claims and Causes of Action

26              pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019;

27       (xi)    In accordance with section 1123(b)(3) of the Bankruptcy Code, Article V.I.

28              of the Charlestown Plan provides that, except as otherwise provided in the

*Charlestown* Plan or Confirmation Order, after the Effective Date, the

Reorganized Jointly Administered Debtors shall retain all rights to

commence, pursue, litigate or settle, as appropriate, any and all Claims and

Defenses whether existing as of the Commencement Date or thereafter

arising, in any court or other tribunal including, without limitation, in an

adversary proceeding filed in one or more of the Chapter 11 Cases;

(xii)    In accordance with section 1123(b)(5) of the Bankruptcy Code, Article III of

the Charlestown Plan modifies or leaves unaffected, as the case may be, the

rights of Holders of Claims and Interests in each Class;

(xiii)    In accordance with section 1123(b)(6) of the Bankruptcy Code, the

Charlestown Plan includes additional appropriate provisions that are not

inconsistent with applicable provisions of the Bankruptcy Code; and

(xiv)    In accordance with section 1123(d) of the Bankruptcy Code, Article V of the

Charlestown Plan provides for the satisfaction of Cure Claims associated

with each unexpired lease or executory contract to be assumed pursuant to

the Charlestown Plan in accordance with section 365(b)(1) of the

Bankruptcy Code.  All Cure Amount Claims will be determined in

accordance with the underlying agreements and applicable law.

8.    Accordingly, Charlestown and Hartland have satisfied the requirements of section

1129(a)(1) of the Bankruptcy Code.

**Section 1129(a)(2) -- Compliance of the Debtors with
the Applicable Provisions of the Bankruptcy Code**

9.    Charlestown and Hartland, as proponents of the Charlestown Plan, have complied

with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(2) of the

Bankruptcy Code, including sections 1125, 1126 and 1128 of the Bankruptcy Code and

Bankruptcy Rules 3017, 3018 and 3019.  Charlestown and Hartland and their respective ~~present~~

~~and former members, officers, directors, partners, employees, representatives, advisors, attorneys,~~

~~professionals, affiliates and~~ agents did not solicit the acceptance or rejection of the Charlestown

1  Plan by any Holders of Claims or Interests prior to the approval and transmission of the

2  Charlestown Disclosure Statement.  Votes to accept or reject the Charlestown Plan were solicited

3  by Charlestown and Hartland and their respective agents after the Bankruptcy Court approved the

4  adequacy of the Charlestown Disclosure Statement pursuant to section 1125(a) of the Bankruptcy

5  Code.

6          10.    Charlestown and Hartland and their respective ~~present and former members,~~

7  ~~officers, directors, partners, employees, representatives, advisors, attorneys, professionals,~~

8  ~~affiliates and~~ agents have solicited and tabulated votes on the Charlestown Plan and have

9  participated in the activities described in section 1125 of the Bankruptcy Code fairly, in good faith

10  within the meaning of section 1125(e) of the Bankruptcy Code and in a manner consistent with the

11  applicable provisions of the order approving the Charlestown Disclosure Statement and the

12  solicitation and voting procedures, the Charlestown Disclosure Statement, the Bankruptcy Code,

13  the Bankruptcy Rules, the Local Rules and all other applicable rules, laws and regulations, and are

14  entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation

15  provision set forth in Article IV.N. of the Charlestown Plan.

16          11.    Charlestown and Hartland and their respective ~~present and former members,~~

17  ~~officers, directors, partners, employees, representatives, advisors, attorneys, professionals,~~

18  ~~affiliates and~~ agents have participated in good faith and in compliance with the applicable

19  provisions of the Bankruptcy Code with regard to the offering, ~~issuance and distribution~~ of

20  recoveries under the Charlestown Plan and, therefore, are not ~~(and on account of such~~

21  ~~distributions, will not be)~~ liable at any time for the violation of any applicable law, rule or

22  regulation governing the solicitation of acceptances or rejections of the Charlestown Plan ~~or~~

23  ~~distributions made pursuant to the Charlestown Plan.~~

24          12.    Accordingly, Charlestown and Hartland have satisfied the requirements of section

25  1129(a)(2) of the Bankruptcy Code.

26  **Section 1129(a)(3) -- Proposal of the Charlestown Plan in Good Faith**

27          13.    Charlestown and Hartland have proposed the Charlestown Plan in good faith and not

28  by any means forbidden by law, and the Charlestown Plan was negotiated and proposed with the

LEGAL_US_W # 68238575.2

1   intention of accomplishing a successful reorganization and having the Jointly Administered

2   Debtors emerge from chapter 11 with capital structures that will allow them to satisfy their

3   obligations with sufficient liquidity and capital resources, and for no ulterior purpose.  The

4   Charlestown Plan fairly achieves a result consistent with the objectives and purposes of the

5   Bankruptcy Code.  In so finding, the Court has examined the totality of the circumstances

6   surrounding these Chapter 11 Cases, the Charlestown Plan itself and the process leading to its

7   formulation and confirmation.  The good faith of Charlestown and Hartland is evident from the

8   facts and records of these Chapter 11 Cases, the Charlestown Disclosure Statement and the hearing

9   thereon and the record of the confirmation trial and other proceedings held in these Chapter 11

10  Cases.

11          14.   The Charlestown Plan is the result of extensive good faith, arm's-length negotiations

12  between Charlestown and Hartland and their constituencies (GAC Real Estate and Mount Kellett)

13  with certain of the principal constituencies of the bankruptcy estates of the Jointly Administered

14  Debtors, including the OEC, the OCC and secured creditors, and reflects substantial input from

15  those principal constituencies having an interest in the Chapter 11 Cases, and, as evidenced by the

16  overwhelming acceptance of the Charlestown Plan, achieves the goal of consensual reorganization

17  embodied by the Bankruptcy Code.  Additionally, as described in greater detail below, the

18  Charlestown Plan's exculpation, release and injunction provisions (which are essentially the same

19  as those included in the Jointly Administered Debtors' plans brought before the Court during the

20  confirmation trial and subsequent hearings) have been negotiated in good faith and are consistent

21  with sections 105, 1123(b)(6), 1129 and 1142 of the Bankruptcy Code and applicable law in this

22  Circuit.

23          15.   Accordingly, Charlestown and Hartland have satisfied the requirements of section

24  1129(a)(3) of the Bankruptcy Code.

25  **Section 1129(a)(4) -- Bankruptcy Court Approval of Certain Payments as Reasonable**

26          16.   All payments made or to be made by the Reorganized Jointly Administered Debtors

27  for services rendered and expenses incurred in connection with these Chapter 11 Cases have been

28  approved by, or are subject to final approval of the Bankruptcy Court as reasonable.  The

Bankruptcy Court will retain jurisdiction after the Effective Date to grant or deny applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Charlestown Plan.  Accordingly, Charlestown and Hartland have satisfied the requirements of section 1129(a)(4) of the Bankruptcy Code.

**Section 1129(a)(5) -- Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy**

17.    Charlestown and Hartland have disclosed the identity and affiliations of the individuals proposed to serve as the directors and officers of the Reorganized Jointly Administered Debtors, to the extent known.  The appointment of the remaining directors and officers, if any, and the compensation of all of the Reorganized Jointly Administered Debtors' directors or managers will be consistent with each Reorganized Jointly Administered Debtor's applicable constituent documents.  The Court has reviewed the biographies and resumes provided by Charlestown and Hartland and the OEC for the proposed directors and officers and Messrs. Skaggs, Valani and McGonagle testified live during the confirmation trial.  In addition, various creditors and the OEC have expressed confidence in the proposed directors and officers.  The Court concludes that the proposed directors and officers for the Reorganized Jointly Administered Debtors under the Charlestown Plan are qualified, and the appointments to, or continuance in, such offices by the proposed directors and officers is consistent with the interests of holders of Claims and Interests and with public policy.  Accordingly, Charlestown and Hartland have satisfied the requirements of section 1129(a)(5) of the Bankruptcy Code.

**Section 1129(a)(6) -- Approval of Rate Changes**

18.    The Charlestown Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval.  Therefore, section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

**Section 1129(a)(7) -- Best Interest of Creditors Test**

19.    The Liquidation Analysis and the Property Valuations and Descriptions annexed as Exhibit G and J, respectively, to the Charlestown Disclosure Statement and the other evidence

LEGAL_US_W # 68238575.2

1  related to valuation that was proffered or adduced at or prior to the confirmation trial or in the

2  declarations in support of confirmation of the Charlestown Plan (a) are reasonable, persuasive,

3  credible and accurate as of the dates such evidence was prepared, presented, or proffered; (b)

4  utilize reasonable and appropriate methodologies and assumptions; (c) have not been undermined

5  by other evidence; and (d) establish that, with respect to each impaired Class entitled to vote, each

6  holder of an Allowed Claim in such Class has voted to accept the *Charlestown* Plan (as evidenced

7  by the KCC affidavits and later declarations filed in connection with approved modifications) or

8  will receive under the Charlestown Plan on account of such Claim property of a value, as of the

9  Effective Date, that is not less than the amount such holder would receive if the Jointly

10  Administered Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy

11  Code.  Accordingly, Charlestown and Hartland have satisfied the requirements of section

12  1129(a)(7) of the Bankruptcy Code.

13  **Section 1129(a)(8) -- Conclusive Presumption of Acceptance by
Unimpaired Classes; Acceptance of the Plan by Each Impaired Class**

14

15          20.    As set forth in Finding of Fact Nos. 60 and 61, <u>supra</u>, certain Classes are unimpaired

16  and are conclusively presumed to have accepted the Charlestown Plan under section 1126(f) of the

17  Bankruptcy Code.  As set forth in Finding of Fact Nos. 60 and 61, <u>supra</u>, and the KCC affidavits

18  [Docket Nos. 2320 and 2321], all voting classes except two have voted to accept the Charlestown

19  Plan or are deemed to have accepted the Charlestown Plan because of settlements entered into with

20  the bankruptcy estates.  Because the Charlestown Plan has not been accepted by Class 1F and

21  Class 40A-2, Charlestown and Hartland have sought confirmation under section 1129(b) of the

22  Bankruptcy Code, rather than section 1129(a)(8) of the Bankruptcy Code, with respect to Jointly

23  Administered debtors MMPI and MG-2529 Santa Fe Avenue.  As set forth below, although section

24  1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes 1F and 40A-2,

25  the Charlestown Plan is confirmable because the Charlestown Plan does not discriminate unfairly

26  and is fair and equitable with respect to Classes 1F and 40A-2.  Accordingly, Charlestown and

27  Hartland have satisfied the requirements of section 1129(b) of the Bankruptcy Code.

28  **Section 1129(a)(9) -- Treatment of Priority Claims**

21.   As required by section 1129(a)(9) of the Bankruptcy Code, Article III.B.1 of the

Charlestown Plan provides for full payment of Allowed Administrative Claims on or as soon as

reasonably practicable after the Effective Date.  Additionally, Article III.B.1 of the Charlestown

Plan provides for full payment of Allowed Priority Tax Claims on or as soon as reasonably

practicable after the Effective Date.  Accordingly, Charlestown and Hartland have satisfied the

requirements of section 1129(a)(9) of the Bankruptcy Code.

**Section 1129(a)(10) -- Acceptance by at Least One Impaired Class**

22.   As set forth in Finding of Fact Nos. 60 and 61, <u>supra</u>, and the KCC affidavits

[Docket Nos. 2320 and 2321], most of the voting classes voted to accept or are deemed to have

accepted the Charlestown Plan for each Jointly Administered Debtor without including any

acceptance of the Charlestown Plan by any insider.  Accordingly, Charlestown and Hartland have

satisfied the requirements of section 1129(a)(10) of the Bankruptcy Code.

**Section 1129(a)(11) -- Feasibility of the Plan**

23.   The Charlestown Plan meets the feasibility requirement as set forth in section

1129(a)(11) of the Bankruptcy Code.  The original financial projections and updated financial

projections submitted prior to, during and subsequent to the confirmation trial, the evidence

proffered or adduced at or prior to the confirmation trial, the declarations submitted in support of

confirmation of the Charlestown Plan and the Charlestown Proponents' Statement Re Cash At or

Near the Effective Date and Post-Effective Date Debt Service: (i) are reasonable, persuasive, *and*

credible ~~and accurate~~ as of the dates such evidence was prepared, presented, or proffered; (ii)

utilize reasonable and appropriate methodologies and assumptions; (iii) ~~have not been undermined~~

~~or controverted by other evidence; (iv)~~ in light of entry into the Commitment Letter pursuant to

which the Equity Investment and Secured Loan will be funded, establish that the Charlestown Plan

is feasible and confirmation of the Charlestown Plan is not likely to be followed by the liquidation,

or the need for further financial reorganization, of the Reorganized Jointly Administered Debtors;

and (*iv*) demonstrate that the Reorganized Jointly Administered Debtors will have sufficient funds

available to meet their obligations under the Charlestown Plan while maintaining adequate

working capital.  Accordingly, Charlestown and Hartland have satisfied the requirements of section 1129(a)(11) of the Bankruptcy Code.

**Section 1129(a)(12) -- Payment of Bankruptcy Fees**

24.    Article X.B. of the Charlestown Plan provides that all fees payable pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court, shall be paid prior to the closing of these Chapter 11 Cases when due or as soon thereafter as practicable.  Accordingly, Charlestown and Hartland have satisfied the requirements of section 1129(a)(12) of the Bankruptcy Code.

**Section 1129(a)(13) -- Retiree Benefits**

25.    The Jointly Administered Debtors do not have any obligations on account of retiree benefits and, therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

**Section 1129(b) -- Confirmation of the Plan Over Non-Acceptance of Impaired Classes**

26.    Notwithstanding the fact that Class 1F of Jointly Administered Debtor MMPI has rejected the Charlestown Plan, the Charlestown Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because:  (a) other Classes of Claims and Interests in MMPI have voted to accept or are deemed to have accepted the Charlestown Plan and (b) the Charlestown Plan does not discriminate unfairly and is fair and equitable with respect to Class 1F.  The Charlestown Plan does not "discriminate unfairly" with respect to Class 1F because Class 1E is the only class under the Charlestown Plan for MMPI that possesses legal rights similar to those of Class 1F and Class 1F is not treated less favorably than Class 1E.  Indeed, in light of the increase in price per share to be paid to the members of Class 1F as provided in the modified Charlestown Plan annexed hereto, Class 1F is treated more favorably than Class 1E.  Thus, the Charlestown Plan does not discriminate unfairly with respect to Class 1F.

27.    The Charlestown Plan is also "fair and equitable" under section 1129(b) of the Bankruptcy Code with respect to Class 1F.  Section 1129(b)(2)(C) governs whether a plan is fair and equitable with respect to a class of interests that is impaired and has not accepted the plan. Section 1129(b)(2)(C) provides that the condition that a plan be fair and equitable with respect to a

1  class of interests includes the following requirements:  (i) the plan provides that each holder of an

2  interest of such class receive or retain on account of such interest property of a value, as of the

3  effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation

4  preference to which such holder is entitled, any fixed redemption price to which such holder is

5  entitled, or the value of such interest; or (ii) the holder of any interest that is junior to the interests

6  of such class will not receive or retain under the plan on account of such junior interest any

7  property.  The Charlestown Plan satisfies section 1129(b)θ(2)(C)(ii) because there is no holder of

8  any interest junior to the interests in Class 1F who will receive or retain property under the

9  Charlestown Plan on account of such junior interest.

10       28.  The Jointly Administered Debtors, advocating the interests of Insider Equity Interest

11  holders who comprise Class 1F, contend that the Charlestown Plan must satisfy both section

12  1129(b)(2)(C)(i) and section 1129(b)(2)(C)(ii) because section 1129(b)(2) provides that fair and

13  equitable "includes" and it does not provide that fair and equitable is limited to the treatment in

14  section 1129(b)(2)(C)(ii).  This contention is in contrast with the position the Jointly Administered

15  Debtors advocated in support of the Modified Second Amended Debtors' Plan in which they

16  proposed to pay Equity Interest holders $.08 per share.  In their proposed disclosure statement for

17  that plan, the Jointly Administered Debtors contended that to be "fair and equitable," a plan needed

18  to satisfy section 1129(b)(2)(C)(i) or section 1129(b)(2)(C)(ii), not both.  (Submission of Redline

19  of Modified Second Amended Disclosure Statement Describing Second Joint Plan of

20  Reorganization of Meruelo Maddux Properties, Inc., et al. [Docket No. 1512-4] at 26 of 27.)  The

21  Jointly Administered Debtors took the same position with respect to the Fourth Amended Debtors'

22  Plan in which they proposed, as they continue to do, to pay Equity Interest holders $.25 per share.

23  The Jointly Administered Debtors solicited votes in favor of the Fourth Amended Debtors' Plan

24  pursuant to the Debtors' Disclosure Statement in which they expressly set forth their contention

25  that to be "fair and equitable" a plan needed to satisfy section 1129(b)(2)(C)(i) or section

26  1129(b)(2)(C)(ii), not both.  (Debtors' Disclosure Statement [Docket No. 1954] at 168-69 of 204.)

27  Charlestown and Hartland contend that because section 1129(b)(2)(C) provides that to be fair and

28  equitable with respect to a class of interests the plans must provide the class with treatment in

LEGAL_US_W # 68238575.2

1    accordance with section 1129(b)(2)(C)(i) "or" section 1129(b)(2)(C)(ii), not section

2    1129(b)(2)(C)(i) "and" section 1129(b)(2)(C)(ii), the Charlestown Plan may be confirmed if it

3    satisfies only section 1129(b)(2)(C)(ii).

4         29.    The Court does not agree that to be fair and equitable, the Charlestown Plan must

5    satisfy both section 1129(b)(2)(C)(i) and section 1129(b)(2)(C)(ii).  Section 1129(b)(2)(C) itself is

6    written in the disjunctive.  The word "or", not the word "and" separates section 1129(b)(2)(C)(i)

7    from section 1129(b)(2)(C)(ii).  The legislative history with respect to section 1129(b)(2)(C)

8    reflects that the word "or" was intended to mean "or," not "and."  H.R. Rep. No. 95-595, at 414

9    (1977).  Cases construing section 1129(b)(2)(C) hold that section 1129(b)(2)(C) provides for two

10   alternative tests to determine whether a plan is fair and equitable and, therefore, a plan that satisfies

11   section 1129(b)(2)(C)(ii) does not also need to satisfy section 1129(b)(2)(C)(i).  *In re P. J. Keating*

12   *Co*., 168 B.R. 464, 468 (Bankr. D. Mass. 1994); *accord, In re Pero Bros. Farms, Inc*., 90 B.R. 562,

13   564 (Bankr. S.D. Fla 1988).  The construction of section 1129(b)(2)(C) in these cases is in

14   harmony with the Ninth Circuit's construction of section 1129(b)(2)(A) which applies to secured

15   creditors.  Section 1129(b)(2)(A) contains three tests to determine whether a plan is fair and

16   equitable with respect to a non-consenting class of secured claims.  As is the case with section

17   1129(b)(2)(C), section 1129(b)(2)(A) is preceded by the word "includes" and the last of the three

18   tests is preceded by the word "or."  The Ninth Circuit, like other Circuits, has held that to be fair

19   and equitable with respect to a non-consenting class of secured claims, a plan does not need to

20   satisfy all three tests listed in section 1129(b)(2)(A).  *Arnold & Baker Farms v. United States* (*In re*

21   *Arnold & Baker Farms*), 85 F. 3d 1415, 1420 (9th Cir. 1996).  *Accord, e.g., In re Philadelphia*

22   *Newspapers, LLC*, 599 F. 3d 298, 305-06 (3d. Cir. 2010).  The Court's conclusion is consistent

23   with the position the Jointly Administered Debtors have taken with respect to the treatment of

24   Equity Interest holders under their own plans (see supra at Conclusion of Law No. 28) and is also

25   consistent with the position the Jointly Administered Debtors have taken with respect to Class 2E

26   of Jointly Administered Debtor MMPLP (*see* infra at Conclusion of Law No. 39).

27        30.    However, the Court also does not agree that fair and equitable treatment is

28   necessarily limited to satisfying the literal language of section 1129(b)(2)(C)(ii).  The Charlestown

1   Plan must be fair and equitable, not just comply with the literal language of section

2   1129(b)(2)(C)(ii).  *See In re Kennedy*, 158 B.R. 589, 599 (Bankr. D.N.J. 1993).  Accordingly, the

3   Court must decide how to apply section 1129(b)(2)(C) to the particular facts of these Chapter 11

4   Cases where creditors are being paid in full.

5           31.   The Charlestown Plan treatment of Class 1F does provide value to that Class.  The

6   members of Class 1F get to retain  at least 45% of their shares in MMPI (and thereby will own and

7   enjoy the benefit of shares in Reorganized MMPI) and are paid cash for the shares they have to

8   sell.  But, just as the Insider Equity Interest holders in Class 1F and Charlestown and Hartland

9   disagree about whether the Charlestown Plan must satisfy both section 1129(b)(2)(C)(i) and

10  section 1129(b)(2)(C)(ii), so too do they disagree about what measure should be applied to

11  determine whether the treatment being provided under the Charlestown Plan is fair and equitable to

12  the Insider Equity Interest holders.  The Insider Equity Interest holders contend that to be fair and

13  equitable, non-consenting equity must be provided value equal to the value of their Equity Interests

14  and that the value of their Equity Interests is the residual value of MMPI determined by what

15  MMPI's assets are worth over and above the debt encumbering the assets.  Charlestown and

16  Hartland contend that to be fair and equitable, the Charlestown Plan must pay for the Equity

17  Interests only the price to which a buyer and seller would agree in an arm's length transaction for

18  the Interests being sold.

19          32.   The Jointly Administered Debtors offered the declaration of M. Freddie Reiss dated

20  December 30, 2010 [Docket No. 2525] to support what they contended was the value of the Jointly

21  Administered Debtors' assets.  However, on cross-examination, Mr. Reiss admitted that he did not

22  actually value the assets of MMPI and rather simply added up the book value of assets on a

23  balance sheet or added up Richard Meruelo's valuations of the real properties owned by the

24  Property Level Debtors and subtracted the secured debt encumbering the assets and properties -- a

25  simple mathematical calculation.  Mr. Reiss expressly testified that he has not valued *shares of*

26  *stock in* MMPI and has not expressed a professional opinion of the value of *sharse of stock in*

27  MMPI.  (Testimony of M. Freddie Reiss March 29, 2011, reflected in the Official Transcript of

28  Proceedings on March 29, 2011 at 4:20 - 7:2.)  Other than the testimony of Mr. Reiss, which does

LEGAL_US_W # 68238575.2

1   not constitute an actual valuation or an expert's professional opinion of value of the shares of stock

2   being acquired from Insider Equity Interest holders, neither the Jointly Administered Debtors nor

3   the Insider Equity Interest holders proffered any other evidence of value of the shares of stock

4   being acquired from Insider Equity Interest holders under the Charlestown Plan.

5         33.   Charlestown and Hartland offered the deposition testimony of Stephen Taylor and

6   the letter from the OEC contained in the Solicitation Packages [Docket No. 1985] in support of

7   their measure -- the price on which a buyer and seller would agree in an arm's length transaction.

8   The relevant excerpt of the deposition testimony of Stephen Taylor appears at page 134, lines 4-25

9   in the transcript of the deposition of Stephen Taylor taken on January 5, 2011.  This excerpt was

10   received in evidence during the confirmation trial on March 10, 2011.  (Official Transcript of

11   Proceedings on March 10, 2011 at 5:25 - 6:1.)  In the excerpt, Mr. Taylor testified that $23 million

12   is a fair price to pay for 55% of MMPI if the Charlestown Plan brings in new management.

13   Pursuant to the Charlestown Plan, MMPI will have new management.  Additionally, in the OEC

14   letter disseminated as part of the Solicitation Packages, the OEC stated that the OEC had

15   participated in the negotiation of the portions of the Charlestown Plan that related to treatment of

16   Non-Insider Equity Interest holders.  [Docket No. 1985].  That treatment included the price of $.35

17   per share for shares of MMPI being acquired pursuant to the Charlestown Plan.  If Charlestown

18   and Hartland are correct that the measure of fair and equitable is the price resulting from arms-

19   length negotiation, this evidence supports a conclusion that paying $.35 per share to Insider Equity

20   Interest holders in Class 1F would satisfy the fair and equitable requirement of section

21   1129(b)(2)(C).

22         34.   The Court has concluded that there is an additional way to measure whether what is

23   being provided by the Charlestown Plan is fair and equitable to Class 1F.  The Charlestown Plan is

24   paying Insider Equity Interest holders in Class 1F for somewhat less than 55% of their shares in

25   MMPI, not 100% of their shares.  Equally importantly, what is being purchased is shares of stock

26   in MMPI, not the assets of MMPI or the assets of the other Jointly Administered Debtors.  The

27   Court has concluded that the trading price of the stock of MMPI is an appropriate additional

28   measure by which to determine whether what is being provided under the Charlestown Plan is fair

1    and equitable to Class 1F.  This is the measure the Jointly Affiliated Debtors *have* used in

2    determining the price they would pay for MMPI stock ~~under Fourth Amended Debtors' Plan and~~

3    ~~all subsequent modifications thereof~~.  (Finding of Fact No. 14~~27~~, supra.)  In light of this, the Court

4    takes judicial notice of trading activity in MMPI stock as reflected in pleadings and testimony of

5    record in this case and as readily determined by resort to sources whose accuracy cannot

6    reasonably be questioned.

7         35.   There is an active over the counter market for MMPI shares which are traded under

8    the symbol "MMPIQ."  As of May 18, 2011, the day prior to the Court's oral ruling confirming the

9    Charlestown Plan, shares with the symbol MMPIQ traded at $.45 per share with a trading volume

10   in 23,700 shares (and with a volume as high as 179,000 shares as recently as March 21, 2011).  In

11   addition, the price at which the Jointly Administered Debtors agreed that Watermarke could

12   convert its $15 million secured loan into MMPI shares in Reorganized MMPI *more than* four years

13   after confirmation is $.50 per share, and even lower on a present value basis [Docket No. 2554].

14   Furthermore, the excerpt of the deposition of Chris Kappos III taken on March 29, 2011 (annexed

15   as Exhibit 6 to the Report of United States Trustee Re:  Order Referring Concerns Raised by

16   Members of the Official Committee of Equity Holders to the Office of the United States Trustee

17   [Docket No. 2964]) reflects that some 300,000 shares of MMPI stock were sold in February 2011

18   for an average of $.50 per share.  (Kappos Deposition at 66:14-67:4.)  Accordingly, the Court

19   concludes that to be fair and equitable to the non-consenting Insider Equity Interest Holders in

20   Class 1F, the Charlestown Plan must pay $.45 per share to the Insider Equity Interest holders in

21   Class 1F for each share purchased in order to satisfy section 1129(b)(2)(C).  As reflected in the

22   modified Charlestown Plan annexed hereto, Charlestown and Hartland have modified the

23   Charlestown Plan to provide for the payment of $.45 per share to the Insider Equity Interest

24   holders for each share of MMPI purchased from them under the Charlestown Plan, thereby

25   satisfying section 1129(b)(2)(C).

26        36.   Accordingly, Charlestown and Hartland have satisfied the requirement of section

27   1129(b) of the Bankruptcy Code with respect to Jointly Administered Debtor MMPI.

28

LEGAL_US_W # 68238575.2

37.    Notwithstanding the fact that Class 2E of Jointly Administered Debtor MMPLP has rejected the Charlestown Plan, the Charlestown Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because:  (a) Classes of Claims in MMPLP are deemed to have accepted the Charlestown Plan and (b) the Charlestown Plan does not discriminate unfairly and is fair and equitable with respect to Class 2E.  The Charlestown Plan does not "discriminate unfairly" with respect to Class 2E in the Charlestown Plan because Class 2E is the only Class of Interests with respect to Jointly Administered Debtor MMPLP and there is no other class with respect to Jointly Administered Debtor MMPLP that possesses legal rights similar to Class 2E.

38.    The Charlestown Plan is also "fair and equitable" under section 1129(b) of the Bankruptcy Code with respect to Class 2E.  Section 1129(b)(2)(C) governs whether a plan is fair and equitable with respect to a class of interests that is impaired and has not accepted the plan. Section 1129(b)(2)(C) provides that the condition that a plan be fair and equitable with respect to a class of interests includes the following requirements:  (i) the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or (ii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.  The Charlestown Plan satisfies section 1129(b)(2)(C)(ii) because there is no holder of any interest junior to the interests in Class 2E with respect to Jointly Administered Debtor MMPLP who will receive or retain property under the Charlestown Plan on account of such junior interest.

39.    Unlike their contentions on behalf of Insider Equity Interest holders who comprise Class 1F of Jointly Administered Debtor MMPI, the Jointly Administered Debtors do not contend that the Charlestown Plan must satisfy section 1129(b)(2)(C)(i) as well as section 1129(b)(2)(C)(ii) with respect to Class 2E.  Additionally, in the Fourth Amended Debtors' Plan, the Jointly Administered Debtors proposed treatment of Class 2E that is identical to the treatment of Class 2E in the Charlestown Plan.  (Fourth Amended Debtors' Plan [Docket No. 1953] at 54-55.)  This treatment remained unchanged in the First Modified Fourth Amended Debtors' Plan [Docket No.

1   2583], the Second Modified Fourth Amended Debtors' Plan [Docket No. 2869] and the Debtors'

2   May 3, 2011 Joint Plan [Docket No. 3055].  Moreover, the Jointly Administered Debtors have

3   contended that such treatment is fair and equitable under section 1129(b)(2)(C) because that

4   treatment satisfies section 1129(b)(2)(C)(ii).  (Debtors' Memorandum of Law in Support of

5   Confirmation of Fourth Amended Joint Plan [Docket No. 2326] at 48 of 51.)  In addition, no

6   member of Class 2E objected to the treatment of Class 2E under either the Charlestown Plan or the

7   Jointly Administered Debtors' plans.  Based upon all of the foregoing, the Court concludes that the

8   Charlestown Plan satisfies section 1129(b)(2)(C) with respect to Class 2E.

9        40.    Accordingly, Charlestown and Hartland have satisfied section 1129(b) of the

10  Bankruptcy Code with respect to Jointly Administered Debtor MMPLP.

11       41.    Notwithstanding the fact that Class 40A-2 of Jointly Administered Debtor MG-2529

12  Santa Fe Avenue has rejected the Charlestown Plan, the Charlestown Plan may be confirmed

13  pursuant to section 1129(b)(1) of the Bankruptcy Code because (a) *at least one Impaired* ~~other~~

14  ~~Class~~es of Claims ~~and Interests~~ in MG-2529 Santa Fe Avenue *has* ~~have~~ voted to accept or is ~~are~~

15  deemed to have accepted the Charlestown Plan and (b) the Charlestown Plan does not

16  "discriminate unfairly" with respect to Class 40A-2 in the Charlestown Plan because Class 40A-2

17  is a single member class and there is no other class with respect to Jointly Administered Debtor

18  MG-2529 Santa Fe Avenue that possesses legal rights similar to Class 40A-2.

19       42.    The Charlestown Plan is also "fair and equitable" under section 1129(b) with respect

20  to Class 40A-2.  Section 1129(b)(2)(A) governs whether a plan is fair and equitable with respect to

21  a class of secured claims that is impaired under a plan.  Section 1129(b)(2)(A) provides three

22  alternative treatments for satisfying the fair and equitable requirement for a class of secured

23  claims.  The Charlestown Plan has selected the first of these alternative treatments for the

24  treatment of Class 40A-2 -- section 1129(b)(2)(A)(i) which requires that the holder of the claim

25  retain its lien securing its claim to the extent of the allowed amount of its claim and that the holder

26  of each claim in the class receive an account of such claim cash payments totaling at least the

27  allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value

28  of such holder's interest in the estate's interest in such property.  The treatment of Class 40A-2

1   under the Charlestown Plan is to have the holder retain its lien and pay the holder of the claim

2   deferred cash payments over a period of four years from the Effective Date of the Charlestown

3   Plan in an amount equal to the Allowed Secured Claim plus interest on the Allowed Secured Claim

4   at the rate of 5.25%.  The Charlestown Plan provides that interest is to be payable monthly on the

5   15th day of the month with the first six installments of interest payable on the date the first

6   installment is to be paid and that any unpaid principal balance of the Allowed Secured Claim plus

7   any accrued and unpaid interest due and payable in four years.

8       43.   As set forth in Finding of Fact No. 39, supra, expert testimony in the form of the

9   Declaration of Todd Pollack [Docket No. 2332] was submitted by Charlestown and Hartland as

10  evidence that treatment of Class 40A-2 as described above satisfies the fair and equitable

11  requirement of section 1129(b)(2)(A)(i).  No evidence controverting Mr. Pollack's expert

12  testimony was submitted by the holder of the Class 40A-2 Claim or by the Jointly Administered

13  Debtors.  Additionally, no objection to confirmation of the Charlestown Plan was submitted by the

14  holder of the Class 40A-2 Claim.

15      44.   The Secured Loan which is part of the exit financing under the Charlestown Plan

16  will have the same interest rate and four year term as provided for Class 40A-2.  The Fourth

17  Amended Debtors' Plan, unchanged in subsequent modifications, provided that Class 40A-2 was

18  to be paid pursuant to terms virtually identical to those provided in the Charlestown Plan except as

19  follows.  The interest rate provided in the Fourth Amended Debtors' Plan is only 5% and the

20  maturity date is five years if the Class 40A-2 voted in favor and seven years if Class 40A-2 voted

21  against.  (Fourth Amended Debtors' Plan [Docket 1953] at 48-49, 104.)  The holder of the only

22  Claim in Class 40A-2 voted in favor of the Fourth Amended Debtors' Plan, thereby accepting a

23  5% interest rate and a maturity date five years after the effective date of that plan.  (KCC Affidavit

24  of Robert Q. Klamser [Docket No. 2320] at 47.)  Based on all of the foregoing, the Court

25  concludes that the Charlestown Plan satisfies section 1129(b)(2)(A)(i) with respect to Class 40A-2.

26      45.   Accordingly, Charlestown and Hartland have satisfied section 1129(b) of the

27  Bankruptcy Code with respect to Jointly Administered Debtor MG-2529 Santa Fe Avenue.

28

**Section 1129(d) -- Principal Purpose of the Charlestown Plan Is
Not the Avoidance of Taxes or Application of the Securities Law**

46.    No governmental unit has requested that the Bankruptcy Court refuse to confirm the Charlestown Plan on the grounds that the principal purpose of the Charlestown Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. Additionally, as evidenced by the terms of the Charlestown Plan, the principal purpose of the Charlestown Plan is not avoid taxes or the application of securities law. Accordingly, Charlestown and Hartland have satisfied the requirements of section 1129(d) of the Bankruptcy Code.

**Satisfaction of the Confirmation Requirements in Sections 1129(a), 1129(b) and 1129(d)**

47.    Based upon the foregoing findings of fact and conclusions of law, all other filed pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with confirmation of the Charlestown Plan and all evidence and arguments made, proffered or adduced during the confirmation trial and subsequent hearings, Charlestown and Hartland have met their burden of proving that the Charlestown Plan satisfies the requirements for confirmation pursuant to and in accordance with sections 1129(a), 1129(b) and 1129(d) of the Bankruptcy Code.

**Good Faith**

48.    Charlestown and Hartland and their principal constituencies (including, without limitation, GAC Real Estate and Mount Kellett) and the OEC (and each of their respective professionals and representatives, among others), have been and are acting and will continue to act in good faith if and when they proceed to (a) consummate the Charlestown Plan and the agreements, settlements, transactions and transfers contemplated thereunder (including, without limitation, the Equity Investment and the Secured Loan which provide the exit financing and the Restructuring Transactions) and (b) take the actions authorized and directed by the confirmation order(s) to be entered in accordance herewith.

**Settlement, Release and Injunction Provisions**

49.    In accordance with Bankruptcy Rule 9019(a), and in consideration for the distributions and other benefits provided under the Charlestown Plan, the confirmation order(s) to

-71-

be entered in accordance herewith constitutes the Bankruptcy Court's finding and determination

that the settlements reflected in the *Charlestown* Plan:

> (i)     reflect a reasonable balance between certainty and the risks and expenses of
>         future litigation and the continuation or conversion of these Chapter 11
>         Cases;
>
> (ii)    fall well within the range of reasonableness for the resolution of complex
>         litigation;
>
> (iii)   are fair, equitable and reasonable and in the best interests of the Jointly
>         Administered Debtors, the Reorganized Jointly Administered Debtors, their
>         respective bankruptcy estates and property, creditors, equity security holders
>         and other parties in interest;
>
> (iv)    will maximize the value of the bankruptcy estates by preserving and
>         protecting the ability of the Reorganized Jointly Administered Debtors to
>         continue operating outside of bankruptcy protection and in the ordinary
>         course of business; and
>
> (v)     are essential to and an integral part of the successful implementation of the
>         Charlestown Plan.

50.    Additionally, the allowance, classification and treatment of Allowed Claims take into account any Causes of Action, whether under the Bankruptcy Code or otherwise under applicable non-bankruptcy law, that may exist between the Jointly Administered Debtors, on the one hand, and the releasees, on the other.

51.    The record of the confirmation trial and these Chapter 11 Cases is sufficient to support the discharge, injunction and limitation of liability provisions contained in Article IV of the Charlestown Plan. The Charlestown Plan's injunction and limitation of liability provisions have been negotiated in good faith and within the jurisdiction of the Bankruptcy Court. Each non-debtor party that will benefit from the injunctions and limitation of liabilities set forth in Article IV of the Charlestown Plan (collectively, the "Plan Releases") was instrumental to the successful prosecution of the Chapter 11 Cases and/or provided substantial consideration to the bankruptcy

-72-

estates which value will allow for distributions that would not otherwise be available but for the contributions made by such non-debtor parties.  Thus, the Court finds and determines that the Plan Releases and related provisions in Article IV of the *Charlestown* Plan are:

- individually and collectively integral to and necessary for the successful implementation of the Charlestown Plan and the Jointly Administered Debtors' post-emergence ongoing viability;

- fair, equitable, reasonable, are integral elements of the restructuring and final resolution of the Chapter 11 Cases in accordance with the Charlestown Plan and are important to the overall objectives of the Charlestown Plan;

- the product of extensive arm's-length negotiations between Charlestown and Hartland and major creditor constituencies and constitute good faith compromises and settlements of the matters covered thereby; and

- made in exchange for consideration and confer material benefits on, and are in the best interests of, the Jointly Administered Debtors, their bankruptcy estates and holders of Claims and Interests.

52.    The limitation of liability set forth in Article IV.N. of the Charlestown Plan provides requisite and appropriate protection to parties who were essential to, and who exercised good faith in negotiating and implementing, the consensual restructuring of the Jointly Administered Debtors' business effectuated by the Charlestown Plan, while maintaining a standard limited to willful misconduct/gross negligence liability.  The preservation of certain causes of action for later adjudication by the Reorganized Jointly Administered Debtors in accordance with section 1123(b)(3)(B) of the Bankruptcy Code in Article IV.I. of the Charlestown Plan, are both appropriately tailored, consonant with relevant and applicable law and essential to the implementation of the Charlestown Plan.

**Disclosure:  Agreements and Other Documents**

53.    Charlestown and Hartland have disclosed all material facts regarding:  (i) the adoption of the new certificates of incorporation and bylaws or similar constituent documents; (ii) the selection of the members of the new board of directors of MMPI and certain new officers for

1  the applicable Reorganized Jointly Administered Debtors; (iii) the reorganized MMPI's obligations

2  under the Secured Loan; (iv) the sources and distribution of Cash under the Charleston Plan; (v)

3  the terms of the Reverse Stock Split; (v) the adoption, execution and implementation of other

4  matters provided for under the Charlestown Plan involving corporate action to be taken by or

5  required of the Reorganized Jointly Administered Debtors.

6  **Restructuring Transactions**

7      54.   The Restructuring Transactions described in Article IV.E., F. and H. of the

8  Charlestown Plan are the result of extensive negotiations between Charlestown and Hartland and

9  their primary stakeholder constituencies, have been proposed in good faith and are critical to the

10  success and feasibility of the Charlestown Plan.  The Restructuring Transactions work to

11  streamline the Debtors' corporate structure to better reflect and serve the Reorganized Jointly

12  Administered Debtors' operational functions and enhance the Reorganized Jointly Administered

13  Debtors' ability to analyze and address their operational performance along their various business

14  lines.  The Restructuring Transactions have neither been entered into fraudulently, nor with the

15  intent to hinder, delay or defraud any entity to which the Reorganized Jointly Administered

16  Debtors are, or may become, indebted on or after the Effective Date.

17  **The Secured Loan**

18      55.   The Secured Loan is an essential element of the Charlestown Plan and entry into and

19  consummation of the transactions contemplated by the Secured Loan is in the best interests of the

20  Jointly Administered Debtors, their bankruptcy estates and all parties in interest.  Charlestown and

21  Hartland have exercised reasonable business judgment in determining to have MMPI enter into the

22  Secured Loan and have provided sufficient and adequate notice of the Secured Loan and have

23  provided sufficient and adequate notice of the material terms of the Secured Loan since

24  Charlestown and Hartland filed the Commitment Letter they received from GAC Real Estate and

25  Mount Kellett and have provided the actual loan documents in the First Supplement to the

26  Charlestown Plan.  The terms and conditions of the Secured Loan are fair and reasonable, and the

27  Secured Loan has been negotiated in good faith and at arm's-length.  Any credit extended to the

28

1    Reorganized Jointly Administered Debtors pursuant to the Secured Loan shall be deemed to have

2    been extended, issued and made in good faith.

3        56.   The execution of deeds of trust by Jointly Administered Debtors Merco Group -

4    1211 E. Washington Boulevard, LLC and Meruelo Maddux - 230 W. Avenue 26, LLC and by non-

5    Jointly Administered Debtor Chinatown to encumber the respective real property for purpose of

6    securing the Secured Loan to MMPI is an essential element of the Charlestown Plan and in the best

7    interests of the Jointly Administered Debtors as a whole, the Debtors executing the deeds of trust

8    and their respective bankruptcy estates and, because of the manner in which MMPI and the

9    Property Level Debtors operate, will provide value and fair consideration to MMPI and each of the

10   Property Level Debtors including those executing the deeds of trust.  Accordingly, execution of the

11   deeds of trust is appropriate.  An order will also be entered in the Chinatown chapter 11 case

12   directing execution of the required deed of trust by Chinatown.

13   **Executory Contracts and Unexpired Leases; Adequate Assurance**

14       57.   Charlestown and Hartland are to provide a schedule of all unexpired real property

15   leases and executory contracts to be rejected on or before the Effective Date of the Charlestown

16   Plan.  Any unexpired lease and executory contract not on that schedule shall be deemed

17   automatically assumed in accordance with the provisions and requirements of sections 365 and

18   1123 of the Bankruptcy Code as of the Effective Date and any undisputed cure amounts shall be

19   paid within 30 days of the Effective Date or as otherwise agreed by the non-debtor party.  Any

20   disputed cure amounts shall be paid within 30 days of entry of a Final Order determining the cure

21   amount, if any.

22       58.   Adequate assurance of future performance as to the unexpired leases and executory

23   contracts that will be assumed has been provided as part of the confirmation trial and post-trial

24   status conferences and hearings.  As a result, the requirements of section 365 of the Bankruptcy

25   Code will have been satisfied.

26   **Implementation of Other Necessary Documents and Agreements**

27       59.   All documents and agreements necessary to implement the Charlestown Plan are

28   essential elements of the Charlestown Plan and entry into and consummation of the transactions

-75-

1  contemplated by each such documents and agreements is in the best interests of the Reorganized

2  Jointly Administered Debtors, their bankruptcy estates and holders of Claims and Interests.

3  Charlestown and Hartland have exercised reasonable business judgment in determining which

4  agreements to enter and have provided sufficient and adequate notice of such documents and

5  agreements.  The terms and conditions of such documents and agreements have been negotiated in

6  good faith, at arm's length, are fair and reasonable and are reaffirmed and approved.

7       60.    Based upon all of the foregoing, the modified Charlestown Plan annexed hereto is

8  confirmable and all objections to confirmation of the Charlestown Plan should be overruled.

9  **The Charlestown Plan should be Confirmed Pursuant to Section 1129(c)**

10      61.    By reason of section 1129(c) of the Bankruptcy Code, the Court may confirm only

11  one plan of reorganization for the Jointly Administered Debtors.  Thus, if the Charlestown Plan

12  and the Debtors' May 3, 2011 Joint Plan both satisfy sections 1129(a), 1129(b) and 1129(d) of the

13  Bankruptcy Code, the Court must choose which plan to confirm.

14      62.    Section 1129(c) provides that in determining which plan to confirm, the Court shall

15  consider the preferences of creditors and equity security holders.  However, case law establishes

16  that the preferences of creditors and equity security holders are not the only factors the Court

17  should consider.  The Court is also to look at the plans' treatment of creditors and equity security

18  holders and the feasibility of the plans.  As set forth below, each of these factors dictate

19  confirmation of the Charlestown Plan if both plans satisfy sections 1129(a) and 1129(b).

20      63.    Over the course of the confirmation trial and post-trial process, the Charlestown Plan

21  has become a fully consensual plan except for Insider Equity (Class 1F) and Class 40A-2, the latter

22  of which voted to reject the Charlestown Plan but did not file objections or take part in the

23  confirmation trial.  That Insider Equity opposes the Charlestown Plan is not surprising because the

24  Charlestown Plan divests them of control of the Jointly Administered Debtors although they

25  remain shareholders of reorganized MMPI.  In contrast, Outside Equity has voted overwhelmingly

26  in favor of the Charlestown Plan and its official representative, the OEC, strongly supports

27  confirmation of the Charlestown Plan, principally because it does divest Insider Equity of control

28  and effects a change in management.

64.    The Charlestown Plan encompasses agreements with $70 million of secured debt (Classes 32A-2, 43A-2, 47A-2 and 49A-2) which still must be crammed down in order for the Debtors' May 3, 2011 Joint Plan to be confirmed.  An additional $60 million of secured debt (Classes 36A-2 and 36A-3) which has accepted both plans has expressed to the Court that it "strongly" prefers the Charlestown Plan.  The Charlestown Plan also encompasses *certain* settlements and compromises that the Jointly Administered Debtors have *chosen not* ~~refused~~ to make.  *Among others*~~Thus~~, the Charlestown Plan includes a compromise of the condemnation litigation with the MTA.  The Court *finds* ~~has found~~ that this compromise evidences a wise business decision because it results in a significant and immediate cash infusion to the reorganized Jointly Administered Debtors and puts an end to the incurring of litigation expenses in a case the Court has found the Debtors will lose.  In light of the compromise, the MTA has withdrawn its objection to confirmation of the Charlestown Plan.  The Jointly Administered Debtors have *not reached an agreement with the MTA regarding settlement of the MTA's claim and the Jointly Administered Debtors' cross-claim* ~~declined to enter into a compromise of that litigation as part of the Debtors' May 3, 2011 Joint Plan~~.  As a result, the MTA has maintained its objection to confirmation of the Debtors' May 3, 2011 Joint Plan.

65.    The Charlestown Plan also includes a settlement with Grand Avenue Lofts and the Grand Avenue Lofts HOA (Classes 29A-3 and 29A-4) which eliminates the immediate risk of loss of the property owned by Jointly Administered Debtor Meruelo Maddux - 336 W. 11th Street LLC, the need for that Debtor to pay on the Effective Date a $2.1 million secured Claim of the HOA and the need for two other Debtors (Merco Group - Southpark LLC and Merco Group - Little J LLC) to pay a $2.1 million unsecured claim of the HOA.  As a result of this settlement, both Grand Avenue Lofts and the HOA have withdrawn their objections to the Charlestown Plan. The Debtors' May 3, 2011 Joint Plan does not address or resolve any of these issues and the objections of Grand Avenue Lofts and the HOA remain outstanding.  The Court has not determined whether the Debtors' May 3, 2011 Joint Plan can be confirmed in light of these issues and objections.

66.    With the exception of Class 40A-2, all *classes of* creditors (secured and unsecured) have accepted or are deemed to have accepted the Charlestown Plan.  The OCC, which is the official representative of general unsecured creditors, has expressed its support and preference for the Charlestown Plan over the Debtors' May 3, 2011 Joint Plan even though both plans provide for payment in full with interest for unsecured creditors.

67.    The Charlestown Plan is also more feasible than the Debtors' May 3, 2011 Joint Plan for a number of reasons.  The Charlestown Plan has an infusion of capital, not just debt, to fund it.  The Charlestown Plan will have more cash available at or near the Effective Date and throughout the first year.  The Charlestown Plan uses more conservative projected sales prices for those properties that are to be sold.  Despite this, the Charlestown Plan has better cash flows than the Debtors' May 3, 2011 Joint Plan.

68.    *With the exception of Class 40A-2,* Charlestown and Hartland have reached agreement with secured creditors over the form of loan modification agreements.  In contrast, the Jointly Administered Debtors have not reached agreement on loan modification agreements with certain secured creditors and the Court will be required to have further hearings to resolve the form of the loan modifications because the Jointly Administered Debtors did not establish during the confirmation trial or otherwise that the modifications they propose are necessary to a reorganization.

69.    The Court has also considered the Jointly Administered Debtors' Reconsideration Motion and the arguments in support of and in opposition thereto advanced by the Jointly Administered Debtors, Richard Meruelo, John Maddux, Charlestown and Hartland, the OCC, the OEC and certain secured and unsecured creditors.  The Court has determined that the Jointly Administered Debtors' Reconsideration Motion and the arguments advanced in support thereof do not warrant a change in any of the foregoing Findings of Fact and Conclusions of Law regarding confirmation of the Charlestown Plan.

70.    Based upon all of the foregoing, and assuming for purposes of section 1129(c) that the Debtors' May 3, 2011 Joint Plan satisfies sections 1129(a), 1129(b), and 1129(d) of the Bankruptcy Code (the Court having not yet determined whether it does or does not), the Court will

LEGAL_US_W # 68238575.2

1  confirm the Charlestown Plan, not the Debtors' May 3, 2011 Joint Plan, pursuant to section

2  1129(c) of the Bankruptcy Code.

3  **Conditions Precedent to Confirmation**

4      71.   All provisions, terms and conditions of the Charlestown Plan are approved.  Entry of

5  the Confirmation Order(s) in a form and substance acceptable to Charlestown and Hartland shall

6  satisfy the conditions to Confirmation set forth in Article V5.A. of the Charlestown Plan.

7  **Conditions Precedent to Effective Date**

8      72.   Each of the conditions precedent to the Effective Date, as set forth in Article VI.C.

9  of the Charlestown Plan are reasonably likely to be satisfied.  The Effective Date shall occur and

10  the Charlestown Plan shall become effective as set forth in Article VI.B. of the Charlestown Plan

11  after the satisfaction or waiver of the conditions set forth in Article VI.A. of the Charlestown Plan

12  or such earlier date as Charlestown and Hartland determine is appropriate after entry of the

13  Confirmation Order(s).

14  **Retention of Jurisdiction**

15      73.   The Bankruptcy Court properly may retain jurisdiction over the matters set forth in

16  Article IX and other applicable provisions of the Charlestown Plan.

17      74.   The Bankruptcy Court properly may also retain, and does retain, jurisdiction to

18  decide what relief, if any, should be granted pursuant to the still undecided spoliation motion.

19      Based upon all of the foregoing, the Charlestown Plan should be confirmed and the

20  Confirmation Order(s) confirming the Charlestown Plan and overruling all objections thereto

21  should be entered forthwith.

22                                ###

23

24  DATED: June 29, 2011

25                                       United States Bankruptcy Judge

26

27

28

# EXHIBIT A

**[ Refer to Docket Number 3223 ]**

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL. | CHAPTER:  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

185 Pier Avenue, Suite 103, Santa Monica, CA 90405

A true and correct copy of the foregoing document described FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:  CONFIRMATION OF CHARLESTOWN CAPITAL ADVISORS, LLC AND HARTLAND ASSET MANAGEMENT CORPORATION'S SECOND MODIFIED FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 14, 2010 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 23, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

See attached list

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2011 | Christopher E. Prince | /s/ Christopher E. Prince |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: | |
|---|---|
| MERUELO MADDUX PROPERTIES, INC. ET AL. | CHAPTER:  11 |
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

**Proposed findings and conclusions served on the following via email:**

rabiri@abiriszeto.com; allison@claimsrecoveryllc.com; eal@jbblaw.com; kmg@jbblaw.com; dritchie@jbblaw.com; william@jbblaw.com; peterbonfante@bsalawfirm.com; enbrady@jonesday.com; jennifer.l.braun@usdoj.gov; hcamhi@ecjlaw.com; gcaris@mckennalong.com; jcarlberg@boselaw.com; chenetz@blankrome.com; jchoi@swjlaw.com; CChow@Stutman.com; cynthiacohen@paulhastings.com; rcohn@horganrosen.com; Enid M. Colson; eculler@stutman.com; jdulberg@pszjlaw.com; mfineman@stutman.com; mfletcher@frandzel.com; dgaffney@swlaw.com; tmg@jmbm.com; bgiven@frandzel.com; bglaser@swjlaw.com; gglazer@stutman.com; egoldberg@stutman.com; courts@argopartners.net; mgomez@frandzel.com; mgottfried@lgbfirm.com; jag@jmbm.com; omglaw@gmail.com; jgrotins@mcguirewoods.com; pgurfein@lgbfirm.com; carahagan@haganlaw.org; ahami@sulmeyerlaw.com; bharvey@buchalter.com; ljurich@loeb.com; wkiekhofer@mcguirewoods.com; mkogan@ecjlaw.com; lew@landaunet.com; leib.lerner@alston.com; matt@lesnicklaw.com; dleta@swlaw.com; katie.lien@sbcglobal.net; katielien@gmail.com; slinkon@rcolegal.com; michael.llewellyn@boe.ca.gov; rmalatt@gmail.com; elmermartin@gmail.com; emiller@sulmeyerlaw.com; amuhtar@sulmeyerlaw.com; jnolan@pszjlaw.com; henry.oh@dlapiper.com; lpeitzman@pwkllp.com; epezold@swlaw.com; drallis@sulmeyerlaw.com; kurt.ramlo@dlapiper.com; mreynolds@swlaw.com; tgarza@sierrafunds.com; Romero@mromerolawfirm.com; vsahn@sulmeyerlaw.com; jshaffer@stutman.com; dshemano@pwkllp.com; jeffrey@shinbrotfirm.com; dslate@buchalter.com; surjit@sonilaw.com; blspiegel@jonesday.com; jstang@pszjlaw.com; csteege@jenner.com; dtalerico@loeb.com; John N. Tedford, IV; dthayer@jenner.com; atippie@sulmeyerlaw.com; jason@gdclawyers.com; wwinfield@nchc.com; jyang@swlaw.com; maalaw@hotmail.com; aarnold@stutman.com; mhankin@jenner.com; ccjung@aol.com; gklausner@stutman.com; LavignaS@sec.gov; ronaldorresq@gmail.com; matthew.pakkala@fticonsulting.com; freddie.reiss@fticonsulting.com; crodiger@rodigerlaw.com; deansteinbeck@bsalawfirm.com; steve.voskanian@fticonsulting.com; raw@rweinberglaw.com; cb@cjblaw.com; mjb@lnbrb.com; acaine@pszyjw.com; mcorrea@jonesday.com; ana.damonte@pillsburylaw.com; bdavidoff@rutterhobbs.com; sdavis@coxcastle.com; ddenny@gibsondunn.com; bvf@jmbm.com; whuckins@allenmatkins.com; akim@mrllp.com; tkouyoumjian@sulmeyerlaw.com; kfox@sulmeyerlaw.com; dare.law@usdoj.gov; inasatir@pszjlaw.com; mhr@cabkattorney.com; dhr@lnbrb.com; jrichards@pszjlaw.com; sshiu@swlaw.com; lsinanyan@jonesday.com; jtimko@allenmatkins.com; rvarozian@bzlegal.com; azimonjic@lgbfirm.com; lemiller@jonesday.com; wholt@ktbslaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                    F 9021-1.1

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL. | CHAPTER:  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) FINDINGS OF FACT AND CONCLUSIONS OF LAW RE:  CONFIRMATION OF CHARLESTOWN CAPITAL ADVISORS, LLC AND HARTLAND ASSET MANAGEMENT CORPORATION'S SECOND MODIFIED FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED OCTOBER 14, 2010 was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>June 23, 2011</u>          , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

See Attached List

☒  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                     F 9021-1.1

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL. | CHAPTER:  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

**ADDITIONAL SERVICE INFORMATION** (if needed):

- Michael C Abel mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Robert Abiri rabiri@abiriszeto.com
- Allison R Axenrod allison@claimsrecoveryllc.com
- Christopher J Bagnaschi cb@cjblaw.com
- John J Bingham jbingham@dgdk.com
- William C Bollard eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante peterbonfante@bsalawfirm.com
- Erin N Brady enbrady@jonesday.com
- Julia W Brand JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun jennifer.l.braun@usdoj.gov
- Martin J Brill mjb@lnbrb.com
- Andrew W Caine acaine@pszyjw.com
- Howard Camhi hcamhi@ecjlaw.com
- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg jcarlberg@boselaw.com
- Sara Chenetz chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi jchoi@swjlaw.com
- Carol Chow CChow@Stutman.com
- Cynthia M Cohen cynthiacohen@paulhastings.com
- Ronald R Cohn rcohn@horganrosen.com
- Enid M Colson emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa mcorrea@jonesday.com
- Emily R Culler eculler@stutman.com
- Ana Damonte ana.damonte@pillsburylaw.com
- Brian L Davidoff bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis sdavis@coxcastle.com
- Aaron De Leest aed@dgdk.com
- Daniel Denny ddenny@gibsondunn.com
- Jeffrey W Dulberg jdulberg@pszjlaw.com
- Marina Fineman mfineman@stutman.com
- Michael G Fletcher mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney dgaffney@swlaw.com
- Thomas M Geher tmg@jmbm.com
- Bernard R Given bgiven@frandzel.com,<br>efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser bglaser@swjlaw.com
- Gabriel I Glazer gglazer@stutman.com
- Matthew A Gold courts@argopartners.net
- Eric D Goldberg egoldberg@stutman.com
- Michael J Gomez mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham jag@jmbm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    F 9021-1.1

| In re: | |
|---|---|
| MERUELO MADDUX PROPERTIES, INC. ET AL. | CHAPTER:  11 |
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

- Ofer M Grossman omglaw@gmail.com
- Jodie M Grotins jgrotins@mcguirewoods.com
- Peter J Gurfein pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan carahagan@haganlaw.org
- Asa S Hami ahami@sulmeyerlaw.com
- Brian T Harvey bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling rhessling@dgdk.com
- Whitman L Holt wholt@ktbslaw.com
- William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer wkiekhofer@mcguirewoods.com
- Andrew F Kim akim@mrllp.com
- Michael S Kogan mkogan@ecjlaw.com
- Tamar Kouyoumjian tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau lew@landaunet.com
- Dare Law dare.law@usdoj.gov
- Leib M Lerner leib.lerner@alston.com
- Matthew A Lesnick matt@lesnicklaw.com
- David E Leta dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon slinkon@rcolegal.com
- Robert M Llewellyn michael.llewellyn@boe.ca.gov
- Richard Malatt rmalatt@gmail.com
- Elmer D Martin elmermartin@gmail.com
- Elissa Miller emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar amuhtar@sulmeyerlaw.com
- Iain A W Nasatir inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan jnolan@pszjlaw.com
- Henry H Oh henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman lpeitzman@pwkllp.com
- Eric S Pezold epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince cprince@lesnickprince.com
- Michael H Raichelson mhr@cabkattorney.com
- Dean G Rallis Jr drallis@sulmeyerlaw.com
- Kurt Ramlo kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss dhr@lnbyb.com
- Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com
- James S Riley tgarza@sierrafunds.com
- Martha E Romero Romero@mromerolawfirm.com
- Victor A Sahn vsahn@sulmeyerlaw.com
- Steven J Schwartz sschwartz@dgdk.com
- Kenneth J Shaffer jshaffer@stutman.com
- Zev Shechtman zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano dshemano@pwkllp.com
- Jeffrey S Shinbrot jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu sshiu@swlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9021-1.1**

| In re:<br>MERUELO MADDUX PROPERTIES, INC. ET AL. | CHAPTER:  11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-13356-VK |

- Lori Sinanyan lsinanyan@jonesday.com
- Daniel H Slate dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel blspiegel@jonesday.com
- Tracie L Spies tracie@haganlaw.org
- James Stang jstang@pszjlaw.com
- Catherine Steege csteege@jenner.com
- Derrick Talerico dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer dthayer@jenner.com
- James A Timko jtimko@allenmatkins.com
- Alan G Tippie atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian rvarozian@bzlegal.com
- Jason L Weisberg jason@gdclawyers.com
- William E Winfield wwinfield@nchc.com
- Jasmin Yang jyang@swlaw.com
- Aleksandra Zimonjic azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*
F 9021-1.1