David B. Shemano (State Bar No. 176020)
*dshemano@pwkllp.com*
Lauren N. Gans (State Bar No. 247542)
*lgans@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for Creditors and Equity Holders
John Charles Maddux et al.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>        Debtor and Debtor-in-Possession.<br><br>☑   Affects all Debtors<br>☐   Affects the following Debtor(s): | Case No. 1:09-bk-13356-VK<br><br>Chapter 11 (Cases Jointly Administered)<br><br>**THE MADDUX PARTIES' STATEMENT OF ISSUES ON APPEAL** |

On June 29, 2011, John Charles Maddux, the John Charles Maddux Trust U/D/T dated July 24, 2006, and Sunstone Bella Vista, LLC (collectively, the "Maddux Parties"), filed a notice of appeal to the District Court from the "Order Confirming The Charlestown Plan" (the "Confirmation Order"), entered by the Bankruptcy Court in the above-captioned chapter 11 cases on June 24, 2011.  The Maddux Parties hereby designate the following issues for consideration on appeal:

      1.    Did the Bankruptcy Court err in confirming the plan of reorganization (the "Charlestown Plan") proposed by Charlestown Capital Advisors, LLC and Hartland Asset

1

Management Corporation (collectively and including all affiliates, "Charlestown")?

2. Did the Bankruptcy Court err in determining that the treatment of Class 1F under the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

3. Did the Bankruptcy Court err in determining that Charlestown's burden of proof to establish that the treatment of Class 1F under the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code was by the preponderance of the evidence and not by clear and convincing evidence?

4. Did the Bankruptcy Court err in determining that the treatment of Class 1F under the Charlestown Plan satisfied the good faith requirement of section 1129(a)(3) of the Bankruptcy Code?

5. Did the Bankruptcy Court err in determining that the Charlestown Plan and not the plan or reorganization proposed by the above-captioned debtors (the "Debtors" and the "Debtors' Plan") should be confirmed under section 1129(c) of the Bankruptcy Code?

6. Did the Bankruptcy Court err in failing to conduct a valuation hearing to determine the enterprise value of the reorganized Debtors under the Charlestown Plan and the residual amount available to the holders of interests in Class 1F for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

7. Did the Bankruptcy Court err in failing to determine the enterprise value of the reorganized Debtors under the Charlestown Plan and the residual amount available to available to the holders of interests in Class 1F for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

8. Did the Bankruptcy Court err in determining the fair value of the interests in Class 1F separate and apart from the value of the Debtors' assets and liabilities for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

9. Did the Bankruptcy Court err in failing to consider and give significant weight to Charlestown's evidence of the reorganized Debtors' enterprise value and resulting net equity

value, including the balance sheet and property valuations attached to Charlestown's Disclosure Statement, and the Declaration of Edward F. McGonagle, for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

10. Did the Bankruptcy Court err in disregarding and failing to give significant weight to the testimony of M. Freddie Reiss concerning the reorganized Debtors' net equity value for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

11. Did the Bankruptcy Court err by shifting the burden of proof on valuation from Charlestown to the Maddux Parties and other opponents of the Charlestown Plan for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

12. Did the Bankruptcy Court err by relying upon and giving significant weight to the Debtors' stock market trading price on May 18, 2011, and in February 2011, to determine whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

13. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that Class 1E under the Charlestown Plan voted to accept the Charlestown Plan for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

14. Did the Bankruptcy Court err by relying upon and giving significant weight to the testimony of Steven Taylor that 35 cents was fair value for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

15. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the Debtors referenced stock trading prices in disclosure statements explaining the pricing of certain cash-out options offered to shareholders for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

16. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the Debtors' Plan offered shareholders a 25 cent cash-out option for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

17. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the Debtors negotiated a financing transaction that gave the lender the right to convert the debt into equity in four years at 50 cents per share for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

18. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the solicitation package disseminated by Charlestown regarding the Charlestown Plan included a letter from the Official Committee of Equity Holders for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

19. Did the Bankruptcy Court err by failing to consider and give significant weight to the fact that holders of only 4 million out of 88 million shares outstanding chose to voluntarily sell their shares for 35 cents per share for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

20. Did the Bankruptcy Court err by choosing a valuation methodology of the interests in Class 1F that is not appropriate under Delaware law for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

21. Did the Bankruptcy Court err by taking judicial notice of facts after the close of the confirmation trial concerning matters for which Charlestown had the burden of proof but chose not to submit evidence for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

22. Did the Bankruptcy Court err by taking judicial notice of facts after the close of the confirmation trial that Charlestown never asserted during the trial had any relevance to the treatment of Class 1F under the Charlestown Plan for purposes of determining whether the

Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

23. Did the Bankruptcy Court err by taking judicial notice of facts after the close of the confirmation trial without advance notice concerning matters for which Charlestown had the burden of proof for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code, and failing to provide the Maddux Parties (and other opponents of the Charlestown Plan) the opportunity to submit expert or other evidence that could have addressed the relevance or weight of such facts?

Dated: July 13, 2011　　　　　　　　　　PEITZMAN, WEG & KEMPINSKY LLP

　　　　　　　　　　　　　　　　　　　By:　　/s/ David B. Shemano
　　　　　　　　　　　　　　　　　　　　　　David B. Shemano
　　　　　　　　　　　　　　　　　　　　　　Lauren N. Gans

　　　　　　　　　　　　　　　　　　　Attorneys for the Maddux Parties

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**PEITZMAN, WEG & KEMPINSKY LLP
2029 Century Park East, Suite 3100
Los Angeles, CA 90067**

A true and correct copy of the foregoing document described as **THE MADDUX PARTIES' STATEMENT OF ISSUES ON APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.**  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 13, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated

Michael C Abel     mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
Robert Abiri     rabiri@abiriszeto.com
Allison R Axenrod     allison@claimsrecoveryllc.com
Christopher J Bagnaschi     cb@cjblaw.com
John J Bingham     jbingham@dgdk.com
William C Bollard     eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
Peter Bonfante     peterbonfante@bsalawfirm.com
Erin N Brady     enbrady@jonesday.com
Julia W Brand     JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
Jennifer L Braun     jennifer.l.braun@usdoj.gov
Martin J Brill     mjb@lnbrb.com
Andrew R Cahill     acahill@lesnickprince.com
Andrew W Caine     acaine@pszyjw.com
Howard Camhi     hcamhi@ecjlaw.com
Gary O Caris     gcaris@mckennalong.com, pcoates@mckennalong.com
James E Carlberg     jcarlberg@boselaw.com
Sara Chenetz     chenetz@blankrome.com, chang@blankrome.com
Jacquelyn H Choi     jchoi@swjlaw.com
Carol Chow     CChow@Stutman.com
Cynthia M Cohen     cynthiacohen@paulhastings.com
Ronald R Cohn     rcohn@horganrosen.com
Enid M Colson     emc@dgdk.com, ecolson@dgdk.com
Michaeline H Correa     mcorrea@jonesday.com
Emily R Culler     eculler@stutman.com
Ana Damonte     ana.damonte@pillsburylaw.com

| | |
|---|---|
| 1 | Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com |
| 2 | Susan S Davis    sdavis@coxcastle.com |
| 3 | Aaron De Leest    aed@dgdk.com |
| | Daniel Denny    ddenny@gibsondunn.com |
| 4 | Jeffrey W Dulberg    jdulberg@pszjlaw.com |
| | Marina Fineman    mfineman@stutman.com |
| 5 | Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com |
| 6 | Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com |
| 7 | Donald L Gaffney    dgaffney@swlaw.com |
| | Lauren N Gans    lgans@pwkllp.com |
| 8 | Thomas M Geher    tmg@jmbm.com |
| 9 | Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com |
| 10 | Barry S Glaser    bglaser@swjlaw.com |
| | Gabriel I Glazer    gglazer@stutman.com |
| 11 | Matthew A Gold    courts@argopartners.net |
| | Eric D Goldberg    egoldberg@stutman.com |
| 12 | Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com |
| 13 | Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com |
| | John A Graham    jag@jmbm.com |
| 14 | Ofer M Grossman    omglaw@gmail.com |
| 15 | Jodie M Grotins    jgrotins@mcguirewoods.com |
| | Peter J Gurfein    pgurfein@lgbfirm.com, cscott@LGBFirm.com |
| 16 | Cara J Hagan    carahagan@haganlaw.org |
| | Asa S Hami    ahami@sulmeyerlaw.com |
| 17 | Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com |
| 18 | Robert A Hessling    rhessling@dgdk.com |
| | Whitman L Holt    wholt@ktbslaw.com |
| 19 | William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com |
| | Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com |
| 20 | William H. Kiekhofer    wkiekhofer@mcguirewoods.com |
| 21 | Andrew F Kim    akim@mrllp.com |
| | Michael S Kogan    mkogan@ecjlaw.com |
| 22 | Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com |
| | Lewis R Landau    lew@landaunet.com |
| 23 | Dare Law    dare.law@usdoj.gov |
| | Leib M Lerner    leib.lerner@alston.com |
| 24 | Matthew A Lesnick    matt@lesnicklaw.com |
| 25 | David E Leta    dleta@swlaw.com, wsmart@swlaw.com |
| | Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com |
| 26 | Steven K Linkon    slinkon@rcolegal.com |
| | Robert M Llewellyn    michael.llewellyn@boe.ca.gov |
| 27 | Richard Malatt    rmalatt@gmail.com |
| | Elmer D Martin    elmermartin@gmail.com |
| 28 | Elissa Miller    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com |
| | Avi Muhtar    amuhtar@sulmeyerlaw.com |

7

```
 1   Iain A W Nasatir      inasatir@pszjlaw.com, jwashington@pszjlaw.com
     Jeffrey P Nolan    jnolan@pszjlaw.com
 2   Henry H Oh      henry.oh@dlapiper.com, janet.curley@dlapiper.com
     Lawrence Peitzman     lpeitzman@pwkllp.com
 3   Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
     Christopher E Prince    cprince@lesnickprince.com
 4   Michael H Raichelson    mhr@cabkattorney.com
 5   Dean G Rallis Jr    drallis@sulmeyerlaw.com
     Kurt Ramlo     kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
 6   Craig M Rankin - DECEASED -    cmr@lnbrb.com
 7   Daniel H Reiss    dhr@lnbyb.com
     Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
 8   Jeremy V Richards     jrichards@pszjlaw.com, bdassa@pszjlaw.com
     David J Richardson     djr@thecreditorslawgroup.com
 9   James S Riley    tgarza@sierrafunds.com
     Martha E Romero     Romero@mromerolawfirm.com
10   Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com
     Steven J Schwartz     sschwartz@dgdk.com
11   Kenneth J Shaffer    jshaffer@stutman.com
12   Mark M Sharf    mark@forbankruptcy.com, msharf00@gmail.com
     Zev Shechtman     zshechtman@dgdk.com, danninggill@gmail.com
13   David B Shemano    dshemano@pwkllp.com
     Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
14   Stephen Shiu    sshiu@swlaw.com
     Lori Sinanyan    lsinanyan@jonesday.com
15   Daniel H Slate    dslate@buchalter.com,
16   rreeder@buchalter.com;ifs_filing@buchalter.com
     Surjit P Soni    surjit@sonilaw.com, gayane@sonilaw.com
17   Bennett L Spiegel    blspiegel@jonesday.com
     Tracie L Spies    tracie@haganlaw.org
18   James Stang    jstang@pszjlaw.com
19   Catherine Steege    csteege@jenner.com
     Derrick Talerico     dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
20   John N Tedford    jtedford@dgdk.com, DanningGill@Gmail.com
     Damon Thayer     dthayer@jenner.com
21   James A Timko    jtimko@allenmatkins.com
     Alan G Tippie    atippie@sulmeyerlaw.com,
22   jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
23   United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
     Rouben Varozian    rvarozian@bzlegal.com
24   Howard J Weg    hweg@pwkllp.com
     Jason L Weisberg    jason@gdclawyers.com
25   William E Winfield    wwinfield@nchc.com
     Jasmin Yang    jyang@swlaw.com
26   Aleksandra Zimonjic    azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com
27
28
```

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 13, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Served by U.S. Mail:**
Hon. Victoria S. Kaufman
United States Bankruptcy Court – Central District of California
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 13, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 13, 2011** | **Denise Wymore** | **/s/ Denise Wymore** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |