**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
JULIO V. VERGARA (State Bar No. 223762)
jvergara@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone:   (213) 613-4655
Facsimile:    (213) 613-4656

**THE CREDITORS' LAW GROUP, PC**
DAVID J. RICHARDSON (State Bar No. 168592)
djr@thecreditorslawgroup.com
2301 Hyperion Ave., Suite A
Los Angeles, CA  90027
Telephone:   (323) 686-5400
Facsimile:    (323) 686-5403

**Attorneys for Richard Meruelo**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>    Debtor and Debtor in Possession.<br><br>☒  Affects All Debtors<br><br>☐  Affects the following Debtors(s): | CASE NO. 1:09-bk-13356-VK<br><br>Chapter 11 (Cases Jointly Administered)<br><br>**APPELLANTS' STATEMENT OF ISSUES ON APPEAL** |

Appellant Richard Meruelo ("Meruelo"), hereby designates the following issues for consideration on appeal to the district Court from (A) the "Order Confirming the Charlestown Plan" (the "Confirmation Order"), entered by the Bankruptcy Court in the above-captioned chapter 11 cases on June 24, 2011.

    1.    Did the Bankruptcy err in confirming the plan of reorganization (the

1. "Charlestown Plan") proposed by Charlestown Capital Advisors, LLC and Hartland Asset Management Corporation (collectively and including all affiliates, "Charlestown")?

2. Did the Bankruptcy err in determining that the treatment of Class 1F under the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

3. Did the Bankruptcy err in determining that the Charlestown Plan and not the plan or reorganization proposed by the above-captioned debtors (the "Debtors" and the "Debtors' Plan") should be confirmed under section 1129(c) of the Bankruptcy Code?

4. Did the Bankruptcy Court err in failing to conduct a valuation hearing to determine the enterprise value of the reorganized Debtors under the Charlestown Plan and the residual amount available to the holders of interests in Class 1F for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

5. Did the Bankruptcy Court err in failing to determine the enterprise value of the reorganized Debtors under the Charlestown Plan and the residual amount available to available to the holders of interests in Class 1F for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

6. Did the Bankruptcy Court err in determining the fair value of the interests in Class 1F separate and apart from the value of the Debtors' assets and liabilities for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

7. Did the Bankruptcy Court err in failing to consider and give significant weight to Charlestown's evidence of the reorganized Debtors' enterprise value and resulting net equity value, including the balance sheet and property valuations attached to Charlestown's Disclosure Statement, and the Declaration of Edward F. McGonagle, for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

8. Did the Bankruptcy Court err in disregarding and failing to give significant

weight to the Declaration of M. Freddie Reiss concerning the reorganized Debtors' net equity value for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

9. Did the Bankruptcy Court err by shifting the burden of proof on valuation from Charlestown to the Maddux Parties and other opponents of the Charlestown Plan for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

10. Did the Bankruptcy Court err by relying upon and giving significant weight to the Debtors' stock market trading price on May 18, 2011, to determine the reorganized Debtors' net equity value for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

11. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that Class 1E under the Charlestown Plan voted to accept the Charlestown Plan for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?.

12. Did the Bankruptcy Court err by failing to consider and give significant weight to the fact that holders of only 4 million out of 88 million shares outstanding chose to voluntarily sell their shares for 35 cents per share for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

13. Did the Bankruptcy Court err by relying upon and giving significant weight to the out of court statement of Steven Taylor that 35 cents was fair value for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

14. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the Debtors referenced stock trading prices in disclosure statements explaining the pricing of certain cash-out options offered to shareholders for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

15. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the Debtors' Plan offered shareholders a 25 cent cash-out option for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

16. Did the Bankruptcy Court err by relying upon and giving significant weight to the fact that the Debtors entered into a financing transaction that gave the lender the right to convert the debt into equity in four years at 50 cents per share for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

17. Did the Bankruptcy Court err by choosing a valuation methodology of the interests in Class 1F that is not appropriate under Delaware law for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

18. Did the Bankruptcy Court err by taking judicial notice of facts after the close of the confirmation trial concerning matters for which Charlestown had the burden of proof but chose not to submit evidence for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

19. Did the Bankruptcy Court err by taking judicial notice of facts after the close of the confirmation trial that Charlestown never asserted during the trial had any relevance to the treatment of Class 1F under the Charlestown Plan for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code?

1      20.    Did the Bankruptcy Court err by taking judicial notice of facts after the close of the confirmation trial without advance notice concerning matters for which Charlestown had the burden of proof for purposes of determining whether the Charlestown Plan satisfied the fair and equitable requirement under section 1129(b)(1) of the Bankruptcy Code, and failing to provide the Maddux Parties (and other opponents of the Charlestown Plan) the opportunity to submit expert or other evidence that could have addressed the relevance or weight of such facts.

DATED: July 15, 2011

Respectfully submitted,

THE CREDITORS' LAW GROUP, PC
DAVID J. RICHARDSON

By:   /s/ David J. Richardson
      David J. Richardson
      Attorneys for Richard Meruelo

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**SCHEPER KIM & HARRIS LLP**
**601 West Fifth Street, 12th Floor**
**Los Angeles, CA  90071-2025**

A true and correct copy of the foregoing document described as **APPELLANT'S STATEMENT OF ISSUES ON APPEAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 15, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael C Abel                mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Robert Abiri                  rabiri@abiriszeto.com
- Allison R Axenrod             allison@claimsrecoveryllc.com
- Christopher J Bagnaschi       cb@cjblaw.com
- John J Bingham                jbingham@dgdk.com
- William C Bollard             eal@jbblaw.com, kmg@jbblaw.com; william@jbblaw.com
- Peter Bonfante                peterbonfante@bsalawfirm.com
- Erin N Brady                  enbrady@jonesday.com
- Julia W Brand                 jbrand@bhfs.com, jjung@bhfs.com; pherron@bhfs.com
- Jennifer L Braun              jennifer.l.braun@usdoj.gov
- Martin J Brill                mjb@lnbrb.com
- Andrew W Caine                acaine@pszyjw.com
- Howard Camhi                  hcamhi@ecjlaw.com
- Gary O Caris                  gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg              jcarlberg@boselaw.com
- Sara Chenetz                  chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi              jchoi@swjlaw.com
- Carol Chow                    cchow@stutman.com
- Cynthia M Cohen               cynthiacohen@paulhastings.com
- Ronald R Cohn                 rcohn@horganrosen.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                                 F 9013-3.1.PROOF.SERVICE

- Enid M Colson — emc@dgdk.com; ecolson@dgdk.com
- Michaeline H Correa — mcorrea@jonesday.com
- Emily R Culler — eculler@stutman.com
- Ana Damonte — ana.damonte@pillsburylaw.com
- Brian L Davidoff — bdavidoff@rutterhobbs.com; calendar@rutterhobbs.com; jreinglass@rutterhobbs.com
- Susan S Davis — sdavis@coxcastle.com
- Aaron De Leest — aed@dgdk.com
- Daniel Denny — ddenny@gibsondunn.com
- Jeffrey W Dulberg — jdulberg@pszjlaw.com
- Marina Fineman — mfineman@stutman.com
- Michael G Fletcher — mfletcher@frandzel.com; efiling@frandzel.com; shom@frandzel.com
- Barry V Freeman — bvf@jmbm.com; bvf@jmbm.com
- Donald L Gaffney — dgaffney@swlaw.com
- Lauren N Gans — lgans@pwkllp.com
- Thomas M Geher — tmg@jmbm.com
- Bernard R Given — bgiven@frandzel.com; efiling@frandzel.com; shom@frandzel.com
- Barry S Glaser — bglaser@swjlaw.com
- Gabriel I Glazer — gglazer@stutman.com
- Matthew A Gold — courts@argopartners.net
- Eric D Goldberg — egoldberg@stutman.com
- Michael J Gomez — mgomez@frandzel.com; efiling@frandzel.com; sking@frandzel.com
- Michael I Gottfried — mgottfried@lgbfirm.com; msaldana@lgbfirm.com; ncereseto@lgbfirm.com
- John A Graham — jag@jmbm.com
- Ofer M Grossman — omglaw@gmail.com
- Jodie M Grotins — jgrotins@mcguirewoods.com
- Peter J Gurfein — pgurfein@lgbfirm.com; cscott@lgbfirm.com
- Cara J Hagan — carahagan@haganlaw.org
- Asa S Hami — ahami@sulmeyerlaw.com
- Brian T Harvey — bharvey@buchalter.com, IFS_filing@buchalter.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

- Robert A Hessling — rhessling@dgdk.com
- Whitman L Holt — wholt@ktbslaw.com
- William W Huckins — whuckins@allenmatkins.com; clynch@allenmatkins.com
- Lance N Jurich — ljurich@loeb.com; kpresson@loeb.com
- William H. Kiekhofer — wkiekhofer@mcguirewoods.com
- Andrew F Kim — akim@mrllp.com
- Michael S Kogan — mkogan@ecjlaw.com
- Tamar Kouyoumjian — tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau — lew@landaunet.com
- Dare Law — dare.law@usdoj.gov
- Leib M Lerner — leib.lerner@alston.com
- Matthew A Lesnick — matt@lesnicklaw.com
- David E Leta — dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien — katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon — slinkon@rcolegal.com
- Robert M Llewellyn — michael.llewellyn@boe.ca.gov
- Richard Malatt — rmalatt@gmail.com
- Elmer D Martin — elmermartin@gmail.com
- Elissa Miller — emiller@sulmeyerlaw.com; asokolowski@sulmeyerlaw.com
- Avi Muhtar — amuhtar@sulmeyerlaw.com
- Iain A W Nasatir — inasatir@pszjlaw.com; jwashington@pszjlaw.com
- Jeffrey P Nolan — jnolan@pszjlaw.com
- Henry H Oh — henry.oh@dlapiper.com; janet.curley@dlapiper.com
- Lawrence Peitzman — lpeitzman@pwkllp.com
- Eric S Pezold — epezold@swlaw.com; dwlewis@swlaw.com
- Christopher E Prince — cprince@lesnickprince.com
- Michael H Raichelson — mhr@cabkattorney.com
- Dean G Rallis Jr — drallis@sulmeyerlaw.com
- Kurt Ramlo — kurt.ramlo@dlapiper.com; evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss — dhr@lnbyb.com
- Michael B Reynolds — mreynolds@swlaw.com; kcollins@swlaw.com
- Jeremy V Richards — jrichards@pszjlaw.com; bdassa@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

- James S Riley — tgarza@sierrafunds.com
- Martha E Romero — romero@mromerolawfirrn.com
- Victor A Sahn — vsahn@sulmeyerlaw.com; agonzalez@sulmeyerlaw.com
- Steven J Schwartz — sschwartz@dgdk.com
- Kenneth J Shaffer — jshaffer@stutman.com
- Zev Shechtman — zshechtman@dgdk.com; danninggill@gmail.com
- David B Shemano — dshemano@pwkllp.com
- Jeffrey S Shinbrot — jeffrey@shinbrotfirm.com; sandra@shinbrotfirm.com
- Stephen Shiu — sshiu@swlaw.com
- Lori Sinanyan — lsinanyan@jonesday.com
- Daniel H Slate — dslate@buchalter.com; rreeder@buchalter.com; ifs_filing@buchalter.com
- Surjit P Soni — surjit@sonilaw.com; gayane@sonilaw.com
- Bennett L Spiegel — blspiegel@jonesday.com
- Tracie L Spies — tracie@haganlaw.org
- James Stang — jstang@pszjlaw.com
- Catherine Steege — csteege@jenner.com
- Derrick Talerico — dtalerico@loeb.com; kpresson@loeb.com; ljurich@loeb.com
- John N Tedford — jtedford@dgdk.com; danninggill@gmail.com
- Damon Thayer — dthayer@jenner.com
- James A Timko — jtimko@allenmatkins.com
- Alan G Tippie — atippie@sulmeyerlaw.com; jbartlett@sulmeyerlaw.com; kfox@sulmeyerlaw.com
- United States Trustee (SV) — ustpregionl6.wh.ecf@usdoj.gov
- Rouben Varozian — rvarozian@bzlegal.com
- Howard J Weg — hweg@pwkllp.com
- Jason L Weisberg — jason@gdclawyers.com
- William E Winfield — wwinfield@nchc.com
- Jasmin Yang — jyang@swlaw.com
- Aleksandra Zimonjic — azimonjic@lgbfirrn.com; kmoss@lgbfirm.com; cscott@lgbfirrn.com

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*    **F 9013-3.1.PROOF.SERVICE**

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 15, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **Served by Overnight Mail:**
> **Hon. Victoria S. Kaufman**
> **United States Bankruptcy Court – Central District of California**
> **21041 Burbank Boulevard, Suite 354**
> **Woodland Hills, CA  91367**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **JULY 15, 2011** | **Jodi Peretz** | **/S/  Jodi Peretz** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                                                          **F 9013-3.1.PROOF.SERVICE**