1  Mark M. Sharf #140390
   **MERRITT, HAGEN & SHARF, LLP**
2  6320 Canoga Ave. Suite #1400
   Woodland Hills, CA 91367-2498
3  (818) 992-1940 Fax (818) 992-3309
   mark@forbankruptcy.com
4
   Attorney for Belinda Meruelo
5

6                    **UNITED STATES BANKRUPTCY COURT**

7                    **CENTRAL DISTRICT OF CALIFORNIA**

8                    **SAN FERNANDO VALLEY DIVISION**

9

10  In re:                                    Case No. 1:09-BK-13356-VK

11  MERUELO MADDUX PROPERTIES INC.             Jointly Administered Case No. Of Merco
                                               Group 2001-2021 West Mission Boulevard,
12                                             LLC: 1:09-bk-13403-VK

                    Debtor.                    **EX PARTE MOTION TO RECONSIDER,**
13                                             **SET ASIDE, AND ALTER ORDER**
                                               **CONFIRMING PLAN OF**
14                                             **REORGANIZATION AS IT RELATES TO**
                                               **MERCO GROUP 2001-2021 WEST**
15                                             **MISSION BOULEVARD, LLC, AND TO**
                                               **COMPEL SERVICE OF PROPOSED**
16                                             **DEED IN LIEU TRANSACTION UPON**
                                               **COUNSEL FOR BELINDA MERUELO;**
17                                             **DECLARATION OF BELINDA**
                                               **MERUELO**
18
                                               Chapter 11
19
                                               [11 U.S.C. 501, 509, 1123, 1129; F.R.B.P.
20                                             3005, 9023, 9024; F.R.C.P. 59 and 60]

21                                             Hearing Date:
                                               Date: August 23, 2011
22                                             Time: 10:30 a.m.
                                               Ctrm: 301
23

24          **TO THE HONORABLE VICTORIA KAUFMANN, UNITED STATES BANKRUPTCY**
25  **JUDGE,  THE UNITED STATES TRUSTEE, THE DEBTOR, CHARLESTOWN CAPITAL**
26  **ADVISORS, LLC, HARTLAND ASSET MANAGEMENT CORPORATION, PNL POMONA,**
27  **L.P., INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**
28

*(left margin, vertical):* **MERRITT, HAGEN & SHARF, LLP**
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 · FACSIMILE (818) 992-3309

# **TABLE OF CONTENTS**

I.  Summary of Argument ............................................................................ 2

II.  Factual History ...................................................................................... 2

    A.    Guarantee ...................................................................................... 2

    B.    Lawsuit Against Belinda Meruelo And Reservation of Rights ................... 3

    C.    Proof of Claim in Bankruptcy Court .................................................... 3

    D.    Service of Charlestown/Hartford's Fourth Amended Chapter 11 Plan, the First and Second Modifications Thereto, and the Limited Scope of the Order Limiting Notice ........................................................................................ 3

    E.    Provision for Payment In Full of PNL Pomona In Fourth Amended Charlestown/Hartford Plan ............................................................... 4

    F.    Changes to PNL Pomona And Merco Group Unsecured Creditors In First Modification to Charlestown/Hartford Plan ............................................ 5

    G.    Second Modification ...................................................................... 6

    H.    The Original Disclosure Statement ..................................................... 6

III.  The Orders Approving the First and Second Modifications, and the Proposed Plan Confirmation Order are Void ...................................................................... 7

IV.  The Changes in the First and Second Modifications to Charlestown's Plan of Reorganization Dramatically Impacted the Rights of Guarantors ............................ 8

    A.    The Changes To The Treatment Of PNL Pomona's Claim Dramatically Impacted The Position of Guarantors Such As Belinda Meruelo ................... 9

    B.    Belinda Meruelo's Subrogation Rights Are Materially Impaired By the Plan Modification .............................................................................. 10

    C.    The Deed In Lieu Transaction Contemplated In The Plan Further Affects Belinda Meruelo's Rights Without Notice ............................................. 11

    D.    Co-Obligor Rights In Bankruptcy Cannot Be Ignored ............................ 11

V.  Conclusion ......................................................................................... 13

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1

# TABLE OF AUTHORITIES

2

Cases

Thos. P. Gonzalez Corp v. Consejo Nacional 614 F.2d 1247, 1256 (9th Cir. 1980)....... 7

Hicklin v. Edwards 226 F.2d 410 (8th Cir., 1955)................................................. 7

Peralta v. Heights Med. Ctr., Inc. (1988) 485 US 80, 85-86, 108 S.Ct. 896, 899........... 7

Stephenson v. El-Batrawi (8th Cir. 2008) 524 F3d 907, 912-913............................. 7

United Student Aid Funds, Inc. v. Espinosa 130 S. Ct. 1367, 1378 (U.S. 2010)........... 7

Andrew v. Coopersmith (In re Downtown Investment Club III) 89 Bankr. 59, 62-63 (9th Cir. BAP 1988)...................................................................................7

Union Bank v. Gradsky 265 Cal. App. 2d 40, 71 Cal. Rptr. 64 (1968)....................... 9

In re Leonard 112 B.R. 67 (Bankr. D. Conn. 1990)........................................... 11

Statutes

F.R.B.P. 9024............................................................................................ 7

F.R.C.P. 60.............................................................................................. 7

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1    Belinda Meruelo hereby moves this court to reconsider, set aside and alter the Confirmation Order

2   entered in the within bankruptcy case, specifically as it relates to Merco Group 2001-2021 West Mission

3   Boulevard, LLC, pursuant to F.R.B.P. 9023, 9024 and F.R.C.P. 59 and 60(b), and to compel service of

4   the proposed deed in lieu transaction upon counsel for Belinda Meruelo.

5                                    I.

6                        SUMMARY OF ARGUMENT

7    Belinda Meruelo has filed the within Motion because of significant changes which were made

8   to the Charlestown/Hartland Fourth Amended Plan of Reorganization <u>after</u> the Plan and

9   accompanying Disclosure Statement were mailed to Belinda Meruelo. The Disclosure Statement and

10   Plan she received informed her that any claim she has or may have as a result of any payments she

11   may be required to make on a disputed guarantee of certain debt of Merco Group 2001-2021 West

12   Mission Blvd, LLC would be paid in full.

13    Belinda Meruelo received no notice that any modifications were made to the

14   Charlestown/Hartland Fourth Amended Plan. Specifically, she did not receive notice of changes

15   made in the First and Second Modifications to the Fourth Amended Plan.

16    The First and Second Modifications to the Fourth Amended Plan dramatically altered the

17   treatment of the claim of PNL Pomona[1]. This has significant implications for the resulting treatment

18   of Belinda Meruelo's claim - - changes that she never received notice of nor an opportunity to object

19   to.

20

21                                   II.

22                           FACTUAL HISTORY

23   A. <u>Guarantee</u>

24    On March 29, 1999, Homer and Belinda Meruelo executed a guarantee of a $9,800,000.00

25   loan given by Redwood Trust, Inc. to Homer Meruelo and Belinda Meruelo as trustees of the Meruelo

26   Living Trust. The underlying loan obligation was secured by the borrowers' real property located at

27   1875 West Mission Boulevard (the "Pomona Industrial Property"). That property was later acquired

28

[1]The underlying lender which claims that Belinda Meruelo guaranteed its debt.

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 · FACSIMILE (818) 992-3309

1  by Merco Group - 2001-2021 West Mission Boulevard, LLC (which entity is currently the subject of

2  Case No. 1:09-BK-13403-KT).

3          B. Lawsuit Against Belinda Meruelo And Reservation of Rights

4          PNL Pomona, L.P. claims to be the current holder of the deed of trust which is secured by the

5  Pomona Industrial Property.  PNL Pomona, L.P. has been attempting to enforce the guarantee since

6  April 16, 2009 pursuant to a lawsuit pending against Belinda Meruelo, the estate of Homer Meruelo,

7  Meruelo Pomona LLC, Merco Group - 2001-2021 West Mission Boulevard and the Meruelo Living

8  Trust, Case No. KC055493R pending in the Superior Court of California for the County of Los

9  Angeles.  To date PNL Pomona has filed two summary judgment motions in that action on the

10  guarantee, both of which have been denied.  Belinda Meruelo has taken the position that there are

11  triable issues of fact as to whether the guarantee is a sham guarantee under California law, and

12  whether the underlying loan was usurious[2].

13          C. Proof of Claim in Bankruptcy Court

14          Belinda Meruelo, the estate of Homer Meruelo, and the Meruelo Living Trust filed a proof of

15  claim in In re Merco Group - 2001-2021 West Mission Boulevard LLC on September 24, 2009 as

16  Claim No. 9-1.  There have been no objections to that claim.  The claim, which is attached as

17  Exhibit "A" hereto, specifically recites that it is a claim for indemnification in the event that the

18  debtor fails to perform with respect to its obligations to PNL Pomona related to the Pomona Industrial

19  Property.  See Addendum to Proof of Claim, Paragraph A.2.

20          D. Service of Charlestown/Hartland's Fourth Amended Chapter 11 Plan, the First and Second

21  Modifications Thereto, and the Limited Scope of the Order Limiting Notice

22          Belinda Meruelo was served with a copy of the Fourth Amended Chapter 11 Plan of

23  Reorganization dated October 14, 2010 filed by Charlestown Capitol Advisors, LLC ("Charlestown")

24  and Hartland Asset Management Corporation ("Hartland"), as evidenced by the Proof of Service of

25

26  [2]    While Belinda Meruelo is taking the position that the guarantee against her is
            unenforceable as a matter of law, this pleading will assume that Belinda Meruelo
27          does not prevail upon those arguments at trial.  In no way, however, does the
            filing of this pleading constitute an admission in this regard, and Belinda Meruelo
28          preserves all of her rights.

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1 Solicitation Packages et al. filed as Docket No. 2122 in this case. Specifically, Belinda Meruelo, the

2 estate of Homer Meruelo, and Meruelo living trust were served via the attorney who filed their proof

3 of claim – Arlet Molina, Esq. See relevant pages of proof of service attached as Exhibit B to

4 concurrently filed Request to Take Judicial Notice ("RJN").

5       In contrast, Belinda Meruelo was never served with the First Modification to its Fourth

6 Amended Plan filed by Charlestown and Hartland on January 25, 2011, nor with the Second

7 Modification to its Fourth Amended Chapter 11 plan which was filed on May 5, 2011. See proofs of

8 service attached as Exhibit C to RJN.   Further, Belinda Meruelo had no actual knowledge of the

9 changes made in the First and Second Modifications to the Fourth Amended Chapter 11 Plan, and

10 never appeared in court in this Bankruptcy case (neither herself nor through an attorney) until June 13,

11 2011.

12       <u>It is critical to note</u> that the Order Limiting Scope of Notice entered by this court on April 7,

13 2009 specifically excepted modifications to proposed Chapter 11 plans from its scope. Specifically it

14 states at Paragraph 2:

15       "2.    Other than the matters or proceedings referred to in Federal Rules of Bankruptcy

16       Procedure ("FRBP") 2002(a)(1), (a)(4), (a)(5), (a)(7), (b), (d) … (d)(5), (d)(6) and (d)(7), …:"

17       FRBP 2002(a)(5) specifically requires 21 days' notice <u>by mail</u> of "the time fixed to accept or

18 reject a proposed modification of a plan;" Rule 2002(b) requires 28 days' notice by mail of the time

19 fixed for filing objections and on the hearing to consider confirmation of a Chapter 9, 11 or 13 plan.

20 Not having received any of the changes to the plan of reorganization of Merco Group 2001-2021,

21 Belinda Meruelo could not have even known that an objection was warranted.

22       E. <u>Provision for Payment In Full of PNL Pomona In Fourth Amended Charlestown/Hartland</u>

23 <u>Plan</u>

24       The treatment of PNL Pomona LP's secured claim under the original Charlestown Fourth

25 Amended Chapter 11 Plan filed on October 14, 2010 as Docket No. 1951 at Page 107, Lines 10-11

26 states: "The Holder shall receive the Common Secured Lender Claim Treatment." See Page 108,

27 Lines 6-10. Common Secured Lender Claim Treatment was defined both in the Fourth Amended

28 Charlestown/Hartland Plan and the Disclosure Statement to mean deferred cash payments over a

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1   period of four years with interest of 5.25 percent, with full payment at the end of four years.   See plan

2   that is Docket 1951 at Page 47, Lines 11-27.

3          There were no special classes for guarantors of the Merco Group-2001-2021 W. Mission

4   Boulevard LLC debts, and for that reason the claim of Belinda Meruelo, the Estate of Homer Meruelo

5   as well as the Meruelo Trust arising from the guaranties by default were classified under Class 47C

6   general unsecured claims.   The treatment that class was to receive was the "Common Unsecured

7   Claim Treatment," which means payment in full. See Page 108 of Plan (Docket 1951) Lines 14-17,

8   and page 49, lines 11-23.  To the extent that the claim was disputed, payment would be due within

9   30 days after a disputed claim became an allowed claim.  See pages describing treatment of all

10  Class 47 claims attached as Exhibit E to RJN.

11         F. <u>Changes To PNL Pomona And Merco Group Unsecured Creditors In First Modification to</u>

12  <u>Charlestown/Hartland Plan</u>

13         On January 25, 2011 Charlestown and Hartland filed (but did not serve upon Belinda

14  Meruelo) a Motion to Modify the Charlestown Plan.  The Motion was filed as a result of settlements

15  reached with the Bank of America, California Bank & Trust, and PNL Pomona, as well as a

16  settlement with "Legendary."  The Motion to Modify specifically states that "with respect to

17  unsecured creditors, the Modified Charlestown Plan provides that all such creditors will be

18  unimpaired and therefore receive the same treatment." Page 6, Lines 24-25 of Docket No. 2672.

19  Exhibit 1 to that Motion was the first modified plan of Charlestown and Hartland.  While the initial

20  plan described Class 47C (general unsecured claims related to Merco Group 2001-2021) as impaired,

21  the modified plan indicates that the general unsecured claims totaled $5,402.00 and are unimpaired.

22  See Page 38 of Docket 2672-1.  The body of the Plan continued to state that Class 47C would receive

23  the Common Unsecured Claim Treatment.

24         PNL Pomona LP's treatment changed drastically in the First Modification.  PNL Pomona

25  would now receive a deed in lieu of foreclosure or a stipulation to permit the holder to proceed with a

26  non-judicial foreclosure sale. Page 94, Lines 1-5 of Docket 2672-1.  The Plan as so modified

27  proceeded to state "Final documentation with respect to this agreement will be submitted to the

28  Bankruptcy Court for approval prior to the Effective Date."  Page 94, Lines 9-10 of Docket 2672-1.

1    See Exhibit F to RJN.

2        The Motion to Modify, however, was never served on Belinda Meruelo.  See proof of service

3    of Notice of Motion and Motion to Modify the Charlestown Plan and Ex Parte Application for Order

4    Shortening Time and Motion to Modify the Charlestown Plan filed as Docket No. 2674 on

5    January 25, 2011.  Only parties registered to receive ECF notice were on that list.  Belinda Meruelo's

6    former attorney is located in Florida and neither that attorney nor Belinda Meruelo herself received

7    any notice.  See proof of service attached as Exhibit G to RJN.

8        G. <u>Second Modification</u>

9        The Second Modification and the Second Plan filed on May 5, 2011 as Docket No. 3068

10   likewise provided for a deed in lieu of foreclosure to PNL Pomona LP or in the alternative a

11   non-judicial foreclosure sale.  Again it stated that "Final documentation with respect to this agreement

12   will be submitted to the Bankruptcy Court for approval prior to the Effective Date.  Page 100 of

13   Docket No. 3068, Lines 16 through 27.  Again, this was not served on Belinda Meruelo.  Belinda

14   Meruelo still has not seen a proposed Deed in Lieu document.

15

16       H. <u>The Original Disclosure Statement</u>

17       Charlestown and Hartland's initial Disclosure Statement filed as Docket 1952 on October 14,

18   2010 had a description of insider guaranty claims as follows:

19           "Richard Meruelo and Belinda Meruelo guaranteed certain obligations of the Property
             Level Debtors in cases where PNL, Berkadia and East West Bank are secured
20           lenders.…  Insider guarantors may assert claims for indemnification and/or
             reimbursement.  If the Insider guarantors asserts such claims, the Charlestown
21           Proponents believe the impact on Reorganized MMPI is minimal because payments on
             the guaranties would correspondingly reduce Reorganized MMPI's liability on the
22           underlying obligation.  To the extent no payments are made, the claims will be
             disallowed under Bankruptcy Code Section 502(e) if the claims are still contingent as
23           of the time for allowance or disallowance."

24   Page 136, Lines 5-15 of Docket No. 1952.  See Exhibit H to RJN.

25

26

27

28

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

III.

<u>THE ORDERS APPROVING THE FIRST AND SECOND MODIFICATIONS,</u>

<u>AND THE PROPOSED PLAN CONFIRMATION ORDER ARE VOID</u>

F.R.B.P. 9024 explicitly incorporates F.R.C.P. 60. F.R.C.P. 60(b)(4) provides for relief from judgments that are void. There is no discretion under Rule 60(b)(4), nor is there a requirement that the moving party show that he has a meritorious defense. <u>Thos. P. Gonzalez Corp v. Consejo Nacional</u> 614 F.2d 1247, 1256 (9th Cir 1980) (as to lack of discretion), and <u>Hicklin v. Edwards</u> 226 F.2d 410 (8th Cir., 1955) (as to no need to show a meritorious defense).

Relief may be granted where a party demonstrates that he or she received no actual notice of the action before the answer or response was due. <u>Peralta v. Heights Med. Ctr., Inc.</u> (1988) 485 US 80, 85–86, 108 S.Ct. 896, 899, and <u>Stephenson v. El–Batrawi</u> (8th Cir. 2008) 524 F3d 907, 912–913.

As noted by the United States Supreme Court in <u>United Student Aid Funds, Inc. v. Espinosa</u>, 130 S. Ct. 1367, 1378 (U.S. 2010):

> "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950); ... . <u>Here, United received actual notice of the filing and contents of Espinosa's plan</u>. This more than satisfied United's due process rights. Accordingly, on these facts, Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4)."

[underline added]

Although procedural rules relating to the issuance of a Summons and the filing of a Complaint to discharge a student loan were violated, the Court in <u>Espinoza</u> ruled that due process rights were not denied because the creditor in that case received a Chapter 13 Plan saying that its rights were being modified.

Further, as noted in <u>Andrew v. Coopersmith (In re Downtown Investment Club III)</u> 89 Bankr. 59, 62-63 (9th Cir. BAP 1988):

> "Andrew alleges that his due process rights have been violated pursuant to Fed. R. Civ. P. 60(b)(4), incorporated by Bankruptcy Rule 9024. Rule 60(b)(4) authorizes relief from void judgments. A judgment is void if the court rendered the judgment in a manner inconsistent with due process of law. *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Wright & Miller, *Federal Practice & Procedure*, § 2862 at 199-200 (1973).

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 · FACSIMILE (818) 992-3309

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

Unsecured creditors are entitled to procedural due process. In a judicial proceeding, due process requires that individualized notice be given before rights can be affected. *In re Blumer,* 66 B.R. 109 (9th Cir. BAP 1986), *aff'd,* 826 F.2d 1069 (9th Cir. 1987). In both *Blumer* and *Center Wholesale,* the statutory requirement that an order be entered only after "notice and a hearing" provided a basis for a constitutional requirement of procedural due process.

...

Andrew never received notice of debtor's motion to modify the plan. The modifications had the effect of permitting Coopersmith to be paid in full, exhausting all the assets in the estate, leaving nothing for Andrew or for other unsecured creditors. The modifications clearly affected Andrew. Therefore, Andrew is entitled to relief under Rule 60(b)(4) and all orders entered without notice to Andrew are void. *Center Wholesale,* 759 F.2d at 1448. *See Winhoven v. United States,* 201 F.2d 174, 175 (9th Cir. 1952)."

In the case at bar, Belinda Meruelo received no notice at all that PNL Pomona's rights, and her derivative rights, were being dramatically altered for the worse. This utter lack of notice is a procedural defect which violates due process of law, and which renders the Confirmation Order void[3]. Since Belinda Meruelo was not given the opportunity to represent her interests in the original Confirmation, it would be an egregious violation of due process for Belinda Meruelo to suffer any ill effects of confirmation without ever having had the opportunity to present her objections.

IV.

THE CHANGES IN THE FIRST AND SECOND MODIFICATIONS TO CHARLESTOWN'S

PLAN OF REORGANIZATION DRAMATICALLY IMPACTED THE RIGHTS

OF GUARANTORS

The only Charlestown/Hartland Plan received by Belinda Meruelo simply stated that PNL Pomona would be paid in full over a period of four years. It also stated that general unsecured claims (such as that of Belinda Meruelo) would be paid in full. This type of Plan treatment is 'music to the ears' of guarantors since it holds out the promise that the entire loan will be fully satisfied, and since

---

[3]    Fed. R. Bankr. P. 2002(a)(5) provides that the clerk or an entity that the court may direct shall give the debtor, the trustee, all creditors and indenture trustees 21 days' notice by mail of the time fixed to accept or reject a proposed modification of a plan. Because Belinda Meruelo's interests were dramatically affected, she was entitled to notice under these rules as well.

8

1   it means that any intervening recovery against guarantors will be fully satisfied as well. As noted

2   above the Disclosure Statement indicated:

4       "If the Insider guarantors asserts such claims, the Charlestown Proponents believe the impact
        on Reorganized MMPI is minimal because payments on the guaranties would correspondingly
5       reduce Reorganized MMPI's liability on the underlying obligation."

6   This explicitly provides for "payments on the guaranties" by the Debtor.

8   A.    The Changes To The Treatment Of PNL Pomona's Claim Dramatically Impacted The

9   Position Of Guarantors Such As Belinda Meruelo

11      Both the First and Second Modifications provide that PNL Pomona either will receive a deed

12  in lieu of foreclosure (which presumably will involve a waiver of any deficiency claim) or be entitled

13  to conduct a non-judicial foreclosure sale.    Under California real property law a non-judicial

14  foreclosure sale waives any right of the lender to pursue a deficiency against the underlying obligor.

15  California Code of Civil Procedure §580d. According to Charlestown and Hartland, a non-judicial

16  foreclosure sale impairs the right to equitable reimbursement by a guarantor against the underlying

17  borrower:

18      "Substantively, Debtors are wrong about Ms. Meruelo's claim.  Ms. Meruelo's claim for
        reimbursement is disallowable under Section 502(e).  In addition, if the property is foreclosed
19      upon, her claim is also precluded by substantive state law regarding deficiency claims and the
        right of a guarantor to seek reimbursement from the obligor."
20

21      Reply In Support Of Motion To Modify The Charlestown Plan filed as Docket No. 2846,

22  Page 4, Lines 5-8.

23      Charlestown's reference to the elimination of the claim against the debtor after a non-judicial

24  foreclosure sale is an oblique reference to dicta in Union Bank v. Gradsky 265 Cal. App. 2d 40, 71

25  Cal. Rptr. 64 (1968). Belinda Meruelo disputes this interpretation of California law, particularly

26  insofar as Merco Group 2001-2021 was not the original borrower and instead is a grantee who agreed

27  to pay off this loan in full at the time it purchased the property and/or to assume full liability both to

28  its prior owner and on behalf of third-party beneficiary such as Belinda Meruelo.  Nevertheless,

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

9

1  Charlestown points out a significant risk to the status of the claim held by Belinda Meruelo, and this

2  begs the question - - why were these changes to the Plan hidden from her?

3     Had she known of these changes Belinda Meruelo may have chosen to enter into a settlement

4  with PNL Pomona in order to liquidate her claim (to share in a payout under the Plan currently, and in

5  order to vote on the Plan).  Or, she may have objected to the feasibility of the Plan in order to seek a

6  set-aside of funds so that they would be available to pay her claim in the distant future (when and if

7  her claim is liquidated).  She may have objected to the Plan on the grounds that it improperly

8  classifies her claim with those of run of the mill unsecured creditors.  Or, she simply could have paid

9  off PNL Pomona in full and been subrogated to its rights under 11 U.S.C. §509 (and have been

10 allowed to vote as well).  Belinda Meruelo was deprived of the right to consider any of her options, to

11 object to the Plan, and to even vote on the Plan by virtue of improper lack of notice.

13     **B.    Belinda Meruelo's Subrogation Rights Are Materially Impaired By the Plan**

14 **Modification**

16     By waiving any deficiency claim, PNL Pomona and Charlestown/Hartland are attempting to

17 make it impossible for Belinda Meruelo to pay off PNL Pomona's claim and be subrogated to all of

18 PNL Pomona's rights pursuant to 11 U.S.C. § 509 and California law.  Belinda Meruelo, even if she

19 pays off PNL Pomona in full, can apparently no longer judicially foreclose against the Pomona

20 Industrial Property (since PNL Pomona apparently no longer has this right).  Any possibility of

21 obtaining an unsecured claim via a judicial foreclosure sale appear to be forever extinguished as a

22 result of confirmation of the Charlestown and Hartland Plan.

23     In this case Belinda Meruelo, rather than accept PNL's decision to extinguish its deficiency

24 claim, could have elected to pay off PNL Pomona and be subrogated to its rights via 11 U.S.C. §509.

25 She then would have had the right to cast a ballot on behalf of the PNL Pomona class.  By having no

26 notice of these changes and by having no ability to object to the plan and its dramatic impact upon her

27 claim she has been deprived of the ability to participate in the back-and-forth negotiations that occur

28

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

10

1   in every Chapter 11 case. Notwithstanding this material impact on Belinda Meruelo's rights she was

2   given no notice.

3       C. The Deed In Lieu Transaction Contemplated In The Plan Further Affects Belinda

4   Meruelo's Rights Without Notice

5       The Plan as approved does not specify what the terms of the deed in lieu transaction to be

6   entered into with PNL Pomona will be. This makes it impossible for a claimant such as Belinda

7   Meruelo to determine what the impact of the plan is upon her rights. This violates §1123(a)(3), as the

8   Plan fails to specify the treatment of the class to which Belinda Meruelo's claim belongs.

9       It is critical to bear in mind that at any point, both in the past and currently, Belinda Meruelo

10  could have either satisfied the obligation owed to PNL Pomona and have been subrogated to its

11  rights, or could have entered into a settlement agreement with PNL Pomona and then have an

12  indemnification claim against the debtor, which is to be paid in full through the plan. However, even

13  now Belinda Meruelo does not know the full impact of the Plan upon her rights because the Deed in

14  Lieu transaction has still not been made available to her (nor approved by the Court). Notwithstanding

15  this, the Plan has a 30 day window after the Effective Date by which all claims are to be paid in full

16  (and presumably objected to).

17

18      Belinda Meruelo requests that she be given notice and an opportunity to object to the terms of

19  any Deed in Lieu documentation of transaction which is to be submitted to the court prior to the

20  Effective Date, as provided in the Plan. She further requests that the Debtor be estopped from

21  asserting any defenses to the claim of Belinda Meruelo based upon any change in her legal rights

22  which flow from the terms of the Deed in Lieu transaction.

23

24      D. Co-Obligor Rights In Bankruptcy Cannot Be Ignored

25      Ignoring Belinda Meruelo's claim is contrary to the treatment of co-obligors in bankruptcy. In

26  In re Leonard 112 B.R. 67 (Bankr. D. Conn. 1990), co-debtor Robert McLeod and the debtor were

27  active together in a business known as Norman Leonard Enterprises, Inc. ("NLE"). Due to unpaid

28  employee withholding taxes, the Internal Revenue Service assessed taxes against both the debtor and

11

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1  McLeod as 'responsible persons.' Bot McLeod and the debtor also operated another business known

2  as Quick Copy, which also failed to pay witholding taxes, resulting in additional tax assessments

3  against both the debtor and McLeod for the trust fund portion of said unpaid taxes.

4      The debtor and McLeod subsequently operated a business with a third party - - Henry Bishop -

5  - called Consolidated Graphics. Again, there was a personal assessment by the IRS for the trust fund

6  portion of unpaid payroll taxes, but this time it was against all three (3) individuals - - for the first

7  time including Henry Bishop.

8      In the Robert Leonard bankruptcy case, the trustee liquidated property and held $37,891.60 of

9  proceeds. Henry Bishop filed a motion asking the trustee to allocate the monies on a pro rata basis

10  among the debtor's liabilities for all three entities. The IRS objected, arguing that it could amend its

11  claim to eliminate the debt related to Consolidated Graphics, the third entity/obligor. In fact the IRS

12  filed such a third amended claim.

13      Henry Bishop responded that the IRS needed court approval to amend the proof of claim, and

14  that if it were allowed to amend its claim then Henry Bishop should be permitted under Rule 3005(a)

15  to restore the claim as it related to Consolidated Graphics - - even though three years had expired and

16  the deadline to assert claims under Rule 3005(a) had elapsed. The Court held:

18  "If a creditor could foreclose a co-debtor from filing a claim under Rule 3005(a) by filing a
claim and then withdrawing it after the bar date had passed, the rights granted under Code

19  §501 and Rule 3005(a) would be illusory. The IRS ... seeks to remove the Consolidated claim
from this case ....At the same time, it insists that the plaintiff should be time barred from

20  exercising rights it would have had but for the IRS' action. I find that such a result would be
grossly inequitable."

21  In re Leonard 112 Bankr. 67, 72 (Bankr Conn 1990).

22  In Leonard the IRS was prohibited from withdrawing its proof of claim.

23  PNL Pomona's agreement to waive its deficiency claim against the Debtor by agreeing to limit

24  its rights to a non-judicial foreclosure or deed in lieu of foreclosure[4] is equivalent to withdrawing the

25  unsecured portion of its claim. As in Leonard, the result will be grossly inequitable as it could

26  eviscerate Belinda Meruelo's subrogation rights under California law and/or 11 U.S.C. §509.

28  [4]    The final settlement agreement has not even been filed with the Court, so it is
impossible to know even now the impact on Belinda Meruelo's rights.

12

V.

<u>CONCLUSION</u>

Belinda Meruelo respectfully requests that the Confirmation Order be set aside and that the discharge provision and injunction contained therein not be binding upon her. In the alternative, Belinda Meruelo requests that the Debtor be estopped from asserting any defenses or objections to the claim of Belinda Meruelo which arise by virtue of changes made to the treatment of PNL Pomona's claim in the First and Second Modifications to its Fourth Amended Plan.  In addition, Belinda Meruelo respectfully requests that she be provided with notice and an opportunity to object to any proposed Deed in Lieu transaction between the Merco Group 2001-2021 West Mission Boulevard, LLC and PNL Pomona.

Dated: July 6, 2011                    Merritt, Hagen & Sharf, LLP


                    ___/s/ Mark M. Sharf_____
                    Mark M. Sharf, Attorneys for Belinda
                    Meruelo

## DECLARATION OF BELINDA MERUELO

I, Belinda Meruelo, hereby declare as follows:

1.      I am a claimant in the within bankruptcy case of Merco Group 2001-2021 West Mission Boulevard, LLC and Meruelo Maddux Properties Inc.  I over the age of 18 and have personal knowledge of the matters discussed below, unless otherwise stated upon information and belief, and if called as a witness, I could and would competently testify thereto.

2.      On March 29, 1999, my now-deceased husband (Homer Meruelo) and I executed a guarantee of a $9,800,000.00 loan given by Redwood Trust, Inc. to my husband and I as trustees of the Meruelo Living Trust.  The underlying loan obligation was secured by the real property located at 1875 West Mission Boulevard (the "Pomona Industrial Property").  That property was later acquired by Merco Group - 2001-2021 West Mission Boulevard, LLC.  PNL Pomona, L.P. claims that it is the current holder of the deed of trust which is secured by the Pomona Industrial Property.  PNL Pomona, L.P. has been attempting to enforce the guarantee I signed since April 16, 2009 pursuant to a lawsuit pending against myself, my husband's estate, Meruelo Pomona LLC, Merco Group - 2001-2021 West Mission Boulevard and the Meruelo Living Trust, Case No. KC055493R pending in the Superior Court of California for the County of Los Angeles.  To date PNL Pomona has filed two summary judgment motions in that action on the guarantee, both of which have been denied.  I, by and through my attorneys,  have taken the position that the guarantee is a sham guarantee under California law, and that the underlying loan was usurious.

3.      I, the estate of Homer Meruelo, and the Meruelo Living Trust filed a proof of claim in In re Merco Group - 2001-2021 West Mission Boulevard LLC  on September 24, 2009 as Claim No. 9-1.  There have been no objections to that claim.  A true and correct copy of the proof of claim I filed is attached hereto as Exhibit "A".

4.      I was never served with the First Modification to its Fourth Amended Plan filed  by Charlestown Capital Advisors, LLC ("Charlestown") and Hartland Asset Management Corporation ("Hartland") on January 25, 2011, nor with the Second Modification to their Fourth Amended

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1  Chapter 11 plan which was filed on May 5, 2011.  Further, I never knew about these changes until I

2  retained my new attorney, Mark Sharf, on or about June 10, 2011.  Until mid June, 2011 I had no

3  actual knowledge of the changes made in the First and Second Modifications to the Fourth Amended

4  Chapter 11 Plan.  Further, I did not ever attend a hearing in these bankruptcy cases until June 13,

5  2011 - - after this Court had already ruled that it would confirm the Plan of Charlestown and

6  Hartland.

7        I declare under penalty of perjury of the laws of the United States of America that the

8  foregoing is true and correct to the best of my knowledge, information and belief.

9  Executed this ___ day of July, 2011, at Los Angeles, California.

10

11

12

13                                         Belinda Mernelo

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91307
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

1  Chapter 11 plan which was filed on May 5, 2011.  Further, I never knew about these changes until I

2  retained my new attorney, Mark Sharf, on or about June 10, 2011.  Until mid June, 2011 I had no

3  actual knowledge of the changes made in the First and Second Modifications to the Fourth Amended

4  Chapter 11 Plan.  Further, I did not ever attend a hearing in these bankruptcy cases until June 13,

5  2011 - - after this Court had already ruled that it would confirm the Plan of Charlestown and

6  Hartland.

7        I declare under penalty of perjury of the laws of the United States of America that the

8  foregoing is true and correct to the best of my knowledge, information and belief.

9        Executed this _____ day of July, 2011, at Los Angeles, California.

10

11

12                                          _____

13                                          Belinda Meruelo

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MERRITT, HAGEN & SHARF, LLP
6320 CANOGA AVENUE, SUITE 1400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE (818) 992-1940 • FACSIMILE (818) 992-3309

# EXHIBIT A

FORM B10 (Official Form 10) Rev.4/98)

| United States Bankruptcy Court | Central District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | CASE No. |
|---|---|
| **MERCO GROUP — 2001-2021 WEST MISSION BOULEVARD, LLC** | **1:09-bk-13403-KT** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A 'request' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | | |
|---|---|---|
| **Name of Creditor** *(The person or other entity to whom the debtor owes money or property)*<br>Belinda Meruelo, the Estate of Homer Meruelo, and the Meruelo Living Trust U/D/T dated November 11, 1988 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | **FILED**<br><br>**SEP 2 4 2009**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFO |
| **Name and address where notices should be sent:**<br>Arlette Molina, Esq.<br>5101 Collins Avenue<br>Miami Beach, FL 33140 | ☐ Check box if you have never received any notices from the bankruptcy court in this case. | |
| | ☐ check box if this address differs from the address on the envelope sent to you by the court. | **THIS SPACE IS FOR COURT USE ONLY** |

| Account or other number by which creditor identifies debtor: | Check here if this claim | ☐ replaces | a previously filed claim, dated _____ |
|---|---|---|---|
| | | ☐ amends | |

| 1. | BASIS FOR CLAIM | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
|---|---|---|
| | | ☐ Wages, salaries, and compensation (Fill out below) |
| | ☐ Goods sold | Your SS#_____ |
| | ☐ Services performed | |
| | ☐ Money loaned | |
| | ☐ Personal injury/wrongful death | Unpaid compensation for service performed |
| | ☐ Taxes | from _____ to _____ |
| | ☒ Other: See attached | (date)              (date) |
| 2. | DATE DEBT WAS INCURRED | 3. IF COURT JUDGMENT, DATE OBTAINED: |

**4. Total Amount of claim at Time Case Filed:** See attached
If all or part of your claim is secured or entitled to priority, also complete item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

| **5. Secured Claim.** | **6. Unsecured Priority Claim** |
|---|---|
| ☐ Check this box if your claim is secured by collateral (including a right of setoff) | ☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim. |
| Brief Description of Collateral:<br>☐ Real Estate ☐ Motor Vehicle<br>☐ Other (Describe briefly) _____ | ☐ Wages, salaries, or commissions (up to $4,300)*, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is<br>earlier - 11 U.S.C. § 507(a)(3) |
| | ☐ Contributions to an employee benefit plan - 11 U.S.C § 507(a)(4) |
| Value of collateral. $_____ | ☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(6) |
| | ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7) |
| Amount of arrearage and other charges <u>at time case filed</u> included<br>in secured claim above, if any $_____ | ☐ Other-Specify applicable paragraph of 11 U.S.C. § 507(a)_____<br>* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| 7. CREDITS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. SUPPORTING DOCUMENTS: Attach copies of supporting document, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.<br>DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. DATE-STAMPED COPY: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) | |
|---|---|---|
| 9/24/2009 | *[signature]*<br>Arlette Molina Esq.,<br>Counsel for Claimants | |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**Addendum to Proof of Claim of Belinda Meruelo, the Estate of Homer Meruelo, and the Meruelo Living Trust U/D/T dated November 11, 1988**

This Addendum is a part of the Proof of Claim filed in the chapter 11 case of Merco Group-2001-2021 West Mission Boulevard, LLC (the "Debtor") by Belinda Meruelo ("B. Meruelo"), the Estate of Homer Meruelo (the "H. Meruelo Estate"), and the Meruelo Living Trust U/D/T dated November 11, 1988 (the "B & H Meruelo Trust"). The term "Claimant" as used herein means B. Meruelo, H. Meruelo Estate and/or the B & H Meruelo Trust as the context requires.

A.    Pomona Industrial

1.     Prepetition, the Debtor entered into a certain purchase and sale agreement and related documents, including but not limited to a loan assignment related to the purchase and sale from Claimant of that certain real property located at 1875 West Mission (referred to herein as the "Pomona Industrial Property") on which, at the time of the sale, there was a certain indebtednesss owed to PNL Pomona L.P. ("PNL"), which the Debtor may have agreed to assume as part of the purchase and sale transaction.

2.     Claimant asserts that to the extent that the Debtor fails to perform with respect to its obligations to PNL related to Pomona Industrial Property and causes Claimant to incur any losses, including but limited to claims, losses, damages, liabilities and expenses, including, without limitation, amounts paid in settlement, reasonable attorneys' fees, costs of investigation and remediation, costs of investigative, judicial, or administrative proceedings or appeals therefrom, and costs of attachment or similar bonds, as a result of any guaranty executed by Claimant or otherwise, Claimant has or shall have a claim against the Debtor's estate for indemnification.

B.    Reservation of Rights

1.     The documents supporting the claims set forth herein are too voluminous to attach hereto. Claimant believes that, in any case, many of those documents are either in the possession of the Debtor or its attorneys or available to them. However, Claimant will make copies of such documents available upon appropriate request.

2.     Claimant reserves the right to amend or supplement this Proof of Claim if and when additional relevant information becomes available. Without limiting the generality of the foregoing, Claimant reserves the right to specify the amount of damages not yet ascertained or otherwise specified herein.

3.     Nothing herein constitutes an admission by Claimant that any claim is not entitled to priority as an administrative claim in the Chapter 11 Cases, and Claimant expressly reserves the right to seek payment of any such claim as an administrative expense.

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
| | CASE NUMBER1:09-bk-13356-VK |
| Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
6320 Canoga Avenue, #1400
Woodland Hills, CA 91367

A true and correct copy of the foregoing document **EX PARTE MOTION TO RECONSIDER, SET ASIDE, AND ALTER ORDER CONFIRMING PLAN OF REORGANIZATION AS IT RELATES TO MERCO GROUP 2001-2021 WEST MISSION BOULEVARD, LLC, AND TO COMPEL SERVICE OF PROPOSED DEED IN LIEU TRANSACTION UPON COUNSEL FOR BELINDA MERUELO; DECLARATION OF BELINDA MERUELO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 26, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael C Abel    mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Robert Abiri    rabiri@abiriszeto.com
- Allison R Axenrod    allison@claimsrecoveryllc.com
- Christopher J Bagnaschi    cb@cjblaw.com
- John J Bingham    jbingham@dgdk.com
- William C Bollard    eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante    peterbonfante@bsalawfirm.com
- Erin N Brady    enbrady@jonesday.com
- Julia W Brand    JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun    jennifer.l.braun@usdoj.gov
- Martin J Brill    mjb@lnbrb.com
- Andrew R Cahill    acahill@lesnickprince.com
- Andrew W Caine    acaine@pszyjw.com
- Howard Camhi    hcamhi@ecjlaw.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg    jcarlberg@boselaw.com
- Sara Chenetz    chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi    jchoi@swjlaw.com
- Carol Chow    CChow@Stutman.com
- Cynthia M Cohen    cynthiacohen@paulhastings.com
- Ronald R Cohn    rcohn@horganrosen.com
- Enid M Colson    emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa    mcorrea@jonesday.com
- Emily R Culler    eculler@stutman.com
- Ana Damonte    ana.damonte@pillsburylaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis    sdavis@coxcastle.com
- Aaron De Leest    aed@dgdk.com
- Daniel Denny    ddenny@gibsondunn.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 F 9013-3.1

| | |
|---|---|
| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
| | CASE NUMBER 1:09-bk-13356-VK |
| Debtor(s). | |

- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Marina Fineman    mfineman@stutman.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney    dgaffney@swlaw.com
- Lauren N Gans    lgans@pwkllp.com
- Thomas M Geher    tmg@jmbm.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser    bglaser@swjlaw.com
- Gabriel I Glazer    gglazer@stutman.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    egoldberg@stutman.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried    mgottfried@lgbfirm.com, gguidetti@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham    jag@jmbm.com
- Ofer M Grossman    omglaw@gmail.com
- Jodie M Grotins    jgrotins@mcguirewoods.com
- Peter J Gurfein    pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan    carahagan@haganlaw.org
- Asa S Hami    ahami@sulmeyerlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling    rhessling@dgdk.com
- Whitman L Holt    wholt@ktbslaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer    wkiekhofer@mcguirewoods.com
- Andrew F Kim    akim@mrllp.com
- Michael S Kogan    mkogan@ecjlaw.com
- Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau    lew@landaunet.com
- Leib M Lerner    leib.lerner@alston.com
- Matthew A Lesnick    matt@lesnicklaw.com
- David E Leta    dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon    slinkon@rcolegal.com
- Robert M Llewellyn    michael.llewellyn@boe.ca.gov
- Richard Malatt    rmalatt@gmail.com
- Elmer D Martin    elmermartin@gmail.com
- Elissa Miller    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar    amuhtar@sulmeyerlaw.com
- Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince    cprince@lesnickprince.com
- Michael H Raichelson    mhr@cabkattorney.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Kurt Ramlo    kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin    cmr@lnbrb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                          **F 9013-3.1**

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
|---|---|
| | CASE NUMBER1:09-bk-13356-VK |
| Debtor(s). | |

- Daniel H Reiss    dhr@lnbyb.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com
- David J Richardson    djr@thecreditorslawgroup.com
- James S Riley    tgarza@sierrafunds.com
- Martha E Romero    Romero@mromerolawfirm.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com
- Steven J Schwartz    sschwartz@dgdk.com
- Kenneth J Shaffer    jshaffer@stutman.com
- Mark M Sharf    mark@forbankruptcy.com, msharf00@gmail.com
- Zev Shechtman    zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano    dshemano@pwkllp.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu    sshiu@swlaw.com
- Lori Sinanyan    lsinanyan@jonesday.com
- Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni    surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel    blspiegel@jonesday.com
- Tracie L Spies    tracie@haganlaw.org
- James Stang    jstang@pszjlaw.com
- Catherine Steege    csteege@jenner.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford    jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer    dthayer@jenner.com
- James A Timko    jtimko@allenmatkins.com
- Alan G Tippie    atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian    rvarozian@bzlegal.com
- Howard J Weg    hweg@pwkllp.com
- Jason L Weisberg    jason@gdclawyers.com
- William E Winfield    wwinfield@nchc.com
- Jasmin Yang    jyang@swlaw.com
- Aleksandra Zimonjic    azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

☐ Service information continued on attached page

## II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):

On July 26, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Meruelo Maddux Properties, Inc.
Attn: Todd W. Nielsen
761 Terminal Street, Building 1, 2nd Floor
Los Angeles, CA 90021

Michael Abramson
8918 W Pico Blvd No. 120
Los Angeles, CA 90035

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                 F 9013-3.1

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
|---|---|
| | CASE NUMBER1:09-bk-13356-VK |
| Debtor(s). | |

Mel Aranoff
23975 Pk Sorrento
Ste 200
Calabasas, CA 91302

Larry C Baron
Landegger, Baron, Lavenant & Ingber
15760 Ventura Blvd Ste 1200
Encino, CA 91436

David P Beitchman
16130 Ventura Blvd Ste 570
Encino, CA 91436

Debt Acquisition Company of America V, LLC
1565 Hotel Circle South
Suite 310
San Diego, CA 92108

Thomas Hays
5790 Miramar Rd #206
San Diego, CA 92121

Arthur J Hazarabedian
California Eminent Domain Law Group
3429 Ocean View Blvd Ste L
Glendale, CA 91208

Jenner & Block LLP
Jenner & Block LLP
633 West 5th Street
Suite 3500
Los Angeles, CA 90071

KIBEL GREEN INC.
2001 Wilshire Boulevard
Santa Monica, CA 90403

- Kibel Green Inc
2001 Wilshire Blvd Suite 420
Santa Monica, CA 90403

Michael L Marx
Jenkins Goodman Neuman & Hamilton
417 Montgomery St 10th Fl
San Francisco, CA 94104

Ronald Orr
Ronald Orr & Professionals, Inc.
578 Washington Blvd., #389
Marina Del Rey, CA 90292

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                             F 9013-3.1

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
| | CASE NUMBER1:09-bk-13356-VK |
| Debtor(s). | |

Michael Gene Portner
900 Wilshire Blvd Ste 115
Los Angeles, CA 90017

Riverside Claims LLC
PO Box 626
Planetarium Station
New York, NY 10024

Georgiana G. Rodiger
Rodiger Law Office
272 South Los Robles Avenue
Pasadena, CA 91101

SCS Flooring Systems
C/O Raymond Myer Esq
1220 1/2 State St
Santa Barbara, CA 93101

Sean Salamati
Law Offices of Sean Salamati
888 S Figueroa St Ste 1030
Los Angeles, CA 90017

Patrick J Stark
Ford Walker Haggerty & Behar
1 World Trade Ctr 27th Fl
Long Beach, CA 90831

Larry E Wasserman
Law Offices of Larry E Wasserman
12925 Riverside Dr
2nd fl
Sherman Oaks, CA 91423

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 26, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Judge**
Hon. Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367
(Via Hand Delivery)

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
|---|---|
| | CASE NUMBER1:09-bk-13356-VK |
| Debtor(s). | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 26, 2011 | Kahra Stiver | /s/ Kahra Stiver |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1