JOHN P. REITMAN (State Bar No. 80579)
jreitman@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Special Litigation Attorneys for
Reorganized Debtor Meruelo Maddux Properties, Inc.

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES,<br>INC. et al,<br><br>Debtors-In-Possession.<br><br>■ Affects All Debtors<br><br>——————————————————<br><br>MERUELO MADDUX PROPERTIES,<br>INC., a Delaware corporation, reorganized debtor,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD MERUELO, individually and in his capacity as the trustee of and on behalf of the RICHARD MERUELO LIVING TRUST; MERCO GROUP – ROOSEVELT BUILDING, LLC, a limited liability company; 1248 FIGUEROA STREET, LLC, a limited liability company; CANPARTNERS REALTY HOLDING COMPANY IV LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Claimants-in-Interpleader/<br>Defendants. | Case No. 1:09-bk-13356-VK<br><br>Chapter 11<br>(Jointly Administered)<br><br><br><br><br>ADV. NO. _____<br><br>**COMPLAINT IN INTERPLEADER AND FOR DECLARATORY RELIEF**<br><br>Status Conference:<br>Date: To be set by the Court<br>Time: To be set by the Court<br>Place: To be set by the Court<br><br><br>Honorable Victoria S. Kaufman<br>Courtroom 301<br>21041 Burbank Blvd.<br>Woodland Hills, CA 91367 |

LANDAU
GOTTFRIED &
BERGER LLP

Meruelo Maddux Properties, Inc. ("MMPI") (the reorganized debtor), for its claims for relief alleges:

### REQUIRED PLEADING DISCLOSURE

1.     In accordance with the requirements of Local Bankruptcy Rule 7008-1, MMPI hereby alleges that the Claims for Relief in this Complaint constitute core proceedings under 28 U.S.C. § 157(b) in that they directly relate to the implementation and performance of the Third Modified Fourth Amended Chapter 11 Plan of Reorganization dated October 14, 2010 for debtor-in-possession Meruelo Maddux Properties, Inc. (the "Debtor"), et al., which Plan was confirmed by this Court by an Order entered on June 24, 2011 (the "Plan Confirmation Order") and became effective on July 25, 2011. Regardless of whether the Claims for Relief are core or non-core, MMPI hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as the same may be precluded by applicable law.

### JURISDICTION AND VENUE

2.     Pursuant to the Plan and the Plan Confirmation Order, the Court retained jurisdiction to hear, decide and resolve cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or the Plan Confirmation Order, including any entity's rights or obligations incurred in connection with the Plan or the Plan Confirmation Order.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because MMPI and the below identified claimants-in-interpleader/defendants reside in or are authorized to and regularly carry out substantial business in this judicial district and a substantial part of the below-alleged events occurred within this judicial district. Accordingly, this Court also has personal jurisdiction over the claimants-in-interpleader/defendants.

### THE PARTIES

4.     Plaintiff MMPI is, and at all times relevant was, a Delaware corporation doing business in this judicial district. MMPI is the reorganized debtor by virtue of the Plan and the Plan Confirmation Order.

LANDAU
GOTTFRIED &
BERGER LLP

5.    Claimant-in-interpleader/defendant Richard Meruelo ("Meruelo") is, and at all relevant times was, an individual maintaining a residence in this judicial district. MMPI is informed and believes and based thereon alleges that Meruelo is, and at all relevant times was, the trustee of claimant-in-interpleader/defendant the Richard Meruelo Living Trust U/T/D September 15, 1989 (the "Meruelo Trust"), a revocable family trust formed by Meruelo under applicable law. Meruelo is named herein individually and in his capacity as the trustee of and on behalf of the Meruelo Trust. MMPI is informed and believes and based thereon alleges that in Forms 13D filed with the Securities and Exchange Commission, Meruelo has claimed to control the Meruelo Trust, and that he is in control of that trust.

6.    MMPI is informed and believes and based thereon alleges that claimant-in-interpleader/defendant Merco Group – Roosevelt Building, LLC ("Merco Group") is, and at all relevant times was, a limited liability company organized and existing under applicable law and doing business in this judicial district. MMPI is informed and believes and based thereon alleges that in Forms 13D filed with the Securities and Exchange Commission, Meruelo has claimed to control Meruelo Group, and that he is in control of that entity.

7.    MMPI is informed and believes and based thereon alleges that claimant-in-interpleader/defendant 1248 Figueroa Street, LLC ("1248") is, and at all relevant times was, a limited liability company organized and existing under applicable law and doing business in this judicial district. As described in Section III A., 40A-2 of the Plan, 1248 is an impaired secured creditor of debtor Merco Group – 2529 Santa Fe Avenue LLC.

8.    MMPI is informed and believes and based thereon alleges that claimant-in-interpleader/defendant Canpartners Realty Holding Company IV LLC ("Canpartners") is, and at all relevant times was, a Delaware limited liability company and doing business in this judicial district.

9.    MMPI is not aware of the true names and capacities of Does 1 through 10, inclusive, and therefore names such claimants-in-interpleader/defendants by fictitious names. MMPI will amend this Complaint to show the true names and capacities of the fictitiously

named claimants-in-interpleader/defendants when they are ascertained.  MMPI is informed and believes and based thereon alleges that the fictitiously named claimant-in-interpleader/defendants are responsible in some manner for the occurrences alleged below, and each of the fictitiously named claimants-in-interpleader/defendants has a claim to the distributions of cash and the securities described below, which conflicts with the claims of other claimants-in-interpleader/defendants to such distributions of cash and securities and which may subject MMPI to vexatious litigation or double or multiple liability.

## **RELEVANT FACTS**

10.    Pursuant to the Plan and the Plan Confirmation Order and for the purpose of funding the Plan, MMPI Acquisition, LLC ("MMPIA") contributed as capital to the Debtor a total of approximately $23.6 million.  In exchange for MMPIA's capital contribution, MMPI issued 48,426,460 previously authorized but unissued shares of the Debtor's common stock to MMPIA which, after giving effect the Exchange (as defined herein), represented 55% of the issued and outstanding shares of MMPI (the "MMPIA Shares"). Approximately $19.4 million of MMPIA's capital contribution was used or reserved by MMPI to make cash distributions in exchange for those shares of the Debtor's common stock that were exchanged and cancelled on the Debtor's books and records pursuant to the Plan and Plan Confirmation Order (the "Exchange").  The remainder of MMPIA's capital contribution was used or reserved to make payments to secured and unsecured creditors or for working capital pursuant to the Plan and Plan Confirmation Order.

11.    Pursuant to the Plan and the Plan Confirmation Order, in the Exchange 52.838% (i.e., 21,088,373.91) of the 39,911,378 shares of the Debtor's common stock held of record by Meruelo, the Meruelo Trust and/or Merco Group (collectively, the "Meruelo Parties") were exchanged for a distribution of $0.45 per share by the Debtor (for a total distribution of $9,489,771.46 (including the Fractional Share Payment, as defined in the following paragraph

/ / /

/ / /

1    and less any applicable withholding taxes) (collectively, the "Meruelo Parties Distributions"))

2    and the exchanged shares (the "Meruelo Parties Cancelled Shares") were subsequently

3    cancelled on the books and records of the Debtor.

4         12.    Immediately following the Exchange, all of the issued and outstanding shares of

5    MMPI (including the remaining 18,823,004.09 shares held by the Meruelo Parties after the

6    Exchange) underwent a 5:1 reverse split, after which fractional shares were cancelled and

7    exchanged by MMPI for cash ($3.19 in the case of the Meruelo Parties) (the "Fractional Share

8    Payment"). New certificates reflecting the shares held by the Meruelo Parties after giving

9    effect to the Exchange and the reverse stock split (a total of 3,764,599 shares) were issued (the

10   "Meruelo Parties Certificates"). The MMPIA Shares, like the unexchanged shares held by the

11   Meruelo Parties underwent a 5:1 reverse stock split pursuant to the Plan and the Plan

12   Confirmation Order. MMPI issued a stock certificate to MMPIA (the "MMPIA Certificate")

13   evidencing the MMPIA Shares after giving affect to the 5:1 reverse stock split.

14        13.    MMPI is informed and believes and based thereon alleges that on September 17,

15   2009, the Superior Court of the State of California, County of Los Angeles, in *Canpartners*

16   *Realty Holding Company IV LLC v. Rio Apartments, Inc., et al.,* Case No. BC 392900, entered

17   judgment in favor of Canpartners and against the defendants named in that litigation, including

18   Meruelo, in the approximate sum of $1.2 million, plus interest thereon at the rate 10% per

19   annum, and that at least part of the judgment has been paid. MMPI is further informed and

20   believes and based thereon alleges that on June 21, 2011, the Superior Court filed its "Order

21   Granting *Ex Parte* Application for Order Restraining the Judgment Debtor [including Meruelo]

22   from Selling Stock Pending a Hearing" and that a true and correct copy of that Order is

23   **Exhibit 1**. MMPI is further informed and believes and based thereon alleges that on July 12,

24   2011, the Superior Court filed its "Order Granting Motion for Assignment Order," assigning to

25   Canpartners "[t]he first $1,360,000 received, or to be received, by Meruelo from the sale of any

26   stock of Meruelo Maddux Properties, Inc." pursuant to the Plan and that a true and correct

27   copy of that Order is **Exhibit 2.**

28

LANDAU
GOTTFRIED &
BERGER LLP

14.     MMPI is informed and believes and based thereon alleges that on or about

January 30, 2007, the Meruleo Trust and Merco Group borrowed the sum of $33 million from

KeyBank National Association ("KeyBank"), and executed and delivered to KeyBank a

secured promissory note (the "Note") evidencing that loan and an assignment of all Debtor

securities owned by Meruelo Parties as security for repayment of the loan. MMPI is further

informed and believes and based thereon alleges that on or about January 30, 2007, Meruelo

executed and delivered to KeyBank his unconditional guaranty of the payment of the loan.

15.     MMPI is informed and believes and based thereon alleges that 1248 contends

that, on a date not currently known to MMPI, KeyBank assigned the Note and the security

instruments and its rights in and to the collateral to Meruelo's mother, Belinda Meruelo, and

that on or about April 22, 2009, Belinda Meruelo assigned the Note and the security

instruments and her rights in and to the collateral to 1248.  On or about July 14, 2011 (and on

July 25, 2011), 1248, as the purported assignee of KeyBank, asserted that it is the holder of the

Note, and that repayment of the Note is secured by all of the Debtor's securities (including all

replacements and substitutions thereof and all securities and other property in exchange or

substitution thereof).  **Exhibit 3** is a true and correct copy of a July 14, 2011 letter and of the

July 25, 2011 "replacement copy" letter from the attorney for the claimed "holder" of the Note.

**Exhibit 4** is a true and correct copy of an email from that attorney in which he asserts that

1248 is the "holder" of the Note.  MMPI is informed and believes and based thereon alleges

that **Exhibit 5** is a purported copy of an "Assignment of Loan Documents" by which Belinda

Meruelo purportedly assigned to 1248 all of the rights relating to the loan that purportedly were

assigned to her by KeyBank.

16.     In pleadings filed with this Court and in the appeal from Plan confirmation,

Meruelo and the other Meruelo Parties contend that they are entitled to the Meruelo Parties

Distributions, the Fractional Share Payment and the Meruelo Parties Certificates.  MMPI is

/ / /

/ / /

informed and believes and based thereon alleges that Meruelo personally has made demands

for the delivery of the Meruelo Parties Distributions the Fractional Share Payment and the

Meruelo Parties Certificates to him.

17.    MMPI is informed and believes and based thereon alleges that each of Meruelo,

the Meruelo Trust, Merco Group, 1248 and Canpartners claims a competing interest in the

Meruelo Parties' Distributions and the Fractional Share Payment, and that each of Meruelo, the

Meruelo Trust, Merco Group and 1248 claims a competing interest in the Meruelo Parties

Certificates that MMPI is required to deliver to the Meruelo Parties.

18.    MMPI is informed and believes and based thereon alleges that as of the filing of

this Complaint, Meruelo, the Meruelo Trust, Merco Group, 1248 and Canpartners have not

resolved their competing interests in and to the Meruelo Parties Distributions and the

Fractional Share Payment, and that Meruelo, the Meruelo Trust, Merco Group and 1248 have

not resolved their competing interests in and to the Meruelo Parties Certificates.  MMPI has

not been given clear and consistent written instructions regarding which such claimant-in-

interpleader is entitled to receive the Meruelo Parties Distributions, the Fractional Share

Payment and the Meruelo Parties' Certificates.

## **FIRST CLAIM FOR RELIEF**

(Interpleader Against all Claimants-In-Interest Pursuant to

Fed.R.Bankr.P. 7022 (Fed.R.Civ.P 22))

19.    MMPI realleges and incorporates herein by reference the allegations of

paragraphs 1- 18 above.

20.    MMPI is a mere stakeholder of the Meruelo Parties Distributions, the Fractional

Share Payment and the Meruelo Parties Certificates and thus claims no beneficial interest

therein.  MMPI takes no position as to which of the claimants-in-interest is entitled thereto or

with respect to the amount thereof, if any, to which such claimants-in-interpleader may be

entitled, and is in great doubt as to which claimant-in-interpleader is entitled to the Meruelo

Parties Distributions, the Fractional Share Payment and/or the Meruelo Parties Certificates, or any part thereof.

21.    MMPI is or may be exposed to multiple liabilities, as it cannot deliver any part of the Meruelo Parties Distributions, the Fractional Share Payment or the Meruelo Parties Certificates to any of the claimants-in-interpleader without the danger of being compelled to deliver all or a portion thereof to the other claimants-in-interpleader.

22.    Pursuant to Federal Rule of Bankruptcy Procedure 7022 and Local Bankruptcy Rule 7067-1(a), MMPI intends to and will file a motion for authority to deposit the entire amount of the Meruelo Parties Distributions and the Fractional Share Payment and all of the Meruelo Parties Certificates with the clerk of the Bankruptcy Court (Los Angeles Division).

23.    MMPI has incurred costs and reasonable attorneys' fees in the investigation of the competing claims of the claimants-in-interpleader, as well as in the preparation and prosecution of this Complaint, together with a filing fee, and may incur additional attorneys' fees and costs hereafter, all in an amount to be determined according to proof at trial.

## SECOND CLAIM FOR RELIEF

(Against all Defendants for Declaratory Relief Pursuant to 11 U.S.C. § 105)

24.    MMPI realleges and incorporates herein by reference the allegations of paragraphs 1- 18 above.

25.    An actual controversy has arisen between and among MMPI and each of the defendants regarding their respective entitlements and rights relating to the Meruelo Parties Certificates, the Meruelo Parties Cancelled Shares, the MMPIA Shares and the MMPIA Certificates.

26.    MMPI contends that any and all liens, encumbrances and claims of third-parties against the Meruelo Parties' shares in MMPI prior to the Exchange do not constitute liens, encumbrances or claims against any of the Meruelo Parties Cancelled Shares, any of the MMPIA Shares or any of the MMPIA Certificates.  MMPI is informed and believes and based thereon alleges that one or more of the defendants disputes MMPI's contentions and instead

contends that such liens, encumbrances and claims do constitute liens, encumbrances and claims against the Meruelo Parties Cancelled Shares, MMPIA Shares and/or the MMPIA Certificates. The controversy between and among MMPI and the defendants is definite, concrete and immediate, and their respective interests are adverse.

27. Pursuant to 11 U.S.C. § 105, MMPI is entitled to a judicial determination and a declaratory judgment that any and all liens, encumbrances and claims of third-parties against the Meruelo Parties shares in MMPI prior to the Exchange do not constitute liens, encumbrances or claims against any of the Meruelo Parties Cancelled Shares, any of the MMPIA Shares or any of the MMPIA Certificates.

## PRAYER FOR RELIEF

MMPI prays for judgment against claimants-in-interpleader/defendants, and each of them, as follow:

## FIRST CLAIM FOR RELIEF

1. That pursuant to Fed.R.Civ.P. 22 (Fed.R.Bankr.P. 7022), claimants-in-interpleader be ordered to interplead and litigate in this action their respective claims and rights, if any, to any portion of the Meruelo Parties Distributions, the Fractional Share Payment and/or the Meruelo Parties Certificates;

2. That MMPI be discharged and exonerated from any and all liability on account of the claims of each of the claimants-in-interpleader; and

3. That claimants-in-interpleader, and each of them, be permanently enjoined from instituting or prosecuting, directly or indirectly, any claim or action of any type or kind against MMPI arising from or in any manner concerning the Meruelo Parties Distributions and the Fractional Share Payment paid and/or the Meruelo Parties Certificates delivered pursuant to the Plan and the Plan Confirmation Order.

## SECOND CLAIM FOR RELIEF

4. For a judgment that determines that any and all liens, encumbrances and claims of third-parties against the Meruelo Parties shares in MMPI prior to the Exchange do

LANDAU
GOTTFRIED &
BERGER LLP

1    not constitute liens, encumbrances or claims against any of the Meruelo Parties Cancelled

2    Shares, any of the MMPIA Shares or any of the MMPIA Certificates.

3    **ON ALL CLAIMS FOR RELIEF**

4       5.     That MMPI be awarded its costs and reasonable attorneys' fees incurred to be

5    determined by the Court and to be paid out of the Meruelo Parties Distributions deposited with

6    the clerk of the Bankruptcy Court; and

7       6.     For such other and further relief as the Court deems just and proper.

8

9

10    Dated: August 4, 2011           LANDAU GOTTFRIED & BERGER LLP
                                         JOHN P. REITMAN

11

12                                   By:_____/s/ John P. Reitman_____

13                                          John P. Reitman
                                         Special Litigation Attorneys for Reorganized Debtor

14                                          Meruelo Maddux Properties, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

ORIGINAL FILED

JUN 21 2011
LOS ANGELES
SUPERIOR COURT

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| CANPARTNERS REALTY HOLDING COMPANY IV LLC, a Delaware limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| RIO APARTMENTS, INC., a Florida corporation; RICHARD MERUELO, an individual; and DOES 1 through 25, inclusive, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: BC 392900

Unlimited Civil Case
Amount in excess of $25,000

[PROPOSED] ORDER GRANTING *EX
PARTE* APPLICATION FOR ORDER
RESTRAINING THE JUDGMENT
DEBTOR FROM SELLING STOCK
PENDING A HEARING

Date:   June 21, 2011
Time:   8:30 a.m.
Place:  Dept. 1A

Action filed:          June 18, 2008
Judgment Entered:   September 17, 2009

The Court, having considered the *Ex Parte* Application for Order Restraining the Judgment Debtor from Selling Stock Pending a Hearing (the "*Ex Parte* Application"), the Memorandum of Points and Authorities and supporting declarations attached thereto filed by Canpartners Realty Holding Company IV LLC ("Canpartners"), and after consideration of the argument of counsel at the time of the hearing on the *Ex Parte* Application, and good cause having been shown therefor, hereby orders as follows:

1

1     (1)    The *Ex Parte* Application is GRANTED.

2     (2)    Judgment debtor Richard Meruelo ("Meruelo") is restrained and prohibited receiving any

3  payment from the sale or of any stock of Meruelo Maddux Properties, Inc. and/or otherwise assigning or

4  disposing of the proceeds of such sale, or the right to payment from such sale, pending a hearing on

5  Canpartners' motion *for not* assignment order, which is currently scheduled to be heard on July 12, 2011 at 9:00

6  a.m. in Department 1A.

7     (3)    Meruelo and/or the responsible transfer agent, shall immediately deposit with the ~~Court~~, *LOS ANGELES COUNTY SHERIFF*

8  the first $1,360,000 of any proceeds received by Meruelo from the sale of any stock of Meruelo Maddux

9  Properties, Inc. with the Court pending the July 12, 2011 hearing on Canpartners' motion for assignment

10  order.

11  THIS ORDER DOES NOT SUPERCEDE ANY ORDER INVOLVING

12  THE SALE OF STOCK IN MERUELO MADDUX PROPERTIES, INC.

13  ~~OR IN~~ THE BANKRUPTCY PROCEEDINGS INVOLVING

14  MR. MERUELO.

17  IT IS SO ORDERED.

19  Dated: 6/21/11

                                      Hon. Matthew St. George
                                      Judge of the Superior Court

21  Respectfully submitted:

23  FREEDMAN & TAITELMAN, LLP

24  By:

25  Bradley H. Kreshek,
     Attorneys for Canpartners Realty Holding
26  Company IV LLC

2

# EXHIBIT 2

RECEIVED

JUN 2 0 2011

DEPT. 1A

ORIGINAL FILED

JUL 1 2 2011

LOS AN⋯LES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CANPARTNERS REALTY HOLDING COMPANY IV LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RIO APARTMENTS, INC., a Florida corporation; RICHARD MERUELO, an individual; and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No.: BC 392900<br><br>Unlimited Civil Case<br>Amount in excess of $25,000<br><br>[PROPOSED] ORDER GRANTING MOTION FOR ASSIGNMENT ORDER<br><br>Date:   July 12, 2011<br>Time:   9:00 a.m.<br>Place:  Dept. 1A<br><br>Action filed:        June 18, 2008<br>Judgment Entered:    September 17, 2009 |

The hearing on the Motion for Assignment Order (the "Motion") filed by plaintiff and judgment creditor Canparters Realty Holding Company IV LLC ("Canparters") came regularly for hearing on July 12, 2011, in Department 1A of the above-entitled court, the Honorable Matthew St. George, presiding.

Bradley H. Kreshek, Esq., of Freedman & Taitelman, LLP, appeared on behalf of Canparters. Gaelle H. Gralnek, Esq., of Neufeld, Marks, Gralnek & Maker, APC, appeared on behalf of defendant

1

[Proposed] Order Granting Motion for Assignment Order

Exhibit 2
13

1 | and judgment debtor Richard Meruelo.  All other appearances, if any, are reflected in the record.

2 |      After full consideration of the moving papers, opposition papers and reply papers submitted by

3 | the parties, and the oral argument presented by counsel at the above-mentioned hearing the Court rules

4 | as follows:

5 |      1.     The Motion is GRANTED.

6 |      2.     The first $1,360,000 received, or to be received, by Meruelo from the sale of any stock of

7 | Meruelo Maddux Properties, Inc. pursuant to the Second Fourth Amended Chapter 11 Plan of

8 | Reorganization dated October 14, 2010 (the "Plan"), confirmed on or about May 19, 2011 (motion for

9 | reconsideration denied June 13, 2011) is hereby assigned, transferred and conveyed to Canpartners.

10 |      3.     Meruelo may not receive any payment from the sale of any stock of Meruelo Maddux

11 | Properties, Inc. unless and until payment is made to Canpartners pursuant to this Order or the judgment

12 | entered September 17, 2009 in favor of Canpartners and against Meruelo in the matter of <u>Canpartners</u>

13 | <u>Realty Holding Company IV LLC v. Rio Apartments, Inc., et al.</u>, LASC Case No. BC 392900 is satified,

14 | in full.

15 |      4.  ANY CLAIM TO THESE FUNDS BY A THIRD PARTY IS SUBJECT

16 | TO THE PROVISIONS OF CCP § 708.210 et seq.

17 |

18 |

19 |      IT IS SO ORDERED.

20 |

21 | Dated: 7/12/11

22 |      Hon. Matthew St. George
     Judge of the Superior Court

23 | Respectfully submitted:

24 |

25 |      FREEDMAN & TAITELMAN, LLP

26 | By:

27 |      Bradley H. Kreshek,
     Attorneys for Canpartners Realty Holding

28 |      Company IV LLC

2

[Proposed] Order Granting Motion for Assignment Order

Exhibit 2
14

# EXHIBIT 3
# PART 1 OF 2

LAW OFFICES

# TURNER AUBERT & FRIEDMAN, LLP

8383 WILSHIRE BOULEVARD, SUITE 510
BEVERLY HILLS, CALIFORNIA 90211-2486
TELEPHONE (323) 653-3900  FACSIMILE (323) 653-3021
rturner@taflaw.net

RUBIN M. TURNER
EDWARD FRIEDMAN
MICHAEL J. HANNA
DORTHA LARENE PYLES
STEVEN A. MORRIS
JONATHAN M. DEER
JACK L. HENNINGSEN

Of Counsel
ALLAN LOWY
RONALD D. AUBERT
KENNETH E DEVORE
ROBERT LOUIS FINKEL
ANDREW H. MITTLER*
*ALSO LICENSED IN TEXAS

July 14, 2011

Charlestown Capital Advisors, LLCHartland Asset Management Corporation
c/o Christopher Prince
Lesnick Prince LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405

Global Asset Capital
Mount Kellett Capital
Charlestown Capital Advisors, LLCHartland Asset Management Corporation
c/o Cynthia Cohen
Paul Hastings Janofsky & Walker
515 South Flower Street
25th Floor
Los Angeles, CA 90071

**Re: Meruelo Maddux Properties, Inc.**

Dear Mr. Prince and Ms. Cohen:

At the time of the initial public offering of Meruelo Maddux Properties, Inc. ("MMPI"), KeyBank National Association ("KeyBank") made a $33,000,000 loan to Merco Group - Roosevelt Building, LLC and Richard Meruelo as Trustee of the Richard Meruelo Living Trust U/D/T Dated September 15, 1989 (collectively, "Meruelo"), as evidenced by a Note dated January 30, 2007 made by Meruelo in favor of KeyBank (as amended, the "Note"). The obligations of the Note are secured by, among other things, a security interest in MMPI stock held by Meruelo (including, without limitation, all replacements and substitutions thereof and all security and other property in exchange or substitution thereof, the "Collateral").

I represent the holder of the Note ("Holder"). It has come to my attention that a plan of reorganization of MMPI ("Plan") proposed by Charlestown

F:\Document\Patti\Letters\July 11\CharlestonCapital Advisors-Muerlo-2.doc

Exhibit 3
15

Christopher Prince
Cynthia Cohen
July 14, 2011
Page 2


     Capital Advisors, LLC and Hartland Asset Management Corporation (collectively, "Charlestown") has been confirmed pursuant to which certain of the Collateral would be transferred (the "Transfer") to an entity in which Charlestown, Global Asset Capital and Mount Kellett Capital will have an interest.

     Please be advised that, based on my understanding of the Plan, monies to be received on account of the Transfer are not sufficient to satisfy the obligations of the Note, the Holder does not consent to a release of the security interest in the Collateral, and any Collateral so transferred will remain subject to the security interest in favor of Holder.

     The Plan does not and indeed can not affect the secured rights and interests of Holder in and to the Collateral.

     Please govern yourselves accordingly.

Very truly yours,

RUBIN M. TURNER

RMT:pg

F:\Document\Patti\Letters\July 11\Charleston Capital Advisors-Muerlo-2.doc

Exhibit 3
16

# EXHIBIT 3
# PART 2 OF 2

LAW OFFICES

# TURNER AUBERT & FRIEDMAN, LLP

8383 WILSHIRE BOULEVARD, SUITE 510
BEVERLY HILLS, CALIFORNIA 90211-2486
TELEPHONE (323) 653-3900  FACSIMILE (323) 653-3021
rturner@tafIaw.net

RUBIN M. TURNER
EDWARD FRIEDMAN
MICHAEL J. HANNA
DORTHA LARENE PYLES
STEVEN A. MORRIS
JONATHAN M. DEER
JACK L. HENNINGSEN·

Of Counsel
ALLAN LOWY
RONALD D. AUBERT
KENNETH E DEVORE
ROBERT LOUIS FINKEL
ANDREW H. MITTLER·
·ALSO LICENSED IN TEXAS

July 25, 2011                **REPLACEMENT COPY**

**Via E-Mail cprince@lesnickprince.com**
Charlestown Capital Advisors, LLCHartland Asset Management Corporation
c/o Christopher Prince
Lesnick Prince LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405

**Via E-Mail cynthiacohen@paulhastings.com**
Global Asset Capital
Mount Kellett Capital
Charlestown Capital Advisors, LLCHartland Asset Management Corporation
c/o Cynthia Cohen
Paul Hastings Janofsky & Walker
515 South Flower Street
25th Floor
Los Angeles, CA 90071

### Re:  Meruelo Maddux Properties, Inc.

Dear Mr. Prince and Ms. Cohen:

We acknowledge receipt from Mr. Prince of a letter dated July 19, 2011.  We have a disagreement regarding whether the Plan does or even can extinguish a valid security interest in the subject stock.  We find your position doubtful.  Where in the Plan does it provide that the security interest is extinguished?  Even if it did, the subject stock is not an asset of the bankruptcy estate and we do not believe the bankruptcy court can extinguish the rights of our client.

You have requested information.  However, our client has no duty to provide this information.  The purpose of our letter is to ensure that you and your clients have actual notice of the claim of the security interest in the subject stock.  We believe our letter to you, as the attorneys, is sufficient for such purpose, but to leave no room for doubt, this letter is also directed to the registered agent of MMPI Acquisition, LLC and representatives of its members.  When

F:\Document\Patti\Letters\July 11\CharlestonCapital Advisors et al-Muerlo-2.doc

Exhibit 3
17

Christopher Prince
Cynthia Cohen
July 25, 2011
Page 2


MMPI Acquisition acquires the subject stock, such acquisition will be subject to the security
interests of our client, and our client will look to the transferred stock to satisfy the full amount
of the subject debt.

Very truly yours,

RUBIN M. TURNER


RMT:pg

cc:    Raj Maheshwari, Charlestown – Via E-Mail
       Isaac Kagan, American Stock Transfer & Trust – Via E-Mail


F:\Document\Patti\Letters\July 11\CharlestonCapital Advisors et al-Muerlo-2.doc

Exhibit 3
18

# EXHIBIT 4

## John P. Reitman

| | |
|---|---|
| **From:** | Cohen, Cynthia M. [CynthiaCohen@paulhastings.com] |
| **Sent:** | Wednesday, July 27, 2011 2:53 PM |
| **To:** | John P. Reitman |
| **Subject:** | FW: Meruelo Maddux Properties, Inc. |
| **Attachments:** | Asn Loan Docs-Meruelo.pdf; Charleston Capital Advisors-Muerlo2.doc |

From Turner.

**From:** Christopher Prince [mailto:cprince@lesnickprince.com]
**Sent:** Wednesday, July 20, 2011 10:38 AM
**To:** Cohen, Cynthia M.
**Subject:** FW: Meruelo Maddux Properties, Inc.

**From:** Patti Gillotti [mailto:pgillotti@taflaw.net]
**Sent:** Wednesday, July 20, 2011 9:44 AM
**To:** Christopher E. Prince
**Subject:** Meruelo Maddux Properties, Inc.

**PLEASE REPLY DIRECTLY TO RUBIN TURNER AT    rturner@taflaw.net    THANK YOU.**

Dear Mr. Prince:

In response to your letter dated July 19, 2011, we enclose herewith Assignment of Loan Documents reflecting ownership of the subject Note and security documents in 1248 Figueroa Street, LLC.

The position set forth in our July 14, 2010 letter continues to be in force and effect.

Very truly yours,

Rubin Turner

Patti Gillotti
Assistant to Rubin Turner
Turner Aubert & Friedman, LLP
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211
Phone: (323) 653-3900
Fax:    (323) 653-3021
pgillotti@taflaw.net
rturner@taflaw.net

*********************************************************************************************
IRS Circular 230 Disclosure: As required by U.S.Treasury Regulations governing tax practice, you are hereby advised
that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any

taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is sent by a law firm and may contain information that is privileged or confidential. If you received
this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

For additional information, please visit our website at www.paulhastings.com

# EXHIBIT 5

ASSIGNMENT OF LOAN DOCUMENTS

This Assignment of Loan Documents (the "Assignment"), made as of April 2 2 , 2009 is between Belinda Meruelo ("Assignor") and 1248 Figueroa Street, LLC, a Delaware limited liability company ("Assignee").

RECITALS

A.     Pursuant to that certain Loan Agreement dated January 30, 2007 (as amended from time to time, the "Loan Agreement") between KeyBank National Association ("KeyBank"), and Richard Meruelo as Trustee of the Richard Meruelo Living Trust U/D/T Dated September 15, 1989 ("Meruelo") and Merco Group – Roosevelt Building, LLC ("Merco Group," and together with Meruelo, the "Borrower"), KeyBank made a loan to Borrower in the original principal amount of $33,000,000 ("Loan"), which Loan is evidenced by a Note dated January 30, 2007 made by Borrower to KeyBank (as amended from time to time, the "Note"), and the obligations of which Note are secured pursuant to the Assignment of Interests dated January 30, 2007 made by Meruelo in favor of KeyBank and the Assignment of Interests dated January 30, 2007 made by Merco Group in favor of KeyBank (collectively, and as amended from time to time, the "Assignments"). All capitalized terms used and not defined herein have the meanings given in the Loan Agreement.

B.     Assignor is the current holder of the Note and the beneficiary under the other Loan Documents. Assignor desires to assign to Assignee all of Assignor's rights, title and interest in and to the Loan, Loan Agreement, Note, Assignments and all other Loan Documents in accordance with this Assignment.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above recitals into this Assignment, Assignor does hereby assign, sell, transfer, grant and convey to Assignee all of Assignor's rights, title and interest in and to the Loan, Loan Agreement, Note, Assignments and all other Loan Documents, and all amendments and modifications thereto, including, without limitation, all claims, suits, causes of action and any other rights of Assignor under or related to the Loan or the Loan Documents. Assignee assumes all obligations of Assignor under or arising from the Loan Documents.

IN WITNESS WHEREOF, the parties have executed this Assignment to be effective as of the date set forth above.

ASSIGNOR:                                    ASSIGNEE:

                                             1248 Figueroa Street, LLC

_____          By: _____
Belinda Meruelo                  Its: _____

Exhibit 5
21

FORM B104 (08/07)                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>MERUELO MADDUX PROPERTIES,<br>INC., a Delaware corporation, reorganized debtor | DEFENDANTS RICHARD MERUELO, individually and in his capacity as the<br>trustee of the RICHARD MERUELO LIVING TRUST; MERCO<br>GROUP-ROOSEVELT BUILDING, LLC, a limited liability company; 1248<br>FIGUEROA STREET, LLC, a limited liability company; CANPARTNERS REALTY<br>HOLDING COMPANY IV LLC, a Delaware limited liability company; and DOES<br>1 through 10, inclusive, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>John P. Reitman<br>Landau Gottfried & Berger LLP<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067; 310-557-0050 | ATTORNEYS (If Known)<br><br>    See Addendum. |
| PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

    Fed. R. Bankr. P. 7022 (Fed. R. Civ. P. 22) - Interpleader of cash distributions and stock
    certificates to be delivered pursuant to Plan of Reorganization, and declaratory relief

---

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property -§542 turnover of property

☐ 12-Recovery of money/property -§547 preference

☐ 13-Recovery of money/property -§548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false
    representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement,
    larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☒ 02-Other (e.g. other actions that would have been brought in state
    court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $        N/A |

Other Relief Sought        Interpleader - determination of rights of defendants in cash distributions and
                           stock certificates required to be delivered pursuant to Plan of Reorganization

FORM B104 (08/07), page 2                                                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MERUELO MADDUX PROPERTIES, INC. et al. | 1:09-bk-13356-VK |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | San Fernando Valley | Victoria S. Kaufman |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| August 4, 2011 | John P. Reitman |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

**Addendum to Adversary Proceeding Cover Sheet**
**Attorney Information for Defendants**

| DEFENDANT PARTY | ATTORNEY(S) OF RECORD |
|---|---|
| Richard Meruelo | Marc Harris<br>Scheper Kim & Harris LLP<br>One Bunker Hill<br>601 West Fifth Street<br>12th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 613-4656<br><br>Timothy L. Neufeld & Gaelle H. Gralnek<br>Neufeld, Marks, Gralnek & Maker<br>360 East Second Street, Suite 703<br>Los Angeles, CA 90012<br><br>David J. Richardson<br>Creditors' Law Group<br>2301 Hyperion Ave., Suite A<br>Los Angeles, CA  90027<br>Telephone:  (323) 686-5400 |
| Richard Meruelo Living Trust | Timothy L. Neufeld & Gaelle H. Gralnek<br>Neufeld, Marks, Gralnek & Maker<br>360 East Second Street, Suite 703<br>Los Angeles, CA 90012 |
| Merco Group – Roosevelt Building, LLC | Timothy L. Neufeld & Gaelle H. Gralnek<br>Neufeld, Marks, Gralnek & Maker<br>360 East Second Street, Suite 703<br>Los Angeles, CA 90012 |
| 1248 Figueroa Street, LLC | Rubin Turner<br>Turner Aubert & Friedman, LLP<br>8383 Wilshire Blvd., Suite 510<br>Beverly Hills, CA 90211 |
| Canpartners Realty Holding Company IV LLC | Michael A. Taitelman<br>Freedman & Taitelman<br>1901 Avenue of the Stars, Suite 500<br>Los Angeles, CA 90067;<br><br>Lance Jurich<br>Loeb & Loeb<br>10100 Santa Monica Boulevard<br>Suite 2200<br>Los Angeles, CA 90067 |

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|

John P. Reitman (State Bar No. 80579)
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067;
Phone: 310-557-0050
Fax: 310-557-0056

MERUELO MADDUX PROPERTIES,
INC., a Delaware corporation,
*Attorney for Plaintiff*  reorganized debtor

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

In re:

MERUELO MADDUX PROPERTIES, INC., et al.

Debtor.

CHAPTER   11

CASE NUMBER  1:09-bk-13356-VK

ADVERSARY NUMBER

MERUELO MADDUX PROPERTIES, INC., a Delaware corporation, reorganized debtor
Plaintiff(s),

RICHARD MERUELO, individually and in his capacity as the trustee of and on behalf of the RICHARD MERUELO LIVING TRUST; MERCO GROUP-ROOSEVELT BUILDING, LLC, a limited liability company; 1248 FIGUEROA STREET, LLC, a limited liability company; CANPARTNERS REALTY HOLDING COMPANY IV LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive
Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF
STATUS CONFERENCE**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**          ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**     ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL
Clerk of Court**

By: _____
          *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*                                                                 **F 7004-1**