Mark M. Sharf #140390
**MERRITT, HAGEN & SHARF, LLP**
6320 Canoga Ave. Suite #1400
Woodland Hills, CA 91367-2498
(818) 992-1940 Fax (818) 992-3309
mark@forbankruptcy.com

Attorney for Belinda Meruelo

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>MERUELO MADDUX PROPERTIES INC.<br><br>Debtor. | Case No. 1:09-BK-13356-VK<br><br>Jointly Administered Case No. Of Merco Group 2001-2021 West Mission Boulevard, LLC: 1:09-bk-13403-VK<br><br>Chapter 11<br><br>**REPLY TO OPPOSITIONS TO BELINDA MERUELO'S EX PARTE MOTION TO RECONSIDER, SET ASIDE, AND ALTER ORDER CONFIRMING PLAN OF REORGANIZATION AS IT RELATES TO MERCO GROUP 2001-2021 WEST MISSION BOULEVARD, LLC**<br><br>[11 U.S.C. 501, 509, 1123, 1129; F.R.B.P. 3005, 9023, 9024; F.R.C.P. 59 and 60]<br><br>Hearing Date:<br>Date: August 23, 2011<br>Time: 10:30 a.m.<br>Ctrm: 301 |

Belinda Meruelo hereby replies to the three separate Oppositions filed to her Ex Parte Motion To Reconsider Set Aside And Alter Order Confirming Plan Of Reorganization As It Relates To Merco Group 2001-2021 West Mission Boulevard. It is critical to note that:

A. None of the Oppositions contend that Belinda Meruelo was given actual notice of material changes to the plan of reorganization at issue;

B. None of the Oppositions dispute that Belinda Meruelo at all material times had the right[1] to pay off PNL Pomona in full and be subrogated to its claim under 11 U.S.C. § 509, and that had Belinda Meruelo taken this action she would have had the right to vote the claim of PNL Pomona, L.P. in the Merco Group 2001-2021 West Mission Boulevard, LLC case.

1.  Opposition Of Reorganized Debtors

Counsel for the reorganized debtor argues that F.R.B.P. 2002(a)(5) only applies to motions which seek a solicitation of votes on a plan of reorganization. This argument overlooks the fact that F.R.B.P. 2002(b) requires 28 days' notice "of the time fixed . . . (2) for filing objections and the hearing to consider confirmation of a chapter 9, chapter 11, or chapter 13 plan." As noted in the Order Limiting Scope Of Notice in this case, matters or proceedings referred to in F.R.B.P. 2002(b) were specifically excluded from the scope of that Order.

Belinda Meruelo was prejudiced by the lack of notice. The Reorganized Debtor in this case has engaged in a logical fallacy when it claims that she was unimpaired. First, Belinda Meruelo's claim was classified as being impaired in the only Plan of Reorganization she ever received; Belinda Meruelo's claim was classified as being "unimpaired" in the revised Plans that were never served upon her.

Reorganized Debtor's further contention that notice is not required for those who cannot vote on a plan is absurd, and is not incorporated into F.R.B.P. 2002. For example, a creditor whose claim is paid in full may still object to a Plan if it is not realistic of feasible. Or, a creditor may believe that it really is impaired, and object on that basis. The claim of Belinda Meruelo in fact was impaired by the revisions to the Plan of Reorganization; but, because Belinda Meruelo was given no notice of those changes she had no ability to argue in court that a) she really was impaired, and b) that the changes made to the Plan could leave her with no recourse on her reimbursement claim while still granting full payment to shareholders (a violation of the absolute priority rule). It further deprived her of the ability to pay off PNL Pomona while there was still time, and to assume its role.

Had the Court confirmed the original Charlestown Plan, PNL Pomona would still have had the right to engage in a judicial foreclosure sale and be paid in full on its deficiency from this bankruptcy estate. Forfeiting that right leaves potential guarantors like Belinda Meruelo at severe risk. To

---

[1] At least to the extent, if any, that the guarantee is enforceable against Belinda Meruelo.

2

minimize that risk Belinda Meruelo could have paid this claim off in full and could have exercised its rights as if she were standing in the shoes of PNL Pomona. She can only be given that right again if the Order confirming the Plan as it relates to this Debtor is revoked. At a minimum, all parties must be precluded from using the anti-deficiency protections of California law as a defense or as a basis for objecting to the claim of Belinda Meruelo should she in fact be required to make any payment on the subject guaranty.

Counsel for the reorganized debtor has provided no authority whatsoever for the proposition that notice to one family member constitutes notice to another family member. Nor has counsel for the reorganized debtor proposed how far that principle of law (which does not exist) should extend. Should notice to a second cousin constitute due process notice as well? Richard Meruelo is not the legal guardian for Belinda Meruelo; he is not her attorney in fact; he does not represent her and never has. Belinda Meruelo has her own attorney in Florida who filed a claim and thus appeared in this case; neither the Reorganized Debtor nor anyone else has explained why that attorney - - the only human being on earth competent to and legally obligated to advise Belinda Meruelo of her rights at the time - - was not given any notice. Further, the allegation of the reorganized debtor that "Ms. Meruelo herself was often in the courtroom" (page 6 of Opposition, line 6) is patently false, and is unsupported by any evidence.

2. Opposition of the Official Committee of Unsecured Creditors

A. Ms. Meruelo does have standing, The Motion was timely, and This Court Has jurisdiction

As a preliminary matter, the proof of claim filed Belinda Meruelo has not been objected to and therefore constitutes a valid claim. It has long been recognized that holders of contingent claims such as guarantors and sureties have standing to appear and object in bankruptcy cases. In Re Kronemyer, 405 B.R. 915 (9th Cir. B.A.P. 2009). Further, the fact that Ms. Meruelo had the ability to convert her "contingent" claim into a subrogation claim at the precise moment when it might have benefitted her to do so makes this argument utterly irrelevant.

This Court has jurisdiction to consider the Motion, and this Motion was timely. The Confirmation Order was entered on June 24, 2011 as Docket No. 3239, and the motion which is now

1  under consideration was filed by Belinda Meruelo's on July 6, 2011 as Docket No. 3271, within the 14

2  day appeal period. In the Ninth Circuit after the filing of a notice of appeal a <u>bankruptcy court continues

3  to retain jurisdiction to enter orders to consider timely tolling motions (e.g. motions under F.R.C.P. 59

4  or 60), even if the said tolling motion is filed after the notice of appeal</u>. <u>Tripati v. Henman</u>, 845 F.2d

5  205, 206 (9th Cir. 1988). A motion under F.R.C.P. 60 is a tolling motion. <u>Catz v. Chalker</u>,

6  566 F.3d 839, 841 (9th Cir. 2009). In fact, the filing of a tolling motion suspends the appellate rights

7  for all parties (as to Merco Group 2001-2021 only in this case) until the entry of the order disposing of

8  the last remaining said tolling motion. <u>Shapiro v. Paradise Valley Unified School District No. 69</u>,

9  374 F.3d. 857, 863 (9th Cir. 2004).

10        B. <u>Ms. Meruelo Was Prejudiced by the Modifications</u>

11    Again, Ms. Meruelo had the ability to pay off the claim of PNL Pomona and be subrogated to

12  its rights and vote on the plan, or seek to change the vote that had already been cast. She was deprived

13  of this option because she was not given notice. This was improper and there must be a remedy for this

14  wrong. Further, Ms. Meruelo had the ability to object to confirmation of the plan - - something she was

15  not given the opportunity to do.

16      3. <u>Opposition Filed By PNL Pomona</u>

17    The opposition filed by PNL Pomona falsely assumes that if one has notice of a bankruptcy

18  proceeding, they therefore have notice of every pleading in that bankruptcy case.. The pleading also

19  falsely states that Belinda Meruelo must show that she had a "meritorious defense." Again, Ms. Meruelo

20  is not seeking relief from entry of a default judgment (where proof of meritorious defense is required).

21  Rather, she is seeking relief from a Confirmation Order under F.R.C.P. 60(b)(4). No meritorious

22  defense need be proven. <u>Hicklin v. Edwards</u>, 226 F.2d 410 (8th Cir. 1955), <u>Schwarz v. Thomas</u>,

23  222 F.2d 305 (D.C. Cir. 1955), <u>Wise v. Herzog</u>, 114 F.2d 486 (D.C. Cir., 1940).

24    Further, the Court does not have discretion when the motion is brought under F.R.C.P. 60(b)(4).

25  <u>Thomas P. Gonzales Corp. v. Consejo Nacional</u>, 614 F.2d 1247, 1256 (9th Cir. 1980). That is because

26  void judgments are legal nullities. It is precisely this reasoning that was used by the Bankruptcy

27  Appellate Panel of the Ninth Circuit in <u>In Re Downtown Investment Club III</u>, 89 Bankr. 59 (9th Cir.

28  BAP 1988). Although the unsecured creditor in that case had notice of the bankruptcy case, it did not

receive notice of the debtor's motion to modify the plan. For that reason the confirmation order was held to be a legal nullity.

The arguments made regarding mootness and the time regarding a motion for reconsideration fail for the same reasons as specified above.

## CONCLUSION

Belinda Meruelo received no notice at all that PNL Pomona's rights, and her derivative rights, were being dramatically altered. She was given no notice that her claim was being re-classified from "impaired" to "unimpaired." This utter lack of notice is a procedural defect which violates due process of law, and which renders the Confirmation Order void. It would be an egregious violation of due process for Belinda Meruelo to suffer any ill effects of confirmation without ever having had the opportunity to present her objections.

Belinda Meruelo respectfully requests that the Confirmation Order be set aside. In the alternative, Belinda Meruelo requests that all parties be estopped from asserting any defenses or objections to the claim of Belinda Meruelo (including but not limited to the anti-deficiency protections of California law contained at Calif. Code of Civ. Proc. §580d) which arise by virtue of changes made to the treatment of PNL Pomona's claim in the First and Second Modifications to its Fourth Amended Plan.

Dated: August 16, 2011                    Merritt, Hagen & Sharf, LLP


    /s/ Mark M. Sharf
Mark M. Sharf, Attorneys for Belinda Meruelo

| | |
|---|---|
| In re: Meruelo Maddux Properties Inc.<br><br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 1:09-bk-13356-VK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
6320 Canoga Avenue, #1400
Woodland Hills, CA 91367

A true and correct copy of the foregoing document **REPLY TO OPPOSITIONS TO BELINDA MERUELO'S EX PARTE MOTION TO RECONSIDER, SET ASIDE AND ALTER ORDER CONFIRMING PLAN OF REORGANIZATION AS IT RELATES TO MERCO GROUP 2001-2021 WEST MISSION BOULEVARD, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 16, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael C Abel     mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Robert Abiri     rabiri@abiriszeto.com
- Allison R Axenrod     allison@claimsrecoveryllc.com
- Christopher J Bagnaschi     cb@cjblaw.com
- John J Bingham     jbingham@dgdk.com
- William C Bollard     eal@jbblaw.com, kmg@jbblaw.com;william@jbblaw.com
- Peter Bonfante     peterbonfante@bsalawfirm.com
- Erin N Brady     enbrady@jonesday.com
- Julia W Brand     JBrand@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Jennifer L Braun     jennifer.l.braun@usdoj.gov
- Martin J Brill     mjb@lnbrb.com
- Andrew R Cahill     acahill@lesnickprince.com
- Andrew W Caine     acaine@pszyjw.com
- Howard Camhi     hcamhi@ecjlaw.com
- Gary O Caris     gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg     jcarlberg@boselaw.com
- Sara Chenetz     chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi     jchoi@swjlaw.com
- Carol Chow     CChow@Stutman.com
- Cynthia M Cohen     cynthiacohen@paulhastings.com
- Ronald R Cohn     rcohn@horganrosen.com
- Enid M Colson     emc@dgdk.com, ecolson@dgdk.com
- Michaeline H Correa     mcorrea@jonesday.com
- Emily R Culler     eculler@stutman.com
- Ana Damonte     ana.damonte@pillsburylaw.com
- Brian L Davidoff     bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Susan S Davis     sdavis@coxcastle.com
- Aaron De Leest     aed@dgdk.com
- Daniel Denny     ddenny@gibsondunn.com
- Jeffrey W Dulberg     jdulberg@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                        **F 9013-3.1**

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:09-bk-13356-VK |

- Marina Fineman    mfineman@stutman.com
- Michael G Fletcher    mfletcher@frandzel.com, efiling@frandzel.com;shom@frandzel.com
- Barry V Freeman    bvf@jmbm.com, bvf@jmbm.com
- Donald L Gaffney    dgaffney@swlaw.com
- Lauren N Gans    lgans@pwkllp.com
- Thomas M Geher    tmg@jmbm.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Barry S Glaser    bglaser@swjlaw.com
- Gabriel I Glazer    gglazer@stutman.com
- Matthew A Gold    courts@argopartners.net
- Eric D Goldberg    egoldberg@stutman.com
- Michael J Gomez    mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com
- Michael I Gottfried    mgottfried@lgbfirm.com, gguidetti@lgbfirm.com;ncereseto@lgbfirm.com
- John A Graham    jag@jmbm.com
- Ofer M Grossman    omglaw@gmail.com
- Jodie M Grotins    jgrotins@mcguirewoods.com
- Peter J Gurfein    pgurfein@lgbfirm.com, cscott@LGBFirm.com
- Cara J Hagan    carahagan@haganlaw.org
- Asa S Hami    ahami@sulmeyerlaw.com
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Robert A Hessling    rhessling@dgdk.com
- Whitman L Holt    wholt@ktbslaw.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Lance N Jurich    ljurich@loeb.com, kpresson@loeb.com
- William H. Kiekhofer    wkiekhofer@mcguirewoods.com
- Andrew F Kim    akim@mrllp.com
- Michael S Kogan    mkogan@ecjlaw.com
- Tamar Kouyoumjian    tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau    lew@landaunet.com
- Leib M Lerner    leib.lerner@alston.com
- Matthew A Lesnick    matt@lesnicklaw.com
- David E Leta    dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien    katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon    slinkon@rcolegal.com
- Robert M Llewellyn    michael.llewellyn@boe.ca.gov
- Richard Malatt    rmalatt@gmail.com
- Elmer D Martin    elmermartin@gmail.com
- Elissa Miller    emiller@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
- Avi Muhtar    amuhtar@sulmeyerlaw.com
- Iain A W Nasatir    inasatir@pszjlaw.com, jwashington@pszjlaw.com
- Jeffrey P Nolan    jnolan@pszjlaw.com
- Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com
- Lawrence Peitzman    lpeitzman@pwkllp.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince    cprince@lesnickprince.com
- Michael H Raichelson    mhr@cabkattorney.com
- Dean G Rallis Jr    drallis@sulmeyerlaw.com
- Kurt Ramlo    kurt.ramlo@dlapiper.com, evelyn.rodriguez@dlapiper.com
- Craig M Rankin    cmr@lnbrb.com
- Daniel H Reiss    dhr@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER1:09-bk-13356-VK |

- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com
- David J Richardson    djr@thecreditorslawgroup.com
- James S Riley    tgarza@sierrafunds.com
- Martha E Romero    Romero@mromerolawfirm.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, agonzalez@sulmeyerlaw.com
- Steven J Schwartz    sschwartz@dgdk.com
- Kenneth J Shaffer    jshaffer@stutman.com
- Mark M Sharf    mark@forbankruptcy.com, msharf00@gmail.com
- Zev Shechtman    zshechtman@dgdk.com, danninggill@gmail.com
- David B Shemano    dshemano@pwkllp.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- Stephen Shiu    sshiu@swlaw.com
- Lori Sinanyan    lsinanyan@jonesday.com
- Daniel H Slate    dslate@buchalter.com, rreeder@buchalter.com;ifs_filing@buchalter.com
- Surjit P Soni    surjit@sonilaw.com, gayane@sonilaw.com
- Bennett L Spiegel    blspiegel@jonesday.com
- Tracie L Spies    tracie@haganlaw.org
- James Stang    jstang@pszjlaw.com
- Catherine Steege    csteege@jenner.com
- Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
- John N Tedford    jtedford@dgdk.com, DanningGill@Gmail.com
- Damon Thayer    dthayer@jenner.com
- James A Timko    jtimko@allenmatkins.com
- Alan G Tippie    atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com;kfox@sulmeyerlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Rouben Varozian    rvarozian@bzlegal.com
- Howard J Weg    hweg@pwkllp.com
- Jason L Weisberg    jason@gdclawyers.com
- William E Winfield    wwinfield@nchc.com
- Jasmin Yang    jyang@swlaw.com
- Aleksandra Zimonjic    azimonjic@lgbfirm.com, kmoss@lgbfirm.com;cscott@lgbfirm.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 16, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Judge**
Hon. Victoria S. Kaufman
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 354
Woodland Hills, CA 91367

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                       **F 9013-3.1**

| In re: Meruelo Maddux Properties Inc. | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:09-bk-13356-VK |

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 26, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 16, 2011 | Kahra Stiver | /s/ Kahra Stiver |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**