**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
JULIO V. VERGARA (State Bar No. 223762)
jvergara@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA  90071-2025
Telephone:    (213) 613-4655
Facsimile:    (213) 613-4656

**THE CREDITORS' LAW GROUP, APC**
DAVID J. RICHARDSON (State Bar No. 168592)
djr@thecreditorslawgroup.com
2301 Hyperion Ave., Suite A
Los Angeles, CA  90027
Telephone:    (323) 686-5400
Facsimile:     (323) 686-5403

**Attorneys for Richard Meruelo**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>MERUELO MADDUX PROPERTIES, INC., et al.,<br><br>    Debtor and Debtor in Possession.<br><br>☒  Affects All Debtors<br><br>☐  Affects the following Debtors(s): | CASE NO. 1:09-bk-13356-VK<br><br>Chapter 11 (Cases Jointly Administered)<br><br>**NOTICE OF MOTION AND MOTION OF RICHARD MERUELO FOR ORDER COMPELLING DEBTORS TO PAY ADMINISTRATIVE EXPENSE AND PREPETITION UNSECURED WAGE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration Of Richard Meruelo and Request For Judicial Notice Filed Concurrently]<br><br>Date:<br>Time:<br>Place:   Courtroom 301<br>           21041 Burbank Boulevard<br>           Woodland Hills, CA 91367 |

1

**TO THE BANKRUPTCY COURT AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on October __, 2011 at _____ __.m., or as soon thereafter as the matter may be heard (the "Hearing"), before the Honorable Victoria S. Kaufman, United States Bankruptcy Judge, in Courtroom 301, located at 21041 Burbank Boulevard, Woodland Hills, CA, the Bankruptcy Court will consider and act upon the motion of Richard Meruelo ("Meruelo") for an order compelling the above-captioned debtors (the "Debtors") to pay his administrative expense and prepetition unsecured wage claims (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon the attached Memorandum of Points and Authorities, the attached Declaration of Richard Meruelo (the "Meruelo Declaration") and request for judicial notice ("RJN"), the records and files in these chapter 11 cases, and such additional evidence and argument as may be presented.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any party wishing to respond to the Motion must file with the Bankruptcy Court and serve on the counsel for the Debtors a written response at least fourteen (14) days before the hearing. Pursuant to Local Bankruptcy Rule 9013-1(h), failure to file and serve timely a response in accordance with the Local Bankruptcy Rules may be deemed by the Bankruptcy Court to be consent to the granting of the relief requested in the Motion.

DATED: September 8, 2011          Respectfully submitted,

                                  THE CREDITORS' LAW GROUP,
                                  a Professional Corporation


                                  By:   /s/ David J. Richardson
                                        David J. Richardon
                                        Attorneys for Richard Meruelo[1]

---

[1] The Creditors' Law Group, a Professional Corporation, has appeared as co-counsel to Richard Meruelo in a pending appellate matter solely to give advice on bankruptcy appellate procedure, and is filing the instant pleadings as a courtesy for Meruelo in the main bankruptcy case solely to ensure that Meruelo does not miss any applicable deadline, but will not serve as counsel to Meruelo in this matter.

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Pursuant to his prepetition employment agreement and/or by law, Meruelo is currently owed not less than $450,000 for wages in the form of a bonus for the years ending 2009 and 2010, $113,425 for wages in the form of a prorated bonus for the partial year of 2011, at least $2,025,000 plus other amounts in severance payments, accrued and unused vacation wages, and other penalties and attorneys' fees. The Debtors, and all other interested parties, have been aware of the wage claims throughout these cases.

Pursuant to the reorganization plan confirmed in these cases on June 24, 2011 (the "Charlestown Plan"), the Debtors were required to pay all allowed administrative expenses and unsecured claims on the Effective Date, which is alleged to have occurred on July 25, 2011. Notwithstanding that there does not appear to be any dispute that the wages have accrued and are owing, the Debtors have refused to pay the wages, thereby requiring Meruelo to file this Motion.

**II.**

**JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter relates to the allowance and treatment of claims against the Debtors' bankruptcy estates (the "Estates") and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (L), and (O). Sections IX(d) of the Charlestown Plan specifically reserve the Court's jurisdiction to "[e]nsure that distributions to Holders of Allowed Claims or Allowed Interests are accomplished pursuant to the provisions of the Charlestown Plan."

**III.**

**STATEMENT OF FACTS**

On March 26 and 27, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are a self-managed, full-service real estate company

3

that develops, redevelops and owns industrial, commercial and multi-unit residential real properties primarily located in downtown Los Angeles and other areas in southern California.

Pursuant to an Executive Employment Agreement dated January 30, 2007 (the "Employment Agreement"), Meruelo served as an officer for substantially all of the Debtors until he was terminated by the Debtors on August 5, 2011.[2] A copy of the Employment Agreement is attached as Exhibit F to the Declaration of Richard Meruelo (the "Meruelo Declaration"). A copy of the termination letter is attached as Exhibit G to the Meruelo Declaration.

Pursuant to the Employment Agreement, Meruelo is entitled to compensation of not less than $675,000 per year. The compensation consists of an "Executive Base Salary" of $450,000, plus "a minimum cash bonus equal to (50%) of Executive's Base Salary" which "shall be paid by Company on or before December 31st of each year during the Term of Employment." Exhibit F, ¶ 4.3.

On May 13, 2009, the Debtors served a notice of insider compensation providing notice of the terms of the Employment Agreement, including the obligation to pay Meruelo $225,000 on or before December 31 of each year during the term of his employment. The notice provided that the annual lump-sum payment "would only be made upon further notice to creditors." A copy of the notice is attached as Exhibit B to the Request for Judicial Notice ("RJN").

After several creditors objected, the Debtors scheduled a hearing on the insider compensation. On July 6, 2009, the Bankruptcy Court entered an Order authorizing the Debtors to pay Meruelo his Executive Base Salary (the "Insider Compensation Order"). With respect to the lump-sum payment, the Order provides:

---

[2] The letter states that Meruelo's employment automatically terminated under the Bankruptcy Code as of the Effective Date of the Plan. To the extent relevant, Meruelo disagrees and believes he was terminated as of August 5, 2011.

| | |
|---|---|
| 1 | MMPI does not seek to pay the bonuses at this time and states that the |
| 2 | company will only do so "upon further notice to creditors." The court |
| 3 | emphatically agrees that this is not the time to contemplate paying |
| 4 | bonuses. The question of whether these bonus provisions should be paid |
| 5 | at any time during these chapter 11 cases is not ripe for decision. |
| 6 | Therefore, it is enough to order that objections to the payment of bonus |
| 7 | compensation are SUSTAINED on an interim basis, without prejudice to |
| 8 | renewal by MMPI at some later date, on notice to creditors and parties in |
| 9 | interest. |

A copy of the Interim Compensation Order is attached as Exhibit C to the RJN. Thereafter, the Debtors did not request authority from the Court to pay Meruelo the lump-sum payments that accrued on December 31, 2009, and December 31, 2010.

While the lump-sum payments owed to Meruelo were reflected in the Debtors' books and records, as evidenced by the notice of insider compensation, Meruelo also filed a proof of claim which identified his entitlement to the payments.

On June 24, 2011, the Bankruptcy Court confirmed the Charlestown Plan. Sections III.B.1.a(1) and III.B.2.f of the Charlestown Plan provide for the payment in full of all allowed administrative expense and prepetition unsecured claim on the Effective Date, which is alleged to be July 25, 2011. Notwithstanding the Charlestown Plan required Meruelo's claims to be paid on the Effective Date, the Debtors chose not to do so.

On August 5, 2011, Meruelo received a letter from the Debtors giving notice of the termination of Meruelo's employment, purportedly effective as of July 25, 2011 (the "Termination Letter"). The Debtors termination letter was accompanied by a check for the amount of Meruelo's accrued but unpaid Executive Base Salary. However with respect to the accrued bonus payments, the letter provides as follows:

> We understand that you have asserted a right to unpaid 'bonus' compensation. You are advised to file an administrative claim for any such compensation in accordance with the terms of the Plan and Confirmation Order. The Company reserves the right to object to your claim at the appropriate time.

Notwithstanding that the letter states that the check includes accrued and unused vacation, it failed to include such. A copy of the letter is attached as Exhibit G to the Meruelo Declaration.

There was and is no basis for the Debtors to refuse to pay Meruelo all his outstanding wage claims on the Effective Date.

## IV.

## **MERUELO IS ENTITLED TO PRORATED COMPENSATION FOR 2011**

On November 23, 2010, the Bankruptcy Court entered an Order granting the Debtors' Equity Committee standing to issue notices of non-renewal of certain executive employment agreements, including the Employment Agreement. A copy of the Order is attached as Exhibit E to the RJN. On November 24, 2010, the Equity Committee delivered to Meruelo a letter of non-renewal. A copy of the letter is attached as Exhibit H to the Meruelo Declaration.

While the Employment Agreement was not renewed effective January 30, 2011, Meruelo's employment was not terminated at that time and he continued to serve as an officer of the Debtors until terminated on August 5, 2011. After January 30, 2011, Meruelo continued to be paid his base salary and benefits consistent with the Employment Agreement. Under these circumstances, the terms of the Employment Agreement should presumptively govern the terms of Meruelo's employment by the Debtors after January 30, 2011. *See generally, NLRB v. Bildisco and Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *In re Bryant Universal Roofing, Inc.*, 218 B.R. 948 (Bankr. D. Ariz. 1998).

As set forth above, Meruelo's annual salary under the Employment Agreement was $675,000, which was divided into a base salary and a mandatory bonus payment. As Meruelo worked for the Debtor for 217 days in 2011, he is entitled to a pro-rated portion of his 2011 bonus compensation, which would be $133,767.

6

1  To preempt an anticipated argument, Meruelo's entitlement to the bonus under the
2  Employment Agreement is *not* conditioned upon his employment by the Debtors on December
3  31st of the applicable year. Instead, paragraph 4.3 provides that the bonus shall be paid "on or
4  before December 31st of each year during the Term of the Employment." In other words, the
5  bonus is part of his annual salary that automatically accrues in any year in which Meruelo is
6  employed, but the Debtors, in their discretion, are permitted to delay paying the bonus until no
7  later than December 31 of the applicable year.
8  Meruelo's interpretation of the wage provision is the only reasonable construction of the
9  Employment Agreement, because an alternative construction would permit the Debtors to deny
10  Meruelo one-third of his annual salary by terminating him on December 30, which is not a
11  reasonable construction. Therefore, Meruelo is entitled to a pro-rated portion of the annual
12  bonus, which would be $133,767.

## V.

## VACATION WAGES

15  Notwithstanding that the termination letter from Debtors to Meruelo provides that the
16  enclosed check includes accrued and unused vacation, it does not. Under the Employment
17  Agreement, Meruelo is entitled to four weeks of vacation per year. Exhibit F, ¶ 5. Information
18  regarding accrued and unused vacation is not in the possession of Meruelo but is in the possession
19  of the Debtors. Meruelo requests that the Court order the Debtors to provide this information and
20  to pay the amount of accrued and unused vacation wages.

## VI.

## SEVERANCE PACKAGE

23  Pursuant to Meruelo's Employment Agreement, upon a termination of Meruelo's
24  employment without cause, Meruelo is entitled to a Severance Package consisting of a
25  "Severance Payment" of $2,025,000, and Debtors direct-to-insurer payment of any group health
26  premiums that Meruelo would otherwise have been required to pay for a period of eighteen (18)
27  months. Exhibit F, ¶ 7.1. Meruelo has not received from the Debtors notices required by law to
28  be given Meruelo regarding COBRA coverage, and thus, the amounts required to be paid with

respect to insurance payments are not yet know. Meruelo requests that the Court order the Debtors to provide this information as required by law and to pay the other amounts required to be paid as part of the Severance Package.

## VII.

## MERUELO IS ENTITLED TO PAYMENT OF CLAIMS THAT HAVE ACCRUED UNDER THE CALIFORNIA LABOR CODE

Section 201 of the California Labor Code (the "Labor Code") provides in pertinent part that "the wages earned and unpaid at the time of discharge are due and payable immediately." As set forth above, the Debtors terminated Meruelo's employment on August 5, 2011. Therefore, in order for the Debtors to comply with the Labor Code, the Debtors were required to pay all "wages earned and unpaid" on August 5, 2011, which they did not.

### A. The Outstanding Amounts Owed To Meruelo Are Wages For Purposes Of The Labor Code.

Section 200 of the Labor Code defines wages as "all amounts for labor performed by employees of every description whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation. The requirement under the Labor Code to pay all outstanding wages at termination applies to amounts owed to corporate executives. *See, e.g., On-Line Power, Inc. v. Mazur*, 149 Cal.App.4th 1079, 57 Cal.Rptr.3d 698 (2007). Further, it is well-settled that bonuses constitute wages for purposes of the Labor Code. *See, e.g., Neisendorf v. Levi Strauss & Co.*, 143 Cal.App.4th 509, 49 Cal.Rptr.3d 216, 225 (2006) ("bonuses are considered 'wages' within the meaning of Labor Code section 200."); *see also, Kempf v. Barrett Business Services, Inc.*, 336 Fed.Appx. 658 (9th Cir. 2009). Therefore, regardless of whether the outstanding compensation owed to Meruelo is characterized as salary or bonus, the amounts owed are "wages" that must be paid upon termination.

### B. Meruelo Is Entitled To An Additional Thirty Days Compensation.

Section 203 of the Labor Code provides that if an employer willfully fails to pay the wages of a discharged employee, the wages of the employee shall continue to accrue until paid for up to thirty days. As the Debtors were aware of the claims, but chose not to pay them, the "willful"

requirement is easily satisfied. *See, e.g., Davis v. Morris*, 37 Cal.App.2d 269, 274 99 P.2d 345, 348 (1940) (defining "willful" for purposes of the Labor Code as "intentionally failing or refusing to perform an act which is required to be done"). Therefore, because the Debtors failed to pay all outstanding wages at termination, the wages continued to accrue for an additional thirty days. Consequently, Meruelo is entitled to a pro-rated share of his total yearly compensation of $675,000 for 30 days, which totals $55,500.

### C. Meruelo Is Entitled To Reasonable Attorneys' Fees.

Section 218.5 of the Labor Code provides that "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action." Therefore, Meruelo requests an award of $20,000 as reasonable attorney's fees.

### D. The Debtors' Bankruptcy Does Not Excuse Compliance With The Labor Code.

The fact that the Debtors were previously debtors in possession does not excuse compliance with the Labor Code. *See generally*, 28 U.S.C. § 959(b); *In re Metro Fulfillment, Inc.*, 294 B.R. 306 (9th Cir. BAP 2003) (failure to timely postpetition wages creates administrative expense claim for penalties under the Labor Code). Furthermore, Meruelo was terminated post-confirmation, so there should not be dispute that the Debtors were required to comply with the Labor Code in connection with the termination of Meruelo's employment.

## VIII.
## CONCLUSION

For the foregoing reasons, Meruelo respectfully requests that this Court enter an Order compelling Charlestown to make an immediate payment to Meruelo of $2,663,925 (which includes $450,000 for wages in the form of a bonus for the years ending 2009 and 2010, $133,767 for wages in the form of a prorated bonus for the partial year of 2011, $2,025,000 as part of the Severance Payment, $55,500 in penalties provided by law, and $20,000 in attorneys' fees), plus other amounts required to be paid for accrued and unused vacation wages, and insurance payments

as part of the Severance Payment, and granting to Meruelo such other and further relief as is just and equitable.

DATED: September 8, 2011                    Respectfully submitted,

                                                       THE CREDITORS' LAW GROUP,
                                                      a Professional Corporation

                                                      By:   /s/ David J. Richardson
                                                             David J. Richardon
                                                              Attorneys for Richard Meruelo[3]

---

[3] The Creditors' Law Group, a Professional Corporation, has appeared as co-counsel to Richard Meruelo in a pending appellate matter solely to give advice on bankruptcy appellate procedure, and is filing the instant pleadings as a courtesy for Meruelo in the main bankruptcy case solely to ensure that Meruelo does not miss any applicable deadline, but will not serve as counsel to Meruelo in this matter.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**SCHEPER KIM & HARRIS LLP**
**601 West Fifth Street, 12th Floor**
**Los Angeles, CA  90071-2025**

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION OF RICHARD MERUELO FOR ORDER COMPELLING DEBTORS TO PAY ADMINISTRATIVE EXPENSE AND PREPETITION UNSECURED WAGE CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_September 8, 2011_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael C Abel            mcabel@bhfs.com, jjung@bhfs.com;pherron@bhfs.com
- Robert Abiri              rabiri@abiriszeto.com
- Allison R Axenrod         allison@claimsrecoveryllc.com
- Christopher J Bagnaschi   cb@cjblaw.com
- John J Bingham            jbingham@dgdk.com
- William C Bollard         eal@jbblaw.com, kmg@jbblaw.com; william@jbblaw.com
- Peter Bonfante            peterbonfante@bsalawfirm.com
- Erin N Brady              enbrady@jonesday.com
- Julia W Brand             jbrand@bhfs.com, jjung@bhfs.com; pherron@bhfs.com
- Jennifer L Braun          jennifer.l.braun@usdoj.gov
- Martin J Brill            mjb@lnbrb.com
- Andrew W Caine            acaine@pszyjw.com
- Howard Camhi              hcamhi@ecjlaw.com
- Gary O Caris              gcaris@mckennalong.com, pcoates@mckennalong.com
- James E Carlberg          jcarlberg@boselaw.com
- Sara Chenetz              chenetz@blankrome.com, chang@blankrome.com
- Jacquelyn H Choi          jchoi@swjlaw.com
- Carol Chow                cchow@stutman.com
- Cynthia M Cohen           cynthiacohen@paulhastings.com
- Ronald R Cohn             rcohn@horganrosen.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                    F 9013-3.1.PROOF.SERVICE

- Enid M Colson — emc@dgdk.com; ecolson@dgdk.com
- Michaeline H Correa — mcorrea@jonesday.com
- Emily R Culler — eculler@stutman.com
- Ana Damonte — ana.damonte@pillsburylaw.com
- Brian L Davidoff — bdavidoff@rutterhobbs.com; calendar@rutterhobbs.com; jreinglass@rutterhobbs.com
- Susan S Davis — sdavis@coxcastle.com
- Aaron De Leest — aed@dgdk.com
- Daniel Denny — ddenny@gibsondunn.com
- Jeffrey W Dulberg — jdulberg@pszjlaw.com
- Marina Fineman — mfineman@stutman.com
- Michael G Fletcher — mfletcher@frandzel.com; efiling@frandzel.com; shom@frandzel.com
- Barry V Freeman — bvf@jmbm.com; bvf@jmbm.com
- Donald L Gaffney — dgaffney@swlaw.com
- Lauren N Gans — lgans@pwkllp.com
- Thomas M Geher — tmg@jmbm.com
- Bernard R Given — bgiven@frandzel.com; efiling@frandzel.com; shom@frandzel.com
- Barry S Glaser — bglaser@swjlaw.com
- Gabriel I Glazer — gglazer@stutman.com
- Matthew A Gold — courts@argopartners.net
- Eric D Goldberg — egoldberg@stutman.com
- Michael J Gomez — mgomez@frandzel.com; efiling@frandzel.com; sking@frandzel.com
- Michael I Gottfried — mgottfried@lgbfirm.com; msaldana@lgbfirm.com; ncereseto@lgbfirm.com
- John A Graham — jag@jmbm.com
- Ofer M Grossman — omglaw@gmail.com
- Jodie M Grotins — jgrotins@mcguirewoods.com
- Peter J Gurfein — pgurfein@lgbfirm.com; cscott@lgbfirm.com
- Cara J Hagan — carahagan@haganlaw.org
- Asa S Hami — ahami@sulmeyerlaw.com
- Brian T Harvey — bharvey@buchalter.com, IFS_filing@buchalter.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                          **F 9013-3.1.PROOF.SERVICE**

- Robert A Hessling — rhessling@dgdk.com
- Whitman L Holt — wholt@ktbslaw.com
- William W Huckins — whuckins@allenmatkins.com; clynch@allenmatkins.com
- Lance N Jurich — ljurich@loeb.com; kpresson@loeb.com
- William H. Kiekhofer — wkiekhofer@mcguirewoods.com
- Andrew F Kim — akim@mrllp.com
- Michael S Kogan — mkogan@ecjlaw.com
- Tamar Kouyoumjian — tkouyoumjian@sulmeyerlaw.com, kfox@sulmeyerlaw.com
- Lewis R Landau — lew@landaunet.com
- Dare Law — dare.law@usdoj.gov
- Leib M Lerner — leib.lerner@alston.com
- Matthew A Lesnick — matt@lesnicklaw.com
- David E Leta — dleta@swlaw.com, wsmart@swlaw.com
- Katherine Lien — katie.lien@sbcglobal.net, katielien@gmail.com
- Steven K Linkon — slinkon@rcolegal.com
- Robert M Llewellyn — michael.llewellyn@boe.ca.gov
- Richard Malatt — rmalatt@gmail.com
- Elmer D Martin — elmermartin@gmail.com
- Elissa Miller — emiller@sulmeyerlaw.com; asokolowski@sulmeyerlaw.com
- Avi Muhtar — amuhtar@sulmeyerlaw.com
- Iain A W Nasatir — inasatir@pszjlaw.com; jwashington@pszjlaw.com
- Jeffrey P Nolan — jnolan@pszjlaw.com
- Henry H Oh — henry.oh@dlapiper.com; janet.curley@dlapiper.com
- Lawrence Peitzman — lpeitzman@pwkllp.com
- Eric S Pezold — epezold@swlaw.com; dwlewis@swlaw.com
- Christopher E Prince — cprince@lesnickprince.com
- Michael H Raichelson — mhr@cabkattorney.com
- Dean G Rallis Jr — drallis@sulmeyerlaw.com
- Kurt Ramlo — kurt.ramlo@dlapiper.com; evelyn.rodriguez@dlapiper.com
- Craig M Rankin - DECEASED - cmr@lnbrb.com
- Daniel H Reiss — dhr@lnbyb.com
- Michael B Reynolds — mreynolds@swlaw.com; kcollins@swlaw.com
- Jeremy V Richards — jrichards@pszjlaw.com; bdassa@pszjlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

- James S Riley — tgarza@sierrafunds.com
- Martha E Romero — romero@mromerolawfirrn.com
- Victor A Sahn — vsahn@sulmeyerlaw.com; agonzalez@sulmeyerlaw.com
- Steven J Schwartz — sschwartz@dgdk.com
- Kenneth J Shaffer — jshaffer@stutman.com
- Zev Shechtman — zshechtman@dgdk.com; danninggill@gmail.com
- David B Shemano — dshemano@pwkllp.com
- Jeffrey S Shinbrot — jeffrey@shinbrotfirm.com; sandra@shinbrotfirm.com
- Stephen Shiu — sshiu@swlaw.com
- Lori Sinanyan — lsinanyan@jonesday.com
- Daniel H Slate — dslate@buchalter.com; rreeder@buchalter.com; ifs_filing@buchalter.com
- Surjit P Soni — surjit@sonilaw.com; gayane@sonilaw.com
- Bennett L Spiegel — blspiegel@jonesday.com
- Tracie L Spies — tracie@haganlaw.org
- James Stang — jstang@pszjlaw.com
- Catherine Steege — csteege@jenner.com
- Derrick Talerico — dtalerico@loeb.com; kpresson@loeb.com; ljurich@loeb.com
- John N Tedford — jtedford@dgdk.com; danninggill@gmail.com
- Damon Thayer — dthayer@jenner.com
- James A Timko — jtimko@allenmatkins.com
- Alan G Tippie — atippie@sulmeyerlaw.com; jbartlett@sulmeyerlaw.com; kfox@sulmeyerlaw.com
- United States Trustee (SV) — ustpregionl6.wh.ecf@usdoj.gov
- Rouben Varozian — rvarozian@bzlegal.com
- Howard J Weg — hweg@pwkllp.com
- Jason L Weisberg — jason@gdclawyers.com
- William E Winfield — wwinfield@nchc.com
- Jasmin Yang — jyang@swlaw.com
- Aleksandra Zimonjic — azimonjic@lgbfirrn.com; kmoss@lgbfirm.com; cscott@lgbfirrn.com

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9013-3.1.PROOF.SERVICE**

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **September 8, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Served by Overnight Mail:**
**Hon. Victoria S. Kaufman**
**United States Bankruptcy Court – Central District of California**
**21041 Burbank Boulevard, Suite 354**
**Woodland Hills, CA  91367**

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **Fill in Date Document is Filed,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 8, 2011 | Jodi Peretz | /s/ Jodi Peretz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                            **F 9013-3.1.PROOF.SERVICE**